UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

THIS DOCUMENT RELATES TO: ALL CASES

**CASE MANAGEMENT ORDER #1**
Initial Case Management Order

These matters having been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation pursuant to its order filed August 3, 2023 (ECF No. 1), meriting special attention as complex litigation, the Court *sua sponte* enters the following Order:

1. **PREAMBLE**

The Court asserts its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. The Manual for Complex Litigation, Fourth (hereinafter "MCL 4th") states the spirit in this language:

> Judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court. The complexity of legal and factual issues makes judges especially dependent on the assistance of counsel.

MCL 4th, *supra*, § 10.21. Counsel is further reminded of the parameters of Federal Rule of Civil Procedure 11, namely Rule 11(b) regarding representations to the Court.

1

2. **APPLICABILITY AND EFFECT**

a. **Applicability of Order.** Prior to the Initial Case Management Conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were filed in or transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 3, 2023, and listed in Schedule A of that order ("State Attorney General Actions"). This Order also applies to all related cases filed in all vicinages of the District of New Jersey[1] ("New Jersey Actions") and will also apply to any tag-along actions later filed in, removed to, or transferred to this Court.

b. **Consolidation.** The State Attorney General Actions listed on Schedule A of the August 3, 2023 Order are consolidated for pretrial purposes. Any tag-along actions later filed in, removed to, or transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders.[2] This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

---

[1] Including but not limited to, for purposes of this order and the Initial Case Management Conference: (1) *In re Insulin Pricing Litigation*, Case No. 17-669 ("Indirect Purchaser Consumer Action"); (2) *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC, et al.*, Case No. 18-2211; (3) *Minnesota v. Sanofi-Aventis U.S. LLC, et al.*, Case No. 18-14999; and (4) *In re Direct Purchaser Insulin Pricing Litigation*, Case No. 20-03426 ("Direct Purchaser Consumer Action"). The Court has not yet determined if these matters will be formally included in the MDL. (*See* ECF No. 1 at 4, n.9.)

[2] *See infra* Section 2(c) for a list of tag-along and direct-filed actions.

      **c.**      <u>**Related Actions.**</u> This MDL "concerns an alleged scheme between insulin manufacturers and pharmacy benefit managers ('PBMs') to artificially and fraudulently inflate the price of insulin and other diabetes medication." (ECF No. 1 at 1.) Since 2017, plaintiffs around the country, in a variety of capacities, have been initiating separate federal civil actions involving the alleged pricing scheme. The JMPL designated several cases as part of the MDL and took no position as to the designation of the New Jersey Actions. (ECF No. 1 at 4, n.9.) These cases can generally be divided as follows:

      i. The New Jersey Actions:[3]
1. Case No. 17-669 – *In re Insulin Pricing Litigation* ("Indirect Purchaser Consumer Action")[4]
2. Case No. 18-2211 – *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC, et al.*[5]
3. Case No. 18-14999 – *Minnesota v. Sanofi-Aventis U.S. LLC, et al.*[6]
4. Case No. 20-03426 – *In re Direct Purchaser Insulin Pricing Litigation* ("Direct Purchaser Consumer Action")[7]

---

[3] Due to the age of these cases, parties have engaged in extensive discovery and motion practice, which counsel should be prepared to address at the Initial Case Management Conference. *See infra* Section 3(b), (d).

[4] Pending in this matter are motions: (1) to seal; (2) for class certification; (3) to exclude testimony; (4) for preliminary approval of class settlement with Eli Lilly; and (5) to intervene and object to the settlement by multiple states including Illinois, Nebraska, Utah, Arkansas, Kansas, and Montana. Since the creation of this MDL, parties have filed several letters regarding settlement and interventions. Most parties object to the potential inclusion of this case in the MDL.

[5] Motions in this case were administratively terminated pending adjudication of motions in the Indirect Purchaser Consumer Action.

[6] Motions in this case were administratively terminated pending adjudication of motions in the Indirect Purchaser Consumer Action.

[7] Fact discovery has not concluded. Upon creation of this MDL, the matter was reassigned to the undersigned.

      ii. The State Attorney General Actions:[8]
  1. Case No. 23-04214 – *State of Montana, et al. v. Eli Lilly and Company, et al.*
  2. Case No. 23-04219 – *State of Kansas v. Eli Lilly and Company, et al.*
  3. Case No. 23-04239 – *Griffin v. Eli Lilly and Company, et al.*
  4. Case No. 23-04242 – *State of Illinois v. Eli Lilly and Company, et al.*
  5. Case No. 23-04364 – *State of Mississippi v. Eli Lilly and Company, et al.*

     iii. Tag-Along Actions[9] and Direct-Filed Actions
  1. Case No. 23-4531 – *Jackson County, Missouri v. Eli Lilly and Company, et al.* (tag-along)
  2. Case No. 23-4544 – *City of Cleveland, Ohio v. Eli Lilly and Company, et al.* (tag-along)
  3. Case No. 23-04384 – *Cattaraugus County, New York v. Eli Lilly and Company, et al.* (direct-filed)

The Court will collectively refer to the State Attorney General Actions, the Tag-Along Actions, and the Direct-Filed Actions as the "MDL Member Actions."

    d.    **Extension and Stay.** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the Initial Case Management Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. All previously filed motions in the State Attorney General Actions are hereby administratively terminated without prejudice. The parties shall re-file any such motions, if applicable and as necessary, as directed by the Court

---

[8] These State Attorney General Actions concern an alleged conspiracy between the dominant insulin manufacturers (Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S., LLC) and the three largest PBMs in the U.S. (the CVS Caremark companies, the Express Scripts companies, and the Optum Rx companies). Plaintiffs in these five actions filed the motion with the JPML under 28 U.S.C. § 1407 to centralize their actions. Several of these plaintiffs have also filed motions to intervene in the Indirect Purchaser Consumer Action.

[9] The JPML filed Conditional Transfer Order 1 on August 14, 2023, ordering the transfer of five cases. As of the date of this order, only the two cases listed above have been formally transferred to this District. Transfers are pending from Lake County, Illinois; Bossier Parish; and County of Albany, New York.

following the Initial Case Management Conference. The Court will revisit the pending discovery end dates in these actions at the Initial Case Management Conference. *See infra* Section 3(b), (d).

3. **INITIAL CASE MANAGEMENT CONFERENCE**

    a.      **Date of Initial Case Management Conference.** Matters relating to coordination, pretrial proceedings, and discovery proceedings in these cases will be addressed at the Initial Case Management Conference to be held on **September 12, 2023, at 10:00 a.m.** before Judge Martinotti in Courtroom 1 of the Frank Lautenberg Post Office and U.S. Courthouse, 2 Federal Plaza, 3rd Floor, Newark, NJ 07102.

    b.      **Agenda for Conference.** Counsel are expected to familiarize themselves with the MCL 4th and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation, including but not limited to procedures for selecting lead counsel, liaison counsel, and chairs of certain committees and subcommittees. *See infra* Section 8 (ordering counsel to meet and confer to select interim liaison counsel to represent their group at the Initial Case Management Conference). The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall meet and confer and seek consensus to the extent possible with respect to the items on the agenda, including but not limited to, the exchange of completed discovery between the New Jersey Actions and the MDL Member Actions, a common benefit order, a direct filing order, fact sheets, a proposed discovery plan including ESI orders and protective orders, amendment of pleadings, coordination of cases, consideration of any class action allegations and motions, the mode of trial, and any other case-management-related orders and procedures. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be emailed to the Court via

Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov and rls_orders@njd.uscourts.gov on or before September 5, 2023.

    c.    **Attendance.** To minimize costs and facilitate a manageable conference, counsel are encouraged, but not required, to attend the conference, and parties with similar interests (for plaintiffs, *see infra* note 10) are expected to agree to the extent practicable on a single attorney (*see infra* Section 8) to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

    d.    **Preparations for Conference.**

        i.    Procedures for Complex Litigation. Counsel are expected to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

        ii.    Initial Conference of Counsel. Before the conference, counsel shall meet and confer and seek consensus to the extent possible with respect to the items on the agenda (*see supra* Section 3(b)), including a proposed discovery plan and a suggested schedule for joinder of parties, amendment of pleadings, motions, and trial.

        iii.    Pre-conference filings. By **September 5, 2023**, plaintiffs (*see supra* Section 2(c)) and defendants shall separately[10] submit the following to the

---

[10] The Court is expecting submissions from liaison counsel for defendants as well as liaison counsel for plaintiffs from each of the following groups: (1) State Attorney General Actions; (2) Tag-Along and Direct-Filed Actions (*i.e.*, other governmental entities); (3) plaintiffs in Case No. 17-699; (4) plaintiffs in Case No. 18-2211; (5) plaintiffs in Case No. 18-14999; and (6) plaintiffs in Case No. 20-3426. In sum, the Court is requesting a total of seven (7) submissions.

Court via email[11] through their respective interim liaison counsel (*see infra* Section 8):

1. <u>List of Affiliated Companies and Counsel.</u> To assist the Court in identifying any problems of recusal or disqualification, counsel shall submit with its statement under this section a list of all companies affiliated with the parties and all counsel associated in the litigation.

2. <u>List of Related Actions</u>. Counsels' statements under this Section shall include a list of all related actions pending in state or federal court and their current status, including the status of discovery, to the extent known.

3. <u>Position Statement and Introductory Letter.</u> Plaintiffs (*see supra* note 10) and defendants, through interim liaison counsel, shall submit a brief written statement, not more than eight (8) pages, indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will <u>NOT</u> be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list: the approximate number of cases; the nature of the claims; any previously pending motions or existing deadlines; any discovery taken to date; any discovery believed to

---

[11] Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov and rls_orders@njd.uscourts.gov

> be reasonably necessary in advance of settlement discussions; and areas of agreement and disagreement among the parties, including those within each group, regarding the prosecution of these claims.
>
> iv. <u>Service list</u>. A service list will be maintained by the Clerk of this Court during the course of this litigation by adding parties/attorneys to the master docket. Any attorney who wishes to have his/her name added to or deleted from the master docket may do so upon request to the Clerk of this Court and notice to all other persons on such master docket. Parties who are not named as parties in this litigation but may later be joined as parties or who are parties in related litigation pending in other federal or state courts are invited to attend on their own behalf or through counsel. Interim liaison counsel (*see supra* Section 8) shall present to the Court at the Initial Case Management Conference a list of attorneys and their office addresses, phone and fax numbers, and e-mail addresses.

4. **FUTURE CASE MANAGEMENT CONFERENCES**

   a. The Court will conduct[12], and the parties may request, periodic status, scheduling, and case management conferences to assess the progress regarding the matters scheduled herein. Reasonable notice of all such conferences will be provided to all counsel of record.

   b. In anticipation of all future case management conferences, liaison counsel shall email to Judge Martinotti and Judge Singh a joint proposed agenda and updated case list no fewer than five (5) days before any scheduled conference.

   c. All case management conferences will be on the record and recorded. Transcripts

---

[12] It is anticipated these conferences will be held every 30 to 45 days.

may ordered directly from Court Reporter Tammera Witte via email at Tammera_Witte@njd.uscourts.gov.

    **d.**    Counsel appearing at each conference shall sign an attendance sheet or otherwise submit their appearance as instructed, be familiar with the issues to be discussed, and not schedule other matters for the date and time of the conference.

    **e.**    All counsel are required to comply with the provisions of each order whether or not he or she was in attendance at the conference giving rise to the order.

    5.  **MASTER DOCKET AND FILING**

    **a.**    Any pleading or document which is to be filed in any of these actions shall be e-filed with the Clerk of this Court and not in the transferor court. The Clerk of this Court will maintain a master docket case file under the title "In Re: Insulin Pricing Litigation" and the identification "MDL No. 3080."[13] When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to." The following is a sample of the pleading caption style:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-03080 (BRM)(RLS)**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO:**

---

[13] The Clerk of this Court shall continue to maintain a separate civil action number and case file for each case filed in, removed to, or transferred to this Court.

**b.**     All documents filed in this Court must be filed electronically pursuant to Local Rule 5.1 and 7.1(d), this Court's Electronic Case Filing Policies and Procedures (http://www.njd.uscourts.gov/cmecf-policies-and-procedures), Judge Martinotti's Judicial Preferences (http://www.njd.uscourts.gov/content/brian-martinotti), and Judge Singh's Judicial Preferences (https://www.njd.uscourts.gov/content/rukhsanah-l-singh). Attorneys may register for electronic filing at http://www.njd.uscourts.gov/cmecf-information. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing, filed with the Clerk of this Court, and shall state the reason for the attorney's inability to comply.

**c.**     *Pro se* litigants who have not been authorized to file electronically shall continue to file their pleadings and other documents with the Clerk of this Court in the traditional manner, on paper.

**d.**     When an action that properly belongs as part of *In Re: Insulin Pricing Litigation* is hereinafter filed in the District of New Jersey or transferred here from another court, the Clerk of this Court shall:

   i. Make a docket entry on the individual docket, directing the parties to this Order and all prior Orders; and

   ii. Make an appropriate entry on the master docket sheet.

6. **APPEARANCES IN LITIGATION**

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys (*i.e.*, in tag-along actions) admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 101.1(c) are waived. Such counsel are subject to the New

Jersey Rules of Professional Conduct, The Guidelines for Litigation Conduct, L.Civ.R. 103.1(c), and the disciplinary jurisdiction of this Court. Association of local counsel is not required.

7. **DISCOVERY**

Judge Singh shall preside over all discovery matters.[14] In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are <u>not to be filed with the Clerk nor sent to the Judge's Chambers</u>, except when specifically ordered by the Court to the extent needed in connection with a motion.

8. **LIAISON COUNSEL AND STEERING COMMITTEES**

a. **Interim Liaison Counsel.** Counsel is directed to meet and confer to select plaintiffs' attorneys to act as liaison counsel for their respective group (*see supra* note 10) for the sole purpose of organizing plaintiffs' counsel in an attempt to arrive at a consent regarding plaintiffs' leadership, including lead counsel, liaison counsel, and committees, as described below. Leadership and the committees are expected to be diverse in gender, ethnicity, geography, and experience. In the event counsel cannot agree, the Court will make appointments.

At the Initial Case Management Conference, the interim liaison should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

b. **Liaison Counsel.** Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and pending further orders of the Court, shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them

---

[14] Judge Dennis M. Cavanaugh was appointed and will continue to serve as Special Master in three of the four New Jersey Actions.

and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Plaintiffs' liaison counsel shall coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison's group in a manner agreeable to the parties or set by the Court failing such agreement.

Henceforth, lead counsel or liaison counsel for all parties shall meet and confer prior to the Court conferences; prepare agendas for the conferences and submit them to the Court five days before the conferences; and report at the conferences regarding the status of the case.

    **c.** **<u>Plaintiffs' Steering Committee.</u>** Plaintiffs' Steering Committee ("PSC") shall conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; and (d) willingness to commit the necessary resources to pursue this matter.

The PSC will have the following responsibilities:

<u>Discovery:</u>

    i. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation.

    ii. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

    iii. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issue found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    iv. Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

<u>Hearings and Meetings:</u>

    i. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    ii. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    iii. Act as spokesperson for all plaintiffs at pretrial proceedings and in

response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

<u>Miscellaneous:</u>

  i. Submit and argue any verbal or written motions presented to the Court on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

  ii. Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he or she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

  iii. Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

  iv. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

  v. Prepare periodic status reports summarizing the PSC's work and progress.

    These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

  vi. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

  vii. Perform such other functions as may be expressly authorized by further orders of this Court.

  viii. Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

  d. **<u>Defendants' Steering Committee.</u>** The Court will consider at the Initial Case Management Conference the recommendations of the defendants for a procedure to form the Defendants' Steering Committee. Defendants' Steering Committee will have the duties and responsibilities described in Section 8(b) of this order as it pertains to this respective group.

9. **MDL 3080 WEBSITE**

  A website particular to MDL 3080 has been created and can be accessed by going to this Court's website located at www.njd.uscourts.gov and clicking on the "Case Information" tab, then clicking on the link to "Insulin Pricing MDL 3080" located under the "MDL Cases" heading. The MDL 3080 website may also be accessed directly by going to https://www.njd.uscourts.gov/insulin-pricing-litigation. The website will contain forms, court orders, minute entries, a calendar of upcoming events, and other relevant information. Parties should check the docket on PACER for the most up to date information.

10. **COMMUNICATION WITH THE COURT**

  Unless otherwise ordered by this Court, all substantive communications with the Court

shall be in writing and filed on the docket, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or of the protection afforded to attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

Counsel may contact *ex parte*, for the purpose of settlement discussions only, Judge Martinotti via email at brian_martinotti@njd.uscourts.gov or Judge Singh via email at rls_orders@njd.uscourts.gov.

Date: August 18, 2023

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE