UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**THIS DOCUMENT RELATES TO ALL CASES**

## CASE MANAGEMENT ORDER #2

The Court held an Initial Case Management Conference in this multidistrict litigation on September 12, 2023. This Order memorializes the decisions made by the Court during that conference.

**LEADERSHIP STRUCTURE**

1. Counsel shall be mindful of the Court's requirement that leadership and committees are expected to be diverse in gender, ethnicity, geography, and experience.

2. Plaintiffs shall meet and confer and submit a proposed leadership and liaison committee to the Court before the next case management conference.

3. Defendants shall meet and confer regarding a leadership structure and submit a proposal to the Court before the next case management conference.

4. Plaintiffs and Defendants shall confer separately and designate their liaison counsel before the next case management conference. The role of liaison counsel shall be strictly administrative, as a point of contact between the Court and the larger group of counsel for Plaintiffs and Defendants, respectively. Liaison counsel for Plaintiffs and Defendants will work together to submit proposed agendas before case-management conferences and to settle the form of orders following case-management conferences.

**DISCOVERY**

5. Plaintiffs and Defendants shall meet and confer before the next case management conference concerning the status and plan for discovery, including topics set forth in Rule 26(f); the process for exchanging discovery previously produced or served in related matters; ESI protocols; protective orders; and the need for Plaintiff fact sheets.

**PROPOSED COMMON BENEFIT ORDER**

6. Plaintiffs shall meet and confer concerning the sharing of discovery already obtained and agreed by Defendants to be produced in this MDL, consistent with applicable protective orders, and a proposed common benefit order. Plaintiffs shall also address common benefit work performed within this multidistrict litigation in the proposed common benefit order.

**PENDING MOTIONS**

7. Pending motions to dismiss are terminated without prejudice to be reinstated once the structure of the MDL is established. Motion practice and other procedural matters will be addressed by the Court after the case structure is established.

8. With respect to any motions to intervene and object to preliminary approval of the class action settlement in the Indirect Purchaser Consumer Action (as defined in CMO #1), and any motions for leave to file an amicus curiae brief in opposition thereto, the parties are directed to mediate the issues presented by such motions with Judge Dickson.[1] No further responses to the pending motions shall be filed at this time.

9. With respect to defendants' motion for class certification and defendants' motion to exclude the testimony of Professor Meredith Rosenthal in the Indirect Purchaser Consumer

---

[1] It appearing that mediation of certain pre-trial matters in this action would conserve judicial resources, in the interest of the parties and the Court and for good causing appearing, Judge Joseph A. Dickson, U.S.M.J. (ret.) is appointed as mediator pursuant to L.Civ.R. 301.1. Counsel shall supply him with pleadings and briefs as needed and shall cooperate with him in scheduling and attending mediation sessions. The mediator may meet with counsel and the parties jointly or *ex parte*. All information presented to the mediator will be deemed confidential and will not be disclosed by the mediator without the consent of counsel, except as necessary to advise the Court of an apparent failure to participate in good faith. The mediator will not be subject to subpoena by any party. No statements made or documents prepared for mediation will be disclosed in any subsequent proceeding or construed as an admission against any party.

Action (Case No. 17-699, ECF Nos. 574, 593), oral argument will be held on November 21, 2023, at 1:30pm in Courtroom 1 of the Lautenberg U.S. Post Office and Courthouse.

**CASE MANAGEMENT CONFERENCES**

10. The Court will hold regular case management conferences in this multidistrict litigation, generally every four to six weeks. Unless otherwise scheduled, beginning in 2024, case management conferences will be held on the second Tuesday of every month.

11. The parties shall promptly submit proposed dates in November 2023 for the next case management conference.

12. The parties shall meet and confer regarding the agenda for the next case management conference and shall jointly submit a proposed agenda to the Court no later than three business days before such conference.

**PRO HAC VICE ADMISSION**

13. Counsel need not move for admission *pro hac vice*, but counsel not already admitted to practice in the District of New Jersey must pay the one-time fee required by L. Civ. R. 101.1(c)(3) to the Clerk of the United States District Court, and the annual fee required by New Jersey Court Rule 1:28-2(a) to the New Jersey Lawyers' Fund for Client Protection. All counsel must have e-filing privileges.

**MASTER/MEMBER DOCKETS**

14. The parties shall file documents related to a member case, including Notices of Appearance, on the member-case docket only.[2] The parties shall file documents related to the master docket on the master docket only.

Dated:  September 21, 2023            */s/Brian R. Martinotti*
                                      **BRIAN R. MARTINOTTI**
                                      **United States District Judge**

---

[2] Upon filing appearances in the member docket, the Clerk's Office will add counsel to the master docket.