Peter S. Pearlman
Matthew F. Gately
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF, LLP
Park 80 West Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
psp@njlawfirm.com
mfg@njlawfirm.com

*Liaison Counsel for Direct Purchaser Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO: *In re Direct Purchaser Insulin Pricing Litig.*, Case No. 20-03426 (D.N.J.) | Case No. 2:23-md-3080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br><br>JUDGE RUKHSANAH L. SINGH |

**MEMORANDUM IN SUPPORT OF
MOTION FOR INCLUSION OF IN RE DIRECT PURCHSER
INSULIN PRICING LITIGATION ACTION IN MDL No. 3080**

# **TABLE OF CONTENTS**

BACKGROUND .................................................................................................................. 1

1. Procedural Status of *In re Direct Purchaser Insulin Pricing Litigation* ............................... 1
2. Discovery in this Action ................................................................................................ 2
3. Status of MDL No. 3080 ............................................................................................... 3

ARGUMENT ....................................................................................................................... 4

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

28 U.S.C. §1407 .................................................................................................... *passim*

Plaintiffs in *In re Direct Purchaser Insulin Pricing Litig.*, No. 20-cv-03426-BRM-RLS (D.N.J.) (the "Action") respectfully request that the Court formally order inclusion of the Action in MDL No. 3080 (the "MDL") pending before Your Honor.[1] This would more fully promote the purpose of the multidistrict litigation statute, 28 U.S.C. § 1407, in the just and efficient conduct of all cases in general and the insulin pricing cases in particular, and the just, speedy, and inexpensive determination of the insulin pricing actions, as directed by Federal Rule of Civil Procedure 1. All of the requirements for inclusion under 28 U.S.C. §1407 have been met, and Plaintiffs do not foresee any undesirable effect from formally including their case in the MDL. In fact, Plaintiffs have conferred with Defendants as to the relief sought herein and Defendants have indicated that they do not oppose the inclusion of the Action within the MDL.

## BACKGROUND

**1. Procedural Status of *In re Direct Purchaser Insulin Pricing Litigation***

Plaintiffs filed their original direct purchaser class action complaint on March 31, 2020 against Pharmacy Benefit Managers CVS-Caremark, Express Scripts, and OptumRx and insulin manufacturers Eli Lilly, Novo Nordisk, and Sanofi-Aventis. Plaintiffs are pursuing the case on behalf of a proposed class of direct purchasers

---

[1] While neither the MDL Panel nor this Court has formally added the Action to MDL No. 3080, this Court has stated that it, in effect, considers that case (and all other insulin pricing cases) to be part of MDL No. 3080. Transcript of Sept. 12, 2023 Status Conference ("Tr.") at 22:5-12. Plaintiffs respectfully request that the Court make this inclusion official.

defined as: "All persons or entities that directly purchased NovoLog, Humalog, Levemir, and/or Lantus from one or more Defendants in the United States or its territories at any time from January 1, 2009 until [the date of the class certification order]." Second Amended Complaint at 62, ¶ 152, Doc. 261 in 20-cv-03426.

The Action originally was assigned to Your Honor who, in 2021, granted in part and denied in part motions to dismiss the First Amended Complaint, allowing the federal RICO claims to proceed while dismissing the federal antitrust claims. Thereafter, the case was reassigned to Judge Quraishi, and then back to Your Honor after the MDL was formed.

In November 2022, Plaintiffs amended their complaint to plead additional RICO predicate acts, and that Second Amended Complaint is subject to motions to dismiss that are fully-briefed. The court subsequently entered an Amended Scheduling Order on December 27, 2022 with February through December 2024 deadlines for amending the pleadings, substantially completing discovery, and filing class certification briefs. In light of the MDL and the subsequent entry of orders staying discovery and motion practice, as well as coordinating all insulin pricing cases, these deadlines will need to be extended and harmonized with those cases currently in the MDL.

2. **Discovery in the Action**

Although the Action was filed in 2020, discovery commenced only in early 2022, with each party serving interrogatories and discovery requests. Despite Plaintiffs' diligent efforts, progress with discovery was slow, and numerous meet-and-confer

2

conferences did not resolve key discovery disputes. Only a fraction of the requested documents has been produced, and no depositions have been scheduled or taken. Discovery has not advanced far enough to negate efficiencies that would flow from inclusion in the MDL. To the contrary, efficiency would be enhanced.

While the Court entered a Discovery Confidentiality Order and a Stipulated ESI Discovery Protocol in the Action, Plaintiffs' counsel in the Action have been playing an integral role in negotiating another Confidentiality Order and ESI Discovery Protocol that would universally apply to all the insulin pricing actions.

### 3. Status of MDL No. 3080

The "Moving State Plaintiffs" filed a § 1407 motion for centralization of their cases, excluding the four "New Jersey Insulin Pricing Actions." JPML Transfer Order, Doc. 1 in MDL No. 3080 (J.P.M.L. Aug. 4, 2023) ("JPML TO"), at 1. Over Defendants' objections and calls for informal coordination, the JPML centralized before Your Honor only the insulin pricing actions that were subject to the Moving States Plaintiffs' MDL motion and additional tag-along and related cases. *Id.* at 4. The JPML left to Your Honor the decision of whether to formally include the Action in MDL No. 3080. *Id.* at 4 n.9.

After the JPML TO in MDL No. 3080 was docketed, this Court issued Case Management Order # 1, which applied to all insulin pricing cases transferred by the JMPL, all related cases filed in federal court in New Jersey (including this Action), and any tag-along actions. Doc. 5 in No. 23-md-03080 (D.N.J. Aug. 18, 2023) ("CMO #

3

1"), at 2. The Court scheduled an initial case management conference for September 12, 2023, directed Plaintiffs' and Defendants' counsel to meet and confer on several issues, and ordered each of the Plaintiff groups it had identified in CMO #1 and the Defendants to submit pre-conference filings before the conference. *Id.* at 5-8. The Court held the initial status conference as scheduled. At the conference, the Court stated that discovery would be coordinated, Tr. at 15:21-22, and that coordination and cooperation are keys to a just resolution of all cases before the Court. *Id.* at 55:6-8.

The Court then entered Case Management Order #2 on September 21, 2023. Doc. 19 in 23-md-0380 ("CMO # 2"). CMO # 2 directed the parties to meet and confer about the status of cases, a plan for discovery, and related protocols and orders, and submit proposed leadership structures to the Court before the next scheduled status conference in November. *See id.*

## ARGUMENT

All the requirements under 28 U.S.C. § 1407 for inclusion of the Action in MDL No. 3080 have been met. Those factors are: 1) there are civil actions pending in different districts that have one or more common questions of fact; 2) centralization will be for the convenience of the parties and witnesses; and 3) centralization will promote the just and efficient conduct of the actions. 28 U.S.C. § 1407.

As the Court explained in CMO # 1:

> This MDL "concerns an alleged scheme between insulin manufacturers and pharmacy benefit managers ('PBMs') to artificially and fraudulently inflate the price of insulin and

4

> other diabetes medication." (ECF No. 1 at 1.) Since 2017, plaintiffs around the country, in a variety of capacities, have been initiating separate federal civil actions involving the alleged pricing scheme. The JMPL designated several cases as part of the MDL and took no position as to the designation of the New Jersey Actions. (ECF No. 1 at 4, n.9.).

CMO # 1 at 5.

All the insulin pricing cases involve common core questions of fact about the alleged insulin pricing scheme, regardless of whether they have been brought by different groups of plaintiffs asserting a variety of federal and state causes of action. Formal inclusion in MDL No. 3080 is warranted because Plaintiffs' case is already informally in MDL No. 3080, discovery in the Action is not far along, and having the Action be formally part of the MDL structure will streamline the Court's docket and allow for more efficient coordination and cooperation among the largest group of cases. Further, having one set of case management orders is essential for the parties to comply with this Court's directive to coordinate discovery in all the insulin pricing cases. Given these current and future coordinated efforts, it makes sense for the Action to formally be made a part of the MDL family at this early stage of the MDL proceedings.  All factors favor inclusion of the Action in the MDL. Not one factor counsels against inclusion.

## CONCLUSION

Because the Action meets each and every requirement for formal inclusion in MDL No. 3080, and including it would allow for the highest degree of coordination and cooperation among the greatest number of insulin pricing cases using the MDL structure, the Court should formally include the Action in MDL No. 3080.

Dated: October 26, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/Matthew F. Gately*
　　　　　　　　　　　　　　　　　　　　　　Matthew F. Gately
　　　　　　　　　　　　　　　　　　　　　　Peter S. Pearlman
　　　　　　　　　　　　　　　　　　　　　　*Interim Liaison Counsel*
　　　　　　　　　　　　　　　　　　　　　　COHN LIFLAND PEARLMAN
　　　　　　　　　　　　　　　　　　　　　　HERRMANN & KNOPF, LLP
　　　　　　　　　　　　　　　　　　　　　　Park 80 West Plaza One
　　　　　　　　　　　　　　　　　　　　　　250 Pehle Avenue, Suite 401
　　　　　　　　　　　　　　　　　　　　　　Saddle Brook, New Jersey 07663
　　　　　　　　　　　　　　　　　　　　　　(201) 845-9600
　　　　　　　　　　　　　　　　　　　　　　psp@njlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　mfg@njlawfirm.com

　　　　　　　　　　　　　　　　　　　　　　Dianne M. Nast
　　　　　　　　　　　　　　　　　　　　　　*Interim Co-Lead Counsel*
　　　　　　　　　　　　　　　　　　　　　　Michael Tarringer
　	　　　　　　　　　　　　　　　　　　　　Michele S. Burkholder
　　　　　　　　　　　　　　　　　　　　　　NASTLAW LLC
　　　　　　　　　　　　　　　　　　　　　　1101 Market Street, Suite 2801
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19107
　　　　　　　　　　　　　　　　　　　　　　(215) 923-9300
　　　　　　　　　　　　　　　　　　　　　　dnast@nastlaw.com
　　　　　　　　　　　　　　　　　　　　　　mtarringer@nastlaw.com
　　　　　　　　　　　　　　　　　　　　　　mburkholder@nastlaw.com

Michael L. Roberts
*Interim Co-Lead Counsel*
Karen Halbert
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

Don Barrett
*Interim Co-Lead Counsel*
David McMullan
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095-0927
(662) 834-2488
dbarrett@barrettlawgroup.com
donbarrettpa@gmail.com
dmcmullan@barrettlawgroup.com

Richard R. Barrett
BARRETT LAW GROUP, P.A.
2086 Old Taylor Road
Suite 1101-1102
Oxford, Mississippi 38655
(662) 380-5018
rrb@rrblawfirm.net

William E. Hoese
KOHN, SWIFT & GRAF, P.C.
1600 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
(215) 238-1700
whoese@kohnswift.com

        Michael D. Fishbein
        LAW OFFICES OF MICHAEL
        FISHBEIN
        1706 Rittenhouse Square
        No. 1201
        Philadelphia, Pennsylvania 19103
        (267) 861-0304
        mfishbein1706@comcast.net

        Charles Barrett
        Morgan Burkett
        NEAL & HARWELL, PLC
        1201 Demonbreun Street
        Suite 1000
        Nashville, Tennessee 37203
        (615) 244-1713
        cbarrett@nealharwell.com
        mburkett@nealharwell.com

        *Attorneys for Plaintiffs*