UNITED STATES OF AMERICA
DISTRICT OF NEW JERSEY

_____

IN RE: INSULIN PRICING
LITIGATION

_____

CIVIL NUMBERS:

2:17-cv-00699-BRM-ESK &
2:23-md-03080-BRM-RLS

CASE MANAGEMENT CONFERENCE

Frank R. Lautenberg Post Office and United States Courthouse
Two Federal Square
Newark, New Jersey 07102
November 28, 2023
Commencing at 10:00 a.m.

B E F O R E:          THE HONORABLE BRIAN R. MARTINOTTI
                     UNITED STATES DISTRICT JUDGE

                     THE HONORABLE JOSEPH A. DICKSON
                     UNITED STATES MAGISTRATE JUDGE (Retired)
                     Mediator

                     THE HONORABLE RUKHSANAH L. SINGH
                     UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

      CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.
      BY: JAMES E. CECCHI, ESQUIRE
          DONALD A. ECKLUND, ESQUIRE
          KEVIN G. COOPER, ESQUIRE
          BRIAN O'TOOLE, ESQUIRE
      5 Becker Farm Road
      Roseland, New Jersey  07068
      For the Plaintiffs

      Proceedings recorded by mechanical stenography.
      Transcript produced by computer-aided transcription.

          Tammera M. Witte, Official Court Reporter
             tammera_witte@njd.uscourts.gov
                  (973) 457-8230

```
 1   A P P E A R A N C E S:  - Continued

 2       LISTON & DEAS, PLLC
         BY: WILLIAM L. DEAS, ESQUIRE
 3       605 Crescent Boulevard, Suite 200
         Ridgeland, Mississippi  39157
 4       For the Plaintiffs

 5       LEVIN PAPANTONIO RAFFERTY PROCTOR BUCHANAN
         O'BRIEN BARR MOUGEY, PA
 6       BY: TROY A. RAFFERTY, ESQUIRE
             BRANDON L. BOGLE, ESQUIRE
 7           BILL CASH, III, ESQUIRE
         316 S. Baylen Street, Suite 600
 8       Pensacola, Florida  32502
         For the Plaintiffs
 9
         DAVID NUTT & ASSOCIATES, P.C.
10       BY: MATTHEW C. McDONALD, ESQUIRE
             DAVID NUTT, ESQUIRE
11       605 Crescent Boulevard, Suite 200
         Ridgeland, Mississippi  39157
12       For the Plaintiffs

13       ROBERTS LAW FIRM, PA
         BY: MICHAEL L. ROBERTS, ESQUIRE
14       20 Rahling Circle
         Little Rock, Arkansas  72223
15       For the Plaintiffs

16       SIMMONS HANLY CONROY
         BY: JAYNE CONROY, ESQUIRE
17       112 Madison Avenue, 7th Floor
         New York, New York  10016
18       For the Plaintiffs

19       SIMMONS HANLEY CONROY
         BY: MICHAEL J. ANGELIDES, ESQUIRE
20       One Court Street
         Alton, Illinois  62002
21       For the Plaintiffs

22       WILLIAMS DIRKS DAMERON, LLC
         BY: MATTHEW L. DAMERON, ESQUIRE
23       1100 Main Street, Suite 2600
         Kansas City, Missouri  64105
24       For the Plaintiffs

25
```

1    **A P P E A R A N C E S:** - Continued

2        ROBBINS GELLER RUDMAN & DOWD, LLP
         BY: DORY P. ANTULLIS, ESQUIRE
3        420 Lexington Avenue, Suite 1832
         New York, New York  10170
4        For the Plaintiffs

5        HAGENS BERMAN SOBOL SHAPIRO, LLP
         BY: STEVE W. BERMAN, ESQUIRE
6        1301 2nd Avenue, Suite 2000
         Seattle, Washington  98101
7        For the Plaintiffs

8        HAGENS BERMAN SOBOL SHAPIRO, LLP
         BY: THOMAS M. SOBOL, ESQUIRE
9            HANNAH W. BRENNAN, ESQUIRE
         1 Faneuil Hall Square, 5th Floor
10       Boston, Massachusetts  02109
         For the Plaintiffs

11

12       HAGENS BERMAN SOBOL SHAPIRO, LLP
         BY: MARK VAZQUEZ, ESQUIRE
13       455 N. Cityfront Plaza Drive, Suite 2410
         Chicago, Illinois  60611
14       For the Plaintiffs

15       NAPOLI SHKOLNIK, PLLC
         BY: SHAYNA E. SACKS, ESQUIRE
16       360 Lexington Avenue, 11th Floor
         New York, New York  10017
17       For the Plaintiffs

18       KELLEY & FERRARO, LLP
         BY: JOYCE C. REICHARD, ESQUIRE
19       950 Main Avenue, Suite 1300
         Cleveland, Ohio  44113
20       For the Plaintiffs

21       THE FERRARO LAW FIRM
         BY: NATALIA M. SALAS, ESQUIRE
22       600 Brickell Avenue, Suite 3800
         Miami, Florida  33131
23       For the Plaintiffs

24

25

```
 1  A P P E A R A N C E S:  - Continued

 2      KESSLER TOPAZ MELTZER CHECK, LLP
        BY: MELISSA L. YEATES, ESQUIRE
 3          JOSEPH H. MELTZER, ESQUIRE
        280 King of Prussia Road
 4      Radnor, Pennsylvania  19087
        For the Plaintiffs
 5
        KELLER ROHRBACK LAW OFFICES, LLP
 6      BY: DAVID KO, ESQUIRE
            JULI E. FARRIS, ESQUIRE
 7      1201 Third Avenue, Suite 3200
        Seattle, Washington  98101
 8      For the Plaintiffs

 9      WAGSTAFF & CARTMELL
        BY: MELODY DICKSON, ESQUIRE
10      4740 Grand Avenue, Suite 300
        Kansas City, Missouri  64112
11      For the Plaintiffs

12      MSP RECOVERY LAW FIRM
        BY: JANPAUL PORTAL, ESQUIRE
13      2701 Le Jeune Road, 10th Floor
        Coral Gables, Florida  33134
14      For the Plaintiffs

15      ARMAS BERTRAN PIERI
        BY: EDUARDO BERTRAN, ESQUIRE
16      4960 SW 72nd Ave, Suite 206
        Miami, Florida  33155
17      For the Plaintiffs

18      COHN LIFLAND PEARLMAN HERRMANN & KNOPF, LLP
        BY: MATTHEW F. GATELY, ESQUIRE
19      Park 80 West-Plaza One
        250 Pehle Avenue
20      Saddle Brook, New Jersey  07663
        For the Plaintiffs
21
        WEITZ & LUXENBERG, A PC
22      BY: GREGORY STAMATOPOULOS, ESQUIRE
        3011 West Grand Boulevard, 24th Floor
23      Detroit, Michigan  48202
        For the Plaintiffs

24

25
```

```
 1  A P P E A R A N C E S:  - Continued

 2      KELLEY & FERRARO, LLP
        BY: JOYCE C. REICHARD, ESQUIRE
 3      950 Main Street, Suite 1300
        Cleveland, Ohio  44113
 4      For the Plaintiffs

 5      KOZYAK TROPIN & THROCKMORTON, LLP
        BY: BENJAMIN J. WIDLANSKI, ESQUIRE
 6          TAL J. LIFSHITZ, ESQUIRE
        2525 Ponce de Leon Boulevard, 9th Floor
 7      Coral Gables, Florida  33134
        For the Plaintiffs
 8
        FORMAN WATKINS & KRUTZ, LLP
 9      BY: TREY WATKINS, ESQUIRE
            TANYA D. ELLIS, ESQUIRE
10      210 E. Capitol Street, Suite 2200
        Jackson, Mississippi  39225
11      For the Plaintiffs

12      SEEGER WEISS, LLP
        BY: DAVID R. BUCHANAN, ESQUIRE
13          STEVEN J. DAROCI, ESQUIRE
        55 Challenger Road
14      Ridgefield Park, New Jersey  07660
        For the Plaintiffs
15
        BARON & BUDD, PC
16      BY: MARK P. PIFKO, ESQUIRE
        15910 Ventura Boulevard, Suite 1600
17      Encino, California  91436
        For the Plaintiffs
18
        BARON & BUDD, P.C.
19      BY: BURTON LE BLANC, ESQUIRE
        2600 CitiPlace Drive, Suite 400
20      Baton Rouge, Louisiana  70808
        For the Plaintiffs
21
        THE CICALA LAW FIRM, PLLC
22      BY: JOANNE M. CICALA, ESQUIRE
        101 College Street
23      Dripping Springs, Texas  78620
        For the Plaintiffs
24

25
```

```
 1  A P P E A R A N C E S:  - Continued

 2       NASTLAW, LLC
         BY: MICHAEL S. TARRINGER, ESQUIRE
 3       1101 Market Street, Suite 2801
         Philadelphia, Pennsylvania  19107
 4       For the Plaintiffs

 5       MORGAN & MORGAN
         BY: JUAN R. MARTINEZ, ESQUIRE
 6       PA 201 N. Franklin Street, Fl 7
         Tampa, Florida  33602
 7       For the Plaintiffs

 8       WALSH PIZZI O'REILLY FALANGA, LLC
         BY: LIZA M. WALSH, ESQUIRE
 9       Three Gateway Center
         100 Mulberry Street, 15TH Floor
10       Newark, New Jersey  07102
         For the Defendant Sanofi U.S., LLC
11
         BRIAN HOWE, ESQUIRE
12       Senior Corporate Counsel, Sanofi U.S., LLC

13       JONES DAY
         BY: WILLIAM D. COGLIANESE, ESQUIRE
14           JAMES E. GAUCH, ESQUIRE
             MELISSA LIM PATTERSON, ESQUIRE
15           MICHAEL R. SHUMAKER, ESQUIRE
             RYAN HARMANIS, ESQUIRE
16           JULIA A. McEVOY, ESQUIRE
         51 Louisiana Avenue, N.W.
17       Washington DC  20001-2113
         For the Defendant Sanofi U.S., LLC
18
         GIBBONS P.C.
19       BY: CHRISTOPHER T. WALSH, ESQUIRE
             MICHAEL R. MC DONALD, ESQUIRE
20       One Gateway Center
         Newark, New Jersey  07102
21       For the Defendant Novo Nordisk, Inc.

22       JONATHAN M. PECK, ESQUIRE, ASST. GENERAL COUNSEL
         AMER S. PHARAON, ESQUIRE, MANAGING ASST. GENERAL COUNSEL
23       800 Scudders Mill Road
         Plainsboro, New Jersey  08536
24       For the Defendant Novo Nordisk, Inc.

25
```

```
 1   A P P E A R A N C E S:  - Continued

 2        DAVIS POLK & WARDWELL, LLP
          BY: CHUI-LAI CHEUNG, ESQUIRE
 3            JAMES P. ROUHANDEH, ESQUIRE
          450 Lexington Avenue
 4        New York, New York  10017
          For the Defendant Novo Nordisk, Inc.
 5
          DAVIS POLK & WARDWELL, LLP
 6        BY: NEAL POTISCHMAN, ESQUIRE
              ANDREW YAPHE, ESQUIRE
 7        1600 El Camino Real
          Menlo Park, California  94025
 8        For the Defendant, Novo Nordisk, Inc.

 9        REED SMITH, LLP
          BY: MELISSA A. GEIST, ESQUIRE
10        506 Carnegie Center, Suite 300
          Princeton, New Jersey  08540
11        For the Defendant, Eli Lilly and Company

12        KIRKLAND & ELLIS, LLP
          BY: DIANA M. WATRAL, ESQUIRE
13        300 North LaSalle
          Chicago, Illinois  60654
14        For the Defendant, Eli Lilly and Company

15        MORGAN LEWIS, COUNSELORS AT LAW
          BY: PATRICK HARVEY, ESQUIRE
16            JASON SCHERR, ESQUIRE
          1111 Pennsylvania Avenue, NW
17        Washington, DC  20004
          For the Defendant Express Scripts, Inc.
18
          ALSTON & BIRD, LLP
19        BY: STEVEN L. PENARO, ESQUIRE
          90 Park Avenue
20        New York, New York  10016
          For the Defendant Unitedhealth Group, Inc., Optum Rx, Inc.
21        and Caremark RX, Inc.

22        ALSTON & BIRD, LLP
          BY: LIZ BROADWAY BROWN, ESQUIRE
23        1201 West Peachtree Street
          Atlanta, Georgia  30309
24        For the Defendant United Healthcare Group, Inc.

25
```

```
 1  A P P E A R A N C E S:  - Continued

 2      ALSTON & BIRD, LLP
        BY: KELLEY CONNOLLY BARNABY, ESQUIRE
 3      950 F Street, N.W.
        Washington DC  30309
 4      For the Defendant United Healthcare Group, Inc.

 5      ALSTON & BIRD, ATTORNEYS AT LAW
        BY: BRIAN D. BOONE, ESQUIRE
 6      1120 South Tryon Street, Suite 300
        Charlotte, North Carolina  28203
 7      For the Defendant United Healthcare Group, Inc.

 8      O'TOOLE SCRIVO, LLC
        BY: THOMAS P. SCRIVO, ESQUIRE
 9      14 Village Park Road
        Cedar Grove, New Jersey  07009
10      For the Defendant Unitedhealth Group, Inc., Optum Rx, Inc.
        and Caremark Rx, Inc.
11
        WILLIAMS & CONNOLLY
12      BY: ENU MAINIGI, ESQUIRE
            DONALD DOCKERY, ESQUIRE
13      680 Maine Avenue SW
        Washington, DC  20024
14      For the Defendant CVS Health Corporation

15      MARINO TORTORELLA & BOYLE, P.C.
        BY: KEVIN H. MARINO, ESQUIRE
16          JOHN D. TORTORELLA, ESQUIRE
        437 Southern Boulevard
17      Chatham, New Jersey  07928
        For the Defendant CVS Health Corporation

18

19

20

21

22

23

24

25
```

1              (**PROCEEDINGS** held in person before

2           **The HONORABLE BRIAN R. MARTINOTTI,**

3        United States District Judge, at 10:00 a.m.)

4        THE COURT:  Welcome, everyone.

5        We have a two-part proceeding today.  Part one is our

6   case management conference.  I must confess when I got the

7   agenda on the 22nd and saw the request for the entry of the

8   proposed case management order, we scrambled looking for the

9   proposed case management order which came in last night, and I

10  thank you for that.

11       And that being said, there are a lot of people in the

12  courtroom.  The proposed case management order sets up liaison

13  and leadership counsel, sets this matter into different tracks.

14       And is it fair to say that that's been agreed upon by

15  the plaintiff's side?

16       MR. CECCHI:  It has, Your Honor.

17       THE COURT:  So that being said, when I ask for

18  appearances for the plaintiffs, I'm just going to ask those who

19  have been designated as liaison and leadership put their

20  appearances in.  If you are part of the team that has

21  designated a lawyer to be your liaison, please email him or her

22  and they will forward that email to Lissette and Tammy to make

23  sure that your appearance here today was noted.

24       Any objection to that?

25       MR. CECCHI:  No, Your Honor.

1          THE COURT:  Okay.  Plaintiff, your appearances for the

2     record, please.

3          MR. CECCHI:  Good morning, Your Honor.  James Cecchi,

4     Carella Byrne, on behalf -- co-lead counsel under proposed case

5     management order number three for the TPP track, also co-lead

6     counsel on the consumer track, and designee liaison for the TPP

7     track.

8          MR. BERMAN:  Good morning, Your Honor.  Steve Berman,

9     proposed co-lead counsel on the self-funded payer class, TPP

10    class, and cocounsel on consumer case.

11         MR. BUCHANAN:  David Buchanan, Your Honor, Seeger

12    Weiss, proposed co-lead counsel for the self-funded payer group

13    as well as proposed liaison counsel for that group.

14         MS. CICALA:  Good morning, Your Honor.  Joanne Cicala,

15    proposed co-lead counsel for the State Attorney General track

16    and also proposed liaison counsel for that track.

17         THE COURT:  Okay.  My apologies.  Go ahead.

18         MR. ROBERTS:  Your Honor, I'm Michael Roberts.  I'm

19    proposed co-lead counsel in the TPP track for the PBM track, as

20    well as co-lead counsel of the TPP class action.

21         THE COURT:  Okay.

22         MS. YEATES:  Good morning, Your Honor.  Melissa Yeates

23    of Kessler Topaz, proposed co-lead counsel for the TPP PBM

24    class track.

25         MR. WATKINS:  Good morning, Your Honor.  Trey Watkins,

1    proposed co-lead for the State AG track.

2         MR. DEAS:  Good morning, Your Honor.  Lawrence Deas,

3    proposed co-lead for the State AG track.

4         MR. WIDLANSKI:  Good morning, Your Honor.

5    Ben Widlanski, Kozyak Tropin, proposed co-lead for the

6    self-funded payer track.

7         MR. BOGLE:  Good morning, Your Honor.  Brandon Bogle

8    from Levin Papantonio Rafferty, proposed co-lead counsel for

9    the self-funded payer track.

10        MR. PIFKO:  Good morning, Your Honor.  Mark Pifko

11   of Baron & Budd, proposed co-lead for the self-funded payer

12   track.

13        MR. RAFFERTY:  Good morning, Your Honor.  Troy

14   Rafferty, Levin Papantonio Rafferty, proposed co-lead for the

15   State AG track.

16        THE COURT:  Those who put your appearances in, please

17   give Lissette a business card before you leave.

18        Do we understand how your appearances, those who did

19   not put a formal appearance in, will get put into the record by

20   e-mailing your liaison or lead counsel?

21        Any objection to the order that was filed?

22        I'm sorry, I want to recognize Judge Singh, who is our

23   magistrate judge, and Judge Dixon, who is our special master.

24   My apologies for the oversight.

25        Any objection to the order being entered that was

1    submitted last night setting up the structure of the

2    litigation?

3            From plaintiffs?

4            MR. CECCHI:  No, Your Honor.

5            THE COURT:  Defense have an objection?

6            MS. PATTERSON:  No, Your Honor.

7            THE COURT REPORTER:  Can she give her appearance.

8            THE COURT:  We're not there yet.

9            THE COURT REPORTER:  She just spoke.

10           THE COURT:  Okay.  Go ahead.  Just put your

11   appearance.

12           MS. PATTERSON:  Melissa Lim Patterson from Jones Day,

13   representing Sanofi-Aventis U.S., LLC.

14           THE COURT:  The order will then be entered with one

15   addition.  I'm going to require weekly status reports from the

16   parties.  You'll designate somebody who will just write to the

17   Court by 3:00 every Friday, saying:  This is what we have done

18   this week.

19           And it could be:  We haven't done anything this week.

20           Or it could be:  This deposition was taken, we met and

21   conferred.

22           So I'm going to ask plaintiffs' counsel to appoint

23   somebody to work with, somebody from defense counsel to submit

24   a joint proposal by 3:00 on Friday, moving forward, just so we

25   can keep a handle on this litigation.

1          I'm sorry.  Defense counsel, your appearances for the

2    record.

3          MS. WALSH:  Good morning, Your Honor.  Appearing on

4    behalf of Sanofi is Liza Walsh, and also you already met

5    Melissa Patterson.

6          MS. WATRAL:  Good morning, Your Honor.  Diana Watral

7    for Eli Lilly.

8          MS. GEIST:  Good morning, Your Honor.  Melissa Geist

9    from Reed Smith, also for Eli Lilly.

10          MR. POTISCHMAN:  Good morning, Your Honor.  Neal

11    Potischman from Davis Polk on behalf of Novo Nordisk,

12    Incorporated.  With me in the courtroom are Jim Rouhandeh and

13    Andrew Yaphe.

14          MR. TORTORELLA:  Good morning, Your Honor.

15    John Tortorella of Marino Tortorella & Boyle for the CVS

16    defendants.  With me at the table is Enu Mainigi from Williams

17    & Connolly.

18          MR. SCHERR:  Good morning, Your Honor.  J.R. Scherr,

19    Morgan Lewis, for the Express Scripts defendants.  With me in

20    the courtroom is Patrick Harvey, also from Morgan Lewis.

21          MR. SCRIVO:  Good morning, Your Honor.  Thomas Scrivo,

22    O'Toole Scrivo, for Optum Rx.  With me in the courtroom is

23    Brian Boone from Alston & Bird.

24          MR. MARINO:  Good morning, Your Honor.  Kevin Marino,

25    Marino Tortorella & Boyle.

1      THE COURT:  I assume other defendant lawyers are here.

2  Same request, send an email to your colleague representing your

3  interest and he or she will send it to Tammy and to Lissette to

4  make sure that your attendance was noted here.

5      So again, I appreciate the order and I appreciate

6  everyone working to get an agreed-upon order setting up the

7  tracks and setting forth counsel.  I don't think I'm going to

8  be getting delayed submissions any further in light of our

9  Friday requirement, and I thank you for that.  And I understand

10  you've been busy working hard to move this litigation forward.

11      This is an important litigation.  It has been hanging

12  around this Court too long.  And part of it is new to this

13  Court.  Let's understand that behind this litigation there are

14  some real people who have allegedly sustained harm.  We're not

15  sure about that yet.  But we need to move this forward for a

16  variety of reasons.

17      Where are we, counsel?

18      MR. CECCHI:  Consumers are ready to argue their class

19  cert.  I think we have a few agenda items first.

20      THE COURT:  Yes, we have a couple of agenda items.

21      MR. CECCHI:  Judge, we have a report on Rule 26,

22  discussions ESI and confidentiality order, which I'll let

23  Mr. Buchanan discuss and Ms. Cicala is going to discuss status

24  of motions.

25      MR. BUCHANAN:  Good morning, Your Honor.  Dave

1    Buchanan from the self-funded prayer track.

2         As you know obviously the order took longer than

3    anticipated to get the structure agreed to where, if you will,

4    all the constituencies would fall and who the leadership for

5    those various constituencies would be.

6         Nonetheless, we did try to move things forward.  We

7    prepared a proposed ESI order, a proposed confidentiality

8    order.  I would say we're closer on the confidentiality order

9    on the ESI order, recognizing that this is obviously a more

10   complex case now with more folks in it.

11        We've proposed supplementations, or I'd say a new

12   order to address what we think are some important issues that

13   will help move this quickly.  We've shared that with the

14   defense.  They have come back to us with some proposals.

15        But frankly we have -- we've had discussions I'd say

16   more about the shape of the table than, if you will, the

17   provisions in it and I think that's the next conversation and

18   we've talked about doing that next week.

19        THE COURT:  And who is your counterpart on the defense

20   that you are talking to?

21        MR. BUCHANAN:  There's a number.  I'll allow them to

22   certainly identify themselves.

23        THE COURT:  Can somebody jump in.

24        MS. PATTERSON:  Yes, Your Honor.  Melissa Lim

25   Patterson again from Jones Day.

1    As Mr. Berman stated, we are having meet-and-confer

2    negotiations with the plaintiffs.  Everything he said is true

3    on that front and we plan on continuing to have those

4    negotiations next week.

5    THE COURT:  Okay.  And just to let you know, a

6    resource that's available is Judge Singh, who is seated to my

7    left, who just lectured on ESI a couple of weeks ago.  So feel

8    free to use the Court resources as you see fit.

9    MR. BUCHANAN:  Thank you, Your Honor.  I think what we

10   would like to do is try to narrow the issues through a

11   productive meet-and-confer hopefully in the next week or two.

12   And if there's any disputed issues, be happy to present them to

13   the Court, Judge Singh, in whatever manner you propose, whether

14   that's by conference or letter submissions if we can't reach

15   agreement.

16   THE COURT:  Okay.

17   MS. PATTERSON:  Thank you.

18   THE COURT:  Discovery?

19   MR. BUCHANAN:  We have not yet had a 26(f),

20   Your Honor.  Some of that was really just trying to make sure

21   we had leadership appointed so we had the authorized folks to

22   participate in that.  We discussed doing that after this

23   conference, I assume sometime in the next few weeks to get a

24   meaningful 26(f) to reflect the additional parties new to this

25   Court and frankly new to some of the litigants in this case; to

1   make sure we get an exchange of information and can really

2   resolve the initial, if you will -- I don't know if you want a

3   formal 26(f) report or not.  But we're going to hammer out

4   obviously confidentiality ESI, but the discovery panel will

5   obviously need a meaningful 26(f) conference.

6         THE COURT:  And so much, or a significant portion of

7   the discovery has already been produced, exchanged in the

8   New Jersey litigation.

9         MR. BUCHANAN:  Certainly there's been significant

10  production.

11        THE COURT:  And what do you propose regarding the

12  sharing of that information?

13        MR. BUCHANAN:  We've discussed it.  The sharing order,

14  if you will, Your Honor, has been held up around

15  confidentiality, ESI, and really getting to leadership

16  appointed, so I think that's also on the table.

17        There are some distinctions.  Obviously there are

18  additional parties, additional claims that go beyond the

19  discovery that's already happened.  And teasing out, if you

20  will, the variability between the discovery packages and the

21  various actions and what needs to be done for the new claims is

22  really, you know, that's on the table.

23        THE COURT:  Okay.  Anything further on discovery?

24  From the plaintiff's perspective?

25        MR. BUCHANAN:  Not for today, Your Honor.

```
 1              THE COURT:  Defense?

 2              MS. PATTERSON:  Your Honor, at least from the

 3    manufacturers' perspective, as you pointed out, there are

 4    significant discovery that has already occurred, and we plan on

 5    leveraging that as much as possible and coordinating all of the

 6    actions together and moving discovery forward.

 7              We plan on having those again discussions with

 8    plaintiffs about how to effectively leverage the discovery that

 9    we have already accomplished so that we can move this case

10    forward.

11              THE COURT:  And how about with your codefendants?

12              MS. PATTERSON:  With the manufacturers, we certainly,

13    that is certainly the plan and we've had initial discussions

14    about doing that as well.  But we have not had further

15    discussions about what the shape of discovery might look like

16    moving forward in terms of any supplementation for all of the

17    tracks.

18              MS. MAINIGI:  Your Honor, hopefully -- on behalf of

19    the PBMs, Enu Mainigi from Williams & Connolly -- I think we're

20    in agreement.  We've been waiting for the sorting out to occur

21    in terms of the leads and I think we can now begin in earnest.

22              THE COURT:  And there's going to be some discovery

23    exchanged between the defendants, obviously.

24              MS. MAINIGI:  Yes, Your Honor.

25              THE COURT:  And served I should say too.  Right?
```

```
1              MS. MAINIGI:  Excuse me, Your Honor.

2              THE COURT:  Discovery served between the defendants,

3    or is everything going to flow between plaintiff, defendant?

4              MS. MAINIGI:  I think preliminarily I would envision

5    at least the bulk of discovery, it would be between the

6    plaintiffs and the defendants.

7              THE COURT:  Initially, okay.  You all agree on that at

8    this point?

9              MR. SCHERR:  At this point it seems -- J.R. Scherr for

10   Express Scripts -- that does seem to be the approach, although

11   as Mr. Buchanan noted, the parties haven't yet been able to

12   conduct everything so this is one of the topics that we'll have

13   to resolve.

14             THE COURT:  Okay.  Motion practice.  Before you say

15   anything, no motion will be filed without leave of court.

16   Whoever proposes to file a motion will send a letter in, not

17   more than three pages, explaining what the motion is, why they

18   intend to file it.  Those who will oppose the motion, through

19   liaison counsel, will send in a letter why the motion shouldn't

20   be filed or why it shouldn't be granted.  Obviously a little

21   over your skis, why it shouldn't be granted in three pages,

22   nonetheless.  And then either myself or Judge Singh will advise

23   you regarding a schedule for the motions.

24             But let's talk about motion practice.

25             MS. CICALA:  Yes, thank you, Your Honor.
```

1          You might recall from the initial status conference

2    that I had before the Court at the time this MDL was formed,

3    five of my State Attorney General clients had petitioned for

4    the formation of this MDL.  Mississippi was already through the

5    12(B)(6) motions in its discovery.  At the time the MDL was

6    formed there were fully briefed motions to dismiss pending in

7    the cases filed by the states of Arkansas, Kansas, Montana and

8    Illinois.

9          Plaintiffs would like to see those motions refiled,

10   perhaps with this new direction from the Court.  As I said they

11   were fully briefed, Your Honor.  We see no need for a

12   completely new round of briefing.  The claims presented by each

13   of those State Attorneys General are pure state law claims that

14   have been fully briefed.  And the fact that this action has

15   moved from those respective federal courts to this one should

16   not substantially impact, if at all, the underlying briefing,

17   so we're eager to have those motions submitted and heard,

18   Your Honor.

19          THE COURT:  Okay.

20          MS. WATRAL:  Good morning, Your Honor.  Diana Watral

21   for Eli Lilly, and I assume, speaking on behalf of the

22   manufacturers here.

23          We agree with Ms. Cicala that it's important to have

24   motion to dismiss practice heard before Your Honor and have

25   that motion to dismiss practice heard soon, but we have a

1    different proposal for how that should move forward.

2         There are now three tracks that are before Your Honor

3    in this MDL.  And so we believe there shouldn't be

4    motion-to-dismiss practice only on the state cases.  We welcome

5    that motion-to-dismiss practice, but we think there should be

6    motion-to-dismiss practice on the other two tracks as well.

7         And so our proposal is that we submit to Your Honor

8    three briefs; one from each of the plaintiff groups relating to

9    each plaintiff group case, and Your Honor then would decide

10   each of those tracks, and then can use each of the rulings from

11   those tracks to decide how that applies to the other cases.

12        We think it's important to have rulings across the

13   tracks at the outset so that we know what claims are in and out

14   of the MDL.  It will help in terms of the discussions about

15   discovery.

16        And so we're very much in favor of motion practice,

17   but we would ask from Your Honor that we would be able to have

18   motion practice on each of those tracks.

19        THE COURT:  And have you spoken to each other about

20   this yet?

21        MS. CICALA:  No, we have not, Your Honor.  And my

22   state clients would strongly disagree with the proposal that

23   their cases be smooshed together in a single brief.  Those

24   briefs are already done.

25        What I'm hearing from defendants is going to lead to

1   nothing but delay.  We have fully briefed motions on the state

2   law claims presented by those State Attorneys General, and

3   there's no need whatsoever for those briefs to be woven

4   together into some single omnibus ruling when the Court moves

5   to consider each of those state claims.

6          THE COURT:  So when this new order is entered

7   indicating how motion practice is going to proceed, send your

8   letters in and we will address it at the next case management

9   conference, assuming it's in before the next case management

10  conference.

11         MS. CICALA:  Thank you, Your Honor.

12         THE COURT:  Is that fair?

13         MS. WATRAL:  Just to be clear, Your Honor, we're not

14  intending to have a smooshed-together brief.  What we're

15  thinking of is submitting one brief for one state, one brief

16  for one county, and one brief for one of the unions, but we can

17  lay all of that for Your Honor.

18         THE COURT:  Or talk to each other and maybe there's a

19  way you can unsmoosh it so that it satisfies.

20         MS. WATRAL:  We're happy to.  Thank you, Your Honor.

21         MR. BUCHANAN:  Your Honor, just a point of

22  clarification.  Ms. Cicala was high-lighting the position of

23  the State AG's.  From the self-funded payer track, now that we

24  have leadership appointed, we're evaluating whether we think we

25  should be proposing to the Court, whether an administrative

1  complaint with short forms to simplify matters and to, if you

2  will, streamline matters.

3       So there is one pending motion to dismiss in the

4  Albany case that's before Your Honor.  But frankly we would

5  like to propose back to the Court the best way to handle that

6  in light of our internal discussions in how we proceed with the

7  defense on an administrative complaint or short forms.

8       MR. SCHERR:  Your Honor, J.R. Scherr for Express

9  Scripts.  On this point I'm speaking for all PBMs.

10      Mr. Buchanan makes a good point.  It's the same point

11 that he raised at that last status conference that a master

12 complaint for I think county cases would be the self-funded

13 payer track, makes a ton of sense in terms of efficiency.

14      But I take it that with respect to the pre-motion

15 letter process, the parties still have an obligation to meet

16 and confer, even before submitting those pre-motion letters,

17 and as of today the parties have simply have not had that.

18      THE COURT:  That is an accurate statement, so meet,

19 confer, letter, and we'll move on.

20      MR. BUCHANAN:  Fair enough, Your Honor.  I think

21 frankly we have to confer really on the complaint slash -- that

22 we're going to handle the self-funded payer track from an

23 efficiency perspective.

24      THE COURT:  Look, I understand that it's been since

25 September and you all have been working, trying to put

1    everything together as organized and as clean as you can, and

2    you did accomplish a lot in a short period of time and I

3    appreciate that.

4         But now that the structure is set up, and I think I

5    said that when we were here the last time, I wanted the

6    structure set up so I know what we're dealing with and how we

7    can best and efficiently deal with each party, each claim, and

8    then we can fill it in with ESI, discovery, motions,

9    complaints, fact sheets, whatever.

10        MR. BUCHANAN:  Thank you, Your Honor.  We are now at

11   the starting gates and ready to run.

12        THE COURT:  There you go, thanks.  I look forward to

13   my Friday emails.

14        So anything else that needs to be addressed from the

15   coordinated MDL/New Jersey litigation?

16        MR. CECCHI:  I don't think so, Judge, from our

17   perspective.

18        THE COURT:  Defense?

19        MS. WALSH:  Nothing, Your Honor.

20        MR. SCHERR:  Nothing, Your Honor.

21        THE COURT:  Anyone like to be heard that hasn't been

22   heard yet?

23        So we do have a scrivener that will be sending a

24   proposed case management order.  Correct?  There you go.  As

25   well as set up the next case management conference.  So we said

1    the second Tuesday of the month.  We're going to send out some

2    dates.  I don't think it's necessary to come back in December

3    unless you really want to.  No?

4          So we'll start in January and put dates out through

5    the end of the year.  Understanding the dates are for calendar

6    control, they may conflict with a Monday holiday or other

7    issues but at least we'll have a target to go for.

8          Anything further?

9          MR. BUCHANAN:  Your Honor, the self-funded payers sent

10   in a request seeking permission to attend the argument today.

11   I didn't see an order to come over the docket, maybe it did

12   this morning on my way here.

13         THE COURT:  Well, I would never send something in that

14   late in the game, counsel.

15         So is there any objection to anyone having, those who

16   have signed and agreed to confidentiality be in the courtroom?

17         MS. WALSH:  Your Honor, we understand that there is

18   actually an order signed by Your Honor sealing the courtroom.

19         THE COURT:  Correct.

20         MS. WALSH:  And subsequently we received letters from

21   a number of parties indicating that they will be bound by the

22   confidentiality order, so we have no objection to those staying

23   in.  But obviously anybody in the courtroom who has not

24   indicated that they would be bound by it, we would, don't think

25   should attend given Your Honor's sealing order.

1          THE COURT:  Anyone in the courtroom not bound by the

2    confidentiality order?

3          MR. CECCHI:  Judge, James Cecchi on behalf of the

4    consumers.  We have no objection, but I don't think everyone in

5    the courtroom has executed the confidentiality order, so I

6    think we need just some process to document maybe when we're

7    done who was here and who's agreeing to be bound.

8          MS. WALSH:  My understanding was or is that those who

9    will stay have actually already indicated that they will be

10   bound by the confidentiality order.

11         THE COURT:  I'll ask the question again.

12         Is anyone here not agreed to be bound by the

13   confidentiality order?

14         Do we need to get their names?

15         MS. WALSH:  I think obviously we're going to get the

16   names of everybody who's in attendance today, so the assumption

17   is that everybody actually -- given the fact that nobody is

18   getting up, everybody has agreed and is agreeing to be bound by

19   the confidentiality order.

20         THE COURT:  Are you comfortable with that procedure?

21         MR. CECCHI:  Yes, Your Honor.

22         THE COURT:  Ms. Walsh?

23         MS. WALSH:  Yes, Your Honor.

24         THE COURT:  Let's take a couple of minutes and we will

25   resume 10:45.

1          (The case management conference concluded.)

2

3

4

5      --------------------------------------------------

6      FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

7

8          I certify that the foregoing is a correct transcript

9  from the record of proceedings in the above-entitled matter.

10

11

12  /S/ Tammera M. Witte, CCR, CRCR, RMR  Dated this 11/30/2023

13  Official U.S. District Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25