UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | MDL No. 3080 |
| | Hon. Brian R. Martinotti |
| THIS DOCUMENT RELATES TO ALL CASES | Hon. Rukhsanah L. Singh |

CASE MANAGEMENT ORDER No. 4
(Soley For Access to Existing Common Benefit Work Product)

I. PURPOSE

This MDL differs from a typical suit, in which many cases are coordinated at the earliest stages of litigation or discovery. The Court recognizes that Class Plaintiffs in the In re Insulin Pricing Litigation, 2:17-699 (BRM) (ESK) ("Consumer Class Action") have been litigating since early 2017 and that the case precedes other subsequently-filed actions by many years—a point argued in many submissions to the Judicial Panel on Multidistrict Litigation.

In more than six years of litigation in the Consumer Class Action, the Class Plaintiffs completed fact discovery from the three insulin manufacturers, produced expert reports, and filed class certification briefing. Their efforts and investment generated considerable work product that will inure to the common benefit of all plaintiffs in the MDL. These facts, taken individually and in the aggregate, support that Interim Co-Lead Counsel for the Consumer Class be compensated for generating this work product ("Existing Common Benefit Work Product"). This Order will provide for that ultimate assessment in favor of the Consumer Class Counsel. A subsequent CMO will address common benefit work performed going forward within MDL 3080.

## II. EXISTING COMMON BENEFIT WORK PRODUCT

Existing Common Benefit Work Product shall include two categories: (1) Fact Discovery Work Product; and (2) Expert Work Product.

Fact Discovery Work Product shall mean any work product related to discovery—including search terms, ESI protocols, protective orders, discovery requests and any responses thereto, deposition transcripts, and document databases—drafted, negotiated, or otherwise created from the efforts and investment of Interim Co-Lead Counsel in the prosecution of their Consumer Class Action. Any plaintiffs in the MDL who receive (or have received) Fact Discovery Work Product in their

action shall be considered a Fact Discovery Participant to this Order and shall be subject to an assessment of any Gross Monetary Recovery. The amount of such assessment shall be determined by agreement of the parties, the Court or the Court's Special Master.

Expert Discovery Work Product shall mean any work product related to expert disclosures—including any expert or rebuttal reports, and any underlying data, calculations, or analysis done in support of the same—created from the efforts and investment of Interim Co-Lead Counsel (or the experts hired by them) in the prosecution of their Consumer Class Action. Any plaintiffs in the MDL who receive (or have received) Expert Discovery Work Product in their action shall be considered an Expert Discovery Participant to this Order and shall be subject to an assessment of any Gross Monetary Recovery in an amount to be determined by the parties or, absent agreement, by the Court or its designee.

To the extent that discovery (Expert or Otherwise) has been conducted in the actions captioned MSP Recovery Claims Services, LLC v. Sanofi-Aventis U.S., LLC, No 18-cv-2211; Minnesota v. Sanofi-Aventis LLC No. 18-9991; and In re Insulin Pricing Litigation, No 17-cv-699, and that discovery is accessed or utilized in MDL 3080, it shall also be considered Existing Common Benefit Work and shall be eligible for common benefit compensation pursuant to an order of the Court.

### III. GROSS MONETARY RECOVERY

Gross Monetary Recovery includes all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all the cases of the plaintiffs' attorneys subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state courts, unfiled, or tolled.

### IV. ASSESSMENT

**A.   Payment of Assessment**

For Participants subject to an assessment, Defendants are directed to withhold an assessment from all amounts paid to plaintiffs and their counsel and to pay the assessment directly to a fund established by Interim Co-Lead Counsel for the Class Plaintiffs for this purpose. The parties will work cooperatively to develop a

mechanism and process by which to ensure that the assessment that is to be withheld by Defendants according to this Order, for each individual case, has been deposited before dismissal of any case can be effectuated. If for any reason the assessment is not or has not been so withheld, the plaintiff and his or her counsel are jointly responsible for paying the assessment promptly.

* * *

**SO ORDERED.**

Dated this \_\_ day of _____, 2023

_____
HON. BRIAN R. MARTINOTTI, U.S.D.J.