UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL No. 3080<br><br>Hon. Brian R. Martinotti<br>Hon. Rukhsanah L. Singh |

CASE MANAGEMENT ORDER No. 4
(Common Benefit Work Product)

### I. PURPOSE

This MDL differs from a typical suit, in which many cases are coordinated at the earliest stages of litigation or discovery. The Court recognizes that Class Plaintiffs in the In re Insulin Pricing Litigation, 2:17-699 (BRM) (ESK) ("Consumer Class Action") have been litigating since early 2017. In more than six years of litigation in the Consumer Class Action, the class Plaintiffs completed fact discovery for their claims from the three insulin manufacturers, produced expert reports, and filed class certification briefing. The Court recognizes that discovery (Expert or Otherwise) has also been conducted in the actions captioned MSP Recovery Claims Services, LLC v. Sanofi-Aventis U.S., LLC, No 18-cv-2211; Minnesota v. Sanofi-

Aventis LLC No. 18-9991; and In re Direct Purchaser Insulin Pricing Litigation, No 20-cv-03426. The Court also recognizes that discovery as to certain PBM defendants has been conducted and that non-duplicative document productions have been obtained from certain manufacturer defendants in certain State Attorney General cases and unique legal claims and theories have been developed in the Direct Purchaser Litigation, prior to the formation of this MDL. Collectively this pre-MDL discovery and legal work product is referred to for purposes of this order as "Existing Common Benefit Work Product."

The efforts and investment associated with this Pre-existing MDL work product may inure to the common benefit of all or some plaintiffs or plaintiff tracks in this MDL. These facts, taken individually and in the aggregate, support an assessment in favor of counsel responsible for generating this Existing Common Benefit Work Product. This Order will provide for that ultimate assessment in favor of the counsel associated with it. All parties shall retain their right to object to any specific Existing Common Benefit Work Product as warranting compensation under this Order. A subsequent CMO will address common benefit work performed going forward within MDL 3080.

## II. EXISTING COMMON BENEFIT WORK PRODUCT

Existing Common Benefit Work Product is described above. This section defines ~~shall include~~ two categories: (1) Fact Discovery Work Product; and (2) Expert Work Product.

Fact Discovery Work Product shall mean any work product related to discovery—including search terms, ESI protocols, protective orders, discovery requests and any responses thereto, deposition transcripts, and document databases—drafted, negotiated, or otherwise created from the efforts and investment of counsel in the above identified matters. Any plaintiffs in the MDL who choose to receive (or have received) Fact Discovery Work Product in their action shall be considered a Fact Discovery Participant to this Order and shall be subject to an assessment of any Gross Monetary Recovery. The amount of such assessment shall be determined by agreement of the parties, the Court or the Court's designee at such time that the value of the Fact Discovery Work Product to the plaintiff tracks individually, and as a whole, can be fully evaluated.

Expert Discovery Work Product shall mean any work product related to expert disclosures—including any expert or rebuttal reports, and any underlying data, calculations, or analysis done in support of the same—created from the efforts and investment of Interim Co-Lead Counsel (or the experts hired by them) in the

3

prosecution of their Consumer Class Action. Any plaintiffs in the MDL who choose to receive (or have received) Expert Discovery Work Product in their action shall be considered an Expert Discovery Participant to this Order and shall be subject to an assessment of any Gross Monetary Recovery in an amount to be determined by the parties or, absent agreement, by the Court or its designee at such time that the value of the Expert Discovery Work Product to the plaintiff tracks individually, and as a whole, can be fully evaluated.

### III. GROSS MONETARY RECOVERY

Gross Monetary Recovery includes all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all the cases of the plaintiffs' attorneys subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state courts, unfiled, or tolled.

4

## IV. ASSESSMENT

### A. Payment of Assessment

For Participants subject to an assessment, Defendants are directed to withhold an assessment from all amounts paid to plaintiffs and their counsel and to pay the assessment directly to a fund established by plaintiffs' designated counsel for this purpose. The parties will work cooperatively to develop a mechanism and process by which to ensure that the assessment that is to be withheld by Defendants according to this Order, for each individual case, has been deposited before dismissal of any case can be effectuated. If for any reason the assessment is not or has not been so withheld, the plaintiff and his or her counsel are jointly responsible for paying the assessment promptly.

* * *

**SO ORDERED.**

Dated this __ day of _____, 2023

_____
HON. BRIAN R. MARTINOTTI, U.S.D.J.