

February 16, 2024

**Via ECF**
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

   Re: *In re Insulin Pricing Litigation*, Nos. 2:17-cv-699 & MDL 3080

Dear Judge Martinotti,

  The undersigned State Co-Leads in MDL No. 3080 write in response to the February 9, 2024 letters submitted by counsel for the putative consumer class (ECF 726) and Eli Lilly (ECF 727) regarding the impact of the Court's class certification opinion on the proposed consumer class settlement with Eli Lilly. The class certification opinion was entered only in the consumer class case, and, therefore, does not apply to the State AG cases.

  First, the Court's refusal to certify the Sanofi and Novo litigation classes is dispositive of the motion for preliminary certification of the proposed settlement class. Class counsel argues without explanation or analysis that the Court's denial of the litigation classes somehow has "no impact" on the almost identical proposed settlement class. ECF 726. Curiously, Eli Lilly argues that the proposed settlement class should be certified ***because*** "the Court's holding has now confirmed that liability classes pursuing insulin pricing theories should never be certified under Rule 23(b)." ECF 727.

  That is, of course, not how Rule 23 works. "[R]egardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 300 (3d Cir. 2005)*; see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 296 (3d Cir. 2011) ("[B]efore approving a class settlement agreement, a district court first must determine that the requirements for class certification under Rule 23(a) and (b) are met." (*en banc*) (internal quotation marks omitted)). "The Rule 23 inquiry is certainly not meant to discourage settlement, but it is more than a rubber stamp, and thus it will sometimes result in the undoing of a settlement." *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013).

  To approve the proposed settlement, the Court must determine whether the settlement consideration is fair and reasonable. The Court's refusal to certify the Sanofi and Novo classes recognizes that the claims to be released in the proposed Lilly settlement cannot be valued under

Feb. 16, 2024  
Page 2



the Rule 23 apparatus. Thus, the Court should not preliminarily approve the proposed settlement.

Second, the Court's class certification decision does not devalue or undermine the States' claims, including restitution claims on behalf of consumers. Unlike the Settling Parties, the States are not subject to and face **none** of the procedural challenges presented by Rule 23. ECF 721 at 31-34 (emphasizing class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only" and that Rule 23 must be satisfied by a preponderance of the evidence for certification); *see also id.* at 84 (recognizing that the "Attorney General does not have to prove that that victim was damaged by the unlawful conduct in order to recover any damages," whereas the consumer class plaintiffs must prove an ascertainable loss caused by the Defendants' unlawful conduct) (citations omitted). Without regard to Rule 23 or the Court's class certification decision, the State Attorneys General, pursuant to their statutory and common law authority, as a matter of law represent their citizens and are authorized to prosecute claims on their behalf. If anything, the Court's class certification decision confirms that the prosecution of consumer protection claims by the States is superior to a Rule 23 consumer class action.

Third, the Court's refusal to certify the Sanofi and Novo classes does not affect the States' motion to intervene. The class certification decision is silent as to the States' substantive challenges to the settlement and, in particular, their challenges to the purported $500 million valuation the Settling Parties seek to attach to the settlement.[1] Of course, the States seek no relief under Rule 23. Moreover, the States have pled and will prove different and far broader claims and appropriate injunctive relief than those asserted in the Sanofi and Novo class actions. For example, the States' claims include the PBMs as defendants, whereas the Sanofi and Novo class actions did not. Finally, the States were in any event excluded from the Sanofi and Novo class certification proceedings and record and cannot be bound by the resulting class certification decision.

Both Settling Parties cited the State of Minnesota's recent settlement with Eli Lilly for "entirely non-monetary relief" and "similar equitable remedies" as further support for the purported value of the proposed consumer class settlement. ECF 726, 727. However, a comparison of the releases in the proposed consumer class settlement and in the State of Minnesota's settlement reveals that the Settling Parties' arguments vastly overreach. *State of Minn. v. Eli Lilly & Co., et al.*, 2:18-cv-1499-BRM-RLS (ECF 185-1 at ¶ 31); *In Re Insulin Pricing Litigation*, No. 2:17-cv-699-BRM-RLS (ECF 656-1 at ¶¶ 66-77). The State of Minnesota's settlement expressly carves out and does not release claims belonging to individual consumers (¶ 32). On the other hand, the proposed consumer class settlement releases the claims of all Lilly insulin consumers in

---

[1] Each State's specific objections to the proposed settlement are set forth in the respective motions to intervene, amicus brief, and related filings. *In re Insulin Pricing Litigation*, No. 2:17-cv-699-BRM-RLS (ECF 651, 659, 666, 651, 670, 672, 674, 681, 689, 693).

Feb. 16, 2024
Page 3



Minnesota – in exchange for the same benefits those consumers will already receive pursuant to the State of Minnesota's settlement with Eli Lilly. Indeed, the Minnesota settlement proves that the proposed consumer class settlement is based on illusory consideration and should not be approved. Further, one sovereign State's decisions and priorities have no bearing on those of any other State, which are informed by each State's unique circumstances, laws, and policies.

The States seek intervention to preserve their ability to present the claims they have pled – on a full record and with their own experts, using their own liability and damage methodologies. The States remain willing to agree on the reasonable release language they have proposed in order to withdraw their objections to the proposed Lilly settlement.

Respectfully submitted,

_____
Joanne M. Cicala
The Cicala Law Firm PLLC


_____
W. Lawrence Deas
Liston & Deas PLLC


_____
Walter G. Watkins
Forman Watkins & Krutz LLP


cc: Honorable Rukhsanah L. Singh, U.S.M.J. (via ECF)
    All Counsel of Record (via ECF)