**THE GOVERNMENT OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, SAN JUAN PART**

| | |
|---|---|
| **THE GOVERNMENT OF PUERTO RICO** | **CASE NO. SJ2023CV00319 (504)** |
| **Plaintiff,** | |
| **v.** | |
| **ELI LILLY AND COMPANY; ELI LILLY EXPORT S.A.; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; SANOFI-AVENTIS PUERTO RICO, INC.; EXPRESS SCRIPTS, INC.; CAREMARKPCS HEALTH, LLC; CAREMARK PUERTO RICO LLC; and OPTUMRX INC.** | |
| **Defendants.** | |

## PROTECTIVE ORDER

**1.    PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. Further, because the Parties include direct competitors and counter-parties in regular contractual negotiations, a means to limit disclosure of certain information on an Attorney's Eyes Only basis is necessary.  The Parties acknowledge that this Order does not confer blanket protections on all Disclosure or Discovery Material. Rather, this Order applies only to the limited information or items designated in good faith as Protected Material in accordance with the provisions herein. The use and disclosure of Protected Material at trial will be determined by the Superior Court Judge.

## 2.    DEFINITIONS

**2.1**    **Action**: The word "Action" is defined as the above-entitled action.

**2.2**    **Challenging Party**: A Party or Non-Party that challenges the designation of Protected Material under this Order.

**2.3**    **Commonwealth Counsel**: Attorneys directly employed by the Commonwealth of Puerto Rico, including, but not limited to, attorneys directly employed by the Puerto Rico Department of Justice and their support staff.

**2.4**    **"CONFIDENTIAL" Information or Items**: Disclosure or Discovery Material that a Designating Party believes in good faith to (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) contain private or confidential personal information; or (c) contain information received in confidence from third parties; or (d) that the Designating Party otherwise believes in good faith to be entitled to protection under the Puerto Rico Rules of Civil Procedure or other applicable law.

**2.5**    **Designating Party**: A Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**2.6**    **Disclosure or Discovery Material**: All non-public documents, items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

**2.7**    **Expert**: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Outside or In-House Counsel to serve as an expert witness or as a consultant in the Action, including any such person's support staff.

**2.8** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: Extremely sensitive "CONFIDENTIAL" Information or Items containing information about (a) strategies for negotiating rebates and other price concessions, including current and historical rebates and other price concessions; (b) strategies for acquisition and retention of clients, including contract negotiation; (c) product development, including formulary development and other client or pharmacy directed products; (d) product pricing and marketing; (e) Protected Personal Data; (f) claim data based on drug utilization; (g) other trade secrets or other confidential information for which disclosure to another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means; and (h) such other categories of documents that the parties agree in writing prior to designation of the material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party if disclosed to another Party or Non-Party. The designation of a particular category of information as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY for purposes of this Protective Order is not an admission that such information is discoverable or relevant to the subject-matter involved in the pending litigation.

**2.9** **In-House Counsel:** Attorneys or non-attorney individuals responsible for management of the Action who are employees of a Party to the Action.

**2.10** **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

**2.11**   **Outside Counsel**: Attorneys who are not employees of a Party to the Action who are retained to represent or advise a Party to the Action or are affiliated with a law firm that has been retained to represent or advise a Party to the Action.

**2.12**   **Party**: Any Party to the Action, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

**2.13**   **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in the Action.  If the Producing Party is a Non-Party, it may elect to use the protections of this Order and be bound by its terms but is not required to do so.

**2.14**   **Professional Vendors**: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15**   **Protected Material**: Disclosure or Discovery Material that is designated in good faith as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Designating Party.

**2.16**   **Protected Personal Data**: Any Disclosure or Discovery Material that a Party believes in good faith requires additional protections (beyond those provided to information designated as "CONFIDENTIAL" pursuant to this Order) under applicable federal, state, or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to the Gramm-Leach-Bliley Act, 15 U.S.C. §6801; the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (HIPPA); the European Union's General Data Protection Regulation, Regulation (EU) 2016/679 (GDPR); and the

Danish Act on Data Protection. Protected Personal Data includes Protected Health Information, as defined in Section 2.17 below. However, information designated as Protected Personal Data based on a foreign privacy requirement may be so designated only where the information in question is subject to that foreign privacy requirement.

2.17   **Protected Health Information**: "Protected Health Information" ("PHI") has the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.

2.18   **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, and compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside or In-House Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of (i) this Order or (ii) any other obligation of confidentiality resulting from the conduct of the Parties and/or their counsel in this litigation, including becoming part of the public record through trial or otherwise; and (b) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. The entry of this Order does not prevent any Party from seeking a further order pursuant to the Puerto Rico Rules

of Civil Procedure or any applicable procedural rule or provision governing the terms under which disclosure may be made.

Further, nothing in this Order limits a Party's use or disclosure of its own Protected Material.

## 4.      DURATION

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment in the Action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the Action, including the time limits for filing any amended complaint after a dismissal without prejudice, as well as any motions or applications for extension of time pursuant to applicable law.

## 5.      DESIGNATING PROTECTED MATERIAL

**5.1      Exercise of Restraint and Good Faith in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2      Manner and Timing of Designations**. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that, whenever reasonably practicable, the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains Protected Material, or, in the case of information produced in native format, insert "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the name of the native file. If affixing such a legend is not reasonably practicable (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Disclosure or Discovery Material is produced.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation

7

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") to each page that contains confidential information.

(b)     <u>For testimony given in deposition or other pretrial proceedings in the Action</u>, the Designating Party shall have up to thirty (30) days from receipt of the final deposition transcript (complete with exhibits and video recording if applicable) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) day period shall be covered by the provisions of this Protective Order. During this thirty (30) day period, no recording or transcript of the testimony shall be disclosed.

Upon being informed that certain portions of testimony are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," all Parties shall immediately cause each copy of the transcript or recording in its custody or control to be appropriately marked and limit disclosure of that transcript or recording in accordance with the terms of this Order. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding in the Action to include Protected Material so that the other parties can ensure that only individuals authorized under this Order to have access to the Protected Material are present before using the Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

(c)     <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored or designate in the cover letter referring to such information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3     Designation of Information Produced by Other Parties**. A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced or disclosed by any other person or entity that the Party reasonably believes qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" pursuant to this Order. If any third party produces information that it or any Party in good faith believes constitutes its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, the Party claiming confidentiality shall designate the information as such within thirty (30) days of its production or receipt of such information. Any Party receiving information from a third party shall treat such information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the first thirty (30) day period following receipt, and for the first thirty (30) days following any additional parties' receipt of the same documents, as to such additional parties only, while all parties have an opportunity to review the information and determine whether it should be designated as confidential.

5.4     **Failure to Designate.** A failure to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time of production does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material, and the Producing Party may rectify its failure to designate qualified information or items by providing written notice to counsel for all parties to whom the information or items were disclosed that the information or items should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or significant disruption and/or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     **Meet and Confer**. A Party that elects to challenge a confidentiality designation must do so in good faith and must first begin the process by meeting and conferring directly with the Outside Counsel of Record for the Designating Party. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging by Bates number and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice

must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ten (10) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the Protected Material at issue to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party shall have seven (7) calendar days from the meet-and-confer to provide its response unless otherwise agreed to by the Parties. A Challenging Party may proceed to the next stage of the challenge process under Section 6.3 only if it has engaged in this meet and confer process or establishes that the Designating Party has failed to respond within five (5) days to the request to meet and confer.

6.3    **Judicial Intervention**. If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, then either Party may present the dispute to the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court resolves the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles**. All Disclosure or Discovery Material shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and

for no other purpose whatsoever. For the avoidance of doubt, the use of Protected Material and the non-public information therein is restricted to the Action and may not be used in any other proceeding. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Nothing in this Order, however, impairs the right of the Puerto Rico Department of Justice to disclose to an agency of the Government of Puerto Rico any document or information regarding any potential violation of law or regulation regarding any matter within the agency's jurisdiction. Further, nothing in this Order prevents the Puerto Rico Department of Justice from serving a subpoena, issued within its authority in a separate matter or proceeding, that may request information or documents that have also been produced in this Action.

If Protected Material is requested for disclosure under the Commonwealth's right of inspection of public documents, the Commonwealth must provide notice to the Designating Party promptly upon receiving any such request.

**7.2**    **Security of Protected Material**. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss or misuse, including but not limited to:

(a)    Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b)      An audit trail of use and access to litigation support site(s) shall be maintained while the Action, including any appeals, is pending;

(c)      Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(d)      Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order, but nothing within this provision requires such persons to maintain such Protected Material in an individually locked office;

(e)      Summaries of Protected Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(f)      If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized

13

parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

(g)     If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within twenty-four (24) hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(h)     Any Protected Health Information shall be deemed "CONFIDENTIAL" and, as such, subject to the terms of this Protective Order. Any person who receives and stores PHI in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Action. PHI will be securely returned or destroyed pursuant to the provisions of Section 11.4, below.

**7.3     Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

14

(a)        Commonwealth Counsel as well as employees of Commonwealth Counsel to whom it is reasonably necessary to disclose the information for the Action;

(b)        the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(c)        Attorneys or law firms supporting or working with the Receiving Party's Outside Counsel of Record in connection with this Action, so long as such person has executed a copy of the "Acknowledgement of and Agreement to Be Bound" attached as **Exhibit A**;

(d)        the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Action or other legitimate business needs of the Receiving Party;

(e)        outside Experts and consultants and their staff retained to assist the parties in the conduct of the Action, so long as such person(s) has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**;

(f)        the Court and its personnel;

(g)        persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel of Record, including, but not limited to, law firms or attorneys performing solely document review, court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for the Action, so long as such person has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**;

15

(h)      during their depositions or pre-trial proceedings, witnesses in the Action to whom disclosure is reasonably necessary, provided that the witness signs the "Acknowledgment of and Agreement to be Bound" attached as **Exhibit A**, or agrees on the record to be bound by the provisions of this Order. Pages of transcribed testimony or exhibits to such testimony that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)      any mediators or other mutually agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum so long as such person has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**;

(k)      any current employee of a Designating Party who a Party believes in good faith has the requisite personal knowledge may be examined at deposition concerning any information designated "CONFIDENTIAL" by such Party; and

(l)      to the extent the Receiving Party believes it is necessary for law enforcement purposes to disclose Discovery Material to a local Puerto Rico law enforcement agency, but only after such persons have completed the certification contained in **Exhibit A**. Disclosure pursuant to this subparagraph will be made only after the Designating Party has been given ten (10) days' notice of the Receiving Party's intent to disclose, and a description of the materials the Receiving Party intends to disclose. If the Designating Party objects to disclosure, the Designating

Party may request a meet and confer and may seek a protective order from the Court; and

(m)     any other person to whom the Designating Party agrees in writing disclosure may be made, provided such person has signed the "Acknowledgement of and Agreement to Be Bound" attached as **Exhibit A**.

The Parties shall meet and confer regarding the disclosure of Protected Material to any deponent or witness who does not fall within sections (a) through (l) above.

**7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     Commonwealth Counsel as well as employees of Commonwealth Counsel to whom it is reasonably necessary to disclose the information for the Action;

(b)     the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(c)     Attorneys or law firms supporting or working with the Receiving Party's Outside Counsel of Record in connection with this Action, so long as such person has executed a copy of the "Acknowledgement of and Agreement to Be Bound" attached as **Exhibit A**;

(d)     outside Experts and consultants and their staff retained to assist the parties in the conduct of the Action so long as such person has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**;

(e)      the Court and its personnel;

(f)      persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel of Record including law firms or attorneys solely performing document review, court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors to whom disclosure is reasonably necessary for the Action so long as such person has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A** and the executed **Exhibit A** is provided to all Parties within five (5) business days of execution;

(g)      any mediators or other mutually agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum so long as such person has executed a copy of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**;

(h)      the author or recipient of a document containing the information; and

(i)      To the extent the Receiving Party believes it is necessary for law enforcement purposes to disclose Discovery Material to a local Puerto Rico law enforcement agency, but only after such persons have completed the certification contained in **Exhibit A**. Disclosure pursuant to this subparagraph will be made only after the Designating Party has been given ten (10) days' notice of the Receiving Party's intent to disclose, and a description of the materials the Receiving Party intends to disclose. If the Designating Party objects to disclosure, the Designating Party may request a meet and confer and may seek a protective order from the Court; and

18

(j)     any other person to whom the Designating Party agrees in writing disclosure may be made, provided such person has signed the "Acknowledgement of and Agreement to Be Bound" attached as **Exhibit A**.

The Parties shall meet and confer regarding the disclosure of Protected Material to any deponent or witness who does not fall within sections (a) through (i) above.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER MATTERS

If a Party is served with a subpoena or court order issued in litigation or investigations besides the Action or any other process by any administrative agency, legislative body or any person or entity that compels or requests disclosure of Protected Material, that Party must:

(a)     notify the Designating Party in writing of the subpoena, order, or process; the notification shall be made as promptly as the particular circumstances require to permit the Designating Party to take actions required to prevent disclosure;

(b)     promptly notify in writing the entity who caused the subpoena, order, or process to issue in the other proceeding that some or all of the material covered by the subpoena, order, or process is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)     If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or process shall not produce any information designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" before a determination by a court with jurisdiction to issue a protective order unless the Party has obtained the Designating Party's

permission to produce such information. The Designating Party shall bear the burden and its own expense of seeking protection in that court or other forum of its Protected Material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a directive or order from another court.

9. **APPLICABILITY OF THIS ORDER TO NON-PARTIES**

(a) The terms of this Order are applicable to a Non-Party's Protected Material. Non-Parties may designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) The Party issuing any subpoena on any Non-Party in this Action shall include with any such subpoena a copy of this Order.

(c) In the event that a Producing Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Producing Party must initiate any notice or other procedure required under its agreement with the Non-Party within fourteen (14) days from the time the Producing Party discovers that Non-Party confidential information is responsive.

10. **DISCLOSURE OF PROTECTED MATERIAL**

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the disclosures; (b) use its best efforts

to retrieve all copies of the Protected Material; (c) make all reasonable efforts to prevent further disclosure by each person who received such information; (d) inform the person or persons to whom disclosures were made, to the extent the person or persons are identifiable, of all terms of this Order; and (e) to the extent retrieval of the Protected Material is not possible, make all reasonable efforts to obtain such person(s)' execution of the "Acknowledgment of and Agreement to Be Bound" attached as **Exhibit A**.

**10.2**    Production of any Discovery Material that the Producing Party later claims should not have been disclosed because it contains information subject to a privilege, protection or immunity from disclosure ("Protected Information") will not be deemed to constitute a waiver of any privilege, protection, or immunity from disclosure of such Protected Information, or for any other privileged or immune materials containing the same or similar subject matter, under Puerto Rico, U.S., state, territorial, or foreign law either in the Action or any other federal, state, or territorial proceeding. The fact of production of privileged information or documents by any Producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege or other protection claims over documents in any other proceeding. Nor shall this paragraph affect the parties' rights to argue a Producing Party intentionally waived a privilege, protection, or immunity from disclosure as to Discovery Materials for a reason other than the production of such Discovery Materials in discovery.

**10.3**    Identification of Discovery Materials Containing Protected Information:

(1) A Producing Party may assert a claim of privilege, protection, or immunity from disclosure as soon as practicable and no more than seven (7) calendar days after it discovers that it has produced Protected Information. In asserting such a claim of privilege, protection, or

immunity from disclosure, the Producing Party shall provide the Receiving Party with written notice, and shall identify for each such claim: (A) the specific Discovery Material subject to the claim, including the Bates-number, author, date, and addressees or recipients of the Discovery Material (where applicable), (B) the specific privilege, protection or immunity from disclosure being asserted, and (C) the basis for the claim of privilege, protection or immunity from disclosure. In addition, the Producing Party must retain copies of the specified Discovery Material until its assertion of privilege, protection or immunity from disclosure is resolved.

(2) If the Receiving Party receives any Discovery Material from the Producing Party that the Receiving Party has reasonable cause to believe constitutes Protected Information, the Receiving Party shall immediately upon such discovery cease use and review of the Discovery Material, notify the Producing Party that the Producing Party may have produced Protected Information, and return, sequester, or destroy any copies it has. Within seven (7) calendar days thereafter, the Producing Party shall provide written notice to all Parties consistent in substance with the requirements of Paragraph 10.3(1) above.

**10.4**   Upon receipt of the notification of the assertion of privilege, protection, or immunity from disclosure pursuant to paragraph 10.3 above, the Receiving Party shall promptly return or destroy the Discovery Material and any copies of or notes regarding the Material, and must provide  written notice to any third-party that received the specified Discovery Material, informing them that there is a claim that Protected Information was provided to them, and requesting that they return or destroy the specified Discovery Material.

**10.5**   If the Receiving Party does not agree with the claim of privilege, protection, or immunity from disclosure by the Producing Party, the Parties must meet and confer within fourteen (14) days of the notification of the assertion of a privilege, protection, or immunity from disclosure in an

attempt to resolve the claim. If meeting and conferring does not resolve the claim, the Receiving Party shall make an application, under seal, to the Court within seven (7) calendar days from the date the Parties reach an impasse concerning whether the Discovery Material subject to the claim is properly protected from disclosure by any potentially applicable privilege, protection, or immunity from disclosure. The Receiving Party's failure to make this application to the Court within seven (7) calendar days of an impasse shall constitute a waiver of its challenge to the claim of privilege, protection, or immunity from disclosure. The Producing Party will provide any Discovery Material subject to such application under seal to the Court for in camera review upon the Court's request for such a review and within the timeframe ordered. Any application contesting whether such Discovery Material contains Protected Information shall **not** be based on either (i) whether the disclosure of such information was inadvertent or (ii) the degree of care by the Producing Party to protect against or rectify the disclosure of such information. The burden of proving the privilege, protection, or immunity from disclosure claimed with respect to the Discovery Material remains with the Producing Party.

11. **MISCELLANEOUS**

11.1    **Right to Further Relief.** Nothing in this Order abridges the right of any interested party to seek its modification by the Court in the future. This Order may be modified by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

11.2    **Right to Assert Other Objections.** No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

this Order. Similarly, no Party waives any right to object to disclosing or producing on any ground or to use in evidence any of the material covered by this Protective Order.

11.3    **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party must file under seal any Protected Material in compliance with the Puerto Rules of Civil Procedure and any other applicable rules.  The burden of persuasion, however, remains with the Designating Party.

11.4    **Protected Health Information**

(a)    The Parties agree that any Protected Health Information will not be used or disclosed for any purposes other than the Action for which such information was requested. All Protected Health Information shall either:

(1)    be returned to the Producing Party, or

(2)    at the option of the Producing Party, be destroyed.

All Parties shall make certification of compliance with this paragraph and shall deliver the same to the Producing Party not more than forty-five (45) days after the final disposition of the Action. This provision is, and shall be construed as, satisfying the requirements for a Qualified Protective Order under 45 CFR § 164.512(e)(1)(v).

12.    **FINAL DISPOSITION**

Upon final disposition of the Action, as defined in Section 4, any Protected Material retained by the Puerto Rico Department of Justice shall be either: (1) returned to the Producing Party no later than sixty (60) days after final disposition if in tangible document form; or (2) destroyed pursuant to the document retention schedule of the Puerto Rico Department of Justice, with confidentiality maintained in the interim, as applicable.

Within sixty (60) days after the final disposition of the Action, as defined in Section 4, all other Receiving Parties must return all Protected Material to the Producing Party or destroy such Protected Material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, on request of the Producing Party, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside and In-House Counsel and Commonwealth Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

This Court will retain jurisdiction to enforce the terms of this Order following the final disposition of the Action.

**IT IS SO ORDERED.**

Dated: _____          _____

                                        **SUPERIOR JUDGE**

**Respectfully submitted,**

Case 2:23-md-03080-BRM-RLS   Document 95-3   Filed 03/06/24   Page 26 of 27 PageID: 767

## EXHIBIT A

### THE GOVERNMENT OF PUERTO RICO
### COURT OF FIRST INSTANCE
### SUPERIOR COURT, SAN JUAN PART

| | |
|---|---|
| **THE GOVERNMENT OF PUERTO RICO** | **CASE NO. SJ2023CV00319 (504)** |
| **Plaintiff,** | |
| **v.** | |
| **ELI LILLY AND COMPANY; ELI LILLY EXPORT S.A.; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; SANOFI-AVENTIS PUERTO RICO, INC.; EXPRESS SCRIPTS, INC.; CAREMARKPCS HEALTH, LLC; CAREMARK PUERTO RICO LLC; and OPTUMRX INC.** | |
| **Defendants.** | |

### ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____, state that:

My business address is _____

_____ .

My present employer and job description are _____

_____

_____ .

I have read and reviewed in its entirety the Protective Order that has been signed and entered in the Action. I understand that my execution of this Acknowledgement of and Agreement to be Bound by the Protective Order, indicating my agreement to be bound by the Protective Order, is made under penalty of perjury and is a prerequisite to my review of any information designated

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

I hereby agree to be bound by and comply with the terms of the Protective Order.

At the Final Disposition of the Action, I will return to Outside Counsel all Protected Material.

DATED this the _____ day of _____, 202__.


_____
(Signature)


_____
(Typed or Printed Name)