# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**RUKHSANAH L. SINGH**<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER BLDG. &<br>U.S. COURTHOUSE<br>402 E. STATE STREET<br>TRENTON, NJ 08608<br>(609) 989-0502 |

## LETTER ORDER

March 13, 2024

Re: *IN RE INSULIN PRICING LITIGATION*
    MDL No. 3080, Action No. 23-md-3080 (BRM) (RLS)

Dear Counsel,

Presently before the Court is a dispute between the Plaintiffs and Defendants regarding two provisions of the parties proposed Confidentiality Order, as raised by way of informal letter dated March 6, 2024, pursuant to Local Civil Rule 37.1. (Doc. No. 95). The Court has fully reviewed the parties' letter submission, with exhibits annexed thereto, and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1(b). For the reasons set forth below, the Court's adopts Defendants' proposal with the modifications discussed herein.

The parties are familiar with the background of this matter and their respective arguments set forth in the March 6, 2024 letter; therefore, the Court does not reiterate at length those points here. While the parties agree as to the majority of the substance of a proposed Confidentiality Order to govern this multidistrict litigation ("MDL"), they disagree as to two provisions. First, Defendants seek to preclude the disclosure of material designated as Highly Confidential Information to non-record and attorneys and staff employed by the Attorneys General and Local Government Plaintiffs who are involved in the bid procurement activities relating to pharmacy

benefit managers ("PBMs") or pharmacy benefit services (Section 7.3(d)-(e)). Plaintiffs oppose such a limitation. Second, Plaintiffs seek more specificity as to the procedure and timeframe for a party producing information containing non-parties' confidential information (Section 9(c))). Defendants oppose Plaintiffs' proposal.

Upon a showing of good cause, the Court may enter an order of confidentiality to cover materials produced in discovery. *See* Fed. R. Civ. P. 26(c)(1)(G); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). A party establishes good cause by "showing that disclosure will work a clearly defined and serious injury[.]" *Pansy*, 23 F.3d at 786 (internal quotation marks and citation omitted). Indeed, the entry of confidentiality orders "serve the beneficial purposes of expediting the flow of discovery material, facilitating the prompt and efficient resolution of disputes, adequately protecting confidential information, and ensuring that protection is afforded to discovery so entitled." *In re Valsartan N-Nitrosodimethylamine (NDMA), Losartan, and Irbesartan Prods. Liab. Litig.*, 512 F. Supp. 3d 546, 550 (D.N.J. 2021).

Here, as to proposed Section 7.3(d)-(e), Defendants propose—and Plaintiffs object—that material designated as Highly Confidential Information may be disclosed to attorneys and staff employed by the Attorneys General and Local Government Plaintiffs "provided that those attorneys who are not counsel of record and staff are not involved in bid procurement activities relating in any way to pharmacy benefit managers or pharmacy benefit services[.]" Defendants argue such a restriction is necessary to prevent unfair advantage to governmental attorneys and staff members who may negotiate in the PBM marketplace. Plaintiffs, however, contest that such a restriction is both unreasonable and unnecessary in this circumstance and point out that no such restriction had been imposed in matters pending prior to the MDL formation.

Here, the Court finds Defendants sufficiently establish good cause for a restriction on receipt of material designated as Highly Confidential to those attorneys who are not counsel of record and staff members of the Attorneys General and Local Government Plaintiffs. However, the Court finds Defendants' proposed language of "bid procurement activities relating in any way" to be too broadly defined to address the claimed injury. Rather, the Court finds good cause to add the following language to the agreed-upon language of Section 7.3(d)-(e): "provided that those attorneys who are not counsel of record and staff are not involved in bid procurement <u>negotiations</u> relating to pharmacy benefit managers or pharmacy benefit services[.]" Such a restriction balances the varying interests at stake. Indeed, under Section 7.3, the parties are afforded the opportunity to also consent to an individual's receipt of Highly Confidential Information if "otherwise ordered by the Court or permitted in writing by the Designating Party[.]" As a result, those Attorneys General and Local Government Plaintiffs may present to the Designating Party and/or the Court a request for specific individuals who may have a need to access Highly Confidential Information but may also be involved in PBM bid procurement negotiations. Such requests can be considered based on the facts relevant to the specific individual at issue, if necessary.

As to proposed Section 9(c), Plaintiffs propose a specific procedure and timeframe for the production of discoverable information subject to confidentiality agreements or the like with non-parties. (*See* Doc. No. 95-2, Exhibit B). Defendants counter that the procedure in the proposed Confidentiality Order should be more flexible, whereby after a twenty-eight (28)-day time period, the parties shall meet and confer regarding the production of information subject to an agreement with a non-party. (*See* Doc. No. 95-2, Exhibit B). Plaintiffs contend that Defendants' proposal is too vague and could permit Defendants opportunity to indefinitely withhold otherwise discoverable information based on a non-party's silence. Defendants, however, argue that

Plaintiffs' proposal is ultimately unworkable and would force the non-parties and parties to litigate, perhaps unnecessarily, issues regarding non-party confidential information.

Considering the arguments raised by the parties, the Court finds good cause for an approach that aligns both sides' interests, as well as that of the Court's, in moving this matter and any discovery disputes in an expeditious and timely manner. The Court will adopt Section 9(c) as follows:

> In the event that a Producing Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Producing Party must initiate any notice or other procedure required under its agreement with the Non-Party within 14 days from the time the Producing Party discovers that Non-Party confidential information is responsive, provide the Non-Party with a copy of this Order, and seek the Non-Party's consent to the disclosure. If such permission (where required) is not given within fourteen (14) days of providing notice or initiating such other procedure, then the parties shall meet and confer in good faith to resolve any concerns over the production of information. If the parties are unable to resolve any such concerns, the parties shall advise the Court by way of joint letter by no later than seven (7) days from the parties' meet and confer, with notice provided to the Non-Party.

Such language will provide adequate oversight by the Court over such disputes, while addressing Defendants' concerns raised in regards to Plaintiffs' proposal.

****

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS, THEREFORE**, on this **13th** day of **March 2024**,

**ORDERED** that the parties shall file a proposed Confidentiality Order consistent with this Letter Order within five (5) business days of the date of this Letter Order.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**