**SeegerWeiss LLP**
New York • New Jersey • Philadelphia • Newton, MA

David R. Buchanan
(973) 639-9100
dbuchanan@seegerweiss.com

April 4, 2024

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

      Re:   *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM-RLS
             MDL No. 3080

Dear Judge Martinotti:

      In accordance with Paragraph 4(b) of MDL Case Management Order #1, we write on behalf of all parties to provide the following proposed agenda for the case-management conference scheduled for 11:00 a.m. on Tuesday, April 9, 2024.

<u>**Joint Proposed Agenda Items**</u>

      1.    **Direct Filing Order for Self-Funded Payer Track.**

      **Plaintiffs' Position:** On March 1, 2024, counsel for the Self-Funded Payer Track provided Defendants' counsel with a proposed Direct Filing Order (DFO). On March 28, 2024, Defendants provided their proposed edits to the proposed DFO, and the parties conferred on April 3, 2024. The parties are at impasse on two issues.

      First, Plaintiffs' proposed DFO provides that choice-of-law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the plaintiff's "Designated Forum," i.e., the federal district court in which the plaintiff would have filed its case in the absence of direct filing, as identified by plaintiff in the lead paragraph of its complaint. Defendants propose that choice-of-law issues be decided at a later date. Plaintiffs submit that their proposal prioritizes efficiency, minimizes downstream confusion, and will avoid ensuing disputes as to choice-of-law issues. Indeed, in connection with proposed Rule 16.1, the Advisory Committee on Civil Rules emphasized the importance of addressing choice-of-law issues *at the time of entry* of a direct filing order—not afterward. The Draft Committee Note to proposed Rule 16.1(c)(10) provides: "If a direct filing order is entered, it is important to address matters that can arise later, such as . . . how choice of law issues should be addressed."[1]

---

[1] https://www.uscourts.gov/sites/default/files/2023_preliminary_draft_final_0.pdf

Hon. Brian R. Martinotti, U.S.D.J.
April 4, 2024
Page 2

Second, Plaintiffs propose a mechanism whereby service of process would be deemed complete upon acknowledged receipt of the complaint, summons, and civil cover sheet by email addresses set up by Defendants. Defendants insist upon formal service of process under Rule 4 (as is their right), but that approach creates inefficiencies that can otherwise be avoided.

**Defendants' Position:** A Direct Filing Order ("DFO") is meant only to serve as a procedural device to transfer venue without the need to identify a case as a tag along action with the JPML. However, a DFO can also implicate Defendants' substantive rights, including as to the two topics raised by Plaintiffs.

As to choice of law, Defendants object to Plaintiffs' proposal because it is neither relevant nor necessary. Defendants should not be forced to waive their substantive rights, nor do Plaintiffs offer any specific justifications for their proposal beyond vague hypothetical suggestions. Nor has such language been included in other DFOs filed in this District. *See In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, MDL No. 02921, No. 2:19-md-02921-BRM-JAD (ECF 181) ("Any choice of law issues will be decided at a later date"); *In re Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, MDL 2973, No. 2:20-md-02973-BRM-ESK (ECF 24) (same).

Similarly, with respect to service of process, Plaintiffs are demanding that Defendants relinquish the safeguards provided by Rule 4. But that is unnecessary to effect the purposes of the DFO. And Plaintiffs' proposed alternative to formal service would only create efficiencies for Plaintiffs, while placing burdens on Defendants by requiring each Defendant to create a new automated email system. Plaintiffs' proposal amounts to a blanket waiver of service of process that is both unnecessary and not reflected in this District's precedents. *See In re Allergan* (ECF 181) (DFO does not include any such waiver mechanism); *In re Elmiron* (ECF 24) (same). To be clear, Defendants have considered (and agreed to) Plaintiffs' case-by-case requests for waiver of service, and Defendants propose that the parties continue with that process.

## Plaintiffs' Additional Proposed Agenda Items

Plaintiffs identify the following additional proposed agenda items and/or status updates for next week's conference. Defendants do not believe Plaintiffs' additional items should be included on the agenda. Plaintiffs' proposed items 1 and 4 concern stipulations the parties already submitted to the Court, so no further discussion is necessary. Plaintiffs' proposed item 2 concerns matters that will be argued to Judge Singh on April 8. And Plaintiffs' proposed item 3 concerns a discovery plan that remains under negotiation. The parties are continuing to meet and confer, and will bring any disagreements to Judge Singh in the first instance if they are unable to resolve their disagreements.

1. **Recently Entered Orders.**

The Court entered the parties' stipulated Confidentiality Order on March 20, 2024 [ECF No. 117]. On April 3, 2024, the Court entered Case Management Order #6 governing motions to dismiss in the Self-Funded Payer Track [ECF No. 128].

Hon. Brian R. Martinotti, U.S.D.J.
April 4, 2024
Page 3

2. **Proposed ESI Order.**

The parties filed submissions in support of their respective proposed ESI Orders on March 22, 2024 [ECF Nos. 120, 122], and are scheduled for a discovery case management conference before Judge Singh on Monday, April 8, 2024.

3. **Discovery Plan.**

The parties have exchanged proposed Discovery Plans. On March 26, 2024, the parties conferred regarding various discovery-related provisions provided in the parties proposed plans. The parties are scheduled to further confer regarding Defendants' proposed edits to the current iteration of the proposed Discovery Plan on Friday, April 5, 2024 (in advance of the discovery conference with Judge Singh on April 8, 2024). Plaintiffs will be prepared to advise the Court about any major areas of disagreement that remain as to the Discovery Plan following the meet and confer call later this week.

4. **State Motion to Dismiss Track:**

The States and Defendants have agreed to re-file the following Rule 12 motions and all related exhibits, responses, and replies in the following State AG cases:

- *Illinois ex rel. Raoul v. Eli Lilly & Co. et al.*, No. 2:23-cv-04242 (D.N.J.), ECF Nos. 49-50, 52-53, 55-56, 59-62, 83-87, 100-104.

- *Montana ex rel. Knudsen v. Eli Lilly & Co. et al.*, No. 2:23-cv-04214 (D.N.J.), ECF Nos. 84-90, 94-97, 109-113, 128-132.

The States and Defendants have further agreed that, on or before April 24, 2024, the Manufacturer Defendants, collectively, and the PBM Defendants, collectively, each will file a single supplemental brief, not to exceed 7 pages per state (*i.e.,* 14 pages total). They have further agreed that, on or before May 24, 2024, Plaintiffs will file a response to the Manufacturer Defendants' supplemental brief and a response to the PBM Defendants' supplemental brief. Each response shall not exceed 14 pages. Consistent with guidance from the Court during the March 12, 2024 conference, no replies or further briefing is permitted. The parties agree that all briefing will be exchanged among the parties on the appointed dates. Upon completion, the parties will submit the underlying motions in the *Illinois* and *Montana* cases, along with the supplemental briefs, as a single, omnibus briefing packet. The parties today submitted a joint proposed order to this effect [ECF No. 129].

\*   \*   \*

Also enclosed for the Court's reference is a current MDL case list.

We thank the Court for its continued attention to this matter.

Hon. Brian R. Martinotti, U.S.D.J.
April 4, 2024
Page 4

                                                     Respectfully submitted,

*/s/ James E. Cecchi*              */s/ David R. Buchanan*
James E. Cecchi                 David R. Buchanan
*Liaison Counsel for*            *Liaison Counsel for*
*Third-Party Payer Class Track*    *Self-Funded Payer Track*

*/s/ Joanne Cicala*              */s/ John D. Tortorella*
Joanne Cicala                  John D. Tortorella
*Liaison Counsel for*
*State Attorney General Track*

Enclosure

cc:    Honorable Rukhsanah L. Singh, U.S.M.J. (*via* ECF)
       All Counsel of Record (via ECF)

*In re Insulin Pricing Litigation* (MDL No. 3080)
Case No. 2:23-md-03080-BRM-RLS
<u>Case List as of April 4, 2024</u>

| Case Name | Case No. |
|---|---|
| **Self-Funded Payer Cases** | |
| County of Monmouth, New Jersey v. Eli Lilly and Company, et al. | 2:23-cv-03916 |
| Cattaraugus County, New York v. Eli Lilly and Company, et al. | 2:23-cv-04384 |
| Jackson County, Missouri v. Eli Lilly and Company, et al. | 2:23-cv-04531 |
| City of Cleveland, Ohio v. Eli Lilly and Company, et al. | 2:23-cv-04544 |
| County of Albany, New York v. Eli Lilly and Company, et al. | 2:23-cv-07042 |
| Lake County, Illinois v. Eli Lilly and Company, et al. | 2:23-cv-08487 |
| Bossier Parish v. Eli Lilly and Company, et al. | 2:23-cv-10910 |
| Steuben County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18249 |
| Cortland County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18314 |
| Livingston County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18351 |
| Schenectady County, New York v. Eli Lilly and Company, et al. | 2:23-cv-20375 |
| Cuyahoga County v. Eli Lilly and Company, et al. | 2:23-cv-21082 |
| King County v. Eli Lilly and Company, et al. | 2:23-cv-21178 |
| Pinellas County, Florida v. Eli Lilly and Company, et al. | 2:23-cv-21381 |
| City of Alexandria, Virginia v. Eli Lilly and Company, et al. | 2:23-cv-22769 |
| County Board of Arlington County, Virginia v. Eli Lilly and Company, et al. | 2:23-cv-22776 |
| Spokane County v. Eli Lilly and Company, et al. | 2:23-cv-22847 |
| Board of County Commissioners of Washington County, Maryland v. Eli Lilly and Company, et al. | 2:23-cv-22917 |
| Henrico County, Virginia v. Eli Lilly and Company, et al. | 2:23-cv-23042 |
| The Board of County Commissioners of St. Mary's County, Maryland v. Eli Lilly and Company, et al. | 2:23-cv-23090 |
| Anne Arundel County, Maryland v. Eli Lilly and Company, et al. | 2:24-cv-00384 |
| County of Wayne, Michigan v. Eli Lilly and Company, et al. | 2:24-cv-00523 |
| City of Roanoke, Virginia et al. v. Eli Lilly and Company, et al. | 2:24-cv-00559 |

| Case Name | Case No. |
|---|---|
| Erie County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00632 |
| Onondaga County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00646 |
| Niagara County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00652 |
| Broome County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00692 |
| Oneida County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00694 |
| Washtenaw County, Michigan, et al. v. Eli Lilly and Company, et al. | 2:24-cv-00717 |
| Macomb County, Michigan v. Eli Lilly and Company, et al. | 2:24-cv-00719 |
| Monroe County, Michigan v. Eli Lilly and Company, et al. | 2:24-cv-00720 |
| Warren County, New York v. Eli Lilly and Company, et al. | 2:24-cv-00992 |
| LDG Medical Services Group, L.L.C., et al. v. Eli Lilly and Company, et al. | 2:24-cv-00725 |
| **State Attorney General Cases** | |
| State of Montana, ex rel. Austin Knudsen v. Eli Lilly and Company, et al. | 2:23-cv-04214 |
| State of Kansas, ex rel., Kris W. Kobach, Attorney General v. Eli Lilly and Company, et al. | 2:23-cv-04219 |
| State of Arkansas, ex rel. Tim Griffin, Attorney General v. Eli Lilly and Company et al. | 2:23-cv-04239 |
| State of Illinois, ex rel. Raoul v. Eli Lilly and Company et al. | 2:23-cv-04242 |
| State of Mississippi, ex rel. Lynn Fitch Attorney General v. Eli Lilly and Company et al. | 2:23-cv-04364 |
| State of Kentucky, ex rel. Daniel Cameron v. Novo Nordisk Inc., et al. | 2:23-cv-21374 |
| The State of Louisiana v. Sanofi-Aventis U.S. LLC et al. | 2:23-cv-22978 |
| Arizona v. Optum Incorporated et al. | 2:24-cv-00260 |
| State of Utah et al. v. Eli Lilly and Company et al. | 2:24-cv-00536 |
| **Third-Party Payer Class Cases** | |
| Sheet Metal Workers Local No. 25 Health and Welfare Fund v. Eli Lilly and Company, et al. | 2:23-cv-14371 |
| Local 464A UFCW Welfare Services and Benefit Funds individually and on behalf of all other similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-20842 |

| Case Name | Case No. |
|---|---|
| Local 837 Health and Welfare Plan, individually and on behalf of all other similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-20932 |
| Local No. 1 Health Fund, and Plan of Benefits for the Local No. 1 Health Fund, individually and on behalf of all others similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-21160 |
| Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, individually and on behalf of all others similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-22305 |

3