

|  |  |
|---|---|
| **Brian W. Carroll**<br>Partner<br><br>T. 973-639-2020<br>F. 973-297-3713<br><br>bcarroll@McCarter.com | McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4056<br><br>www.mccarter.com |

April 22, 2024

**VIA ECF**

| | |
|---|---|
| Honorable Brian R. Martinotti, U.S.D.J.<br>United States District Court<br>District of New Jersey<br>Frank Lautenberg Post Office & U.S. Courthouse<br>2 Federal Plaza, 3rd Floor<br>Newark, New Jersey 07102 | Honorable Rukhsanah L. Singh, U.S.M.J.<br>United States District Court<br>District of New Jersey<br>Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

Re: *In re Insulin Pricing Litigation*
   Case No. 2:23-md-3080 (BRM/RLS)

Dear Judges Martinotti and Singh:

The Manufacturer Defendants respectfully request leave to file the attached one-page reply brief in support of their request for leave to file a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 131. In its opposition, the State AG Track raised new arguments it had not previously raised in the parties' meet and confer and mischaracterized the discovery record in Mississippi. Although the Manufacturer Defendants recognize that the Court stated it would request a reply brief if it needed one, the Manufacturer Defendants respectfully submit this attached brief will aid the Court's resolution of their request for leave to file the 12(c) motion.

Respectfully submitted,

*/s/ Brian W. Carroll*
Brian W. Carroll
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-2020

| | |
|---|---|
| James P. Rouhandeh (*pro hac vice*)<br>David B. Toscano (*pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000 | Neal A. Potischman (*pro hac vice*)<br>Andrew Yaphe (*pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>(650) 752-2000 |

*Attorneys for Defendant Novo Nordisk Inc.*

cc: All counsel of record (via ECF)

Mississippi's opposition to the Manufacturer Defendants' request for leave to file a motion for partial judgment on the pleadings confirms that the Court should resolve this important issue before discovery commences. The opposition admits the AG track intends to pursue vast discovery based on the naked allegation that the "GLP-1 drugs are part of the same unlawful pricing scheme as the insulin products" and the assertion that they "included" GLP-1s in complaints they have filed. ECF 142 at 1. But merely mentioning those drugs in a complaint does not justify the expansion of the MDL the State AG Track seeks, particularly where the few allegations in Mississippi's complaint confirm it has *not* stated a claim based on GLP-1s because GLP-1s are not insulins and thus cannot be part of the alleged "insulin pricing scheme" underlying this MDL.

***First***, Mississippi argues without support that the "GLP-1 drugs suffer from the same abusive pricing scheme as a result of the same conditions." *Id*. But the complaint makes clear that the only things GLP-1s have in common with insulin are that some of those medicines are made by the same defendants here (other manufacturers make GLP-1s and other diabetes products that the State AGs entirely ignore), and that manufacturers pay PBMs rebates that create a difference between the GLP-1s' list price and net price. That is true of every branded pharmaceutical. And if it were enough to state a claim, then every manufacturer selling any branded drug in America could be sued as part of the same "insulin pricing scheme." That conclusory allegation cannot be enough to reach discovery or to expand the scope of these cases beyond insulin.

***Second***, Mississippi argues that pre-MDL discovery "involved" GLP-1s. ECF 142 at 2. That misrepresents the record. ECF No. 142 at 2. In the Mississippi case, the State *served* discovery seeking information about GLP-1s—and the Manufacturers ***objected to those requests***. Lilly objected to the State's definition of "At-Issue Drugs," which included Trulicity, because the State did not "include[] allegations showing a relationship between Trulicity and the allegations regarding the other diabetes medications on which it premises its claims or otherwise alleged how Trulicity is relevant to the claims and defenses asserted in this Action." Ex. A at 15. Lilly then confirmed it would interpret "At-Issue Drugs" to mean only Lilly's insulin medications. *Id*. NNI likewise objected to a list that included GLP-1s and specified that the only "At-Issue Drugs" were six, specified *insulin* products. Ex. B at 4. Sanofi similarly rejected the suggestion that all listed drugs "are relevant to this action." Ex. C at 2. It was *Mississippi* that never raised an issue with these responses or moved to compel. Mississippi's suggestion that the Manufacturers "understood these documents to be relevant" because they did not *redact* the names of GLP-1s is wrong.

***Third***, Mississippi argues a Rule 12(c) motion is untimely. But its own authorities confirm "a Rule 12(c) motion is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). Mississippi's suggestion that the Court should simply "proceed with discovery" is the entire reason why the Court should address the Manufacturers' motion now—before the parties waste unnecessary resources and time on a new, expanded-scope MDL.

***Finally***, Mississippi's remaining merits arguments—that its complaint adequately states a claim as to GLP-1s and that the "Manufacturers' preemption arguments are unlikely to succeed" (ECF 142 at 3)—are merits arguments that the Court should resolve after full briefing on the 12(c) motion, not reasons for denying leave. Indeed, Mississippi posits no plausible basis under the Federal Rule of Civil Procedure for denying the Manufacturers leave even to file their motion.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

|  |  |
|---|---|
| THE STATE OF MISSISSIPPI, EX REL. LYNN FITCH, ATTORNEY GENERAL,<br><br>*Plaintiff*,<br><br>v.<br><br>ELI LILLY AND COMPANY; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; EVERNORTH HEALTH, INC. (FORMERLY EXPRESS SCRIPTS HOLDING COMPANY); EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; MEDCO HEALTH SOLUTIONS, INC.; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; CAREMARK RX, LLC; CAREMARKPCS HEALTH, LLC; CAREMARK, LLC; UNITED HEALTH GROUP, INC.; OPTUM, INC.; OPTUM SIGHT, INC.; OPTUM RX HOLDINGS, LLC; AND OPTUM RX INC.,<br><br>*Defendants*. | Case No.   3:21-cv-00674-KHJ-MTP |

**DEFENDANT ELI LILLY AND COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Eli Lilly and Company ("Lilly") hereby responds and objects to Plaintiff's Second Set of Requests for Production of Documents dated January 18, 2023 (the "Requests") in the above-captioned matter (the "Action").

**REQUEST FOR PRODUCTION NO. 2:**  For the Relevant Time Period, all Agreements between You and each of the PBMs related to the At-Issue Drugs, including by not limited [sic] related to formulary placement, Manufacturer Payments, retail pharmacies, and/or mail order pharmacies.

1

under Court order, or that Lilly is precluded from disclosing under legal obligations of any kind, including but not limited to U.S. or foreign privacy laws.

6.  Lilly objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, exemption, or immunity.

7.  Lilly objects to Plaintiff's Instruction and Requests to the extent that they impose obligations on Lilly beyond the obligations set forth in the Federal Rules of Civil Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order.

8.  Lilly objects to the Requests to the extent that they seek to require Lilly to provide information that does not already exist or call for information in a format other than the format Lilly used in the ordinary course of business.

9.  Lilly objects to these Requests to the extent that they seek "all" documents and communications related to particular subjects as unduly burdensome, overly broad, and not proportional to the needs of the case. Lilly's agreement to produce documents in response to any Request is subject to the parties' agreement on an appropriate search and production methodology.

### Objections to the Instructions and Definitions

1.  Lilly objects to Definition No. 4 ("At-Issue Drugs") on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of the case, and not relevant to the claims and defenses asserted in this Action. In particular, Plaintiff has not included allegations showing a relationship between Trulicity and the allegations regarding the other diabetes medications on which it premises its claims or otherwise alleged how Trulicity is relevant to the claims and defenses asserted in this Action. Lilly will interpret "At-Issue Drugs" to mean Humulin N, Humulin R, Humalog, and Basaglar.

15

**CERTIFICATE OF SERVICE**

  I, Ryan Moorman, hereby certify that on February 17, 2023, I caused a copy of the foregoing Eli Lilly And Company's Objections And Responses To Plaintiff's Second Set Of Requests For Production Of Documents to be served by email upon all counsel of record.

Dated:  February 17, 2023      /s/ Ryan Moorman
                 Ryan Moorman

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, EX REL. LYNN FITCH, ATTORNEY GENERAL<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.<br><br>*Defendants.* | Case No. 3:21-CV-00674-KHJ-MTP |

**DEFENDANT NOVO NORDISK INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant Novo Nordisk Inc. ("NNI" or "Defendant") hereby responds and objects to Plaintiff's Second Set of Requests for Production ("Requests" or "Request" as the case may be) as follows:

Defendant's responses and objections (the "Responses and Objections") shall not be deemed an admission as to any fact in dispute or a waiver of any rights or defenses that Defendant has or may assert with respect to any claim, nor shall Defendant's production of any documents in response to the Requests be deemed to admit their relevance or admissibility. Defendant reserves all objections as to the admissibility at any trial, arbitration, or other proceeding (whether or not in, or in any way related to, this action) of any document provided pursuant to the Requests, including all objections on the grounds that the information contained therein is not relevant or material or otherwise is objectionable.

1

mean written contracts within Defendant's actual possession, custody, or control.

2.      Defendant objects to Definition No. 3 ("all" and "any") as overly broad and unduly burdensome when the relevant information can be supplied by the production of fewer than "all" or "any" documents.

3.      Defendant objects to the Definition No. 4 ("At-Issue Drugs") to the extent that this term states or implies that the products identified in that definition are relevant to this action.  In using the phrase "At-Issue Drugs," Defendant does not concede that these products are relevant.  Defendant will interpret "At-Issue Drugs" to mean Novolin R, Novolin N, Novolin 70/30, Novolog, Levemir, and Tresiba.

4.      Defendant objects to Definition No. 6 ("Communication") as ambiguous, overly broad, unduly burdensome, and seeking information that is not relevant to any of the claims or defenses in this action and not proportional to the needs of this case.  Defendant further objects to Definition No. 6 to the extent that it purports to include oral communications that are not recorded or memorialized in any other reasonably accessible form as overly broad and unduly burdensome.  Defendant further objects that the Definition is overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to seek "SMS, MMS or other 'text' messages, messages on 'social networking' sites (including but not limited to, Facebook, Google+, MySpace, and Twitter), shared applications from cell phones."  Such discovery is overly broad, unduly burdensome, and not proportional to the needs of the case because the subjects of the State's Requests can be addressed by reference to corporate, rather than potentially personal and private, communications. Defendant further objects to this Definition as vague and ambiguous to the extent that it refers to information as being "in the form of facts, ideas, inquiries, or otherwise."  Defendant

**CERTIFICATE OF SERVICE**

I, P. Ryan Beckett, do hereby certify that I have this day served the above and foregoing document via electronic mail on all counsel of record.

SO CERTIFIED, this 17th day of February, 2023.

                                             */s/ P. Ryan Beckett*
                                             P. Ryan Beckett

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, EX REL. LYNN FITCH, ATTORNEY GENERAL<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY, *et al.*<br><br>*Defendants.* | Case No. 3:21-CV-00674-KHJ-MTP |

### SANOFI-AVENTIS U.S. LLC'S RESPONSES AND OBJECTIONS
### TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sanofi-Aventis U.S. LLC ("Sanofi"), by and through its attorneys, responds and objects to Plaintiff's Second Set of Requests for Production of Documents (the "Requests") as follows:

### OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1. Sanofi objects to Plaintiff's definitions and uses of "Affiliate" or "Affiliated Entity" (Definition No. 1); "Individual" (Definition No. 20); "Person" (Definition No. 20); "Sanofi" (Definition No. 27), and "You" and "Your" (Definition No. 29) as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous, and to the extent that these definitions purport to place any obligation on Sanofi to search for or produce documents of persons or entities not within Sanofi's possession, custody, or control. Sanofi further objects to Plaintiff's Definition Nos. 27 and 29 to the extent they include "any predecessor, successor, subsidiary, parent, or affiliate, as well as any directors, officers, agents and/or any other person acting on [Sanofi's] behalf" as overly broad and unduly burdensome, including to the extent they include individuals who are not employees of Sanofi and entities not named in this action or subject to discovery under the Federal Rules of Civil Procedure. Sanofi will interpret "Sanofi," "You,"

and "Your" as meaning Defendant Sanofi-Aventis U.S. LLC only. Jones Day and Brunini, Grantham, Grower & Hewes are counsel for Sanofi-Aventis U.S. LLC only and are not authorized or positioned to respond on behalf of any of Sanofi's parents, successors, predecessors, sisters, subsidiaries, or affiliate companies.

2. Sanofi objects to the definition of "Agreement" (Definition No. 2) as overly broad and unduly burdensome to the extent that it purports to include oral contracts, understandings, or arrangements that are not recorded or memorialized in any other reasonably accessible form. Sanofi also objects to this definition to the extent it seeks documents, information, or testimony protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or exemption from disclosure.

3. Sanofi objects to Plaintiff's definition of "all" and "any" (Definition No. 3) as overly broad and unduly burdensome when the relevant information can be supplied by the production of fewer than "all" or "any" documents.

4. Sanofi objects to the definition of "At-Issue Drugs" (Definition No. 4) to the extent that this term states or implies that the products identified in that definition are relevant to this action. In using the phrase "At-Issue Drugs," Sanofi does not concede that these products are relevant.

5. Sanofi objects to the definition of "Communication" (Definition No. 6) as overly broad and unduly burdensome to the extent that it purports to include oral communications that are not recorded or memorialized in any other reasonably accessible form. Sanofi further objects that the definition is overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to seek "SMS, MMS or other 'text' messages, messages on 'social networking' sites (including but not limited to, Facebook, Google+, MySpace, and Twitter), shared


## CERTIFICATE OF SERVICE

I, M. Patrick McDowell, do hereby certify that I served Sanofi's Responses and Objections to the Plaintiff's Second Set of Requests For Production electronically to all counsel of record.

SO CERTIFIED, this 17th day of February, 2023.

*/s/ M. Patrick McDowell*
M. Patrick McDowell