# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

THIS DOCUMENT RELATES TO:  ALL ACTIONS

CASE MANAGEMENT ORDER # \_\_\_\_\_
(INITIAL DISCOVERY PLAN)

I.   SCOPE AND APPLICABILITY OF PLAN

This Initial Discovery Plan is intended to promote the just and efficient conduct of this litigation, conserve judicial and party resources, eliminate duplicative discovery, and serve the convenience of the parties and witnesses. The following protocol and limitations in this Case Management Order shall apply to all member cases in MDL 3080, as well as *In re Direct Purchaser Insulin Pricing Litigation*, No. 20-03426 ("Direct Purchaser Action"), which is coordinated with the MDL for purposes of discovery, per the Initial Case Management Order (CMO #1) and September 12th Case Management Conference.

Participation in the discovery outlined in this Initial Discovery Plan will not waive any party's objections to jurisdiction, venue, or service.

II.   DISCOVERY AND DOCUMENT PRODUCTION

   A.   Pursuant to CMO #1, all discovery proceedings are currently stayed.  Discovery will commence immediately upon the entry of an Order by the Court adopting a Discovery Plan as discussed below.  The parties agree that common subject areas for discovery exist

1

across each case and propose that the parties exchange Master Discovery Requests covering these subjects (discussed in greater detail below).

B.  All parties will cooperate on all deposition-related issues, including scheduling and 30(b)(6) topics. The parties will negotiate a separate protocol governing depositions.

C.  Relevant Time Period

  i. The relevant time period for discovery is January 1, 2011 through June 7, 2021.

D.  Disclosures

  i. The parties agree that **30 days** after an Order is entered adopting a Discovery Plan, each Plaintiff and each Defendant will provide one set of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), to apply across the member actions.[1]

  ii. All parties shall file the required disclosures of third-party litigation funding under Local Civil Rule 7.1.1 two weeks after a discovery plan is entered by the Court.

E.  Master Discovery Requests

  i. Plaintiffs in MDL member actions and the Direct Purchaser Action shall collectively issue one set of Master Discovery Requests upon each Manufacturer Defendant and each PBM Defendant.

  ii. Manufacturer Defendants shall collectively issue one set of Master Discovery Requests upon each of the three Plaintiff Tracks, respectively.[2]

---

[1] The parties already served initial disclosures in the Direct Purchaser Action prior to formation of the MDL.

[2] Defendants have already served Requests for Production on the Direct Purchaser Plaintiffs.

       For avoidance of doubt, Manufacturer Defendants need not serve the same set of Master Discovery Requests on each of the three Plaintiff Tracks.

iii. PBM Defendants shall collectively issue one set of Master Discovery Requests upon each of the three Plaintiff Tracks, respectively.[3]  For avoidance of doubt, PBM Defendants need not serve the same set of Master Discovery Requests on each of the three Plaintiff Tracks.

iv. There shall be a maximum of 30 Interrogatories and 30 Requests for Production per set in the Master Discovery Requests.

v. Each individual party shall serve Responses and Objections to Master Discovery Requests within 60 days of service of the Master Discovery Requests on liaison counsel for the track.  For avoidance of doubt, the obligations imposed by this Section apply to all parties participating in this MDL, along with Direct Purchaser Plaintiffs, and each individual plaintiff and defendant must respond to the Master Discovery Requests separately.

vi. Any new Defendant or Plaintiff transferred to or joined in this MDL after the entry of this order shall raise any additional, non-duplicative objections to the Master Discovery Requests within 30 days of transfer or joinder, and shall otherwise respond to served requests within 60 days of transfer or joinder.

---

[3] Defendants have already served Requests for Production on the Direct Purchaser Plaintiffs.

F.  After responses to Master Discovery Requests are served and objections resolved, the parties will meet and confer regarding limited additional, non-duplicative requests, if any, on an individual basis.

## III.  DEADLINES

| Event | Deadline |
|---|---|
| Motions to amend or to add parties | August 1, 2024 |
| Substantial completion of document discovery | May 22, 2025 |
| Depositions May Begin | June 23, 2025 |
| Fact Discovery Deadline | November 21, 2025 |
| Parties meet and confer regarding submission of schedule for both class and non-class cases, including for class certification and expert discovery | 60 days before the close of fact discovery |

## IV.  SPECIAL DISCOVERY MECHANISMS AND PROCEDURES

A.  Third-party discovery may commence 60 days after the filing of an Order adopting a Discovery Plan.

B.  The parties will meet and confer regarding a timeline for documents to be produced in this litigation and any supplemental discovery requests following the exchange of the Master Discovery Requests.

C.  Within **30 days** of the entry of an Order adopting a Discovery Plan, Defendants shall reproduce to all Plaintiffs in the member actions, the documents they previously produced as defendants in *In re Insulin Pricing Litigation*, No. 17-cv-00699 and *Mississippi v. Eli Lilly, et al.*, No. 3:21-cv-00674.  Reproductions of prior discovery may be used to satisfy a party's discovery requests.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　Hon. Rukhsanah Singh, U.S.M.J.