# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

THIS DOCUMENT RELATES TO:  ALL ACTIONS

[PROPOSED] CASE MANAGEMENT ORDER #___
(INITIAL DISCOVERY PLAN)

**I.      SCOPE AND APPLICABILITY OF DISCOVERY PLAN**

This Initial Discovery Plan is intended to promote the just and efficient conduct of this litigation, conserve judicial and party resources, minimize duplicative discovery, and serve the convenience of the parties and witnesses. This Case Management Order shall apply to all member cases in MDL 3080, as well as the "New Jersey Actions" (as defined in Case Management Order #1 (ECF No. 5)), which are coordinated with this MDL for purposes of discovery.

Participation in the discovery outlined in this Initial Discovery Plan will not waive any party's objections to jurisdiction, venue, or service.

**II.     DISCOVERY AND DOCUMENT PRODUCTION**

A.      Discovery will commence immediately upon the entry of this Case Management Order. The parties agree that common subject areas for discovery exist across the member cases in this MDL and the New Jersey Actions and propose that the parties serve Master Discovery Requests covering these subjects as described herein.

1

    B.    <u>Relevant Time Period</u>:  The relevant time period for discovery is January 1, 2011, through January 1, 2024.  The parties may seek issue-specific discovery outside of the relevant time period.

    C.    <u>Relevant Drugs</u>: The relevant drugs for discovery purposes are set forth in Attachment A. The parties may seek issue-specific discovery beyond the list of relevant drugs.

    D.    <u>Disclosures</u>:

        1.    The parties agree that within **30 days** after entry of this Order, each Plaintiff and each Defendant, to the extent they have not already done so, will provide one set of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), to apply across the member actions.

        2.    The parties agree that within **14 days** after entry of this Order, all parties shall file disclosures of third-party litigation funding required under Local Civil Rule 7.1.1.

    E.    <u>E-Discovery Conference</u>:  Within **30 days** after entry of this Order, the parties shall conduct the E-Discovery conference required under Local Civil Rule 26.1(d).

    F.    <u>Master Discovery Requests</u>:

        1.    Plaintiffs in the member actions and *In re Direct Purchaser Insulin Pricing Litigation*, Case No. 20-03426 ("Direct Purchaser Action"), shall collectively serve Master Discovery Requests upon each Defendant. Master Discovery Requests are limited to common issues across each Plaintiff Track and the Direct Purchaser Action.  Plaintiffs need not serve the same set of Master Discovery Requests on each Defendant.

2. Master Discovery Requests shall be limited to 30 Interrogatories and 30 Requests for Production. Master Requests for Admission may be served in accordance with Federal Rules of Civil Procedure 26 and 36.

3. In the Tracks involving class claims and the Direct Purchaser Action, the Defendants shall collectively serve one set of Master Discovery Requests upon: (i) Plaintiffs in the TPP Class (Manufacturer) Track; (ii) Plaintiffs in the TPP Class (PBM) Track; and (iii) Plaintiffs in the Direct Purchaser Action, respectively. Defendants need not serve the same set of Master Discovery Requests on each Class Plaintiff Track.

4. **Within 30 days** after service of the Master Discovery Requests, the responding party shall make any disclosures required under the ESI Order regarding search procedures.

5. Responses to Master Discovery Requests are due **30 days** after the service of the Master Discovery Requests.[1]

6. Non-custodial productions shall commence within **30 days** after a party has served its responses to the Master Discovery Requests and shall continue on a rolling basis thereafter.

7. Custodial productions shall commence at the earliest of **30 days** after the parties have agreed to custodians and search terms and/or **30 days** after the Court resolves any disputes submitted by the parties. Any disputed custodians or search terms shall not be used as a basis to delay custodial

---

[1] Any new Defendant transferred to or joined in this MDL after the entry of an Order adopting a Discovery Plan shall respond to the Master Discovery Requests within 30 days of transfer or joinder.

production of documents for agreed-upon or ordered custodians and search terms.

G. <u>Discovery in the State Attorney General Track and Self-Funded Payer Track</u>:

1. The parties in the State Attorney General Track and the Self-Funded Payer Track shall meet and confer regarding the substance of stipulated Plaintiff Fact Sheets, including document requests, to be answered in all cases. *See* Case Management Order #2 (ECF No. 19) (ordering parties to meet and confer concerning "the need for Plaintiff fact sheets").

2. The parties shall submit their joint proposal (or separate proposals, if necessary) within **60 days** of entry of this Order.

3. Apart from stipulated Plaintiff Fact Sheets, no other case-specific discovery may be served or undertaken by any party in the State Attorney General Track or Self-Funded Payer Track absent further Order of the Court.

4. Further case-specific discovery will be conducted in phases within the State Attorney General Track and the Self-Funded Payer Track. Cases within each track will be grouped or pooled together for discovery purposes. The parties in each track shall meet and confer concerning the formation of discovery pools within each track and a schedule for proceeding with case-specific discovery in each pool of cases.

5. Within **120 days** of entry of this Order, the parties in each track will provide a joint proposal (or competing proposals, if necessary) for the selection of discovery pool cases. Cases selected for the discovery pools in the State Attorney General Track and Self-Funded Payer Track will proceed with

case-specific fact discovery. The parties shall meet and confer regarding a schedule for the completion of fact discovery for these discovery pools, to be completed by the deadlines set forth in Section III below.

6. Within **180 days** of the entry of an order selecting cases for discovery pools in the State Attorney General and Self-Funded Payer Tracks, the parties will submit a joint proposal (or competing proposals, if necessary) for the selection of trial cases in the State Attorney General Track and Self-Funded Payer Track. The cases selected for trial will then proceed with expert discovery. In consultation with the Court, the parties shall meet and confer regarding a schedule for the completion of expert discovery in the cases selected for trial, to be completed by the deadlines set forth in Section III below.

H. <u>Discovery in the Third-Party Payer Class Tracks and Direct Purchaser Action</u>:

Plaintiffs in the Third-Party Payer Class (PBM) Track, the Third-Party Payer Class (Manufacturer) Track, and the Direct Purchaser Action shall have the right to serve an additional, non-duplicative, 30 Requests for Production, 15 Interrogatories, and Requests for Admission addressing case-specific issues upon each Defendant.

I. <u>Depositions</u>: All parties will cooperate on all deposition-related issues, including scheduling and 30(b)(6) topics. The parties will submit a separate protocol governing depositions no later than **June 1, 2024.**

**III. DEADLINES APPLICABLE TO THE STATE ATTORNEY GENERAL TRACK AND SELF-FUNDED PAYER TRACK**

The following deadlines shall apply to the State Attorney General Track and Self-Funded Payer Track:

5

| Event | Deadline |
|---|---|
| Motions to amend or to add parties | August 1, 2024 |
| Fact discovery deadline | June 30, 2025 |
| Expert reports in cases selected for trial | August 15, 2025 |
| Rebuttal expert reports in cases selected for trial | September 12, 2025 |
| Joint proposal for the filing of motions for summary judgment and *Daubert* motions in cases selected for trial | September 26, 2025 |
| Completion of all expert discovery, including all depositions of expert witnesses, in cases selected for trial | October 31, 2025 |

IV.  **DEADLINES APPLICABLE TO THE THIRD-PARTY PAYER CLASS TRACK AND DIRECT PURCHASER ACTION**

The following deadlines shall apply to the Third-Party Payer Class Track and the Direct Purchaser Action:

| Event | Deadline |
|---|---|
| Motions to amend or to add parties | August 1, 2024 |
| Fact discovery deadline | June 30, 2025 |
| Motions for class certification[2] | July 30, 2025 |
| Opposition to class certification | August 29, 2025 |
| Reply in support of class certification | September 29, 2025 |
| Opening expert witness disclosures and reports for merits experts | 60 days after an order on class certification |
| Rebuttal expert witness disclosures and reports for merits experts | 30 days after merits opening reports |
| Reply expert witness disclosures and reports for merits experts | 30 days after merits rebuttal reports |
| Completion of all expert discovery, including all depositions of expert witnesses | 30 days after merits reply reports |
| Joint proposal for the filing of motions for summary judgment and *Daubert* motions | no later than 30 days after an order on class certification |

---

[2]  Class certification opening, rebuttal, and reply expert reports shall be served with the parties' briefs.

6

## V. SPECIAL DISCOVERY MECHANISMS AND PROCEDURES

A. General third-party discovery may commence upon the entry of this Order. Case-specific third-party discovery may proceed in accordance with the provisions of this Order related to case-specific discovery in each Track.

B. Within **30 days** of the entry of this Order, Defendants shall produce to all Plaintiffs in the MDL member actions and Plaintiffs in the Direct Purchaser Action, through Court-appointed Co-Lead Counsel, any and all Discovery Materials[3] previously produced or provided in:

  i. *In re Insulin Pricing Litigation*, Case No. 17-699 (D.N.J.);

  ii. *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC, et al.*, Case No. 18-2211 (D.N.J.);

  iii. *In re Direct Purchaser Insulin Pricing Litigation*, Case No. 20-03426 (D.N.J.);

  iv. Any member actions in this MDL;

  v. Any related insulin-pricing cases pending in other courts;

  vi. Any State Attorney General investigation, civil investigative demand, and/or subpoena related to insulin pricing (whether or not such State Attorney General has filed insulin pricing claims). If additional relevant

---

[3] For purposes of this Section, "Discovery Materials" means documents or data that any Defendant (or anyone acting on such Defendant's behalf) produced, provided, or made available for inspection in response to discovery requests, court orders, civil investigative demands, subpoenas, information requests, petitions, or by agreement, including documents; data; tangible things; deposition testimony; responses to interrogatories, requests for admission, requests for production of documents, or other discovery requests (including any production cover letters accompanying such responses); deposition transcripts and videos; deposition exhibits; any errata sheet for depositions; declarations, certifications, or other responses to requests for information or other written information produced as part of discovery; privilege logs; and any expert reports served by or on behalf of a Defendant.

|      | information is later produced or provided to a State Attorney General, it shall also be produced to all Plaintiffs under the terms of any Order adopting a Discovery Plan; and |
|------|---|
| vii. | Any response to investigations or inquiries related to insulin pricing brought by the United States Senate or House of Representatives, any committee or subcommittee thereof, and/or any other legislative, administrative, regulatory, or enforcement body, whether federal or state.  If additional relevant information is later produced or provided to any such entity, committee, organization, or body, it shall also be produced to all Plaintiffs in the subject actions. |

## PLAINTIFFS' PROPOSED CMO - ATTACHMENT A

**Diabetes Medications[1]**

- Apidra
- Basaglar
- Fiasp
- Humalog
- Humulin
- Lantus
- Levemir
- Novolin
- Novolog
- Ozempic
- Soliqua
- Toujeo
- Tresiba
- Trulicity
- Victoza
- Admelog
- Insulin Aspart
- Insulin Degludec
- Insulin Glargine
- Insulin Lispro
- Relion Humulin
- Relion Novolin
- Relion Novolog
- Rezvoglar
- Semglee
- Steglatro
- Tanzeum
- Mounjaro (Tirzepatide/GIP)
- Xultophy (insulin degludec/liraglutide)
- Rybelsus (semaglutide tablets)
- Adylxin (lixisenatide)

---

[1] This list of the at-issue diabetes medications includes all formulations, dosages, strengths, and delivery mechanisms of each drug. For example, Humulin includes vials, syringes, pens, etc. and includes Humulin R, Humulin N, Humulin 70/30, etc.