UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case 2:23-md-03080<br>MDL No. 3080<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>**CASE MANAGEMENT ORDER # [ ]**</u>
**(Direct Filing)**

  A.  **Scope of Order**

This Order shall govern all actions in the above-captioned MDL proceeding (the "MDL"), to the extent set forth herein, that are directly filed in this District as member cases of the MDL after the date of this Order.

  B.  **Direct Filing**

To eliminate potential delays associated with the transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose action qualifies for transfer to the MDL may, subject to the provisions set forth below, file its action against one or more Defendants hereto directly in this District as a member case of the MDL. Each plaintiff filing an action directly into the MDL must identify a "Designated Forum" in the lead paragraph of its complaint, i.e., the federal district court in which the plaintiff would have filed its case in the absence of direct filing. Should any plaintiff fail to identify a Designated Forum in its complaint, it may remedy this deficiency by filing a Notice of Designation of Forum with the MDL Court within the later of 30 days of filing the complaint or 15 days of notice of the deficiency by any Defendant. If no such notice is filed, the presumptive Designated Forum will be the forum

where the plaintiff resides as identified in the complaint. Any complaint filed directly in the District of New Jersey pursuant to this Order shall be filed as a new civil action through the Court's electronic filing system. At the time of filing, the complaint shall bear the caption set forth in Section C. The civil cover sheet accompanying each complaint shall specify under "Related Case(s)" that the case relates to MDL 3080. Once the case is filed, the Clerk of Court shall assign it an individual civil case number. After review by the Clerk of Court's office, the case will be automatically consolidated in MDL 3080.

**C.     Caption**

Any complaint directly filed in the MDL pursuant to this Order shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>_____,<br>           Plaintiff,<br><br>v.<br><br>_____,<br>           Defendants. | Case 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH<br><br>DIRECT-FILED COMPLAINT PURSUANT TO CASE MANAGEMENT ORDER NO. [ ]<br><br>Civil Action No. _____ |

**D.     Pretrial Proceedings Only**

Each action filed directly in the MDL pursuant to this Order will be deemed related to and become a member case in the MDL for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's August 4, 2023 Transfer Order. Nothing in this Order, however, shall

preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in the District of New Jersey.

### E. Transfer to Designated Forums

Once pretrial proceedings are complete in the District of New Jersey, the Court shall remand each action directly filed in the MDL to the Plaintiff's Designated Forum, subject to motion practice, any rulings by the Court, and any agreement by the parties to proceed to trial in this District, and pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a).

### F. Jurisdiction and Venue

The inclusion of any action in the MDL pursuant to this Order does not constitute a determination by the Court that jurisdiction or venue is proper in this District. No Defendant shall move to dismiss any complaint properly filed pursuant to this Order on the grounds that the District of New Jersey is an improper venue or lacks jurisdiction for purposes of this MDL. Defendants reserve all rights to object on improper venue, personal jurisdiction, or other appropriate grounds to the Designated Forum specified in each individual complaint.. This Order does not prohibit a party from challenging the propriety of an individual action's inclusion in the MDL based on the MDL's scope, as defined in the JPML's Transfer Order and any subsequent orders of the JPML.

### G. Service of Process

Defendants' agreement to this Order shall not constitute an appearance by or for any Defendant not properly served pursuant to Fed. Rule. Civ. P. 4, nor shall any references to "Defendants" herein constitute an appearance by or for any Defendant.

For complaints that are properly filed in, removed to, or transferred to this MDL, Plaintiffs shall provide copies of the Complaint, Summons, and Civil Cover Sheet, along with a request to

waive service, via email—including the phrase "Insulin Pricing MDL Waiver of Service" in the subject line—to the following email addresses:

- KE_Insulin_MDL_Service@kirkland.com for Eli Lilly and Company.

- Andrew Yaphe (andrew.yaphe@davispolk.com and novo.chaires@davispolk.com) for Novo Nordisk Inc.

- Melissa Patterson (mpatterson@jonesday.com), Joseph Kiessling (jkiessling@jonesday.com), and Fran Lyle (frances.lyle@sanofi.com) for Sanofi-Aventis U.S. LLC.

- A. Joshua Podoll (apodoll@wc.com), Lori Interlicchio (linterlicchio@wc.com), and William Stewart (wstewart@wc.com) for any of CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; or Caremark, L.L.C., if named.

- Patrick Harvey (patrick.harvey@morganlewis.com), Meredith Compton (meredith.compton@morganlewis.com), and Adam Wingard (adam.wingard@morganlewis.com) for any of Evernorth Health, Inc. (formerly Express Scripts Holding Company); Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Pharmacy Service, Inc.; or Express Scripts Pharmacy, Inc., if named

- Liz Broadway Brown (liz.brown@alston.com), Kelley Barnaby; (kelley.barnaby@alston.com), and Optum.Insulin.Team@alston.com for any of OptumRx, Inc.; Optum, Inc.; OptumInsight, Inc.; and UnitedHealth Group, Inc., if named.

If service is waived, Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l) of the Federal Rules of Civil Procedure. For all complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying member case, and not through the MDL case; (ii) all proofs of service shall be filed only in the underlying member case and not in the MDL Docket. Acceptance of electronic service shall not constitute a waiver of any defense.  The deadline for responding to the complaint will be subject to any orders entered by the Court regarding that issue.

### H. Statute of Limitations

The filing of a complaint directly in the MDL pursuant to this Order shall stop the running of any statute of limitations, statute of repose, or prescriptive or preemptive period only to the same extent as if the complaint had been filed in a court of appropriate jurisdiction and venue, even if an ultimate determination is made that any statute of limitations, statute of repose, or prescriptive or preemptive period had expired prior to the filing of a complaint in any forum, or that the Designated Forum lacked personal jurisdiction or venue over Defendants. Defendants reserve the right to move to dismiss any action filed in this MDL under any applicable statute of limitations, statute of repose, or prescriptive or preemptive period.

### I. Choice of Law

Any choice-of-law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the Plaintiff's Designated Forum.

### J. Attorney Admission

In accordance with Case Management Order #1, Section 6, any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required.

### K. Electronic Filing

All complaints must be filed electronically absent extraordinary circumstances, as required by Local Civil Rule 5.2. An individual PACER account is required to register to e-file on the District of New Jersey's CM/ECF system. Prior to any plaintiff's lawyer filing a complaint directly in the MDL, that attorney must register for e-filing with the District Court of New Jersey through PACER. Information can be found at https://www.njd.uscourts.gov/cmecf-information. Further,

all attorneys must familiarize themselves with the District of New Jersey's Electronic Case Filing Policies and Procedures as Amended April 3, 2014, which can be found at http://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf, and the Instructions for Filing a Civil Complaint that can be found at http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf.

**L.     Filing Fees**

Internet credit card payments shall be required for all complaints and made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time of the filing of the complaint. Information regarding filing fees can be found at http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf.

**M.     Response to Complaint**

Defendants need not move, plead, or otherwise respond to any Complaint directly filed in this District as a member case of the MDL until so ordered by the Court.

**IT IS SO ORDERED.**

Dated: May _____, 2024

_____
BRIAN R. MARTINOTTI
United States District Judge