Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington D.C. 20024
Telephone: (202) 434-5000
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com

*Attorneys for CVS Health Corporation,
CVS Pharmacy, Inc., Caremark Rx,
L.L.C., CaremarkPCS Health, L.L.C.,
and Caremark, L.L.C.*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA, EX. REL., AUSTIN KNUDSEN, ATTORNEY GENERAL,<br><br>          Plaintiff,<br><br>     vs.<br><br>ELI LILLY AND COMPANY, *et al.*,<br><br>          Defendants. | Cause No. CV-22-87-BMM<br><br>**CVS HEALTH CORPORATION'S MEMORANDUM SUPPORTING ITS RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## **INTRODUCTION**

The State's claims against CVS Health Corporation ("CVS Health")—which is sued only in its capacity as the parent of PBM Caremark Rx, L.L.C.—fail because there are no factual allegations establishing that the Court has personal jurisdiction over CVS Health. Fed. R. Civ. P. 12(b)(2).

CVS Health is a holding company organized under the laws of the State of Delaware, and its principal place of business is in the State of Rhode Island. *See* Ex. A, Declaration of Thomas S. Moffatt in Support of CVS Health's Motion to Dismiss at ¶¶ 4-5 ("Moffatt Decl."). CVS Health's primary functions are to issue stock and file reports with the SEC. It performs no operations unrelated to its status as a holding company. *Id.* at ¶ 4. CVS Health has no offices or facilities in Montana, none of its limited business functions regularly occur there, and it has no assets, income, employees, or operations there. *Id.* at ¶ 5. None of CVS Health's officers are located in Montana. *Id.* at ¶ 6. CVS is not qualified as a foreign corporation under the laws of Montana, does not have a registered agent for service of process there, and is not regulated by any Montana state agency. *Id.* at ¶ 5.

The State nevertheless lumps CVS Health in with other CVS Caremark entities it has named in this case. That strategy does not salvage the State's claims against CVS Health. CVS Health, CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C.— (the other named CVS Caremark defendants)—all are separate and distinct entities that observe corporate formalities and maintain corporate separateness. *Id.* at ¶ 7. CVS Health has no involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiaries. *Id.* at ¶ 6.

The First Amended Complaint itself confirms that CVS Health is not subject to personal jurisdiction in Montana. The State alleges that CVS Health's headquarters and principal place of business are outside of Montana (*see* FAC ¶ 84), so it is not "at home" or subject to general

jurisdiction in the State. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). There likewise are no factual allegations of any suit-related contacts creating the requisite "substantial connection" with the State to establish specific jurisdiction under Montana's long-arm statute or the Due Process Clause. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022); *First Nat'l Bank v. Est. of Carlson*, 448 F. Supp. 3d 1091, 1101 (D. Mont. 2020). And bare allegations of CVS Health's status as a corporate parent (*e.g.*, FAC ¶ 112) are insufficient as a matter of law. *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."); *Adelos, Inc. v. Halliburton Co.*, 2017 WL 3836145, at *3 (D. Mont. May 30, 2017). The State's remaining allegations about CVS Health improperly conflate CVS Health with its indirect subsidiaries that provide PBM services (FAC ¶ 87 n.4), even though CVS Health undisputedly is not a PBM and does not provide PBM services in Montana or anywhere else.

## STANDARD OF REVIEW

The State "bears the burden of demonstrating that jurisdiction is appropriate." *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 478 F. Supp. 3d 1057, 1062 (D. Mont. 2020) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). In carrying that burden, the plaintiff "cannot simply rest on the bare allegations of its complaint." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks omitted). Although factual disputes are resolved in the plaintiff's favor, the court "may not assume the truth

2

of allegations in a pleading which are contradicted by affidavit." *Id.* (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)).

## ARGUMENT

There are two types of jurisdiction—general jurisdiction ("all-purpose" jurisdiction) and specific jurisdiction ("case-linked" jurisdiction). *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). "A court with general jurisdiction may hear *any* claim against [a] defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (emphasis in original). Specific jurisdiction, in contrast, exists only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).

To establish either general or specific jurisdiction in Montana, plaintiffs must satisfy a two-part test. First, the plaintiff must establish that personal jurisdiction exists under Montana Rule of Civil Procedure 4(b)(1). *See Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 17 (Mont. 2015). If personal jurisdiction exists under the statute, the plaintiff then must establish that the exercise of jurisdiction comports with the due process clause. *Id.*; *see James Lee Constr.*, 478 F. Supp. 3d at 1062-63.

The State cannot establish general or specific personal jurisdiction. First, CVS Health is not subject to general jurisdiction because it does not carry out "systematic and continuous" activities in Montana, and it is not "at home" in that state. Second, CVS Health does not have sufficient—indeed, any—suit-related contacts that would justify the exercise of specific jurisdiction.

3

## I. THERE IS NO BASIS FOR GENERAL JURISDICTION OVER CVS HEALTH.

This Court does not have general jurisdiction over CVS Health. *First*, there is no factual basis for exercising general jurisdiction under Rule 4(b)(1), which authorizes general jurisdiction only over parties "found within" the state of Montana. *See* Mont. R. Civ. P. 4(b)(1); *see, e.g.*, *Simmons Oil Corp. v. Holly Corp.*, 796 P.2d 189, 194 (Mont. 1990) (no statutory general jurisdiction where defendants were not registered to business in Montana, did not maintain bank accounts, offices, employees, or agents there, and did not solicit business within the state).

*Second*, even if the State could establish a statutory basis for general jurisdiction, the U.S. Constitution independently forbids its exercise. The Due Process Clause prohibits the exercise of general jurisdiction over a business unless it is "fairly regarded as at home" in a state. *See Daimler*, 571 U.S. at 137. A company's "place of incorporation and principal place of business" are generally the only states that satisfy that "at home" requirement. *See id.*; *Ranza*, 793 F.3d at 1069 ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business."); *First Nat'l Bank*, 448 F. Supp. 3d at 1098. An entity cannot be deemed "at home" everywhere it operates, so the general jurisdiction inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20.

It is undisputed that CVS Health does not have its place of incorporation or principal place of business in Montana. As the State alleges, CVS Health is organized under Delaware law and has its principal place of business in Rhode Island. *See* FAC ¶ 84. CVS Health has no assets, income, employees, facilities, or offices in Montana, and none of its limited business functions occur there. *See* Moffatt Decl. at ¶ 5. The State vaguely (and summarily) alleges that CVS Health "transacts business and has locations throughout the United States and Montana." FAC ¶ 84. But the State gives no specifics—much less specific support—for that conclusory allegation. And even on its own

4

terms, the mere fact of "transact[ing] business" and maintaining branch offices does not establish general jurisdiction. As the Supreme Court has explained, even the "substantial, continuous, and systematic course of business" in a state is not enough to confer general personal jurisdiction. *Daimler*, 571 U.S. at 137-38.

## II. THE COURT DOES NOT HAVE SPECIFIC PERSONAL JURISDICTION OVER CVS HEALTH.

Under the long-arm statute, "courts in Montana may exercise specific jurisdiction over any person as to any claim for relief arising from . . . any of the following acts:

>  (A) the transaction of any business within Montana;
>
>  (B) the commission of any act resulting in accrual within Montana of a tort action;
>
>  (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
>
>  (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
>
>  (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
>
>  (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
>
>  (G) acting as personal representative of any estate within Montana."

*Am. Trucking & Transp. Ins. Co. v. Nelson*, 2017 WL 3218097, at *3-4 (D. Mont. July 28, 2017) (quoting Mont. R. Civ. P. 4(b)(1)).

The holding company, CVS Heath, does not "transact business" in Montana. Jurisdiction under the "transacting business" provision is proper only where "the nonresident business conducts 'substantial' business activity in the state." *Grizzly Sec. Armored Exp., Inc. v. Armored Grp., LLC*, 255 P.3d 143, 147 (Mont. 2011); *see also Milky Whey*, 342 P.3d at 18-19. Because CVS Health

5

has come forward with a declaration establishing that CVS Health does not conduct substantial business in Montana, *see* Moffatt Decl. ¶ 5, the State's conclusory allegation that CVS Health "transacts business and has locations throughout the United States and Montana" should not be assumed true. *Mavrix Photo*, 647 F.3d at 1223. Moreover, these conclusory allegations come nowhere close to satisfying even a basic notice pleading standard and are insufficient to confer jurisdiction because they do not allege that CVS Health performs any activities in Montana *related to the State's claims*. *See First Nat'l Bank*, 448 F. Supp. 3d at 1101-02.

CVS Health also has no connection to any alleged tort in Montana. The State does not allege any act of CVS Health "resulting in *accrual within Montana* of a tort action." Mont. R. Civ. P. 4(b)(1)(B) (emphasis added). Its speculation that CVS Health published false or misleading statements (none of which were directed at Montana) is insufficient. FAC ¶¶ 87-89. "A wrongful communication made over interstate lines does not confer jurisdiction unless the underlying wrongful conduct also occurred in Montana." *Ascencio v. Phillips Agency, Inc.*, 2016 WL 9461796, at *4 (D. Mont. Aug. 16, 2016). Here, the State vaguely alleges the purported "Insulin Pricing Scheme" "has been directed at, and has had the foreseeable effect of, causing injury" to the State and its residents and businesses. FAC ¶ 223. But CVS Health's functions are limited to its status as a holding company, and it exercises no control over the separate and distinct CVS Caremark entities that allegedly were involved in the so-called "Scheme." Moffatt Decl. at ¶¶ 4, 6-7. Moreover, a tort action does not accrue by "the mere fact that the plaintiff was detrimentally affected within Montana by the defendant's actions outside Montana." *Tackett v. Duncan*, 334 P.3d 920, 929 (Mont. 2014) (internal citation omitted). As a result, there is no jurisdiction under Montana Rule of Civil Procedure 4(b)(1)(B).[1]

---

[1] The remaining provisions, Rule 4(b)(1)(C)-(G), are not satisfied either, and the State does not allege jurisdiction under these prongs. *See* FAC ¶ 223.

6

Because the long-arm statute does not authorize the exercise of personal jurisdiction here, the State's claims against CVS Health must be dismissed. *See, e.g.*, *First Nat'l Bank*, 448 F. Supp. 3d at 1097 ("If jurisdiction exists under the statute, the Court then determines whether the exercise of jurisdiction comports with due process. If personal jurisdiction is not found under the statute, however, further analysis under the second part of the test is unnecessary." (internal quotation marks omitted)); *see Ascencio*, 2016 WL 9461796, at *3.

But even if there were specific jurisdiction under Montana's long-arm statute, exercising personal jurisdiction over CVS Health here would violate federal constitutional principles of due process. Courts may exercise specific personal jurisdiction only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) ("In order for a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" (quoting *Walden*, 571 U.S. at 284)). Specific personal jurisdiction requires that a defendant "have sufficient minimum contacts with the state that are relevant to the lawsuit." *LNS Enters. LLC*, 22 F.4th at 859.

The Ninth Circuit applies a three-part test for analyzing "whether a party's 'minimum contacts' meet the due process standard for the exercise of specific personal jurisdiction" in a forum state:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* The State "carries the burden of establishing the first two prongs." *DeWitt v. Best Buy Stores, L.P.*, 2022 WL 17340258, at *2 (D. Mont. Nov. 30, 2022). Here, the State does not allege sufficient

7

suit-related conduct to establish a "substantial connection" between CVS Health and Montana. Nor does any such conduct exist. CVS Health is simply a holding company that issues stock, files reports with the SEC, and executes "limited" related functions; it has no operations unrelated to its functions as a holding company, and certainly does not perform PBM services. Moffatt Decl. at ¶¶ 4-5. Further, CVS Health itself has no business operations in Montana. *Id.* at ¶¶ 4-6.

At the outset, the State's limited mentions of CVS Health appear mostly in allegations about its status as a <u>corporate parent</u> of Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C. and Caremark, L.L.C. *See* FAC at ¶¶ 99, 112. Each of those latter three entities is specifically alleged to be a PBM or to have provided PBM services, *see id.* at ¶¶ 102, 106, 108—allegations that are notably absent from the comparable section devoted to CVS Health itself, *see id.* at ¶¶ 84-92. But it is well established that a parent-subsidiary affiliation alone is not enough to support specific personal jurisdiction. *See, e.g.*, *Ranza*, 793 F.3d at 1070; *Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 2020 WL 7024468, at *1 (D. Mont. Nov. 30, 2020); *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925). The State's strained attempts to rope CVS Health into the Complaint demonstrate that it lacks the necessary contacts with Montana.

**Paragraph 84:** The State includes allegations about CVS Health's places of business and organization, which are not in Montana.

**Paragraph 86:** The State alleges in conclusory fashion that CVS Health "through its executives and employees" is "directly involved" in the alleged scheme. But the State does not describe any alleged involvement of CVS Health with any specificity. That bald allegation, which is directly contradicted by CVS Health's evidence, does not and cannot provide the connection to the forum that is required for specific jurisdiction. *See Williams*, 851 F.3d at 1022 ("complaint [that] makes almost no factual allegations regarding the nature of the parent-subsidiary relationship" was insufficient to demonstrate subsidiary and parent company were "alter egos.");

8

*see Mavrix Photo*, 647 F.3d at 1223 (court need not accept as true allegations contradicted by declaration). Such "[c]onclusory allegations and unwarranted inferences" are not sufficient. *Fischer v. Int'l Student Exch., Inc.*, 2015 WL 2095237, at *2 (D. Mont. May 5, 2015).

To the extent the State attempts to establish personal jurisdiction by piercing the corporate veil, these sparse allegations are again insufficient. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks and citation omitted).

The State's allegations do not come close to showing that CVS Health is an alter ego of any other entity. *Montana Trucks LLC v. UD Trucks N. Am. Inc*, 2016 WL 7388303, at *3 (D. Mont. Dec. 20, 2016) ("A mere showing that one corporation is owned by another, or that the two share interlocking officers or directors is insufficient to support a finding of alter ego.") (quoting *Meridian Mins. Co. v. Nicor Mins., Inc.*, 742 P.2d 456, 462 (Mont. 1987)); *Fischer*, 2015 WL 2095237, at *3 ("[U]se of the same directors and engagement in the same general business are themselves insufficient to indicate that one corporation is merely the alter ego of another."); *see also Friesen v. Ace Doran Hauling & Rigging, Inc.*, 2013 WL 5965917, at *4 (D. Mont. Nov. 8, 2013) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).

Under Montana law, a court will only disregard the separate corporate identity of a subsidiary and parent corporation "if the corporate affairs of both are so intertwined that, in effect, each no longer has a separate identity." *Montana Trucks LLC*, 2016 WL 7388303, at *3 (internal quotation marks omitted); *Harris Rutsky*, 328 F.3d at 1135 ("The plaintiff must show that the parent exercises such control over the subsidiary so as to render the latter the mere instrumentality of the former." (internal quotation marks omitted)). The requisite alter-ego relationship is "found

9

through evidence that the parent entity controls or directs the subsidiary's 'internal affairs or daily operations.'" *Caekaert*, 2020 WL 7024468, at *1 (quoting *Ranza*, 793 F.3d at 1071).

Here, the Complaint does not allege any illegal abuse of corporate formalities, and there are none. CVS Health, and all of the separate and distinct CVS Caremark entities, observe and enforce corporate formalities. *See* Moffatt Decl. at ¶ 7. CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., in particular, each have their own governing documents; maintain their own corporate records, bank accounts, and financial records; for jurisdictions where they are required to file separately, file their own tax returns; fund their own operations, if any; bear responsibilities for their own debts, if any; and have their own managers or board of directors, which meet separately from the board of directors of CVS Health. *Id.* At most, the State summarily refers to "interlocking directorships and shared executives" of certain entities. *See* FAC ¶ 112. Even if these allegations were presumed true, they do not establish a prima facie showing of any alter-ego relationship as a matter of law. The "use of the same directors and engagement in the same general business are themselves insufficient to indicate that one corporation is merely the alter ego of another." *Fischer*, 2015 WL 2095237, at *3. Neither demonstrates "the corporate affairs" of CVS Health and any other CVS Caremark entity "are so intertwined" that they lack separate identities. *Montana Trucks LLC*, 2016 WL 7388303, at *3 (quoting *Hando v. PPG Indus., Inc.*, 771 P.2d 956, 960 (Mont. 1989)).

**Paragraphs 87-89:** The State further alleges that CVS Health has made various public filings and statements regarding the PBM business, but the State ignores that "CVS Health" is defined in those contexts to include all its "subsidiaries," which are the companies that actually provided PBM services. *See, e.g.*, CVS Health Corporation, Form 10-K (dated Feb. 9, 2017) at 3, available at https://www.sec.gov/Archives/edgar /data/64803/000006480317000006/cvs-

20161231x10k.htm. CVS Health itself never provided such services, and the Complaint does not allege otherwise.

**Paragraphs 90-92:** Lastly, the State summarily asserts that CVS Health executives "participated in" certain "executive meetings which included discussions in furtherance of the Insulin Pricing Scheme" with Novo Nordisk, Eli Lilly, and Sanofi. The State, however, does not allege that any of these meetings occurred in Montana, nor does the State attempt to allege any actual facts about what occurred during them. The State's speculative claim that executive meetings were "in furtherance of" the alleged scheme does not pass muster for specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (holding that "a relationship among the defendant, the forum, and the litigation is the essential foundation of" specific jurisdiction (internal quotation marks omitted)); *Doverspike v. Murphy*, 2021 WL 3604813, at *5 (D. Mont. Aug. 13, 2021) ("When judging minimum contacts, courts look at the relationship among the defendant, the forum, and the claims.").

Finally, the State tries to gin up specific jurisdiction by defining "CVS Caremark" to include CVS Health (together with four other companies). *See* FAC ¶ 113 ("Collectively, Defendants CVS Health, CVS Pharmacy, Caremark Rx, LLC, Caremark, LLC, and CaremarkPCS Health, LLC, including all predecessor and successor entities, are referred to as 'CVS Caremark.'"). But a plaintiff must demonstrate that *each* defendant has the required *suit-related* contacts with Montana, which the State does not. *See, e.g.*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." (internal quotation marks omitted)); *James Lee Constr.*, 478 F. Supp. 3d at 1065 ("Nonspecific allegations that can be, and have been, swapped from case to case are insufficient to support personal jurisdiction"). The State has sued CVS

11

Caremark "in its capacities as a PBM and retain and mail order pharmacy." FAC ¶ 114. Again, there is no dispute that *CVS Health* has never provided any of these services—in Montana or elsewhere.

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the Complaint against it for lack of personal jurisdiction.

Dated: February 23, 2023

                                                Respectfully submitted,

                                                /s/ Bruce Fain
                                                Bruce F. Fain
                                                Nicholas A. Muñoz
                                                CROWLEY FLECK PLLP
                                                500 Transwestern Plaza II
                                                490 North 31st Street
                                                P. O. Box 2529
                                                Billings, MT  59103-2529
                                                Telephone:  (406) 252-3441
                                                Facsimile:  (406) 252-3181
                                                bfain@crowleyfleck.com
                                                nmunoz@crowleyfleck.com

                                                /s/ R. Kennon Poteat, III
                                                Enu Mainigi
                                                Craig D. Singer
                                                R. Kennon Poteat, III
                                                A. Joshua Podoll
                                                Dan Dockery (*PHV forthcoming*)
                                                WILLIAMS & CONNOLLY LLP
                                                680 Maine Avenue, S.W.
                                                Washington D.C. 20024
                                                Telephone:  (202) 434-5000

                                                *Attorneys for CVS Health Corporation,*
                                                *CVS Pharmacy, Inc., Caremark Rx, L.L.C.,*
                                                *CaremarkPCS Health, L.L.C., and*
                                                *Caremark, L.L.C.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2), I certify that this brief contains 3,670 words, excluding captions, certificate of compliance, and certificate of service. In making this certification, I relied on the word count function in Microsoft Word, which was used to prepare this brief.

/s/ Bruce Fain
Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

/s/ R. Kennon Poteat, III
Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington D.C. 20024
Telephone: (202) 434-5000

*Attorneys for CVS Health Corporation,
CVS Pharmacy, Inc., Caremark Rx, L.L.C.,
CaremarkPCS Health, L.L.C., and
Caremark, L.L.C.*

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2023, I electronically filed the foregoing document with the Clerk of the U.S. District Court for the District of Montana using the Court's CM-ECF System, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Bruce Fain
Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

/s/ R. Kennon Poteat, III
Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington D.C. 20024
Telephone: (202) 434-5000

*Attorneys for CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, CaremarkPCS Health, L.L.C., and Caremark, L.L.C.*

# Exhibit A

Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington D.C. 20024
Telephone: (202) 434-5000
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com

*Attorneys for CVS Health Corporation,
CVS Pharmacy, Inc., Caremark Rx,
L.L.C., CaremarkPCS Health, L.L.C., and
Caremark, L.L.C.*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA, EX. REL., AUSTIN KNUDSEN, ATTORNEY GENERAL, <br><br> Plaintiff, <br><br> vs. <br><br> ELI LILLY AND COMPANY, *et al.*, <br><br> Defendants. | Cause No. CV-22-87-BMM <br><br> **DECLARATION OF THOMAS S. MOFFATT IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS** |

I, THOMAS S. MOFFATT, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I am authorized to make this Declaration on behalf of Defendant CVS Health Corporation. I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2. I have been employed with CVS Pharmacy, Inc., a wholly owned subsidiary of CVS Health Corporation, since 1997. I currently hold the position of Vice President, Corporate Secretary and Senior Legal Counsel – Corporate Services of CVS Pharmacy, Inc.

3. In that capacity, I am familiar with the corporate structure of CVS Health Corporation. Over the past twenty-five years in my role at CVS Pharmacy, Inc., I have become familiar with the nature of the primary business functions of CVS Health Corporation and its direct and indirect subsidiaries.

4. CVS Health Corporation is a holding company, and its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. CVS Health Corporation also performs certain other functions related to those primary functions. However, CVS Health Corporation has no operations unrelated to its status as a holding company.

5. CVS Health Corporation is organized under the laws of the State of Delaware, and its principal place of business is located in the State of Rhode Island. It has no offices or facilities in Montana, and none of its limited business functions regularly occur there. CVS Health Corporation has no assets, income, employees, or operations in Montana. CVS Health Corporation is not qualified as a foreign corporation under the laws of Montana, it does not have a registered agent for service of process there, and it is not regulated by any Montana state agency.

6.	CVS Health Corporation has agreements with a limited number of senior executives who are officers of CVS Health Corporation and who are employed by and provide services to various subsidiaries of CVS Health Corporation. None of these officers is located in Montana. CVS Health Corporation has no direct involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiary companies, including CVS Pharmacy, Inc., Caremark Rx, L.L.C, Caremark, L.L.C., and CaremarkPCS Health, L.L.C.

7.	CVS Health Corporation is a separate and distinct company from CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., which are also separate and distinct companies from each other. Each of these companies observes and enforces corporate formalities. CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C. are not reporting divisions of CVS Health Corporation. Rather, they are separate entities. Each of them has its own governing documents; maintains its own corporate records, bank accounts, and financial records; for jurisdictions where required to file separately, files its own tax returns; funds its own operations, if any; bears responsibility for its own debts, if any; and has its own managers or board of directors, who meet separately from the board of directors of CVS Health Corporation.

I declare under penalty of perjury under the laws of the United States of America and the state of Montana that the foregoing is true and correct.

Executed this 22nd day of February, 2023, in Rhode Island.

_____
THOMAS S. MOFFATT

4