J. Daniel Hoven
Chad E. Adams
Megan E. Wampler
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Ste. 101
Helena, Montana 59624
(406) 443-6820 (p)
(406) 443-6883 (f)
dan@bkbh.com
chad@bkbh.com
meganw@bkbh.com

*Attorneys for Evernorth Health, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA, EX. REL., AUSTIN KNUDSEN, ATTORNEY GENERAL,<br><br>*Plaintiff*,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>*Defendants*. | Case No. 6:22-cv-00087-BMM<br><br>Hon. Brian Morris |

**EVERNORTH HEALTH, INC'S REPLY BRIEF IN SUPPORT OF**
<u>**MOTION TO DISMISS FOR LACK OF JURISDICTION**</u>

## **INTRODUCTION**

The State admits that this Court lacks general jurisdiction over Evernorth. ECF No. 110 ("Opp'n") at 15, n3. The sole question before the Court is whether the State has alleged sufficient Evernorth-specific contacts with Montana on which its claims are based to support specific personal jurisdiction over Evernorth. It has not.

Nowhere in the Complaint does the State allege that Evernorth provided PBM services, negotiated or received rebates, or engaged in activity giving rise to the Complaint, let alone conduct specifically and uniquely directed toward Montana, as due process requires. Instead, the State reiterates allegations of conduct by Evernorth's co-defendants—allegations which plainly are irrelevant to the Court's analysis, particularly given that the State has disavowed any reliance upon agency or alter-ego theories of personal jurisdiction. ECF No. 113 at 38.

When it comes to the State's Evernorth-specific allegations (of which there are few), the State's jurisdiction theory rests on a handful of conclusory allegations, none of which shows that Evernorth engaged in conduct specifically and uniquely directed toward Montana. It hasn't. In light of the State's failure to allege sufficient minimum contacts by Evernorth to satisfy the requirements of due process, the Court should grant Evernorth's motion under Rule 12(b)(2) and dismiss Evernorth for want of personal jurisdiction.

# ARGUMENT

Montana has not alleged facts that give rise to a plausible basis for personal jurisdiction over Evernorth. Accordingly, Evernorth should be dismissed.

## I. This Court Lacks Specific Personal Jurisdiction Over Evernorth.

Because Montana's long-arm statute is coextensive with the limits of due process, "the jurisdictional analyses under state law and federal due process are the same." *King v. Am. Fam. Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quotations omitted); *Wolves of the Rockies, Inc., v. Stone*, No. CV 21-140-M-DLC, 2022 WL 123770, at *5 (D. Mont. Jan. 13, 2022). Specific jurisdiction exists only when the plaintiffs' claims "arise out of or relate to the defendant's contacts with the forum." *Bristol Myers*, 137 S. Ct. at 1780 (quotations omitted); *see also Walden v. Fiore*, 571 U.S. 277, 284 & n. 6 (2014). To satisfy due process, such contacts must demonstrate "purposeful availment" of the privileges of conducting activities in the forum or "purposeful direction" of it activities toward Montana. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Despite claiming in its Opposition that it has alleged that Evernorth "is directly involved in the PBM services and formulary construction giving rise to the State's claims for injuries to Montana," Opp'n at 12, the Complaint alleges no such thing. The Complaint does not allege that Evernorth provided PBM services,

negotiated or received rebates, or engaged in any activity in Montana giving rise to the Complaint (because it did not). Nor does the State allege Evernorth-specific contacts with Montana (because there are none relevant to the State's claims). *See* ECF No. 87 ("Evernorth Br.") at 5–6.

Rather, the State's Opposition makes clear that its claims as to Evernorth rest on the same attenuated theories of jurisdiction disposed of in Evernorth's opening brief—jurisdiction based on imputed contacts of Evernorth's subsidiaries or affiliates and jurisdiction based on alleged effects in Montana. Both theories fail.

### A. The Jurisdictional Contacts of Evernorth's Subsidiaries or Affiliates Are Irrelevant to The Court's Analysis.

Despite disclaiming that it seeks to impute Evernorth's subsidiaries' or affiliates' contacts for jurisdictional purposes, Opp'n at 2; ECF No. 113 at 38, in its Opposition the State continues to propound allegations of overlapping corporate structure and parental control that plainly are of no consequence. For example, in purporting to identify "Relevant Jurisdictional Facts" the State asserts that:

- "Evernorth is the parent of mail order pharmacy and PBM subsidiaries ('Express Scripts Defendants') that operate throughout Montana." Opp'n at 6 (citing FAC ¶ 135).

- "Evernorth and the Express Scripts Defendants share numerous directors and executives," and "through these shared directors and executives" Evernorth was involved in shaping company policies, formulary construction, manufacturer payments, and pharmacy services. *Id.* at 6, 12 (citing FAC ¶¶ 129, 164).

- "Evernorth executives and employees regularly communicate with, direct, and control the Express Scripts Defendants." *Id.* at 6 (citing FAC ¶¶ 131, 164).

But these allegations are irrelevant to the Court's inquiry. This is because "[t]he existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015); *Park Plaza Condo. Ass'n v. Travelers Indem. Co. of Am.*, No. CV 17-112-GF-JTJ, 2018 WL 1400431, at *4 (D. Mont. Mar. 20, 2018).

The State concedes that it has not advanced any alter-ego or agency theory that might provide an exception to this general rule. *See* Opp'n at 2; ECF No. 113 at 38 (attempting to distinguish authority by noting "the court analyzed liability based on theories of agency and alter ego . . . the State here does not have to rely on such theories").[1] The State fails to allege that Evernorth purposefully directed any activities toward Montana.

When left with only its Evernorth-specific allegations, it becomes clear that none reveals conduct "purposefully directed" toward Montana or its citizens. *Schwarzenegger*, 374 F.3d at 802–803.

---

[1] Even if the State were to advance such theories, jurisdiction over Evernorth still would be improper because the allegations in the Complaint fall far short of the "pervasive control" required to permit imputation. *See* Evernorth Br. at 6–7.

In its Opposition, the State highlights allegations concerning membership of one of Evernorth's executives on the PCMA Board, attendance at PCMA meetings (none of which is alleged to have taken place in Montana), annual reports describing Evernorth as one of the largest PBMs in North America, and purported engagement with Manufacturer executives. Opp'n at 7–9. But none of these purported "Relevant Jurisdictional Facts" shows any link to Montana, let alone conduct purposefully directed toward Montana or its citizens. The complete absence of citation to allegations in the Complaint in the State's argument that "Evernorth's acts were expressly aimed at Montana" tells the Court everything it needs to know for its jurisdictional analysis. *See* Opp'n at 18–19.

While the State argues that Evernorth "intentionally provided PBM services to *Montanans*, created formularies for use in *Montana*, and dispensed at-issue drugs to *Montanans in Montana*" and "through the PCMA, brought lawsuits and campaigns to perpetuate the Scheme and hide it from the State and Montanans," Opp'n at 19 (emphasis original), none of the purported facts the State references is set forth in the Complaint or supported by an affidavit. These arguments are not properly considered as "well-pled facts" in ruling on this motion. *See Schwarzenegger*, 374 F.3d at 800.

The closest the State comes to alleging any connection at all between Evernorth and Montana is its assertion that "Evernorth's conduct has had a direct

effect in Montana and damaged diabetics, the State, and payors in Montana." *See* FAC § 130; Opp'n at 9. But such conclusory allegations are not entitled to a presumption of truth. *Schwarzenegger*, 374 F.3d at 800. And, even if true, personal jurisdiction requires more than a suggestion that conduct ultimately had an effect in Montana. The State must allege that Evernorth "purposefully direct[ed] its activities toward the forum" by (1) committing an "intentional act," (2) "expressly aimed" at the forum state, that (3) caused harm that Evernorth knew was likely to be suffered in the forum state. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021); *see also Wolves of the Rockies, Inc.*, 2022 WL 123770, at *6 ("Conduct is not expressly aimed at the forum state just because the defendant knows the plaintiff resides there . . . there must be evidence the defendant directly targeted their conduct into the forum").

The State makes no specific allegations in the Complaint that Evernorth directed any conduct specifically at Montana; it alleges only that its conduct may have incidentally impacted the State. That is insufficient. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) ("contacts must be the defendant's own choice and not random, isolated, or fortuitous." (citation omitted)); *Hanson*, 357 U.S. at 253 (defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State.").

## II. Jurisdictional Discovery is Unwarranted.

The State has not identified any basis for permitting jurisdictional discovery, nor would discovery change the outcome of this motion to dismiss. The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—is on the party seeking the discovery. *First Nat'l Bank of Sioux Falls v. Est. of Carlson*, 448 F. Supp. 3d 1091, 1108 (D. Mont. 2020). Such discovery is only warranted "[w]here material jurisdictional facts are disputed." *Id.* (citing *Bunch v. Lancair Int'l*, 202 P.3d 784, 799 (Mont. 2009)). "In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must make a preliminary showing of jurisdiction. They must specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction." *Id.* (quoting *Chapman v. Krutonog*, 256 F.R.D. 645, 648 (D. Haw. 2009)). In other words, a district court is well within its discretion to deny a general, unsupported motion for jurisdictional discovery. *See Nomad Glob. Commc'n Sols., Inc. v. Hoseline, Inc.*, 2021 WL 1400983, at *6 (D. Mont. Apr. 14, 2021).

Here, material jurisdictional facts relative to the jurisdictional issues are not disputed. *See First Nat'l Bank of Sioux Falls*, 448 F. Supp. 3d at 1108 (granting motion to dismiss and denying request for jurisdictional discovery). Evernorth accepts as true the State's allegations for purposes of its Motion—a point the State

8

reiterates throughout its Opposition. Even construing the Complaint's allegations in the State's favor, jurisdiction is not shown.

The State also fails to "explain what it expects discovery might reveal, or how such discovery might result in facts that would establish personal jurisdiction." *First Nat'l Bank of Sioux Falls*, 448 F. Supp. 3d 1108. While the State requests that it be permitted to conduct discovery regarding Evernorth's "involvement . . . in selecting pharmacy benefit plans and drug schedules"; "participation and influence over the PCMA"; role in "shap[ing] and direct[ing] policies and strategic goals that guide Express Scripts PBM services"; and "communications . . . with Manufacturer Defendants . . . including meetings, in 2013, 2014, and 2015s," Opp'n at 23–24, discovery regarding these topics would not establish personal jurisdiction over Evernorth. For starters, the Complaint contains no allegations regarding "drug schedules"; the PCMA is not a party to this litigation; and Evernorth's role setting policies or goals of Express Scripts is of no consequence where the State disavows any alter ego or agency theory of jurisdiction. ECF No. 113 at 38. And the State fails to explain how any communications with Manufacturers in 2013, 2014, and 2015—all well outside the statute of limitations for the State's claims—could possibly be relevant to this Court's exercise of jurisdiction over Evernorth.

No amount of discovery will change the fact that Evernorth lacks sufficient contacts to support an exercise of specific personal jurisdiction over it. The State's request for jurisdictional discovery is unsupported and should be denied.

## CONCLUSION

The Court should dismiss Evernorth from this case for lack of personal jurisdiction.

Dated: April 28, 2023

Respectfully submitted,

/s/Chad E. Adams

J. Daniel Hoven
Chad E. Adams
Megan E. Wampler
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Ste. 101
Helena, MT 59601
(406) 443-6820 (p)
(406) 443-6883 (f)
dan@bkbh.com
chad@bkbh.com
meganw@bkbh.com

Jason R. Scherr (*pro hac vice*)
Patrick A. Harvey (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS
1111 Pennsylvania Ave. NW
Washington, DC 20004
(202) 739-3000 (p)
(202) 739-3001 (f)
jr.scherr@morganlewis.com
patrick.harvey@morganlewis.com

*Attorneys for Evernorth Health, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief contains 1,896 words, excluding captions, certificate of compliance, table of contents and authorities, exhibit index, and certificate of service. In making this certification, I relied on the word count function in Microsoft Word, which was used to prepare this brief.

/s/Chad E. Adams
BROWNING, KALECZYC, BERRY & HOVEN, P.C.