Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & HUSO, P.C.
2812 1st Avenue North, Suite 225
Billings, MT 59101
(406) 252-5500
cmatovich@mkhattorneys.com
khuso@mkhattorneys.com

Brian David Boone (*pro hac vice*)
Alston & Bird LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
(704) 444-1106
brian.boone@alston.com

Elizabeth Broadway Brown (*pro hac vice*)
Jordan Edwards (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-4688
liz.brown@alston.com
jordan.edwards@alston.com

*Attorneys for UnitedHealth Group Incorporated and OptumInsight, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA, ex rel., AUSTIN KNUDSEN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | CV-22-00087-BMM<br><br>**UNITEDHEALTH GROUP INCORPORATED AND OPTUMINSIGHT, INC.'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................3

I.   THE STATE CAN POINT TO NO ALLEGATION SUFFICIENT TO
     CONFER PERSONAL JURISDICTION. ..........................................................4

II.  THE STATE'S CONCLUSORY AND FACIALLY INADEQUATE
     ALLEGATIONS CANNOT ESTABLISH JURISDICTION. ...........................7

III. THERE ARE NO FACTUAL ALLEGATIONS ESTABLISHING SPECIFIC
     JURISDICTION OVER UHG OR OPTUMINSIGHT. ...................................9

     A. UHG and OptumInsight are not subject to personal jurisdiction under
        Montana's Long-Arm statute. ...............................................................9

        a.   The State fails to allege UHG or OptumInsight transacted business in
             Montana. ...........................................................................................9

        b.   The State fails to allege UHG or OptumInsight committed acts
             resulting in the accrual of a tort action in Montana. ........................11

     B. UHG and OptumInsight are not subject to personal jurisdiction as a matter
        of due process. ....................................................................................12

        a.   The State fails to plead that UHG or OptumInsight purposefully
             directed their activities toward Montana. .........................................12

        b.   The State fails to plead that UHG or OptumInsight's contacts relate
             to its claims. ....................................................................................13

     IV. JURISDICTIONAL DISCOVERY IS NOT WARRANTED. ......................14

     CONCLUSION.....................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Bi-Lo Foods v. Alpine Bank*,
   1998 MT 40, 287 Mont. 367, 955 P.2d 154 ......................................................11

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) .................................................................14, 15

*Bradley v. T-Mobile US, Inc.*,
   No. 17-cv-07232-BLF, 2020 U.S. Dist. LEXIS 44102 (N.D. Cal. Mar.
   13, 2020) ...........................................................................................................8

*Cimmaron Corp. v. Smith*,
   2003 MT 73, 315 Mont. 1, 67 P.3d 258 ...........................................................11

*Control Sols., Inc. v. MicroDAQ.com, Inc.*,
   126 F. Supp. 3d 1182 (D. Or. 2015) .................................................................13

*DeLeon v. BNSF Ry. Co.*,
   2018 MT 219, 392 Mont. 446, 426 P.3d 1 ........................................................10

*Doverspike v. Murphy*,
   No. CV-21-29-H-BMM, 2021 U.S. Dist. LEXIS 153112 (D. Mont. Aug.
   10, 2021) .....................................................................................................11, 12

*Harter v. Ascension Health*,
   No. CV-15-00343-TUC-RM, 2018 U.S. Dist. LEXIS 9464 (D. Ariz. Jan.
   19, 2018) ..........................................................................................................14

*Hightower v. Knight*,
   No. DV-05-107, 2005 Mont. Dist. LEXIS 1523 (D. Mont. Nov. 10, 2005)........9

*Kinnee v. TEI Biosciences Inc.*,
   No. 22-CV-604 JLS (AHG), 2022 U.S. Dist. LEXIS 193688 (S.D. Cal.
   Oct. 24, 2022) ................................................................................................4, 14

*Mississippi ex rel. Fitch v. Eli Lilly & Co.*,
   No. 3:21-cv-00674 (S.D. Miss. Aug. 15, 2022), ECF No. 112 .....................1, 12

*Munns v. Clinton*,
  822 F. Supp. 2d 1048 (E.D. Cal. 2011) ........................................................2, 14

*Park Plaza Condo. Ass'n v. Travelers Indem. Co. of Am.*,
  No. CV 17-112-GF-JTJ, 2018 U.S. Dist. LEXIS 45613 (D. Mont. Mar.
  20, 2018) ........................................................................................................6

*Park v. Cole Haan, LLC*,
  No. 17cv1422-LAB (BGS), 2018 U.S. Dist. LEXIS 119396 (S.D. Cal.
  July 16, 2018)................................................................................................7

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .......................................................................13

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) .........................................................................5

*Teva Pharm. Indus., Ltd. v. UnitedHealthcare Servs.*,
  341 F. Supp. 3d 475 (E.D. Pa. 2018)........................................................2, 10

*Threlkeld v. Colorado*,
  2000 MT 369, 303 Mont. 432, 16 P.3d 359 ...................................................11

*Walden v. Fiore*,
  571 U.S. 277 (2014)...................................................................................5, 13

**RULES**

Rule 12(b)(2) ......................................................................................................7

**STATUTES**

Consumer Protection Act ....................................................................................3

Mont. Code Ann. § 30-14-111(3) ........................................................................3

# INTRODUCTION

In their opening brief, UHG and OptumInsight went through the relevant jurisdictional allegations against them in the State's Amended Complaint, showing that none describes sufficient contacts with Montana for this Court to exercise personal jurisdiction. *See* ECF No. 95. In response, the State mischaracterizes its complaint, contends UHG and OptumInsight "omit[ted]" relevant jurisdictional allegations (ECF No. 109 at 13), and presses jurisdictional arguments squarely rejected by the Southern District of Mississippi. *See* Order, *Mississippi ex rel. Fitch v. Eli Lilly & Co.*, No. 3:21-cv-00674, (S.D. Miss. Aug. 15, 2022), ECF No. 112 at 14.

Most of the State's arguments fail because they mischaracterize the complaint. For instance, the State repeatedly misrepresents *in its brief* that it has alleged *in its complaint* that UHG and OptumInsight provide PBM services. *See, e.g.*, ECF No. 109 at 21 (characterizing its complaint as including an allegation that "UnitedHealth specifically offered PBM services to Montana Payors"); *id.* at 24 (describing UHG and OptumInsight's conduct as "providing PBM services, constructing formularies, dispensing the at-issue drugs, and blocking transparency."). But those allegations are not in the complaint. On the contrary, in its complaint, the State was careful not to blur the lines because it knows that of UHG, OptumInsight, and OptumRx, only OptumRx provides PBM services. *Compare* Am. Compl. ¶ 207 ("OptumRx provides

PBM services . . . ."), *with id.* ¶ 184 ("UnitedHealth Group, through its executives and employees, is directly involved in the company policies that inform its PBM services. . . .") *and id.* ¶ 196 ("OptumInsight partnered with OptumRx to offer the at-issue pharmacy benefit and data and cost analysis services that gave rise to the Insulin Pricing Scheme to Montana diabetics and payors."). Indeed, "UnitedHealth Group . . . is a holding company." *Teva Pharm. Indus., Ltd. v. UnitedHealthcare Servs.*, 341 F. Supp. 3d 475, 482 (E.D. Pa. 2018). The State could never allege in good faith that UHG provides PBM services. Regardless, it cannot amend its allegations in its brief. This Court must assess the sufficiency of the allegations based on what is in the complaint, not what the State says about its complaint in its brief. *Compare Munns v. Clinton*, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) ("Indeed, while Plaintiffs in their Opposition posit several tenuous theories that may connect Defendant Foo to this forum, those theories are not actually pled in the Complaint.").

The State also contends UHG and OptumInsight "omitted" certain paragraphs when walking through the allegations in their motion. But none of the allegations the State identifies changes the jurisdictional analysis. Even if the allegations could be fairly described as substantive jurisdictional allegations, none connects UHG or OptumInsight to the forum in a meaningful way, let alone shows suit-related contacts creating a substantial connection with Montana.

The State's legal arguments are no better. For example, the State argues the Mississippi decision is "inapposite." ECF No. 109 at 2. But contrary to the State's assertion, the "facts and law under which the Court must assess jurisdiction" (*id.*) are not different—the State's complaint in this case is a near carbon copy of the Mississippi complaint, and the Mississippi court held the allegations failed to establish personal jurisdiction over the companies as a matter of federal due process. *See id.*; Order, *Fitch*, No. 3:21-cv-00674 (S.D. Miss.), ECF No. 112 at 14. The same result should obtain here. Further, the State's citation to Mont. Code Ann. § 30-14-111(3) is misplaced; it is a venue provision stating only that the Lewis and Clark County district court is the proper forum for a Consumer Protection Act suit against an out-of-state defendant. The provision doesn't speak to jurisdiction.

At bottom, the State's brief oversells what is alleged in the Amended Complaint. The Court should evaluate the allegations, not the State's characterizations of those allegations, and dismiss the claims against UHG and OptumInsight for lack of personal jurisdiction.

## **ARGUMENT**

This Court lacks specific personal jurisdiction over UHG and OptumInsight under the Montana long-arm statute and as a matter of due process.[1]

---

[1] The State concedes that UHG and OptumInsight are not subject to general jurisdiction. ECF No. 109 at 20 n.4.

## I.   THE STATE CAN POINT TO NO ALLEGATION SUFFICIENT TO CONFER PERSONAL JURISDICTION.

UHG and OptumInsight went through most of the "Relevant Jurisdictional Facts" in their opening brief and explained why each is insufficient to confer jurisdiction. The State purports to identify five "key" allegations that UHG and OptumInsight "omit[ted]" from their opening brief. *See* ECF No. 109 at 13–14. Each falls far short of establishing a substantial suit-related connection between UHG or OptumInsight and Montana.

**Paragraph 206** alleges two meetings between executives from companies under the UHG umbrella and executives from Novo Nordisk and Eli Lilly. Am. Compl. ¶ 206. This allegation closely tracks paragraph 186, which UHG and OptumInsight addressed in their opening brief. *See id*. ¶ 186 (alleging UHG and OptumRx executives met with executives from Manufacturer Defendants seven times over eight years); ECF No. 95 at 17–18 (explaining why that allegation does not confer jurisdiction). The allegation in paragraph 206 fails to establish jurisdiction over UHG or OptumInsight for the same reasons. First, the allegation improperly group pleads by referring to UHG, OptumInsight, and OptumRx together as "OptumRx." *See, e.g., Kinnee v. TEI Biosciences Inc*., No. 22-CV-604 JLS (AHG), 2022 U.S. Dist. LEXIS 193688, at *5 (S.D. Cal. Oct. 24, 2022) ("A plaintiff must establish jurisdiction over each defendant individually."). Second, there is no allegation that any meeting took place in Montana, and Paragraph 206 otherwise

contains no factual allegations about any suit-related contacts between Montana and UHG or OptumInsight. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum State.") (quotation omitted).

**Paragraph 209** contains allegations related to OptumRx's alleged predecessor entities, mergers, and acquisition by UHG. Am. Compl. ¶ 209. Like the allegations in paragraphs 182, 183, and 192—which UHG and OptumInsight addressed in their opening brief (ECF No. 95 at 15, 20)—paragraph 209 does not speak to personal jurisdiction. At most, paragraph 209 alleges UHG was involved in the type of "financing and macro-management" that the Ninth Circuit has held insufficient to support personal jurisdiction under an alter-ego theory. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1074 (9th Cir. 2015).

**Paragraph 325** alleges executives from OptumInsight attended annual PCMA conferences. Am. Compl. ¶ 325. That allegation is both conclusory and irrelevant. *See id.* ("Defendants have also used these conferences to engage in private meetings in furtherance of the Insulin Pricing Scheme"). The State does not, and cannot, explain how allegedly participating in meetings *at unspecified locations*

outside Montana creates a substantial suit-related connection between Montana and OptumInsight.[2]

**Paragraph 354(b)** contains only a conclusory recitation of OptumInsight's alleged role in the so-called "scheme." Am. Compl. ¶ 354. It merely summarizes the allegations from paragraphs 193 to 196 that OptumInsight "compiled, analyzed, and shared" data. *Id.* As explained in UHG and OptumInsight's opening brief, that allegation is insufficient to support specific jurisdiction because it fails to allege what OptumInsight allegedly did wrong in Montana or how OptumInsight purposefully directed its activities toward Montana. *See* ECF No. 95 at 20–21.

**Paragraph 354(c)** recounts Senate testimony regarding alleged rebate payments from Eli Lilly. Am. Compl. ¶ 354. The allegation is nothing more than a further attempt to impute OptumRx's activities to UHG for personal jurisdiction purposes, which the State cannot do without alleging facts supporting an alter-ego theory. *Park Plaza Condo. Ass'n v. Travelers Indem. Co. of Am.*, No. CV 17-112-GF-JTJ, 2018 U.S. Dist. LEXIS 45613, at *13 n.1 (D. Mont. Mar. 20, 2018). For the reasons set forth in UHG and OptumInsight's opening brief, the State has alleged no facts showing UHG is OptumRx's alter ego.

---

[2] Neither UHG nor OptumInsight is a member of PCMA. In response to CVS Health Corporation's 12(b)(2) motion, the State submitted several exhibits showing a comprehensive list of PCMA's members—UHG and OptumInsight are not among them. ECF Nos. 111-3, 111-4, 111-5.

None of the allegations establishes a substantial suit-related connection between UHG or OptumInsight and Montana. They merely repeat or rephrase insufficient allegations appearing elsewhere in the complaint.

## II.  THE STATE'S CONCLUSORY AND FACIALLY INADEQUATE ALLEGATIONS DO NOT ESTABLISH JURISDICTION.

In its Opposition, the State lists eleven "Relevant Jurisdictional Facts" that it claims are "uncontroverted." ECF No. 109 at 7–10. The State describes its allegations as "uncontroverted" throughout the brief and contends that its "uncontested" allegations "must be accepted as true." *See, e.g.*, *id.* at 14. And at various points, the State criticizes UHG and OptumInsight for not "disput[ing] the State's allegation regarding their involvement in the Insulin Pricing Scheme or the devastating impact the Scheme has had in Montana." *Id.* at 1. The State apparently does not understand the nature of UHG's and OptumInsight's motion.

UHG and OptumInsight of course dispute the State's misguided allegations, but for purposes of their Rule 12(b)(2) motion, UHG and OptumInsight have made a facial challenge to the sufficiency of those allegations. *See Park v. Cole Haan, LLC*, No. 17cv1422-LAB (BGS), 2018 U.S. Dist. LEXIS 119396, at *3 (S.D. Cal. July 16, 2018) ("Apax's Rule 12(b)(2) challenge to personal jurisdiction is a facial attack, meaning it challenges the sufficiency of the allegations to establish jurisdiction."). In making a facial challenge, UHG and OptumInsight do not need to

"provide[] . . . affidavits or evidence to contest the State's allegations" to overcome conclusory and jurisdictionally irrelevant allegations. ECF No. 109 at 2.

Although this Court can accept as true plausible factual allegations in the complaint, that does not mean—as the State argues—that the Court must accept *all* of its allegations (even the conclusory or threadbare ones) at face value. *See, e.g., Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 U.S. Dist. LEXIS 44102, at *14 (N.D. Cal. Mar. 13, 2020) ("[A] court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (quotation omitted). As UHG and OptumInsight have shown in their opening brief (ECF No. 95 at 14–22) and above, each jurisdictional allegation about UHG or OptumInsight in the Amended Complaint is either (1) so conclusory and threadbare that it should be disregarded or (2) legally insufficient to confer personal jurisdiction even if taken as true.

## III. THERE ARE NO FACTUAL ALLEGATIONS ESTABLISHING SPECIFIC JURISDICTION OVER UHG OR OPTUMINSIGHT.

Once the State's conclusory allegations are discarded, the factual allegations remaining are insufficient to establish personal jurisdiction under Montana's long-arm statute or as a matter of federal due process.

### A. UHG and OptumInsight are not subject to personal jurisdiction under Montana's Long-Arm statute.

The State argues the Court can exercise jurisdiction over UHG and OptumInsight under the "transacting business" and "tort accrual" prongs of the Montana long-arm statute.[3] But the Amended Complaint contains no factual allegation that UHG or OptumInsight transacted business in Montana or that tort claims against UHG or OptumInsight accrued in Montana. Because Montana's long-arm statute does not support jurisdiction, "the analysis ends[,] and jurisdiction cannot be invoked." *Hightower v. Knight*, No. DV-05-107, 2005 Mont. Dist. LEXIS 1523, at *11 (D. Mont. Nov. 10, 2005).

### a. The State fails to allege UHG or OptumInsight transacted business in Montana.

In arguing that UHG transacted business in Montana, the State doubles down on mischaracterizing its allegations. The State argues, "*[a]s alleged*, the PBM services *provided by UnitedHealth* throughout the State of Montana are substantial

---

[3] By declining to raise any other subsection in its response, the State concedes no other subsection of the long-arm statute applies.

and constitute the transaction of business in Montana." ECF No. 109 at 16 (emphasis added). But as previously discussed, UHG is a holding company that does not provide PBM services—in Montana or anywhere else. *See Teva Pharm. Indus., Ltd.*, 341 F. Supp. 3d at 482 ("UnitedHealth Group ('UHG') is a holding company[.]"). And more importantly, those purported allegations about UHG do not appear in the Amended Complaint.

As for OptumInsight, the State contends its alleged registration and license to do business satisfy the transacting business prong. ECF No. 109 at 16. The State cites no authority for that position, and for good reason. Montana courts have held that a registration or license to do business does not confer general or consent jurisdiction over an out-of-state company. *See DeLeon v. BNSF Ry. Co.*, 2018 MT 219, ¶ 24, 392 Mont. 446, 456, 426 P.3d 1, 9. The State's argument would effectively subject any company with a license to do business in Montana to specific jurisdiction under the long-arm statute—a result foreclosed by Montana precedent. *See id.*, 2018 MT at ¶ 23, 392 Mont. at 455–56, 426 P.3d at 9 ("Reading our registration statutes to confer general personal jurisdiction over foreign corporations would swallow the Supreme Court's due process limitations on the exercise of general personal jurisdiction, and we accordingly refuse to do so.").

### b. The State fails to allege UHG or OptumInsight committed acts resulting in the accrual of a tort action in Montana.

The State argues it has satisfied the tort-accrual prong by, yet again, falsely asserting that its complaint includes allegations that UHG and OptumInsight provided PBM services. ECF No. 109 at 17 ("[T]he State has made numerous allegations – uncontroverted by UnitedHealth and OptumInsight – regarding their direct involvement in establishing and executing the Scheme through PBM services and formulary construction."). Again, those allegations do not exist in the complaint. *Contra* Am. Compl. ¶¶ 184, 196. At most, the State has alleged that UHG and OptumInsight somehow participated in a nation-wide scheme that caused harm in Montana. That is insufficient to satisfy the tort accrual prong of the long-arm statute. *See, e.g., Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 20, 315 Mont. 1, 6, 67 P.3d 258, 261 (no jurisdiction where "the actions which gave rise to the alleged torts occurred outside of Montana"); *Threlkeld v. Colorado*, 2000 MT 369, ¶ 32, 303 Mont. 432, 442, 16 P.3d 359, 365 (insufficient to allege tortious activity that occurred outside Montana caused harm in Montana); *Bi-Lo Foods v. Alpine Bank*, 1998 MT 40, ¶ 31, 287 Mont. 367, 375, 955 P.2d 154, 159 (same).

The State cites *Doverspike v. Murphy* for the proposition that an out-of-State "meeting of the minds" is enough to support jurisdiction for civil conspiracy if the alleged conspiracy had an effect in Montana. *See* ECF No. 109 at 18. But that is not the holding of *Doverspike*. In *Doverspike*, the court found the tort-accrual test

satisfied where the defendant allegedly engaged in a fraudulent transfer of a vehicle while subject to a Montana state court receivership order. No. CV-21-29-H-BMM, 2021 U.S. Dist. LEXIS 153112, at *9–10 (D. Mont. Aug. 10, 2021). The court observed that "[m]uch of the evidence supporting the [civil conspiracy] claim originates from contradictory, and potentially fraudulent, declarations filed by [the defendants] in Montana state courts or in response to the Montana state court receivership order." *Id.* Here, by contrast, the State does not allege any tortious conduct by UHG or OptumInsight that occurred in Montana.

### B. UHG and OptumInsight are not subject to personal jurisdiction as a matter of due process.

In *Fitch*, the Southern District of Mississippi found that indistinguishable allegations against UHG and OptumInsight failed to show specific personal jurisdiction as a matter of federal due process. *See* Order, *Fitch*, No. 3:21-cv-00674 (S.D. Miss.), ECF No. 112 at 14. The State offers no reason why this Court should reach a different result.

#### a. The State fails to plead that UHG or OptumInsight purposefully directed their activities toward Montana.

The State's "effects test" argument is flawed in two major ways. First, the State tries to establish purposeful availment through "facts" it did not allege. When the inquiry is confined to the allegations in the Amended Complaint, the State is left with the flawed argument that, under the "effects test," the State's alleged injury in

Montana is sufficient to establish minimum contacts as to UHG and OptumInsight. *See* ECF No. 109 at 21. That argument exposes a fundamental misunderstanding of the Supreme Court's personal jurisdiction precedent.

In *Walden*, the Supreme Court clarified *Calder*'s effects test, explaining that "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290; *Control Sols., Inc. v. MicroDAQ.com, Inc.*, 126 F. Supp. 3d 1182, 1191 (D. Or. 2015) (recognizing *Walden's* impact on the *Calder* effects test). "[A] 'mere injury to a forum resident is not a sufficient connection to the forum,' . . . [r]ather, 'an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden*, 571 U.S. at 290). Accordingly, it is not enough that the plaintiff is allegedly injured in the forum state because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

### b. The State fails to plead that UHG or OptumInsight's contacts arise from or relate to its claims.

The State's suit-relatedness argument is similarly propped up by "allegations" not found in the Amended Complaint. *See* ECF No. 109 at 24 (arguing *in its brief* that "UnitedHealth through its work as a Montana PBM" insisted payors pay inflated prices even though there is not a single allegation in the complaint that UHG

provided PBM services to anyone); *id.* at 25 (referencing OptumInsight's "analyses of Montana data").[4] Viewing the allegations in the Amended Complaint instead of the mischaracterizations of those allegations in the State's brief, the State fails to allege any suit-related conduct creating a substantial connection between UHG or OptumInsight and Montana. *See Munns*, 822 F. Supp. 2d at 1079 ("tenuous theories" in an opposition brief not pled in the complaint are insufficient to confer jurisdiction).

Because the State fails to allege (1) purposeful availment or (2) that this suit arises from or relates to forum-related conduct, specific jurisdiction is lacking, and the Court need not conduct a reasonableness inquiry. *See, e.g., Kinnee*, 2022 U.S. Dist. LEXIS 193688, at *18.

## IV.    JURISDICTIONAL DISCOVERY IS NOT WARRANTED.

The State bears the burden of demonstrating the propriety of jurisdictional discovery (*Harter v. Ascension Health*, No. CV-15-00343-TUC-RM, 2018 U.S. Dist. LEXIS 9464, at *18 (D. Ariz. Jan. 19, 2018)), but it can't meet that burden. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Here,

---

[4] Even if the State had alleged that OptumInsight analyzed some Montana data alongside data from every other state, that would be insufficient to show it expressly aimed its conduct at Montana.

UHG and OptumInsight argued that *even accepting as true* the State's factual allegations (setting aside the conclusory and threadbare ones), they are insufficient to establish personal jurisdiction. And when a plaintiff's request for jurisdictional discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," it is properly denied. *Id.* Additional discovery would not fix the State's defective pleading. Accordingly, the State's request for jurisdictional discovery should be denied. The Mississippi court rejected a similar request on nearly identical allegations.

### CONCLUSION

The Court should dismiss the State's Amended Complaint against UHG and OptumInsight for lack of personal jurisdiction.

DATED this 28th day of April, 2023.

> */s/* Katherine S. Huso
> Carey E. Matovich
> Katherine S. Huso
> MATOVICH, KELLER & HUSO, P.C.
>
> Brian David Boone (*pro hac vice*)
> Elizabeth Broadway Brown (*pro hac vice*)
> Jordan Edwards (*pro hac vice*)
> ALSTON & BIRD LLP
>
> *Attorneys for UnitedHealth Group Incorporated and OptumInsight, Inc.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this Brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, except for quoted and indented material; and the word count calculated by Microsoft Word is 3,249 words, excluding table of contents, table of authorities, caption, certificate of service and certificate of compliance.

*/s/* Katherine S. Huso
Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & HUSO, P.C.

*Attorneys for UnitedHealth Group*
*Incorporated and OptumInsight, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, I served a copy of the foregoing on all counsel of record by filing this document with the Court's electronic filing (ECF) system, which automatically notifies all counsel of record.

*/s/* Katherine S. Huso
Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & HUSO, P.C.

*Attorneys for UnitedHealth Group*
*Incorporated and OptumInsight, Inc.*
