**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE STATE OF ILLINOIS, EX REL., KWAME RAOUL, ATTORNEY GENERAL<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; EVERNORTH HEALTH, INC. (FORMERLY EXPRESS SCRIPTS HOLDING COMPANY); EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICES, INC.; EXPRESS SCRIPTS PHARMACY, INC.; MEDCO HEALTH SOLUTIONS, INC.; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; CAREMARK RX, LLC; CAREMARKPCS HEALTH, LLC; CAREMARK, LLC; UNITEDHEALTH GROUP, INC.; OPTUMRX INC.; AND OPTUMINSIGHT, INC.<br><br>*Defendants.* | Civil Action No. 1:23-cv-00170<br><br>Hon. Steven C. Seeger |

**CVS HEALTH CORPORATION'S MEMORANDUM SUPPORTING ITS RULE 12(b)(2)**
**MOTION TO DISMISS**
**<u>FOR LACK OF PERSONAL JURISDICTION</u>**

## INTRODUCTION

The State's claims against CVS Health Corporation ("CVS Health")—which is sued only in its capacity as the parent of the PBM CaremarkPCS Health, L.L.C.—fail because there are no factual allegations establishing that the Court has personal jurisdiction over CVS Health. Fed. R. Civ. P. 12(b)(2).

CVS Health is a holding company organized under the laws of the State of Delaware, with its principal place of business in Rhode Island. *See* Ex. A, Declaration of Thomas S. Moffatt in Support of CVS Health's Motion to Dismiss at ¶¶ 4-5 ("Moffatt Decl."). CVS Health's primary functions are to issue stock and file reports with the SEC. It performs no operations unrelated to its status as a holding company. *Id.* at ¶ 4. CVS Health has no offices or facilities in Illinois, none of its limited business functions regularly occur there, and it has no assets, income, employees, or operations there. *Id.* at ¶ 5. None of CVS Health's officers are located in Illinois. *Id.* at ¶ 6. CVS is not qualified as a foreign corporation under the laws of Illinois, does not have a registered agent for service of process there, and is not regulated by any Illinois state agency. *Id.* at ¶ 5.

The State nevertheless lumps CVS Health in with other CVS Caremark entities it has named as defendants in this case. That strategy does not salvage the State's claims against CVS Health. CVS Health, CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C.—(the other named CVS Caremark defendants)—all are separate and distinct entities that observe corporate formalities and maintain corporate separateness. *Id.* at ¶ 7. CVS Health has no involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiaries. *Id.* at ¶ 6.

The Complaint itself confirms that CVS Health is not subject to personal jurisdiction in Illinois. The State alleges that CVS Health's headquarters and principal place of business are outside of

1

Illinois (*see* Compl. ¶ 76), so it is not "at home" or subject to general personal jurisdiction in the State. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). There are likewise no allegations establishing specific personal jurisdiction in Illinois. As a general rule, "the jurisdictional contacts of a subsidiary corporation are not imputed to the parent," and the complaint's bare allegations (*e.g.*, Compl. ¶ 105) of CVS Health's status as a corporate parent therefore are insufficient as a matter of law. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003); *see Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 700 (N.D. Ill. 2008). The State's remaining allegations about CVS Health improperly conflate CVS Health with its indirect subsidiaries that provide PBM services (Compl. ¶ 79 n.4), even though CVS Health undisputedly is not a PBM and does not provide PBM services in Illinois or anywhere else. None of the State's factual allegations, therefore, establishes that CVS Health has suit-related contacts creating a "substantial connection" with the State of Illinois. *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018). The Court should dismiss the State's claims against CVS Health.

## STANDARD OF REVIEW

The State bears the burden of establishing personal jurisdiction. *See, e.g.*, *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). In carrying that burden, the State cannot rely on conclusory allegations—any showing of personal jurisdiction "must be based on specific facts set forth in the record." *WorkForce Software, LLC v. Workforce.com, Inc.*, 2021 WL 4963608, at *4 (N.D. Ill. Oct. 26, 2021) (internal quotation marks omitted). Although factual disputes are resolved in the plaintiff's favor, "if a defendant's affidavit contesting jurisdiction is not refuted . . . , the facts alleged in the defendant's affidavit are taken as true." *Roser v. Jackson & Perkins Wholesale, Inc.*, 2010 WL 4823074, at *7 (N.D. Ill. Nov. 15, 2010) (internal quotation marks omitted).

2

# ARGUMENT

The Illinois long-arm statute "permits courts to exercise personal jurisdiction up to the limits of the Due Process Clause." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). Under the Due Process Clause, there are two types of personal jurisdiction—general personal jurisdiction ("all-purpose" jurisdiction) and specific personal jurisdiction ("case-linked" jurisdiction). *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). "A court with general jurisdiction may hear any claim against [a] defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). Specific personal jurisdiction, in contrast, exists only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *see also Bristol-Myers Squibb*, 137 S. Ct. at 1781.

The State cannot establish either kind of personal jurisdiction. First, CVS Health is not subject to general jurisdiction because it is not "at home" in Illinois. Second, CVS Health does not have sufficient—indeed, any—suit-related contacts that would justify the exercise of specific jurisdiction.

## I. THERE IS NO BASIS FOR GENERAL JURISDICTION OVER CVS HEALTH.

The Due Process Clause prohibits the exercise of general jurisdiction over a business unless it is "fairly regarded as at home" in a state. *See Daimler*, 571 U.S. at 137. A company's "place of incorporation and principal place of business" are generally the only states that satisfy that requirement. *See id.*; *Kipp*, 783 F.3d at 698; *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1190 (N.D. Ill. 2014). To determine where a corporation is "at home," the Court must consider the "corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20.

3

It is undisputed that CVS Health does not have its place of incorporation or principal place of business in Illinois. Instead, as the State alleges, CVS Health is organized under Delaware law and has its principal place of business in Rhode Island. *See* Compl. ¶ 76. Nor does CVS Health have any assets, income, employees, facilities, or offices in Illinois. And none of CVS Health's limited business functions occur there. *See* Moffatt Decl. at ¶ 5. The State vaguely (and summarily) alleges that CVS "transacts business" in Illinois (Compl. ¶ 76), but that bare allegation does not establish general jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The State gives no specifics to support that conclusory allegation. And, even on its own terms, the "substantial, continuous, and systematic course of business" in a state is not enough to confer general personal jurisdiction. *Daimler*, 571 U.S. at 137-38.[1]

## II. THE COURT DOES NOT HAVE SPECIFIC PERSONAL JURISDICTION OVER CVS HEALTH.

To establish specific personal jurisdiction, the State must prove three "essential requirements":

> First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (cleaned up).

The State establishes none of those required elements. The complaint does not allege a "substantial connection," *Walden*, 571 U.S. at 284, between Illinois and any suit-related conduct of

---

[1] Because there is no constitutional basis for general jurisdiction, the State likewise cannot assert jurisdiction under 735 ILCS 5/2-209(b)(4), which authorizes general jurisdiction only over corporations "doing business within" the state of Illinois. *See* 735 ILCS 5/2-209(b)(4). The standard under this provision is "virtually identical to the federal requirement for general jurisdiction.'" *Landwer v. Sodhi*, 2018 WL 6000868, at *3 (N.D. Ill. Nov. 15, 2018).

4

CVS Health. Nor does any such conduct exist. CVS Health is simply a holding company that issues stock, files reports with the SEC, and executes "limited" related functions. All of its operations relate to its functions as a holding company and none takes place in Illinois. Moffatt Decl. at ¶¶ 4-6. CVS Health does not offer or perform PBM services. *Id.*

Nothing in the State's complaint supports the conclusion that this Court has specific personal jurisdiction over CVS Health. Most of the State's limited discussion of CVS Health appears in allegations about its status as a corporate parent of the PBM entity, CaremarkPCS Health, L.L.C. *See* Compl. ¶¶ 100, 105. But a parent-subsidiary affiliation alone is not enough to support specific personal jurisdiction. *See, e.g.*, C*annon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, (1925); *Purdue Research Found.*, 338 F.3d at 788 n.17; *Convergence Aviation, Ltd. v. United Techs. Corp.*, 2012 WL 698391, at *2 (N.D. Ill. Feb. 29, 2012); *Santora*, 580 F. Supp. 2d at 700.

The State's remaining references to CVS Health only underscore the State's failure to plead contacts sufficient to support a finding of specific personal jurisdiction.

**Paragraph 76:** The State concedes in this paragraph that CVS Health's place of organization is in Delaware and its principal place of business is in Rhode Island. Those allegations affirmatively undercut any notion that the Court has specific personal jurisdiction over CVS Health. The State nevertheless alleges without elaboration or support that CVS Health "transacts business and has locations throughout the United States and Illinois." These conclusory allegations come nowhere close to satisfying even a basic notice pleading standard. *See Iqbal*, 556 U.S. at 678. These allegations also are insufficient to confer jurisdiction because they do not allege that CVS Health performs any activities in Illinois *related to the State's claims*, and "[s]pecific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum

5

state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014).

Even if the State's allegation were sufficient, CVS Health has come forward with a declaration establishing that CVS Health does not conduct substantial business in Illinois. *See* Moffatt Decl. ¶ 5. The State's bare allegation therefore is entitled to no weight. *See Rawlins v. Select Specialty Hosp. of Nw. Indiana, Inc.*, 2014 WL 1647182, at *6 (N.D. Ill. Apr. 23, 2014); *Roser*, 2010 WL 4823074, at *6-7.

**Paragraph 78:** The State alleges in conclusory fashion that CVS Health "through its executives and employees" is "directly involved" in the alleged scheme. But the State does not describe CVS Health's alleged involvement with any specificity. These "unsupported factual allegations," *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015), cannot provide the connection to the forum that the constitution requires. Indeed, "any showing of jurisdiction must be 'based on specific facts set forth in the record, rather than . . . conclusory allegations.'" *WorkForce Software*, 2021 WL 4963608, at *4.

To the extent the State attempts to establish personal jurisdiction by piercing the corporate veil, its allegations again are insufficient. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (cleaned up). Courts therefore apply a presumption of corporate separateness "even when a parent wholly owns its subsidiary and the entities have identical officers and directors." *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 5994971, at *5 (Del. Ch. Nov. 13,

6

2018).[2] To overcome that presumption under an alter-ego theory, a plaintiff must establish that the subsidiary is a "a sham and exist[s] for no other purpose than as a vehicle for fraud." *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *12 (Del. Ch. Sept. 2, 2008) (quoting *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999)).

Here, the Complaint does not allege any illegal abuse of corporate formalities, and there are none. CVS Health, and all of the separate and distinct CVS Caremark entities, observe and enforce corporate formalities. *See* Moffatt Decl. at ¶ 7. CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., in particular, each have their own governing documents; maintain their own corporate records, bank accounts, and financial records; for jurisdictions where they are required to file separately, file their own tax returns; fund their own operations, if any; bear responsibilities for their own debts, if any; and have their own managers or board of directors, which meet separately from the board of directors of CVS Health. *Id.* At most, the State summarily refers to "interlocking directorships and shared executives" of certain entities. *See* Compl. ¶ 105. Even if these allegations were presumed true, they do not establish a prima facie showing of any alter-ego relationship as a matter of law. "A parent corporation is not liable for the acts of its subsidiary merely because it . . . shares common shareholders, directors or officers with the subsidiary." *Wenske*, 2018 WL 5994971, at *6; *DG BF, LLC v. Ray*, 2021 WL 776742, at *27 (Del. Ch. Mar. 1, 2021).

**Paragraphs 79-81:** The State further alleges that "CVS Health" has made various public filings and statements regarding the PBM business, but the State glosses over how "CVS Health" is

---

[2] Under Illinois law, efforts to pierce the corporate veil are governed by the law of the state of incorporation (here, Delaware). *Westmeyer v. Flynn*, 889 N.E.2d 671, 676 (Ill. App. Ct. 2008); *accord Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378 (7th Cir. 2008).

defined in those contexts.  For example, in the public filings the State references, CVS Health is specifically defined to include all its "subsidiaries."  *See, e.g.*, CVS Health Corporation, Form 10-K (dated Feb. 9, 2017) at 3, available at https://www.sec.gov/Archives/edgar/data/64803/000006480317000006/cvs-20161231x10k.htm.  CVS Health itself never provided PBM services, and the Complaint does not allege otherwise.

**Paragraphs 82-84:** Lastly, the State summarily asserts that CVS Health executives "participated in" certain "executive meetings in furtherance of the Insulin Pricing Scheme" with Novo Nordisk, Eli Lilly, and Sanofi.  The State, however, does not allege that any of these meetings occurred in Illinois, nor does the State attempt to allege any actual facts about what occurred during those meetings or what involvement CVS Health executives had.  The State's claim that CVS Health executives attended meetings "in furtherance of" the alleged scheme is therefore entirely speculative and does not establish specific jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (holding that "a relationship among the defendant, the forum, and the litigation is the essential foundation of" specific jurisdiction (internal quotation marks omitted)); *Curry*, 949 F.3d at 398 ("The essential point of the inquiry is to ensure that an out-of-state defendant is not bound to appear to account for merely random, fortuitous, or attenuated contacts with the forum state." (internal quotation marks omitted)); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) ("The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction.").

Finally, the State tries to gin up specific jurisdiction by defining CVS Health, together with four other companies, as "CVS Caremark."  *See* Compl. ¶ 106 ("Collectively, Defendants CVS Health, CVS Pharmacy, Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., including all predecessor and successor entities, are referred to as 'CVS Caremark.'").  The

8

law, however, requires a plaintiff to demonstrate that *each* defendant has the requisite *suit-related* contacts with Illinois. *E.g.*, *Bristol-Myers Squibb*, 137 S. Ct. at 1781. The State does not do so. The State has sued "CVS Caremark" "in its capacities as a PBM and retail and mail order pharmacy." Compl. ¶ 107. But the State fails to allege that *CVS Health* provides any of those services—in Illinois or elsewhere.

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the Complaint against it for lack of personal jurisdiction.

Dated: March 6, 2023　　　　　　　　　　Respectfully submitted,

/s/ *Elizabeth Z. Meraz*
Elizabeth Z. Meraz
**Nixon Peabody LLP**
70 W. Madison, Suite 5200
Chicago, IL 60602
T: 312.977.4400
Firm ID: 43523
ezmeraz@nixonpeabody.com

Enu Mainigi (*pro hac vice* forthcoming)
Craig Singer (*pro hac vice*)
R. Kennon Poteat III (*pro hac vice*)
A. Joshua Podoll (*pro hac vice* forthcoming)
Daniel Dockery (*pro hac vice* forthcoming
**WILLIAMS AND CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com

# CERTIFICATE OF SERVICE

I hereby certify that, on March 6, 2023, a copy of the foregoing document was electronically filed through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to counsel of record.

*/s/ Elizabeth Z. Meraz*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE STATE OF ILLINOIS, EX REL., KWAME RAOUL, ATTORNEY GENERAL<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; EVERNORTH HEALTH, INC. (FORMERLY EXPRESS SCRIPTS HOLDING COMPANY); EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICES, INC.; EXPRESS SCRIPTS PHARMACY, INC.; MEDCO HEALTH SOLUTIONS, INC.; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; CAREMARK RX, LLC; CAREMARKPCS HEALTH, LLC; CAREMARK, LLC; UNITEDHEALTH GROUP, INC.; OPTUMRX INC.; AND OPTUMINSIGHT, INC.<br><br>*Defendants.* | Civil Action No. 1:23-cv-00170<br><br>**DECLARATION OF THOMAS S. MOFFATT IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS** |

I, THOMAS S. MOFFATT, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I am authorized to make this Declaration on behalf of Defendant CVS Health Corporation. I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2. I have been employed with CVS Pharmacy, Inc., a wholly owned subsidiary of CVS Health Corporation, since 1997. I currently hold the position of Vice President, Corporate Secretary and Senior Legal Counsel – Corporate Services of CVS Pharmacy, Inc.

3. In that capacity, I am familiar with the corporate structure of CVS Health Corporation. Over the past twenty-five years in my role at CVS Pharmacy, Inc., I have become

1

familiar with the nature of the primary business functions of CVS Health Corporation and its direct and indirect subsidiaries.

4. CVS Health Corporation is a holding company, and its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. CVS Health Corporation also performs certain other functions related to those primary functions. However, CVS Health Corporation has no operations unrelated to its status as a holding company.

5. CVS Health Corporation is organized under the laws of the State of Delaware, and its principal place of business is located in the State of Rhode Island. It has no offices or facilities in Illinois, and none of its limited business functions regularly occur there. CVS Health Corporation has no assets, income, employees, or operations in Illinois. CVS Health Corporation is not qualified as a foreign corporation under the laws of Illinois, it does not have a registered agent for service of process there, and it is not regulated by any Illinois state agency.

6. CVS Health Corporation has agreements with a limited number of senior executives who are officers of CVS Health Corporation and who are employed by and provide services to various subsidiaries of CVS Health Corporation. None of these officers is located in Illinois. CVS Health Corporation has no direct involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiary companies, including CVS Pharmacy, Inc., Caremark Rx, L.L.C, Caremark, L.L.C., and CaremarkPCS Health, L.L.C.

7. CVS Health Corporation is a separate and distinct company from CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health, L.L.C., which are also separate and distinct companies from each other. Each of these companies observes and enforces corporate formalities. CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., and

CaremarkPCS Health, L.L.C. are not reporting divisions of CVS Health Corporation. Rather, they are separate entities. Each of them has its own governing documents; maintains its own corporate records, bank accounts, and financial records; for jurisdictions where required to file separately, files its own tax returns; funds its own operations, if any; bears responsibility for its own debts, if any; and has its own managers or board of directors, who meet separately from the board of directors of CVS Health Corporation.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of February, 2023, in Rhode Island.

_____
THOMAS S. MOFFATT

4