

Park 80 West–Plaza One    (201) 845-9600 Main
250 Pehle Avenue    (201) 845-9423 Fax
Suite 401
Saddle Brook, NJ 07663

njlawfirm.com

Matthew F. Gately, Esq.
mfg@njlawfirm.com
Direct Line: (551) 497-7189

June 5, 2024

**VIA ECF**
Hon. Brian R. Martinotti, U.S.D.J.
United States District Court, District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Plaza, 3rd Floor
Newark, New Jersey 07102

       Re:    *In re Insulin Pricing Litigation*
                 Case No. 2:23-md-3080 (BRM/RLS)

Dear Judge Martinotti:

       We write on behalf of the plaintiffs in *In re Direct Purchaser Insulin Pricing Litig.*, No. 2:20-cv-03426 (the "DPP Action"), and the Third-Party Payor PBM cases, *Local 837 Health and Welfare Plan v. Eli Lilly and Company*, No. 2:23-cv-20932 (D.N.J.) ("the Local 837 Action"), and *Local 1 No. Health Fund v. Eli Lilly and Co.*, No. 2:23-cv-21160 (D.N.J) ("the Local 1 Action") (together with the Local 837 Action, the "TPP PBM Actions"). Pursuant to the Court's pre-motion filing requirements, we seek leave to file a motion to (1) consolidate the DPP Action into the TPP PBM Actions, (2) replace the existing TPP Class Track with a Direct Purchaser Class Track ("DPP Class Track"), and (3) appoint a leadership structure for the DPP Class Track. A proposed Case Management Order reflecting these changes is attached. Good cause exists for the requested relief. Defendants stated they "have no objection to the DPP case being consolidated into the existing Third-Party Payer Class Track," which is equivalent to the relief sought here.

**I.**      **Background**

       ***DPP Action***: Plaintiffs in the DPP Action filed their original class action complaint in March 2020 against Pharmacy Benefit Managers CVS-Caremark, Express Scripts, and OptumRx ("PBM Defendants") and insulin manufacturers Eli Lilly, Novo Nordisk, and Sanofi-Aventis ("Manufacturer Defendants"). The complaint asserts claims on behalf of a proposed class of direct purchaser wholesalers. The DPP Action originally was assigned to Your Honor who, in 2021, granted in part and denied in part motions to dismiss the First Amended Complaint, allowing the federal RICO claims to proceed. In November 2022, DPP Plaintiffs amended their complaint to plead additional RICO predicate acts, and Defendants moved to dismiss the Second Amended Complaint. Following the creation of the MDL, the pending motions to dismiss were administratively terminated, and all case-related deadlines were stayed.

***TPP PBM Actions***: Plaintiffs in the TPP PBM Actions filed their initial complaints in October 2023. The complaints assert federal RICO claims against the same PBM and Manufacturer Defendants as the DPP Action, on behalf of proposed classes of direct purchaser TPPs. No deadlines have been set for consolidated amended complaints or motions to dismiss. Pursuant to CMO # 3, Melissa L. Yeates (counsel for Local 837) and Michael L. Roberts (counsel for Local 1) were named Interim Co-Lead Counsel for the TPP PBM Class.

***MDL***: In August 2023, the JPML centralized before Your Honor the insulin pricing actions. ECF No. 1 in MDL No. 3080 (J.P.M.L. Aug. 4, 2023) ("JPML Order"), at 4. The MDL includes the TPP PBM Actions. The DPP Action is coordinated with the MDL for purposes of discovery. *See* ECF No. 5 in No. 23-md-03080 (D.N.J.). Pursuant to CMO #1, all discovery had been stayed in the DPP and TPP PBM Actions until recently. Following the May 13, 2024 case management conference to discuss discovery in the MDL and DPP Action, Judge Singh allowed certain discovery to begin and took the parties' competing discovery plans under advisement.[1]

## II. The Court Should Consolidate the DPP Action into the TPP PBM Actions Under Fed. R. Civ. P. 42 and Replace the TPP Class Track with the DPP Class Track

"Federal Rule of Civil Procedure 42(a) grants trial courts broad discretion to 'streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues' by consolidating related cases." *United States v. 662 Boxes of Ephedrine*, 590 F. Supp. 2d 703, 707 (D.N.J. 2008). "When exercising this discretion, a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008).

All of the factors necessary for consolidation are present here. First, the DPP Action and the TPP PBM Actions arise from the same operative facts—that the Manufacturer and PBM Defendants conspired to artificially inflate the list price of insulin in violation of federal law. Second, the DPP Action and TPP PBM Actions both assert exclusively federal law claims (RICO and Robinson Patman Act) on behalf of direct purchaser plaintiffs. Accordingly, the DPP Action and the TPP PBM Actions will necessarily focus on common questions of fact and law.

Moreover, judicial economy will be well served by consolidating the actions. As noted, the then-pending motion to dismiss in the DPP Action was administratively terminated, and the plaintiffs in the TPP PBM Actions have not yet filed a consolidated amended class action complaint. Subject to the Court's approval, consolidation will enable the plaintiffs in the newly created DPP Class Track to file a single, consolidated amended class action complaint asserting direct purchaser claims against the Manufacturer and PBM Defendants (instead of dividing these claims between two pleadings, each of which will likely be subject to two separate motions to dismiss for a total of four motions). The proposed consolidated complaint will assert federal RICO and Robinson Patman Act class claims on behalf of direct purchasers. The sufficiency of these direct purchaser plaintiffs' allegations could then be addressed via a single motion to dismiss by

---

[1] If and when consolidation is granted, Plaintiffs will submit a revised discovery plan to Judge Singh reflecting this change.

the Manufacturer and PBM Defendants, respectively, to the benefit of the parties and the Court. Plaintiffs will meet and confer with Defendants and present a stipulated schedule for an amended complaint and motions to dismiss to the Court.

Consolidation will promote efficiency in discovery as well. Importantly, discovery in the DPP Action had been stayed since last summer and remains in its nascent stages. Discovery is just beginning in the MDL, and consolidation will allow the formerly separate DPP Action and TPP PBM Actions to be merged into a single DPP Class Track that can speak with a unified voice. This merger will prevent overlapping discovery requests and negotiations. Moreover, the parties in the DPP Action and the MDL have already been working collaboratively in, among other things, negotiating a confidentiality order, ESI Protocol, and discovery plan to govern all actions in the MDL, including the DPP Action. Consolidating the DPP Action into the TPP PBM Actions will further promote these collaborative efforts.

Conversely, none of the factors that weigh against consolidation are present. There is no potential for delay, as all discovery in the DPP Action and the MDL was stayed until only recently. Likewise, there is no prejudice to Defendants.[2]

In addition to consolidation, we also respectfully request that the Court replace the existing TPP Class Track with the DPP Class Track. The existing TPP Manufacturer complaints will either be dismissed or consolidated into the new DPP Class Track, which will result in all TPP and wholesaler claims in a single track.

### III. The Court Should Appoint a Leadership Structure for the DPP Class Track

Finally, pursuant to Federal Rule of Civil Procedure 23(g), to facilitate the orderly and efficient prosecution of the consolidated action, Plaintiffs ask the Court to appoint a leadership structure for the DPP Class Track, consisting of (i) Michael Roberts of Roberts Law Firm US, PC, Melissa L. Yeates of Kessler Topaz Meltzer & Check, LLP (current co-lead counsel for the TPP PBM Class), and James Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. (current co-lead counsel for the TPP Manufacturer Class), as Interim Class Counsel/Co-Lead Counsel for the DPP Class Track; (ii) Matthew Gately of Cohn Lifland Pearlman Hermann & Knopf LLP as Liaison Counsel for the DPP Class Track; and (iii) Dianne Nast of NastLaw, LLC; Don Barrett of Barrett Law Group, PA; James R. Dugan, II of Dugan Law Firm; and Joseph M. Vanek of Sperling & Slater LLC, as members of the Steering Committee for the DPP Class Track. All counsel in the TPP PBM Actions and DPP Action support this leadership proposal.

Plaintiffs respectfully submit that no further briefing is necessary, and that the requested

---

[2] While consolidation accomplishes the same objective, the Court also has discretion to formally transfer the DPP Action into the MDL. The JPML Order (at 4 n. 9) provides: "We take no position on whether the New Jersey Insulin Pricing Actions [including the DPP Action] should be formally included in the MDL given the advanced posture of those actions. We leave this decision, and all matters related to the conduct of pretrial proceedings, *to the discretion of the transferee court*." Transferring the DPP Action into the MDL would simply memorialize what has already been occurring informally since the MDL was created.

relief can be decided on the basis of this letter and any responses thereto.

Respectfully submitted,

*/s/ Matthew F. Gately*

Matthew F. Gately
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 West-Plaza One
250 Pehle Avenue
Saddle Brook, NJ 07663
Tel.: (201) 845-9600
mfg@njlawfirm.com

Melissa L. Yeates
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
myeates@ktmc.com

Michael L. Roberts
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us

Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
decklund@carellabyrne.com

cc:   Hon. Rukhsanah L. Singh (*via ECF*)
      All counsel of record (*via ECF*)