

**Melissa A. Geist**
Direct Phone: +1 609 514 5978
Email: mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

June 12, 2024

**Via ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court, District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Plaza, 3rd Floor
Newark, New Jersey 07102

**Re: *In Re: Insulin Pricing Litigation*, Case No. 2:23-md-3080-(BRM/RLS)**

Dear Judge Martinotti:

Defendants write in response to the June 5, 2024 letter from the named plaintiffs in *In re Direct Purchaser Insulin Pricing Litigation*, No. 2:20-cv-03426 (the "Direct Purchaser Action"), and a subset of plaintiffs from the Third-Party Payer Track (collectively, "Movants"). *See* ECF No. 195. The Direct Purchaser Action Plaintiffs are wholesalers that buy medicines directly from the Manufacturer Defendants, and then sell those medicines downstream to pharmacies and other retailers. The Third-Party Payer Plaintiffs are health plans that provide insurance coverage for their members—but they do not buy medicines from Manufacturer Defendants.

Movants never discussed the specific proposal outlined in their letter with Defendants during the parties' several meet and confers (over the course of which Movants' proposal shifted repeatedly). It appears that Movants now seek the following:

(1) Consolidate Some (But Not All) TPP Cases with Direct Purchaser Action: A subset of the Third-Party Payer Plaintiffs and the Direct Purchaser Plaintiffs will consolidate their cases and file a single consolidated amended complaint. *See* ECF No. 195 at 2-3. Movants have represented that they will abandon all state law and individual claims as part of this process, and will seek to certify a class under Rule 23. *See id.* at 2.

(2) Dismiss or Consolidate Remaining TPP Cases: The remaining Third-Party Payer Plaintiffs' complaints will be "dismissed or consolidated," leaving just the single consolidated amended complaint. *Id.* at 3.

(3) Rename TPP Track: The existing Third-Party Payer Track will be renamed the "Direct Purchaser Class Track." *Id.* at 1, 2.

(4) Amend Leadership Structure: Movants will then seek to amend the leadership structure of the new track. *Id.* at 3.



Defendants do not oppose a proposal to consolidate Movants' Third-Party Payer Track cases and the Direct Purchaser Action so long as the non-Movant Third-Party Payer Plaintiffs dismiss or consolidate their cases—i.e., condition (2) above—meaning that there will continue to be three tracks in this MDL. That said, the remaining Third-Party Payer Plaintiffs ***did not*** join this submission, and thus Defendants do not know if they will in fact dismiss or consolidate their cases as Movants represented to the Court. Defendants would oppose the creation of any additional tracks in this MDL.

In addition, Defendants wish to raise three additional issues regarding the proposal.

First, Defendants object to Movants' effort to recharacterize the reconstituted track as a "Direct Purchaser" track. That legal label applies only to *wholesalers* that purchase medicines directly from the Manufacturer Defendants. In contrast, the Third-Party Payer Plaintiffs are union health insurance plans who—as the track's name indicates—are *third party payers*, not direct purchasers. Third party payers are "textbook" indirect purchasers who are "barred from recovery in a RICO action by the indirect-purchaser rule." *Humana, Inc. v. Indivior, Inc.*, 2022 WL 17718342, at *2-3 (3d Cir. Dec. 15, 2022). Like the plaintiffs in *Humana*, the Third-Party Payer Plaintiffs in this MDL "seek redress for injuries suffered because their insureds purchased [a product] and [the payers] reimbursed those purchases." *Id.* at *3; *see, e.g.*, *Local 837* Compl. ¶ 11 (alleging that health plans like plaintiff were "harm[ed]" because they "must reimburse pharmacies for their plan members' insulin purchases at a set rate tethered to the list price"); *Regional Council of Carpenters* Compl. ¶ 10 (same). Labeling any track containing third-party payer plaintiffs as a "Direct Purchaser" track is both confusing and prejudicial. Calling it the Class Track or the Class Action Track would be more accurate, because it will contain two different types of plaintiffs—Third-Party Payer Plaintiffs and Direct Purchaser Plaintiffs—who are both pursuing putative class claims.

Second, Defendants must be afforded the right to ensure that the discovery plan governing this reconstituted track accounts for the fact that it will contain different types of plaintiffs at different points in the pharmaceutical distribution chain, from whom different types of discovery will be necessary. For example, the Third-Party Payer Plaintiffs contract with PBMs who administer their prescription drug coverage, while the Direct Purchaser Action Plaintiffs contract directly with Manufacturer Defendants to purchase their medicines. Combining these two distinct groups into a single track does not alter the fact that Defendants will require different kinds of discovery from these two different types of plaintiffs.

Third, given the way the present issue has evolved, Defendants are concerned that Plaintiffs may in the future seek to create additional tracks or (again) reshuffle the tracks as internal disputes among Plaintiffs may arise, and in so doing undermine the efficiency of this MDL. At the start of this MDL, Plaintiffs organized themselves into three tracks, each of which was led by a steering committee. Each steering committee comprises a diverse group of counsel, all of whom have been charged to work together to represent the interests of the plaintiffs in their respective tracks. CMO No. 1 at § 8. Unfortunately, the Third-Party Payer Class Track has not always spoken with one voice. Instead, different counsel within this track have asserted there are separate groups representing what they tend to call the "TPP PBM track" and "TPP Manufacturer track"—even though this Court's order creating the tracks (CMO No. 3) recognizes only a single Third-Party Payer Class track. And over the past two months, Movants have at times indicated to Defendants that they intended to propose that the Court create a *fourth* track consisting of the Direct Purchaser Action and some of the Third-Party Payer Plaintiffs.

Defendants previously communicated their objection to the creation of additional tracks, and it appears from their letter that Movants have relented. That said, Defendants believe that internal disagreements among plaintiffs' counsel within tracks should be resolved in the first instance by the steering committee within the existing track, not by requesting that the Court create new tracks or

reorganize the tracks. Such requests only serve to bog down this MDL, as has happened here. It has been six months since the parties started negotiating motion-to-dismiss briefing, and while the parties have agreed to briefing schedules (or submitted briefs) in the other two tracks, the Third-Party Payer Plaintiffs still have not filed an amended complaint.

Defendants appreciate Your Honor's consideration of these points.

Respectfully submitted,

*/s/ Melissa A. Geist*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978

**KIRKLAND & ELLIS LLP**
James F. Hurst (pro hac vice)
Andrew A. Kassof (pro hac vice)
Robert B. Ellis (pro hac vice)
Diana M. Watral (pro hac vice)
Ryan Moorman (pro hac vice)
Jason A. Feld (pro hac vice)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant*
*Eli Lilly and Company*

*/s/ Liza M. Walsh*

**WALSH PIZZI O'REILLY**
**FALANGA LLP**
Liza M. Walsh
Katelyn O'Reilly
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

**JONES DAY**
Michael R. Shumaker (pro hac vice)
Julie E. McEvoy (pro hac vice)
William D. Coglianese (pro hac vice)

51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939

*Attorneys for Defendant*
*Sanofi-Aventis U.S. LLC*

*/s/ Brian W. Carroll*

**GIBBONS P.C.**
Christopher Walsh
One Gateway Center
Newark, NJ 07102
(973) 596-4500

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (pro hac vice)
David B. Toscano (pro hac vice)
450 Lexington Ave.
New York, New York 10017
(212) 450-4000

**DAVIS POLK & WARDWELL LLP**
Neal A. Potischman (pro hac vice)
Andrew Yaphe (pro hac vice)
1600 El Camino Real
Menlo Park, California 94025
(650) 752-2000

*Attorneys for Defendant*
*Novo Nordisk Inc.*

*/s/ Brian D. Boone*

Thomas P. Scrivo Young Yu
**O'TOOLE SCRIVO, LLC**

Brian D. Boone
Elizabeth Broadway Brown
Kelley Connolly Barnaby
**ALSTON & BIRD LLP**

*Counsel for UnitedHealth Group Incorporated; OptumRx, Inc.; Optum, Inc.; and OptumInsight, Inc.*

*/s/ Jason R. Scherr*
Jason R. Scherr
Patrick A. Harvey
Lindsey T. Levy
**MORGAN LEWIS & BOCKIUS LLP**

-and-

Drew Cleary Jordan
Tanya Y. Shah
**MORGAN LEWIS & BOCKIUS LLP**

-and-

Katherine A. Vaky
**MORGAN, LEWIS & BOCKIUS LLP**

*Counsel for Evernorth Health, Inc. (f/k/a Express Scripts Holding Company); Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Medco Health Solutions, Inc., and The Cigna Group*

*/s/ A. Joshua Podoll*
Kevin H. Marino, Esq. John
D. Tortorella, Esq.
**MARINO, TORTORELLA & BOYLE, P.C.**

Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll Benjamin Hazelwood
Daniel Dockery
**WILLIAMS & CONNOLLY LLP**

*Counsel for CVS Health Corporation;* CVS *Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; and Caremark, L.L.C.*