

John Alden Meade*
Charlotte C. Meade*
Adam G. Young*

400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
504-382-6283
504-717-2846 (f)
jam@meadeyoung.com

July 5, 2024

**VIA ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court, District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Plaza, 3rd Floor
Newark, New Jersey 07102

   Re: *In re Insulin Pricing Litigation*
     Case No. 2:23-md-3080 (BRM/RLS)

Dear Judge Martinotti,

We write on behalf of the States of Louisiana and Indiana in the above referenced litigation, with member case numbers 23-22978 and 24-07048 for Louisiana and 24-6068 for Indiana. Pursuant to Case Management Orders 1 and 3, there is currently a "State AG Track" to which these two cases would presumably belong, though as yet no order establishes as much, and these orders were issued prior to Louisiana's and Indiana's transfer to this MDL. As reflected in the Court's docket, Louisiana and Indiana share common outside counsel, the law firms of Salim-Beasley LLC and Meade Young LLC, but there is otherwise no overlap in representation with the other cases listed in the "State AG Track" in CMO #3.

Accordingly, pursuant to the Court's pre-motion filing requirements, the States of Louisiana and Indiana request leave to file a motion to appoint the firms of Salim-Beasley LLC and Meade Young LLC as additional Co-Lead Counsel for the State AG Track. In connection with such a motion, Louisiana and Indiana would assert their sovereign right to be represented by counsel of their choosing, and to have a say in decisions that will affect their sovereign rights and the performance of their duties to protect their own citizens. Louisiana and Indiana would also highlight the fact that their shared outside counsel represent 20% (2 of 10) of the States currently in the litigation, while every other State in the State AG track already has representation in this MDL as a Co-Lead.

June 14, 2024
Page 2

Beginning on Monday, June 17, and continuing over the last several weeks, undersigned counsel have met and conferred with counsel for Defendants as well as the current Co-Leads for the State AG Track. On Friday, June 21, Defendants indicated that they take no position on this request. The current State AG Co-Leads, however, we have refused to accept any additional Co-Leads to the State AG Track. Instead, Co-Leads have offered only to create a new "Steering Committee" sub-tier, stocked with counsel from their firms, and adding only Robert L. Salim to this group. No details were given regarding what, if any, authority this Steering Committee would have. Indiana and Louisiana offered to compromise by adding only Robert L. Salim as a Co-Lead, and adding John Alden Meade to the Steering Committee (if created), but this attempted compromise was simply rejected.

The primary reason provided for declining to accept counsel for Louisiana and Indiana as Co-Leads is their States' supposed resistance to the MDL itself.[1] This objection is both disingenuous and inaccurate. Louisiana did originally oppose the Conditional Transfer Order to this MDL, but that issue has been decided, and has no bearing on the litigation going forward. Indeed, on account of that ruling, this same counsel elected *not to oppose* the Conditional Transfer Order for Indiana. It is a complete non-issue going forward.

Louisiana and Indiana do, however, have pending motions to remand their cases back to state court.[2] But so does Pennsylvania, who has representation among the Co-Leads. Furthermore, given the stay on all deadlines entered by this Court, Utah will apparently still have the option to later seek remand when the Court determines the appropriate time. And as the Court is aware, California in fact succeeded in its motion to remand, prior to being transferred to this MDL. Thus, while Louisiana and Indiana are not "resisting" this MDL, to the extent their interests regarding remand diverge at all from those States not seeking remand, this is a reason *in favor of* appointing their outside counsel as additional Co-Lead counsel, so that, for instance, no decisions are made by current Co-Lead counsel that might risk waiver.

---

[1] Co-Leads also mentioned in passing that Indiana has not named Eli Lilly as a defendant, but failed to explain how this fact renders Indiana's case (and its counsel) inappropriate for inclusion among the Co-Leads.

[2] Presently, Louisiana's and Indiana's remand motions are being held in abeyance pursuant to this Court's order, with no particular timeline for their resolution. In the interim, it is paramount concern to Louisiana and Indiana to ensure that no waiver of occurs and, moreover, that their cases are properly preserved for resolution in their respective state courts.

June 14, 2024
Page 3

There are, of course, other differences between the States, particularly as the form and scope of the relief sought (*e.g.*, damages/restitution, injunctive relief, penalties), the elements of proof therein, as well as the entities on whose behalf relief is sought (*i.e.*, *parens patriae*, sovereign, and/or proprietary capacities). As such, Louisiana and Indiana have some unique – and sovereign – interests that are not adequately protected by existing Co-Lead Counsel.

Louisiana and Indiana are mindful that "Federal Rule of Civil Procedure 42(a) grants trial courts broad discretion to 'streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues' by consolidating related cases." *United States v. 662 Boxes of Ephedrine*, 590 F. Supp. 2d 703, 707 (D.N.J. 2008). To be clear, Louisiana and Indiana have no objection to any of the Court's case management orders issued prior to their transfer, and instead are requesting that the Court update the leadership structure of the State AG Track to reflect their addition to the MDL. Louisiana and Indiana are not seeking to change any upcoming deadlines, and submit that the addition of their common outside counsel will enhance "judicial economy" in this case and not cause any "new delays, expense or prejudice" to any party. *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008). To the contrary, their exclusion as Co-Leads poses these risks.

In the exercise of its sovereign rights and in the discharge of its duties, each State is surely entitled to the full measure of representation in this MDL. Defendants have taken no position, and the current Co-Leads have not set out any principled objection. If anything, excluding Louisiana and Indiana from participating as Co-Leads will only create problems while solving none. Accordingly, the States of Louisiana and Indiana hereby respectfully request leave to file a motion to appoint the firms of Salim-Beasley LLC (attorney Robert L. Salim) and Meade Young LLC (attorney John Alden Meade) as Co-Lead Counsel for the State AG Track.

Respectfully submitted,

*/s/ John Alden Meade*
*/s/ Robert L. Salim*
*Counsel for the States of Louisiana and Indiana*