# Exhibit 3

1

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
 _____

 IN RE: INSULIN PRICING              CIVIL ACTION NUMBER:

 LITIGATION                          2:23-md-03080-BRM-RLS


                                     CASE MANAGEMENT CONFERENCE

 _____

 Clarkson S. Fisher Building & U.S. Courthouse
 402 E. State Street
 Trenton, New Jersey 08608
 Monday, May 13, 2024
 Commencing at 2:36 p.m.


 B E F O R E:              THE HONORABLE RUKHSANAH L. SINGH,
                           UNITED STATES MAGISTRATE JUDGE


 A P P E A R A N C E S:

 SEEGER WEISS, LLP
 BY: DAVID R. BUCHANAN, ESQUIRE
     STEVEN J. DAROCI, ESQUIRE
 55 Challenger Road
 Ridgefield Park, New Jersey 07660
 Liaison Counsel for Plaintiffs in the Self-Funded Payer Track


 THE CICALA LAW FIRM, PLLC
 BY: JOANNE M. CICALA, ESQUIRE
 101 College Street
 Dripping Springs, Texas 78620
 Liaison Counsel for Plaintiffs in the State Attorney General
 Track


           John J. Kurz, Federal Official Court Reporter
                   John_Kurz@njd.uscourts.gov
                        (856)576-7094

  Proceedings recorded by mechanical stenography; transcript
           produced by computer-aided transcription.
```

*United States District Court*
*District of New Jersey*

*1*           Moreover, our approach allows us to, as I think Your
*2*   Honor pointed out, resolve some of those common objections
*3*   early on and to determine, you know, what are the groupings of
*4*   cases.  We can probably say, you know, X number of cases all
*5*   made this same objection and then we can resolve them kind of
*6*   at the front end instead of having essentially bellwethers
*7*   where we only deal with a small subset of cases which may not
*8*   raise some of the issues that we will have to deal with later.
*9*           THE COURT:  Well, I think also if we have an
*10*  understanding of even, you know, in how many cases is there
*11*  this issue, right?
*12*          MS. PATTERSON:  Correct.
*13*          THE COURT:  Whatever that issue may be.  It's a
*14*  proportionality analysis almost, right?  Let's prioritize that
*15*  issue for resolution because it's going to impact, say, a
*16*  hundred as opposed to just five, right?
*17*          MS. PATTERSON:  Absolutely, Your Honor.
*18*          And I think that that really touches on kind of one
*19*  of the key disputes between plaintiffs and defendants is that
*20*  we're having a lot of these arguments in a very abstract sense,
*21*  right, in the ESI protocol or in the discovery plan, when
*22*  really we would be benefited from having concrete discussions
*23*  about this in the context of specific cases and the specific
*24*  needs of the cases so we can weigh proportionality.
*25*          You know, if you go back to the hyperlink discussion,

```
 1   proposal.
 2              THE COURT:  Okay.
 3              MS. PATTERSON:  Your Honor, respectfully, what
 4   Mr. Buchanan is proposing now is slightly different than what
 5   plaintiffs have said that they are proposing.  What we had
 6   understood that they said was we would do plaintiff fact sheets
 7   with accompanying document requests for all of the plaintiffs.
 8   Again, those document requests are critically important.  Where
 9   I thought we were disagreeing is what is the content of those
10   document requests.
11              Now, Mr. Buchanan is changing it a little bit from
12   what we had said in those meet-and-confers.  But I just want to
13   point that out as an initial matter.  Regardless of whether you
14   do plaintiff fact sheets or master discovery, it is critical
15   for the defendants to get at least some document requests out
16   to plaintiffs or documents that support their plaintiff fact
17   sheet responses.  That is what we did in the consumer class
18   case.  And that is something that, frankly, took a long time
19   for us to negotiate and actually get the appropriate responses
20   to.
21              THE COURT:  Well, isn't there a -- is there a
22   scenario here -- and wildly out on a limb, I suppose -- where
23   we can have a conversation about what these fact sheets,
24   discovery requests look like?  Let's call them "fact sheets,"
25   okay, the content of the fact sheets for each and every
```

```
 1   plaintiff.  And then depending on what they say, defendants can
 2   pick a small set of document requests for each plaintiff.  Is
 3   that not something that might be reasonable?
 4             MS. PATTERSON:  Your Honor, may I ask a clarifying
 5   question?
 6             THE COURT:  Yeah.
 7             MS. PATTERSON:  Would we get document requests for
 8   all of the plaintiffs?  Because, again, our concern is that --
 9             THE COURT:  That's what I'm thinking, like targeted
10   requests.  So you have a plaintiff fact sheet, there is a
11   question about when did you receive notice of, you know, your
12   potential claims.  They say, you know, yesterday, but then you
13   ask for documents supporting yesterday, right?  I mean, is that
14   crazy?
15             MS. PATTERSON:  Yes, Your Honor.  I -- it's not
16   crazy.  It's not crazy.
17             (Laughter.)
18             THE COURT:  Okay.
19             MS. PATTERSON:  It's not crazy.
20             THE COURT:  We can redact that from the record.
21             (Laughter.)
22             MS. PATTERSON:  Please do, please do.
23             Your Honor, yes, I will answer your question.  As
24   long as it's custodial documents, then that's essentially what
25   we're proposing.
```

Case 2:23-md-03080-BRM-RLS   Document 269-3   Filed 08/30/24   Page 6 of 10 PageID: 8250

*37*

```
1                 THE COURT:  Uh-huh.
2                 MS. PATTERSON:  Is that we give that and we tell
3     them, hey, here are the master requests that we need, you know,
4     whether it's plaintiff fact sheets or otherwise, here are those
5     key issues, and here's the custodial data or the custodial
6     documents we need for that.
7                 THE COURT:  Uh-huh.
8                 MS. PATTERSON:  Now, if they say "yesterday," we
9     would still want custodial information for any, for example,
10    newsletters that they may have received prior to yesterday, to
11    prove up that point.
12                THE COURT:  Uh-huh.  I get it.
13                MS. PATTERSON:  But so long as it's meaningful
14    document discovery, meaningful documents, custodial documents
15    we're getting from plaintiffs, that -- you know, I don't want
16    to speak for my colleagues, but that's something that we have
17    discussed before as potentially working for us.
18                THE COURT:  Okay.
19                MS. BARNABY:  Kelley Barnaby on behalf of OptumRx and
20    related defendants.
21                I think clarifying a little bit, it's -- I think
22    Melissa was getting to this point.  It's not just the documents
23    that prove up the point.  It's the opportunity to have
24    documents that may criticize the point or disprove the point.
25    And we want to be able to explore that sooner rather than
```

*United States District Court
District of New Jersey*

```
 1   later.
 2             And the second concern is I think creating an
 3   asymmetry of discovery.  So there is a mention of "defendant
 4   fact sheets."  So are we talking about fact sheets all around
 5   with limited document requests, or are we talking about
 6   plaintiff fact sheets and document requests with all-out
 7   discovery on defendants?
 8             THE COURT:  Uh-huh.
 9             MS. BARNABY:  And so I just want to raise that point
10   as well, that we think that there should not be an asymmetry
11   here in the process.
12             THE COURT:  Okay.
13             MS. PATTERSON:  Yes, Your Honor.  And Ms. Barnaby
14   raises an excellent point.  This is the first time we've really
15   discussed defendant fact sheets.  Our understanding of the
16   proposed plan was that all three of the plaintiffs would
17   coordinate together and serve master discovery requests on all
18   of the defendants.  It would be an all-out --
19             MR. BUCHANAN:  Yeah.  I think that was a -- that was
20   a slip on my part, Your Honor.  I think in our compromise on
21   our side among the three tracks, we agreed to master requests
22   against the defendants.
23             THE COURT:  Okay.
24             MR. BUCHANAN:  And that's why, frankly, from our
25   perspective, providing a fact sheet -- and we did agree that we
```

*1*   would do stipulated document requests within the fact sheet.
*2*   That was contemplated. I guess if that was misheard or I
*3*   misspoke, I apologize.
*4*          THE COURT: Okay.
*5*          MR. BUCHANAN: Again, though, this was designed,
*6*   frankly, to enable sharing of early information, not, you know,
*7*   flipping over the mattress type and getting everything that's
*8*   under there and finding everything. It was designed to get
*9*   information over the transom to inform, if you will, the
*10*  selection of a group of cases where we are going to do that.
*11*  Because ultimately that's what happens. I mean, it's through
*12*  that crystallization process where we do the full fact
*13*  discovery that a lot of the -- that's where the issues really
*14*  get joined. That's when the issues -- the legal issues get
*15*  joined. That's when everything gets joined.
*16*          If we want to do everything against everybody all at
*17*  once, our proposal is a little different. Our proposal is a
*18*  little different, because everybody has got to do everything
*19*  all at once and on not just the discovery pool cases, but
*20*  everybody is going to have to be taking that discovery from the
*21*  defense. And I do think there is some collateral fallout to
*22*  that that makes this MDL less central and, frankly, a number of
*23*  other courts, unfortunately, I don't know, a place where this
*24*  type of litigation will be found.
*25*          THE COURT: Okay.

*1*     I would join Mr. Scherr in saying this may be a
*2* unique circumstance where putting off a ruling until we at
*3* least have a consolidated amended complaint and understand what
*4* that universe looks like would be appropriate.
*5*     I also think that if we're going with a plaintiff
*6* fact sheet model, the number of requests that the TPPs then are
*7* talking about looks very different.  If we're also talking
*8* about sharing discovery, it sounds to me like we've now created
*9* a world in which the State AG Track and the Self-Funded Payer
*10* Track are doing fact sheets towards defendants and we're doing
*11* fact sheets with plaintiffs while the TPPs are going to be
*12* having full-fledged discovery of us that would be shared with
*13* the other plaintiffs.
*14*     So, again, I think we need to have much more clarity
*15* on what exactly we're dealing with, and then there could be a
*16* fact sheet model that works really well to get everyone kicked
*17* off in a meaningful, substantive way with some document
*18* requests and we hit the ground running from there.
*19*     THE COURT:  Okay.
*20*     MS. CICALA:  Your Honor, if I may clarify one thing.
*21* Plaintiffs have not proposed to defendants that there be a
*22* defendant fact sheet.  That's not something in our submission.
*23* We've proposed serving them -- we've proposed -- for the State
*24* AG Track.  I just wanted to clarify.  I think Mr. Buchanan
*25* might have miss --

1  your expectations of what it would look like and plaintiffs'
2  expectations of what it would look like and what additional
3  information you might need.  So you don't necessarily have to
4  submit a proposed form in 15 days, but have this conversation
5  and report back on where you are.
6           MR. MOORMAN:  That's exactly what we envisioned.
7  Thank you, Your Honor.
8           THE COURT:  Yeah.  Okay.  Does that help?
9           MS. CICALA:  Yes.  Thank you, Your Honor.
10          THE COURT:  All right.  Wonderful.  Then we are
11 adjourned.  And I thank you for your time and your appearance
12 here today.
13          Thank you, Mr. Kurz.
14          THE COURTROOM DEPUTY:  All rise.
15          THE COURT REPORTER:  My pleasure, Your Honor.
16          (Proceedings concluded at 4:25 p.m.)
17 - - - - - - - - - - - - - - - - - - - - - - -
   **FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE**
18 - - - - - - - - - - - - - - - - - - - - - - -
19    I certify that the foregoing is a correct transcript
20 from the record of proceedings in the above-entitled matter.
21
22
23 /S/John J. Kurz, RDR-RMR-CRR-CRC            May 14, 2024
24 Court Reporter/Transcriber
25

*United States District Court*
*District of New Jersey*