**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| **IN RE: INSULIN PRICING LITIGATION** |

**No. 23-md-3080 (BRM) (RLS)**
**MDL No. 3080**

**THIS DOCUMENT RELATES TO: STATE AG TRACK CASES**

**ORDER REGARDING INFORMAL DISCOVERY DISPUTE**

**PRESENTLY** before the Court is a dispute between Plaintiffs in the State Attorney General Track cases ("State AG Plaintiffs") and Defendants as to whether discovery shall proceed in the State AG Track cases by way of Plaintiff Fact Sheets ("PFS") or Master Discovery Requests on common issues. (*See* Doc. Nos. 168, 220, and 222; *see also* Doc. Nos. 270, and 270-1 at Ex. 16). On September 5, 2024, the Court heard oral argument on the dispute. (*See* Doc. No. 275). The Court has carefully considered the parties' submissions and arguments raised during the September 5, 2024 hearing. For good cause shown and the reasons set forth below, the Court finds that a PFS approach better suits the needs of the State AG Track cases.

The parties are familiar with this matter, and thus the Court only briefly discusses that background relevant to the instant dispute. Following meet and confers as directed by the Court, the State AG Plaintiffs propose that Defendants seek initial discovery from each State in this track via a proposed PFS, with supplemental and/or case-specific discovery to proceed thereafter in some form. (*See* Doc. No. 220 and 220-1 (proposed PFS); *see also* Doc. No. 168 at pp. 6-9). The State AG Plaintiffs contend, in part, that a PFS approach facilitates an efficient way to proceed consistent with proposed Rule 16.1 of the Federal Rules of Civil Procedure as well as the

1

methodology implemented in other multidistrict litigations ("MDLs").  The State AG Plaintiffs proffer that this method would aid the parties and the Court in selecting bellwether discovery and/or trial pools sooner rather than later.

Defendants oppose the PFS approach and instead propose that discovery proceed by way of Master Discovery Requests focused on the key issues presented in these cases.  (*See* Doc. No. 222).  Defendants argue that a PFS approach is inadequate and inappropriate here because it would not substantively advance discovery or the merits of these cases.  They further contend it would not necessarily aid in identifying bellwether cases because of the nature of the parties, claims, and defenses in this track.  Defendants contend the cases in which MDL courts have applied the PFS approach are distinguishable from the present track in both size and complexity.  They underscore that the number of cases in this track are not (to date) so expansive that proceeding by way of Master Discovery Requests would be unduly burdensome.  In lieu of a PFS, Defendants propose proceeding by way of Master Discovery Requests, limited to thirty (30) Interrogatories and thirty (30) Requests for Production.  Defendants further propose that the Manufacturer Defendants would collectively serve one set of Master Discovery Requests upon each State AG Plaintiff and that the PBM Defendants would collectively serve one set of Master Discovery Requests upon each State AG Plaintiff.  (*See* Doc. No. 222-2).

As Defendants point out, discovery traditionally begins with the Federal Rules of Civil Procedure, which the Court construes and applies "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  MDL courts are "given wide latitude with regard to case management in order to effectively achieve the goals set forth by" 28 U.S.C. § 1407, including convenience and efficiency.  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 247 (3d Cir. 2013).  MDL courts thus are tasked with balancing efficiency with the

need to provide the parties a full and fair opportunity to assess and present the merits of their claims or defenses.  That balance begins with a bespoke discovery plan.[1]

Here, considering the nature of the claims and defenses, the complexity of the issues, and the size of this track, the Court finds that a PFS approach in this track would efficiently move these matters to their next stages and aid the early definition of the issues presented.  A well-tailored PFS can address any distinctions among the State AG Plaintiffs that concern Defendants and provide substantive information as to the potential merits of the parties' respective claims and defenses. As raised by the State AG Plaintiffs, the use of a PFS in this track would streamline the discovery process, aiding the effective management of this complex matter.  Indeed, other MDL courts have successfully used this methodology to manage discovery and ultimately identify bellwether cases and/or discovery pools.[2]

While the State AG Plaintiffs have proposed a PFS, Defendants have not provided any comments to the proposed form in light of the instant dispute.  Accordingly, the Court does not adopt the State AG Plaintiffs' proposed PFS and instructs the parties to meet and confer as to a proposed PFS and case management order to govern implementation of the PFS.

Accordingly, for those reasons and for good cause shown,

**IT IS** on this **6th** day of **September 2024** hereby

**ORDERED** that discovery in the State AG Track Cases shall begin with the use of Plaintiff Fact Sheets.  The parties shall meet and confer as to a proposed Plaintiff Fact Sheet and case

---

[1]  *See* Advisory Comm. on Civ. Rules, Meeting of the Advisory Committee on Civil Rules, proposed Fed. R. Civ. P. 16.1(c)(4) at 116 (Mar. 28, 2023) (recognizing that early exchanges of information depend on careful consideration of a variety of factors present in a particular MDL).
[2]  The Court makes no determination at this stage as to whether this track will proceed to discovery pools or bellwethers following the exchange of the PFS.

management order regarding implementation and shall update the Court as to the status of those

meet and confers by no later than **September 30, 2024.**

      **SO ORDERED.**

 

                                     **RUKHSANAH L. SINGH**
                                     **UNITED STATES MAGISTRATE JUDGE**