## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE: INSULIN PRICING
LITIGATION

**Case No. 2:23-MD-03080**
**MDL No. 3080**

**Hon. Brian R. Martinotti**
**Hon. Rukhsanah L. Singh**

**DOCUMENT RELATES TO:  State AG Track**

### STATE OF ILLINOIS'S RESPONSE IN OPPOSITION TO MOTION TO APPOINT ADDITIONAL CO-LEAD COUNSEL FOR STATE AG TRACK

Plaintiff State of Illinois, through undersigned counsel of record, opposes the Motion to Appoint Additional Co-Lead Counsel for the State Attorney General Track (Dkt. 261) filed by the States of Indiana and Louisiana ("Appointment Motion").[1]

*First*, both Indiana and Louisiana have filed motions to remand, contending that their cases do not belong in this MDL because the Court does not have subject matter jurisdiction over their claims. Such a position fundamentally conflicts with the responsibility imposed upon leadership counsel, namely the zealous representation of all State AG Track plaintiffs for purposes of litigation management and coordination.

---

[1] Pursuant to Case Management Order No. 3 (Dkt. 34), the Court appointed five attorneys as co-lead counsel for the State AG Track.  The Appointment Motion seeks to expand the number of co-lead counsel beyond the original five.

*See In re Fairlife Milk Prods. Marketing and Sales Pracs. Litig.,* 2020 WL 362788, *3 (N.D. Ill. Jan. 22, 2020) ("[T]he primary concern in appointing leadership of an MDL is to choose lawyers who will "efficiently and effectively represent the interests of" the [p]laintiffs.") (citation omitted). It goes without saying that State AG Track co-lead counsel must be aligned and unified, because intra-track disagreements will inevitably delay prosecution of the State AG Track actions on their merits.

Further, if the Appointment Motion is granted, and the Court later grants the remand motions, the leadership group of the State AG Track would *again* be disrupted, potentially resulting in prejudice to the State AG Track plaintiffs. In fact, in one of the matters cited in the Appointment Motion (*In Re Plavix Product Liability and Marketing Litigation*, MDL #2418), moving counsel served as interim liaison counsel for a short period, until the State of West Virginia's case was remanded and new counsel was appointed. No. 3:13-cv-02418 (D.N.J.), Dkt. 51 (initial leadership order), Dkt. 126 (appointment of new liaison counsel); *State of West Virginia, ex re. Darrell V. McGraw, Jrs., Attorney General v. Bristol-Myers Squibb Co., et al.*, No, 3:13-cv-01603 (D.N.J.), Dkt. 29-30 (remand opinion and order).

Accordingly, while Plaintiffs believe the Court should deny the Appointment Motion, at the very least, the Court should hold it in abeyance until the remand motions and jurisdictional issues are resolved.[2]

*Second*, although the Appointment Motion is silent as to its basis, the underlying rationale is set forth in a July 5, 2024 letter to the Court (Dkt. 224). In that letter, Indiana and Louisiana assert a "sovereign right to be represented by counsel of their choosing" and suggest that "[i]n the exercise of its sovereign rights …, each state is surely entitled to the full measure of representation within this MDL."

These concerns are unfounded. The denial of an attorney's appointment as co-lead counsel does not impair that attorney's ability to communicate with the Court or his clients. *See, In re FedEx Ground Package System, Inc.,* 2008 WL 3992242, *2, *3 (N.D. Ind. Aug. 22, 2008) (recognizing that maintaining "current leadership structure best serves judicial economy and efficiency"). In a court's "leadership role determination," "no individual plaintiff's choice of lawyer is at stake." *In re Pharmaceutical Industry Average Wholesale Price Litig.,* 2008 WL 53278, *2 (D. Mass. Jan. 3, 2008).[3]

---

[2] Indeed, the Plavix MDL Court instructed counsel for the plaintiffs to make leadership proposals *after* the Court ruled on the jurisdictional issues presented in motions to remand. *In Re Plavix Product Liability and Marketing Litigation,* No. 3:13-cv-02418 (D.N.J.), Dkt. 51 at ¶¶ 6-7.

[3] Notably, the Appointment Motion does not allege that the current co-lead counsel cannot effectively coordinate and manage the State AG Track or that the current leadership structure is inefficient or unworkable.

Further, appointment of additional co-lead counsel based upon sovereign interests would lead to unmanageable and inefficient ends. Each State that joins this MDL in the future would have the same argument. Adding new co-leads every time a new State joins would undermine the point of having co-leads in the first place and would interfere with the Court's goal of establishing a manageable leadership group with whom the Court may communicate and hold responsible for effective management of the State AG Track. *See* MDL Standards and Best Practices, Duke Law Center for Judicial Studies, Sept. 11, 2014, p. 29[4] ("[T]he number [of co-lead counsel] should not be so large that it defeats the purpose of appointing someone to lead the litigation.").

Additionally, Illinois is constrained to observe tension between the representative leadership roles cited in the Appointment Motion and the record in several of those matters. *See e.g. In re Eliquis (Apixaban) Products Liability Litigation*, No. 1:17-md-2754 (S.D.N.Y.), Dkt. 26; *Juul Labs Product Cases*, JCCP No. 5052, No. 19-STCV-22935 (Los Angeles County Superior Court), CMO No. 1.

*Third*, in the alternative, rather than expand the co-lead group, the Court should create a Steering Committee within the State AG Track, as it has done within the other plaintiff tracts of this MDL. Other courts have concluded that "[a]ppointing a

---

[4] https://judicialstudies.duke.edu/sites/default/files/centers/judicialstudies/MDL_St andards_and_Best_Practices_2014-REVIS, last visited August 27, 2024, 9:50 p.m.

committee to support lead counsel is usually more effective than staffing the litigation with numerous co-lead counsel, which can lead to delays in decision making and unnecessary duplication of effort." *In re Santa Fe Natural Tobacco Co. Marketing and Sales Prac. And Prod. Liab. Litig.,* 2018 WL 4200315, *4 (D. N.M. Aug. 31, 2018) (citing MDL Standards and Best Practices, p. 29).

Establishing a Steering Committee provides an avenue for new entrants, including Louisiana and Indiana, to participate in the decision-making processes within the State AG Track. *See, In re 5-Hour Energy Marketing v. Innovation Ventures, LLC,* 2013 WL 12134144, *2 (C.D. Cal. Nov. 8, 2013) (citing MANUAL FOR COMPLEX LITIGATION, Fourth, Federal Judicial Center 2004, Section 10.221 Organizational Structures, p. 25) ("Committees of counsel 'are most commonly used when group member's interests and positions are sufficiently dissimilar to justify giving them representation in decision making.'").

For these reasons, Plaintiff opposes the Appointment Motion and respectfully requests that the Court deny the Appointment Motion and allow 30 days for the State AG Track to submit a proposal for the creation of a Steering Committee.

Alternatively, Plaintiff requests that the Court hold the Appointment Motion in abeyance until after the motions to remand are resolved.

RESPECTFULLY SUBMITTED this the 10th day of September, 2024.

THE STATE OF ILLINOIS, by
KWAME RAOUL, ATTORNEY
GENERAL OF ILLINOIS

/s/ Walter G. Watkins, III
Edwin S. Gault, Jr., IL Bar # 6314552
Walter G. Watkins, III., Bar ID # 100314
Tanya D. Ellis, Bar ID # 101525
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Win.Gault@formanwatkins.com
Tanya.Ellis@formanwatkins.com
Trey.Watkins@formanwatkins.com

David F. Buysse, IL Bar # 3126915
Deputy Chief, Public Interest Division
Illinois Attorney General's Office
100 W. Randolph Street – 12th Floor
Tel: (312) 590-7844
david.buysse@ilag.gov

Darren Kinkead, IL Bar # 6304847
Deputy Chief, Special Litigation Bureau
Office of the Attorney General of Illinois
100 W. Randolph Street – 11th Floor
Tel: (773) 590-6967
darren.kinkead@ilag.gov

Matthew C. McDonald, Bar ID # 105966
DAVID NUTT & ASSOCIATES
605 Crescent Blvd, Suite 200
Ridgeland, MS 39157
Tel: (601) 898-7302
mattm@davidnutt.com

Joanne Cicala
Josh Wackerly
R. Johan Conrod
THE CICALA LAW FIRM PLLC
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com

W. Lawrence Deas, Bar ID # 100227
William Liston, III, Bar ID # 8482
LISTON & DEAS, PLLC
605 Crescent Blvd., Ste. 200
Ridgeland, MS 39157
Tel: (601) 981-1636
lawrence@listondeas.com
william@listondeas.com

## Certificate of Service

I hereby certify that on September 10, 2024, I electronically filed the foregoing, State of Illinois's Response in Opposition to Motion to Appoint Additional Co-Lead Counsel for State AG Track, with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Walter G. Watkins, III
Walter G. Watkins, III