UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>This Document Relates to:<br>State AG Track | Case No. 2:23-md-3080 (BRM)(RLS)<br>MDL No. 3080<br><br>**HON. BRIAN R. MARTINOTTI**<br>**HON. RUKHSANAH L. SINGH** |

**STATE OF LOUISIANA AND STATE OF INDIANA'S
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
TO APPOINT ADDITIONAL CO-LEAD COUNSEL FOR STATE AG TRACK**

The Plaintiffs, States of Louisiana and Indiana, through undersigned counsel of record, submit this memorandum in support of their Motion to Appoint Additional Co-Lead Counsel for the State Attorney General Track (Dkt. 261), in reply to the opposition filed by the State of Illinois (Dkt. 280).

In its opposition, Illinois treats Louisiana and Indiana (the "Movant States") as conventional parties to a MDL proceeding, without making a critical distinction: **Louisiana and Indiana are sovereigns.** As recognized in the Tenth Amendment to the United States Constitution, sovereignty resides in the states, who retain all powers not specifically delegated to the federal government. U.S. Const., Amend. 10. *See Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991) ("[T]he States entered the federal system with their sovereignty intact."). State sovereignty is the legal authority and responsibility of an independent entity to govern and regulate its affairs and people without foreign interference. Sovereignty denotes independence. It

1

is a concept based on democracy; *i.e.*, rule by the people. The federal constitution recognizes that state governments are in the best position to enact laws that protect the interests of their own citizens. *See Printz v. United States*, 521 U.S. 898, 919-20 (quoting The Federalist No. 15, at 109) (The Constitution secures "a system in which the State and Federal Governments would exercise concurrent authority over the people–who were, in Hamilton's words, 'the only proper objects of government.'"). Hence, states are granted exclusive power to regulate their land, citizens, and resources. This core principle signifies the federal system's decision to preserve a state's unique identity. Sovereign states are not only independent from the federal government; they are absolute and independent of each other. *See*, *e.g.*, *White v. Hart*, 80 U.S. 646, 650 (1871) ("[t]he government of the Nation and the government of the States are each alike absolute and independent of each other in their respective spheres of action."); *see also Jones v. Cooprider*, 1 Blackf. 47,48 (Ind. 1819)("[i]t is very certain that the several States, are closely connected together by a political bond of union, and form one great confederate republic; but it must be recollected, at the same time, that these States are entirely independent of each other, except as to the powers delegated by the Constitution of the United States to the General Government."). Illinois' response wholly ignores this fact.

Importantly, Illinois, or any other state made party to this litigation, cannot legally bind another state. As such, this leadership committee cannot make decisions on behalf of the separate Movant States. As asserted above, under the Constitution of the United States of America, each state is uniquely empowered to govern its own affairs without external interference from another state. *See Northwest Austin Municipal Util. Dist. No. One v. Holder* 557 U.S. 193, (2009) (There is a "fundamental principle of equal sovereignty" among States.). This undoubtedly explains why

every other State named in this MDL already has its own legal representation among the Co-Lead Counsel in this MDL, save Indiana and Louisiana.

Unlike the contractual representation arrangements within traditional MDL leadership structures, permitting Illinois or any of the other current leadership states to make decisions on behalf of the Movant States would undermine these constitutional principles of sovereignty and comity. Indeed, under these principles, binding a sovereign requires participation by that sovereign in the decision-making process and the agreements stemming therefrom. A state's consent is fundamental and cannot be presumed. Again, sovereignty is rooted in democracy and the idea that states represent their citizens. *See Printz, supra*. Another state sovereign cannot represent the citizens of Movant States, without either express consent or active and meaningful participation.

Illinois' primary argument is that the Movant States' pending remand motions create fundamental conflicts with the responsibilities imposed upon leadership counsel. This is simply false. First, while the motions for remand are pending, Movant States intend to prosecute their claims to the fullest extent of the law, regardless of their eventual venue. Second, even if the Movant States were ultimately remanded to their respective state courts, their interests in pursuing this litigation would continue to be sufficiently aligned and unified with the other plaintiffs and would not change with the jurisdiction. To argue that a potential departure from a case disqualifies a party from participating in MDL leadership would suggest that any party who may be dismissed via a motion or settlement would be similarly unfit to serve on leadership. This is simply unfounded. Giving credence to such arguments ignores the realities of multi-district litigation and would lead to absurd consequences. Should the Movant States be remanded, the resolution is simple—their representative would cease to be a part of this MDL leadership. Their

attorney's involvement as lead counsel would hardly be an obstacle to the forward movement of the federal litigation. In fact, it has the opposite result: it ensures the MDL's progress by adequately representing all parties' interests. Not having proper representation while Movant States are still in this federal litigation has the potential to delay–not advance–the matter. Allowing each state to have a seat at the table from the outset prevents objections regarding unrepresented interests or distinct concerns on the back end. It is inefficient to require Movant States to constantly gauge throughout litigation whether their interests are fairly being considered (which could necessitate a stop-and-go motions practice), when their attorney could be appointed now and readily guarantee representation. Should the Movant States' interests no longer need to be represented in the federal litigation, the case simply proceeds without them as parties or co-lead. No conflict exists.

      Additionally, though the Movant States have filed Motions to Remand, those motions do not have any certain prospective date upon which they will be decided, nor is there any reason to believe that a decision is imminent. The ultimate determination of that judgment is also unpredictable. *See The People of the State of California v. CaremarkPCS Health LLC et al,* No. 23-55597 (9th Cir. 2024), Dkt. No. 55-1, dated August 13, 2024, where decision to remand to state court was reversed on appeal. Thus, allowing the *possibility* of remand to be the sole impediment to the appointment of Movant States' attorney as co-lead is arbitrary and counter-productive to advancing the federal litigation. Accordingly, no compromise of interests would result from Movant States having their attorney enrolled as co-lead in this matter.

      Notably, though the co-leadership group represents at least eight states, Illinois is the only state objecting to this Motion. The other states involved in this MDL **all** have representation within the MDL leadership, and **every** state besides Illinois has confirmed that it has no

objection to the appointment of the Movant States' attorney to leadership. Meanwhile, Louisiana and Indiana are the only two states who are not represented in this MDL's leadership structure. Given the principles of sovereignty and comity, their lack of representation cannot be overlooked or cured simply by claiming their interests are protected. Movant States, as sovereign states, must be treated independent from, and equal to, the other MDL states. Excluding them alone puts them in an inferior position, without justification and against constitutional mandates.

Nor would appointment on a "Steering Committee" be sufficient. At the moment, no such committee has even been established or convened for the State AG Track, even though it is contemplated in CMO 3. But to the extent that such a committee would have any lesser authority or prerogative held by Co-Lead Counsel, the same problem exists.

From a practical standpoint, leadership representation on behalf of each sovereign is essential, as there is no other way in which to bind those sovereigns or to assess common benefit payments from them. As described at the outset, each sovereign possesses the sole right to control its own resources, including the litigation funding customarily collected within an MDL structure. Each sovereign must be given the ability to weigh in on costs, as it is each sovereign's responsibility to bear its own financial obligations. Moreover, each sovereign has the sole power and authority to enforce its own rights and laws. To the extent that each state has differences between their cases—forms of relief, elements of claims, monetary or injunctive remedies, availabilities of penalties, etc.—each state must be given a full voice to express, pursue, and enforce those particularities. Those differences already exist among the current leadership states, which is a significant reason why each state has its own representation in the leadership committee. Nor would the addition of a single attorney, on behalf of both Movant States, be

disruptive to the efficient management of the case. It is instead highly efficient, and indeed proportionate and consistent with what is already being done in this case.

Another important consideration is that denying the sovereign Movant States the ability to have their own representation in this leadership committee would be unprecedented. To our knowledge, no state has ever been compelled to accept representation and decision making from attorneys with whom it has no attorney-client relationship. Such an arrangement would surely be beneath the dignity of a sovereign, and unenforceable. Traditionally when states act in concert to bring suits together in federal court, they are placed on their own track within an MDL. And while there may be a single lead spokesperson with whom the court primarily communicates or who makes the bulk of the appearances, those are **not** positions that have been appointed by the court. Rather, that informal representation is an organizational decision made by **every** participating state amongst themselves. Any person purporting to speak on behalf of other states must get those states' permission **each time** a representation is made. No single person or state may bind any other state, apart from the one state they specifically represent. This has been the model for state participation through attorneys general in MDL litigation for years, as state sovereignty is a principle that is typically given the utmost deference by the courts and other states.

The only contrary example that comes somewhat close is the recent Opioid MDL, where there was limited leadership. But in that case, the states that had filed their cases in their own courts (as Louisiana and Indiana did here), were not truly a part of that MDL, and were **not bound** by it.[1] The states' participation in the Opioid MDL was on a voluntary basis only, for the purposes of negotiating settlement. In fact, many states were concurrently carrying on litigation

---

[1] By way of exception, there were a few states who filed their state litigation directly into the MDL rather than in their own state courts. However, the vast majority of states were not materially involved in that litigation.

in their own home state courts during the pendency of their participation in the Opioid MDL for settlement purposes. But under the structure of the Opioid MDL, any state could walk away at any time without impairing a single right or claim they possessed. As such, it is a substantially different scenario than the one contemplated here. Here, Louisiana and Indiana do not consent, formally or otherwise, to representation by the existing Co-Lead counsel for the State AG Track. Instead, Louisiana and Indiana propose to have one attorney among them be included among the Co-Leads, so that the Co-Leads can reach a consensus opinion that reflects the will of every sovereign, not just a subset thereof.

In sum, the model proposed by Illinois in this litigation—having court-ordered binding representation of a sovereign without its consent—is unprecedented and, potentially, in violation of the Constitution of the United States. Effective governance hinges on respecting these boundaries, which ensures that decisions are made by those who are directly accountable to the affected sovereign states. Any other approach undermines the very interests sovereignty and democracy were designed to protect. As such, the Movant State's request to appoint their attorney of record as a co-lead in this matter should be granted.

Respectfully submitted,

FOR PLAINTIFF STATE OF INDIANA
THEODORE E. ROKITA, ATTORNEY GENERAL FOR THE STATE OF INDIANA

By:   */s/ Betsy M. DeNardi*
      Betsy M. DeNardi (Attorney No. 23856-71)
      Scott L. Barnhart (Attorney No. 25474-82)
      Office of the Indiana Attorney General
      Indiana Gov't Center South, 5th Floor
      302 West Washington St.
      Indianapolis, IN 46204
      Betsy.denardi@atg.in.gov
      Scott.barnhart@atg.in.gov

FOR PLAINTIFF STATE OF LOUISIANA
LIZ MURRILL, ATTORNEY GENERAL FOR THE STATE OF LOUISIANA

By:    */s/Nicholas J. Diez*
       Michael D. Dupree (No. 26870)
       Public Protection Division
       Nicholas J. Diez (No. 31701)
       Matthew P. Stafford (No. 32706)
       Medicaid Fraud Control Unit
       1885 N. Third Street, 4th Floor
       Baton Rouge, Louisiana 70802
       Telephone: (225) 326-6400
       Facsimile: (225) 326-6499
       DupreeM@ag.louisiana.gov
       Diezn@ag.louisiana.gov
       Staffordm@ag.louisiana.gov

**Certificate of Service**

I hereby certify that on September 18, 2024, I electronically filed the foregoing State of Louisiana's and State of Indiana's Reply Memorandum in Support of Their Motion to Appoint Additional Co-Lead Counsel for State AG Track, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                              */s/ Betsy M. DeNardi*
                              Betsy M. DeNardi
                              Deputy Attorney General