# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **No. 23-md-3080 (BRM) (RLS)**<br>**MDL No. 3080** |

**THIS DOCUMENT RELATES TO: SELF-FUNDED PAYER TRACK CASES**

**ORDER REGARDING FACT SHEETS**

**PRESENTLY** before the Court are disputes between Plaintiffs in the Self-Funded Payer ("SFP") Track cases (the "SFP Track Plaintiffs") and Defendants as to the proposed Plaintiff Fact Sheets ("PFSs") for this Track and any Defendant Fact Sheet ("DFS"). (*See* Doc. Nos. 269, 270). On September 5, 2024, the Court heard oral argument on the disputes. (*See* Doc. No. 275). The Court has fully considered the parties' submissions and arguments raised during the September 5, 2024 hearing. Through this Order, the Court resolves the disputes regarding the Fact Sheets to be used in the SFP Track cases.

## I.    PLAINTIFF FACT SHEETS

The parties dispute a number of issues in connection with the PFSs for the SFP Track Plaintiffs, which primarily relate to the scope and specific requests.

### A.    SCOPE DISPUTES

First, the parties dispute how a SFP Track Plaintiff should respond to requests that may call for information within the possession, custody, or control of a Pharmacy Benefit Manager ("PBM") defendant. The SFP Track Plaintiffs propose the following language:

> The scope of the questions herein and responses thereto will be limited to information and/or documents within the possession,

1

> custody, or control of those Plaintiffs. However, to the extent any of the information requested is in the possession of one or more of the Defendants and is not currently in Your possession, Plaintiffs agree to request such information from Defendants and Defendants agree to fully cooperate in providing information requested in these requests to the extent the information requested is in the possession of one or more of the Defendants.

(Doc. No. 270-1 at ECF p. 18). Defendants propose the following instead:

> The scope of the questions herein and responses thereto will be limited to information and/or documents within each plaintiff's possession, custody, or control. To the extent a plaintiff lacks information or documents in its possession, custody, or control in response to the questions or documents requests below, it shall expressly state it lacks such information in its response.

(Doc. No. 270-1 at ECF p. 30).

Indeed, it is possible that a SFP Track Plaintiff may not have within its respective possession, custody, or control information or documents responsive to some of the requests in a PFS. In such an instance, the SFP Track Plaintiff should state as such and responses to the PFS should not be delayed waiting for discovery from Defendants or other parties. *See* Fed. R. Civ. P. 26(d)(3)(B). The Court finds Defendants' proposed language better serves the goal of moving discovery in these matters in an efficient manner and thus adopts Defendants' proposed language.

Second, the parties dispute whether a responding SFP Track Plaintiff must search custodial sources in responding to the PFS. In the abstract, the Court cannot find that such an exercise would be unduly burdensome to a particular responding party. Rather, the Court expects each SFP Track Plaintiff "to diligently investigate whether it has" within its possession, custody, or control information or documents responsive to the questions and requests, inclusive of custodial sources. *See in re JUUL Labs Inc., Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2913, Order Regarding Government Entity Plaintiff Fact Sheets (Doc. No. 1038), at p. 2 (N.D. Cal. Oct. 9, 2020). To the extent a particular SFP Track Plaintiff has an articulable undue burden in connection

with a particular request in the PFS as to custodial files, that plaintiff should meet and confer with Defendants and, if unresolved, present the issue to the Court for resolution.

Third, the parties dispute whether a SFP Track Plaintiff may invoke Rule 33(d) of the Federal Rules of Civil Procedure in responding to the questions in the PFS. Notably, both the SFP Track Plaintiffs and Defendants propose questions in the PFS that provide that a plaintiff may respond by setting forth the information in the form provided "or through the production of documents." (*See, e.g.*, Question 11 and Defendants' Question 36). Broad reliance on Rule 33(d) in the context of a PFS here could hinder a goal of the PFS to stage further discovery. Accordingly, the Court rejects the SFP Track Plaintiffs' proposal to broadly permit reliance on Rule 33(d) in responding to the PFS questions, provided however that the parties may agree that certain responses can be provided, in the alternative, "through the production of documents," as they appear to have agreed in some instances.

## B.    DISPUTES AS TO SPECIFIC QUESTIONS AND REQUESTS

The parties raise multiple disputes as to specific questions and requests within the proposed PFSs. In large measure, the parties do not dispute the questions and requests on the basis of relevancy; rather, their disputes arise from differing views of how they intend to use PFS responses and center around potential burdens, the goals of the PFS, and a claimed imbalanced exchange of information.

For purposes of streamlining the issues presented, the Court adopts the descriptions used by the parties to group the disputes.

### *Questions Regarding the SFP Track Plaintiffs' Rebates and Use of Rebates*

The parties dispute the scope of proposed Question 11 and Defendants' proposed Questions 19 through 21 and 24, relating to any rebates received by the SPF Track Plaintiffs. Question 11

would require a SFP Track Plaintiff to provide information as to the amount spent by the responding party for an "At-Issue Product." Defendants propose adding language that would require the responding party to identify "total Rebates received" and "the total amount of Your members' out-of-pocket responsibility." Through Defendants' proposed Question 24, Defendants seek a SFP Track Plaintiff to describe the ways it used any "Rebates and Administrative Fees received from PBMs for At-Issue Products" other than passing them onto members. In Defendants' proposed Questions 19 through 21, Defendants seek a responding party to identify whether the PBM agreed to certain terms and, if so, to provide further elaboration.

In light of the allegations at issue, it is not surprising that Defendants seek information as to rebates a SFP Track Plaintiff may have received, and any out-of-pocket costs borne by a plaintiff's member. Yet, a balance exists between the parties' respective positions that considers the burdens imposed and the need to timely exchange information. Question 11 should include the request to provide "total Rebates received." However, the request for a member's out-of-pocket responsibility should be reserved for a later stage of discovery. Further, the information sought through Defendants' proposed Question 24 could aid the parties in identifying common issues and/or cases for prioritization in further proceedings. As such, Defendants' proposed Question 24 should be included in the PFS.

Defendants' proposed Questions 19 through 21 appear to call for a responding party to interpret contracts that the parties agree will be produced. Because the SFP Track Plaintiffs are producing the contracts subject to these questions, Defendants will be able to review the contracts and can follow up through other discovery mechanisms, if appropriate, to get further information as to a plaintiff's interpretation of the contract terms. Accordingly, the Court agrees with the SFP Track Plaintiffs as to these questions and rejects Defendants' proposed Questions 19 through 21

for purposes of the PFS.

### *Question Regarding Direct Purchasing*

The parties dispute Defendants' proposed Question 40, which seeks a SFP Track Plaintiff to identify any direct purchases of the products. In light of the nature of the allegations and claims at issue, determining whether and which SFP Track Plaintiff(s) made direct purchases of the products-at-issue could aid the identification of common issues and/or cases for further proceedings. As such, Defendants' proposed Question 40 should be included in the PFS.

### *Questions Relating to SFPs' Formularies and Drug Coverage*

Through their proposed PFS, Defendants seek additional information as to a SFP Track Plaintiff's formulary and drug coverage through their proposed Questions 14 and 15. In essence, Defendants seek information that would identify any applicable health plan formulary, which products were included in those respective formularies, and the product's status on the formulary for each relevant year. In contrast, the SFP Track Plaintiffs propose through their Question 13 to identify "all PBMs or other entities" that administered the "Prescription Drug Coverage" and point out that in response to the PFS they will be producing documents identifying the responsive formularies. Considering the needs of the cases and the goals of the PFS, and because the responding party will produce any responsive formulary, the Court agrees with the SFP Track Plaintiffs that their proposed Question 13 coupled with the production of documents identifying responsive formularies is sufficient for the PFS.

### *Questions and Requests Relating to Allegations of Misrepresentations, Omissions, and Reliance*

The parties also dispute the scope of information and documents to be provided as to the SFP Track Plaintiffs' respective allegations of misrepresentations, omissions, and reliance. The SFP Track Plaintiffs propose, through their Request 5, that each plaintiff produce documents it

received related to a PBM's representation about services or a manufacturer's representation about list prices. Defendants seek additional information through their Questions 27 and 28 and Request 6. Defendants' Questions 27 and 28 seek a SFP Track Plaintiff to provide specific information as to any alleged misrepresentation or omission by each defendant. Defendants' Request 6 seeks the same information as the SFP Track Plaintiffs' Request 5 but adds a request for "[d]ocuments related to other insulin pricing lawsuits or investigations, the relationship between WACs and Rebates, the fact that pharmaceutical manufacturers pay Rebates to PBMs in connection with formulary placements, drug pricing reform, and the manner in which you first became aware of the allegations in these actions."

In light of the allegations and claims at issue in this matter, specific information by a SFP Track Plaintiff as to alleged misrepresentations and omissions would aid the parties and the Court in focusing the issues and potentially identifying common areas for further discovery. The SFP Track Plaintiffs raise concerns that there may be misrepresentations and omissions uncovered as discovery proceeds. To alleviate such concern, Defendants' proposed Questions 27 and 28 shall include the following limiting language: "of which You are currently aware"; and the parties shall meet and confer to discuss whether supplementation of the PFS at a later stage in discovery may be appropriate.

Defendants' Request 6 is overbroad for purposes of the PFS process as it would seek the production of potentially voluminous material that would not aid the parties or the Court in narrowing the issues. Defendants may pursue such documents at a later stage of discovery, if appropriate.

*Questions and Requests Relating to the Selection of a PBM or other Entity*

The SFP Track Plaintiffs oppose Defendants' Questions 25 and 26 and Requests 2 and 3, which relate to the SFP Track Plaintiffs' respective processes in selecting a PBM or other entity for pharmaceutical product rebates or pricing. The SFP Track Plaintiffs propose in their Request 2 that each plaintiff produce contracts, including amendments and the like, with a PBM during the relevant time period. The SFP Track Plaintiffs also propose more narrow questions as to requests for proposals or solicitations and their receipt from a third-party advisor of presentations, reports, analyses, and the like regarding health plans or benefit design.

Defendants' Questions 25 and 26 and Requests 2 and 3, however, seek more. Defendants' Question 25 seeks the identification of a PBM or other entity who submitted a bid or proposal to contract for services in addition to the production of "competing bids." Defendants' Question 26 seeks a SFP Track Plaintiff to identify any contracts and terms with another entity "for rebates or other price concessions related to purchasing pharmaceutical products[.]" Through their Request 2, Defendants seek the production of documents relating to a SFP Track Plaintiff's decision-making process "for selecting or not selecting a PBM prescription drug benefit plan for each year[.]" Defendants' Request 3 is similar to the SFP Track Plaintiffs' Request 2 but broadens the request to include drafts of contracts and to include such contractual or draft contractual agreements with any "health insurer, third-party administrator, or any other entity through which you obtained price concessions during the Time Period (e.g. MMCAP)[.]"

Defendants have proffered a reasonable basis to seek most of the information and documents through their proposed Questions and Requests at the PFS stage; such discovery relates to the issues of materiality and reliance presented in these cases. The Court thus adopts Defendants' Questions 25 and 26 and Requests 2 and 3, provided, however, the Court rejects

Defendants' inclusion of "drafts" in Request 3.

### *Questions and Request Relating to Defendants' Statute of Limitations Defenses*

The parties also dispute how the PFS should gather information related to Defendants' statute of limitations defenses. The SFP Track Plaintiffs propose their Request 5, which would require the production of documents related to representations by: (1) a PBM about their services; or (2) a manufacturer about their list prices. The SFP Track Plaintiffs also propose five questions relating to the "Timing of Awareness" through their Questions 19 through 23, which would have a responding party provide information relating to: when it began investigating the claims; when and how it discovered that Defendants' pricing statements were allegedly misleading or deceptive; and when it learned or discovered of other lawsuits regarding insulin pricing.

In contrast, Defendants propose through their Request 6 that a SFP Track Plaintiff also produce any documents "related to other insulin pricing lawsuits or investigations, the relationship between WACs and Rebates, the fact that pharmaceutical manufacturers pay Rebates to PBMs in connection with formulary placements, drug pricing reform, and the manner in which [a plaintiff] first became aware of the allegations in these actions." Defendants also propose Questions 30 and 34, through which a SFP Track Plaintiff would identify when and how a plaintiff learned or discovered that a manufacturer paid Rebates and that there were governmental investigations related to insulin pricing. Defendants further propose Question 42, which requires a plaintiff to identify an alleged date of injury.

As discussed above, Defendants' Request 6—to the extent it seeks more information beyond the SFP Track Plaintiffs' Request 5—is overbroad for purposes of the PFS process and thus the Court agrees with the SFP Track Plaintiffs as to that Request. Defendants may pursue such documents at a later stage of discovery, if appropriate. In addition, the SFP Track Plaintiffs'

Questions 19 through 23 provide most of the information as to the statute of limitations issues that would be sufficient for purposes of the PFS stage. However, the SFP Track Plaintiffs' proposed questions do not require a responding party to identify when and how it might have learned of any state or federal investigations related to insulin pricing. As made clear through the pleadings, the parties' submissions on this discovery dispute, and the dispositive motions pending before the Court, identification of a plaintiff's knowledge as to those investigations could aid the parties and the Court in narrowing the issues and/or cases for prioritization or further proceedings. Accordingly, the Court rejects Defendants' proposed Questions 30 and 34 and Request 6 for purposes of the PFS, but adopts Defendants' proposed Question 42.

### *Questions Relating to Damages*

The parties dispute the types of questions appropriate in the PFS as to alleged damages. Defendants propose in their Questions 41 and 43 that a SFP Track Plaintiff state how it alleges it has been damaged and the identification of "a dollar amount for the award" sought for each category of sought-after damages with an explanation for any calculation of such damages. The SFP Track Plaintiffs oppose Defendants' proposal as seeking premature expert discovery and instead proffers that their Question 30 provides sufficient information for fact discovery, as it would require a plaintiff to identify if it is seeking monetary damages and to summarize the categories of sought-after damages or monetary relief.

As to this issue, identification of claimed damages would aid the parties and the Court in identifying cases that may be appropriate for prioritization in further proceedings. Nevertheless, Defendants' inclusion of any dollar amount with explanation of calculation does border on seeking premature expert discovery. The SFP Track Plaintiffs' Question 30 sufficiently provides the information necessary at the PFS stage and, thus, the Court adopts their Question 30 and rejects

Defendants' Question 43. The Court, however, finds Defendants' Question 41 appropriate for inclusion in the PFS.

### *Questions and Request Relating to Members' Costs and Spending Decisions*

Defendants propose seeking additional information and documents relating to a SFP's members' costs and spending decisions beyond what the SFP Track Plaintiffs propose. As to this issue, the SFP Track Plaintiffs contend their Question 11 is sufficient at this stage; that Question requires a plaintiff to provide, in table format or through the production of documents, "the total amount of money" it spent on an At-Issue Product for its enrolled members. In contrast, Defendants seek a modified Question 11 that would additionally require a plaintiff to identify "the total Rebates received . . . and the total amount" of its members' costs. In addition, Defendants propose Questions 13, 17, 22, and 23 and Request 5, which seek further information and documents relating to a responding party's identified health plan (including plan deductibles, copayments, out of pocket costs, and any benefit design features) and the use of programs or passing through of rebates to decrease costs to its members. Request 5 seeks documents sufficient to show much of the information sought through Questions 13, 17, 22, and 23.

Defendants' proposal goes further than necessary to achieve the goals of a PFS methodology at this stage. The Court, therefore, adopts a more balanced approach: the Court accepts Defendants' Request 5 (concerning the documents related to health plans) and Questions 22 (concerning programs to lower out-of-pocket costs to members) and 23 (concerning any pass through of rebates to members), and rejects Defendants' Questions 13 (concerning deductibles) and 17 (concerning design features) for purposes of the PFS.

*Question and Request as to Audits by the SFP Track Plaintiffs*

The parties also dispute the scope of the question and request relating to any SFP Track Plaintiff audit: The SFP Track Plaintiffs propose Question 27, which would require the identification of any audit or study relating to the services at issue; Defendants propose Question 38, which would require a statement of whether the "Health Plan expenditures" for pharmaceuticals were audited and to produce any such audits. The SFP Track Plaintiffs also propose each plaintiff produce any contract with a third-party advisor in effect during the relevant time period that relates "to prescription drug benefits[.]" Through Defendants' Request 7, Defendants propose each plaintiff produce such documents as well as any contracts with auditors.

Here, balancing the needs of the cases, the goals of the PFS, and an effort to streamline discovery for purposes of moving these cases, the Court adopts Defendants' Question 38 and Request 7 on this issue.

## II.    DEFENDANT FACT SHEETS

The SFP Track Plaintiffs propose using respective DFSs for the Manufacturer and PBM Defendants. Defendants oppose the process of using a DFS, contending that the SFP Track Plaintiffs failed to fully meet and confer on the issue and furthermore do not show good cause for the use of such a discovery tool. Defendants point out Plaintiffs' proposal includes the use of a DFS as well as Master and Track-Specific Discovery Requests to Defendants.

The Court has reviewed the proposed DFSs for the Manufacturer and PBM Defendants and considered the specific instances in which MDL Courts have implemented DFSs.[1] While the

---

[1] The SFP Track Plaintiffs point to orders entered in the *AFFF* and *Opioids* MDLs (Nos. 2873 and 2804, respectively) and contend that using DFSs here would "conform" to those DFSs implemented in those cases. Notably, the DFS required in *AFFF* was site specific, not plaintiff specific, and it appears the DFS was in lieu of master discovery requests. *See AFFF*, No. 18-md-2873, Case Management Order No. 5, Doc. No. 205 (D.S.C. Aug. 7, 2019). In the context of that

SFP Track Plaintiffs couch the proposed DFSs as being narrowly tailored to seek "core" information, their proposal would require each Defendant to prepare a DFS as to each SFP Track Plaintiff in addition to responding to Master and Track-Specific Discovery Requests that may very well provide the same information and documentation. The Master and Track-Specific Discovery Requests to Defendants are a better tool at this stage to streamline discovery.

## III.    CONCLUSION

In resolving the disputes discussed herein, the Court has considered the purpose of Fact Sheets in the context of complex MDLs such as this, the allegations and defenses at issue in these matters, and the most efficient way to move these cases to their next phases.[2] Indeed, Fact Sheets must be tailored to the matter's specific needs in consideration of a balance between the needs and demands of discovery, effective case management, and the ability to identify core issues.

Accordingly, the parties shall meet and confer to incorporate the rulings set forth above into a final proposed Case Management Order regarding the implementation of a PFS in the SFP Track cases. Such proposed order shall include appropriate deadlines and protocols for at least the following: service of the PFS; collection of PFS responses; the raising of any disputes as to a PFS response; and addressing any uncured deficiencies as to a PFS.

---

MDL, site-specific DFS responses would streamline the issues presented; yet, in the context of these matters, party-specific DFS responses in conjunction with responses to master and track-specific discovery requests would not be an efficient method to move these matters to their next phase. In addition, the *Opioids* MDL imposed DFSs in a narrower context; it did not require all defendants to provide a DFS, but rather those defendants "not named in a Track One trial case," and the DFS was not plaintiff specific. *See Opioids*, No. 17-md-2804, Fact Sheet Implementation Order, Doc. No. 638 (N.D. Ohio June 19, 2018), *clarified by Order* at Doc. No. 642.

[2] To the extent there are remaining issues unresolved by the Court's rulings above, the parties are directed to meet and confer to resolve them.

Therefore, for good cause shown,

**IT IS** on this **26th** day of **September 2024** hereby

**ORDERED** that the parties are directed to prepare a proposed Case Management Order

consistent with this Order and shall file the proposed Order by no later than **October 7, 2024**.

**SO ORDERED**.

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**