# EXHIBIT 1

## INDEX IN SUPPORT OF SEALING CONFIDENTIAL INFORMATION

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| PBM Defendants' Memorandum in Support of Motion to Dismiss [ECF No. 252] | | | | |
| Page 4, "each . . . received." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 4 n.4, "Lake . . . 2015." | ESI maintains redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause ESI significant competitive harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Page 8, "*at . . . rebates.*" | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 9, "*The . . . County.*" | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Page 10, "excludes . . . PBM." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 10 n.7, "PBM . . . fees." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Page 10 n.8, "PBM . . . terms." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 22, "Lake . . . Rebates.'" | OptumRx maintains redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain OptumRx's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause OptumRx significant competitive harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Page 22, "King . . . received." | CVS maintains redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain CVS's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause CVS significant competitive harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Exhibit 1 in Support of PBM Defendants' Motion to Dismiss [ECF No. 253-1] | | | | |
| Entire document (CVS-King Contract) | CVS maintains that this document should remain under seal because it is a confidential contract that contains CVS's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Exhibit 2 in Support of PBM Defendants' Motion to Dismiss [ECF No. 254-1] | | | | |
| Entire document (2012 ESI-King Contract) | ESI maintains that this document should remain under seal because it is a confidential contract that contains ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |
| Exhibit 3 in Support of PBM Defendants' Motion to Dismiss [ECF No. 254-2] | | | | |
| Entire document (2015 ESI-King Amendment) | ESI maintains that this document should remain under seal because it is a confidential contract that contains ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Exhibit 4 in Support of PBM Defendants' Motion to Dismiss [ECF No. 254-3] | | | | |
| Entire document (2015 ESI-Lake Contract) | ESI maintains that this document should remain under seal because it is a confidential contract that contains ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |
| Exhibit 5 in Support of PBM Defendants' Motion to Dismiss [ECF No. 254-4] | | | | |
| Entire document (2015 ESI-Lake Part D) | ESI maintains that this document should remain under seal because it is a confidential contract that contains ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Exhibit 6 in Support of PBM Defendants' Motion to Dismiss [ECF No. 254-5] | | | | |
| Entire document (2017 ESI-Lake Contract) | ESI maintains that this document should remain under seal because it is a confidential contract that contains ESI's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |
| Exhibit 7 in Support of PBM Defendants' Motion to Dismiss [ECF No. 255-1] | | | | |
| Entire document (2018 OptumRx-Lake Contract) | OptumRx maintains that this document should remain under seal because it is a confidential contract that contains OptumRx's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | Disclosure of even a portion of these confidential contracts would reveal competitively sensitive and proprietary information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Self-Funded Payor Plaintiffs' Response in Opposition to PBM Defendants' Motion to Dismiss [ECF No. 257] | | | | |
| Page 5, "the PBM . . . agreements." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 32, "they . . . Manufacturers." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| PBM Defendants' Reply in Support of PBM Defendants' Motion to Dismiss [ECF No. 259] | | | | |
| Page 1, line 4 [two words only] | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 2, "defined . . . products." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 2, "required . . . Counties." | The PBMs maintain redacted portions of this | Allowing this competitively sensitive commercial | The redactions to the subject document are | None |

11

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | narrowly tailored to protect only sensitive information. | |
| Page 2, "disclosed . . . price." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 2, "may . . . Rebates." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive | The redactions to the subject document are narrowly tailored to protect only | None |

12

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | sensitive information. | |
| Page 3, "excluded . . . receives.'" | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Pages 4–5 n.1, "the PBMs' . . . disclosed." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | sensitive commercial proprietary information. | advantage in contract negotiations. | | |
| Page 8, "would . . . Counties." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 9, "Lake . . . receives.'" | OptumRx maintains redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain OptumRx's competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause OptumRx significant competitive harm, including by giving its competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Page 22, "*expressly* . . . through." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Pages 22–23, "that . . . County." | The PBMs maintain redacted portions of this brief should remain under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | Allowing this competitively sensitive commercial proprietary information to become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | The redactions to the subject document are narrowly tailored to protect only sensitive information. | None |
| Page 23, "which . . . decisions." | The PBMs maintain redacted portions of this brief should remain | Allowing this competitively sensitive commercial proprietary information to | The redactions to the subject document are narrowly tailored to | None |

15

| Material | Basis for Sealing (Legitimate Public or Private Interest That Warrants Relief) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| | under seal because they discuss or quote terms of highly confidential contracts that contain the PBMs' competitively sensitive commercial proprietary information. | become public would cause the PBMs significant competitive harm, including by giving the PBMs' competitors a significant and unfair competitive advantage in contract negotiations. | protect only sensitive information. | |