# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-MD-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**THIS DOCUMENT RELATES TO:**
*County of Albany, New York v. Eli Lilly, et al.*, No. 1:22-cv-00981
*King County v. Eli Lilly et al.*, No. 2:23-cv-21178
*Lake County, Illinois v. Eli Lilly, et al.*, No. 2:23-cv-08487

## DECLARATION OF JIM J. ENGLER

I, Jim J. Engler, hereby declare as follows:

1. I am Account Management Managing Director – Commercial Special Markets at Express Scripts, Inc. I have personal knowledge of the facts stated in this declaration.

2. I submit this declaration in support of the Pharmacy Benefit Managers' Motion to Seal portions of the PBM Defendants' Brief in Support of Their Rule 12(b)(6) Motion to Dismiss and exhibits attached thereto.

3. I understand Express Scripts seeks leave to file under seal Exhibits 2 and 3, which are true and correct copies of contracts Express Scripts entered into with Plaintiff King County.

1

4. Plaintiff King County has redacted any references to the terms of its contracts with Express Scripts in its operative Second Amended Complaint. *See* ECF No. 160. And the contracts permit Express Scripts to designate information as Confidential and not subject to public records requests. *See* Ex. 2 at § 2-12; *see also* Ex. 3 at ¶ 9 (amendment to contract providing that terms not amended remain in "full force and effect").

5. I also understand Express Scripts seeks leave to file under seal Exhibits 4, 5, and 6, which are true and correct copies of contracts Express Scripts entered into with Plaintiff Lake County, Illinois.

6. Lake County also has redacted that contractual information in its publicly filed First Amended Complaint. *See* ECF No. 159 ¶¶ 412, 448–49. Each of Express Scripts' contracts with Lake County includes provisions requiring each party to maintain the confidentiality of certain confidential information, including the terms of the contract. Ex. 4 at § 4.2(a) ("Each party agrees that the terms of this Agreement and information of the other party . . . will constitute confidential and proprietary information ("Confidential Information") . . . . Neither party will use the other's Confidential Information, or disclose it or this Agreement to any third party (other than Sponsor attorneys and accountants), at any time during or after termination of this Agreement, except as specifically contemplated by this Agreement or upon prior written consent, which will not unreasonably be

withheld."); Ex. 6 at § 4.2(a) (same); Ex. 5 at § 6.1 ("Each party agrees that information of the other party . . . shall constitute confidential and proprietary information ("Proprietary Information") of the other party unless otherwise public . . . . Neither party shall use the other's Proprietary Information or disclose it to any third party, at any time during or after termination of this Agreement, except as specifically contemplated by this Agreement, upon prior written consent or as required by the Medicare Drug Rules or other applicable law.").

7. Thus, to comply with contractual obligations, Express Scripts must seek to file these contracts under seal.

8. The public release of pricing information in these contracts also would cause Express Scripts a clearly defined and serious injury.

9. Express Scripts administers prescription drug benefits for its clients, which include ERISA and non-ERISA health plans, self-insured employers, union-sponsored plans, and state and local governments. Competition in the PBM industry is fierce. There are multiple other PBMs in the market that compete with Express Scripts for customers, including Co-Defendants CVS Caremark, OptumRx, as well as other PBMs such as Prime Therapeutics.

10. Like in most industries, Express Scripts actively competes on the price it charges for the services it provides.

11. If the pricing Express Scripts negotiated with King County and Lake County became available to the public, including to Express Scripts' potential competitors, it would place Express Scripts at a severe disadvantage when it bids to provide PBM services for any clients.

12. If Express Scripts' competitors become aware of the pricing it utilized for King County and Lake County, those competitors would have inside information about how to price a bid to undercut any bid from Express Scripts instead of fairly competing for any potential business.

13. Because the contract prohibits the disclosure of the agreements, and because any public disclosure would cause Express Scripts a competitive injury, sealing of the contracts is the only relief available to avoid Express Scripts breaching its contractual obligations or suffering a defined and serious injury.

I declare under penalties of perjury the foregoing is true and correct.

Executed on: September 18, 2024

Signed by:
*Jim J. Engler*
11796BFA0F3749F...
Jim J. Engler