UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | CASE NO. 2:23-MD-03080<br>MDL NO. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH<br><br>*Document Electronically Filed* |

**THIS DOCUMENT RELATES TO:**
*County of Albany, New York v. Eli Lilly, et al.*, No. 1:22-cv-00981
*King County v. Eli Lilly et al.*, No. 2:23-cv-21178
*Lake County, Illinois v. Eli Lilly, et al.*, No. 2:23-cv-08487

**[PROPOSED] ORDER GRANTING MOTION TO SEAL INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER having come before the Court on the PBM Defendants' Motion to Seal ("Sealing Motion"), pursuant to Local Civil Rules 5.3(c) and 7.1, for an order sealing the PBM Defendants' confidential and proprietary business information contained in (i) PBM Defendants' Memorandum in Support of Motion to Dismiss the Self-Funded Payor Track Complaints (Albany, King, and Lake Counties), filed August 22, 2024 ("PBM Defendants' Motion to Dismiss") [ECF No. 252]; (ii) Exhibits 1-7 in Support of PBM Defendants' Motion to Dismiss, filed August 22, 2024 [ECF Nos. 253-1; 254-1 through 254-5; and 255-1]; (iii) Self-Funded Payor Plaintiffs' Response in Opposition to PBM Defendants' Motion to

1

Dismiss, filed August 22, 2024 [ECF No. 257]; and (iv) PBM Defendants' Reply in Support of PBM Defendants' Motion to Dismiss, filed August 22, 2024 [ECF No. 259] (the "Confidential Materials"), and this Court having fully considered the Declaration of Benjamin Hazelwood in support of the Motion to Seal ("Hazelwood Decl."), including the Index required by Local Civil Rule 5.3(c)(3), the other Exhibits thereto, and any submissions in further support thereof, as well as the record before it, the Court makes the following findings and conclusions:

## I.   The Nature of the Materials at Issue

### A.   Findings of Fact

1.   The Confidential Materials that the PBM Defendants seek to seal contain, refer to, or reflect each PBM Defendant's nonpublic, proprietary, and competitively and commercially sensitive financial and business information—namely, the PBM Defendants' confidential client contracts.  *See* Hazelwood Decl. Exs. 2–4 (Declarations submitted on behalf of Caremark, Express Scripts, and OptumRx).  The PBM Defendants are competitors of each other, as well as others in the highly competitive pharmacy benefit manager ("PBM") marketplace.

2.   The Confidential Information has not been the subject of any prior sealing orders in this action and there are no known parties or non-parties that object to the requested sealing.

### B. Conclusions of Law

3. This Court has the power to seal where confidential information may be disclosed to the public. Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing.").

## II. The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A. Findings of Fact

4. The PBM Defendants would suffer a clearly defined, substantial and specific harm, including but not limited to financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed. Competitors, including the other PBM Defendants, would improperly and unfairly benefit from the disclosure of non-public business information and would likely use the confidential information to enhance their market or negotiation position and

harm the PBM Defendants' competitive standing in the marketplace. *See* Hazelwood Decl. Exs. 2–4.

### B. Conclusions of Law

5. Courts in this District have held that trade secrets and confidential business information may be sealed and restricted from public disclosure. "A well-settled exception to the right of access is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted); *see Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3–4 (D.N.J. Jan. 3, 2012) (permitting sealing of commercially sensitive and proprietary non-public business information and confidential financial information).

6. There are also substantial public and private interests in maintaining the confidentiality of agreements that parties enter into on a confidential basis. *See Sabinsa Corp. v. Herbakraft, Inc.*, 2017 WL 3331773, at *1–2 (D.N.J. Aug. 4, 2017) (sealing portions of briefs referencing provisions from confidential agreement); *see also Bank of Hope v. Chon*, 2020 WL 2793124, at *2 (D.N.J. May 29, 2020) ("The Movants have a legitimate private interest in the enforcement of the confidentiality term to which they agreed[.]"). Private parties would be less willing to engage in sensitive transactions if they could not maintain agreements as confidential.

## III. The Clearly Defined and Serious Injury That Would Result if the Relief Sought Is Not Granted

### A. Findings of Fact

7. Disclosure of the Confidential Materials poses a substantial risk of harm to the PBM Defendants' legitimate proprietary interests and competitive positions. *See* Hazelwood Decl. Exs. 2–4.

8. Disclosure of the Confidential Materials would permit the PBM Defendants' competitors to know their confidential and proprietary business information, which would allow those competitors to undercut the PBM Defendants' ongoing business relationships or otherwise unfairly enhance their own competitive position. Disclosure accordingly would damage the PBM Defendants' commercial standing and cause each to suffer irreparable harm.

### B. Conclusions of Law

9. This Court has discretion to balance the facts for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

10. Protection of a party's interest in confidential information, such as a trade secret or confidential business information, is a sufficient threat of irreparable harm, and is a clearly defined and serious injury. *See, e.g.*, *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have

consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."); *see also Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 2020 WL 11028382, at *2 (D.N.J. June 9, 2020) (sealing "commercially sensitive information" where the "parties may suffer serious injury if a competitor reads the information").

11. Courts within the Third Circuit also have specifically rejected the idea that "documents over a certain age are automatically to be treated as 'stale.'" *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 2013 WL 12141532, at *9 (W.D. Pa. Sept. 16, 2013). If disclosure would result in harm to the moving party, courts have permitted sealing of information that predates the litigation by many years. *See id.* at *12, *18, *24, *30 (sealing materials dating back over a decade).

**IV.   A Less Restrictive Alternative to the Relief Sought is Not Available**

    **A.   Findings of Fact**

12. Once confidential information is disclosed to the public, it is typically impossible to ever again be maintained as private.

13. The PBM Defendants' request to seal the Confidential Materials is narrowly tailored to the specific confidential and proprietary information identified in the Index. *See* Hazelwood Decl. Ex. 1. Additionally, redacted versions of the

Confidential Materials have been filed concurrently with the PBM Defendants' Motion to Seal.

### B. Conclusions of Law

14. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must show that no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

15. The sealing of confidential materials is an accepted practice in this District. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653.

**THEREFORE**, having found that the PBM Defendants have complied with Local Civil Rule 5.3, it is on this ___ day of _____, 2024,

**ORDERED THAT** the Sealing Motion be and hereby is granted in its entirety; and

**IT IS FURTHER ORDERED** that the as-filed unredacted versions of the Confidential Materials [ECF Nos. 252, 253-1, 254-1 through 254-5, 255-1, 257, and 259] shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law.

_____
HONORABLE RUKHSANAH L. SINGH
United States Magistrate Judge