UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | Case No. 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

### EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS

### DEFINITIONS

1. "At-Issue Drugs" means diabetes medications, including but not limited to insulin, glucagon-like peptide receptor agonists (GLP-1s), Admelog, Fiasp, Relion, Rezvoglar, Tanzeum, Insulin Lispro, Insulin Aspart, Insulin Degludec, Insulin Glargine, Apidra, Basaglar, Humalog, Humulin, Lantus, Levemir, Novolin, Novolog, Ozempic, Mounjaro, Xultophy, Rybelsus, Adlyxin, Soliqua, Semglee, Steglatro, Toujeo, Tresiba, Trulicity, and Victoza.

2. "Communication" or "Communications" mean and include every manner or means of disclosure, transfer, or exchange of information, whether orally or in writing or whether face-to-face, by telephone, telecopy, mail, email, facsimile, personal delivery, instant message service, overnight delivery, voice message, voicemail-to-email message, text message, multimedia/social media message, or otherwise.

3. "Carlton Report" means the July 19, 2024 report titled "PBMs and Prescription Drug Distribution: An Economic Analysis of Criticisms Levied Against Pharmacy Benefit Managers." *See* https://carltonreport.org, last visited on Sept. 30, 2024.

4. "CVS Health" refers collectively to CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; Caremark L.L.C.; Zinc Health Services, LLC; Zinc Health Ventures, LLC;

and CaremarkPCS Health, L.L.C., including any predecessor and/or successor entities, subsidiaries, parents, or affiliates, as well as any directors, officers, agents, and/or any other person acting on its behalf.

5. "Compass Lexecon" means Compass Lexecon LLC, FTI Consulting, Inc., Dennis W. Carlton, and Daniel R. Fischel, including all Compass Lexecon LLC's, FTI Consulting, Inc.'s, Dennis W. Carlton's, and Daniel R. Fischel's present and former employees, board members, agents, servants, representatives, predecessors and successors in interest, divisions, regions, areas, affiliates, parents, subsidiaries, attorneys, agents, and other persons acting or purporting to act on behalf of Compass Lexecon LLC, FTI Consulting, Inc., Dennis W. Carlton, or Daniel R. Fischel.

6. "Document" or "Documents" shall have the broadest meaning allowed by the Federal Rules of Civil Procedure and shall include any written, electronic or audio documents, testimony, transcripts, data and information, whether written, recorded, transcribed, punched, taped, filmed or depicted graphically, which are in Your possession, custody or control or that of Your officers, employees, agents, or contractors, including but not limited to attorneys and accountants.

7. "Eli Lilly" means Eli Lilly and Company, including any predecessor and/or successor entity, subsidiary, parent, or affiliate, as well as any directors, officers, agents, and/or any other person acting on its behalf.

8. "Express Scripts" refers collectively to Cigna Group; Evernorth Health, Inc. (formerly Express Scripts Holding Company); Cigna Health and Life Insurance Company; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Medco Health Solutions, Inc.; and Ascent Health Services LLC, including

2

any predecessor and successor entities, subsidiary, parent, or affiliate, as well as any directors, officers, agents, and any other person acting on its behalf.

9. "Manufacturer Defendants" refers collectively to Eli Lilly, Novo Nordisk, and Sanofi (as defined herein).

10. "Manufacturer Payments" means any payments, remuneration, consideration, or financial benefit of any kind provided by a Manufacturer Defendant. Manufacturer Payments include but are not limited to administrative fees, clinical detailing, commissions, credits, data analysis fees, data management fees, data sales fees, discounts, drug pull-through programs, educational grants, formulary placement fees, gateway fees/payments, health management fees, implementation allowances, indirect purchase fees/rebates, inflation fees/rebates, interest, mail order purchase discounts, market share incentives/rebates/fees, medication monitoring fees, performance based incentives, pharmacy supplemental discounts, price concessions, price or margin guarantees, price protection fees/rebates, prompt payment discounts, portal fees, enterprise payments/fees, data fees, vendor fees, promotional allowances, rebates, rebate submission fees, reimbursement for research projects, utilization management fees, volume discounts, and any other form of benefit, remuneration, or consideration.

11. "Novo" means Novo Nordisk Inc., including any predecessor and/or successor entity, subsidiary, parent, or affiliate, as well as any directors, officers, agents, and/or any other person acting on its behalf.

12. "Optum" refers collectively to UnitedHealth Group, Inc.; Optum, Inc.; OptumRx, Inc.; OptumRx Holdings, LLC; OptumInsight, Inc.; Coalition for Advanced Pharmacy Services, Inc.; and Emisar Pharma Services LLC, including any predecessor and/or successor entities,

3

subsidiary, parent or affiliate, as well as any directors, officers, agents and any other person acting on its behalf.

13. "PBM Defendants" refers collectively to CVS Health, Express Scripts, and Optum (as defined herein).

14. "Sanofi" refers collectively to Sanofi-Aventis U.S. LLC and Sanofi SA, including any predecessor, successor, subsidiary, parent, or affiliate, as well as any directors, officers, agents, and/or any other person acting on its behalf.

15. The terms "You" or "Your" means Compass Lexecon (as defined herein).

16. The terms "including" or "includes" mean including without limitation or includes without limitation.

17. The terms "and" and "or" shall be interpreted to mean "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any request for production.

18. The use of the singular form of any word (including any defined term) includes the plural and vice versa.

19. The past tense of any verb includes the present tense and vice versa. The use of a verb in any tense shall be construed as the use of the verb in all tenses, whenever necessary to bring within the scope of the request all Documents or Communications which might otherwise be construed to be outside its scope.

20. Any terms not specifically defined shall be given their ordinary meanings and shall be construed to give each Request the broadest scope allowable by the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. You are requested to produce all Documents and Communications in Your possession, custody, or control that are described below. In so doing, please furnish Documents and Communications that are in the possession of Your officers, employees, attorneys, accountants, auditors, representatives, or agents, or that are otherwise subject to Your custody or control.

2. Unless otherwise agreed, please produce all Documents and Communications in accordance with the specifications of Case Management Order #11 (Stipulation and Order Governing the Production of Electronically Stored Information and Hard Copy Documents) (ECF No. 208) (the "ESI Order") (attached as **Exhibit B**).

3. If You consider any of the Documents or Communications requested to be confidential, please designate them as such under the Stipulated Confidentiality Order (ECF No. 117) (attached as **Exhibit C**).

4. These Requests are intended as continuing Requests, and any Document obtained or located subsequent to production that would have been produced had it been available or its existence known at the time is to be supplied promptly.

## RELEVANT TIME PERIOD

Unless otherwise indicated or called for by a specific request, the "Relevant Time Period" for these Requests is January 1, 2011, to present. The Relevant Time Period shall include all information that relates in whole or in part to the events or circumstances within this period, including responsive information and Documents even if dated, prepared, generated, or received outside of this period.

## DOCUMENT REQUESTS

1. All Documents and Communications related to the Carlton Report, including:

    a. all Documents and data that Compass Lexecon collected, received, reviewed, or relied on in connection with the Carlton Report;

    b. all analyses, drafts, memoranda, reports, and any other work product generated relating to the Carlton Report;

    c. all Documents and Communications relating to the methodologies and assumptions employed in creating the Carlton Report; and

    d. all of Compass Lexecon's internal and external Communications relating to the Carlton Report.

2. All engagement letters or agreements, retainer letters or agreements, consulting agreements, memoranda of understanding, or similar documents relating to the Carlton Report, including those describing the services to be performed, scope of work and responsibilities, compensation and payment terms, term and termination provisions, or confidentiality and non-disclosure obligations.

3. All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant relating to the Carlton Report.

4. All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant relating to Manufacturer Payments.

5. All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant relating to the At-Issue Drugs.

6. All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to the Carlton Report.

7. All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to Manufacturer Payments.

8. All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to the At-Issue Drugs.

9. All Documents and Communications relating to Express Scripts's lawsuit filed on September 17, 2024, in the United States District Court for the Eastern District of Missouri styled, *Express Scripts, Inc. v. The Federal Trade Commission and Lina Khan*, Case No. 4:24-cv-01263 (E.D. Mo. Sept. 17, 2024).

10. Documents sufficient to show the remuneration Compass Lexecon received from CVS Health related to the Carlton Report.

11. Documents sufficient to show the remuneration Compass Lexecon received from Express Scripts related to the Carlton Report.

12. Documents sufficient to show the remuneration Compass Lexecon received from Optum related to the Carlton Report.

13. Documents sufficient to identify any other sources and amounts of remuneration Compass Lexecon received related to the Carlton Report.

14. Documents sufficient to show Compass Lexecon's policies, procedures, or directives relating to conflicts of interest.