UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INSULIN PRICING LITIGATION                                    MDL No. 3080


### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the action listed on Schedule A (*Sistema Integrado*) move under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3080. Defendants CaremarkPCS Health, L.L.C., Caremark Puerto Rico, L.L.C., Express Scripts, Inc., and OptumRx, Inc. oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3080, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing this MDL, we held that centralization was warranted for actions alleging a scheme between insulin manufacturers Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S. LLC, and pharmacy benefit managers CVS Caremark, Express Scripts, and Optum Rx, to artificially and fraudulently inflate the price of insulin and other diabetes medications.  *See In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372 (J.P.M.L. 2023).  The *Sistema Integrado* action undisputedly concerns the same alleged insulin pricing scheme and defendants.

In opposition to transfer, plaintiffs principally argue that (1) their Puerto Rico legal claims cannot be efficiently litigated in the MDL because they involve novel issues unique to the Puerto Rico Civil Code, which the transferor court is better situated to interpret; and (2) transfer to a distant forum will be inconvenient.  The Panel rejected nearly identical objections in transferring a similar action filed by the same counsel earlier this year.  *See In re Insulin Pricing Litig.*, MDL No. 3080, Transfer Order (*LDG Med. Servs. v. Eli Lilly & Co.*), ECF No. 234, at 1-2 (J.P.M.L. Jan. 31, 2024) ("*LDG* Transfer Order").  We reject the arguments again for substantially the same reasons as in *LDG*.  First, we often have transferred actions asserting unique state law claims to an MDL where, as here, the action shares a common factual core with the MDL actions. *See, e.g., In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) ("[T]he presence of additional or differing legal theories is not significant when the actions still arise from a common factual core.").  Moreover, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state."  *See In re CVS Caremark Corp. Wage & Hour Emp. Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re Air Crash Disaster at John F.*

---

[*] Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter.

*Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976)). Here, the *Sistema Integrado* action arises from the same alleged "insulin pricing scheme" as the actions in the MDL and will involve many of the same factual questions and discovery of the insulin manufacturers and PBMs. Thus, "the allegedly unique nature of the laws of Puerto Rico does not weigh against transfer." *LDG* Transfer Order at 1

Transfer is warranted despite the alleged inconvenience to plaintiffs, who are located in Puerto Rico. There are parties from across the nation involved in this industrywide MDL. In deciding transfer, we look to "the overall convenience of the parties and witnesses in the litigation as a whole, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

Plaintiffs alternatively request a stay of any transfer until the transferor court decides their motion for remand to Puerto Rico Superior Court. We see no persuasive reason to stay a decision on transfer. To the extent plaintiffs assert that their remand motion must be resolved before transfer occurs, they are in error. The Panel routinely has held, including in this MDL, that a pending motion for remand is not an impediment to transfer. *See In re Insulin Pricing Litig.*, 688 F. Supp. 3d at 1375 ("many of the objections raised by the parties – for example, pending motions for remand . . . – are no obstacle to transfer as such matters routinely are managed by the transferee judge"); *LDG* Transfer Order at 2 (same). Accordingly, the Panel's longstanding practice is to rule on transfer even though a remand motion is pending. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) (denying request for stay pending ruling on remand motion).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

**TRUE AND CERTIFIED COPY**
**Keith Guthrie**
**12:48 pm, Oct 07 2024**

Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly          Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

IN RE: INSULIN PRICING LITIGATION                                          MDL No. 3080

## SCHEDULE A

<u>District of Puerto Rico</u>

SISTEMA INTEGRADO DE SALUD DEL OESTE LLC, ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 3:24−01315   DNJ: 2:24-cv-9641