**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case 2:23-md-03080 (BRM)(RLS)**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO:  SELF-FUNDED PAYER TRACK**

**CASE MANAGEMENT ORDER # 14**
**(Plaintiff Fact Sheet Implementation Order)**

This Case Management Order applies to all Self-Funded Payer Plaintiffs and their counsel in (a) all actions transferred to the Self-Funded Payer Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 [ECF No. 5]; (b) all related actions originally filed in or removed to this Court and included in the Self-Funded Payer Track pursuant to CMO #9, dated May 16, 2024 [ECF No. 180]; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML and included in the Self-Funded Payer Track, subsequent to the filing of the final transfer order by the Clerk of this Court.  The obligation to provide a Plaintiff Fact Sheet ("PFS") and related documents shall fall solely to each of the Self-Funded Payer Plaintiffs and the individual counsel of record representing a given Self-Funded Payer Plaintiff under this Order.  Any Plaintiff who fails to comply with its obligations under this Order may be subject to having its claims dismissed.

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 [ECF No. 34].

1.   **Plaintiff Fact Sheets.**

a.   **Plaintiff Fact Sheet Deadlines.** Each Plaintiff in the Self-Funded Payer Track shall complete and provide documents responsive to the PFS attached hereto as **Exhibit 1** with service upon Defendants' counsel via email [Ext-MDL-Insulin-SFP-JDG@Kirkland.com]. Any responsive documents shall be produced in the format set forth in the Stipulation and Order Governing The Production of Electronically Stored Information and Hard Copy Documents [ECF No. 208]. This method of submission shall constitute effective service of the PFS and any records. Service shall proceed in phases as follows:

i.   **First 25 Filed Cases by MDL Docket Numbers.** Plaintiffs in the first 25 filed actions (by docket numbers, as issued by the District of New Jersey as of the date of this Order) shall complete and provide documents responsive to the PFS within 60 days of the date of this Order.

ii.   **Remaining MDL Docket Numbers.** Plaintiffs in the remaining actions entered on the MDL docket as of the date of this Order shall complete and provide documents responsive to the PFS within 75 days of the date of this Order. In actions that have not yet served initial disclosures under Fed. R. Civ. P. 26(a)(1), initial disclosures shall be due on the same date as the PFS.

iii.   **Plaintiffs in Subsequent Actions.** Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide documents responsive to the PFS within 60 days after the action is entered on this MDL docket. In these subsequent actions, service of initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be due on the same date as the PFS.

b.    **Responsibility of Individual Plaintiff's Counsel.** The obligation to comply with this Order and to provide a PFS shall fall solely to the counsel who has been individually retained by Plaintiff. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Executive and Steering Committees have no obligation to notify counsel for Plaintiffs whom they do not represent of any notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

2.    **Substantial Completeness of PFS.** Each PFS submission must be substantially complete, which means Plaintiff must: (1) answer all questions; (2) include a signed Certification; and (3) produce the requested documents to the extent such documents are in Plaintiff's possession, custody, or control.

3.    **Amendments & Verification.** In amending and verifying a PFS, each Plaintiff shall: (1) remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e); (2) verify, sign, and date each completed PFS as if it were interrogatory responses under Fed. R. Civ. P. 33; and (3) treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34.

4.    **Plaintiff Fact Sheet Deficiency Dispute Resolution Process.**

a.    **Phase I: Deficiency notice.**

i.    If Defendants deem a PFS deficient, Defendants shall notify Plaintiff's attorney of record (as identified in the PFS) of the purported deficiencies in writing via email and allow such Plaintiff 14 days to respond to the alleged deficiencies. During this 14-day period, Plaintiff and Defendants shall meet and confer regarding any disputes with respect to any alleged deficiencies. To the extent Plaintiff continues to

disagree or object to any alleged deficiency, Plaintiff shall so advise Defendants no later than the expiration of the 14-day period to respond to any alleged deficiencies.

   ii.  Defendants' email communication shall identify the case name, docket number, and a list of the alleged deficiencies. A courtesy copy of the communication shall be sent via email to Steven Daroci, Seeger Weiss LLP [sdaroci@seegerweiss.com].

  b.  **Phase II: Joint Dispute Letter.**

   i.  Following the meet-and-confer period, should Plaintiff: (i) fail to cure the alleged stated deficiencies; (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet-and-confer process; or (iv) otherwise fail to provide responses (including the requested documents or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the 14-day period to respond to deficiencies, Defendants may then file a joint letter seeking to compel the allegedly deficient discovery information.

   ii.  The joint letter shall include: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) Defendants' position; (e) Plaintiff's position; and, if applicable, (f) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

   iii.  Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position. Plaintiff shall provide Plaintiff's position no later than seven days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court. In the event that Plaintiff fails to provide Defendants with its position insert within seven days of service, Defendants may so indicate in the letter and proceed to file.

iv.      Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

v.      Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

vi.      If Plaintiff fails to comply with an order from the Court compelling disclosure of documents or information, Defendants may seek dismissal of Plaintiff's claims, or any other remedy provided by Rule 37 of the Federal Rules of Civil Procedure.

5.      **Failure to Serve an Executed PFS.**

a.      Any request for an extension of time to serve an executed PFS must be made in writing via email to Defendants' counsel [Ext-MDL-Insulin-SFP-JDG@Kirkland.com] at least three business days before the expiration of the deadline, with a courtesy copy sent to Plaintiff's Co-Lead Counsel's designee.

b.      **Phase I: Notice of Failure to Serve.**

i.      Should any Plaintiff fail to serve an executed PFS within the time required in this CMO or any extension to which Defendants consented, Defendants shall send a Notice of Failure to Serve via email to that Plaintiff's attorney of record, with a courtesy copy via email the Co-Lead Counsel's designee, identifying the case name and docket number.

ii.      Within 14 days, Plaintiff shall (i) tender an executed and substantially completed PFS, or (ii) if Plaintiff has in fact tendered an executed PFS, inform the Defendants of the date on which it was served.

    c.      **Phase II: Order to Show Cause.**

i.      Following delivery of the Notice of Failure to Serve and expiration of the 14-day period identified in Paragraph 5(b), Defendants may move the Court to issue an Order to Show Cause on Plaintiff for failing to comply with a Court order. Defendants shall use their best efforts to group multiple delinquent PFS recipients in a single motion for an Order to Show Cause grouped by the pertinent Plaintiffs' law firms. For avoidance of doubt, a Motion for an Order to Show Cause is only appropriate in cases where no PFS is served. If a PFS is served, but is deemed deficient by Defendants, then the process delineated in Paragraph 4 above shall be followed.

ii.      Any response to such a motion shall be filed and served within 14 days following the Court's entry of the Order to Show Cause. Failure to tender a completed PFS as required by this Order within the time provided for under the Order to Show Cause shall result in dismissal of Plaintiff's complaint without prejudice absent further order of the Court. On good cause shown, and with a completed PFS tendered with a motion, Plaintiff may move to reinstate a dismissed claim within 30 days of a dismissal. If Plaintiff fails to move for reinstatement within 30 days of dismissal, Plaintiff's case will be dismissed with prejudice.

iii.      Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

6.    **Objections Reserved to PFS.** All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit Plaintiff from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with Fed. R. Civ. P. 26(b)(5)(a) or any agreed-upon protocol for privilege logging.

7.    **Confidentiality of Data.** A PFS shall be deemed confidential and treated as "Confidential" as defined in the Stipulated Confidentiality Order, except to the extent portions thereof may be designated "Highly Confidential – Attorneys' Eyes Only" by a party or non-party in accordance with the Stipulated Confidentiality Order. [ECF No. 117]. Documents produced pursuant to the PFS shall be subject to the Stipulated Confidentiality Order.

8.    **Scope of Depositions and Admissibility of Evidence.** Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure, as well as any subsequent protocol that is entered in this action governing depositions. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS, and no objections are waived by virtue of providing information in any PFS.

9.    **Other Discovery.** This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**

DATED: October 15, 2024

RUKHSANAH L. SINGH
United State Magistrate Judge

7

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |
| This document relates to:<br><br>Self-Funded Payer Track | |

## SELF-FUNDED PAYER PLAINTIFF FACT SHEET

Please provide the following information for each Plaintiff that is part of the Self-Funded Payer Track that has filed a complaint in *In Re: Insulin Pricing Litigation*, MDL No. 3080. In completing this Plaintiff Fact Sheet ("PFS"), You are under oath and must provide information that is true and correct to the best of Your knowledge, information, and belief. The scope of the questions herein and responses thereto will be limited to information and/or documents within each Your possession, custody, or control. To the extent a You lack information or documents in Your possession, custody, or control in response to the questions or document requests below, You shall expressly state You lack such information in Your response.

Do not leave any questions unanswered or blank. If You are filling out this PFS in hard copy, use additional sheets as needed to fully respond.

This PFS constitutes discovery responses subject to the Federal Rules of Civil Procedure. You must diligently investigate whether You have within Your possession, custody, or control information or documents responsive to the questions and requests, inclusive of custodial sources. (ECF No. 291 at 2.) To the extent You assert an undue burden in connection with a particular request in this PFS as to custodial files, You must meet and confer with Defendants and, if unresolved, present the issue to the Court for resolution. You may not rely on Rule 33(d) in responding to the PFS questions unless the question specifically allows production of documents in lieu of a response. You must promptly supplement Your responses if You learn that they are incomplete or inaccurate in any respect. Each question in this PFS is continuing in nature and requires supplemental answers as You obtain further information between completing this PFS and trial. Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Stipulated Confidentiality Order entered in this MDL proceeding. (*See* ECF No. 117.)

## INSTRUCTIONS

1.    None of the questions in this PFS seek privileged information. To the extent You believe that any form of privilege prevents You from fully answering a question, state Your basis

for withholding an answer or part of an answer on the grounds of privilege and which privilege You believe applies. If You assert that part of a question is objectionable or calls for privileged information, respond to the remaining parts of the question to which You do not object.

2.    "And" and "or" mean "and/or" and should be construed conjunctively and disjunctively to require the broadest possible response. "Including" shall mean "including but not limited to."

3.    All definitions provided herein are limited to the use of the terms in these Requests.

## DEFINITIONS

1.    "Administrative Fees" means any fee paid by a manufacturer to a PBM in exchange for any administrative service the PBM performs.

2.    "At-Issue Products" means the insulin products and any other pharmaceuticals that You identify in response to Question No. 10.

3.    "Health Plan" means all health plans offered by, administered by, or sponsored by You during the Period that the Health Plan offered or included Prescription Drug Coverage.

4.    "Out-of-Pocket Maximum" means the maximum amount of allowable costs or expenses that a person with any form of health insurance, health coverage, prescription drug plan, or any other health plan that helps enrollees pay for prescribed pharmaceuticals can incur during a given year through their health insurance.

5.    "PBM" means pharmacy benefit manager.

6.    "Prescription Drug Coverage" means any form of health insurance, health coverage, prescription drug plan, or any other health plan that helps enrollees pay for prescribed pharmaceutical drugs.

7.    "Rebates" means any rebate, payment, discount, or other price concession made or paid by a manufacturer to a PBM.

8.    "Time Period" means January 1, 2011 to January 1, 2023.

9.    "WAC" means wholesale acquisition cost.

10.    "You" or "Your" means the Plaintiff named in this Action and any other persons or entities on whose behalf the Plaintiff brings this action, including any official, department, agency, investigative unit, entity, or program.

QUESTIONS

## I.  CASE INFORMATION

1.  Plaintiff: _____

2.  Case name and caption number: _____

3.  Name, firm, and e-mail of principal attorney(s) representing You: _____

4.  Defendants: _____

## II.  BENEFICIARIES

5.  In the table below, provide the total number of individuals enrolled in Your Health Plan, including primary and dependent beneficiaries, for each year of the Time Period:

| Year | Number of Beneficiaries |
|------|-------------------------|
| 2011 |  |
| 2012 |  |
| 2013 |  |
| 2014 |  |
| 2015 |  |
| 2016 |  |
| 2017 |  |
| 2018 |  |
| 2019 |  |
| 2020 |  |
| 2021 |  |
| 2022 |  |

6. Provide the total number of individuals who used Your Health Plan to purchase or use At-Issue Products during each year of the Time Period:

| Year | Number of Purchasers/Users of At-Issue Products |
|---|---|
| 2011 | |
| 2012 | |
| 2013 | |
| 2014 | |
| 2015 | |
| 2016 | |
| 2017 | |
| 2018 | |
| 2019 | |
| 2020 | |
| 2021 | |
| 2022 | |

## III.  PERSONS OR ENTITIES WITH RELEVANT KNOWLEDGE

7. In the form of the table below, identify the name, title, and dates of employment of Your current and former employees, representatives, or agents who had any responsibility over the design or administration of Your Health Plan or Prescription Drug Coverage during the Time Period, including responsibility over the decision to enter into agreements governing Prescription Drug Coverage, Rebates, Your Health Plan, and formularies:

| Name | Title | Dates of Employment or Contract | Area(s) of Responsibility |
|---|---|---|---|
| | | | |

8. To the extent not included in response to Question No. 7 above, in the form of the table below, identify by name, title, and dates of employment Your current and former employees or representatives with knowledge regarding the allegations in Your Complaint:

| Name | Title | Dates of Employment | Area(s) of Responsibility |
|---|---|---|---|
| | | | |

4

9. In the form of the table below, identify by name any department, agency, investigative unit, entity, or other program with responsibility over functions related to the allegations in Your Complaint. Summarize each of those entities' area of responsibility:

| Entity Name | Area of Responsibility |
|---|---|
| | |

## IV.  AT-ISSUE PRODUCTS

10. Identify every insulin or other pharmaceutical that You allege is relevant to any claim for damages or other relief You seek in this case (the "At-Issue Products"):[1]

11. In the form of the table below or through the production of documents, for each At-Issue Product, provide the total amount of money that You spent on the At-Issue Product for members enrolled in Your Health Plan for each year during the Time Period, and the total Rebates received by You:

| At-Issue Product | Year | Total Number of Scripts | Total Spent by You | Total Rebates Received |
|---|---|---|---|---|
| | | | | |

## V.  YOUR HEALTH PLANS

12. In the form of the table below, for each Health Plan that You offered that included Prescription Drug Coverage during the Time Period, identify the plan identification number, name, or other plan identifier and the starting and ending dates for each plan year during the Time Period:

| Health Plan Identifier | Start Date | End Date |
|---|---|---|
| | | |

---

[1] In seeking this information, Defendants do not concede that any pharmaceuticals identified by You are relevant.

13. In the form of the table below, list all PBMs or other entities with whom You have contracted to administer Prescription Drug Coverage for every Health Plan identified in response to Question No. 12 for each plan year during the Time Period:

| Health Plan Identifier | Plan Year | PBM or Other Entity |
|---|---|---|
|  |  |  |

14. Identify all insurers or third-party administrators with whom You have contracted relating to the Health Plans identified in response to Question No. 12:

_____

## VI. REBATES AND FEES

15. In the form of the table below, identify each contract You have or had with a PBM during the Time Period, including the party with which You contracted, and the year. Include in Your answer any addendums or other agreements You entered pursuant to an existing master agreement. If a contract was entered into before the Time Period began but did not expire until after the Time Period began, identify that contract as well:

| Contract | Contracting Entity | Year(s) |
|---|---|---|
|  |  |  |

16. Have You ever used preventative drug lists, critical drug affordability programs, or any other program to lower the out-of-pocket costs of the At-Issue Products for Your members? _____ Yes _____ No

**If yes,** in the form of the table below, identify each such Health Plan where You implemented such a program, the program, the year the program was implemented, and the applicable At-Issue Products:

| Health Plan | Program | Year | At-Issue Product |
|---|---|---|---|
|  |  |  |  |

6

17. Have You ever passed Rebates received from a PBM through to Your members at the point of sale for any of the At-Issue Products? _____ Yes _____ No

   **If yes,** in the form of the table below, identify each such Health Plan where You passed on Rebates, the years You passed on Rebates, the At-Issue Products for which You passed on Rebates, and the percentage of Rebates that You passed on to members at the point of sale:

| Health Plan | Year Passed on Rebate | At-Issue Product | Percentage of Rebate Passed on |
|---|---|---|---|
|  |  |  |  |

18. Other than passing Rebates through to Your members at the point of sale, describe the ways in which You use Rebates and Administrative Fees received from PBMs for At-Issue Products:

   _____

19. In any contract identified in response to Question No. 15, did any other PBM or any other contracting entity submit bids/proposals? _____ Yes _____ No

   **If yes,** identify any entity submitting competing bids/proposals, and produce the competing bids:

   _____

20. During the relevant time period, did You contract with, or use master contracts from, any other entities (e.g., MMCAP) for rebates or other price concessions related to purchasing pharmaceutical products? _____ Yes _____ No

   **If yes,** in the form of the table below, identify each such contract, the contracting entity, the year, and the percentage of or other determinant of the Rebates the contracting entity agreed to pass through to You:

| Contract | Contracting Entity | Year | Percentage of Rebates |
|---|---|---|---|
|  |  |  |  |

7

## VII.   MISREPRESENTATIONS AND OMISSIONS

21.   In the form of the table below, identify every specific misrepresentation that a Defendant allegedly made that forms the basis of the allegations in Your lawsuit, of which You are currently aware, including the approximate date, the source, who received the statement, the reason why You believe the statement was false, whether or not You relied on the statement, and if so, how, and the Defendant(s) that made the statement:

| Misrepre-sentation | Approx. Date | Source | Recipient | Basis that Statement is False | Reliance (if any) | Defendant(s) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

22.   In the form of the table below, describe any omissions that a Defendant allegedly made that forms the basis of the allegations in Your lawsuit, of which You are currently aware, including the approximate date, any statement to which the omission relates, the reason why You believe a Defendant should have disclosed the omission, and the Defendant(s) that made the omission:

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
|  |  |  |  |  |

## VIII.   TIMING OF AWARENESS

23.   Identify when and how You first learned or discovered that the prices for the At-Issue Products were allegedly artificially inflated, false, fraudulent, misleading, or deceptive:

24.   Identify the earliest date on which You began investigating the pricing of Defendants' At-Issue Products for the purpose of bringing the present action:

25.   Identify when You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

26.   Describe how You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

27.  Identify when and how You learned of or discovered any other lawsuit filed against any Defendant related to insulin pricing, including *In re Insulin Pricing* (D.N.J., 2:17-cv-00699), *MSP LLC* (D.N.J., 2:18-cv-02211), *Minnesota* (D.N.J., 2:18-cv-14999), and *In re Direct Purchaser Insulin Pricing Litigation* (D.N.J., 3:20-cv-03426):

_____

28.  Identify when and how You learned of or discovered any state, or federal investigation related to insulin pricing:

_____

## IX.   SELECTION OF PRESCRIPTION DRUG COVERAGE

29.  In the form of the table below, identify any third-party services, advisors, consultants, or contractors used by You to provide consulting, research, analysis, accounting, financial advice, solicitation, selection, development, or other advice related to Your Health Plan, selecting or soliciting PBM services, or Prescription Drug Coverage for At-Issue Products during the Time Period, the approximate dates You used the third-party services, advisors, consultants, or contractors, a description of the services that entity provided You, and the principal point of contact at the entity who is or was responsible for overseeing performance of the contract:

| Third-Party Advisor (Advisor Name and Employer) | Approximate Dates | Description of Services | Point of Contact |
|---|---|---|---|
|  |  |  |  |

30.  For each third-party service, advisor, consultant, or contractor You identified in Question No. 29, in the form of the table below or through the production of documents, identify whether You received any presentations, reports, analyses, or memoranda related to Health Plan or Prescription Drug Coverage benefits designed for At-Issue Products, and produce those materials:

| Third-Party Advisor | Received Presentations, Reports, Analyses, Memoranda (Yes/No) |
|---|---|
|  |  |

9

31. Did You or anyone acting on Your behalf conduct a request for proposal ("RFP") or similar process to solicit offers from or to otherwise identify PBMs to administer Prescription Drug Coverage? _____ Yes _____ No

If yes, in the form of the table below, identify each RFP or other solicitation You made during the Time Period, any third-party advisor that assisted with the RFP or solicitation, the PBMs You sent the RFP or solicitation to, and produce the RFP responses:

| RFP or Solicitation | Third-Party Advisor | Date | PBMs Solicited |
|---|---|---|---|
|  |  |  |  |

32. Are Your Health Plan expenditures related to pharmaceuticals audited, either internally or by an external auditor? _____ Yes _____ No

If yes, in the form of the table below, identify each audit and produce the audit:

| Audit | Person or Entity conducting the Audit | Date | Purpose of the audit |
|---|---|---|---|
|  |  |  |  |

## X.     MEMBERSHIP IN OTHER ENTITIES

33. In the form of the table below, identify any organizations that You are a part of that share information regarding at-issue insulins, pharmaceutical pricing, Rebates, PBM or drug pricing reform or legislation, including, but not limited to, the National Association of Counties, MMCAP, or any other group purchasing organization, and identify any of Your employees who are involved in that organization:

| Organization | Dates of Membership | Your Involved Employees |
|---|---|---|
|  |  |  |

10

## XI.    DIRECT PURCHASING

34.    Have You purchased At-Issue Products directly from pharmaceutical manufacturers, wholesalers, mail order pharmacies, and/or retail sellers? _____ Yes _____ No

**If yes,** in the table below, identify each At-Issue Product You allege You purchased directly, the specific years You made the direct purchase, the entity that directly distributed the At-Issue Product(s) to You, the total quantity of At-Issue Products You purchased, and the total amount You paid:

| At-Issue Product | Year | Direct Seller | Total Quantity | Total Amount Paid |
|---|---|---|---|---|
| | | | | |

## XII.    DAMAGES

35.    For each Defendant identified in Question No. 4, in the form of the table below, state how You claim You have been damaged by that Defendant's alleged conduct.  This request is not designed to require an expert evaluation:

| Defendant | Basis |
|---|---|
| | |

36.    For each Defendant identified in Question No. 4, in the form of the table below, identify to the best of Your knowledge the date when You allege that You were first injured as a result of that particular Defendant's alleged conduct.  This request is not designed to require an expert evaluation:

| Defendant | Date |
|---|---|
| | |

37.    Are You seeking any monetary damages? _____ Yes _____ No

**If yes,** summarize the categories of damages or monetary relief that You allege:

_____

11

## INITIAL DOCUMENT REQUESTS

Please produce the following documents for the Time Period:

1.      Each RFP seeking PBM services, including all amendments, riders, schedules, supplements, instructions, or other addenda that You issued during the Time Period.

2.      Documents, including internal summaries, analyses, and presentations, reflecting Your reasons for selecting or not selecting a PBM prescription drug benefit plan for each year, including bids, communications, RFPs, procurement rules, guidance documents, and related documents, and documents relating to negotiation for Rebates for Your employee plan(s) or for Medicaid.

3.      Each contract, including amendments, riders, schedules, supplements, or other addenda that You entered into with a PBM, health insurer, third-party administrator, or any other entity through which You obtained price concessions during the Time Period (e.g., MMCAP), or that otherwise was in effect during the Time Period.

4.      Documents sufficient to identify the formularies for Your Health Plans during the Time Period.

5.      For each benefit year for which You are seeking relief, documents relating to Your Health Plans, including documents sufficient to show: (1) the annual deductible(s), including separate deductible amounts or requirements for use of in-network versus out-of-network pharmacies, and any separate deductible amounts or requirements on individual versus family expenditures, (2) the copayment or coinsurance rate for each pharmaceutical tier, (3) the annual Out-of-Pocket Maximums, (4) the summary plan description, and (5) summaries of benefits and coverage associated with each of Your Health Plans during the time period.

6.      Documents received by You that related to representations made by PBMs about their services or made by pharmaceutical manufacturers about their list prices.

7.      Contracts with third-party advisors or auditors in effect during the Time Period that relate to prescription drug benefits, as well as any presentations, reports, analyses, or memoranda relating to prescription drug benefits Plaintiffs chose or did not choose.

## CERTIFICATION

I declare under penalty of perjury that all of the information provided in this PFS is complete, true, and correct to the best of my knowledge and information, and that I have provided all of the requested documents that are reasonably accessible to me and/or my attorneys, to the best of my knowledge.

_____          _____
Signature                                Date

_____          _____
Name (Printed)                           Title

13