# Exhibit 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STATE OF MINNESOTA, BY ITS ATTORNEY GENERAL, KEITH ELLISON, | : : : : : | |
| *Plaintiff*, | : : | Civil Action No.: 18-cv-14999-BRM-LHG |
| v. | : : | |
| SANOFI-AVENTIS U.S. LLC, NOVO NORDISK, INC., AND ELI LILLY AND CO., | : : : : | |
| *Defendants*. | : : | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

To:    Defendants Sanofi-Aventis U.S. LLC, Novo Nordisk, Inc., and Eli Lilly and Co. through their counsel of record.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff State of Minnesota, by and through its Attorney General, Keith Ellison ("AGO"), responds to Defendants' First Requests for Production of Documents to Plaintiff as follows:

### GENERAL EXPLANATIONS AND OBJECTIONS

1.    The AGO objects to the definitions and requests to the extent that they seek documents or information from state agencies, state departments, state entities, state programs, or state officials—such as the Minnesota Department of Health, the Minnesota Department of Human Services, the Minnesota Department of Corrections, the Minnesota Department of Management and Budget, and the Minnesota Department of Administration—all of which are outside the possession, custody, and control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce

documents on behalf of other entities, including state agencies. The AGO's production will be limited to documents within the possession, custody, or control of the AGO. The appropriate mechanism for obtaining discovery from non-parties is by way of subpoena duces tecum, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

2. The AGO's fact investigation, discovery, and trial preparation are continuing. The AGO's responses are based only on the information currently known or available after a reasonable inquiry.

3. The AGO objects to the definitions and requests to the extent that they impose burdens, duties, or obligations greater than or contrary to those established by the Federal Rules of Civil Procedure, including the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey, the Case Management Order [ECF No. 89], or other applicable statutes, case law, rules, orders, or agreements governing the discovery or disclosure of information.

4. The AGO will not produce documents protected from disclosure by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection. Such privileged information shall not be provided in response to these requests, and any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to such information.

5. The AGO objects to the definitions and requests to the extent that they are vague, ambiguous, cumulative, duplicative, overbroad, or unduly burdensome.

6. The AGO objects to the definitions and requests to the extent they seek information that is not relevant to any party's claims or defenses.

7.      The AGO objects to the requests to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      The AGO objects to the definitions and requests to the extent that they contain or rely upon misstatements of fact or law, or assume the existence of facts or events that do not exist or did not take place.  Any response of the AGO to a request shall not be construed as an admission that any characterization of facts, circumstances, or legal obligations stated or implied in that request is accurate.  The AGO reserves the right to contest any such characterization as inaccurate.

9.      The AGO objects to the requests to the extent that they seek information or documents that are already in Defendants' possession, custody, or control or are equally available to Defendants and the AGO.

10.     Upon further investigation, discovery, and trial preparation, the AGO reserves the right to alter, revise, amend, correct, clarify, or supplement its answers.  The AGO also reserves all objections to competency, relevancy, privilege, and admissibility as evidence for any purpose of the documents and information sought by Defendants.

11.     The AGO objects to the requests and definitions to the extent they require the AGO to draw legal conclusions.

12.     The general objections set forth above, and the objections to specific requests set forth below, are made as to matters that are clearly objectionable from the face of each request.

These objections are made without prejudice to, or waiver of, the AGO's right to object on all appropriate grounds to specific requests.

## NON-WAIVER PROVISIONS

1.      The AGO's responses to these requests are made without waiving the right to object on grounds of relevance, hearsay, materiality, competency, or any other ground, to the use of these responses in any subsequent state or proceeding in this action or any other action. The AGO reserves all objections with respect to any questions as to the competency, relevance, materiality, privilege, or admissibility of any evidence for trial.

2.      The AGO's failure to object to a specific request on a particular ground or grounds is inadvertent and shall not be construed as a waiver of its rights to object on any additional grounds. The AGO reserves its right to amend and/or supplement its objections and responses to these requests consistent with further investigation and discovery.

3.      The AGO reserves the right to introduce all relevant and admissible evidence at trial, and nothing in these responses should be construed as a waiver of this right. The responses set forth below are provided without prejudice to the AGO's right to produce evidence of any subsequently discovered facts at any motion, hearing, or trial.

## SPECIFIC OBJECTIONS AND RESPONSES

Each general objection stated above is incorporated in the response to each individually numbered request as if fully set forth below:

**REQUEST NO. 1:**  All written Contracts, and all Documents relating to any verbal Contract, between You and any PBM or Third-Party Payer relating to the administration of the Prescription Drug Coverage offered under a State Plan that covered any Analog Insulin during the Relevant Period. For avoidance of doubt, this Request includes all Contracts related in any way to (i) coverage of, pricing for, or reimbursement of the Analog Insulins, or (ii) manufacturer rebates or discounts, pharmacy discounts, other discounts, or any services related to the Analog Insulins, whether or not either category of Contracts relate specifically to the Analog Insulins or to broader categories of prescription drugs that include the Analog Insulins.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to any verbal contracts between the AGO and any Pharmacy Benefit Manager or any third-party payer.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses raised by any party in this action to the extent that the definition of "state plan" includes any Medicaid program plan.

The AGO objects to this request as duplicative of Request Nos. 2 and 10.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 2:**  All written Contracts, and all Documents relating to any verbal Contract, between You and any Third-Party Payer relating to the administration of a State Plan that covered any Analog Insulins during the Relevant Period.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent

constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to any verbal contracts between the AGO and any third-party payer.

The AGO objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, the work produce doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that the definition of "state plan" includes any Medicaid program plan.

The AGO objects to this request as duplicative of Request Nos. 1, 3, and 10.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 3:** All Documents relating to any rebates or other price concessions received from a PBM, Third-Party Payer, or a manufacturer for any Analog Insulin dispensed to a Plan Member of a State Plan, including Documents sufficient to show the following:

a.  Manufacturer name
b.  Manufacturer ID
c.  Plan ID
d.  NDC
e.  Start date of period over which rebate is calculated
f.  End date of period over which rebate is calculated
g.  Number of prescriptions dispensed during each rebate period

    h.  If the amount of the rebate depends on distribution channel (retail/mailorder/specialty pharmacy), provide the number of prescriptions in each category

    i.   Quantity dispensed during each rebate period for each drug

    j.   Base rebate

    k.  Performance rebate

    l.   Price/inflation protection rebate

    m.  Other rebates or price concessions

    n.  Administrative fees

    o.  Total rebates or price concessions received

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to any rebates or price concessions received from any third-party, Pharmacy Benefit Manager, or manufacturer of analog insulin.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that the definition of "state plan" includes any Medicaid program plan.

The AGO objects to this request as duplicative of Request Nos. 2 and 4.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 4:**  All Documents relating to whether any rebates or other price concessions received from a PBM, Third-Party Payer, or a manufacturer for any Analog Insulin were passed on to Plan Members of a State Plan, either at the point of sale or thereafter, and the extent or amount of any rebate or other price concession passed through for each Analog Insulin.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to any rebates or price concessions received from a third-party, Pharmacy Benefit Manager, or manufacturer of analog insulin  that were passed on to plan members of a state plan.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that the definition of "state plan" seeks documents related to any Medicaid program plan.

The AGO objects to this request as duplicative of Request Nos. 3 and 6.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 5:**  All Documents relating to discounts You received from or on behalf of pharmacies for each Analog Insulin  dispensed to Plan Members of each State Plan.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to discounts received from a pharmacy for analog insulin dispensed to a plan member of any state plan.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that that the definition of "state plan" seeks documents related to any Medicaid program plan.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 6:** All Documents relating to the following statements in Exhibit B of the Defendants' Motion to Dismiss [ECF No. 47-4]:

a. Your "pharmacy benefits management (PBM) contract ensures that [You] get the lowest prices available through the PBM"; and
b. "[A]ll rebates from drug manufacturers are passed on to the state."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent

constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to statements that may have appeared on the website of the Minnesota Department of Management and Budget at any time.

The AGO objects to this request as duplicative of Request No. 3.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 7:**  For each and every State Plan that covered one or more of the Analog Insulins, all Documents sufficient to show the plan benefit design and other terms, including:

a. Plan identification number, name, or other plan identifier;
b. Starting and ending dates for plan year;
c. Annual plan premium for each plan, for each year during the Relevant Period, broken out for each available level of coverage (e.g., individual, family);
d. Annual deductible(s) for each plan, for each year during the Relevant Period, including Documents identifying (a) separate deductible amounts or requirements for use of in-network versus out-of-network pharmacies, (b) any separate deductible amounts or requirements on individual versus family expenditures, (c) deductible structure, including whether deductibles were determined based on drug expenditure alone, or based on combined drug and medical expenditures;
e. Plan features or requirements regarding use of in-network pharmacies;
f. Plan feature or requirements regarding use of out-of-network pharmacies;
g. Copayment or coinsurance rate for each drug tier, including the tiers on which at least one Analog Insulin was placed at any point during the Relevant Period;
h. The existence of, and amount of, any maximum dollar limit on the plan's coinsurance rate;
i. Annual out-of-pocket maximums for each plan during the Relevant Period, including separate Documents and data addressing any different maximums based on in-network versus out-of-network pharmacy use, and/or based on family versus individual expenditures;
j. Whether out-of-pocket maximums were based on drug expenditures alone, or on combined drug and medical expenditures;
k. Any aspects of plan benefit design targeted specifically at patients with diabetes or patients taking insulin (e.g., diabetes- or insulin-specific cost-sharing, cost-sharing

limits, etc.), in particular whether the plan offers first-dollar coverage for any Analog Insulin or exempts any Analog Insulins from cost sharing requirements.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request as vague and ambiguous in requesting the production of documents sufficient to show the "the plan benefit design and other terms" without defining the meaning of "design" or "other terms."

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that the definition of "state plan" seeks documents related to any Medicaid program plan.

The AGO objects to this request as duplicative of Request No. 20.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 8:** For all State Plans that covered one or more of the Analog Insulins, all Documents (including any Documents relating to communications between You, any PBM, Third-Party Payer, or any Plan Member of a State Plan), relating to any of the following:

    a. Drug rebates from pharmaceutical manufacturers, including (i) the effect of rebates upon State Plan Members' out-of-pocket costs at or after the point of sale or on plan premiums, (ii) Your awareness of the fact that PBMs negotiate rebates with pharmaceutical manufacturers, or (iii) Your awareness of the size or magnitude of

rebates negotiated with pharmaceutical manufacturers (either in the aggregate or on a drug-specific basis);

b. Any communications between You and any PBM regarding list prices, including any demands or instructions by You to PBMs to seek lower Analog Insulin list prices; and/or

c. The use of exclusive formularies by State Plans, including business strategies with respect to exclusive or preferred formulary placement and the extent to which exclusive or preferred formulary placement reduces Your costs or State Plan Members' costs.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Management and Budget, the Minnesota Department of Human Services, and the Minnesota Department of Administration.

The AGO objects to this request to the extent that it seeks communications or documents that are related to the AGO's awareness of certain facts or documents that are protected by the attorney-client privilege, the work produce doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that the definition of "state plan" seeks documents related to any Medicaid program plan.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, documents that are in any way related to drug rebates from pharmaceutical manufacturers, communications between the AGO and any Pharmacy Benefit Manager, and the use of exclusive formularies by state plans.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 9:**  All Documents relating to any purchase of Analog Insulin by or on behalf of the Minnesota Department of Corrections.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to the purchase of analog insulin by the Minnesota Department of Corrections.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product doctrine, common interest doctrine, or deliberative process privilege.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 10:**  All written Contracts, and all Documents relating to any verbal Contract, governing the prices paid by the Minnesota Department of Corrections or any vendors acting on its behalf for Analog Insulin, including Contracts governing any price concessions received after the point of sale.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to the purchase of analog insulin by the Minnesota Department of Corrections.

The AGO objects to this request as duplicative of Request Nos. 1 and 2.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 11:** All Documents relating to any decision by the Minnesota Department of Corrections to enter into any Contract with manufacturers or wholesalers regarding the purchase of Analog Insulin, including the Minnesota Department of Corrections' consideration and evaluation of contract terms related to pricing and rebates.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

14

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that in any way relate to any decision of the Minnesota Department of Corrections to enter into any contract with any manufacturer or wholesaler to purchase insulin.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, common interest doctrine, deliberative process privilege, or any other applicable protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 12:**   All Documents relating to Your assertion in the Complaint at ¶ 88 that Defendants' list prices "have financially harmed the Minnesota Department of Corrections by reducing its health care-related savings, increasing its health care-related costs, or both."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to the AGO's allegation that Defendants' list prices have financially harmed the Minnesota Department of Corrections by reducing its health care related savings or increasing its health care related costs.

The AGO objects to this request as premature to the extent it seeks information that will be provided by the AGO's expert witness(es), which will be provided in accordance with the Case Management Order [ECF No. 89].

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 13:** All Documents relating to Your assertion in the Complaint at ¶ 88 that "[t]he Minnesota Department of Corrections has purchased insulin from a wholesaler whose price, like those of other wholesalers, is based on the benchmark price that the manufacturer sets or passes through to the wholesaler."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to the AGO's allegation the Minnesota Department of Corrections has purchased insulin from a wholesaler whose price is based on the benchmark price that the manufacturer sets or passes through to the wholesaler.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 14:** All Documents relating to the assertion made in the Declaration of Nanette M. Larson [ECF No. 54-1] that "DOC, through its vendor(s), has purchased at least $35,584.10 worth of insulin manufactured by Eli Lilly and Company from January 1, 2014 through on or about August 14, 2019" and that "[t]his insulin was paid for by DOC pursuant to the terms of its contract with the vendor(s)." For avoidance of doubt, this includes, but is not limited to, the

16

relevant vendor contract(s) and all purchase invoices, including Documents specifying the particular insulin presentations and amounts purchased.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents that are in any way related to the statement of Nanette Larson that the Minnesota Department of Corrections, through its vendors, has purchased at least $35,584.10 of insulin manufactured by Eli Lilly and Company and that the insulin was paid by the Minnesota Department of Corrections through it vendor contract(s).

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 15:** All Documents relating to Your assertion in Your Sur-reply at 1 [ECF No. 63] that "[t]he Minnesota Department of Corrections ("DOC") has purchased both Humalog and Basaglar analog insulin from Eli Lilly."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents relating to the AGO's assertion that the Minnesota Department of Corrections has purchased Humalog and Basaglar analog insulin.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 16:** All Documents relating to any consideration by the Minnesota Department of Corrections of using the 340B drug pricing program to purchase insulin, and relating to any such use of the 340B drug pricing program by the Minnesota Department of Corrections.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents relating to any consideration of the Minnesota Department of Corrections of using the 340B drug pricing program to purchase insulin, as well as seeking, without limitation, all documents relating to the Minnesota Department of Corrections's use of the 340B drug pricing program.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, common interest doctrine, deliberative process privilege, or any other applicable protection.

18

The AGO objects to this request to the extent it seeks documents regarding the Minnesota Department of Corrections's consideration of choosing one drug pricing program over another as not relevant to any claims or defenses asserted by any party in this action.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 17:**  For each Analog Insulin prescription dispensed to a Minnesota resident and for which You are asserting claims in the Action, all Documents sufficient to show the following information:

    a.  the name of the Analog Insulin dispensed;
    b.  the manufacturer of the Analog Insulin dispensed;
    c.  the name and location of the pharmacy or other entity that dispensed the prescription;
    d.  the name or other unique identifier of the patient to whom the prescription was prescribed;
    e.  the National Drug Code (NDC) of the Analog Insulin dispensed;
    f.  the quantity of Analog Insulin dispensed;
    g.  the number of days covered by the prescription when using the Analog Insulin product as directed;
    h.  whether the prescription was covered, in whole or in part, by Prescription Drug Coverage;
    i.  the identity of any Third-Party Payer involved in the transaction;
    j.  the retail price for the prescription, as negotiated with any Third-Party Payer or otherwise set by the pharmacy or other entity that dispensed the prescription;
    k.  if different than the amount in (j), the price upon which the patient's payment for any deductible, coinsurance, or cost-sharing during the Medicare Coverage Gap was based;
    l.  the out-of-pocket cost incurred by the Minnesota resident for the prescription;
    m.  whether the out-of-pocket cost incurred by the Minnesota resident was a fixed co-payment;
    n.  whether the out-of-pocket cost incurred by the Minnesota resident was incurred as part of the deductible of any applicable Prescription Drug Coverage; and
    o.  the amount and source of any financial assistance from any party received or used to reduce the out-of-pocket cost for the prescription, including, but not limited to, copayment assistance, coupons, or automatic discounts.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO as the AGO is not a provider of commercial health insurance in possession of this type of information. Additionally, the Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections or Minnesota Department of Human Services.

The AGO objects to the purported legal assertion contained in the phrasing of this request to the extent that it implies that the AGO is asserting claims on behalf of or represents specific, individual Minnesota consumers. The Minnesota Attorney General's public, quasi-sovereign interests in obtaining equitable restitution for a pattern or practice of unlawful conduct is wholly separate and distinct from an individual's interest in obtaining private compensatory damages.

The AGO objects to this request as premature to the extent it seeks information that will be provided by the AGO's expert witness(es), which will be provided in accordance with the Case Management Order [ECF No. 89].

The AGO objects to this request as duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 19, and 20.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 18:** Documents sufficient to show all out-of-pocket costs incurred by Minnesota residents on whose behalf You are asserting claims in the Action in connection with (i) prescription drugs other than Analog Insulin that were dispensed to the Minnesota resident (or other individuals covered under the same health plan as the resident), or (ii) any other medical services that were provided to the Minnesota resident or other individuals covered under the same health plan as the resident, that either counted toward, or would have counted toward, the

same deductible or annual out-of-pocket maximum that applied to prescription drugs for that Minnesota resident.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO as the AGO is not a provider of commercial health insurance in possession of this type of information. Additionally, the Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to the purported legal assertion contained in the phrasing of this request to the extent that it implies that the AGO is asserting claims on behalf of or represents specific, individual Minnesota consumers. The Minnesota Attorney General's public, quasi-sovereign interests in obtaining equitable restitution for a pattern or practice of unlawful conduct is wholly separate and distinct from an individual's interest in obtaining private compensatory damages.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to the claims or defenses that any party has asserted in this action to the extent it seeks information about prescription drug costs and medical services other than analog insulin.

Based on the foregoing objections and the general objections, the AGO will not respond to this request as written. To the extent that Defendants believe that this request calls for the properly timed production of specific, non-privileged, relevant documents that are within the possession, custody, or control of the AGO, the AGO is willing to meet and confer to narrow this request.

**REQUEST NO. 19:** For the Prescription Drug Coverage, if any, that applied to the Analog Insulin prescriptions of Minnesota residents on whose behalf You are asserting claims in the Action, Documents sufficient to show the terms of the Prescription Drug Coverage, and any

changes in the Prescription Drug Coverage or its terms that occurred during the year, including, but not limited to:

  a.  the name of the Third-Party Payer;
  b.  Plan identification number, name, or other plan identifier;
  c.  the time period of coverage;
  d.  the primary individual covered;
  e.  all of the individuals covered with the primary individual;
  f.  the source of the Prescription Drug Coverage (e.g., employer-sponsored health plan, individual health insurance plan, Medicare Part D, Medical Assistance (Medicaid), MinnesotaCare);
  g.  Annual deductible(s) for each plan, for each year during the Relevant Period, including Documents identifying (a) separate deductible amounts or requirements for use of in-network versus out-of-network pharmacies, (b) any separate deductible amounts or requirements on individual versus family expenditures, (c) deductible structure, including whether deductibles were determined based on drug expenditure alone, or based on combined drug and medical expenditures;
  h.  Plan features or requirements regarding use of in-network pharmacies;
  i.  Plan feature or requirements regarding use of out-of-network pharmacies;
  j.  Copayment or coinsurance rate for each drug tier, including the tiers on which at least one Analog Insulin was placed at any point during the Relevant Period;
  k.  The existence of, and amount of, any maximum dollar limit on the plan's coinsurance rate;
  l.  Annual out-of-pocket maximums for each plan during the Relevant Period, including separate Documents and data addressing any different maximums based on in-network versus out-of-network pharmacy use, and/or based on family versus individual expenditures;
  m.  Whether out-of-pocket maximums were based on drug expenditures alone, or on combined drug and medical expenditures;
  n.  Any aspects of plan benefit design targeted specifically at patients with diabetes or patients taking insulin (e.g., diabetes- or insulin-specific costsharing, cost-sharing limits, etc.), in particular whether the plan offers firstdollar coverage for any Analog Insulin.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO as the AGO is not a provider of commercial health insurance in possession of this type of information.   Additionally, the Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for

or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to the purported legal assertion contained in the phrasing of this request to the extent that it implies that the AGO is asserting claims on behalf of or represents specific, individual Minnesota consumers. The Minnesota Attorney General's public, quasi-sovereign interests in obtaining equitable restitution for a pattern or practice of unlawful conduct is wholly separate and distinct from an individual's interest in obtaining private compensatory damages.

The AGO objects to this request as premature to the extent it seeks information that will be provided by the AGO's expert witness(es), which will be provided in accordance with the Case Management Order [ECF No. 89].

The AGO objects to this request as duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 17, and 20.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:** For all Relevant Plans that covered one or more Analog Insulins dispensed to Minnesota residents on whose behalf You are asserting claims in the Action, all Documents relating to any of the following:

    a. How Plan Member cost-sharing requirements were established, including how plan premiums, formulary coverage, deductibles, copayments, coinsurance, out-of-pocket maximums, or other cost-sharing levels were set and the reasons for such decisions;

    b. Reasons for any changes in cost-sharing requirements under any Relevant Plan during the Relevant Period;

    c. How cost-sharing levels, formulary coverage, and other benefit features depend on or are calculated based on (i) the list price or benchmark price of pharmaceuticals, or (ii) any rebates or discounts off the list price or benchmark price of pharmaceuticals; and/or

    d. For the Relevant Period and through January 1, 2020, any discussion or decision(s) to pass on to Plan Members, either at the point of sale or thereafter, any rebates or

discounts received from manufacturers, PBMs, or other entities, including the reasons for any such decision(s).

**RESPONSE:**

The AGO objects to this request as it seeks documents that are not within the possession, custody, or control of the AGO as the AGO is not a provider of commercial health insurance in possession of type of information. Additionally, the Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to the purported legal assertion contained in the phrasing of this request to the extent that it implies that the AGO is asserting claims on behalf of or represents specific, individual Minnesota consumers. The Minnesota Attorney General's public, quasi-sovereign interests in obtaining equitable restitution for a pattern or practice of unlawful conduct is wholly separate and distinct from an individual's interest in obtaining private compensatory damages.

The AGO objects to this request as unduly burdensome and overbroad to the extent that it seeks, without limitation, all documents relating to: (1) how plan member cost-sharing requirements were established; (2) the reasons for changes in cost-sharing requirements; (3) how cost-sharing levels, formulary coverage, or other benefit features depend on the list price or benchmark price of pharmaceuticals; or (4) decisions to pass on to plan members any rebates or discounts received from manufacturers, PBMs, or other entities.

The AGO objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, the work produce doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 17, and 19.

Based on the foregoing objections and the general objections, the AGO will not respond to this request as written. To the extent that Defendants believe that this request calls for the properly timed production of specific, non-privileged, relevant documents that are within the possession, custody, or control of the AGO, the AGO is willing to meet and confer to narrow this request.

**REQUEST NO. 21:** All Documents relating to your allegation in Paragraph 82 of the Complaint that "health plan members who have the benefit of a PBM negotiating on behalf of their health plan suffer because . . . the amount the patient must pay as coinsurance is calculated as a percentage of a price that is based on the drug's benchmark price."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Administration, Minnesota Department of Corrections, Minnesota Department of Human Services, and Minnesota Department of Health.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the AGO's allegation that health plan members who have the benefit of a PBM negotiating on behalf of their health plan suffer because the amount the patient must pay as coinsurance is calculated as a percentage of a price that is based on the drug's benchmark price.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 22:** All Documents relating to your allegation in Paragraph 81 of the Complaint that any "benefit of a manufacturer discount for insulin products while in the [Medicare Part D] donut hole . . . does not begin to cover the inflated costs that enrollees incur because of Defendants' misrepresentative benchmark prices."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services and Minnesota Department of Health.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the AGO's allegation that any benefit of a manufacturer discount for insulin products while in the Medicare Part D donut hole does not begin to cover the inflated costs that enrollees incur because of Defendants' misrepresentative benchmark prices.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, work product privilege, deliberative process privilege, common interest doctrine, or any other applicable protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 23:**  All Documents regarding or reflecting Your knowledge and understanding of rebates or other price concessions provided by drug manufacturers to commercial or governmental payers, insurers, health plans, or PBMs.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections, Minnesota Department of Administration, Minnesota Department of Human Services, Minnesota Department of Health, and Minnesota Department of Commerce.

The AGO objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, documents regarding the AGO's knowledge and understanding of rebates or price concessions provided by drug manufacturers to commercial or governmental payers, insurers, health plans, or PBMs.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses that any party has asserted in this action to the extent that it seeks documents about the AGO's knowledge of rebates or prices concessions.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 24:**  All Documents supporting Your allegations in the Complaint at ¶¶ 72 and 93 that Minnesota residents were unaware of the "spread" between list and net prices for insulin

and that "the extent to which [] benchmark prices differed from Defendants' actual prices . . . [was] not apparent or obvious to the State, its residents, or the Minnesota Department of Corrections, and could not have been discovered through reasonable diligence."

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents supporting the AGO's allegation Minnesota residents were unaware of the spread between list and net prices for insulin and that the extent to which benchmark prices differed from Defendants' actual prices was not apparent or obvious to the State, its residents, or the Minnesota Department of Corrections, and could not have been discovered through reasonable diligence.

The AGO objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, deliberative process privilege, common interest doctrine, or any other applicable protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 25:**  All Documents regarding or reflecting the definition, calculation, use, and Your knowledge or understanding of the pricing terms Average Wholesale Price (AWP), Wholesale Acquisition Cost (WAC), Average Manufacturer Price (AMP), Best Price (BP), benchmark price, or list price, including but not limited to Documents regarding or reflecting the relationship between these pricing terms and provider or pharmacy drug acquisition costs, manufacturer rebates, or manufacturer revenues.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Corrections, Minnesota Department of Human Services, Minnesota Department of Administration, Minnesota Department of Health, Minnesota Department of Commerce, or Minnesota Board of Pharmacy.

The AGO objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, documents reflecting the AGO's knowledge and understanding of the Average Wholesale Price, Wholesale Acquisition Cost, Average Manufacturer Price, Best Price, benchmark price, or list price.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 26:**  All Documents regarding or reflecting Minnesota residents' knowledge or understanding of the pricing terms Average Wholesale Price (AWP), Wholesale Acquisition Cost (WAC), Average Manufacturer Price (AMP), Best Price (BP), benchmark price, or list price, including but not limited to Documents regarding or reflecting Minnesota residents' knowledge or understanding of the relationship between these pricing terms and provider or pharmacy drug acquisition costs, manufacturer rebates, or manufacturer revenues.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO as the Minnesota Attorney General does not represent individual Minnesota residents.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents regarding every Minnesota resident's knowledge and understanding of the Average Wholesale Price, Wholesale Acquisition Cost, Average Manufacturer Price, Best Price, benchmark price, or list price.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 27:**  All Documents relating to the State's use of "wholesale acquisition cost" to estimate pharmacies' acquisition costs for purposes of any health care program, including Medical Assistance (Medicaid) and MinnesotaCare.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services, Minnesota Department of Health, and Minnesota Board of Pharmacy.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the State's use of wholesale acquisition cost to estimate pharmacies' acquisition costs for purposes of any health care program.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to the claims or defenses in this action to the extent that it seeks information about Medicaid.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 28:** All Documents relating to the State's use of the National Average Drug Acquisition Cost (NADAC) for the purposes of any health care program, including Medical Assistance (Medicaid) and MinnesotaCare.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the State's use of wholesale

acquisition cost to estimate pharmacies' acquisition costs for purposes of any health care program.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that it seeks information about Medicaid.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 29:** All Documents relating to the definition of "wholesale acquisition cost" in Minn. Stat. § 256B.0625, subd. 13e(a), as "the manufacturer's list price for a drug or biological to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates, or reductions in price, for the most recent month for which information is available, as reported in wholesale price guides or other publications of drug or biological pricing data," including, but not limited to any analyses, memoranda, or other communications by any State agency or department.

**RESPONSE:**

The AGO objects to this request as vague to the extent it asks for documents relating to a statutory definition found in Minnesota Statutes Chapter 256B.

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that are in any way related to the definition of "wholesale acquisition cost" as it is used in Minnesota Statutes section 256B.0625, subd. 13e(a).

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to any claim or defense asserted by a party in this action. The definition of "wholesale acquisition cost" supplied by the Minnesota Legislature in a Minnesota statute limited to the Medical Assistance Program is not a relevant topic for discovery.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 30:** All Documents relating to the State's definition of the "value" of insulin provided under Minnesota's Insulin Assistance Program as its "wholesale acquisition cost," including, but not limited to any analyses, memoranda, or other communications by any State agency or Department.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Board of Pharmacy.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the definition of "value" of insulin under Minnesota's Insulin Assistance Program as its "wholesale acquisition cost."

The AGO objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not reasonably related any claim or defense asserted by a part in this action. The definition of "value" supplied by the Minnesota Legislature in a Minnesota statute limited to the Minnesota Insulin Assistance Program is not a relevant topic for discovery.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 31:** Documents showing the amount of statutory Medicaid rebates you received for each Analog Insulin during each year of the Relevant Period.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO. The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to this request to the extent it seeks documents that are equally available to Defendants and the AGO.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not reasonably related to any claim or defense asserted by any party in this action. Rebates received by the State from Defendants' federally mandated Medicaid rebate compliance is not a relevant topic for discovery.

Based on the foregoing objections and the general objections, the AGO will not respond to this request as written. To the extent that Defendants believe that this request calls for the properly timed production of specific, non-privileged, relevant documents that are within the

possession, custody, or control of the AGO, the AGO is willing to meet and confer to narrow this request.

**REQUEST NO. 32:**  All Documents regarding any supplemental Medicaid rebates that the State of Minnesota negotiates and/or receives for Analog Insulins.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to this request to the extent it seeks documents that are equally available to Defendants and the AGO.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not reasonably related to any claim or defense asserted by a party in this action.  Rebates received by the State relating to Defendants' compliance with Medicaid is not a relevant topic for discovery.

Based on the foregoing objections and the general objections, the AGO will not respond to this request as written.  To the extent that Defendants believe that this request calls for the properly time production of specific, non-privileged, relevant documents that are within the possession, custody, or control of the AGO, the AGO is willing to meet and confer to narrow this request.

**REQUEST NO. 33:**    All Documents regarding the impact of statutory and supplemental Medicaid rebates on the State's spending for health care services.

**RESPONSE:**

The AGO objects to this request as it seeks documents that are not within the possession, custody, or control of the AGO.    The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services or Minnesota Department of Management and Budget.

The AGO objects to this request to the extent it seeks documents that are equally available to Defendants and the AGO.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not reasonably related to any claim or defense asserted by any party in this action.    Rebates received by the State from Defendants' compliance with Medicaid is not a relevant topic for discovery.

Based on the foregoing objections and the general objections, the AGO will not respond to this request as written.    To the extent that Defendants believe that this request calls for the properly time production of specific, non-privileged, relevant documents that are within the possession, custody, or control of the AGO, the AGO is willing to meet and confer to narrow this request.

**REQUEST NO. 34:**  All Documents relating to the Minnesota Department of Human Services' (DHS) negotiation of any rebates in connection with the potential inclusion of any Analog Insulin on its Preferred Drug List (PDL), also known as the Uniform Preferred Drug List, regardless of whether or not the negotiations resulted in any Analog Insulin being included on the PDL.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including  the Minnesota Department of Human Services.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the Minnesota Department of Human Services's negotiation of any rebates in connection with the potential inclusion of analog insulin  on its preferred drug list.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege  or protection.

Subject  to and without waiving the foregoing objections and the general objections, the AGO  will  search  for  and  produce  responsive,  non-privileged  documents  in  its  possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**  All Documents relating to any rebate paid to DHS in connection with the inclusion of any Analog Insulin on its PDL, including rebate agreements and Documents relating to the use of the rebates.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on behalf of other state entities, including the Minnesota Department of Human Services.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to any rebate paid to the Minnesota Department of Human Services in connection with the inclusion of any analog insulin on its Preferred Drug List.

The AGO objects to this request to the extent it seeks documents that are protected by the work product doctrine, attorney-client privilege, common interest doctrine, deliberative process privilege, investigative files privilege, law enforcement privilege, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 36:**  All Documents relating to the Magellan National Medicaid Pooling Initiative's (NMPI) negotiation of any rebates in connection with the potential inclusion of any Analog Insulin on the DHS PDL, regardless of whether or not the negotiations resulted in any Analog Insulin being included on the PDL.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on

behalf of other state entities, including the Minnesota Department of Human Services or Minnesota Department of Management and Budget.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that it seeks information about any Medicaid plan.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the Magellan National Medicaid Pooling Initiative's negotiation of any rebates in connection with the potential inclusion of any analog insulin on the Minnesota Department of Human Services's Preferred Drug List, including those negotiations that did not result in any analog insulin being included on the Preferred Drug List.

The AGO objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 37:**  All Documents relating to any rebate paid to the State in connection with the NMPI and the inclusion of any Analog Insulin on the DHS PDL, including rebate agreements and Documents relating to the use of the rebates.

**RESPONSE:**

The AGO objects to this request to the extent it seeks documents that are not within the possession, custody, or control of the AGO.  The Minnesota Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or produce documents on

behalf of other state entities, including the Minnesota Department of Human Services or Minnesota Department of Management and Budget.

The AGO objects to this request as outside the scope of the Second Amended Complaint and not relevant to claims or defenses in this action to the extent that it seeks information about any Medicaid plan.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to any rebate paid to the State of Minnesota in connection with the Magellan National Medicaid Pooling Initiative's inclusion of any analog insulin on the Minnesota Department of Human Services's Preferred Drug List.

The AGO objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other applicable protection.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**  All Documents relating to consideration by the Minnesota Attorney General's Advisory Task Force on Lowering Pharmaceutical Drug Prices, including in communications between or among two or more of its members, of (1) the pricing of Insulin or Analog Insulin, (2) payment(s) for Insulin or Analog Insulin by the State or any of its residents, (3) any action, inaction, or decision by the State that caused it or its residents to pay more than they otherwise would have for pharmaceuticals including Insulin or Analog Insulin, and/or (4) the role of PBMs in causing list prices of pharmaceuticals including Analog Insulin to increase.

**RESPONSE:**

The AGO objects to this request to the extent that it seeks documents protected by the deliberative process privilege or any other applicable privilege.

Subject to and without waiving the foregoing objection and the general objections, the AGO will search for and produce responsive, non-privileged documents.

**REQUEST NO. 39:**  All Documents related to the subject matter of this Action received by You from a non-party to the Action.

**RESPONSE:**

The AGO objects to this request to the extent it seeks information protected by the attorney client privilege, work product doctrine, common interest doctrine, or any other applicable protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that in any way relate to the subject matter of this action and that were provided by a non-party.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents.

**REQUEST NO. 40:**  All Documents related to Your pre-suit investigation of the subject matter of this Action, including, but not limited to, all Documents You received pursuant to a Civil Investigative Demand.

**RESPONSE:**

The AGO objects to this request to the extent it seeks information protected by the attorney client privilege, work product doctrine, common interest doctrine, or any other applicable protection.

The AGO objects to this request as unduly burdensome and overbroad to the extent it seeks, without limitation, all documents that are in any way related to the State's pre-suit investigation.

Subject to and without waiving the foregoing objections and the general objections, the AGO will search for and produce responsive, non-privileged documents after the parties meet

and confer over the treatment of information that has been produced to the AGO pursuant to Civil Investigative Demands by both parties and non-parties to this action and which may contain information that should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Confidentiality Order in *In re Insulin Pricing Litigation*, 17-cv-699 [ECF No. 299] ("Confidentiality Order"). The information that has been produced to the AGO pursuant to Civil Investigative Demands by both parties and non-parties to this action includes numerous confidentiality designations that pre-date the execution of the Confidentiality Order. The AGO is itself unable to designate or determine the appropriate confidentiality designations of these documents pursuant to the Confidentiality Order.

Dated: July 31, 2020

STATE OF MINNESOTA

KEITH ELLISON
Attorney General
State of Minnesota

*/s/ Alex K. Baldwin*

ALEX K. BALDWIN (*pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2134
(651) 757-1020
alex.baldwin@ag.state.mn.us

NOAH LEWELLEN (*pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2134
(651) 757-1420
noah.lewellen@ag.state.mn.us

JUSTIN MOOR (*pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2134
(651) 757-1060
justin.moor@ag.state.mn.us
*Attorneys for State of Minnesota*