THE
**C** **CICALA Law Firm**
PLLC

November 13, 2024

**VIA ECF**

Honorable Brian R. Martinotti
United States District Court
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Plaza, 3rd Floor
Newark, New Jersey 07102

> **Re:** *In re Insulin Pricing Litigation*, **Case No. 2:23-md-3080 (D.N.J)**
>      **Response to Notice of Supplemental Authority Regarding Pending Motions to**
>      **Dismiss**

Dear Judge Martinotti:

The State AG Plaintiffs write in response to the November 8, 2024 Notice of Supplemental Authority submitted by the PBM Defendants. Dkt. No. 323 (citing *Hawai'i ex rel. Lopez v. CaremarkPCS Health, L.L.C.*, 2024 WL 4625719 (D. Haw. Oct. 30, 2024)). This response is necessary because the Notice mischaracterizes the relevancy of the holding in *Hawai'i* by omitting material factual and legal differences between that case and the State AG Track cases in MDL 3080.

*First*, the *Hawai'i* decision is from a case that spans all brand name prescription drugs, does not name any of the MDL 3080 Manufacturer Defendants, and is otherwise distinguishable from the instant proceedings. Indeed, as the JPML recognized when denying Defendants' effort to transfer the *Hawai'i* matter to this MDL, there are "fundamentally different factual questions" between the diabetes medications at issue in this MDL and "the substantially larger universe of drugs, manufacturers, and business practices" alleged in *Hawai'i.* Judicial Panel on Multidistrict Litigation ("JPML") Order Denying *Hawai'i* Transfer, attached as **Exhibit A** at 2.[1]

*Second,* the *Hawai'i* decision held that, unlike as in the MDL 3080 State AG cases, Hawai'i did not allege direct misrepresentations to and about consumers[2] and did not identify distinct public policy violations or substantial harm. (*5, *8-10). None of these pleading deficiencies exist in the State AG cases. Dkt. 190-29 at ¶¶ 441-48 (alleging misrepresentations about and to Montana

---

[1] In opposing the transfer of the *Hawai'i* case to this MDL, the Manufacturer Defendants dedicated pages of briefing to the differences in the cases. *See, e.g.*, Manufacturer Defendants' Opp'n to Motion to Transfer*, In re Insulin Pricing Litigation*, 1:23-cv-00464, Dkt. No. 15 at pg. 8 (JPML) ("In other words, the factual core underlying the *Hawai'i* action—and the conclusions *Hawai'i* draws from that different, far broader core—differ materially from the factual core and theory of liability that the MDL plaintiffs pursue.")

[2] Moreover, neither Illinois nor Montana law require that Defendants' misconduct be specifically directed at consumers to be actionable. *See* Supp. MTD Resp., Dkt. 190-54 at 4; *see also Minnesota by Ellison v. Sanofi-Aventis U.S. LLC*, No. 318CV14999BRMLHG, 2020 WL 2394155, at *15 (D.N.J. Mar. 31, 2020) (Martinotti, J.) (this Court rejected a similar "consumer-facing" argument).

November 13, 2024,
Page 2



diabetics), ¶¶ 29-31, 478-83 (alleging substantial harm to Montana diabetics); Dkt. 190-50 at ¶¶ 431-39 (alleging misrepresentations about and to Illinois diabetics), ¶¶ 29-31, 462-69 (alleging substantial harm to Illinois diabetics); Dkt. 190-54 at 6 (identifying public policy violations).

*Third*, *Hawai'i* is based on unique interpretations of the FTC Act by Hawai'i courts for which there are no analogues in the State AG Track cases. *See* *6 (finding Hawai'i courts would not adopt the FTC's presumption of materiality); *7 (finding the FTC Act requires plaintiffs to prove "substantial injury (and more) for an unfair acts claim").

*Lastly*, the *Hawai'i* Court recognized that the pleading deficiencies could be cured. Accordingly, the ruling was issued without prejudice and provides the State an opportunity to file an amended complaint. (*12).

In sum, *Hawai'i ex rel. Lopez v. CaremarkPCS Health, L.L.C.*, 2024 WL 4625719 (D. Haw. Oct. 30, 2024) is both factually and legally distinct from the MDL 3080 State AG cases. For the reasons stated in the Plaintiffs' Opposition to PBM Defendants' Supplemental Brief Supporting Their Rule 12(b) Motion to Dismiss and those stated in the States' original oppositions, the PBMs' Motions to Dismiss should be denied.

Respectfully submitted,

Joanne M. Cicala
The Cicala Law Firm PLLC

W. Lawrence Deas
Liston Deas PLLC

Walter G. Watkins
Forman Watkins & Krutz LLP

Enclosure
cc:    Counsel of Record (*via* ECF)