# Exhibit A

Case 2:23-md-03080-BRM-RLS   Document 327-1   Filed 11/13/24   Page 2 of 4 PageID: 11218
Case MDL No. 3080   Document 259   Filed 04/11/24   Page 1 of 3
Case 1:23-cv-00464-LEK-RT   Document 78-1   Filed 04/12/24   Page 2 of 4   PageID.1767

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: INSULIN PRICING LITIGATION                    MDL No. 3080

### ORDER DENYING TRANSFER

**Before the Panel:**\*  Defendants CaremarkPCS Health, LLC ("Caremark") and Optum Rx, Inc. move under 28 U.S.C. § 1407 for transfer of the action listed on Schedule A (*State of Hawai'i*) to MDL No. 3080.  Plaintiff State of Hawai'i opposes the motion.  Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S., LLC, which are defendants in the MDL but not in *State of Hawai'i*, also oppose transfer.

After considering the argument of counsel, we deny the motion for transfer.  In our order establishing this MDL, we held that centralization was warranted for actions alleging a "scheme between insulin manufacturers and pharmacy benefit managers to artificially and fraudulently inflate the price of insulin and other diabetes medications."  *See In re Insulin Pricing Litig.*, __ F. Supp. 3d __, 2023 WL 5065090, at *3 (J.P.M.L. Aug. 3, 2023).  We observed that the alleged insulin pricing scheme involves the same participants – "insulin manufacturers Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S. LLC, and, on the PBM side, CVS Caremark, Express Scripts, Optum Rx, and their various corporate affiliates" – as well as the same central factual allegations concerning the pricing of insulin and other diabetes medications.  *See id.*  In contrast, the *State of Hawai'i* action alleges a scheme to inflate the list price of all "brand-name prescription drugs" – a substantially larger universe of drugs, manufacturers, and business practices than those at issue in the MDL.  Considering the differences between this action and the MDL, transfer would not serve the just and efficient conduct of the litigation.

In support of transfer, defendants Caremark and Optum Rx argue that *State of Hawai'i* is principally about insulin pricing and, even if it involves a larger universe of drugs, the shared questions of fact concerning insulin pricing support transfer.  This argument is unpersuasive.  It is true that *State of Hawai'i* shares some questions of fact with the actions in the MDL – as movants point out, the State's complaint discusses in detail the pricing of insulin products as a "case study" and the "prime example" of the alleged unlawful pricing conduct.  However, the complaint emphasizes that "the State's claims are not limited to insulin or other diabetes medications, but rather are based on the larger unfair and deceptive scheme that … [have] increased prices and reduced access to brand-name prescription drugs for Hawai'i consumers."  *See Hawai'i* Am. Compl. ¶¶ 122, 150.  Thus, the complaint alleges several other instances of the PBMs' artificial inflation of the price of brand-name prescription drugs including, for example, Humira and EpiPen.

---

\*  Judge Nathaniel M. Gorton and Judge David C. Norton did not participate in the decision of this matter.

Case 2:23-md-03080-BRM-RLS   Document 327-1   Filed 11/13/24   Page 3 of 4 PageID: 11219
Case MDL No. 3080   Document 259   Filed 04/11/24   Page 2 of 3
Case 1:23-cv-00464-LEK-RT   Document 78-1   Filed 04/12/24   Page 3 of 4   PageID.1768

-2-

*See id*. ¶ 100 ("Humira, AbbVie's blockbuster rheumatoid arthritis drug, is a good example of WAC inflation . . . . Humira's WAC increased 78% from 2015 to 2019. Yet, most of the WAC increase is attributable to rebates – which grew over 600% during this period."); ¶ 104 ("Mylan raised the price of EpiPen in order to allow the manufacturer to cut deals with PBMs and other purchasers in exchange for their agreement to give EpiPen preferential treatment").  The broader scope of *Hawai'i* also is confirmed by the State's pending discovery requests, which seek discovery as to the top 50 branded prescription medications in the state by dollar amount and 25 manufacturers with which the PBM defendants have done the most business.[1]  These are not "minor factual differences," as movants argue; rather, *State of Hawai'i* involves fundamentally different factual questions about pricing across the entire brand-name prescription drug industry, rather than being limited to diabetes drugs.  In our view, transfer of the *State of Hawai'i* would not serve the just and efficient conduct of the litigation because it likely would broaden the scope of MDL No. 3080 to cover all brand-name prescription drugs and vastly expand the number of involved parties and pricing practices.  The record does not support such an expansion of the MDL.

Informal coordination of the *State of Hawai'i* action with the MDL appears practicable and preferable to transfer.  Defendants in *State of Hawai'i* – Caremark, Express Scripts, and Optum Rx – are defendants in the MDL.  They are represented by overlapping national counsel in both matters, and are well-positioned to coordinate discovery across the actions.  Additionally, plaintiff State of Hawai'i represents that it is willing to informally coordinate overlapping discovery with the governmental plaintiffs in the MDL and already has undertaken efforts to do so.  We encourage the parties to pursue these and other cooperative efforts to minimize the risk of duplicative discovery and inconsistent rulings.

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Matthew F. Kennelly | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

[1] For example, in late 2023, the State served discovery seeking "all Documents sufficient to identify the top 50 branded prescription medications (as determined by the total aggregate dollar amount of claims…) per year in Hawai'i from 2010-2023" including the name of the branded medication and total dollar amount of claims; and "all Documents sufficient to identify the 25 Manufacturers from which You have directly or indirectly received the largest Payments … per year from 2010-2023."  *See State of Hawai'i v. CaremarkPCS Health, L.L.C*., No. 23-00464, Ex. C to Defs.' Mot. to Stay Disc., at 22-31, 53-62 (D. Haw. Jan. 12, 2024).

Case 2:23-md-03080-BRM-RLS   Document 327-1   Filed 11/13/24   Page 4 of 4 PageID: 11220
Case MDL No. 3080   Document 259   Filed 04/11/24   Page 3 of 3
Case 1:23-cv-00464-LEK-RT   Document 78-1   Filed 04/12/24   Page 4 of 4   PageID.1769

**IN RE:  INSULIN PRICING LITIGATION**                                      MDL No. 3080

## SCHEDULE A

<u>District of Hawaii</u>

STATE OF HAWAI'I, EX. REL. ANNE E. LOPEZ, ATTORNEY GENERAL v. CAREMARKPCS HEALTH, L.L.C, ET AL., C.A. No. 1:23−00464