UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | No. 23-md-3080 (BRM) (RLS)<br>MDL No. 3080 |

THIS DOCUMENT RELATES TO: STATE AG TRACK CASES

## ORDER REGARDING FACT SHEETS

**PRESENTLY** before the Court are disputes between Plaintiffs in the State Attorney General Track cases (the "State AG Plaintiffs") and Defendants as to the proposed Plaintiff Fact Sheets ("PFSs") for this Track. (*See* Doc. Nos. 317, 319). During the Court's informal pre-conference meeting with counsel on November 12, 2024, counsel for the State AG Plaintiffs and Defendants reiterated some of their respective arguments set forth in their written submissions. The Court has fully considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. Through this Order, the Court resolves the disputes raised as to the PFS for the State AG Track cases.[1]

### *Responding Agencies*

As a threshold matter, the parties dispute which department(s), agency(ies), or office(s) within a State AG Plaintiff should provide information or documents responsive to the PFS. The State AG Plaintiffs contend that only the respective attorney general's office needs to provide

---

[1] To efficiently address the issues presented, the Court does not recite at length the background or the parties' respective arguments herein. The parties are familiar with the background and the Court refers to the parties' respective submissions generally. Nevertheless, in issuing this Order, the Court has considered the entirety of the parties' arguments in the context of this matter.

1

responsive information or documents. Defendants, rather, argue that the State AG Plaintiffs should provide all information and documents within the State's or Commonwealth's control, regardless of department, agency, office, or the like.

The case law relied upon by the parties reflect that courts have approached this issue on an individualized, state-by-state basis, with context to the nature of the claims asserted, relevant state or commonwealth statutory framework, and the specific departments, agencies, and offices maintaining the sought-after information or documents. *See, e.g., Minnesota v. Sanofi-Aventis U.S. LLC et al.*, No. 22-1946, ECF No. 45 (D.N.J. July 29, 2022); *in re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, No. 22-md-3047, 2024 WL 4125618 (N.D. Cal. Sept. 6, 2024); *in re Generic Pharms. Pricing Antitrust Litig.*, 699 F. Supp. 3d 352 (E.D. Pa. 2023); *Illinois ex rel. Raoul v. Monsanto Co.*, No. 22-5339, 2023 WL 4083934 (N.D. Ill. June 20, 2023); *in re Gold King Mine Release*, No. 18-md-2824, 2021 WL 847971 (D.N.M. Mar. 5, 2021); *United States v. Am. Express Co.*, No. 10-4496, 2011 WL 13073683 (E.D.N.Y. July 29, 2011). The parties appear to have acknowledged, and agreed, that this issue is an individualized assessment.

As such, the Court lacks the requisite record to determine whether each State AG Plaintiff should produce information and documents responsive to the PFS that is within *any* of its departments, agencies, or offices. Therefore, the parties shall continue their meet and confers on this issue. To assist the meet and confer process, each State AG Plaintiff shall identify for Defendants those departments, agencies, or offices within the State or Commonwealth that possess information or documents responsive to the PFS and whether such information or documents will be provided in the PFS response, without the need for a Court order or subpoena. Should Defendants and a State AG Plaintiff reach an impasse as to how to discover the information or documents after a fulsome meet and confer, the parties shall timely raise it with the Court.

### *Questions Regarding Health Plans*

Defendants also dispute the State AG Plaintiffs' proposal to limit questions regarding offered health plans to those States or Commonwealths who have sued "in its capacity as a health payor." (*See, e.g.*, the State AG Plaintiffs' proposed Question 5 and Section II). Defendants contend every State AG Plaintiff should respond to questions regarding offered health plans because such information relates to issues in dispute regarding public policy and alleged injury to consumers who are covered by the State or Commonwealth's health plan(s). The State AG Plaintiffs argue that the questions would be unduly burdensome and not sufficiently tailored to this stage of discovery if every State AG Plaintiff was required to provide responsive information.

A goal of the PFS process is to efficiently move forward with discovery in a complex matter such as this one, while balancing a party's right to discover non-privileged, relevant information and documents that are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Defendants have sufficiently shown that the sought-after information and documents as to offered health plans are relevant and proportional to the needs of the case, even if a State or Commonwealth has not sued in its capacity as a health payor. Moreover, responding to such questions would not be unduly burdensome to those State AG Plaintiffs not suing in its capacity as a health payor. Accordingly, subject to the Court's rulings below regarding specific questions and requests, the Court agrees with Defendants and rejects the State AG Plaintiffs' proposed carve-out in Question 5 and Section II.

### *Specific Questions in the PFS*

Next, the parties dispute many specific questions and requests within the proposed PFS, primarily on the bases of burden and need for efficiency when responding to the PFS. The Court summarily resolves those disputes as follows.

The parties have offered competing proposals for Question 13, which requires the identification of those with relevant knowledge. Defendants' proposed language broadens the request to seek identification of departments, agencies, and the like involved in certain specific areas. (*Compare* the State AG Plaintiffs' proposed Question 13 *with* Defendants' proposed Question 13). The State AG Plaintiffs object to the proposed language, noting the differences among the claims asserted within this Track, which would result in disparate burdens among the State AG Plaintiffs. (*See* Doc. No. 319 at pp. 6-7). While each State AG Plaintiff may be differently situated, Defendants' proposed Question seeks relevant information that would aid the parties and the Court in focusing further discovery. As such, the Court adopts Defendants' proposed Question 13.

The parties also dispute whether the State AG Plaintiffs should identify their respective residents' total out-of-pocket costs. (*Compare* the State AG Plaintiffs' proposed Question 15 *with* Defendants' proposed Questions 15 and 58). In the Self-Funded Payor ("SFP") Track cases, the Court found such information better suited for discovery after the PFS stage. Nevertheless, Defendants contend such information is critical at this stage in the State AG Track cases because the State AG Plaintiffs seek restitution owed to their respective consumers. (*See* Doc. No 317 at pp. 13-14). The State AG Plaintiffs argue instead that the Court should adopt the same approach in this Track as it did with the SFP Track and underscore that collecting such information would be unduly burdensome. The State AG Plaintiffs also point out that their proposed Question 45 would provide Defendants sufficient information because it requires each State AG Plaintiff to summarize its damages, which include any alleged out-of-pocket costs. (*See* Doc. No. 319 at pp. 8-9).

Notably, Defendants' proposed Questions 15 and 58 seek total out-of-pocket costs based

on the product at issue, rather than such costs on a consumer-by-consumer basis. Importantly, the State AG Plaintiffs are differently situated from the SFP Track Plaintiffs: the State AG Plaintiffs emphasize that they bring these actions as *parens patriae* "to act on behalf of state consumers[.]" (Doc. No. 319 at p. 3). As such, the Court finds the balance of efficiency and the need for relevant information through the PFS process balances differently in this Track than in the SFP Track. Here, the total residents' out-of-pocket costs is inextricably intertwined with the damages sought by the State AG Plaintiffs, and an identification of such total costs through Defendants' proposed Questions 15 and 58 would aid the parties and the Court in targeting areas for further discovery or other proceedings. Accordingly, the Court adopts Defendants' proposed Questions 15 and 58.

The State AG Plaintiffs also oppose Defendants' proposed questions regarding legislation and the adoption of the Affordable Care Act's Medicaid expansion. (*See* Doc. No. 319 at p. 9). Defendants couch their proposal as seeking information and documents relating to State or Commonwealth programs and legislation aimed to cap or lower consumer out-of-pocket costs of insulin. (*See* Doc. No. 317 at pp. 11-12). However, as the State AG Plaintiffs point out, proposed and passed legislation is publicly available and equally accessible to Defendants as to the State AG Plaintiffs. *See in re Generic Pharms. Pricing*, 699 F. Supp. 3d at 356. Nevertheless, information and documents relating to opportunities, taken or not, by a State AG Plaintiff to lower out-of-pocket costs of insulin for its consumers are relevant and proportional to the needs of this case, in the context of the allegations asserted in the State AG Track. Accordingly, the Court finds Defendants' proposed Questions 21, 29, 32, 33, and 57 are appropriate for this stage of discovery and thus adopts them. The Court rejects Defendants' proposed Question 22 which seeks information regarding proposed legislation. The Court further finds Defendants' proposed Request 8 overbroad and not sufficiently tailored to the needs of this stage of discovery because it

seeks what appears to be all documents or communications relating to Patient Assistance Programs offered by the State/Commonwealth, Defendants, and other entities. The proposed Request seeks documents within the possession that may be in the possession of Defendants or "other entities" beyond the State AG Plaintiff. As such, the Court rejects Defendants' proposed Request 8.

In addition, the parties propose competing questions relating to rebates and administrative fees. (*Compare* the State AG Plaintiffs' proposed Questions 22 and 23 *with* Defendants' proposed Questions 24 and 25). As Defendants point out, the State AG Plaintiffs assert allegations relating to "administrative fees." Notably, the Court found Defendants' proposed Question 25 suitable for inclusion in the PFS for the SFP Track because it could aid the parties in identifying common issues and/or cases for further proceedings. The Court finds no reason to exclude administrative fees from the questions at issue. Accordingly, the Court adopts Defendants' proposed Questions 24 and 25.

The parties next dispute whether the PFS should include an averment that a State or Commonwealth "relied" on an alleged misrepresentation. (*Compare* State AG Plaintiffs' proposed Question 29 *with* Defendants' proposed Question 34). The State AG Plaintiffs oppose the question relating to reliance because "most of the consumer protection laws asserted in the State AG [T]rack" do not require a showing of reliance. (Doc. No. 319 at p. 9). Inferentially, there may be some consumer protection laws invoked that do require such a showing. As such, the parties are directed to meet and confer to identify those State AG Plaintiffs who assert a consumer protection law that requires reliance. Where reliance is required, the State AG Plaintiff shall provide the response to Defendants' proposed Question 34.

The State AG Plaintiffs also object to Defendants' proposed Question 36, seeking the identification of "each and every WAC, list price, or other pricing figure that you allege is or was

6

artificially inflated, false, fraudulent, misleading, or that otherwise forms the basis for the allegations" asserted. They point out that each State AG Plaintiff alleges *every* WAC price during the relevant time period was artificially inflated and false and that the respective complaints included charts of those prices with approximate dates. (*See* Doc. No. 319 at p. 10). Defendants counter that targeted information relating to the specific prices at issue would aid the parties in focusing on the alleged misrepresentations at issue in these cases. As to this dispute, the Court agrees with the State AG Plaintiffs that Defendants' proposed Question 36 is not appropriate at the PFS stage because it would not aid the parties or the Court in narrowing the issues at this stage. The Court, thus, rejects Defendants' proposed Question 36. Defendants may pursue such discovery at a later stage of discovery, if appropriate.

Next, the parties dispute whether discovery relating to any applicable statute of limitations is appropriate at this stage. (*See* Doc. No. 317 at pp. 12-13; Doc. No. 319 at pp. 10-11). The State AG Plaintiffs oppose Defendants' proposed Questions 44 through 46 and offer competing language to Defendants' proposed Question 42 through their proposed Question 34. Defendants propose an additional question relating to statue of limitations through their proposed Question 37. As the Court previously found, the issue of statute of limitations and a plaintiff's knowledge regarding any claims it might have would aid the Court in narrowing the issues and/or cases for prioritization or further proceedings. (*See* Doc. No. 291 at p. 9). Accordingly, the Court adopts Defendants' proposed Questions 37, 44, 45, and 46, but rejects Defendants' proposed Question 42. The Court finds Plaintiffs' proposed Question 34 more appropriately situated to the needs of this stage and therefore adopts Plaintiffs' proposed Question 34.

The parties also dispute whether a State AG Plaintiff should disclose memberships in certain groups or organizations. Defendants seek to include in the PFS a question soliciting the

identification of a State AG Plaintiff's membership in groups, organizations, or the like "that share information regarding at-issue insulins, pharmaceutical pricing, Rebates, PBM or drug pricing reform or legislation[,]" as well as State AG Plaintiff employees involved in such organizations. (Defendants' proposed Question 51). Defendants contend such information would aid the parties in identifying potential third-party discovery. (*See* Doc. No. 317 at p. 15). Notably, the same question is posed in the PFS for the SFP Track Plaintiffs. Defendants' proposed question seeks relevant and proportional information appropriate for the PFS stage. The Court thus adopts Defendants' proposed Question 51.

The State AG Plaintiffs also oppose Defendants' proposed Question 53, which seeks the identity of every citizen the State AG Plaintiff intends to use to support its claims. The Court agrees with the State AG Plaintiffs as to this proposed Question; requiring such identification at this stage would likely delay the PFS process in this Track and not promote the goals of narrowing further proceedings.[2] Accordingly, the Court rejects Defendants' proposed Question 53.

Defendants also propose Question 59 aimed to seek information regarding any direct purchases of insulin. (*See* Doc. No. 317 at p. 13). As the Court found in the SFP Track Cases, determining whether and which State AG Plaintiff(s) made direct purchases of the products-at-issue could aid the identification of common issues and/or cases for further proceedings. As such, the Court adopts Defendants' proposed Question 59.

Finally, the parties dispute the language of a question posed to solicit information as to the conduct sought to be enjoined by a State AG Plaintiff. (*Compare* State AG Plaintiffs' proposed Question 47 *with* Defendants' proposed Question 64). The State AG Plaintiffs propose that a State

---

[2] While such information is relevant to the claims asserted, the Court reserves on whether such discovery would be disproportionate or unduly burdensome in specific contexts.

AG Plaintiff "summarize the conduct you seek to enjoin as to each defendant[,]" while Defendants propose that such party "identify the conduct you seek to enjoin as to each defendant, and the basis for such" in chart form. Defendants contend that a summary without explanation of a basis "is likely to be high-level and unhelpful" and that a State AG Plaintiff should justify the requested relief. (Doc. No. 317 at p. 14). Notably, the parties appear to have agreed that a State AG Plaintiff would "summarize the categories of damages or monetary relief" alleged if seeking damages on behalf of its citizens or on behalf of the State or Commonwealth. (*See* the State AG Plaintiffs' proposed Questions 45-46; Defendants' proposed Questions 62-63).

Indeed, injunctive relief is an extraordinary remedy that can be granted in very limited circumstances. Nevertheless, the State AG Plaintiffs' proposed Question 47 is consistent with the information solicited as to other remedies and balances the need for efficiency at the PFS stage with the need for more specific information regarding the relief sought. Also, the Court need not speculate at this time that every State AG Plaintiff would provide only a high-level or unhelpful response to the question if instructed to only summarize the conduct at issue. Accordingly, the Court adopts the State AG Plaintiffs' proposed Question 47 and rejects Defendants' proposed Question 64. Defendants may seek the bases for such relief through a later stage of discovery.

### *Conclusion*

In light of the above, the parties shall meet and confer to incorporate the rulings set forth herein into a final proposed Case Management Order regarding the implementation of a PFS in the State AG Track cases. Such proposed order shall include appropriate deadlines and protocols for at least the following: service of the PFS; collection of PFS responses; the raising of any disputes as to a PFS response; and addressing any uncured deficiencies as to a PFS.

Therefore, for the reasons set forth above and for good cause shown,

**IT IS** on this **20th** day of **November 2024** hereby

**ORDERED** that the parties are directed to prepare a proposed Case Management Order consistent with this Order and shall file the proposed Order by no later than **December 6, 2024**.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE