# MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA\*
EREZ J. DAVY\*
ANTHONY J. TAGLIAFERRO
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 307-3700
FAX (212) 542-3790
e-mail: jtortorella@khmarino.com
\*OF COUNSEL

November 21, 2024

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

      Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM-RLS
          MDL No. 3080

Dear Judge Martinotti:

      Pursuant to Case Management Order No. 5, ECF No. 127, Defendants CVS Health Corporation, Caremark, L.L.C., CaremarkRx L.L.C., CaremarkPCS Health, L.L.C., and Zinc Health Services, L.L.C. (collectively, the "Arbitration Defendants") respectfully seek leave to file a motion to enforce an arbitration clause in the prescription benefit services agreement with Plaintiffs Local No. 1. Health Fund and Plan of Benefits for the Local No. 1 Health Fund ("Local No. 1"), and dismiss Local No. 1's claims.[1] The prescription benefit services agreement includes unambiguous dispute resolution procedures, including a requirement that any dispute be arbitrated in Illinois. Local No. 1 did not follow any of those procedures and its claims against the Arbitration Defendants should therefore be dismissed. The Arbitration Defendants understand that Local No. 1 intends to oppose their request for enforcement of the arbitration clause and dismissal.

---

[1] The Arbitration Defendants, along with Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Services, Inc., Express Scripts Pharmacy Inc., Medco Health Solutions, Inc., Ascent Health Services LLC, UnitedHealth Group Incorporated, Optum, Inc., OptumRx, Inc., OptumInsight, Inc., and Emisar Pharma Services, LLC (collectively, for ease of reference, the "PBM Defendants," even though certain of those entities are not PBMs) may raise similar arguments concerning arbitration clauses that may affect the claims of other plaintiffs in this MDL whose complaints have not yet been subject to initial motion-to-dismiss briefing or other responsive pleadings pursuant to this Court's orders, as well as the claims of absent members of the putative classes. The PBM Defendants do not waive and instead expressly reserve their ability to present those issues to the Court at the appropriate juncture. *See* CMO 9, ECF No. 180, at 3 ("Defendants reserve all rights to object on improper venue, personal jurisdiction, or other appropriate grounds to the Designated Forum specified in each individual complaint.").

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
November 21, 2024—Page 2

      The Arbitration Defendants seek to brief their forthcoming motion on the same schedule on which the Court has already allowed the filing of the PBM Defendants' motion to dismiss, *i.e.*, their motion shall be served on the Plaintiffs (but not filed on ECF) by November 25, 2024; Plaintiff's opposition shall be served by January 13, 2025, and the Arbitration Defendants' reply shall be served by February 10, 2025.  *See* ECF No. 292.  Consistent with the Court's order, the parties would also serve the motion, opposition, and reply papers on the opposing party according to the briefing schedule, but refrain from filing any papers on CM/ECF.  Once the oppositions and replies have been served, the parties will, within seven days, simultaneously file the moving papers under a new notice of motion, the opposition papers, and the reply papers, all under separate docket entries.  The Arbitration Defendants have conferred with Local No. 1, which does not oppose the proposed briefing schedule.

      If the foregoing is acceptable to the Court, the parties respectfully request that Your Honor endorse this letter as "So Ordered." We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ John D. Tortorella, Esq.*
John D. Tortorella, Esq.
**MARINO, TORTORELLA & BOYLE, P.C.**

Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
**WILLIAMS & CONNOLLY LLP**

*Counsel for CVS Health Corporation,*
*Caremark Rx, L.L.C., CaremarkPCS Health,*
*L.L.C., and Caremark, L.L.C. and Zinc Health Services, L.L.C*

      **SO ORDERED this** <u>22nd</u> **day of November 2024:**

      *s/ Brian R. Martinotti*
      **HON. BRIAN R. MARTINOTTI, U.S.D.J.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court and served upon all counsel of record by electronic mail.

Dated: November 21, 2024

                                                JOHN D. TORTORELLA