UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INSULIN PRICING LITIGATION     MDL No. 3080


**TRANSFER ORDER**


**Before the Panel:**[*]  Plaintiff in the action listed on Schedule A (*California*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3080. Defendants CVS Health Corporation and CaremarkPCS Health, L.L.C. (together, CVS Caremark), Express Scripts, Inc., and OptumRx, Inc. oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3080, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing this MDL, we held that centralization was warranted for actions alleging a scheme between insulin manufacturers Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S. LLC, and pharmacy benefit managers CVS Caremark, Express Scripts, and OptumRx, to artificially and fraudulently inflate the price of insulin and other diabetes medications.  *See In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1375-76 (J.P.M.L. 2023).  The *California* action concerns the same alleged insulin pricing scheme and defendants.  Transfer will facilitate the efficient conduct of overlapping pretrial proceedings and avoid the risk of inconsistent rulings.

In opposition to transfer, plaintiff principally argues that the action is ill-suited for transfer because significant proceedings within the Ninth Circuit have taken place on the issue of remand to state court – in particular, the Central District of California order granting remand in 2023, the Ninth Circuit's reversal of that order in 2024, and, most recently, a renewed motion for remand to state court still pending before the Central District.  Plaintiff asserts that, given this history, the Central District is the most appropriate court to rule on the renewed remand motion.  We find this argument unpersuasive.  The Panel routinely has held, including in this MDL, that a pending motion for remand is not an impediment to transfer.  *See, e.g., In re Insulin Pricing Litig.*, 688 F. Supp. 3d at 1375 ("many of the objections raised by the parties – for example, pending motions for remand . . . – are no obstacle to transfer as such matters routinely are managed by the transferee judge"); *accord In re Insulin Pricing Litig.*, 709 F. Supp. 3d 1384, 1389 & n.6 (J.P.M.L. 2023) (transferring *State of Louisiana*; rejecting objection to transfer concerning pending remand motion); Transfer Order, ECF No. 258, at 1 (J.P.M.L. Apr. 11, 2024) (transferring *Commonwealth of Pennsylvania*; rejecting objection to transfer concerning pending remand motion).

---

[*]  Judge David C. Norton did not participate in the decision of this matter.

The limited district court and appellate proceedings that have taken place in *California* do not warrant a different result here. Plaintiff overstates the extent to which those courts have addressed the many issues it has raised pertinent to federal officer subject matter jurisdiction. In particular, the Ninth Circuit ruling focused solely on the inadequacy of plaintiff's jurisdictional disclaimers and returned the action to the district court to analyze plaintiff's remaining arguments in support of remand to state court.[1] The narrow scope of the appellate proceedings convinces us that there is no reason to depart from our general practice of transferring tag-along actions with pending remand motions to the transferee district, especially where, as here, the common factual questions and pretrial motions shared between the MDL actions and the tag-along action are obviously numerous and complex.[2]

Plaintiff also argues that the *California* action presents certain differences that would hinder the efficient conduct of the litigation – for example, that *California* focuses solely on California residents and California laws and the MDL involves additional diabetes drugs beyond those involved in *California*. Such differences do not preclude transfer given the common factual core. The *California* complaint plainly alleges the same insulin pricing scheme as the actions in the MDL and names the same insulin manufacturers and PBMs as the defendants.[3] Moreover, as we observed in the order creating this MDL, an "alleged conspiracy to fraudulently raise insulin prices is at the heart of all actions," and thus "the alleged factual and legal differences implicated by the involvement of distinct state laws and programs do not preclude centralization." *See In re Insulin Pricing Litig.*, 688 F. Supp. 3d at 1374. That observation applies with equal force to *California.*

Plaintiff further asserts that its ability to engage in discovery likely will be prejudiced in the MDL, as a discovery schedule in the MDL already is in place. Plaintiff's concerns are unfounded. Discovery in the MDL is at an early stage, and the transferee court has the demonstrated ability to

---

[1] *See People of the State of California v. CaremarkPCS Health, LLC,* No. 23-55597, 2024 WL 3770326, at *1 (9th Cir. Aug. 13, 2024) ("Because the district court rested its findings solely on this prong, we reverse and remand to the district court to analyze California's remaining arguments for remanding to state court."). In plaintiff's renewed motion for remand, plaintiff argues, *inter alia*, that the removing defendants were not "acting under" a federal officer or agency when they engaged in the conduct at issue and that defendants do not have a colorable federal defense – arguments the Ninth Circuit did not reach. We see nothing in the Ninth Circuit's order to support plaintiff's contention that *only* the Central District of California – and no other district – may rule on plaintiff's remaining remand arguments. Indeed, the issue of potential transfer to the MDL was not before the Circuit.

[2] Additionally, similar objections to federal officer removal jurisdiction are raised by plaintiffs in at least six actions in the MDL.

[3] *See, e.g., California* Am. Compl. ¶¶ 7-8 (alleging "the Manufacturer Defendants aggressively raised the list price of insulin in lockstep with each other, exceeding inflation, to artificial and unconscionable levels," and "the PBM Defendants obtain significant secret rebates and fees . . . from the Manufacturer Defendants in exchange for favorable placement on the PBMs' standard formularies"). These are the core allegations in all actions in the MDL.

accommodate tag-along actions. Moreover, plaintiff undeniably has an interest in the discovery taking place in the MDL and will benefit from these coordinated proceedings. Even if transfer results in some inconvenience to plaintiff, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Plaintiff alternatively requests a stay of any transfer until the transferor court decides its motion for remand to state court. We see no need to stay transfer. The Panel's longstanding practice is to rule on transfer even though a remand motion is pending, as the transferee court can rule on the motion. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE:  INSULIN PRICING LITIGATION                                    MDL No. 3080

## SCHEDULE A

<u>Central District of California</u>

PEOPLE OF THE STATE OF CALIFORNIA v. ELI LILLY AND COMPANY, ET AL., C.A. No. 2:23−01929