# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case 2:23-md-03080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**THIS DOCUMENT RELATES TO: STATE ATTORNEY GENERAL TRACK**

**CASE MANAGEMENT ORDER # _____**
**(State Attorney General Plaintiff Fact Sheet Implementation Order)**

This Case Management Order applies to all State Attorney General Track Plaintiffs and their counsel in (a) all actions transferred to the State Attorney General Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 [ECF No. 5]; (b) all related actions originally filed in or removed to this Court and included in the State Attorney General Track pursuant to CMO #9, dated May 16, 2024 [ECF No. 180]; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML and included in the State Attorney General Track, subsequent to the filing of the final transfer order by the Clerk of this Court. The obligation to provide a Plaintiff Fact Sheet ("PFS") and related documents shall fall solely to each of the State Attorney General Track Plaintiffs and the individual counsel of record representing a given State Attorney General Track Plaintiff under this Order. Any Plaintiff who fails to comply with its obligations under this Order may be subject to having its claims dismissed.

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 [ECF No. 34].

1. **Plaintiff Fact Sheets**.

    a. **Plaintiff Fact Sheet Deadlines**. Each Plaintiff in the State Attorney General Track shall complete and provide documents responsive to the PFS attached hereto as **Exhibit 1** with service upon Defendants' counsel via email [Ext-MDL-Insulin-AG-JDG@Kirkland.com]. Any responsive documents shall be produced in the format set forth in the Stipulation and Order Governing The Production of Electronically Stored Information and Hard Copy Documents [ECF No. 208]. This method of submission shall constitute effective service of the PFS and any records. Service shall proceed as follows:

        i. **Current State Attorney General Track Plaintiffs**. Current State Attorney General Track Plaintiffs shall complete and provide documents responsive to the PFS within 30 days of the date of this Order.

        ii. **Plaintiffs in Subsequent Actions**. Future State Attorney General Track Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide documents responsive to the PFS within 60 days after the action is entered on this MDL docket. In these subsequent actions, service of initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be due on the same date as the PFS.

    b. **Plaintiff Departments, Agencies, or Offices ("DAO") Information** (hereinafter, "Departments, Agencies, or Offices Information" or "DAO Information"). Each Plaintiff in the State Attorney General Track shall identify for Defendants:

        i. the "departments, agencies, or offices within the State or Commonwealth that possess information or documents responsive to the PFS and whether

such information or documents will be provided in the PFS response, without need for a Court order or subpoena."[2]

    ii. For any department, agency, or office as to which Plaintiff asserts that it will not be providing information or documents without a Court order or subpoena, Plaintiff will provide: (A) the basis for not providing such discovery for that entity; (B) whether Plaintiff or its attorneys will be representing that entity if Defendants were to serve a Rule 45 subpoena on that entity; (C) whether Plaintiff will claim privilege over communications between Plaintiff or its attorneys and that entity; and (D) whether Plaintiff or its attorneys issued a legal hold notice to that entity.

    iii. **Plaintiff DAO Information Deadlines**.  Each Plaintiff in the State Attorney General Track shall provide the DAO Information outlined in Section 1.b.i. –ii. above to Defendants' counsel via email [Ext-MDL-Insulin-AG-JDG@Kirkland.com] as follows:

    (A) **Current State Attorney General Track Plaintiffs**.  Current State Attorney General Track Plaintiffs shall provide the DAO Information within 7 days of the date of this Order.

    (B) **Plaintiffs in Subsequent Actions**.  Future State Attorney General Track Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide the DAO Information within 30 days after the action is entered on this MDL docket.

 c. **Responsibility of Individual Plaintiff's Counsel**.  The obligation to comply with this Order and to provide a PFS shall fall solely to the counsel who has been individually retained by Plaintiff.  In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Executive and Steering Committees have no obligation to notify counsel for Plaintiffs

---

[2] As ordered by the Court in its Order Regarding Fact Sheets, dated November 20, 2024 [ECF No. 335].

whom they do not represent of any notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

2. **Substantial Completeness of PFS**. Each PFS submission must be substantially complete, which means Plaintiff must: (1) answer all questions; (2) include a signed Certification; and (3) produce the requested documents to the extent such documents are in Plaintiff's possession, custody, or control.

3. **Amendments & Verification**. In amending and verifying a PFS, each Plaintiff shall: (1) remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e); (2) verify, sign, and date each completed PFS as if it were interrogatory responses under Fed. R. Civ. P. 33; and (3) treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34.

4. **Plaintiff Fact Sheet Deficiency Dispute Resolution Process**.

   a. **Phase I: Deficiency notices**.

      i. If Defendants deem a PFS deficient, Defendants shall notify Plaintiff's attorney of record (as identified in the PFS) of the purported deficiencies in writing via email and allow such Plaintiff 14 days to respond to the alleged deficiencies. During this 14-day period, Plaintiff and Defendants shall meet and confer regarding any disputes with respect to any alleged deficiencies. To the extent Plaintiff continues to disagree or object to any alleged deficiency, Plaintiff shall so advise Defendants no later than the expiration of the 14-day period to respond to any alleged deficiencies.

      ii. Defendants' email communication shall identify the case name, docket number, and a list of the alleged deficiencies. A courtesy copy of the

communication shall be sent via email to Katie Sullivan, The Cicala Law Firm PLLC [katie@cicalapllc.com].

  b. **Phase II: Joint Dispute Letter**.

    i. Following the meet-and-confer period, should Plaintiff: (i) fail to cure the alleged stated deficiencies; (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet-and-confer process; or (iv) otherwise fail to provide responses (including the requested documents or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the 14-day period to respond to deficiencies, Defendants may then file a joint letter seeking to compel the allegedly deficient discovery information.

    ii. The joint letter shall include: (a) the specific nature of the dispute; (b) the request and response; (c) efforts to resolve the dispute; (d) Defendants' position; (e) Plaintiff's position; and, if applicable, (f) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

    iii. Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position. Plaintiff shall provide Plaintiff's position no later than 7 days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court. In the event that Plaintiff fails to provide Defendants with its position insert within 7 days of service, Defendants may so indicate in the letter and proceed to file.

    iv. Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated

Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

      v.      Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

      vi.      If Plaintiff fails to comply with an order from the Court compelling disclosure of documents or information, Defendants may seek dismissal of Plaintiff's claims, or any other remedy provided by Rule 37 of the Federal Rules of Civil Procedure.

5.    **DAO Information Dispute Resolution Process**.

    a.    **Phase I: Deficiency notices**.

      i.      Should Defendants or State Attorney General Track Plaintiffs dispute how to discover the information or documents from the departments, agencies, or offices identified in the DAO Information, Defendants shall request to meet and confer with the relevant Plaintiff(s). The parties shall complete that meet and confer within seven (7) days, absent extenuating circumstances. If the parties reach an impasse, they shall timely raise it with the Court by filing a joint letter. Such a dispute does not relieve a Plaintiff of the obligation to complete its PFS as to all non-disputed content within the time period identified in Section (1)(a)(i)-(ii).

    b.    **Phase II: Joint Dispute Letter**.

      i.      The joint letter shall include: (a) the specific nature of the dispute; (b) efforts to resolve the dispute; (c) Defendants' position; (d) Plaintiff's position; and, if applicable, (e) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

        ii.        Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position. Plaintiff shall provide Plaintiff's position no later than 5 days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court. In the event that Plaintiff fails to provide Defendants with its position insert within 5 days of service, Defendants may so indicate in the letter and proceed to file.

        iii.        Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

        iv.        Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

6.      **Failure to Provide DAO Information or Serve an Executed PFS**.

    a.    Any request for an extension of time to provide DAO Information or serve an executed PFS must be made in writing via email to Defendants' counsel [Ext-MDL-Insulin-AG-JDG@Kirkland.com] at least three business days before the expiration of the deadline, with a courtesy copy sent to Plaintiff's Co-Lead Counsel's designee.

    b.    **Phase I: Notice of Failure to Serve**.

        i.        Should any Plaintiff fail to provide DAO Submission or serve an executed PFS within the time required in this CMO or any extension to which Defendants consented, Defendants shall send a Notice of Failure via email to that Plaintiff's attorney

of record, with a courtesy copy via email the Co-Lead Counsel's designee, identifying the case name and docket number.

   ii. In the case of a PFS, within 14 days, Plaintiff shall (i) tender an executed and substantially completed PFS, or (ii) if Plaintiff has in fact tendered an executed PFS, inform the Defendants of the date on which it was served.

   iii. In the case of DAO Information, within 7 days, Plaintiff shall (i) provide the DAO Information, or (ii) if Plaintiff has in fact provided DAO Information, inform the Defendants of the date on which it was provided.

  c. **Phase II: Order to Show Cause**.

   i. Following delivery of the Notice of Failure and expiration of the relevant time period identified in Paragraph 6(b), Defendants may move the Court to issue an Order to Show Cause on Plaintiff for failing to comply with a Court order. Defendants shall use their best efforts to group multiple delinquent PFS recipients and DAO Information disputes in a single motion for an Order to Show Cause grouped by the pertinent Plaintiffs' law firms. For avoidance of doubt, a Motion for an Order to Show Cause is only appropriate in cases where no DAO Information or PFS is provided or served. If a PFS is served, but is deemed deficient by Defendants, then the process delineated in Paragraph 4 above shall be followed. If DAO Information is provided, but disputed by Defendants, then the process delineated in Paragraph 5 above shall be followed.

   ii. Any response to such a motion shall be filed and served within 14 days following the Court's entry of the Order to Show Cause. Failure to provide DAO Information or serve a PFS as required by this Order within the time provided for under the Order to Show Cause shall result in dismissal of Plaintiff's complaint without prejudice

absent further order of the Court. On good cause shown, and with a completed PFS tendered with a motion, Plaintiff may move to reinstate a dismissed claim within 30 days of a dismissal. If Plaintiff fails to move for reinstatement within 30 days of dismissal, Plaintiff's case will be dismissed with prejudice.

        iii.    Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

7.    **<u>Objections Reserved to PFS</u>**. All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit Plaintiff from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with Fed. R. Civ. P. 26(b)(5)(a) or any agreed- upon protocol for privilege logging.

8.    **Confidentiality of Data**. A PFS shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the first 30-day period following receipt, while all parties have an opportunity to review the information and determine whether it should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the Stipulated Confidentiality Order. [ECF No. 117]. A party or non-party wishing to designate any portion of a PFS shall notify all parties in writing of its desired designation within 30 days of receipt. Documents produced pursuant to the PFS shall be subject to the Stipulated Confidentiality Order, except that such productions shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the first 30-day period following receipt regardless of the producing party's designation.

9. **Scope of Depositions and Admissibility of Evidence**. Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure, as well as any subsequent protocol that is entered in this action governing depositions. The Federal Rules of Evidence shall govern the admissibility of information contained in the responses to the PFS, and no objections are waived by virtue of providing information in any PFS.

10. **Other Discovery**. This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**

DATED:

---

RUKHSANAH L. SINGH
United State Magistrate Judge