## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE: INSULIN PRICING LITIGATION

Case 2:23-md-03080 (BRM)(RLS)
MDL No. 3080

JUDGE BRIAN R. MARTINOTTI
JUDGE RUKHSANAH L. SINGH

**THIS DOCUMENT RELATES TO: STATE ATTORNEY GENERAL TRACK**

## CASE MANAGEMENT ORDER # 15
### (State Attorney General Plaintiff Fact Sheet Implementation Order)

This Case Management Order applies to all State Attorney General Track Plaintiffs and their counsel in (a) all actions transferred to the State Attorney General Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 [ECF No. 5]; (b) all related actions originally filed in or removed to this Court and included in the State Attorney General Track pursuant to CMO #9, dated May 16, 2024 [ECF No. 180]; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML and included in the State Attorney General Track, subsequent to the filing of the final transfer order by the Clerk of this Court. The obligation to provide a Plaintiff Fact Sheet ("PFS") and related documents shall fall solely to each of the State Attorney General Track Plaintiffs and the individual counsel of record representing a given State Attorney General Track Plaintiff under this Order. Any Plaintiff who fails to comply with its obligations under this Order may be subject to having its claims dismissed.

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 [ECF No. 34].

1.    <u>**Plaintiff Fact Sheets**</u>.

    a.    **Plaintiff Fact Sheet Deadlines**.  Each Plaintiff in the State Attorney General Track shall complete and provide documents responsive to the PFS attached hereto as **Exhibit 1** with service upon Defendants' counsel via email [Ext-MDL-Insulin-AG-JDG@Kirkland.com]. Any responsive documents shall be produced in the format set forth in the Stipulation and Order Governing The Production of Electronically Stored Information and Hard Copy Documents [ECF No. 208].  This method of submission shall constitute effective service of the PFS and any records.  Service shall proceed as follows:

    i.    **Current State Attorney General Track Plaintiffs**.  Current State Attorney General Track Plaintiffs shall complete and provide documents responsive to the PFS within 30 days of the date of this Order.

    ii.    **Plaintiffs in Subsequent Actions**.  Future State Attorney General Track Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide documents responsive to the PFS within 60 days after the action is entered on this MDL docket.  In these subsequent actions, service of initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be due on the same date as the PFS.

    b.    **Plaintiff Departments, Agencies, or Offices ("DAO") Information** (hereinafter, "Departments, Agencies, or Offices Information" or "DAO Information").  Each Plaintiff in the State Attorney General Track shall identify for Defendants:

    i.    the "departments, agencies, or offices within the State or Commonwealth that possess information or documents responsive to the PFS and whether

such information or documents will be provided in the PFS response, without need for a Court order or subpoena."[2]

        ii.    For any department, agency, or office as to which Plaintiff asserts that it will not be providing information or documents without a Court order or subpoena, Plaintiff will provide: (A) the basis for not providing such discovery for that entity; (B) whether Plaintiff or its attorneys will be representing that entity if Defendants were to serve a Rule 45 subpoena on that entity; (C) whether Plaintiff will claim privilege over communications between Plaintiff or its attorneys and that entity; and (D) whether Plaintiff or its attorneys issued a legal hold notice to that entity.

        iii.    **Plaintiff DAO Information Deadlines.**  Each Plaintiff in the State Attorney General Track shall provide the DAO Information outlined in Section 1.b.i. –ii. above to Defendants' counsel via email [Ext-MDL-Insulin-AG-JDG@Kirkland.com] as follows:

        (A)    **Current State Attorney General Track Plaintiffs.**  Current State Attorney General Track Plaintiffs shall provide the DAO Information within 7 days of the date of this Order.

        (B)    **Plaintiffs in Subsequent Actions.**  Future State Attorney General Track Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide the DAO Information within 30 days after the action is entered on this MDL docket.

        c.    **Responsibility of Individual Plaintiff's Counsel.**  The obligation to comply with this Order and to provide a PFS shall fall solely to the counsel who has been individually retained by Plaintiff.  In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Executive and Steering Committees have no obligation to notify counsel for Plaintiffs

---

[2] As ordered by the Court in its Order Regarding Fact Sheets, dated November 20, 2024 [ECF No. 335].

whom they do not represent of any notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

2.  **Substantial Completeness of PFS**.  Each PFS submission must be substantially complete, which means Plaintiff must:  (1) answer all questions; (2) include a signed Certification; and (3) produce the requested documents to the extent such documents are in Plaintiff's possession, custody, or control.

3.  **Amendments & Verification**.  In amending and verifying a PFS, each Plaintiff shall:  (1) remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e); (2) verify, sign, and date each completed PFS as if it were interrogatory responses under Fed. R. Civ. P. 33; and (3) treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34.

4.  **Plaintiff Fact Sheet Deficiency Dispute Resolution Process**.

    a.  **Phase I:  Deficiency notices.**

        i.  If Defendants deem a PFS deficient, Defendants shall notify Plaintiff's attorney of record (as identified in the PFS) of the purported deficiencies in writing via email and allow such Plaintiff 14 days to respond to the alleged deficiencies. During this 14-day period, Plaintiff and Defendants shall meet and confer regarding any disputes with respect to any alleged deficiencies.  To the extent Plaintiff continues to disagree or object to any alleged deficiency, Plaintiff shall so advise Defendants no later than the expiration of the 14-day period to respond to any alleged deficiencies.

        ii.  Defendants' email communication shall identify the case name, docket number, and a list of the alleged deficiencies.  A courtesy copy of the

4

communication shall be sent via email to Katie Sullivan, The Cicala Law Firm PLLC [katie@cicalapllc.com].

    b.    **Phase II:  Joint Dispute Letter.**

        i.    Following the meet-and-confer period, should Plaintiff:  (i) fail to cure the alleged stated deficiencies; (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet-and-confer process; or (iv) otherwise fail to provide responses (including the requested documents or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the 14-day period to respond to deficiencies, Defendants may then file a joint letter seeking to compel the allegedly deficient discovery information.

        ii.    The joint letter shall include: (a) the specific nature of the dispute; (b) the request and response; (c) efforts to resolve the dispute; (d) Defendants' position; (e) Plaintiff's position; and, if applicable, (f) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

        iii.    Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position.  Plaintiff shall provide Plaintiff's position no later than 7 days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court.  In the event that Plaintiff fails to provide Defendants with its position insert within 7 days of service, Defendants may so indicate in the letter and proceed to file.

        iv.    Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated

Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

       v.     Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

       vi.    If Plaintiff fails to comply with an order from the Court compelling disclosure of documents or information, Defendants may seek dismissal of Plaintiff's claims, or any other remedy provided by Rule 37 of the Federal Rules of Civil Procedure.

5.      **DAO Information Dispute Resolution Process**.

    a.     **Phase I:  Deficiency notices.**

       i.    Should Defendants or State Attorney General Track Plaintiffs dispute how to discover the information or documents from the departments, agencies, or offices identified in the DAO Information, Defendants shall request to meet and confer with the relevant Plaintiff(s).  The parties shall complete that meet and confer within seven (7) days, absent extenuating circumstances.  If the parties reach an impasse, they shall timely raise it with the Court by filing a joint letter.  Such a dispute does not relieve a Plaintiff of the obligation to complete its PFS as to all non-disputed content within the time period identified in Section (1)(a)(i)-(ii).

    b.     **Phase II:  Joint Dispute Letter.**

       i.    The joint letter shall include:  (a) the specific nature of the dispute; (b) efforts to resolve the dispute; (c) Defendants' position; (d) Plaintiff's position; and, if applicable, (e) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

ii.      Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position. Plaintiff shall provide Plaintiff's position no later than 5 days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court. In the event that Plaintiff fails to provide Defendants with its position insert within 5 days of service, Defendants may so indicate in the letter and proceed to file.

iii.      Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

iv.      Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

6.      **Failure to Provide DAO Information or Serve an Executed PFS**.

a.      Any request for an extension of time to provide DAO Information or serve an executed PFS must be made in writing via email to Defendants' counsel [Ext-MDL-Insulin-AG-JDG@Kirkland.com] at least three business days before the expiration of the deadline, with a courtesy copy sent to Plaintiff's Co-Lead Counsel's designee.

b.      **Phase I: Notice of Failure to Serve.**

i.      Should any Plaintiff fail to provide DAO Submission or serve an executed PFS within the time required in this CMO or any extension to which Defendants consented, Defendants shall send a Notice of Failure via email to that Plaintiff's attorney

of record, with a courtesy copy via email the Co-Lead Counsel's designee, identifying the case name and docket number.

   ii. In the case of a PFS, within 14 days, Plaintiff shall (i) tender an executed and substantially completed PFS, or (ii) if Plaintiff has in fact tendered an executed PFS, inform the Defendants of the date on which it was served.

   iii. In the case of DAO Information, within 7 days, Plaintiff shall (i) provide the DAO Information, or (ii) if Plaintiff has in fact provided DAO Information, inform the Defendants of the date on which it was provided.

  c. **Phase II: Order to Show Cause**.

   i. Following delivery of the Notice of Failure and expiration of the relevant time period identified in Paragraph 6(b), Defendants may move the Court to issue an Order to Show Cause on Plaintiff for failing to comply with a Court order. Defendants shall use their best efforts to group multiple delinquent PFS recipients and DAO Information disputes in a single motion for an Order to Show Cause grouped by the pertinent Plaintiffs' law firms. For avoidance of doubt, a Motion for an Order to Show Cause is only appropriate in cases where no DAO Information or PFS is provided or served. If a PFS is served, but is deemed deficient by Defendants, then the process delineated in Paragraph 4 above shall be followed. If DAO Information is provided, but disputed by Defendants, then the process delineated in Paragraph 5 above shall be followed.

   ii. Any response to such a motion shall be filed and served within 14 days following the Court's entry of the Order to Show Cause. Failure to provide DAO Information or serve a PFS as required by this Order within the time provided for under the Order to Show Cause shall result in dismissal of Plaintiff's complaint without prejudice

absent further order of the Court. On good cause shown, and with a completed PFS tendered with a motion, Plaintiff may move to reinstate a dismissed claim within 30 days of a dismissal. If Plaintiff fails to move for reinstatement within 30 days of dismissal, Plaintiff's case will be dismissed with prejudice.

       iii.    Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

7.    **Objections Reserved to PFS**. All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit Plaintiff from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with Fed. R. Civ. P. 26(b)(5)(a) or any agreed- upon protocol for privilege logging.

8.    **Confidentiality of Data**. A PFS shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the first 30-day period following receipt, while all parties have an opportunity to review the information and determine whether it should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the Stipulated Confidentiality Order. [ECF No. 117]. A party or non-party wishing to designate any portion of a PFS shall notify all parties in writing of its desired designation within 30 days of receipt. Documents produced pursuant to the PFS shall be subject to the Stipulated Confidentiality Order, except that such productions shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the first 30-day period following receipt regardless of the producing party's designation.

9.    **Scope of Depositions and Admissibility of Evidence**.  Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial.  The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure, as well as any subsequent protocol that is entered in this action governing depositions.  The Federal Rules of Evidence shall govern the admissibility of information contained in the responses to the PFS, and no objections are waived by virtue of providing information in any PFS.

10.    **Other Discovery**.  This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**

DATED: December 19, 2024

RUKHSANAH L. SINGH
United State Magistrate Judge

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-03080 (BRM)(RLS)**<br>**MDL No. 3080** |
| This document relates to: | **JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |
| State Attorney General Track | |

## STATE ATTORNEY GENERAL PLAINTIFF FACT SHEET

Please provide the following information for each State Attorney General Track complaint in *In Re: Insulin Pricing Litigation*, MDL No. 3080. In completing this Plaintiff Fact Sheet ("PFS"), You are under oath and must provide information that is true and correct to the best of Your knowledge, information, and belief. The scope of the questions herein and responses thereto will be limited to information and/or documents within each plaintiff's possession, custody, or control. To the extent a plaintiff lacks information or documents in its possession, custody, or control in response to the questions or documents requests below, it shall expressly state it lacks such information in its response.

Do not leave any questions applicable to You unanswered or blank. If You are filling out this PFS in hard copy, use additional sheets as needed to fully respond.

This PFS constitutes discovery responses subject to the Federal Rules of Civil Procedure. You must diligently investigate whether You have within Your possession, custody, or control information or documents responsive to the questions and requests, inclusive of custodial sources. (ECF No. 291 at 2.) To the extent You assert an undue burden in connection with a particular request in this PFS as to custodial files, You must meet and confer with Defendants and, if unresolved, present the issue to the Court for resolution. You may not rely on Rule 33(d) in responding to the PFS questions unless the question specifically allows production of documents in lieu of a response. You must promptly supplement Your responses if You learn that they are incomplete or inaccurate in any respect. Each question in this PFS is continuing in nature and requires supplemental answers as You obtain further information between completing this PFS and trial. Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Stipulated Confidentiality Order entered in this MDL proceeding. (*See* Dkt. 117.)

## INSTRUCTIONS

1.  None of the questions in this PFS seek privileged information. To the extent You believe that any form of privilege prevents You from fully answering a question, state Your basis for withholding an answer or part of an answer on the grounds of privilege and which

1

privilege You believe applies. If You assert that part of a question is objectionable or calls for privileged information, respond to the remaining parts of the question to which You do not object.

2.  "And" and "or" mean "and/or" and should be construed conjunctively and disjunctively to require the broadest possible response. "Including" shall mean "including but not limited to."

3.  All definitions provided herein are limited to the use of the terms in these Requests.

## DEFINITIONS

1.  "Administrative Fees" means any fee paid by a manufacturer to a PBM in exchange for any administrative service the PBM performs.

2.  "At-Issue Products" means the insulin products and any other pharmaceuticals that You identify in response to Question No. 14.

3.  "Health Plan" means all health plans offered by, administered by, or sponsored by You (including plans offered, administered, or sponsored by any State agency, department, unit, or entity) during the Period that the Health Plan offered or included Prescription Drug Coverage. "Health Plan" does not include Medicaid.

4.  "Out-of-Pocket Maximum" means the maximum amount of allowable costs or expenses that a person with any form of health insurance, health coverage, prescription drug plan, or any other health plan that helps enrollees pay for prescribed pharmaceuticals can incur during a given year through their health insurance.

5.  "PBM" means pharmacy benefit manager.

6.  "Prescription Drug Coverage" means any form of health insurance, health coverage, prescription drug plan, or any other Health Plan that helps enrollees pay for prescribed pharmaceutical drugs. "Prescription Drug Coverage" does not include Medicaid.

7.  "Rebates" means any rebate, payment, discount, or other price concession made or paid by a manufacturer to a PBM.

8.  "Third-Party Advisor" means any advisor, auditor, consultant, contractor, or other entity You or Your Health Plan(s) contracted with, retained, or used to provide consulting, research, analysis, audits, accounting, financial advice, or other advice concerning the subject matter of this litigation, including matters related to pharmaceutical spending, the At-Issue Products, and Prescription Drug Coverage.

9.  "Time Period" means January 1, 2011 to January 1, 2023.

10. "WAC" means wholesale acquisition cost.

2

11.   "You," "Your," and "State" mean the Plaintiff named in this Action and any other State employees or entities on whose behalf the Plaintiff brings this action.

## QUESTIONS

### I.   CASE INFORMATION

1.   Plaintiff: _____

2.   Case name and caption number: _____

3.   Name, firm, and e-mail of principal attorney(s) representing You: _____

4.   Defendants: _____

5.   Are You bringing Your complaint on behalf of any State agency in its capacity as a health insurance payor? __ Yes __ No

     **If yes,** in the form of the table below, identify every State agency on whose behalf You bring this complaint and the Health Plan(s) offered by the State agency ("Your Health Plan(s)"):

| State Agency | Health Plan(s) Offered By Agency |
|---|---|
|  |  |
|  |  |

6.   Are You bringing Your complaint to recover for purchases made for any State-run facility?

     **If yes,** in the form of the table below, identify every State-run facility for which You seek to recover:

| State Run Facility |
|---|
|  |
|  |

7.   Are You bringing Your complaint on behalf of citizens or residents of Your State (e.g., in a *parens patriae* capacity)? _____ Yes __ No

     **If yes,** please answer all questions in Section XII ("Parens Patriae Claims") below.

8.   Are You bringing Your complaint on behalf of any other person or entity not listed in Questions 5-7? __ Yes __ No

     **If yes,** please describe the other persons or entities You bring Your complaint on behalf of:

## II.    **BENEFICIARIES**

9.    In the form of the table below, for each of Your Health Plan(s), provide the total number of individuals enrolled in Your Health Plan, including primary and dependent beneficiaries, for each year of the Time Period:

| Year | Health Plan Identifier | Number of Individuals |
|------|------------------------|------------------------|
| 2011 | | |
| 2012 | | |
| 2013 | | |
| 2014 | | |
| 2015 | | |
| 2016 | | |
| 2017 | | |
| 2018 | | |
| 2019 | | |
| 2020 | | |
| 2021 | | |
| 2022 | | |

10.    In the form of the table below, for each of Your Health Plan(s), provide the total number of individuals who used Your Health Plan to purchase or use At-Issue Products during each year of the Time Period.

| Year | Health Plan Identifier | Number of Individuals |
|------|------------------------|------------------------|
| 2011 | | |
| 2012 | | |
| 2013 | | |
| 2014 | | |
| 2015 | | |
| 2016 | | |
| 2017 | | |
| 2018 | | |
| 2019 | | |
| 2020 | | |
| 2021 | | |
| 2022 | | |

### III.    PERSONS OR ENTITIES WITH RELEVANT KNOWLEDGE

11.    In the form of the table below, identify the name, title and department, and dates of employment of Your current and former employees, representatives, or agents who had any responsibility over the design or administration of Prescription Drug Coverage for Your Health Plan(s) during the Time Period, including responsibility over the decision to enter into agreements governing Prescription Drug Coverage, Rebates, and formularies, and any individuals who interacted with PBMs or drug manufacturers.

| Name | Title and Department | Dates of Employment or Contract | Area(s) of Responsibility (including Health Plan Identifier(s), if applicable) |
|---|---|---|---|
|  |  |  |  |

12.    To the extent not included in response to Question No. 11 above, in the form of the table below, identify by name, title and department, and dates of employment Your current and former employees or representatives with discoverable knowledge regarding the allegations in Your Complaint, including those individuals with relevant knowledge or responsibility over the State agencies and State-run facilities identified in response to Questions No. 5 and 6.

| Name | Title and Department | Dates of Employment or Contract | Area(s) of Knowledge or Responsibility |
|---|---|---|---|
|  |  |  |  |

13.    In the form of the table below, identify by name any department, agency, subdivision, investigative unit, entity, or other program with knowledge or responsibility over functions related to the allegations in Your Complaint, including but not limited to: entities that regulate or oversee any aspect of Prescription Drug Coverage offered under Your Health Plans; entities that have any role regarding consumer spending in connection with the At-Issue Drugs; entities that communicate or contract with PBMs, drug manufacturers, or any other entities that provide rebates or other price concessions related to purchasing pharmaceutical products; and entities responsible for procuring services or products from PBMs, drug manufacturers, group purchasing organizations, or any other entities that provide or negotiate rebates or other price concessions related to purchasing pharmaceutical products.   Summarize each of those entities' area of responsibility:

| Entity Name | Area of Knowledge or Responsibility (including Health Plan Identifier(s), if applicable) |
|---|---|
|  |  |

5

## IV.    AT-ISSUE PRODUCTS

14.    Identify every diabetes drug or other pharmaceutical that You allege is relevant to any claim for damages or other relief You seek in this case (the "At-Issue Products")[1]:

_____

15.    In the form of the table below or through the production of documents, for each At-Issue Product, provide the total amount of money that You spent on the At-Issue Product for members enrolled in Your Health Plan for each year during the Time Period, the total Rebates received by You, and the total amount of Your members' out-of-pocket responsibility.

| At-Issue Product | Year | Total Number of Scripts | Total Spent by You | Total Rebates Received | Your Member's Out-of-Pocket Responsibility |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## V.    YOUR STATE'S HEALTH PLANS

16.    In the form of the table below, for each Health Plan that You offered that included Prescription Drug Coverage during the Time Period, identify the plan identification number, name, or other plan identifier, program type, and the starting and ending dates for each plan year during the Time Period:

| Health Plan Identifier | Program Type | Start Date | End Date |
|---|---|---|---|
|  |  |  |  |

17.    In the form of the table below, list all PBMs or other entities with whom You have contracted to administer Prescription Drug Coverage for every Health Plan identified in response to Question No. 16 and for each plan year during the Time Period:

| Health Plan Identifier | Plan Year | PBM or Other Entity |
|---|---|---|
|  |  |  |

---

[1]    In seeking this information, Defendants do not concede that any pharmaceuticals identified by You are relevant.

18.    Identify all insurers or third-party administrators with whom You have contracted relating to the Health Plans identified in response to Question No. 16:

_____

## VI.    **REBATES AND FEES**

19.    In the form of the table below, identify each contract You have or had with a PBM during the Time Period, including the identity of the PBM and/or other party with which You contracted, and the year. Include in Your answer any addendums or other agreements You entered pursuant to an existing master agreement. If a contract was entered into before the Time Period began but did not expire until after the Time Period began, identify that contract as well:

| Contract | PBM Contracting Entity | Year(s) |
|---|---|---|
|  |  |  |

20.    Have You ever used preventative drug lists, critical drug affordability programs, or any other program to lower or cap the out-of-pocket costs of the At-Issue Products for Your members? _____ Yes _____ No

**If yes**, in the form of the table below, identify each such Health Plan where You implemented such a program, the program, the year the program was implemented, and the applicable At-Issue Products:

| Health Plan | Program | Year | At-Issue Product |
|---|---|---|---|
|  |  |  |  |

21.    If You implemented any program to lower or cap the out-of-pocket cost of the At-Issue Products, identify whether the program applies to the State's entire beneficiary population or only certain groups, and if only certain groups are covered please identify the groups that are covered.

_____

22.    Have You implemented a State Pharmaceutical Assistance Program (SPAP) or State Discount Program (SDP)? _____ Yes _____ No

**If yes**, in the form of the table below, identify any SPAP or SDP, the year the program was implemented, the applicable At-Issue Products, the populations covered by the program, the total number of applicants, the number of denied applicants, and the number of individuals who used the program:

| SPAP/SDP | Year | At-Issue Products | Covered Population(s) | No. of Applicants | No. of Applicants Denied | No. of Users |
|---|---|---|---|---|---|---|
| | | | | | | |

23. Have You ever passed Rebates received or Administrative Fees from a PBM or other contracting entity through to Your Health Plan members at the point of sale for any of the At-Issue Products? _____ Yes _____ No

   **If yes,** in the form of the table below, identify each such Health Plan where You passed on Rebates or Administrative Fees, the years You passed on Rebates or Administrative Fees, the At-Issue Products for which You passed on Rebates or Administrative Fees, and the percentage of Rebates or Administrative Fees that You passed on to members at the point of sale:

| Health Plan | Year Passed on Rebate or Fee | At-Issue Product | Percentage of Rebate or Fee Passed on |
|---|---|---|---|
| | | | |

24. Other than passing Rebates through to Your Health Plan members at the point of sale, describe the ways in which You use Rebates and Administrative Fees received from PBMs or other contracting entities for At-Issue Products:

   _____

25. In any contract identified in response to Question No. 19, did any other PBM or any other contracting entity submit bids/proposals? _____ Yes _____ No

   **If yes,** identify any entity submitting competing bids/proposals, and produce the competing bids.

   _____

26. During the relevant time period, did You contract with, or use master contracts from, any other entities (e.g. MMCAP) for Rebates, fees, or other price concessions related to purchasing pharmaceutical products?

   _____ Yes _____ No

   **If yes,** in the form of the table below, identify each such contract, the contracting entity, the year, and the percentage of or other determinant of the Rebates, fees, or price concessions the contracting entity agreed to pass through to Your Health Plan(s) identified in response to question 5:

| Contract | Contracting Entity | Year | Percentage of Rebates |
|---|---|---|---|
|  |  |  |  |

## VII.   MEDICAID PROGRAMS

27.     If You assert Medicaid claims, identify every medical insurance plan or carrier used by your State Medicaid program during the Relevant Time Period. For each, please provide the following information:

| Name | Dates Offered | Plan's Pharmacy Benefit Manager / Claims Processor |
|---|---|---|
|  |  |  |

28.     If You asserted Medicaid claims, identify every Pharmacy Benefit Manager and other third-party administrator used by your State Medicaid program since January 1, 2011. For each response, please provide the following information:

| Name | Relevant Dates | Name and Title of Individuals Who Oversaw Program |
|---|---|---|
|  |  |  |

29.     Are You asserting claims or seeking recoveries relating in any way to Medicaid benefits that are offered, administrated, and/or funded your State? __ Yes __ No

> If yes, in the form of the table below, identify every State Medicaid plan or program offered during the Relevant Time Period. For each, please provide the following information:

| Name of Medicaid Plan or Program | Delivery System (FFS, MCO, PCCM, limited benefit) | Dates Offered | Entity Responsible for Plan Administration |
|---|---|---|---|
|  |  |  |  |

30.     If You answered yes to Question No. 29, identify every Pharmacy Benefit Manager and other third-party administrator used by your State Medicaid program since January 1, 2011. For each response, please provide the following information:

9

| Name of PBM or Third-Party Administrator | Relevant Dates | Name of Medicaid Plan or Program |
|---|---|---|
|  |  |  |

31.    Have You adopted the Affordable Care Act's Medicaid expansion?____ Yes _____ No

If You answered yes to Question No. 31, have You made eligibility for Medicaid expansion programs contingent on waivers with eligibility conditions, including, but not limited to, requirements that participants work a certain number of hours per week, that differ from what is required by the Affordable Care Act? _____ Yes _____ No

## VIII.   MISREPRESENTATIONS AND OMISSIONS

32.    In the form of the table below, identify every specific misrepresentation that a Defendant allegedly made that forms the basis of the allegations in Your lawsuit, of which You are currently aware, including the approximate date, the source, who received the statement, the reason why You believe the statement was false, and the Defendant(s) that made the statement. If reliance is a required element under any of the causes of action You assert in this lawsuit please provide whether or not You relied on the statement:

| Misrepre-sentation | Approx. Date | Source | Recipient | Basis that Statement is False | Reliance (if needed) | Defendant(s) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

33.    In the form of the table below, describe any omissions that a Defendant allegedly made that forms the basis of the allegations in Your lawsuit, of which You are currently aware, including the approximate date, any statement to which the omission relates, the reason why You believe a Defendant should have disclosed the omission, and the Defendant(s) that made the omission:

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
|  |  |  |  |  |

## IX.    TIMING OF AWARENESS

34.    Identify when and how You first learned or discovered that the prices for the At-Issue Products were allegedly artificially inflated, false, fraudulent, misleading, or deceptive:

_____

10

35.    Identify the earliest date on which You began investigating the pricing of Defendants' At-Issue Products for the purpose of bringing the present action:

_____

36.    Identify all legal actions, investigations, or proceedings that were taken or initiated by You concerning the pricing of Defendants' At-Issue Products and the date on which they were first initiated:

_____

37.    Identify when You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

_____

38.    Describe how You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

_____

39.    Identify the earliest date on which You learned of or discovered any other lawsuit filed against any Defendant related to insulin pricing, including *In re Insulin Pricing* (D.N.J., 2:17-cv-00699), *MSP LLC* (D.N.J., 2:18-cv-02211), *Minnesota* (D.N.J., 2:18-cv-14999), or *In re Direct Purchaser* (D.N.J., 3:20-cv-03426):

_____

40.    Identify when and how You learned of or discovered any state, or federal investigation related to insulin pricing:

_____

41.    Identify the earliest date on which You became aware of any patient assistance programs offered by the manufacturer Defendants:

_____

42.    Identify the earliest date on which You became aware of any program offered by any PBM capping the monthly out-of-pocket cost for any At-Issue Drug (e.g., Express Scripts Patient Assurance Program):

_____

## X.    SELECTION OF PRESCRIPTION DRUG COVERAGE

43.    In the form of the table below, identify any third-party services, advisors, consultants, or contractors used by You or Your Health Plan(s) to provide consulting, research, analysis, accounting, financial advice, solicitation, selection, development, or other advice related to selecting or soliciting PBM services, or Prescription Drug Coverage for At-Issue Products during

the Time Period, the approximate dates You or Your Health Plan(s) used the third-party services, advisors, consultants, or contractors, a description of the services that entity provided You or Your Health Plan(s), and the principal point of contact at the entity who is or was responsible for overseeing performance of the contract:

| Third-Party Advisor (Advisor Name and Employer) | Approximate Dates | Description of Services | Point of Contact |
|---|---|---|---|
|  |  |  |  |

44.     For each third-party service, advisor, consultant, or contractor You identified in Question No. 42, in the table below or through the production of documents, identify whether Your Health Plan(s) received any presentations, reports, analyses, or memoranda related to Prescription Drug Coverage benefit design for At-Issue Products, and produce those materials:

| Third-Party Advisor | Received Presentations, Reports, Analyses, Memoranda (Yes/No) |
|---|---|
|  |  |

45.     Did You, Your Health Plan(s), or anyone acting on behalf of Your Health Plan(s) conduct a request for proposal ("RFP") or similar process to solicit offers from or to otherwise identify PBMs to administer Prescription Drug Coverage? _____ Yes _____ No

**If yes,** in the form of the table below, identify each RFP or other solicitation made by You, Your Health Plan(s), or on behalf of Your Health Plan(s) during the Time Period, any third-party advisor that assisted with the RFP or solicitation, the PBMs that the RFP or solicitation was sent to, and produce the RFP responses:

| RFP or Solicitation | Third-Party Advisor | Date | PBMs Solicited |
|---|---|---|---|
|  |  |  |  |

46.     Are Your Health Plan or Medicaid expenditures related to pharmaceuticals audited, either internally or by an external auditor? _____ Yes _____ No

**If yes,** in the form of the table below, identify each audit and produce the audit:

| Audit | Person or Entity conducting the Audit | Date | Purpose of the audit |
|---|---|---|---|
|  |  |  |  |

## XI.  MEMBERSHIP IN OTHER ENTITIES

47.    In the form of the table below, identify any organizations that You are a part of that share information regarding at-issue insulins, pharmaceutical pricing, Rebates, PBM or drug pricing reform or legislation, including, but not limited to, MMCAP or any other group purchasing organization, and identify any of Your employees who are involved in that organization:

| Organization | Dates of Membership | Your Involved Employees |
|---|---|---|
|  |  |  |

## XII.  *PARENS PATRIAE* CLAIMS

48.    What sovereign or quasi-sovereign interest(s) do you allege are being advanced by this lawsuit?

49.    In the form of the table below, identify any third-party advisors used by You to provide consulting or other advice related to out-of-pocket costs incurred by Your citizens in relation to the At-Issue Products in Your State during the Time Period, the approximate dates You used the third-party services, a description of the services that entity provided You, and the principal point of contact at the entity who is or was responsible for overseeing performance of the contract:

| Third-Party Advisor (Advisor Name and Employer) | Approximate Dates | Description of Services | Point of Contact |
|---|---|---|---|
|  |  |  |  |

50.    Identify any task force, study, working group, initiative, or other investigatory body related to the cost of pharmaceutical products, including the At-Issue Products, created by You or in which You participated, and provide the dates of operation and a description of same. This question does not seek privileged information.

| Task Force, Study, Working Group, or Other Initiative | Approximate Dates of Operation | Description of Operations and Objective(s) |
|---|---|---|
|  |  |  |

51.    Have You received any complaints about the cost of pharmaceutical products in Your state? _____ Yes _____ No

13

**If yes**, in the table below or through the production of documents, identify from whom You received the complaint, the approximate date of the complaint, the substance of the complaint, and Your response, if any.

| Source of Complaint | Approximate Date of Complaint | Substance of Complaint | Your Response to Complaint |
|---|---|---|---|
| | | | |

52.     Do You offer any assistance programs specifically pertaining to Your citizens with pre-diabetes or diabetes? _____ Yes _____ No

**If yes**, in the table below, identify the assistance program, the year(s) it was offered, the department, agency, third-party, or other entity that provided it, and provide a summary of the program.

| Program Name | Year(s) Offered | Entity Offering the Program | Summary of Program |
|---|---|---|---|
| | | | |

53.     In the table below, identify the out-of-pocket costs paid by Your citizens in connection with the At-Issue Products for each year:

| At-Issue Product | Year | Total Spent by Your Citizens |
|---|---|---|
| | | |

## XIII.   **DIRECT PURCHASING**

54.     Have You purchased At-Issue Products directly from pharmaceutical manufacturers, wholesalers, mail order pharmacies, and/or retail sellers? _____ Yes _____ No

**If yes**, in the table below, identify each At-Issue Product You allege You purchased directly, the specific years You made the direct purchase, the entity that directly distributed the At-Issue Product(s) to You, the total quantity of At-Issue Products You purchased, and the total amount You paid:

| At-Issue Product | Year | Direct Seller | Total Quantity | Total Amount Paid |
|---|---|---|---|---|
| | | | | |

14

## XIV. DAMAGES AND OTHER RELIEF

55.    For what period of time are You alleging damages?

_____

56.    For each Defendant identified in Question No. 4, state how You claim You, or Your residents, have been harmed by that Defendant's alleged conduct and identify the date when You allege that You were first injured as a result of that particular Defendant's alleged conduct. This request is not designed to require an expert evaluation.

| Defendant | Basis | Date |
|-----------|-------|------|
|           |       |      |

57.    Are you seeking any damages on behalf of your citizens on a *parens patriae* basis?

       _____ Yes _____ No

       **If yes,** summarize the categories of damages or monetary relief that You allege.

       _____
       ____

58.    Are You seeking any monetary relief based on an injury to the State itself? _____ Yes _____ No

       **If yes,** summarize the categories of damages or monetary relief that You allege.

       _____
       ____

59.    Are You seeking any injunctive relief? _____ Yes _____ No

       **If yes,** summarize the conduct you seek to enjoin as to each defendant:

       _____
       ____

60.    Are You seeking any remedy not covered by Questions No. 55-59 above?

       _____ Yes _____ No

       **If yes,** identify each remedy that You seek:

       _____

## INITIAL DOCUMENT REQUESTS

Please produce the following documents for the Time Period:

1. Each RFP seeking PBM services, including all amendments, riders, schedules, supplements, instructions, or other addenda that You or Your Health Plan(s) issued during the Time Period.

2. Documents, including internal summaries, analyses, and presentations, reflecting Your or Your Health Plan's reasons for selecting or not selecting a PBM prescription drug benefit plan for each year, including bids, communications, RFPs, procurement rules, guidance documents, and related documents, and documents relating to negotiation for Rebates for Your employee plan(s) or Your Health Plan(s).

3. Each contract, including amendments, riders, schedules, supplements, or other addenda that You or Your Health Plan entered into with a PBM, health insurer, third-party administrator, or any other entity through which You or Your Health Plan obtained price concessions for the At-Issue Products during the Time Period (e.g. MMCAP).

4. Documents sufficient to identify the formularies for Your Health Plans during the Time Period.

5. For each benefit year for which You are seeking relief, documents relating to Your Health Plans, including documents sufficient to show: (1) the annual deductible(s), including separate deductible amounts or requirements for use of in-network versus out-of-network pharmacies, and any separate deductible amounts or requirements on individual versus family expenditures, (2) the copayment or coinsurance rate for each pharmaceutical tier, (3) the annual Out-of-Pocket Maximums, (4) the summary plan description, and (5) summaries of benefits and coverage associated with each of Your Health Plans during the time period.

6. Documents received by You or Your Health Plan that reflect or relate to representations made by PBMs about their services or made by pharmaceutical manufacturers about their list prices.

7. Contracts between You, or Your Health Plan, and third-party advisors or auditors in effect during the Time Period that relate to prescription drug benefits, as well as any presentations, reports, analyses, or memoranda relating to prescription drug benefits You or Your Health Plans chose or did not choose.

8. Documents relating to any study or analysis conducted or commissioned by You during the relevant time period that relates to Your population of diabetic citizens or considers whether consumers should pay for insulin, and if so, how much consumers should pay.

16

## <u>CERTIFICATION</u>

I declare under penalty of perjury that all of the information provided in this PFS is complete, true, and correct to the best of my knowledge and information, and that I have provided all of the requested documents that are reasonably accessible to me and/or my attorneys, to the best of my knowledge.

_____    _____
Signature                                      Date

_____    _____
Name (Printed)                                 Title