

January 28, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *In re: Insulin Pricing Litigation*, MDL No. 3080
              Case No. 2:23-md-03080-BRM-RLS
              <u>Current Discovery Disputes Involving Optum</u>

      Pursuant to the Court's January 14, 2025 Discovery Dispute Protocol (CMO #17) [ECF No. 386], Plaintiffs respectfully submit this letter regarding certain disputes that the Plaintiffs have been unable to resolve with Defendants OptumRx, Inc., United Healthcare Services, Inc., UnitedHealth Group Incorporated, OptumInsight Inc., OptumRx Holdings, LLC, Optum, Inc., Emisar Pharma Services LLC and UnitedHealthcare Insurance Co. (collectively "Optum").

## BACKGROUND

      Fact discovery was formally opened by the Court on October 15, 2024, upon entry of CMO #13 [ECF No. 313]. Plaintiffs served their First Set of Master RFPs and their First Set of Master Interrogatories to the PBM Defendants, including Optum, on October 28, 2024. Thereafter, at Optum's request, Plaintiffs granted Optum a one-week extension to serve its responses to Plaintiffs' First Set of Master RFPs and subsequently granted Optum an 8-day extension for it to serve its responses to Plaintiffs' First Set of Master Interrogatories.

      Beginning on November 19, 2024, and on multiple occasions thereafter, Plaintiffs requested that Optum (i) identify custodians and custodial and non-custodial sources likely to possess responsive information and (ii) propose an initial set of search terms. It was not until January 2, 2025, 45 days later, that Optum first provided a subset of that information to Plaintiffs. Optum's proposal consisted of just 12 custodians, devoid of any accompanying information about job titles, tenure, and other basic employment information vital to Plaintiffs' ability to assess the relevance and subject matter coverage of the proposed custodians. Likewise, Optum's search-term proposal was merely a regurgitated pre-MDL proposal that Optum had previously made in connection with the Mississippi Attorney General's action, thus raising serious questions as to the reasons for Optum's substantial delay in providing its search-term proposal.

      Plaintiffs provided their search-term and custodian counterproposal to Optum on January 16, 2025. To date, however, Optum has not responded to Plaintiffs' search-term counterproposal

and just today provided a partial and insufficient response to Plaintiffs' custodian counterproposal.

Additionally, also since November 19, 2024, Plaintiffs have been requesting that Optum provide the basic information required by the ESI Order in this case: (i) Optum's proposed search term methodology and information regarding its validation of those methodologies, and (ii) Optum's custodians and custodial and non-custodial data sources likely to possess responsive information. To date, however, Optum still has not complied with these requirements or otherwise explained its failure to do so.

Plaintiffs and Optum have conducted formal meet-and-confers regarding Optum's deficiencies on December 19, 2024, and January 24, 2025, and have exchanged related email correspondence. Notwithstanding the multiple rounds of conferrals between the parties, there are threshold discovery disputes that the parties have been unable to resolve.

**DISCOVERY DISPUTES**

1. **Optum's document productions to date—and its approach to future productions—are unacceptable.**

First, the current and anticipated future pace of Optum's productions is unacceptable. Despite the size and scope of this MDL, involving an alleged conspiracy dating back to 2011, over two dozen Defendants, 26 diabetes drugs at-issue, and Plaintiffs representing millions of covered lives, Optum's production of documents[1] in this MDL has been paltry. To this point, Optum has made two productions totaling 7,000 pages—one consisting of 441 documents and the other consisting of 130 documents.

During a meet-and-confer on January 24, 2025, Plaintiffs inquired as to Optum's slow pace of production—especially in light of the then-impending substantial-completion deadline. Plaintiffs were then advised by Optum, for the first time, that it had no intention of making *any* custodial productions until the parties reached an agreement concerning custodians and search terms. This position is perplexing considering that Plaintiffs have readily *accepted* each custodian offered by Optum (while also proposing additional custodians) and have incorporated Optum's proposed search terms within Plaintiffs' search-term counterproposal. In other words, Optum has refused to produce even those documents from *its own proposed custodians* that are returned by *Optum's own proposed search terms*. This approach will only lead to additional unnecessary delay, as Plaintiffs have continued to face resistance in getting Optum to meaningfully and timely respond to Plaintiffs on any discovery-related issue. For example, Optum took substantially longer than any other Defendant to make its initial search-term and custodian proposal and, since doing so, has failed to timely respond to Plaintiffs' counterproposal on these same issues.

In sum, in order to ensure that discovery efficiently progresses against Optum, Plaintiffs respectfully request that Optum be ordered to make rolling productions for the custodians and

---

[1] Optum has re-produced documents from prior related litigation, which are not new documents produced in response to Plaintiffs' discovery requests in this MDL.

search terms it has already proposed to Plaintiffs, while negotiations continue as to additional custodians and search terms that Plaintiffs have proposed. Alternatively, Plaintiffs request that the Court order a deadline of February 24, 2025, for the parties to either complete negotiations as to search terms and custodians or submit competing briefs as to any remaining disputes on these issues.

### 2. Optum has failed to meet its disclosure obligations under the ESI Order.

Section V.A of the ESI Order requires Optum to, among other things, "*identify and propose to [Plaintiffs] an initial list of search terms, custodians, custodial data sources, and non-custodial data sources that are likely to contain responsive documents and ESI*." ESI Order § V.A [ECF No. 208] (emphasis added). For responsive data that is contained in a database or other Structured Data (as defined in the ESI Order) or aggregated data source or otherwise maintained by an application, Optum is further obligated under Section VIII of the ESI Order to provide "information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema." *Id.* § VIII. The Court specifically adopted Plaintiffs' proposal to include the foregoing language and "agree[d] with Plaintiffs that 'an iterative and cooperative approach' as to identification of relevant custodians and information sources will help avoid after-the-fact challenges to the collection and search processes." Order Regarding Disputes Over ESI Protocol [ECF No. 186] at 7.

Plaintiffs are entitled to complete disclosure of this information so that the parties can meaningfully confer as to the most appropriate data sources for collection. To date, however, Optum has failed to disclose its search-term methodology, validation procedures, or its custodial and non-custodial sources likely to contain responsive information (other than its proposed custodians).

As noted above, Plaintiffs have been persistent in reminding Optum of its disclosure obligations and have insisted that these obligations be met. Plaintiffs' attempts to seek compliance from Optum began on November 19, 2024, and have continued through numerous written communications and meet-and-confers thereafter.

Given Optum's blatant non-compliance, Plaintiffs request that Optum be ordered to fully meet its disclosure obligations as to: (i) its proposed search term methodology and validation; and (ii) the custodians, custodial sources, and non-custodial sources likely to possess responsive information.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order requiring Optum to make rolling productions for the custodians and search terms it has proposed to Plaintiffs while negotiations continue as to additional custodians and search terms Plaintiffs have proposed. Alternatively, Plaintiffs request that the Court order a deadline of February 24, 2025, for the parties to either complete negotiations as to search terms and custodians or submit competing briefs as to any remaining disputes on these issues.

Additionally, Plaintiffs request an Order requiring Optum to immediately and fully meet its disclosure obligations pursuant to the ESI Order in this MDL.

We thank the Court for its continued attention to these matters.

                                              Respectfully submitted,

| *s/ Joanne Cicala* | *s/ David R. Buchanan* |
|---|---|
| Joanne Cicala | David R. Buchanan |
| *Liaison Counsel for* | *Liaison Counsel for* |
| *State Attorney General Track* | *Self-Funded Payer Track* |

*s/ Matthew Gately*
Matthew Gately
*Liaison Counsel for*
*Class Action Track*

cc:    Counsel of Record (via ECF)

4