# EXHIBIT B

| | |
|---|---|
| **From:** | Levy, Lindsey |
| **Sent:** | Monday, December 23, 2024 1:30 PM |
| **To:** | 'Josh Wackerly'; Harvey, Patrick A.; Scherr, Jason R.; Compton, Meredith L. |
| **Cc:** | Joanne Cicala; Johan Conrod; Trey Watkins; Tanya Ellis; Lawrence Deas; William Liston III; Matthew McDonald; Brandon Bogle; Steven Daroci; Tal J Lifshitz; David Buchanan; Benjamin Widlanski; Mark Pifko; Shayna E. Sacks; mdearman@rgrdlaw.com; Pearl Robertson; myeates@ktmc.com; Erich Schork; Jon Neumann; Matthew Gately; Kelly Rinehart; Mike Roberts; Brandon Sadowsky; Robert L. Salim; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us); Shelbi Flood; John Alden Meade; Lisa Causey-Streete |
| **Subject:** | RE: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses |

Josh,

Thank you for taking the time to speak with us on December 19 and for your email below. We do, however, wish to clarify a few points:

- **Custodians:** Express Scripts will supplement its proposal with the dates of employment for each of the identified custodians in short order. However, we disagree with Plaintiffs' suggestion that Express Scripts' proposal is insufficient to satisfy its discovery obligations. Express Scripts' custodian proposal represents the individuals most likely to have relevant, non-duplicative information responsive to Plaintiffs' requests for production, which is both reasonable and proportional to the needs of the case, particularly in light of the substantial completion deadline Plaintiffs requested. However, as mentioned on our call, we are willing to consider Plaintiffs' counterproposal and look forward to receiving it.

- **Search Terms/TAR:** We look forward to receiving Plaintiffs' counterproposal and questions regarding Express Scripts' anticipated use of TAR for culling purposes. As stated before and during the parties' discussion, we reiterate our ask that Plaintiffs please identify the specific issues/topics they wish to discuss in writing in advance of any future meet and confer so that we can ensure that the parties' discussions are as productive as possible. Your suggestion that Express Scripts was somehow unprepared is not well taken when Plaintiffs failed to tell us ahead of time they wished to discuss the specifics regarding Express Scripts' use of TAR. When Plaintiffs asked for a meet and confer, it was to discuss "custodians and data sources, search terms, and Express Scripts' responses and objections to Plaintiffs First Set of Master Discovery," which Express Scripts was, of course, prepared to do. To the extent you wish to discuss the intricacies of TAR during future meet and confers, we ask that you identify any specific topics and/or questions in advance so that we can ensure the appropriate individuals are available for and come prepared to the discussion.

- **Data:** As stated during the parties' December 19 discussion, Express Scripts is preparing a proposal for the relevant data fields it will include in the production of certain data in response to Request 33. With respect to Plaintiffs' Request for Production 34, further meet and confer discussion is required. As stated in Express Scripts' Responses and Objections to Request 34, the Request fails to describe with reasonable particularity the documents to be produced by just requesting "[a]ll data and any analysis" derived from data from a variety of sources. Express Scripts is unable to provide a counterproposal without first understanding the substance of the Request.

- **Hard Pull Documents:** Express Scripts has either already produced or is in the process of collecting and reviewing for production its (i) VAC, TAC, and P&T charters; (ii) VAT, TAC, and P&T meeting minutes that include Diabetes Medications; and (iii) relevant VAC models that include Diabetes Medications. As stated during our

1

call, we are evaluating whether VAC, TAC, and P&T agendas exist separately from the meeting minutes; if so they will be produced. Much of the relevant policies and procedures governing formulary development will be included in the Charters Express Scripts has already or will be producing in short order; we are in the process of investigating what other relevant policies may exist and can be collected for review and production. Express Scripts does not have a conceptual objection to producing relevant clinical information provided to its P&T and TAC related to Diabetes Medications, but is not familiar with the entities Plaintiffs reference. We will investigate and revert back regarding whether those documents can be collected and produced. In light of the holidays, we are unable to provide an anticipated completion date for the requested hard-pull documents but are continuing to collect, review, and produce documents on a rolling basis. We expect to make an additional production early in the new year.

Regards,

**Lindsey Levy**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5724 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
lindsey.levy@morganlewis.com | www.morganlewis.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Friday, December 20, 2024 2:26 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Levy, Lindsey <lindsey.levy@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Shayna E. Sacks <SSacks@NapoliLaw.com>; mdearman@rgrdlaw.com; Pearl Robertson <probertson@irpinolaw.com>; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>; Lisa Causey-Streete <lcausey@salim-beasley.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]
Jason/Pat -- thank you for taking the time to speak with us yesterday. Below is a summary of the main points discussed on the call.

- Custodians
    - ESI has proposed 7 "priority" custodians and agreed to supplement this list with the dates in which each of the 7 proposed custodians served in relevant positions/departments.
    - To the extent ESI has suggested that 7 custodians might be a reasonable total number of custodians in this matter in light of the substantial completion of production deadline - - Plaintiffs disagree and believe ESI's position is unfounded. ESI needs to identify a sufficient number of custodians to satisfy its discovery obligations.
    - Plaintiffs will accordingly follow up with its custodian counterproposal shortly.

- Search Terms/TAR

- o Plaintiff will provide their search term counterproposal and a letter listing questions/issues that Plaintiffs have with ESI's TAR proposal shortly. Plaintiffs also request that ESI have someone on all meet and confer calls moving forward who is prepared to discuss TAR and other e-discovery issues.

- Data
    - o RFP 33 requests that ESI produce all claims data, UM data, and Manufacturer Payment data related to Diabetes Medications. RFP 34 requests that ESI produce all third party data in its possession related to Diabetes Medications. Attachment A to the RFPs lists illustrative examples of claims data fields. During the call, Plaintiffs also pointed ESI to the NCPDP data fields that are used for electronic submissions of retail pharmacy claims.
    - o Express Scripts stated that it would provide Plaintiffs with its data proposal shortly. Plaintiffs will evaluate and respond once they receive Express Scripts's data proposal.

- Hard pull documents
    - o ESI confirmed that it was actively collecting and reviewing hard pull documents for production.
    - o ESI agreed to produce its VAC, TAC, and P&T charters that have not already been produced.
    - o ESI agreed to produce policies and procedures related to VAC, TAC, and P&T's relevant functions.
    - o ESI agreed to produce its VAC, TAC, and P&T agendas and meeting minutes that include Diabetes Medications that have not already been produced.
    - o ESI agreed to produce VAC models that include Diabetes Medications that have not already been produced.
    - o ESI agreed to produce all relevant clinical information provided to ESI's P&T and TAC related to Diabetes Medications (including information provided by ESI's Office of Clinical Evaluation & Policy (OCEP) and Drug Evaluation Unit (DEU)) that have not already been produced.
    - o Please provide a date of anticipated production for the above-listed hard-pull documents. We will follow up shortly with proposed dates for a continued meet and confer.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.

**From:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>
**Date:** Monday, December 16, 2024 at 7:31 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, Levy, Lindsey <lindsey.levy@morganlewis.com>, Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins

<Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Mike Roberts <mikeroberts@robertslawfirm.us>, Brandon Sadowsky <bsadowsky@kttlaw.com>, Robert L. Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Shelbi Flood <shelbi@cicalapllc.com>, John Alden Meade <jam@meadeyoung.com>
**Subject:** RE: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Josh,

Thank you for meeting with us on December 6, 2024 and for providing this written follow-up e-mail on Friday, December 13. Please see below our response to the points raised in your email.

**Custodians, Data Sources, and Search Terms**

As we discussed during our meet and confer on December 6, Express Script, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators LLC (together, "Express Scripts") have been preparing an initial custodian and search term proposal for purposes of identifying potentially responsive ESI to the Requests in Plaintiffs' First Set of Master Requests for Production of Documents to PBM Defendants. To that end, Express Scripts' Initial Disclosure Regarding Custodians and Search Procedures for Certain ESI is attached. As indicated in the attached disclosure, Express Scripts' proposal accounts for the January 27, 2025 substantial completion deadline for document production that Plaintiffs advocated for and successfully convinced the Court to include in CMO No. 13 (ECF No. 313). Given the breadth of Plaintiffs' requests and the impending deadline, Express Scripts proposes to search the email inboxes of the custodians identified in Exhibit A to Express Scripts' proposal, which includes the individuals identified to date as most likely to have information responsive to Plaintiffs' requests.

Express Scripts continues to investigate potential non-custodial sources that may contain responsive information, and Express Scripts intends to disclose them as required by the ESI Protocol. Express Scripts also intends to produce certain Structured Data subject to the parties' further meet and confer regarding the scope of claims data requested.

**Hard-Pull Documents**

For hard-pull documents, Express Scripts initially produced 29,340 pages of documents on May 31, 2024 when it re-produced documents previously produced in member cases. And Express Scripts began its rolling production of other hard-pull documents on December 12. Express Scripts will continue to produce those documents on a rolling basis.

In regard to the particular hard-pull documents identified below, Express Scripts responds as follows.

- All agreements/contracts with Rebate Aggregators (RFP 8);

Express Scripts is collecting and intends to produce its contracts with group purchasing organizations that Express Scripts contracted with to negotiate rebates from drug manufacturers (e.g., Ascent Health Services, LLC).

- All agreements/contracts with Express Scripts' affiliated pharmacies (RFP 8)

As we discussed on December 6, Express Scripts is not opposed to collecting and producing certain intercompany agreements for pharmacies that could fill prescriptions for the at-issue products (e.g., Express Scripts' mail-order pharmacies). But we fail to see how *all* agreements with *any* affiliated pharmacy are relevant to Plaintiffs' claims. Further, as stated in Express Scripts' responses and objections to Plaintiffs' Requests, production of *all* agreements with *any* affiliated pharmacy is impracticable and disproportionate to the needs of the case.

- P&T and FRC formulary committee documents (RFP 10):

Express Scripts does not have a "FRC" formulary committee. Express Scripts maintains a P&T Committee, Therapeutic Assessment Committee (TAC), and a Value Assessment Committee (VAC). Regardless, as discussed below, Express Scripts has produced, and will continue to produce, certain documents related to the formulary development committees.

- Charters (RFP 2);

Express Scripts has previously produced charters for all the formulary committees for most of the relevant time period. Express Scripts is currently performing a reasonable search to identify any additional copies of charters in effect during the discovery period, which have not previously been produced.

- Policy/procedures (RFP 2);

As explained in Express Scripts' response to RFP No. 2, and discussed during our December 6 meet and confer, Express Scripts is willing to continue to discuss with Plaintiffs the scope of policies and procedures Plaintiffs are seeking in response to RFP No. 2.

- Meeting agendas (RFP 10);

Express Scripts is continuing to investigate whether Express Scripts maintains agendas distinct from the minutes prepared for the formulary development committees. If such agendas referencing the at-issue drugs created during the relevant time period are identified by a reasonable search, Express Scripts will produce such agendas.

- Meeting minutes, summaries, and any other documents memorializing formulary committee decisions and/or reasons behind decisions (RFP 10);

Express Scripts has already produced many minutes from the formulary development committees during the relevant time period, and produced certain unredacted copies of those minutes in its December 12, 2024 production. Express Scripts is currently searching for minutes not previously produced on the outer ranges of the relevant time period in addition to any documents relating to the at-issue drugs referenced in those minutes and intends to produce such documents identified following a reasonable search.

- Any documents provided to and/or relied upon by Express Scripts' formulary committees in making decisions (including but not limited to clinical information, drug monographs, Exclusionary Review Summaries/Breakdowns/Decks, Trade Reviews, Modeling, Exclusion Modeling) (RFP 10);

5

As stated above and in response to RFP No. 10, Express Scripts has agreed to search for documents relating to the at-issue drugs referenced in the formulary development committee minutes. Express Scripts is currently investigating whether additional requested documents are available from certain non-custodial searches, or whether those documents should be searched for as part of a custodial collection.

- Organizational Charts (RFP 3);

As stated in its response to RFP No. 3, Express Scripts does not in the ordinary course maintain organizational charts or directories, but Express Scripts does maintain certain information about the organizational structure regarding certain business units in Workday, Human Capital Management software. Express Scripts is willing to produce certain organizational charts, and can at this stage agree to prepare and produce organizational charts for the individuals Express Scripts has identified as custodians that are current employees of Express Scripts.

- PCMA presentations, agendas, and meeting materials (RFP 6); PhRMA presentations, agendas, and meeting materials (RFP 7).

In its responses to RFP Nos. 6 and 7, Express Scripts has agreed to produce non-privileged documents in its possession, custody, or control reflecting communications made at PCMA or PhRMA meetings related to the at-issue drugs. While we are continuing to investigate, we expect these types of documents to be collected through a custodial search. As we discussed on December 6, without a written letter identifying any supposed deficiencies, Express Scripts remains unclear about whether and to what requests Plaintiffs find Express Scripts' responses to the RFPs deficient.

**Further Meet and Confer Availability**

Finally, in regard to your request to schedule another meet and confer. We are available on Thursday from 10-11, 1-3, and 4-5, or Friday from 2-4 EST.

Regards,

Pat


**Patrick A. Harvey**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6284 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
patrick.harvey@morganlewis.com | www.morganlewis.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Saturday, December 14, 2024 9:51 AM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Levy, Lindsey <lindsey.levy@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Shayna E. Sacks <SSacks@NapoliLaw.com>; mdearman@rgrdlaw.com; Pearl Robertson <probertson@irpinolaw.com>; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>;

Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]
**Resending because a few people were inadvertently left off **

Counsel,

Further to our meet-and-confer call last week, we write to follow up on our request for Express Scripts' initial list of proposed custodians, data sources, and search terms, as it has now been over two weeks since we received Express Scripts' responses and objections to Plaintiffs' First Set of Master Requests for Production of Documents. We also request that while the parties negotiate on search terms/custodians, Express Scripts produce the following discrete categories of "hard-pull" documents listed below.  In addition, please provide dates/times of availability next week to continue the parties' conferral.

**Custodians, Data Sources, and Search Terms**

Under Section V of the ESI Protocol, the parties are required to "participate in an iterative and cooperative approach with respect to the identification of relevant custodians and information sources." As part of this process, under Section V.A of the ESI Protocol, Express Scripts is required to "identify and propose to [Plaintiffs] an initial list of search terms, custodians, custodial data sources, and non-custodial data sources that are likely to contain responsive documents and ESI."

With respect to search terms, please provide Express Scripts' proposal prior to our meet and confer next week.

For responsive data contained in a database or other Structured Data or aggregated data source or otherwise maintained by an application, Express Scripts is obligated under Section VIII of the ESI Protocol to provide "information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema." As you will recall, Judge Singh adopted Plaintiffs' proposal to include the foregoing language and "agree[d] with Plaintiffs that 'an iterative and cooperative approach' as to identification of relevant custodians and information sources will help avoid after-the-fact challenges to the collection and search processes." Order Regarding Disputes Over ESI Protocol [ECF No. 186] at 7.

With respect to custodians, although Express Scripts identified (in its response to Interrogatory No. 1) 25 individuals with relevant knowledge (relating to Manufacturer Communications and Contracting, GPOs, Insulin Manufacturer Relations, Formulary Development, Internal Profit/Revenue Analysis, and Internal Documents and Analysis), Express Scripts is still required to disclose all individuals and data sources (custodial data sources, non-custodial data sources, databases, Structured Data or aggregated data sources, or applications) that it has identified as likely to possess responsive information. *See* ESI Protocol, Section V.A. & Section VIII. Plaintiffs are entitled to complete disclosure of this information so that the parties can meaningfully confer as to the most appropriate custodians and data sources for collection.

For purposes of selecting individual custodians, Plaintiffs will accept a list identifying when and to whom litigation holds were issued in connection with insulin-pricing-related litigations, as well as each individual's job titles, roles and responsibilities, and dates of employment during the relevant time period. For each individual, please also identify the custodial data sources used by that individual to create or store potentially responsive information (e.g., laptops, desktops, tablets, email mailbox, IM/chats/communication platforms, OneDrive folders, Teams data, Google Drive, etc.).

If the individuals identified in response to Interrogatory No. 1 are Express Scripts' initial proposed custodians, please confirm that these individuals are the only individuals Express Scripts has identified as being likely to possess responsive information and provide each individual's roles and responsibilities, dates of employment, and the custodial data sources used by each to create or store potentially responsive information. For individuals likely to possess responsive information who Express Scripts does ***not*** propose as a custodian, please let us know whether Express Scripts has any reason to believe that any of these individuals possess any unique or non-duplicative responsive information. If so, please identify such information.

In addition to these custodians and custodial sources, please identify and describe the non-custodial sources (e.g., shared drives/folders/servers, Salesforce, company intranet, etc.) likely to contain responsive information—not merely the general categories of documents that Express Scripts will collect and produce.

Finally, please identify any databases, Structured Data or aggregated data sources, or applications likely to contain responsive information, and provide information sufficient "to facilitate discussions on productions and production format, including available data fields/objects and schema."

Please confirm at your earliest convenience that Express Scripts will provide this requested information. To the extent Express Scripts does not intend to do so, please let us know in advance of the parties' next meet-and-confer

**Hard-Pull Documents**

As discussed on the last meet-and-confer, while the parties continue to confer regarding custodians, data sources, and search terms, we request that Express Scripts produce the categories of "hard-pull" documents listed below. Please note that this list is not comprehensive and does not satisfy Express Scripts' obligation to search all non-custodial sources that may contain relevant information. Plaintiffs will follow up with additional categories of hard-pull documents in the coming weeks.

- All agreements/contracts with Rebate Aggregators (RFP 8);
- All agreements/contracts with Express Scripts' affiliated pharmacies (RFP 8)
- P&T, VAC, and TAC formulary committee documents (RFP 10):
    - Charters (RFP 2);
    - Policy/procedures (RFP 2);
    - Meeting agendas (RFP 10);
    - Meeting minutes, summaries, and any other documents memorializing formulary committee decisions and/or reasons behind decisions (RFP 10);
    - Any documents provided to and/or relied upon by Express Scripts' formulary committees in making decisions (including but not limited to clinical information, drug monographs, VAC models) (RFP 10);
- Organizational Charts (RFP 3);
- PCMA presentations, agendas, and meeting materials (RFP 6); and
- PhRMA presentations, agendas, and meeting materials (RFP 7).

**Continued Conferral**

Finally, please provide your availability to continue the parties' conferral next week concerning custodians and data sources, search terms, and Express Scripts' responses and objections to Plaintiffs First Set of Master Discovery.

8

Please also confirm at your earliest convenience that Express Scripts will provide the information and documents requested above. To the extent Express Scripts does not intend to do so, please let us know in advance of the parties' next meet-and-confer.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Tuesday, December 3, 2024 at 2:44 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, Levy, Lindsey <lindsey.levy@morganlewis.com>, Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Patrick – when do you anticipate Express Scripts will be able to provide Plaintiffs with their proposed search terms and custodians?

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Monday, December 2, 2024 at 6:16 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, Levy, Lindsey <lindsey.levy@morganlewis.com>, Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Thanks Patrick. Friday (12/6) at 11amCT works for the Plaintiffs. Will follow up with an invite.

Thanks,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.

**From:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>
**Date:** Tuesday, November 26, 2024 at 1:49 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, Levy, Lindsey <lindsey.levy@morganlewis.com>, Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>
**Subject:** RE: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Josh,

Friday is looking best for us. We are free from 10:00 a.m. to 2:30 p.m., and from 3:00-5:00 p.m. (all EST).

If you would like to discuss the objections and responses themselves, we believe it would be more efficient if Plaintiffs identified any alleged deficiencies in writing sufficiently ahead of the call to give us time to discuss them with our client.

Pat

**Patrick A. Harvey**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6284 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
patrick.harvey@morganlewis.com | www.morganlewis.com

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Tuesday, November 26, 2024 2:05 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Levy, Lindsey <lindsey.levy@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Shayna E. Sacks <SSacks@NapoliLaw.com>; mdearman@rgrdlaw.com; Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]
Patrick/JR – following up on the email below. Please advise as to when you will provide us the information required under the ESI protocol and Local Rule 26.1(d) and provide times your team is available to meet and confer next week.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Tuesday, November 19, 2024 at 4:44 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>, meredith.compton@morganlewis.com <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>
**Subject:** Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Counsel,

Now that you've had the opportunity to review Plaintiffs' Master Discovery Requests to Express Scripts, we wanted to follow up with you concerning certain requirements in the ESI Order and the Local Rules that relate to those requests. We anticipate you have been working on these tasks, but pursuant to Section V of the ESI protocol and Local Rule 26.1(d), please let us know when you anticipate: (i) identifying the search methodology you'll be employing, (ii) identifying relevant custodians and custodial and non-custodial data sources, and (iii) proposing an initial list of search terms in the event you elect to use search terms to identify potentially responsive documents/ESI.

Additionally, we would like to go ahead and set up a meet and confer on the aforementioned items and the discovery responses themselves during the week of **December 2-6**.  Please let us know a few times that work for you that week for a further discussion.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.