# EXHIBIT C

| | |
|---|---|
| **From:** | Josh Wackerly <josh@cicalapllc.com> |
| **Sent:** | Tuesday, December 31, 2024 9:09 AM |
| **To:** | Harvey, Patrick A.; Scherr, Jason R.; Levy, Lindsey; Compton, Meredith L. |
| **Cc:** | Joanne Cicala; Johan Conrod; Trey Watkins; Tanya Ellis; Lawrence Deas; William Liston III; Matthew McDonald; Brandon Bogle; Steven Daroci; Tal J Lifshitz; David Buchanan; Benjamin Widlanski; Mark Pifko; Shayna E. Sacks; mdearman@rgrdlaw.com; Pearl Robertson; myeates@ktmc.com; Erich Schork; Jon Neumann; Matthew Gately; Kelly Rinehart; Mike Roberts; Brandon Sadowsky; Robert L. Salim; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us); Shelbi Flood; John Alden Meade; Lisa Causey-Streete |
| **Subject:** | Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses |
| **Attachments:** | MDL 3080- Search Term Validation Questions .pdf; TAR Qs[53].pdf; Relevant ESI Employees.12.30.24[76].xlsx |

[EXTERNAL EMAIL]
Jason/Pat – We write to follow up on our December 19 meet-and-confer.

*First*, during our December 19 conferral you agreed to provide additional information with respect to Express Scripts' proposed custodians, including: (1) position and titles; (2) the name of the ESI entities (Express Scripts, Inc., Medco Health Solutions, Inc., or Express Scripts Administrators LLC) for which each custodian will have responsive information; (3) the topics/RFP #s for which each custodian will produce responsive information; and (4) the dates for which each custodian will have responsive/ information. We have yet to receive this information. Please advise when you will provide it.

*Second*, based on the limited information that Plaintiffs have received to date from Express Scripts, it appears that your custodian proposal is deficient in several respects. As an initial matter, the ESI Protocol requires the transparent disclosure of all custodians with responsive information—not merely a limited set of custodians that Express Scripts has unilaterally identified as appropriate. Please provide this information or promptly confirm that Express Scripts will not be doing so. In addition to the seven custodians you proposed, for example, the attached non-exhaustive list identifies additional employees who likely having responsive information. Please note that the attached list does not include relevant Express Scripts' pharmacy-facing or client-facing employees. Additional follow-up and conferral is required as to the appropriate custodians to cover these key topics. Please also note that the attached list is limited to employees of Express Scripts, Inc., Medco Health Solutions, Inc., or Express Scripts Administrators LLC. Once we receive Express Scripts' responses and objections to Plaintiffs' Master Discovery served on the remaining Express Scripts Defendants (ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc., Cigna Group; Evernorth Health, Inc, and Ascent Health Services LLC) we will meet and confer regarding the appropriate custodians for those entities.

*Third*, during our last meet-and-confer, you maintained that Express Scripts is limiting its proposed custodians based on the deadline to substantially complete document productions. We understand that you are standing on this position. Please confirm. As we have stated previously, Plaintiffs disagree that the Court's substantial-completion deadline in any way reduces Express Scripts' discovery obligations.

*Fourth*, and pursuant to Sections V(A)-(B) of the ESI Protocol, please find attached questions regarding Express Scripts' search-term validation processes and potential implementation of TAR. Please provide this requested information so that Plaintiffs may evaluate Express Scripts' search-term and TAR proposals.

*Fifth*, Express Scripts has agreed to provide Plaintiffs with a data field proposal for the claims data, UM data, and Manufacturer Payment data requested in RFP 33. Please advise when you will provide it.

*Last*, please confirm the date by which Express Scripts will make its next rolling non-custodial and custodial productions (for the seven proposed "priority" custodians).

We would like to continue meeting and conferring on these issues and your discovery responses. Please provide your availability during the afternoon of Tuesday, January 7, 2025, or Wednesday, January 8, 2025.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Friday, December 20, 2024 at 1:25 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>, Scherr, Jason R. <jr.scherr@morganlewis.com>, Levy, Lindsey <lindsey.levy@morganlewis.com>, Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Shayna E. Sacks <SSacks@NapoliLaw.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>, Pearl Robertson <probertson@irpinolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Mike Roberts <mikeroberts@robertslawfirm.us>, Brandon Sadowsky <bsadowsky@kttlaw.com>, Robert L. Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Shelbi Flood <shelbi@cicalapllc.com>, John Alden Meade <jam@meadeyoung.com>, Lisa Causey-Streete <lcausey@salim-beasley.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

Jason/Pat -- thank you for taking the time to speak with us yesterday. Below is a summary of the main points discussed on the call.

- Custodians

- o ESI has proposed 7 "priority" custodians and agreed to supplement this list with the dates in which each of the 7 proposed custodians served in relevant positions/departments.
- o To the extent ESI has suggested that 7 custodians might be a reasonable total number of custodians in this matter in light of the substantial completion of production deadline - - Plaintiffs disagree and believe ESI's position is unfounded. ESI needs to identify a sufficient number of custodians to satisfy its discovery obligations.
- o Plaintiffs will accordingly follow up with its custodian counterproposal shortly.

- Search Terms/TAR
    - o Plaintiff will provide their search term counterproposal and a letter listing questions/issues that Plaintiffs have with ESI's TAR proposal shortly. Plaintiffs also request that ESI have someone on all meet and confer calls moving forward who is prepared to discuss TAR and other e-discovery issues.

- Data
    - o RFP 33 requests that ESI produce all claims data, UM data, and Manufacturer Payment data related to Diabetes Medications. RFP 34 requests that ESI produce all third party data in its possession related to Diabetes Medications. Attachment A to the RFPs lists illustrative examples of claims data fields. During the call, Plaintiffs also pointed ESI to the NCPDP data fields that are used for electronic submissions of retail pharmacy claims.
    - o Express Scripts stated that it would provide Plaintiffs with its data proposal shortly. Plaintiffs will evaluate and respond once they receive Express Scripts's data proposal.

- Hard pull documents
    - o ESI confirmed that it was actively collecting and reviewing hard pull documents for production.
    - o ESI agreed to produce its VAC, TAC, and P&T charters that have not already been produced.
    - o ESI agreed to produce policies and procedures related to VAC, TAC, and P&T's relevant functions.
    - o ESI agreed to produce its VAC, TAC, and P&T agendas and meeting minutes that include Diabetes Medications that have not already been produced.
    - o ESI agreed to produce VAC models that include Diabetes Medications that have not already been produced.
    - o ESI agreed to produce all relevant clinical information provided to ESI's P&T and TAC related to Diabetes Medications (including information provided by ESI's Office of Clinical Evaluation & Policy (OCEP) and Drug Evaluation Unit (DEU)) that have not already been produced.
    - o Please provide a date of anticipated production for the above-listed hard-pull documents. We will follow up shortly with proposed dates for a continued meet and confer.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.