# EXHIBIT F

| | |
|---|---|
| **From:** | Levy, Lindsey |
| **Sent:** | Friday, January 24, 2025 9:49 AM |
| **To:** | 'Tal J Lifshitz'; Harvey, Patrick A. |
| **Cc:** | Josh Wackerly; Scherr, Jason R.; Compton Russian, Meredith Lynn; Joanne Cicala; Johan Conrod; Trey Watkins; Tanya Ellis; Lawrence Deas; William Liston III; Matthew McDonald; bbogle@levinlaw.com; sdaroci@seegerweiss.com; dbuchanan@seegerweiss.com; Benjamin Widlanski; mpifko@baronbudd.com; ssacks@napolilaw.com; mdearman@rgrdlaw.com; probertson@irpinolaw.com; myeates@ktmc.com; Erich Schork; Jon Neumann; Matthew Gately; Kelly Rinehart; Mike Roberts; Brandon Sadowsky; Robert L. Salim; Karen Sharp Halbert Roberts Law Firm P.A.; Shelbi Flood; John Alden Meade; Lisa Causey-Streete; Ackerman, Ethan; Lea Bays |
| **Subject:** | RE: Insulin Pricing MDL - Recap re meet and confer on Express Scripts discovery responses |

Tal,

Thank you for your time on Tuesday and your email below. There are a few points we wish to clarify.

**Substantial Completion Deadline**
Express Scripts anticipates substantial completion of its non-custodial production by the January 27 deadline. In an effort to meet the deadline set forth in CMO #13, Express Scripts made its initial custodian and search term proposal on December 16, 2024, suggesting that the parties apply Plaintiffs' final search term proposal in Mississippi. On January 15, 2025—12 days before the substantial completion deadline and one month after Express Scripts' proposal—Plaintiffs provided their first counter-proposal, which identified 51 *additional* proposed custodians, as well as additional terms. In light of these facts and the parties' ongoing negotiations regarding custodians and search methodologies (i.e., search terms and TAR) in accordance with the ESI Protocol, CMO # 11, Express Scripts is not in a position to make a custodial production before Monday.

**TAR**
We have attempted in good faith to respond to each of Plaintiffs' questions regarding our proposed use of TAR, including in some instances disclosing more than is required under the ESI Protocol in an effort to demonstrate our use of defensible and industry-standard processes to achieve reasonable, proportionate, and responsive results. Express Scripts has disclosed, and met and conferred regarding, both how it will use TAR and also its intention to validate the use of TAR, and even as a show of good faith disclosed it would do so specifically through an assessment of recall. We further committed to share in writing with Plaintiffs that successful or unsuccessful outcome when complete. This exceeds the ESI Protocol's requirements, and veers into territory Courts caution against as courts are "not normally in the business of dictating to parties the process that they should use when responding to discovery." To the extent Plaintiffs believe we have not in fact answered your germane questions regarding our proposed use of TAR, we invited you—as we did on Tuesday—to identify those questions in writing. We understand from our call on Tuesday that you do not intend to take us up on our invitation.

**Search Terms/Custodians**
In an attempt to resolve and expedite the parties' negotiations, we proposed a comprehensive solution on TAR, search terms, and custodians, whereby we would agree to apply plaintiffs' proposed terms as-is and expand the proposed custodians to include all 25 individuals identified in Express Scripts' response to Plaintiffs' interrogatory No. 1, conditioned on Plaintiffs setting aside their current objections to our stated intent to use TAR. Plaintiffs have declined that proposal but have not provided a counter proposal. If Plaintiffs have a counter proposal, we will, of course,

1

consider it. In short, although we do not believe it would be an efficient use of anyone's time, we are amenable to further negotiation regarding appropriate search terms.

As we stated on Tuesday, we are also open to further input and will seriously consider any counter proposals from Plaintiffs regarding relevant, proportional, non-duplicative custodians, including whether that list includes all or a subset of those identified in Express Scripts' interrogatory responses. We continue to evaluate Plaintiffs' list of 58 potential custodians. However, we must emphasize that discussions regarding search terms are naturally intertwined with custodians and methodology, as all three will impact determinations of burden and proportionality.

**Non-custodial Sources**
We understood Plaintiffs' prior requests for disclosure of "non-custodial sources" to be directed toward relevant "databases and structured, aggregated, or application data" as contemplated in the ESI Protocol. CMO #11, sec. VIII. *See, e.g.*, 11/19/2024 Wackerly e-mail (requesting identification of "non-custodial *data* sources"); 12/14/2024 Wackerly e-mail ("please identify any *databases, Structured Data or aggregated data sources*, or applications likely to contain responsive information"). Our data proposal provided earlier this week, in which we identify Express Scripts' current (IW) and legacy (EDW) claims data systems, was intended to respond to those requests, and we did not receive any alternative or additional request from Plaintiffs prior to our conferral Tuesday afternoon. While we have been working with our client to identify any additional non-custodial sources of information responsive to Plaintiffs' requests, your articulation of Plaintiffs' request below is new to us and not one we fully understand. Express Scripts is not obligated to and will not engage in the burdensome exercise of identifying every non-custodial source of information within its corporate organization, nor do we believe discovery regarding discovery is appropriate here. We are, however, open to further discussion with Plaintiffs regarding what exactly you are looking for, beyond what is required under the ESI Protocol.

**Claims Data**
We look forward to plaintiffs' feedback regarding Express Scripts' data field proposal.

Best,
Lindsey

**Lindsey Levy**
Pronouns: She/Her/Hers
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5724 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
lindsey.levy@morganlewis.com | www.morganlewis.com



**From:** Tal J Lifshitz <tjl@kttlaw.com>
**Sent:** Wednesday, January 22, 2025 1:35 PM
**To:** Levy, Lindsey <lindsey.levy@morganlewis.com>; Harvey, Patrick A. <patrick.harvey@morganlewis.com>
**Cc:** Josh Wackerly <josh@cicalapllc.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; sdaroci@seegerweiss.com; dbuchanan@seegerweiss.com; Benjamin Widlanski <bwidlanski@kttlaw.com>; mpifko@baronbudd.com; ssacks@napolilaw.com; mdearman@rgrdlaw.com; probertson@irpinolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew

Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert Roberts Law Firm P.A. <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>; Lisa Causey-Streete <lcausey@salim-beasley.com>; Ackerman, Ethan <ethan.ackerman@morganlewis.com>; Lea Bays <LBays@rgrdlaw.com>
**Subject:** Re: Insulin Pricing MDL - Recap re meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]
JR/Patrick/Ethan,

Thank you for your time yesterday. I'm writing to recap some of the takeaways of the conversation. Please let me know if I've missed or misstated anything material.

## Status of Production

Regarding the upcoming substantial completion deadline, ESI will be providing a non-custodial production, but there will be no custodial production by the January 27 substantial completion deadline.

## TAR/Search Terms/Custodians

ESI believes they have no further obligation to provide Plaintiffs with additional information relative to how they intend to employ TAR methodologies to collect and produce responsive documents. ESI's position is that they've disclosed their intent to use TAR and answered Plaintiffs' questions regarding TAR methodology. ESI further believes that Plaintiffs' questions are beyond what the Rules or the ESI order requires. ESI has taken the position that, absent Plaintiffs' agreement to ESI's TAR methodology based on the information ESI has provided, any further conversation regarding search terms or custodians is premature. Plaintiffs conveyed their disagreement with ESI's position.

Regarding search terms, ESI offered to accept Plaintiffs' counterproposal subject to Plaintiffs' agreement to ESI's TAR methodology as provided for in their email response to Plaintiffs' query into the application of TAR. Plaintiffs explained that they are unable to accept this proposal at this time without our additional requested information on TAR methodology.

Regarding custodians, yesterday ESI shared that the 21 individuals identified by ESI in its interrogatory responses are potentially additional custodians ESI might offer, but only if Plaintiffs accept ESI's TAR methodology. Plaintiffs explained that they are unable to accept this proposal at this time without our additional requested information on TAR methodology.

Plaintiffs also requested that ESI identify which of Plaintiffs' proposed custodians are not acceptable, and explain why. ESI said it would consider reviewing Plaintiffs' proposal again but did not guarantee that it would provide any response.

## Non-custodial Sources

Plaintiffs reiterated their request (previously made on 11/19/2024 and 12/14/2024) for a disclosure of ESI's non-custodial sources of information, e.g., financial/contracting data, SharePoint/FileShare sites, etc. For additional context, we would like to know the names of the "channels" that are relevant to diabetes medication, communications with manufacturers, and other bucketed categories that are outlined in Plaintiffs' served discovery requests. These are just a few examples. We reiterate that ESI is in the best position to identify non-custodial sources for us. Please let us know whether such a disclosure will be provided, whether ESI believes it has previously made such a disclosure (and if so, kindly direct us to it), or if ESI's position is that no such disclosure is required.

## Claims Data

We have received your data field proposal, provided earlier yesterday morning, and will consider it and be back to you promptly.

**TAL J. LIFSHITZ, ESQ.** | **PARTNER**



2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134

**Phone** 305.372.1800 | **Direct** 305.728.2959 | **Email** tjl@kttlaw.com

**Firm Bio** | **Personal LinkedIn** | **KTT LinkedIn**

---

**From:** Levy, Lindsey <lindsey.levy@morganlewis.com>
**Sent:** Tuesday, January 21, 2025 11:47 AM
**To:** Tal J Lifshitz <tjl@kttlaw.com>; Harvey, Patrick A. <patrick.harvey@morganlewis.com>
**Cc:** Josh Wackerly <josh@cicalapllc.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com <bbogle@levinlaw.com>; sdaroci@seegerweiss.com <sdaroci@seegerweiss.com>; dbuchanan@seegerweiss.com <dbuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; mpifko@baronbudd.com <mpifko@baronbudd.com>; ssacks@napolilaw.com <ssacks@napolilaw.com>; mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>; probertson@irpinolaw.com <probertson@irpinolaw.com>; myeates@ktmc.com <myeates@ktmc.com>; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert Roberts Law Firm P.A. <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>; Lisa Causey-Streete <lcausey@salim-beasley.com>; Ackerman, Ethan <ethan.ackerman@morganlewis.com>; Lea Bays <LBays@rgrdlaw.com>
**Subject:** RE: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Counsel,

Please find attached Express Scripts' data field proposal in response to Plaintiffs' Request for Production No. 33.

Best,
Lindsey

**Lindsey Levy**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5724 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
lindsey.levy@morganlewis.com | www.morganlewis.com



---

**From:** Tal J Lifshitz <tjl@kttlaw.com>
**Sent:** Friday, January 17, 2025 10:23 AM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>
**Cc:** Josh Wackerly <josh@cicalapllc.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Levy, Lindsey <lindsey.levy@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; sdaroci@seegerweiss.com; dbuchanan@seegerweiss.com; Benjamin Widlanski <bwidlanski@kttlaw.com>; mpifko@baronbudd.com; ssacks@napolilaw.com; mdearman@rgrdlaw.com; probertson@irpinolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert Roberts Law Firm P.A. <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>; Lisa Causey-Streete <lcausey@salim-beasley.com>; Ackerman, Ethan <ethan.ackerman@morganlewis.com>; Lea Bays <LBays@rgrdlaw.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]
Thank you Patrick - Plaintiffs are available at 3 pm est on Tuesday. I will circulate a calendar invitation now.

Sent from my iPad

On Jan 16, 2025, at 1:03 PM, Harvey, Patrick A. <patrick.harvey@morganlewis.com> wrote:

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Josh,

While we may have more to say in response to your email, we are currently generally available after 11:30 a.m. EST on Tuesday to hold a further meet and confer. Let us know a time that works for you and your team.

Pat

**Patrick A. Harvey**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6284 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
patrick.harvey@morganlewis.com | www.morganlewis.com

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Wednesday, January 15, 2025 5:42 PM
**To:** Harvey, Patrick A. <patrick.harvey@morganlewis.com>; Scherr, Jason R. <jr.scherr@morganlewis.com>; Levy, Lindsey <lindsey.levy@morganlewis.com>; Compton, Meredith L. <meredith.compton@morganlewis.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Shayna E. Sacks <SSacks@NapoliLaw.com>; mdearman@rgrdlaw.com; Pearl Robertson <probertson@irpinolaw.com>; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Mike Roberts <mikeroberts@robertslawfirm.us>; Brandon Sadowsky <bsadowsky@kttlaw.com>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Shelbi Flood <shelbi@cicalapllc.com>; John Alden Meade <jam@meadeyoung.com>; Lisa Causey-Streete <lcausey@salim-beasley.com>; Ackerman, Ethan <ethan.ackerman@morganlewis.com>
**Subject:** Re: Insulin Pricing MDL - Meet and confer on Express Scripts discovery responses

[EXTERNAL EMAIL]

J.R./Pat/Lindsey – we write following up on our December 31 email and responding to your January email.

With respect to custodians, thank you for providing additional information on the 7 "priority custodians" previously offered by ESI. Nevertheless, we understand your position, as set forth in your 12/31 email, that "absent a change to the substantial completion deadline, Express Scripts cannot entertain any expansion of the custodial search Plaintiffs have proposed." In light of ESI's position, the parties have necessarily reached an impasse on this matter, as Plaintiffs maintain that ESI's custodian proposal is deficient. For example, notwithstanding ESI's refusal to tell us *why* a certain proposed custodian is not relevant, we are providing the attached information to briefly summarize why we have chosen additional custodians including those proposed on 12/31. To reiterate again, the attached custodian list is limited to employees of Express Scripts, Inc., Medco Health Solutions, Inc., or Express Scripts Administrators LLC. Once we receive Express Scripts' responses and objections to Plaintiffs' Master Discovery served on the remaining Express Scripts Defendants (ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc., Cigna Group; Evernorth Health, Inc, and Ascent Health Services LLC) we will meet and confer regarding the appropriate custodians for those entities. Furthermore, the attached list does not include ESI pharmacy network-facing or client-facing custodians as the Parties have yet to meet and confer on the scope of ESI's pharmacy network and client productions.

With respect to search terms, Plaintiffs do not agree with ESI's position. The search terms that were being negotiated in the Mississippi case are not binding on the parties to this MDL. As you are aware, the parties in Mississippi had not agreed upon a final set of search terms before the

6