## MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
―――――
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
ANTHONY J. TAGLIAFERRO
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 307-3700
FAX (212) 542-3790
e-mail: jtortorella@khmarino.com
*OF COUNSEL

February 5, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

      Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM-RLS
          MDL No. 3080 | Response to Plaintiffs' Letter re: Current Discovery Disputes
          Involving PBM Defendants [ECF 397]

Dear Judge Singh:

      I write on behalf of Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC (collectively, "CVS Caremark") in response to Plaintiffs' Letter Regarding Current Discovery Disputes Involving PBM Defendants [ECF 397]. Plaintiffs' letter gives the impression that CVS Caremark has done little with respect to discovery over the past three months. That is not true. Since receiving Plaintiffs' vastly overbroad document requests on October 28, 2024, CVS Caremark has produced over 125,000 documents, consisting of more than 1.5 million pages, and engaged in an iterative and cooperative discovery conferral process. Plaintiffs are therefore not entitled to the relief they request—interim deadlines for various minute discovery matters, several of which CVS Caremark has already completed. The Court should deny Plaintiffs' request and direct the parties to continue to meet-and-confer concerning the appropriate scope of discovery.

      *Background*. In briefing over discovery procedures last fall, Plaintiffs sought a 90-day deadline for the substantial completion of document production from the date of service of requests for production. *See* ECF 270-1 at 5. Ultimately, Case Management Order No. 13 ("CMO13") required that "substantial completion of Defendants' responsive documents productions within 90 days after being served with Plaintiffs' Master RFPs," or 60 days after Defendants were due to serve written responses to those RFPs.

      Having secured that deadline, Plaintiffs set out to request discovery that could never reasonably be completed within 90 days. Plaintiffs' requests for production sought, for example, "[a]ll Documents and Communications relating to Diabetes Medications, Manufacturer Defendants, Manufacturer Payments, or any Plaintiff," "[a]ll Documents and Communications

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Rukhsanah L. Singh, U.S.M.J.
February 5, 2025 – Page 2

concerning the List Prices of Diabetes Medications," or "[a]ll Documents and Communications related to Your formularies that included Diabetes Medications." *See* Exhibit 1 (Plaintiffs' October 28, 2024 Requests for Production). CVS Caremark objected and responded to these overbroad requests on November 27, 2024 and promptly agreed to meet and confer with Plaintiffs regarding the scope of discovery Plaintiffs' could reasonably seek. (Notwithstanding CVS Caremark's requests for clarity, Plaintiffs have discussed the substance of only a handful of their requests for production in the meet-and-confers the parties have held to date.)

Despite this overbreadth and Plaintiffs' failure to clarify various of their overbroad requests, CVS Caremark quickly produced a significant amount of discovery material last year, and has continued to make substantial document productions this year. Before Plaintiffs even served their requests, CVS Caremark had produced over 10,000 documents in this MDL. Since service of the requests in October, CVS Caremark has produced 126,056 documents, totaling 1,571,461 pages. CVS Caremark also provided Plaintiffs with non-custodial sources likely to contain responsive information for the non-custodial documents it has agreed to produce and proposed fields for structured data.

As CVS Caremark worked diligently to produce these documents and provide this information, Plaintiffs set out to expand the scope of discovery even more. Given the 90-day deadline, CVS Caremark initially proposed seven custodians of particular relevance to this litigation. Over two weeks later (and less than four weeks before the substantial-completion deadline), Plaintiffs responded with a request for *sixty-eight* custodians. Another two weeks later (now, less than two weeks before the substantial completion deadline), Plaintiffs followed up with a demand that CVS Caremark review the documents of *eighty-seven* custodians. *See* Exhibit 2 (Plaintiff Custodian Proposal). And Plaintiffs made clear this was only the start: they also planned to seek custodians for other lines of business and from other CVS affiliates. This overbreadth has permeated all aspects of Plaintiffs' approach to the discovery-scope matters they claim to bring this motion about. For example, Plaintiffs have also requested that CVS Caremark run *over 500* search terms, 72 of which are standalone terms with no connector, and the remainder of which use an "and" connector or an overbroad "/100" connector. *See* Exhibit 3 (Plaintiff Search Term Proposal).

In sum, even before Plaintiffs filed their January 28 letter, CVS Caremark had *already* proposed custodians, search terms, non-custodial sources, and proposed fields for structured data, all of which are the subject to Plaintiffs' instant motion. CVS Caremark produced over 100,000 documents, and is endeavoring to produce additional documents in short order. Plaintiffs' suggestion that CVS Caremark has simply "objected and delayed" rather than seriously endeavored to comply with the Court's discovery deadlines, is belied by these facts. And, notwithstanding the 90-production cutoff and Plaintiffs' refusal to discuss the substance of more than a fraction of their Requests, CVS Caremark has *agreed* to additional discovery (including

**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

Honorable Rukhsanah L. Singh, U.S.M.J.
February 5, 2025 – Page 3

another eight custodians).[1] The parties are continuing to confer regarding these topics, and CVS Caremark awaits Plaintiffs' responses. There is no need for Court intervention at this time.

  ***There is No Ripe Dispute.*** Plaintiffs' own letter makes clear that there is no discovery dispute ripe for Court intervention between the parties. After all, Plaintiffs still have not met-and-conferred with CVS Caremark about most of their specific requests for production or CVS Caremark's objections to those requests. Plaintiffs' primary gripe seems to be the view that CVS Caremark was restricting "their identification and collection of custodial and non-custodial documents in light of the Court's substantial completion deadline." ECF 297 at 3. The deadline for substantial completion is plainly relevant to the scope of document production that can be accomplished. But Plaintiffs' own letter goes on to note that CVS Caremark has proposed reviewing the files of additional custodians (with the understanding that documents for these additional custodians could not be produced within the 90-day substantial completion deadline), and that CVS Caremark identified non-custodial sources. *Id.* at 3–4. In other words, CVS Caremark *is doing* the things Plaintiffs claim it is not doing, and is continuing to negotiate the appropriate scope of discovery despite the 90-day substantial completion deadline. What the parties should be doing now is negotiating a reasonable substantial completion deadline that is proportional to the needs of the case. CVS Caremark has asked Plaintiffs to confer on this matter, but, as of today, no conferral has taken place. To be sure, the appropriate deadline will depend on the appropriate scope of discovery, but that is an issue that is not ripe because Plaintiffs have not completed the meet-and-confer process (and, with respect to most of their specific requests for production, have not begun it).

  ***Interim Deadlines are Unnecessary, and Will Hinder the Discovery Process.*** Plaintiffs request interim deadlines, including for the conclusion of the parties' negotiations on discovery matters such as custodians and search terms. That should be rejected. As an initial matter, Plaintiffs are responsible for much of the delay in the discovery process, waiting weeks to make ever-shifting and unreasonable custodial and search term proposals. And while CVS Caremark is likewise eager to proceed with discovery, such micro-managing from the Court is unnecessary and inefficient. CVS Caremark has been reasonably responding to Plaintiffs' requests as it is able. Plaintiffs have requested, and the Court has ordered, "an iterative and cooperative approach" to

---

[1] The sole case that Plaintiffs cite, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2019 WL 5065194 (N.D. Fla. 2019), is inapposite. That case dealt with a discovery dispute over the scope of discovery near the document discovery deadline. As to some discovery, the Court ruled that "the likely marginal benefit of these documents is far outweighed by the significant expense and time Defendants would incur in identifying, collecting, reviewing, and producing" the discovery. *Id.* at *5. The Court ruled that certain other discovery should be produced, even though the substantial completion deadline for document discovery had passed. *Id.* But here, CVS Caremark has *agreed* to produce additional discovery (notwithstanding the CMO13 deadline), and the parties are conferring on an extension of that deadline.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Rukhsanah L. Singh, U.S.M.J.
February 5, 2025 – Page 4

discovery issues in this matter. *See* Case Management Order No. 11 at 7 [ECF 208]. Such an approach takes the time and consideration of both parties. The more reasonable path forward is to continue routine discovery conferences, as contemplated in CMO17, wherein the parties may raise issues as they arise in negotiations.

As such, CVS Caremark respectfully requests that the Court deny Plaintiffs' Requests for relief, allow the parties to continue their conferrals, and set future discovery conferences as needed, pursuant to CMO17.

We thank the Court for its continuing attention to this matter.

Respectfully submitted,

John D. Tortorella
*Counsel for Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC*

*/s Daniel Dockery*
Daniel Dockery
Williams & Connolly LLP
*Counsel for Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC*

cc: Honorable Brian R. Martinotti, U.S.D.J.
All counsel of record