# Morgan Lewis

**Jason R. Scherr**
Partner
+1.202.373.6709
jr.scherr@morganlewis.com

February 28, 2025

**VIA ECF**

The Hon. Rukhsanah L. Singh
United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re:   <u>*In re: Insulin Pricing Litigation*, 2:23-md-03080-BRM-RLS (D.N.J.)</u>

Dear Judge Singh:

Defendants Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators, LLC (collectively, "Express Scripts") submit this letter, pursuant to the Court's February 10, 2025 directive that if the parties do not agree, they propose their respective search terms and custodians to the Court by February 28, 2025. Separately, Express Scripts and Plaintiffs continue to make progress with respect to the sufficiency of Express Scripts' disclosures regarding its planned implementation of Technology Assisted Review ("TAR") such that Express Scripts does not seek the Court's intervention on TAR at this time, but the parties have reached an impasse as to custodians.

### I.   Custodians

The parties acknowledged since the first meet-and-confer that any discussion regarding custodians should follow Express Scripts' responses to Plaintiffs' interrogatories because those interrogatories would identify individuals with relevant knowledge regarding Plaintiffs' allegations. Plaintiffs' Master Interrogatory No. 1 requested that Express Scripts "[i]dentify any person (including officers, directors, employees, third parties, or agents) with relevant information relating to the claims or defenses" in this MDL.

On December 12, 2024, Express Scripts timely served its responses and objections to Plaintiffs' First Set of Master Interrogatories, in which Express Scripts identified 25 former or current Express Scripts employees who may have relevant knowledge relating to the claims or defenses in this MDL. Express Scripts also provided the current and/or last known title and subject matter of relevant knowledge for each of the individuals identified in response to Plaintiffs' Master Interrogatory No. 1. That list—representing the individuals most likely to have information responsive to Plaintiffs' requests and relevant to the claims at issue in this MDL—is attached as Exhibit A.

**VIA ECF**

The Hon. Rukhsanah L. Singh
February 28, 2025
Page 2

During the course of the parties' subsequent conferrals, Express Scripts—in an effort to compromise—proposed a comprehensive solution on TAR, search terms, and custodians. In that January proposal, Express Scripts offered to agree to apply the newly expanded January 15, 2025 version of Plaintiffs' proposed search terms to a list of custodians including all 25 individuals identified in Express Scripts' response to Plaintiffs' Interrogatory No. 1, conditioned only on Plaintiffs setting aside their attempts to micromanage Express Scripts' implementation of TAR. Plaintiffs declined.

Notwithstanding Plaintiffs' refusal to accept Express Scripts' comprehensive compromise to move ESI discovery forward, Express Scripts has agreed to search for responsive documents from the 25 custodians included in Exhibit A. These custodians are "most likely" to possess responsive documents and information, as this Court's order requires. *See* CMO No. 11 § V. And the overall number of custodians is more than reasonable and proportional to the needs of the case. Express Scripts' custodian proposal includes both current and former Express Scripts employees across relevant departments with knowledge regarding the key issues in this case, including Express Scripts' formulary development, insulin manufacturer relations, communications with Manufacturer Defendants, contract negotiations, government contractor and preemption defenses, internal profit and revenue analysis, and group purchasing organizations ("GPOs").

Accordingly, Express Scripts requests that the Court approve its custodian proposal.

II. **TAR**

Express Scripts understands that any disputes with respect to TAR are subject to the procedures set forth in CMO 17, rather than the Court's February 28 deadline that referenced only custodians and search terms. Express Scripts took seriously the Court's guidance to provide meaningful transparency into TAR validation, and made a comprehensive disclosure. Plaintiffs' most recent written response has not yielded agreement, but during the parties' last meet-and-confer yesterday afternoon, February 27, Plaintiffs expressed a newfound openness to compromise on certain key issues, for which Express Scripts is in the process of preparing a response. Plaintiffs advised that they intend to raise these issues with the Court, but Express Scripts remains hopeful that the parties will be able to narrow or eliminate the remaining areas of disagreement.

Respectfully submitted,

*/s/ Jason R. Scherr*

Jason R. Scherr


cc:  Honorable Brian R. Martinotti, U.S.D.J.
     All Counsel of Record