# EXHIBIT 3

# Morgan Lewis

**Jason R. Scherr**
Partner
+1.202.373.6709
jr.scherr@morganlewis.com

November 22, 2024

Joanne Cicala
The Cicala Law Firm
101 College Street
Dripping Springs, Texas 78620
joanne@cicalapllc.com
512-275-6550

Re:   *In re: Insulin Pricing Litigation*, No. 2:23-md-3080 (BRM/RLS)
      **PBM Defendants' Objections to Subpoena for the Production of Documents Served on Compass Lexecon**

Dear Counsel:

I am writing on behalf of the PBM Defendants[1] to object to Plaintiffs' subpoena for the production of documents served on non-party Compass Lexecon in connection with the referenced case.

Although Fed. R. Civ. P. 45 does not require the PBM Defendants to serve these objections prior to moving to quash or modify the subpoena, the PBM Defendants serve these preliminary objections relating to their personal rights and privileges implicated by Plaintiffs' subpoena served on Compass Lexecon to ensure those rights and privileges are protected. These objections will supplement any objections Compass Lexecon have interposed or may interpose, and any objection the PBM Defendants make here is without waiver to any objection propounded by Compass Lexecon. The PBM Defendants reserve all rights to supplement or modify these objections, and to move to quash or modify the subpoena on any valid basis even if not stated herein. Because the PBM Defendants' information is implicated by this subpoena, they request that they be invited to attend any request to meet-and-confer with Compass Lexecon.

Plaintiffs' subpoena to Compass Lexecon seeks information regarding The Carlton Report, drafted by Professor Dennis W. Carlton, among others. The Carlton Report "analyzes concerns that have been

---

[1] For purposes of these objections only, "PBM Defendants" include Express Scripts, Inc., Evernorth Health, Inc. (formerly known as Express Scripts Holding Company), Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc., The Cigna Group, Ascent Health, LLC, CVS Health Corporation, Caremark, LLC, CaremarkRx LLC, CaremarkPCS Health, LLC, Zinc Health Services, LLC, UnitedHealth Group, Inc., Optum, Inc., OptumRx, Inc., OptumInsight, Inc., and Emisar Pharma Services LLC. These entities use the term "PBM Defendants" solely for ease of reference, even though certain of those entities are not pharmacy benefit managers.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004            ☏ +1.202.739.3000
United States                    ✆ +1.202.739.3001

Joanne Cicala
November 22, 2024
Page 2

raised by commentators (including the Federal Trade Commission (FTC)) that PBMs contribute to the increasing costs of prescription drugs rather than helping to contain those costs." Report at 1. The Report does not limit its analyses to insulin drugs. Counsel for the PBM Defendants retained Compass Lexecon to, *inter alia*, support counsel in representing the PBM Defendants in connection with the FTC study of the PBM industry. The PBM Defendants object to the subpoena issued to Compass Lexecon based on at least two independent rights and privileges belonging to the PBM Defendants.

*First*, Plaintiffs' requests call for information protected from disclosure under the attorney-client privilege, attorney work-product doctrine, joint defense and/or common interest doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. In particular, the attorney-client privilege and the attorney work-product doctrine are plainly applicable here. The attorney-client privilege protects communications from compelled disclosure, including communications with agents hired to help facilitate the legal representation. *In re Teleglob Comms. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007). The attorney work-product doctrine also applies because Compass Lexecon was retained by the PBM Defendants in anticipation of litigation. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658 (3d. Cir. 2003).

To be clear, no PBM Defendant has disclosed any of the authors of the Carlton Report as a *testifying* expert in this litigation, and no deadline has even been set in this matter for such disclosures. As such, the work-product protections provided by Rule 26(b)(4)(D) for non-testifying experts also apply to this subpoena seeking information from Compass Lexecon in regard to the preparation of the Carlton Report. If Compass Lexecon is deemed an unretained expert in this litigation, Rule 45 also protects the PBM Defendants' attorney work-product. Under Rule 45, a court may modify or quash a subpoena that requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii). To the extent such information is discoverable at all, such disclosure only can be required if, among other things, the subpoenaing party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C)(i). This protection mirrors the work-product protection provided to non-testifying experts. *Compare* Fed. R. Civ. P. 26(b)(4)(D)(ii), *with* Fed. R. Civ. P. 45(d)(3)(C)(i); *see also* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment. For these reasons, "courts consistently have held that Rule 45(d)(3)(B)(ii) protects information that results from an expert's study" that is "not purely factual information." *Mylan Inc. v. Analysis Grp., Inc.*, 2018 WL 5043157, at *7 (D. Kan. Oct. 17, 2018) (Crabtree, J.) (overruling objection to magistrate judge's order mostly quashing subpoena issued to consulting expert hired by Sanofi prior to litigation). The mere disclosure of a report does not waive the protection of related documents used to make the report. *Ziner v. Cedar Crest College*, 2006 WL 8409873, at *5 (E.D. Pa. May 30, 2006) ("[D]efendant disclosed only Ms. Schermer's investigative report, thus waiving any work-product protection *as to that report*. Although involving the same subject matter, Ms. Schermer's underlying notes, communications to the college and documentary compilations undoubtedly constitute clear attorney work-product.") (emphasis added).

*Second*, Plaintiffs' subpoena seeks the PBM Defendants' confidential research, development, or commercial information, including trade secrets, that they provided to Compass Lexecon with the expectation that such information would remain highly confidential and protected, and that is irrelevant to this litigation. The Carlton Report analyzes claims data and other information regarding a wide variety of drugs rather than just the insulin products at issue in this litigation. Accordingly, much of the data and information Compass Lexecon received from the PBM Defendants and that

Joanne Cicala
November 22, 2024
Page 3

Plaintiffs seek in the subpoena are not relevant to any party's claims or defenses in this action and/or are not proportionate to the needs of this case. In such circumstances, a protective order is not sufficient to protect the confidential information. *See, e.g.*, *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (a protective order "does not eliminate the requirements of relevance and need for the information").

The PBM Defendants are available if you would like to discuss.

Sincerely,


*/s/ Jason R. Scherr*


Jason R. Scherr

c: All counsel of record (via email)