# EXHIBIT 5

| | |
|---|---|
| **From:** | Harvey, Patrick A. |
| **To:** | Johan Conrod; Joanne Cicala; kpearson@csglaw.com; mbeck@csglaw.com |
| **Cc:** | adeprospo@wc.com; Andrew Yaphe; Barnaby, Kelley; Bauer, Amie Marie; bbogle@levinlaw.com; Bejan, Daria K.; Benjamin Widlanski; Boone, Brian; Brandon Sadowsky; Brown, Liz Broadway; cbarrett@nealharwell.com; Compton, Meredith L.; Cowan, Clint; csinger@wc.com; Daniel Dockery; david.toscano@davispolk.com; dbuchanan@seegerweiss.com; Dianne M Nast; Donald Ecklund; ebertran@armaslaw.com; emainigi@wc.com; Fassih, Elizabeth S.; Feld, Jason Adam; Harmanis, Ryan; Hogg, Ian; Horan, Theresa Cederoth; James Cecchi; Janpaul Portal; Jonathan F. Neumann; Joseph H. Meltzer; Josh Podoll; jtortorella@khmarino.com; Karen Halbert; Katelyn O"Reilly; Kevin Cooper; Kiessling, Joseph J.; kpoteat@wc.com; Lauren Malakoff; Lawrence Deas; lding@wc.com; Levy, Lindsey; Liza Walsh; Mark Vazquez; Martin, Theresa C.; Matthew Gately; Mike Roberts; mpifko@baronbudd.com; myeates@ktmc.com; Neal Potischman; Optum Insulin Team; Patterson, Melissa L.; rouhandeh@davispolk.com; ryan.moorman@kirkland.com; sam.rose@kirkland.com; Scherr, Jason R.; sdaroci@seegerweiss.com; Sterling Cluff; Tanya Ellis; trafferty@levinlaw.com; Trey Watkins; tscrivo@oslaw.com; Vaky, Katherine A.; Walling, Kate; Watral, Diana M.; Young Yu |
| **Subject:** | RE: Compass Lexecon Subpoena: In re: Insulin Pricing Litigation, 2:23-md-03080 (D.N.J.) |
| **Date:** | Thursday, December 19, 2024 5:29:49 PM |
| **Attachments:** | image001.png |

Johan,

Thank you for your email. Plaintiffs' unsubstantiated suggestion that the PBMs' privilege claims and other objections to the subpoena to Compass Lexecon are untimely and unsupported is not well-taken. The PBMs reserve all rights to seek to quash or modify the subpoena, but intend to seek to resolve any discovery disputes with Plaintiffs before resorting to motion practice.

As to your request below for the immediate production of certain data in response to Request 1 in the subpoena, in addition to whatever objections Compass Lexecon may make to your request (including, but not limited to, burden), the PBMs write separately to object to Plaintiffs seeking the PBMs' confidential data from a third party when each PBM has already agreed to produce relevant data in response to Plaintiffs' Master Discovery Request for Production No. 33. Plaintiffs' duplicative demand for data from Compass Lexecon improperly and unduly burdens a nonparty to this litigation. *See Gould v. O'Neal*, 2019 WL 4686991, at *4 (D.N.J. Sept. 26, 2019) ("an undue burden is often created where the material sought from a nonparty is easily available from a party"). Plaintiffs are required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena," Fed. R. Civ. P . 45(d)(1), and the Court has an obligation to limit the discovery sought when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient," Fed. R. Civ. P. 26(B)(2)(C)(i). Magistrate Judge Singh also separately cautioned the parties "to be cognizant though that you're trying to get requests that you could get from a party from a nonparty" and to avoid "unduly burden[ing] our nonparties out there." May 13, 2024 Hr'g Tr. 59:19–21.

In addition, as the PBMs explained in their initial objection letter, the data the PBMs prepared and provided to Compass Lexecon was provided in anticipation of litigation. Accordingly, that compilation of data transmitted to Compass is therefore protected under the work-product doctrine. *See, e.g.*, Fed. R. Civ. P. 26(b)(3); *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d. Cir. 2003) (work-product protection "extends beyond materials prepared by an attorney to include materials prepared by an attorney's agents and consultants"); *Mylan Inc. v. Analysis Grp., Inc.*, 2018 WL 5043157, at *7 (D. Kan. Oct. 17, 2018) (Crabtree, J.) (overruling objection to magistrate judge's order mostly quashing subpoena issued to consulting expert hired by Sanofi prior to litigation); *Ziner v. Cedar Crest College*, 2006 WL 8409873, at *5 (E.D. Pa. May 30, 2006) (An expert's "underlying notes, communications to the [party] and documentary compilations" remains attorney-work product even if expert report is disclosed).

Plaintiffs' demand thus fails to comply with their obligations under the Federal Rules of Civil Procedure and direct instructions from the presiding Magistrate Judge. Plaintiffs' request is without

merit, and Plaintiffs should withdraw it.

Pat, on behalf of the PBMs

**Patrick A. Harvey**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.373.6284 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

patrick.harvey@morganlewis.com | [www.morganlewis.com](www.morganlewis.com)