# EXHIBIT 6

| | |
|---|---|
| **From:** | Johan Conrod |
| **To:** | Harvey, Patrick A.; Joanne Cicala; kpearson@csglaw.com; mbeck@csglaw.com |
| **Cc:** | adeprospo@wc.com; Andrew Yaphe; Barnaby, Kelley; Bauer, Amie Marie; bbogle@levinlaw.com; Bejan, Daria K.; Benjamin Widlanski; Boone, Brian; Brandon Sadowsky; Brown, Liz Broadway; cbarrett@nealharwell.com; Compton Russian, Meredith Lynn; Cowan, Clint; csinger@wc.com; Daniel Dockery; david.toscano@davispolk.com; dbuchanan@seegerweiss.com; Dianne M Nast; Donald Ecklund; ebertran@armaslaw.com; emainigi@wc.com; Feld, Jason Adam; Harmanis, Ryan; Hogg, Ian; Horan, Theresa Cederoth; James Cecchi; Janpaul Portal; Jonathan F. Neumann; Joseph H. Meltzer; Josh Podoll; jtortorella@khmarino.com; Karen Halbert; Katelyn O"Reilly; Kevin Cooper; Kiessling, Joseph J.; kpoteat@wc.com; Lauren Malakoff; Lawrence Deas; lding@wc.com; Levy, Lindsey; Liza Walsh; Mark Vazquez; Martin, Theresa C.; Matthew Gately; Mike Roberts; mpifko@baronbudd.com; myeates@ktmc.com; Neal Potischman; Optum Insulin Team; Patterson, Melissa L.; rouhandeh@davispolk.com; ryan.moorman@kirkland.com; sam.rose@kirkland.com; Scherr, Jason R.; sdaroci@seegerweiss.com; Sterling Cluff; Tanya Ellis; trafferty@levinlaw.com; Trey Watkins; tscrivo@oslaw.com; Walling, Kate; Watral, Diana M.; Young Yu; efassih@jonesday.com; David Ko; mbeck@csglaw.com; Michele Burkholder |
| **Subject:** | Re: Compass Lexecon Subpoena: In re: Insulin Pricing Litigation, 2:23-md-03080 (D.N.J.) |
| **Date:** | Friday, January 31, 2025 3:55:54 PM |
| **Attachments:** | image002.png<br>image003.png<br>image001.png |

Kelly / Patrick et al.,

To summarize our M&C this afternoon re the Compass Lexecon ("CL") subpoena, which in general involves production of documents related to the Carlton Report, first released publicly on July 19, 2024:

1. With respect to the PBMs' assertions that CL was retained in anticipation of litigation, Plaintiffs asked which litigation was anticipated since the Carlton Report was publicly released on July 19, 2024, a date prior to (i) the September 2024 suit by ESI vs the FTC, (ii) the November 2024 suit by all 3 PBMs vs the FTC, and (iii) the FTC's own enforcement action, and no public materials accompanying the report's release indicated CL had prepared the report in anticipation of litigation. PBM counsel stated they were not prepared to answer that question and would take it back to their respective clients. Mr. Beck on behalf of CL likewise declined to answer and said he would take it back and confer with his client and the PBMs. Plaintiffs then specifically asked whether CL was retained in anticipation of either the September 2024 or November 2024 lawsuits, and PBM counsel and Mr. Beck again stated they were not prepared to answer with respect to those specific lawsuits and would take the questions back to their clients.
2. Plaintiffs asked specific questions regarding the three categories of documents that CL has stated publicly were used to prepare the Carlton Report: (i) materials provided by the PBMs to the FTC; (ii) additional "confidential data" provided by the PBMs to CL; and (iii) certain publicly available information culled by CL in preparing the Report.

    a. FTC Materials: The PBMs said they would consider the request and discuss with their clients;
    b. "Confidential Data": In addressing the PBMs' objection that Plaintiffs should not seek information from CL that could be obtained from the PBMs, Plaintiffs asked whether the "confidential data" provided by the PBMs to CL would be included in

       the PBMs' data production in this MDL. The PBMs stated that the MDL data production was currently being negotiated and thus that question could not yet be answered. The Plaintiffs emphasized that at the very least the data provided to CL should be produced in this MDL, and further emphasized that it is important for Plaintiffs to understand what data was provided to CL in the context of the ongoing MDL data negotiations to help inform the Plaintiffs' data requests. Again, PBM counsel stated they would consult with their clients.

           i. To the extent there is a continuing burden objection to this production, Plaintiffs requested information regarding specifics of the burden, including cost.

    c. Public materials: Plaintiffs noted that this category would not be work product/privileged and should be produced. PBM and CL counsel said they would consult with their clients.

    d. The PBMs also claimed in their 12/19 email and reiterated today that the data sought by the subpoena is duplicative given that each PBM has already agreed to produce relevant data in response to Master Discovery RFP No. 33. Plaintiffs ask you to identify what data you are producing in the MDL in response to that request that is similar to the data requested in the subpoena.

2. Plaintiffs renewed their request that CL produce its engagement letter(s) with the PBMs related to the Carlton Report, which request had first been specifically made by Plaintiffs during the initial meet and confer with CL counsel back in November 2024. PBM and CL counsel said they would consult with their clients.
3. Plaintiffs noted that there is both a July 2024 and October 2024 version of the Carlton Report, and that the October Report appears to be the one that CL is currently making publicly available. Plaintiffs asked whether PBMs asserted privilege in connection with the July Report, the October Report, or both. PBM and CL counsel said they would consult with their clients.
4. Plaintiffs stated their position that, contrary to the objections lodged by PBMs, the data and materials related to the Carlton Report were all relevant, notwithstanding whether they specifically involved diabetes or another category of drugs. PBM counsel acknowledged Plaintiffs' position and stated it would include that point in the client discussions.
5. Plaintiffs asked what PBMs' position would be regarding these issues if CL were retained as experts or consultants by PBMs in this case. PBMs responded that they would consider this question in the context of their overall review and response to these issues.
6. Plaintiffs requested PBM and CL counsel respond by next week to these questions. PBM and CL counsel committed to a timely response, although declined to accept any specific deadline. Plaintiffs affirmed they would follow up late next week if they had not

     heard back on these issues.

Thank you,
Johan

Johan Conrod



office: 512.275.6550
mobile: 757.286.8299
johan@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*