**SeegerWeiss LLP**
NEW YORK • NEW JERSEY • PHILADELPHIA • NEWTON, MA

March 5, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *In re: Insulin Pricing Litigation*, MDL No. 3080
              Case No. 2:23-md-03080-BRM-RLS
              **Plaintiffs' Response to Optum's Submission on Custodians and Search Terms**

Dear Judge Singh:

      We write on behalf of Plaintiffs in response to the February 28, 2025 submission by Optum regarding custodians and search terms.

      Optum's sweeping yet non-specific submission to the Court underscores the difficulties Plaintiffs have faced in discussing search terms and custodians with Optum. Optum's resistance to Plaintiffs' position is rooted in Optum's unreasonable views of what is sufficient for the needs of this MDL. Optum's submission only serves to re-affirm Plaintiffs' position that the Court should adopt Plaintiffs' search terms and custodian proposal. *See* ECF No. 439.[1]

      In attempting to justify its custodian proposal, Optum is silent as to most of the departments and divisions that the parties have discussed in their meet-and-confers and which Plaintiffs outline in their February 28, 2025 submission [ECF No. 439]. For example, Optum fails to address the following departments in its letter: Public Relations, Government Affairs, Investor Relations, and National Client Contracting. For the reasons set forth in Plaintiffs' February 28th submission, these departments are highly relevant to Plaintiffs' claims, and custodians from each of these departments—who will unquestionably possess unique, non-duplicative information—should be included as part of any reasonable custodian proposal.

      Finally, even the departments Optum does address in its letter (Industry Relations, P&T Committee/Formulary Development, and Finance/Controller) are not sufficiently covered by the custodians offered by Optum to date. For instance, although Optum has now offered two custodians in its Finance department, neither covers the entire relevant time period. And both

---

[1] At the outset, Optum incorrectly asserts that it has offered 24 custodians to Plaintiffs. Included within Optum's calculations are three custodians that have been offered for Optum's rebate aggregator entity—Emisar Pharma Services, LLC, which are being separately negotiated, and which are not the subject of this current dispute involving OptumRx, Inc.

serve in the most senior accounting position in that department (Controller) and are therefore unlikely to be involved in the operational aspects of financial forecasting and modeling of the at-issue kickback and bribery scheme that Optum undertook. Similar coverage issues exist for Optum's Industry Relations custodians, as noted in Plaintiffs' February 28, 2025 letter. Simply put, the two individuals Optum has offered, while appropriate document custodians, do not cover all of the relevant roles and responsibilities within these two departments, or even the entire relevant time period.

As to search terms, Optum offers one paragraph on the matter. Optum claims that its proposed terms returned approximately 700,000 reviewable documents, but this assertion is unsupported and misleading.

First, Optum did not provide Plaintiffs with any hit-count report during the parties' numerous meet-and-confers on search terms. This is indicative of the black-box approach Optum has embraced throughout the discovery process. Second, Optum has not run Plaintiffs' proposed search terms against any custodian – *even Optum's own offered individuals*. Indeed, despite numerous requests from Plaintiffs, Optum has failed to provide any hit reports or other evidence to demonstrate that Plaintiffs' proposed search terms are unreasonable in any way. This information will foster the narrowing, refinement, or withdrawal or certain proposed search terms or, alternatively, will confirm that the hits claimed by Optum—before any deduplication—appear larger than they are in reality. Providing raw numbers, as Optum has done here, does not advance the parties' discussions. To the contrary, those raw numbers, without any substantiation, fail to identify the hits relative to any specific search terms and fail to identify any of the overlap that occurs when different search terms yield the same document, such that the actual number of *unique* documents yielded by Plaintiffs' proposed search terms may be significantly lower. Without hit reports, however, Plaintiffs are left to guess at which search terms are appropriate and which, if any, appear to be overbroad.

Finally, even if Plaintiffs' search terms do yield 700,000 "reviewable" documents (or even more), this volume of documents, in a case of this size, scope, and importance—covering more than 20 relevant drugs over more than a decade— does not suggest that Plaintiffs' proposed terms are overbroad or otherwise unreasonable. This conclusion concerning the anticipated volume of production in a case of this complexity and scope is further supported by the accompanying Declaration of Douglas Forrest.  *See* Declaration of Douglas Forrest ¶¶ 8, 10.[2] In sum, Optum's position in this regard underscores the need to adopt Plaintiffs' proposed search terms.

For the reasons included in Plaintiffs' February 28, 2025 submission, along with those stated herein, Plaintiffs respectfully request that the Court adopt its proposal for search terms and custodians as to Optum.

\*   \*   \*

---

[2] The Declaration of Douglas Forrest is attached to Plaintiffs' Response to CVS Caremark's Submission on Custodians and Search Terms, filed simultaneously herewith.

We thank the Court for its continued attention to these matters.

                                                  Respectfully submitted,

*s/ Joanne Cicala*            *s/ David R. Buchanan*
Joanne Cicala                   David R. Buchanan

*Liaison Counsel for*            *Liaison Counsel for*
*State Attorney General Track*       *Self-Funded Payer Track*

*s/ Matthew Gately*
Matthew Gately

*Liaison Counsel for*
*Class Action Track*


cc:     Counsel of Record (*via* ECF)

3