# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case 2:23-md-03080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**THIS DOCUMENT RELATES TO: SELF-FUNDED PAYER TRACK**

**CASE MANAGEMENT ORDER # \_\_\_\_**
**(Amended Plaintiff Fact Sheet Implementation Order)**

This Case Management Order applies to all Self-Funded Payer Plaintiffs and their counsel in (a) all actions transferred to the Self-Funded Payer Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 [ECF No. 5]; (b) all related actions originally filed in or removed to this Court and included in the Self-Funded Payer Track pursuant to CMO #9, dated May 16, 2024 [ECF No. 180]; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML and included in the Self-Funded Payer Track, subsequent to the filing of the final transfer order by the Clerk of this Court. The obligation to provide a Plaintiff Fact Sheet ("PFS") and related documents shall fall solely to each of the Self-Funded Payer Plaintiffs and the individual counsel of record representing a given Self-Funded Payer Plaintiff under this Order. Any Plaintiff who fails to comply with its obligations under this Order may be subject to having its claims dismissed.

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 [ECF No. 34].

1. **Plaintiff Fact Sheets**.

    a. **Plaintiff Fact Sheet Deadlines.** Each Plaintiff in the Self-Funded Payer Track shall complete and provide documents responsive to the PFS attached hereto as **Exhibit 1** with service upon Defendants' counsel via email [Ext-MDL-Insulin-SFP-JDG@Kirkland.com]. Any responsive documents shall be produced in the format set forth in the Stipulation and Order Governing The Production of Electronically Stored Information and Hard Copy Documents [ECF No. 208]. This method of submission shall constitute effective service of the PFS and any records. Service shall proceed in phases as follows:

    i. **First 25 Filed Cases by MDL Docket Numbers.** Plaintiffs in the first 25 filed actions (by docket numbers, as issued by the District of New Jersey as of the date of this Order) shall complete and provide documents responsive to the PFS within 60 days of the date of this Order.

    ii. **Remaining MDL Docket Numbers.** Plaintiffs in the remaining actions entered on the MDL docket as of the date of this Order shall complete and provide documents responsive to the PFS within 75 days of the date of this Order. In actions that have not yet served initial disclosures under Fed. R. Civ. P. 26(a)(1), initial disclosures shall be due on the same date as the PFS.

    iii. **Plaintiffs in Subsequent Actions.** Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide documents responsive to the PFS within 60 days after the action is entered on this MDL docket. In these subsequent actions, service of initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be due on the same date as the PFS.

b. **Responsibility of Individual Plaintiff's Counsel.** The obligation to comply with this Order and to provide a PFS shall fall solely to the counsel who has been individually retained by Plaintiff. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Executive and Steering Committees have no obligation to notify counsel for Plaintiffs whom they do not represent of any notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

2. **Substantial Completeness of PFS**. Each PFS submission must be substantially complete, which means Plaintiff must: (1) answer all questions; (2) include a signed Certification; and (3) produce the requested documents to the extent such documents are in Plaintiff's possession, custody, or control.

3. **Amendments & Verification**. In amending and verifying a PFS, each Plaintiff shall: (1) remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e); (2) verify, sign, and date each completed PFS as if it were interrogatory responses under Fed. R. Civ. P. 33; and (3) treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34.

4. **Plaintiff Fact Sheet Deficiency Dispute Resolution Process**.

a. **Phase I: Deficiency notice.**

i. If Defendants deem a PFS deficient, Defendants shall notify Plaintiff's attorney of record (as identified in the PFS) of the purported deficiencies in writing via email and allow such Plaintiff 14 days to respond to the alleged deficiencies. During this 14-day period, Plaintiff and Defendants shall meet and confer regarding any disputes with respect to any alleged deficiencies. To the extent Plaintiff continues to

3

disagree or object to any alleged deficiency, Plaintiff shall so advise Defendants no later than the expiration of the 14-day period to respond to any alleged deficiencies.

        ii.      Defendants' email communication shall identify the case name, docket number, and a list of the alleged deficiencies. A courtesy copy of the communication shall be sent via email to Steven Daroci, Seeger Weiss LLP [sdaroci@seegerweiss.com].

    b.    **Phase II: Joint Dispute Letter.**

        i.      Following the meet-and-confer period, should Plaintiff: (i) fail to cure the alleged stated deficiencies; (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet-and-confer process; or (iv) otherwise fail to provide responses (including the requested documents or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the 14-day period to respond to deficiencies, Defendants may then file a joint letter seeking to compel the allegedly deficient discovery information.

        ii.      The joint letter shall include: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) Defendants' position; (e) Plaintiff's position; and, if applicable, (f) the efforts of a party to contact a non-responsive Plaintiff to meet and confer and submit the joint letter.

        iii.     Prior to filing, Defendants will serve the letter upon Plaintiff, with a placeholder for Plaintiff to insert its position. Plaintiff shall provide Plaintiff's position no later than seven days after service, after which Defendants may revise or modify their position. The parties shall jointly submit the letter to the Court. In the event that Plaintiff

4

fails to provide Defendants with its position insert within seven days of service, Defendants may so indicate in the letter and proceed to file.

    iv. Any such letter shall be filed via ECF, with a courtesy copy via email to Plaintiff's attorney of record and to Co-Lead Counsel's designee, unless such letters contain information designated as Protected Material under the Stipulated Confidentiality Order [ECF No. 117], in which case it may be submitted via email to RLS_orders@njd.uscourts.gov.

    v. Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such letters without hearing argument.

    vi. If Plaintiff fails to comply with an order from the Court compelling disclosure of documents or information, Defendants may seek dismissal of Plaintiff's claims, or any other remedy provided by Rule 37 of the Federal Rules of Civil Procedure.

5. **Failure to Serve an Executed PFS.**

  a. Any request for an extension of time to serve an executed PFS must be made in writing via email to Defendants' counsel [Ext-MDL-Insulin-SFP-JDG@Kirkland.com] at least three business days before the expiration of the deadline, with a courtesy copy sent to Plaintiff's Co-Lead Counsel's designee.

  b. **Phase I: Notice of Failure to Serve.**

    i. Should any Plaintiff fail to, within the time required in this CMO or any extension to which Defendants consented, (a) serve an executed PFS, (b) answer all questions, or (c) produce documents, ~~within the time required in this CMO or any extension to which Defendants consented,~~ Defendants shall send a Notice of Failure to Serve via

5

email to that Plaintiff's attorney of record, with a courtesy copy via email the Co-Lead Counsel's designee, identifying the case name and docket number.

   <u>ii.</u> Within 14 days, Plaintiff shall (i) tender an executed and substantially completed PFS, or (ii) if Plaintiff has in fact tendered an executed PFS, inform the Defendants of the date on which it was served.

   ~~ii.~~<u>iii.</u> <u>Sending a Notice of Failure to Serve does not waive Defendants' right to serve deficiency notices in accordance with the process delineated in Paragraph 4 (e.g., if a Defendant sends a Notice of Failure to Serve to a Plaintiff who served a PFS but failed to produce documents, Defendants do not waive their right to later identify deficiencies in that PFS).</u>

  c. **Phase II: Order to Show Cause.**

   i. Following delivery of the Notice of Failure to Serve and expiration of the 14-day period identified in Paragraph 5(b), Defendants may move the Court to issue an Order to Show Cause on Plaintiff for failing to comply with a Court order. Defendants shall use their best efforts to group multiple delinquent PFS recipients in a single motion for an Order to Show Cause grouped by the pertinent Plaintiffs' law firms. For avoidance of doubt, a Motion for an Order to Show Cause is only appropriate in cases where <u>a Plaintiff either (a) fails to</u> serve <u>a PFS; (b) leaves answers blank or</u> defers responding to questions; or (c) produces effectively no documents. ~~no PFS is served.~~ If a PFS ~~is served~~<u>satisfies these criteria</u>, but is <u>otherwise</u> deemed deficient by Defendants, then the process delineated in Paragraph 4 above shall be followed.

   ii. Any response to such a motion shall be filed and served within 14 days following the Court's entry of the Order to Show Cause. Failure to tender a completed

6

PFS as required by this Order within the time provided for under the Order to Show Cause shall result in dismissal of Plaintiff's complaint without prejudice absent further order of the Court. On good cause shown, and with a completed PFS tendered with a motion, Plaintiff may move to reinstate a dismissed claim within 30 days of a dismissal. If Plaintiff fails to move for reinstatement within 30 days of dismissal, Plaintiff's case will be dismissed with prejudice.

       iii.    Absent an order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

6. **Objections Reserved to PFS.** All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit Plaintiff from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with Fed. R. Civ. P. 26(b)(5)(a) or any agreed-upon protocol for privilege logging.

7. **Confidentiality of Data.** A PFS shall be deemed confidential and treated as "Confidential" as defined in the Stipulated Confidentiality Order, except to the extent portions thereof may be designated "Highly Confidential – Attorneys' Eyes Only" by a party or non-party in accordance with the Stipulated Confidentiality Order. [ECF No. 117]. Documents produced pursuant to the PFS shall be subject to the Stipulated Confidentiality Order.

8. **Scope of Depositions and Admissibility of Evidence.** Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure, as well as any subsequent protocol that is entered in this action governing depositions. The Federal Rules

of Evidence shall govern the admissibility of information contained in responses to the PFS, and no objections are waived by virtue of providing information in any PFS.

9. **Other Discovery.**  This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**

DATED:

_____
RUKHSANAH L. SINGH
United State Magistrate Judge