Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-03080 (BRM)(RLS)** <br> **MDL No. 3080** |
| This document relates to: | **JUDGE BRIAN R. MARTINOTTI** <br> **JUDGE RUKHSANAH L. SINGH** |
| Self-Funded Payer Track |  |

## <u>SELF-FUNDED PAYER AMENDED PLAINTIFF FACT SHEET</u>

Please provide the following information for each Plaintiff that is part of the Self-Funded Payer Track that has filed a complaint in *In Re: Insulin Pricing Litigation*, MDL No. 3080. In completing this Plaintiff Fact Sheet ("PFS"), You are under oath and must provide information that is true and correct to the best of Your knowledge, information, and belief. The scope of the questions herein and responses thereto will be limited to information and/or documents within each Your possession, custody, or control. To the extent a You lack information or documents in Your possession, custody, or control in response to the questions or document requests below, You shall expressly state You lack such information in Your response.

Do not leave any questions unanswered or blank. If You are filling out this PFS in hard copy, use additional sheets as needed to fully respond.

This PFS constitutes discovery responses subject to the Federal Rules of Civil Procedure. You must diligently investigate whether You have within Your possession, custody, or control information or documents responsive to the questions and requests, inclusive of custodial sources. (ECF No. 291 at 2.) To the extent You assert an undue burden in connection with a particular request in this PFS as to custodial files, You must meet and confer with Defendants and, if unresolved, present the issue to the Court for resolution. You may not rely on Rule 33(d) in responding to the PFS questions unless the question specifically allows production of documents in lieu of a response. You must promptly supplement Your responses if You learn that they are incomplete or inaccurate in any respect. Each question in this PFS is continuing in nature and requires supplemental answers as You obtain further information between completing this PFS and trial. Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Stipulated Confidentiality Order entered in this MDL proceeding. (*See* ECF No. 117.)

## INSTRUCTIONS

1.      None of the questions in this PFS seek privileged information.  To the extent You believe that any form of privilege prevents You from fully answering a question, state Your basis for withholding an answer or part of an answer on the grounds of privilege and which privilege You believe applies.  If You assert that part of a question is objectionable or calls for privileged information, respond to the remaining parts of the question to which You do not object.

2.      "And" and "or" mean "and/or" and should be construed conjunctively and disjunctively to require the broadest possible response.  "Including" shall mean "including but not limited to."

3.      All definitions provided herein are limited to the use of the terms in these Requests.

## DEFINITIONS

1.      "Administrative Fees" means any fee paid by a manufacturer to a PBM in exchange for any administrative service the PBM performs.

2.      "At-Issue Products" means the insulin products and any other pharmaceuticals that You identify in response to Question No. 10.

3.      "Health Plan" means all health plans offered by, administered by, or sponsored by You during the Period that the Health Plan offered or included Prescription Drug Coverage.

4.      "Out-of-Pocket Maximum" means the maximum amount of allowable costs or expenses that a person with any form of health insurance, health coverage, prescription drug plan, or any other health plan that helps enrollees pay for prescribed pharmaceuticals can incur during a given year through their health insurance.

5.      "PBM" means pharmacy benefit manager.

6.      "Prescription Drug Coverage" means any form of health insurance, health coverage, prescription drug plan, or any other health plan that helps enrollees pay for prescribed pharmaceutical drugs.

7.      "Rebates" means any rebate, payment, discount, or other price concession made or paid by a manufacturer to a PBM.

8.      "Time Period" means January 1, 2011 to January 1, 2023.

9.      "WAC" means wholesale acquisition cost.

10.     "You" or "Your" means the Plaintiff named in this Action and any other persons or entities on whose behalf the Plaintiff brings this action, including any official, department, agency, investigative unit, entity, or program.

## QUESTIONS

### I.    CASE INFORMATION

1.    Plaintiff: <u>City of Huntington, West Virginia</u>

2.    Case name and caption number: <u>City of Huntington, West Virginia v. Eli Lilly & Company, et al. Case number: 2:24-cv-10684.</u>

3.    Name, firm, and e-mail of principal attorney(s) representing You:

      **FRAZER PLC**
      **T. Roe Frazer II**
      **roe@frazer.law**

4.    Defendants:

**Manufacturer Defendants**:  **Eli Lilly and Company, Sanofi-Aventis US LLC, Novo Nordisk Inc.**

**PBM Defendants**:  **CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, Inc., Caremark LLC, CaremarkPCS Health, LLC, Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., UnitedHealth Group, Inc., Optum, Inc., OptumRx, OptumInsight, Inc.**

## II.    **BENEFICIARIES**

5.    In the table below, provide the total number of individuals enrolled in Your Health Plan, including primary and dependent beneficiaries, for each year of the Time Period:

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

| Year | Number of Beneficiaries |
|------|------------------------|
| 2011 | |
| 2012 | |
| 2013 | |
| 2014 | |
| 2015 | |
| 2016 | |
| 2017 | |
| 2018 | |
| 2019 | |
| 2020 | |
| 2021 | |
| 2022 | |

4

6.    Provide the total number of individuals who used Your Health Plan to purchase or use At-Issue Products during each year of the Time Period:

**Please see attached hereto Plaintiff's Exhibit A.**

| Year | Number of Purchasers/Users of At-Issue Products |
|------|------------------------------------------------|
| 2011 | |
| 2012 | |
| 2013 | |
| 2014 | |
| 2015 | |
| 2016 | |
| 2017 | |
| 2018 | |
| 2019 | |
| 2020 | |
| 2021 | |
| 2022 | |

## III.    PERSONS OR ENTITIES WITH RELEVANT KNOWLEDGE

7.    In the form of the table below, identify the name, title, and dates of employment of Your current and former employees, representatives, or agents who had any responsibility over the design or administration of Your Health Plan or Prescription Drug Coverage during the Time Period, including responsibility over the decision to enter into agreements governing Prescription Drug Coverage, Rebates, Your Health Plan, and formularies:

**Please see attached hereto Plaintiff's Exhibit B.**

| Name | Title | Dates of Employment or Contract | Area(s) of Responsibility |
|------|-------|-------------------------------|--------------------------|
| | | | |

5

8.      To the extent not included in response to Question No. 7 above, in the form of the table below, identify by name, title, and dates of employment Your current and former employees or representatives with knowledge regarding the allegations in Your Complaint:

**Please see attached hereto Plaintiff's Exhibit C.**

| Name | Title | Dates of Employment | Area(s) of Responsibility |
|------|-------|---------------------|---------------------------|
|      |       |                     |                           |

9.      In the form of the table below, identify by name any department, agency, investigative unit, entity, or other program with responsibility over functions related to the allegations in Your Complaint.  Summarize each of those entities' area of responsibility:

**Please see attached hereto Plaintiff's Exhibit D.**

| Entity Name | Area of Responsibility |
|-------------|------------------------|
|             |                        |

## IV.   AT-ISSUE PRODUCTS

10.     Identify every insulin or other pharmaceutical that You allege is relevant to any claim for damages or other relief You seek in this case (the "At-Issue Products"):[1]

**Plaintiff incorporates and adopts here all the allegations in its complaint and reserves the right to supplement its response in the future. In addition, Plaintiff States the following:**

**Humulin R, Humulin R 500, Novolin R, Humulin N, Humulin 70/30, Novolin N, Novolin 70/30, Humalog, Novolog, Apidra, Humalog 50/50, Humalog 75/25, Novolog 70/30, Lantus, Levemir, Basaglar (Kwikpen), Toujeo (Solostar), Tresiba, Trulicity (Dulaglutide), Mounjaro (Tirzepatide/GIP), Victoza (Liraglutide), Xultophy(insulin degludec/liraglutide), Ozempic (Semaglutide), Rybelsus (semaglutide tablets), Adylxin (lixisenatide), Soliqua (insulin glargine/lixisenatide)**

---

[1]     In seeking this information, Defendants do not concede that any pharmaceuticals identified by You are relevant.

11.   In the form of the table below or through the production of documents, for each At-Issue Product, provide the total amount of money that You spent on the At-Issue Product for members enrolled in Your Health Plan for each year during the Time Period, and the total Rebates received by You:

**Please see attached hereto Plaintiff's Exhibit E.**

| At-Issue Product | Year | Total Number of Scripts | Total Spent by You | Total Rebates Received |
|---|---|---|---|---|
|  |  |  |  |  |

## V.   YOUR HEALTH PLANS

12.   In the form of the table below, for each Health Plan that You offered that included Prescription Drug Coverage during the Time Period, identify the plan identification number, name, or other plan identifier and the starting and ending dates for each plan year during the Time Period:

**Please see attached hereto Plaintiff's Exhibit F.**

| Health Plan Identifier | Start Date | End Date |
|---|---|---|
|  |  |  |

13.   In the form of the table below, list all PBMs or other entities with whom You have contracted to administer Prescription Drug Coverage for every Health Plan identified in response to Question No. 12 for each plan year during the Time Period:

**Please see attached hereto Plaintiff's Exhibit G.**

| Health Plan Identifier | Plan Year | PBM or Other Entity |
|---|---|---|
|  |  |  |

14.   Identify all insurers or third-party administrators with whom You have contracted relating to the Health Plans identified in response to Question No. 12:

**Highmark BCBS WV**

## VI.    **REBATES AND FEES**

15.    In the form of the table below, identify each contract You have or had with a PBM during the Time Period, including the party with which You contracted, and the year. Include in Your answer any addendums or other agreements You entered pursuant to an existing master agreement. If a contract was entered into before the Time Period began but did not expire until after the Time Period began, identify that contract as well:

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

| Contract | Contracting Entity | Year(s) |
|---|---|---|
|  |  |  |

16.    Have You ever used preventative drug lists, critical drug affordability programs, or any other program to lower the out-of-pocket costs of the At-Issue Products for Your members? _____ Yes _____ No

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

**If yes**, in the form of the table below, identify each such Health Plan where You implemented such a program, the program, the year the program was implemented, and the applicable At-Issue Products:

| Health Plan | Program | Year | At-Issue Product |
|---|---|---|---|
|  |  |  |  |

17.    Have You ever passed Rebates received from a PBM through to Your members at the point of sale for any of the At-Issue Products? _____ Yes _____ No

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

**If yes,** in the form of the table below, identify each such Health Plan where You passed on Rebates, the years You passed on Rebates, the At-Issue Products for which You passed on Rebates, and the percentage of Rebates that You passed on to members at the point of sale:

| Health Plan | Year Passed on Rebate | At-Issue Product | Percentage of Rebate Passed on |
|---|---|---|---|
|  |  |  |  |

18. Other than passing Rebates through to Your members at the point of sale, describe the ways in which You use Rebates and Administrative Fees received from PBMs for At-Issue Products:

**Plaintiff is currently collecting and reviewing responsive information and will seasonally provide a further response in the form of an Amended Plaintiff Fact Sheet.**

19. In any contract identified in response to Question No. 15, did any other PBM or any other contracting entity submit bids/proposals? _____ Yes _____ No

**If yes**, identify any entity submitting competing bids/proposals, and produce the competing bids:

**Plaintiff is currently collecting and reviewing responsive information and will seasonally provide a further response in the form of an Amended Plaintiff Fact Sheet.**

20. During the relevant time period, did You contract with, or use master contracts from, any other entities (e.g., MMCAP) for rebates or other price concessions related to purchasing pharmaceutical products? _____ Yes _____ No

**Plaintiff is currently collecting and reviewing responsive information and will seasonally provide a further response in the form of an Amended Plaintiff Fact Sheet.**

**If yes**, in the form of the table below, identify each such contract, the contracting entity, the year, and the percentage of or other determinant of the Rebates the contracting entity agreed to pass through to You:

| Contract | Contracting Entity | Year | Percentage of Rebates |
|---|---|---|---|
|  |  |  |  |

## VII.    MISREPRESENTATIONS AND OMISSIONS

21.    In the form of the table below, identify every specific misrepresentation that a Defendant allegedly made that forms the basis of the allegations in Your lawsuit, of which You are currently aware, including the approximate date, the source, who received the statement, the reason why You believe the statement was false, whether or not You relied on the statement, and if so, how, and the Defendant(s) that made the statement:

**Plaintiff incorporates and adopts here all the allegations in its complaint and reserves the right to supplement its response in the future.**

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| False list prices for each of the at-issue drugs | Throughout the relevant period | All public compendia (including Medi-Span, First DataBank, Redbook, etc.) | All payors, including the City. | *The Astronomical Price of Insulin Hurts Am. Families*, RAND (Jan. 6, 2021) ("RAND Report"); *Drug Pricing Investigation: Majority Staff Report*, Comm. on Oversight & Reform, U.S. H.R. (Dec. 2021) ("*Drug Pricing Investigation*"); Comm. on Energy & Commerce, Mem., *Hearing on "Priced Out of a* | Yes. The City relied on the at-issue list prices each time the City paid for an at-issue drug. Other payors, patients, and third parties also relied on the Manufacturers' false prices. | Eli Lilly, Sanofi, Novo Nordisk |

---

[2] The list of sources cited for each misrepresentation is not necessarily exhaustive. Where numerous sources support Plaintiff's belief that a statement is false, Plaintiff has selected examples of authorities that support that belief. Other examples may be cited in Plaintiff's Complaint or the entries in this chart addressing different misrepresentations or may exist elsewhere.

[3] No single source cited here was sufficient to put Plaintiff on notice of the Insulin Pricing Scheme described in the Complaint or the claims alleged therein. Plaintiff's responses to the inquiries set forth in Section VIII (Timing of Awareness) describe when Plaintiff became aware of specific facts relating to the allegations in the Complaint.

[4] Where named as Defendants, the PBM Defendants are identified by defendant group. "Express Scripts," for example, refers to the Express Scripts family of defendants, including Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Pharmacy Service, Inc.; and Express Scripts Pharmacy, Inc., and where Forms 10-K or other S.E.C. filings are at issue, occasionally non-defendant Cigna Corporation, which reports for these entities.

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | *Lifesaving Drug: Getting Answers on the Rising Cost of Insulin"* (Apr. 5, 2019) ("*Priced Out of a Lifesaving Drug*");  U.S. H.R., *Drug Pricing Investigation: Industry Spending on Buybacks, Dividends and Executive Compensation,* at 3 (July 2021) ("*Industry Spending* Report"); Natalie Shure, *The Insulin Racket,* AMERICAN PROSPECT (June 24, 2019); Joanna Shepherd, *Pharmacy Benefit Managers, Rebates, and Drug Prices: Conflicts of Interest in the Market for Prescription Drugs*, YALE L. & POLICY REV., Vol. 38 (Jan. 2019) (prices bloated with rebates and mislabeled rebates)."; Adam Fein, *Tex. Shows Us Where PBMs' Rebates Go*, DRUG CHANNELS (Aug. 9, 2022) (same); Eric Percher, *Trends in Profitability and* | | |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | *Compensation of PBMs and PBM Contracting Entities*, Nephron Research (Sept. 18, 2023) (same). *See also* Senate Insulin Report at 41-46. 49-89; Broward Cnty., Fla., *Analysis of Broward Cnty.'s Prescription Drug Coverage* (Aug. 2019). | | |
| False list prices as reflected in invoices Express Scripts and CVS issued to the City | Dates reflected on invoices, including, but not limited to,. Other invoices PBM issued to the City are no longer in its possession custody or control. | Invoices PBM sent to the City for at-issue and other medication | The City | See sources cited above. | Yes. The City relied on the false invoiced price each time it paid for an at-issue drug. | All Defendants. |
| Manufacturer Payments are "fees," "credits," "discounts," and other categories of payment when they are, in fact, rebates. | Throughout the relevant period. | Routine invoices PMB sent to the City and other payors for the at-issue medications | The City | Shepherd, *supra* (PBMs "designate as much as twenty-five or thirty percent of the negotiated rebates as fees to avoid sharing the rebates."); Fein, *supra* (the PBMs retained between 9% and 21% of all Manufacturer Payments between 2016 and 2021); Percher, *supra* (PBM | Yes. The City and other payors rely on these representations when they pay invoices and as part of any audit. | OptumRx, Express Scripts, CVS |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | compensation from rebates and other kickbacks doubled between 2018 and 2022, from $3.8 billion to $7.6 billion. "This growth was fueled by increases in traditional administrative fees as well as the emergence of new data and PBM contracting entity fees.") *See also* Broward County, Florida, Analysis, *supra*. | | |
| PBM's would lower costs for the City and its beneficiaries. | | | The City | Senate Insulin Report; Balto Testimony; *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and | Yes. The City relied on these representations in selecting and retaining its PBMs throughout the relevant period. | Express Scripts, CVS Caremark. OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019). | | |
| Cigna provides "formulary management services" that "assist customers and physicians in choosing clinically-appropriate, cost-effective drugs and prioritize access, safety and affordability." | Dec. 31, 2018 Dec. 31, 2019 Dec. 31, 2020 Dec. 31, 2021 Dec. 31, 2022 Dec. 31, 2023 | Cigna Annual Report (Form 10-K) (FYE Dec. 31, 2018, Dec. 31, 2019, Dec. 31, 2020, Dec. 31, 2021, Dec. 31, 2022, Dec. 31, 2023. | S.E.C.; public statement | *See, e.g.,* RAND Report; Senate Insulin Report at 5-8, 29, 39, 40, 44, 51, 52, *et al.*; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony f Doug Langa, U.S. H.R. Comm. on Energy and Commerce, *Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin* (Apr. 10, 2019); Adam Fein, *Five takeaways from the big three PBMs' 2022 formulary* | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | *exclusions* (Jan. 19, 2022). | | |
| "OptumRx works directly with pharmaceutical manufacturers to secure discounts that lower the overall cost of medications and create tailored formularies—or drug lists—to ensure people get the right medications. [*United Health Group*] then negotiate[s] with pharmacies to lower costs at the point of sale . . . ." | Dec. 31, 2020 | UnitedHealth Group 2020 Sustainability Report | Public statement | *See, e.g.,* RAND Report; Senate Insulin Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | United Health Group/ OptumRx |
| Express Scripts "saved [its] clients more than $3 billion through the Express Scripts National Preferred Formulary." | January 11, 2016 | Tim Wentworth, Express Scripts, at the 34th annual JP Morgan Healthcare Conference | Public statement | *See, e.g.,* RAND Report; Senate Insulin Report at 5-8, 29, 39, 40, 44, 51, 52, *et al.*; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Adam Fein, *Five takeaways from the big three PBMs' 2022 formulary exclusions* (Jan. 19, 2022); Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, *Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin* (Apr. 10, 2019). | | |
| "Over the last three years . . . CVS Caremark has helped our clients save more than $141 billion by blunting drug price inflation, prioritizing the use of effective, lower-cost drugs and reducing the member's out-of-pocket spend." | Apr. 11, 2019 | Derica Rice, CVS Caremark, press release | Public statement/press release | *See, e.g.,* RAND Report; Senate Insulin Report at 41-46, 49-89; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on | No first-party reliance. | CVS |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019). | | |
| The Manufacturer Payments that the PBMs receive are not correlated to rising insulin prices. | Apr. 16 and 26, 2019; May 24, 2019; *et al.* | Letters to Sens. Grassley and Wyden from CVS (4/26/19, 5/24/19) and Cigna (4/16/19), *et al.* | Senators Chuck Grassley and Ron Wyden | The amount the Manufacturers kick back to the PBMs is directly correlated to an increase in list prices. On average, a $1 increase in Manufacturer Payments is associated with a $1.17 increase in list price. *See, e.g.*, Neeraj Sood, *et al.*, *The Association Between Drug Rebates and List Prices*, USC Schaeffer Ctr. for Health Policy & Econ. (Feb. 11, 2020) *See also, e.g.*, Senate Insulin Report at 66; Balto Testimony. | No first-party reliance. | CVS, Express Scripts |

17

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| The Manufacturers are solely responsible for list price increases. | Apr. 16 and 26, 2019; May 24, 2019; *et al.* | Letters to Sens. Grassley and Wyden from CVS (4/26/19, 5/24/19) and Cigna (4/16/19), *et al.* | Senators Chuck Grassley and Ron Wyden | The PBMs manipulate formularies, trade placement for kickbacks, mislabel rebates; the Manufacturers raise prices with an eye toward PBM preferences. *See, e.g.*, *The Association Between Drug Rebates and List Prices*, USC Schaeffer Ctr. for Health Policy & Econ. (Feb. 11, 2020) *See also, e.g.*, Senate Insulin Report at 58, 65-66, 87; Balto Testimony; Adam Fein, *Five takeaways from the big three PBMs' 2022 formulary exclusions* (Jan. 19, 2022); Shepherd, Fein, Percher, *supra*. | No first-party reliance. | CVS, Express Scripts |
| The PBMs were solely to blame for insulin prices because of their demands for rebates in exchange for formulary placement. | Mar. 8, 2019 | Manufacturer Defendants | Manufacturers' Letters to Sens. Grassley and Wyden; public statement. | Senate Insulin Report at 49-66. | No first-party reliance. | Eli Lilly, Novo Nordisk, Sanofi |
| Payors are not injured by Defendants' practices because "the list price is not what the payer is | Apr. 10, 2019 | Sumit Dutta, OptumRx | Public statement (Congressional testimony) | Shepherd; Fein; Percher, *supra*; *See also, e.g.*, Senate Insulin Report; Broward County, Florida, *Analysis of Broward County's* | No first-party reliance. | OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| paying. They are paying the net price." | | | | *Prescription Drug Coverage*, https://www.broward.org/Auditor/Reports/Reports/082019_Exh1_BCRxDrug_19-15.pdf. | | |
| Briefing materials prepared for Dave Ricks, Eli Lilly CEO, as a panelist at the 2017 Forbes Healthcare Summit included "Reactive Key Messages" on pricing that emphasized the significant research and development costs for insulin. | Nov. 29, 2017 | Dave Ricks, Eli Lilly, at 2017 Forbes Healthcare Summit | Public statement | United States House of Representatives Committee on Oversight and Reform Drug Pricing Investigation Report, July 2021, at 3, 188-94; Senate Insulin Report; Natalie Shure, *The Insulin Racket,* AMERICAN PROSPECT (June 24, 2019). | No first-party reliance. | Eli Lilly |
| Research and development factors into the WAC for the at-issue drugs. | Mar. 29, 2019 | Letter from Jeffrey Handwerker, Counsel, Arnold & Porter, on behalf of Sanofi, to Sens. Grassley and Wyden | Sens. Grassley and Wyden | Senate Insulin Report at 17 *et seq.*; United States House of Representatives Committee on Oversight and Reform Drug Pricing Investigation Report, July 2021, at 3, 188-94; Natalie Shure, *The Insulin Racket,* AMERICAN PROSPECT (June 24, 2019). | No first-party reliance. | Sanofi |
| Executives from Novo Nordisk also falsely represented that research and development costs | Throughout the relevant period | Various | Public statements | United States House of Representatives Committee on Oversight and Reform Drug | No first-party reliance. | Novo Nordisk |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| were key factors driving the at-issue price increase. | | | | Pricing Investigation Report, July 2021, at 3, 188-94; Senate Insulin Report. | | |
| CVS Health administers benefit plans and designs formularies to reduce costs for its clients, make generics available, where possible, and improve the safety, effectiveness, and convenience of prescription drugs. | Dec. 31, 2010; Dec. 31, 2011; Dec. 31, 2012; Dec. 31, 2013; Dec. 31, 2014; Dec. 31, 2015; Dec. 31, 2016; Dec. 31, 2017; Dec. 31, 2018; Dec. 31, 2019; Dec. 31, 2020; Dec. 31, 2021; Dec. 31, 2022 Dec. 31, 2023 | CVS Health Annual Reports (Form 10-K) (FY 2010-2023) | S.E.C.; public statement | *See, e.g.,* RAND Report; Senate Insulin Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019). | No first-party reliance. | CVS |
| In making formulary recommendations, Express Scripts' Pharmacy & Therapeutics Committee considers the drug's safety and efficacy, without any information on or consideration of the cost of the drug, | Dec. 31, 2010; Dec. 31, 2011; Dec. 31, 2012; Dec. 31, 2013; Dec. 31, 2014; Dec. 31, 2015; Dec. 31, 2016; Dec. 31, 2017. | Express Scripts Holdings Annual Reports (Form 10-K) (FY 2010-2017) | S.E.C.; public statement | Balto Testimony | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| including any discount or rebate arrangement that Express Scripts negotiates with the Manufacturer, and that Express Scripts fully complies with the P&T Committee's clinical recommendations regarding drugs that must be included or excluded from the formulary. | | | | | | |
| OptumRx's rebate contracting and formulary management help clients achieve a low-cost, high-quality pharmacy benefit. OptumRx promotes lower costs by using formulary programs to produce better unit costs, encouraging patients to use drugs that offer improved value. | Dec. 31, 2010; Dec. 31, 2011; Dec. 31, 2012; Dec. 31, 2013; Dec. 31, 2014; Dec. 31, 2015; Dec. 31, 2016; Dec. 31, 2017; Dec. 31, 2018; Dec. 31, 2019. | UnitedHealth Group's Annual Reports (Form 10-K) (FY 2010-2019) | S.E.C.; public statement | *See, e.g., The RAND Report*; Senate Insulin Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); *Industry* Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, | No first-party reliance. | OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | 2019); Balto Testimony. | | |
| CVS Caremark was focused on diabetes to "help us add value for our PBM clients and improve the health of plan members . . ." | May 11, 2010 | Press release | Media, reported in Chain Drug Review, https://www.chaindrugreview.com/cvs-expands-extracare-for-diabetes-products/, among other sources | *See, e.g.,* RAND Report; Senate Insulin Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | CVS |
| "CVS is working to develop programs to hold down [diabetes] costs." | June 22, 2010 | Andrew Sussman, Chief Medical Officer, CVS Caremark | Public statement (CBS News) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to | No first-party reliance. | CVS |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| CVS Caremark representation that formulary decisions related to insulin products were "one way the company helps manage costs for clients." | Nov. 8, 2012 | Public statement (published in Wall Street Journal) | Public statement | *See, e.g., The RAND Report;* Senate Insulin Report; *Drug Pricing Investigation; Priced Out of a Lifesaving Drug; Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); *Industry* Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto | No first-party reliance. | CVS |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Testimony. | | |
| Express Scripts, discussing a program involving insulin, "disputed the idea that Express Scripts contributes to rising drug costs." | May 8, 2017 | Timothy Wentworth, CEO of Express Scripts | Public statement (published in New York Times) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | Express Scripts |
| Express Scripts "helps our clients and diabetes patients prevail over cost and care challenges created by [diabetes]." | Aug. 31, 2016 | Glen Stettin, Senior Vice President and Chief Innovation Officer, Express Scripts | Public statement (published in St. Louis Business Journal) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| Express Scripts "broaden[s] insulin options for patients and bend[s] down the cost curve of what is currently the costliest class of traditional prescription drugs." | Aug. 23, 2016 | Glen Stettin, Senior Vice President and Chief Innovation Officer, Express Scripts | Public statement (press release) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| For "insulin products . . . [OptumRx] negotiate[s] with brand manufacturers to obtain significant discounts off list prices on behalf of our customers." | Apr. 2019 | Dr. Sumit Dutta, SVP and Chief Medical Officer of OptumRx, Congressional testimony | U.S. Congress; public statement. | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | OptumRx |
| OptumRx "has been at the forefront of efforts to improve access to affordable insulin and provide comprehensive care to patients with diabetes." | May 10, 2023 | Heather Cianfrocco, CEO, OptumRx | Public statement/written testimony to U.S. Senate Committee on Health, Education, Labor, and Pensions | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; | No first-party reliance. | Optum Rx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "At Express Scripts we're dedicated to keeping our promises to patients and clients . . . This commitment defines our culture, and all our collective efforts are focused on our mission to make the use of prescription drugs safer and more affordable." | 2015-24 | Express Scripts Code of Conduct | Public statement (published on Express Scripts website) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | Express Scripts |
| "At Express Scripts we negotiate lower drug prices with drug companies on behalf | April 2019 | Amy Bricker, President, Express | U.S. Congress; | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| of our clients, generating savings that are returned to patients in the form of lower premiums and reduced out-of-pocket costs." | | Scripts, Congressional Testimony | public statement | *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "Express Scripts remains committed to . . . patients with diabetes and creating affordable access to their medications." | April 2019 | Amy Bricker, President, Express scripts, Congressional Testimony | U.S. Congress; public statement | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "We reduce the costs of prescription drugs [and] we are leading the way to ensure that those discounts directly benefit consumers. . . . OptumRx's pharmacy care services business is achieving better health outcomes for patients, lowering costs for the system, and improving the healthcare experience for consumers. . . . OptumRx negotiates better prices with drug manufacturers for our customers and for consumers." | Apr. 9, 2019 | John Prince, CEO, OptumRx | U.S. Senate Finance Committee (and published in Senate Insulin Report) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending Report*; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | OptumRx |
| Statement by CVS Caremark that the goal of its pharmacy benefit plans is to ensure "that the cost of a drug is aligned with the value it delivers in terms of | Apr. 5, 2018 | CVS Health, 2017 Drug Trend Report | Public statement | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending Report*; Sanofi | No first-party reliance. | CVS |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| patient outcomes . . .." | | | | memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "Drugmakers set prices, and we exist to bring those prices down." | Feb. 2017 | Tim Wentworth, CEO, Express Scripts | Shareholders (earnings call); public. | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "Any suggestion that PBMs are causing prices to rise is simply erroneous." | Feb. 15, 2017 | Larry Merlo, CVS Caremark | Shareholders (earnings call); public. | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | CVS |
| PBMs play no role in rising drug prices, and work to "negotiate with drug companies to get the prices down." | Feb. 7, 2017 | Tim Wentworth, Express Scripts | Public (via CBS News) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| Rebates do not cause increases in list prices. | Apr. 10, 2019 | Sumit Dutta, Chief Medical Officer, OptumRx | House Energy and Commerce Subcommittee on Oversight and Investigations (testimony) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto | No first-party reliance. | OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | Testimony. | | |
| "I have no idea why the prices [for insulin] are so high, none of it is the fault of rebates." | Apr. 10, 2019 | Amy Bricker, Express Scripts | House Energy and Commerce Subcommittee on Oversight and Investigations (testimony) | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | Express Scripts |
| PBMs "exist to help solve the challenge[]" of rising drug prices, including insulin, by "negotiating with large pharmaceutical manufacturers to lower the cost of drugs for employers, health plans, federal and state governments, and most importantly, patients." | May 10, 2023 | Adam Kautzner. President, Express Scripts | U.S. Senate Committee on Health, Education, Labor, and Pensions | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 | No first-party reliance. | Express Scripts |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2,3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| | | | | (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | | |
| "We want our clients to fully understand our pricing structure . . . . Every day we strive to show our commitment to our clients, and one element of that commitment is to be open and honest about our pricing structure." | Sept. 13, 2011 | Ed Feaver, President, OptumRx | Public statement (press release) | Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | OptumRx |
| Express Scripts is "absolutely transparent" about the Manufacturer Payments it receives and payors "know exactly how the dollars flow" with respect to these Manufacturer Payments. | Feb 7, 2017 | Tim Wentworth, CEO, Express Scripts | Public statement (CBS News) | Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | Express Scripts |

34

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| "[A]s it pertains to transparency overall, we at CVS Caremark are very supportive. We provide full visibility to our clients of all our contracts and the discounts that we negotiate on their behalf. . . . And transparency—today we report and fully disclose not only to our clients, but to CMS [Medicare]." | 2019 | Derica Rice, Executive Vice President, CVS Caremark | Senate Finance Committee (testimony) | *See, e.g.*, Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | CVS |
| "[W]e are really a strong proponent for transparency for those who pay for health care. So the patient should know exactly what they are going to pay. Our plan sponsors need to know exactly what is in their contract." | 2019 | Steve Miller, Cigna | Senate Finance Committee (testimony) | *See, e.g.*, Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | Express Scripts |
| "[I]f our discounts were publicly available, it would hurt our ability to negotiate effectively. Our discounts are transparent to our clients." | 2019 | John Prince, OptumRx | Senate Finance Committee (testimony) | *See, e.g.*, Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| "The rebate system is 100 percent transparent to the plan sponsors and the customers that we service. To the people that hire us, employers of America, the government, health plans, what we negotiate for them is transparent to them." | April 10, 2019 | Amy Bricker, Senior Vice President, Express Scripts | House Energy and Commerce Subcommittee on Oversight and Investigations (testimony) | *See, e.g.*, Shepherd, Fein, Percher, *supra*; Senate Insulin Report; *PBMs: The Middlemen Who Drive Up Drug Costs*, Competition Policy Int'l (May 31, 2022); Balto Testimony. | No first-party reliance. | Express Scripts |
| Optum Health, Optum Insight, and Optum Rx " improve overall health system performance by . . . reducing costs and improving consumer and provider experience[.]" | Dec. 31, 2022 | UnitedHealth Group Form 10-K | S.E.C.; public statement | *See, e.g.*, RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | OptumRx |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| The PBMs work to secure the lowest p0ssible net costs for the at-issue drugs by soliciting competing rebate offers. | Apr. 26, 2019 | Letter from CVS Health Corp. to Sens. Grassley and Wyden | Sens. Grassley and Wyden; public statement | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | CVS Health |

| Misrepresentation | Approx. Date | Source | Recipient | Basis That Statement Is False[2, 3] | Reliance (if any) | Defendant(s)[4] |
|---|---|---|---|---|---|---|
| The PBMs work to secure the lowest possible net costs for the at-issue drugs by soliciting competing rebate offers. | Dec. 7, 2020 | Letter from Cigna to Sens. Grassley and Wyden | Sens. Grassley and Wyden; public statement | *See, e.g.,* RAND Report; *Drug Pricing Investigation*; *Priced Out of a Lifesaving Drug*; *Industry Spending* Report; Sanofi memorandum on Basaglar pricing (SAC ¶ 397 (Fig. 25)); Sanofi presentation on formulary threats to Lantus (SAC ¶ 402 (Fig. 27)); Shepherd; Fein; Percher, *supra*; Written testimony of Doug Langa, U.S. H.R. Comm. on Energy and Commerce, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin (Apr. 10, 2019); Balto Testimony. | No first-party reliance. | Express Scripts |

22.    In the form of the table below, describe any omissions that a Defendant allegedly made including the approximate date, any statement to which the omission relates, the reason that forms the basis of the allegations in Your lawsuit, of which You are currently aware, why You believe a Defendant should have disclosed the omission, and the Defendant(s) that made the omission:

**Plaintiff incorporates and adopts here all the allegations in its complaint and reserves the right to supplement its response in the future.**

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The list prices for the at-issue drugs are artificially inflated with kickbacks ("fees," "discounts," "credits," etc.) that are mislabeled rebates that should be passed through to payors. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere that all rebates are passed through to payors; price inflation is not due to rebates; payments in question are actually "discounts," "credits," "fees"; PBMs honor price transparency; all rebates are subject to audit; payors are not injured by skyrocketing prices; payors are to blame for skyrocketing prices; and the pricing for the at-issue drugs is transparent. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | All Defendants. |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The Manufacturers engage in shadow pricing. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere reflecting that pricing is transparent; pricing is competitive pricing; Defendants work to keep prices low for clients. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | Eli Lilly, Novo Nordisk, Sanofi. |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The PBMs grant Manufacturers preferred formulary coverage in exchange for rebates. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere reflecting that PBMs design formularies to promote health, cost-effectiveness/affordability, and access to diabetes and other medications. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | All Defendants |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| Express Scripts, CVS, and OptumRx use formulary exclusions and threats of formulary exclusions and preferred formulary status to extract greater rebates and keep list prices high. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere regarding formulary management, physician/panel formulary review, resulting cost savings to clients and patients, and access to medications. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | Express Scripts, CVS, OptumRx. |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The Manufacturers adjust prices in keeping with the PBMs' interests. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere reflecting that pricing is transparent; pricing is competitive pricing; Defendants work to keep prices low for clients. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | All Defendants |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The rising prices of insulins and GLP-1s hurt payors. | Throughout the relevant period | Rising prices of these medications hurt only patients, particularly uninsured and high-deductible patients; 100% of rebates are passed through to payors; payors are to blame for rising prices. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | All Defendants |

44

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The PBMs use rebate aggregators to obscure the total rebates paid to the PBMs. | Throughout relevant period | Various representations above, cited in the Complaint, and elsewhere that all rebates are passed through to payors; price inflation is not due to rebates; payments in question are actually "discounts," "credits," "fees"; PBMs honor price transparency; all rebates are subject to audit. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | Express Scripts, CVS, OptumRx. |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| Eli Lilly's generic version of Humalog, "Insulin Lispro," would be excluded from PBM formularies. | March 2019 | Eli Lilly would produce Insulin Lispro and make it available at half the price of Humalog, with the goal of making insulins more affordable. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | Eli Lilly, CVS, OptumRx, Express Scripts |

| Omission | Approximate Date | Related Statement | Basis for Disclosure | Defendant(s) |
|---|---|---|---|---|
| The Manufacturers increase rebate offers, leading to higher list prices, in order to block competitors from the PBMs' formularies. | Throughout the relevant period | Various representations above, cited in the Complaint, and elsewhere that rebates are not connected to rising list prices; pricing is transparent; formularies are designed to optimize health benefits and cost-effectiveness. | To the extent a duty to disclose is required, (1) the PBMs have superior knowledge, and information is not readily available to the City, and PBMs knew it; (2) necessary to clarify a partial or ambiguous statement; (3) fiduciary duty. | All Defendants |

## VIII.  TIMING OF AWARENESS

23.    Identify when and how You first learned or discovered that the prices for the At-Issue Products were allegedly artificially inflated, false, fraudulent, misleading, or deceptive:

**The City first became aware that the prices for the At-Issue Products were artificially inflated and false in 2024. Details regarding awareness are protected by attorney-client privilege**.

24.    Identify the earliest date on which You began investigating the pricing of Defendants' At-Issue Products for the purpose of bringing the present action:

**The City first began investigating the pricing of Defendants' At-Issue Products after 2024. Details regarding awareness are protected by attorney-client privilege.**

25.    Identify when You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

**The City first became aware that the prices for the At-Issue Products were artificially inflated and false in 2024. Details regarding awareness are protected by attorney-client privilege.**

26.    Describe how You first learned or discovered that Defendants' statements about the prices for the At-Issue Products were allegedly false, fraudulent, misleading, or deceptive:

**The City first became aware that Defendants' statements about the prices for the At-Issue Products were allegedly false in 2024. Details regarding awareness are protected by attorney-client privilege.**

27.    Identify when and how You learned of or discovered any other lawsuit filed against any Defendant related to insulin pricing, including *In re Insulin Pricing* (D.N.J., 2:17-cv-00699), *MSP LLC* (D.N.J., 2:18-cv-02211), *Minnesota* (D.N.J., 2:18-cv-14999), and *In re Direct Purchaser Insulin Pricing Litigation* (D.N.J., 3:20-cv-03426):

**The City first became aware of ongoing litigations in 2024. Details regarding awareness are protected by attorney-client privilege.**

28.    Identify when and how You learned of or discovered any state, or federal investigation related to insulin pricing:

**The City first became aware of any governmental investigation in 2024. Details regarding awareness are protected by attorney-client privilege**.

## IX.    SELECTION OF PRESCRIPTION DRUG COVERAGE

29.    In the form of the table below, identify any third-party services, advisors, consultants, or contractors used by You to provide consulting, research, analysis, accounting, financial advice, solicitation, selection, development, or other advice related to Your Health Plan, selecting or soliciting PBM services, or Prescription Drug Coverage for At-Issue Products during the Time Period, the approximate dates You used the third-party services, advisors, consultants, or contractors, a description of the services that entity provided You, and the principal point of contact at the entity who is or was responsible for overseeing performance of the contract:

**Please see attached hereto Plaintiff's Exhibit H.**

| Third-Party Advisor (Advisor Name and Employer) | Approximate Dates | Description of Services | Point of Contact |
|---|---|---|---|
| | | | |

30.    For each third-party service, advisor, consultant, or contractor You identified in Question No. 29, in the form of the table below or through the production of documents, identify whether You received any presentations, reports, analyses, or memoranda related to Health Plan or Prescription Drug Coverage benefits designed for At-Issue Products, and produce those materials:

**Please see attached hereto Plaintiff's Exhibit I.**

| Third-Party Advisor | Received Presentations, Reports, Analyses, Memoranda (Yes/No) |
|---|---|
| | |

31.    Did You or anyone acting on Your behalf conduct a request for proposal ("RFP") or similar process to solicit offers from or to otherwise identify PBMs to administer Prescription Drug Coverage? _____ Yes _____ No

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

**If yes,** in the form of the table below, identify each RFP or other solicitation You made during the Time Period, any third-party advisor that assisted with the RFP or solicitation, the PBMs You sent the RFP or solicitation to, and produce the RFP responses:

| RFP or Solicitation | Third-Party Advisor | Date | PBMs Solicited |
|---|---|---|---|
| | | | |

32.    Are Your Health Plan expenditures related to pharmaceuticals audited, either internally or by an external auditor? __X__ Yes _____ No

**If yes,** in the form of the table below, identify each audit and produce the audit:

| Audit | Person or Entity conducting the Audit | Date | Purpose of the audit |
|---|---|---|---|
| | SullivanWebb, PLLC Certified Public Accountants | 2011 - 2012 | Year-End Audit Report for City of Huntington, WV |
| | West Virginia State Auditor's Office | 2013 – 2016 | Year-End Audit Report for the City of Huntington, WV |
| | Perry & Associates | 2017 – 2022 | Year-End Audit Report for the City of Huntington, WV |

## X.    MEMBERSHIP IN OTHER ENTITIES

33.    In the form of the table below, identify any organizations that You are a part of that share information regarding at-issue insulins, pharmaceutical pricing, Rebates, PBM or drug pricing reform or legislation, including, but not limited to, the National Association of Counties, MMCAP, or any other group purchasing organization, and identify any of Your employees who are involved in that organization:

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

| Organization | Dates of Membership | Your Involved Employees |
|---|---|---|
| None. | | |

## XI.    DIRECT PURCHASING

34.    Have You purchased At-Issue Products directly from pharmaceutical manufacturers, wholesalers, mail order pharmacies, and/or retail sellers? _____ Yes _____ No

**Plaintiff is currently collecting and reviewing responsive information and will seasonably provide a further response in the form of an Amended Plaintiff Fact Sheet.**

**If yes**, in the table below, identify each At-Issue Product You allege You purchased directly, the specific years You made the direct purchase, the entity that directly distributed the At-Issue Product(s) to You, the total quantity of At-Issue Products You purchased, and the total amount You paid:

| At-Issue Product | Year | Direct Seller | Total Quantity | Total Amount Paid |
|---|---|---|---|---|
|  |  |  |  |  |

## XII.    <u>DAMAGES</u>

35.    For each Defendant identified in Question No. 4, in the form of the table below, state how You claim You have been damaged by that Defendant's alleged conduct.  This request is not designed to require an expert evaluation:

| Defendant | Basis |
|---|---|
| All defendants | Plaintiff has incurred and continues to incur direct and indirect monetary costs and harms as a result of Defendants' misconduct.

The direct monetary costs and harms include *inter alia* (i) the increased costs Plaintiff has paid and continues to pay for the artificially inflated prices for the at-issue drugs as a result of Defendants' misconduct, (ii) increased fees Plaintiff has paid and continues to pay PBM Defendants for their services as a result of all Defendants' misconduct, and (iii) the failure of the PBM Defendants to pass through the full amount of rebates they claim to provide to Plaintiff as a result of all Defendants' misconduct.

The indirect monetary costs and harms include *inter alia* lost opportunity costs, reduced bargaining power, increased burden to employees and staff, and the inability to allocate resources to other programs and services provided by Plaintiff in its capacity as a municipality.

Plaintiff also incorporates by reference the damages set forth in its complaint and in its initial disclosures.

Both direct and indirect monetary costs and harms will be identified, specified, and quantified at trial, including based on discovery provided by Defendants, publicly available information, and fact and expert testimony. |

36.     For each Defendant identified in Question No. 4, in the form of the table below, identify to the best of Your knowledge the date when You allege that You were first injured as a result of that particular Defendant's alleged conduct. This request is not designed to require an expert evaluation:

| Defendant | Date |
|---|---|
| For all defendants | Because of Defendants' misconduct, Plaintiff cannot pinpoint a specific month and year when it first began to incur direct and indirect monetary costs described above in response to Question 35. As set forth in Plaintiff's complaint and in response to Questions 23-28 above, each Defendant failed to disclose material facts sufficient for Plaintiff to identify Plaintiff's injury, its cause, and other operative facts supporting its claims.

However, as set forth in response to Questions 23-28, Plaintiff recently became aware of information regarding Defendants' misconduct. |

37.    Are You seeking any monetary damages   **X**   Yes _____ No

**If yes,** summarize the categories of damages or monetary relief that You allege:

**Plaintiff seeks past and future damages and monetary relief. As set forth in response to Question 35, Plaintiff seeks direct and indirect monetary costs it has paid and will continue to pay as a result of Defendants' misconduct.  Plaintiff also seeks statutory damages and relief that are monetary in nature pursuant to its RICO and [CPA/UTPA/UTDPA] claims.  Plaintiff also seeks injunctive relief to ensure that prices for at issue drugs remain appropriately priced prospectively.**

## INITIAL DOCUMENT REQUESTS

Please produce the following documents for the Time Period:

1.      Each RFP seeking PBM services, including all amendments, riders, schedules, supplements, instructions, or other addenda that You issued during the Time Period.

2.      Documents, including internal summaries, analyses, and presentations, reflecting Your reasons for selecting or not selecting a PBM prescription drug benefit plan for each year, including bids, communications, RFPs, procurement rules, guidance documents, and related documents, and documents relating to negotiation for Rebates for Your employee plan(s) or for Medicaid.

3.      Each contract, including amendments, riders, schedules, supplements, or other addenda that You entered into with a PBM, health insurer, third-party administrator, or any other entity through which You obtained price concessions during the Time Period (e.g., MMCAP), or that otherwise was in effect during the Time Period.

4.      Documents sufficient to identify the formularies for Your Health Plans during the Time Period.

5.      For each benefit year for which You are seeking relief, documents relating to Your Health Plans, including documents sufficient to show: (1) the annual deductible(s), including separate deductible amounts or requirements for use of in-network versus out-of-network pharmacies, and any separate deductible amounts or requirements on individual versus family expenditures, (2) the copayment or coinsurance rate for each pharmaceutical tier, (3) the annual Out-of-Pocket Maximums, (4) the summary plan description, and (5) summaries of benefits and coverage associated with each of Your Health Plans during the time period.

6.      Documents received by You that related to representations made by PBMs about their services or made by pharmaceutical manufacturers about their list prices.

7.      Contracts with third-party advisors or auditors in effect during the Time Period that relate to prescription drug benefits, as well as any presentations, reports, analyses, or memoranda relating to prescription drug benefits Plaintiffs chose or did not choose.

## <u>CERTIFICATION</u>

I declare under penalty of perjury that all of the information provided in this PFS is complete, true, and correct to the best of my knowledge and information, and that I have provided all of the requested documents that are reasonably accessible to me and/or my attorneys, to the best of my knowledge.

_Sherry Lewis_                       _2/6/2025_
Signature                                         Date

_Sherry Lewis_                      _HR Director_
Name (Printed)                                 Title