# SEEGERWEISS LLP

NEW YORK • NEW JERSEY • PHILADELPHIA • NEWTON, MA

March 19, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:   **In re: Insulin Pricing Litigation, MDL No. 3080**
>        **Case No. 2:23-md-03080-BRM-RLS**
>        **Self-Funded Payer Plaintiffs' Opposition to Defendants' Request to Amend**
>        **the PFS Implementation Order (CMO #14)**

Dear Judge Singh:

Eager to raise a discovery dispute of their own, Defendants have rushed to the Court insisting that the Court's Plaintiff Fact Sheet Implementation Order ("CMO 14") [ECF No. 315] should be amended as a result of purported deficiencies in the Plaintiff Fact Sheets ("PFS") submitted by a smattering of firms in the Self-Funded Payer ("SFP") Track. In doing so, Defendants ignored the Court's conferral requirement in its Discovery Dispute Protocol and deprived Plaintiffs' counsel of any reasonable opportunity to attempt to address Defendants' stated concerns. Indeed, rather than meaningfully engage in discussions that could have been productive, Defendants submitted the dispute to the Court just eight business days after first raising it with Plaintiffs' counsel.[1] Defendants' haste aside, their proposed rewriting of the PFS Implementation Order (CMO 14), as described in their March 12, 2025 letter [ECF No. 464], is unnecessary and unworkable.

*First*, the parties already negotiated and agreed to CMO 14, which provides an effective mechanism for resolving PFS-related issues. CMO 14 delineates distinct procedures for addressing two discrete scenarios: (i) resolving deficiencies identified by Defendants in a PFS that has been served by a Plaintiff, and (ii) rectifying a Plaintiff's outright failure to serve a PFS. This nuanced approach appropriately acknowledges these differing circumstances and provides tailored solutions. Nevertheless, Defendants now want to inject vague language into CMO 14 that would afford them unfettered discretion to unilaterally deem *any served PFS* as equivalent to a wholesale failure to serve any PFS at all. Introducing such ambiguity into an otherwise straightforward and manageable process, which was already negotiated and agreed to by the parties, serves no valid purpose other than to give Defendants a vehicle to distract and harass Plaintiffs and to needlessly delay and complicate this litigation.

---

[1] Defendants first raised this issue via email on Saturday, March 1, 2025, at 12:25 a.m. ET.

*Second*, Defendants' letter ignores the reality that the vast majority of the deficiencies they have identified *stem from a single law firm* that has filed a high volume of cases.[2] SFP leadership has already spoken with this firm to ensure that these purported deficiencies are addressed and will continue to track this firm. Defendants' request is an improperly attempt to exploit a single firm's issue so that they can revisit CMO 14 in a way that will impact hundreds of other Plaintiffs moving forward.

*Finally*, to the extent Defendants suggest that there are widespread PFS deficiencies beyond this single firm, Plaintiffs' counsel have reason to question the basis for such accusations. Indeed, as reflected in exhibits attached to this letter, with respect to the SFP Co-Lead Counsel's cases alone, Defendants have engaged in a pattern of flippantly leveling serious allegations of deficiencies—many of which have proven to be demonstrably false—and then brushing off Plaintiffs' attempts to correct the record as "unproductive." For example, Defendants have accused Plaintiffs of failing to serve Plaintiff Fact Sheets when service had been timely made. Defendants have claimed not to have received documents sent to them—waiting weeks to raise purported "technical issues" caused by Defendants' failure to timely download the materials. And Defendants have continually ignored the plain language of CMO 14 regarding the calculation of PFS deadlines, prematurely sending emails erroneously claiming that Plaintiff Fact Sheets have not been timely served. When provided with the information demonstrating their mistakes, Defendants double down and fail to correct their conduct. Defendants' harassing behavior to date is yet another reason to reject Defendants' proposed amendments: Defendants should not be entrusted with unchecked discretion to seek dismissal for any PFS they deem deficient.

## I.    BACKGROUND

### A.  The parties agree to CMO 14's two-track approach to resolving PFS issues.

After hearing argument on the parties' disputes over the form of the PFS to be used in SFP Track cases, the Court entered an Order [ECF No. 291] defining the scope of specific PFS questions and directing the parties "to prepare a proposed Case Management Order consistent with" the Court's decision. ECF No. 291 at 13. Over the next two and a half weeks, the parties conferred regarding the PFS implementation order. Like their current proposed revisions to CMO 14, Defendants' *initial* proposed implementation order provided for a single-track approach that lumped together both deficient and missing Plaintiff Fact Sheets and would have allowed Defendants to move to dismiss a Plaintiff's complaint if the Plaintiff failed to correct any deficiencies identified by Defendants or failed submit a PFS after receiving Defendants' Notice of Overdue Plaintiff Fact Sheet. *See* Ex. 1. [3] After several conferrals on this very issue, however, the parties agreed to a two-track process: one applicable to instances in which a Plaintiff submits a

---

[2] Plaintiffs expected that Defendants would be accommodating on deadlines for such law firms that had filed a large number of cases. And while Defendants have provided certain requested extensions (typically 21-30 days) as a matter of professional courtesy, Defendants "disagree that the number of Plaintiffs a law firm is representing is a valid rationale for an extension" of the time to submit a PFS. This position ignores the practical realities of the time and effort required to collect, review, and produce information responsive to the sweeping PFS Defendants demanded.

[3] Defendants' initial proposal provided no mechanism for reinstating a complaint after dismissal.

merely deficient PFS, and one applicable to instances in which a Plaintiff altogether fails to provide a PFS. The parties submitted their agreed-upon PFS implementation order on October 14, 2024 [ECF No. 311], and the Court adopted and entered CMO 14 two days later [ECF No. 315].

Under Paragraph 4 of CMO 14 ("Plaintiff Fact Sheet **_Deficiency_** Dispute Resolution Process"), if Defendants believe that a PFS is deficient, they are to notify the Plaintiff's counsel and allow the Plaintiff 14 days to respond. *See* CMO 14 ¶ 4.a.i. (emphasis added). During the 14-day period, the parties must meet and confer regarding the alleged deficiencies (*id*.), and if the matter is not resolved within that time, the parties may submit a joint dispute letter to the Court. *Id*. at ¶ 4.b.i-iv. Thereafter, if the Plaintiff fails to comply with a Court Order compelling disclosure of documents or information, Defendants may seek dismissal or other remedies. *Id*. at ¶ 4.b.vi.

In contrast, Paragraph 5 ("**_Failure to Serve_** an Executed PFS") provides that if a Plaintiff fails to serve an executed PFS within the allotted time, Defendants shall send a Notice of Failure to Serve to Plaintiff's counsel. *Id*. at ¶ 5.b.i. (emphasis added). If the Plaintiff fails to serve a substantially completed PFS within 14 days, Defendants may seek an Order to Show Cause seeking dismissal. *Id*. at ¶ 5.c.i. Paragraph 5 also spells out the consequences of serving a deficient PFS versus failing to serve one at all: "**_For avoidance of doubt, a Motion for an Order to Show Cause is only appropriate in cases where no PFS is served_**. If a PFS is served, but is deemed deficient by Defendants, then the process delineated in Paragraph 4 above shall be followed." *Id*. (emphasis added). If a Plaintiff fails to serve a completed PFS within the time frame provided in the Order to Show Cause, the Plaintiff's complaint *shall* be dismissed. *Id*. at ¶ 5.c.ii.

The Court's CMO 14 appropriately distinguishes between instances in which a Plaintiff has undertaken the time and effort to provide information in response to the PFS, and instances in which a Plaintiff ignores or is otherwise non-responsive to the PFS—an important distinction altogether absent from Defendants' proposed revised CMO 14 (as well as their initial proposed implementation order).

## B. The parties' current dispute.

On Saturday, March 1, 2025, Defendants for the first time (i) informed Plaintiffs that they believed there were widespread deficiencies in many PFS responses, (ii) proposed an amended CMO 14, and (iii) demanded to confer regarding their proposal by Tuesday, March 4, 2025, just two business days later. *See* Ex. 2. The parties then conducted a telephone conference on Friday, March 7, 2025, during which Plaintiffs' counsel assured Defendants that SFP Track leadership would reiterate to all Plaintiffs' counsel the need to provide complete responses to PFS questions and to produce responsive documents. Plaintiffs also offered to contact the specific counsel who were known to have served incomplete PFS responses. Plaintiffs also commented that Defendants' proposal merely reverted back to their *initial* proposed implementation order, despite the fact that the circumstances giving rise to this issue—namely, varying degrees of purported PFS deficiencies—were, at a minimum, foreseeable, if not expressly contemplated by the parties, when CMO 14 was negotiated. Finally, Plaintiffs noted that Defendants' proposed revisions to CMO 14 would afford Defendants complete latitude to deem any PFS deficient and suggested that, rather than rush to Court, Defendants identify similar types of orders from other MDLs that might more suitably address Defendants' concerns.

Just hours after that call, Defendants declared that, because Plaintiffs had not proposed an "alternative process" or agreed to Defendants' suggested changes to CMO 14, the parties were at an impasse. *See* Ex. 3 at 6-7 (Defs.' 3/7/2025 email). Defendants demanded a counterproposal by the following business day, Monday, March 10, 2025. *Id*. Plaintiffs immediately responded on March 7, 2025, indicating that they did not believe there was an impasse based on a single conversation. *See id.* at 4-6 (Pls.' 3/7/2026 email). Plaintiffs reminded Defendants that Plaintiffs' position was that SFP Track leadership needed to communicate with other stakeholders, especially considering the significant implications of Defendants' proposed amended CMO language, which would put SFP Track Plaintiffs at risk of dismissal. *Id*. Plaintiffs reiterated their suggestion that the parties continue the meet-and-confer process and try to work together on alternative solutions to address Defendants' concerns.

Defendants, however, dead set on presenting this issue to the Court as quickly as possible, had no interest in an "iterative and cooperative" discussion to try to find a solution. Rather, Defendants immediately asserted that Plaintiffs "have had more than a week to discuss this issue" and "have given us no reason to believe further time will be productive or yield an agreement." *See id.* at 3-4 (Defs.' 3/10/2025 email). Defendants then demanded a response by March 12, 2025. *Id*. Plaintiffs complied, responding on March 12, 2025 that "[w]e do . . . take seriously your concerns and agree that entities and counsel who have cases pending in this MDL should follow the procedures agreed to by the parties and ordered by the Court. To that end, we will communicate with non-leadership plaintiffs' counsel to remind them of their obligations. We believe that through cooperation among the parties and following the existing procedures, Defendants' concerns can be promptly resolved." *Id.* at 1-3 (Pls.' 3/12/2025 email). Plaintiffs suggested that the parties confer again to attempt to seek a resolution. *Id.* But, again demonstrating their lack of interest in engaging with Plaintiffs on this issue, Defendants filed their formal request with the Court hours later. *See* ECF 464.

## II.    DEFENDANTS HAVE NOT COMPLIED WITH THE DISCOVERY DISPUTE PROTOCOL'S CONFERRAL REQUIREMENT.

With respect to discovery disputes like this one, the Court's Discovery Dispute Protocol (CMO #17) requires the parties to meet and confer "for a period of at least 14 days" before requesting relief from the Court. ECF No. 386. Here, however, Defendants first raised their purported concerns regarding their need to revise CMO 14 on Saturday, March 11, 2025. *See* Ex. 2. Just 11 days later (8 business days), and after a single brief conferral on the issue, Defendants rushed to Court without allowing Plaintiffs to address the underlying cause of these issues with the primary offending firm. The Court should deny Defendants' request for failure to comply with the Court's directive that the parties confer for "at least 14 days" before raising discovery disputes with the Court.

## III.    THERE IS NO COMPELLING REASON TO AMEND CMO 14.

Not only are Defendants' revisions to CMO 14 unnecessary, but their proposal will also prove to be entirely unmanageable. First, Defendants' proposed changes to CMO 14 are not needed. Defendants' contention that Plaintiffs who submit a deficient PFS "are effectively granting themselves an indefinite extension on their obligations" [ECF 464 at 2] is unfounded. There is *already* a mechanism within CMO 14 for the parties to expeditiously address a deficient PFS—

namely, a motion to compel followed by a dismissal motion for continued non-compliance. *See* CMO 14 ¶ 4. Defendants' unwillingness to avail themselves of CMO 14's existing process to address deficient Plaintiff Fact Sheets (a process Defendants agreed to) is not a legitimate reason to modify the PFS Implementation Order.

Beyond being simply unnecessary, Defendants' proposal is unworkable. Defendants propose amending Paragraph 5.b.i so that they can invoke the Notice of Failure to Serve and Order to Show Cause procedures not only when a Plaintiff fails to serve a PFS, but also anytime a Plaintiff fails to "(b) answer all questions, or (c) produce documents." *Id*. Defendants also seek to rewrite Paragraph 5.c.i. to make the Order to Show Cause process applicable in any case "where a Plaintiff either (a) fails to serve a PFS; (b) *leaves answers blank or defers responding to questions*; or (c) produces *effectively no documents*." *Id*. at 6, ¶ 5.c.i (emphasis added).

Defendants' proposal would afford them complete discretion to determine what constitutes "*effectively* no documents" or whether a Plaintiff has appropriately "deferred" responding to a question when, for example, it is awaiting responsive information.[4] Unlike the operative version of CMO 14, Defendants' proposal lacks *any* guardrails to ensure that Defendants will not invoke the Order to Show Cause process for garden-variety PFS disputes. As Plaintiffs' counsel explained to Defendants, Defendants' proposal (i) ignores the posture of certain Plaintiffs' cases (including cases where, given the nature of their claims, responsive documents truly do not exist), (ii) puts Plaintiffs at the mercy of third parties who possess many of the requested documents, and (iii) allows Defendants to seek dismissal even in case in which the PBM Defendants are already *themselves* in possession of much of the information they seek through the PFS.

CMO 14 draws the important distinction between a deficient PFS response, on the one hand, and the complete absence of any response, on the other hand. Even in cases where a Plaintiff has provided substantial information in response to the PFS, Defendants' proposed modification to CMO 14 would allow Defendants to unilaterally determine a PFS to be deficient and thereby bypass the meet-and-confer process, the parties' joint letter, and the Court's resolution as to the purported deficiency. Instead, Defendants aim to be able to file an Order to Show Cause seeking dismissal of any Plaintiff's case for supposedly insufficient PFS responses, including, for example, cases in which a Plaintiff has provided responses but indicates that it requires additional time to provide additional information, and cases in which Defendants deem a Plaintiff's document production to be "effectively no documents." *Id*.

The problems with Defendants' proposal are demonstrated by the PFS response served by the Philadelphia District Attorney, a Plaintiff Defendants identified as having served a non-compliant PFS that would be subject to their amended process because no documents were provided. But it makes sense that the Philadelphia District Attorney has no documents, because he is not suing in any proprietary capacity; does not offer, administer, or sponsor any health plan; and is not suing to recover damages for overcharges incurred by the District Attorney's Office. Rather, the Philadelphia District Attorney sued Defendants in its sovereign capacity to enforce the Pennsylvania Unfair Trade Practices and Consumer Protection Law and is seeking injunctive relief,

---

[4] For example, would a Plaintiff producing 5 documents be at risk of being subject to the Order to Show Cause Process if Defendants unilaterally deem that production to be "effectively no documents"? What about Plaintiffs producing 10, 25, 50, or 100 documents?

civil penalties, disgorgement, and restitution or restoration for the damages Defendants have unlawfully caused to victims in Philadelphia. Given the nature of its claims, the vast majority of the questions in the PFS are simply not applicable, and the District Attorney's Office had no responsive documents in its possession, custody or control.

Similarly, as a general matter, much of the information sought in the PFS is exclusively in the possession of third parties, including benefits consultants, health insurance plans, and the PBM Defendants themselves. When Plaintiffs do not have certain information, they may request it from these third parties, who often fail to provide it within the time period for serving a PFS, if at all. In some circumstances, these third parties (including Defendants) refuse to provide the requested information. That is why the process in Paragraph 4 of CMO is so vital: it allows the parties to communicate about what deficiencies allegedly exist in relation to information that is not in a Plaintiff's possession, custody, or control, or any other supposedly missing information or incomplete responses. If the disputes cannot be resolved, there is a mechanism for court intervention. But Defendants' proposal would eliminate the existing framework for handling nuanced issues on a case-by-case basis.

Finally, the unrestricted discretion Defendants afford themselves in their proposal would allow Defendants to seek dismissal in circumstances where it is plainly unwarranted. Given the extreme result of having a case dismissed (and the resulting complications in having a case reinstated), due process requires the protections set forth in the existing CMO 14 procedures. And Defendants' conduct to date concerning PFS responses already served by Plaintiffs underscore the risks. As the discussions in the attached exhibits demonstrate, Defendants have hastily raised unfounded claims of deficiencies. *See, e.g.*, Ex. 4 (Defendants erroneously accusing Plaintiffs of failing to serve a PFS); Ex. 5 (Defendants incorrectly accusing Plaintiffs of failing to serve a PFS that had been timely served nearly three weeks prior); Ex. 6 (Defendants accusing Plaintiffs of failing to produce documents after Defendants' failure to download production before expiration of download link); Ex. 7 (Defendants erroneously accusing Plaintiffs of having an overdue PFS based on Defendants' miscalculation of PFS deadline being triggered by the date of complaint filing rather than by the date "the action is entered on this MDL docket"[5]). Plaintiffs are therefore justifiably concerned that Defendants are more focused on manufacturing deficiencies than conducing thorough reviews of PFS responses and related documents before making accusations that could—under Defendants' proposal—lead to the dismissal of a party's case.

\*      \*      \*

Plaintiffs are committed to ensuring that fulsome PFS responses are provided in all cases and do not condone any party failing to comply with the PFS Implementation Order. Plaintiffs also prioritize the prompt resolution of PFS-related issues or litigants who are refusing to comply with the PFS process. But CMO 14—as entered—provides an effective process for the parties and the Court to handle both deficient and un-served Plaintiff Fact Sheets. There is no need for the Court to amend CMO 14 at this time. Defendants' request should be denied.

---

[5] *See* CMO 14 ¶ 1.a.3.

Respectfully submitted,

*s/ David Buchanan*
David Buchanan

*Liaison Counsel for*
*Self-Funded Payer Track*

Attachments

cc:    Hon. Brian R. Martinotti, U.S.D.J. (*via* ECF)
       Counsel of Record (*via* ECF)

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | : | MDL No. 3080 |
|  | : |  |
| **THIS DOCUMENT RELATES TO:** | : | Case No. 2:23-md-3080-(BRM/RLS) |
| **SELF-FUNDED PAYOR TRACK** | : |  |
|  | : | **JUDGE BRIAN R. MARTINOTTI** |
|  | : | **JUDGE RUKHASANAH L. SINGH** |
|  | : |  |

**[PROPOSED] IMPLEMENTATION ORDER FOR**
**SELF-FUNDED PAYOR PLAINTIFF FACT SHEETS**

The Court hereby issues the following Case Management Order ("CMO") to govern the form, procedure, and schedule of the completion and service of Plaintiff Fact Sheets ("PFS") and the other documents referenced therein for the Self-Funded Payor Track.

## I.    APPLICABILITY AND SCOPE OF ORDER

This CMO applies to all Self-Funded Payor Plaintiffs and their counsel in (a) all actions transferred to the Self-Funded Payor Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023; (b) all related actions originally filed in or removed to this Court and included in the Self-Funded Payor Track pursuant to CMO #9, dated May 16, 2024; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML and included in the Self-Funded Payor Track, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Self-Funded Payor Actions"). The obligation to provide a PFS and related documents shall fall solely to each of the Self-Funded Payor Plaintiffs

---

[1]    As created by the Court in its CMO #3, dated December 5, 2023.

and the individual counsel of record representing a given Self-Funded Payor Plaintiff under this Order.

II.   **PLAINTIFF FACT SHEETS**

   **A. The PFS Form**

The form PFS that shall be used in the Self-Funded Payor Track of MDL No. 3080 and all Self-Funded Payor Actions is attached hereto as **Exhibit A**. In accordance with the schedule set forth below, every Self-Funded Payor Plaintiff in each Self-Funded Payor Action shall:

   1. Complete and execute a PFS;

   2. Collect and produce requested records and documents in response to the "Initial Document Requests" set forth in the PFS as maintained by Self-Funded Payor Plaintiff and their counsel (to the extent not subject to privilege and/or work-product protections);

   3. Serve the completed and executed PFS, as well as all documents requested, upon counsel for each Defendant named in the Self-Funded Payor Actions as directed in Subpart II.C.3.

   **B. Amendments & Verification**

In amending and verifying a PFS, each Plaintiff shall:

   1. Remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e);

   2. Verify, sign, and date each completed PFS as if it were interrogatory responses under Fed. R. Civ. P. 33, and treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34; and

2

3. Answer the questions in the PFS without objection, including as to relevance, proportionality, or form of the question, but excluding objections on the basis of privilege.

## C. Transmission & Timing

The following PFS deadlines shall apply:

### 1. Cases Currently Pending in This District

For Member Actions directly filed in this judicial district and entered on the MDL No. 3080 docket on or before the date of entry of this Order and for Member Actions the JPML transfers to MDL No. 3080 on or before the date of entry of this Order, each Plaintiff shall have 30 calendar days after entry of this Order to complete and submit a PFS and produce all responsive documents.

### 2. Cases Filed in or Transferred After the Entry of This Order

For Member Actions entered on the MDL No. 3080 docket or transferred to MDL No. 3080 after the date of entry of this Order, each Plaintiff shall have 30 calendar days from the date that the case becomes part of MDL No. 3080 to complete and submit a PFS and produce all responsive documents. For cases the JPML transfers to the MDL after entry of this Order, a case shall be deemed to be part of the MDL either: (1) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (2) where transfer is contested, the date of transfer in any subsequent order from the JPML.

### 3. Transmission of PFS and Other Documents to Defendants

Each Plaintiff shall submit and serve the PFS, together with all applicable appendices and responsive documents to the document requests set forth therein, by submission to SFP_PFS_service@kirkland.com. Any responsive documents shall be produced in the format set

forth in the Stipulation and Order Governing The Production of Electronically Stored Information and Hard Copy Documents. (Dkt. 208.) This method of submission shall constitute effective service of the PFS and any records.

## III.    DEFICIENCY DISPUTE RESOLUTION PROCESS

### A. Notice by Defendants of Overdue Plaintiff Fact Sheet

Any Plaintiff who fails to comply with his or her obligations under this Order may be subject to having its claims dismissed. If a Plaintiff has submitted a deficient PFS, Defendants may send a Notice of Deficient Plaintiff Fact Sheet to Plaintiff's counsel by email. If a Plaintiff has not submitted its verified PFS and/or the required documents by the applicable due dates, Defendants may send a Notice of Overdue Plaintiff Fact Sheet to Plaintiff's counsel by email.

### B. Motion to Dismiss Without Prejudice

If a Plaintiff fails to correct the deficiencies in its PFS or fails to submit its verified PFS and/or the required documents within 10 days after receipt of the Notice of Deficient Fact Sheet or Notice of Overdue Plaintiff Fact Sheet, any Defendant named in that Plaintiff's complaint may move the Court for entry of an order dismissing the Plaintiff's complaint without prejudice. A Plaintiff subject to such a motion shall have 14 days from the date of the Defendant's motion to file a response either: (1) certifying that the Plaintiff has corrected or submitted its verified PFS and/or the required documents, or (2) opposing the Defendant's motion for other reasons. Defendant shall have 7 days to file a reply from the date of Plaintiff's response in support of its motion to dismiss.

IV.    **CONFIDENTIALITY**

Plaintiff's PFS shall be deemed confidential and treated as "Confidential" as defined in the Stipulated Confidentiality Order.  (Dkt. 117.)  Documents produced pursuant to the PFS shall be subject to the Stipulated Confidentiality Order.

V.    **OTHER DISCOVERY**

This Order is without prejudice to the parties' rights to serve additional discovery at a later time, to be determined according to this Court's subsequent orders.

**IT IS SO ORDERED.**

Dated:  October X, 2024                    ENTER:


_____
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 2

| Subject: | In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets |
|---|---|
| Date: | Saturday, March 1, 2025 at 12:25:27 AM Eastern Standard Time |
| From: | Walling, Kate |
| To: | Steven Daroci, bbogle@levinlaw.com, David Buchanan, Benjamin Widlanski, Mark Pifko |
| CC: | Martin-Patterson, Ryan, *andrew.yaphe@davispolk.com, *andrei.jaffe@davispolk.com, Fassih, Elizabeth S., Grey, Sephora, *mpatterson@jonesday.com, *linterlicchio@wc.com, *Liz.Brown@alston.com, *Jordan.Edwards@alston.com, *nsuellentrop@wc.com, *Kelley.Barnaby@alston.com, *kcommons@jonesday.com, *rpeng@jonesday.com, *KOReilly@walsh.law, *SEllis@walsh.law, *LMalakoff@walsh.law, *keayre@jonesday.com, *krabatin@jonesday.com, Chisholm, Louis W., *lindsey.levy@morganlewis.com, Moorman, Ryan, Feld, Jason Adam, Zeiger, Jeffrey J., Collins, Nick |
| Attachments: | 2024.02.28 Draft Proposed Amended CMO 14(119264289.3).docx |

Counsel,

Defendants write to express their serious concern with the self-funded payer plaintiff fact sheet ("PFS") responses Plaintiffs have served to date. While nearly every PFS contains deficiencies that we will address through the process described in CMO 14 ¶ 4, a significant proportion of Plaintiffs' PFS are so deficient that they amount to a failure to respond. More than half of the plaintiffs whose deadline to respond to the PFS has passed have not produced *any* documents, violating the Court's order. *See* CMO 14, ECF 315 at 3 ("Each PFS submission must … **produce the requested documents** to the extent such documents are in Plaintiffs' possession, custody, or control.") (emphasis added). Moreover, a number of plaintiffs have left numerous questions entirely blank or else have deferred answering, instead saying only that they will "seasonably provide a further response" or "will supplement." *See, e.g.,* Cocke County PFS (nineteen blank questions); Hamblen County PFS (seventeen blank questions); City of Huntington PFS Questions 5, 15-20, 31, 34 (stating plaintiff will "seasonably provide a further response").

Plaintiffs have no excuse for their failure to respond. These Plaintiffs are not providing any information in response to basic questions about themselves and their health plans. Plaintiffs have failed to provide simple disclosures about, for example, their organizational memberships (Question 33), when they became aware of the issues raised in their complaints (Questions 23-28), and even the names of their health plans (Question 12). Some plaintiffs are only providing template responses copied from other plaintiffs, while ignoring almost all of the questions that require them to provide information about themselves. These responses are tantamount to a failure to serve.

Failures like these—which go beyond ordinary deficiencies—were not contemplated by the process outlined in CMO 14 ¶ 4. Plaintiffs submitting PFS with these issues should be subject to the Motion to Show Cause process outlined in CMO 14 ¶ 5**,** which will permit these fundamental problems to be addressed promptly and with minimal waste of the Court's and parties' time. We therefore propose amending Case Management Order No. 14; our proposed amendment is attached. Please let us know whether you oppose this proposal, and if so, times you are available to meet and confer prior to 5 p.m. ET on March 4.

**Kate Walling**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771

**F** +1 312 862 2200

_____

kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 3

**From:** Mark Pifko
**Sent:** Wednesday, March 12, 2025 3:55 PM
**To:** Walling, Kate <kate.walling@kirkland.com>; Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Tal J Lifshitz <tjl@kttlaw.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Kate,

We have had the chance to discuss and more fully consider Defendants' proposal to amend the PFS Implementation Order (CMO #14). As discussed below, we believe changes to the existing CMO are unnecessary. We do, however, take seriously your concerns and agree that entities and counsel who have cases pending in this MDL should follow the procedures agreed to by the parties and ordered the Court. To that end, we will communicate with non-leadership plaintiffs' counsel to remind them of their obligations. We believe that through cooperation among the parties and following the existing procedures, Defendants' concerns can be promptly resolved. With respect to the proposed modifications, we believe they are unnecessary for the following reasons:

(1)     The concerns identified by Defendants can be addressed through the existing procedure. In other words, if a PFS is deficient for failure to respond to a question or failure to produce responsive documents, these are deficiencies that can and should be addressed through the PFS Deficiency Dispute Resolution Process negotiated by the parties and described in Paragraph 4 of the CMO.

(2)     Under the existing process, if an entity or its counsel fails to respond and correct deficiencies within the timeframe provided, Defendants can seek dismissal of that case for failure to comply with a resulting Court Order compelling disclosure of information or documents. There is only a difference of a few weeks to get to the same place under the existing procedure versus your proposed revised procedure;

(3)     The issue you identified is primarily driven by one firm. It does not make sense to modify the existing CMO because of the conduct of a single firm. Doing so would open the doors to revisiting every single order when a single actor or a handful of actors engage in conduct causing concern;

(4)     The language in your proposed revised CMO affords Defendants unfettered discretion to seek an OSC when a PFS is simply "deemed deficient by Defendants." Not only is there no clarity as to when a PFS may be "deemed deficient," but this subjective language would permit the Defendants to seek an OSC for dismissal in circumstances where it is not appropriate (e.g., the Philadelphia DA). Due process requires the guardrails set forth in the existing procedure;

(5)     The concern now identified by Defendants was foreseeable when the parties negotiated the original language. If we are going to change the CMO, there are provisions Plaintiffs would revisit as well. This litigation will suffer from constant delay and inefficiency if every order is subject to revision under such circumstances.

In light of the above, if Defendants have an alternative suggestion for Plaintiffs to consider, please let us know, and we are happy to discuss. If Defendants insist on moving forward

despite those problems, we will respond to the arguments set forth in Defendants' briefing, including raising the points above.

**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

[www.baronandbudd.com](http://www.baronandbudd.com)

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Walling, Kate <[kate.walling@kirkland.com](mailto:kate.walling@kirkland.com)>
**Sent:** Monday, March 10, 2025 8:01 PM
**To:** Mark Pifko <[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>; Brandon Bogle <[bbogle@levinlaw.com](mailto:bbogle@levinlaw.com)>; [sdaroci@seegerweiss.com](mailto:sdaroci@seegerweiss.com); David Buchanan <[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>; Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>
**Cc:** [Ryan.Martin-Patterson@alston.com](mailto:Ryan.Martin-Patterson@alston.com); [*andrew.yaphe@davispolk.com](mailto:*andrew.yaphe@davispolk.com) <[andrew.yaphe@davispolk.com](mailto:andrew.yaphe@davispolk.com)>; [*andrei.jaffe@davispolk.com](mailto:*andrei.jaffe@davispolk.com) <[andrei.jaffe@davispolk.com](mailto:andrei.jaffe@davispolk.com)>; Fassih, Elizabeth S. <[efassih@jonesday.com](mailto:efassih@jonesday.com)>; Grey, Sephora <[sgrey@wc.com](mailto:sgrey@wc.com)>; [*mpatterson@jonesday.com](mailto:*mpatterson@jonesday.com) <[mpatterson@jonesday.com](mailto:mpatterson@jonesday.com)>; [*linterlicchio@wc.com](mailto:*linterlicchio@wc.com) <[linterlicchio@wc.com](mailto:linterlicchio@wc.com)>; [*Liz.Brown@alston.com](mailto:*Liz.Brown@alston.com) <[Liz.Brown@alston.com](mailto:Liz.Brown@alston.com)>; [*Jordan.Edwards@alston.com](mailto:*Jordan.Edwards@alston.com) <[Jordan.Edwards@alston.com](mailto:Jordan.Edwards@alston.com)>; [*nsuellentrop@wc.com](mailto:*nsuellentrop@wc.com) <[nsuellentrop@wc.com](mailto:nsuellentrop@wc.com)>; [*Kelley.Barnaby@alston.com](mailto:*Kelley.Barnaby@alston.com) <[Kelley.Barnaby@alston.com](mailto:Kelley.Barnaby@alston.com)>; [*kcommons@jonesday.com](mailto:*kcommons@jonesday.com) <[kcommons@jonesday.com](mailto:kcommons@jonesday.com)>; [*rpeng@jonesday.com](mailto:*rpeng@jonesday.com) <[rpeng@jonesday.com](mailto:rpeng@jonesday.com)>; [*KOReilly@walsh.law](mailto:*KOReilly@walsh.law) <[KOReilly@walsh.law](mailto:KOReilly@walsh.law)>; [*SEllis@walsh.law](mailto:*SEllis@walsh.law) <[SEllis@walsh.law](mailto:SEllis@walsh.law)>; [*LMalakoff@walsh.law](mailto:*LMalakoff@walsh.law) <[LMalakoff@walsh.law](mailto:LMalakoff@walsh.law)>; [*keayre@jonesday.com](mailto:*keayre@jonesday.com) <[keayre@jonesday.com](mailto:keayre@jonesday.com)>; [*krabatin@jonesday.com](mailto:*krabatin@jonesday.com) <[krabatin@jonesday.com](mailto:krabatin@jonesday.com)>; Chisholm, Louis W. <[louis.chisholm@davispolk.com](mailto:louis.chisholm@davispolk.com)>; [*lindsey.levy@morganlewis.com](mailto:*lindsey.levy@morganlewis.com) <[lindsey.levy@morganlewis.com](mailto:lindsey.levy@morganlewis.com)>; Moorman, Ryan <[ryan.moorman@kirkland.com](mailto:ryan.moorman@kirkland.com)>; Feld, Jason Adam <[jason.feld@kirkland.com](mailto:jason.feld@kirkland.com)>; Zeiger, Jeffrey J. <[jzeiger@kirkland.com](mailto:jzeiger@kirkland.com)>; Collins, Nick <[nick.collins@kirkland.com](mailto:nick.collins@kirkland.com)>

**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Mark, we disagree with your characterization of the process so far, our position, and appropriate next steps. As we explained, our proposal relates to the process to address deficiencies that essentially amount to a failure to provide a PFS. Most importantly, Plaintiffs have had more than a week to discuss this issue with other stakeholders, not one business day. You have given us no reason to believe further time will be productive or yield an agreement, since you have not even recognized that there is a problem, much less proposed an alternative solution, or committed to doing so. Please provide us a specific counterproposal by 5 p.m. E.T. Wednesday, March 12.

**Kate Walling**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-----------------------------------------------------
kate.walling@kirkland.com

**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Friday, March 7, 2025 6:38 PM
**To:** Walling, Kate <kate.walling@kirkland.com>; Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>;

*KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>

**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Kate,

Thank you for your email.  While we raised some concerns, we certainly are not at an impasse based on a single conversation with your group on this topic.  Most critically, as Brandon and I explained during the call, there are other stakeholders in this process and we need to discuss this with them.  Although we only had your list of example plaintiffs whose PFS responses purportedly are so deficient that they are essentially non-responsive, we provided examples to you regarding how the literal application of your proposed amended CMO language would be overinclusive and wrongfully include certain plaintiffs (e.g., the Philadelphia DA is not suing about its own health plan and thus, does not have responsive documents based on the language of the requests).  What you are asking for has significant implications because it puts certain plaintiffs at risk of dismissal and neither side should rush to do so without a fulsome discussion and evaluation of the complete circumstances.  It was clear to us that with examples like the Philadelphia DA case, defendants have not fully considered the situation either; your only response was that defendants would use their discretion not to seek dismissal in that situation.  Like you, we want this litigation to run as efficiently as possible and if a litigant is refusing to comply with the procedures of this MDL, it is in all parties' interests to address it promptly.  But neither side should push for a process that cuts off a party's rights without sufficient process.  To that end, we asked that you look at other litigation to see if there is alternative language from another case that would address your concerns and we said we would do the same.  I'm certain the Court would expect us to do that and have another discussion among the parties before we submit this dispute for resolution.  Finally, I note that on many occasions, defendants have taken issue with the unilateral setting of a one business day deadline to respond.  We would appreciate the same professional courtesy we've extended to you in such situations, particularly where most of our team will be traveling on Monday to attend the conference on Tuesday.  We will get back to you as expeditiously as possible.

**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

[www.baronandbudd.com](www.baronandbudd.com)

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Walling, Kate <[kate.walling@kirkland.com](mailto:kate.walling@kirkland.com)>
**Sent:** Friday, March 7, 2025 2:01 PM
**To:** Brandon Bogle <[bbogle@levinlaw.com](mailto:bbogle@levinlaw.com)>; [sdaroci@seegerweiss.com](mailto:sdaroci@seegerweiss.com); David Buchanan <[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>; Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>; Mark Pifko <[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>
**Cc:** [Ryan.Martin-Patterson@alston.com](mailto:Ryan.Martin-Patterson@alston.com); [*andrew.yaphe@davispolk.com](mailto:andrew.yaphe@davispolk.com) <[andrew.yaphe@davispolk.com](mailto:andrew.yaphe@davispolk.com)>; [*andrei.jaffe@davispolk.com](mailto:andrei.jaffe@davispolk.com) <[andrei.jaffe@davispolk.com](mailto:andrei.jaffe@davispolk.com)>; Fassih, Elizabeth S. <[efassih@jonesday.com](mailto:efassih@jonesday.com)>; Grey, Sephora <[sgrey@wc.com](mailto:sgrey@wc.com)>; [*mpatterson@jonesday.com](mailto:mpatterson@jonesday.com) <[mpatterson@jonesday.com](mailto:mpatterson@jonesday.com)>; [*linterlicchio@wc.com](mailto:linterlicchio@wc.com) <[linterlicchio@wc.com](mailto:linterlicchio@wc.com)>; [*Liz.Brown@alston.com](mailto:Liz.Brown@alston.com) <[Liz.Brown@alston.com](mailto:Liz.Brown@alston.com)>; [*Jordan.Edwards@alston.com](mailto:Jordan.Edwards@alston.com) <[Jordan.Edwards@alston.com](mailto:Jordan.Edwards@alston.com)>; [*nsuellentrop@wc.com](mailto:nsuellentrop@wc.com) <[nsuellentrop@wc.com](mailto:nsuellentrop@wc.com)>; [*Kelley.Barnaby@alston.com](mailto:Kelley.Barnaby@alston.com) <[Kelley.Barnaby@alston.com](mailto:Kelley.Barnaby@alston.com)>; [*kcommons@jonesday.com](mailto:kcommons@jonesday.com) <[kcommons@jonesday.com](mailto:kcommons@jonesday.com)>; [*rpeng@jonesday.com](mailto:rpeng@jonesday.com) <[rpeng@jonesday.com](mailto:rpeng@jonesday.com)>; [*KOReilly@walsh.law](mailto:KOReilly@walsh.law) <[KOReilly@walsh.law](mailto:KOReilly@walsh.law)>; [*SEllis@walsh.law](mailto:SEllis@walsh.law) <[SEllis@walsh.law](mailto:SEllis@walsh.law)>; [*LMalakoff@walsh.law](mailto:LMalakoff@walsh.law) <[LMalakoff@walsh.law](mailto:LMalakoff@walsh.law)>; [*keayre@jonesday.com](mailto:keayre@jonesday.com) <[keayre@jonesday.com](mailto:keayre@jonesday.com)>; [*krabatin@jonesday.com](mailto:krabatin@jonesday.com) <[krabatin@jonesday.com](mailto:krabatin@jonesday.com)>; Chisholm, Louis W. <[louis.chisholm@davispolk.com](mailto:louis.chisholm@davispolk.com)>; [*lindsey.levy@morganlewis.com](mailto:lindsey.levy@morganlewis.com) <[lindsey.levy@morganlewis.com](mailto:lindsey.levy@morganlewis.com)>; Moorman, Ryan <[ryan.moorman@kirkland.com](mailto:ryan.moorman@kirkland.com)>; Feld, Jason Adam <[jason.feld@kirkland.com](mailto:jason.feld@kirkland.com)>; Zeiger, Jeffrey J. <[jzeiger@kirkland.com](mailto:jzeiger@kirkland.com)>; Collins, Nick <[nick.collins@kirkland.com](mailto:nick.collins@kirkland.com)>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Brandon,

I write to follow up on our call this morning regarding the proposed amendment to CMO 14. On the call, you and your colleagues did not agree with our proposal, objected to the language, and effectively took the position that the existing deficiency letter process should address our concerns.  Although we sent you our proposal a week ago so that you would have time to consider the narrow, revised language, you were unable to provide a clear articulation of your position or counterproposal. Instead, you stated you would reach out to counsel for the specific Self-Funded Payer Plaintiffs we mentioned as examples of the issue. As we noted on our call, this is not a plaintiff specific issue. The goal of Defendants' proposed amendment to the CMO is to establish an efficient process to address both *existing* and *future* fact sheet responses that fall into this category.

Your comments during the Parties' meet and confer suggest that Plaintiffs do not agree to Defendants' proposed amendments to the CMO.  If Plaintiffs do not have an alternative process for addressing the problems we have identified, we are at impasse and will raise this issue with the Court. Please provide us a specific counterproposal by 5 p.m. E.T. Monday, March 10.

**Kate Walling**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-------------------------------------------------------
kate.walling@kirkland.com

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Thursday, March 6, 2025 3:30 PM
**To:** Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com

# EXHIBIT 4

**From:** Mark Pifko
**Sent:** Thursday, January 2, 2025 4:26 PM
**To:** Gribakov Jaffe, Andrei <andrei.jaffe@davispolk.com>; Russell Budd <RBUDD@BARONBUDD.COM>; Chris Mansour <cmansour@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>
**Cc:** bwidlanski@kttlaw.com; dbuchanan@seegerweiss.com; Brandon Bogle <BBogle@levinlaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Potischman, Neal <neal.potischman@davispolk.com>; novo.chaires <novo.chaires@davispolk.com>
**Subject:** RE: Kentucky Laborers' District Council Health and Welfare Fund v. Eli Lilly and Company, et al., Case No. 2:24-cv-07091

Andrei,

The Kentucky Laborers' District Council Health and Welfare Fund's plaintiff fact sheet and related production was served to defendants' service email (Ext-MDL-Insulin-SFP-JDG@Kirkland.com) on December 30, 2024.  See attached.

**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Gribakov Jaffe, Andrei <andrei.jaffe@davispolk.com>
**Sent:** Thursday, January 2, 2025 3:49 PM
**To:** Mark Pifko <MPifko@baronbudd.com>; Russell Budd <RBUDD@BARONBUDD.COM>; Chris Mansour <cmansour@baronbudd.com>; Burton LeBlanc

<bleblanc@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Catherine Dorsey
<cdorsey@baronbudd.com>
**Cc:** bwidlanski@kttlaw.com; dbuchanan@seegerweiss.com; Brandon Bogle
<BBogle@levinlaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>;
Potischman, Neal <neal.potischman@davispolk.com>; novo.chaires
<novo.chaires@davispolk.com>
**Subject:** Kentucky Laborers' District Council Health and Welfare Fund v. Eli Lilly and
Company, et al., Case No. 2:24-cv-07091


Counsel,


Kentucky Laborers' District Council Health and Welfare Fund's plaintiff fact sheet and
related production was due on December 30, 2024.  *See* ECF No. 315 ¶ 1(a)(ii) (CMO No.
14).  To date, we have not received either, and are therefore notifying you of a failure to
serve pursuant to CMO No. 14 ¶ 5(b).  Please tender an executed and substantially
completed PFS and production, or if Kentucky Laborers' District Council Health and
Welfare Fund in fact served a fact sheet and production on December 30, please advise us
whom you served.


Best,

Andrei

**Andrei Gribakov Jaffe**

+1 650 752 2026 office
+1 650 519 7684 mobile

andrei.jaffe@davispolk.com

---

**Davis Polk & Wardwell LLP**

Confidentiality Note: This email is intended only for the person or entity to which it is
addressed and may contain information that is privileged, confidential or otherwise
protected from disclosure. Unauthorized use, dissemination, distribution or copying of this
email or the information herein or taking any action in reliance on the contents of this email
or the information herein, by anyone other than the intended recipient, or an employee or

agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

# EXHIBIT 5

**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Monday, February 10, 2025 9:43 AM
**To:** Walling, Kate <kate.walling@kirkland.com>; Chris Mansour <cmansour@baronbudd.com>; SDaroci@seegerweiss.com; Catherine Dorsey <cdorsey@baronbudd.com>; Krystal Farias <KFarias@baronbudd.com>; rs@kttlaw.com; bbogle@levinlaw.com; dbuchanan@seegerweiss.com; bwidlanski@kttlaw.com
**Cc:** Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Kearney, Ryan <ryan.kearney@kirkland.com>; Stilley, Tyler <tyler.stilley@kirkland.com>
**Subject:** RE: Fairfax County, Virginia by Its Board of Supervisors v. Eli Lilly and Company et al., 2:24-cv-10171-BRM-RLS || Notice of Failure to Serve


Kate,


It was served on January 21, 2025. See attached emails. This is the third time I am aware of where Defendants claim a fact sheet was not served when in fact it was. We ask that Defendants please carefully check your records before asserting that a deficiency exists.


**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.


**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Monday, February 10, 2025 7:04 AM
**To:** Chris Mansour <cmansour@baronbudd.com>; SDaroci@seegerweiss.com; Mark Pifko <MPifko@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Krystal Farias <KFarias@baronbudd.com>; rs@kttlaw.com; bbogle@levinlaw.com;

dbuchanan@seegerweiss.com; bwidlanski@kttlaw.com
**Cc:** Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam
<jason.feld@kirkland.com>; Kearney, Ryan <ryan.kearney@kirkland.com>; Stilley, Tyler
<tyler.stilley@kirkland.com>
**Subject:** Fairfax County, Virginia by Its Board of Supervisors v. Eli Lilly and Company et al.,
2:24-cv-10171-BRM-RLS || Notice of Failure to Serve

Counsel,

Fairfax County, Virginia's plaintiff fact sheet and related production was due on January 21,
2025.  See ECF No. 315 ¶ 1(a)(ii) (CMO No. 14).  To date, we have not received either, and
are therefore notifying you of a failure to serve pursuant to CMO No. 14 ¶ 5(b).  Please
tender an executed and substantially completed PFS and production, or if Fairfax County,
Virginia in fact served a fact sheet and production on January 21, 2025, please advise us
whom you served.

Best,

**Kate Walling**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-------------------------------------------------------
kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its

affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 6

**From:** "Walling, Kate" <kate.walling@kirkland.com>
**Date:** March 6, 2025 at 9:36:47 AM CST
**To:** Jessica Martinez <jmartinez@baronbudd.com>, adam.wingard@morganlewis.com
**Subject: RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet**

Received, thank you Jessica.

**Kate Walling**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-------------------------------------------------------
kate.walling@kirkland.com

**From:** Jessica Martinez <jmartinez@baronbudd.com>
**Sent:** Thursday, March 6, 2025 9:32 AM
**To:** *adam.wingard@morganlewis.com <adam.wingard@morganlewis.com>
**Cc:** Walling, Kate <kate.walling@kirkland.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Good morning, Attached is the Plaintiff Fact Sheet for Fairfax County, Virginia. Will you please confirm upon receipt? Thank you, Jessica Martinez Opioid Litigation - Paralegal 214.521.3605 main 214.523.6293 direct 972.741.8500 mobile www.baronandbudd.com

Thank you,

**Jessica Martinez**

Opioid Litigation - Paralegal

214.521.3605 main
214.523.6293 direct
972.741.8500 mobile

[www.baronandbudd.com](http://www.baronandbudd.com)

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.

**From:** Wingard, Adam Taylor <[adam.wingard@morganlewis.com](mailto:adam.wingard@morganlewis.com)>
**Sent:** Thursday, March 6, 2025 6:55 AM
**To:** Jessica Martinez <[jmartinez@baronbudd.com](mailto:jmartinez@baronbudd.com)>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Thank you, Jessica.  Was the PFS circulated?  I don't see it in the zip?

**Adam Taylor Wingard**

Senior Paralegal

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.373.6546 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

[adam.wingard@morganlewis.com](mailto:adam.wingard@morganlewis.com) | [www.morganlewis.com](http://www.morganlewis.com)



**From:** Jessica Martinez <[jmartinez@baronbudd.com](mailto:jmartinez@baronbudd.com)>
**Sent:** Wednesday, March 5, 2025 5:45 PM
**To:** Walling, Kate <[kate.walling@kirkland.com](mailto:kate.walling@kirkland.com)>
**Cc:** #MDL Insulin SFP JDG Service <[Ext-MDL-Insulin-SFP-JDG@kirkland.com](mailto:Ext-MDL-Insulin-SFP-JDG@kirkland.com)>;
[*novo.chaires@davispolk.com](mailto:*novo.chaires@davispolk.com) <[novo.chaires@davispolk.com](mailto:novo.chaires@davispolk.com)>; Mark Pifko
<[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>; Chris Mansour <[cmansour@baronbudd.com](mailto:cmansour@baronbudd.com)>; Catherine

Dorsey <cdorsey@baronbudd.com>; Krystal Farias <KFarias@baronbudd.com>

**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Ms. Walling, I am providing you with the FTP link for the Fairfax County, Virginia production. Production Volume: Insulin_Fairfax County_Vol01 Bates Range: Insulin_Fairfax County_00000001 - Insulin_Fairfax County_00010186 FTP: https://ftp.ilsteam.com/public/file/98wquvvpce_ociddj1u80a/Insulin_Fairfax%20County_ Vol01.zip

[EXTERNAL EMAIL]

Ms. Walling,

I am providing you with the FTP link for the Fairfax County, Virginia production.

**Production Volume:** Insulin_Fairfax County_Vol01

**Bates Range:** Insulin_Fairfax County_00000001 - Insulin_Fairfax County_00010186

**FTP:** https://ftp.ilsteam.com/public/file/98wquvvpce_ociddj1u80a/Insulin_Fairfax%20County_V ol01.zip

**Password:** 6cIQcd9rW*Hr

Please let me know if you encounter any issues.

Thank you,

Jessica Martinez

**Jessica Martinez**

Litigation Paralegal

214.521.3605 main
214.523.6293 direct
972.741.8500 mobile

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.


**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Wednesday, March 5, 2025 3:24 PM
**To:** Jessica Martinez <jmartinez@baronbudd.com>
**Cc:** #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet


Jessica, could you please resend the production via an FTP, as Krystal did with the clawback set, as that may avoid the technical issue with the attachment? Or I'm available to discuss other approaches, thanks.


**Kate Walling**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-------------------------------------------------------
kate.walling@kirkland.com


**From:** Walling, Kate
**Sent:** Wednesday, March 5, 2025 3:21 PM
**To:** 'Mark Pifko' <MPifko@baronbudd.com>; *lindsey.levy@morganlewis.com

<lindsey.levy@morganlewis.com>; Krystal Farias <KFarias@baronbudd.com>; Jessica Martinez <jmartinez@baronbudd.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; *wespivey@kaufcan.com <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet


We will coordinate with Jessica.


**Kate Walling**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
-------------------------------------------------------
kate.walling@kirkland.com


**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Wednesday, March 5, 2025 3:00 PM
**To:** Walling, Kate <kate.walling@kirkland.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Krystal Farias <KFarias@baronbudd.com>; Jessica Martinez <jmartinez@baronbudd.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson

<AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; *wespivey@kaufcan.com <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

We sent it two times and separately, Ben Widlanski sent it to you as well in case there was some issue with you receiving emails from Baron & Budd.  I suggest you coordinate with Jessica Martinez on our team, who is copied here, to work directly on an alternative method to ensure receipt.  In the meantime, to avoid any future issues, please check with the IT team running defendants' listserv to make sure all the emails are going through.  All of our team members who were copied on the communications received them.


**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Wednesday, March 5, 2025 12:29 PM
**To:** Mark Pifko <MPifko@baronbudd.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Krystal Farias <KFarias@baronbudd.com>; Jessica Martinez <jmartinez@baronbudd.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; *wespivey@kaufcan.com <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet


Mark, I believe you're referencing our conversation; in that conversation, we discussed that Fairfax County's PFS was not received, nor were the emails re-attaching it, and that there was an apparent technical issue with the transmittal. We do not have the production; please resend via an FTP, as you did with the clawback set, as that may avoid the technical issue with the attachment, or I'm happy to discuss other approaches. Thanks.


**Kate Walling**
--------------------------------------------------------

**KIRKLAND & ELLIS LLP**

333 West Wolf Point Plaza, Chicago, IL 60654

**T** +1 312 862 3727  **M** +1 312 825 2771

**F** +1 312 862 2200

-------------------------------------------------------

kate.walling@kirkland.com


**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Wednesday, March 5, 2025 1:09 PM
**To:** *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Krystal Farias <KFarias@baronbudd.com>; Jessica Martinez <jmartinez@baronbudd.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; *wespivey@kaufcan.com <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Lindsey,


Your statement that you didn't receive a copy of Fairfax County's PFS is puzzling given that the transmission of it is part of this email thread.  Moreover, I had multiple email exchanges with defendants about how this specific PFS was served, including re-attaching the emails sending it and asking that defendants check their records before asserting that a deficiency exists.  Please coordinate with each other and confirm what you have before reaching out to us.


**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Levy, Lindsey <lindsey.levy@morganlewis.com>
**Sent:** Wednesday, March 5, 2025 9:54 AM
**To:** Krystal Farias <KFarias@baronbudd.com>; Jessica Martinez
<jmartinez@baronbudd.com>; Ext-MDL-Insulin-SFP-JDG@Kirkland.com
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Mark Pifko <MPifko@baronbudd.com>;
Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour
<cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon
Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David
Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone
<dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna
Avila <BAvila@baronbudd.com>; Spivey, W. Edgar <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.;
Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Counsel,

Counsel for Express Scripts never received the production or earlier correspondence
referenced in your February 27 email below and thus is not in possession of records
requiring destruction.  Please forward a copy of Fairfax County's PFS and corresponding
production of documents at your earliest convenience.

Thanks,

Lindsey

**Lindsey Levy**

Pronouns: She/Her/Hers

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.739.5724 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

lindsey.levy@morganlewis.com | www.morganlewis.com

<image001.jpg>

**From:** Krystal Farias <KFarias@baronbudd.com>
**Sent:** Thursday, February 27, 2025 11:54 AM
**To:** Jessica Martinez <jmartinez@baronbudd.com>; Ext-MDL-Insulin-SFP-JDG@Kirkland.com
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Mark Pifko <MPifko@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; Spivey, W. Edgar <wespivey@kaufcan.com>
**Subject:** Re: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

[EXTERNAL EMAIL]

Dear Counsel:

We write to formally request the destruction of certain documents inadvertently produced in the above-referenced matter. Specifically, two copies of the following Excel spreadsheet titled "FCG Diabetes Report 2011 - Present_ Count _ RX.xlsx" (Insulin_Fairfax County_00001446 and Insulin_Fairfax County_00010186) were inadvertently produced. These documents contain confidential and privileged information that should not have been disclosed.

We note that this Excel spreadsheet contains responsive information relevant to the Plaintiff Fact Sheet. Accordingly, we are replacing the document with a redacted version. The limited production of this document can be accessed at the following location: https://ftp.ilsteam.com/public/file/j5uv9oifgki0nvaanbeura/Insulin_Fairfax%20County_Vol 02.zip, with the following password: +Uw9xx4w#ms9.

The following location contains the clawback set:

https://ftp.ilsteam.com/public/file/o6hsqplgeeekgwbpmkkcgq/Insulin_Fairfax%20County%20-%20Clawback.zip. The password is a3fnE-wZm$Ie.

**Request for Immediate Action:** We respectfully request that you take the following actions without delay:

1. **Cease any further review, use, or dissemination** of the identified documents and any information derived therefrom.

1. **Return or destroy all copies** of the documents in your possession, custody, or control, including any electronic or physical copies and any notes or analyses referencing the contents of the documents.

1. **Confirm in writing** the completion of the foregoing actions within seven (7) days from the date of this correspondence.

If you contest this clawback request, we request that you sequester the materials immediately and refrain from further review or use until the matter is resolved. If necessary, we are prepared to meet and confer to address any concerns regarding this issue.

Please do not hesitate to contact us should you require further clarification. We appreciate your prompt attention to this matter and your cooperation in ensuring compliance with applicable discovery obligations.

Sincerely,

**Krystal Farias**

Attorney


818.839.2333 main
214.329.1654 direct
469.340.7647 mobile

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.

**From:** Jessica Martinez <jmartinez@baronbudd.com>
**Sent:** Tuesday, January 21, 2025 7:29 PM
**To:** Ext-MDL-Insulin-SFP-JDG@Kirkland.com <Ext-MDL-Insulin-SFP-JDG@Kirkland.com>
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Mark Pifko <MPifko@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Krystal Farias <KFarias@baronbudd.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; Spivey, W. Edgar <wespivey@kaufcan.com>
**Subject:** RE: Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Counsel,

Please see attached. The certification page was inadvertently omitted from my previous email.

Thank you,

**Jessica Martinez**

Litigation Paralegal

214.521.3605 main
214.523.6293 direct
972.741.8500 mobile

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.

**From:** Jessica Martinez
**Sent:** Tuesday, January 21, 2025 8:17 PM
**To:** Ext-MDL-Insulin-SFP-JDG@Kirkland.com
**Cc:** Russell Budd <RBUDD@BARONBUDD.COM>; Mark Pifko <MPifko@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Chris Mansour <cmansour@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Krystal Farias <KFarias@baronbudd.com>; Dan Alberstone <dalberstone@baronbudd.com>; Amelia Wilson <AWILSON@baronbudd.com>; Bryanna Avila <BAvila@baronbudd.com>; Spivey, W. Edgar <wespivey@kaufcan.com>
**Subject:** Fairfax County, Virginia, by its Supervisors v. Eli Lilly and Company, et al.; Case No.: 2:24-cv-10171-BRM-RLS; Service of Plaintiff Fact Sheet

Counsel,

Attached please find Plaintiff Fairfax County, Virginia's Plaintiff Fact Sheet and production letter.

Thank you,

**Jessica Martinez**

Litigation Paralegal

214.521.3605 main
214.523.6293 direct
972.741.8500 mobile

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 7

**From:** Mark Pifko
**Sent:** Tuesday, March 18, 2025 3:48 PM
**To:** Walling, Kate <kate.walling@kirkland.com>; bcash@levinlaw.com; btimmons@levinlaw.com; Russell Budd <RBUDD@BARONBUDD.COM>; Chris Mansour <cmansour@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; tjl@kttlaw.com; jpiedra@kttlaw.com; rs@kttlaw.com; cseeger@seegerweiss.com; sdaroci@seegerweiss.com; bbogle@levinlaw.com; dbuchanan@seegerweiss.com; bwidlanski@kttlaw.com; Krystal Farias <KFarias@baronbudd.com>; Meaghan Goldstein <mgoldstein@kttlaw.com>; Cameron Moody <cmoody@kttlaw.com>
**Cc:** #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Kearney, Ryan <ryan.kearney@kirkland.com>; Stilley, Tyler <tyler.stilley@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: MDL 3080 Erroneous PFS Failure to Serve Notices

Kate,

The issue is not merely academic because given the false record set forth in Defendants' erroneous failure to serve notices, we need to make it clear that none of these cases are properly within the deficiency process identified in the CMO.  All of the cases below are in full compliance with the Court's orders.  Irrespective of whether you believe it is productive, our communications are necessary because Defendants keep sending erroneous deficiency notices.  As we previously requested, we ask that Defendants more carefully check their records before sending such emails.  We will timely provide a PFS for each case consistent with the deadlines set forth below, noting, however, that March 22 is a Saturday, so the cases with that date will serve their PFS on the following Monday (March 24, 2025).

**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Tuesday, March 18, 2025 3:26 PM
**To:** Mark Pifko <MPifko@baronbudd.com>; bcash@levinlaw.com;
btimmons@levinlaw.com; Russell Budd <RBUDD@BARONBUDD.COM>; Chris Mansour
<cmansour@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Roland
Tellis <rtellis@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>;
tjl@kttlaw.com; jpiedra@kttlaw.com; rs@kttlaw.com; cseeger@seegerweiss.com;
sdaroci@seegerweiss.com; bbogle@levinlaw.com; dbuchanan@seegerweiss.com;
bwidlanski@kttlaw.com; Krystal Farias <KFarias@baronbudd.com>; Meaghan Goldstein
<mgoldstein@kttlaw.com>; Cameron Moody <cmoody@kttlaw.com>
**Cc:** #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; Moorman,
Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>;
Kearney, Ryan <ryan.kearney@kirkland.com>; Stilley, Tyler <tyler.stilley@kirkland.com>;
Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: MDL 3080 Erroneous PFS Failure to Serve Notices

Mark, as we stated in our March 13 email, we disagree with Plaintiffs' interpretation of CMO #14 and stand by the calculation of the deadlines we have provided. Not all actions are direct-filed, some are removed, and therefore CMO 14 cannot "simply say actions direct filed in the MDL are due within 60 days." The issue remains academic and discussion unproductive, since all the plaintiffs you highlighted have due dates within the 14-day window.

**Kate Walling**
--------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200
--------------------------------------------------------
kate.walling@kirkland.com

**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Monday, March 17, 2025 9:46 PM
**To:** Collins, Nick <nick.collins@kirkland.com>; bcash@levinlaw.com; btimmons@levinlaw.com; Russell Budd <RBUDD@BARONBUDD.COM>; Chris Mansour <cmansour@baronbudd.com>; Burton LeBlanc <bleblanc@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Catherine Dorsey <cdorsey@baronbudd.com>; tjl@kttlaw.com; jpiedra@kttlaw.com; rs@kttlaw.com; cseeger@seegerweiss.com; sdaroci@seegerweiss.com; bbogle@levinlaw.com; dbuchanan@seegerweiss.com; bwidlanski@kttlaw.com; Krystal Farias <KFarias@baronbudd.com>; Meaghan Goldstein <mgoldstein@kttlaw.com>; Cameron Moody <cmoody@kttlaw.com>
**Cc:** #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Kearney, Ryan <ryan.kearney@kirkland.com>; Stilley, Tyler <tyler.stilley@kirkland.com>; Walling, Kate <kate.walling@kirkland.com>
**Subject:** MDL 3080 Erroneous PFS Failure to Serve Notices

Counsel,

We write regarding the erroneous PFS failure to serve notices you sent this evening concerning the cases listed below.  As you know from our discussion last week, the logic of which we all agreed to, the PFS is due 60 days from when the case is "entered on the MDL docket" not the date of filing.  As the plain language of CMO #14 states, "Plaintiffs in actions filed in or removed to this MDL after the date of this Order shall complete and provide documents responsive to the PFS within 60 days after the action is entered on this MDL docket."  See ECF No. 315 ¶ 1(a)(iii) (CMO No. 14) (emphasis added).

If the filing date was the due date, the order would simply say actions direct filed in the MDL are due within 60 days of filing.  The language emphasized above, "after the action is entered on this MDL docket," would not be necessary.  Moreover, the Court would not need to create separate line item docket entries for each matter days after the filing date saying, the "case is part of MDL3080."  Selecting any other date would require ignoring all the above.  Indeed, when we discussed this last week, you had nothing to provide to the contrary.

Correctly applying the language of CMO #14 to the facts of each case, the due dates are as follows:

- North Atlantic States Carpenters Health Benefits Fund v. Eli Lilly and Company et al., 2:25-cv-00300-BRM-RLS

  Docketed in the MDL January 17, 2025;

  PFS Due 60 days from then or **March 18, 2025**.

- Dickinson Iron Intermediate School District v. Eli Lilly and Company et al., 2:25-cv-00320-BRM-RLS

  Docketed in the MDL January 17, 2025;

  PFS Due 60 days from then or **March 18, 2025**.

- Lincoln County, North Carolina v. Eli Lilly and Company et al. v. Eli Lilly and Company et al., 2:25-cv-00364-BRM-RLS

  Docketed in the MDL January 17, 2025;

  PFS Due 60 days from then or **March 18, 2025**.

- Milwaukee County, Wisconsin v. Eli Lilly and Company et al. v. Eli Lilly and Company et al., 2:25-cv-00378-BRM-RLS

  Docketed in the MDL January 21, 2025;

  PFS Due 60 days from then or **March 22, 2025**.

- Silgan Plastics Corporation, et al. v. Eli Lilly and Company et al., 2:25-cv-00381-BRM-RLS

  Docketed in the MDL January 21, 2025;

  PFS Due 60 days from then or **March 22, 2025**.

- Silgan Containers Manufacturing Corp. et al. v. Eli Lilly and Company et al., 2:25-cv-00384-BRM-RLS

  Docketed in the MDL January 21, 2025;

PFS Due 60 days from then or **March 22, 2025**.

- Hall County, Georgia v. Eli Lilly and Company et al., 2:25-cv-00386-BRM-RLS

  Docketed in the MDL January 21, 2025;

  PFS Due 60 days from then or **March 22, 2025**.

- City of Greensboro, North Carolina v. Eli Lilly and Company et al., 2:25-cv-00388-BRM-RLS

  Docketed in the MDL January 21, 2025;

  PFS Due 60 days from then or **March 22, 2025**.

- City of Winston-Salem, North Carolina v. Eli Lilly and Company et al., 2:25-cv-00373-BRM-RLS

  Docketed in the MDL January 21, 2025;

  PFS Due 60 days from then or **March 22, 2025**.

**Mark Pifko**

Baron & Budd, P.C. | Shareholder

310.467.7799 mobile

818.839.2325 direct

818.839.2333 main

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.