**SeegerWeiss** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA • NEWTON, MA

March 28, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    In re: Insulin Pricing Litigation, MDL No. 3080
              Case No. 2:23-md-03080-BRM-RLS

Dear Judge Singh:

      We write in response to Defendants' Request for Leave to File a Reply in Support of Their Request to Amend Case Management Order No. 14, filed yesterday evening [ECF No. 477]. In their Request, Defendants argue that they should be permitted to file a reply brief because they "confined their pre-motion letter to three pages, as required by Case Management Order No. 5 ¶¶ IV(3)-(4), but Self-Funded Payer Track Plaintiffs did not do the same in their response." ECF No. 477 at 1. But CMO 5 imposes a three-page limit only on "a pre-motion letter." CMO 5 [ECF No. 127] ¶¶ IV(3)-(4). Disputes under the Court's Discovery Dispute Protocol, however, are not "pre-motion letters." Rather, as the Discovery Dispute Protocol specifies, these disputes are "fully presented to the Court" and "ripe for discussion." CMO 17 [ECF No. 386] ¶ 3. Nowhere does the Protocol refer to submissions thereunder as "pre-motion letters" or impose any page-limitations beyond those contained in the Local Rules. In fact, the parties' prior submissions in connection with their initial disputes under the Discovery Dispute Protocol all exceeded three pages.[1] *See* ECF Nos. 397-99, 410-12.

      The Discovery Dispute Protocol disallows reply submissions, and the Court should deny Defendants' request here based on their mischaracterization of their submission as a "pre-motion letter." We thank the Court for its continuing attention to this matter.

                                  Respectfully submitted,

                                    *s/ David R. Buchanan*
                                    David R. Buchanan
                                    *Liaison Counsel for*
                                    *Self-Funded Payer Track*

cc:    Honorable Brian R. Martinotti, U.S.D.J. (*via* ECF)
        All Counsel of Record (*via* ECF)

---

[1] Plaintiffs have complied with CMO #5's requirement when filing pre-motion letters. *See, e.g.*, ECF No. 438 (Plaintiffs' three-page pre-motion letter requesting leave to file motion to compel compliance with third-party subpoena).