# Exhibit 1

| | |
|---|---|
| **From:** | Patterson, Melissa L. |
| **To:** | William Shinoff |
| **Cc:** | Walling, Kate; James Frantz; Regina Bagdasarian; Kristin Westphal; #MDL Insulin SFP JDG Service; *novo.chaires@davispolk.com; sdaroci@seegerweiss.com |
| **Subject:** | RE: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 \|\| Deficiency Notice re Plaintiff Fact Sheet |
| **Date:** | Monday, March 24, 2025 10:51:42 AM |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Thanks, William. Wanted to follow up on scheduling a meet-and-confer. Are you available on Tuesday at 2 PM ET, or Wednesday at 4 PM ET?

Melissa Lim Patterson
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.4271
mpatterson@jonesday.com

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Wednesday, March 19, 2025 4:12 PM
**To:** Patterson, Melissa L. <mpatterson@jonesday.com>
**Cc:** Kate Walling <kate.walling@kirkland.com>; James Frantz <jfrantz@frantzlawgroup.com>; Regina Bagdasarian <regina@frantzlawgroup.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; Ext-MDL-Insulin-SFP-JDG@kirkland.com; novo.chaires@davispolk.com; sdaroci@seegerweiss.com
**Subject:** Re: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 \|\| Deficiency Notice re Plaintiff Fact Sheet

I will get back with you for availability of Kristin and I for next week.

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail:  wshinoff@frantzlawgroup.com
web:  www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

> On Mar 19, 2025, at 12:32 PM, Patterson, Melissa L. <mpatterson@jonesday.com> wrote:

William,

We also wanted to follow up on your suggestion below to schedule a separate meet-and-confer to discuss the deficiencies in your other clients' PFS and productions. Are you available on Friday, March 21 at 3 PM ET?

Best,
Melissa


Melissa Lim Patterson
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.4271
mpatterson@jonesday.com

---

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Tuesday, March 18, 2025 1:08 PM
**To:** William Shinoff <WShinoff@frantzlawgroup.com>
**Cc:** James Frantz <jfrantz@frantzlawgroup.com>; Regina Bagdasarian <regina@frantzlawgroup.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>; sdaroci@seegerweiss.com
**Subject:** RE: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 || Deficiency Notice re Plaintiff Fact Sheet

William, as we already explained on our call, the Court expressly ordered custodial productions in the PFS response. CMO 14 Ex. 1 at 1 ("You must diligently investigate whether You have within Your possession, custody, or control information or documents responsive to the questions and requests, **inclusive of custodial sources**."). The ESI Protocol requires the parties to "meet and confer in good faith on issues regarding ESI . . . including . . . **custodians**, data sources, and search methodologies (e.g., **search terms** and other methods of identifying responsive ESI)." CMO No. 11, ECF No. 208 at 1-2 (emphases added). That ESI Protocol governs all "production of [ESI] and hard copy documents **in this Litigation**" and "appl[ies] to **all Parties in this Litigation**." *Id.* at I.A, I.E (emphases added). Moreover, CMO No. 14 requires you to "treat the Initial Document Requests in the PFS as if they were document requests under Fed. R. Civ. P. 34," and for such requests "[c]ourts expect that counsel will endeavor to cooperate ... regarding ... custodians [and] the method of search," as Defendants have done for Plaintiffs' requests. *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC,* 2017 WL 4785457, at *4 (S.D. Fla. Oct. 20, 2017); *see also Romero v. Allstate Ins. Co.,* 271 F.R.D.

96, 109 (E.D. Pa. 2010) ("Among the items about which the court expects counsel to reach practical agreement … are search terms, date ranges, key players and the like.").

Indeed, you represented to Defendants on our call that your clients performed custodial searches for responsive information, and you committed on the call to sharing that search methodology with us. You suggest no basis for going back on that commitment now. And this information—which, as noted above, is required by the Court's orders and has been provided to Plaintiffs by Defendants—is especially necessary in these cases, given that your clients have produced next to no documents.

**Kate Walling**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727   **M** +1 312 825 2771
**F** +1 312 862 2200

---

kate.walling@kirkland.com

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Thursday, March 13, 2025 9:28 PM
**To:** Walling, Kate <kate.walling@kirkland.com>
**Cc:** James Frantz <jfrantz@frantzlawgroup.com>; Regina Bagdasarian <regina@frantzlawgroup.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>; sdaroci@seegerweiss.com
**Subject:** Re: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 || Deficiency Notice re Plaintiff Fact Sheet

Kate,

We will need to conduct a meet and confer on the other fact sheets as well. Regarding custodians and search terms, if you can provide where that is required under the case management order that would be appreciated. Without that authority it would appear that your request is beyond what was ordered for these fact sheets.

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail:  wshinoff@frantzlawgroup.com
web:  www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

On Mar 13, 2025, at 9:24 PM, Walling, Kate <kate.walling@kirkland.com> wrote:

William,

Thank you for meeting yesterday regarding Indian Prairie's plaintiff fact sheet response. You acknowledged the widespread issues with your client's response and committed to providing an amended response and further document production by March 21, 2025. We will take your response as of that date as your final position on the deficiencies raised in our letter, and take any remaining issues up with the Court.

We also sent you deficiency letters regarding several of your other clients: Butler Area School District; Washtenaw Intermediate School District; Western Pennsylvania Schools Health Care Consortium, Inc.; and Washington County Public Schools. The deficiencies we identified in those letters significantly overlapped with the ones in our Indian Prairie letter. Please let us know if we should treat your positions regarding Indian Prairie, including your commitment to provide an amended fact sheet and document production, as applicable to those other plaintiffs or if you believe we should engage in further meet and confers about each of those plaintiffs. If you agree to treat your positions for Indian Prairie as applicable to all of these clients, we would ask that you provide your final position on the deficiencies, updated fact sheet, and production for each of these plaintiffs by March 21, 2025.

On the call, we discussed the below issues.

1. **Document Production**: You acknowledged that Indian Prairie produced only one document. You agreed to provide all the documents in Indian Prairie's possession, custody, or control by March 21.

2. **Search Methodology & Custodians:** You agreed to disclose the custodians and search terms you are using to locate responsive information and documents for Indian Prairie's PFS responses.

3. **Proprietary Information:** You took the position, for the first time, that you were withholding and entitled to withhold, documents and information on the grounds that they are proprietary to a third party. We explained that confidentiality is not an appropriate basis for withholding or redacting documents or information under this case's protective order, and that plaintiff should have satisfied any obligations it had to third parties prior to its PFS deadline. You

agreed to revisit this position, and to the extent you choose to stand on the objection, amend your PFS response to indicate the questions and requests for which you have responsive information but are withholding it on this basis. You indicated this objection applied to at least Questions 19 and 31 and the document productions called for in those questions.

4. **Defendants' Possession:** You explained that Indian Prairie is not withholding documents on the basis that they are in any Defendant's possession, custody, or control.

5. **Question 5:** You agreed to amend Indian Prairie's plaintiff fact sheet response to explain the basis for its estimates for years 2011 to 2013.

6. **Question 6:** You agreed to amend Indian Prairie's plaintiff fact sheet response to provide us with complete information for 2011 through 2020.

7. **Question 9:** You agreed to amend Indian Prairie's plaintiff fact sheet response to include internal departments, agencies, investigative units, entities, and other programs called for in the question.

8. **Question 10**: You agreed to amend Indian Prairie's plaintiff fact sheet response to align the medications listed with those alleged to be relevant in Indian Prairie's complaint.

9. **Question 11:** You agreed to amend Indian Prairie's plaintiff fact sheet response to provide us with exact numbers in response to Question 11, including number of rebates Indian Prairie received for every year requested.

10. **Question 15:** You agreed to amend Indian Prairie's plaintiff fact sheet response to include the names of the PBMs with whom Indian Prairie have contracted.

11. **Question 19:** You did not know whether Indian Prairie's response to this question was complete. You agreed to determine whether it was and amend it if not.

12. **Questions 21 and 22:** You agreed to amend Indian Prairie's plaintiff fact sheet responses to resolve each issue identified in our letter, including by:

1. specifically identifying a misrepresentation rather than paraphrasing a document;
2. explaining the alleged basis that the statement is false in addition to or instead of citing sources;
3. removing Indian Prairie's use of documents in lieu of a response, which we explained is not permitted by the CMO;
4. identifying the sources and recipients of each statement, including by specifying persons at the District who received the statement rather than identifying "the District" as a whole;
5. identifying which list prices Indian Prairie contends are false;
6. amending your contentions regarding invoices to only include Defendants who actually issued invoices to the District;
7. identifying the statements by "Executives from Novo Nordisk" your response references;
8. identifying the ""[o]ther payors, patients, and third parties" Plaintiff asserts relied on various alleged misrepresentations;
9. providing the dates of the alleged misrepresentations and omissions;
10. amending the "unknown at this time" responses to specify whether or not Plaintiff relied, as required by the question;
11. specifying the statements to which the alleged omissions relate;
12. specifying the statement you allege Lilly made regarding Lispro, and explaining the basis for Lilly's alleged duty regarding Lispro.

13. **Question 23–28:** You explained that you investigated notice of Indian Prairie's claims through communications with Indian Prairie and searching the emails and records of the relevant employees. You committed to providing the search terms and custodians you used in that effort. You also clarified that the "District Representatives" referred to in Indian Prairie's response are attorneys/counsel for your client and not elected officials.

14. **Question 30:** You agreed to produce documents in Indian Prairie's possession, custody, or control responsive to this request. We discussed, and you agreed, that your search terms should be broad enough to identify these documents and would not be limited to the list of at-issue drugs.

15. **Question 31:** You agreed to amend Indian Prairie's plaintiff fact sheet response to include all PBMs solicited, and to clarify whether Indian Prairie is standing on its objection that the requested

documents are proprietary. You agreed these documents are in Plaintiff's possession, custody, or control.

16. **Question 35:** You were unprepared to provide any further clarity on this question, arguing alternately that you did not need to do so and that you would consider doing so with your team and your client. You did agree to provide an amended response that separately identified how Indian Prairie claims it has been harmed by "each Defendant," as the question requires. We explained, and you agreed, that as Plaintiff's relationship with each Defendant varied, Indian Prairie's responses to this question must necessarily vary by Defendant.

17. **Question 36**: You also agreed to amend this response to provide a date of injury, and to do so separately for each Defendant.

18. **Question 37:** You agreed to correct the erroneous claims that Indian Prairie is seeking damages related to a "Tennessee Consumer Protection Violation" claim.

**Kate Walling**

------------------------------------------------

**KIRKLAND & ELLIS LLP**

333 West Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 3727   M +1 312 825 2771
F +1 312 862 2200

------------------------------------------------

kate.walling@kirkland.com

---

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Tuesday, March 11, 2025 8:40 AM
**To:** William Shinoff <WShinoff@frantzlawgroup.com>
**Cc:** James Frantz <jfrantz@frantzlawgroup.com>; Regina Bagdasarian <regina@frantzlawgroup.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>; sdaroci@seegerweiss.com
**Subject:** RE: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 || Deficiency Notice re Plaintiff Fact Sheet

Thank you. We are available 9 – 10 PT tomorrow and will send a calendar invitation. Please share your methodology for searching for responsive information and documents, including your search terms and custodians, today.

**Kate Walling**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

---

kate.walling@kirkland.com

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Monday, March 10, 2025 4:07 PM
**To:** Walling, Kate <kate.walling@kirkland.com>
**Cc:** James Frantz <jfrantz@frantzlawgroup.com>; Regina Bagdasarian <regina@frantzlawgroup.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>; sdaroci@seegerweiss.com
**Subject:** Re: Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 || Deficiency Notice re Plaintiff Fact Sheet

Dear Ms. Walling,

I am available between 9am and 12pm pacific on Wednesday.

All the best,

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail:  wshinoff@frantzlawgroup.com
web:  www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

> On Mar 10, 2025, at 3:39 PM, Walling, Kate <kate.walling@kirkland.com> wrote:
>
> Counsel, we sent you a deficiency letter on your plaintiff fact sheet response six days ago, and have not heard back. You are required to meet and confer regarding the deficiencies "[d]uring [the] 14-day period" following receipt of our letter. CMO 14 ¶ 4(a)(i). Please provide your availability for a meet-

and-confer this week. In advance of that meet-and-confer, please share your methodology for searching for responsive information and documents, including your search terms and custodians.

**Kate Walling**

------------------------------------------------------------

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

------------------------------------------------------------

kate.walling@kirkland.com

---

**From:** Walling, Kate
**Sent:** Tuesday, March 4, 2025 8:29 PM
**To:** 'wshinoff@frantzlawgroup.com' <wshinoff@frantzlawgroup.com>; 'jpf@frantzlawgroup.com' <jpf@frantzlawgroup.com>; 'regina@frantzlawgroup.com' <regina@frantzlawgroup.com>; 'kwestphal@frantzlawgroup.com' <kwestphal@frantzlawgroup.com>
**Cc:** #MDL Insulin SFP JDG Service <Ext-MDL-Insulin-SFP-JDG@kirkland.com>; *novo.chaires@davispolk.com <novo.chaires@davispolk.com>; 'sdaroci@seegerweiss.com' <sdaroci@seegerweiss.com>
**Subject:** Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al., Case No. 2:24-cv-10493 || Deficiency Notice re Plaintiff Fact Sheet

Counsel, please see attached correspondence.

**Kate Walling**

------------------------------------------------------------

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

------------------------------------------------------------

kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to

postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***