# Exhibit 3

| | |
|---|---|
| **From:** | Mark Pifko |
| **To:** | Walling, Kate; Brandon Bogle; sdaroci@seegerweiss.com; David Buchanan; Benjamin Widlanski; Tal J Lifshitz |
| **Cc:** | Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com; *andrei.jaffe@davispolk.com; Fassih, Elizabeth S.; sgrey@wc.com; *mpatterson@jonesday.com; *linterlicchio@wc.com; *Liz.Brown@alston.com; *Jordan.Edwards@alston.com; *nsuellentrop@wc.com; *Kelley.Barnaby@alston.com; *kcommons@jonesday.com; *rpeng@jonesday.com; *KOReilly@walsh.law; *SEllis@walsh.law; *LMalakoff@walsh.law; *keayre@jonesday.com; *krabatin@jonesday.com; Chisholm, Louis W.; *lindsey.levy@morganlewis.com; Moorman, Ryan; Feld, Jason Adam; Zeiger, Jeffrey J.; Collins, Nick |
| **Subject:** | RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets |
| **Date:** | Wednesday, March 12, 2025 5:55:37 PM |

> **This message is from an EXTERNAL SENDER**
> Be cautious, particularly with links and attachments.

Kate,

We have had the chance to discuss and more fully consider Defendants' proposal to amend the PFS Implementation Order (CMO #14). As discussed below, we believe changes to the existing CMO are unnecessary. We do, however, take seriously your concerns and agree that entities and counsel who have cases pending in this MDL should follow the procedures agreed to by the parties and ordered the Court. To that end, we will communicate with non-leadership plaintiffs' counsel to remind them of their obligations. We believe that through cooperation among the parties and following the existing procedures, Defendants' concerns can be promptly resolved. With respect to the proposed modifications, we believe they are unnecessary for the following reasons:

(1)     The concerns identified by Defendants can be addressed through the existing procedure. In other words, if a PFS is deficient for failure to respond to a question or failure to produce responsive documents, these are deficiencies that can and should be addressed through the PFS Deficiency Dispute Resolution Process negotiated by the parties and described in Paragraph 4 of the CMO.

(2)     Under the existing process, if an entity or its counsel fails to respond and correct deficiencies within the timeframe provided, Defendants can seek dismissal of that case for failure to comply with a resulting Court Order compelling disclosure of information or documents. There is only a difference of a few weeks to get to the same place under the existing procedure versus your proposed revised procedure;

(3)     The issue you identified is primarily driven by one firm. It does not make sense to modify the existing CMO because of the conduct of a single firm. Doing so would open the doors to revisiting every single order when a single actor or a handful of actors engage in conduct causing concern;

(4)     The language in your proposed revised CMO affords Defendants unfettered discretion to seek an OSC when a PFS is simply "deemed deficient by Defendants." Not only is there no

clarity as to when a PFS may be "deemed deficient," but this subjective language would permit the Defendants to seek an OSC for dismissal in circumstances where it is not appropriate (e.g., the Philadelphia DA). Due process requires the guardrails set forth in the existing procedure;

(5) The concern now identified by Defendants was foreseeable when the parties negotiated the original language. If we are going to change the CMO, there are provisions Plaintiffs would revisit as well. This litigation will suffer from constant delay and inefficiency if every order is subject to revision under such circumstances.

In light of the above, if Defendants have an alternative suggestion for Plaintiffs to consider, please let us know, and we are happy to discuss. If Defendants insist on moving forward despite those problems, we will respond to the arguments set forth in Defendants' briefing, including raising the points above.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

310.467.7799 mobile
818.839.2325 direct
818.839.2333 main
www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

---

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Monday, March 10, 2025 8:01 PM
**To:** Mark Pifko <MPifko@baronbudd.com>; Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Mark, we disagree with your characterization of the process so far, our position, and appropriate next steps. As we explained, our proposal relates to the process to address deficiencies that essentially amount to a failure to provide a PFS. Most importantly, Plaintiffs have had more than a week to discuss this issue with other stakeholders, not one business day. You have given us no reason to believe further time will be productive or yield an agreement, since you have not even recognized that there is a problem, much less proposed an alternative solution, or committed to doing so. Please provide us a specific counterproposal by 5 p.m. E.T. Wednesday, March 12.

**Kate Walling**

───────────────────────────────────────

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

───────────────────────────────────────

kate.walling@kirkland.com

---

**From:** Mark Pifko <MPifko@baronbudd.com>
**Sent:** Friday, March 7, 2025 6:38 PM
**To:** Walling, Kate <kate.walling@kirkland.com>; Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Kate,

Thank you for your email.  While we raised some concerns, we certainly are not at an impasse based on a single conversation with your group on this topic.  Most critically, as Brandon and I explained during the call, there are other stakeholders in this process and we need to discuss this with them.  Although we only had your list of example plaintiffs whose PFS responses

purportedly are so deficient that they are essentially non-responsive, we provided examples to you regarding how the literal application of your proposed amended CMO language would be overinclusive and wrongfully include certain plaintiffs (e.g., the Philadelphia DA is not suing about its own health plan and thus, does not have responsive documents based on the language of the requests).  What you are asking for has significant implications because it puts certain plaintiffs at risk of dismissal and neither side should rush to do so without a fulsome discussion and evaluation of the complete circumstances.  It was clear to us that with examples like the Philadelphia DA case, defendants have not fully considered the situation either; your only response was that defendants would use their discretion not to seek dismissal in that situation.  Like you, we want this litigation to run as efficiently as possible and if a litigant is refusing to comply with the procedures of this MDL, it is in all parties' interests to address it promptly.  But neither side should push for a process that cuts off a party's rights without sufficient process.  To that end, we asked that you look at other litigation to see if there is alternative language from another case that would address your concerns and we said we would do the same.  I'm certain the Court would expect us to do that and have another discussion among the parties before we submit this dispute for resolution.  Finally, I note that on many occasions, defendants have taken issue with the unilateral setting of a one business day deadline to respond.  We would appreciate the same professional courtesy we've extended to you in such situations, particularly where most of our team will be traveling on Monday to attend the conference on Tuesday.  We will get back to you as expeditiously as possible.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

310.467.7799 mobile
818.839.2325 direct
818.839.2333 main
www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Friday, March 7, 2025 2:01 PM
**To:** Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law

<SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Brandon,

I write to follow up on our call this morning regarding the proposed amendment to CMO 14. On the call, you and your colleagues did not agree with our proposal, objected to the language, and effectively took the position that the existing deficiency letter process should address our concerns. Although we sent you our proposal a week ago so that you would have time to consider the narrow, revised language, you were unable to provide a clear articulation of your position or counterproposal. Instead, you stated you would reach out to counsel for the specific Self-Funded Payer Plaintiffs we mentioned as examples of the issue. As we noted on our call, this is not a plaintiff specific issue. The goal of Defendants' proposed amendment to the CMO is to establish an efficient process to address both *existing* and *future* fact sheet responses that fall into this category.

Your comments during the Parties' meet and confer suggest that Plaintiffs do not agree to Defendants' proposed amendments to the CMO. If Plaintiffs do not have an alternative process for addressing the problems we have identified, we are at impasse and will raise this issue with the Court. Please provide us a specific counterproposal by 5 p.m. E.T. Monday, March 10.

**Kate Walling**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

---

kate.walling@kirkland.com

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Thursday, March 6, 2025 3:30 PM
**To:** Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>;

*kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Brandon, we've made a further edit to the proposed amended CMO; the change is highlighted in the attached.

**Kate Walling**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

---

kate.walling@kirkland.com

---

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Thursday, March 6, 2025 11:37 AM
**To:** Brandon Bogle <bbogle@levinlaw.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Brandon, to be clear, our February 28 email below both offers examples of the cases we identified and itself explains the issue as to both categories. Below is a further list of some of the plaintiffs

who fall into those categories.  In providing this list, we do not represent that it is exhaustive—and obviously, plaintiffs' counsel should be familiar with the contents of plaintiffs' own fact sheet responses and document productions.

That said, it appears that at least the following plaintiffs have not produced documents:

- Allegan Public Schools
- Allendale Public Schools
- Baraga County, MI
- Blissfield Community Schools
- Burr Oak Community Schools
- Butler Area School District
- Calhoun Intermediate School District
- Calvert County Public Schools
- Caroline County Public Schools
- Cassopolis Public Schools
- Cecil County Public Schools
- Charlotte Public Schools
- City of Huntington, WV
- Cocke County
- Coldwater Community Schools
- Coloma Community Schools
- Comstock Public Schools
- Constantine Public Schools
- Cuyahoga County
- Delaware County, PA
- Dexter Public Schools
- Dorchester County Public Schools
- East Grand Rapids Public Schools
- Eastern Upper Peninsula Intermediate School District
- Grand Haven Area Public Schools
- Grandville Public Schools
- Granite School District
- Hagerstown Community College
- Heat and Frost Insulators Local No. 33
- Holton Public Schools
- Hudsonville Public Schools
- Kent City Community Schools
- Kent County Public Schools
- Kent Intermediate School District
- Lake Fenton Community Schools
- LDG Medical Services Group
- Marshall Public Schools
- Mason Public Schools
- Memphis-Shelby County Schools

- Miccosukee Tribe of Indians of Florida
- NE Health Care Employees Welfare Fund
- New Haven Community Schools
- North Muskegon Public Schools
- Paterson Public Schools
- Philadelphia, PA
- Portland Public Schools
- Queen Anne County Public Schools
- Salt Lake City School District
- SISO (Puerto Rico IPAs)
- South Sanpete School District
- Stockbridge Community Schools
- Talbot County Public Schools
- Tekonsha Community Schools, MI
- Trenton Public Schools
- Walkerville Public Schools
- West Bloomfield School District
- West Shore Educational Service District
- Western Pennsylvania Schools Health Care Consortium, Inc.
- Williamston Community Schools
- Wyoming Public Schools

Defendants' review of Plaintiffs' fact sheet responses is ongoing; we are currently aware of the following Plaintiffs who have failed to answer a significant number of questions:

- Cecil County Public Schools PFS (nine unanswered questions)
- Cocke County PFS (nineteen unanswered questions)
- Dexter Community School PFS (six unanswered questions)
- Greene County PFS (sixteen unanswered questions)
- Hamblen County PFS (seventeen unanswered questions)
- City of Huntington PFS (nine unanswered questions)
- School District of Greater Johnstown PFS (eleven unanswered questions)
- Oswego County PFS (seven unanswered questions)
- St. Louis County PFS (four unanswered questions)
- Stockbridge Community Schools PFS (twelve unanswered questions)
- Talbot County Public Schools PFS (nine unanswered questions)
- Board of Education of Washington County PFS (eleven unanswered questions)
- Washington County Public Schools PFS (sixteen unanswered questions)
- Washtenaw ISD PFS (twelve unanswered questions)

**Kate Walling**

-------------------------------------------

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

-----------------------------------------------
kate.walling@kirkland.com

**From:** Brandon Bogle <bbogle@levinlaw.com>
**Sent:** Tuesday, March 4, 2025 10:19 AM
**To:** Walling, Kate <kate.walling@kirkland.com>; sdaroci@seegerweiss.com; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Ryan.Martin-Patterson@alston.com; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>; *Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** RE: In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

Kate,

We are open for a meet and confer on this issue this Friday from 10am-noon CT.  Let us know if a time within that window works on your end.

In advance of the call though it would be very helpful if you can provide me with a list of cases that you believe fall into the categories you describe in your email along with a short explanation of the issue for each of the cases. Thanks.

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Friday, February 28, 2025 11:24 PM
**To:** sdaroci@seegerweiss.com; Brandon Bogle <bbogle@levinlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>
**Cc:** Martin-Patterson, Ryan <Ryan.Martin-Patterson@alston.com>; *andrew.yaphe@davispolk.com <andrew.yaphe@davispolk.com>; *andrei.jaffe@davispolk.com <andrei.jaffe@davispolk.com>; Fassih, Elizabeth S. <efassih@jonesday.com>; Grey, Sephora <sgrey@wc.com>; *mpatterson@jonesday.com <mpatterson@jonesday.com>; *linterlicchio@wc.com <linterlicchio@wc.com>; *Liz.Brown@alston.com <Liz.Brown@alston.com>;

*Jordan.Edwards@alston.com <Jordan.Edwards@alston.com>; *nsuellentrop@wc.com <nsuellentrop@wc.com>; *Kelley.Barnaby@alston.com <Kelley.Barnaby@alston.com>; *kcommons@jonesday.com <kcommons@jonesday.com>; *rpeng@jonesday.com <rpeng@jonesday.com>; *KOReilly@walsh.law <KOReilly@walsh.law>; *SEllis@walsh.law <SEllis@walsh.law>; *LMalakoff@walsh.law <LMalakoff@walsh.law>; *keayre@jonesday.com <keayre@jonesday.com>; *krabatin@jonesday.com <krabatin@jonesday.com>; Chisholm, Louis W. <louis.chisholm@davispolk.com>; *lindsey.levy@morganlewis.com <lindsey.levy@morganlewis.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Feld, Jason Adam <jason.feld@kirkland.com>; Zeiger, Jeffrey J. <jzeiger@kirkland.com>; Collins, Nick <nick.collins@kirkland.com>
**Subject:** In re Insulin Pricing Litigation, 23-md-03080 || Self-Funded Payer Plaintiff Fact Sheets

**CAUTION:** This email message is **EXTERNAL.**

Counsel,

Defendants write to express their serious concern with the self-funded payer plaintiff fact sheet ("PFS") responses Plaintiffs have served to date. While nearly every PFS contains deficiencies that we will address through the process described in CMO 14 ¶ 4, a significant proportion of Plaintiffs' PFS are so deficient that they amount to a failure to respond. More than half of the plaintiffs whose deadline to respond to the PFS has passed have not produced *any* documents, violating the Court's order. *See* CMO 14, ECF 315 at 3 ("Each PFS submission must … **produce the requested documents** to the extent such documents are in Plaintiffs' possession, custody, or control.") (emphasis added). Moreover, a number of plaintiffs have left numerous questions entirely blank or else have deferred answering, instead saying only that they will "seasonably provide a further response" or "will supplement." *See, e.g.*, Cocke County PFS (nineteen blank questions); Hamblen County PFS (seventeen blank questions); City of Huntington PFS Questions 5, 15-20, 31, 34 (stating plaintiff will "seasonably provide a further response").

Plaintiffs have no excuse for their failure to respond. These Plaintiffs are not providing any information in response to basic questions about themselves and their health plans. Plaintiffs have failed to provide simple disclosures about, for example, their organizational memberships (Question 33), when they became aware of the issues raised in their complaints (Questions 23-28), and even the names of their health plans (Question 12). Some plaintiffs are only providing template responses copied from other plaintiffs, while ignoring almost all of the questions that require them to provide information about themselves. These responses are tantamount to a failure to serve.

Failures like these—which go beyond ordinary deficiencies—were not contemplated by the process outlined in CMO 14 ¶ 4. Plaintiffs submitting PFS with these issues should be subject to the Motion to Show Cause process outlined in CMO 14 ¶ 5**,** which will permit these fundamental problems to be addressed promptly and with minimal waste of the Court's and parties' time. We therefore propose amending Case Management Order No. 14; our proposed amendment is attached. Please let us know whether you oppose this proposal, and if so, times you are available to meet and confer prior to 5 p.m. ET on March 4.

**Kate Walling**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3727  **M** +1 312 825 2771
**F** +1 312 862 2200

---

kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.