Rob Bonta
Attorney General of California
Neli Palma
Senior Assistant Attorney General
Emilio Varanini (SBN 163952)
Supervising Deputy Attorney General
Lauren Zweier (SBN 291361)
Deputy Attorney General
  455 Golden Gate Ave., Suite 11000
  San Francisco, CA 94102
  Telephone: (415) 510-4400
  Facsimile: (415) 703-5908
  Email: Emilio.Varanini@doj.ca.gov
  Lauren.Zweier@doj.ca.gov

Darcie Tilly (SBN 239715)
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9559
  Facsimile: (619) 645-2012
  E-mail:  Darcie.Tilly@doj.ca.gov

[Additional Counsel on the Signature Page]
*Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>                Defendants. | Case No. 2:23-cv-01929-SPG-SK<br><br>**The People's Notice of Renewed Motion and Renewed Motion to Remand Case to Los Angeles County Superior Court**<br><br>Date: October 30, 2024<br>Time: 1:30 p.m.<br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**:

NOTICE IS HEREBY GIVEN THAT on October 30, 2024, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 5C of the First Street Courthouse of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff the People of the State of California will and hereby do renew their motion to this Court to remand this case to the Superior Court of the State of California in and for the County of Los Angeles.

The Renewed Motion to Remand is based on this Notice, the concurrently filed Memorandum of Points and Authorities, the concurrently filed Appendix, the allegations in the People's Complaint, Defendant Express Scripts, Inc.'s Notice of Removal, Defendant CaremarkPCS Health, LLC's Supplemental Notice of Removal, the pleadings for the original Motion to Remand (ECF 78) and argument made at the hearing on June 7, 2023, for that motion, and such argument as may be made at any hearing that occurs on this Renewed Motion to Remand.

The basis for the People's Renewed Motion to Remand is as follows: On April 14, 2023, the People moved to remand because the People contended:

> [R]emoval pursuant to 28 U.S.C. Section 1442(a)(1) is inappropriate in that there were no allegations in the Complaint that the People seek to recover for injuries caused by plans governed by the Department of Defense's TRICARE health care program or the Federal Employees Health Benefits Act (FEHBA). Moreover, in order to clarify any confusion on the part of Express Scripts or Caremark, the People specifically waived any relief against Express Scripts or Caremark relating to or arising out of TRICARE and FEHBA plans *and reaffirmed that waiver in this [April 14, 2023] Motion.*

ECF 78 at 2 (emphasis added).

On June 28, 2023, the Court granted the People's original motion to remand, stating: "Plaintiff's disclaimer, and later repeated waivers, negate any causal nexus that might otherwise have existed between Plaintiff's claims and the Removing Defendants' conduct on behalf of government officers." ECF 109 at 14.

Ninth Circuit reversed the June 28, 2024, order on the ground the text of the waiver in the People's Complaint was insufficient and instructed that this Court engage in further consideration of the remand issues:

> California's complaint disclaims challenges to and recovery from certain conduct undertaken by Caremark and Express Scripts in relation to two federal government programs: the Federal Employees Health Benefits Act ("FEHBA") and TRICARE, respectively. However, Caremark and Express Scripts correctly point out that the disclaimer fails to *explicitly* release claims or possible recovery from rebate practices as they relate to FEHBA and TRICARE. Thus, as written, California's disclaimer does not necessarily defeat removal, because the rebate negotiations remain "causally connected to the dispute." (Citation omitted.)

> Because the district court rested its findings solely on this prong, we reverse and remand to the district court to analyze California's remaining arguments for remanding to state court.

ECF 133 at 3-4 (emphasis in original).

Because the Court's June 28, 2024, interpretation of People's post-removal waivers is correct; because the legal reasoning underlying the remand order is correct; and because it would be an appropriate use of this Court's discretion to reaffirm the prior remand order, the Court should do so.

Moreover, Caremark and Express Scripts' assertions in opposition to the prior motion to remand that the People's post-removal disclaimers are illusory do not prevent remand. This is because neither Caremark nor Express Scripts can satisfy all the prongs of the federal officer removal statute, even absent the People's post-removal disclaimers. Caremark did not plead facts showing that it is "acting under" the Office of Personnel Management when providing services relevant to this action to FEHBA plans, rebates are not a FEHBA benefit or payment for a FEHBA benefit, and Express Scripts did not plead that it is providing any rebate negotiation services for TRICARE plans to the Department of Defense. On these bases, remand is mandatory due to a lack of federal subject matter jurisdiction.

This Renewed Motion to Remand is made following fully contested briefing before this Court, an appeal before the Ninth Circuit, and a conference of counsel for the People, Express Scripts, and Caremark that took place on September 11,

2024, in which People identified the substance of the contemplated Renewed Motion to Remand. There was a second call regarding the motion on September 16, 2024. The People believe the Parties have thoroughly discussed the substance and potential resolution of the filed motion and both Caremark and Express Scripts confirmed they continue to object to remand of this action to the Los Angeles County Superior Court. The conferences occurred via by videoconference.

Dated:  September 18, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI
Supervising Deputy Attorney General


*/s/ Darcie Tilly*
DARCIE TILLY
Deputy Attorney General
*Attorneys for the People of the State of California*

1  LAUREN ZWEIER
   (Lauren.Zweier@doj.ca.gov)
2  Deputy Attorney General
   455 Golden Gate Ave., Suite 11000
3  San Francisco, CA 94102
   Telephone: (415) 510-4400
4
   JOHN OHANESIAN
5  (John.Ohanesian@doj.ca.gov)
   Deputy Attorney General
6  300 South Spring Street, Suite 1702
   Los Angeles, CA 90013-1230
7  Phone: (213) 269-6000
8  RYAN MCEWAN
   (Ryan.McEwan@doj.ca.gov)
9  Deputy Attorney General
   1300 "I" Street
10 Sacramento, CA 95814-2919
   Phone: (916) 210-7548
11
   *Attorneys for the People of the State*
12 *of California*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5