# DECLARATION OF MATTHEW C. OESTERLE

I, Matthew C. Oesterle, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2. I am Senior Legal Counsel and currently hold the title of Vice President with CaremarkPCS Health, L.L.C. In that capacity, I am familiar with the business operations of CaremarkPCS Health, L.L.C. relating to clients that offer health plans through the Federal Employee Health Benefits Act.

3. CaremarkPCS Health, L.L.C. provides pharmacy benefit management services to a number of clients that offer health plans through the Federal Employee Health Benefits Act ("FEHBA clients"). These clients include the Blue Cross and Blue Shield Association Federal Employee Program ("FEP"), the Government Employees Health Association ("GEHA"), the National Association of Letter Carriers ("NALC"), and the Mail Handlers Benefit Plan ("MHBP"). The beneficiaries who receive pharmacy benefits through Caremark's FEHBA clients include California residents who have purchased insulin products.

4. The FEHBA clients contract directly with the Office of Personnel Management ("OPM"). In those contracts, OPM requires that FEHBA clients incorporate certain contractual terms in any contracts the FEHBA clients enter into with a Pharmacy Benefit Manager ("PBM") such as CaremarkPCS Health, L.L.C. The terms that OPM requires FEHBA clients to incorporate into their contracts with PBMs are set out in the FEHB Standard Contracts.

5. Pursuant to OPM's directives, the contracts between CaremarkPCS Health, L.L.C. and its FEHBA clients mandate pass-through transparent pricing. These provisions ensure that FEHBA clients receive the value of CaremarkPCS Health, L.L.C.'s negotiated rebates and other manufacturer payments.

6. CaremarkPCS Health, L.L.C. also must agree to continued monitoring,

oversight, and supervision by OPM over CaremarkPCS Health, L.L.C.'s performance of its PBM services on behalf of its FEHBA clients, including its practices regarding Manufacturer Payments.

7. Pursuant to its contracts with its FEHBA clients, CaremarkPCS Health, L.L.C. is subject to audits by the U.S. Office of Personnel Management Office of the Inspector General Office of Audits ("OIG"). OIG has exercised its authority to audit CaremarkPCS Health, L.L.C.'s performance of PBM services on behalf of FEHBA clients, including auditing CaremarkPCS Health, L.L.C.'s practices regarding Manufacturer Payments.

8. CaremarkPCS Health, L.L.C.'s FEHBA clients expect and desire that CaremarkPCS Health, L.L.C. can and will obtain competitive rebates to offset the costs of pharmaceutical drugs. It is my understanding that the rebates that CaremarkPCS Health, L.L.C. passes through to FEHBA clients ultimately reduces the cost of federal employee healthcare incurred by the government and/or employees. Based on my experience negotiating contracts with FEHBA clients, I do not believe FEHBA clients would contract with a PBM that was unable or unwilling to obtain discounts in the form of Manufacturer Payments, such as rebates, from manufacturers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of October, 2024, in Illinois.

Matthew C. Oesterle

2
DECLARATION OF MATTHEW C. OESTERLE