ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI (SBN 163952)
Supervising Deputy Attorney General
LAUREN ZWEIER (SBN 291361)
Deputy Attorney General
 455 Golden Gate Ave., Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 510-4400
 Facsimile: (415) 703-5908
 Email: Emilio.Varanini@doj.ca.gov
 Lauren.Zweier@doj.ca.gov

DARCIE TILLY (SBN 239715)
Deputy Attorney General
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9559
 E-mail: Darcie.Tilly@doj.ca.gov

[Additional Counsel on the Signature Page]
*Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | Case No. 2:23-cv-01929-SPG-SK<br><br>**THE PEOPLE'S STATEMENT ADDRESSING DEFENDANTS' NOTICE OF UPDATE IN RELATED CASE (ECF 152)**<br><br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

The Court should not follow *Puerto Rico v. Express Scripts*, *Inc.*, 2024 WL 4524075 (1st Cir. Oct. 18, 2024). The People present facts and arguments not squarely before the First Circuit, and Ninth Circuit precedent compels a different result.

**CAREMARK**

"Acting Under"

1. Plaintiff in *Puerto Rico* did not argue the lack of an OPM–Caremark contract was relevant. 2024 WL 4524075, at *4 n.2. The People have. ECF 150 at 3-4. Under *Cabalce v. Thomas E. Blanchard & Associates, Inc.*, "acting under" requires defendants be under federal officers' "direct orders." 797 F.3d 720, 729-30 (9th Cir. 2015) (citation omitted). By relying on OPM–plan contracts, Caremark improperly removed based on an indirect OPM relationship.

2. *Puerto Rico* found "acting under" was met because OPM requires FEHBA plans to require PBMs to transfer, and have transparency about, rebates. 2024 WL 4524075, at *9. In this circuit, "acting under" analysis focuses on the "action challenged." *Lake v. Ohana Military Cmtys., LLC*, 14 F.4th 993, 1004-05 (9th Cir. 2021). Also, *Twombly/Iqbal* govern removal allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Further, "general direction" permitting an entity to "act at its discretion" does not satisfy "acting under." *City of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1109 (9th Cir. 2022). Here, Caremark's "acting under" allegations do not address rebate negotiation (action challenged) or are conclusory, and, at most, show general OPM direction and discretionary Caremark conduct. ECF 150 § I.A.1.

3. Regarding Caremark negotiating rebates concurrently: *Puerto Rico* only considered the off-the-shelf argument presented here with respect to products. 2024 WL 4524075, at *12. This is inconsistent with *Honolulu*, which states providing "widely available commercial . . . services" does not satisfy "acting under." 39 F.4th at 1107 (citation omitted); ECF 150 § I.A.1.

4.   Regarding disclaimers: *Puerto Rico* credited Caremark's indivisibility assertion. 2024 WL 4524075, at *9. Here, the indivisibility allegations are not well-pleaded. They are undermined and contradicted by concessions FEHBA rebates are identifiable and OPM does not control non-FEHBA conduct. ECF 149-2 ¶8; ECF 149 at 11. Alleged indivisibility does not show Caremark is "acting under" OPM regarding non-FEHBA rebates. ECF 150 § II.A.

Colorable Federal Defense

5.   *Puerto Rico*'s colorable federal defense conclusion relies on a subrogation case. 2024 WL 4524075, at *10. *Puerto Rico* did not consider that FEHBA treats subrogation and rebates differently. ECF 150 § I.B.1.

6.   Regarding disclaimers: *Puerto Rico* cannot override circuit precedent interpreting ERISA and FEHBA preemption similarly, ECF 150 § II.B, and holding ERISA does not preempt laws directed at non-ERISA plans, *Washington Physicians Service Association v. Gregoire*, 147 F.3d 1039, 1044-45 (9th Cir. 1998).

Causal Connection

7.   Plaintiff in *Puerto Rico* did not argue its disclaimers eliminated the Caremark–OPM connection. 2024 WL 4524075, at *8 n.8. The People have. ECF 150 § II.D. Caremark's concession here that OPM did not direct its non-FEHBA conduct means causal connection is unmet. Caremark cannot say its negotiations "derived solely" from its OPM duties or it negotiated non-FEHBA rebates "pursuant to [OPM's] directions." *DeFiore v. SOC LLC*, 85 F.4th 546, 553, 557 (9th Cir. 2023) (quotations omitted).

## EXPRESS SCRIPTS

*Puerto Rico* did not address ESI and does not support its positions.

"Acting Under"

8.   Unlike Caremark, ESI does not negotiate TRICARE rebates. Under *Lake*, "acting under" is unsatisfied. 14 F.4th at 1005; ECF 150 §§ I.A.2, II.A.

<u>Colorable Federal Defense</u>

9. ESI's failure to negotiate TRICARE rebates means ESI fails to allege this suit will force TRICARE plans to alter coverage. Because TRICARE and ERISA preemption is similar, ESI lacks a colorable preemption defense. ECF 150 §§ I.B.2, II.B; *Gregoire*, 147 F.3d at 1044-45.

10. *Puerto Rico* does not discuss, and cannot undermine, the People's contractor defense arguments. ECF 150 § I.B.3.

<u>Causal Connection</u>

11. Because ESI does not negotiate TRICARE rebates, ESI cannot claim its negotiations "derived solely" from ESI's DoD duties nor that it negotiates rebates "pursuant to [DoD] directions." *DeFiore*, 85 F.4th at 553, 558 (quotations omitted). Causal connection is unmet. ECF 150 § II.D.

## MOTION TO STAY

12. *Puerto Rico* does not address, and cannot undermine, the People's arguments against a stay. Regarding ECF 146 § I.D specifically, as discussed herein, circuit precedent supports remand.

| | | |
|---|---|---|
| 1 | Dated: October 29, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA |
| 3 | | Attorney General of California<br>NELI PALMA |
| 4 | | Senior Assistant Attorney General<br>EMILIO VARANINI |
| 5 | | Supervising Deputy Attorney General |
| 6 | | */s/ Darcie Tilly* |
| 7 | | DARCIE TILLY<br>Deputy Attorney General |
| 8 | | *Attorneys for the People of the State of California* |
| 9 | | |
| 10 | | Lauren Zweier<br>(Lauren.Zweier@doj.ca.gov) |
| 11 | | Deputy Attorney General<br>455 Golden Gate Ave., Suite 11000 |
| 12 | | San Francisco, CA 94102<br>Telephone: (415) 510-4400 |
| 13 | | |
| 14 | | John Ohanesian<br>(John.Ohanesian@doj.ca.gov) |
| 15 | | Deputy Attorney General<br>300 South Spring Street, Suite 1702 |
| 16 | | Los Angeles, CA 90013-1230<br>Phone: (213) 269-6000 |
| 17 | | |
| 18 | | Ryan McEwan<br>(Ryan.McEwan@doj.ca.gov) |
| 19 | | Deputy Attorney General<br>1300 "I" Street |
| 20 | | Sacramento, CA 95814-2919<br>Phone: (916) 210-7548 |
| 21 | | |
| 22 | | *Attorneys for the People of the State of California* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the People of the State of California certifies that this brief does not exceed 700 words, as determined by the word count feature of Word from Microsoft Office 365, excluding the caption, the signature block, and this certification, which complies ECF 155.

/s/ Darcie Tilly
Darcie Tilly