UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

WILLIAMS AND CONNOLLY LLP
Enu Mainigi (*pro hac vice*)
Craig Singer (*pro hac vice*)
R. Kennon Poteat III (*pro hac vice*)
A. Joshua Podoll (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
Email: emainigi@wc.com
Email: csinger@wc.com
Email: kpoteat@wc.com
Email: apodoll@wc.com

*Attorneys for CVS Health Corporation and CaremarkPCS Health, L.L.C.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>*Defendants.* | Civil Action No. 2:23-cv-01929-SPG-SK<br><br>**DEFENDANTS' STATEMENT ADDRESSING NOTICE OF UPDATE IN RELATED CASE**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Courtroom: 5C |

*Puerto Rico v. Express Scripts*, --- F.4th ---, 2024 WL 4524075 (1st Cir. 2024) (Ex. A), confirms this case belongs in federal court. The State asks that the Court "not follow" the First Circuit because the State is raising some different arguments and because Ninth Circuit law is different. The State is wrong on both counts: There is no relevant difference between the Circuits' laws, and the First Circuit *sua sponte* considered and rejected the arguments the State raises to assure itself of jurisdiction. Op. *9.

The court ruled that Caremark satisfies the removal elements absent the disclaimer. *First*, the First Circuit held that Caremark acts under OPM when it "negotiates rebates on behalf of FEHBA carriers." *Id.* The court rejected the State's argument (at 1) that a "direct contractual relationship" is required to establish this element. Op. *4 n.2. The court also rejected the State's "off-the-shelf" argument, explaining that Caremark "help[s] the federal government carry out its duties—even if [it] perform[s] the same service jointly for … private entities." Op. *13.

The State's claim (at 1) that Ninth Circuit law differs ignores that the First Circuit relied predominantly on *Goncalves ex rel. Goncalves v. Rady Children's Hospital*, 865 F.3d 1237 (9th Cir. 2017), and explicitly distinguished the *Honolulu* case the State cites. Op. *9, 12-13; ECF 149 at 20-21. And the State's claim (at 1) that the First Circuit only addressed "products" makes no sense because Caremark does not sell products.

*Second*, the First Circuit held—as the State does not dispute—that, absent a disclaimer, the "charged conduct is related to acts Caremark performed under OPM's authority." Op. *9.

*Third*, the court held Caremark's express preemption defense was colorable. Op. *10. The State claims (at 2) that *Puerto Rico* did not consider that the PBM provisions of the FEHBA contract are different than its subrogation provisions. The State is wrong that subrogation and rebates are dissimilar. ECF 149 at 22, 24-25. And the State's authority (at 2) involves ERISA preemption and predates the Supreme Court's lead FEHBA preemption case by nearly two decades. But in any event, the

1
DEFENDANTS' STATEMENT ADDRESSING NOTICE OF UPDATE IN RELATED CASE

State's arguments merely preview the preemption litigation that Caremark is "entitled to have a federal court weigh in on." Op. *10.

The First Circuit also rejected Puerto Rico's attempted disclaimer, explaining disclaimers are invalid if they (1) would "force federal contractors to prove in state court that they were acting under the direction of the government," or (2) purport to "disavow claims based on" federal conduct for which plaintiffs "nonetheless seek[] to recover." Op. *8.

The disclaimer failed for three reasons. *First*, citing Judge Ikuta's concurrence from the Ninth Circuit's decision in this case, the First Circuit held that by targeting rebate negotiations, "the Commonwealth necessarily targets" Caremark's federal conduct. Op. *10. *Second*, "crediting the disclaimer would foreclose Caremark's right to have a federal court evaluate its 'colorable' preemption defense." Op. *11. And *third*, "crediting the disclaimer would undercut § 1442(a)(1)'s requirement that federal courts determine whether a defendant acted under a federal officer's authority." Op. *11. The State's similar disclaimers similarly fail. ECF 149 at 8-15.

The State's claim (at 2) that Caremark did not adequately plead concurrent negotiations ignores the applicable standard and Caremark's supporting declarations. ECF 149-1 ¶¶ 4-6. The First Circuit correctly "credit[ed] Caremark's theory of the case—that its work for private clients was indivisible from its work for the federal government." Op. *9.

*Puerto Rico* also confirms that the Court should stay this case pending MDL transfer. Because the arguments for denying remand are strong, this is not a "mine run" case in which a "preliminary assessment" mandates remand. ECF 147 at 8-9. *Puerto Rico* stated these disclaimers present "novel" issues about which courts have "reached different conclusions," that "limited jurisprudence" exists, and that the issues are "nationally debated." Op. *1, 13. This debate now heavily favors Defendants, with both circuits to address the issue and the District of Hawai'i rejecting similar disclaimers.

Lastly, the Court should disregard the State's arguments about Express Scripts. Those arguments are improper because they have nothing to do with *Puerto Rico*, which did not reach Express Scripts' separate removal theory at all. Op. *3.

Dated: November 1, 2024    Respectfully submitted,

UMHOFER, MITCHELL & KING LLP

/s/ Elizabeth A. Mitchell
Matthew Donald Umhofer
Elizabeth A. Mitchell

WILLIAMS AND CONNOLLY LLP
Enu Mainigi (*pro hac vice*)
Craig Singer (*pro hac vice*)
R. Kennon Poteat III (*pro hac vice*)
A. Joshua Podoll (*pro hac vice*)

*Attorneys for CVS Health Corporation and CaremarkPCS Health, L.L.C.*

MORGAN, LEWIS & BOCKIUS LLP

/s/ Jason R. Scherr
Jason R. Scherr (pro hac vice)
Patrick Harvey (pro hac vice)
1111 Pennsylvania Ave. NW
Washington, DC 20004
T: (202) 739-3000
jr.scherr@morganlewis.com
patrick.harvey@morganlewis.com

Joseph Duffy
300 South Grand Ave.
22nd Floor
Los Angeles, CA 90071-3132
T: (213) 612-2500
joseph.duffy@morganlewis.com

*Attorneys for Defendant Express Scripts, Inc.*

3
DEFENDANTS' STATEMENT ADDRESSING NOTICE OF UPDATE IN RELATED CASE

KIRKLAND & ELLIS LLP

/s/ Michael J. Shipley
Michael J. Shipley
michael.shipley@kirkland.com
555 South Flower Street Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8222
Fax: (213) 808-8164

Andrew A. Kassof (pro hac vice)
Diana M. Watral (pro hac vice)
James F. Hurst (pro hac vice)
Jason A. Feld (pro hac vice)
Ryan J. Moorman (pro hac vice)
Kate T. Walling (pro hac vice)
akassof@kirkland.com
diana.watral@kirkland.com
james.hurst@kirkland.com
jason.feld@kirkland.com
ryan.moorman@kirkland.com
kate.walling@kirkland.com
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2200
Fax: (312) 862-2200

*Attorneys for Defendant Eli Lilly and Company*

JONES DAY

/s/ William D. Coglianese
William D. Coglianese (pro hac vice)
Theresa C. Martin (pro hac vice)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
wcoglianese@jonesday.com
tcoughlin@jonesday.com


Lin W. Kahn
555 California Street
26th Floor
San Francisco, CA 94104
(415) 626-3939
lkahn@jonesday.com

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

4
DEFENDANTS' STATEMENT ADDRESSING NOTICE OF UPDATE IN RELATED CASE

DAVIS POLK & WARDWELL LLP

/s/ Neal Potischman
Neal Potischman (SBN 254862)
Andrew Yaphe (SBN 274172)
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
neal.potischman@davispolk.com
andrew.yaphe@davispolk.com

*Attorneys for Defendant
Novo Nordisk Inc.*

BIRD MARELLA, LLP

/s/ Nicole R. Van Dyk
Gary S. Lincenberg
Nicole R. Van Dyk
BIRD MARELLA, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
T: (310) 201-2100
glincenberg@birdmarella.com
nvandyk@birdmarella.com

ALSTON & BIRD LLP

Kelley Connolly Barnaby (pro hac vice)
ALSTON & BIRD LLP
950 F. Street, NW
Washington, D.C. 20004
T: (202) 239-3300
Fax: (202) 239-3333
kelley.barnaby@alston.com

Brian D. Boone (pro hac vice)
ALSTON & BIRD LLP
101 S. Tryon St., Ste. 4000
Charlotte, NC 28280
T: (704) 444-1000
brian.boone@alston.com

Liz Broadway Brown (pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
T: 1 404 881 4688
liz.brown@alston.com

Jean E. Richmann
ALSTON & BIRD LLP
560 Mission St., Ste. 2100
San Francisco, CA 94105
T: (415) 243-1000
jean.richmann@alston.com

*Attorneys for Defendant OptumRx, Inc.*

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Elizabeth A. Mitchell, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 1, 2024

/s/ Elizabeth A. Mitchell
Elizabeth A. Mitchell

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for CVS Health Corporation and CaremarkPCS Health, L.L.C., certifies that this brief contains 698 words, which complies with the word limit set by court order in the Order Granting Unopposed Ex Parte Application Permitting Short Statements on Related Case Update [ECF No. 155], dated October 24, 2024.

Dated: November 1, 2024           Respectfully submitted,


                                  UMHOFER, MITCHELL & KING LLP


                                  /s/ Elizabeth A. Mitchell
                                  Matthew Donald Umhofer
                                  Elizabeth A. Mitchell


                                  WILLIAMS AND CONNOLLY LLP
                                  Enu Mainigi (*pro hac vice*)
                                  Craig Singer (*pro hac vice*)
                                  R. Kennon Poteat III (*pro hac vice*)
                                  A. Joshua Podoll (*pro hac vice*)

                                  *Attorneys for CVS Health Corporation and CaremarkPCS Health, L.L.C.*