ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI
Supervising Deputy Attorney General
DARCIE TILLY
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9559
  E-mail:  Darcie.Tilly@doj.ca.gov

[Additional Counsel on the Signature Page]
*Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No.: 2:23-md-03080 (BRM)(RLS) MDL No. 3080 |
| THIS DOCUMENT RELATES TO: | Case No.: 2:24-cv-11488 (BRM)(RLS) |
| The People of the State of California, <br><br> Plaintiff, <br><br> v. <br><br> Eli Lilly and Company; Novo Nordisk Inc.; Sanofi-Aventis U.S. LLC; CaremarkPCS Health, LLC; CVS Health Corp.; Express Scripts, Inc.; OptumRx, Inc.; and Does 1 through 100, <br><br> Defendants. | JUDGE BRIAN R. MARTINOTTI <br> JUDGE RUKHSANAH L. SINGH <br><br><br> **ORAL ARGUMENT REQUESTED** |

**SUPPLEMENTAL BRIEF IN SUPPORT OF
RENEWED MOTION TO REMAND**

# TABLE OF CONTENTS

**Page**

THE RENEWED MOTION TO REMAND SHOULD BE GRANTED .................1

I.    Third Circuit Precedent Supports Remand of This Action .................1

II.   Third Circuit Precedent Confirms Caremark's and ESI's
      Removals Are Deficient Regardless of the People's Disclaimers ........1

      A.    Caremark and ESI Are Not "Acting Under" a Federal
            Officer ....................................................................................1

      B.    Caremark and ESI Do Not Have Colorable Federal
            Defenses ..................................................................................3

III.  Third Circuit Precedent Confirms Disclaimers Support Remand ........4

CONCLUSION ......................................................................................6

i

# TABLE OF AUTHORITIES

**Page**

**SUPREME COURT CASES**

*Royal Canin U.S.A., Inc. v. Wullschleger*
    604 U.S. 22 (2025)..................................................................6

*Shaw v. Delta Air Lines, Inc.*
    463 U.S. 85 (1983)..................................................................5

**THIRD CIRCUIT CASES**

*City of Hoboken v. Chevron Corp.*
    45 F.4th 699 (3d Cir. 2022)..................................................1, 2, 4

*In re Commonwealth's Motion to Appoint Counsel Against or
    Directed to Def. Ass'n of Phila.*
    790 F.3d 457 (3d Cir. 2015)..................................................2, 3, 5

*In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*
    7 F.3d 357 (3d Cir. 1993)........................................................1

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*
    846 F.3d 625 (3d. Cir. 2017)..................................................3, 5

*Maglioli v. All. HC Holdings LLC*
    16 F.4th 393 (3d Cir. 2021)..................................................2, 5

*Maguire v. Hughes Aircraft Corp.*
    912 F.2d 67 (3d Cir. 1990)......................................................4

*Mohr v. Tr. of Univ. of Pa.*
    93 F.4th 100 (3d Cir. 2024)......................................................1

*Papp v. Fore-Kast Sales Co.*
    842 F.3d 805 (3d Cir. 2016)..................................................1, 2, 3

*Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*
    967 F.3d 218 (3d Cir. 2020)......................................................6

ii

## TABLE OF AUTHORITIES
### (continued)

**Page**

**DISTRICT OF NEW JERSEY, DISTRICT OF DELAWARE, AND EASTERN, WESTERN, AND MIDDLE DISTRICTS OF PENNSYLVANIA CASES**

*Ahn v. Cigna Health & Life Ins. Co.*
  2019 WL 5304628 (D.N.J. Oct. 21, 2019) ..........................................6

*Att'y Gen. v. Dow Chem. Co.*
  2024 WL 1740087 (D.N.J. Apr. 23, 2024) ..........................................3

*Att'y Gen. v. Dow Chem. Co.*
  2024 WL 3361395 (D.N.J. July 9, 2024) ............................................6

*Cty. of Lehigh v. Atl. Richfield Co.*
  2019 WL 2371783 (E.D. Pa. June 5, 2019) .....................................5, 6

*Draper v. Ctr. for Organ Recovery & Educ.*
  2010 WL 1444860 (W.D. Pa. Apr. 8, 2010) ........................................2

*Heilner v. Foster Wheeler LLC*
  2022 WL 3045838 (M.D. Pa. Aug. 2, 2022) ........................................6

*N. Mich. Hosps., Inc. v. Health Net Fed. Servs., LLC*
  2008 WL 2233964 (D. Del. May 30, 2008) .........................................4

*Negron v. Patel*
  6 F. Supp. 2d 366 (E.D. Pa. 1998) ....................................................4

**STATUTES**

5 U.S.C. § 8902(a) ..............................................................................2

28 U.S.C § 1447(c) ..............................................................................6

**COURT RULES**

Fed. R. Civ. P. 12(b)(1) ........................................................................3

## THE RENEWED MOTION TO REMAND SHOULD BE GRANTED

The remand arguments the People raised prior to transfer are meritorious under Third Circuit precedent. ECF 138-1; ECF 150; ECF 156.[1]

## I.    THIRD CIRCUIT PRECEDENT SUPPORTS REMAND OF THIS ACTION

In the Third Circuit, defendants that remove under section 1442 must plead: (1) they are "a 'person'"; (2) "the plaintiff's claims [are] based upon the defendant 'acting under'" a federal officer; (3) "the plaintiff's claims against the defendant [are] 'for or relating to' an act under color of federal office;" and (4) "a colorable federal defense to the plaintiff's claims." *Mohr v. Tr. of Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2024) (cleaned up). When analyzing facial challenges to removal, Third Circuit courts treat well-pleaded factual allegations supporting removal as true. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). Under this standard, neither Caremark nor ESI pleaded facts satisfying prongs 2, 3, or 4.

## II.    THIRD CIRCUIT PRECEDENT CONFIRMS CAREMARK'S AND ESI'S REMOVALS ARE DEFICIENT REGARDLESS OF THE PEOPLE'S DISCLAIMERS

### A.    Caremark and ESI Are Not "Acting Under" a Federal Officer

<u>Caremark.</u> Caremark is not "acting under" the Office of Personnel Management (OPM) because it does not provide "close federal control" over how Caremark negotiates rebates. *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 713

---

[1] The motion involves federal (e.g., removal standard) and California (substantive) law. The Third Circuit has not addressed if its case law governs federal issues post-transfer. *See In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.8 (3d Cir. 1993) (declining to decide issue).

(3d Cir. 2022). Caremark meets none of the criteria the Third Circuit considers in analyzing this prong. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 405 (3d Cir. 2021) (summarizing criteria); ECF 138-1 at 21-23; ECF 150 at 1-4; ECF 156 at 1.

First, Caremark has no contract with OPM. ECF 149 at 4. The "acting under" prong is unsatisfied if the defendant lacks a federal contract. *Draper v. Ctr. for Organ Recovery & Educ.*, 2010 WL 1444860, at *4 (W.D. Pa. Apr. 8, 2010).

Second, Caremark is not providing a service that OPM would otherwise have to provide. If Federal Employee Health Benefit Act (FEHBA) plans did not use subcontractors like Caremark, FEHBA plans (*not* OPM) would provide pharmacy benefits directly to federal employees. ECF 149-4 at I-17 (recognizing existence of plan owned PBMs). This case is unlike *Papp* where, if the contractor did not build a plane, the military would have had to do so. 842 F.3d at 813.

Third, Caremark provides FEHBA and private plans the same rebate service simultaneously. ECF 149 at 4. Yet, removal is improper if the defendant does not provide a service "specifically for the government." *Hoboken*, 45 F.4th at 713.

Fourth, Congress did not grant legal authority to Caremark to act on behalf of OPM. *Compare* 5 U.S.C. § 8902(a) (permitting OPM to contract with plans— *not* pharmacy benefit managers); *with In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 462, 469 (3d Cir. 2015) (entity created by Congress satisfied "acting under" prong).

2

Fifth, Caremark's claims regarding OPM control fail to show the People's "allegations are directed at the relationship between [Caremark] and [OPM]." *Def. Ass'n*, 790 F. 3d at 740. The OPM regulations, letters, audit report, and FEHBA Standard Contract reflect OPM's relationship with FEHBA plans—*not* Caremark. ECF 150 at 2. Caremark's contracts with plans, plans' desires, and Caremark's provision of information to OPM (ECF 149-2 ¶¶ 5-8) likewise do not support removal. None constitute "control and oversight" by OPM of rebate negotiations. *Att'y Gen. v. Dow Chem. Co.*, 2024 WL 1740087, at *8 (D.N.J. Apr. 23, 2024) (citation omitted), *appeal docketed*, 24-1753 (3d Cir.).[2]

Express Scripts. ESI does not allege it negotiates insulin rebates for the Department of Defense (DoD). ECF 138 at 24; ECF 150 at 4; ECF 156 at 2. This is fatal to ESI's removal. To remove, the allegations against the defendant must "involve conduct that occurred *when* [defendant] was 'acting under' the direction of a federal officer or agency." *Papp*, 842 F.3d at 813 (emphasis added).

### B.   Caremark and ESI Do Not Have Colorable Federal Defenses

Caremark. Caremark's FEHBA preemption defense is not colorable because "given the facts presented and the current law" the defense is not "legitimate" or "reasonably [] asserted." *Papp*, 842 F.3d at 815. That is because claims are not preempted by FEHBA if they do not seek a FEHBA benefit or involve a question

---

[2] Some Caremark allegations are too threadbare to support removal. ECF 149-2 ¶¶6-7. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632-33 (3d. Cir. 2017) (*Twombly/Iqbal* apply to facial FRCP 12(b)(1) motions).

of whether "a plan was wrongfully administered or that promised benefits were not provided." *Negron v. Patel*, 6 F. Supp. 2d 366, 372 (E.D. Pa. 1998) (citation omitted). Rebates are not a FEHBA benefit, and the People's suit is not disputing FEHBA plan administration. ECF 138-1 at 24; ECF 150 at 4-6; ECF 156 at 2.

 <u>Express Scripts.</u> ESI's federal defenses are likewise not colorable under Third Circuit case law. ECF 138-1 at 24; ECF 150 at 6-7; ECF 156 at 3. Claims that do not challenge terms in a DoD TRICARE contract are not preempted. *See N. Mich. Hosps., Inc. v. Health Net Fed. Servs., LLC*, 2008 WL 2233964, at *3 (D. Del. May 30, 2008), *aff'd*, 344 F. App'x 731 (3d Cir. 2009). Since ESI does not negotiate rebates for the DoD, the People's claims do not challenge TRICARE contract terms. ESI's government contractor defense is also not colorable since ESI has not pleaded the DoD participated in preparing specifications for insulin rebate negotiations. *Maguire v. Hughes Aircraft Corp.,* 912 F.2d 67, 71-72 (3d Cir. 1990) (government must participate in specification preparation for defense to apply).

## III. THIRD CIRCUIT PRECEDENT CONFIRMS DISCLAIMERS SUPPORT REMAND

 The post-removal disclaimers of relief relating to or arising out of TRICARE and FEHBA plans support remand. ECF 138-1 at 3-21; ECF 138-2; ECF 150 at 7-13; ECF 156 at 2-3; *Hoboken*, 45 F.4th at 713 (respecting disclaimer).

 <u>"Acting Under."</u> Caremark and ESI cannot satisfy the "acting under" criteria vis-à-vis non-FEHBA/TRICARE plans. Neither is carrying out duties of a federal

superior; neither is acting as government contractor; neither is performing a duty
OPM/DoD would otherwise have to perform; and neither is acting pursuant to a
congressional delegation. *See Maglioli*, 16 F.4th at 405 (summarizing criteria).

"For or Relating To." This prong requires "a 'connection' or 'association'"
between the lawsuit and defendant's federal duties. *Def. Ass'n*, 790 F.3d at 471
(using definition of "relating to" from ERISA); *Cty. of Lehigh v. Atl. Richfield Co*.,
2019 WL 2371783, at *8 (E.D. Pa. June 5, 2019), *aff'd* 795 F. App'x 111 (3d Cir.
2020) (challenged conduct must be "at the direction of the federal government,
pursuant to a federal contract, or to meet federal specifications").

Caremark attempts to meet this prong by claiming it engages in a "singular
negotiation process." ECF 149 at 9. Yet, Caremark's conclusory statement that
rebate negotiations are indivisible lacks "sufficient factual matter" to be accepted
as true. *Horizon Healthcare*, 846 F.3d at 633 (citation omitted). Also, holding
Caremark liable will not undercut its performance of its alleged federal duties; this
suit will not stop it from complying with the FEHBA Standard Contract terms. The
relationship between this suit and OPM is "too tenuous, remote, or peripheral" to
support jurisdiction. *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 100 n. 21 (1983).

ESI attempts to meet this prong by claiming its compensation from the DoD
is based in part on wholesale acquisition cost. ECF 148 at 12. This is also too
tenuous, remote, and peripheral to support federal jurisdiction. How ESI is paid has

nothing to do with its alleged federal duties. *See Lehigh*, 2019 WL 2371783, at *8.

<u>Colorable Federal Defense.</u> Since the People's disclaimers establish the lawsuit does not challenge Caremark's or ESI's conduct for FEHBA or TRICARE plans, neither have a colorable preemption defense. Claims not premised on a health plan or its administration do not "relate to" that health plan. *See, e.g., Ahn v. Cigna Health & Life Ins. Co.*, 2019 WL 5304628, at *5 (D.N.J. Oct. 21, 2019) (ERISA does not preempt claims regarding non-ERISA plans).[3]

<u>Discretion.</u> The decision in *Royal Canin U.S.A., Inc. v. Wullschleger* means remand is mandatory due to the disclaimers. 604 U.S. 22, 44 (2025). Even if remand were discretionary, it would be proper. ECF 138-1 at 24-25; 150 at 14; *Heilner v. Foster Wheeler LLC*, 2022 WL 3045838, at *4 (M.D. Pa. Aug. 2, 2022).

## CONCLUSION

The People request the Court grant their remand motion. The Court should then mail—without delay—the order to the California state court. Staying mailing pending appeal contradicts 28 U.S.C § 1447(c), which states remand orders "shall" be mailed and state courts "may thereupon proceed" with the case. *See Att'y Gen. v. Dow Chem. Co.*, 2024 WL 3361395, at *11 (D.N.J. July 9, 2024) (denying stay), *appeal docketed*, 24-1753 (3d Cir.), ECF No. 24 (July 24, 2024) (denying stay).

---

[3] Because ERISA uses the phrase "relate to," ERISA cases can help interpret the meaning of "relat[e] to" in the TRICARE and FEHBA contexts. ECF 138-1 at 17, 20; ECF 150 a 9; *see generally Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 242 (3d Cir. 2020) (analyzing "relate to" in ERISA context).

Dated:  February 20, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI
Supervising Deputy Attorney General

/s/ *Darcie Tilly*
DARCIE TILLY
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9559

LAUREN ZWEIER
(Lauren.Zweier@doj.ca.gov)
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-4400

JOHN OHANESIAN
(John.Ohanesian@doj.ca.gov)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Phone: (213) 269-6000

RYAN MCEWAN
(Ryan.McEwan@doj.ca.gov)
Deputy Attorney General
1300 "I" Street
Sacramento, CA 95814-2919
Phone: (916) 210-7548

*Attorneys for the People of the State
of California*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I emailed the People of the State of California's Supplemental Brief in Support of Renewed Motion to Remand to counsel of record for the parties identified below.

Dated: February 20, 2025                    /s/ Darcie Tilly

| SERVICE ENTITIES AND COUNSEL ||
|---|---|
| **CAREMARKPCS HEALTH, LLC AND CVS HEALTH CORP.** | **UMHOFER, MITCHELL & KING LLP** <br> Matthew Donald Umhofer <br> matthew@umklaw.com <br> Elizabeth A. Mitchell <br> elizabeth@umklaw.com <br><br> **WILLIAMS & CONNOLLY LLP** <br> Enu Mainigi <br> emainigi@wc.com <br> Craig D. Singer <br> csinger@wc.com <br> Kennon Poteat III <br> kpoteat@wc.com <br> A. Joshua Podoll <br> apodoll@wc.com <br> Daniel M. Dockery <br> ddockery@wc.com <br> Leo Ding <br> lding@wc.com <br> Alexander Gazikas <br> agazikas@wc.com <br> Lori Interlicchio <br> linterlicchio@wc.com |
| **EXPRESS SCRIPTS, INC.** | **MORGAN, LEWIS & BOCKIUS LLP** <br> Joseph Duffy <br> Joseph.Duffy@morganlewis.com <br> Jason R. Scherr <br> jr.scherr@morganlewis.com <br> Patrick A. Harvey <br> Patrick.harvey@morganlewis.com <br> Lindsey T. Levy <br> Lindsey.Levy@morganlewis.com |

**CERTIFICATE OF SERVICE**

| SERVICE ENTITIES AND COUNSEL | |
|---|---|
| **OPTUMRX, INC.** | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C** |
| | Gary S. Lincenberg |
| | glincenberg@birdmarella.com |
| | Nicole R. Van Dyk |
| | nvandyk@birdmarella.com |
| | Miri E. Gold |
| | mgold@birdmarella.com |
| | |
| | **ALSTON & BIRD LLP** |
| | Kelley Barnaby |
| | kelley.barnaby@alston.com |
| | Brian D. Boone |
| | brian.boone@alston.com |
| | Jean E. Richmann |
| | jean.richmann@alston.com |
| | Elizabeth Brown |
| | Liz.brown@alston.com |
| | David Hatchett |
| | Andrew.hatchett@alston.com |
| | Caroline Strumph |
| | Caroline.strumph@alston.com |
| **ELI LILLY AND COMPANY** | **KIRKLAND & ELLIS LLP** |
| | Michael J. Shipley |
| | michael.shipley@kirkland.com |
| | Ryan Moorman |
| | ryan.moorman@kirkland.com |
| | Jason Feld |
| | jason.feld@kirkland.com |
| | James Hurst |
| | james.hurst@kirkland.com |
| | Andrew Kassof |
| | andrew.kassof@kirkland.com |
| | Kate Walling |
| | kate.walling@kirkland.com |
| | Diana Watral |
| | diana.watral@kirkland.com |
| **NOVO NORDISK INC.** | **DAVIS POLK & WARDWELL LLP** |
| | James Rouhandeh |

**CERTIFICATE OF SERVICE**

| SERVICE ENTITIES AND COUNSEL | |
|---|---|
| | rouhandeh@davispolk.com |
| | Neal A. Potischman |
| | Neal.potischman@davispolk.com |
| | Andrew Yaphe |
| | Andrew.yaphe@davispolk.com |
| | Ian Hogg |
| | Ian.Hogg@davispolk.com |
| **SANOFI-AVENTIS U.S. LLC** | **JONES DAY** |
| | William Coglianese |
| | wcoglianese@jonesday.com |
| | Theresa Martin |
| | tcoughlin@jonesday.com |
| | Julie McEvoy |
| | jmcevoy@jonesday.com |
| | Kelly M. Watne |
| | kwatne@jonesday.com |
| | Lin W. Kahn |
| | lkahn@jonesday.com |
| | Maya Baumer |
| | mbaumer@jonesday.com |
| | Gerardo Inzunza Higuera |
| | ginzunzahiguera@jonesday.com |

**CERTIFICATE OF SERVICE**