Jason R. Scherr
Patrick A. Harvey
Lindsey T. Levy
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-3000
jr.scherr@morganlewis.com
patrick.harvey@morganlewis.com
lindsey.levy@morganlewis.com

*Counsel for Express Scripts, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:** | **Case No. 2:23-md-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO**:
*The People of the State of California v. Eli Lilly and Co. et al.*,
No. 2:24-cv-11488 (BRM)(RLS)

### EXPRESS SCRIPTS' SUPPLEMENTAL BRIEF IN RESPONSE TO CALIFORNIA'S SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND

1

## INTRODUCTION

Defendant Express Scripts, Inc. initially removed this action filed by Plaintiff the People of the State of California (the "State") from Los Angeles Superior Court to the U.S. District Court for the Central District of California. Notice of Removal ("NoR"). The district court initially granted the State's motion for remand, but the Ninth Circuit reversed. *See California v. CaremarkPCS Health LLC*, 2024 WL 3770326, at *1 (9th Cir. Aug. 13, 2024). After the mandate was issued, the federal court reclaimed jurisdiction over the action, and the State filed a renewed motion for remand. That motion was fully briefed, including supplemental briefing regarding the intervening decision from the First Circuit in *Government of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 179 (1st Cir. 2024). The case was then transferred to this Court by the JPML.

Under CMO #18 (ECF No. 427), the State submitted a six-page supplemental brief, and Express Scripts now responds with this supplemental brief showing that applying Third Circuit law to the State's motion to remand only strengthens Express Scripts' arguments for why the case was properly removed and belongs in federal court.

## GOVERNING LAW

Although the case was transferred outside the Ninth Circuit, this Court is still bound by the Ninth Circuit's removal decision in this case under the mandate rule.

2

*In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (noting appellate decisions not encompassing the trial court after transfer would remain "law of the case") (Ginsburg, J.).  Third Circuit precedent controls over questions of federal law and procedure not addressed by the Ninth Circuit's prior order.  *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 553 F. Supp. 3d 211, 219 (D.N.J. 2021).

## ARGUMENT

Removal under § 1442(a)(1) is appropriate when "(1) the defendant is a person within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct acting under the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant are for, or relating to an act under color of federal office; and (4) the defendant raises a colorable federal defense to the plaintiff's claims." *Golden v. New Jersey Inst. of Tech.*, 934 F.3d 302, 309 (3d Cir. 2019) (cleaned up).[1]  The State makes a facial challenge as to Express Scripts' removal.  *See* Renewed Mot.  Accordingly, all facts alleged in the notice of removal must be construed in the light most favorable to Express Scripts as the removing party.  *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016).

---

[1] The State does not dispute that Express Scripts is a "person." A corporation is a "person" within the meaning of the federal officer removal statute. *In re Commonwealth's Mot.*, 790 F.3d at 468.

## I. Express Scripts Acts Under a Federal Officer for TRICARE.

As in its prior briefing, the State wrongfully introduces issues impertinent to the question of whether Express Scripts is "acting under" a federal officer. *See* ESI Opp'n 7–10. The Court's inquiry must be guided by Express Scripts' theory of the case, rather than the State's, for why federal officer removal was appropriate. *In re Commonwealth's Mot. to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 474 (3d Cir. 2015) (citing *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 432(1999)). Express Scripts alleges in its notice of removal that it is "acting under" an officer of the Department of Defense when it provides pharmacy benefit management and mail-order pharmacy services for TRICARE. *See, e.g.* NoR ¶¶ 2, 5. There is no serious dispute that the Department of Defense is a federal office and that Express Scripts' work at DoD direction is taken "under" that office— the State does not allege otherwise. When arguing that its claims do not relate to Express Scripts' federal work for TRICARE, the State thus "impermissibly conflates the 'distinct' 'acting under' and 'connected or associated with' elements of the federal officer removal test." *Plaquemines Par. v. BP Am. Prod. Co.*, 103 F.4th 324, 335 (5th Cir. 2024) (cleaned up); *see also* Opp'n 7–10.

## II. Express Scripts' Actions for TRICARE Are Connected to or Associated with the State's Claims.

A removing party must allege only a "connection" or "association" between the act in question and the federal office rather than a direct causal connection or

4

nexus. *Def Ass'n*, 790 F.3d at 471. The Third Circuit has expressly and clearly rejected the necessity for showing a causal nexus. *See id.* (explaining 2011 amendment to section 1442 eliminated requirement to show complained of acts occurred "***because of*** what they were asked to do by the Government").[2]

The State's response that Express Scripts' theory of connection is too "tenuous, remote, or peripheral" to support federal jurisdiction does not come from any federal officer decision. And the State appears to contend that what makes any association or connection too "tenuous, remote, or peripheral" is if the complained-of conduct was performed other than at the "direction of the federal government pursuant to a federal contract." State Supp. Br. at 5 (quoting *Cnty. of Lehigh v. Atl. Richfield Co.*, 2019 WL 2371783, at *8 (E.D. Pa. June 5, 2019)). The State's argument thus depends upon the same "direct causation" requirement the Third Circuit expressly rejected. *Def. Ass'n*, 790 F.3d at 741.

### III. Express Scripts Pleaded Two Colorable Federal Defenses.

Express Scripts pleaded two colorable defenses: (1) a "government contractor" defense and (2) a preemption defense. NoR ¶¶ 59–61. The State spent most of its prior briefing arguing that the Ninth Circuit only permits contractors who design and manufacture military equipment to assert the government contractor

---

[2] The Ninth Circuit describes it as a "causal nexus" test but still applies the "connected to or associated with" standard. *DeFiore v. SOC LLC*, 85 F.4th 546, 557 n.6 (9th Cir. 2023)

defense. The State was wrong about that. Opp'n 15–17. But more importantly, the Third Circuit expressly disagreed with the Ninth Circuit that the government contractor defense is limited to a specific military context. *Carley v. Wheeled Coach*, 991 F.2d 1117, 1125 (3d Cir. 1993) ("the government contractor defense is available to the manufacturers of nonmilitary products as a matter of federal common law.").[3]

## **CONCLUSION**

The Court should deny the State's Renewed Motion to Remand. If the motion is nonetheless granted, the Court should stay the mailing of a copy of the remand order for 30 days. Opp'n 20–23; *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 271 (4th Cir. 2025) (granting automatic stay of action following appeal of remand order because "Express Scripts['] . . . appeal divested the district court of authority over the issues involved in that appeal, and the district court had no power to mail its [remand] order to state court.").

---

[3] After briefing concluded, the Supreme Court held that a post-removal amendment eliminating the basis of federal jurisdiction also deprives a court of supplemental jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). Regardless, remand should still be denied because the Court retains subject-matter jurisdiction for the other reasons Express Scripts has asserted.

Dated: March 24, 2025                              Respectfully submitted,

*/s/ Jason R. Scherr*
Jason R. Scherr
Patrick A. Harvey
Lindsey T. Levy
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-3000
jr.scherr@morganlewis.com
patrick.harvey@morganlewis.com
lindsey.levy@morganlewis.com

*Counsel for Express Scripts, Inc.*
