# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-MD-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH**<br><br>**ORAL ARGUMENT REQUESTED** |

**THIS DOCUMENT RELATES TO:**
*People of the State of California v. Eli Lilly and Co., et al.*, No. 2:24-cv-11488

**CAREMARKPCS HEALTH, L.L.C.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE STATE OF <u>CALIFORNIA'S RENEWED MOTION TO REMAND</u>**

(Counsel Listed on Next Pages)

Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, New Jersey 07928
T: (973) 824-9300
F: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
T: (202) 434-5000
F: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
bhazelwood@wc.com
ddockery@wc.com

*Counsel for CaremarkPCS Health, L.L.C.*

The most remarkable feature of California's supplemental brief is its silence. The State completely ignores the Ninth Circuit's opinion rejecting the State's first attempt to avoid federal jurisdiction. *California v. CaremarkPCS Health LLC*, 2024 WL 3770326 (9th Cir. Aug. 13, 2024). And the State never mentions the First Circuit's lengthy, published opinion holding that Caremark was entitled to federal officer removal under indistinguishable circumstances. *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024). For the reasons articulated in those cases, California's challenge to Caremark's Notice of Removal lacks merit; the Renewed Motion to Remand should be denied.

## ARGUMENT

"Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (cleaned up). The Court also must "construe the facts in the removal notice in the light most favorable to [Caremark]." *Id.*

### I. CAREMARK SATISFIES THE ELEMENTS OF REMOVAL.

A private party is entitled to removal if: (1) it is a "person," (2) the plaintiff's claims are based on "conduct 'acting under'" a federal officer, (3) the claims are "'for, or relating to' an act under color of federal office," and (4) it "raises a colorable federal defense." *Papp*, 842 F.3d at 812; *Puerto Rico*, 119 F.4th at 179.

***Acting Under:*** The First Circuit held that "[w]hen Caremark negotiates

1

rebates on behalf of FEHBA carriers, it assists OPM in carrying out its official task of administering federal health benefits." *Puerto Rico*, 119 F.4th at 190 (citation omitted). The First Circuit was correct. Caremark "provides a service the federal government would itself otherwise have to provide"—namely, negotiating rebates to lower the net cost of drugs for FEHBA beneficiaries. *In re Commonwealth's Mot. to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 469 (3d Cir. 2015). And, in doing so, Caremark is subject to federal oversight, direction, and control. Dkt. 149 ("Caremark Opp.") at 17-23; *see Puerto Rico*, 119 F.4th at 190.

The State claims (at 1) that Caremark does not act under OPM because OPM does not "provide 'close federal control'" over Caremark. But OPM exercises significant oversight and control over Caremark's FEHBA-related rebating practices, as reflected in federal regulations, federal contracts, and OPM guidance letters. Caremark Opp. 2-5, 17-23. *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 713 (3d Cir. 2022) is inapposite because it involved the simple sale of gasoline, not the administration of a complex federal program. *See* Caremark Opp. 21.

The State also claims (at 2) that Caremark does not have a sufficiently close relationship to OPM because it "lacks a federal contract." But subcontractors like Caremark "act under" federal officers where, as here, they are "accountable" to the federal government and subject to "audit and inspection rights." *See, e.g.*, *Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 253 (4th Cir.

2021); *Agyin v. Razmzan*, 986 F.3d 168, 178 (2d Cir. 2021); Dkt. 157 at 1.

The State contends (at 2) that Caremark does not provide "a service that OPM would otherwise provide" because, if FEHBA plans "did not use subcontractors like Caremark, FEHBA plans (*not* OPM) would provide pharmacy benefits directly to employees." The State misses the point. Caremark, as relevant here, negotiates rebates that lower the net costs FEHBA plans pay for their beneficiaries' prescriptions. If the government is to provide competitive health benefits—which is precisely what FEHBA is designed to do—those rebate negotiations are essential. The government would need to conduct them itself if a private party (Caremark) did not do so. *See Mot. to Appoint*, 790 F.3d at 469-70.

The State says (at 2) Caremark did not provide services "specifically for the government" because it negotiates rebates "simultaneously" for private plans. But removal is permitted "even if [contractors] perform the same service jointly for the federal government and private entities." *Puerto Rico*, 119 F.4th at 193.

The State also claims (at 2) that Congress did not grant authority to Caremark to "act on behalf of OPM." No authority holds that Congress must authorize federal officers to contract with private parties to justify removal, and the State cites none.

Finally, the State argues (at 3) that OPM only oversees FEHBA carriers, not PBMs. The State is wrong; OPM exercises direct control over Caremark by requiring Caremark to pass through rebates, inspecting its rebate-related files, and

3

auditing its rebating practices. Caremark Opp. 2-5, 17-23; *see Puerto Rico*, 119 F.4th at 190. This detailed "supervision and monitoring," *Puerto Rico*, 119 F.4th at 190, is nothing like the "single consultation meeting" in the State's cited authority, *Att'y Gen. v. Dow Chem. Co.*, 2024 WL 1740087, at *7 (D.N.J. Apr. 23, 2024).

***Related To:*** The State does not dispute that, absent its disclaimer, this lawsuit is related to Caremark's federal duties. And for good reason. Caremark need only demonstrate a "connection or association between the act in question and the federal office." *Papp*, 842 F.3d at 813. Caremark easily satisfies that standard because the State challenges rebate negotiations that govern the rebates that apply to FEHBA carriers. *Puerto Rico*, 119 F.4th at 190.

***Colorable Federal Defense:*** The federal officer removal statute provides a federal forum to litigate federal defenses. A defendant, therefore, is not required to "win his case before he can have it removed"; the federal defense need only be colorable to justify federal officer removal. *Papp*, 842 F.3d at 815. Caremark's express and obstacle preemption defenses comfortably meet that standard.

The State claims (at 3-4) that express FEHBA preemption applies only to lawsuits that "seek a FEHBA benefit." But the connection between FEHBA and Caremark's conduct is a merits issue on which the parties strongly disagree. The State also relies on a district court ruling that applied ERISA's preemption standard. The Supreme Court subsequently explained that FEHBA preemption has a "broad

4

pre-emptive purpose" in light of the "[s]trong and distinctly federal interests . . . involved" in FEHBA. *See Coventry Health Care of Mo. v. Nevils*, 581 U.S. 87, 96 (2017) (citation omitted); *Puerto Rico*, 119 F.4th at 190.

The State also ignores Caremark's separate obstacle preemption defense. This lawsuit presents an "obstacle" to FEHBA plans offering competitive benefits, contrary to FEHBA's purpose. *Mot. to Appoint*, 790 F.3d at 476; Caremark Opp. 25.

## II. THE STATE'S DISCLAIMERS DO NOT WARRANT REMAND.

1.  Because the Ninth Circuit rejected the disclaimers in its Complaint, the State asks the Court to remand based on numerous statements in its briefs and at oral argument. *See* Dkt. 138-02. Even those purported disclaimers are invalid because (1) this lawsuit unavoidably challenges rebate negotiations that apply to FEHBA carriers, and (2) crediting the State's disclaimers would require state-court litigation about the scope of Caremark's federal duties and the validity of its federal defenses. Caremark Opp. 8-15. The First Circuit rejected substantively identical purported disclaimers for these reasons. *Puerto Rico*, 119 F.4th at 191-94.

The State does not provide any reason to deviate from the First Circuit. And the First Circuit's sound reasoning has continued to gain traction: after the parties filed their briefs, the Fourth Circuit adopted *Puerto Rico* in a published opinion and rejected a purported disclaimer based on the same reasoning. *See Maryland v. 3M Co.*, --- F.4th --- , 2025 WL 727831 (4th Cir. Mar. 7, 2025). *Maryland* held that a

5

disclaimer was invalid because the defendant's federal and nonfederal work was "inextricably related" such that remanding the case would require a state court to "disentangle" federal and nonfederal conduct. *See id.* at *6. The Seventh Circuit also has rejected a disclaimer for this reason, in a case the State asks this Court to disregard. Dkt. 150 at 13 n.3.

The State does not dispute that its disclaimer is invalid if Caremark's conduct is indivisible. So it insists (at 5) that Caremark did not adequately allege that it "engages in a 'singular negotiation process.'" That ignores the Notice of Removal. As the First Circuit repeatedly held, the Court must credit Caremark's theory of the case that its negotiations were collective. *Puerto Rico*, 119 F.4th at 189.

2. The State's post-removal disclaimers would, at most, authorize discretionary remand. And the discretionary factors favor keeping the case in the MDL. Caremark Opp. 15-17. The State's claim (at 6) that remand is mandatory under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) fails. That case involved amended pleadings eliminating federal claims, not statements in briefs.

### III. THE COURT SHOULD WITHHOLD MAILING THE REMAND.

If the Court disagrees, it must automatically stay mailing of the remand upon appeal. *See Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025).

### CONCLUSION

For these reasons, the State's renewed motion to remand should be denied.

6

Dated: March 24, 2025                           Respectfully submitted,


 */s/ John D. Tortorella*
Kevin H. Marino, Esq.
John D. Tortorella, Esq.
**MARINO, TORTORELLA & BOYLE, P.C.**

Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
**WILLIAMS & CONNOLLY LLP**

*Counsel for CaremarkPCS Health, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, CaremarkPCS Health, L.L.C.'s Supplemental Memorandum in Opposition to the State of California's Renewed Motion to Remand was served upon counsel of record by email.

Dated: March 24, 2025

*/s/ Enu Mainigi*
Enu Mainigi
**WILLIAMS AND CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
*Attorney for CaremarkPCS Health, L.L.C.*