# Exhibit 1

| | |
|---|---|
| **From:** | Steven Daroci <SDaroci@SeegerWeiss.com> |
| **Sent:** | Thursday, April 3, 2025 5:36 PM |
| **To:** | Suellentrop, Nicholas; Josh Wackerly; Interlicchio, Lori; Joanne Cicala; Johan Conrod; Trey Watkins; Tanya Ellis; Lawrence Deas; William Liston III; Matthew McDonald; bbogle@levinlaw.com; Tal J Lifshitz; David Buchanan; Benjamin Widlanski; Mark Pifko; Anello; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork; Jon Neumann; Matthew Gately; Kelly Rinehart; Robert L. Salim; Insulin CVS Discovery Group; Ryan McEwan; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us); Lisa Causey-Streete; John Alden Meade; Nikki Guntner; Donald A. Ecklund |
| **Cc:** | Podoll, A. Joshua; Hazelwood, Benjamin; Dockery, Daniel; Poteat III, R. Kennon; Gazikas, Alexander; Interlicchio, Lori |
| **Subject:** | Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS |

Nick,

It remains Plaintiffs' position that the custodians proposed by CVS Caremark are insufficient, and we'll be making a submission tomorrow requesting that that the Court direct CVS to comply with the Court's prior ruling and provide representative custodians for the relevant departments.

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Wednesday, April 2, 2025 at 9:01 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>, Nikki Guntner <NGuntner@awkolaw.com>, Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel:

I write in response to your March 28 correspondence.

**Search Terms.**  We attach here the hit reports for Plaintiffs' latest search term proposal.  These search terms were run over the 20 custodians listed at the end of this email, for the Relevant Time Period unless otherwise indicated.  As you will see, Plaintiffs' terms hit on 3.5 million documents with families.  *See* Exhibit A (Plaintiffs' Search Term Hit Report).  As CVS Caremark predicted, Plaintiffs' demanded inclusion of additional custodians has more than offset the minor modifications Plaintiffs proposed on search terms.  In the spirit of compromise, and in another attempt to hopefully come to ground on terms, CVS Caremark has made additional concessions to Plaintiffs in the attached set of proposed terms.  *See* Exhibit B (CVS Caremark Search Term Proposal).  While more reasonable than what Plaintiffs have proposed, CVS Caremark's terms still hit on nearly 1.4 million documents with families, which represents significant burden.  *See* Exhibit C (CVS Caremark Search Term Hit Report).

As the hit report in Exhibit A demonstrates, much of the burden in Plaintiffs' proposal remains driven by terms that are not tied to the products at issue in this MDL.  For example, just one of Plaintiffs' proposed terms – "((list\* w/3 pric\*) OR AWP OR WAC OR cost\* OR rebat\* OR REB OR discount\* OR incentiv\* OR fee\* OR (net\* w/3 pric\*) OR Concession OR Inflat\* OR Payment\* OR Zinc OR GPO\* OR aggregator\*") w/25 (audit\* OR "health plan\*" OR sponsor\* OR client\* OR payer\* OR payor\* OR bid\* OR proposal\* OR RFP)" – hits on nearly ***1.5 million*** documents, with over 800,000 unique hits.  And as predicted, this extreme hit count seems largely due to documents specific to non-Diabetes medications that are not relevant to this MDL.  A non-exhaustive list of these non-insulin medications identified on only brief review are listed at the end of this email.  By way of example, these terms are hitting on thousands of "Annual Review Process" documents for unrelated drugs.  The terms also are hitting on a large number of routing forms for contracts for signatures of unrelated drugs.  CVS Caremark further notes that the word "client" is part of many CVS Caremark employees' titles (e.g., "Client Services Support"), and therefore appears in their email signature.  Further, with respect to the word "bid," the University of Michigan, Center for Value-Based Insurance Design (which goes by "V-BID") sends newsletters that are within the set.  *See e.g.,* Exhibit D.

These hit reports confirm that CVS Caremark's proposal adequately captures documents likely to be relevant to this litigation, while avoiding the disproportionate burden presented by Plaintiffs' terms.

**Custodians.**  Your description of the parties' negotiation history and attendant burdens are inaccurate.  Although it is not necessary to detail each of our disagreements, we note a few here to clarify the record.  First, you repeatedly deride CVS Caremark for putting forth only custodians that Plaintiffs have proposed.  But that complaint ignores that (1) CVS Caremark initially made a proposal of custodians, (2) CVS Caremark's obligation was to propose custodians "most likely to possess responsive documents and information," CMO 11 at 7, not *any* custodian who could in theory have responsive documents and information, and (3) Plaintiffs then proposed *over eighty-five* custodians.  That CVS Caremark had not previously agreed to additional custodians beyond Plaintiffs' wildly over-inclusive list is unremarkable.  And while CVS Caremark is not required to explain why it rejects any of the dozens of custodians Plaintiffs demanded (some seemingly at random), you are incorrect that we have not provided explanations in our meet and confers why certain custodians have been included in or excluded from our proposed list.

Second, with respect to Plaintiffs' habit of raising disputes with the Court without providing CVS Caremark sufficient (or sometimes, any) notice, there was not a "single incident" in question, but multiple.  For example, Plaintiffs conceded on our March 19 meet and confer that they had not raised investor relations custodians with CVS Caremark before moving the Court for them on February 28.  Or, as another example, at our January 10 meet and confer you stated you would not raise the CMO13 deadline with the Court at the following status conference—and then proceeded to immediately do so just four days later.  And with respect to Plaintiffs' demand for hit counts on February 28, you are incorrect that Plaintiffs requested these during our February 7 meet and confer, and we disagree that your passing reservation of rights to modify your terms upon receiving a hit count report 12 days later is consistent with the "cooperative" process the Court envisioned.  We trust that, going forward, Plaintiffs will raise issues with CVS Caremark *before* moving the Court, and will accurately represent the parties' conferral efforts to the Court.

We believe that part of the issue driving the differences between the parties is that CVS Caremark has been attempting to graft its proposals on Plaintiffs' nomenclature, which does not directly mirror how CVS Caremark

functions. Accordingly, below we organize our description of the custodial issues to better correspond with CVS Caremark's structure. CVS does not agree that Plaintiffs are entitled to issue what are essentially objectionable interrogatories over email, nor to demand a response within the limited time available for these negotiations. The burden of Plaintiffs' belated demands is particularly acute here given that these are large, complex organizations whose structure has changed over the 12-year Relevant Time Period. Nonetheless, in an effort to hopefully resolve or at least limit the disputes between the parties, we provide the information below.

**Trade Relations**. CVS Caremark's Trade Relations department refers to the department that owns the pharmaceutical manufacturer relationship and negotiates the relevant contracts. As we have discussed, CVS Caremark has provided over a dozen custodians from this department. Within the Trade Relations department were insulin "category captains," who would have primary ownership of negotiations for Diabetes Medications. CVS Caremark has included those category captains across the Relevant Time Period. CVS Caremark also has included the assigned negotiators for each of the three Manufacturer Defendants across the Relevant Time Period. Finally, CVS Caremark has included more senior members of the Trade Relations Team, including Gary Loeber and Matthew Leonard. Although CVS Caremark does not maintain organizational charts in the normal course, we have identified one ad hoc created organizational chart demonstrating the structure of the team as of 2019. We attach that here as Exhibit E (Confidential). As you will see, CVS Caremark has proposed *twelve* of the custodians listed on that organizational chart. Indeed, Plaintiffs themselves characterize CVS Caremark's custodian proposal as "overwhelmingly from the Trade Relations Group." S. Daroci March 28 email. Accordingly, CVS Caremark's Trade Relations proposal is more than sufficient.

It seems that Plaintiffs' purported remaining concern is with any custodian that "provided data analysis to each of its Manufacturer-facing teams over the relevant time period." S. Daroci March 20 email. That concern is not one with the *Trade Relations* department, but rather with the Industry Analysis/Trade Finance group, as discussed below.

**Industry Analysis/Trade Finance.** CVS Caremark's Industry Analysis/Trade Finance Group has changed in structure over the Relevant Time Period, but essentially covers what Plaintiffs dubbed "Formulary Review Custodians" and "Finance" custodians. Specifically, this group includes both an operational role, involved in rebate research, invoicing, and reconciling payments, as well as a financial planning and analysis (FP&A) role, involved in modeling which supported both the Trade Relations team and the Formulary Review Committee.

- With respect to the operational role, CVS Caremark has proposed James Dixon, who served as a VP of Industry Analysis across the entire time period. Mr. Dixon's role included the administration of business rebate contracts and related invoicing, collections, and reconciliations. CVS Caremark has also proposed Rob Versosky, who similarly worked in the operational role.

- With respect to the FP&A role, CVS Caremark has proposed Shivam Patel, who was responsible for modeling in his role at CVS Caremark until 2017. In an effort to ensure full coverage for this role, CVS Caremark also proposes Nayyar (Arnie) Kahn, a Director of Industry Relations, for the time period from 2017 through 2022.

- Finally, CVS Caremark further notes that it has proposed Dom Gugiluzza, a VP of Industry Analysis, to whom both operational and FP&A personnel reported.

In short, having offered *five* custodians for these overlapping groups, including the new addition of Mr. Khan, CVS Caremark's proposal is sufficient.

**National Contracting Custodian.** Ilona Smith is an SVP of the Employer Business Unit of CVS Caremark, who has been in a client-facing role for over 20 years. She previously served as VP of Sales and Account Services, and has also served as a division head of employer accounts. She has had responsibility for large, national-sized clients that require a high level of support and oversight. She has worked extensively with plan design structure, including as it relates to rebates. And Plaintiffs' complaint that Ms. Smith was not present on one personnel chart ignores that she was included on the other personnel chart CVS Caremark produced. *See* CVS-MDLINS-000707342 at -375. Nonetheless, to further address Plaintiffs'

3

purported concerns regarding the structure of CVS Caremark's sales-focused team, CVS Caremark has identified two additional organizational charts—one from 2012 (Exhibit F – Confidential) and one from 2020 (Exhibit G – Confidential). These charts identify the organization of the team, and confirm that Ms. Smith has been involved in CVS Caremark's Sales Organization for over a decade.

**Representation Custodians.** As promised in my March 25 correspondence, CVS Caremark reviewed the purported misrepresentations listed in the response to Question 32 of the State AG's January 21, 2025 Plaintiff Fact Sheets, and attaches here as Exhibit H the 25 statements for which it agrees to provide targeted discovery. CVS Caremark is providing discovery on these 25 statements regardless of which CVS defendant Plaintiffs have characterized as making the statement. CVS Caremark intends to do targeted searches of the documents of Tammy Lewis, Christine Cramer, Nancy Christal, and Michael McGuire to produce documents related to these representations.

For a variety of reasons, certain of Plaintiffs' identified representations are inappropriate for discovery. Specifically, CVS Caremark does not agree to provide discovery on statements which: (1) were not made by CVS Caremark; (2) are outside the Relevant Time Period, (3) were made by CVS Caremark's outside counsel; (4) are from securities filings, which are generally drafted by counsel; and/or (5) are too general to be "specific misrepresentations," or were described as categories of purported misrepresentations.

**FEHBA/OPM Custodians.** CVS proposes two custodians with responsibilities relevant to FEHBA/OPM: Jeff Koelsch and Analia Anderson. Mr. Koelsch is a VP of Account Services who is in charge of the Federal Employee Program and has direct contact with OPM. He has been employed by CVS Caremark during the entire Relevant Time Period. Ms. Anderson handles audits for federal health plans and has been the primary point of contact for OPM audits for over 13 years. CVS Caremark will confer with Plaintiffs on the specific search terms to be run across their documents.

We trust these further compromise proposals will end this dispute, so that the parties can continue to move forward in discovery. To the extent you plan to raise further issues with the Court on April 4 in our simultaneous submissions, please advise no later than close of business on April 3 what specific issues you intend to brief and what specific relief you plan to demand.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

**Custodians for Hit Count Reports**

1. Joseph Anderson
2. Patti Doruff
3. Kevin Wessels
4. William Rossman
5. Gary Loeber
6. Aydin Sekili
7. Lora Armstrong

8.   James Cichowski
9.   Joseph Stahl (through December 2020)
10.  Norman Rivera
11.  Andrew Zanin
12.  Daniel Best
13.  Keith Pearson
14.  Robert Versosky
15.  Jason Hartzell
16.  Domenico Gugliuzza (2011-2016)
17.  Shivam Patel
18.  James Dixon
19.  Jackie Manini
20.  Ilona Smith (2019-2022)

**<u>Non-Diabetes Medications That Hit on Plaintiffs' Overbroad Terms</u>**

Actemra
Adcirca
Amitiza
Aralast
Aranesp
Asacol
Aubagio
Avonex
Betaseron
Berinert
Brilinta
Botox
Bravelle
Carimune
Cerezyme
Cialis
Cinryze
Cimzia
Copaxone
Cosentyx
Creon
Delzicol
Dipentum
Dysport
Effient
Elelyso
Eligard
Eliquis
Enablex
Enbrel
Esbriet
Epogen
Euflexxa
Euflexxa
Exjade
Extavia

Farxiga
Firazyr
Flolan
Follistim
Gammagard
Gamunex
Gelnique
Gel-one
Glassia
Gleevec
Harvoni
Hyalgan
Humira
Ibrance
Incivek
Kalbitor
Kineret
Letairis
Leukine
Lexapro
Linzess
Lumacaftor
Lupron
Myrbetriq
Movantik
Myobloc
Neulasta
Neupgren
Octagam
Orencia
Orthovisc
Otezla
Pancreaze
Pegasys
Pradaxa
Privigen
Procrit
Prolastin
Rebif
Relistor
Remicade
Remodulin
Revlimid
Rituxan
Savaysa
Sildenafil
Simponi
Stelara
Strattera
Spiriva
Sprycel
Supartz

Synvisc
Tasigna
Tecfidera
Tobi
Trelstar
Tracleer
Tysabri
Velcade
Velitri
Vesicare
Ventavis
Viagra
Victrelis
Viekira
Xarelto
Xeljanz
Xeomin
Zavesca
Zemaira

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Friday, March 28, 2025 2:17 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>; Ryan McEwan <Ryan.McEwan@doj.ca.gov>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>; Nikki Guntner <NGuntner@awkolaw.com>; Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We write in response to your March 25, 2025 email. We address your points in sequence below.

**Search Terms.** Plaintiffs circulated their search-term counterproposal Wednesday evening and will await CVS's response, along with the requested hit reports.

With respect to Defendants' recent demands that Plaintiffs identify the search terms being used to search for and produce documents in response to Plaintiff Fact Sheets, these demands are premature, are improper discovery on

discovery, and backtrack on Defendants' specific assurances made to the Court in connection with the PFS that "Defendants are not asserting that plaintiffs now at this stage should negotiate with us key words to run against custodial lists and just turn over the entirety of their email production, the way a process might proceed in a merits discovery phase or discovery pool at this stage." Sept. 5, 2024 Hearing Tr. at 56:12-16. Plaintiffs will therefore not be identifying any search terms used to identify documents potentially responsive to Plaintiff Fact Sheets.

CVS continues to harp on Plaintiffs' February 28, 2025 search-term counterproposal being made shortly before filing their discovery-dispute letter with Judge Singh. First, we take issue with the suggestion that Plaintiffs habitually raise disputes with the Court without providing CVS sufficient time to respond to Plaintiffs' positions. With respect to that single incident in question, Plaintiffs explicitly acknowledged at the time that their search term counterproposal was unfortunately being offered late in the afternoon and alerted CVS that we would still be proceeding with filing a discovery-dispute letter with Judge Singh in light of the Court-imposed filing deadline that same day. *See* S. Daroci Feb. 28, 2025 email; *see also* Feb. 10, 2025 Tr. at 10:12-17. Plaintiffs also candidly noted in that submission to the Court that their most recent search-term proposal had just been made that afternoon. CVS also continues to claim that Plaintiffs' February 28, 2025 email was the first time Plaintiffs had requested hit reports from CVS. That is incorrect. Plaintiffs specifically requested hit reports during the parties' February 7, 2025 meet-and-confer (after receiving CVS's February 4, 2024 proposal). *See also* J. Wackerly Feb. 19, 2025 email ("Plaintiffs reserve the right to expand or modify these search terms when we can compare them against hit reports and/or a more complete production."). Plaintiffs, of course, will continue to cooperate fully and in good faith with CVS.

**Data Fields.** Plaintiffs intend to provide their counterproposal on data next week.

**Custodians.** CVS cannot credibly claim that it has provided information sufficient to allow the parties to meaningfully confer on an appropriate set of relevant custodians across the relevant departments. Throughout this three-month-plus process, the *only* information CVS has provided to Plaintiffs has been: (i) the positions, relevant groups, and relevant employer (Caremark vs. Zinc) for the *seven* custodians initially proposed by CVS (*see* attachment to N. Suellentrop Jan. 8, 2025 email); and (ii) the (largely overlapping) list of CVS's Insulin Category Captains and primary negotiators with each of the Manufacturer Defendants during the relevant time period (N. Suellentrop Feb. 28, 2025 email). These disclosures offered a marginal increase in detail compared to CVS's Responses to Plaintiffs' Master Interrogatories, in which CVS provided barebones descriptions of these individuals' respective areas of relevant information (e.g., "Manufacturer Agreements," "Manufacturer Payment Invoicing").

Throughout this process, Plaintiffs have lodged multiple requests for further disclosures from CVS. Plaintiffs promptly identified additional CVS individuals who Plaintiffs believed possessed relevant information and requested that CVS "provide its reasoning for any custodians . . . it rejects." S. Daroci Jan. 16, 2025 email. In response, CVS cherry-picked which of the individuals *identified by Plaintiffs* that it was willing to include as custodians. CVS has refused to provide any explanation for why the numerous other individuals identified by Plaintiffs (including those Plaintiffs proposed from the PR, Government Affairs, Finance, and National Client Contracting departments) were not suitable custodians. Nor has CVS identified any individuals beyond those uncovered by Plaintiffs, despite its ability to conduct custodial interviews and notwithstanding its commitment to identify "any additional employee or former employee that it understands to have non-duplicative, responsive information proportional to the needs of this case." *See* N. Suellentrop Jan. 17, 2025 email.

In addition, any suggestion that Plaintiffs have not been persistently seeking custodians from PR/Government Affairs, FRC, Finance, and National Client Contracting is refuted by the record. Plaintiffs have been demanding custodians from these departments from the outset. For example, on January 16, 2025, Plaintiffs provided CVS with a list of potentially relevant individuals, which included (i) several individuals described as "key CVS public- and government-facing executive[s]," including the Senior Vice President of Federal Government Affairs; (ii) several FRC members, including those "involved in strategic planning on Manufacturer Payments and formulary placement for the at-issue drugs"; (iii) several individuals from the Finance department, including the Senior Manager for Finance and Strategy and the Executive Director for Rebate Finance; (iv) several individuals from National Client Contracting with client-facing

functions, including the Group Head for National Accounts and Coalitions, the Director of Client Services, the VP of Analytic Consulting and Proposals, and others.

As stated during the parties' most recent meet-and-confer and in our March 20, 2025 email, Plaintiffs disagree that CVS can satisfy its obligation to "ensure that there are representative custodians for each of the departments identified by the plaintiffs" in their February 28, 2025 letter (Mar. 11, 2025 Tr. at 51:2-10) by providing one or two custodians—especially considering that CVS (i) has offered custodians that are overwhelmingly from the Trade Relations group, resulting in significant gaps in representation from other relevant departments, and (ii) has not provided any information regarding the roles and functions within these departments sufficient to allow Plaintiffs to evaluate whether the offered custodians are truly representative.  (We also note that, with respect to the National Client Contracting group in particular, Plaintiffs have on several occasions during meet-and-confers requested that CVS describe its client-facing business segment so that the parties could discuss selecting appropriate higher-level employees from this department, rather than Plaintiffs' case-specific custodians).

Finally, your March 25, 2025 email decries Plaintiffs' purported "refus[al] to compromise," but requiring Plaintiffs to blindly accept CVS's "representative" custodians (who appear to be offered due to their lengthy tenure with CVS rather than because of their specific role or function) runs directly counter to the transparent and iterative process required by Judge Singh.

Please provide the requested custodian information by Tuesday, April 1, 2025, or let us know that CVS does not intend to provide it. The requested information will allow Plaintiffs to evaluate CVS's proposal and may also allow the parties to reach agreement on the custodians currently being offered with respect to Trade Relations and FRC. As it stands, however Plaintiffs' position remains that CVS is not complying with Judge Singh's ruling and that CVS's custodian proposal continues to be deficient.

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Tuesday, March 25, 2025 at 10:09 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@kmc.com <myeates@kmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@kmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>, Nikki Guntner <NGuntner@awkolaw.com>, Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

I write in response to your March 20 correspondence.

**Search Terms.** We look forward to receiving your search term counterproposal. We note, however, that while we have been transparently negotiating search terms for months—including by providing concrete proposals and hit count reports—Plaintiffs have not extended us the same courtesy. Notwithstanding Plaintiffs' demands of CVS Caremark, we recently learned that Plaintiffs' leadership has instructed Plaintiffs not to provide the search terms individual Plaintiffs are using in their own discovery. That approach would be troubling under any circumstances; it is completely inappropriate here, given Plaintiffs' approach to discovery of CVS Caremark. Discovery is a two-way street. Plaintiffs cannot demand transparency from CVS Caremark while refusing to be transparent themselves.

Plaintiffs also are not respecting the meet-and-confer process when it comes to search terms. As we noted during our last conversation, Plaintiffs recently sent us a search-term proposal at 4:34 pm on a Friday, then filed a motion at midnight the same day complaining that we had not provided hit reports. That kind of behavior affirmatively undermines the cooperative discovery process Judge Singh ordered the parties to undertake in this case. We appreciate your representation during our meet and confer that, going forward, you will not raise issues with the Court—including regarding search terms—before giving us adequate time to review your proposals.

**Data Fields.** With respect to claims data, our client has confirmed pursuant to Judge Singh's direction that there is no way to generate additional information for all fields of the nature represented by Dave Buchanan at the March 11, 2025 conference. We are still investigating the issue as to manufacturer rebate data, including whether we can provide additional information as to a subset of data fields. We note that on January 24, in addition to articulating your now-rejected reading of the ESI protocol, you also said you would "consider [CVS Caremark's] data proposal and respond shortly." S. Daroci 1/24/25 email. It has now been two months since that representation. Please advise if and by when you will respond to our January 23, 2025 proposal.

**Custodians.** Your description of the history of the parties' negotiations is inaccurate.

The notion that CVS Caremark has not cooperated is contrary to the record, and your allegation to that effect is counterproductive. When Plaintiffs have requested specific information from CVS Caremark, we have provided it promptly. To the extent Plaintiffs have additional, reasonable requests for information, CVS Caremark will consider such requests in good faith.

Plaintiffs' approach to discovery has been fundamentally different. Plaintiffs have repeatedly moved the goal posts, refused to compromise to limit disputes, and frustrated or ignored the meet-and-confer process. So too, here. Plaintiffs moved on February 28 for certain custodians from certain, specifically enumerated departments (some of which, as you acknowledged on our meet and confer, were never raised with CVS Caremark before your letter motion). The Court ordered that CVS Caremark provide "representative custodians" from those departments. CVS Caremark agreed to do so. Plaintiffs now seek to rewrite their February 28 letter, positing that they need more information about the departments—transparently with the goal of seeking additional custodians and further adding to CVS Caremark's already significant discovery burden. The fact this information was not sought or discussed in our conferrals before your February 28 letter makes all the more clear that Plaintiffs are changing their tune to demand more custodians. And even in the face of the Court's direction that CVS Caremark need only provide "representative examples," Tr. at 51:19, for given departments, Plaintiffs refuse to accept representative custodians on the ground—rejected by the Court—that representative custodians are insufficient. *See* J. Wackerly Mar. 17, 2025 email.

Moreover, Plaintiffs' requests are burdensome and objectionable in their own right. For example, Plaintiffs' request for information about CVS Caremark's Trade Relations Team seeks the titles and roles of *every person* employed in a "Manufacturer-facing team," regardless of whether that individual (1) worked with the relevant Diabetes Medications or (2) worked with the Manufacturer Defendants. CVS Caremark has *already provided* Plaintiffs with the Insulin "Category Captain" and the primary negotiators with each Manufacturer Defendant throughout the relevant time period. Nevertheless, CVS Caremark is considering Plaintiffs belated request for additional information in good faith.

**Public Relations/Government Affairs/Investor Relations.** It is difficult to see how the approach CVS Caremark proposes—discovery tailored to specific misrepresentations that Plaintiffs have identified—is "in conflict with the spirit of Judge Singh's decision" when she specifically limited discovery to specific alleged misstatements. While this approach may be in tension with *Plaintiffs'* desired decision, it is exactly what the Court ordered. Nevertheless, in the spirit of compromise and in an effort to avoid (yet another) dispute before Judge Singh, CVS Caremark is reviewing purported misrepresentations listed in the response to Question 32 of the State AG's January 21, 2025 Plaintiff Fact Sheets, and will provide additional discovery for certain representations listed there. As noted during our meet and confer, discovery as to certain of these statements is objectionable for other reasons (e.g., outside the relevant time period), and CVS Caremark will revert on which particular statements it will undertake to provide discovery about. CVS Caremark also agrees to consider any amended list of purported misstatements Plaintiffs provide in good faith. Finally, CVS Caremark will provide names of the specific custodians whose documents it is searching related to the specific statements.

**Trade Relations.** As discussed, CVS Caremark has proposed over a dozen Trade Relations custodians. And, in the spirit of compromise, CVS Caremark recently added Matthew Leonard—the sole CVS Caremark employee named in Plaintiffs' February 28 letter. Plaintiffs' position now seems to be that this is still insufficient, and you now seek additional information about the entire "CVS Trade Relations Manufacturer-facing team" over a twelve-year period. It is difficult to understand how inclusion of over a dozen Trade Relations custodians across the entire relevant date range does not satisfy Judge Singh's order to provide "representative custodians." CVS Caremark has made a robust proposal for Trade Relations, which reflects multiple compromises. We will stand on our proposal.

**Formulary Committees.** Plaintiffs misstate the parties' meet and confer. CVS Caremark specifically agreed to provide an additional custodian to cover the Relevant Time Period that is not otherwise covered by Shivam Patel. Again, Plaintiffs are attempting to rewrite their February 28 letter by demanding information never discussed by the parties in prior negotiations.

**Finance.** Plaintiffs reject CVS Caremark's recent proposal to add James Dixon as a representative custodian for the Finance Department. Plaintiffs again attempt to rewrite their February 28 letter, which did not even mention several of the categories that Plaintiffs now insist a representative custodian for the Finance Department must cover. Mr. Dixon, who covers the entire Relevant Time Period and worked in Rebate Finance, is an adequate representative custodian.

**National Client Contracting.** In their February 28 letter, Plaintiffs requested "a custodian" related to National Client Contracting. *See* ECF 439 at 15. Judge Singh was explicit: CVS Caremark should provide "a representative from the National Client Contracting group." Tr. at 51:11-12. In response, CVS Caremark recently proposed Ilona Smith, a Senior Vice President of the Employer Business Unit of CVS Caremark, who has been in a client-facing role for over 20 years. Refusing to take yes for an answer, Plaintiffs now complain that Ms. Smith may be a poor representative custodian because there are other employees who could have been listed. This is yet another example of Plaintiffs' strategy of changing their requests at the last minute and refusing to compromise.

At this point, CVS Caremark has agreed to 24 custodians, including three custodians it has added following the discovery hearing with Judge Singh. CVS Caremark has also agreed to provide FEBHA/OPM custodians, which it will do in the very near future. CVS Caremark further agreed to provide discovery for specific purported misrepresentations, and an additional financial "modeling" custodian. And CVS Caremark's affiliate, Zinc Health Services, has agreed to additional discovery from additional custodians. That plaintiffs continue to seek still more (when their overbroad terms hit on more than 3.3 million documents for just a subset of custodians) underscores the unreasonableness of Plaintiffs' ever-shifting demands.

At the beginning of discovery, Plaintiffs requested and Judge Singh ordered that the parties participate in a "cooperative" discovery process. Cooperation is a two-way street. It does not mean making unreasonable, shifting demands and refusing to compromise when seeking discovery from defendants. And it does not mean instructing individual plaintiffs not to provide basic information about search terms and custodians in response to document requests in plaintiff fact

sheets.  CVS Caremark has consistently and in good faith attempted to work with Plaintiffs to facilitate a reasonable yet fulsome discovery process; Plaintiffs must do the same.

CVS Caremark is considering Plaintiffs' March 20 demands for additional information as set forth above, and will revert in due course.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Thursday, March 20, 2025 9:21 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>; Ryan McEwan <Ryan.McEwan@doj.ca.gov>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>; Nikki Guntner <NGuntner@awkolaw.com>; Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick/Kennon/Lori,

Thank you for taking the time to speak with us yesterday. Below is a summary of the call and requests for additional information necessary to assess to CVS's current custodian proposal.

- **Search terms.** Plaintiffs are evaluating CVS's hit report and will respond with a search term counterproposal promptly.

- **Data field proposal.** Please advise when CVS anticipates providing an update regarding whether (i) "there are ways to generate additional information as to types of data fields" within CVS's relevant databases and (ii) "there are additional categories of information that might be provided" to allow the parties to meaningfully confer as to data fields. 3/11/25 Tr. at 86:12-21.

- **Custodians.** The parties have been attempting to come to an agreement on custodians for over three months now. During that time, and contrary to the process envisioned by Judge Singh in her May 28, 2024 decision—an "iterative and cooperative approach" for identifying custodians to "help avoid after-the-fact challenges to the

collection and search processes" [ECF No. 186 at 7]—CVS's lack of transparency has precluded the exchange of necessary information and hindered productive negotiations. Since CVS's initial proposal of just seven custodians (all from Trade Relations/FRC), Plaintiffs have been constrained to piece together incomplete information as to the individuals who are the most appropriate custodians to cover the relevant subject areas over a 12-year relevant time period. Plaintiffs have repeatedly identified individuals they believe to possess responsive information, only to have CVS refuse to engage in any discussion about those individuals and, instead, unilaterally dictate which of those identified individuals it would agree to add as a custodian. Plaintiffs have attempted to cooperate throughout this process. For example, when CVS asked Plaintiffs to provide an explanation for why Plaintiffs had identified certain persons as potentially relevant individuals, Plaintiffs promptly did so. But Plaintiffs have not received reciprocal cooperation from CVS. To the contrary, CVS has never once come forward to explain, for example, why it had agreed to a certain custodian but not others with seemingly similar functions. Nor has CVS ever supplemented Plaintiffs' list of potentially relevant individuals to provide *additional* individuals that CVS has determined are likely to possess responsive information (or, conversely, to clarify why certain individuals would not be appropriate custodians). In short, with respect to the parties' negotiations on custodians, Plaintiffs have been left in the dark, and CVS has not engaged in an "iterative and cooperative approach." Even the Court acknowledged that information regarding "how the PBMs are structured and who all is there" is essential for the parties to come to ground on an appropriate list of custodians that provide sufficient coverage over the relevant issues across the relevant timeframe. 3/11/25 Tr. 52:18-25. As you'll see below in the bullets for each relevant department, Plaintiffs are requesting that CVS provide, for each such department, (i) the specific titles and roles within that department and (ii) the individuals holding those roles during the relevant time period. Not only is this information called for by Master Interrogatory No. 1 (requesting, for each person with relevant information, their respective positions or titles, a description of their job duties, their years of employment, and any relevant internal divisions, subdivisions, departments, committees, subcommittees, teams, units, or working groups of which they were a member), but this information will also allow the parties to efficiently resolve the issue of sufficient coverage for these departments.

- o **Public Relations/Government Affairs/Investor Relations.** Plaintiffs have again reviewed Judge Singh's rulings in light of CVS's positions and maintain their position that any attempt by the PBM Defendants to limit identification of these departments' custodians to specific misrepresentations—and by extension requiring Plaintiffs to identify each and every misrepresentation that has been alleged and will be alleged moving forward— is in conflict with the spirit of Judge Singh's decision and will prove to be unworkable. Nevertheless, in an attempt to continue to advance the parties' discussions, Plaintiffs have informed CVS that the list of misrepresentations included in the January 21 State AG's PFS is an illustrative list of misrepresentations. And absent clarification from Judge Singh, in light of CVS's refusal to otherwise engage in this conversation, Plaintiffs will promptly provide CVS with an updated list of misrepresentations (to the public, investors, and the government) applicable across all Plaintiff tracks. Pursuant to Judge Singh's ruling, however, Plaintiffs request that CVS identify all individuals from its Public Relations, Government Affairs, or Investor Relations departments that would have "the underlying information [for] . . . how were these misrepresentations allegedly formulated internally" for each misrepresentation. 3/11/25 Tr. at 52:8-10. Alternatively, please confirm that CVS is refusing to identify such individuals.

- o **Trade Relations.** CVS's position is that its current custodian proposal for its Trade Relations department listed in it March 17 email (plus Matthew Leonard) is sufficient and that it will not agree to any additional custodians from this department. Plaintiffs disagree. In particular, Plaintiffs stated that CVS has not identified any custodian that provided data analysis to each of its Manufacturer-facing teams over the relevant time period. Plaintiffs request that CVS (i) provide, for each CVS Trade Relations Manufacturer-facing team, the specific titles and roles within the team (e.g., executive, team lead, contract specialist, data/analytics, negotiations, account management, etc.) and (ii) identify the individuals holding those roles during the relevant time period.

o **Formulary Committees.** Plaintiffs have requested additional custodians that created the financial models (or other data/information) that CVS's Formulary Review Committee relied on in making formulary decisions regarding the at-issue drugs. CVS's position is that Shivam Patel is sufficient and refuses to offer additional custodians. So that Plaintiffs can meaningfully evaluate CVS's proposal, Plaintiffs request that CVS (i) provide a description of the structure of its Industry Analysis department (or equivalent departments that may have provided financial models/information to the FRC), (ii) provide the specific titles and roles within the department (e.g., executive, team leads, financial modeling, etc.), (iii) identify the individuals holding those roles during the relevant time period, and (iv) confirm that Shivam Patel was the supervisor of this department for the entire relevant time period and was involved in the creation of all of the financial models/information relied upon by the FRC in making decisions related to the at-issue drugs during the relevant time period.

o **Finance.** CVS's position is that James Dixon is the only custodian needed from the Finance department and will not offer additional custodians.  Plaintiffs again disagree.  Plaintiffs understand that James Dixon's role was limited to Manufacturer Payment invoicing. *See, e.g.*, CVS's Response to Mater Interrog. No. 1. Plaintiffs are aware of (and have identified) additional executives/roles in the Finance department that Plaintiffs believe possess responsive information (e.g., Tom Burke served as VP Trade Finance/PBM Finance). Further, Plaintiffs allege that CVS profited off the Insulin Pricing Scheme in numerous ways, including through: (1) Manufacturer Payments; (2) their affiliated pharmacies; (3) their affiliated rebate aggregators; (4) their pharmacy networks; and (5) at the expense of their clients. So that Plaintiffs can meaningfully evaluate CVS's proposal, Plaintiffs request that CVS (i) provide a description of its Finance department, (ii) provide the specific titles and roles within the department tasked with analyzing/compiling revenue and profit information, forecasting, modeling, or otherwise budgeting the rebate revenues related to the at-issue drugs from: Manufacturer Payments, Rebate Aggregators, CVS's mail order and retail pharmacies, CVS's pharmacy network, and CVS's clients, (iii) identify the individuals holding those roles during the relevant time period, and (iv) explain James Dixon's role vis-à-vis these functions and how he provides sufficient coverage for this department.

o **National Client Contracting.** CVS has offered a single custodian, Ilona Smith, for its National Client Contracting group but has failed to provide any specifics regarding Ms. Smith's role over the court of the relevant time period, offering only that she is currently a Senior Vice President and "has been with Caremark for over 20 years in this client-facing role." Absent additional information regarding CVS's National Client Contracting group, however, Plaintiffs cannot determine whether Ms. Smith offers sufficient coverage. For example, we note that Ms. Smith does not appear in CVS's 2022 personnel chart (CVS-MDLINS-000707289), whereas other seemingly key individuals identified by Plaintiffs do appear (Ed Devaney, Allison Brown, Thomas Gilson, Lara Church). Again, throughout the parties' back-and-forth on custodians, CVS has never provided any reasoning for its decisions to include or exclude individuals identified by Plaintiffs. Why, for example, does CVS believe Ilona Smith is an appropriate representative custodian but not Ed Devaney or Allison Brown? So that Plaintiffs can meaningfully evaluate whether the custodians provided by CVS offer sufficient coverage for this subject matter, Plaintiffs request that CVS (i) provide a description of its National Client Contracting department (or equivalent departments with functions relating to CVS's strategy regarding its health plan clients; formulation of master contracts, template RFP responses/bids, etc.), including how the department is organized (e.g., regionally, by client size, by client type (private client, government client, union client, coalitions, TPAs), by industry, Med D vs. Commercial, existing-client accounts vs. client proposals, etc.), (iii) provide the specific titles and roles within its National Client Contracting group (or equivalent), (iv) identify the individuals holding those roles during the relevant time period, and (v) explain Ilona Smith's role vis-à-vis these functions and how she provides sufficient coverage for this group.

o **FEHBA/OPM.** CVS stated that it is working to identify relevant custodians and expects to do so during the week of either March 24 or March 31.

14

We look forward to hearing back from you. Please let us know if there is anything you'd like to discuss.

Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**

55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Monday, March 17, 2025 at 10:43 AM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>, Nikki Guntner <NGuntner@awkolaw.com>, Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve,

I also hope your travels back went well. In response to your March 13 email, please see below.

### Custodians.

Plaintiffs' misrepresent the Court's ruling and attempt to rewrite their February 28 letter.

With respect to "Public Relations, Government Affairs, and Investor Relations" custodians, the Court explicitly *did not* require custodians through the entire time period. To the contrary, the Court ordered discovery only around allegations of specific misrepresentations. *See* March 13, 2025 Hearing Tr. ("Tr.") at 54:1-10; 56:17-20. CVS Caremark is reviewing the allegations of specific misrepresentations in the Complaint Plaintiffs cited to in their February 28 letter, and will revert on the discovery we intend to provide that will be consistent with the Court's directive.

CVS Caremark further notes that Plaintiffs *never* requested an "Investor Relations" custodian from it. *See* ECF 444 at 4. To the extent Plaintiffs' February 28 letter was a demand for a Court order for CVS Caremark to provide such a custodian without conferring with CVS Caremark, that demand violated Federal Rule of Civil Procedure 37(a). CVS Caremark raised this issue with the Court, *see* Tr. at 23:14-23, and Plaintiffs offered no response.

With respect to all other custodians, the Court required only that the PBM Defendants "take a look at their custodian list as they have currently prepared them, ensure that there are representative custodians for each of the departments identified by Plaintiffs in their letter dated February 28, 2025." Tr. at 51:6-10. Putting aside the categories discussed

above, Plaintiffs' February 28 letter requested four categories of custodians: (1) Industry/Trade Custodians; (2) Formulary Committee Custodians; (3) Finance Department Custodians; (4) National Client Contracting Custodians. Each is discussed below.

- **Industry/Trade (ECF 439 at 9-12).** Although CVS Caremark maintains that it has offered sufficient Trade Custodians to Plaintiffs, it offered up Matthew Leonard as a compromise only if it would obviate any other dispute on Industry/Trade Custodians. Accordingly, Plaintiffs' acceptance of this offer will end any dispute as to whether CVS Caremark's Industry/Trade Custodian proposal is sufficient. Indeed, CVS Caremark notes that Plaintiffs did not list Industry/Trade Custodians in their email below.
- **Formulary Committee (ECF 439 at 13-14).** As CVS Caremark explained in its February 28 and March 5 letters, and as Plaintiffs conceded (ECF 439 at 13) CVS Caremark proposed Shivam Patel as a representative custodian for this category. Despite opportunities in both your March 5 Letter and at oral argument, Plaintiffs never provided any reason why Mr. Patel was insufficient, beyond their open-ended desire for more custodians that the Court rejected. Having already offered a representative custodian, CVS Caremark has complied with the Court's direction with respect to Plaintiffs' request for "Formulary Committee Custodians."
- **Finance Department (ECF 439 at 14).** As indicated in CVS Caremark's March 5 letter, it proposed James Dixon as a representative custodian in this category as a compromise only if it would obviate any dispute. Mr. Dixon was a former Executive Director of Rebate Finance who worked at CVS Caremark during the entire relevant time period. Plaintiffs' acceptance of CVS Caremark's compromise offer of Mr. Dixon ends any dispute as to this category. Having already offered a representative custodian, CVS Caremark has complied with the Court's direction with respect to Plaintiffs' request for "Finance Department Custodians."
- **National Contracting (ECF 439 at 15).** CVS Caremark will agree to search and produce from Ms. Ilona Smith as a National Contracting custodian. Ms. Smith is a Senior Vice President, and has been with Caremark for over 20 years in this client-facing role. Having offered a representative custodian of this scope, CVS Caremark has complied with the Court's direction with respect to Plaintiffs' request for a "National Contracting Custodian."

This brings CVS Caremark, in total, to 24 custodians, not including (1) the FEBHA/OPM custodians that CVS Caremark will propose in due course, (2) the custodians CVS Caremark's affiliated entities have proposed, and (3) any custodians proposed in connection with Plaintiff-specific discovery. That is more than sufficient for the needs of this case.

### Search Terms.

A hit report on the terms Plaintiffs requested is attached. The hit report is being run over the following custodians for the Relevant Time Period, unless otherwise noted.

1. Joseph Anderson
2. Patti Doruff (through May 2020)
3. Kevin Wessels (through December 2021)
4. William Rossman
5. Gary Loeber
6. Aydin Sekiki
7. Lora Armstrong

8. James Cichowski
9. Joseph Stahl (through December 2020)
10. Norman Rivera
11. Andrew Zanin
12. Daniel Best
13. Keith Pearson
14. Robert Verosky
15. Jason Hartzell
16. Domenico Gugiluzza (through December 2016)
17. Shivam Patel
18. James Dixon

Further, Mr. Forrest's declaration that Plaintiffs submitted to the Court stated that "I also understand that Plaintiffs do not know with certainty what search platforms are being used by any defendant. . . ." ECF 446-1. CVS Caremark has previously twice advised Plaintiffs that it is using Relativity Server 12.3.857.3. CVS Caremark further advises that (1) documents are deduplicated prior to being run, and (2) email threads are not suppressed prior to hit count reports being run.

### Data Fields.

CVS Caremark is further investigating the data issue pursuant to the Court's direction. Tr. at 86:12-17. CVS Caremark notes, however, that the Court made clear that the ESI protocol did not require disclosure of every field in the database, contrary to Plaintiffs' unreasonable demand. *See id.* at 86:3-8. CVS Caremark further notes that it has been seven weeks since CVS Caremark made its initial data proposal to Plaintiffs. To the extent your delay in responding was premised on your misreading of the ESI Protocol, that issue has been resolved. Please advise whether Plaintiffs intend to respond to that proposal, and (if so) when.

### Custodial Sources.

With respect to your request that CVS Caremark identify custodial sources, CVS represents that it will search email for each custodian. CVS will also search, where applicable to a given custodian, desktop folders, One Drive, SharePoints, Shared Network Drives, and Teams Chats.

We are available to further meet and confer on Wednesday, March 19, at 11:00 am ET.


Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Thursday, March 13, 2025 12:57 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko

<[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>; Anello <[vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com)>; [cmiller@awkolaw.com](mailto:cmiller@awkolaw.com); [myeates@ktmc.com](mailto:myeates@ktmc.com); Erich Schork <[erichschork@robertslawfirm.us](mailto:erichschork@robertslawfirm.us)>; Jon Neumann <[jneumann@ktmc.com](mailto:jneumann@ktmc.com)>; Matthew Gately <[MFG@njlawfirm.com](mailto:MFG@njlawfirm.com)>; Kelly Rinehart <[kellyrinehart@robertslawfirm.us](mailto:kellyrinehart@robertslawfirm.us)>; Robert L. Salim <[skeeter@salim-beasley.com](mailto:skeeter@salim-beasley.com)>; Insulin CVS Discovery Group <[insulincvsdiscoverygroup@dandl-law.com](mailto:insulincvsdiscoverygroup@dandl-law.com)>; Ryan McEwan <[Ryan.McEwan@doj.ca.gov](mailto:Ryan.McEwan@doj.ca.gov)>; Karen Sharp Halbert - Roberts Law Firm, P.A. ([karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)) <[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)>; Lisa Causey-Streete <[lcausey@salim-beasley.com](mailto:lcausey@salim-beasley.com)>; John Alden Meade <[jam@meadeyoung.com](mailto:jam@meadeyoung.com)>; Nikki Guntner <[NGuntner@awkolaw.com](mailto:NGuntner@awkolaw.com)>; Donald A. Ecklund <[DEcklund@carellabyrne.com](mailto:DEcklund@carellabyrne.com)>
**Cc:** Podoll, A. Joshua <[APodoll@wc.com](mailto:APodoll@wc.com)>; Hazelwood, Benjamin <[BHazelwood@wc.com](mailto:BHazelwood@wc.com)>; Dockery, Daniel <[DDockery@wc.com](mailto:DDockery@wc.com)>; Poteat III, R. Kennon <[kpoteat@wc.com](mailto:kpoteat@wc.com)>; Gazikas, Alexander <[agazikas@wc.com](mailto:agazikas@wc.com)>; Interlicchio, Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We hope your travels back from the hearing went well. We write to resume to the parties' conferral efforts in light of Judge Singh's ruling on Tuesday.

1. **Custodians**

Plaintiffs accept the offer from your March 5 submission [ECF No. 444] to add Matthew Leonard (Trade Relations) and James Dixon (Finance) as custodians. In addition, as directed by Judge Singh, please propose additional custodians sufficient to cover the following departments for the entire relevant time period (Jan. 2011- Jan. 2023):

- Public Relations (pp. 8-9 of Plaintiffs February 28, 2025 submission [ECF No. 439]);
- Government Affairs (pp. 8-9);
- Investor Relations (pp. 8-9);
- CVS teams that provided data and analytics to its Trade Relations teams for each Manufacturer (Lilly, Novo, and Sanofi) (p. 10);
- CVS Caremark teams that provided data/analytics/models to its Formulary Review Committee (p. 13);
- CVS Caremark personnel responsible for the "forecasting, financial modelling, and rebate analyses" (p. 14); and
- National Client Contracting, including employer, government services, coalitions, and other client segments (p. 15).

2. **Search Terms**

Thank you for providing a hit report on March 3. We are working to provide a counterproposal on search terms shortly. In the meantime, we'd request that CVS provide a broken-out hit report showing the results for each search-term combination contained in the following two search strings so that we can evaluate whether and how to modify these queries:

- (audit* OR report* OR analy* OR develop* OR plan* OR sponsor* OR client* OR payer* OR payor* OR bid* OR proposal* OR RFP OR Qvidian) W/50 (Underwrit* OR PC OR Provider Relations OR Clinical Programs OR Clinical Project OR Clinical Services OR Pass-Through OR Pass Through OR Pass-Thru OR Pass Thru OR Spread OR Traditional OR Guarantee* OR PBM services OR pharmacy benefit management services OR per retail brand OR per script) – [**_Hits: 118,859_**]

- (list* OR pric* OR AWP OR WAC OR cost* OR rebat* OR REB OR discount* OR incentiv* OR fee* OR net* OR Rate* OR Credit* OR Grant* OR Concession OR Inflat* OR Payment* OR Zinc OR GPO* OR aggregator*) W/50 (audit* OR "health plan*" OR sponsor* OR client* OR payer* OR payor* OR bid* OR proposal* OR RFP OR Qvidian) – [**_Hits: 911,495_**]

3. **Data Fields**

After you have had the chance to consult with your client and its database managers, please let us know whether CVS Caremark maintains any manuals, data dictionaries, schema, standard reports, data matrices, or the likes that may aid the parties in their conferral regarding data fields. We are also happy to coordinate a conferral with your database administrators to talk through your systems' capabilities and perhaps more efficiently advance this conversation. We recognize that this may require a separate conversation strictly limited to data, so please propose dates and times for a conferral on this issue, which would follow your production of the information requested above. Please also let us know when CVS Caremark anticipates making a proposal regarding Client Rebate data (as described in your January 23 correspondence).

Finally, please let us know whether you are available to meet and confer next Monday (March 17) or Tuesday (March 18).

Thanks,
Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Monday, March 3, 2025 at 10:12 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>, Nikki Guntner <NGuntner@awkolaw.com>, Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

Pursuant to your February 28 request for hit counts, CVS provides the attached report, which includes the data you requested regarding Plaintiffs' revised search term proposal. Certain modifications were made to the terms in order to run them properly through the database. We have attached those modifications here. Further, certain of Plaintiffs' search string are too long to run together. They were thus broken up as illustrated in the attached. As you will see, Plaintiffs' proposal still hits on over 3.3 million documents with families for only the first 15 custodians listed in CVS's February 28, 2025 letter to the Court (ECF No. 437), not the broader set of 21 custodians that we proposed to the Court, which is obviously not acceptable.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Friday, February 28, 2025 4:34 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>; Ryan McEwan <Ryan.McEwan@doj.ca.gov>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>; Nikki Guntner <NGuntner@awkolaw.com>; Donald A. Ecklund <DEcklund@carellabyrne.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick:

We appreciate the productive meet and confer yesterday afternoon and your providing CVS's reasoning for rejecting various terms proposed by Plaintiffs. Please find attached a revised search-term proposal, which results from significant efforts by Plaintiffs to advance negotiations on search terms.

While we understand that CVS has internally run "high-level" hit reports on some subset of data, Plaintiffs have not been provided with those reports. Accordingly, to productively continue negotiations, we ask that, in addition to considering our proposal, you please provide hit reports showing the following data:

1. Hits + Family: the number of documents that hit on the search term, including their family members
2. Unique Hits: the number of documents that hit on the search term but do not have hits for any other terms
3. Totals for each category above
   - Total documents containing hits
   - Total documents containing hits, including family members
   - Total unique documents with hits

When you transmit these hit reports, please confirm the following:

1. Please run the final list by your vendor to edit asterisks, parentheses, capitalization, etc. and let us know if any revisions were made.
2. Please confirm how misspellings are accounted for, including whether fuzzy searching is being used to find variants of the search terms and what fuzziness level is being used.

20

3.  Please confirm whether the search strings were run as "aggregated" sets or as individual terms broken out.
4.  Please provide a description of the corpus of documents against which the hit reports were run.
    *   E.g., Total volume, custodians, sources, date range, whether deduplicated prior to being run, and whether email thread suppressed prior to being run.

In addition, we have attached a revised custodian proposal. This proposal is updated to show the custodians that CVS has agreed to provide and redlines reflecting changes to Plaintiffs' additional proposed custodians. Please let us know if CVS agrees to this proposal, in whole or in part. As you'll see, we agreed to remove certain custodians in the spirit of compromise and in hopes of reaching a compromise (other than with respect to government relations/PR custodians). We also understand that CVS is willing to provide custodians related to its basis for asserting federal officer removal jurisdiction and its FEHBA preemption defense. Plaintiffs have agreed with you to meet and confer regarding appropriate custodians and search terms related to those subjects.

We realize it's now later in the afternoon, but if the parties are unable to reach agreement today, Plaintiffs plan to submit their custodian proposal from February 19, 2025.

In either event, Plaintiffs, of course, reserve their right to request additional custodians (including those who have been removed from earlier proposals) as discovery continues.

Please let us know if you'd like to discuss.

Thanks,
Steve


STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**

55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Friday, February 28, 2025 at 12:01 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve and Josh,

Can you let me know when we can expect a custodian counterproposal from Plaintiffs?  Based on our conferral yesterday, we had hoped for one by this morning.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Thursday, February 27, 2025 10:39 AM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>; Ryan McEwan <Ryan.McEwan@doj.ca.gov>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick,

Thank you for your February 24, 2025 counterproposal on search terms and custodians.  To productively move negotiations forward, we ask that CVS be prepared to discuss this afternoon the grounds on which CVS has rejected the custodians and search terms we proposed. As you know, in our February 19, 2025 email and during our meet-and-confer, we requested that CVS either provide edits to all categories of documents or substantiate and articulate your objections, if any, including any bases for not producing responsive documents. We will of course consider additional modifications to address CVS's concerns if you provide sufficient information.

In addition, please respond to the remainder of the questions we asked via email on February 19, 2025, either via email or during our meet-and-confer:

1.  Please confirm which Relativity version CVS intends to use for search, including applicable terms and connectors, whether those platforms support regular expressions, and how they account for misspellings (e.g., "fuzzy" searching).  Confirmation of the Relativity version you are using will help clarify the appropriate use of parentheses, asterisks, capitalization of "OR," etc.

2.  These terms are intended for use if CVS will not rely on any form of TAR. Please confirm that CVS does not intend to implement TAR with respect to document populations narrowed by search terms.  Additionally, if CVS intends to rely on TAR, please be prepared to describe precisely how the methodology would be used so that we have reasonable transparency consistent with Judge Singh's direction during the last conference.  While we appreciate your position as expressed during the previous conference, we reiterate that due consideration to the requirements of the Federal Rules is required and reiterate that the production of documents culled using search terms and then subjected to TAR (or vice versa) is unacceptable to us.

Finally, please respond to Plaintiffs' email below and let us know what would be entailed in providing the available data fields for CVS's Manufacturer Rebate Data, Claims Data, and Client Rebate Data.

Thanks,
Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Tuesday, February 25, 2025 at 6:38 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Hi Steve,

We're available between 1-2 pm ET on Thursday.  If that works on your end, would you mind circulating a link?  Thanks.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Tuesday, February 25, 2025 3:42 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan

<[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>; Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>; Mark Pifko
<[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>; Anello <[vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com)>; [cmiller@awkolaw.com](mailto:cmiller@awkolaw.com); [myeates@ktmc.com](mailto:myeates@ktmc.com);
Erich Shork <[erichschork@robertslawfirm.us](mailto:erichschork@robertslawfirm.us)>; Jon Neumann <[jneumann@ktmc.com](mailto:jneumann@ktmc.com)>; Matthew Gately
<[MFG@njlawfirm.com](mailto:MFG@njlawfirm.com)>; Kelly Rinehart <[kellyrinehart@robertslawfirm.us](mailto:kellyrinehart@robertslawfirm.us)>; Robert L. Salim <[skeeter@salim-beasley.com](mailto:skeeter@salim-beasley.com)>; Insulin CVS Discovery Group <[insulincvsdiscoverygroup@dandl-law.com](mailto:insulincvsdiscoverygroup@dandl-law.com)>; Ryan McEwan
<[Ryan.McEwan@doj.ca.gov](mailto:Ryan.McEwan@doj.ca.gov)>; Karen Sharp Halbert - Roberts Law Firm, P.A. ([karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us))
<[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)>; Lisa Causey-Streete <[lcausey@salim-beasley.com](mailto:lcausey@salim-beasley.com)>; John Alden Meade
<[jam@meadeyoung.com](mailto:jam@meadeyoung.com)>
**Cc:** Podoll, A. Joshua <[APodoll@wc.com](mailto:APodoll@wc.com)>; Hazelwood, Benjamin <[BHazelwood@wc.com](mailto:BHazelwood@wc.com)>; Dockery, Daniel
<[DDockery@wc.com](mailto:DDockery@wc.com)>; Poteat III, R. Kennon <[kpoteat@wc.com](mailto:kpoteat@wc.com)>; Gazikas, Alexander <[agazikas@wc.com](mailto:agazikas@wc.com)>; Interlicchio,
Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick,

We are in receipt of your correspondence. Is CVS available to continue the parties' conferral, either tomorrow at 3 p.m.
or 4 p.m., or on Thursday after 11 a.m.?

Thanks,

Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
[sdaroci@seegerweiss.com](mailto:sdaroci@seegerweiss.com)

---

**From:** Suellentrop, Nicholas <[nsuellentrop@wc.com](mailto:nsuellentrop@wc.com)>
**Date:** Monday, February 24, 2025 at 9:12 PM
**To:** Josh Wackerly <[josh@cicalaplllc.com](mailto:josh@cicalaplllc.com)>, Steven Daroci <[SDaroci@SeegerWeiss.com](mailto:SDaroci@SeegerWeiss.com)>, Interlicchio, Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>,
Joanne Cicala <[joanne@cicalaplllc.com](mailto:joanne@cicalaplllc.com)>, Johan Conrod <[johan@cicalaplllc.com](mailto:johan@cicalaplllc.com)>, Trey Watkins <[Trey.Watkins@formanwatkins.com](mailto:Trey.Watkins@formanwatkins.com)>,
Tanya Ellis <[Tanya.Ellis@formanwatkins.com](mailto:Tanya.Ellis@formanwatkins.com)>, Lawrence Deas <[Lawrence@listondeas.com](mailto:Lawrence@listondeas.com)>, William Liston III
<[William@listondeas.com](mailto:William@listondeas.com)>, Matthew McDonald <[MattM@davidnutt.com](mailto:MattM@davidnutt.com)>, [bbogle@levinlaw.com](mailto:bbogle@levinlaw.com) <[bbogle@levinlaw.com](mailto:bbogle@levinlaw.com)>, Tal J
Lifshitz <[tjl@kttlaw.com](mailto:tjl@kttlaw.com)>, David Buchanan <[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>, Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>, Mark
Pifko <[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>, Anello <[vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com)>, [cmiller@awkolaw.com](mailto:cmiller@awkolaw.com) <[cmiller@awkolaw.com](mailto:cmiller@awkolaw.com)>,
[myeates@ktmc.com](mailto:myeates@ktmc.com) <[myeates@ktmc.com](mailto:myeates@ktmc.com)>, Erich Schork <[erichschork@robertslawfirm.us](mailto:erichschork@robertslawfirm.us)>, Jon Neumann
<[jneumann@ktmc.com](mailto:jneumann@ktmc.com)>, Matthew Gately <[MFG@njlawfirm.com](mailto:MFG@njlawfirm.com)>, Kelly Rinehart <[kellyrinehart@robertslawfirm.us](mailto:kellyrinehart@robertslawfirm.us)>, Robert L.
Salim <[skeeter@salim-beasley.com](mailto:skeeter@salim-beasley.com)>, Insulin CVS Discovery Group <[insulincvsdiscoverygroup@dandl-law.com](mailto:insulincvsdiscoverygroup@dandl-law.com)>, Ryan McEwan
<[Ryan.McEwan@doj.ca.gov](mailto:Ryan.McEwan@doj.ca.gov)>, Karen Sharp Halbert - Roberts Law Firm, P.A. ([karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us))
<[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)>, Lisa Causey-Streete <[lcausey@salim-beasley.com](mailto:lcausey@salim-beasley.com)>, John Alden Meade
<[jam@meadeyoung.com](mailto:jam@meadeyoung.com)>
**Cc:** Podoll, A. Joshua <[APodoll@wc.com](mailto:APodoll@wc.com)>, Hazelwood, Benjamin <[BHazelwood@wc.com](mailto:BHazelwood@wc.com)>, Dockery, Daniel <[DDockery@wc.com](mailto:DDockery@wc.com)>,
Poteat III, R. Kennon <[kpoteat@wc.com](mailto:kpoteat@wc.com)>, Gazikas, Alexander <[agazikas@wc.com](mailto:agazikas@wc.com)>, Interlicchio, Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

Please see the attached correspondence.

Regards,

Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Saturday, February 22, 2025 2:42 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>; Ryan McEwan <Ryan.McEwan@doj.ca.gov>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nicholas,

  Thank you for the productive meet and confer yesterday.  Please find below additional information on why we want the certain custodians you identified on the call.  We look forward to your response to our custodian and search term proposals on Monday.

>    **Vijay Chandrasekaran** – was involved in the strategic planning of CVS's exclusionary formulary strategy in 2011/2012.  Appears to have prominent role in rebate/formulary consulting for large, custom clients.

>    **Josh Fredell** - Heavily involved in key FRC decisions and messaging around CVS's strategy when lower WAC insulins were being introduced to the market in 2018-2020.

>    **James Dixon** - Ran the department that compiled and distributed financial reports, rebate/formulary analysis, APC reports, and rebate invoices.  None of the other offered custodians cover this department. See, eg. CVS-MDLINS-000363249 (and attachment). James Dixon is also one of only two individuals identified by CVS with knowledge of Manufacturer Payment invoicing (along with Rob Verosky).

>    **Lauren Meyer** – part of the clinical assumptions committee, engaged in rebate analysis/modeling of various scenarios related to formulary choices.

Regards,


Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Thursday, February 20, 2025 at 12:50 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Insulin CVS Discovery Group <insulincvsdiscoverygroup@dandl-law.com>, Ryan McEwan <Ryan.McEwan@doj.ca.gov>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Josh,

Thank you.  We are available to confer tomorrow between 3-4 ET (2-3 CT).  Would you mind circulating a link?

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Wednesday, February 19, 2025 11:32 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-

[beasley.com](mailto:beasley.com)>; Insulin CVS Discovery Group <[insulincvsdiscoverygroup@dandl-law.com](mailto:insulincvsdiscoverygroup@dandl-law.com)>; Ryan McEwan <[Ryan.McEwan@doj.ca.gov](mailto:Ryan.McEwan@doj.ca.gov)>; Karen Sharp Halbert - Roberts Law Firm, P.A. <[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)> <[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)>; Lisa Causey-Streete <[lcausey@salim-beasley.com](mailto:lcausey@salim-beasley.com)>; John Alden Meade <[jam@meadeyoung.com](mailto:jam@meadeyoung.com)>
**Cc:** Podoll, A. Joshua <[APodoll@wc.com](mailto:APodoll@wc.com)>; Hazelwood, Benjamin <[BHazelwood@wc.com](mailto:BHazelwood@wc.com)>; Dockery, Daniel <[DDockery@wc.com](mailto:DDockery@wc.com)>; Poteat III, R. Kennon <[kpoteat@wc.com](mailto:kpoteat@wc.com)>; Gazikas, Alexander <[agazikas@wc.com](mailto:agazikas@wc.com)>; Interlicchio, Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nicholas,

  Please find attached Plaintiffs' custodian and search term counterproposals. We would like to discuss these on Friday (2/21).  Plaintiffs are available to meet and confer between 1pm-3pmCT.  Let us know if that works and we will send an invite.

With respect to the search term counterproposal, Plaintiffs' additions from CVS's last proposal are in **<span style="color:red">red</span>**.  In addition:

- There were several search strings that Plaintiffs originally proposed but CVS made no attempt to address in your proposal (e.g., pull-through, diabetic harm, etc.). In your next turn of edits and/or during our met and confer, please either provide edits to those categories of documents or articulate what objections, if any, you have to them.
- Please confirm which platforms CVS are intending to use for search, including applicable terms and connectors, whether those platforms support regular expressions, and how they account for misspellings (e.g. "fuzzy" searching).  Our final terms will need to take these into account.
- Plaintiffs reserve the right to expand or modify these search terms when we can compare them against hit reports and/or a more complete production.
- These terms are intended for use if TAR is not being subsequently applied.  Please confirm that Defendants do not intend to apply TAR to document populations narrowed by search terms.

Regards,

Josh Wackerly



office: [512.275.6550](tel:512.275.6550)
direct: [512.275.6564](tel:512.275.6564)
mobile: [206.446.8720](tel:206.446.8720)
[josh@cicalapllc.com](mailto:josh@cicalapllc.com)
[cicalapllc.com](http://cicalapllc.com)

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

**From:** Suellentrop, Nicholas <[nsuellentrop@wc.com](mailto:nsuellentrop@wc.com)>
**Date:** Wednesday, February 19, 2025 at 11:05 AM
**To:** Steven Daroci <[SDaroci@SeegerWeiss.com](mailto:SDaroci@SeegerWeiss.com)>, Josh Wackerly <[josh@cicalapllc.com](mailto:josh@cicalapllc.com)>, Interlicchio, Lori <[LInterlicchio@wc.com](mailto:LInterlicchio@wc.com)>, Joanne Cicala <[joanne@cicalapllc.com](mailto:joanne@cicalapllc.com)>, Johan Conrod <[johan@cicalapllc.com](mailto:johan@cicalapllc.com)>, Trey Watkins <[Trey.Watkins@formanwatkins.com](mailto:Trey.Watkins@formanwatkins.com)>, Tanya Ellis <[Tanya.Ellis@formanwatkins.com](mailto:Tanya.Ellis@formanwatkins.com)>, Lawrence Deas <[Lawrence@listondeas.com](mailto:Lawrence@listondeas.com)>, William Liston III <[William@listondeas.com](mailto:William@listondeas.com)>, Matthew McDonald <[MattM@davidnutt.com](mailto:MattM@davidnutt.com)>, [bbogle@levinlaw.com](mailto:bbogle@levinlaw.com) <[bbogle@levinlaw.com](mailto:bbogle@levinlaw.com)>, Tal J Lifshitz <[tjl@kttlaw.com](mailto:tjl@kttlaw.com)>, David Buchanan <[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>, Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>, Mark Pifko <[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>, Anello <[vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com)>, [cmiller@awkolaw.com](mailto:cmiller@awkolaw.com) <[cmiller@awkolaw.com](mailto:cmiller@awkolaw.com)>, [myeates@ktmc.com](mailto:myeates@ktmc.com) <[myeates@ktmc.com](mailto:myeates@ktmc.com)>, Erich Schork <[erichschork@robertslawfirm.us](mailto:erichschork@robertslawfirm.us)>, Jon Neumann <[jneumann@ktmc.com](mailto:jneumann@ktmc.com)>, Matthew Gately <[MFG@njlawfirm.com](mailto:MFG@njlawfirm.com)>, Kelly Rinehart <[kellyrinehart@robertslawfirm.us](mailto:kellyrinehart@robertslawfirm.us)>, Robert L.

Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us)
<karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade
<jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>,
Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve,

We had expected to receive Plaintiffs' custodian and search term counterproposals yesterday.  Please provide those
today, and please provide times to meet and confer on Friday, February 21, so that we may have adequate time to
assess them before conferring.  Thank you.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Sent:** Tuesday, February 18, 2025 9:25 AM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori
<LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins
<Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas
<Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald
<MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan
<DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko
<MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com;
Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately
<MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-
beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us)
<karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade
<jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel
<DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio,
Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve,

I write in response to your February 13 email.

**Custodians.**  With respect to the information CVS agreed to provide that was not already provided during our February 7
meet and confer, we have provided that information at the end of this email.  As to custodial sources, CVS reiterates its
January 17 statement that to the extent it offers an individual as a custodian, CVS will identify the sources it will search
for that custodian.  CVS will review your narrowed list of custodian requests when it is made available.

**Non-Custodial Sources.**  With respect to your first question, CVS does not agree to functionally waive all of its objections
and allow  discovery-on-discovery  for  objectionable  requests,  particularly  without  any  conferral  regarding  those

requests.  To the extent Plaintiffs want to confer on a request-by-request basis, CVS will do so.  We continue to consider your second question, which was raised for the first time on Thursday afternoon.

**Data.**  Plaintiffs are incorrect that the ESI Protocol requires the parties to "provide all available data fields for databases containing responsive data or information."  The ESI Protocol explicitly states that "the Parties will *reasonably cooperate* in the exchange of information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema."  CMO 10 at 19.  CVS stands ready to reasonably cooperate regarding available data fields that Plaintiffs may request, in compliance with the ESI protocol.  CVS has already identified 68 data fields across multiple systems that we understand to be responsive.  To the extent Plaintiffs believe that those data fields are insufficient, CVS has offered to work with you in good faith to determine what if any additional fields of data may exist to cover any asserted gaps.  But CVS is under no obligation to provide "all available data fields" as a starting point, nor would doing so be practical.  The structured data in question resides in relational databases consisting of hundreds of tables which each can contain hundreds of fields, many of which are irrelevant.  We again encourage you to review the proposed data fields we offered and let us know if you think there are elements of information that you consider responsive that you do not believe to be covered by our existing proposal.

We are available to meet and confer at 10:00 am ET or 3:00 pm ET on Thursday, February 20.


Regards,
Nick


**Commercial Insulin Category Captains**

2012-15: Patti Doruff
2016-2017: Joe Anderson
2017: Joe Anderson and Wil Rossman
2018-2021:  Wil Rossman
2021: Wil Rossman & Norm Rivera
2022: Norm Rivera

Note – We understand that there was not a formal "category captain" before 2012.


**Primary Negotiators**

Novo Negotiator

2011-2015:  Patti Doruff
2016-17: Joe Anderson
2017-2018: Joe Anderson & Will Rossman
2019-2021: William Rossman
2022: Norm Rivera


Sanofi Negotiator

2011:  Kevin Wessels
2012-2013: Kevin Wessels and Rich Mercure
2014-2017: Kevin Wessels
2018-2019: Tyler Haertzen & Kevin Wessels
2020-2021: Tyler Haertzen
2022: Norm Rivera


Lilly Negotiator

2011: Jim Cichowski
2012: Jim Cichowski & Patti Doruff
2013-2015: Patti Doruff
2016-2017: Joe Anderson
2018: Joe Anderson & William Rossman
2019-2020: William Rossman
2021: William Rossman
2022: Norm Rivera

<u>Medicare Negotiator</u>

2012-2017: Michael Schneider (reporting to Dan Best)
2018: Dan Best
2019-2022: Keith Pearson

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Thursday, February 13, 2025 1:46 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick,

I write to follow up on the email correspondence below and our call last Friday to discuss the exchange of additional information the parties' continued discussions on data sources, search terms, and data.

**Custodians:** As we left off on Friday, Plaintiffs are working to identify a narrowed list of individuals/relevant roles that Plaintiffs seek as custodians. We will provide that in advance of the parties' next call.

It is also our understanding that CVS will be providing the information requested in Josh Wackerly's January 31, 2025 email below regarding the 15 custodians that CVS has already proposed. In addition, we reiterate our earlier requests for CVS to identify the non-custodial sources that it proposes to search for each custodian (e.g., email, Microsoft Teams chats, local computer files, online

repositories, Slack or other communication or instant-messaging programs used by the custodians, etc.). Please confirm that CVS will be providing the requested information.

**Search Terms:** Plaintiffs are working to respond to CVS's search-term proposal from February 4, 2025.

**Non-Custodial Sources:** Plaintiffs are considering CVS's proposal on non-custodial data sources and have two follow-up questions. Please confirm at your earliest convenience and prior to the parties' next conferral.

1. During our call on Friday, we posed the question whether CVS was identifying all non-custodial sources that contained responsive information or whether CVS was withholding the identification of certain non-custodial sources on the basis of its objections to Plaintiffs' Master RPDs. I also posed a hypothetical question (based on RPD #15) as to whether CVS would be identifying non-custodial sources that exclusively contained information that CVS objected to producing—i.e., if there was a non-custodial source that contained documents considered, cited, referenced, used, or relied on during or in preparation for investor presentations, whether CVS would identify this source given its objection to producing information "exclusively in response" to RPD #15. It's our understanding that CVS would not be withholding the identification of non-custodial sources containing non-responsive on the basis of its RPD objections, but CVS was going to confirm with respect to that hypothetical question we posed.

2. For the documents/ESI contained in the non-custodial sources CVS has identified, is CVS planning to pull all those documents into the review corpus or, on the other hand, to run search terms against those sources and only review documents or data that hit on those terms?

**Data:** During last Friday's call, CVS advised that it wanted to review the ESI Order's language regarding the required disclosure of available data fields. It's Plaintiffs' position that the ESI Order requires producing parties to provide all available data fields for databases containing responsive data or information so that the parties can confer as to the appropriate data fields for production. Please confirm whether CVS will be providing all available data fields for the databases it has identified.

Finally, Plaintiffs propose exchanging the information referenced above by Tuesday, February 18, 2025, and conferring on Thursday, February 20, 2025, and, to the extent necessary, on February 24, 2025. Please let us know if this timing works for CVS.

Thanks again,
Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**

55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Tuesday, February 4, 2025 at 4:10 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>

**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Josh,

Thank you for your email.  We are evaluating your request for additional information regarding our custodians, but cannot agree to provide it on your unilaterally imposed timeline.

We are available for a meet and confer this week on Friday, February 7, at 12:00-1:00 pm ET.

Further, please see the attached correspondence.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Friday, January 31, 2025 4:09 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS


Nicholas — Thank you for providing Plaintiffs with additional non-custodial source information.  Plaintiffs are evaluating this list and will get back to you.  In addition, Plaintiffs would like to meet and confer next week.  Please provide a few time slots when your team is available.

Prior to next week's meet and confer, Plaintiffs will provide a more detailed email laying out the subjects we would like to discuss.  However, in the interim we request that you provide additional information to evaluate the sufficiency of your current custodian proposal.  For each custodian you have proposed that works in the Trade Relations department please provide: (1) which Manufacturer Defendant (Lilly, Sanofi, Novo) they worked with, (2) for which years, and  (3) their role on that Manufacturer Defendant team. In addition, please identify every proposed custodian who is a member of the FRC and provide: (1) the years in which they were members; (2) if they were voting members or not; (3) and their role on the committee.  Please provide this information prior to our meet and confer so that we can discuss.

We look forward to talking again next week.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and
may contain confidential, legally privileged information that is intended solely for the individual or entity named in the
e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution,
or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to
the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank
you.*

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Tuesday, January 28, 2025 at 7:03 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>,
Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>,
Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III
<William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J
Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark
Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>,
myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann
<jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L.
Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us)
<karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade
<jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>,
Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve,

Pursuant to my January 17 email, CVS Caremark identifies below the non-custodial sources likely to contain responsive information
for the non-custodial documents it has agreed or will agree to produce.  CVS Caremark reserves the right to amend and supplement
this list, including upon further conferral of the parties.  With respect to your January 25 email asking whether CVS Caremark "will be
identifying all non-custodial data sources likely to contain responsive information or whether it will be withholding certain of those
sources on the basis of its RFP objections," CVS Caremark reiterates that it is identifying the non-custodial sources likely to contain
responsive information for the non-custodial documents it has agreed or will agree to produce, including the documents CVS
Caremark offered to produce in its Responses and Objections and in subsequent negotiations over "hard pulls."  CVS Caremark is not
withholding the identification of specific non-custodial sources, but while Plaintiffs have had CVS Caremarks' Responses and
Objections to Plaintiffs' Requests for Production for two months, we have discussed only a fraction of these Requests with any
specificity.  To the extent, in further negotiations, CVS Caremark agrees to produce a category of documents it has not agreed to
produce to date, it will identify the source of those documents.  Indeed, this process was raised during our prior meet and confers,
without objection by Plaintiffs.  We look forward to meeting and conferring further regarding non-custodial sources.

Policy and Procedure Portal [Policies and Procedures]

Trade Group Share Drive -- Manufacturer Contract Repositories [Manufacturer Rebate Contracts]
Legal Share Drive – Client Contract Repositories [Client Contracts]
Formulary Communications Center Sharepoint Site [Template Formularies]
FRC Share Drive [FRC Committee Minutes & FRC Charter Documents]
P&T Formulary Share Drive [P&T Committee Minutes]
Automatic Invoice Output System [Manufacturer Invoices]
Qvidian [Template RFP Responses]
Enterprise Data Warehouse System [Claims Data]
Rebate Payment System [Client Rebate Data]
TRBI and DGX Data Systems [Manufacturer Rebate Data]

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Friday, January 24, 2025 1:46 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Nick,

Unless you have specific questions for us on data sources or search terms, we think it makes sense to postpone this afternoon's scheduled call until such time as CVS has: (1) identified non-custodial sources, (2) responded to Plaintiffs' list of custodians/identified additional custodians, and (3) responded to Plaintiffs' search-term counterproposal. Having that information will make for a more profitable meet-and-confer. We understand CVS is attempting to identify non-custodial sources by Monday. Will CVS be able to respond as to items (2) and (3) by then as well? We would appreciate CVS's responses on these topics by early next week so we can continue to advance this process.

Additionally, with respect to CVS's agreement in your Jan. 17 email "to identify non-custodial sources likely to contain responsive information for the non-custodial documents *it has agreed or will agree to produce,*" please let us know whether CVS will be identifying all non-custodial data sources likely to contain responsive information or whether it will be withholding certain of those sources on the basis of its RFP objections.

Lastly, thank you for sending over the correspondence regarding data. We will consider this and respond shortly. Section VIII of the ESI Protocol, however, requires the producing party to identify "available data fields/objects and schema." Absent this information, Plaintiffs are left to guess at the data fields CVS is able provide. Please identify all "available data fields" for CVS's Manufacturer Rebate Data and Claims Data so that the parties may discuss the most appropriate fields for production.

Please let us know when you can about this afternoon's call.

Thanks again,
Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Thursday, January 23, 2025 at 4:46 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>, Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Steve,

Further to our previous meet and confers, please see the attached correspondence regarding data.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Wednesday, January 22, 2025 5:29 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori

<LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com>; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Thanks, Nick. Do you have availability for a call on Friday after 2:30 p.m.?

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**

55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Sent:** Friday, January 17, 2025 6:32 PM
**To:** Steven Daroci <SDaroci@SeegerWeiss.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com>; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

I write in response to your January 16 email.

CVS agrees to identify non-custodial sources likely to contain responsive information for the non-custodial documents it has agreed or will agree to produce.  CVS is endeavoring to provide this information to Plaintiffs by January 27, 2025.

As to custodians, CVS is reviewing Plaintiffs' list of nearly ninety names. To the extent that CVS identifies any additional employee or former employee that it understands to have non-duplicative, responsive information proportional to the needs of this case, CVS will identify that person to Plaintiffs. And to the extent that CVS agrees to offer an individual as a custodian, CVS will identify the sources it will search for that custodian.

Thank you for your search term counter-proposal to our December 13 proposal. We are reviewing this proposal, but cannot agree to revert to Plaintiffs by your arbitrary timeline.

With respect to CMO13 deadlines, it has become abundantly clear that Plaintiffs never planned to seek discovery that could reasonably be completed within 90 days of service of Plaintiffs' requests for production, and it is therefore completely unclear to CVS why Plaintiffs ever proposed such rapid deadlines. Nevertheless, in an effort to avoid burdening the Court at this time, CVS is willing to negotiate additional custodians with Plaintiffs, with the understanding that production of documents for any additional custodians cannot be substantially completed within the deadlines set forth in CMO13. CVS looks forward to negotiating with Plaintiffs regarding the reasonable scope of discovery in this matter such that the parties can jointly seek an appropriate extension of the deadlines that Plaintiffs demanded.

With respect to data fields, we plan to provide you additional information next week.

CVS further responds to Plaintiffs' "hard-pull" requests as below.

- P&T and FRC formulary committee documents (RFP 10):
  - Charters (RFP 2);
    - CVS maintains its objections to RFPs 2 & 10. Subject to and without waiving those objections, CVS agrees to search for and produce the charters for its P&T and FRC committees, to the extent that they exist.
  - Meeting agendas (RFP 10);
    - CVS maintains its objections to RFP 10. Subject to and without waiving those objections, CVS expects to produce these documents via custodial productions, including the custodial productions of Aydin Sekili and Lora Armstrong.
  - Meeting minutes, summaries, and any other documents memorializing formulary committee decisions and/or reasons behind decisions (RFP 10);
    - CVS maintains its objections to RFP 10. Subject to and notwithstanding those objections, CVS states that it has already produced many of these documents. *See, e.g.*, Volumes CM_INS_DP001 & DP002. To the extent that these volumes to not cover the entire Relevant Time period, CVS will produce meeting minutes for its FRC and P&T committees for the remainder of the time period.
  - Any documents provided to and/or relied upon by CVS's formulary committees in making decisions (including but not limited to clinical information, drug monographs, Exclusionary Review Summaries/Breakdowns/Decks, Trade Reviews, Modeling, Exclusion Modeling) (RFP 10):
    - CVS maintains its objections to RFP 10. Subject to and without waiving those objections, CVS states that these documents are not "hard pulls."
- PhRMA presentations, agendas, and meeting materials (RFP 7).
  - CVS maintains it objections to RFP 7. In particular, CVS emphasizes that it is not a member of PhRMA. Subject to and without waiving those objections, CVS states that these documents are not "hard pulls."

We are not available to meet and confer on Tuesday, January 21. Please provide times that you are available to meet and confer on Thursday, January 23, or Friday, January 24.

Regards,
Nick

**Nicholas Suellentrop**

**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Steven Daroci <SDaroci@SeegerWeiss.com>
**Sent:** Thursday, January 16, 2025 11:20 AM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Josh Wackerly <josh@cicalapllc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; bbogle@levinlaw.com; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; Anello <vanello@douglasandlondon.com>; cmiller@awkolaw.com; myeates@ktmc.com>; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We write to follow up on our December 31, 2024 email and to respond to your subsequent January 8, 2025 email.

As an initial matter, thank you for providing additional information regarding CVS's seven proposed custodians. Nevertheless, we understand from your January 8 email and our conferral on January 10, 2025, that CVS is unwilling to expand its list of proposed custodians absent an extension of the Court's 90-day deadline for substantial completion. Additionally, despite having received Plaintiffs' First Set of Master Discovery Requests in late October, CVS has refused to identify any individuals with responsive information beyond its seven proposed custodians and has similarly rejected Plaintiffs' repeated requests for disclosures of custodial and non-custodial data sources (including databases) likely to contain responsive information. (The Declaration of Jennifer Paradis, to which you referred Plaintiffs during our last conferral, is unhelpful, as it merely makes general reference to various types of custodial and non-custodial sources that exist—e.g., "OneDrive" or "SharePoint," but does not specifically identify CVS data sources with responsive information—e.g., "Trade Relations group SharePoint," or disclose which of these sources are being collected and searched by CVS). Given this, the parties have necessarily reached an impasse on these matters, as Plaintiffs maintain that CVS's custodian proposal is deficient and that its refusal to identify data sources likely to contain responsive information is non-compliant with the ESI Protocol. Please confirm by the end of this week whether (i) CVS will identify custodians, custodial sources, and non-custodial sources likely to contain responsive information so that the parties may confer as to the most appropriate sources for collection and review, and (ii) CVS is willing to expand its current list of seven custodians.

To advance this process in the event CVS reverses course as to its position on custodians, we have attached a list of CVS individuals that we have reason to believe are likely to possess responsive information, along with a brief explanation of why we have selected each individual. Bear in mind that Plaintiffs are in the process of reviewing the personnel charts produced by CVS late last week and may have additions or other revisions (or targeted follow-up questions for CVS) shortly. And, as stated in our December 31 email, the attached list does not include pharmacy-network-facing or client-facing custodians, nor does it include individuals relating to CVS-affiliated pharmacy, parent, or rebate aggregator defendants.

We've also attached Plaintiffs' search-term counterproposal. Please note that we have identified various misspellings of the at-issue drugs in documents that have been produced to date and would like to hear CVS's position as to how the parties can best capture responsive documents containing such misspellings.

Plaintiffs reserve the right to modify these proposals as our investigation and discovery continue.

Finally, we look forward to receiving your data-field proposal in response to RFP 33 this week.

Please provide your availability to meet and confer regarding these items on Tuesday, January 21, 2025. During our next conferral, we would like to walk through any questions or comments CVS has on our custodian list and search-term counterproposal so that we can promptly crystallize these issues in accordance with the guidance we all received from the Court earlier this week and the Court's Discovery Dispute Protocol (CMO #17) [ECF No. 386]. We also respectfully request that CVS be prepared to identify which, if any, custodians and search terms it will accept and to provide its reasoning for any custodians and search terms it rejects.

We look forward to hearing back from you.

Thanks,
Steve

STEVEN J. DAROCI
Attorney at Law
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
P. 973.639.5393
F. 973.679.8656
sdaroci@seegerweiss.com

---

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Wednesday, January 8, 2025 at 9:26 AM
**To:** Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com, bbogle@levinlaw.com <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, Anello <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Robert L. Salim <skeeter@salim-beasley.com>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>, Lisa Causey-Streete <lcausey@salim-beasley.com>, John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel:

I write in response to your December 31 email.

*First*, you mischaracterize our December 23 meet and confer. During that meet and confer, CVS agreed to provide specific information for its proposed custodians, including their positions, titles and the dates during which they held those positions/titles. That information is attached. You did not request the additional information called for below, nor was it

listed in your December 16 email.  Contrary to your representation below, CVS never agreed to provide such information during our meet and confer.

*Second*, CVS's position remains (as shared on all of our prior meet-and-confer discussions) that it has proposed custodians and non-custodial documents for production commensurate with the 90-day substantial completion deadline listed in Case Management Order No. 13, which Plaintiffs themselves requested.  The scope of discovery currently sought by Plaintiffs—including a New Years' Eve request for over *sixty custodians*—makes clear Plaintiffs apparently had no plans ever to propose discovery that could comply with the deadlines they themselves asked the Court to impose.  *See* ECF No. 270-1.  We trust Plaintiffs understand that it is not possible to collect, review, and produce custodial files from 60 custodians in less than one month.  To be clear, CVS does not agree that the scope of discovery Plaintiffs currently purport to seek is appropriate under any timeline, but it underscores the point CVS has made all along concerning the overbreadth of Plaintiffs' document requests, especially in the context of the very short deadlines Plaintiffs have requested for document discovery.  To the extent that Plaintiffs are proposing that the deadlines they requested should be modified, CVS is willing to meet-and-confer about such a proposal.

*Third*, CVS intends to make an additional production this week.  CVS's December 12 production was of custodial files sourced from the seven custodians it has proposed.

*Fourth*, CVS is endeavoring to provide additional information regarding the data it agreed to produce in its Objections & Responses the week of January 13.

*Fifth*, on our previous meet and confer, we discussed certain requests that Plaintiffs characterized as "hard-pulls."  Although we did not discuss each of these, our responses to certain of these are discussed below.

- All Agreements/contracts with Rebate Aggregators (RFP 8)
  1. CVS maintains its objections to RFP 8, including its objection to the term "Rebate Aggregators."  Subject to and without waiving those objections, CVS agrees to produce the Prescription Benefit Rebate Participation Agreement between Zinc Health Services, LLC and CaremarkPCS Health, L.L.C. dated April 1, 2020.  We are not aware of any other entities contracted by Caremark to negotiate agreements with manufacturers for rebates or fees on behalf of Caremark or its clients.
- P&T and FRC Policies/Procedures (RFP 2)
  2. CVS maintains its objections to RFP 2.  Subject to and without waiving those objections, CVS notes that Plaintiffs agreed to consider providing an illustrative list of policies you expected would be responsive to this RFP (some of which you stated during our first meet and confer).  Please provide that list.
- Organizational Charts (RFP 3).
  3. CVS maintains its objections to RFP 3.  Subject to and without waiving those objections, and as discussed during our first meet and confer, CVS is not aware of personnel charts that have been regularly updated and maintained through the relevant time period.  CVS will produce the personnel charts of which it is aware.
- PCMA Presentations, agendas, and meeting materials (RFP 6).
  4. CVS maintains its objections to RFP 6, but is willing to meet and confer further regarding this request.  As we discussed briefly at the end of the call, these documents are not "hard pulls."

We will revert on the remainder of the topics discussed in your letter in due course.

We are available Friday, January 10, from 12-1:00 pm ET, for a further meet and confer.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Tuesday, December 31, 2024 9:40 AM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; vanello@douglasandlondon.com; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Robert L. Salim <skeeter@salim-beasley.com>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>; Lisa Causey-Streete <lcausey@salim-beasley.com>; John Alden Meade <jam@meadeyoung.com>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We write to follow up on our December 23 meet-and-confer.

*First*, during our December 23 meet-and-confer you agreed to provide additional information with respect to your proposed custodians, including: (1) position and titles; (2) the name of the CVS entities (Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC) for which each custodian will have responsive/relevant information; (3) the topics/RFP #s for which each custodian will produce responsive information; and (4) the dates for which each custodian will have responsive information. We have yet to receive this information. Please advise when you will provide it.

*Second*, Plaintiffs also requested that CVS provide the custodial sources (e.g., laptops, desktops, tablets, email mailbox, IM/chats/communication platforms, OneDrive folders, Teams data, Google Drive, etc.) that will be collected for each custodian. In addition, Plaintiffs requested that CVS identify all non-custodial sources (e.g., shared drives/folders/servers, Salesforce, company intranet, etc.) likely to contain responsive information. These disclosures are mandatory under Section V of the ESI Protocol (requiring disclosures of "custodians, custodial data sources, and non-custodial data sources that are likely to contain responsive documents and ESI"). Similarly, for any responsive data contained in a database or other Structured Data or aggregated data source or otherwise maintained by an application, CVS is obligated under Section VIII of the ESI Protocol to provide "information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema." Please advise when you will provide this information.

*Third*, based on the limited information that Plaintiffs have received to date from CVS, it appears that your custodian proposal is deficient in several respects. As an initial matter, the ESI Protocol requires the transparent disclosure of all custodians with responsive information—not merely a limited set of custodians that CVS has unilaterally identified as appropriate. Please provide this information or promptly confirm that CVS will not be doing so. This deficiency aside, looking to the seven custodians CVS has proposed, these individuals do not even capture all of the "Area(s) of Relevant Information" identified by CVS in its response to Interrogatory No. 1 (i.e., no custodians with knowledge of Manufacturer Payment Invoicing, only one with knowledge of the P&T Committee, and only two with knowledge of the Formulary Review Committee, etc). Please provide a comprehensive list of all current or former CVS employees likely to possess responsive information so that the parties can meaningfully confer as to appropriate custodians. For example, in addition to the seven custodians CVS has proposed, the attached non-exhaustive list identifies additional CVS employees that Plaintiffs have identified as likely to possess responsive information. Please note that the

attached list does not include CVS's pharmacy-network-facing or client-facing employees. Additional follow-up and conferral is required as to the appropriate custodians to cover these key topics. Please also note that the attached list is limited to employees of Caremark Rx, LLC, Caremark LLC, or Caremark PCS Health, LLC. Once we receive CVS's responses and objections to Plaintiffs' Master Discovery served on CVS's parent, pharmacy, and aggregator entities, we will meet and confer regarding the appropriate custodians for those entities.

*Fourth*, during our last meet and confer, you maintained that CVS intended to limit the number of custodians based on the deadline to substantially complete document productions.  We understand that you are standing on this position.  Please confirm. As we have stated previously, Plaintiffs disagree that the Court's substantial-completion deadline in any way reduces CVS's discovery obligations.

*Fifth*, Plaintiffs requested during our December 23 meet-and-confer that CVS propose data fields to produce in response to Plaintiffs' request in RFP No. 33's for all claims data, UM data, and Manufacturer Payment data related to Diabetes Medications. Plaintiffs also requested that CVS produce a data dictionary or explanation of all the fields included in this proposal. Please advise when you will provide this information.

*Sixth*, and pursuant to Section V(A) of the ESI Order, please find attached questions regarding CVS's search-term validation processes. Please provide this requested information so that Plaintiffs may meaningfully evaluate CVS's search-term proposal.

*Seventh*, Plaintiffs request additional information related to CVS's document production that took place on December 20. Please identify the process CVS used to locate these documents (i.e. what were the custodial/non-custodial files searched and what search terms were used).

*Last*, please confirm the date by which CVS will make its next production as part of its ongoing rolling productions—both non-custodial productions and custodial productions for CVS's seven proposed custodians—while the parties continue to meet and confer on additional custodians and search terms.

We would like to continue meeting and conferring on these issues. Please provide your availability during the afternoon of Thursday, January 9, 2025, or Friday, January 10, 2025.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Monday, December 16, 2024 at 4:17 PM
**To:** Suellentrop, Nicholas <nsuellentrop@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci

<[SDaroci@SeegerWeiss.com](mailto:SDaroci@SeegerWeiss.com)>, Tal J Lifshitz <[tjl@kttlaw.com](mailto:tjl@kttlaw.com)>, David Buchanan <[DBuchanan@seegerweiss.com](mailto:DBuchanan@seegerweiss.com)>, Benjamin Widlanski <[bwidlanski@kttlaw.com](mailto:bwidlanski@kttlaw.com)>, Mark Pifko <[MPifko@baronbudd.com](mailto:MPifko@baronbudd.com)>, [vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com) <[vanello@douglasandlondon.com](mailto:vanello@douglasandlondon.com)>, [cmiller@awkolaw.com](mailto:cmiller@awkolaw.com) <[cmiller@awkolaw.com](mailto:cmiller@awkolaw.com)>, [myeates@ktmc.com](mailto:myeates@ktmc.com) <[myeates@ktmc.com](mailto:myeates@ktmc.com)>, Erich Schork <[erichschork@robertslawfirm.us](mailto:erichschork@robertslawfirm.us)>, Jon Neumann <[jneumann@ktmc.com](mailto:jneumann@ktmc.com)>, Matthew Gately <[MFG@njlawfirm.com](mailto:MFG@njlawfirm.com)>, Kelly Rinehart <[kellyrinehart@robertslawfirm.us](mailto:kellyrinehart@robertslawfirm.us)>, Robert L. Salim <[skeeter@salim-beasley.com](mailto:skeeter@salim-beasley.com)>, Karen Sharp Halbert - Roberts Law Firm, P.A. ([karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)) <[karenhalbert@robertslawfirm.us](mailto:karenhalbert@robertslawfirm.us)>, Lisa Causey-Streete <[lcausey@salim-beasley.com](mailto:lcausey@salim-beasley.com)>, John Alden Meade <[jam@meadeyoung.com](mailto:jam@meadeyoung.com)>
**Cc:** Podoll, A. Joshua <[APodoll@wc.com](mailto:APodoll@wc.com)>, Hazelwood, Benjamin <[BHazelwood@wc.com](mailto:BHazelwood@wc.com)>, Dockery, Daniel <[DDockery@wc.com](mailto:DDockery@wc.com)>, Poteat III, R. Kennon <[kpoteat@wc.com](mailto:kpoteat@wc.com)>, Gazikas, Alexander <[agazikas@wc.com](mailto:agazikas@wc.com)>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We write in response to your correspondence dated December 13, 2024, providing CVS's proposed custodians and search terms.

We also write to request that CVS (i) produce the discrete categories of "hard-pull" documents listed below and (ii) provide dates of availability to continue the parties' conferral.

**Custodians, Data Sources, and Search Terms**

Thank you for providing CVS's proposed custodians and search terms. Plaintiffs will provide CVS with their counterproposals shortly. As the parties continue to confer regarding these issues, however, CVS is required to provide substantially more information so that Plaintiffs can meaningfully evaluate and decide on the custodians and data sources from which CVS will collect and produce ESI and documents.

Under Section V of the ESI Protocol, the parties are required to "participate in an iterative and cooperative approach with respect to the identification of relevant custodians and information sources." As part of this process, under Section V.A of the ESI Protocol, CVS is required to "identify and propose to [Plaintiffs] an initial list of search terms, custodians, custodial data sources, and non-custodial data sources that are likely to contain responsive documents and ESI." Similarly, with respect to responsive data contained in a database or other Structured Data or aggregated data source or otherwise maintained by an application, CVS is obligated under Section VIII of the ESI Protocol to provide "information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema."

As you will recall, Judge Singh adopted Plaintiffs' proposal to include the foregoing language and "agree[d] with Plaintiffs that 'an iterative and cooperative approach' as to identification of relevant custodians and information sources will help avoid after-the-fact challenges to the collection and search processes." Order Regarding Disputes Over ESI Protocol [ECF No. 186] at 7.

Although CVS identified (in response to Interrogatory No. 1) sixteen individuals with responsibilities relating to Manufacturer Agreements, GPOs, Manufacturer-Payment invoicing, the Formulary Review Committee, and the P&T Committee, CVS's December 13 2024 correspondence proposes just seven custodians—without providing any description of these custodians' respective roles and responsibilities, titles, or dates of employment during the relevant time period. Beyond just the names of these proposed custodians, CVS is required to disclose all individuals and data sources (custodial data sources, non-custodial data sources, databases, Structured Data or aggregated data sources, or applications) that it has identified as likely to possess responsive information. *See* ESI Protocol, Section V.A. & Section VIII. Plaintiffs are entitled to complete disclosure of this information so that the parties can meaningfully confer as to the most appropriate custodians and data sources for collection.

For purposes of identifying individual custodians who likely possess responsive information, Plaintiffs will accept a list identifying each individual likely to possess relevant information and the individuals' job titles, roles and responsibilities, and dates of employment during the relevant time period. For each individual, please also identify the custodial data sources used by that individual to create or store potentially relevant information (e.g., laptops, desktops, tablets, email mailbox, IM/chats/communication platforms, OneDrive folders, Teams data, Google Drive, etc.). For individuals likely to possess responsive information who have **not** been proposed by CVS as custodians (including the nine individuals identified by CVS in its response to Interrogatory No. 1 but not identified as proposed custodians), please let us know whether CVS has any reason to believe that any of these individuals possess any unique or non-duplicative responsive information. If so, please identify such information.

In addition to these custodians and custodial sources, please identify and describe the non-custodial sources (e.g., shared drives/folders/servers, Salesforce, company intranet, etc.) likely to contain responsive information—not merely the general categories of documents that CVS will collect and produce.

Finally, please identify any databases, Structured Data or aggregated data sources, or applications likely to contain responsive information, and provide information sufficient "to facilitate discussions on productions and production format, including available data fields/objects and schema."

**Hard-Pull Documents**

In addition, as discussed on the last meet-and-confer, while the parties continue to confer regarding custodians, data sources, and search terms, we request that CVS produce the categories of "hard-pull" documents listed below. Please note that this list is not comprehensive and does not satisfy CVS's obligation to search all non-custodial sources that may contain relevant information. Plaintiffs will follow up with additional categories of hard-pull documents in the coming weeks.

- All agreements/contracts with Rebate Aggregators (RFP 8);
- All agreements/contracts with CVS's affiliated pharmacies (RFP 8)
- P&T and FRC formulary committee documents (RFP 10):
  - Charters (RFP 2);
  - Policy/procedures (RFP 2);
  - Meeting agendas (RFP 10);
  - Meeting minutes, summaries, and any other documents memorializing formulary committee decisions and/or reasons behind decisions (RFP 10);
  - Any documents provided to and/or relied upon by CVS's formulary committees in making decisions (including but not limited to clinical information, drug monographs, Exclusionary Review Summaries/Breakdowns/Decks, Trade Reviews, Modeling, Exclusion Modeling) (RFP 10);
- Organizational Charts (RFP 3);
- PCMA presentations, agendas, and meeting materials (RFP 6); and
- PhRMA presentations, agendas, and meeting materials (RFP 7).

**Continued Conferral**

Finally, please provide your availability to continue the parties' conferral this week concerning custodians and data sources, search terms, and CVS's responses and objections to Plaintiffs First Set of Master Discovery.

Please also confirm at your earliest convenience that CVS will provide the information and documents requested above. To the extent CVS does not intend to do so, please let us know in advance of the parties' next meet-and-confer.

Plaintiffs reserve all rights.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

**From:** Suellentrop, Nicholas <nsuellentrop@wc.com>
**Date:** Friday, December 13, 2024 at 2:39 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, vanello@douglasandlondon.com <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Karen Sharp Halbert - Roberts Law Firm, P.A. <karenhalbert@robertslawfirm.us> <karenhalbert@robertslawfirm.us>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

Further to our meet and confer, please see the attached correspondence.

Regards,
Nick

**Nicholas Suellentrop**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5592 | nsuellentrop@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Wednesday, December 4, 2024 6:12 PM
**To:** Interlicchio, Lori <LInterlicchio@wc.com>; Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; vanello@douglasandlondon.com; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>; Hazelwood, Benjamin <BHazelwood@wc.com>; Dockery, Daniel <DDockery@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Suellentrop, Nicholas <nsuellentrop@wc.com>; Gazikas, Alexander <agazikas@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Apologies, 10amCT/11 amET this Friday (12/6) works.

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564

mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Date:** Wednesday, December 4, 2024 at 5:10 PM
**To:** Interlicchio, Lori <LInterlicchio@wc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, vanello@douglasandlondon.com <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Suellentrop, Nicholas <nsuellentrop@wc.com>, Gazikas, Alexander <agazikas@wc.com>
**Subject:** Re: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Thanks Lori.  10amET/11 amET this Friday (12/6) works for Plaintiffs.  Will circulate invite.

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

---

**From:** Interlicchio, Lori <LInterlicchio@wc.com>
**Date:** Monday, December 2, 2024 at 4:03 PM
**To:** Josh Wackerly <josh@cicalapllc.com>, Joanne Cicala <joanne@cicalapllc.com>, Johan Conrod <johan@cicalapllc.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, William Liston III <William@listondeas.com>, Matthew McDonald <MattM@davidnutt.com>, Brandon Bogle <bbogle@levinlaw.com>, Steven Daroci <SDaroci@SeegerWeiss.com>, Tal J Lifshitz <tjl@kttlaw.com>, David Buchanan <DBuchanan@seegerweiss.com>, Benjamin Widlanski <bwidlanski@kttlaw.com>, Mark Pifko <MPifko@baronbudd.com>, vanello@douglasandlondon.com <vanello@douglasandlondon.com>, cmiller@awkolaw.com <cmiller@awkolaw.com>, myeates@ktmc.com <myeates@ktmc.com>, Erich Schork <erichschork@robertslawfirm.us>, Jon Neumann <jneumann@ktmc.com>, Matthew Gately <MFG@njlawfirm.com>, Kelly Rinehart <kellyrinehart@robertslawfirm.us>, Karen Sharp Halbert - Roberts Law Firm, P.A. (karenhalbert@robertslawfirm.us) <karenhalbert@robertslawfirm.us>
**Cc:** Podoll, A. Joshua <APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Dockery, Daniel <DDockery@wc.com>,

Poteat III, R. Kennon <kpoteat@wc.com>, Suellentrop, Nicholas <nsuellentrop@wc.com>, Gazikas, Alexander <agazikas@wc.com>
**Subject:** RE: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

We are available on Friday, December 6, between 11 am and 12 pm for a meet and confer. If that time works for you, please circulate a link. We are considering your request for search terms and custodians.

Regards,
Lori

**Lori Interlicchio**
**Associate | Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5177 | (F) 202-434-5029
linterlicchio@wc.com | www.wc.com

---

**From:** Josh Wackerly <josh@cicalapllc.com>
**Sent:** Monday, December 2, 2024 12:45 PM
**To:** Dockery, Daniel <DDockery@wc.com>; Gazikas, Alexander <agazikas@wc.com>; DeProspo, Atticus <adeprospo@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Interlicchio, Lori <LInterlicchio@wc.com>
**Cc:** Joanne Cicala <joanne@cicalapllc.com>; Johan Conrod <johan@cicalapllc.com>; Trey Watkins <Trey.Watkins@formanwatkins.com>; Tanya Ellis <Tanya.Ellis@formanwatkins.com>; Lawrence Deas <Lawrence@listondeas.com>; William Liston III <William@listondeas.com>; Matthew McDonald <MattM@davidnutt.com>; Brandon Bogle <bbogle@levinlaw.com>; Steven Daroci <SDaroci@SeegerWeiss.com>; Tal J Lifshitz <tjl@kttlaw.com>; David Buchanan <DBuchanan@seegerweiss.com>; Benjamin Widlanski <bwidlanski@kttlaw.com>; Mark Pifko <MPifko@baronbudd.com>; vanello@douglasandlondon.com; cmiller@awkolaw.com; myeates@ktmc.com; Erich Schork <erichschork@robertslawfirm.us>; Jon Neumann <jneumann@ktmc.com>; Matthew Gately <MFG@njlawfirm.com>; Kelly Rinehart <kellyrinehart@robertslawfirm.us>; Karen Sharp Halbert - Roberts Law Firm, P.A. <karenhalbert@robertslawfirm.us> <karenhalbert@robertslawfirm.us>
**Subject:** FW: In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel – we would like to meet and confer on your objections and responses to the Plaintiffs' discovery requests. Please provide times of availability for this week. In addition, prior to the call please provide us with your proposed search terms and custodians.

Regards,

Josh Wackerly



office: 512.275.6550
direct: 512.275.6564
mobile: 206.446.8720
josh@cicalapllc.com
cicalapllc.com

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

**From:** Interlicchio, Lori <LInterlicchio@wc.com>
**Date:** Wednesday, November 27, 2024 at 6:02 PM
**To:** SDaroci@SeegerWeiss.com <SDaroci@SeegerWeiss.com>, tjl@kttlaw.com <tjl@kttlaw.com>, Josh Wackerly <josh@cicalaplic.com>, bbogle@levinlaw.com <bbogle@levinlaw.com>, Joanne Cicala <joanne@cicalaplic.com>, DBuchanan@seegerweiss.com <DBuchanan@seegerweiss.com>, Tanya Ellis <Tanya.Ellis@formanwatkins.com>, Lawrence Deas <Lawrence@listondeas.com>, Trey Watkins <Trey.Watkins@formanwatkins.com>, bwidlanski@kttlaw.com <bwidlanski@kttlaw.com>, mpifko@baronbudd.com <mpifko@baronbudd.com>, MFG@njlawfirm.com <MFG@njlawfirm.com>, mikeroberts@robertslawfirm.us <mikeroberts@robertslawfirm.us>, myeates@ktmc.com <myeates@ktmc.com>, htyler@aacounty.org <htyler@aacounty.org>, chris.teters@ag.ks.gov <chris.teters@ag.ks.gov>, diezn@ag.louisiana.gov <diezn@ag.louisiana.gov>, caleb.pracht@ago.ms.gov <caleb.pracht@ago.ms.gov>, hart.martin@ago.ms.gov <hart.martin@ago.ms.gov>, ta'shia.gordon@ago.ms.gov <ta's hia.gordon@ago.ms.gov>, tricia.beale@ago.ms.gov <tricia.beale@ago.ms.gov>, crapo@agutah.gov <crapo@agutah.gov>, kmclean@agutah.gov <kmclean@agutah.gov>, mbholliday@agutah.gov <mbholliday@agutah.gov>, mgadd@agutah.gov <mgadd@agutah.gov>, jeanne@akdlalaw.com <jeanne@akdlalaw.com>, meg@akdlalaw.com <meg@akdlalaw.com>, rico@akdlalaw.com <rico@akdlalaw.com>, alamb@archielamb.com <alamb@archielamb.com>, reid.adkins@arkansasag.gov <reid.adkins@arkansasag.gov>, shannon.halijan@arkansasag.gov <shannon.halijan@arkansasag.gov>, lbates@asherkellylaw.com <lbates@asherkellylaw.com>, betsy.denardi@atg.in.gov <betsy.denardi@atg.in.gov>, Cory.Voight@atg.in.gov <Cory.Voight@atg.in.gov>, Scott.Barnhart@atg.in.gov <Scott.Barnhart@atg.in.gov>, cmiller@awkolaw.com <cmiller@awkolaw.com>, Shane.Ham@azag.gov <Shane.Ham@azag.gov>, vince.rabago@azbar.org <vince.rabago@azbar.org>, cfairley@barberlawfirm.com <cfairley@barberlawfirm.com>, bleblanc@baronbudd.com <bleblanc@baronbudd.com>, cdorsey@baronbudd.com <cdorsey@baronbudd.com>, cmansour@baronbudd.com <cmansour@baronbudd.com>, rbudd@baronbudd.com <rbudd@baronbudd.com>, lund@berglawfirm.com <lund@berglawfirm.com>, chad@bkbh.com <chad@bkbh.com>, dwdavis@bmdllc.com <dwdavis@bmdllc.com>, jbarnes@bradley.com <jbarnes@bradley.com>, rcampbell@bradley.com <rcampbell@bradley.com>, dkaufman@brunini.com <dkaufman@brunini.com>, jcecchi@carellabyrne.com <jcecchi@carellabyrne.com>, decklund@carellabyrne.com <decklund@carellabyrne.com>, Johan Conrod <johan@cicalaplic.com>, Katie Sullivan <katie@cicalaplic.com>, ahough@clevelandohio.gov <ahough@clevelandohio.gov>, dford5@clevelandohio.gov <dford5@clevelandohio.gov>, eboop@clevelandohio.gov <eboop@clevelandohio.gov>, jrussell2@clevelandohio.gov <jrussell2@clevelandohio.gov>, tabenedetto@comcast.net <tabenedetto@comcast.net>, bfain@crowleyfleck.com <bfain@crowleyfleck.com>, nmunoz@crowleyfleck.com <n munoz@crowleyfleck.com>, Matthew McDonald <MattM@davidnutt.com>, adavis@davislucascarter.com <adavis@davislucascarter.com>, Leslie.Cooper@domail.maricopa.edu <Leslie.Cooper@domail.maricopa.edu>, katherine.donoven@donovenlawpllc.com <katherine.donoven@donovenlawpllc.com>, dscalia@dugan-lawfirm.com <dscalia@dugan-lawfirm.com>, gmintzer@dugan-lawfirm.com <gmintzer@dugan-lawfirm.com>, jdugan@dugan-lawfirm.com <jdugan@dugan-lawfirm.com>, mike@farrellfuller.com <mike@farrellfuller.com>, nms@ferrarolaw.com <nms@ferrarolaw.com>, bob@finnellfirm.com <bob@finnellfirm.com>, hpaschal@fishmanhaygood.com <hpaschal@fishmanhaygood.com>, jburge@fishmanhaygood.com <jburge@fishmanhaygood.com>, Courtney Hunt <Courtney.Hunt@formanwatkins.com>, Daniel Mulholland <Daniel.Mulholland@formanwatkins.com>, jennifer.studebaker@formanwatkins.com <jennifer.studebaker@formanwatkins.com>, Joel Fyke <Joel.Fyke@formanwatkins.com>, win.gault@formanwatkins.com <win.gault@formanwatkins.com>, ckaiser@foulston.com <ckaiser@foulston.com>, jpf@frantzlawgroup.com <jpf@frantzlawgroup.com>, kwestphal@frantzlawgroup.com <kwestphal@frantzlawgroup.com>, regina@frantzlawgroup.com <regina@frantzlawgroup.com>, wshinoff@frantzlawgroup.com <wshinoff@frantzlawgroup.com>, elmediak@garlington.com <elmediak@garlington.com>, rgibbs@gibbstravis.com <rgibbs@gibbstravis.com>, bdrennon@hallboothsmith.com <bdrennon@hallboothsmith.com>, grogers@hilburnlawfirm.com <grogers@hilburnlawfirm.com>, bschlozman@hinklaw.com <bschlozman@hinklaw.com>, wwmercer@hollandhart.com <wwmercer@hollandhart.com>, taylor.hausmann@huschblackwell.com <taylor.hausmann@huschblackwell.com>, darren.kinkead@ilag.gov <darren.kinkead@ilag.gov>, david.buysse@ilag.gov <david.buysse@ilag.gov>, airpino@irpinolaw.com <airpino@irpinolaw.com>, probertson@irpinolaw.com <probertson@irpinolaw.com>, crystaljessee@ jesseelawoffice.com <crystaljessee@jesseelawoffice.com>, josephtann@josephtann.com <josephtann@josephtann.com>, wespivey@kaufcan.com <wespivey@kaufcan.com>, dko@kellerrohrback.com <dko@kellerrohrback.com>, dloeser@kellerrohrback.com <dloeser@kellerrohrback.com>, jfarris@kellerrohrback.com <jfarris@kellerrohrback.com>, lgerber@kellerrohrback.com <lgerber@kellerrohrback.com>, mgerend@kellerrohrback.com <mgerend@kellerrohrback.com>, rbowanko@kellerrohrback.com <rbowanko@kellerrohrback.com>, bschall@kelley-ferraro.com <bschall@kelley-ferraro.com>, jreichard@kelley-ferraro.com <jreichard@kelley-ferraro.com>, sacton@kelley-ferraro.com <sacton@kelley-ferraro.com>, darren.thompson@kingcounty.gov <darren.thompson@kingcounty.gov>, raam.wong@kingcounty.gov <raam.wong@kingcounty.gov>, jneumann@ktmc.com <jneumann@ktmc.com>, ddiclemente@kttlaw.com <ddiclemente@kttlaw.com>, jal@kttlaw.com <jal@kttlaw.com>, jpiedra@kttlaw.com <jpiedra@kttlaw.com>, RS@kttlaw.com <RS@kttlaw.com>, christian.lewis@ky.gov <christian.lewis@ky.gov>, matthew.cocanougher@ky.gov <matthew.cocanougher@ky.gov>, alex.brown@lanierlawfirm.com <alex.brown@lanierlawfirm.com>, wml@lanierlawfirm.com <wml@lanierlawfirm.com>, bcash@levinlaw.com

<bcash@levinlaw.com>, btimmons@levinlaw.com <btimmons@levinlaw.com>, mschultz@levinlaw.com <mschultz@levinlaw.com>,
trafferty@levinlaw.com <trafferty@levinlaw.com>, William Liston III <William@listondeas.com>, jim@lucasmagazine.com
<jim@lucasmagazine.com>, pberks@masseygail.com <pberks@masseygail.com>, cmayo@mayomallette.com
<cmayo@mayomallette.com>, mparker@mccamylaw.com <mparker@mccamylaw.com>, rsmalley@mccamylaw.com
<rsmalley@mccamylaw.com>, bcarroll@mccarter.com <bcarroll@mccarter.com>, cfarley@mccarter.com <cfarley@mccarter.com>,
jam@meadeyoung.com <jam@meadeyoung.com>, cmatovich@mkhattorneys.com <cmatovich@mkhattorneys.com>,
khuso@mkhattorneys.com <khuso@mkhattorneys.com>, andrew.butler@mt.gov <andrew.butler@mt.gov>,
anna.schneider@mt.gov <anna.schneider@mt.gov>, derek.oestreicher@mt.gov <derek.oestreicher@mt.gov>,
ssacks@napolilaw.com <ssacks@napolilaw.com>, ezmeraz@nixonpeabody.com <ezmeraz@nixonpeabody.com>,
PSP@njlawfirm.com <PSP@njlawfirm.com>, Hunter@nsprlaw.com <Hunter@nsprlaw.com>, bruce.poole@poolelg.com
<bruce.poole@poolelg.com>, bford@gqtlaw.com <bford@gqtlaw.com>, jalopez@reedsmith.com <jalopez@reedsmith.com>,
mgeist@reedsmith.com <mgeist@reedsmith.com>, mdearman@rgrdlaw.com <mdearman@rgrdlaw.com>,
erichschork@robertslawfirm.us <erichschork@robertslawfirm.us>, karenhalbert@robertslawfirm.us
<karenhalbert@robertslawfirm.us>, lrael@rshc-law.com <lrael@rshc-law.com>, lcausey@salim-beasley.com <lcausey@salim-
beasley.com>, robertsalim@salim-beasley.com <robertsalim@salim-beasley.com>, sdeblieux@salim-beasley.com
<sdeblieux@salim-beasley.com>, dbroggi@scott-scott.com <dbroggi@scott-scott.com>, ecomite@scott-scott.com <ecomite@scott-
scott.com>, jcleemann@scott-scott.com <jcleemann@scott-scott.com>, jguglielmo@scott-scott.com <jguglielmo@scott-scott.com>,
cseeger@seegerweiss.com <cseeger@seegerweiss.com>, hnighbert@simmonsfirm.com <hnighbert@simmonsfirm.com>,
jconroy@simmonsfirm.com <jconroy@simmonsfirm.com>, mangelides@simmonsfirm.com <mangelides@simmonsfirm.com>,
sburns@simmonsfirm.com <sburns@simmonsfirm.com>, sshah@simmonsfirm.com <sshah@simmonsfirm.com>,
jspellacy@spellacylaw.com <jspellacy@spellacylaw.com>, jvanek@sperling-law.com <jvanek@sperling-law.com>,
canderson@spokanecounty.org <canderson@spokanecounty.org>, lyn.pruitt@us.dlapiper.com <lyn.pruitt@us.dlapiper.com>,
hdvc@vclawpr.com <hdvc@vclawpr.com>, bmouber@wallacesaunders.com <bmouber@wallacesaunders.com>, lwalsh@walsh.law
<lwalsh@walsh.law>, srippee@watkinseager.com <srippee@watkinseager.com>, pnovak@weitzlux.com <pnovak@weitzlux.com>,
cmann@wil liamsdirks.com <cmann@williamsdirks.com>, matt@williamsdirks.com <matt@williamsdirks.com>,
mwilliams@williamsdirks.com <mwilliams@williamsdirks.com>, jr.scherr@morganlewis.com <jr.scherr@morganlewis.com>,
katherine.vaky@morganlewis.com <katherine.vaky@morganlewis.com>, lindsey.levy@morganlewis.com
<lindsey.levy@morganlewis.com>, patrick.harvey@morganlewis.com <patrick.harvey@morganlewis.com>,
andrew.hatchett@alston.com <andrew.hatchett@alston.com>, brian.boone@alston.com <brian.boone@alston.com>,
jean.richmann@alston.com <jean.richmann@alston.com>, jordan.edwards@alston.com <jordan.edwards@alston.com>,
kelley.barnaby@alston.com <kelley.barnaby@alston.com>, kyle.hair@alston.com <kyle.hair@alston.com>, lane.zuraw@alston.com
<lane.zuraw@alston.com>, liz.brown@alston.com <liz.brown@alston.com>, matthew.hooker@alston.com
<matthew.hooker@alston.com>, michael.hoernlein@alston.com <michael.hoernlein@alston.com>, andrew.yaphe@davispolk.com
<andrew.yaphe@davispolk.com>, ian.hogg@davispolk.com <ian.hogg@davispolk.com>, louis.chisholm@davispolk.com
<louis.chisholm@davispolk.com>, neal.potischman@davispolk.com <neal.potischman@davispolk.com>, rouhandeh@davispolk.com
<rouhandeh@davispolk.com>, felicia.yu@davispolk.com <felicia.yu@davispolk.com>, dbejan@jonesday.com
<dbejan@jonesday.com>, kwatne@jonesday.com <kwatne@jonesday.com>, tmartin@jonesday.com <tmartin@jonesday.com>,
cvanwagoner@jonesday.com <cvanwagoner@jonesday.com>, gsirwin@jonesday.com <gsirwin@jonesday.com>,
jegauch@jonesday.com <jegauch@jonesday.com>, jmcevoy@jonesday.com <jmcevoy@jonesday.com>, mlim@jonesday.com
<mlim@jonesday.com>, mrshumaker@jonesday.com <mrshumaker@jonesday.com>, sfranklin@jonesday.com
<sfranklin@jonesday.com>, wcoglianese@jonesday.com <wcoglianese@jonesday.com>, akassof@kirkland.com
<akassof@kirkland.com>, jason.feld@kirkland.com <jason.feld@kirkland.com>, ryan.moorman@kirkland.com
<ryan.moorman@kirk land.com>, leslie.melo@kirkland.com <leslie.melo@kirkland.com>, kate.walling@kirkland.com
<kate.walling@kirkland.com>

**Cc:** Mainigi, Enu <EMainigi@wc.com>, Singer, Craig <CSinger@wc.com>, Poteat III, R. Kennon <kpoteat@wc.com>, Podoll, A. Joshua
<APodoll@wc.com>, Hazelwood, Benjamin <BHazelwood@wc.com>, Pyser, Steven <SPyser@wc.com>, Dockery, Daniel
<DDockery@wc.com>, Interlicchio, Lori <LInterlicchio@wc.com>, Suellentrop, Nicholas <nsuellentrop@wc.com>,
JTortorella@khmarino.com <JTortorella@khmarino.com>
**Subject:** In re Insulin Pricing Litigation, No. 2:23-MD-03080-BRM-RLS

Counsel,

Please see the attached Objections and Responses of Caremark Rx, L.L.C., Caremark, L.L.C., and CaremarkPCS Health,
L.L.C. to Plaintiffs' Master Set of Requests for Production dated October 28, 2024.

Lori

**Lori Interlicchio**
**Associate | Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5177 | (F) 202-434-5029
linterlicchio@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.