

# O'TOOLE SCRIVO
### A LIMITED LIABILITY COMPANY

**THOMAS P. SCRIVO**
tscrivo@oslaw.com

April 4, 2025

**Via CM/ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   **Re:**  *In re: Insulin Pricing Litigation*, MDL No. 3080
      Case No. 2:23-md-03080-BRM-RLS

Dear Judge Singh:

  In accordance with the parties' March 31, 2025 joint letter (ECF No. 487), we write to update the Court regarding the custodian negotiations between Plaintiffs and OptumRx, Inc.

## BACKGROUND

  For the last few months, OptumRx has engaged in good-faith negotiations with Plaintiffs regarding its custodian list. OptumRx has responded to follow-up request after follow-up request and has now doubled the number of custodians that appeared on its initial custodian list, for a total of 24 custodians across the timeframe in question. Ultimately, OptumRx has offered a custodian and search term proposal that is proportional to the litigation's needs, tailored to the substantial discovery already produced to Plaintiffs, and consistent with Your Honor's directives at the March 11, 2025 discovery hearing. But Plaintiffs remain unsatisfied without any justification. Indeed, their last word was that OptumRx must identify more new custodians than only the one or two additional custodians it agreed to investigate on the parties' last meet and confer, without explaining why. But there is no legitimate justification, as OptumRx's custodian list is more than sufficient and should be accepted.

  At the March 11, 2025 discovery hearing, Your Honor "direct[ed] the PBM [D]efendants to take a look at their custodian list . . . [and] ensure that there are representative custodians for each of the departments identified" in Plaintiffs' February 28, 2025 letter. Mar. 11, 2025 Hr'g Tr. 51:5-9. Those departments were:

    1. Public Relations, Government Affairs, and Investor Relations.
    2. Industry Relations.

14 Village Park Road Cedar Grove, NJ 07009 | (973) 239-5700 | Facsimile: (973) 239-3400 | oslaw.com

535 Fifth Avenue, Fourth Floor, New York, NY 10017 | (888) 663-1117

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 2

> 3. Formulary Committees.
> 4. Finance Department.
> 5. National Client Contracting.

*See* ECF No. 439 at 20. Following the hearing, Plaintiffs immediately moved the goalpost, requesting that OptumRx name custodians from yet additional categories and claiming that their demand was ordered by Your Honor:

> 1. Public Relations;
> 2. Government Affairs;
> 3. Investor Relations;
> 4. Optum teams that provided data and analytics to its Industry Relations teams for each Manufacturer (Lilly, Novo, and Sanofi);
> 5. Catamaran/Catalyst/SXC Solutions Industry Relations custodians from each Manufacturer team (Lilly, Novo, and Sanofi) and/or that corresponded with the Express Scripts' team from 2011-2017;
> 6. Optum teams that provided data/analytics/models to Optum's financial formulary committees (BIC/FMC); and
> 7. National Client Contracting.

OptumRx stated in its March 20, 2025 response that it disagreed that many of Plaintiffs' follow-up requests were in accordance with Your Honor's order, and, as to specific categories of custodians, clarified the following:

- **"Public Relations, Government Affairs, and Investor Relations" Custodian**. Plaintiffs' demand for three separate custodians across "Public Relations, Government Affairs, and Investor Relations" departments was inconsistent with Your Honor's directive at the March 11, 2025 discovery hearing, which required that OptumRx "provide . . . a custodian tied to specific misrepresentations" Plaintiffs identified in their Complaints. Mar. 11, 2025 Hr'g Tr. 54:8-9. OptumRx agreed to review the allegations of specific misrepresentations in Plaintiffs' complaints and follow up with Plaintiffs regarding the discovery OptumRx would provide, and also pointed out that Dr. Sumit Dutta—who was alleged to have made certain "misrepresentations" across Plaintiffs' Complaints—was already a custodian.

- **Catamaran/Catalyst/SXC Solutions Industry Relations Custodian**. OptumRx noted that its custodian list already included at least five individuals who were employed with its predecessor entities. Given the fact that SXC Health Solutions/Catamaran had a rebate contract with Express Scripts and rebate negotiations for insulin drugs were handled by Express Scripts accordingly, OptumRx's proposal for this category of custodians was reasonable and sufficient.

- **Industry Relations, Business Implementation Committee, and Formulary Management Committee "Data and Analytics" Custodian**. As Plaintiffs themselves acknowledged in their February 28 letter brief, Venkat Vadlamudi "provid[ed] data analytics to [OptumRx's] three relevant Industry Relations teams" (ECF No. 439 at 10),

as well as the BIC and the FMC (*see id.* at 13). Fred Curtiss also held responsibility for those tasks during the timeframe in question.

In addition to those clarifications, OptumRx agreed to add **Michelle Bradley** (Vice President, Proposal Development and Execution at OptumRx) to its custodian list as its "National Client Contracting Custodian."

In response, Plaintiffs requested additional information about OptumRx's custodian proposal—including immensely broad inquiries about the entire "Optum Industry Relations Manufacturer-facing team" over a twelve-year time frame, certain of which OptumRx had already answered—and demanded that OptumRx name custodians in categories that its custodian list already covered across the timeframe in question.[1] The parties then met and conferred on March 24, 2025.

After the parties' March 24 meet and confer, OptumRx provided yet additional information evidencing the sufficiency of its custodian proposal, and agreed to add another custodian to cover the "Public Relations, Government Affairs, and Investor Relations" category that Plaintiffs sought (**Marissa Schlaifer**, Vice President of Policy at Optum).

The parties met and conferred again on March 31, 2025. In the spirit of compromise, and in an effort to reach agreement after months of negotiating, OptumRx offered to run Plaintiffs' proposed search terms[2] across the files of the individuals on its custodian list if Plaintiffs would accept that list. Plaintiffs inquired on the call whether OptumRx's offer was its best and final, or whether OptumRx would alternatively be willing to investigate a few additional potential custodians that Plaintiffs may have questions about. OptumRx responded that it would be willing to look into a couple of additional custodians that Plaintiffs were interested in, but it would not agree to add more than that number given the sufficiency of its existing proposal.

On April 2, 2025, Plaintiffs simply informed OptumRx that the parties were at an impasse regarding custodians. Without further explanation (and without inquiring about any additional individuals as Plaintiffs suggested they would on the parties' March 31, 2025 meet and confer), Plaintiffs stated their position that OptumRx needed to identify more new custodians than only the one or two additional custodians it agreed to investigate on the parties' March 31, 2025 meet and confer. In light of Plaintiffs' declaration of impasse, OptumRx submits this letter in accordance with the parties' March 31, 2025 joint letter to Your Honor (ECF No. 487).

---

[1]     Plaintiffs demanded that OptumRx immediately provide a list of "Finance" custodians, even though OptumRx had already named two custodians who covered the entire timeframe in question.

[2]     OptumRx informed Plaintiffs that, with the exception of a limited number of terms that returned error messages, it would run Plaintiffs' proposed terms across its custodians' files for the timeframe in question (except for Linda Schroller (time frame of January 1, 2011 – September 30, 2020) and Matt Trok (time frame of October 1, 2020 – January 1, 2023)).

**CUSTODIANS**

OptumRx has now offered 24 custodians, including three custodians added in connection with the March 11, 2025 discovery hearing and underlying letter briefing. OptumRx's proposal is reasonable and proportionate to the needs of the case and consistent with Your Honor's directives at the March 11, 2025 discovery hearing. On the other hand, Plaintiffs' position is a transparent attempt to expand the scope of those directives and belatedly rewrite their February 28, 2025 letter to demand more custodians. Plaintiffs' claim that they are entitled to additional custodians—as well as granular detail about OptumRx's custodians and various departments—is not contemplated by the applicable rules and orders. Plaintiffs are not entitled to demand that OptumRx offer as a custodian every individual who may conceivably have information related to this litigation. *See, e.g.*, *Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 U.S. Dist. LEXIS 193556, at *10 (E.D. Pa. June 8, 2016).

Plaintiffs' demands are unproductive, contrary to the Court's instruction to engage in a cooperative discovery process, and seek to overburden OptumRx with expansive and unwarranted discovery obligations that are disproportionate to the litigation's needs and untethered to Plaintiffs' own liability theory. The "burden appropriately lies with the requesting party" to demonstrate that the proposed custodians are inadequate. *Enslin*, 2016 U.S. Dist. LEXIS 193556, at *10. By declaring an impasse without explaining why OptumRx should identify additional custodians, Plaintiffs have proven themselves to have fallen short of that burden. OptumRx's custodian list is sufficient to identify the individuals most likely to possess responsive documents and information and should be accepted.

1. "Public Relations, Government Affairs, and Investor Relations"

The Court ordered OptumRx to provide custodians "tied to specific misrepresentations [Plaintiffs have] identified." Mar. 11, 2025 Hr'g Tr. 54:1-10. OptumRx has explained to Plaintiffs that Dr. Sumit Dutta (Senior Vice President and Chief Medical Officer at OptumRx), who was alleged to have made certain "misrepresentations" across Plaintiffs' Complaints, is already a custodian. On top of that, OptumRx has offered Marissa Schlaifer, Vice President of Policy at Optum, as an additional custodian for this category of discovery, despite its lack of relevance to the claims and defenses at issue in the litigation. Plaintiffs have continued to insist that they are entitled to separate custodians for each of the so-called "Public Relations, Government Affairs, and Investor Relations" departments when Your Honor ordered otherwise.[3] OptumRx has satisfied its obligations as to this category of custodians.

2. Industry Relations and "Formulary Committees"

OptumRx's custodian proposal as to its Industry Relations department, its Business Implementation Committee, and its Formulary Management Committee is more than sufficient—

---

[3] *See* Mar. 11, 2025 Hr'g Tr. 54:6-10 ("MR. SUELLENTROP: . . . But are you saying something broader, like someone to cover just generally the whole time period, or are you suggesting what we need to provide is a custodian tied to specific misrepresentations they've identified? THE COURT: I believe the latter.").

indeed, OptumRx has offered twenty custodians covering those areas. Those twenty custodians include seven current or former voting members of the Formulary Management Committee and the Business Implementation Committee, as well as at least three individuals who provided various modeling and analyses to support those committees and the Industry Relations department per Plaintiffs' request. On top of that, OptumRx's custodian list includes custodians at virtually every level of seniority within the Industry Relations department across the timeframe in question (Senior Vice President, Vice President, Senior Manager, Senior Director, and Director, including individuals who directly negotiated with the Manufacturer Defendants). Plaintiffs have offered no legitimate justification for why OptumRx's list of Industry Relations and "Formulary Committee" custodians covering the entire timeframe in question does not satisfy the Court's order to provide "representative custodians." Mar. 11, 2025 Hr'g Tr. 51:2–5.

### 3. "Finance"

OptumRx has offered Matt Trok and Linda Schroller as "Finance" custodians. Mr. Trok currently serves as OptumRx's Controller and has since October 2020. Ms. Schroller previously served in that role and has served in other senior accounting and finance roles within OptumRx. As OptumRx explained to Plaintiffs, the Controller leads teams responsible for financial reporting, recording financial transactions, and certain financial operations, including client billing, manufacturer discount and rebate billing, and client disbursement of manufacturer discounts and rebates.

Together, Mr. Trok and Ms. Schroller cover the entire timeframe in question. No additional "Finance" custodians are needed.

### 4. "National Client Contracting"

OptumRx has offered **Michelle Bradley**, Vice President, Proposal Development and Execution at OptumRx, as the custodian covering Plaintiffs' request for a "National Client Contracting" custodian. Ms. Bradley satisfies what Plaintiffs indicated to the Court that they wanted from that custodian. *See* Mar. 11, 2025 Hr'g Tr. at 36:23–25 ("To be clear, we are talking about the people who formulate the RFPs that are used nationally."). Her department manages the RFP process related to OptumRx's PBM services (including for Commercial and Medicare Part D), her current role is national in scope, and she has held similar roles since at least 2012. OptumRx has complied with the Court's instruction. *See id.* at 51:11–13 ("And that includes, for clarification, *a representative from the National Client Contracting group* or however it may be termed with your respective client . . .") (emphasis added).

\*   \*   \*

OptumRx respectfully requests that the Court deny any request from Plaintiffs to add custodians to its custodian list and reserves all rights. Inasmuch as Plaintiffs' simultaneous submission includes information that was not discussed during the parties' negotiations, OptumRx respectfully requests that it be permitted to respond.

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas P. Scrivo* <br> Thomas P. Scrivo | */s/ Liz Broadway Brown* <br> Liz Broadway Brown <br> **ALSTON & BIRD LLP** <br> One Atlantic Center <br> 1201 W. Peachtree Street, N.W., Ste. 4900 <br> Atlanta, GA 30309-3424 <br> T: (404) 881-7000 <br> Fax: (404) 881-7777 <br> liz.brown@alston.com |

Cc:    Honorable Brian R. Martinotti, U.S.D.J. (*via* ECF)
       All counsel of record (*via* ECF)