## MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 307-3700
FAX (212) 542-3790
e-mail: jtortorella@khmarino.com
*OF COUNSEL

April 10, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

      Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM-RLS
          MDL No. 3080 | Opposition to Plaintiffs' Request for Leave to File Reply [ECF 501]

Dear Judge Singh:

      I write on behalf of Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC (collectively, "CVS Caremark"); Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators, LLC (collectively, "Express Scripts"); and OptumRx, Inc., (collectively, the "PBM Defendants") to respectfully request that the Court deny Plaintiffs' Request for Leave to reply to the PBM Defendants' forthcoming responses to Plaintiffs' April 4 Letter [ECF No. 501].

      This Court previously provided the parties leave to update the Court regarding custodial negotiations "by joint submission or simultaneous position statements." ECF No. 481. As we have previously advised, Plaintiffs' letter sought specific relief—including by naming specific potential custodians—that Plaintiffs had not advised the PBM Defendants they intended to move on. And contrary to Plaintiffs' position that they "sought relief on the exact issue—custodians—they advised the Court and PBM Defendants they intended to move on," ECF No. 501, Plaintiffs' letter includes an issue they provided *no* advance notice of: Data. As such, the PBM Defendants' simultaneous submissions on April 4 did not address these issues, and to avoid being unfairly prejudiced, the PBM Defendants were forced to seek leave to respond to these specific points by later filing on April 14, a request that this Court granted. *See* ECF No. 500.

      Plaintiffs now request to reply to the PBM Defendants' forthcoming April 14 responses. *See* ECF No. 501. Such a reply is unwarranted and unfair. Plaintiffs should not be rewarded with the "last word" because they sought relief they had not advised PBM Defendants of in their April 4 submission. If Plaintiffs want to put anything else in the record, they should simply do so in a simultaneous filing on April 14.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Rukhsanah L. Singh, U.S.M.J.
April 10, 2025– Page 2

                                            Respectfully submitted,

                                            */s John D. Tortorella*
John D. Tortorella
*Counsel for Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC*

*/s Jason R. Scherr*
Jason R. Scherr
*Counsel for Defendants Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators, LLC*

*/s Thomas P. Scrivo*
Thomas P. Scrivo
*Counsel for Defendant OptumRx, Inc.*

cc:    Honorable Brian R. Martinotti, U.S.D.J.
        All Counsel of Record