# O'TOOLE SCRIVO

### A LIMITED LIABILITY COMPANY

THOMAS P. SCRIVO
tscrivo@oslaw.com

April 14, 2025

**Via CM/ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:  *In re: Insulin Pricing Litigation*, MDL No. 3080
Case No. 2:23-md-03080-BRM-RLS

Dear Judge Singh:

In accordance with the Court's Letter Order [ECF No. 500], we write to respond to Plaintiffs' April 4, 2025 position statement [ECF No. 493]. OptumRx, Inc. was granted leave to do so because Plaintiffs' submission sought relief that they did not discuss with OptumRx, Inc., a violation of the proper conferral process under Case Management Order No. 17.

For the reasons discussed below, the Court should accept OptumRx's proposed custodian list and order Plaintiffs to respond to OptumRx's data proposal.

## BACKGROUND

OptumRx's good-faith negotiations with Plaintiffs regarding custodians have resulted in a custodian list that doubles the number of custodians on its initial custodian proposal, provides sufficient coverage across the timeframe in question, and is proportional to this litigation's needs. On the other hand, it is Plaintiffs' approach to the ongoing negotiations that has been inconsistent with the cooperative process in which this Court ordered the parties to engage. Plaintiffs have been insatiable in their inquiries and demands of OptumRx, and have chosen to offer this Court reasons why OptumRx's custodian proposal is deficient that they never shared during the parties' multiple conferrals after the March 11 discovery hearing. Indeed, OptumRx learned of Plaintiffs' request for 11 additional custodians *from Plaintiffs' April 4 position statement*. In any case, Plaintiffs' sweeping demand for additional custodians lacks justification and should be rejected. And Plaintiffs' declaration in their April 4 position statement that "the parties have necessarily reached impasse" as to OptumRx's data proposal makes no sense given Plaintiffs' failure to respond to that proposal. ECF No. 493 at 12.

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 2

OptumRx outlined the timeline of the parties' negotiations after the March 11, 2025 discovery hearing in its April 4 position statement [*see* ECF No. 492 at 1–3]. During the parties' last meet and confer on March 31, 2025, Plaintiffs inquired whether OptumRx would be willing to investigate a few additional potential custodians that Plaintiffs may have questions about. OptumRx responded that it would be willing to look into a couple of additional custodians that Plaintiffs were interested in, but it would not agree to add more than that number given the sufficiency of its existing proposal. Plaintiffs indicated on the call that they would follow up with a few more names, but instead simply stated by e-mail on April 2 that the parties were at an impasse because OptumRx needed to identify more new custodians than only the one or two it agreed to investigate on the parties' March 31 meet and confer. Consistent with their pattern of seeking relief from this Court that they failed to raise during the parties' conferrals, Plaintiffs named 11 custodians that they wanted OptumRx to add to its custodian list in their April 4 position statement. Plaintiffs did not identify those additional custodians during the parties' negotiations after the March 11 discovery hearing. Had they done so, OptumRx would have explained that Plaintiffs' request for more custodians is unreasonable, cumulative, and duplicative. As OptumRx has advised Plaintiffs, it will run the same set of search terms Plaintiffs sought an order compelling OptumRx to run in their February 28 letter—with the exception of a limited number of terms that returned errors—against the files of its existing custodians and, after running the search terms, will review any documents hitting on those terms for responsiveness, relevance, privilege, and confidentiality.

Also in violation of the conferral process set out in Case Management Order No. 17 is Plaintiffs' claim that the parties have reached impasse regarding OptumRx's data proposal. After Plaintiffs acknowledged in their April 2 e-mail that OptumRx had confirmed the additional information it would provide related to its February 3 data proposal and stated that they would follow up shortly with a response to that proposal, OptumRx looked forward to receiving Plaintiffs' counterproposal after more than two months of waiting. However, Plaintiffs instead chose to demand—again, for the first time—in their April 4 position statement that OptumRx "be directed to undertake a more comprehensive investigation not limited to manuals, schema, or other items provided by Plaintiffs' counsel merely as examples," and declared impasse as to a data proposal to which they have not responded for ten weeks now. ECF No. 493 at 12. On top of that, Plaintiffs have suggested that OptumRx should "generate plain language descriptions for *all* of its available data fields" (ECF No. 493 at 12 (emphasis added)), even though this Court made clear that the ESI Order does not "require a responding party or producing party to disclose all data fields within a particular database[,]" let alone provide descriptive information regarding all of those fields. Mar. 11 Hr'g Tr. at 86:6–8. This Court should reject Plaintiffs' unreasonable demand, especially given Plaintiffs' refusal to engage with or respond to OptumRx's proposal.

CUSTODIAN PROPOSAL

OptumRx's list of 24 custodians is sufficient to identify the individuals "most likely" to possess responsive documents and information in accordance with Case Management Order No. 11. *See* CMO No. 11 § V. OptumRx's proposal is also reasonable, tailored to the litigation's needs, and consistent with Your Honor's directives at the March 11, 2025 discovery hearing. This Court should accept OptumRx's custodian list and reject Plaintiffs' unjustified demands for more.

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 3

Contrary to Case Management Order No. 11, Plaintiffs seem to expect that virtually every individual who may conceivably have information related to this litigation should be made a custodian, but courts in this Circuit have rejected that sweeping view of a party's discovery obligations. *See, e.g.*, *Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 U.S. Dist. LEXIS 193556, at *10 (E.D. Pa. June 8, 2016) ("[T]he fact that a person may have had some connection to the events in question does not automatically mean that such person must be included as an ESI custodian."). Indeed, the burden is on Plaintiffs to show "that Defendants' selection of custodians was inadequate." *Nupson v. Schnader Harrison Segal & Lewis LLP*, No. 18-cv-2505, 2021 U.S. Dist. LEXIS 67825, at *25 (E.D. Pa. April 7, 2021); *see also Enslin*, 2016 U.S. Dist. LEXIS 193556, at *7. To justify an order compelling OptumRx to search the ESI of additional custodians, Plaintiffs must also "demonstrate that the additional requested custodians would provide unique relevant information" not already covered by OptumRx's proposed custodians. *Enslin*, 2016 U.S. Dist. LEXIS 193556, at *10–11 (quoting *Forth Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107–08 (S.D.N.Y. 2013)); *see also Nupson*, 2021 U.S. Dist. LEXIS 67825, at *23 (Plaintiffs must "be able to articulate a basis for the court to find that ESI in the possession of the additional custodians would be different from, and not simply duplicative of, information that the party has already produced."). Plaintiffs must do more than simply explain why they believe "that these additional individuals may have some connection to the events at issue in this action"; Plaintiffs must also explain "why they would be in possession of non-cumulative responsive information." *Nupson*, 2021 U.S. Dist. LEXIS 67825, at *23–24. That Plaintiffs have failed to do so is unsurprising given the sufficiency of OptumRx's existing proposal, which provides one or more "representative custodian[s]" for the five categories of custodians Plaintiffs moved upon in their February 28, 2025 letter[1] per Your Honor's instruction at the March 11 discovery hearing. Plaintiffs' demand in their April 4 position statement for new custodians across nearly all of those departments[2] is problematic for multiple reasons.

1. "Public Relations, Government Affairs, and Investor Relations"

Plaintiffs request that Cory Alexander, John Penshorn, and Drew Krejci be added as custodians to cover the category of custodians they call "Public Relations, Government Affairs, and Investor Relations." But as OptumRx explained in its April 4 position statement, its proposal

---

[1] "Plaintiffs therefore respectfully request that . . . the Court order each PBM Defendant to identify . . . custodians . . . for the following departments and committees: (1) Trade Relations/Industry Relations departments; (2) Formulary committees; (3) Finance departments; (4) Public Relations, Government Affairs, and Investor Relations departments; and (5) National Client Contracting departments." ECF No. 439 at 20.

[2] Though Plaintiffs did not specifically request any additional Industry Relations custodians in their April 4 position statement, Plaintiffs maintain—without justification—that OptumRx's proposal with respect to that department is deficient. *See* ECF No. 493 at 3. But there is no legitimate justification, as OptumRx's proposal includes at least *fifteen* custodians across virtually every level of seniority within that department for the timeframe in question. Plaintiffs' reservation of the right to seek additional custodians as discovery progresses is unwarranted, and OptumRx will resist further custodial discovery from its Industry Relations department and formulary committees. *See id.*

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 4

is already sufficient. OptumRx has complied with the Court's directive to provide a custodian "tied to specific misrepresentations [Plaintiffs have] identified," as Dr. Sumit Dutta—who is alleged to have made multiple "misrepresentations" across Plaintiffs' Complaints and has worked for OptumRx and its predecessor entities since at least 2012—is already a custodian. Mar. 11, 2025 Hr'g Tr. at 54:1–10.

In their attempt to support their request for three new custodians from this category, Plaintiffs assert that OptumRx "has failed to name custodians from any of the three relevant departments," then acknowledge in a footnote that it "offered one additional custodian, Marissa Schlaifer, who worked as a Vice President of . . . Policy" at Optum. ECF No. 493 at 6. Plaintiffs' admission proves that OptumRx has indeed offered a "representative custodian" for the department Plaintiffs identified as "Public Relations, Government Affairs, and Investor Relations" in their February 28 letter and therefore satisfied its obligations as to this category of custodians. Mar. 11, 2025 Hr'g Tr. 51:5–9; *see also* ECF No. 439 at 20.

In any case, Plaintiffs have merely listed Cory Alexander, John Penshorn, and Drew Krejci's names and titles without bothering to "articulate a particularized need" for those additional custodians. *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2012 U.S. Dist. LEXIS 52885, at *31 (D.N.J. April 12, 2012) (denying motion to compel discovery from an additional 27 custodians). Indeed, it would be difficult for Plaintiffs to make *any* particularized showing when the alleged "misrepresentations" are overwhelmingly garden-variety statements from congressional testimony and public securities filings regarding OptumRx's PBM business at the highest level. Plaintiffs fail to demonstrate how their limited allegations regarding OptumRx's so-called "misrepresentations" justify the burden of additional custodians from the "Public Relations, Government Affairs, and Investor Relations" category, nor have Plaintiffs explained how the three additional custodians they seek would have any responsive information related to those "misrepresentations." This Court should reject Plaintiffs' request to add Cory Alexander, John Penshorn, and Drew Krejci as custodians.

2. <u>Finance</u>

Plaintiffs complain that OptumRx has failed to propose custodians "who served in the Finance department and performed duties associated with Manufacturer Payment and formulary forecasting analytics, or modeling." ECF No. 493 at 8. That is wrong. Plaintiffs' complaint is based upon their misguided assumptions about the responsibilities of OptumRx's Controller, even though OptumRx explained that the Controller leads teams responsible for financial reporting, recording financial transactions, and certain financial operations (e.g., client billing, manufacturer discount billing, and client disbursement of manufacturer discounts). OptumRx also explained to Plaintiffs that Linda Schroller, one of its Finance custodians, held other senior accounting/finance roles within OptumRx, and that three more of its custodians—Venkat Vadlamudi, Fred Curtiss, and Jack Daly—provided various modeling and analyses related to the issues Plaintiffs are interested in. OptumRx's custodian list includes at least five custodians in this category, and Plaintiffs' demand for four more is cumulative and duplicative. Indeed, Plaintiffs followed up on their acknowledgement that OptumRx had identified at least three custodians directly involved with "modeling and analyses" by demanding three more—not because those individuals possess "non-cumulative responsive information," but simply because the information sought is

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 5

"importan[t]." *Nupson*, 2021 U.S. Dist. LEXIS 67825, at *23–24; ECF No. 493 at 8. This Court should reject Plaintiffs' request to add Jeff Grosklags, Andrea Marks, Michael Yee, and Michael Sackett as custodians.

### 3. "National Client Contracting"

As explained in its April 4 position statement, OptumRx's proposal as to Plaintiffs' "National Client Contracting" category of custodians is more than sufficient. OptumRx has already offered a representative custodian in response to Your Honor's instruction at the March 11 discovery hearing: Michelle Bradley (Vice President, Proposal Development and Execution at OptumRx), who has held her current position since 2018 and held similar roles within the organization since at least 2012. Plaintiffs now concede that Ms. Bradley is an appropriate custodian but remain unsatisfied, belatedly asserting that OptumRx must provide three additional "National Client Contracting" custodians who they believe cover broad areas of responsibility such as "drafting and maintaining marketing messages," "measuring the efficacy of those marketing messages," and oversight of "audits requested by clients to determine whether Optum[Rx] was fulfilling its contractual obligations." ECF No. 493 at 10–11. Once again, Plaintiffs go too far. Their demand goes beyond the Court's order and even their own request. *See* Mar. 11, 2025 Hr'g Tr. at 36:23–25 ("To be clear, we are talking about the people who formulate the RFPs that are used nationally."). The Court directed that OptumRx provide "a *representative* from the National Client Contracting group or however it may be termed with your respective client," and OptumRx has done just that. *Id.* at 51:11–12 (emphasis added). This Court should reject Plaintiffs' request to add Christy Unekis, Kim Kudronowicz, Rusty Hurley, and Kathleen Tilden as custodians.

OptumRx has repeatedly explained that its list of 24 custodians covers the departments and subjects that are relevant to the key issues in the litigation for the time period in question. In response, Plaintiffs have maintained, without valid justification, that OptumRx's custodian list remains deficient. But Plaintiffs' unfounded suspicion that additional custodians with responsive documents exist is not enough. *See Downing v. Abbott Labs.*, No. 15-cv-5921, 2017 U.S. Dist. LEXIS 181401, at *6 (N.D. Ill. Nov. 2, 2017) ("[I]f the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end."). Plaintiffs have offered no legitimate basis for this Court to conclude that the 11 requested custodians possess *non-duplicative* documents and information. Because Plaintiffs cannot "articulate a particularized need" for the additional custodians, their request should be denied. *Eisai*, 2012 U.S. Dist. LEXIS 52885, at *31 (denying motion to compel discovery from an additional 27 custodians).

### DATA PROPOSAL

On March 28, 2025, OptumRx informed Plaintiffs that it had investigated "ways to generate additional information as to types of data fields" in accordance with the Court's instruction (Mar. 11 Hr'g Tr. at 86:14–15), but there was no "manual or schema readily available." *Id.* at 86:16–17. However, OptumRx confirmed that it could provide a plain language description of the data fields included in its February 3 data proposal as a means to "generate additional information" per Your Honor's directive. *Id.* at 86:14–15.

In re Insulin Pricing Litigation, No. 2:23-md-03080 (D.N.J.)
Page 6

On April 2, 2025, Plaintiffs responded that, in light of OptumRx's confirmation, they would follow up shortly with a response to its data proposal, which OptumRx provided to Plaintiffs on February 3, 2025. Plaintiffs also identified custodians as the only issue they would brief in their April 4, 2025 position statement. OptumRx was therefore surprised to see in that submission Plaintiffs' request that the Court order OptumRx to "undertake a more comprehensive investigation" regarding its databases [ECF No. 493 at 12], as well as Plaintiffs' declaration of impasse regarding a data proposal to which they never responded. Indeed, OptumRx has invited Plaintiffs to identify any data fields or information that Plaintiffs do not believe are covered by its February 3 proposal. Rather than actually engage with OptumRx regarding the proposal, Plaintiffs have blown past Case Management Order No. 17's conferral requirements and not only threatened a Rule 30(b)(6) deposition on this issue, but also suggested that OptumRx should provide descriptive information regarding *all* of its available data fields. Plaintiffs' request is unreasonable, unnecessary, contrary to the Court's prior order, and should be rejected.

OptumRx respectfully requests that the Court reject Plaintiffs' demand that OptumRx "undertake a more comprehensive investigation" [ECF No. 493 at 12] and order Plaintiffs to respond to its February 3, 2025 data proposal.

*****

OptumRx respectfully requests that the Court (1) deny Plaintiffs' request to add 11 custodians to its custodian list, and (2) order Plaintiffs to respond to its data proposal.

Respectfully submitted,

*/s/ Thomas P. Scrivo*                                      */s/ Liz Broadway Brown*
Thomas P. Scrivo                                            Liz Broadway Brown
                                                            **ALSTON & BIRD LLP**
                                                            One Atlantic Center
                                                            1201 W. Peachtree Street
                                                            Ste. 4900
                                                            Atlanta, GA 30309-3424
                                                            T: (404) 881-7000
                                                            Fax: (404) 881-7777
                                                            liz.brown@alston.com

Cc:     Honorable Brian R. Martinotti, U.S.D.J. (*via* ECF)
        All counsel of record (*via* ECF)