# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Civil Action No. 2:23-md-03080 (BRM) (RLS) |

**NON-PARTY COMPASS LEXECON LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS THE STATES OF ARIZONA, ARKANSAS, ILLINOIS, INDIANA, KANSAS, KENTUCKY, LOUISIANA, MISSISSIPPI, MONTANA, OKLAHOMA, AND UTAH'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, and Local Rules 26.1 of the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Rules"), Compass Lexecon LLC ("Compass") hereby serves these Responses and Objections ("Responses and Objections") to Plaintiffs the States of Arizona, Arkansas, Illinois, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Montana, Oklahoma, and Utah's (the "State AG Plaintiffs") Subpoena to Produce Documents, Information, or Objects to Compass, a non-party in the above-captioned action, dated October 4, 2024 (the "Subpoena"). Compass reserves the right, and its Responses and Objections are made without prejudice to the right, to assert additional objections and/or responses to the Subpoena as appropriate and/or to supplement, modify, or otherwise change or amend these Responses and Objections based on any additional information that may subsequently become known to Compass. Compass further reserves the right, and its Responses and Objections are made without prejudice to the right, to move to quash the Subpoena and/or to seek a protective order.

## **GENERAL OBJECTIONS**

Compass objects generally to the Subpoena, including the definitions and instructions applicable thereto, to the extent set forth below. The following General Objections and statements shall be applicable to, and included in, Compass's Response and Objections to each document request in the Subpoena, whether or not mentioned expressly in any Response or Objection. Compass does not waive any General Objections by also stating specific objections.

1. Compass objects to the Subpoena and each Request therein to the extent that any instruction, definition, or Request fails to comply with, or imposes obligations that are inconsistent with, not found in, or exceed its obligations under the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Orders.

2. Compass objects to the Subpoena and each Request therein to the extent that it improperly seeks to impose discovery burdens on Compass greater than those warranted by Compass's status as a non-party subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure.

3. Compass objects to the Subpoena and each Request therein to the extent they seek the production of material that has been, can or will be, produced by a party in this case.

4. Compass objects to the Subpoena and each Request therein to the extent they seek information protected from discovery by the attorney client privilege, work-product doctrine, common interest privilege, or any other applicable privilege(s), immunity(ies), or protection(s). Nothing contained in Compass's Responses and Objections is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege(s), immunity(ies), or protection(s).

5. Compass objects to the Subpoena and each Request therein to the extent they seek information that is irrelevant to any claim or defense in the action.

6. Compass objects to the Subpoena and each Request therein because they seek information that is not proportional to the needs of the case.

7. Compass objects to the Subpoena to the extent that it impermissibly seeks expert discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Orders.

8. Compass objects to the Subpoena and each Request therein to the extent they call for a legal conclusion. And production by Compass of a document shall not be construed to be an admission by Compass that such document satisfies any particular legal characterization made by the Subpoena.

9. Compass objects to the Subpoena and each Request therein to the extent they seek proprietary or confidential business information, trade secrets, or other sensitive information. Compass further objects to the Subpoena and each Request therein to the extent they seek information subject to a confidentiality obligation or protective order involving a third party.

10. Compass objects to the Subpoena and each Request therein to the extent they seek to require Compass to produce documents requiring more than a reasonable search to identify.

11. Compass objects to the Subpoena and each Request therein to the extent they seek to require Compass to provide information apparent from the documents themselves, or seek to compel Compass to identify or produce documents or information that are not in Compass's possession, custody or control, or to the extent the documents are publicly available.

12. Any Objection or Response herein should not be construed as a representation that responsive documents exist or existed.

13. To the extent Compass agrees to produce requested documents, Compass does not concede that any of the information sought or provided is relevant, material, or admissible or that the search for or production of these documents was proportionate to the needs of the case. Compass reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence, in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever, of any document or thing identified or provided in response to these Requests. A partial response to any Request to which Compass has objected, in whole or in part, does not constitute

a waiver of any objection. These Responses and the Objections and limitations contained herein are subject to and without waiver of (a) the right to make additional or supplemental objections to these or other Requests, and (b) the right to revise, correct, amend, supplement, or modify these Responses and Objections upon, among other things, the discovery of additional facts and materials or further investigation and developments in this proceeding. Compass therefore reserves the right to amend, supplement, or alter these Responses and Objections as warranted pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

14. Compass incorporates by reference in each of its specific Responses and Objections below, as if set forth therein, each and every one of its General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:** All Documents and Communications related to the Carlton Report, including: (a) all Documents and data that Compass Lexecon collected, received, reviewed, or relied on in connection with the Carlton Report; (b) all analyses, drafts, memoranda, reports, and any other work product generated relating to the Carlton Report; (c) all Documents and Communications relating to the methodologies and assumptions employed in creating the Carlton Report; and (d) all of Compass Lexecon's internal and external Communications relating to the Carlton Report.

**RESPONSE TO REQUEST NO. 1:**
**Objection. This Request is overly broad, unduly burdensome, and not proportional to the needs of the case as it calls for the production of a substantial volume of documents and other information from a non-party that are also in the possession, custody or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that pharmacy benefit managers ("PBMs") were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 2:** All engagement letters or agreements, retainer letters or agreements, consulting agreements, memoranda of understanding, or similar documents relating to the Carlton Report, including those describing the services to be performed, scope of work and responsibilities, compensation and payment terms, term and termination provisions, or confidentiality and non-disclosure obligations.

**RESPONSE TO REQUEST NO. 2:**
**Objection. This Request is unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are also in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 3:** All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant related to the Carlton Report.

**RESPONSE TO REQUEST NO. 3:**
**Objection. This Request is overly broad, unduly burdensome, and not proportional to the needs of the case as it calls for the production of a substantial volume of documents and other information from a non-party that are also in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 4:** All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant relating to Manufacturer Payments.

**RESPONSE TO REQUEST NO. 4:**
**Objection. This Request is overly broad, unduly burdensome, and not proportional to the needs of the case as it calls for the production of documents and other information from a non-party that are also in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 5:** All Documents and Communications exchanged between Compass Lexecon and any PBM Defendant relating to the At-Issue Drugs.

**RESPONSE TO REQUEST NO. 5:**
**Objection. This Request is overly broad, unduly burdensome, and not proportional to the needs of the case as it calls for the production of documents and other information from a non-party that are also in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. In addition, this Request calls for the production of documents protected from discovery by privilege,**

6

**including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 6:** All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to the Carlton Report.

**RESPONSE TO REQUEST NO. 6:**
**Objection. This Request is overly broad and not proportional to the needs of the case as it seeks from a non-party the production of documents that may be in the possession, custody, or control of the Manufacturer Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, the Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. Subject to those general and specific objections, Compass is not aware of any documents responsive to this request.**

**REQUEST NO. 7:** All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to Manufacturer Payments.

**RESPONSE TO REQUEST NO. 7:**
**Objection. This Request is overly broad and not proportional to the needs of the case as it seeks from a non-party the production of documents that may be in the possession, custody, or control of the Manufacturer Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, the Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. Subject to those general and specific objections, Compass is not aware of any documents responsive to this request.**

**REQUEST NO. 8:** All Documents and Communications exchanged between Compass Lexecon and any of the Manufacturer Defendants relating to the At-Issue Drugs.

**RESPONSE TO REQUEST NO. 8:**
**Objection. This Request is overly broad and not proportional to the needs of the case as it seeks from a non-party the production of documents that may be in the possession, custody, or control of the Manufacturer Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, the Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. Subject to those general and specific objections, Compass is not aware of any documents responsive to this request.**

**REQUEST NO. 9:** All Documents and Communications relating to Express Scripts's lawsuit filed on September 17, 2024, in the United States District Court for the Eastern District of Missouri styled, *Express Scripts, Inc. v. The Federal Trade Commission and Lina Khan*, Case No. 4:24-cv-01263 (E.D. Mo. Sept. 17, 2024).

**RESPONSE TO REQUEST NO. 9:**
**Objection. This Request is overly broad, unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, the Request seeks information irrelevant to this matter, as the *Express Scripts* litigation, like the Carlton Report, is not focused on the Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of information or documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. This Request also seeks documents that are publicly filed. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 10:** Documents sufficient to show the renumeration Compass Lexecon received from CVS Health related to the Carlton Report.

**RESPONSE TO REQUEST NO. 10:**
**Objection. This Request is unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of information or documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 11:** Documents sufficient to show the renumeration Compass Lexecon received from Express Scripts related to the Carlton Report.

**RESPONSE TO REQUEST NO. 11:**
**Objection. This Request is unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this**

**matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of information or documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 12:** Documents sufficient to show the renumeration Compass Lexecon received from Optum related to the Carlton Report.

**RESPONSE TO REQUEST NO. 12:**
**Objection. This Request is unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of information or documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 13:** Documents sufficient to identify any other sources and amounts of renumeration Compass Lexecon received related to the Carlton Report.

**RESPONSE TO REQUEST NO. 13:**
**Objection. This Request is unduly burdensome and not proportional to the needs of the case as it seeks from a non-party the production of documents that are in the possession, custody, or control of the PBM Defendants, who are parties to this litigation. Given the status of party discovery and the procedure through which the Court is managing discovery in this Action, this Request also acts as a means to improperly circumvent party discovery in this Action. Moreover, this Request seeks information irrelevant to this matter, as the Carlton Report addressed claims that PBMs were causing increases in the cost of prescription drugs generally and did not specifically address Insulin drugs which are at issue in this litigation. In addition, this Request calls for the production of information or documents protected from discovery by privilege, including but not limited to, the attorney client privilege, the work-product doctrine, and the common interest privilege. Compass agrees to meet and confer with the State AG Plaintiffs to discuss this Request and Compass's objections thereto.**

**REQUEST NO. 14:** Documents sufficient to show Compass Lexecon's policies, procedures, or directives relating to conflicts of interest.

**RESPONSE TO REQUEST NO. 14:**
**Objection. This Request calls for the production of information or documents that are not relevant to any party's claim or defense and requests information not proportional to the needs of the instant proceeding.**

CHIESA SHAHINIAN & GIANTOMASI PC
*Attorneys for Non-Party Compass Lexecon LLC*

By: _____
Matthew E. Beck

Dated: November 20, 2024

105 Eisenhower Parkway
Roseland, NJ 07068
973.325.1500
973.325.1501
Email: mbeck@csglaw.com