UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>CLASS ACTION TRACK | Case No. 2:23-cv-20932 (BRM)(RLS)<br><br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br><br>JUDGE RUKHSANAH L. SINGH |

### CLASS ACTION TRACK PLAINTIFFS' SUBMISSION ON CONSTRUCTIVE NOTICE

There is no basis for dismissal of TPP Plaintiffs' claims pre-dating 2019 (*i.e.*, four years before the first TPP complaint was filed) in the First Amended Class Action Complaint ("FAC") (ECF No. 17)[1] due to constructive notice. *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (dismissal on limitations grounds is warranted only when "the facts are so clear" from the operative complaint "that reasonable minds *cannot differ*" that a plaintiff knew or should have known that the elements of their claims against the defendants existed) (emphasis in original).[2] The Senate Finance Committee's January 14, 2021 publication of *Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug* (the "Senate Report") is the earliest date on which the Court could conclude that TPP Plaintiffs were on constructive notice of the underlying facts. Even if TPP Plaintiffs' claims were not tolled under *American Pipe* due to their membership in the proposed class in the FWK/PDC Case (which they were), given that Local 837 filed the first TPP complaint

---

[1] All record citations herein refer to filings in Case No. 23-cv-20932.
[2] Defendants have not moved to dismiss the claims brought by Plaintiffs FWK Holdings, LLC or Professional Drug Company, Inc., on limitations grounds. Additionally, as described in Class Action Track Plaintiffs' Opposition to Defendants' Motions to Dismiss the First Amended Consolidated Class Action Complaint (ECF No. 47 at 10-13), the claims of Plaintiff RDC Liquidating Trust ("RDC") were tolled pursuant to the *American Pipe* doctrine. As a result, this submission discusses constructive notice as to TPP Plaintiffs only. This filing is without waiver of TPP Plaintiffs' argument that their claims were likewise tolled under *American Pipe* by the filing of PDC/FWK's November 8, 2022 Second Amended Complaint.

in October 2023—less than three years after the Senate Report was issued—constructive notice is not a bar to TPP Plaintiffs' claims.

Relying largely on Defendants' internal documents, the 89-page Senate Report revealed *for the first time* many facts underlying Defendants' fraudulent scheme to inflate the list prices for Insulin Drugs to fuel Manufacturer Defendants' extraordinary profits while also funding PBM Defendants' ever-increasing demands for bribes in exchange for formulary access. Among other things, the Senate Report includes critical details of the complex and systematic web of pricing strategies that drove up the costs of Insulin Drugs, as well as the surreptitious practices that concealed this illicit behavior. *E.g.*, FAC, ¶¶ 22, 184-85, 201-02, 304, 326, 330.

The thrust of Defendants' scattershot approach to constructive notice is that multiple events were each independently sufficient to constitute a "storm warning" establishing constructive notice prior to publication of the Senate Report in January 2021. *See* ECF Nos. 44, 45. Defendants' self-serving attempt to expand constructive notice beyond comprehension is contrary to Third Circuit law. *See, e.g.*, *Blue Cross Blue Shield Ass'n v. Glaxosmithkline LLC*, No. CV 13-4663, 2016 WL 6612804, at *9 (E.D. Pa. Nov. 9, 2016) (citing *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 253 (3d Cir. 2001) ("[W]e are mindful of the dangers in adopting too broad an interpretation of inquiry notice.")). Pre-January 2021 statements made in connection with congressional hearings or investigations, prior unrelated cases, media attention, and TPP Plaintiffs' agreements with PBM Defendants were insufficient to place TPP Plaintiffs on constructive notice. Defendants do not come close to carrying their heavy burden to demonstrate that TPP Plaintiffs should be charged with constructive notice before the Senate Report was released.

*Pre-2021 Congressional Investigations and Hearings*. The January 2021 Senate Report exposed Defendants' pricing and kickback scheme at the heart of TPP Plaintiffs' claims. Certainly,

the Senate Finance Committee would not have waited to publish the Senate Report had the facts underlying Defendants' Insulin Drug Pricing and Kickback scheme been known earlier. Defendants' submissions make no attempt to address that reality.

Defendants make much of the fact that Professional Drug Company, Inc. and FWK Holdings, LLC argued in 2021 when opposing a motion to dismiss that they could not have been aware of Defendants' misconduct until November 2016, at the earliest.[3] These statements reference a November 2016 letter from two U.S. Congressmen requesting an investigation into whether insulin manufacturers were colluding or engaging in anticompetitive behavior in setting their insulin drug prices.[4] A single letter requesting an investigation of certain Manufacturer Defendants was insufficient to put TPP Plaintiffs on constructive notice that PBM Defendants and Manufacturer Defendants were engaged in a fraudulent scheme predicated on the payment of bribes in exchange for favorable formulary treatment. In any event, there is a material difference between the *earliest possible date* and the actual date on which TPP Plaintiffs knew or should have known of the underlying facts.

Defendants' references to their own executives' testimony at an April 2019 congressional hearing likewise fail. At that hearing, PBM Defendants' executives claimed that Manufacturer Defendants were solely to blame for skyrocketing Insulin Drug list prices and that the rebates and fees they received had nothing to do with the price increases, FAC ¶ 231, while Manufacturer Defendants' executives claimed that PBM Defendants' demands for rebates were solely to blame

---

[3] Defendants' reference to the legal arguments of PDC and FWK is improper at this stage. Their initial complaint was filed less than four years after November 2016, and thus there was no incentive for those entities to argue for a later constructive notice date at that time.

[4] November 3, 2016 Letter from Senator Bernard Sanders and Representative Elijah Cummings to Attorney General Lynch and the Honorable Edith Ramirez, at https://www.sanders.senate.gov/wp-content/uploads/sanders-cummings-letter-to-doj-ftc-on-insulin.pdf.

for rising Insulin Drug prices and that Manufacturer Defendants did not profit from such increases. *Id.* ¶ 233. These assertions were false: Manufacturer Defendants and PBM Defendants worked in coordination to artificially inflate Insulin Drug prices, the payment of kickbacks to PBM Defendants fueled high Insulin Drug prices, and Manufacturer Defendants profited handsomely from skyrocketing Insulin Drug prices. Defendants' misrepresentations, denials, reassurances, and attempts to shift blame in 2019 were insufficient to put TPP Plaintiffs on constructive notice of their RICO and RPA claims. *See, e.g.*, *In re RenovaCare, Inc. Sec. Litig.*, 2024 WL 2815034, at *10 (D.N.J. June 3, 2024) (Martinotti, J.) ("Reassurances can dissipate apparent storm warnings.") (cleaned up); *In re Merck & Co., Inc. Secs., Derivatives & ERISA Litig.*, 543 F.3d 150, 169-72 (3d Cir. 2008) (ambiguous publications in the face of the defendant's denials insufficient to constitute storm warnings).

<u>*Distinguishable Cases and Media Attention*</u>. There is no support for Defendants' assertion that TPP Plaintiffs should have known of their claims in 2017 when a few unrelated insulin pricing cases involving different injuries, claims, defendants, and putative plaintiffs were filed. "[A]s a matter of law" the filing of a complaint is not "tantamount to actual or constructive know[ledge] of their claim." *United Nat'l Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 37 (N.D. Ill. 1984) (quoting *In re Beef Industry Antitrust Litig.*, 600 F.2d 1148, 1171 (5th Cir. 1979)). The rationale underlying this legal doctrine is simple: persons and entities cannot possibly be expected to monitor the approximately 347,000 civil cases filed each year in federal courts to determine whether facts alleged in a few cases might be relevant to them.[5] Indeed, this Court previously recognized that media attention does not trigger a duty to investigate, much less "to monitor

---

[5] *See* Federal Judicial Caseload Statistics 2024, https://www.uscourts.gov/data-news/reports/statistical-reports/federal-judicial-caseload-statistics/federal-judicial-caseload-statistics-2024 (reporting that 347,991 civil cases were filed in 2024).

4

scholarship and like resources and . . . investigate a universe of possible circumstances" at any sign of potential fraud. *In re Direct Purchaser Insulin Pricing Litig.*, No. 3:20-cv-03426, 2021 WL 2886216, at *19 (D.N.J. July 9, 2021).

<u>TPP Plaintiffs' agreements with PBMs</u>. None of these agreements disclosed that: (1) the list prices for Insulin Drugs—which Defendants held out as a reasonable and fair basis for Other Direct Purchaser and TPP Plaintiffs payments—were artificially inflated as a result of Defendants' scheme to enrich themselves; (2) PBM Defendants—the entities entrusted by TPP Plaintiffs to negotiate lower Insulin Drug prices with Manufacturer Defendants—were colluding with Manufacturer Defendants to raise the list prices of Insulin Drugs to extract hundreds of millions (if not billions) of dollars in kickbacks and bribes for themselves; or (3) that PBM Defendants were receiving bribes and kickbacks relating to Insulin Drugs to the tune of hundreds of millions (if not billions) of dollars unconnected to services rendered. *See, e.g.*, FAC ¶¶ 19, 21, 25, 28, 337-350, 407-08. These agreements' mere mention of "rebates" and "administrative fees" were plainly insufficient to provide constructive notice of the Insulin pricing and kickback scheme.

<u>Knowledge of Overlapping Counsel</u>. Defendants cannot impute knowledge of counsel, particularly confidential, attorneys' eyes only, or other non-public information to TPP Plaintiffs. *See Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1072 (E.D.N.Y. 2006) (explaining that while "[i]n some cases it is appropriate for an attorney's knowledge to be imputed to the client," that is not the case where "defendants seek to impute the knowledge of counsel to a class of unidentified plaintiffs numbering in the tens of millions who claim they were defrauded for decades"). The statute of limitations begins to accrue when each *plaintiff*, not its counsel, should have known about its injury and resulting claim. In short, TPP Plaintiffs received constructive notice no earlier than January 14, 2021, when the Senate Report was published.

| | |
|---|---|
| Dated: May 2, 2025 | Respectfully submitted,<br><br>*/s/ Matthew F. Gately*<br>Matthew F. Gately<br>**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**<br>250 Pehle Avenue Suite 401<br>Saddle Brook, NJ 07663<br>Tel: (201) 845-9600<br>mfg@njlawfirm.com<br><br>*Interim Liaison Counsel for the Class Action Track*<br><br>James E. Cecchi<br>Donald A. Ecklund<br>**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**<br>5 Becker Farm Road<br>Roseland, New Jersey 07068<br>Tel: (973) 994-1700<br><br>Joseph H. Meltzer<br>Melissa L. Yeates<br>Jonathan F. Neumann<br>Jordan E. Jacobson<br>Kye Kyung Park<br>**KESSLER TOPAZ MELTZER & CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>jmeltzer@ktmc.com<br>myeates@ktmc.com<br>jneumann@ktmc.com<br>jjacobson@ktmc.com<br>apark@ktmc.com |

Michael L. Roberts
Karen Halbert
Erich P. Schork
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave., Ste. 700
Dallas, TX 75204
Tel: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
erichschork@robertslawfirm.us

*Interim Co-Lead Counsel for the Class Track*

Dianne M. Nast
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
dnast@nastlaw.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095-0927
Tel: (662) 834-2488
dbarrett@barrettlawgroup.com

Joseph M. Vanek
**SPERLING KENNY NACHWALTER**
312 N. Clark Street, 25th Floor
Chicago, IL 60654
Tel: (312) 641-3200
jvanek@sperlingkenny.com

Steven L. Bloch
Krystyna Gancoss
**SILVER GOLUB & TEITELL LLP**
1 Landmark Square – 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com
kgancoss@sgtlaw.com

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
One Penn Center, Suite 1550
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

*Interim Steering Committee
for the Class Action Track*