UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: INSULIN PRICING LITIGATION

Case No. 2:23-md-03080

MDL No. 3080

JUDGE BRIAN R. MARTINOTTI

JUDGE RUKHSANAH L. SINGH

THIS DOCUMENT RELATES TO:  THE STATE ATTORNEY GENERAL TRACK

THE STATE ATTORNEY GENERAL TRACK'S
MEMORANDUM ON ISSUE OF CONSTRUCTIVE NOTICE

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 7

ARGUMENT ...................................................................................................................... 7

    I.    Due to *nullum tempus*, most of the States are not subject to time bars.............................. 7

    II.   Continuing Violations and other tolling doctrines preserve the States' claims................... 9

    III.  Storm Warnings alone do not trigger statutes of limitation. ............................................ 10

    IV.  Prior Lawsuits and Media are questionable sources, and facts drawn therefrom may not withstand Rule 12(b)(6) analysis. ......................................................................................11

    V.   Hints of Causation in the January 2021 U.S. Senate Insulin Report. ............................... 12

CONCLUSION.................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Arkansas City,*
  362 P.2d 829 (Kan. 1961) ........................................................................................... 8

*Alcorn v. Arkansas State Hosp.,*
  236 Ark. 665, 367 S.W.2d 737 (1963) ....................................................................... 6

*Arkansas State Hosp. v. Cleburne Cnty.,*
  271 Ark. 94, 607 S.W.2d 61 (1980) ........................................................................... 6

*Bd. of Education v. AC&S Inc.,*
  131 Ill.2d 428  (1989) ................................................................................................ 6

*Bingham v. Roosevelt City Corp.,*
  235 P.3d 730 (Utah 2010) .......................................................................................... 9

*Black v. Chicago B. & Q.R. Co.,*
  86 N.E. 1065 (Ill. 1908) ............................................................................................. 7

*Chiles v. Calk*,
  7 Ky. 554 (Ky.App. 1817).......................................................................................... 7

*Christian v. Atl. Richfield Co.,*
  358 P.3d 131 (Mont. 2015) .......................................................................................11

*City of Bisbee v. Cochise County*,
  78 P.2d 982 (Ariz. 1938) ........................................................................................... 6

*City of E. Chicago v. E. Chicago Second Century, Inc.*,
  878 N.E.2d 358 (Ind.App. 2007), *rev'd in part on other grounds*, 908 N.E.2d 611 (Ind. 2009) 7

*City of Phoenix v. Glenayre Elecs., Inc.*,
  393 P.3d 919 (Ariz. 2017) .......................................................................................... 6

*Corder v. Ethicon, Inc.*,
  473 F. Supp.3d 749 (E.D.Ky. 2020).........................................................................11

*Cruz v. City of Tucson*,
  401 P.3d 1018 (Ariz.Ct.App. 2017) ........................................................................... 8

*Dwyer v. Barco Auto Leasing Corp.*,
  903 F.Supp. 205 (D.Mass. 1995) ............................................................................... 8

*Fergerson v. Utilities Elkhorn Coal Co.,*
  313 S.W.2d 395 (Ky. 1958)........................................................................................ 8

*Fitzgerald v. Spearhead Invs., LLC,*
  493 P.3d 644 (Utah 2021) .......................................................................................... 9

*Flowers, Inc. v. Rausch,*
 364 So.2d 928 (La. 1978) .................................................................................................... 7

*Fluke Corp. v. LeMaster,*
 306 S.W.3d 55 (Ky. 2010) ..................................................................................................11

*Garneau v. Bush,*
 838 N.E.2d 1134 (Ind.App. 2005) ....................................................................................... 8

*Hampton v. Wells Fargo Bank, N.A.,*
 2022 WL 798120 (E.D. Ark. Mar. 15, 2022) ...................................................................... 8

*Hoult v. Hoult,*
 792 F.Supp. 143 (D.Mass. 1992) ........................................................................................11

*Illinois v. Tri-Star Indus. Lighting, Inc.*,
 2000 U.S. Dist. LEXIS 14948 (N.D. Ill. 2000) ................................................................... 7

*In re Auto. Parts Antitrust Litig.,*
 2014 WL 2993753 (E.D.Mich. July 3, 2014) .....................................................................11

*In re Beef Indus. Antitrust Litig.,*
 600 F.2d 1148 (5th Cir. 1979), *cert. denied* 449 U.S. 905 (1980) .................................... 10

*In re Coord. Pretrial Proc. in Petro. Products Antitrust Litig.,*
 782 F.Supp. 487 (C.D.Cal. 1991) ...................................................................................... 10

*In re Mercedes-Benz Antitrust Litig.,*
 157 F.Supp.2d 355 (D.N.J. 2001) ....................................................................................... 9

*In re Renovacare Inc. Sec. Litig.,*
 2024 WL 2815034, (D.N.J. June 3, 2024) .......................................................................... 9

*Lovelace v. Keohane,*
 831 P.2d 624 (Okla. 1992) .................................................................................................. 8

*Merck & Co. v. Reynolds*,
 559 U.S. 633 (2010) ............................................................................................................ 9

*National Rural Elec. Co-op Ass'n v. Breen Capital Services Corp.,*
 2001 WL 294086 (D.N.J. Mar. 28, 2001) ....................................................................10, 11

*Pavlik v. Kornhaber,*
 326 Ill.App.3d 731 (Ill.App. 1st Dist. 2001) ....................................................................... 8

*Pierce v. Cook,*
 992 So.2d 612 (Miss. 2008) ................................................................................................ 8

*Pinder v. Duchesne Cty.*,
 478 P.3d 610 (Utah 2020) ................................................................................................... 9

4

*Prescott v. Morton Int'l Inc.*,
  769 F.Supp. 404 (D.Mass. 1990) ............................................................................................ 9

*Rustad v. Bank of Am. Corp.*,
  2017 WL 1424433 (D.Mont. Apr. 20, 2017) ............................................................................. 9

*Seibert v. City of Louisville*,
  101 S.W. 325 (Ky.App. 1907) ................................................................................................ 7

*Selvage v. J.J. Johnson & Assoc.*,
  910 P.2d 1252 (Utah App. 1996) ........................................................................................... 11

*South Central Bell Tel. Co. v. Texaco Inc.*,
  418 So.2d 531 (La. 1982) ...................................................................................................... 8

*State by & through Caldwell v. Fournier Industrie*,
  208 So.3d 1081 (La.App. 1st Cir. 2016) .................................................................................. 7

*State ex rel. Hood v. Entergy Mississippi, Inc.*,
  2019 WL 1433772 (S.D. Miss. Mar. 30, 2019) ........................................................................ 7

*State ex rel. Oklahoma Tax Comm. v. Emery*,
  645 P.2d 1048 (Ok.App. 1982) ............................................................................................... 8

*State ex rel. Stephan v. Brotherhood Bank & Trust Co.*,
  649 P.2d 419 (Kan.App. 1982) ............................................................................................... 7

*State of Illinois v. Tri-Star Ind. Lighting Inc.*,
  2000 U.S. Dist. LEXIS 14948 (N.D.Ill. Oct. 11, 2000) ............................................................ 6

*State v. Apotex Corp.*,
  282 P.3d 66 (Utah 2012) ........................................................................................................ 9

*State v. Lombardo Bros. Mason Contractors*,
  54 A.3d 1005 (Conn. 2012) .................................................................................................... 6

*State v. Stuart,*
  91 N.E. 613 (Ind. 1910) .......................................................................................................... 7

*Stephenson v. CSX Transp., Inc.*,
  2003 WL 22113458 (Ky.App. Sept. 12, 2003) ........................................................................ 8

*Thomas v. State,*
  226 S.W.3d 697 (Tex.Ct.App. 2007) ...................................................................................... 8

*W.W. Laubach Trust v. The Georgetown Corp.*,
  80 S.W.3d 149 (Tex.App. 2002) ............................................................................................. 8

*Woori Bank v. Citigroup Global Markets, Inc.*,
  609 Fed.Appx. 696 (2d Cir. 2015) ......................................................................................... 10

**Statutes**

12 Okl.St.Ann. § 95 .................................................................................................................. 7

A.R.S. § 12-510 ....................................................................................................................... 6

K.R.S. § 413.120...................................................................................................................... 8

KRS 367.110 *et seq.* ................................................................................................................ 7

M.C.A. § 30-14-11(1) (amended S.B. 488, 69th Legis. 2025) ................................................. 9

M.G.L. c. 260, § 5A ................................................................................................................. 8

Utah Code § 13-2-6(6)(b) ........................................................................................................ 9

**Other Authorities**

U.S. Senate Finance Committee, *Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug* (Jan. 14, 2021), https://www.finance.senate.gov/imo/media/doc/Grassley-Wyden%20 Insulin%20Report%20(FINAL%201).pdf ........................................................... 12

**Treatises**

54 C.J.S. Limitations of Actions § 222 .................................................................................... 8

## INTRODUCTION

Arizona, Arkansas, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Mississippi, Montana, Oklahoma, Texas, and Utah respectfully submit that determination of a constructive notice date will not be dispositive of or limit their respective claims.

First, ten of the thirteen States identified above are not subject to any limitations period under the *nullum tempus occurrit regi* doctrine.[1] Second, the claims asserted by all of the States are preserved through tolling doctrines such as the continuing violations rule, fraudulent concealment, and estoppel which stand as exceptions to statutory limitations bars.

## ARGUMENT

### I.  Due to *nullum tempus*, most of the States are not subject to time bars.

The claims asserted by the following States cannot be time-barred:

**Arizona**.  Historically, under Arizona law, the doctrine of *nullum tempus* precludes statutes of limitations from applying to "proceedings on behalf of the state," unless the legislature has specifically directed otherwise. *City of Bisbee v. Cochise County*, 78 P.2d 982, 985 (Ariz. 1938); *see also* A.R.S. § 12-510.  More recently, Arizona courts have recognized that *nullum tempus* applies beyond actions brought by the State itself, and generally extends to actions brought by public officers and/or political subdivisions that are brought to protect public interests.  *See, e.g., City of Phoenix v. Glenayre Elecs., Inc.*, 393 P.3d 919, 922 (Ariz. 2017); *City of Bisbee v. Cochise County*, 78 P.2d 982, 985, 989 (Ariz. 1938).  Statutes of limitations therefore do not apply to Attorney General actions brought to vindicate public rights under the Consumer Fraud Act, as is the case here.

**Arkansas**.  "[T]he sovereignty of the State prevents the statute of limitations from barring [Arkansas's] claims," *Arkansas State Hosp. v. Cleburne Cnty.,* 607 S.W.2d 61, 62 (1980), particularly when the State represents itself or the public-at-large to enforce public rights. *Alcorn v. Arkansas State Hosp.,* 367 S.W.2d 737, 740 (1963).

**Illinois**.  No statute of limitations applies to consumer protection claims brought by the Attorney General in the "public interest" under 815 ILCS 505/7(a). *State of Illinois v. Tri-Star Ind. Lighting Inc.,* 2000 U.S. Dist. LEXIS 14948, at *7 (N.D.Ill. Oct. 11, 2000). Further, Illinois's other claim is not time-barred because Illinois asserts unjust enrichment in its public capacity.  *Bd. of Education v. AC&S Inc.,* 131 Ill.2d 428, 470-76 (1989) (governmental entities only subject to limitations when acting in private capacity).  *See*

---

[1] *Nullum tempus* is the common-law rule which exempts States from the operation of statutes of limitation or repose and laches. *State v. Lombardo Bros. Mason Contractors,* 54 A.3d 1005, 1009 (Conn. 2012).

7

*also, Black v. Chicago B. & Q.R. Co.,* 86 N.E. 1065, 1067 (Ill. 1908) ("*nullum tempus*" extends to the State in its sovereign capacity as to all governmental matters).

**Indiana**. The maxim of *nullum tempus* reigns in Indiana such that statutes of limitations do not run against the State. *City of E. Chicago v. E. Chicago Second Century, Inc.*, 878 N.E.2d 358, 380 (Ind.App. 2007), *rev'd in part on other grounds*, 908 N.E.2d 611 (Ind. 2009); *State v. Stuart,* 91 N.E. 613, 614 (Ind. 1910).

**Kansas**. Kansas Consumer Protection Act ("KCPA") claims brought by the Attorney General on behalf of consumers cannot be time-barred, since such action arises out of the Attorney General's duty to enforce the KCPA and constitutes a governmental function. *State ex rel. Stephan v. Brotherhood Bank & Trust Co.,* 649 P.2d 419, 424 (Kan.App. 1982).

**Kentucky**. The Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*, sets no time limitation on actions brought by the Commonwealth and provides that such actions may be brought "*[w]henever* the Attorney General has reason to believe that any person is using [or] has used" a practice declared to be unlawful by the KCPA. KRS 367.190(1) (emphasis added). Under its plain language, there is no statute of limitations on KCPA claims brought by the Commonwealth. *See Illinois v. Tri-Star Indus. Lighting, Inc.*, 2000 U.S. Dist. LEXIS 14948, at *7-8 (N.D. Ill. 2000) (holding that the statutory term "whenever" imposes no limitations period on consumer protection actions brought by the state of Illinois). Further, Kentucky law applies the maxim *nullum tempus* to actions filed by the Commonwealth. *Chiles v. Calk*, 7 Ky. 554, 555 (Ky.App. 1817); *Seibert v. City of Louisville*, 101 S.W. 325, 326 (Ky.App. 1907).

**Louisiana**. Based upon the *nullum tempus* doctrine, Louisiana Constitution, Art. 12, § 13 states: "Prescription shall not run against the [S]tate in any civil matter, unless otherwise provided in this constitution or expressly by law." *State by & through Caldwell v. Fournier Industrie,* 208 So.3d 1081, 1084 (La.App. 1st Cir. 2016). The limitations exception granted to the State equally applies to peremption, a form of prescription. *Flowers, Inc. v. Rausch,* 364 So.2d 928, 931 (La. 1978).

**Mississippi**. Mississippi's Constitution and statutory law declare that "[s]tatutes of limitations in civil causes shall not run against the State …," [MISS. CONST. art. 4, § 104; Miss. Code Ann. § 15-1-51] and acting as *parens patriae*, the Attorney General is authorized to invoke any state law on behalf of consumers. *State ex rel. Hood v. Entergy Miss. Inc.,* 2019 WL 1433772, *1-2 (S.D.Miss. Mar. 30, 2019). Indeed, citing the same law, ***the federal court in which Mississippi's case was pending pre-MDL entered its Order denying the defendants' motion to dismiss on limitations grounds***.[2]

**Oklahoma**. Oklahoma's three-year statute of limitations [12 Okl.St.Ann. § 95] pertinent to actions under the Oklahoma Consumer Protection Act ("OCPA") does not expressly impose any limitation on the State. Unless a statute of limitations specifically provides

---

[2] *See*, Order in *The State of Mississippi v. Eli Lilly and Company, et al.,* Southern District of Mississippi Civil Action No. 3:21-cv-674-KHJ-MTP, Doc. #114, p. 4-5.

otherwise, limitations periods do not bar the State when suing in its sovereign capacity. *State ex rel. Oklahoma Tax Comm. v. Emery,* 645 P.2d 1048, 1049 (Ok.App. 1982).

**Texas**. No limitations period applies to the State's recovery of restitution on behalf of consumers under the Texas Deceptive Trade Practices Act. *Thomas v. State,* 226 S.W.3d 697, 708-710 (Tex.Ct.App. 2007) ("[T]he State in its sovereign capacity … is not subject to the defenses of limitations, laches, or estoppel.") (cleaned up).

## II. Continuing violations and other tolling doctrines preserve the States' claims.

Even if any of the aforesaid States are subject to limitations, its claims are preserved by the tolling doctrines of fraudulent concealment, estoppel, and continuing violations. Generally, when prohibited or unlawful conduct extends into the limitations period, the continuing violations (a/k/a, "continuing tort") doctrine authorizes a party to seek recovery for harm caused by the entire course of such conduct.[3] 54 C.J.S. Limitations of Actions § 222. For example:

**Kentucky**. The Commonwealth's action, filed May 13, 2019 and amended to add the PBM Defendants on August 1, 2023, is timely under the KCPA, under the *nullum tempus* doctrine, and under the five-year statute of limitations [K.R.S. § 413.120(2)] applicable to statutory liabilities. Even if the *nullum tempus* doctrine did not apply to the Commonwealth, Kentucky's state-law continuing tort doctrine stands as an exception to the limitations period and is implicated here by the defendants' violations of the KCPA which continue to the present date. *See Stephenson v. CSX Transp., Inc.,* 2003 WL 22113458, *5 (Ky.App. Sept. 12, 2003), and *Fergerson v. Utilities Elkhorn Coal Co.,* 313 S.W.2d 395, 399 (Ky. 1958).

**Massachusetts**. The Commonwealth's Complaint, filed January 13, 2025, is timely under the four-year statute of limitations applicable to Chapter 93A consumer protection claims. M.G.L. c. 260, § 5A. Under its Chapter 93A consumer protection claim, the Commonwealth is authorized to recover any damages sustained within the four-year limitations period that precedes the January 13, 2025 filing of its Complaint. *Dwyer v. Barco Auto Leasing Corp.,* 903 F.Supp. 205, 211 (D.Mass. 1995). With respect to all of the Commonwealth's claims, the continuing tort doctrine authorizes the Commonwealth to seek recovery of damages incurred prior to the statutory windows. *Prescott v. Morton Int'l Inc.,* 769 F.Supp. 404, 409 (D.Mass. 1990) (applying continuing tort doctrine to Chapter 93A claims).

---

[3] The continuing violations/tort doctrine applies in all States discussed in Section I of this Memorandum. *See, Cruz v. City of Tucson*, 401 P.3d 1018, 1023 (Ariz.Ct.App. 2017); *Hampton v. Wells Fargo Bank, N.A.,* 2022 WL 798120, *13 (E.D.Ark. Mar. 15, 2022); *Pavlik v. Kornhaber,* 326 Ill.App.3d 731, 745 (Ill.App. 1st Dist. 2001); *Garneau v. Bush,* 838 N.E.2d 1134, 1143 (Ind.App. 2005); *Adams v. Arkansas City,* 362 P.2d 829, 838 (Kan. 1961); *South Central Bell Tel. Co. v. Texaco Inc.,* 418 So.2d 531, 533 (La. 1982); *Pierce v. Cook,* 992 So.2d 612, 618 (Miss. 2008); *Lovelace v. Keohane,* 831 P.2d 624, 638 (Okla. 1992); and *W.W. Laubach Trust v. The Georgetown Corp.,* 80 S.W.3d 149, 159 (Tex.App. 2002).

**Montana**. Montana's Complaint, filed September 29, 2022, is timely under its statute of limitations which authorizes the Attorney General to bring consumer protection claims within five years of discovery of a prohibited trade practice. M.C.A. § 30-14-11(1) (amended S.B. 488, 69th Legis. 2025). And, Montana's continuing tort doctrine captures claims which accrued prior to the five-year statutory window. *Rustad v. Bank of Am. Corp.*, 2017 WL 1424433, *5 (D.Mont. Apr. 20, 2017).

**Utah**. Utah's five-year statute of limitations applies to Utah Consumer Sales Practices Act ("UCSPA") claims brought by its Division of Consumer Protection. Utah Code § 13-2-6(6)(b). Claims within the statutory window, those based on conduct occurring after November 16, 2018, are *per se* timely. *See State v. Apotex Corp.*, 282 P.3d 66, 81 (Utah 2012) (no bar to claims accruing within statutory window). The State's unjust-enrichment and civil-conspiracy claims are likewise timely, since Utah's continuing tort doctrine allows recovery on claims accruing before the statutory window. *Pinder v. Duchesne Cty.*, 478 P.3d 610, 626 (Utah 2020); *Bingham v. Roosevelt City Corp.*, 235 P.3d 730, 745 (Utah 2010) (continuing tort exception tolls "the statute of limitations while ... tortious conduct continues unabated."). Further, where a scheme is concealed (as it is here), Utah's equitable-discovery doctrine presents an exception to limitations. *Fitzgerald v. Spearhead Invs., LLC*, 493 P.3d 644, 649 (Utah 2021).

In addition, the Insulin Pricing Scheme arose out of the opaqueness of the Defendants' industries and the complexity of their pricing structures, making the defendants' scheme inherently self-concealing. This fact alone is sufficient to toll limitations on the ground of fraudulent concealment. *In re Mercedes-Benz Antitrust Litig.*, 157 F.Supp.2d 355, 371 (D.N.J. 2001) (fraudulent concealment requires tolling where conspiracy is inherently self-concealing).

### III. Storm warnings alone do not trigger statutes of limitation.

In 2010, the Supreme Court clarified that "storm warnings" alone do not trigger statutory limitation periods. *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). Post *Merck*, "[a] fact" is not "discovered" until "a reasonably diligent plaintiff [has] sufficient information about that fact to adequately plead it in a complaint with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." *In re Renovacare Inc. Sec. Litig.*, 2024 WL 2815034, *9, *11 (D.N.J. June 3, 2024) (cleaned up). In *Renovacare*, this Court relegated storm warnings to only a "supporting

role." *Id.* at *9 & *11 (finding that storm warnings are "dissipate[d]" by misleading reassurances from the defendants).

### IV.  Prior lawsuits and media are questionable sources, and facts drawn therefrom may not withstand Rule 12(b)(6) analysis.

A plaintiff should not be "whipsaw[ed]" by forcing it to make sufficiently particularized factual allegations earlier than when it can verify the facts sufficient to state a claim. *Woori Bank v. Citigroup Global Markets, Inc.,* 609 Fed.Appx. 696, 698 (2d Cir. 2015). Allegations in prior lawsuits, and media coverage of lawsuits, are unverified sources. *In re Coord. Pretrial Proc. in Petro. Products Antitrust Litig.,* 782 F.Supp. 487, 495 (C.D.Cal. 1991) (noting that media coverage usually consists of merely parroting a lawsuit's allegations).

In *Petro Products* the court explained why prior lawsuits are poor sources for inquiry notice. "To find constructive knowledge of [plaintiffs'] claims because of a lawsuit brought by others" requires a "chain of inferences." *Petro. Products,* 782 F.Supp. at 493-94. One required inference is that the prior lawsuit has "a legal and factual basis," *i.e.,* is not "premised on a frivolous claim." *Id.* Another required inference is that plaintiff "must be able to determine the suit has merit," which is challenging given "protective order[s]" and plaintiffs' lack of "access to the discovery" produced in the other lawsuit. *Id.* at 495. "Widespread industry publicity" about other lawsuits is not "tantamount to actual or constructive knowledge" of a claim unless the plaintiff is "aware[] of some evidence tending to support" the claim. *Id.* at 494 (quoting *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1171 (5th Cir. 1979), *cert. denied* 449 U.S. 905 (1980))."

As demonstrated in this Court's decision of *National Rural Elec. Co-op Ass'n v. Breen Capital Services Corp.,* 2001 WL 294086 (D.N.J. Mar. 28, 2001), the critical inquiry is whether a plaintiff has access to facts which demonstrate the merit (not just the existence) of prior

11

allegations. Because of prior litigation on the same subject matter, the defendant moved to dismiss plaintiff's securities complaint as untimely. *Id.* at *1. This Court found that filing of the prior lawsuit was insufficient for inquiry notice; however, the Court viewed the defendant's mediation of the prior lawsuit differently, finding that the mediation gave rise to inquiry notice. *Id.* at *4. Since plaintiff, as an investor in defendant's company, had the right to question the company, the Court concluded that plaintiff should have inquired why the defendant believed mediation was necessary. *Id.* Thus, the Court's decision turned on plaintiff's ability to determine the merit of the allegations in the prior suit.

The rationale in *Petro Products* and ruling in *Breen Capital* are consistent with the state discovery rules addressed hereinbelow as well as the standard enunciated in *Renovacare* – *i.e.,* knowledge of Rule 12(b)(6)-worthy facts.

**V.     Hints of causation in the January 2021 U.S. Senate Insulin Report.**

Most State discovery rules require that a plaintiff have knowledge of the factual elements of his causes of action before the statute of limitations begins to run. This is particularly true with respect to knowledge of the essential element of causation.[4] Year-over-year price increases for diabetes medications, standing alone, is legally insufficient to impute knowledge of causation to the States. *In re Auto. Parts Antitrust Litig.,* 2014 WL 2993753, *13 (E.D.Mich. July 3, 2014) ("Market conditions standing alone do not put a plaintiff on notice that the prices it paid resulted from an illegal conspiracy.").

---

[4] *See, e.g., Fluke Corp. v. LeMaster,* 306 S.W.3d 55, 60 (Ky. 2010) (discovery that injury "caused by" defendant's conduct); *Corder v. Ethicon, Inc.*, 473 F. Supp.3d 749, 770 (E.D.Ky. 2020) (endorsing a "delayed accrual" approach where limitations period tolled until facts exist that authorize one party to maintain an action against another); *Hoult v. Hoult,* 792 F.Supp. 143, 144 (D.Mass. 1992) (discovery that injury is "result of" defendant's conduct); *Christian v. Atl. Richfield Co.,* 358 P.3d 131, 153 (Mont. 2015) (even though plaintiff is aware of injury, statute of limitations is tolled until plaintiff is able to "discern the cause" of his injury); and *Selvage v. J.J. Johnson & Assoc.,* 910 P.2d 1252, 1260 (Utah App. 1996) (discovery of facts forming basis of cause of action, including causation).

The U.S. Senate's Insulin Report, issued January 14, 2021, along with thousands of pages of previously confidential Defendant documents—which took time to filter through the offices of State Attorneys General—represents the first reliable disclosure of information by which a State could begin to appreciate that skyrocketing insulin prices were <u>caused</u> by the defendants' collective misconduct.[5]

Among other things, the Insulin Report and the corresponding documents released with the Report established that the sharp increases in diabetic drug prices resulted from a coordinated effort between the PBMs and Manufacturers, rather than from legitimate market forces such as research and development, production costs, or supply and demand. *Insulin Report,* p. 88. As reflected in the Insulin Report, the PBMs and Manufacturers worked together to create a system that aggressively drove up the price of diabetes medications (and excluded access to lower priced alternatives) because it was more profitable to both sets of Defendants. Knowledge of this fact from a reliable source was essential to any cause of action which the States ultimately asserted against the defendants in their respective actions.

## CONCLUSION

For the above reasons, the States of Arizona, Arkansas, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Mississippi, Montana, Oklahoma, Texas, and Utah respectfully submit that determination of a constructive notice date is not necessary and will not benefit the progression of pre-trial proceedings in MDL 3080.

---

[5] U.S. Senate Finance Committee, *Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug* (Jan. 14, 2021), https://www.finance.senate.gov/imo/media/doc/Grassley-Wyden%20 Insulin%20Report%20(FINAL%201).pdf (hereinafter "Insulin Report").

Respectfully submitted, this the 2nd day of May, 2025.

By: *s/ Walter G. Watkins, III*

Joanne Cicala
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

Walter G. Watkins, III
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Trey.watkins@formanwatkins.com

W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

**Certificate of Service**

I hereby certify that on May 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Walter G. Watkins, III*
Walter G. Watkins, III