UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | No. 23-md-3080 (BRM) (RLS)<br>MDL No. 3080 |

### ORDER REGARDING INFORMAL DISCOVERY DISPUTE
### AS TO THE PBM DEFENDANTS' PROPOSED CUSTODIANS

**PRESENTLY** before the Court are informal discovery disputes between Plaintiffs and Defendants Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators, LLC (collectively, "Express Scripts"), Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC (collectively, "CVS Caremark"), and Defendant OptumRx, Inc. ("OptumRx") (collectively, the "PBM Defendants"). The disputes arise out of Plaintiffs' challenges to the PBM Defendants' proposed custodians for discovery of relevant and proportional electronically stored information ("ESI"). the parties extensively raised the issues with the Court through informal letters. (*See* Doc. Nos. 489-93, 510-12, and 514). The Court considers the issues without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 37.1, 78.1. Having fully considered the parties' submissions as well as counsel's arguments and the Court's rulings discussed during a hearing held before the undersigned on March 11, 2025, the Court hereby **GRANTS** the PBM Defendants' request to proceed with their respective proposed custodian lists and **DENIES** the Plaintiffs' request to modify such custodian lists.

The parties are familiar with the background of these disputes and thus the Court does not recite it at length herein. For further background, the Court refers to the parties' respective submissions on the issues.

1

Pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, a producing party's counsel must make a reasonable inquiry when responding to discovery requests. Fed. R. Civ. P. 26(g). Typically, "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." The Sedona Conference, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1, 52, 118 (2018) (Sedona Principle 6). As such, courts within this Circuit do not compel "a responding party to search the records of additional custodians" unless the requesting party demonstrates those additional custodians "'would provide <u>unique</u> relevant information not already obtained.'" *Enslin v. Coca-Cola Co.*, No. 14-6476, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) (denying motion for reconsideration) (quoting *Forth Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107-08 (S.D.N.Y. 2013)) (emphasis in original).

Having fully evaluated the parties' respective submissions as to proposed custodians, Plaintiffs have not shown that the sought-after additional custodians would provide any unique information different than what may be provided through the custodians proposed by the PBM Defendants. Nor have Plaintiffs shown that the custodians proposed by the PBM Defendants are deficient or lacking such that the PBM Defendants' proposal does not comport with their obligations to conduct a reasonable inquiry. *See LifeScan, Inc v. Smith*, No. 19-8761, 2023 WL 7089662, at *8 (D.N.J. Oct. 11, 2023); *see also* Fed. R. Civ. P. 26(g). Rather, it appears that Plaintiffs seek additional custodians in an effort to leave no stone unturned. However, the Federal Rules of Civil Procedure do not require perfection with discovery; they require reasonableness. *See, e.g.*, *in re Diisocyanates Antitrust Litig.*, No. 18-1001, 2023 WL 11938821, at *3 (W.D. Pa. Nov. 7, 2023). Accordingly, the Court does not find a sufficient basis to overcome the presumption

that the PBM Defendants are best situated to determine how to conduct a reasonable inquiry to search and produce responsive, proportional, and non-privileged ESI through their respective proposals as to custodians.

Therefore, for the reasons set forth above, and for good cause having been shown,

**IT IS** on this **6th** day of **May 2025** hereby

**ORDERED** that the Court hereby **GRANTS** the PBM Defendants' request to proceed with their respective proposed custodian lists (Doc. Nos. 489-92) and **DENIES** the Plaintiffs' request to modify the custodian lists (Doc. No. 493); and it is further

**ORDERED** that the Clerk of the Court shall TERMINATE the informal motions pending at Docket Entries Numbered 489, 490, 491, and 493.

**SO ORDERED**.

*s/Rukhsanah L. Singh*
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**