# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** | Case No. 2:23-md-3080 (BRM)(RLS)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**[PROPOSED] STIPULATED PRIVILEGE ORDER**

The Parties to the above-referenced coordinated litigation (the "Actions" or this "Litigation"), through their respective counsel of record, hereby stipulate, subject to approval by the Court, to the following protocol for addressing privilege issues:

**I.**     **PRIVILEGE LOG.** This Stipulated Privilege Order ("Order") shall govern the treatment of all privileged materials in MDL 3080. The Order applies equally to all Parties and Non-Parties, whether designated as the "Producing Party," "Receiving Party," or "Challenging Party." Deadlines and timeframes in this Order that are calculated in days, shall be based on calendar days and not business days unless otherwise stated. All documents (subject to the exemptions in Section I.D.) withheld from discovery on the basis of the attorney-client privilege, the work product doctrine, or other applicable privilege (each encompassed by the term "privilege" as used herein), must be logged.[1] To the extent the Producing Party asserts privilege on more than one basis for a given document, it shall disclose each basis within a single entry per document. The Producing Party bears the burden of establishing that any document, communication, information, or other content that is withheld from

---

[1] Nothing in this Privilege Order shall be interpreted to require the *re-logging* of any materials previously withheld from discovery (in whole or in part) on the basis of privilege in prior proceedings/litigations.

discovery on the basis of an asserted privilege is in fact privileged and/or otherwise properly withheld. None of the following shifts or changes this burden.

A. **Privilege Log Production Timing.** The Producing Party shall produce a privilege log for documents fully withheld from production on the basis of privilege as set forth below within 90 (ninety) days of the date the document or information would have been produced if not for the claim of privilege, and, for the first privilege log, within 120 (one hundred twenty) days of the entry of this Order, unless another time is agreed to by the Parties.

B. **Privilege Log Content.**

1. Privilege logs for documents fully withheld from production on the basis of privilege shall be produced in a sortable Excel (or comparable electronically searchable and sortable) format that allows for text searching, sorting, and organization of data.

2. Privilege logs for documents fully withheld from production on the basis of privilege must include, for each log entry (as applicable and to the extent reasonably available), the following information:[2]

    a. unique document identification number (separate from Bates numbering);

    b. Bates number (if a document is indicated in the production by a slipsheet);

    c. Family identification number (or similar field that allows for identification of related parent and child documents), to the extent feasible;

---

[2] If revealing any of the information identified below will disclose privileged information, the Parties may redact the portion containing such privileged information. For the avoidance of doubt, and pursuant to Section I.D.1.a., no Party shall be required to log documents redacted for privilege.

  d. file type;

  e. family relationship, if applicable (*i.e.*, identifying the document as a parent, attachment, or standalone document);

  f. date (date sent for correspondence such as emails, memos, and letters; date created for other documents);

  g. time sent (if the communication at issue is an email, fax, etc.);

  h. from (for email documents);

  i. to (for email documents);

  j. cc (for email documents);

  k. bcc (for email documents);

  l. subject (for email documents) or filename/document title (for non-email documents);

  m. page count;

  n. a description of the nature of the withheld document or communication in a manner that, without revealing information claimed as privileged, will enable a Receiving Party to assess the privilege claims; and

  o. the specific privilege(s) or protection(s) claimed (i.e. attorney work product, attorney-client privilege).

3. Attorney(s) must be identified in a log entry in which they appear by name using an asterisk, or other symbol or entry indicating their attorney status.

4. Where a "to," "from," "cc," or "bcc" disclosure involves an individual with an email domain name that differs from the Producing Party's domain name, all such email address(es) in each applicable log entry shall be disclosed, to the extent the information is reasonably available to the Producing Party. To the extent a Requesting Party further requests an email domain name for an individual named in the log that is not provided in the log, the Parties agree to meet and confer regarding this issue and the Producing Party will not unreasonably withhold production of the domain

4

        name or comparable information (such as the individual's place of employment) from the Requesting Party.

5. To the extent a Producing Party seeks to withhold any hard copy documents that lack sufficient metadata, the Producing Party shall log the information outlined in Section I.B.2, to the extent it is facially apparent on the document itself.

6. Compliance with this Protocol satisfies the Producing Party's obligations under Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 34.1 to expressly claim a privilege or protection and describe the nature of Privileged Material for other parties to assess the claim.

7. Upon request, the Parties agree to meet and confer in good faith regarding whether, in the context of a particular log entry or entries (up to but not exceeding 100 entries) the circumstances warrant supplemental provision of information or additional description for a given entry or entries. However, such supplementation requests shall not be made more than forty-five (45) calendar days after the production of a privilege log. Failure to make such requests within the forty-five (45) calendar day period shall constitute a waiver by the Requesting Party of its right to seek supplemental information in connection with the particular log entry or entries at issue.

8. On a separate tab, the Producing Party shall provide the full email addresses of all senders and recipients included on the log if the Producing Party utilizes name normalization.

9. Should it be necessary at any time for the Producing Party to provide an

5

amended privilege log for documents fully withheld from production on the basis of privilege, such log shall be produced in a cumulative manner, so that each amendment includes all privilege claims from prior logs. No listings, therefore, shall be deleted from the log. If a privilege claim is withdrawn in whole or in part, the listing shall indicate that the claim was withdrawn in whole or in part.

C. **Logging Document Families.** Each member of a document family (a group of related documents that include parent and child documents, *e.g.*, a parent email and any attachments thereto), that is being withheld in its entirety for privilege must be separately and sequentially logged with the parent document followed by each withheld child document.

D. **Logging Exemptions.**

1. The Parties shall not be required to log privileged materials as follows:

    a. **Redacted Documents.** The Parties shall not be required to log redacted documents. The Parties will provide the metadata fields outlined in Exhibit 1 of the ESI Protocol (CMO #11) associated with redacted documents in the DAT file accompanying their production, except that the Parties may withhold any metadata field that contains privileged information within the field itself.

    b. **Litigation and Investigations about Insulin Pricing.** Privileged materials (a) relating to the claims and defenses in Litigation about Insulin Pricing[3] or in Investigations about Insulin Pricing; (b) sent or

---

[3] "Litigation about Insulin Pricing," as used in this document, includes all actions currently in MDL

        created after February 2, 2017; and (c) created by or at the direction of, sent by, or received by a Party's counsel (in-house counsel, outside counsel, an agent of outside counsel other than the Party, and government counsel), any non-testifying experts retained in connection with Litigation about Insulin Pricing, or, with respect to information protected by Federal Rules of Civil Procedure 26(b)(4), testifying experts.

    c.    **Preservation.** Privileged materials relating to activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters), which are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

    d.    **State Attorney General Common Interest Material.** Privileged materials sent or created after the date a State filed a complaint in Litigation about Insulin Pricing, that are subject to the common interest doctrine and are exclusively: (a) between or among litigation counsel for State Attorneys General's Offices who have also filed a complaint in Litigation about Insulin Pricing as of the date of the communication; or (b) between or among a State Attorneys General's Office and any state agencies that the State Attorneys General's

---

No. 3080, or later filed in, added to, or transferred to MDL No. 3080 or other litigation about the price of insulin, including: *In re Direct Purchaser Insulin Pricing Litigation*, D.N.J. Case No. 20-03426; *MSP Recovery Claims Series, LLC v. Aventis US. LLC*, D.N.J. Case No. 18-2211; *In re Insulin Pricing Litigation*, D.N.J Case No. 17-669; *Minnesota v. Sanofi-Aventis US. LLC*, D.N.J. Case No. 18-14999; *County of Harris v. Eli Lilly & Co.*, S.D. Tex. Case No. H-19-4994; *City of Miami v. Eli Lilly & Co.*, S.D. Fl. Case No. 21-22636. "Investigations about Insulin Pricing," as used in this document, means any insulin pricing related investigation by a government entity with the authority to enforce laws and/or issue subpoenas.

        Office represent in the MDL as of the date of the communication.

    e.    **Defendants' Common Interest/Joint Defense Material.** Privileged materials sent or created after the date a Defendant was first named in Litigation about Insulin Pricing, that are subject to the common interest or joint defense doctrines and are exclusively between or among litigation counsel for Defendants named in Litigation about Insulin Pricing as of the date of the communication.

## II.    PRIVILEGE CHALLENGES.

### A.    As Concerns Documents.

1. The Parties agree that any Party may challenge a specific privilege designation by notifying the Producing Party in writing of the basis for the challenge and identifying the individual documents whose privilege designation is being challenged. The Challenging Party must explain its challenges on a document-by-document basis, rather than making sweeping challenges to broad swaths of documents. Such challenges shall be made within seventy-five (75) calendar days of the production of the privilege log (or within seventy-five (75) calendar days of the entry of this Order, whichever is later). Failure to challenge a privilege designation within this seventy-five (75) calendar day period shall constitute a waiver of the Requesting Party's right to challenge a specific privilege designation. Any Party receiving a challenge shall respond to the challenge within thirty (30) days either by (a) withdrawing the privilege claim and providing the previously withheld information or (b) identifying all bases for rejecting the challenge to the privilege claim(s) asserted. To the extent any issues remain in dispute after that response, the Parties shall meet and confer

8

over those disputed issues, and if, after seven (7) days from the date of the meet and confer, the Parties are not able to resolve all the disputed issues, the Challenging Party may seek relief from the Court. Failure to seek relief from the Court within a twenty-one (21) day period from the meet and confer shall constitute a waiver of the Requesting Party's right to continue to pursue that challenge. The Challenging Party may refer to the challenged redacted document(s) and/or log entries in any related briefing, provided, however, that in doing so, the Challenging Party must comply with all confidentiality obligations imposed by Court orders in this Litigation.

2. To the extent that any privilege claims or privilege redactions are downgraded, modified, or withdrawn by the Producing Party, as a result of the meet-and-confer process, or on its own accord, the Producing Party shall, within thirty (30) days, produce any such downgrades as production overlays and indicate the same in the production cover letter. The Producing Party shall also provide a "key" that indexes the privilege identification number from the privilege log with the assigned Bates Number for each downgraded document.

3. In the event a Party reasonably believes that proceeding in the fashion described above for the resolution of privilege challenges would irreparably harm its ability to prosecute or defend this action, the Party shall meet and confer with the Party claiming privilege about proceeding more expeditiously. If the Parties do not reach an agreement, then either Party may proceed in accordance with Local Civil Rule 37.1 and/or this Court's preferences. The Producing Party bears the burden of establishing the privileged or protected nature of any withheld and/or redacted material.

4. Without prejudice to any privilege non-waiver provisions applicable in this action, including those in the Confidentiality Order entered on March 20, 2024 (*see* ECF No. 117 at ¶ 11), which shall control up until such determination of the Court, if the Court determines that a document or information that is the subject of a privilege challenge is privileged, the document or information shall remain withheld or redacted and may not be used as evidence by any Party at trial or in any hearing, nor may it be relied upon by any Party's experts, unless that ruling is reversed on appeal.

5. If the Court overturns a claim of privilege based on a privilege challenge, the Producing Party shall, unless otherwise provided by the Court (including through any proceedings for relief, stay or reconsideration), provide the document or information in a manner following the formatting and other provisions of Section II.A.2. (regarding downgraded records).

B. **As Concerns Testimony.** The Parties agree to meet and confer in good faith to resolve privilege disputes that arise in the context of a deposition and involve the Court as necessary under the circumstances.

III. **DISCLOSURE OF PRIVILEGED DISCOVERY MATERIALS.**

A. **Non-Waiver.** The production or disclosure in this Action of any Discovery Material will not be deemed to constitute a waiver, in whole or in part, of any privilege, protection, or immunity from disclosure under U.S. or foreign law either in this action or any other federal or state proceeding. In accordance with the Stipulated Confidentiality Order in this action, the Parties intend to invoke the protections of Federal Rule of Evidence 502(d), and Federal Rule of Evidence 502(b) does not apply. *See* ECF No. 117 at ¶ 11.

B.   **Clawback Procedure.**

1. **Identification of Discovery Materials Containing Protected Information by the Producing Party.** If a Producing Party discovers the production of Discovery Material that contains information that should not have been disclosed because such information is protected by an applicable privilege ("Protected Information"), it should promptly assert a claim of privilege, protection, or immunity from disclosure after it discovers it has produced the Protected Information. When asserting such a claim of privilege, protection, or immunity from disclosure, the Producing Party shall provide the Requesting Party, in writing, with the information that would be provided in a privilege log entry, described in Section I.B.2, above within fourteen (14) days.

2. **Recall of Protected Information.** The Requesting Party, upon receiving written notice of a production of Protected Information by the Producing Party, shall within seven (7) days of receiving notification: (1) destroy, sequester or return the specified Discovery Material subject to the claim; and (2) ensure that any work product containing the Protected Information is sequestered and otherwise not disclosed in any manner to any Party or non-Party. The Requesting Party shall promptly provide confirmation to the Producing Party when it has completed the return, sequestration or destruction of the specified Discovery Material as provided above. The Requesting Party may not use or disclose the claimed Discovery Material or its Protected Information except as outlined for challenge purposes stated herein, until the assertion of privilege, protection, or immunity from disclosure is resolved. Additionally, the Producing Party must retain unaltered copies of all such Discovery Materials

11

until the assertion of privilege, protection, or immunity from disclosure is resolved.

3. **Identification of Discovery Materials Containing Protected Information by the Requesting Party.** If the Requesting Party receives any Discovery Material from the Producing Party that the Requesting Party has reasonable cause to believe constitutes Protected Information, the Requesting Party shall immediately upon such discovery cease use and review of the Discovery Material, notify the Producing Party that it may have produced Protected Information, and promptly return, sequester or destroy any copies it has of the specified Discovery Material, including any notes, abstracts or compilations of the contents thereof. Within seven (7) business days thereafter, if it elects to assert that a privilege exists, the Producing Party shall initiate the recall provisions of Section III.B.2, including the written notice to all Parties providing the information that would be included in a privilege log entry, described in Section III.B.1, above. Upon receipt of such notice, the Requesting Party must thereafter comply with the provisions of Section III.B.2. Nothing in this provision shall obligate the Requesting Party to search or review the Producing Party's documents to identify potentially Protected Information in Discovery Materials.

4. **Third Parties with Discovery Materials Containing Protected Information.** Upon receiving notice of a production of Protected Information in Discovery Materials by the Producing Party, the Requesting Party shall treat such Discovery Materials in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and New Jersey Rule of Professional Conduct 4.4. For purposes of

12

this paragraph, providing written notice to any third party that received the specified Discovery Materials, informing them that there is a claim that Protected Information was provided to them, and instructing that they return, sequester or destroy the specified Discovery Materials shall be considered reasonable steps when taken by the Requesting Party.

5. **Contesting Clawbacks**. If the Requesting Party does not agree with the claim of privilege, protection, or immunity from disclosure by the Producing Party, the Parties must meet and confer within seven (7) days of the notification of the assertion of privilege, protection, or immunity from disclosure in an attempt to resolve the claim. If meeting and conferring does not resolve the claim, the Requesting Party shall make an application, under seal, to the Court within fourteen (14) days from the date of the meet and confer for a ruling concerning whether the Discovery Material subject to the claim is protected from disclosure by any potentially applicable privilege, protection, or immunity.

6. The Protected Material itself cannot be used or disclosed as part of such an application unless *in camera* disclosure is ordered by the Court.

7. The burden of proving the privilege, protection, or immunity from disclosure claimed with respect to the Discovery Material belongs to the Producing Party. To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Producing Party as a result of any meet and confer, or judicial determination following such meet and confer, in accordance with the process above, the Producing Party shall within thirty (30) days, or within a time frame as agreed to by the Receiving and Producing Parties, produce any such revised

records as production overlays, explicitly indicating such status in any production cover letter, and otherwise in accord with the provisions of Section II.A.2.

**SO ORDERED.**

Dated: _____, 2025

                                                     _____
                                                     RUKHSANAH L. SINGH
                                                     United States Magistrate Judge

**STIPULATED AND AGREED TO BY THE PARTIES.**