# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America, *et al.*,

                                Plaintiffs,

v.

Google LLC,

                                Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

## SCHEDULING AND CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.3, Plaintiffs and Defendant Google LLC ("Google") have met and conferred, and hereby submit this Scheduling and Case Management Order to the Court.

1. **Service of the Complaint**. Counsel for Google has accepted service of the Complaint and waived formal service of a summons.

2. **Initial Disclosures**. The Parties exchanged Rule 26(a)(1) initial disclosures on November 20, 2020.

3. **Local Rules 16.3(c)(1), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5)**.

    i. <u>Likelihood of Disposal by Dispositive Motion</u>. Google has elected not to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and advised the Court of that decision on November 6.

    ii. <u>Consent to Magistrate Judge</u>. The Parties do not consent to this case being assigned to a magistrate judge for any purposes.

    iii. <u>Settlement</u>. The Parties do not believe that settlement discussions would be useful to engage in at this time.

1

iv. <u>ADR</u>. At a later time, the Parties will confer whether mediation may be appropriate.

4. **Discovery Conference**. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3. The Parties' discussions and the submission of this Proposed Scheduling and Case Management Order, the ESI Order, and the Stipulated Protective Order relieve the Parties of their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.3.

5. **Case Schedule**. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a). The Court should adopt the following schedule

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Answer or responsive pleading | December 21, 2020 | December 21, 2020 |
| Fact discovery commences | Upon entry of protective order or CMO, whichever is later | December 21, 2020 |
| Begin production of investigative materials subject to provisions of paragraph 7 | January 15, 2021 | January 15, 2021 |
| Google (and if necessary Plaintiffs) to provide samples and data dictionaries for all sources of structured data identified in the Rule 26(a)(1) disclosures | 45 days after the Party's identification through amended Rule 26(a)(1) disclosures of such data sets after the start of fact discovery | TBD |
| Parties will certify substantial completion of production of documents in response to requests for production | Producing Party to provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). Within 5 days of production of documents that achieves substantial completion of production in response to request set, producing Party to certify same. | TBD |
| Parties to file any motions to compel regarding scope of production to the requests for production and interrogatories | No later than 30 days after parties certify substantial completion of production | TBD |
| Amended complaint including additional states to be filed | January 15, 2021 | January 15, 2021 |
| Deadline to amend pleadings/join additional Parties as of right | January 15, 2021 | January 15, 2021 |
| Completion of fact discovery except for requests for admission for authentication of or admissibility of documents, data or other evidence; parties to certify completion of production (including providing all privilege logs) | 456 days after fact discovery begins | March 22, 2022 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Deadline for Parties to serve opening expert disclosures in accordance with Rule 26(a)(2)(B). Parties to make simultaneous exchange of all opening reports for either side. | 30 days after close of fact discovery | April 21, 2022 |
| Deadline for service of requests for admission for authentication of or admissibility of documents, data or other evidence | 60 days after close of fact discovery | May 23, 2022 |
| Deadline for Parties to serve rebuttal expert report(s) | 60 days after service of opening reports | June 20, 2022[1] |
| Deadline for Parties to serve reply expert report(s) | 50 days after service of rebuttal expert reports | August 9, 2022 |
| Close of expert discovery | 45 days after service of final expert reports | September 23, 2022 |
| First day to file dispositive motions without leave of Court | Close of expert discovery | September 23, 2022 |
| Post-discovery Status Conference | To be decided by the Court after close of expert discovery | TBD |
| Deadline to file motions for summary judgment and *Daubert* motions | 30 days after close of expert discovery | October 24, 2022 |
| Deadline to file oppositions to motions for summary judgment and *Daubert* motions | 45 days after service of summary judgment or *Daubert* motion(s) | December 8, 2022 |
| Deadline to file replies concerning motions for summary judgment or *Daubert* motions | 30 days after service of oppositions to *Daubert* or summary judgement motion(s) | January 9, 2023 |
| Parties exchange initial exhibit lists, opening deposition designations, and initial witness lists | 12 weeks before trial | June 20, 2023 |

---

[1] Date calculations herein for expert disclosures, summary judgment, *Daubert*, and motions in limine assume service/filing on the applicable deadlines.

| Each Party informs each non-Party of all documents produced by that non-Party that are on that Party's exhibit list and all depositions excerpts of that non-Party that have been designated by any Party | 8 weeks before trial | July 18, 2023 |
|---|---|---|

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Each side exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial | July 18, 2023 |
| Parties provide expert reports and/or summaries of reports to the Court | 8 weeks before trial | July 18, 2023 |
| Parties exchange final exhibit and witness lists | 6 weeks before trial | August 1, 2023 |
| Motions *in limine* filed | 6 weeks before trial | August 1, 2023 |
| Oppositions to motions *in limine* filed | 14 days after *in limine* motions filed | August 15, 2023 |
| Non-parties provide notice of any objections to the potential public disclosure at trial of any non-Party documents or depositions; explain the basis for any such objections; and propose redactions where possible | 5 weeks before trial | August 8, 2023 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding motions *in Limine* | 4 weeks before trial | August 15, 2023 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit lists and non-Party depositions | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding submitting a *joint* exhibit list | 4 weeks before trial | August 15, 2023 |
| Joint submission regarding disputes concerning admissibility of trial exhibits and deposition designations | 3 weeks before trial | August 22, 2023 |

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| Joint submission regarding disputes concerning confidentiality of Party documents on trial exhibit lists filed | 3 weeks before trial | August 22, 2023 |
| Joint submission regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibits lists and designations of non- Party depositions | 3 weeks before trial | August 22, 2023 |
| Non-Party submissions regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibit lists and designations of non-Party depositions | 3 business days after the parties' joint submission is filed | August 25, 2023 |
| Pre-trial briefs filed | 2 weeks before trial | August 29, 2023 |
| Hearing regarding any disputes over confidentiality of proposed trial exhibits | 2 weeks before trial | August 29, 2023 or as set by the Court |
| Final Pre-trial conference | 2 weeks before trial | September 1 or as set by the Court) |
| Parties submit final trial exhibits to Court | 1 week before trial | September 5, 2023 |
| Trial begins | Date to be determined by Court | September 12, 2023 |
| Post-trial briefs and proposed findings of fact and conclusions of law filed | 10 weeks after conclusion of trial | TBD |

6. **Discovery of Confidential Information**. Discovery and production of confidential information will be governed by the Protective Order and ESI Order entered by the Court in this action. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order. When sending discovery requests, notices, and subpoenas to non-parties, the parties must include copies of any Protective Orders in effect at the time.

7.    **Production of Investigation Materials.** By no later than January 15, 2021,
except as to materials as to which Plaintiffs have objection(s) to producing, Plaintiffs (with the
exception of Plaintiff State of California),[2] shall begin producing the materials they collected
during the course of the pre-Complaint Investigation[3] from the third parties identified in
Plaintiffs' Rule 26(a)(1) initial disclosures. Excepting those materials as to which Plaintiffs have
an objection to the production thereof, Plaintiffs shall begin producing by no later than January
15, 2021, and will produce (subject to objections):  (i) any CID, subpoena, compulsory process,
or voluntary request for information sent by any Plaintiff in connection with the Investigation to
a third party who is identified in Plaintiffs' Initial Disclosures; (ii) any documents, data, or
materials provided by a third party who is identified in Plaintiffs' Initial Disclosures to any
Plaintiff in response to (i); (iii) any declaration, affidavit, or written statement provided by any
third party who is identified in Plaintiffs' Initial Disclosures to any Plaintiff in connection with
the Investigation; and (iv) any transcript of any deposition taken of any third party who is
identified in Plaintiffs' Initial Disclosures in connection with the Investigation.

8.    **Witness Lists**. Each side shall provide an initial witness list **[12]** weeks before
trial, which shall be limited to **[50]** persons, including experts. The witness list must comply with
Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii). Each side shall provide a final witness list
**[6]** weeks before trial which shall also be limited to **[50]** persons, including experts. In preparing
their witness lists, the Parties must make good-faith attempts to identify the witnesses whom they

---

[2] Consistent with the Court's instruction during the December 18, 2020 status conference,
Plaintiff State of California and Google shall meet and confer regarding the deadline by which
Plaintiff State of California shall began to produce the Investigation Materials.
[3] "Investigation" means the pre-Complaint inquiry by Plaintiff the United States and Plaintiff
States into potential anticompetitive conduct by Google.

expect that they may present as live witnesses at trial (other than solely for impeachment). No

Party may call a person to testify as a live witness at trial or designate a person's deposition for

introduction at trial (other than solely for impeachment) unless (a) that person was identified on a

Party's witness list (a Party may call a witness identified on the opposing Party's witness list);

(b) all Parties agree that that Party may call that person to testify; or (c) the Court determines that

the Party demonstrates good cause for calling that person to testify, despite that Party's failure to

identify that person sooner. If any person is placed on a witness list (initial or final) by a Party,

and has not been deposed in this litigation, then the other side may obtain documents from the

files of that person and depose that person, notwithstanding any limits on discovery elsewhere in

this Order or in the Rules, unless that person was disclosed under FRCP 26(a)(1), and an

opportunity was provided during fact discovery to obtain these documents and depositions.

        9.     **Document Requests**. The Parties must serve any objections to requests for

productions of documents within **[30]** days as required by FRCP 34. Within **[7]** business days of

service of any objections, the Parties must meet and confer to attempt to resolve any objections

and to agree on custodians to be searched. At the time it serves its responses, the producing Party

will provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). To

the extent that there is a dispute regarding the scope of production that impacts the estimated

time period for completion of the responsive production, the Producing Party will supplement its

good-faith estimate of the time period for completion of the responsive production upon

resolution of such disputes. Responsive productions (subject to any objections or custodian

issues that have not been resolved) should be made on a rolling basis.

        10.    **Structured Data**. If a Party amends its initial disclosures to identify particular

sources of structured data that it intends to rely upon, then that Party shall produce samples of

and data dictionaries for any such sources of structured data identified in its amended initial disclosures within **[45]** days of service of the same.

11.    **Interrogatories**. The Parties must serve any objections to interrogatories within **[30]** days as required by FRCP 33. Within **[7]** business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to discuss whether the request may be satisfied by the production of documents or structured data. Each side is limited to **[25]** interrogatories in total (including discrete subparts), and an additional **[20]** contention interrogatories, which may not be served until **[180]** days from beginning of fact discovery. Each side reserves the right to ask the Court for leave to serve additional interrogatories.

12.    **Requests for Admission**. Each side is limited to **[37]** requests for admission in total. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the Parties must respond in writing to requests for admission within **[30]** days after service. Each side reserves the right to ask the Court for leave to serve additional requests for admission.

13.    **Discovery on Non-Parties**. Each Party must serve upon all other Parties a copy of any discovery request to any non-Party at the same time it is served on the non-Party. The requesting Party must provide all other Parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within **[3]** days of the modification, extension, or postponement. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-Party provide both to the requesting Party and to the other side copies of all productions at the same time; (c) the non-

Party provide to both the requesting Party and the other side copies of all written correspondence with any Party concerning the non-Party's response to or compliance with any discovery request (including any extensions, modifications, or postponements).

14.    **Depositions**. Each side is limited to 65 depositions of fact witnesses. A party may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour[4] period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit (e.g. the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions).

The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of the Parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative Demands; and (c) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party who is not represented by counsel, upon receipt of a deposition notice for the former employee, that Party shall, within **[14]** business days of the deposition notice, provide the date of

---

[4] All time periods for depositions refer to time on the record.

11

departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness' counsel or that the witness is unrepresented.

If a Party serves a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least **[14]** days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than **[14]** days between the extended production date and the date scheduled for the deposition, the date scheduled for the deposition must be postponed to be at least **[14]** days following the extended production date, unless all parties consent to fewer than **[14]** days.

Depositions of party fact witnesses are limited to no more than a **[7]** hour day, excepting that each side may choose to extend **[8]** depositions up to **[14]** hours. The noticing side shall indicate whether it intends to extend a party fact witness's deposition, including the proposed duration of the extended deposition, in the deposition notice for the relevant party fact witness. The non-noticing side may object and the parties will meet and confer and (as may be necessary) address any dispute in accordance with the guidance the Court provided at the December 18, 2020 status conference regarding the procedures by which to raise discovery disputes to the Court.

During non-Party depositions noticed by only one side, the non-noticing side may cross-examine the witness for up to one hour at the conclusion of direct examination, and the side who conducted the direct examination shall be entitled to redirect examination of the witness for

approximately the same amount of record time as the cross-examination regardless of whether the redirect examination extends past the **[7]** hour limit. If the total, on-record portion of the deposition goes beyond **[7]** hours, the Parties may, but are not required to, have the remaining portion of the deposition take place on a second day. If a non-Party deposition is noticed by both sides, then the deposition will be **[11]** hours and will be divided equally between the sides, and the deposition of the non-Party will count as one deposition for each side. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. For any deposition lasting longer than **[7]** hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day.

15. **Remote Depositions**. The Parties agree that COVID-19 restrictions may make remote depositions necessary. The parties agree to conduct depositions remotely when necessary. However, nothing in this paragraph or Order prevents a Party from seeking an in-person deposition.

16. **Dispute Resolution**. In the event of a dispute between the parties regarding any discovery issue, the parties shall meet and confer in an attempt to resolve the dispute. In the event of a dispute between the parties during a deposition, the parties shall memorialize the dispute on the record and present the dispute to the Court by motion within two business days of the close of the deposition. If the Court orders a Party to provide additional testimony (i.e. rejects the Party's opposition to answering a particular question), the Party shall provide the witness for deposition on the testimony in question within five business days of the ruling.

17. **Privilege Logs**. The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (a) documents or

communications sent solely between outside counsel for the Defendant (or persons employed by

or acting on behalf of such counsel); (b) documents or communications sent solely between

counsel for the United States (or persons employed by the United States Department of Justice);

(c) documents or communications sent solely between counsel for the United States (or persons

employed by the United States Department of Justice) and counsel for any state (or persons

employed by any the office of the attorney general of any state); (d) documents or

communications sent solely between outside counsel for Defendant and inside counsel for

Defendant; (e) documents or communications sent solely between counsel for the United States

(or persons employed by the United States Department of Justice) and counsel for any executive-

branch agency of the federal government; (f) documents or communications sent solely between

counsel for any state and counsel for another state (or persons employed by the office of the

attorney general any state); (g) documents or communications sent solely between counsel within

any state (or persons employed by the office of the attorney general of any state). When non-

responsive, privileged documents that are attached to responsive documents are withheld from

production, however, the parties will insert a placeholder to indicate a document has been

withheld from that family. The Parties' privilege log obligations with respect to ESI are more

fully set forth in the ESI Order.

18.     **Privilege Log Format**. The Parties also agree to the following guidelines

concerning the preparation of privilege logs: (a) a general description of the litigation underlying

attorney work-product claims is permitted; (b) identification of the name and the company

affiliation for each non-defendant person is sufficient identification; (c) identification of the

name and the department for each defendant person is sufficient identification; and (d) for

documents redacted for privilege, the privilege log need only provide the Bates number, an

indication that the document was produced in redacted form, information that can be populated from the metadata of the document, including as set forth in the Parties' ESI Order, the type of privilege being asserted, and the basis for the privilege. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation "ESQ: after their names (include a space before and after the "ESQ"). Similarly, in the separate index of names, counsel for a Party shall be marked with the designation ESQ in a separate column. The Parties' privilege log obligations with respect to ESI are more fully set forth in the ESI Order.

19.      **Privilege Log Timing.** A producing Party shall provide a privilege log three, five, seven, nine, eleven, and thirteen months after the commencement of fact discovery. A producing Party must provide a final privilege log no later than **[30]** days prior to the close of fact discovery.

20.      **Name Index**. The privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

21.      **Production of Privileged or Work-Product Documents or Information**. As authorized by Federal Rule of Evidence 502(d), and as more fully set forth in the ESI Order, the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among a party's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection

from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents in accordance with the procedures set forth in Section IV of the ESI Order. After being notified, a party shall comply with the procedures set forth in Section IV of the ESI order. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

22.     **Presumptions of Authenticity**. Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

23.     **Expert Witness Disclosures—Materials Protected from Disclosure**. The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), Rule 26(b)(4), or any other rule, including in testimony at deposition, hearing, or trial: (a) any form of oral or written communications, correspondence, or work product—not relied upon by the expert in forming any opinions in his or her final report—shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiffs' counsel and Plaintiffs' experts, or between any agent or employee of Plaintiffs' counsel and Plaintiffs' experts; (iii) Google's counsel and Google's experts, or between any agent or employee of Google's counsel and Google's experts; (iv)

16

testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

24.     **Expert Witness Disclosures—Materials to Be Disclosed**. Subject to the limitations of the prior paragraph, the parties agree that the following materials will be disclosed within [5] business days of the time that each expert report is served, or, for those materials to be made available upon request, within [10] days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) upon reasonable request and subject to applicable protective orders and confidentiality agreements, prior expert reports, submitted by the expert in antitrust cases or to any antitrust/competition authorities, that were not previously produced and that are not readily available publicly; (c) a list of all publications authored by the expert in the previous **[10]** years; (d) upon reasonable request, copies of all publications authored by the expert in the previous **[10]** years that are not readily available publicly; and (e) for all calculations appearing in the report, all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

25.     **Expert Depositions**. Each expert may be deposed for **[10]** hours. Depositions of

each side's experts will be conducted only after disclosure of all expert reports and accompanying materials.

26.     **Demonstrative Exhibits**. Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged. The Parties will meet and confer regarding the timeline and process for exchange of demonstrative exhibits following the close of discovery and resolution of any summary judgment motions.

27.     **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF (which will send notice to all Parties registered with ECF) or email to the persons whose email is listed below. If the volume of attachments makes service by ECF impracticable, a Party shall make service via a Secure FTP service or overnight delivery to the persons listed below:

    For Plaintiff United States:

> Kenneth M. Dintzer
> U.S. Department of Justice, Antitrust Division
> Technology & Financial Services Section
> 450 Fifth Street NW, Suite 7100
> Washington, DC 20530
> Kenneth.Dintzer2@usdoj.gov

> Jesús M. Alvarado-Rivera
> U.S. Department of Justice, Antitrust Division
> Technology & Financial Services Section
> 450 Fifth Street NW, Suite 7100
> Washington, DC 20530
> Jesus.Alvarado-Rivera@usdoj.gov

> Elizabeth S. Jensen
> U.S. Department of Justice, Antitrust Division
> 450 Golden Gate Avenue, Suite 10-0101
> San Francisco, CA 94102
> Elizabeth.Jensen@usdoj.gov

For Plaintiff State of Arkansas:

>  Leslie Rutledge, Attorney General
>  Johnathan R. Carter, Assistant Attorney General
>  Office of the Attorney General, State of Arkansas
>  323 Center Street, Suite 200
>  Little Rock, Arkansas 72201
>  Johnathan.Carter@arkansasag.gov

For Plaintiff State of California:

>  Xavier Becerra, Attorney General
>  Kathleen E. Foote, Senior Assistant Attorney General
>  Paula Blizzard, Supervising Deputy Attorney General
>  Brian Wang, Deputy Attorney General
>  Quyen Toland, Deputy Attorney General
>  Ryan McCauley, Deputy Attorney General
>  Adam Miller, Deputy Attorney General
>  Office of the Attorney General
>  California Department of Justice
>  455 Golden Gate Avenue
>  Suite 11000
>  San Francisco, CA 94102
>  Ryan.McCauley@doj.ca.gov
>  Adam.Miller@doj.ca.gov

For Plaintiff State of Florida:

>  Ashley Moody, Attorney General
>  R. Scott Palmer, Interim Co-Director, Antitrust Division
>  Nicholas D. Niemiec, Assistant Attorney General
>  Lee Istrail, Assistant Attorney General
>  Office of the Attorney General, State of Florida
>  PL-01 The Capitol
>  Tallahassee, Florida 32399
>  Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

        Christopher Carr, Attorney General
        Margaret Eckrote, Deputy Attorney General
        Daniel Walsh, Senior Assistant Attorney General
        Dale Margolin Cecka, Assistant Attorney General
        Office of the Attorney General, State of Georgia
        40 Capitol Square, SW
        Atlanta, Georgia 30334-1300
        dcecka@law.georgia.gov

For Plaintiff State of Indiana:

        Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
        Matthew Michaloski, Deputy Attorney General
        Office of the Attorney General, State of Indiana
        Indiana Government Center South, Fifth Floor
        302 West Washington Street
        Indianapolis, Indiana 46204
        Scott.Barnhart@atg.in.gov

For Plaintiff State of Kentucky:

        Daniel Cameron, Attorney General
        Justin D. Clark, Deputy Director of Consumer Protection
        J. Christian Lewis, Executive Director of Consumer Protection
        Philip R. Heleringer, Assistant Attorney General
        Jonathan E. Farmer, Assistant Attorney General
        Office of the Attorney General, Commonwealth of Kentucky
        1024 Capital Center Drive, Suite 200
        Frankfort, Kentucky 40601
        Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

        Jeff Landry, Attorney General
        Stacie L. Deblieux, Assistant Attorney General
        Office of the Attorney General, State of Louisiana
        Public Protection Division
        1885 North Third St.
        Baton Rouge, Louisiana 70802
        Deblieuxs@ag.louisiana.gov

For Plaintiff State of Michigan:

        Dana Nessel, Attorney General

Wisam E. Naoum, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
NaoumW1@Michigan.gov

For Plaintiff State of Missouri:

Kimberley Biagioli, Assistant Attorney General
Office of the Attorney General, State of Missouri
P.O. Box 899
Jefferson City, Missouri 65102
Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Mississippi:

Lynn Fitch, Attorney General
Hart Martin, Consumer Protection Division
Crystal Utley Secoy, Consumer Protection Division
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

Timothy C. Fox, Attorney General
Mark Mattioli, Chief, Office of Consumer Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

For Plaintiff State of South Carolina:

Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov
rhartner@scag.gov

For Plaintiff State of Texas:

    Kim Van Winkle, Chief, Antitrust Division
    Bret Fulkerson, Deputy Chief, Antitrust Division
    Kelsey Paine, Assistant Attorney General
    Office of the Attorney General, State of Texas
    300 West 15th Street
    Austin, Texas 78701
    kim.vanwinkle@oag.texas.gov
    bret.fulkerson@oag.texas.gov
    kelsey.paine@oag.texas.gov

For Plaintiff State of Wisconsin:

    Joshua L. Kaul, Attorney General
    Gwendolyn J. Lindsay Cooley, Assistant Attorney General
    Wisconsin Department of Justice
    17 W. Main St.
    Madison, WI 53707-7857
    Gwendolyn.cooley@wisconsin.gov
    (608) 261-5810

For Defendant Google:

    John E. Schmidtlein
    Colette Connor
    Williams & Connolly LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    jschmidtlein@wc.com
    cconnor@wc.com

    Susan Creighton
    Franklin Rubinstein
    Wilson Sonsini Goodrich & Rosati
    1700 K Street, N.W.
    Washington, D.C. 20006
    screighton@wsgr.com
    frubinstein@wsgr.com

    Mark S. Popofsky
    Ropes & Gray LLP
    2099 Pennsylvania Avenue, NW
    Washington, DC 20006
    Tel: 202-508-4624
    Mark.Popofsky@ropesgray.com

The parties shall endeavor to make all reasonable efforts to serve or file all papers before 6:00 p.m. Eastern Time.

28. **Calculating Response Times**. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent and received will be treated in the same manner as hand delivery at that time.

29. **Nationwide Service of Trial Subpoenas**. To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court.

30. **Modification of Scheduling and Case Management Order**. Any Party may seek modification of this Order for good cause.

SO ORDERED:

Amit P. Mehta   Digitally signed by Amit P. Mehta
Date: 2020.12.21 15:14:17 -05'00'

_____
Honorable Amit P. Mehta
United States District Judge