# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*<br><br>This document relates to:<br>All Actions | Case No.:  4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PROTECTED COUNSEL COMMUNICATIONS AND GOVERNING PRIVILEGE LOG PROTOCOL** |

This Stipulation and Order Regarding Protected Counsel Communications and Governing Privilege Log Protocol ("Order") shall apply to certain protected communications between counsel or govern the procedures for withholding documents from discovery based on a recognized claim of privilege or protection of responsive documents that would otherwise be subject to discovery. This Order applies equally to all parties, who for the purposes of below shall be designated in their various roles as either the "Producing Party" or "Receiving Party" (defined below). All deadlines and timeframes in this order that reference "days" are referring to calendar days and not business days.

I.    **DEFINITIONS**

All capitalized terms are defined as in the Protective Order (ECF No. 665) entered in the Action unless otherwise defined below.

A.  JCCP 5225: JCCP 5225 shall refer to the actions currently included in JCCP 5225, any other action hereafter added or transferred to JCCP 5225, and all actions later remanded to their respective transferor courts from JCCP 5225.

B.  Discovery Material: all items, documents, or other information, regardless of the medium or manner in which it is generated, stored, or maintained, that is subject to discovery.

C.  Government Counsel: attorneys, as well as their support staff, supervisors, law clerks, investigators, and any other employees of a government law office or consumer protection agency that represents a Party to the Action, JCCP 5225, or a Related Litigation.

D.  Non-Filing Government Counsel: attorneys, as well as their support staff, supervisors, law clerks, investigators, and any other employees of a government law office or consumer protection agency, that were part of the multistate coalition investigating the claims and allegations related to this Action and Related Litigation, and that have not brought suit in this Action or a Related Litigation.

E.  Outside Legal Counsel: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action or JCCP 5225 (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action, JCCP 5225, or a Related Litigation but are retained to represent a Party to this Action, JCCP 5225, or a Related Litigation or to advise a Party with respect to this Action, JCCP 5225, or a Related Litigation.

F.  Privileged Material: Discovery Material to the extent it is protected from discovery based on a claim of attorney-client privilege, work product protection, or any other applicable privilege or claim of protection.

G.  Receiving Party: a Party that receives Discovery Material or a description of Discovery Material which is designated as whole or in part as Privileged Material.

H.  Related Litigation: litigations listed by caption in Appendix A, or as supplemented.

II.  **PROTECTED COUNSEL COMMUNICATIONS**

Cooperation by and among Plaintiffs' Outside Legal Counsel, including Government

Counsel, and by and among Defendants' Outside Legal Counsel, is essential for the orderly and expeditious resolution of this Action and JCCP 5225. The communication of information (A) among and between Plaintiffs' Outside Legal Counsel, including Government Counsel, and (B) among and between Defendants' Outside Legal Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded for attorney work product. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

### III.  PRIVILEGE LOG PROTOCOL

To the extent that Discovery Material is withheld from production on the basis of a good faith claim that it contains Privileged Material, the Producing Party shall produce a privilege log as set forth below within 45 days of the date by which the documents would otherwise have been produced if not for the claim of privilege or protection, unless another time is agreed to by the parties. Privilege logs shall be produced on a rolling basis.

A.  Exclusions from Logging Documents Reflecting Privileged Communications or Work Product:  To the extent that they contain Privileged Material, the following materials presumptively need not be logged on a privilege log:

1.  Communications with Counsel, including Government Counsel, expressly regarding this Action, JCCP 5225, or a Related Litigation after date of initial complaint filing;[1]

2.  Communications exclusively between and among any Plaintiffs' Outside Legal Counsel expressly regarding this Action or JCCP 5225, including pre-filing investigations regarding the allegations and claims asserted therein;

3.  Communications between and among Government Counsel and Non-Filing Government Counsel, including their Outside Legal Counsel, during the period encompassing the pre-suit investigation that culminated in this matter and Related Litigation regarding their investigations of the allegations and

[1] "[E]xpressly regarding this Action, JCCP 5255, or a Related Litigation" means a communication about the litigation activities themselves, not the subject matter of the lawsuits.

- 3 -

claims asserted in this Action. This exclusion from logging also applies to their pre-suit investigations of other Defendants related to allegations and claims asserted in this Action and Related Litigation, regardless of whether any Government Counsel names the Defendant in a complaint.

4.  Work product regarding this Action, JCCP 5225, or a Related Litigation, created by an attorney or at the direction of an attorney, who is part of a Party's Counsel, including Government Counsel;

5.  Communications expressly regarding this Action, JCCP 5225, or a Related Litigation exclusively between a Party and their Outside Legal Counsel or Government Counsel;

6.  Communications expressly regarding this Action, JCCP 5225, or a Related Litigation exclusively between and among either a Party's Outside Legal Counsel or Government Counsel, including their Outside Legal Counsel, and their Experts or professional vendors, and attorney work product created by Experts or professional vendors, except (with respect to Communications between and among a Party's Outside Legal Counsel or Government Counsel, including their Outside Legal Counsel, and their testifying Experts) to the extent the Communications:

    a.  relate to compensation for the Expert's study or testimony;

    b.  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed;

    c.  identify assumptions that the party's attorney provided and that the expert relied on in forming opinions to be expressed.

Notwithstanding the foregoing, if a Party asserts that communications regarding interactions or communications with any regulator or government agency, if any, are Privileged Material, other than communications included in Section III.A.3, and those subject to the common interest privilege such as those between Plaintiffs' counsel and State Attorneys General, such communications shall be logged, irrespective of the involvement of counsel, including Outside

Legal Counsel who were retained for this Action. Nothing herein prohibits a Party from requesting a privilege log for materials presumptively excepted from logging upon a showing of good cause.

B.    Redacted Documents.  Any Discovery Material that contains both Privileged Material and non-privileged material must be disclosed with the purportedly privileged portion redacted. The redacted portion shall be indicated on the Discovery Material itself with the appropriate redaction type reflected in the metadata.  The Parties will not be required to log privilege redactions.

C.    Format.  Privilege logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs. No listings, therefore, shall be deleted from the log. If a privilege claim is withdrawn in whole or in part, the listing shall indicate that the claim was withdrawn in whole or in part.  The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

D.    Identification of Counsel.  The Producing Party shall identify on the privilege log the attorney, legal staff or personnel with an "ATTY" or exclamation mark.

E.    Metadata-Plus-Topic Log. For documents withheld on the basis of privilege or work product, the Producing Party shall provide a metadata log containing the below metadata fields (as defined in the ESI Order, ECF 690), a field or column indicating the privilege log volume, a category/topic field for the Privileged Material (*see* Appendix B), and a column to indicate if an entry was downgraded, modified, or withdrawn (*see* Section IV, *supra*).  The Producing Party shall review and analyze each document for privilege and will not rely solely on the metadata to make the determination.

1.  PRIV LOG ID

2.  BEGBATES

3.  ENDBATES

- 5 -

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

4. BEGATTACH

5. ENDATTACH

6. ALLCUSTODIANS

7. PRIV TYPE (e.g., Attorney-Client Privilege, Attorney Work Product, Common Interest)

8. FILENAME

9. EMAILSUBJECT

10. AUTHOR

11. TO/FROM/CC/BCC

12. DATETIMESENT

13. DATETIMERECEIVED

14. DOCDATE

15. DOCUMENT TYPE

16. HASHVALUE

17. ALLFILEPATHS

18. DATELASTMODIFIED

19. THREADID

F. <u>Narrative Log</u>. Alternatively, a Producing Party may elect to produce a narrative privilege log for documents withheld from production, which would contain a description field describing each document and the basis for the privilege assertion, in addition to the metadata fields listed in Section III.E above. Appendix B shall not apply to narrative logs.

G. <u>Listserv or Group Email</u>. To the extent that Listserv or group email addresses are identified on the privilege log, the Producing Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email upon request, which may follow the production of the log.

H.  Families of Discovery Material. If an attachment (parent or child) to a Discovery Material or communication is being withheld, such attachment(s) shall be identified in the privilege log as separate entries. Families of Discovery Material shall be logged together in sequence with the parent document followed by any other withheld documents in the Discovery Material family to the extent multiple family members are privileged. A Producing Party shall not assert that Discovery Material constitutes Privileged Material on the sole basis that it is part of a family containing other Privileged Material or is attached to a communication with Outside Legal Counsel or its In-House Legal Department.

I.  Lesser Inclusive Emails. A Producing Party need not log lesser inclusive emails within the same email chain so long as the most-inclusive email record is logged.

J.  To the extent documents require a log format that differs from the requirements outlined above, the parties will meet and confer in good faith, and endeavor to agree upon an appropriate log format for such documents.

## IV.  PRIVILEGE CHALLENGE PROTOCOLS

Resolution of disputes regarding claims of privilege shall be in accordance with Section H of the Court's Standing Order for Discovery in Civil Cases.

A.  Challenges to Privilege Claims: Following the receipt of a privilege log or documents that have been redacted for privilege, a Receiving Party may identify, in writing (by PRIV LOG ID or Bates number), the particular documents that it believes require further explanation. The Producing party shall use reasonable efforts to respond to requests within 10 days for challenges totaling 50 documents and under. If the challenge exceeds 50 documents, the Parties will meet and confer regarding a response time frame. The Parties shall meet and confer to try to reach a mutually agreeable solution.

B.  Changes to Redactions or Privilege Designations: To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Producing Party as a result of meet and confer in accordance with the process above, the Producing Party shall within 14 days, or within a time frame as agreed to by the Receiving and Producing Parties, produce any such downgrades as production overlays and indicate the same in the production cover letter to be served with a "key"

- 7 -

1  that indexes the privilege identification number with the assigned Bates Number for each

2  downgraded document. In the event any privilege assertion is downgraded, modified, or

3  withdrawn by the Producing Party with respect to documents to be used in an upcoming

4  deposition, the Parties shall meet and confer and the Producing Party shall use reasonable efforts

5  to produce the documents in advance of the deposition.

6  **V.      MODIFICATION**

7       This Order may be modified at any time by the Court on its own motion, for good cause

8  shown on motion of a party, or by agreement of the parties with the Court's approval.

9  Compliance with this Protocol satisfies the Producing Party's obligations under Federal Rule of

10  Civil Procedure 26(b)(5) to expressly claim a privilege or protection and describe the nature of

11  Privileged Material for other parties to assess the claim.

12

13  **IT IS SO STIPULATED**, through Counsel of Record.

14  DATED: April 1, 2024                              Respectfully submitted,

15                                                           */s/ Lexi J. Hazam*
                                                           LEXI J. HAZAM
16                                                           **LIEFF CABRASER HEIMANN &**
                                                           **BERNSTEIN, LLP**
17                                                           275 BATTERY STREET, 29TH FLOOR
                                                           SAN FRANCISCO, CA 94111-3339
18                                                           Telephone: 415-956-1000
19                                                           lhazam@lchb.com

20
                                                           PREVIN WARREN
21                                                           **MOTLEY RICE LLC**
22                                                           401 9th Street NW Suite 630
                                                           Washington DC 20004
23                                                           T: 202-386-9610
                                                           pwarren@motleyrice.com
24
25                                                           Co-Lead Counsel

26                                                           CHRISTOPHER A. SEEGER
                                                           **SEEGER WEISS, LLP**
27                                                           55 CHALLENGER ROAD, 6TH FLOOR
                                                           RIDGEFIELD PARK, NJ 07660
28                                                           Telephone: 973-639-9100

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

1  Facsimile: 973-679-8656
   cseeger@seegerweiss.com
2

3  Counsel to Co-Lead Counsel

4  JENNIE LEE ANDERSON
   **ANDRUS ANDERSON, LLP**
5  155 MONTGOMERY STREET, SUITE 900
   SAN FRANCISCO, CA 94104
6  Telephone: 415-986-1400
   jennie@andrusanderson.com
7

8  Liaison Counsel

9  RON AUSTIN
   **RON AUSTIN LAW**
10 400 Manhattan Blvd.
   Harvey LA, 70058
11 Telephone: (504) 227–8100

12 raustin@ronaustinlaw.com
13 MATTHEW BERGMAN
   GLENN DRAPER
14 **SOCIAL MEDIA VICTIMS LAW CENTER**
   821 SECOND AVENUE, SUITE 2100
15 SEATTLE, WA 98104
   Telephone: 206-741-4862
16 matt@socialmediavictims.org
   glenn@socialmediavictims.org
17

18 JAMES J. BILSBORROW
   **WEITZ & LUXENBERG, PC**
19 700 BROADWAY
   NEW YORK, NY 10003
20 Telephone: 212-558-5500
   Facsimile: 212-344-5461
21 jbilsborrow@weitzlux.com

22
23 PAIGE BOLDT
   **WATTS GUERRA LLP**
24 4 Dominion Drive, Bldg. 3, Suite 100
   San Antonio, TX 78257
25 T: 210-448-0500
   PBoldt@WattsGuerra.com
26

27 THOMAS P. CARTMELL
   **WAGSTAFF & CARTMELL LLP**
28 4740 Grand Avenue, Suite 300
   Kansas City, MO 64112

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

- 10 -

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

1   **PHILIP J. WEISER**
    Attorney General
2   State of Colorado

3   */s/ Bianca E. Miyata*
    Bianca E. Miyata, CO Reg. No. 42012,
4   *pro hac vice*
    Senior Assistant Attorney General
5   Lauren M. Dickey, CO Reg. No. 45773
    First Assistant Attorney General
6   Megan Paris Rundlet, CO Reg. No. 27474
    Senior Assistant Solicitor General
7   Elizabeth Orem, CO Reg. No. 58309
    Assistant Attorney General
8   Colorado Department of Law
    Ralph L. Carr Judicial Center
9   Consumer Protection Section
    1300 Broadway, 7th Floor
10  Denver, CO 80203
    Phone: (720) 508-6651
11  bianca.miyata@coag.gov

12  *Attorneys for Plaintiff State of Colorado, ex rel.*
13  *Philip J. Weiser, Attorney General*

14  **ROB BONTA**
    Attorney General
15  State of California

16  */s/ Megan O'Neill*
    Nick A. Akers (CA SBN 211222)
17  Senior Assistant Attorney General
    Bernard Eskandari (SBN 244395)
18  Supervising Deputy Attorney General
    Megan O'Neill (CA SBN 343535)
19  Joshua Olszewski-Jubelirer
    (CA SBN 336428)
20  Marissa Roy (CA SBN 318773)
    Nayha Ahora (CA SBN 250467)
21  Deputy Attorneys General
    California Department of Justice
22  Office of the Attorney General
    455 Golden Gate Ave., Suite 11000
23  San Francisco, CA 94102-7004
    Phone: (415) 510-4400
24  Fax: (415) 703-5480
    Bernard.Eskandari@doj.ca.gov

- 12 -

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

1   *Attorneys for Plaintiff the People of the State of
    California*

2

3   **RUSSELL CAMERON**
    Attorney General
4   Commonwealth of Kentucky

5   */s/ J. Christian Lewis*
    J. Christian Lewis (KY Bar No. 87109),
6   *Pro hac vice*
    Philip Heleringer (KY Bar No. 96748),
7   *Pro hac vice*
    Zachary Richards (KY Bar No. 99209),
8   *Pro hac vice*
    Daniel I. Keiser (KY Bar No. 100264)
9   *Pro hac vice*
    Assistant Attorneys General
10  1024 Capital Center Drive, Suite 200
    Frankfort, KY 40601
11  CHRISTIAN.LEWIS@KY.GOV
    PHILIP.HELERINGER@KY.GOV
12  ZACH.RICHARDS@KY.GOV
    DANIEL.KEISER@KY.GOV
13  Phone: (502) 696-5300
    Fax: (502) 564-2698
14

15

16  *Attorneys for Plaintiff the Commonwealth of
    Kentucky*

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

1   COVINGTON & BURLING LLP

2   By:  */s/ Ashley M. Simonsen*
    Ashley M. Simonsen, SBN 275203
3   COVINGTON & BURLING LLP
    1999 Avenue of the Stars
4   Los Angeles, CA 90067
    Telephone: (424) 332-4800
5   Facsimile: + 1 (424) 332-4749
    Email: asimonsen@cov.com
6

7   Phyllis A. Jones, *pro hac vice*
8   Paul W. Schmidt, *pro hac vice*
    COVINGTON & BURLING LLP
9   One City Center
    850 Tenth Street, NW
10  Washington, DC 20001-4956
    Telephone: + 1 (202) 662-6000
11  Facsimile: + 1 (202) 662-6291
    Email: pajones@cov.com
12

13  *Attorney for Defendants Meta Platforms, Inc.*
    *f/k/a Facebook, Inc.; Facebook Holdings,*
14  *LLC; Facebook Operations, LLC; Facebook*
    *Payments, Inc.; Facebook Technologies, LLC;*
15  *Instagram, LLC; Siculus, Inc.; and Mark Elliot*
16  *Zuckerberg*

17  FAEGRE DRINKER LLP
    *By: /s/ Andrea Roberts Pierson*
18  Andrea Roberts Pierson, pro hac vice
19  FAEGRE DRINKER LLP
    300 N. Meridian Street, Suite 2500
20  Indianapolis, IN 46204
    Telephone: + 1 (317) 237-0300
21  Facsimile: + 1 (317) 237-1000
    Email: andrea.pierson@faegredrinker.com
22

23  Amy R. Fiterman, pro hac vice
    FAEGRE DRINKER LLP
24  2200 Wells Fargo Center
    90 South Seventh Street
25  Minneapolis MN 55402
    Telephone: +1 (612) 766 7768
26  Facsimile: + 1 (612) 766 1600
    Email: amy.fiterman@faegredrinker.com
27

28  Geoffrey M. Drake, pro hac vice

- 14 -

KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone: +1 (404) 572 4726
Email: gdrake@kslaw.com

David P. Mattern, pro hac vice
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C.  20006
Telephone: +1 (202) 626 2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd. and TikTok LLC.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler, SBN 2965)
Victoria A. Degtyareva, SBN 284199
Laura M. Lopez, SBN 313450
Rowley J. Rice, SBN 313737
Ariel T. Teshuva, SBN 324238
Faye Paul Teller, SBN 343506
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: laura.lopez@mto.com
Email: rowley.rice@mto.com
Email: ariel.teshuva@mto.com
Email: faye.teller@mto.com

Lauren A. Bell (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google
LLC, and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

1    Washington, DC 20024
     Telephone.: 202-434-5000
2    Fax: 202-434-5029

3    *Attorneys for Defendants YouTube, LLC, Google*
4    *LLC, and Alphabet Inc.*

5
     MORGAN, LEWIS & BOCKIUS LLP
6    By: */s/ Stephanie Schuster*
     Stephanie Schuster (*pro hac vice*)
7    stephanie.schuster@morganlewis.com
8    1111 Pennsylvania Avenue NW
     NW Washington, DC 20004-2541
9    Tel.: 202.373.6595

10   Yardena R. Zwang-Weissman (SBN 247111)
11   yardena.zwang-weissman@morganlewis.com
     300 South Grand Avenue, 22nd Floor
12   Los Angeles, CA 90071-3132
     Tel.: 213.612.7238
13
14   Brian Ercole (*pro hac vice*)
     brian.ercole@morganlewis.com
15   600 Brickell Avenue, Suite 1600
     Miami, FL 33131-3075
16   Tel.: 305.415.3416

17   *Attorneys for Defendants YouTube, LLC and*
18   *Google LLC*

19

20   PURSUANT TO STIPULATION,
     **IT IS SO ORDERED** that the foregoing Agreement is approved**.**
21

22
     DATED: __April 2, 2024_____        _____
23
24   PETER H. KANG
     UNITED STATES MAGISTRATE JUDGE
25

26

27

28

- 17 -

**Appendix A**

The Parties agree the below litigations are within the scope of Related Litigation*:

Meta

- *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*, Case No. 57CV-23-47 (Arkansas Circuit Court, Polk County).

- *District of Columbia v. Meta Platforms, Inc. and Instagram, LLC*, Case No. 2023 CAB 006550 (D.C. Superior Court).

- *Commonwealth of Massachusetts v. Meta Platforms, Inc. and Instagram, LLC*, Case No. 2384CV02397 (Massachusetts Superior Court, Suffolk County).

- *State of Mississippi, ex rel. Lynn Fitch, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc., and Meta Platforms Technologies, LLC*, Case No. 25CH1:23-cv-01205 (Mississippi Chancery Court, First Judicial District).

- *State of New Hampshire v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 217-2023-CV-00594 (New Hampshire Superior Court, Merrimack, SS).

- *State of Oklahoma, ex rel. Gentner Drummond, Attorney General of Oklahoma v. Meta Platforms, Inc., and Instagram, LLC*, Case No. CJ-2023-00180 (Oklahoma District Court, Osage County).

- *State of Tennessee, ex rel. Jonathan Skrmetti, Attorney General and Reporter v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 23-1364-IV (Tennessee Chancery Court, Davidson County).

- *Utah Division of Consumer Protection v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 230908060 (Utah Third District Court, Salt Lake County).

- *State of Vermont v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 23-CV-04453 (Vermont Superior Court, Chittenden County).

- *State of New Mexico, ex rel. Raul Torrez, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments Inc.; Meta Platforms Technologies, Inc; and Mark*

1  *Zuckerberg*, Case No. D-0101-CV-202302838 (New Mexico First Judicial District Court,

2  Santa Fe County).

3  • *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886110-B

4  (Nevada District Court, Clark County).

5  • *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886115-B

6  (Nevada District Court, Clark County).

7  • *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886120-B

8  (Nevada District Court, Clark County).

9  • *M.G. v. Meta Platforms, Inc.; Instagram, LLC; Facebook Payments, Inc.; Siculus, Inc.;*

10  *Facebook Operations, LLC; and Tory Dwanell Saidstuart*, Case No. 3:23-cv-01861 (D.

11  Or.).

12  • *Norma Nazario, individually and as Administrator of the Estate of Zackery Nazario v.*

13  *Bytedance LTD.; Bytedance, INC.; TikTok, Inc.; Meta Platforms, Inc., Metropolitan*

14  *Transportation Authority, and New York City Transit Authority*, Case No. 0151540/2024

15  (N.Y. Supreme Ct., New York County).

16

17  <u>Snap</u>

18  • *State AG Nevada v. Snap, Inc.,* A-24-886113-B (Nevada District Court, Clark County)

19  • *Kennedy Harris, et al v. Snap,* 05251 LACV044283 (Iowa District Court, Dallas County)

20  • *Linda Blea v. Snap,* D-412-CV-2022-00236 (New Mexico – 4th Judicial District, San

21  Miguel County)

22  • *V.V. and E.Q., individually and as next friends to minor C.O., v. Meta, et al.,* FBT-CV-

23  23-5050779-S (Conn. Superior Court, Judicial District of Fairfield at Bridgeport); 3:23-

24  cv-00284-SVN (D. Conn.); UWYCV235032685S (Conn. Superior Court, Complex -

25  Waterbury Dist.)

26  • *Cody Dahl and Tonya Cole Dahl v. Alphabet, Inc.,  et al.,* 4:23-cv-9472 (W.D. Tex.)

27

28

TikTok

- *Nasca, et al. v. ByteDance Ltd., et al.*, No. 2:23-cv-02061 (E.D.N.Y.)
- *Anderson, et al. v. TikTok Inc., et al.*, No. 2:22-cv-01849-PD (E.D. Pa.), *appeal docketed*, No. 22-3061 (3d Cir.)
- *Bogard, et al. v. TikTok Inc., et al.*, No. 3:23-cv-00012 (S.D. Ind.)
- *Nazario, et al. v. ByteDance Ltd., et al.*, No. 151540/2024 (New York Supreme Court, New York County)
- *Nevada v. TikTok Inc., et al.*, No. A-24-886127-B (Nevada District Court, Clark County)
- *Utah v. TikTok Inc., et al.*, No. 230907634 (Utah Third District Court, Salt Lake County)
- *Arkansas v. TikTok Inc., et al.*, No. 12CV-23-65 (Arkansas Circuit Court, Cleburne County)
- *Iowa v. TikTok Inc., et al.*, No. 24-1522 (Iowa District Court, Polk County)
- *Kansas v. TikTok Inc., et al.*, (Kansas District Court, Shawnee County)
- *Indiana v. TikTok Inc., et al.*, No. 23A-PL-03110 (Ind. Ct. App.)

YouTube

- *Cody Dahl et al. v. Alphabet, Inc. et al.*, Case No. 1:23-cv-01496 (W.D. Tex.) (removed December 11, 2023)

\* Upon agreement between the Plaintiffs and Defendants, this list may be updated without leave of Court and by serving it on all Parties.

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

**<u>Appendix B</u>**

The Parties list below the agreed-upon topics for the topic field for the privilege log option in Section III.E.  A Party is only required to choose one topic for each withheld document, but may choose multiple.

1.   acquisitions, sales, or divestitures

2.   advertising and marketing

3.   board of directors meeting agendas, presentations, and/or draft meeting minutes

4.   compliance with foreign laws and regulations

5.   compliance with U.S. laws and regulations

6.   contract drafting or evaluation

7.   drafting of, implementation of, or compliance with company policies or procedures

8.   foreign government hearings, investigations, or inquiries

9.   U.S. government hearings, investigations, or inquiries

10. human resources/employee issues

11. identity and age verification issues

12. intellectual property and patent issues

13. legal hold

14. the current litigation (MDL 3047), JCCP 5225, and Related Litigation

15. litigation other than the MDL 3047, JCCP 5225, and Related Litigation

16. periodic regulatory filings

17. product features

18. review of proposed communications re public and media appearances, press releases, or other published statements

19. user safety

20. [a logging party may add additional categories as appropriate during review, which will be disclosed to the Requesting Party.]

1

**ATTESTATION**

2        I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3  concurrence to the filing of this document has been obtained from each signatory hereto.

4

5  Dated: April 1, 2024                */s/ Ashley M. Simonsen*

6                                   Ashley M. Simonsen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28