

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**Elizabeth Paige Boggs**
*Licensed in DC, IL, IN*
direct: 202.386.9629
pboggs@motleyrice.com

May 8, 2025

Honorable Brian R. Martinotti, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.
*Via* ECF

Re: *Government of Puerto Rico v. Eli Lilly and Company et al.*, No. 25-cv-01845

Dear Judges Martinotti and Singh:

The Government of Puerto Rico ("Government") requests leave to file a Motion for Leave to Amend Complaint. The parties have met and conferred and have reached an impasse on this issue. The Government is requesting permission to file the proposed Second Amended Complaint (attached as Exhibit 1) for two reasons. First, the Government seeks to conform its Complaint to the allegations at issue in this MDL, including: (1) adding allegations concerning glucagon-like peptide receptor agonists ("GLP-1s"); (2) adding the PBM Defendants'[1] group purchasing organizations (Ascent Health Services LLC, Emisar Pharma Services LLC, and Zinc Health Services, LLC) as defendants; and (3) adding additional detail and clarification regarding the Insulin Manufacturer Defendants' deceptive practices (*e.g.*, the publication of artificially inflated list price, the act of artificially inflating list prices). Second, the Government seeks to add claims against the PBM Defendants, including: (1) the PBM Defendants' unfair and deceptive practices and unfair methods of competition that artificially increase the cost of all brand-name drugs, not only insulin or GLP-1 products; and (2) the PBM Defendants' pharmacy-related practices that harm competition in the pharmacy market and disadvantage independent pharmacies.

**Summary Background**

On January 17, 2023, the Government filed an action in Puerto Rico state court (known as the Court of First Instance) against Defendants to punish, stop, and deter violations of Puerto Rico's Fair Competition Act, 10 L.P.R.A § 259. On January 24, 2023, the Government filed an Amended Complaint to correct minor factual errors. Dkt. No. 1-1.[2]

Defendant Express Scripts, Inc. ("Express Scripts") removed the case to the District of Puerto Rico on March 17, 2023, asserting federal officer jurisdiction. Dkt. No. 1 at 1. Defendants

---

[1] "PBM Defendants" refers to Defendants CaremarkPCS Health LLC, Caremark Puerto Rico LLC, Express Scripts, Inc., and OptumRx, Inc. and "Insulin Manufacturer Defendants" refers to Defendants Eli Lilly and Company, Eli Lilly Exports S.A., Novo Nordisk, Inc., Sanofi-Aventis U.S. LLC, and Sanofi-Aventis Puerto Rico, Inc.

[2] "Dkt. No" refers to the docket in Case No. 3:23-cv-01127.

May 8, 2025
Page 2



CaremarkPCS Health, LLC and Caremark Puerto Rico LLC (together, "Caremark") joined in the removal. Dkt. No. 4 at 1–2. On July 13, 2023, the District Court of Puerto Rico remanded this matter. Dkt. Nos. 102–103. Express Scripts and Caremark appealed. Dkt. No. 104.

After remand, the PBM Defendants filed a motion to dismiss and a motion to stay the proceedings pending the outcome of their First Circuit appeals or motion to dismiss. In the interim, the PBM Defendants refused to respond to discovery requests that the Government propounded. The Court of First Instance did not rule on the motion to stay or the motions to dismiss; did not issue any case management or scheduling orders; and did not set any case deadlines.

On October 18, 2024, the First Circuit reversed the District Court's remand ruling. Dkt. No. 117 at 5. The District Court issued an order reopening its proceedings on December 6, 2024. Two weeks later, the Government moved to amend its complaint to add the claims it seeks to add here with respect to the PBM Defendants. Dkt. Nos. 122, 127. The District of Puerto Rico denied the motion as untimely, summarily concluding that the Government's filing solely sought to avoid transfer to this MDL. Dkt. No. 147. The next day, the Government filed a motion seeking clarification as to whether the District Court's denial was without prejudice. Dkt. No. 149.

On March 5, 2025, the District Court denied the Government's motion seeking clarification but stated: "The Court denied leave to amend the complaint as untimely. ***It did not adjudicate or comment on the merits of the claims in the proposed Second Amended Complaint and the Order was not a final judgment on any claim.***" Dkt. No. 163 (emphasis added).

**Argument**

Good cause exists to modify a scheduling order under Rule 16 if the movant shows that its delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, U.S.A., Inc.*, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012). Good cause exists here because the deadline for amending the pleadings in the MDL had already expired when this matter was transferred into the MDL. Thus, unlike the other State Attorneys General in this MDL, the Government has not had a good-faith opportunity to amend its complaint prior to the expiration of the deadline for amendment of the pleadings. The Government respectfully requests leave to amend its complaint pursuant to the liberal amendment policy of Rule 15(a)(2). *See, e.g.*, *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990) ("[W]e have held consistently that leave to amend should be granted freely).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court held that leave to amend should be "freely given" pursuant to Rule 15(a)(2) when there is no evidence of undue delay, bad faith, a dilatory motive, undue prejudice, or futility of the amendment. None of those factors are present. This action is still in the beginning stages of litigation. Prior to transfer to this MDL, there were no rulings on the merits of this litigation, no discovery, and no scheduling or case management orders in this matter. Courts in the District of New Jersey have not found unfair prejudice when a party moves to amend while discovery is still open. *See e.g.*, *Luppino v. Mercedes-Benz USA, LLC*, 2014 WL 4474004, at *4 (D.N.J. Sept. 4, 2014); *see also In re Takata Airbag Prods. Liab. Litig.*, 379 F. Supp. 3d 1333, 1339 (S.D. Fla. 2019) ("[M]any transferee courts have allowed plaintiffs to

May 8, 2025
Page 3



amend a transferred-in-complaint to add new causes of action at early stages in the proceedings."). Even if the Government had attempted to amend its complaint in the Court of First Instance, this litigation would still be exactly where it is now because the matter was effectively stayed as a result of the PBMs' refusal to cooperate with discovery. Allowing the Government to move forward in the same proceeding with its insulin and non-insulin claims is the most efficient path forward for all parties. The Government could pursue its Second Amended Complaint outside the MDL and coordinate relevant discovery with the MDL plaintiffs.[3] Alternatively, the Court could permit the Government to amend its complaint to add non-insulin claims but stay that portion of the case, preserving the Government's right to pursue these claims upon transfer to the District of Puerto Rico for trial or in a separate proceeding. This approach would allow the Government to conduct discovery on issues common to both its insulin and non-insulin claims (*e.g.*, PBM Defendants' organizational structure and general rebate and formulary practices) within the MDL with no additional burden to the PBM Defendants or this Court.

The District of Puerto Rico's denial of the Government's previous Motion for Leave to Amend Complaint does not preclude this Court from granting the Government's proposed Motion.[4] The law of the case doctrine is nonbinding and generally inapplicable to decisions that are "avowedly preliminary or tentative." *Greco v. Grewal*, 2020 WL 7334194, at *8 (D.N.J. Dec. 11, 2020) (Martinotti, J.). The District of Puerto Rico's ruling was just such a decision. The decision plainly stated it was not an adjudication on the merits or a final judgment. Dkt. No. 147. Rather, the Court found the Government's Motion untimely in the context of the impending transfer to this MDL—specifically, the Court's concern that the Government was attempting to avoid the MDL's jurisdiction.[5] *Id.* The subsequent transfer of this matter obviates that concern. The prior decision also falls within a recognized exception because it is "clearly erroneous and would work a manifest injustice" for the reasons discussed above. *Kennon v. Johnson*, 2019 WL 413537, at *17 (D.N.J. Feb. 1, 2019) (Martinotti, J.). Similarly, the Court can choose not to apply the law of the case doctrine, which does not limit the Court's ability to "revisit prior decisions of its own or of a coordinate court in any circumstance." *Id*.

Sincerely,

*/s/ Elizabeth Paige Boggs*
Elizabeth Paige Boggs

cc:   Counsel of Record (via ECF)

---

[3] The Judicial Panel on Multidistrict Litigation has ruled that actions with allegations beyond insulin are not appropriate for inclusion in this MDL. *See* MDL No. 3080, Dkt. No. 259.

[4] CVS Caremark said it intends to seek sanctions because it believes the law of the case precludes the Government from filing another Motion for Leave to Amend Complaint. The District Court's order does not preclude the Government's request for the reasons discussed herein. Further, if the Government does not pursue non-insulin claims in this proceeding, it may be barred from bringing them in another proceeding due to the claim-splitting doctrine and/or statute of limitations.

[5] The Government respectfully disagrees that such a practice is an appropriate consideration. *See, e.g.*, *Royal Canin U.S.A.*, 2025 WL 96212 at *10 n.9 (dismissing "forum-manipulation concerns"); *see also Parker v. Exterior Restorations, Inc.*, 601 F. Supp. 3d 1221, 1227–28 n.5 (S.D. Ala. 2022) (forum manipulation not properly considered under Rule 15(a)(2)).