# MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: jtortorella@khmarino.com
*OF COUNSEL

May 15, 2025

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

  Re: *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-RLS MDL No. 3080

Dear Judge Martinotti:

  On behalf of the PBM Defendants, we write in response to Plaintiff Government of Puerto Rico's (the "Government") May 8, 2025, request for leave to file a motion for leave to file its proposed Second Amended Complaint (the "Proposed SAC"), ECF 554.  The Government already moved to file a functionally equivalent amended complaint before the District of Puerto Rico and lost.  It insisted that court—*not* this Court—should decide its motion.  The court denied the motion as inappropriate "gamesmanship" and rejected the Government's request for reconsideration or certification of an interlocutory appeal.  Now, having lost in its chosen forum, the Government asks this Court to overturn the transferor court's findings and return to that court a set of allegations that it previously held should not be added to this case.  The Government should be held to the consequences of its choices; the District of Puerto Rico's rulings are law of the case and the Government's request here is an improper and untimely motion to reconsider them.  Even if this Court reaches the merits, however, the District of Puerto Rico got it right.

  **Procedural History**

  The Government filed this lawsuit on January 17, 2023, and certain defendants removed to the District of Puerto Rico on March 17, 2023.  D.P.R. ECF 1, 4.  During 18 months of remand-related proceedings, litigation on the merits continued in local courts.  In the interim, the JPML established this MDL, and recognized that it could not transfer this case because it had been remanded.  *See In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1373-74 n.3 (J.P.M.L. 2023).

  On October 18, 2024, the First Circuit ruled that this case properly had been removed to federal court.  *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024).  Shortly thereafter, the JPML conditionally transferred the case to this MDL.  JPML ECF 350.  The Government has been trying to evade this MDL ever since.

  The JPML issued a Conditional Transfer Order to this MDL on December 9, 2024.  *Id.*  The following week, the Government noticed an opposition to the CTO and sought leave in the district court to file a Proposed Second Amended Complaint purporting to expand the scope of its

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
May 15, 2025 — Page 2

claims in ways substantially similar to the Proposed SAC it seeks to file now.[1]  The Government then used the pendency of that motion as a basis to oppose transfer to the MDL.  The Government told the District of Puerto Rico that it should decide that motion (rather than this Court) because this Court could "significantly delay[] or fail[] to act" on its motion.  D.P.R. ECF 144-1 at 10.

The transferor court denied amendment and held that the Government had "not sufficiently justified the 2-year delay" in seeking leave to amend.  On examination of the record, the District of Puerto Rico found that the belated amendment would "materially alter the nature of this litigation" by "significantly expand[ing] the claims asserted" and that the effort was nothing more than "gamesmanship to escape MDL jurisdiction."  D.P.R. ECF 147.  The court observed that the Government "only sought to amend the complaint after an adverse decision from the First Circuit and after the case was conditionally transferred to the [MDL]," even though it was "on notice" of its broader claims for years.  *See id.*  The court held that amendment "would unduly prejudice Defendants by drastically expanding the scope of the litigation."  *See id.*  And, because amendment would allow the Government to avoid MDL transfer, the amendment would prejudice Defendants by "requiring [them] to litigate the claims related to insulin prices in 2 different forums."  *See id.*

Displeased with that ruling, the Government asked the District of Puerto Rico for "clarification" that it could file its proposed amendment as a new case or certify it for interlocutory appeal under Rule 54(b).  The transferor court denied that motion as well, reiterating that it had "denied leave to amend the complaint as untimely" and had not "adjudicate[d] or comment[ed] on the merits" of the claims.  D.P.R. ECF 163.  The court stated it had not issued a "final judgment" that could be certified under Rule 54(b).

Now the Government asks *this* court to undo the rulings it previously insisted had to be made by the transferor court.  If successful, the Government will have advanced "a broader range of claims," which it previously told the JPML would "vastly expand the number of involved parties and pricing practices" and be inappropriate for resolution in this MDL.  JPML ECF 359-1 at 1-2.  The Government attempts to set the stage for a motion to transfer "outside" the MDL—the precise "gamesmanship" the transferor court rejected the first time.

**Argument**

The Government's motion should be denied for three reasons.  *First*, the District of Puerto Rico's ruling is law of the case.  "Under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *In re Insulin Pricing Litig.*, 2024 WL 5252471, at *9 (D.N.J. Dec. 31, 2024).  The Third Circuit has squarely held that rulings by transferor courts remain law of the case following MDL transfer and must be given the same effect as in the original court.  *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 442 (3d Cir. 2009).  Thus, the Government must establish "extraordinary circumstances," such as that the prior ruling "was clearly erroneous and would make a manifest injustice," that "new evidence is available," or that "supervening new law has been announced."  *See id.* at 439.  The Government does not claim that its request is justified by

---

[1]  The prior proposed amendment is attached as Exhibit A.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
May 15, 2025 — Page 3

newly discovered evidence or any change in law, nor does it identify any manifest injustice.

The Government instead suggests (at 3) that the District of Puerto Rico's rulings were "preliminary or tentative." That is not credible. The transferor court conclusively held that the Government failed to carry its burden under Rule 15(a)(2) to amend its complaint to broaden its claims—just as it seeks to do now. There was nothing "preliminary or tentative" about that ruling; the transferor court "denied leave to amend the complaint as untimely," a defect that cannot be cured in a *later* motion. D.P.R. ECF 149. The Government's observation (at 3) that the amendment denial was not an "adjudication on the merits or a final judgment" only highlights that the ruling was based on the Government's delay and gamesmanship—and prejudice to Defendants—a plainly "conclusive" ruling on the issue the Government is trying to undo. And the court's holding that the denial was not a "final *judgment*" was simply a rejection of the Government's motion to certify an otherwise-interlocutory appeal under Rule 54(b), which only allows appeals of certain "final judgments."

*Second*, the Government's motion is an improper, second request for reconsideration—"an extremely limited procedural vehicle which is to be used sparingly." *Echols v. United States*, 2022 WL 16576489, at *1 (D.N.J. Nov. 1, 2022) (cleaned up). The Government's motion presents "[m]ere disagreement" with the transferor court's ruling, which "is not an appropriate basis" for reconsideration. *See id.* And the motion is untimely because the Government failed to move within the 14 days the local rules prescribe. *See* D.N.J. L. Civ. R. 7.1(i).

*Third*, the District of Puerto Rico was right to deny leave to amend. The court explained that the Government unduly delayed, failed to justify its untimeliness, and brought its motion for the improper purpose of jurisdictional "gamesmanship," while amendment would prejudice Defendants. D.P.R. ECF 147; *see, e.g.*, *StrikeForce Techs, Inc. v. PhoneFactor, Inc.*, 2015 WL 3793726, at *5 (D. Del. May 26, 2015); *United States v. Shaner*, 1992 WL 154575, at *4 (E.D. Pa. June 15, 1992). Eighteen months in, the District of Puerto Rico was best equipped to make that assessment.

The Government's claim (at 3) that MDL transfer has now "obviate[d]" the transferor court's concerns about "gamesmanship to escape MDL jurisdiction" is, again, not credible. The Government admits that if this Court were to allow amendment, it will seek to undo transfer and pursue its claims "outside the MDL." ECF 554 at 3. Even the Government's "alternative" that its non-insulin claims be stayed contemplates that those claims would be heard outside of this MDL after subsequent "transfer to the District of Puerto Rico." *Id.* In other words, the Government asks this Court to *assist* in the "gamesmanship" the transferor Court condemned.

Respectfully submitted,

*/s John D. Tortorella*
John D. Tortorella
*Counsel for Defendants CaremarkPCS Health, L.L.C. and Caremark Puerto Rico L.L.C.*

**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
May 15, 2025 — Page 4

/s Alexander Gazikas
Alexander Gazikas
Williams & Connolly LLP
*Counsel for Defendants CaremarkPCS Health, L.L.C. and Caremark Puerto Rico L.L.C.*

cc: Honorable Rukhsanah L. Singh, U.S.M.J.
All Counsel of Record