UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>CLASS ACTION TRACK | Case No. 2:23-cv-20932 (BRM)(RLS)<br><br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br><br>JUDGE RUKHSANAH L. SINGH |

**CLASS ACTION TRACK PLAINTIFFS'
RESPONSE BRIEF ON CONSTRUCTIVE NOTICE**

Defendants' arguments for a pre-2021 constructive notice date are without merit for three reasons. *First*, stitching together extraneous materials inappropriate for consideration at the pleading stage does not prove constructive notice or overcome Defendants' public denials and reassurances. *Second*, Defendants ignore fundamental differences between the 2021 Senate Report and the 2016 letter from Senator Sanders and Representative Cummings. *Third*, Defendants gloss over the marked differences between the claims brought here and in the 2017 consumer cases. In the end, Defendants do not come close to carrying their heavy burden of demonstrating that TPP Plaintiffs should be charged with constructive notice before the Senate Report was released in January 2021.

**I.  Defendants Rely on Extraneous Materials Improper for Consideration at the Pleading Stage, Ignore Their Public Denials and Reassurances, and Rehash Arguments Already Rejected by the Court**

All of TPP Plaintiffs' claims are indisputably timely. The Court's inquiry is limited to "the allegations contained in the complaint, exhibits attached to the complaint[,] matters of public record," and documents integral to or explicitly relied upon in the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249–50 (3d Cir. 2014). Ignoring this binding authority, Manufacturer Defendants' argument that the underlying facts were known "for years" rests almost entirely on snippets from

twelve years of news articles not mentioned in or relied on in Class Track Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC"). None of these articles are appropriate for consideration at this stage. *Id.* at 249–50 (finding the district court's reliance on affidavits, press releases, and updates to be improper).

The single article cited in the FAC and by Manufacturer Defendants in support of their "for years" argument demonstrates the futility of their position.[1] Among other things, the article notes that branded pharmaceutical companies often "shadow" each other's price increases, that the prices of two popular Insulin Drugs increased in tandem, that the prices of two popular multiple-sclerosis drugs were raised to catch up with the prices of newcomers, and that a former FTC policy director's stated that "if two companies act independently to follow each other's price increases, it's not an antitrust violation." The article also references Sanofi's statement that it "sets the price of its drugs independently," and Novo's statement that "Insulin price increases are a result of higher demand."[2] The article did not place TPP Plaintiffs on notice of the underlying facts.

Throughout their submissions, Defendants conveniently fail to acknowledge their own public misrepresentations, denials, and reassurances that obfuscated their unlawful behavior. PBM Defendants have repeatedly taken the position that Manufacturer Defendants are solely to blame for exorbitant Insulin Drug prices and that they are responsible for lowering the cost of Insulin Drugs (*see, e.g.,* FAC ¶¶ 48, 107, 231, 344), while Manufacturer Defendants have claimed that PBM Defendants' demands for rebates are to blame for high Insulin Drug prices (FAC ¶ 233). These misrepresentations, denials, and reassurances, among others, dissipated any purported "storm warnings." *See, e.g., In re RenovaCare, Inc. Sec. Litig.*, No. 2:21-cv-13766, 2024 WL

---

[1] *Hot Drugs Show Sharp Price Hikes in Shadow Market*, Bloomberg at 2, 3 (May 6, 2015).
[2] *Id.* at 10.

2815034, at *10 (D.N.J. June 3, 2024) (Martinotti, J.) ("Reassurances can dissipate apparent storm warnings.") (cleaned up); *In re Merck & Co., Inc. Secs., Derivatives & ERISA Litig.*, 543 F.3d 150, 169-72 (3d Cir. 2008) (ambiguous publications in the face of the defendant's denials insufficient to constitute storm warnings).

Even if one were to consider the improperly cited articles, Manufacturer Defendants are simply recycling an argument rejected by the Court in 2021. Before the MDL was created, Manufacturer Defendants argued that Plaintiffs Professional Drug Company, Inc. ("PDC") and FWK Holdings, LLC ("FWK") "had all the facts they needed to assert their claims more than a decade ago, including (1) public statements and reports . . . that disclosed the Manufacturer Defendants' rebate payments in connection with formulary placement and (2) articles and analyses . . . detailing the power and monetary benefits afforded to PBMs through the rebate payment process." *In re Direct Purchaser Insulin Pricing Litig.*, No. 3:20-cv-3426, 2021 WL 2886216, at *19 (D.N.J. July 9, 2021) (internal quotations and citations omitted). The Court rejected this argument, concluding that dismissal of PDC's and FWK's claims would be premature. *Id.* The same result is appropriate here.

II.     **Defendants Mischaracterize the 2016 Letter and the 2017 Consumer Case**

Defendants rely extensively on a four-page November 2016 letter (the "2016 Letter") in which Senator Sanders and Representative Cummings reference rising insulin prices, note their concern that "potential coordination" by "drugmakers" "may indicate possible collusion," and request an investigation.[3] The 2016 Letter does not mention PBM Defendants, much less the fact

---

[3] *See* November 3, 2016 Letter from Senator Bernard Sanders and Representative Elijah Cummings to Attorney General Lynch and the Honorable Edith Ramirez, at https://www.sanders.senate.gov/wp-content/uploads/sanders-cummings-letter-to-doj-ftc-on-insulin.pdf.

that these entities entrusted by TPP Plaintiffs to negotiate lower Insulin Drug prices, were colluding with Manufacturer Defendants to raise the list prices of Insulin Drugs to extract hundreds of millions (if not billions) of dollars in kickbacks and bribes for themselves. Notably, it was not until April 2019 that the Senate Finance Committee even sent letters to PBM Defendants requesting information about how their role in the insulin market impacted the price of Insulin Drugs. And it took the Senate *20 additional months* to complete its investigation and publish the Senate Report which, for the first time, shined a light on the facts underlying TPP Plaintiffs' claims. The 2016 Letter was plainly insufficient to constitute constructive notice.

Defendants mischaracterize the record in asserting that Plaintiffs PDC and FWK agreed to a November 2016 constructive notice date. In opposing a motion to dismiss filed in 2021, PDC and FWK argued that they could not have been aware of Defendants' misconduct until, *at the earliest*, November 2016. Because their initial complaint was filed within four years of the 2016 Letter, they had no incentive to argue for an actual constructive notice date. Such a tacit statement is neither binding on TPP Plaintiffs nor relevant to the issue at hand.

This litigation is also not a rehash of the 2017 consumer cases involving different plaintiffs, defendants (none of the PBMs or Aggregator Defendants are named in these cases), putative classes, claims, and legal theories. The filing of complaints in those cases was insufficient to put TPP Plaintiffs on constructive notice.

### III. Conclusion

For the reasons set forth above, in Class Track Plaintiffs' initial submission, and in Class Track Plaintiffs' response to Defendants' motions to dismiss, TPP Plaintiffs received constructive notice no earlier than January 14, 2021, when the Senate Report was published.

Dated: May 16, 2025                                Respectfully submitted,

/s/ Matthew F. Gately
Matthew F. Gately
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
250 Pehle Avenue Suite 401
Saddle Brook, NJ 07663
Tel: (201) 845-9600
mfg@njlawfirm.com

*Interim Liaison Counsel for the Class Action Track*

James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Joseph H. Meltzer
Melissa L. Yeates
Jonathan F. Neumann
Jordan E. Jacobson
Kye Kyung Park
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
jmeltzer@ktmc.com
myeates@ktmc.com
jneumann@ktmc.com
jjacobson@ktmc.com
apark@ktmc.com

Michael L. Roberts
Karen Halbert
Erich P. Schork
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave., Ste. 700
Dallas, TX 75204

Tel: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
erichschork@robertslawfirm.us

*Interim Co-Lead Counsel for the Class Track*

Dianne M. Nast
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
dnast@nastlaw.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095-0927
Tel: (662) 834-2488
dbarrett@barrettlawgroup.com

Joseph M. Vanek
**SPERLING KENNY NACHWALTER**
312 N. Clark Street, 25th Floor
Chicago, IL 60654
Tel: (312) 641-3200
jvanek@sperlingkenny.com

Steven L. Bloch
Krystyna Gancoss
**SILVER GOLUB & TEITELL LLP**
1 Landmark Square – 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com
kgancoss@sgtlaw.com

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
One Penn Center, Suite 1550
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

*Interim Steering Committee
for the Class Action Track*