

May 19, 2025

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

      Re:    *In re: Insulin Pricing Litigation*, MDL No. 3080
              Case No. 2:23-md-03080-BRM-RLS
              <u>Proposed Order Appointing Common Benefit Special Master</u>

Dear Judge Martinotti:

      Further to the parties' May 13, 2025 status conference with the Court, I write on behalf of Co-Lead Counsel for the Self-Funded Payer Track and State Attorney General Track to enclose a proposed order appointing the Honorable Rachelle L. Harz, J.S.C. (Ret.) as Common Benefit Special Master in this action

      The Self-Funded Payer and State Attorney General Tracks have not yet held their preliminary call with Judge Harz but are working to promptly provide her with the names and firm affiliations of counsel who may be performing common benefit work in this MDL so that she may file an affidavit in accordance with Rule 53(b)(3) attesting that, pursuant to 28 U.S.C. § 455, no grounds for her disqualification exist.

      The People of State of California object to the language in Paragraph 7 of the proposed order regarding *ex parte* communications involving the Special Master and set forth their position below:

> The People of the State of California contend that, to the extent ex parte communications occur between the Special Master and plaintiffs' counsel, the communications should not occur in the dark. Potentially affected parties should know if communications that affect their rights are being held outside of their presence. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 309 (3d Cir. 2004) (stating *ex parte* communications are the "anathema in our system of justice" in part because "*ex parte* meetings are often . . . unrecorded" and "[c]onsequently, there is no official record of what was said during those meetings.") (citation omitted). The People therefore propose a slightly modified version of Paragraph 7 on ex parte communications:

Hon. Brian R. Martinotti, U.S.D.J.
May 19, 2025
Page 2

"Absent further Order of the Court or agreement among all parties, the parties shall not engage in ex parte oral or written communications with the Special Master, except the Special Master and plaintiffs' counsel may engage in such communications regarding time and expense submissions. Where necessary, the existence of ex parte communications and their contents shall be noted and reasonably summarized (without disclosing confidential information) in the Special Masters' statement of time spent performing her duties. The Special Master shall be entitled to engage in ex parte communications with the Court."

Finally, although this proposed order does not apply to the Class Action Track (*see* ¶ 13), Co-Lead Counsel for the Class Action Track have indicated that they may have comments to certain language in the proposed order that affects their track and will provide those comments in short order.

If the enclosed proposed order meets with Your Honor's approval, we respectfully request that it be so Ordered and entered on the docket.

We thank the Court for its continuing attention to this matter.

Respectfully submitted,

*s/ David R. Buchanan*

David R. Buchanan

Enclosure

cc:   Honorable Rukhsanah L. Singh, U.S.M.J. (*via* ECF)
      Hon. Rachelle L. Harz, J.S.C. (ret.) (*via* email)
      Counsel of Record (*via* ECF)