# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-3080 (BRM)(RLS)**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO:** 2:25-CV-00465

**(SELF-FUNDED PAYERS TRACK)**

**MOTION FOR ENTRY OF ORDER TO SHOW CAUSE**

TO THE HONORABLE COURT:

**NOW COME** Defendants Eli Lilly And Company; Novo Nordisk Inc.; Sanofi-Aventis U.S. LLC; CVS Pharmacy, Inc.; Caremark Rx, LLC; Caremark LLC; CaremarkPCS Health, LLC; Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; and OptumRx, Inc. (collectively "Defendants"), through their undersigned attorneys, and respectfully submit this Motion for Entry of an Order to Show Cause pursuant to Case Management Order No. 14 ("CMO 14") ¶ 5(c)(i) (Dkt. 315). A proposed Order to Show Cause is attached hereto as **Exhibit A**.

Plaintiff SummaCare, Inc. ("SummaCare") failed to serve its executed Plaintiff Fact Sheet ("PFS") within the time required by CMO 14 or any agreed extension. Pursuant to CMO 14 ¶ 5(c)(i), Defendants move this Court to issue an Order to Show Cause why SummaCare's case should not be dismissed in its entirety.

## I.      BACKGROUND

This Court ordered "[e]ach Plaintiff in the Self-Funded Payer Track" to "complete and provide documents responsive to the PFS" by a specified deadline. CMO 14 ¶ 1(a). By requiring disclosure of each plaintiff's individual facts, the Court and the parties hoped to "mov[e] discovery … in an efficient manner" and "narrow[] the issues and/or cases for prioritization or further proceedings." ECF No. 291 at 2,

9. If a plaintiff fails to serve its PFS response by the required deadline, the Court stated that Defendants may serve a Notice of Failure to Serve and, after 14 days, move for an Order to Show Cause. *Id.* ¶ 5(c)(i). If a plaintiff still fails to serve the PFS by the deadline under that Order, its complaint shall be dismissed. *Id.* ¶ 5(c)(ii).

SummaCare filed suit on January 14, 2025. Pursuant to CMO 14, SummaCare was required to serve an executed PFS no later than March 17, 2025. It did not serve its PFS responses, produce any documents, or request any extension by that deadline. Accordingly, Defendants served a Notice of Failure to Serve pursuant to CMO 14 ¶ 5(b)(i) on March 18, 2025. *See* Ex. B. The Notice was served via email to Plaintiffs' attorney of record, Mr. David Grossman, with a courtesy copy to the Co-Lead Counsel's designees, David Buchanan of Seeger Weiss; Mark Pifko of Baron Budd; Brandon Bogle of Levin Papantonio; and Benjamin Widlanski of Kozyak Tropin & Throckmorton. *Id.*

On April 17, 2025—an entire month after SummaCare's missed PFS deadline and Defendants' Notice of same—SummaCare's counsel emailed Defendants, seeking to extend its PFS deadline until May 13, 2025. *See* Ex. C. Defendants responded the following day, declining to consent to the belated request, and explaining that an extension was particularly unwarranted because SummaCare's insulin pricing-related claims had already been dismissed with prejudice in *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC,* No. 3:18-cv-02211

2

(D.N.J.). *See* Ex. D. Before its dismissal with prejudice in September 2024, *MSP* was coordinated with this MDL, *see* ECF 34 (CMO 3) at 1, 6, because both alleged the same "scheme between insulin manufacturers and pharmacy benefit managers ('PBMs') to artificially and fraudulently inflate the price of insulin and other diabetes medication." ECF 5 (CMO 1) at 3; No. 3:18-cv-02211, ECF 445 (*MSP* order of dismissal with prejudice as to "all claims. . .that were or could have been asserted. . .related to the allegations in this lawsuit").

On April 20, 2025, Mr. Grossman shared that he was unaware of *MSP*, and promised to speak with SummaCare and provide a full response the following day. *See* Ex. E. Defendants did not receive this full response. Between April 20, 2025 and May 2, 2025, Defendants exchanged multiple emails with Mr. Grossman, urging him to confer with his client rather than requesting SummaCare-related documents from Defendants. *See* Ex. F. To provide additional time for Mr. Grossman to confer with SummaCare, Defendants agreed to wait until after May 13, 2025 before seeking relief from the Court in accordance with Case Management Order #14. *See* Ex. G.

SummaCare's counsel emailed Defendants on May 13, 2025, declining to dismiss its complaint, and requesting another 2-week extension for submission of its PFS. *See* Ex. H. Two days later, Mr. Grossman repeated his request for the 2-week extension due to a death in his family. *See* Ex. I. In light of these circumstances, Defendants granted his request and extended SummaCare's PFS deadline to May

27. *See* Ex. J.  SummaCare did not submit a PFS on May 27 or request an additional extension.

It has now been nearly three months since SummaCare was required to submit a complete PFS, and over a week past the extended May 27 deadline.  SummaCare's flagrant disregard for its original and extended deadline leads Defendants to bring this motion.

## II.    ARGUMENT

Pursuant to CMO 14 ¶ 5(c), Defendants request the Court issue an Order to Show Cause requiring SummaCare to serve a completed PFS within 14 days. A prompt Order setting a 14-day deadline is particularly warranted here, given SummaCare's delay, its litigation history, and its persistent lack of diligence. SummaCare entirely missed its PFS deadline, has produced no documents, and waited an entire month after the deadline before seeking an extension. SummaCare's neglect is further highlighted by its failure to conduct an adequate pre-suit investigation into the dismissed *MSP* claims it again attempts to bring here.

SummaCare's lack of diligence in serving a complete PFS, producing *any* documents, and conducting a  pre-suit investigation, should not be rewarded. SummaCare has violated the Court's order by failing to submit a PFS or request an extension by its already extended deadline, and that alone is cause for SummaCare to be dismissed. Thus, Defendants respectfully ask the Court to enforce CMO 14 by

requiring SummaCare to promptly serve an executed and substantially complete PFS and produce the attendant documents within 14 days, or have its complaint dismissed. *See* CMO 14 ¶ 5(c)(i).

## III.    CONCLUSION

Pursuant to CMO 14, Defendants respectfully request that the Court enter an Order to Show Cause as to SummaCare with a 14-day deadline.

Dated:   June 5, 2025

Respectfully submitted,

/s/ Brian W. Carroll

**McCARTER & ENGLISH, LLP**
Brian W. Carroll
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2020

/s/ Liza M. Walsh

**WALSH PIZZI O'REILLY FALANGA LLP**
Liza M. Walsh
Katelyn O'Reilly
Three Gateway Center
100 Mulberry St., 15th floor
Newark, NJ 07102
(973) 757-1100

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Ave.
New York, NY 10017
(212) 450-4000

**JONES DAY**
Michael R. Shumaker (*pro hac vice*)
Julie E. McEvoy (*pro hac vice*)
William D. Coglianese (*pro hac vice*)
Melissa Lim Patterson (*pro hac vice*)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939

**DAVIS POLK & WARDWELL LLP**
Neal A. Potischman (*pro hac vice*)
Andrew Yaphe (*pro hac vice*)
900 Middlefield Road
Redwood City, CA 94063
(650) 752-2000

*Attorneys for Defendant Novo Nordisk Inc.*

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

*/s/ Melissa A. Geist*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Andrew A. Kassof (*pro hac vice*)
Robert B. Ellis (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant Eli Lilly and Company*

7

*/s/ Brian Boone*
**O'TOOLE SCRIVO, LLC**
Thomas P. Scrivo
Young Yu
14 Village Park Road
Cedar Grove, NJ 07009
T: (973) 239-5700

**ALSTON & BIRD LLP**
Brian D. Boone
1120 S. Tyron St., Ste. 300
Charlotte, NC 28203
T: (704) 444-1000
brian.boone@alston.com

**ALSTON & BIRD LLP**
Elizabeth Broadway Brown
1201 W. Peachtree St. NW, Ste. 4900
Atlanta, GA 30309
T: (404) 881-7000
liz.brown@alston.com

**ALSTON & BIRD LLP**
Kelley Connolly Barnaby
950 F. Street, NW
Washington, D.C. 20004
T: (202) 239-3300
kelley.barnaby@alston.com

*Attorneys for Defendant OptumRx, Inc.*

*/s/ Jason R. Scherr*
**MORGAN, LEWIS & BOCKIUS LLP**
Jason R. Scherr
Elise M. Attridge
Lindsey T. Levy
1111 Pennsylvania Avenue, NW
Washington, DC 20004
jr.scherr@morganlewis.com
elise.attridge@morganlewis.com
lindsey.levy@morganlewis.com
Tel: (202) 739-3000

*Attorneys for Defendants Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; and Medco Health Solutions, Inc.*

8

*/s/ Benjamin Hazelwood*
**MARINO, TORTORELLA & BOYLE,
P.C.**
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, New Jersey 07928
T: (973) 824-9300
F: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

**WILLIAMS & CONNOLLY LLP**
Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
680 Maine Avenue, S.W.
Washington, D.C. 20024
T: (202) 434-5000
F: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
bhazelwood@wc.com
ddockery@wc.com

*Attorneys for Defendants CVS Pharmacy,
Inc.; Caremark Rx, LLC; Caremark LLC;
CaremarkPCS Health, LLC; and
Caremark, LLC*