| | |
|---|---|
| Liza M. Walsh | Michael R. Shumaker (*pro hac vice*) |
| Katelyn O'Reilly | Julia E. McEvoy (*pro hac vice*) |
| WALSH PIZZI O'REILLY FALANGA LLP | William D. Coglianese (*pro hac vice*) |
| Three Gateway Center | Melissa Lim Patterson (*pro hac vice*) |
| 100 Mulberry Street, 15th Floor | JONES DAY |
| Newark, N.J. 07102 | 51 Louisiana Avenue, N.W. |
| (973) 757-1100 | Washington, D.C. 20001 |
| | (202) 879-3939 |

*Attorneys for Defendant*
*Sanofi-Aventis U.S. LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-3080 (BRM)(RLS)<br>MDL No. 3080<br><br>**DECLARATION OF**<br>**LIZA M. WALSH IN SUPPORT OF**<br>**MOTION TO SEAL**<br><br>*Electronically Filed* |

I, Liza M. Walsh, do hereby declare as follows:

1. I am an attorney at law admitted to practice in the State of New Jersey and before this Court. I am a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP who, alongside Jones Day, represents Defendant Sanofi-Aventis U.S. LLC ("Sanofi") in connection with the above-captioned action. I am familiar with the facts set forth herein as well as the categories and types of information that Sanofi keeps confidential. I am also familiar with the harm Sanofi would sustain if its confidential information were to become public. I have personal knowledge of the facts set forth in this declaration.

2. I submit this Declaration in support of Sanofi's Motion to Seal Exhibit 5 to the May 21, 2025 Letter from Plaintiffs re: Discovery Dispute with Emisar Pharma Servs. LLC.

1

(ECF No. 577-5).

3. In support of the motion, an Index has been prepared identifying the foregoing document (referred to herein as "Confidential Materials") Sanofi seeks to maintain under seal, and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; and (e) the identity of any party or nonparty known to be objecting to the sealing request. The Index is submitted concurrently herewith as Exhibit 1.

4. The Confidential Materials Sanofi seeks to seal contain and/or reflect information that Sanofi designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order entered by this Court on March 24, 2024 (ECF No. 117) ("CO").

5. In particular, the Confidential Materials contain or refer to Sanofi's sales, pricing, rebates, and negotiation strategies, as well as other competitively and commercially sensitive financial information. Disclosure of this information would provide competitors with access to information about Sanofi's practices to which they are not entitled and which they could use to Sanofi's detriment.

6. There is a substantial public interest in ensuring that non-public information relating to Sanofi's competitively sensitive and propriety business information remain confidential and will not become public at a later date.

7. Sanofi would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the CO. Competitors would improperly and

unfairly benefit from the disclosure of Sanofi's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Sanofi to lose its competitive advantage in the highly competitive pharmaceutical marketplace.

8. There is no less restrictive alternative other than sealing the Confidential Materials, as set forth in the Index submitted concurrently herewith. Sanofi's request is narrowly tailored to seal only its Highly Confidential information. This is the least restrictive alternative available to protect Sanofi's non-public confidential information.

I declare that the foregoing statements made by me are true and correct to the best of my knowledge. I am aware that if any of the foregoing statements by me are willingly false, that I am subject to punishment.

Dated: June 20, 2025

*s/Liza M. Walsh*
Liza M. Walsh