UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **CASE NO. 2:23-MD-03080**<br>**MDL NO. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH**<br><br>*Document Electronically Filed* |

**THIS DOCUMENT RELATES TO:**
ALL TRACKS

### [PROPOSED] ORDER GRANTING JOINT MOTION TO SEAL INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER having come before the Court on Emisar Pharma Services LLC, Novo Nordisk Inc., Sanofi-Aventis U.S. LLC, and Eli Lilly and Company's (the "Moving Defendants") Joint Motion to Seal (the "Sealing Motion"), pursuant to Local Civil Rules 5.3(c) and 7.1, for an order sealing confidential and proprietary business information contained in (i) Plaintiffs' Letter Regarding a Discovery Dispute with Emisar, filed May 21, 2025 [ECF No. 577]; (ii) Exhibits 3, 5, 6, 7, 8, 9, 10, 12, 13, and 14, filed May 21, 2025 [ECF Nos. 577-3, 577-5, 577-6, 577-7, 577-8, 577-9, 577-10, 577-12, 577-13, and 577-14]; and (iii) Emisar's Response to Plaintiffs' Letter, filed May 29, 2025 [ECF No. 590] (the "Confidential Materials"), and this Court having fully considered the Declaration of Liz Broadway Brown

1

("Brown Declaration"), the Declaration of Liza M. Walsh ("Walsh Declaration"), the Declaration of Sam Rose ("Rose Declaration"), the Declaration of Andrew Yaphe ("Yaphe Declaration") in support of the Motion to Seal (together, the "Supp. Decls."), including the Index required by Local Civil Rule 5.3(c)(3) ("Ex. 1"), the other Exhibits thereto, and any submissions in further support thereof, as well as the record before it, the Court makes the following findings and conclusions:

## I. The Nature of the Materials at Issue

### A. Findings of Fact

1. Certain Confidential Materials that the Moving Defendants seek to seal contain, refer to, or reflect nonpublic, proprietary, and competitively and commercially sensitive financial and business information, including negotiation strategies, pricing information, Sanofi's sales, pricing, and rebate data, as well as other competitively and commercially sensitive financial information, and Emisar's contracts with OptumRx, Inc., Novo Nordisk Pharma, Inc., Eli Lilly and Company, and Sanofi-Aventis U.S. LLC. *See* Brown Decl. Ex. 2; Walsh Decl.; Ex. 1.

2. Other Confidential Materials include personally identifiable information ("PII"), including individual employees' mobile phone numbers. *See* Rose Decl.; Yaphe Decl.; Brown Decl. Ex. 2; Ex. 1.

3. The Confidential Materials have not been the subject of any prior sealing orders in this action and there are no known parties or non-parties that object to the requested sealing.

B. **Conclusions of Law**

4. This Court has the power to seal where confidential information may be disclosed to the public. Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing.").

5. This Court also has the power to protect materials containing PII, including phone numbers. *See, e.g.*, *Casey v. Unitek Glob. Servs.*, 2015 WL 539623, at \*9 (E.D. Pa. Feb. 9, 2015) (permitting redaction of phone numbers); *Chapman v. Inspira Health Network, Inc.*, 2020 U.S. Dist. LEXIS 176584, at \*35 (D.N.J. Sep. 25, 2020) (granting motion to seal documents with PII).

II. **The Legitimate Private or Public Interest Which Warrants the Relief Sought**

A. **Findings of Fact**

6. The Moving Defendants would suffer a clearly defined, substantial and specific harm, including but not limited to financial damage, damage to business

relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed. Competitors would improperly and unfairly benefit from the disclosure of non-public business information and would likely use the confidential information to enhance their market or negotiation position and harm the Moving Defendants' competitive standing in the marketplace. *See* Brown Decl. Ex. 2; Walsh Decl.; Ex. 1. In addition, the individual employees whose PII is included in the Confidential Materials would suffer irreparable harm were their private information publicly disclosed and have a legitimate private interest in maintaining the protection of that information. *See* Rose Decl.; Yaphe Decl.; Brown Decl. Ex. 2; Ex. 1.

7. The Moving Defendants have a continuing interest to ensure that their confidential and proprietary information remains protected from public disclosure. If this information were disclosed, their competitors could and would likely use that information in the highly competitive pharmaceutical marketplace. *See* Brown Decl. Ex. 2; Walsh Decl.; Ex. 1.

**B.    Conclusions of Law**

8. Courts in this District have held that trade secrets and confidential business information may be sealed and restricted from public disclosure. "A well-settled exception to the right of access is the protection of a party's interest in

confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted); *see Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3–4 (D.N.J. Jan. 3, 2012) (permitting sealing of commercially sensitive and proprietary non-public business information and confidential financial information).

9. There are also substantial public and private interests in maintaining the confidentiality of agreements that parties enter into on a confidential basis. *See Sabinsa Corp. v. Herbakraft, Inc.*, 2017 WL 3331773, at *1–2 (D.N.J. Aug. 4, 2017) (sealing portions of briefs referencing provisions from confidential agreement); *see also Bank of Hope v. Chon*, 2020 WL 2793124, at *2 (D.N.J. May 29, 2020) ("The Movants have a legitimate private interest in the enforcement of the confidentiality term to which they agreed[.]"). Private parties would be less willing to engage in sensitive transactions if they could not maintain agreements as confidential.

10. Courts in this District have also recognized private interests in protecting PII. *See Casey*, 2015 WL 539623, at *9; *Chapman*, 2020 U.S. Dist. LEXIS 176584 at *35.

**III. The Clearly Defined and Serious Injury That Would Result if the Relief Sought Is Not Granted**

    **A.    Findings of Fact**

11.    Disclosure of the Confidential Materials poses a substantial risk of harm to the Moving Defendants' legitimate proprietary interests and competitive positions. *See* Brown Decl. Ex. 2; Walsh Decl.; Ex. 1.

12.    Disclosure of the Confidential Materials would permit the Moving Defendants' competitors to know their confidential and proprietary business information, which would allow those competitors to undercut the Moving Defendants' ongoing business relationships or otherwise unfairly enhance their own competitive position. Disclosure accordingly would damage the Moving Defendants' commercial standing and cause them to suffer irreparable harm.

13.    Disclosure of the individual employees' PII would also result in irreparable harm to legitimate private interest in protecting their information. *See* Rose Decl.; Yaphe Decl.; Brown Decl. Ex. 2; Ex. 1.

    **B.    Conclusions of Law**

14.    This Court has discretion to balance the facts for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

15.    Protection of a party's interest in confidential information, such as a trade secret, confidential business information, or PII, is a sufficient threat of

irreparable harm, and is a clearly defined and serious injury. *See, e.g.*, *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."); *see also Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 2020 WL 11028382, at *2 (D.N.J. June 9, 2020) (sealing "commercially sensitive information" where the "parties may suffer serious injury if a competitor reads the information"); *Chapman*, 2020 U.S. Dist. LEXIS 176584 at *35 (recognizing "clearly defined and serious injury that would result" if PII was not sealed).

16.  Courts within the Third Circuit also have specifically rejected the idea that "documents over a certain age are automatically to be treated as 'stale.'" *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 2013 WL 12141532, at *9 (W.D. Pa. Sept. 16, 2013). If disclosure would result in harm to the moving party, courts have permitted sealing of information that predates the litigation by many years. *See id.* at *12, *18, *24, *30 (sealing materials dating back over a decade).

**IV.   A Less Restrictive Alternative to the Relief Sought is Not Available**

   **A.   Findings of Fact**

17.  Once confidential information is disclosed to the public, it is typically impossible to ever again be maintained as private.

18. The Moving Defendants' request to seal the Confidential Materials is narrowly tailored to the specific confidential and proprietary information identified in the Index. *See* Supp. Decls.; Ex. 1. Additionally, redacted versions of the Confidential Materials have been filed concurrently with the Motion to Seal. *See* Brown Decl Exs. 3, 4, 7, and 10; Rose Decl. Ex. 9; Yaphe Decl. Ex. 8.

19. The disclosure of the Confidential Materials would pose a financial and competitive risk to the Moving Defendants. Accordingly, the only way to protect this interest is to seal the identified portions of the Confidential Materials.

**B.     Conclusions of Law**

20. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must show that no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

21. The sealing of confidential materials is an accepted practice in this District. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 669.

**THEREFORE**, having found that the Moving Defendants have complied with Local Civil Rule 5.3, it is on this ___ day of _____, 2025,

**ORDERED THAT** the Sealing Motion be and hereby is granted in its entirety; and

**IT IS FURTHER ORDERED** that the as-filed unredacted versions of the Confidential Materials [ECF Nos. 577, 577-3, 577-5, 577-6, 577-7, 577-8, 577-9, 577-10, 577-12, 577-13, 577-14, and 590] shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law.

_____
HONORABLE RUKHSANAH L. SINGH
United States Magistrate Judge
