## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-3080 (BRM)(RLS)** <br> **MDL No. 3080** <br><br> JUDGE BRIAN R. MARTINOTTI <br> JUDGE RUKHSANAH L. SINGH |

**THIS DOCUMENT RELATES TO: 2:25-cv-01845**

## <u>MANUFACTURERS' MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT OF PUERTO RICO'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>

(Counsel listed on next page.)

**MᴄCᴀʀᴛᴇʀ & Eɴɢʟɪsʜ, LLP**
Brian W. Carroll
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2020

**Dᴀᴠɪs Pᴏʟᴋ & Wᴀʀᴅᴡᴇʟʟ LLP**
James P. Rouhandeh (pro hac vice)
David B. Toscano (pro hac vice)
450 Lexington Ave.
New York, NY 10017
(212) 450-4000

**Dᴀᴠɪs Pᴏʟᴋ & Wᴀʀᴅᴡᴇʟʟ LLP**
Neal A. Potischman (pro hac vice)
Andrew Yaphe (pro hac vice)
900 Middlefield Road
Redwood City, CA 94063
(650) 752-2000

*Attorneys for Defendant Novo Nordisk Inc.*

**Wᴀʟsʜ Pɪᴢᴢɪ O'Rᴇɪʟʟʏ Fᴀʟᴀɴɢᴀ LLP**
Liza M. Walsh
Katelyn O'Reilly
Selina M. Ellis
Lauren R. Malakoff
Three Gateway Center
100 Mulberry St., 15th floor
Newark, NJ 07102
(973) 757-1100

**Jᴏɴᴇs Dᴀʏ**
Michael R. Shumaker (pro hac vice)
Julie E. McEvoy (pro hac vice)
William D. Coglianese (pro hac vice)
Melissa L. Patterson (pro hac vice)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978

**KIRKLAND & ELLIS LLP**
James F. Hurst (pro hac vice)
Diana M. Watral (pro hac vice)
Ryan Moorman (pro hac vice)
Jason A. Feld (pro hac vice)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant Eli Lilly and Company*

## <u>TABLE OF CONTENTS</u>

BACKGROUND .................................................................................................2

    I.    THE INSULIN PRICING MDL ................................................2

    II.    PUERTO RICO'S ACTION ................................................3

ARGUMENT ...................................................................................................7

    I.    PUERTO RICO'S PROPOSED AMENDMENT HAS ALREADY BEEN REJECTED. ..............................................7

    II.    THE FACT THAT PUERTO RICO'S NON-INSULIN CLAIMS HAVE NO PLACE IN THIS MDL SUPPORTS DENYING THE AMENDMENT. ..............................................11

    III.    THE PUERTO RICO DISTRICT COURT PROPERLY REJECTED PUERTO RICO'S PROPOSED AMENDMENT ..............................13

CONCLUSION ...............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA Fin. Guar. Corp. v. Advest, Inc.*,
  512 F.3d 46 (1st Cir. 2008)................................................................13

*In re AmeriServe Food Distrib., Inc.*,
  315 B.R. 24 (Bankr. D. Del. 2004).......................................................8

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
  965 F. Supp. 2d 612 (E.D. Pa. 2013).....................................................7

*Bierley v. Shimek*,
  153 F. App'x 87 (3d Cir. 2005) ............................................................9

*Bouie v. Equistar Chemicals LP*,
  188 F. App'x 233 (5th Cir. 2006) .......................................................10

*In re Citigroup Inc. Sec. Litig.*,
  987 F. Supp. 2d 377 (S.D.N.Y. 2013) .................................................12

*In re City of Philadelphia Litig.*,
  158 F.3d 711 (3d Cir. 1998) .................................................................9

*Dalton v. 3M Co.*,
  2013 WL 4886658 (D. Del. Sept. 12, 2013).........................................9

*Diaz v. Ameriquest Mortg. Co.*,
  2014 WL 26265 (N.D. Ill. Jan. 2, 2014)............................................10

*Echols v. United States*,
  2022 WL 16576489 (D.N.J. Nov. 1, 2022) ..........................................9

*Edwards v. New Jersey*,
  2019 WL 6606813 (D.N.J. Dec. 4, 2019).........................................1, 9

*In re Exxon Mobil Corp. Sec. Litig.*,
  387 F. Supp. 2d 407 (D.N.J. 2005)......................................................16

*Giant Grp., Ltd. v. Sands*,
  142 F. Supp. 2d 503 (S.D.N.Y. 2001) ................................................16

ii

*Gov't of Puerto Rico v. Express Scripts, Inc.*,
119 F.4th 174 (1st Cir. 2024)..................................................................4

*Greco v. Grewal*
2020 WL 7334194 (D.N.J. Dec. 11, 2020)............................................9

*Hawai'i v. CaremarkPCS Health, L.L.C.*,
No. 1:23-cv-464 (D. Haw. Nov. 17, 2023),............................................7

*Hernandez v. DMSI Staffing, LLC*,
79 F. Supp. 3d 1054 (N.D. Cal. 2015)..................................................10

*In re Insulin Pricing Litig.*,
688 F. Supp. 3d 1372 (J.P.M.L. 2023) ..........................................*passim*

*In re Jamster Mktg. Litig.*,
2008 WL 4482307 (S.D. Cal. Sept. 29, 2008)......................................11

*Jang v. Bos. Sci. Scimed, Inc.*,
729 F.3d 357 (3d Cir. 2013) .................................................................14

*Kasey v. Johnson & Johnson*,
2022 WL 17730930 (D.N.J. Aug. 12, 2022) ........................................11

*The State of Mississippi, Ex Rel. Lynn Fitch Attorney General v. Eli
Lilly and Company et al*,
No. 25CH1:21-cv-00738 (Miss. Ch. June 7, 2021)..............................14

*In re NAHC, Inc. Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002) ..............................................................16

*O'Rear v. Diaz*,
2025 WL 835018 (S.D.N.Y. Mar. 14, 2025)........................................11

*Parker v. Exterior Restorations,*
601 F. Supp. 3d 1221 (S.D. Ala. 2022) ...............................................10

*In re Pharmacy Benefit Managers Antitrust Litig.*,
582 F.3d 432 (3d Cir. 2009) ............................................................7, 8

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025)........................................................................10, 11

*VTX Commc'ns, LLC v. AT&T Inc.*,
    2020 WL 918670 (S.D. Tex. Feb. 26, 2020) ......................................................10

*In re Zyprexa Prods. Liab. Litig.*,
    2004 WL 2812095 (E.D.N.Y. Dec. 3, 2004) ......................................................12

**Statutes**

28 U.S.C. § 1407 ........................................................................................................4, 11

**Rules**

Rules of Procedure of the United States Judicial Panel on Multidistrict
    Litigation, Rule 10.1(b) ......................................................................................12

After Puerto Rico's case was conditionally transferred to this MDL, but before the transfer was effective, Puerto Rico filed a motion in the U.S. District Court for the District of Puerto Rico to amend its complaint. The Puerto Rico District Court denied that motion on several grounds, including that Puerto Rico had "not sufficiently justified the 2-year delay in seeking to add the additional claims" and that its new allegations would "materially alter the nature of this litigation" by "drastically expanding the scope of the litigation" (including by broadening their allegations beyond their insulin products and to implicate *all* branded pharmaceuticals). *Puerto Rico v. Eli Lilly and Company* ("*Puerto Rico*"), No. 3:23-cv-1127, ECF 147. Now that Puerto Rico's case has been transferred, Puerto Rico seeks a do-over. The Court should reject that attempt for multiple reasons.

The Puerto Rico District Court's decision is law of the case that binds this Court—even after the case's transfer to the MDL. This Court can only overturn that decision in extraordinary circumstances, and "[d]isagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance." *Edwards v. New Jersey*, 2019 WL 6606813, at *2 (D.N.J. Dec. 4, 2019). Moreover, the JPML has already found that claims regarding all branded products, like those in Puerto Rico's proposed amendment, do not belong in this MDL. And the Puerto Rico District Court has already found that Puerto Rico's non-insulin claims do not belong as part of this case. Allowing Puerto Rico to now add

1

such claims would thus require this Court to suggest that the JPML sever and remand any non-diabetes claims to the Puerto Rico District Court, even though it already has rejected them. That result further underscores the inappropriateness of Puerto Rico's successive request for amendment now.

The Puerto Rico Court's decision was also correct: Puerto Rico could have asserted these allegations years ago, and its unexcused delay alone warrants denial of the motion. Puerto Rico offers nothing that explains its delay here.

## BACKGROUND

### I. THE INSULIN PRICING MDL

In August 2023, the JPML created this MDL to oversee actions alleging a "scheme" between "insulin manufacturers and pharmacy benefit managers" to "inflate the price of insulin." *In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1373 (J.P.M.L. 2023). The JPML concluded that an "alleged conspiracy to fraudulently raise insulin prices is at the heart of all actions," and centralized various actions for pretrial purposes. *Id.* at 1374-76.

Since then, the JPML has been clear that this MDL does not extend beyond diabetes medications. In November 2023, the State of Hawai'i filed suit against pharmacy benefit managers ("PBMs") alleging a scheme to inflate the list prices for *all* brand-name prescription medications, not just diabetes medications. The JPML refused to transfer the Hawai'i action to this MDL, concluding that the Hawai'i

2

action "involves fundamentally different factual questions about pricing across the **entire brand-name** prescription **drug industry**, rather than being limited to diabetes drugs," and that the "record does not support such an expansion of the MDL." Order Denying Transfer at 2, MDL 3080, ECF 259 ("Hawai'i Order") (emphasis added).

Consistent with these orders, every case currently pending in the MDL is limited to allegations that "insulin manufacturers negotiate with and pay secret rebates to PBMs" to ensure their insulin medications are included on the PBMs' formularies. *In re Insulin Pricing Litig.*, 688 F. Supp. 3d at 1376; *see, e.g.*, Compl. ¶ 164, *Local 837 Health & Welfare Plan v. Eli Lilly & Co.*, No. 2:23-cv-20932 (D.N.J. Oct. 5, 2023), ECF 1. Plaintiffs assert these claims against three insulin manufacturers (Eli Lilly, Novo Nordisk Inc., and Sanofi-Aventis) and three PBMs (CVS Caremark, Express Scripts, and Optum Rx). Some plaintiffs have also included allegations related to another type of diabetes medication called glucagon-like peptide receptor agonists ("GLP-1s") and named as defendants three rebate aggregators (Zinc, Ascent, and Emisar)—entities which enter into rebate agreements with pharmaceutical manufacturers on behalf of pharmacy benefit managers.

## II.    PUERTO RICO'S ACTION

In January 2023, Puerto Rico filed an action in the Puerto Rico Court of First Instance, alleging in its complaint that Defendants "unlawful[ly] … market[ed] and s[old] … insulin products to the residents of Puerto Rico" and "artificially inflat[ed]

the cost of insulin products." *Puerto Rico*, No. 3:23-cv-1127 (D.P.R. Mar. 17, 2023), ECF 1-1 at 1 ("Puerto Rico Operative Complaint"). Express Scripts and CVS Caremark removed the case to federal court in March 2023, *id.*, ECF 1, 4, and Puerto Rico moved to remand the case back to Puerto Rico Superior Court, *id.* ECF 74. While its motion for remand was pending, Puerto Rico "oppose[d] both the creation of [an MDL] for law enforcement actions relating to insulin pricing and the transfer of the Government's action into the MDL." MDL No. 3080, ECF 69 at 1. On July 13, 2023, the Puerto Rico District Court granted Puerto Rico's motion to remand, and Express Scripts and CVS Caremark appealed the decision. *Puerto Rico*, No. 3:23-cv-1127 (D.P.R. July 13, 2023), ECF 103 (Order), 104, 106 (Notices of Appeal). In October 2024, the First Circuit ruled that Puerto Rico's remand was improper, and that the case should remain in federal court. *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024) (reversing remand order).

Following that decision, CVS Caremark filed a notice to transfer Puerto Rico's case to this MDL. *See* Notice of Potential Tag-Along, MDL No. 3080, ECF 345. Because Puerto Rico's complaint alleged "increased prices and reduced access to ***insulin*** products," the JPML Clerk determined that the case "involve[d] questions of fact that [were] common to the actions previously transferred to" this *Insulin Pricing* MDL and issued an order conditionally transferring the action under 28 U.S.C. § 1407. Puerto Rico Operative Complaint ¶ 23 (emphasis added); MDL No.

4

3080, ECF 350 ("CTO-21"). On December 16, 2024, Puerto Rico noticed its opposition to CTO-21, which temporarily stayed CTO-21 from taking effect. MDL No. 3080, ECF 354. During that stay, Puerto Rico's action remained pending in the District of Puerto Rico.

Four days into that stay, Puerto Rico moved the Puerto Rico District Court for leave to amend the Operative Complaint. *Puerto Rico*, No. 3:23-cv-1127 (D.P.R. Dec. 20, 2024), ECF 127 (Motion), 127-1 ("Puerto Rico Amended Complaint"). The proposed amendment **dismissed** the insulin manufacturers as defendants and broadened the allegations against PBMs to cover **all** branded prescription medicines. *Id.* The Puerto Rico Amended Complaint against the PBMs challenged conduct related to more than a thousand medications used to treat a variety of "chronic conditions—including insulin, antidepressants, antipsychotics, and antiarrhythmics," as well as "Chronic Lymphocytic Leukemia," "rheumatoid arthritis," "cancer, HIV, and autoimmune disorders." *Id.* ¶¶ 81, 88, 102, 143. These changes aligned Puerto Rico's case with the Hawai'i PBM-only suit involving all branded medicines. And in fact, the same counsel represents both governments.

On January 27, 2025, the Puerto Rico District Court denied Puerto Rico's motion for leave to amend, reasoning that Puerto Rico did not "justify[] the 2-year delay in seeking to add the additional claims" and that its timing "suggest[ed] that Plaintiff [was] engaging in gamesmanship to escape MDL jurisdiction." *Puerto*

*Rico*, No. 3:23-cv-1127, ECF 147. The Puerto Rico District Court also held that amendment would "unduly prejudice Defendants by drastically expanding the scope of the litigation" after two years. *Id.* As a result of the denial, Puerto Rico's Operative Complaint retains the manufacturers as defendants and is limited to insulin pricing. The JPML subsequently lifted the conditional transfer stay, and the case was transferred into the MDL. MDL No. 3080, ECF 411.

On June 6, 2025, Puerto Rico again moved to amend the Operative Complaint. ECF 605 (Motion), 605-1 (Brief), 605-2 (Second Amended Complaint). The amendment (the "Puerto Rico SAC") proposes to add the rebate aggregators as defendants and expand Puerto Rico's claims to GLP-1 medications against all Defendants. *See, e.g.*, 605-1 at 4; Puerto Rico SAC ¶¶ 32, 38, 43, 97. Against the PBMs, Puerto Rico again seeks to add claims involving all branded medicines—copying word-for-word the language from the (a) proposed Amended Complaint that the Puerto Rico District Court rejected; and (b) the same Hawai'i complaint that the JPML held should not be part of this MDL. *Compare* Puerto Rico SAC ¶ 14 ("Government's claims are not limited to insulin or other diabetes medications, but rather are based on" alleged "larger unfair and deceptive acts and practices" that "increase prices [and] reduce access to brand-name prescription drugs" of all kinds), *with* Puerto Rico Amended Complaint ¶ 13 ("Government's claims are not limited to insulin or other diabetes medications, but rather are based on" alleged "larger

unfair and deceptive acts and practices" that "increase prices [and] reduce access to brand-name prescription drugs" of all kinds), *with Hawai'i v. CaremarkPCS Health, L.L.C.*, No. 1:23-cv-464 (D. Haw. Nov. 17, 2023), ECF 1-2 ("Hawai'i Complaint") ¶ 22 (the State's "claims are not limited to insulin or other diabetes medications, but rather are based on" alleged "larger unfair and deceptive" scheme that "increased prices [and] reduced access to brand-name prescription drugs" of all kinds.).

## ARGUMENT

This Court should deny Puerto Rico's successive motion to amend. The transferor Court rejected Puerto Rico's functionally identical request, and Puerto Rico has no basis to seek a different decision here. As the JPML held and Puerto Rico concedes, non-insulin claims have no place in this MDL.

## I.    PUERTO RICO'S PROPOSED AMENDMENT HAS ALREADY BEEN REJECTED.

Puerto Rico concedes that the Puerto Rico District Court denied its request to add "non-insulin claims" to its case. ECF 605-1 at 7-8. That decision is law of the case and sufficient reason to deny Puerto Rico's motion.

Under well settled law, the transferor Court's "ruling is the law of the case." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 965 F. Supp. 2d 612, 626 n.22 (E.D. Pa. 2013). "[T]here is nothing in the rules adopted by the Joint Panel on Multidistrict Litigation that authorizes a transferee judge to vacate or modify the order of a transferor judge." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432,

441 (3d Cir. 2009) (vacating MDL court's order which had vacated transferor court's order). That is because the transfer of a case to an MDL is not "a 'Return to Go' card." *Id.* Instead, as Puerto Rico concedes, a transferor court's earlier decision can be overturned only in "extraordinary circumstances." ECF 605-1 at 8; *accord In re Insulin Pricing Litig.*, No. 2:17-cv-699, ECF 756 at 19 (J. Martinotti) ("[A] litigant is not provided with 'a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances.'"). After fully litigating this amendment request six months ago, Puerto Rico fails to identify any extraordinary circumstances warranting a do-over here.

First, Puerto Rico argues that the transferor Court's decision denying amendment was "preliminary," "tentative," or "ambiguous." ECF 605-1 at 8. It was not. The transferor Court clearly and unambiguously denied Puerto Rico's request to amend on grounds of timeliness, prejudice, and gamesmanship. *Puerto Rico*, No. 3:23-cv-1127, ECF 147 at 1. Transfer to this MDL does not, as Puerto Rico suggests, "obviate" the Court's reasoning. *Id.* Gamesmanship was one of several independent grounds for denial. Puerto Rico also appears to argue that the transferor Court's decision is not binding on this Court because it was "not an adjudication on the merits or a final judgment." ECF 605-1 at 8. But that "confuse[s] the application of *res judicata* with the law of the case doctrine." *In re AmeriServe Food Distrib., Inc.*, 315 B.R. 24, 35 (Bankr. D. Del. 2004). *Res judicata* requires a "judgment on the

merits"; law of the case does not. *Id.* at 35–36. The fact that the transferor Court's denial of amendment "was not a final judgment on any claim" is irrelevant.[1] *Puerto Rico*, No. 3:23-cv-1127, ECF 163. What matters is whether that court resolved Puerto Rico's motion to amend, which it unquestionably did. *Id.*, ECF 147.

Second, Puerto Rico claims that the transferor Court's ruling was manifestly unjust and clear error. ECF 605-1 at 9. But Puerto Rico never actually ***identifies*** any "manifest injustice" or "clear error." Instead, it simply disagrees with the transferor Court's consideration of "forum shopping" as a factor in assessing the proposed amendment. ECF 605-1 at 9. But "[d]isagreement with the District Court's rulings" is not an "extraordinary circumstance." *Edwards*, 2019 WL 6606813, at *2; *accord Bierley*, 153 F. App'x at 89. Moreover, merely asserting the transferor Court was wrong is not enough: it is "incumbent upon the [movant] to persuade us not only that [the transferor Court's] decision was wrong, but that it was clearly wrong." *In re City of Philadelphia Litig.*, 158 F.3d 711, 720–21 (3d Cir. 1998); *In re Insulin Pricing Litig.*, ECF 756 at 19 (denying reconsideration); *Echols v. United States*, 2022 WL 16576489, at *1 (D.N.J. Nov. 1, 2022) (denying reconsideration); *Dalton*

---

[1] Puerto Rico relies on *Greco v. Grewal*, which stated that a court's assessment of a claim's merits when ruling on a preliminary injunction did not bind the court at later stages of proceedings, after the facts were further developed, because "[c]ourts generally do not apply the law-of-the-case doctrine to matters decided in the context of a motion for a preliminary injunction." 2020 WL 7334194, at *8 (D.N.J. Dec. 11, 2020) (citation omitted). That decision has no application here, where Puerto Rico is simply refiling a motion to amend it previously lost in a different court.

*v. 3M Co.*, 2013 WL 4886658, at \*5 (D. Del. Sept. 12, 2013) (applying earlier court's ruling because the movant failed "to persuade the court not only that the MDL Court's prior decision is wrong, but that it is clearly wrong" (cleaned up)).

Nor was there any error here. Courts routinely deny amendments suggesting an "effort to engage in forum-shopping and other chicanery." *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015) (denying leave to amend); *see also Bouie v. Equistar Chemicals LP*, 188 F. App'x 233 (5th Cir. 2006) (upholding district court's denial of leave to amend); *VTX Commc'ns, LLC v. AT&T Inc.*, 2020 WL 918670, at \*6 (S.D. Tex. Feb. 26, 2020) (recognizing request to amend is in bad faith if intended "to defeat federal jurisdiction" and "forum shop[]"); *Diaz v. Ameriquest Mortg. Co.*, 2014 WL 26265, at \*4 (N.D. Ill. Jan. 2, 2014) (denying leave to amend complaint motivated by "clear forum shopping and 'gamesmanship'"). The fact that a single out-of-circuit district court noted that forum-shopping is not "sufficient, by itself, to justify denial of amendment" does not mean that it is impermissible as a matter of the law for the court to ***consider*** the possibility of forum-shopping, let alone establish that it is clear error to consider this factor as one of several in the analysis. *Parker v. Exterior Restorations,* 601 F. Supp. 3d 1221, 1228 (S.D. Ala. 2022).[2]

---

[2] Puerto Rico also relies on *Royal Canin*, which simply holds that federal courts may lose subject-matter jurisdiction when a litigant "cuts out all her federal law claims" from a removed case. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39–40,

In short, Puerto Rico fails to identify any "extraordinary circumstance" that merits reversing the Puerto Rico District Court's decision. That decision is law of the case. For this reason alone, the motion should be denied.

## II.    THE FACT THAT PUERTO RICO'S NON-INSULIN CLAIMS HAVE NO PLACE IN THIS MDL SUPPORTS DENYING THE AMENDMENT.

Puerto Rico's proposed non-insulin claims exceed the scope of the MDL. Puerto Rico admits that any claims involving "all brand-name drugs" are outside the MDL's scope. ECF 605-1 at 10; MDL No. 3080 ECF 259 at 1–2. That is yet another reason to deny Puerto Rico's amendment.

MDL courts do not have jurisdiction over claims that exceed the scope of the MDL as defined by the JPML. *Jamster*, 2008 WL 4482307, at *6 (rejecting "a broad view of the scope of the MDL action" as "exceed[ing] the scope of this court's MDL jurisdiction").[3] Severance-and-remand is required for such claims.[4] *See, e.g.*, *Kasey*

---

42 & n.9 (2025). That case has nothing to do with the factors a court may consider when permitting amendments, and certainly "does not provide a charter for a plaintiff to amend a complaint … as a means to avoid a forum choice." *O'Rear v. Diaz*, 2025 WL 835018, at *3 (S.D.N.Y. Mar. 14, 2025) (discussing *Royal Canin*).

[3] Recognizing this problem, Puerto Rico suggests that there should be no discovery on any "non-insulin claims" in the MDL, and that the Court should stay all such discovery if amendment is allowed. ECF 605-1 at 10. Manufacturers agree that, if non-insulin claims were to be asserted in this MDL, a stay of discovery of all non-insulin related discovery would be required. But those claims cannot remain in this MDL.

[4] The JPML is responsible for remanding individual actions (or parts of actions) back to the transferor Court, 28 U.S.C. § 1407, and may do so before coordinated or

*v. Johnson & Johnson*, 2022 WL 17730930, at *6 (D.N.J. Aug. 12, 2022) (recommending severance and remand of out-of-scope claims because "[t]he Panel did not centralize all claims against all manufacturers of talcum powder products"); *In re Zyprexa Prods. Liab. Litig.*, 2004 WL 2812095, at *2 (E.D.N.Y. Dec. 3, 2004) (recommending severance and transfer); *In re Citigroup Inc. Sec. Litig.*, 987 F. Supp. 2d 377, 391 (S.D.N.Y. 2013) (recommending JPML remand claims that were "wholly distinct from the allegations … that unify and undergird the lawsuits in the MDL proceedings").

Here, it is undisputed that "[t]he Judicial Panel on Multidistrict Litigation has ruled that actions with allegations beyond insulin are not appropriate for inclusion in this MDL." ECF 605-1 at 10 n.4. Allegations like the ones Puerto Rico proposes to advance here "involve[] fundamentally different factual questions about pricing across the entire brand-name prescription drug industry, rather than being limited to diabetes drugs." Hawai'i Order at 2. These claims would sweep in thousands of branded drugs manufactured by dozens of manufacturers. Puerto Rico SAC ¶ 113 (alleging "1,156 unique drug [formulary] exclusions" in 2022); ECF 605-1 at 2, 13; ECF 554 at 1.[5] "Broaden[ing] the scope of MDL No. 3080 to cover all brand-name

---

consolidated pretrial proceedings on suggestion of the transferee court. R.P.J.P.M.L, R. 10.1(b); *In re Zyprexa*, 2004 WL 2812095, at *4.

[5] *See also* Puerto Rico SAC ¶¶ 113, 120, 134, 137, 177 (challenging conduct related to "EpiPen," "Humira," "antidepressants, antipsychotics, and antiarrhythmics," and medicines for "Chronic Lymphocytic Leukemia," "rheumatoid arthritis," "cancer,

prescription drugs and vastly expand the number of involved parties and pricing practices" "would not serve the just and efficient conduct of the litigation." MDL No. 3080, ECF 259 at 2. Indeed, the JPML transferred Puerto Rico's case to this MDL only *after* the Puerto Rico District Court denied Puerto Rico's request to assert claims involving all "brand-named prescriptions." *Puerto Rico*, No. 3:23-cv-1127, ECF 147.

In other words, granting Puerto Rico's proposed amendment would lead to the same outcome the Puerto Rico District Court rejected earlier this year: Puerto Rico's amended claims would need to be severed and remanded back to the Puerto Rico District Court because they cannot be a part of this MDL. Indeed, the Puerto Rico District Court would preside over identical claims to the ones it *barred* Puerto Rico from adding. But that only reinforces the reasons to deny Puerto Rico's amendment in the first place.

## III.   THE PUERTO RICO DISTRICT COURT PROPERLY REJECTED PUERTO RICO'S PROPOSED AMENDMENT.

Even if this Court were to reconsider the Puerto Rico District Court's decision, it should reach the same conclusion. Puerto Rico's proposed amendment comes far too late, which is reason enough to deny leave. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008) ("[P]rotracted delay, with its attendant burdens on

HIV, and autoimmune disorders"); *see also id.* ¶ 150 (alleging that "prescription drug prices" of all kinds "increased by 33%" from 2014 to 2020).

the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend"); *see also Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) (Court should not "reward a wait-and-see approach to pleading" and leave to amend is properly denied where a plaintiff's delay is "undue"). There is no reason that Puerto Rico could not have added GLP-1 medications and the rebate aggregators, or expanded its claims against PBMs to cover "*all* brand-name prescription drugs," long ago.

First, Puerto Rico admits its new allegations concerning GLP-1 medications[6] and rebate aggregators were brought by prior litigants in the MDL. ECF 605-1 at 1, 7 (stating that these allegations "conform … to the existing allegations in the MDL"). In fact, Mississippi first brought insulin pricing claims involving GLP-1s in *2021*. *The State of Mississippi, Ex Rel. Lynn Fitch Attorney General v. Eli Lilly and Company et al*, No. 25CH1:21-cv-00738 (Miss. Ch. June 7, 2021) ¶ 234, Table 1; ¶¶ 345-50. Puerto Rico does not even try to explain its delay in raising these claims.

Second, Puerto Rico's proposed expansion of its claims against the PBMs to cover "all brand-name prescription drugs" is equally untimely. As the District of Puerto Rico noted, Puerto Rico's same counsel made these allegations on behalf of

---

[6] Puerto Rico's attempt to add allegations concerning GLP-1 medications should be rejected on the independent grounds that those allegations are futile, as explained in Manufacturers' pending 12(c) motion for judgment on the pleadings. *See* ECF 200; ECF 277.

Hawai'i in November 2023. *Puerto Rico*, ECF 147 at 1; *compare*, *e.g.*, Puerto Rico SAC ¶¶ 14, 48 ("the Government's claims are not limited to insulin or other diabetes medications, but rather are based on larger unfair and deceptive acts and practices … [that] increase prices, reduce access to brand-name prescription drugs for Puerto Rico consumers") *with* Hawai'i Complaint ¶¶ 22, 150 ("the State's claims are not limited to insulin or other diabetes medications, but rather are based on the larger unfair and deceptive" scheme that "increased prices and reduced access to brand-name prescription drugs for Hawai'i consumers"). Puerto Rico easily could have done the same.

The fact that Puerto Rico's three-hundred-paragraph complaint now adds three citations to sources published in 2024 does not change that conclusion. ECF 605-1 at 7. Indeed, there is no reason Puerto Rico could not have relied on earlier sources for the same points. For example, Puerto Rico cites a 2024 market analysis and government report alleging that PBMs include higher-priced medications on their formularies to reap larger rebates, *id.* (citing Puerto Rico SAC ¶ 214 n.141, 223 n.149), but these allegations have been publicly discussed for more than a decade. *See, e.g.*, Ex. 1, K. Lipska, *Break Up the Insulin Racket*, N.Y. Times (Feb. 21, 2016) ("Benefit managers are supposed to be driving down costs, but the system incentivizes them to choose the products with the largest rebates"); *see also* ECF 536, 563 (collecting public sources). Regardless, Puerto Rico did not need to "know

all of the details or 'narrow aspects' of" their non-diabetes claims before filing them, as evidenced by Hawai'i—represented by the same counsel—bringing the same claims much sooner. *In re Exxon Mobil Corp. Sec. Litig.*, 387 F. Supp. 2d 407, 418 (D.N.J. 2005) (quoting *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1326 (3d Cir. 2002)); *Giant Grp., Ltd. v. Sands*, 142 F. Supp. 2d 503, 507, 513 (S.D.N.Y. 2001) ("[F]ull details of the alleged scheme" are not necessary before filing). Puerto Rico's failure to justify its delay in expanding its allegations warrants denial of its proposed amendment.

## CONCLUSION

Manufacturer Defendants respectfully request that the Court deny Puerto Rico's motion to amend.

Dated: June 23, 2025

Respectfully submitted,

/s/ Brian W. Carroll

**MCCARTER & ENGLISH, LLP**
Brian W. Carroll
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2020
bcarroll@mccarter.com

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (pro hac vice)
David B. Toscano (pro hac vice)
450 Lexington Ave.
New York, NY 10017
(212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

**DAVIS POLK & WARDWELL LLP**
Neal A. Potischman (pro hac vice)
Andrew Yaphe (pro hac vice)
900 Middlefield Road
Redwood City, CA 94063
(650) 752-2000

*Attorneys for Defendant Novo Nordisk Inc.*

/s/ Liza M. Walsh

**WALSH PIZZI O'REILLY FALANGA LLP**
Liza M. Walsh
Katelyn O'Reilly
Selina M. Ellis
Lauren R. Malakoff
Three Gateway Center
100 Mulberry St., 15th floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
koreilly@walsh.law
sellis@walsh.law
lmalakoff@walsh.law

**JONES DAY**
Michael R. Shumaker (pro hac vice)
Julie E. McEvoy (pro hac vice)
William D. Coglianese (pro hac vice)
Melissa L. Patterson (pro hac vice)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
mrshumaker@jonesday.com
jmcevoy@jonesday.com
wcoglianese@jonesday.com
mpatterson@jonesday.com

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

17

*/s/* Melissa A. Geist

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978
mgeist@reedsmith.com
jalopez@reedsmith.com

**KIRKLAND & ELLIS LLP**
James F. Hurst (pro hac vice)
Diana M. Watral (pro hac vice)
Ryan Moorman (pro hac vice)
Jason A. Feld (pro hac vice)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
jason.feld@kirkland.com

*Attorneys for Defendant Eli Lilly and Company*