## MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 307-3700
FAX (212) 542-3790
e-mail: jtortorella@khmarino.com
*OF COUNSEL

June 26, 2025

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

  Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM-LDW
    MDL No. 3080 | Proposed CMO 20

Dear Judge Martinotti:

  We represent CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, Caremark LLC, Caremark PCS Health, LLC, and Zinc Health Services, LLC (the "Arbitration Defendants"), and write on behalf of Defendants to seek entry of the attached Case Management Order (Exhibit 1), which provides an orderly process for the Court's consideration of forthcoming motions to dismiss or compel arbitration based on contractual provisions involving dozens of plaintiffs in this MDL. We understand that Plaintiffs oppose entry of such a CMO.

  From the beginning of this MDL, the Court has closely managed filings to promote efficiency and prevent a torrent of cumbersome briefing. On April 2, 2024, the Court issued Case Management Order No. 5, which directed that "[n]o motions are to be filed in this MDL without leave of Court." CMO 5 at 2. The Court then issued separate Case Management Orders in April 2024, allowing Defendants to move to dismiss three representative Self-Funded Payor Plaintiffs (Lake County, Albany County, and King County), *see* CMO 6, and two representative State AG Plaintiffs (Illinois and Montana). *See* CMO 7. Upon consolidation of the Class Action Track into the MDL, the Court issued other orders allowing Defendants to move to dismiss the sole complaint then-pending in the Class Action Track, which included five named Plaintiffs. *See* ECF Nos. 234 & 292. As a result of these orders, Defendants could not (and did not) move to dismiss the claims of any Plaintiff other than Lake County, Albany County, King County, Illinois, Montana, and the five named Plaintiffs in the Class Action Track. One of those Plaintiffs (Local No. 1 Health Fund and Plan of Benefits for the Local No. 1 Health Fund, collectively "Local No. 1") had violated the dispute resolution and arbitration terms in its PBM contract with Arbitration Defendants. As a result, the Arbitration Defendants moved on November 25, 2024, to dismiss Local No. 1's claims pursuant to the Federal Arbitration Act. *See* Case No. 23-cv-20932, ECF No. 22.

  But Local No. 1 is not the only Plaintiff in this MDL that sued in violation of dispute resolution and arbitration terms in its contract with one [or more] of the PBM Defendants. To the

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
June 26, 2025 — Page 2

contrary, there are dozens more. Where applicable, Defendants intend to seek dismissal of each of those cases—or orders compelling arbitration—at the appropriate time as contemplated by the Court's existing CMOs. Although the Court's existing CMOs require that Defendants wait to file such motions until after the Court resolves the pending motions to dismiss, those CMOs do not speak to the appropriate process for the filing of the many arbitration and dispute-resolution motions that will follow shortly after the Court's rulings. Rather than burdening the Court with a torrent of motions raising similar issues as to dozens of Plaintiffs, Defendants suggest that the parties should confer within 14 days of the Court's resolution of the pending arbitration motion to propose an orderly process for the briefing of additional such motions and a schedule for doing so. *See* Exhibit 1 at 1 (proposed CMO).

The Arbitration Defendants and other Defendants conferred with the Plaintiffs by email and telephone between March and June 2025. During those conferrals, Plaintiffs represented that they oppose entry of this Case Management Order on two grounds.[1]

*First*, Plaintiffs assert that the dozens of dispute resolution and arbitration clauses in question are not binding or enforceable in this action. No doubt the parties will have disputes on the merits. But those are arguments for Plaintiffs to raise when Defendants seek to enforce these provisions; they do not speak to the appropriateness of entering this procedural CMO.

*Second*, Plaintiffs contend that Defendants somehow waived the ability to move to dismiss or compel arbitration as to the Plaintiffs in question. That is nonsense. Existing CMOs barred Defendants from filing motions absent leave of court, and specifically dictated which complaints in each track as to which Defendants could file representative motions to dismiss. Defendants followed those CMOs. That is not waiver, which requires that the party "intentionally relinquished or abandoned a known right." *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 2024 WL 5117602, at *4 (D.N.J. Dec. 13, 2024) (citing *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 349 (3d Cir. 2023)) (cleaned up). Nor can Plaintiffs construct a waiver from Defendants' participation in CMO-required discovery as to the three tracks of this MDL. The Court recognized as much in entering CMO 10, which made clear that participation in discovery would not constitute waiver. CMO 10 at 1. That discovery, moreover, has largely proceeded on a track-wide basis, not as to any specific plaintiff.[2] *In re Polyurethane Foam Antitrust Litigation*, 998 F Supp. 2d 625, 634-35 (N.D. Ohio 2014) (noting that participation in MDL proceedings is

---

[1] The Class Track asked that it be excluded from this CMO because the sole dispute-resolution/arbitration provision that it is aware of in a contract with a Defendant is already being litigated in this Court. But the CMO should cover all tracks to avoid the need for further amendment of the CMO in the event a new Plaintiff files suit in violation of its PBM contract's provisions.

[2] The sole exceptions are (a) discovery in the Class Action Track, as to which the Arbitration Defendants have already filed their arbitration-related motion, and (b) Plaintiff Fact Sheets, which are also dictated by CMOs and which must proceed regardless of any one Defendants' arbitration-related arguments because each plaintiff sues many other defendants.


MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Brian R. Martinotti, U.S.D.J.
June 26, 2025 — Page 3

distinct from case-specific participation for waiver purposes, and holding that participating in discovery as one of several defendants in an MDL does not constitute waiver); *Hendricks v. Feldman Law Firm, LLP*, 2015 WL 5671741, at *6 (D. Del. 2015) ("Consistent with the strong preference from arbitration in federal courts, waiver is not to be lightly inferred, and waiver will normally be found only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." (quoting *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010)). None of this is a waiver. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018) (holding that a defendant did not waive the right to arbitrate when defendant could not have procedurally moved to arbitrate); *In re Apple iPhone 3G and 3GS MMS Mktg. and Sales Pracs. Litig.*, 864 F. Supp. 2d 451, 457-58 (E.D. La. 2012) (finding no waiver in an MDL where the Court had not ruled on motions to dismiss and had stayed the case). If anything, Plaintiffs' eagerness to use the existing CMOs against Defendants underscores why this Case Management Order is necessary.

Barring entry of a Case Management Order governing such motions, Defendants will be forced to move for leave to file dozens of dispute resolution and arbitration motions to avoid further argument by Plaintiffs that they have somehow waived their rights. That inefficient process would serve neither the parties nor the Court. Accordingly, Defendants respectfully request that the Court enter the attached proposed Case Management Order.

If the Court desires further briefing about the propriety of the proposed CMO, please accept this as Defendants' request pursuant to CMO 5 for leave to file such a motion.

Thank you for your attention to this matter.

Respectfully submitted,

*/s John D. Tortorella*
John D. Tortorella
Marino, Tortorella & Boyle, P.C.

*/s Nicholas C. Suellentrop*
Nicholas C. Suellentrop
Williams & Connolly LLP

*Counsel for Defendants Caremark Rx, LLC, Caremark LLC, and Caremark PCS Health, LLC*

cc: Honorable Leda D. Wettre, U.S.M.J.
All Counsel of Record