UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-3080 (BRM)(LDW)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE LEDA D. WETTRE |

**THIS DOCUMENT RELATES TO ALL TRACKS AND ALL CASES**

**[PROPOSED] ORDER GRANTING MOTION TO SEAL INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER having come before the Court on the PBM Defendants' Motion to Seal ("Sealing Motion"), pursuant to Local Civil Rules 5.3(c) and 7.1, for an order sealing the protected commercially sensitive information contained in and attached to the PBM Defendants' Opposition to Motion to Compel Responses to Compass Lexecon Subpoena to Produce Documents, filed May 30, 2025 [ECF No. 596-597] (the "Protected Materials"), and this Court having fully considered the Declaration of Kelley Connolly Barnaby in support of the Motion to Seal ("Barnaby Decl."), including the Index required by Local Civil Rule 5.3(c)(3), the other Exhibits thereto, and any submissions in further support thereof, as well as the record before it, the Court makes the following findings of fact and conclusions of law:

1

I.      **The Nature of the Materials at Issue**

   A.    **Findings of Fact**

   1.   The PBM Defendants seek to seal permanently certain commercially sensitive and confidential information in the Protected Materials. *See* Barnaby Decl. Exhibit 3, Declaration of Sophia A. Hansell ("Hansell Decl."). The Protected Materials reveal, contain, and/or reflect confidential and commercially sensitive contract terms negotiated by the PBM Defendants. *Id.*

   2.   The Protected Materials have not been the subject of any prior sealing orders in this action and there are no known parties or non-parties that object to the requested sealing.

   B.    **Conclusions of Law**

   3.   This Court has the power to seal documents to protect commercially sensitive information. *See Decoration Design Sols., Inc. v. Amcor Rigid Packaging USA, Inc.*, 2020 U.S. Dist. LEXIS 206035, at *27 (D.N.J., Oct. 26, 2020); *CDK Global, LLC v. Tulley Auto. Grp., Inc.*, 2017 U.S. Dist. LEXIS 30253, at *7 (D.N.J., Mar. 3, 2017). Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect materials containing "confidential . . . commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial

records . . . where they are sources of business information that might harm a litigant's competitive standing.").

## II. The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A. Findings of Fact

4. The Protected Materials contain confidential and commercially sensitive contract terms negotiated by the PBM Defendants, including prices and the contents of specific contract provisions.

5. Prospective experts and consultants for the PBM Defendants would improperly and unfairly benefit from the disclosure of non-public business information and would likely use the confidential information to enhance their negotiation position to the detriment of the PBM Defendants.

### B. Conclusions of Law

6. Courts in this District have held that confidential business information may be sealed and restricted from public disclosure. "A well-settled exception to the right of access is the protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted); *see also Goldenberg v. Indel, Inc.*, 2012 U.S. Dist. LEXIS 479, at *7-8 (D.N.J. Jan.

3, 2012) (permitting sealing of commercially sensitive and proprietary non-public business information and confidential financial information).

7. There are also substantial public and private interests in maintaining the confidentiality of agreements that parties enter into on a confidential basis. *See Decoration Design Sols., Inc.*, 2020 U.S. Dist. LEXIS 206035, at *27; *CDK Global, LLC*, 2017 U.S. Dist. LEXIS 30253, at *7; *Pa. Nat'l Mut. Cas. Ins. Co. v. Everest Reinsurance Co.*, 2019 U.S. Dist. LEXIS 41285, at *10 (M.D. Pa., Mar. 14, 2019).

### III. The Clearly Defined and Serious Injury That Would Result if the Relief Sought is Not Granted

#### A. Findings of Fact

8. Disclosure of the Protected Materials poses a substantial risk of harm to the proprietary interests and competitive positions of the PBM Defendants. *See* Hansell Decl. at ¶¶ 3-5.

9. Disclosure of the Protected Materials would permit prospective experts and consultants for the PBM Defendants to know their confidential business information, specifically confidential and commercially sensitive contract terms negotiated by the PBM Defendants, which would allow those entities to unfairly enhance their own negotiating and bargaining position. Accordingly, disclosure would damage the PBM Defendants' commercial interests and cause each to suffer irreparable harm.

### B. Conclusions of Law

10. This Court has discretion to balance the facts for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

11. Protection of a party's interest in confidential information, such as confidential business information, is a sufficient threat of irreparable harm, and is a clearly defined and serious injury. *See, e.g., Overton v. Sanofi-Aventis U.S., LLC*, 2014 U.S. Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."); *see also Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 2020 U.S. Dist. LEXIS 258757, at *8 (D.N.J. June 9, 2020) (sealing "commercially sensitive information" where the "parties may suffer serious injury if a competitor reads the information"); *Pa. Nat'l Mut. Cas. Ins.*, 2019 U.S. Dist. LEXIS 41285, at *10 (sealing private commercial agreements because "disclosure of the precise terms of any one agreement could reasonably have a significant impact on [the party's] ability to negotiate agreements with different [entities]").

### IV. A Less Restrictive Alternative to the Relief Sought is Not Available

#### A. Findings of Fact

12. Once commercially sensitive information is disclosed to the public, it is typically impossible to ever again be maintained as private.

13. The PBM Defendants' request to seal the Protected Materials is narrowly tailored to the specific commercially sensitive information identified in the Index. *See* Barnaby Decl. ¶ 5.

#### B. Conclusions of Law

14. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must show that no less restrictive alternative to the relief sought is available. *CDK Global, LLC*, 2017 U.S. Dist. LEXIS 30253, at *5.

15. The sealing of commercially sensitive information, including confidential contract terms, is an accepted practice in this District. *See Decoration Design Sols., Inc.*, 2020 U.S. Dist. LEXIS 206035, at *27; *CDK Global, LLC*, 2017 U.S. Dist. LEXIS 30253, at *7.

**THEREFORE**, having found that the PBM Defendants have complied with Local Civil Rule 5.3, it is on this ___ day of _____, 2025.

**ORDERED THAT** the Sealing Motion be and hereby is granted in its entirety; and

**IT IS FURTHER ORDERED** that the as-filed under seal versions of the Protected Materials [ECF No. 596-597 and Exhibit 2 filed with the Sealing Motion] shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law.

_____
HONORABLE LEDA DUNN WETTRE
United States Magistrate Judge