UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**THE SELF-FUNDED PAYER AND STATE ATTORNEY GENERAL TRACKS** | Case No.: 2:23-md-03080 (BRM) (RLS)<br>MDL No. 3080<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH**<br><br>**CASE MANAGEMENT ORDER # \_\_\_\_\_** |

**ORDER APPOINTING COMMON BENEFIT SPECIAL MASTER**

On December 5, 2023, the Court entered Case Management Order #3 ("CMO #3), which established three MDL Litigation Tracks and appointed certain Plaintiffs' leadership positions for each of those tracks. *See* CMO #3, ECF No. 34. Thereafter, on January 12, 2024, the Court entered Case Management Order #4 addressing certain pre-MDL discovery and legal work product and anticipating that "[a] subsequent CMO will address common benefit work performed going forward within this MDL." *See* CMO #4, ECF No. 68.

In anticipation of the possibility that, at some point in the future, there may be applications to the Court by attorneys for payment of common benefit fees or expenses, the Court determines the appointment of a Special Master is necessary for the fair and efficient determination and management of common benefit matters and issues, and hereby finds and orders as follows, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C):

1.   The Court appoints Hon. Rachelle L. Harz, J.S.C. (Ret.) of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins P.C. as Special Master who will assist the Court with the determination and management of common benefit matters and issues for common benefit fund work.

2. The Court is aware of Judge Harz's credentials and experience and finds her well qualified to perform this work.

3. In accordance with Federal Rule of Civil Procedure 53(b)(3), the Special Master's appointment will become effective upon her filing an affidavit attesting that, pursuant to 28 U.S.C. § 455, no grounds for disqualification exist. The Special Master's term of service will end when her duties are completed or the Court terminates the appointment, whichever comes first. During these proceedings, the Special Master shall notify the Court and all the parties promptly if she becomes aware of any grounds that would require disqualification of herself to serve as the Special Master.

4. The Court directs the Special Master to proceed with all reasonable diligence in carrying out her duties as setout herein and as otherwise may be assigned in the future by the Court.

5. Lead Counsel for the Self-Funded Payer and State Attorney General Tracks, and any other Plaintiff as needed, shall promptly confer with Judge Harz and submit a proposed order setting specific guidelines and procedures for the determination of common-benefit-related matters, including the submission of reports of time and expenses incurred by Plaintiffs' counsel in the State AG and SFP tracks, as well as time and expenses incurred by Plaintiffs' counsel in *In re Insulin Pricing Litigation*, Case No. 2:17-cv-00699, and whether and to what extent a party in the State AG or SFP tracks is subject to a common benefit assessment. The proposed order shall implement specific protections to ensure the confidentiality and non-discoverability of all submissions related to the work performed in this MDL.

6. Following the conferral among the Special Master and Lead Counsel for the Self-Funded Payer and State Attorney General Tracks pursuant to Paragraph 5, and upon in accordance

with Federal Rule of Civil Procedure 53(b)(2)(E) and 53(g), the Court will set the Special Master's compensation and allocation.

7. Absent further Order of the Court or agreement among the affected parties, the parties shall not engage in *ex parte* oral or written communications with the Special Master, except the Special Master and Plaintiffs' counsel may engage in such communications regarding time and expense submissions. The Special Master shall be entitled to engage in *ex parte* communications with the Court.

8. The Special Master will file any written reports, proposed orders, findings, and/or recommendations with the Court through the CM/ECF system on the MDL Docket (Case No. 23-md-3080). Such filing shall fulfill the Special Master's duty to serve her orders, findings, reports, or recommendations on the parties.

9. The Special Master will maintain files consisting of all documents submitted to her by the parties and of any of her written orders, findings, or recommendations, until relieved of this obligation by order of the Court.

10. The Special Master, and her agents and representatives, shall maintain billing records of the time spent on this matter, with descriptions of the activities and matters worked on. The Special Master will provide the Court and relevant counsel with a statement of time spent performing her duties, as well as any expenses incurred.

11. The Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial officers performing similar functions.

12. All parties shall retain their right to object to any common benefit work product as warranting compensation under this Order.

13. Except as otherwise provided in Paragraph 5 with regard to the submission of historical common benefit time and expenses by Plaintiffs' counsel in *In re Insulin Pricing Litigation*, Case No. 2:17-cv-00699, this Order does not apply to the Class Action Track. The payment of attorneys' fees and expenses for any class action settlement or recovery is governed by Federal Rule of Civil Procedure 23(h).

**IT IS SO ORDERED.**

_____
BRIAN R. MARTINOTTI
United States District Judge