July 3, 2025

**VIA ECF**
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

Re:   *In re: Insulin Pricing Litigation*, MDL No. 3080
      Case No. 2:23-md-03080-BRM-LDW
      Plaintiffs' Letter in Opposition to Defendants' Proposed CMO Governing Dispute Resolution and Arbitration Motions

Dear Judge Martinotti:

In accordance with the Court's Text Order [ECF No. 630], Plaintiffs write in opposition to Defendants' letter and proposed Case Management Order (Order Governing Dispute Resolution and Arbitration Motions) [ECF No. 624]. The proposed CMO should be rejected. First, it is wholly unnecessary in light of the pre-motion procedure set forth in CMO #5. Additionally, it is a transparently improper attempt by Defendants to secure blanket immunity from waiver arguments without the requisite case-specific analysis.

Defendants claim that their proposed CMO "provides an orderly process" for filing forthcoming motions to dismiss or compel arbitration. ECF No. 624 at 1. But the CMO establishes no such "orderly process." To the contrary, the CMO merely provides that the parties "shall meet and confer *regarding a proposed process* . . . for the filing of any additional Contract Motions in the MDL." ECF No. 624-1 (emphasis added). But CMO #5 *already provides* that "[b]efore a party files a motion in this MDL, the parties must first meet and confer in good faith to attempt to resolve the issue(s)." CMO #5 at ¶ IV.2 [ECF No. 127]. That conferral requirement specifically applies to "[a]ny requests to file a motion to dismiss, including any dispute(s) regarding the form of such motions." *Id.* ¶ IV.5. CMO #5 thus already requires the parties to meet and confer regarding any motions to dismiss or compel arbitration that Defendants may wish to file in this MDL. The parties have also conferred outside the framework of CMO #5 to address procedures for handling certain omnibus-type motions without the need for any additional CMO requiring them to do so. *See* ECF No. 435 (Stipulation and Order Governing Motion for Leave to Amend in the Self-Funded Payer Track). Defendants have not articulated any reason why its proposed CMO is necessary now.

To be clear, Plaintiffs do not oppose conferring with Defendants regarding any arbitration motions Defendants seek to file. Nor do Plaintiffs oppose conferring with Defendants about an orderly process for handling such motions depending on the Court's ruling on CVS Caremark's pending arbitration motion in the Class Action Track. What Plaintiffs do oppose, however, is Defendants' inclusion of a sweeping non-waiver provision into an otherwise superfluous CMO without the requisite case- and fact-specific analysis. In the very first paragraph of their proposed CMO, Defendants ensure that they will "retain all rights related to filing Contract Motions, *and*

*those rights shall not be deemed waived.*" ECF No. 624-1 (emphasis added). Defendants cannot simply grant themselves immunity from waiver defenses that would otherwise apply. Moreover, the non-waiver provision would apply to *all* Defendants in *all* MDL cases—regardless of when the cases were filed or any other underlying facts—and extends well beyond arbitration to cover *all* contractually based "dispute resolution terms," even though no such motions have been sought or filed by Defendants in any MDL case.

"The contractual right to arbitrate, like any other right, can be waived." *KPH Healthcare Servs. v. Janssen Biotech, Inc.*, 2021 WL 4739601, at *9 (D.N.J. Oct. 12, 2021). In the context of the right to compel arbitration, waiver occurs where a party has "intentionally relinquished or abandoned a known right." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339 (3d Cir. 2023) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022)). Courts "consider case-specific factors in evaluating whether a party acted inconsistently with a right to arbitrate." *A.P.I. Inc. v. Broadway Elec. Serv. Corp.*, 673 F. Supp. 3d 714, 725 (W.D. Pa. 2023) (quotation omitted).

Waiver is an inherently fact-driven determination, as "the waiver analysis is guided by the "*circumstances and context of each case*." *Duong v. Pressler Felt & Warshaw, LLP*, 2025 WL 1645625, at *6 (D.N.J. June 10, 2025) (emphasis added) (quoting *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 452 (3d Cir. 2011)). "The circumstances and context can include considerations such as the timeliness of the arbitration request, the extent of the movant's merits-based arguments up to that point, and its participation in discovery." *Hejamadi v. Midland Funding, LLC*, 2024 WL 3159316, at *5 (D.N.J. June 25, 2024) (quotation omitted). Defendants' procedural shortcut—a letter and proposed CMO—is inappropriate for seeking this relief. Defendants should not be permitted to short-circuit the necessary case-specific analysis by using an otherwise unnecessary CMO to insulate themselves from waiver arguments across the entire MDL.

Although Defendants categorically dismiss any potential waiver argument as "nonsense," their blanket rejection is both factually and legally flawed. First, Defendants claim that they were barred from filing motions to compel arbitration under the Court's existing CMOs, but CMO #5 expressly allows the parties to seek leave of Court to file *any* motion by way of pre-motion letter following the parties' conferrals. CMO #5 ¶ IV. Since the entry of CMO #5, the parties have routinely availed themselves of this pre-motion letter practice. *See, e.g.*, ECF No. 131 (Mfr. Defs.' pre-motion letter seeking leave to file motion for partial judgment on the pleadings regarding GLP-1 medications); ECF No. 477 (Defs.' pre-motion letter requesting amendment of CMO #14); ECF No. 554 (Puerto Rico's pre-motion letter seeking leave to file motion to amend). Defendants can and should follow the same procedure for any arbitration motions they wish to file.

Defendants also argue that "[e]xisting CMOs . . . specifically dictated which complaints in each track as to which Defendants could file representative motions to dismiss."[1] ECF No. 624 at

---

[1] This argument does not apply to the Class Track, as it is proceeding under a single First Amended Consolidated Class Action Complaint, which Defendants moved to dismiss in January 2025. *See Loc. 837 Health & Welfare Plan v. Eli Lilly & Co.*, No. 23-cv-20932, ECF Nos. 17, 44- 45.

2. But this assertion ignores crucial context. Defendants unilaterally selected all three representative Self-Funded Payer cases that they would move to dismiss, and selected one of the two State AG Track cases. *See, e.g.*, CMO #6 ("The Parties will brief motions to dismiss concerning the following three cases *selected by Defendants*, without objection from Plaintiffs as to Defendants' selections, in the Self- Funded Payer Track.") (emphasis added) [ECF No. 128]. Defendants could have selected plaintiffs who Defendants now contend are subject to arbitration provisions, but they did not do so. Instead, Defendants sought dispositive relief on the merits and have participated in bilateral discovery—including expansive discovery on Plaintiffs in cases they now contend are subject to arbitration provisions. Waiver may be found where, as here, "the defendant's initial approach to the litigation focuses on the merits and not forum choice, and where the demand for arbitration is not presented until months later." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 715 F. Supp. 3d 1003, 1006-09 (E.D. Mich. 2024) (citing *Morgan*, 596 U.S. at 414-15). *See also Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015-16 (9th Cir. 2023) ("Obviously, seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum."); *White*, 61 F.4th at 340 ("Only after it was apparent that further litigation would be required, and it could not get the case fully dismissed before discovery, did Samsung attempt to arbitrate the remaining claim.").

In addition, Class Track Plaintiffs assert that Defendants waived their arbitration rights by failing to timely file such motions. The proposed CMO should not excuse further delay. Defendants' purported concern about "dozens" of motions is inapplicable to the Class Track— there are only five named plaintiffs.[2] Defendants already filed an arbitration motion against Local No. 1 and have identified no other Class Track Plaintiffs subject to arbitration agreements.[3]

Ultimately, whether waiver has occurred in any given case cannot—and should not—be determined by way of Defendants' proposed CMO, without any individualized analysis of the underlying facts, which necessarily vary from case to case.

For these reasons, the Court should decline to enter Defendants' proposed CMO.

Thank you for your continued attention to this matter. We look forward to discussing this issue with the Court during the upcoming July 8, 2025 case management conference.

---

[2] There is also one additional potential class representative, Baltimore City Board of School Commissioners, which filed a class action complaint in January 2025 alleging overlapping claims against essentially the same Defendants on behalf of a class that is subsumed by the classes asserted in the Class Track Plaintiffs' operative complaint. *See Baltimore City Bd. of Sch. Commissioners v. Eli Lilly & Co.*, No. 2:25-cv-01311 (D.N.J. Jan. 10, 2025), ECF No. 1.

[3] And because motions to compel arbitration turn on the specific contractual terms at issue, Defendants articulate no reason to await the Court's decision on the pending Local 1 motion.

                              Respectfully submitted,

| | |
|---|---|
| *s/ Joanne Cicala* | *s/ David R. Buchanan* |
| Joanne Cicala | David R. Buchanan |
| *Liaison Counsel for* | *Liaison Counsel for* |
| *State Attorney General Track* | *Self-Funded Payer Track* |

*s/ Matthew Gately*
Matthew Gately
*Liaison Counsel for*
*Class Action Track*

cc:    Honorable Leda Dunn Wettre, U.S.M.J. (via ECF)
       Counsel of Record (via ECF)