UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case 2:23-md-03080 (BRM) (LDW)<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE LEDA D. WETTRE |

**THIS DOCUMENT RELATES TO: 25-cv-01845**

# THE GOVERNMENT OF PUERTO RICO'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

**TABLE OF CONTENTS**

1. The Government's Proposed Amendment Does Not Prejudice Defendants ...................... 1

2. The Government Did Not Unduly Delay in Requesting Leave to Amend Its Complaint .. 4

3. Denying the Government Leave to Amend Its Complaint Rewards Defendants' Gamesmanship and Unfairly Punishes the Government ...................................................... 7

4. The Law of the Case Doctrine Does Not Preclude the Court from Granting the Government Leave to Amend Its Complaint ..................................................................... 10

5. The Government's Motion for Leave to Amend Complaint Is Not a Request for Reconsideration .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*ACA Fin. Guar. Corp. v. Advest, Inc.*,
512 F.3d 46 (1st Cir. 2008) ................................................................................................ 5

*Arthur v. Maersk, Inc.*,
434 F.3d 196 (3d 2006) ...................................................................................................... 5

*Bouie v. Equistar Chems. LP*,
188 F. App'x 233 (5th Cir. 2006) ...................................................................................... 9

*Calderón-Serra v. Wilmington Trust Co.*,
715 F.3d 14 (1st Cir. 2013) ................................................................................................ 5

*Calzadillas v. Wonderful Co.*,
2019 WL 5448308 (E.D. Cal. Oct. 24, 2019) .................................................................... 8

*CMR D.N. Corp. v. City of Philadelphia*,
703 F.3d 612 (3d Cir. 2013) ........................................................................................... 2, 5

*Deasy v. Hill*,
833 F.2d 38 (4th Cir. 1987) ................................................................................................ 2

*Diaz v. Ameriquest Mortg. Co.*,
2014 WL 26265 (N.D. Ill. Jan. 2, 2014) ............................................................................. 8

*Dole v. Arco Chem. Co.*,
921 F.2d 484 (3d Cir. 1990) ........................................................................................... 1, 5

*Fleet Connect Sols. LLC v. C.R. England, Inc.*,
2024 WL 5679163 (C.D. Cal. Nov. 15, 2024) ............................................................... 2, 8

*Flood v. Bank Am. Corp.*,
2012 WL 6111451 (D. Me. Dec. 10, 2012) ........................................................................ 2

*Gay v. Petsock*,
917 F.2d 768 (3d Cir. 1990) ................................................................................................ 3

*Giant Grp., Ltd. V. Sands*,
142 F. Supp. 2d 503 (S.D.N.Y. 2001) ................................................................................. 5

*Gonzalez v. Tomasini v. U.S. Postal Serv.*,
2022 W 2820073 (D.P.R. July 19, 2022) .......................................................................... 11

*Gov't of Puerto Rico v. CaremarkPCS Health, L.L.C. et al.*,
No. 3:23-cv-01127 (D.P.R.)................................................................................................ 2

*Greco v. Grewal*,
2020 WL 7334194 (D.N.J. Dec. 11, 2020) ...................................................................... 10

*GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*,
119 F.R.D. 379 (M.D.N.C. 1988) ...................................................................................... 4

*Hernandez v. DMSI Staffing, LLC*,
79 F. Supp. 3d 1054 (N.D. Cal. 2015) ............................................................................... 8

*In re Exxon Mobil Corp. Sec. Litig.*,
387 F. Supp. 2d 407 (D.N.J. 2005) .................................................................................... 5

*In re Insulin Pricing Litig.*,
No. 3080, ECF No. 210-1 (JPML)..................................................................................... 7

*In re NAHC, Inc. Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002)............................................................................................. 5

*In re Pharmacy Benefit Managers Antitrust Litig.*,
582 F.3d 432 (3d Cir. 2009)............................................................................................. 10

*In re Valeant Pharms. Int'l, Inc., Sec. Litig.*,
2019 W 2724075 (D.N.J. June 30, 2019) ........................................................................ 11

*Isaac v. Harvard Univ.*,
769 F.2d 817 (1st Cir. 1985).............................................................................................. 2

*Jang v. Bos. Sci. Scimed, Inc.*,
729 F.3d 357 (3d Cir. 2013)............................................................................................... 5

*Klunder v. Trs. & Fellows of the College or Univ. in English Colony*,
2013 WL 366972 (D.R.I. Jan. 30, 2013) ........................................................................... 2

*Leibholz v. Robert Hariri and Celgene Corp.*,
2007 WL 2177386 (D.N.J. July 27, 2007)................................................................... 1, 3

*Lorenz v. CSX Corp.*,
1 F.3d 1406 (3d Cir. 1993)................................................................................................. 5

*Luppino v. Mercedes-Benz USA, LLC*,
2014 WL 4474004 (D.N.J. Sept. 4, 2014) ......................................................................... 3

*McCoy v. Iberdrola Renewables, Inc.*,
760 F.3d 674 (7th Cir. 2014) .................................................................................................. 3, 5

*Member Select Ins. Co. v. Cub Cadet, LLC*,
2017 WL 563161 (N.D. Ind. Feb. 13, 2017).............................................................................. 4, 9

*Pkfinas Int'l Corp. v. IBJ Shroder Leasing Corp.*,
1996 WL 84481 (S.D.N.Y. Feb. 27, 1996).................................................................................. 2

*Royal Canin U.S.A, Inc. v. Wullschleger*,
604 U.S. 22 (2025).......................................................................................................................... 9

*Sociedade Dos Vinhos Borges S.A. v. Santos*,
2012 WL 1574754 (D.N.J.) ........................................................................................................ 11

*State of Hawaiʻi ex rel. Anne Lopez v. CaremarkPCS Health, L.L.C. et al.*,
No. 1:23-cv-464 (D. Haw.) ........................................................................................................ 7

*Stepanischen v. Merchants Despatch Transp. Corp.*,
722 F.2d 922 (1st Cir. 1983)........................................................................................................ 2

*The State of Vermont v. Evernorth Health Inc. et al.*,
No. 2:24-cv-011033 (D. Vt.)........................................................................................................ 2

*TransWeb, LLC v. 3M Innovative Properties Co.*,
2011 WL 2181189 (D.N.J. June 1, 2011) .................................................................................. 3

*VTX Commc'ns, LLC v. AT&T, Inc.*,
2020 WL 918670 (S.D. Tex. Feb. 26, 2020) ............................................................................ 9

*Ward v. Ortho-McNeil Pharm.*,
2015 WL 4110990 (E.D.N.C. July 7, 2015) ............................................................................ 2

*Wright v. County of Camden*,
2022 WL 3536013 (D.N.J. Aug. 18, 2022) .............................................................................. 5

Defendants—who bear the burden of showing why the Government's Motion for Leave to Amend should not be granted—cannot clear a fundamental hurdle: this action is in the earliest stage of litigation. Prior to the Judicial Panel on Multidistrict Litigation ("JPML") transferring the Government's action to this MDL, discovery had not yet begun, and no court had set a scheduling order (including a deadline for amendment of pleadings) or ruled on any substantive motions. Thus, Defendants cannot show undue prejudice, undue delay, or bad faith. The Court should therefore grant the Government's Motion for Leave to Amend Complaint.

**1.      The Government's Proposed Amendment Does Not Prejudice Defendants**

The Third Circuit has held that "prejudice to the nonmoving party is the touchstone" for the denial of amendments. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). The non-moving party bears the burden of showing actual prejudice. *Leibholz v. Robert Hariri and Celgene Corp.*, 2007 WL 2177386, at *6 (D.N.J. July 27, 2007). "A mere claim of prejudice is not sufficient; there must be some showing that [defendant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Dole*, 921 F.2d at 488. The Defendants have not—and cannot—satisfy their burden.

Tellingly, the Manufacturer Defendants do not argue that the Government's amendment will unduly prejudice them. *See* ECF No. 622. Yet, the PBM Defendants argue that the Government's amendment will cause undue prejudice by requiring them to litigate claims related to insulin prices in two different forums and expanding the scope and nature of the litigation. ECF No. 623 at 31-33. They are wrong. First, the PBM Defendants have not shown any authority to support the proposition that litigating in two different forums constitutes prejudice in this context.[1]

---

[1] The Government recognizes the District of Puerto Rico found the amendment would unduly prejudice Defendants by drastically requiring Defendants to litigate the claims related to insulin prices in two different forums and expanding the scope of the litigation. *Gov't of Puerto Rico v.*

1

Even if the Government had filed its proposed Second Amended Complaint prior to removal or shortly thereafter, Defendants would still have been required to litigate in two different forums. In fact, Defendants are already litigating in multiple forums.[2]

Second, in the PBM Defendants' cited cases—nearly all of which are from outside this circuit—courts have only found amendments that expand the scope and nature of the litigation to be prejudicial ***when they are sought late in litigation***. *See* ECF No. 623 at 31-33.[3] For example, in *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 619-620 (3d Cir. 2013), the plaintiff requested leave to amend its complaint more than one year after the trial court dismissed certain parties and counts from the first amended complaint and following extensive discovery. By contrast, the Government's action is still in the beginning stages of litigation. Prior to the JPML

---

*CaremarkPCS Health, L.L.C. et al.*, No. 3:23-cv-01127, ECF No. 147 (D.P.R.). But the District of Puerto Rico relied on *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983), which does not involve multidistrict litigation or analyze whether ligating in multiple forums constitutes undue prejudice.

[2] See *Gov't of Puerto Rico v. CaremarkPCS Health, L.L.C. et al.*, No. 3:23-cv-01127 (D.P.R.); *The State of Vermont v. Evernorth Health Inc. et al.*, No. 2:24-cv-011033 (D. Vt.).

[3] Citing *Ward v. Ortho-McNeil Pharm.*, 2015 WL 4110990, at *6 (E.D.N.C. July 7, 2015) (motion for leave to amend complaint filed after expert reports exchanged and motion for summary judgment); *Klunder v. Trs. & Fellows of the College or Univ. in English Colony*, 2013 WL 366972, at *2 (D.R.I. Jan. 30, 2013) (motion for leave to amend complaint filed after cross-motions for summary judgment and one day before close of discovery); *Flood v. Bank Am. Corp.*, 2012 WL 6111451, at *1-2 (D. Me. Dec. 10, 2012) (motion for leave to amend complaint filed well past the deadline for amendment of pleadings and after close of discovery); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (motion for leave to amend complaint filed immediately before trial); *Isaac v. Harvard Univ.*, 769 F.2d 817, 828 (1st Cir. 1985) (motion for leave to amend complaint filed four years after original complaint and after pretrial conference scheduled); *Pkfinas Int'l Corp. v. IBJ Shroder Leasing Corp.*, 1996 WL 84481, at *3 (S.D.N.Y. Feb. 27, 1996) (motion for leave to amend complaint filed near end of a multi-year discovery period); *Fleet Connect Sols. LLC v. C.R. England, Inc.*, 2024 WL 5679163, at *7 (C.D. Cal. Nov. 15, 2024) (motion for leave to amend complaint filed after discovery).

transferring the Government's action to this MDL, no court had entered a scheduling order or ruled on Defendants' Motions to Dismiss and discovery had not yet begun. Further, since the JPML transferred the Government's action to this MDL, Defendants have not mentioned renewing their Motions to Dismiss.

Third, "[t]he Third Circuit has recognized that a motion to amend a complaint may be properly denied as unduly prejudicial to the defendants when it is made on the eve of trial or after the close of discovery." *Leibholz*, 2007 WL 2177386, at *6 (citing *Gay v. Petsock*, 917 F.2d 768, 722 (3d Cir. 1990)). That is not the case here. Typically, when discovery is still open—as it is here—courts do not find undue prejudice. *See Luppino v. Mercedes-Benz USA, LLC*, 2014 WL 4474004, at *4 (D.N.J. Sept. 4, 2014).[4] For example, in *Leibholz*, 2007 WL 2177386 at *6, the court found an amendment did not pose undue prejudice to the defendant because the parties had just begun discovery and the court had not yet set a trial date or pretrial conference. Similarly, in *TransWeb, LLC v. 3M Innovative Properties Co.*, 2011 WL 2181189, at *9 (D.N.J. June 1, 2011), the court granted the plaintiff's motion for leave to amend complaint because the parties still had several months of fact discovery.

The out-of-jurisdiction cases on which the PBM Defendants rely to support the denial of leave to amend complaint at the pleading stage are inapposite because they involve special circumstances that are not present in the Government's action. ECF No. 623 at 33. For example, in *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674 (7th Cir. 2014), the trial court found the

---

[4] The PBM Defendants' attempt to distinguish *Luppino*, 2014 WL 4474004, from this action is unavailing. In *Luppino*, the court recognized the general rule that unfair prejudice does not exist when a party moves to amend while discovery is open. *Id*. at *4. However, in *Luppino*, when the plaintiffs moved to amend their Fifth Amended Complaint, discovery had already closed. *Id*. at *2. Nonetheless, the court granted the plaintiffs leave to amend their complaint because the amendment did not require either side to conduct additional discovery. *Id*. at *4.

3

defendants had already expended significant resources opposing a motion for preliminary injunction based on the original complaint. It also found that the plaintiff waited to seek leave to amend his complaint for more than six months after a ruling on the defendants' motion to dismiss.[5] The Government did not wait six months after a ruling on a motion to dismiss to seek leave to amend. In fact, there have been no rulings on Defendants' motions to dismiss.

Lastly, Defendants cannot claim undue prejudice with respect to the Government's request to add claims relating to non-insulin diabetes products and the PBM Defendants' group purchasing organizations as defendants. These products and parties have been at issue since the formation of this MDL and are already the subject of extensive discovery. Thus, there is no additional burden to Defendants in adding these claims and parties in the Government's action.

Because the Government's proposed amendment will not unduly prejudice Defendants, the Court should grant the Government's Motion for Leave to Amend Complaint.

## 2. The Government Did Not Unduly Delay in Requesting Leave to Amend Its Complaint

Defendants falsely contend that the Government's request for amendment is too late. ECF No. 623 at 24-27; ECF No. 622 at 13-16. When the Government first requested leave to amend its complaint, there was not a deadline for amendment of pleadings, let alone a deadline that passed. Even if the Court finds the Government's amendment is delayed, to warrant refusal of leave to amend, a delay must be egregious or unexplained. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d

---

[5] The PBM Defendants also rely on *Member Select Ins. Co. v. Cub Cadet, LLC*, 2017 WL 563161 (N.D. Ind. Feb. 13, 2017) and *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379 (M.D.N.C. 1988). In *Member Select*, 2017 WL 563161, at *3, the plaintiff sought leave to amend to add non-diverse parties that would destroy subject matter jurisdiction after removal. In *GSS Properties*, 119 F.R.D. at 380-81, the plaintiff requested leave to amend its complaint three months before the close of discovery after informing the court at a pretrial conference that it did not need to amend its complaint. The same is not true in the Government's action.

2006). To the extent there was a delay, it was neither egregious nor unexplained, because the parties spent nearly two years litigating jurisdictional issues.

The PBM Defendants' own authority shows that it is "unusual" to find undue delay at the pleading stage. *See* ECF No. 623 at 27, 33 (citing *McCoy* 760 F.3d at 687); *see also Dole*, 921 F.2d at 488 (finding no undue delay when parties engaged in settlement negotiations and discovery for several months prior to plaintiff seeking to amend complaint). In *McCoy*, 760 F.3d at 687, the court recognized: "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into litigation." Likewise, Defendants' cited authority involves amendments sought late in the procedural stages of litigation. *See* ECF No. 623 at 24-27;[6] ECF No. 622 at 13-16.[7] But as explained in the Government's opening brief and above, this action is still in its infancy. For nearly two years, the parties litigated jurisdictional issues and various motions to stay the proceedings.

---

[6] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1410 (3d Cir. 1993) (motion for leave to amend complaint filed nearly two years after complaint amended for second time); *City of Phila.*, 703 F.3d at 619-20 (motion for leave to amend complaint filed more than a year after decision on motion to dismiss and following a period of extensive discovery); *Wright v. County of Camden*, 2022 WL 3536013, at *1 (D.N.J. Aug. 18, 2022) (motion for leave to amend complaint filed after deadline to amend the pleadings); *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 47 (1st Cir. 2008) (motion for leave to amend complaint filed after court granted motion to dismiss first amended complaint and six years after action originally filed and voluntarily dismissed without prejudice); *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20-21 (1st Cir. 2013) (motion for leave to amend complaint filed after fully briefed motions to dismiss for lack of subject matter jurisdiction were under advisement; order without prejudice to plaintiffs' right to pursue claims in local court).

[7] *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) (motion for leave to amend complaint filed post judgment).

The Manufacturer Defendants also rely on three cases that are inapposite because they relate to futile amendments or do not relate to motions to amend at all. *See* ECF No. 622 at 16 (citing *In re Exxon Mobil Corp. Sec. Litig.*, 387 F. Supp. 2d 407, 431-32 (D.N.J. 2005) (motion for leave to amend complaint filed after court dismissed case denied because amendment was futile; recognizing Third Circuit narrowed application of amendment standard in securities fraud cases to filter out lawsuits with no factual basis at earliest stage); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (same); *Giant Grp., Ltd. V. Sands*, 142 F. Supp. 2d 503, 504-05 (S.D.N.Y. 2001) (addressing motion to dismiss, not motion for leave to amend complaint)).

Moreover, even though the Government served Defendants with discovery more than 18 months ago, Defendants did not produce one single document prior to the transfer. On the eve of the deadline for responding to the Government's discovery requests, the PBM Defendants filed a motion to stay proceedings pending the outcome of their First Circuit appeals, or in the alternative, their Motions to Dismiss. After that, Defendants took the position that discovery should not move forward. Defendants' position in seeking to stay (and effectively staying, through their non-cooperation) the litigation because of the jurisdictional disputes, while also maintaining that they would be prejudiced by the Government's inaction through that same litigation cannot be squared.

Further, Defendants cannot credibly dispute that significant developments occurred between when the Government initially filed this action and the Government's first attempt to amend its complaint. For example, a portion of the Government's proposed Second Amended Complaint addresses the PBM Defendants' practices that negatively impact independent pharmacies. The Federal Trade Commission ("FTC") did not release its first comprehensive report addressing these practices until July 9, 2024—more than 18 months after the Government filed its initial complaint. *See* ECF No. 605-2 ¶ 233. The FTC also filed an administrative complaint (attached as Exhibit 1) against the PBM Defendants on November 26, 2024 for their role in artificially inflating the price of insulin products. The complaint contained many findings from the FTC's multi-year investigation, including that the PBM Defendants' tactics "have effects beyond insulin." Ex. 1, ¶ 11.

Defendants' claim that the Government could have amended its complaint sooner because its counsel represents Hawaiʻi in broader litigation against the PBM Defendants is a red herring. Hawaiʻi did not file an action against the PBM Defendants until nearly nine months after Puerto Rico initiated this action and after Express Scripts and CVS Caremark appealed the District of

6

Puerto Rico's remand order. Moreover, even though Hawaii's First Amended Complaint was not limited to insulin products, it focused primarily on insulin products. In fact, CVS Caremark and OptumRx represented to the JPML that Hawaii's First Amended Complaint only had "a few stray references to non-diabetes drugs." *See also In re Insulin Pricing Litig.*, No. 3080, ECF No. 210-1 (JPML). Hawaii's First Amended Complaint was also dismissed, in part, for lack of specificity. *See State of Hawaiʻi ex rel. Anne Lopez v. CaremarkPCS Health, L.L.C. et al.*, No. 1:23-cv-464, ECF No. 158 at 16-17 (D. Haw.). Hawaiʻi did not file its Second Amended Complaint, which is similar to the Government's proposed Second Amended Complaint, until November 27, 2024—less than a month before the Government first sought leave to amend its complaint. *See id.*, ECF No. 166. The Government therefore did not unduly delay in seeking leave to amend its complaint.

### 3. Denying the Government Leave to Amend Its Complaint Rewards Defendants' Gamesmanship and Unfairly Punishes the Government

The Government's amendment is not—as Defendants falsely assert—gamesmanship. ECF No. 623 at 27-31. If anyone is engaged in gamesmanship, it is Defendants. Throughout this litigation, the Government has attempted to diligently move the case forward but has been blocked at every turn. For example, the PBM Defendants collectively filed four motions to stay the proceedings. After the PBM Defendants filed their last motion to stay, Defendants granted themselves a self-help stay for more than a year. By contrast, the Government timely requested leave to amend its complaint. Denying the Government's request for leave to amend its complaint therefore rewards Defendants' dilatory tactics and unfairly punishes the Government.

Defendants are incorrect that the Government is seeking this amendment only to avoid MDL jurisdiction. If that were true, the Government would have stopped pursuing its amendment upon transfer to this MDL. The Government brings its Motion for Leave to Amend Complaint in good faith based on actionable misconduct, which Defendants do not—and cannot—dispute.

7

Defendants' forum manipulation concerns also ring particularly hollow because the Government did not select the District of Puerto Rico as its forum, Express Scripts and CVS Caremark did when they removed the Government's action from the Court of First Instance and the other Defendants acquiesced. Moreover, as explained below, the Government's motive in seeking the amendment is irrelevant.

Defendants could only muster a single case relating to bad faith in the context of a pending MDL transfer. *See* ECF No. 623 at 28 (citing *Diaz v. Ameriquest Mortg. Co.*, 2014 WL 26265 (N.D. Ill. Jan. 2, 2014)). However, in *Diaz*, 2014 WL 26265, at *2-3, the JPML's conditional transfer of the matter to an MDL was immaterial. The court denied the plaintiff's request to amend because the plaintiff sought to replace a Truth in Lending Act ("TILA") claim with a claim under the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"). *Id*. The court found this change would unduly prejudice the defendant because the TILA required plaintiff to repay the loan if the contract was rescinded but the MCCCDA did not. *Id*. Thus, the amendment would have allowed the plaintiff to escape its repayment obligation. The Government's Second Amended Complaint does not present the same issue.[8]

---

[8] Defendants also relied on multiple cases involving other dissimilar circumstances. *See* ECF No. 623 at 27-31 (citing *Calzadillas v. Wonderful Co.*, 2019 WL 5448308, at *4 (E.D. Cal. Oct. 24, 2019) (court denied motion to amend complaint when plaintiffs' counsel brought the same cause of action in another case filed in state court but artfully pleaded to avoid federal jurisdiction); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1058-59 (N.D. Cal. 2015) (plaintiff sought to amend complaint to dismiss claim she admits is time-barred in an effort to avoid arbitration); *Fleet ConnectSols*, 2024 WL 5679163, at *7-8 (plaintiff filed motion to amend complaint to add claims involving additional products despite many being time barred to defeat motion to stay proceedings)).

Defendants also rely on cases involving post-removal amendments where plaintiffs delete federal claims or add non-diverse parties to destroy federal jurisdiction. *See* ECF 623 at 27-31;[9] ECF 622 at 10.[10] Some courts have either denied these types of amendments or looked to the original complaint rather than the amended complaint when determining the existence of federal jurisdiction due to forum shopping concerns. *See supra* notes 9-10; *see also Royal Canin U.S.A, Inc. v. Wullschleger*, 604 U.S. 22, 56 (2025). However, in *Royal Canin*, 604 U.S. at 42-43, the Supreme Court unanimously ruled that post-removal amendments of complaints that remove the basis for federal jurisdiction deprive district courts of jurisdiction. The Court dismissed forum manipulation claims as "minor," recognizing that "plaintiffs can usually forum shop without any resort to amendments." *Id*. at 42 n.9. Defendants argue that *Royal Canin* is inapplicable because it does not relate to a motion to amend complaint. ECF No. 623 at 29 n.9; ECF No. 622 at 10 n.10. This ignores that the Supreme Court clearly considered and rejected the same arguments of bad faith and gamesmanship that Defendants raise here.

The most efficient path forward would be for the Government to pursue all its claims in one action outside this MDL. However, the Government has also offered alternative solutions, which the Manufacturer Defendants support, that would allow the Government's insulin and other diabetes-related claims to proceed in this MDL while the Court severs or stays the Government's remaining claims.[11] These alternative approaches would allow the Government to preserve its

---

[9] *Bouie v. Equistar Chems. LP*, 188 F. App'x 233, 236 (5th Cir. 2006) (plaintiff moved to amend complaint post removal to drop federal claims); *Member Select Ins.*, 2017 WL 563161, at *1 (plaintiff filed motion for leave to amend complaint post removal to add nondiverse party).

[10] *VTX Commc'ns, LLC v. AT&T, Inc.*, 2020 WL 918670, at *6 (S.D. Tex. Feb. 26, 2020) (plaintiff filed motion for leave to amend complaint post removal to defeat federal jurisdiction).

[11] These approaches would obviate Defendants' forum shopping concern if that was an appropriate consideration, which it is not.

claims and conduct any discovery common to both sets of claims, such as discovery concerning the PBM Defendants' general rebate and formulary strategies, through this MDL.

### 4. The Law of the Case Doctrine Does Not Preclude the Court from Granting the Government Leave to Amend Its Complaint

As explained in the Government's opening brief, the law of the case doctrine does not preclude the Court from granting the Government's Motion for Leave to Amend Complaint. Nothing in Defendants' arguments refute that.

First and foremost, the law of the case doctrine does not prevent the Court from "revisit[ing] prior decisions of its own or of a coordinate court ***in any circumstance***[.]" *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (emphasis added). Nonetheless, the Government has explained that several exceptions to the doctrine apply here, including that the District of Puerto Rico's decision was clearly erroneous and would work a manifest injustice for the reasons explained above. Second, the Government's initial request that the District of Puerto Rico hear the Government's Motion for Leave to Amend rather than this Court is immaterial. The Government made that request because it was the most efficient way to resolve the Government's Motion at that time. That is no longer true. Lastly, the District of Puerto Rico found the Government's prior request to amend was untimely given the immediate procedural posture of the case. Thus, it was preliminary in nature and not the final word on the Government's ability to amend its complaint in this litigation. *See, e.g.*, *Greco v. Grewal*, 2020 WL 7334194, at *8 (D.N.J. Dec. 11, 2020) (Martinotti, J.).

### 5. The Government's Motion for Leave to Amend Complaint Is Not a Request for Reconsideration

Contrary to the PBM Defendants' claim, the Government's Motion for Leave to Amend Complaint is not a request for reconsideration. ECF No. 623 at 20-23. As explained in the

Government's opening brief and above, the District of Puerto Rico's order denying the Government leave to amend its complaint was not a final judgment or a decision on the merits of the claims contained in the Government's proposed Second Amended Complaint. Rather, the District of Puerto Rico found the Government's request was untimely in the context of the impending transfer to this MDL. The Government therefore renewed its request upon the JPML's transfer of the Government's action to this MDL. The PBM Defendants' reliance on their cited authority is misplaced because the cases do not involve motions to amend complaints or the type of change in circumstances that would warrant the filing of a repeated motion (*e.g.*, transfer to another court or transfer into an MDL). *See* ECF No. 263 at 20.[12]

## CONCLUSION

Because the Government's action is in the earliest stage of litigation and no deadline had been set for amendment of the pleadings prior to the JPML transferring this matter into this MDL, there is no just reason to deny the Government's Motion for Leave to Amend Complaint.

DATED: July 14, 2025                    RESPECTFULLY SUBMITTED,

**DEPARTMENT OF JUSTICE OF PUERTO RICO**

/s/ *Elizabeth Paige Boggs*
**LINDA SINGER**
Admitted *Pro Hac Vice*
**DAVID I. ACKERMAN**
**ELIZABETH PAIGE BOGGS**
Admitted *Pro Hac Vice*

---

[12] Citing *Sociedade Dos Vinhos Borges S.A. v. Santos*, 2012 WL 1574754, at *1 (D.N.J.) (found second motion to vacate default judgment filed in the same court less than thirty-days after first motion to vacate default judgment was effectively untimely motion for reconsideration; court nonetheless considered the second motion to vacate default judgment on its merits); *In re Valeant Pharms. Int'l, Inc., Sec. Litig.*, 2019 W 2724075, at *4 (D.N.J. June 30, 2019) (finding second motion to dismiss in same court was essentially motion for reconsideration); *Gonzalez v. Tomasini v. U.S. Postal Serv.*, 2022 W 2820073, at *13-14 (D.P.R. July 19, 2022) (same).

**DEVIN X. WILLIAMS**
Admitted *Pro Hac Vice*
**MOTLEY RICE LLC**
401 9th Street, NW, Suite 630
Washington, DC 20004
Tel. (202) 386-9626
Fax. (202) 386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com
dwilliams@motleyrice.com

**ANDRÉS W. LÓPEZ**
Admitted *Pro Hac Vice*
**THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C**.
P.O. Box 13909
San Juan, PR 00908
Tel. (787) 294-9508
andres@awllaw.com