**WALSH PIZZI O'REILLY FALANGA**

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

July 16, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:    **In re: Insulin Pricing Litigation, No. 2:23-md-03080-BRM-RLS, MDL No. 3080: Manufacturers' Letter Regarding Outstanding Discovery Disputes**

Dear Judge Wettre,

This firm, together with Jones Day, represents Defendant Sanofi-Aventis U.S. LLC in the above-referenced action. We write on behalf of all Manufacturer Defendants. As Your Honor requested, the ripe discovery disputes are detailed below, and courtesy copies have been sent to Your Honor's chambers. This list does not include disputes specific to PBM Defendants, who write separately.

Manufacturers respectfully submit that resolving the Self-Funded Payer ("SFP") Track Plaintiff Fact Sheet ("PFS") Deficiencies dispute should be prioritized. Resolution of that motion will impact outstanding and future deficiency disputes involving the vast majority of plaintiffs in this MDL (nearly 400 plaintiffs) and enable the parties to progress both this track and the MDL.

    1.  **SFP Track Plaintiff Fact Sheet Deficiencies (Oral Argument Requested)**

Plaintiffs' deficient PFS responses, failure to produce documents, and refusal to cure other deficiencies have stymied Defendants' ability to collect the information necessary to inform the next stage of the litigation, slowing the progress of both this track and the MDL. The parties have submitted a joint letter brief on these issues; resolution of that motion would materially advance the litigation.

Over a year ago, and at Plaintiffs' request, Judge Singh ordered a PFS process, with the goal of "narrowing the issues" and determining "the most efficient way to move these cases to their next phases." ECF 291 at 9, 12; *see* ECF 313 (CMO 13) (anticipating "case-specific" SFP track discovery following the PFS process). After the parties briefed the content of the PFS and initial document requests, Judge Singh entered CMO 14, which orders Plaintiffs to fully respond to all questions and document requests in the PFS. ECF 315 (the required PFS appears on pages 9-21). CMO 14 also governs the process through which the parties are to resolve disputes about PFS responses.

Since January 2025, Plaintiffs have submitted consistently deficient PFS responses and minimal, if any, document productions. After meet-and-confers did not resolve these issues, the parties submitted

July 16, 2025
Page 2

this joint letter brief via email pursuant to CMO 14. By highlighting 26 exemplar Plaintiffs, the brief focuses on cross-cutting deficiencies that exist in many Plaintiffs' PFS responses and accompanying document productions. Resolution of this dispute will significantly impact the entire track. First, responses from the vast majority of SFP Plaintiffs contain the same deficiencies as the 26 exemplar Plaintiffs, meaning that the Court's decision will provide guidance to the whole track. Second, while this dispute is pending, other SFP Plaintiffs have said that they would not resolve *any* deficiencies that Defendants identify in their Fact Sheets, regardless of whether those deficiencies are addressed in the brief.

   2. **Motion for Entry of Order to Show Cause Under CMO 14, ECF 602 (SFP Track)**

CMO 14 prescribes deadlines for Plaintiffs to serve their PFS responses and to address deficiencies Defendants identify. Pursuant to CMO 14, Defendants' unopposed motion requests entry of an Order to Show Cause as to why Plaintiff SummaCare, Inc. (Case No. 2:25-cv-0046) should not be dismissed for failure to submit a PFS. SummaCare's PFS was originally due in March 2025, it has missed every extension that Defendants have consented to, and it still has not responded to Defendants' motion. Therefore, Defendants ask that the Court grant this unopposed motion.

If other SFP Plaintiffs do not meet the deadlines in CMO 14 or an agreed extension, Defendants anticipate filing additional motions to show cause or short letter briefs.

   3. **Disputes regarding Privilege Log Protocol (All Tracks) (ECF Nos. 549, 550, 551, 567, 570) (Oral Argument requested by Plaintiffs)**

The parties dispute several aspects of the privilege log protocol. In short, Defendants' proposed protocol would apply uniformly to all parties; conversely, Plaintiffs' proposed protocol is one-sided, and would impose immense burden on Defendants while exempting Plaintiffs, especially the State AG track, from this burden. The disputes include: (1) deadlines for privilege log service, challenges, downgrade productions, and clawback overlays; (2) exemptions for certain materials relating to "investigations about insulin pricing" or subject to the common interest or joint defense doctrine; (3) State AG Plaintiffs' argument that they are exempt from logging materials they have shared with third parties, including non-Plaintiff AGs and non-client local, state, and federal agencies; and (4) whether State AG Plaintiffs—and no other party—may use a categorical log.

Despite these disputes, Defendants continue to review and produce documents and aim to serve a privilege log within 120 days following entry of a Privilege Order.

   4. **Motion for Permission to Propound Requests for Admission to Defendant Novo Nordisk Inc. (ECF Nos. 588, 604) (All Tracks)**

The operative Case Management Orders do not contemplate the service of Requests for Admission (RFAs) at this stage of the case, or address appropriate numerical or other limits on such discovery. Plaintiffs have nonetheless requested leave to file a motion seeking to serve nearly 100 RFAs on Novo Nordisk Inc. For the reasons set forth in ECF No. 604, Plaintiffs' request is premature and inefficient. To the extent the Court is inclined to address RFAs at this time, and as explained in Novo Nordisk Inc.'s brief, it should direct all parties to meet and confer regarding an agreed-upon framework (or competing proposals) for serving and responding to RFAs, including timelines, numerical limits, and substantive parameters.

July 16, 2025
Page 3

We appreciate the Court's consideration of this submission and ongoing attention to this matter.

Respectfully submitted,

*s/ Liza M. Walsh*
Liza M. Walsh