# Morgan Lewis

**Jason R. Scherr**
Partner
+1.202.373.6709
jr.scherr@morganlewis.com

July 16, 2025

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-RLS

Dear Judge Wettre:

The PBM and GPO defendants ("PBM Defendants")[1] write in response to Your Honor's direction during the July 8, 2025 Case Management Conference that the parties submit a letter summarizing the pending discovery disputes and identifying those warranting priority treatment based on their impact on the litigation's progress.  A list of all pending motions was provided by the parties on July 15, 2025.  PBM Defendants submit that only one motion warrants oral argument.

**SFP PFS Deficiencies.**  On May 23, 2025, the Parties submitted a joint letter brief to the Court regarding Self-Funded Payer (SFP) Track Plaintiff Fact Sheet (PFS) deficiencies.[2]  Defendants subsequently requested a conference to hear argument on the issue.  ECF No. 620.  Because resolution of that motion will impact outstanding and future discovery disputes across the SFP Track, which currently has more than 400 pending cases, the PBM Defendants respectfully request that the Court address the SFP PFS deficiencies during the next discovery conference, in August.

SFP Plaintiffs advocated for a PFS process in lieu of the traditional discovery sought by defendants, promising that the PFS process would yield "the core information necessary to move this" MDL forward, ECF No. 270 at 9.  Yet SFP Plaintiffs are systematically thwarting that process by

---

[1] Solely for the convenience of the parties to distinguish from the Manufacturer Defendants, we use the term "PBM Defendants" here to refer to CVS Health Corporation; Caremark, LLC; CaremarkRx LLC; CaremarkPCS Health, LLC; Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy Inc.; Medco Health Solutions, Inc.; UnitedHealth Group Incorporated; Optum, Inc.; OptumRx, Inc.; and OptumInsight, Inc., as well as the Group Purchasing Organization (GPO) Defendants (Zinc Health Services, LLC; Ascent Health Services LLC; and Emisar Pharma Services LLC), even though several of those entities are not PBMs.

[2] The parties submitted a copy to Your Honor's chambers via email on Monday, July 14, 2025.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004                 ☎ +1.202.739.3000
United States                                       📠 +1.202.739.3001

**VIA E-MAIL**

Hon. Leda Dunn Wettre, U.S.M.J.
July 16, 2025
Page 2

refusing to provide basic information in support of their claims. The Parties' joint letter addresses cross-cutting deficiencies throughout SFP Track PFS submissions, including Plaintiffs' failure to produce documents, failure to provide any specific facts underlying their claims for fraudulent or deceptive conduct, and failure to explain how and when they were supposedly damaged by each defendant's conduct. What makes this most pressing among discovery disputes is that SFP Plaintiffs are treating the pendency of this discovery dispute as an invitation for them to halt *all* discovery obligations, with certain SFP Plaintiffs taking the position during subsequent conferrals that they will not address *any* deficiencies in their PFS responses until after the Court rules on the pending dispute, even if the deficiency in question is not currently before the Court. The issues addressed in the Parties' joint letter are common across more than 400 plaintiffs in the SFP Track and, importantly, representative of discovery issues across tracks. Accordingly, resolution of this dispute will aid in advancement of discovery across the MDL.[3]

**Other Discovery Disputes.** Plaintiffs have raised a number of discovery issues with the Court, each indicative of Plaintiffs' one-sided view of discovery in this MDL and their desire to expand discovery of Defendants and third parties not only beyond the Master Discovery phase, but also beyond the contours of their claims in these cases. Each can be resolved on the papers.

- Plaintiffs have refused to accept reasonable, reciprocal, and proportionate procedures for logging privileged materials, as addressed in the parties' briefing regarding the privilege log protocol dispute. ECF Nos. 549, 550, 551, 567, and 570.

- Plaintiffs have sought to compel discovery from certain of the GPO Defendants, despite the already substantial discovery burden undertaken by those defendants who are parties to only a fraction of the cases in this MDL and who did not exist for most of the court-ordered discovery timeframe. ECF Nos. 576, 590, and 591.

- Plaintiffs have sought permission to propound certain requests for admission against Novo Nordisk—discovery not provided for during this Master Discovery phase. ECF Nos. 588, 604.

- Plaintiffs have sought to compel from third-party Compass Lexecon discovery of certain PBM data and communications related to a report issued by Dr. Dennis Carlton regarding the market effect of PBMs on the price of a wide host of drugs (not just Diabetes Medications), which is a circumvention of party discovery, unduly burdensome, and protected by the attorney client and work product privilege. ECF Nos. 522, 594, 596, 597, and 610.

PBM Defendants' positions on these disputes, to the extent applicable, are set forth in their briefing. While none of these disputes presents a gating issue likely to impact the ability of discovery to proceed as Your Honor gains familiarity with the case and discovery issues, PBM Defendants are happy to address any of the above issues at the next Court conference, to the extent the Court would find it helpful.

---

[3] Defendants' Motion for Entry of Order to Show Cause under CMO 14, ECF 602, also remains pending. The PBM Defendants submit that it can be resolved on the papers.

**VIA E-MAIL**

Hon. Leda Dunn Wettre, U.S.M.J.
July 16, 2025
Page 3

Respectfully submitted,

| | |
|---|---|
| /s/Jason R. Scherr | /s/R. Kennon Poteat III |
| Jason R. Scherr | Kevin H. Marino, Esq. |
| Elise M. Attridge | John D. Tortorella, Esq. |
| Lindsey T. Levy | **Marino, Tortorella & Boyle, P.C.** |
| **Morgan, Lewis & Bockius LLP** | |
| | Enu Mainigi |
| *Counsel for Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc., and Ascent Health Services LLC* | Craig Singer |
| | R. Kennon Poteat III |
| | A. Joshua Podoll |
| | Benjamin Hazelwood |
| | Daniel Dockery |
| | **Williams & Connolly LLP** |
| | |
| | *Counsel for CVS Health Corporation; CVS Pharmacy, Inc., Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; and Caremark, L.L.C., and Zinc Health Services, LLC* |

/s/Brian D. Boone
Thomas P. Scrivo
Young Yu
**O'Toole Scrivo, LLC**

Brian D. Boone
Elizabeth Broadway Brown
Kelley Connolly Barnaby
Jordan Edwards
**Alston & Bird LLP**

*Counsel for UnitedHealth Group Incorporated; OptumRx, Inc.; Optum, Inc.; OptumInsight, Inc.; and Emisar Pharma Services LLC*