# Exhibit 2

OFFICE OF THE ARIZONA ATTORNEY GENERAL
2005 N. Central Ave
Pheonix, AZ 85004-1592

KOZYAK TROPIN & THROCKMORTON LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
(305) 372-1800

LEVIN, PAPANTONIO, PROCTOR, BUCHANAN,
O'BRIEN, BARR & MOUGEY, P.A.
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
(850) 435-7140

RAFFERTY DOMNICK CUNNINGHAM & YAFFA
815 S Palafox Street, 3rd Floor
Pensacola, Florida 32502
(561) 516-5168

SEEGER WEISS, LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
(973) 639-9100

BARON & BUDD, P.C.
3102 Oak Lawn Ave # 1100
Dallas, Texas 75219
(214) 521-3605

LAW OFFICE OF JOSEPH C. TANN, PLLC
7735 N 78th St.
Scottsdale, AZ 85258

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**THIS DOCUMENT RELATES TO:**
*State of Arizona v. Eli Lilly and Company, et al.*, Case No. 2:24-cv-260

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Plaintiff State of Arizona ("Plaintiff") provides the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

These initial disclosures are made upon information reasonably available to Plaintiff at this time. At this early stage in the litigation, Plaintiff has not yet completed its investigation, and fact discovery has just commenced. These initial disclosures are without prejudice to Plaintiff's right to identify or rely on facts or information provided by witnesses, documents, and other sources of discovery not specifically identified herein. Plaintiff expressly reserves its right to clarify, amend, supplement, or otherwise modify these initial disclosures pursuant to the Federal Rules.

These initial disclosures shall not be deemed an admission of a fact in dispute or a waiver of any right that Plaintiff may assert with respect to any claim or defense in this litigation. Plaintiff does not waive and expressly reserves any applicable objections to the use of any information in these initial disclosures, including but not limited to: (a) attorney-client privilege, (b) work product doctrine, (c) privacy, (d) any other applicable privilege or protection under

federal or state law, (e) relevance, (f) undue burden, (g) overbreadth, (h) admissibility, and (i) any other valid objection to items mentioned in these initial disclosures or the subject matter thereof.

## INITIAL DISCLOSURES

### I. RULE 26(A)(1)(A)(I) – INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Subject to and without waiving its Preliminary Statement and Reservations of Rights above, Plaintiff hereby submits that the following entities and individuals are likely to have discoverable information that Plaintiff may use to support the claims in its operative complaint, unless that use would be solely for impeachment. In identifying these entities and individuals, Plaintiff expressly reserves its right to assert any applicable privilege or other objection to any testimony or position that any person listed below may offer at any deposition, hearing, trial, or otherwise in this case.

#### A. State of Arizona

The following employees and former employees are likely to have discoverable information regarding the allegations specific to Plaintiff in the operative complaint, including information relating to: health plans and prescription drug coverage offered, administered, or sponsored by Plaintiff during the relevant time period; Plaintiff's RFPs relating to pharmacy-benefits management services; PBMs with whom Plaintiff contracted during the relevant time period, as well as contracts and communications with such PBMs; representations made to Plaintiff by PBMs regarding their PBM services; consultants, advisors, brokers, or other third parties with whom Plaintiff contracted regarding its health plans or its selection of PBMs, as well as contracts and communications with such advisors or other third parties; purchases of at-issue medications by Plaintiff and/or Plaintiff's plan beneficiaries; and total drug expenditures by

Plaintiff (including total expenditures on at-issue medications. These individuals should be contacted through Plaintiff's counsel.

1. Daniel Rodriguez-Guzman. Mr. Rodriguez-Guzman is the State's Diabetes Program Manager. Mr. Rodriguez-Guzman is employed within the Arizona Department of Health Services. Mr. Rodriguez-Guzman may have knowledge about the Arizona Diabetes Program, as well as data and reports related to diabetes treatment in Arizona, including the 2023 Diabetes Action Plan.

2. Paul Matson. Mr. Matson is the Executive Director of the Arizona State Retirement System. Mr. Matson may have knowledge regarding the scope and scale of diabetes diagnoses and treatment among retired state employees.

3. David Steuber. Mr. Steuber is the State Procurement Administrator of the Arizona Department of Administration. Mr. Steuber may have knowledge about state procurement of medications to treat diabetes.

4. Carmen Heredia. Ms. Heredia is the Cabinet Executive Officer of the Arizona Health Care Cost Containment System. Ms. Heredia may have knowledge about diabetes treatment costs for Arizona Medicaid and CHIP recipients.

5. Larry L. Gann Jr. Mr. Gann Jr. is the Assistant Director of the Healthcare Services Division. Mr. Gann Jr. works with the Arizona Department of Corrections, Rehabilitation, and Reentry. Mr. Gann Jr. may have knowledge about diabetes treatment costs for inmates in state prison system.

B. **Defendants**

Plaintiff anticipates that information relevant to its claims is in the possession, custody, and control of Defendants, as well as their current and former affiliates, subsidiaries, officers, directors, employees, representatives, and other third parties who have not yet been identified.

Defendants are likely to have discoverable information related to all allegations in the complaint.

C. **Third Parties**

One or more representatives and/or employees of the following third parties are likely to have discoverable information that Plaintiff may use to support its claims:

| Name | Address/Phone No. (where available) | Category of Relevant Information |
|---|---|---|
| Individuals involved in the State's Diabetes Action Plan and Report, or their replacements, including:<br><br>David L. Foley (replacing Delores Becenti)<br>Jamie Ritchey (replacing Alida Montiel)<br>Nikki Mangnall (replacing Dan Cadriel) | David L. Foley<br>Director, Navajo Epidemiology Center<br>Mailing: Navajo Nation Division of Health, P.O. Box 1390, Window Rock, AZ 86515<br>Physical: Navajo Epidemiology Center, Navajo Blvd., W008-247, Window Rock, AZ<br>dfoley@navajo-nsn.gov<br>(928) 871-6539<br><br>Jamie Ritchey<br>Director, Inter Tribal Council of Arizona, Inc. Tribal Epidemiology Center<br>2214 N. Central Ave., Phoenix, AZ 85004<br>(602) 258-4822<br><br>Nikki Mangnall<br>nikki_mangnall@uhc.com | May have knowledge about the Arizona Diabetes Program, data and reports related to diabetes treatment in Arizona, the scope and scale of that State's diabetes diagnoses, costs, and treatment. |
| Medimpact | 8150 South Kyrene Rd. Tempe, AZ 85284<br><br>(800) 788-2949 | PBM services provided for state employees. |

| Name | Address/Phone No. (where available) | Category of Relevant Information |
|---|---|---|
| The Pharmaceutical Research and Manufacturers of America | 670 Maine Avenue, SW, Suite 1000, Washington, DC 20024 | All Defendants: trade group membership, communications and lobbying efforts. |
| The Pharmaceutical Care Management Association | 325 7th Street, NW Washington, DC 20004 | All Defendants: trade group membership, communications and lobbying efforts. |
| Ascent Health Services, LLC | Muhlentalstrasse 36 8200 Schaffhausen Switzerland | PBM Defendant rebate aggregator services |
| Coalition for Advanced Pharmacy Services, LLC | c/o Counsel for OptumRX | PBM Defendant rebate aggregator services |
| Emisar Pharma Services LLC | c/o Counsel for OptumRX | PBM Defendant rebate aggregator services |
| Zinc Health Services, LLC | c/o Counsel for CVS Caremark | PBM Defendant rebate aggregator services |
| Cleveland Research Company | 1375 E 9th St #2700 Cleveland, OH 44114 | Manufacturing Defendants: market intelligence, research and consulting services related to sale and price of insulin medications |
| Bernstein Research Group | 1345 Avenue of the Americas, New York, NY 10105 | Manufacturing Defendants: market intelligence, research and consulting services related to sale and price of insulin medications |
| McKinsey & Company, Inc. | 1 Deforest Avenue Suite 300 Summit, NJ 07901 | All Defendants: market intelligence, research and management consulting services related to sale and price of insulin medications |
| Aon plc | 165 Broadway, New York, NY | PBM Defendant consulting, brokerage, and insurance exchange |
| Gallagher US | 2850 Golf Road Rolling Meadows, IL, 60008 | PBM Defendant consulting and brokerage |
| Mercer (US) LLC | Office of the General Counsel 1166 Avenue of the Americas New York, NY 10036 | PBM Defendant consulting and brokerage |
| Willis Towers Watson plc | 800 North Glebe Road Floor 10 Arlington, VA 22203 | PBM Defendant consulting and brokerage |
| All persons identified in Defendants' Rule 26(a)(1) disclosures or discovery responses and any individuals deposed by any Defendant. | Unknown | N/A |

\* \* \*

Plaintiff continues to investigate the facts and will reasonably supplement these disclosures once it is reasonable to ascertain which of the individuals whose names appear in the documents to be produced in this matter have information sufficiently important and relevant to merit being listed in Rule 26 Disclosures. Additionally, Plaintiff reserves the right, in its discretion, to rely on the testimony of any individuals identified by Defendants in their Rule 26(a)(1) initial disclosures.

## II. RULE 26(A)(1)(A)(II) – DOCUMENTS, ESI, AND TANGIBLE THINGS

Subject to its Preliminary Statement and Reservation of Rights, Plaintiff hereby identifies the following categories of documents, ESI, and tangible things that are within its possession, custody, or control and that may be used to support its claims for purposes other than solely for impeachment: RFPs issued by Plaintiff requesting PBM services and PBM proposals submitted in response thereto; meeting minutes, agendas, or other documents from the relevant time period in which the selection of a PBM or health plan administrator was discussed; copies of contracts between Plaintiff and PBMs or health plan administrators during the relevant time period; documents and communications transmitted to Plaintiff by PBMs with whom Plaintiff contracted; documents and communications involving third-party consultants or advisers regarding Plaintiff's health plan or PBM services; documents reflecting purchases of the at-issue medications by Plaintiff or Plaintiff's beneficiaries. These documents are at Plaintiff's offices or in custodial sources within Plaintiff's possession, custody, and control.

Further, Plaintiff may use publicly available documents or documents produced by Defendants. Plaintiff reserves the right, in its discretion, to rely on documents produced by Defendants in this matter or public record documents obtained about Defendants by Plaintiff.

These initial disclosures do not include any relevant expert materials, which will be disclosed pursuant to the Federal Rules of Civil Procedure and the Court's scheduling order. Discovery is ongoing, and Plaintiff reserves the right to supplement these initial disclosures if and when Plaintiff discovers additional documents, ESI, and tangible things supporting its claims. Plaintiff is preserving the documents in its possession.

Plaintiff reserves the right to identify additional documents, to remove documents from the list, and to object to the production of any documents described herein on any basis permitted under the Federal Rules of Civil Procedure and any other applicable law or privilege.

### III.    RULE 26(A)(1)(A)(III) – COMPUTATION OF DAMAGES

Plaintiff cannot state the exact amount of damages it has suffered as a result of Defendants' conduct at this time. The computation of damages will be established through discovery, including expert testimony. Plaintiff has not yet obtained all the information it will need to compute the damages to which Plaintiff is entitled, which information is solely in the possession, custody or control of Defendants, their agents and third parties, and which will require expert analysis and testimony. The disclosure of the identity and opinion of any such expert will be made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable orders of this Court. Without waiving any objections, and subject to modification, clarification, supplementation, and/or amendment following additional factual and expert discovery, Plaintiff claims the following categories of damages associated with Defendants' misconduct: compensatory damages for economic losses (including the amount it was overcharged for the at-issue medications); treble damages; equitable disgorgement; costs; other remedies under applicable state law; punitive and exemplary damages where available;

applicable statutory and civil penalties; costs; injunctive relief; attorneys' fees; and pre- and post-judgment interest.

## IV.   RULE 26(A)(1)(A)(IV) – INSURANCE

N/A: Plaintiff is unaware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action.

Dated: October 18, 2024                                    Respectfully submitted,

                      By:   /s/ *Shane Ham*
                            Shane Ham, Esq.
                            KRISTIN K. MAYES
                            ATTORNEY GENERAL
                            OFFICE OF THE ATTORNEY GENERAL
                            2005 North Central Avenue
                            Phoenix, AZ 85004-1592
                            Telephone: (602) 542-8766
                            Facsimile: (602) 542-4377

                            and

                            Benjamin J. Widlanski
                            Tal J. Lifshitz
                            Rachel Sullivan
                            KOZYAK TROPIN & THROCKMORTON LLP
                            2525 Ponce de Leon Blvd., 9th Floor
                            Coral Gables, Florida 33134
                            Telephone: (305) 372-1800

                            and

                            Matthew D. Schultz, Esq.
                            William F. Cash, Esq.
                            Brandon L. Bogle, Esq.
                            LEVIN, PAPANTONIO, PROCTOR,
                            BUCHANAN, O'BRIEN, BARR & MOUGEY,
                            P.A.
                            316 S. Baylen St., Suite 600
                            Pensacola, Florida 32502
                            Telephone: (850) 435-7140

                            and

Troy A. Rafferty, Esq.
RAFFERTY DOMNICK CUNNINGHAM &
YAFFA
815 S Palafox Street, 3rd Floor
Pensacola, Florida 32502
(561) 516-5168

and

Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Steven J. Daroci, Esq.
SEEGER WEISS, LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100

and

Russell Budd, Esq.
Mark P. Pifko, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Ave # 1100
Dallas, Texas 75219
Telephone: (214) 521-3605

and

Joseph C. Tann, Esq.
LAW OFFICE OF JOSEPH C. TANN, PLLC
7735 N 78th St.
Scottsdale, AZ 85258

*Attorneys for Plaintiff*