# Exhibit 5

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Jason Adam Feld<br>To Call Writer Directly:<br>+1 312 862 3759<br>jason.feld@kirkland.com | 333 West Wolfe Point Plaza<br>Chicago, IL 60654<br>United States<br><br>+1 312 862 2000<br><br>www.kirkland.com | Facsimile:<br>+1 312 862 2200 |

March 9, 2025

**Via Email**

Rob Bonta
ATTORNEY GENERAL OF
CALIFORNIA
Darcie Tilly
DEPUTY ATTORNEY GENERAL
600 West Broadway, Suite 1800
San Diego, CA 92101
Tel: (619) 738-9559
Darcie.Tilly@doj.ca.gov

Re: *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-RLS
<u>California's Deficient DAO Disclosure</u>

Counsel,

Defendants write to follow up on the parties' meet and confer on March 4, 2025, regarding the Court-ordered Department, Agencies, or Offices ("DAO") Disclosure process.

As we discussed on our call, Judge Singh ordered that "each State AG Plaintiff shall identify for Defendants those departments, agencies, or offices within the State or Commonwealth that possess information or documents responsive to the PFS and whether such information or documents will be provided in the PFS response, without the need for a Court order or subpoena." ECF No. 335 at 2; CMO 15 ¶ 1.b.i (same). Defendants disagreed with California's understanding that it had satisfied its obligation under Judge Singh's order by looking solely at "publicly available information" and stating that it could not know whether specific entities had responsive information. As we explained during our call, given that anyone can search publicly available information, Judge Singh clearly expected more from the State AGs regarding the State's own agencies. It is California's obligation to identify *all* state agencies that are likely to have responsive information to the PFS. Our understanding from the call is that you were reconsidering your submission in light of our discussion.

# KIRKLAND & ELLIS LLP

Rob Bonta and Darcie Tilly
March 9, 2025
Page 2

    On our call this week, you asked us to provide in writing our rationale for requesting that you include additional entities in your DAO Disclosure. Specifically, you asked us to identify for which PFS questions a specific entity may have responsive information. In addition to the entities identified in your DAO Disclosure and any other entities you identify during your Court-mandated investigation, Defendants believe that at least five additional California agencies are likely to "possess information and documents responsive" to the PFS and should be disclosed on your DAO Disclosure. We identify those agencies below, and include a short summary of our understanding of why they likely would have responsive documents or information and what specific PFS questions are relevant to these DAO:

1. **California Board of Pharmacy ("BOP"):** Pursuant to its website, the California BOP "regulates the pharmacy practice," and "those who are involved with the wholesale or manufacturer of drugs," including the medicines at issue in this MDL. The BOP may also regulate relevant entities, including Defendants, insurers, PBMs, and the insurance plans provided by the State. (*See* PFS Questions: 11-13, 32-42, 50-51 and Document Requests: 6 & 8.)

2. **California Department of Insurance ("CDI"):** The CDI licenses insurers and PBMs and enforces compliance with California laws and regulations, including data reporting requirements relevant to this case. This agency has issued reports concerning prescription drug pricing, and may have a subdivision responsible for receiving and investigating consumer complaints—including those related to their insurance plans or prescription drug pricing. (*See* PFS Questions: 11-13, 32-42, 50-51 and Document Requests: 6 & 8.)

3. **California Department of Managed Health Care ("DMHC"):** The DMHC licenses PBMs and enforces compliance with California laws and regulations, including data reporting and transparency requirements. The DMHC's Pharmacy Benefit Management Reporting Task Force also investigated and recommended pharmaceutical cost reporting requirements to the California legislature. (*See* PFS Questions: 11-13, 32-42, 50-51 and Document Requests: 6 & 8.)

4. **California State Auditor:** This office ensures proper use of public funds by auditing California agencies and operations to prevent fraud, waste, and abuse, including (potentially) review of the contracts entered into by the State's other agencies listed herein. The office may also issue reports concerning PBMs and pharmaceutical pricing. (*See* PFS Questions: 11-13, 15, 23, 32-34, 37-38, 46, 50-51, 53-54, 56 and Document Requests: 6 & 8.)

5. **California State Teachers' Retirement System (CalSTRS):** This agency provides health insurance for retired state teachers, including prescription drug coverage, by administering benefits, ensuring eligibility, and overseeing plan options. (*See* PFS

## KIRKLAND & ELLIS LLP

Rob Bonta and Darcie Tilly
March 9, 2025
Page 3

Questions: 9-13, 15-21, 23-26, 43-46, 48-53 and Document Requests: 1-8.) Although this specific agency was not discussed on our call, California's DAO Disclosure names the California Public Employees' Retirement System, and we believe that CalSTRS would have similar information or documents responsive to the PFS.

Please respond within **seven (7) days** with a revised DAO Disclosure that identifies all departments, agencies, or offices—including those in your initial disclosure and the DAO identified in this letter—that possess information or documents responsive to the PFS and whether such information or documents will be provided in the PFS response, without the need for a Court order or subpoena. As we discussed, other States have submitted this information in a simple chart, and we would encourage California to do the same.

Sincerely,

*/s/ Jason Adam Feld*

Jason Adam Feld (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
jason.feld@kirkland.com
*Counsel for Defendant Eli Lilly and Company*

*/s/ Theresa C. Martin*

Theresa C. Martin
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
tmartin@jonesday.com
*Counsel for Defendant Sanofi-Aventis U.S. LLC*

## KIRKLAND & ELLIS LLP

Rob Bonta and Darcie Tilly
March 9, 2025
Page 4

/s/ Andrew Yaphe
Andrew Yaphe (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA 94063
Tel: (650) 752-2000
andrew.yaphe@davispolk.com
*Counsel for Defendant*
*Novo Nordisk Inc.*

/s/ Benjamin Hazelwood
Benjamin Hazelwood
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
bhazelwood@wc.com
*Counsel for Defendant*
*CVS Caremark*

/s/ Elizabeth Broadway Brown
Elizabeth Broadway Brown (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel: (404) 881-4688
liz.brown@alston.com
*Counsel for Defendant*
*Optum Rx, Inc.*

/s/ Patrick A. Harvey
Patrick A. Harvey (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 739-3000
patrick.harvey@morganlewis.com
*Counsel for Defendant*
*Express Scripts*