# Exhibit 8

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*The State of Texas v. Eli Lilly and Company, et al.,* Case No. 2:24-cv-10854 | Case No. 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE RUKHSANAH L. SINGH |

**STATE OF TEXAS OFFICE OF THE ATTORNEY GENERAL,
CONSUMER PROTECTION DIVISION
SUPPLEMENTAL
DAO SUBMISSION PURSUANT TO CMO #15**

**Departments, Agencies or Offices Information**

The State of Texas Office of the Attorney General, Consumer Protection Division ("TX CPD" or "plaintiff") hereby supplements its initial identification of the Departments, Agencies or Offices ("DAO") that possess information or documents responsive to the Plaintiff Fact Sheet ("PFS") and whether such will be provided in the PFS response without the need for a Court order or subpoena.

In this supplement, Plaintiff sets forth its position on additional DAO identified by Defendants. Plaintiff does not agree or concede that any of these non-party additional DAO, each of which is an independent state agency, are necessary or relevant to the instant litigation.

| **Initial Departments** | **Defendant Subpoena Needed** |
|---|---|
| Attorney General's Office ("AGO") | No |
| Health and Human Services Commission (HHS) (State Health Plan)[1] | Yes |
| Comprehensive Health | Yes |

---

[1] The State of Texas has not asserted claims on behalf of the Texas State Employee Health Plan, does not represent the State Employee Health Plan and does not concede that the State Employee Health plan is relevant to the instant proceedings. Texas was not transferred into this MDL until January 2, 2024 and was not a party to the briefings leading to Judge Singh's November 22, 2024 Ruling (Dkt. No. 655). Texas is prepared to meet and confer promptly with Defendants regarding its responses herein.

| | |
|---|---|
| Insurance Plan (CHIP)(Medicaid)[2] | |

| **Additional DAO** | **Defendant Subpoena Needed** |
|---|---|
| Texas Department of Criminal Justice<br>• Correctional Managed Health Care Committee | Yes |
| Texas Juvenile Justice Department | Yes |
| Texas Health and Human Services Commission<br>• Comprehensive Health Insurance Plan (CHIP) (Medicaid)<br>• Office of Inspector General | Yes |
| Texas State Board of Pharmacy | Yes |
| Texas Department of Insurance | Yes |
| Texas State Auditor's Office | Yes |
| Texas Comptroller of Public Accounts | Yes |
| Teacher Retirement System of Texas | Yes |
| Texas Employee Retirement System<br>• HealthSelect of Texas | Yes |
| Texas Emergency Services Retirement System | Yes |
| University of Texas Medical Branch | Yes |

---

[2] The State of Texas has not asserted claims on behalf of State Medicaid and does not concede that Medicaid is relevant to the instant proceedings. The State of Texas lists Medicaid Department in this document only because PFS questions 31 and 46 required information in the Medicaid Department's possession, custody and control. Defendants now seek broader responses from Medicaid, to which the TX CPD does not agree.

2

For those Departments, Agencies or Offices that possess responsive information or documents and for whom a subpoena is needed, the State of Texas responds to the following questions:

**(a) Basis for not providing such discovery**

All of the additional DAO are independent agencies not represented by the Texas Attorney General Consumer Protection Division in this proceeding and not under its control. Nor are any a party to the instant proceeding.

**(b) Whether plaintiffs or its attorneys will be representing that entity if Defendants were to issue a R. 45 subpoena**

Plaintiff and its counsel will cooperate and work collaboratively with counsel for any Texas agencies who receive a R.45 subpoena from defendants in this matter.

**(c) Whether Plaintiff will claim privilege between Plaintiff or its attorneys or that entity**

Plaintiff will claim all appropriate privileges including work product, common interest, and deliberative process with any Texas agency to whom defendants issue a R.45 subpoena. At this stage, plaintiff would not expect to claim an attorney-client privilege with the additional DAO should Defendants issue R.45 subpoenas to them.

**(d) Whether Plaintiff or its attorneys issues a legal hold notice to that entity.**

The Texas AGO has no jurisdiction to issue a litigation hold to the additional DAO.

Dated: March 6, 2025

By:   */s/ Joanne Cicala*
Joanne Cicala
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

Walter G. Watkins, III
Tanya D. Ellis
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613

3

Trey.watkins@formanwatkins.com

William Liston
W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025 I emailed the foregoing to Ext-MDL-lnsulin-AG-JDG@Kirkland.com as required by CMO #15.

*s/ Joanne Cicala*
Joanne Cicala
