# Exhibit 13

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*State of Arkansas, ex rel. Tim Griffin, Attorney General v. Eli Lilly and Company, et al.*, Case No. 2:23-cv-04239 | Case No. 2:23-md-03080<br>MDL No. 3080<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

### STATE OF ARKANSAS SUPPLEMENTAL DAO SUBMISSION PURSUANT TO CMO #15

**Departments, Agencies or Offices Information**

The Office of the Arkansas Attorney General ("OAG") hereby supplements its identification of the Departments, Agencies, or offices that may possess information or documents responsive to the Plaintiff Fact Sheet ("PFS") and whether such will be provided in the PFS response without the need for a Court order or subpoena. Plaintiff also sets forth its position on additional departments, agencies, or offices identified by Defendants.

For each of the newly-added departments, Plaintiff identifies the specific PFS questions requested by Defendants in their January 24, 2025, letter ("January 24 questions") to which it will respond, with a full reservation of rights.

| **Initial Departments** | **Defendant Subpoena Needed** |
|---|---|
| OAG | No |
| Department of Transportation and Shared Services ("TSS") Employment Benefits Division (EBD) | No[1] |

---

[1] The OAG includes the State Employee Health Plan in this document given Judge Singh's November 22, 2024, Ruling (Dkt. No. 655) and the parties' negotiated agreement respecting the contents of this document. The OAG shall issue a subpoena to EBD for the information and documents required by the PFS and will work with EBD counsel to complete the PFS for the EBD.

1

| Initial Departments | Defendant Subpoena Needed |
|---|---|
| Department of Human Services ("DHS") (Medicaid) | Yes[2] |

| Supplemental Departments | Defendant Subpoena Needed |
|---|---|
| Arkansas Department of Corrections | Yes[3] |
| Arkansas Department of Health<br>• Office of Health Information Technology<br>• Arkansas Diabetes Prevention and Control Program<br>• Arkansas Kidney Disease Commission<br>• Arkansas Diabetes Advisory Council<br>• Arkansas Chronic Disease Coordinating Council<br>• Arkansas Ryan White Part B/ADAP Program | Yes[4] |
| Arkansas Board of Pharmacy | Yes[5] |
| Arkansas Department of Transformation and Shared Services<br>• Employment Benefits Division<br>   o State and Public School Employee Health Insurance Plan | These entities are covered by TSS. Plaintiff has already responded to the PFS and produced documents with a commitment to supplement. |

---

[2] The OAG has not asserted claims on behalf of the Arkansas Department of Human Services or State Medicaid and maintains its position that Medicaid is not relevant to the instant proceedings. The OAG does not currently represent Medicaid in the context of these proceedings. Plaintiff included the Department of Human Services in its initial DAO Submission given that PFS Questions 31 and 46 required information in the Department's possession, custody, and control. Defendants now seek broader responses from Medicaid to which Plaintiff does not agree.

[3] The OAG has not asserted claims on behalf of the Arkansas Department of Corrections (ADC) and maintains its position that ADC is not relevant to the instant proceedings. The OAG does not currently represent ADC in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate entity via subpoena.

[4] The OAG has not asserted claims on behalf of the Arkansas Department of Health (ADH) and maintains its position that ADH is not relevant to the instant proceedings. The OAG does not currently represent ADH in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate entity via subpoena.

[5] The OAG has not asserted claims on behalf of the Arkansas Board of Pharmacy (BOP) and maintains its position that BOP is not relevant to the instant proceedings. The OAG does not currently represent BOP in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate entity via subpoena.

| Supplemental Departments | Defendant Subpoena Needed |
|---|---|
| • Arkansas Office of State Procurement | |
| Arkansas Department of Finance and Administration | *See* Plaintiff's February 7, 2025, letter explaining that all potentially relevant or responsive DFA information resides within the DTSS. Plaintiff has already responded on behalf of DTSS, with a commitment to supplement. |
| Arkansas Insurance Department | Yes[6] |
| Arkansas Auditor of State | Yes[7] |
| University of Arkansas Medical Sciences<br>• Evidence-Based Prescription Drug Program (EBRx) | Plaintiff has already responded to the PFS and produced documents with a commitment to supplement. |
| Bureau of Legislative Research | Yes[8] |

For those Departments, Agencies or Offices that possess responsive information or documents and for whom a subpoena is needed, the OAG responds to the following questions:

**(a) Basis for not providing such discovery.**

---

[6] The OAG has not asserted claims on behalf of the Arkansas Insurance Department (AID) and maintains its position that AID is not relevant to the instant proceedings. The OAG does not currently represent AID in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate department via subpoena.

[7] The OAG has not asserted claims on behalf of the Arkansas Auditor of State ("the Auditor") and maintains its position that the Auditor is not relevant to the instant proceedings. The OAG does not currently represent the Auditor in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate department via subpoena.

[8] The OAG has not asserted claims on behalf of the Bureau of Legislative Research (BLR) and maintains its position that BLR is not relevant to the instant proceedings. The OAG does not currently represent BLR in the context of these proceedings. Plaintiff has provided sufficient information for Defendant to request discovery directly from this separate department via subpoena.

The OAG will produce any responsive documents to which it has custody, control, or possession. This does not include documents held by non-party agencies under a separate wing of the executive branch, including the agencies identified above and those which Plaintiff has identified for Defendants. Plaintiff reserves all rights as to the agencies identified by Defendants.

The OAG is a "separate constitutional office, not merely an arm of the executive branch." *See Taylor v. Zanone Props.*, 342 Ark. 465, 474, 30 S.W.3d 74, at 79 (2000) (citing Ark. Const. art. 6, § 1). Executive agencies are purely and wholly under control of the Governor. Because the OAG is not in control of executive agencies, it does not have custody or control of those agencies' documents and cannot produce them in the normal course of discovery.

**(b) Whether plaintiffs or its attorneys will be representing that entity if Defendants were to issue a R. 45 subpoena**

The OAG does not have the authority to decide whether it will or will not represent the agencies for whom a subpoena is needed. The individual agencies must decide whether to use their own in-house attorney or certify the matter to the OAG for representation under Ark. Code Ann. § 25-16-702. The OAG cannot predict which path of representation an agency will choose, nor can it force the agency to decide before it sees and reviews any Rule 45 subpoena.

**(c) Whether Plaintiff will claim privilege between Plaintiff or its attorneys or that entity**

Plaintiff OAG does not have the authority at this time to assert whether any of the agencies for whom a subpoena is needed will claim privilege between it and the OAG.

**(d) Whether Plaintiff or its attorneys issued a legal hold notice to that entity.**

As a separate entity from the agencies for whom a subpoena is needed, the OAG does not have custody, control, or possession of documents maintained by same. As such, the Arkansas Attorney General does not have the authority to issue a litigation hold to the agencies for whom subpoenas are needed.

Dated: March 5, 2025.

By:   */s/ Joanne Cicala*

Joanne Cicala
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801

4

joanne@cicalapllc.com

Walter G. Watkins, III
Tanya D. Ellis
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Trey.watkins@formanwatkins.com

William Liston
W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I emailed the foregoing to Ext-MDL-lnsulin-AG-JDG@Kirkland.com as required by CMO #15.

*s/ Joanne Cicala*
Joanne Cicala

5