# Exhibit 14



John Alden Meade*
Charlotte C. Meade*
Adam G. Young*

400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
504-382-6283
504-717-2846 (f)
jam@meadeyoung.com

March 4, 2025

**VIA EMAIL**
Jason Feld, Esq.
Chris Burrichter
Kirkland & Ellis LLP
333 W Wolf Point Plaza
Chicago, IL 60654
jason.feld@kirkland.com
chris.burrichter@kirkland.com

    **Re: In re: Insulin Pricing Litigation, No. 2:23-md-03080-BRM-RLS**
       **State of Indiana's DAO and PFS Disclosures**

Dear Jason and Chris,

  This letter represents an update to our letter dated February 25 and emails dated February 27 and March 3, 2025 regarding the State of Indiana's DAO and PFS disclosures pursuant to Case Management Order 15.

  Upon reviewing the email and letter exchanges, there is a lacuna in Indiana's responses. There are two agencies that were not included in the DAO but which were included in the PFS: the Indiana Department of Administration, and the Indiana Department of Insurance. While we addressed these two agencies in our Feb. 25 letter response to Mr. Feld's Jan. 24 letter, CMO also requires the following information. Our DAO is hereby amended as follows:

  The Indiana Department of Administration: The State of Indiana will not require a subpoena or court order for Department of Administration. But as reflected in the PFS, we do not believe there is anything to produce. By way of further explanation, while the Department of Administration is the procurement agency and in charge of the MMCAP relationship, it does not have any utilization data. It is possible that it may have duplicative information, or be the source of information, provided by other agencies identified in the DAO and PFS for which Indiana is not requiring a subpoena or court order. Therefore, in the event information is sought from the Department of Administration, no subpoena or court order will be required.

March 4, 2025
Page 2

      Other than the description of the Indiana Department of Insurance's statutory responsibilities in the PFS, the State of Indiana will not be providing information from this agency without need of a subpoena. Therefore, in compliance with section 1(b)(ii) of CMO 15:

      a.    The Department is responsible for ensuring PBM applicants and licensees meet the requirements of the Indiana Insurance Code. It is also responsible for investigating PBM regulatory violations. See Indiana Code 27-1-24.5 et seq. The regulatory insurance matters are not related to the State's allegations in its complaint.

      b.    The Indiana Attorney General's Office would likely represent the Department of Insurance if it were served with a Rule 45 subpoena.

      c.    If a privilege is applicable, we would assert the privilege for communications between the Department and counsel.

      d.    No legal hold was issued to the Department.

Should you wish to discuss any of the above, please let us know.

      Yours Truly,

      **_/s/ John Alden Meade_**

cc:    Defendants' Email Service List: ext-mdl-insulin-ag-jdg@kirkland.com
        Joanne Cicala, State AG Track Liaison Counsel: joanne@cicalapllc.com