# Exhibit 15

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*The Commonwealth of Kentucky, ex rel. Russell Coleman, Kentucky Attorney General, vs. Novo Nordisk Inc., et al.*<br>Case No. 2:23-cv-21374 | Case No. 2:23-md-03080<br>MDL No. 3080<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

<u>**COMMONWEALTH OF KENTUCKY SUPPLEMENTAL**</u>
<u>**DAO SUBMISSION PURSUANT TO CMO #15**</u>

**Departments, Agencies or Offices Information**

The Commonwealth of Kentucky Attorney General's Office ("AGO" or "plaintiff") hereby supplements its identification of the departments, agencies or offices ("DAO") that may possess information or documents responsive to the Plaintiff Fact Sheet ("PFS") and whether such would be provided in the PFS response without the need for a Court order or subpoena. In this supplement, Plaintiff sets forth its position on additional departments, agencies or offices identified by Defendants. Plaintiff does not agree or concede that any of the additional DAO are necessary or relevant to the instant proceeding.

For each of the newly- added departments, Plaintiff identifies the specific PFS questions requested by Defendants in their January 24, 2025 letter ("January 24 questions") to which it will respond, with a full reservation of rights.

| **Initial Departments** | **Defendant Subpoena Needed** |
|---|---|
| Attorney General's Office ("AGO") on behalf of State of Kentucky | No |
| Department of Employee Insurance (State Health Plan or "KEHP")[1] | No |

---

[1] The Commonwealth of Kentucky has not asserted claims on behalf of the Kentucky Department of Employee Insurance, does not represent the Kentucky Department of Employee Insurance and does not concede that the Department is relevant to the instant proceedings. The Commonwealth of Kentucky includes the Department of Employee Insurance in this document given Judge Singh's November 22, 2024 Ruling (Dkt. No. 655) and the parties' negotiated agreement respecting the contents of this document. The Commonwealth of Kentucky AGO has requested

1

| | |
|---|---|
| Cabinet for Health and Family Services (Medicaid) [2] | Yes |

| **Supplemental Departments** | **Defendant Subpoena Needed** |
|---|---|
| Kentucky Department of Corrections<br>• Health Services<br>• Administrative Services<br>   o Fiscal Management Branch<br>   o Procurement Branch | No[3] |
| Kentucky Cabinet for Health and Family Services<br>• Office of the Secretary<br>   o Office of Finance and Budget<br>• Department of Medicaid Services<br>   o Medicaid<br>• Department for Public Health<br>   o Kentucky Prescription Assistance Program | Yes & see fn. #2<br><br><br>No[4] |
| Kentucky Board of Pharmacy | No[5] |

---

the Kentucky Department of Employee Insurance for the information and documents required by the PFS and shall complete the PFS for the KEHP.

[2] The Commonwealth of Kentucky has not asserted claims on behalf of State Medicaid, does not represent Medicaid and does not concede that Medicaid is relevant to the instant proceedings. The Commonwealth of Kentucky includes its Medicaid Department in this document given that PFS Questions 31 and 46 required information in the Medicaid Department's possession, custody and control. Defendants now seek broader responses from Medicaid to which the Commonwealth does not agree.

[3] The Commonwealth of Kentucky has not asserted claims on behalf of the Department of Corrections ("Corrections"), does not represent Corrections and does not concede that Corrections is relevant to the instant proceedings. Plaintiff includes Corrections here at Defendants' request and in the spirit of cooperative discovery. With a full reservation of rights, Plaintiff understands that no defendant subpoena is needed for answers to State AG PFS Questions: 9-13, 15-21, 43-46, 52-54 and Document Requests 1-8 on behalf Corrections to the extent that such exist.

[4] With a full reservation of rights, no defendant subpoena is needed for answers to State AG PFS Questions: 11-13, 20-22, 52-53 and Document Request: 8 on behalf of the Kentucky Prescription Assistance Program.

[5] The State has not asserted claims on behalf of the Kentucky Board of Pharmacy ("BOP"), does not represent the BOP and does not concede that the BOP is relevant to the instant proceedings. Plaintiff includes the BOP here at Defendants request and in the spirit of cooperative discovery. Plaintiff does not believe the Board of Pharmacy will possess documents or information responsive to Defendants January 24 letter. With a full reservation of rights, no defendant subpoena is needed for answers to State AG PFS Questions: 11-13, 32-34, 37-38, 50-51 and Document Request 6 from the Board of Pharmacy, to the extent that such exist.

| | |
|---|---|
| Kentucky Personnel Cabinet<br>• Department of Employee Insurance<br>    o Kentucky Employees' Health Plan ("KEHP") | No. Plaintiff has already provided PFS responses and documents from KEHP with a commitment to supplement. |
| Kentucky Cabinet of Finance and Administration<br>• Office of the Controller<br>    o Office of Procurement Services<br>• Office of the Administrative Services<br>    o Division of Budget and Fiscal Management | No. Plaintiff has already responded on behalf of the KEHP and has committed to supplement. |
| Kentucky Public Protection Cabinet<br>• Department of Insurance | No[6] |
| Kentucky Auditor of Public Accounts | No[7] |
| Kentucky Teachers' Retirement System | No. Plaintiff has already provided PFS responses and documents, with a commitment to supplement, on behalf of KEHP. *See also* FN 1 above which is incorporated herein. |

**For those Departments, Agencies or Offices that possess responsive information or documents and for whom a subpoena is needed, the AGO responds to the following questions:**

**(a) Basis for not providing such discovery**

Kentucky's Department of Medicaid Services lives within the independent state agency known as the Cabinet for Health and Family Services. Medicaid is not a party to this suit.

---

[6] The Kentucky Attorney General has not asserted claims on behalf of the Kentucky Department of Insurance ("DOI"), does not represent the DOI and does not concede that the DOI is relevant to the instant proceedings. Nevertheless, in the spirit of cooperative discovery and with a full reservation of rights, no defendant subpoena is needed for answers to State AG PFS Questions: 11-13, 32-34, 37-38, 50-51 and Document Request 6 on behalf of the DOI.

[7] The Commonwealth of Kentucky has not asserted claims on behalf of the Auditor of Public Accounts, does not represent the and does not concede that the Auditor is relevant to the instant proceedings. The Auditor is listed here only at Defendants' request and in the spirit of cooperative discovery. Plaintiff does not believe the Auditor will possess responsive knowledge or information. With a full reservation of rights, Plaintiff understands that no defendant subpoena is needed for answers to State AG PFS Questions: 11-13, 15, 23, 32-34, 37-38, 46, 50-51, 53-54, 56 and Document Request 6 on behalf of the Auditor of Public Accounts to the extent that such exist.

Plaintiff and its counsel will cooperate and work collaboratively with counsel for Kentucky Medicaid to facilitate responses to any subpoenas.

### (b) Whether plaintiffs or its attorneys will be representing that entity if Defendants were to issue a R. 45 subpoena

Plaintiff and its counsel will cooperate and work collaboratively with counsel for Medicaid to facilitate responses to any subpoenas defendants may issue in this proceeding.

### (c) Whether Plaintiff will claim privilege between Plaintiff or its attorneys or that entity

Plaintiff will claim all appropriate privileges including work product, common interest, and deliberative process with Kentucky Medicaid should Defendants issue a R.45 subpoena. At this stage, plaintiff would not expect to claim an attorney-client privilege with the Kentucky Department of Medicaid Services, nor does plaintiff currently have an attorney-client relationship with that department with respect to this case.

### (d) Whether Plaintiff or its attorneys issued a legal hold notice to that entity.

Plaintiff does not have authority to issue a litigation hold notice hold to Kentucky Medicaid but plaintiff did request the Agency to hold records that may become necessary to produce in this matter.

Dated: March 5, 2025

By: */s/ Joanne Cicala*
Joanne Cicala
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

Walter G. Watkins, III
Tanya D. Ellis
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Trey.watkins@formanwatkins.com

William Liston
W. Lawrence Deas

4

**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I emailed the foregoing to Ext-MDL-lnsulin-AG-JDG@Kirkland.com as required by CMO #15.

*s/ Joanne Cicala*
Joanne Cicala

5