# Exhibit 16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*State of Oklahoma, ex rel. Gentner Drummond, Oklahoma Attorney General vs. Eli Lilly and Company, et al.,* Case No. 2:24-cv-07606 | **Case No. 2:23-md-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE RUKHSANAH L. SINGH** |

**STATE OF OKLAHOMA'S SUPPLEMENTAL
DAO SUBMISSION PURSUANT TO CMO #15**

**Departments, Agencies or Offices Information**

The State of Oklahoma Attorney General's Office ("AGO" or "Plaintiff") hereby supplements its initial identification of the departments, agencies or offices ("DAO") that may possess information or documents responsive to the Plaintiff Fact Sheet ("PFS") and whether such will be provided in the PFS response without the need for a Court order or subpoena. Plaintiff also sets forth its position on additional DAO identified by Defendants.

For each of the newly-added DAO, Plaintiff identifies the specific PFS questions requested by Defendants in their January 24, 2025 letter ("January 24 questions") to which it will respond with a full reservation of rights.

| **Initial Departments** | **Defendant Subpoena Needed** |
|---|---|
| Attorney General's Office ("AGO") | No |
| Oklahoma Health Care Authority ("OHCA") State Health Plan Division[1] | No |

---

[1] Plaintiff has not asserted claims on behalf of the State's employee health plan, which is administered by the Employee Group Insurance Division (EGID), does not represent EGID, and does not concede that EGID is relevant to the instant proceedings. Plaintiff identifies EGID in this DAO Submission given the Court's November 22, 2024 Order (Dkt. No. 655) and the Parties' negotiated agreement respecting the contents of the PFS. Plaintiff has issued a subpoena to OHCA for the information and documents required by the PFS and has completed the PFS for EGID, with a commitment to supplement.

1

| Oklahoma Health Care Authority ("OHCA") (Medicaid Division)[2] | Yes |
|---|---|

| **Additional DAO** | **Defendant Subpoena Needed** |
|---|---|
| Oklahoma Department of Corrections ("DOC") | No[3] |
| Oklahoma Office of Juvenile Affairs<br>• Oklahoma Juvenile Detention Centers | No[4] |
| Oklahoma State Department of Health ("OSDH") | No[5] |
| Oklahoma Department of Human Services ("DHS") | No[6] |

---

[2] Plaintiff has not asserted claims on behalf of Medicaid and does not concede that Medicaid is relevant to the instant proceedings. Plaintiff identifies the Medicaid Division of OHCA given that PFS questions 31 and 46 seek information related to Medicaid. Defendants now seek broader responses from Medicaid to which Plaintiff does not agree.

[3] Plaintiff has not asserted claims on behalf of DOC, does not represent DOC and does not concede that DOC is relevant to the instant proceedings. Plaintiff identifies DOC at the Defendants' request and in the spirit of cooperative discovery. With a full reservation of rights, Plaintiff will issue a subpoena to DOC for responses to State AG PFS Questions: 9-13, 15-21, 43-46, 52-54 and Document Requests 1-8.

[4] Plaintiff has not asserted claims on behalf of the Office of Juvenile Affairs, does not represent the Office of Juvenile Affairs and does not concede that Office of Juvenile Affairs is relevant to the instant proceedings. Plaintiff identifies the Office of Juvenile Affairs at Defendants' request and in the spirit of cooperative discovery. With a full reservation of rights, Plaintiff will issue a subpoena to the Office of Juvenile Affairs for responses to State AG PFS Questions: 9-13, 15-21, 43-46, 52-54 and Document Requests 1-8.

[5] Plaintiff has not asserted claims on behalf of OSDH, does not represent OSDH and does not believe OSDH possesses knowledge or information beyond that already provided in the Oklahoma PFS and in response to the January 24 questions. With a full reservation of rights, Plaintiff will issue a subpoena to OSDH for responses to State AG PFS Questions: 11-13, 20-22, 52-53 and Document Request 8.

[6] Plaintiff has not asserted claims on behalf of DHS, does not represent DHS and does not believe DHS possesses knowledge or information responsive to the January 24 questions. Plaintiff identifies DHS at Defendants' request and in the spirit of cooperative discovery. With a full reservation of rights, Plaintiff will issue a subpoena to DHS for responses to State AG PFS Questions: 11-13, 20-22, 52-53 and Document Request 8.

| | |
|---|---|
| Oklahoma Board of Pharmacy ("BOP") | No[7] |
| Oklahoma Office of Management & Enterprise Services ("OMES")<br>• Employees Group Insurance Division (EGID)<br>  ○ HealthChoice Plan<br>• Oklahoma Insurance Benefits Board | No.  EGID and the OK Insurance Benefits Board are no longer part of OMES; both are part of the OHCA and plaintiff's January 10, 2025 subpoena to OHCA covers the information and documents sought. |
| Oklahoma Health Care Authority ("OHCA")<br>• Medicaid (known as SoonerCare)<br>• Diabetes Self-Management Education and Support Program | Yes[8]<br><br>No[9] |
| Oklahoma Insurance Department ("OID") | No[10] |
| Oklahoma Office of the State Auditor and Inspector | No[11] |

---

[7] Plaintiff has not asserted claims on behalf of the BOP, does not represent the BOP and does not concede that the BOP is relevant to the instant proceedings.  BOP is identified here at Defendants' request and in the spirit of cooperative discovery.  It is unlikely that BOP will have knowledge or information responsive to the January 24 questions. Nevertheless, with a full reservation of rights, Plaintiff will issue a subpoena to BOP for responses to State AG PFS Questions: 11-13, 32-34, 37-38, 50-51 and Document Request 6.

[8] See fn. 2.

[9] Plaintiff has not asserted claims on behalf of the Diabetes Self-Management Education and Support Program (the "Program") and  does not represent the Program, Plaintiff issued a subpoena to OHCA on January 10, 2025 that covers the information Defendants seek from the Program.  Plaintiff will supplement its PFS with any responsive information obtained from the Program.  .

[10] Plaintiff has not asserted claims on behalf of OID, does not represent OID and does not concede that OID is relevant to the instant proceedings. OID is identified here only at Defendants' request and in the spirit of cooperative discovery. It is unlikely that OID has knowledge or information responsive to the January 24 questions. Nevertheless, in the spirit of cooperative discovery and with a full reservation of rights, Plaintiff will issue a subpoena to OID for responses to State AG PFS Questions: 11-13, 32-34, 37-38, 50-51 and Document Request 6.

[11] Plaintiff has not asserted claims on behalf of the Office of the State Auditor and Inspector and does not concede that it is relevant to the instant proceedings.  The Auditor is identified here only at Defendants' request and in the spirit of cooperative discovery. With a full reservation of rights, the AGO Plaintiff will issue a subpoena to the Auditor for responses to State AG PFS Questions: 11-13, 15, 23, 32-34, 37-38, 46, 50-51, 53-54, 56 and Document Request 6.

| | |
|---|---|
| Oklahoma Public Employees Retirement System (OPERS) | Plaintiff has already provided PFS responses and documents, with a commitment to supplement from the OK State Employee Health Plan ("EGID").  OPERS has no involvement with EGID. |
| Oklahoma Legislative Diabetes Caucus | No. [12] |

**For those Departments, Agencies or Offices that possess responsive information or documents and for whom a subpoena is needed, the AGO provides the following information:**

**(a) The basis for not providing such discovery**

The Oklahoma Healthcare Authority – Medicaid Division is an independent agency not represented by the AGO. *See* the Oklahoma Health Care Authority Act, 63 O.S. §§ 5003, et seq.

**(b) Whether Plaintiff or its attorneys will be representing that entity if Defendants were to issue a R. 45 subpoena.**

No. However, Plaintiff will assist and facilitate communications between Defendants and the Oklahoma Healthcare Authority – Medicaid Division should Defendants issue a R. 45 subpoena.

**(c) Whether Plaintiff will claim privilege between Plaintiff or its attorneys and that entity.**

Plaintiff will claim all appropriate privileges including work product, common interest, and deliberative process with the Oklahoma Health Care Authority – Medicaid Division, as applicable, should Defendants issue a R. 45 subpoena to the Oklahoma Health Care Authority – Medicaid Division.  At this stage, Plaintiff would not expect to claim an attorney-client privilege as to communications between the AGO and the Oklahoma Healthcare Authority – Medicaid Division.

**(d) Whether Plaintiff or its attorneys issued a legal hold notice to that entity.**

No.

---

[12] Plaintiff does not represent the Legislative Caucus or its members and has not asserted claims on behalf of same. However, Plaintiff will facilitate the production of responsive information from the Caucus.

Dated: March 5 , 2025

By:     */s/ Joanne Cicala*
Joanne Cicala
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

Walter G. Watkins, III
Tanya D. Ellis
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Trey.watkins@formanwatkins.com

William Liston
W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I emailed the foregoing to Ext-MDL-lnsulin-AG-JDG@Kirkland.com as required by CMO #15.

*s/ Joanne Cicala*
Joanne Cicala