

Park 80 West–Plaza One          (201) 845-9600 Main
250 Pehle Avenue               (201) 845-9423 Fax
Suite 401
Saddle Brook, NJ 07663

*njlawfirm.com*

Matthew F. Gately, Esq.
mfg@njlawfirm.com
Direct Line: (551) 497-7189

July 16, 2025

**VIA ECF**
Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Dear Judge Wettre:

Pursuant to Your Honor's direction at the July 8, 2025, status conference, Class Track Plaintiffs respectfully submit the below case summary and pending motions priority.

## I.      Background

Class Plaintiffs allege that Defendants engaged in an Insulin Pricing Scheme, whereby the Manufacturer Defendants paid to each of the PBM Defendants bribes and kickbacks disguised as "rebates," "administration fees," or other monies ("Bribes") in exchange for each PBM's exclusive and/or favorable formulary placement. *See, e.g.*, First Am. Consol. Class Action Compl., Case No. 2:23-cv-20932 (D.N.J. Dec. 16, 2024) (ECF No. 17), ¶¶ 384-467. Starting in 2019, the PBMs incorporated the Rebate Aggregator Defendants Ascent, Emisar, and Zinc into the ongoing Scheme's already complicated transaction chain to collect more disguised Bribes and to avoid looming transparency rules imposed on the PBMs. *Id.* at ¶¶ 160, 211-218.

## II.     Pending Motions Ordered By Priority

1. Motions to Compel Against Ascent and Emisar. Discovery against Rebate Aggregator Defendants Ascent and Emisar has effectively ground to a halt as a result of impasses detailed in three pending motions to compel and summarized briefly below.[1] Ascent has yet to produce a single document under its own Bates label, and Emisar has produced only 10 documents to date.

- Both refuse to produce: (i) relevant custodial documents that do not expressly reference the Insulin Drugs; (ii) documents sent to or from certain dedicated email boxes whose contents

---

[1] Plaintiffs' dispute letter regarding Ascent and first dispute letter regarding Emisar (and defendants' opposition letters) were electronically filed. *See* ECF Nos. 576-77, 590-91. Plaintiffs' second dispute letter with Emisar was submitted *via* email to the Court on July 15, 2025. Pursuant to CMO #17, Emisar's response is due July 22, 2025. *See* ECF No. 386 ¶ 2.

are relevant and discoverable without using search terms; and (iii) the documents in their possession, custody, or control that predate their respective incorporations including any that were transferred from their respective PBMs.

- Both refuse to identify their primarily responsible personnel concerning Plaintiffs' Rule 34 document requests and/or Rule 33 interrogatories (including, for example, financial forecasters responsible for modeling the anticipated rebates, fees, and other Bribes).

- Both refuse to collect document from relevant custodians. For example, Ascent refuses to include as a custodian any of the numerous "forecasters" on its payroll. Emisar has a similar forecaster custodian gap and also refuses to include Heather Cianfracco, who, among other things, executed Emisar's "GPO Participation Agreement" with OptumRx when she was the CEO for both companies and the separateness of these two entities is contested.

- Emisar refuses to produce any discovery on the sudden insulin product price cuts implemented in March 2023 when the Court's discovery time period order expressly provides  for precisely this kind of limited additional "issue-specific discovery" beyond the January 1, 2023 discovery period end date.  *See* CMO #10 (ECF No. 198), at 2.

- Ascent refuses to produce any of the relevant, *non-duplicative* documents it previously produced to the FTC in parallel litigation.  Ascent should be directed to produce its readily available FTC production at least insofar as captured by the MDL search terms.

2. Privilege Log Protocol Dispute. The parties submitted letter briefs (ECF Nos. 549-51) and replies (ECF Nos. 567, 570) regarding a proposed Privilege Log Protocol. The issues in dispute include, among others: (1) the timing for privilege log productions; (2) the procedures for challenging privilege log entries; and (3) whether certain materials should be exempt from logging.

3. Motion to Compel Responses to Compass Lexecon Subpoena to Produce Documents. Plaintiffs moved to compel (ECF No. 522) the economic consulting firm Compass Lexecon, LLC ("Compass Lexecon") to produce background information regarding a report commissioned by PBM Defendants and published by Compass Lexecon in response to criticisms that PBM Defendants were responsible for high prescription drug costs. Compass Lexecon and PBM Defendants submitted oppositions to Plaintiffs' motion (ECF Nos. 594, 596-97).

4. Motion for Permission to Propound Requests for Admission to Defendant Novo Nordisk. Plaintiffs submitted a letter brief (ECF No. 588) requesting permission to propound requests for admission on Defendant Novo Nordisk ("Novo") concerning Novo's WAC prices for the at-issue drugs and the prices Novo charged for the same drugs under its contracts with the Department of Veterans Affairs. Novo responded with a letter brief (ECF No. 604) opposing Plaintiffs' request.

Respectfully submitted,

*/s/ Matthew F. Gately*
Matthew F. Gately