**SeegerWeiss LLP**
NEW YORK • NEW JERSEY • PHILADELPHIA

July 16, 2025

**VIA ECF**
Honorable Leda D. Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: *In re: Insulin Pricing Litigation*, MDL No. 3080
     Case No. 2:23-md-03080-BRM-LDW

Dear Judge Wettre:

  We write on behalf of the Self-Funded Payer ("SFP") Plaintiffs in accordance with Your Honor's direction during last week's Case Management Conference to provide a brief summary of the discovery process to date and discovery disputes pending before the Court.

  **I.** **Status of Discovery and Threshold Issues**

  On August 3, 2023, the JPML created this MDL to coordinate pretrial proceedings of cases "concern[ing] an alleged scheme between insulin manufacturers and [PBMs] to artificially and fraudulently inflate the price of insulin and other diabetes medications." CMO #1 at 3.[1] After disputes regarding the initial discovery plan (CMO #10) [ECF No. 198] and ESI Order (CMO #11) [ECF No. 208], discovery formally opened on October 15, 2024, upon entry of CMO #13 [ECF No. 313]. In connection with CMO #13, the Court required "substantial completion of Defendants' responsive document productions within 90 days after being served with Plaintiffs' Master RFPs." CMO #13 ¶ I.3. Rather than deploy the resources necessary to attempt to comply with the Court's substantial-completion deadline, or propose a reasonable extension of that deadline, Defendants took the position that the 90-day period for substantial completion requested by Plaintiffs and adopted by the Court somehow diminished their discovery obligations under the Federal and Local Rules and the Court's ESI Order.

  Further to this point, until Judge Singh intervened during a March 11, 2025 discovery hearing, the PBM Defendants had maintained that their discovery obligations in this MDL were narrowly limited to what they unilaterally determined to be "proportional" to that 90-day substantial-completion deadline. But during the March hearing, Judge Singh required the PBMs to identify additional custodians covering the various departments requested by Plaintiffs and deferred the substantial-completion deadline to allow the parties to come to agreement on custodians and search processes.

---

[1] Beginning in or around November 2024, SFP Plaintiffs began including certain PBM-affiliated rebate aggregating entities that negotiate drug rebates on behalf of the PBM Defendants. After the November 2024 CMC with the Court, the SFP Plaintiffs filed an Omnibus Motion for Leave to Amend earlier-filed complaints to name the rebate aggregators as defendants. [ECF No. 406].

Now that the parties have agreed on these disputes, the SFP Plaintiffs believe four threshold issues require the Court's intervention so that discovery can advance: (1) the need for a revised discovery plan and substantial-completion deadline; (2) Defendants' identification and production of data; (3) a deposition protocol; and (4) a privilege log protocol.

***Revised discovery plan and substantial-completion deadline.*** Although the parties reached consensus on custodians and search processes between April and June 2025, a substantial-completion deadline was not reinstated by Judge Singh prior to reassignment and remains an unresolved matter before Your Honor. Plaintiffs have repeatedly asked Defendants when they anticipate substantially completing their document productions, but Defendants have refused to provide any meaningful response. Without a substantial-completion deadline, Plaintiffs are justifiably concerned that Defendants' pace of production will continue to remain unacceptably slow. Optum, for example, has produced just 6,503 documents, despite search terms and custodians being set as of May 6, 2025 (after it proposed an initial list of custodians on January 2, 2025). SFP Plaintiffs respectfully submit that the parties would benefit from a discussion with Your Honor regarding a revised case schedule and substantial-completion deadline.

***Defendants' identification and production of highly relevant data.*** Defendants' failure to disclose their available data fields is another issue currently impeding the efficient progression of discovery. The significance of Defendants' data in this case cannot be overstated. Dollar flow is central to all Plaintiffs' cases: *first*, how dollars flow from Manufacturers to PBMs and their affiliates for formulary coverage; and *second*, how dollars flow from PBMs to payer-clients like SFP Plaintiffs, given PBMs' representations that they pass through all (or nearly all) Manufacturer payments. The PBMs added an additional level of complexity to these payment streams within the last few years through their newly formed rebate-aggregator affiliates, which now collect payments from the Manufacturers, retain some unknown amount, and then pass on the balance to their affiliated PBMs (ostensibly for that PBM to then pass on those dollars to its clients in the form of "rebates"). But Plaintiffs require transaction-level data reflecting these payment streams to test the PBMs' representations to their clients. Plaintiffs also require, among others, data fields that link the dispensed drugs to the formulary that governed each adjudicated claim. This PBM data will also be crucial to quantifying Plaintiffs' damages.

Each Defendant has made separate data proposals. The parties have spent months attempting to negotiate the scope of data to be produced. Although Judge Singh did not require the PBM Defendants to identify each of their available data fields, the Court emphasized that "the intent of the [Court's ESI] order was to provide sufficient information to a requesting party to guide where relevant sources might be located" and therefore directed each PBM to investigate with their clients to determine "if there are ways to generate additional information as to types of data fields that are within these databases, such as counsel's representation that there might be a manual or schema readily available." 3/11/25 Tr. at 86. Rather than comply with the Court's directive and undertake a thorough investigation, the PBMs adopted a hyper-technical interpretation of the Court's instruction, with each claiming (only through attorney say-so) that there were no "manuals" or "schema" that could generate additional information regarding their available data fields (other than the data fields they unilaterally selected and disclosed as part of their data proposals. Not only is their position doubtful—as data handling, data processing, and data utilization are at the heart of the PBMs' operations—but their limited investigation ignored

the spirit of the Court's ruling and served to deprive Plaintiffs of critical information necessary to meaningfully confer regarding the scope and format of the production of PBM data.

Plaintiffs raised these issues again to the Court in their April 4, 2025 correspondence [ECF No. 493], requesting that the Court provide further direction to the PBM Defendants to investigate their available data fields. Judge Singh, however, had not addressed this outstanding issue prior to reassignment of this case. Accordingly, Plaintiffs have recently issued Rule 34 requests for inspection seeking some of this information. But given the critical importance of this issue to the progression of discovery, Plaintiffs would welcome a discussion with the Court regarding an approach to resolve this concern on an expedited basis as to both the PBMs and the Manufacturers.

***Deposition and Privilege Log Protocols.*** The parties have been meeting and conferring regarding a deposition protocol since December 2024. Plaintiffs expect that the parties will soon reach impasse as to the protocol and expect that Court intervention will be required to resolve that dispute. As noted below, the parties have also fully briefed their disputes as to the privilege log protocol. Entry of these protocols is essential to advancing discovery in this case.

## II.     Pending Discovery Disputes

Listed below are outstanding discovery disputes Plaintiffs have brought before the Court.[2] Plaintiffs defer to the Court's discretion on the most efficient resolution method but respectfully submit that Item Nos. 1-3 below should be prioritized over Item No. 4, as they are threshold disputes that will expedite discovery once resolved. SFP Plaintiffs withdraw any prior requests for argument on these disputes and respectfully submit to the Court's preference to rule on the papers.

1. Motion to Compel Responses to Compass Lexecon Subpoena to Produce Documents
2. Privilege Log Protocol Dispute
3. Motion to Compel Discovery from Ascent Health Services LLC and Emisar Pharma Services LLC
4. Motion for Permission to Propound Requests for Admission to Defendant Novo Nordisk

## III.     Future Conferences

SFP Plaintiffs defer to Your Honor's preferences for resolving these pending disputes and any future discovery matters. Plaintiffs are amenable to holding conferences and hearings with Your Honor via Microsoft Teams. Moreover, SFP Plaintiffs respectfully submit that monthly discovery conferences, during which the parties can raise pending issues for discussion, would help to ensure that discovery proceeds efficiently. Finally, SFP Plaintiffs are available for a conference on August 12 or 13, at the Court's convenience.

*     *     *

We thank the Court for its attention to this matter.

---

[2] Docket entries for these disputes are included in the "List of Motions Referred to Judge Wettre as of July 15, 2025," which was provided to Your Honor via email and FedEx.

Respectfully submitted,

| | |
|---|---|
| *s/ David R. Buchanan* | *s/ Benjamin J. Widlanski* |
| David R. Buchanan | Benjamin J. Widlanski |
| SEEGER WEISS LLP | KOZYAK TROPIN & THROCKMORTON LLP |
| | |
| *s/ Brandon L. Bogle* | *s/ Mark P. Pifko* |
| Brandon L. Bogle | Mark P. Pifko |
| LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY P.A. | BARON & BUDD, P.C. |

*Lead Counsel for Self-Funded Payer Track*

cc:   Hon. Brian R. Martinotti, U.S.D.J. (*via* ECF)
      Counsel of Record (*via* ECF)