# Forman Watkins
## Forman Watkins & Krutz LLP

Walter G. "Trey" Watkins, III
trey.watkins@formanwatkins.com
Direct Dial: 601.973.5904

July 16, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

      Re:    *In re: Insulin Pricing Litigation,* Case No. 2:23-md-03080 (MDL No. 3080)
             State AG Track Plaintiffs' Letter Regarding Priority Discovery Disputes

Dear Judge Wettre,

      On behalf of the State Attorney General Track, we look forward to working efficiently at the Court's direction. As requested, we are providing the Court with an overview of the discovery matters that the State Attorney General Plaintiffs view as top priority to advance this litigation which addresses pressing matters impacting public health. ECF No. 654. In addition, we wish to make clear our support for establishing regular discovery conferences with the Court to address ripe issues and ensure an appropriate pace of production and discovery overall.

      1. **Entering Plaintiffs' Privilege Log Protocol (Oral Argument Requested)**.

      Plaintiffs have requested oral argument regarding the privilege log protocol in this case. The parties submitted competing proposals and fully briefed the disputed terms. ECF Nos. 549, 550, 551, 567, 570. At a high level, the disputes relate to (1) timing of log production, privilege challenges, and post-downgrade productions, and (2) scope of exemptions from privilege logging. Until these issues are resolved and a protocol is in place, discovery cannot be completed. As our briefs make clear, Plaintiffs' proposal is consistent with the Federal Rules (and advisory comments), existing case law, and orders entered in similar actions. Moreover, the AG-logging exemption plaintiffs seek is necessary to protect privileged communications, litigation strategy, and to avoid unnecessary burdens on the AG Plaintiffs. ECF No. 586.

      2. **Allowing Plaintiffs to Propound Requests for Admission on Defendant Novo Nordisk.**

      Plaintiffs also have requested permission to propound Requests for Admission to Defendant Novo Nordisk related to the prices it sold certain diabetes medications to the Department of Veterans Affairs ("VA"). These RFAs will confirm that Novo could have and would have sold its diabetic drugs at substantially lower prices absent its participation in the Insulin Pricing Scheme. For example, the RFAs ask Novo to admit that between 2005 and 2020, Novo's

Judge Wettre
July 16, 2025
Page 2

unrebated VA Price for Novolog vials averaged $22, whereas Novo's list price for this drug reached approximately $290. Likewise for Novolin, the unrebated VA price averaged approximately $5 per vial, whereas Novo's list price increased up to almost $140.

The Novo RFAs are foundational to Plaintiffs' claims as they "bear on": Defendants' artificially inflated prices, Defendants' ability to profit even at vastly lower prices, the effect of Defendants' actions upon the market, the price of rapid acting insulin "but-for" the unlawful actions of the PBMs and Manufacturers, and the amount of damages inflicted on Plaintiffs and on the market in the form of artificially inflated prices. Moreover these RFAs—requesting Novo to confirm publicly available information–would assist in moving discovery forward as they are the most efficient way to narrow issues for the next phases of this litigation to those which are genuinely contested.

### 3. Compelling Compass Lexecon to Produce Documents.

The PBM Defendants "commissioned" Compass Lexecon to prepare and publish a report that "focuses on the role of pharmacy benefit managers (PBMs) in the healthcare industry and investigates claims that PBMs are responsible for high prescription drug costs." Compass Lexecon purportedly conducted "a systematic study of data on prescriptions, rebates, PBM conduct, and the state of the pharmacy industry to evaluate common criticisms of the PBM industry." Upon completion of the report in July of 2024, Compass Lexecon posted the report on its website as well as a website dedicated exclusively to publicizing the report, where it remains to this day (www.carltonreport.org). The PBM Defendants likewise published the report on LinkedIn and industry trade group sites.

The report is undeniably relevant to this litigation. Accordingly, Plaintiffs served a subpoena on Compass Lexecon in October, 2024, seeking materials and data related to the report. To date, no documents have been produced. The Court granted Plaintiffs' motion for leave to file a motion to compel [ECF Nos. 438, 456], and the motion to compel is now fully briefed. ECF Nos. 522, 594, 596, 597, 610. The documents and data underlying the report are indisputably relevant to the claims and defenses in this litigation and should be produced without further delay.

*      *      *      *      *

In addition to the matters addressed above, there are important discovery issues that will likely be before the Court in the near term. Significantly, the parties have thus far been unable to agree on a deposition protocol – a process that has drawn out over many months. Given that no depositions have been taken in the MDL since its inception nearly two years ago, the entry of a deposition protocol and the ability to begin depositions is of critical importance to advancing the litigation.

Judge Wettre
July 16, 2025
Page 3

      Thank you for considering our input. We will be prepared to address these matters at the next hearing if oral argument would assist the Court.

Sincerely,

Trey Watkins

cc:    All Counsel of Record (via ECF)