# CWC
CICALA
WACKERLY
CONROD

August 6, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07102

      Re:   *In re Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-LDW, MDL No. 3080; State Attorney General Track Plaintiffs' Opposition to Defendants' Letter Brief Regarding State Agency Discovery (ECF No. 659)

Dear Judge Wettre:

    We are pleased to respond to Defendants' letter brief as follows:

    There is no ripe issue with regard to the cases filed by the State Attorneys General of Arkansas, Kentucky, Montana, Oklahoma, and Utah.[1] Each of these State Attorneys General, with a full reservation of rights, will be serving revised DAO submissions next week making clear that defendant subpoenas are not necessary to secure the responses and documents sought by the Plaintiff Fact Sheets in their respective cases and ordered by this honorable Court. In other words, each of the identified State Attorneys General will request the collection of any relevant PFS responses and documents from the identified non-party state agencies. This compromise, again with a full reservation of rights, is made in the interest of efficiency and in order to move along this case of significant public importance. Plaintiffs will provide Defendants with substantial completion dates for this activity by August 8, 2025.

    The identified State Attorneys General do object to the inclusion of non-party State Medicaid Departments on the grounds of relevance and proportionality, however. None have asserted Medicaid claims in this litigation to date; the PFS makes plain that Medicaid responses are required only where Medicaid claims are at issue. The identified State Attorneys General invite defendants to meet and confer regarding what information they actually seek from non-party Medicaid; it is possible that a stipulation could be negotiated and discovery from this non-party irrelevant agency avoided altogether.

    With regard to Indiana, on July 31, 2025, the State of Indiana provided a significant update to, and substantial completion of, its Plaintiff Fact Sheet and associated production of the information requested therein. As yet, Defendants have not yet reviewed this update and

---

[1] The Texas Attorney General Consumer Protection Division ("TX CPD") respectfully requests an additional week to respond to Defendants' July 17 letter. The TX CPD will have no objection to a comparable extension for Defendants, if requested.

Cicala Wackerly Conrod PLLC

tel 512.275.6550 | fax 512.858.1801 | CWC.law

August 6, 2025
Page 2

**CWC** CICALA WACKERLY CONROD

production; therefore, issues regarding Indiana completeness are also not ripe. Further, and as noted in Defendants' letter brief, the only "agency" dispute concerns the Indiana Department of Insurance. Here, the Defendants have failed to identify any relevant relationship between the Indiana Department of Insurance and the State's lawsuit. As to the issue of control, the Defendants are mistaken that the Attorney General's role as "the State's law firm" means that it necessarily controls every agency, including the Department of Insurance, for purposes of providing discovery responses in cases where the Department of Insurance is not a party. Defendants have misconstrued Indiana Code § 4-6-5-3, which only requires the Attorney General's consent to an agency's hiring of outside counsel. It does not require the Attorney General to *be* that outside counsel. Consonant with this construction, Ind. Code § 4-6-3-3 authorizes the Indiana Attorney General to issue civil investigative demand to a person with documents relevant to an investigation, where "person" is defined to include "a state or local agency" in Ind. Code § 4-6-3-1. This tool would not be necessary if Indiana law provided the Indiana Attorney General on demand access to any agency document at any time. The Defendants' position therefore incorrectly conflates the Indiana Attorney General's role as outside counsel with in-house counsel access. Accordingly, the State of Indiana cannot be compelled to produce documents in the possession, custody, or control of the Department of Insurance.

Respectfully submitted,

Joanne M. Cicala
Cicala Wackerly Conrod PLLC

W. Lawrence Deas
Liston & Deas PLLC

Walter G. Watkins
Forman Watkins & Krutz LLP

cc: All Counsel of Record (via ECF)