UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM)(LDW)<br>MDL No. 3080 |
| THIS DOCUMENT RELATES TO:<br><br>*The State of Illinois, by Kwame Raoul, Illinois Attorney General v. Eli Lilly and Co., et al.*<br><br>Case No. 2:23-cv-04242 | ORDER |

**THIS MATTER** is before the Court on Defendant Evernorth Health, Inc.'s ("Evernorth") Motion to Dismiss Plaintiff the People of State of Illinois's (the "State") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF Nos. 190-30, 190-31.) The State filed an Opposition to Evernorth's Motion to Dismiss, arguing the Motion to Dismiss should be denied but that, in the alternative, the State is entitled to jurisdictional discovery (ECF No. 190-41), and Evernorth filed a Reply (ECF No. 190-47). Having reviewed and considered the submissions filed in connection with the Motion, and for the reasons set forth in the accompanying Opinion and for good cause having been shown,

**IT IS** on this 5th day of September 2025,

**ORDERED** that the State may undertake jurisdictional discovery with regard to Evernorth's involvement in the Insulin Pricing Scheme in Illinois and the corporate relationship between Evernorth and the Express Scripts defendants; it is further

**ORDERED** that counsel are to meet and confer and submit to the Court a proposed order outlining the scope of jurisdictional discovery and all related deadlines within thirty (30) days of entry of this Order; and it is further

**ORDERED** that Evernorth's Motion to Dismiss the State's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) is **DENIED** with leave to refile after the conclusion of jurisdictional discovery.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
