

**Melissa A. Geist**
Direct Phone:  +1 609 514 5978
Email:  mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

September 19, 2025

**Via ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-LDW, MDL No. 3080: Manufacturers' Request for Leave to File Motion for Clarification

Dear Judge Martinotti:

      Pursuant to CMO 5, Defendants Eli Lilly and Company; Novo Nordisk Inc.; and Sanofi-Aventis U.S. LLC (collectively, "Manufacturers") respectfully seek leave to file a motion for the limited purpose of requesting that the Court clarify, correct, or reconsider a portion of its September 5, 2025 order granting in part and denying in part Manufacturers' Motion to Dismiss SFP Plaintiffs' operative Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. 731-32.

      Manufacturers appreciate that the Court issued a significant number of opinions on September 5, and seek guidance as to how the Court intended to rule on identical claims against PBMs and Manufacturers.  Namely, in its order addressing PBMs' Motion to Dismiss, the Court dismissed Albany County's unjust enrichment claim on the grounds that it "relies on the same factual allegations and same theory of liability" as Albany's other claims and was therefore "duplicative" of those claims.  *See* Dkt. 729 at 27-29 (quoted source omitted); Dkt. 730.  The Court did not specify in either its opinion or order whether that ruling applies to Albany's claims against Manufacturers as well.  *See* Dkt. 731-32.

      The Court was correct to dismiss the claim against PBMs.  As Manufacturers and PBMs argued in their motions to dismiss, Albany's unjust enrichment claim is "premised on the same conduct" as its NYGBL claim.  *See* Dkt. 250 at 42-43 (citing *Greene v. Clean Rite Ctrs., LLC*, 2024 WL 328436, at *11 (E.D.N.Y. Jan. 29, 2024)); Dkt. 252 at 44.  Thus, if Albany's NYGBL claim fails, as the Court held it did, Albany's unjust enrichment claim must also be dismissed.  *Greene*, 2024 WL 328436, at *11.

      Manufacturers respectfully submit that the Court's reasoning applies equally to both PBMs and Manufacturers because (1) Albany brought the same unjust enrichment claim against both sets of Defendants, premised on the same allegations and in the same count; (2) both groups of Defendants argued that Albany's unjust enrichment claim should be dismissed because it is "premised on the

ReedSmith

same conduct" as Albany's "statutory fraud" claim, *compare* Dkt. 250 at 42-43 (Manufacturers' Brief), *with* Dkt. 252 at 44 (PBMs' Brief); and (3) both groups of Defendants succeeded in obtaining dismissal of the statutory claim on which Albany's unjust enrichment claim was based. Dkt. 731 at 19-20; Dkt. 729 at 18-19. However, the Court did not address its ruling or this argument in its opinion or order on Manufacturers' motion to dismiss, suggesting the Court's application of this ruling to Manufacturers was omitted by inadvertence or mistake. Manufacturers therefore respectfully request that the Court clarify its ruling or, to the extent it inadvertently overlooked Manufacturers' argument, reconsider its order denying Manufacturers' motion to dismiss Albany's unjust enrichment claim on these same grounds.

For the reasons above, Manufacturers respectfully seek the Court's guidance and request permission to file a motion seeking clarification that Albany's unjust enrichment claim is dismissed as to both groups of Defendants, not just PBMs. We thank the Court for its continued attention to this matter and are available if Your Honor would like to schedule a pre-motion conference to discuss this matter more fully.

Dated: September 19, 2025

Respectfully submitted,

*/s/ Melissa A. Geist*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978
mgeist@reedsmith.com
jalopez@reedsmith.com

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Andrew A. Kassof (*pro hac vice*)
Robert B. Ellis (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com
akassof@kirkland.com
rellis@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
jason.feld@kirkland.com

*Attorneys for Defendant Eli Lilly and Company*

ReedSmith

| | |
|---|---|
| /s/ Brian W. Carroll | /s/ Liza M. Walsh |
| **MCCARTER & ENGLISH, LLP** | **WALSH PIZZI O'REILLY FALANGA LLP** |
| Brian W. Carroll | Liza M. Walsh |
| Four Gateway Center | Katelyn O'Reilly |
| 100 Mulberry St. | Three Gateway Center |
| Newark, NJ 07102 | 100 Mulberry St., 15th floor |
| (973) 639-2020 | Newark, NJ 07102 |
| bcarroll@mccarter.com | (973) 757-1100 |
| | lwalsh@walsh.law |
| | koreilly@thewalshfirm.com |
| | |
| **DAVIS POLK & WARDWELL LLP** | **JONES DAY** |
| James P. Rouhandeh (*pro hac vice*) | Michael R. Shumaker (*pro hac vice*) |
| David B. Toscano (*pro hac vice*) | Julie E. McEvoy (*pro hac vice*) |
| 450 Lexington Ave. | William D. Coglianese (*pro hac vice*) |
| New York, NY 10017 | Melissa L. Patterson (*pro hac vice*) |
| (212) 450-4000 | 51 Louisiana Ave. NW |
| rouhandeh@davispolk.com | Washington, DC 20001 |
| david.toscano@davispolk.com | (202) 879-3939 |
| | mrshumaker@jonesday.com |
| | jmcevoy@jonesday.com |
| | wcoglianese@jonesday.com |
| | mpatterson@jonesday.com |
| | |
| **DAVIS POLK & WARDWELL LLP** | |
| Neal A. Potischman (*pro hac vice*) | |
| Andrew Yaphe (*pro hac vice*) | |
| 1600 El Camino Real | |
| Menlo Park, CA 94025 | |
| (650) 752-2000 | |
| neal.potischman@davispolk.com | |
| andrew.yaphe@davispolk.com | |
| | |
| *Attorneys for Defendant Novo Nordisk Inc.* | *Attorneys for Defendant Sanofi-Aventis U.S. LLC* |