# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case No. 2:23-md-3080 (BRM)(LDW)<br><br>MDL No. 3080<br><br>Hon. Brian R. Martinotti<br><br>Motion Day: November 3, 2025 |

**THIS DOCUMENT RELATES TO:** No. 2:23-CV-07042
                                    **(SELF-FUNDED PAYERS TRACK)**

## MEMORANDUM OF LAW IN SUPPORT OF MANUFACTURERS' MOTION FOR CLARIFICATION

Defendants Eli Lilly and Company; Novo Nordisk Inc.; and Sanofi-Aventis U.S. LLC (collectively, "Manufacturers") respectfully request that the Court clarify, correct, or reconsider a portion of its September 5, 2025 order granting in part Manufacturers' Motion to Dismiss SFP Plaintiffs' operative Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 731-32.

In its separate order addressing PBMs' Motion to Dismiss those same SFP Plaintiffs' Complaints, the Court dismissed Albany County's ("Albany") unjust enrichment claim on the grounds that it was "duplicative" of Albany's other claims. *See* Dkt. 729 at 27-29; Dkt. 730. Although the Court's grounds for dismissal of that claim apply equally to both groups of Defendants, the Court did not apply that ruling or address that argument in its decision on Manufacturers' motion. Accordingly, Manufacturers respectfully ask that the Court confirm Albany's unjust enrichment claim is dismissed as to both groups of Defendants, not just PBMs.

## BACKGROUND

Albany filed its suit against both Manufacturers and PBMs, alleging a "scheme" by which PBMs and Manufacturers conspire to "artificially inflate[]" insulin list prices in exchange for preferred formulary placement and payment of "fees" that should have been—but were not—passed through to Albany under the terms of its contracts with PBMs. Dkt. 256 at 1; Albany SAC ¶¶ 39, 316. Albany brought New York General Business Law ("NYGBL") § 349 and unjust enrichment

1

claims, among others, against both Manufacturers and PBMs, all premised on that same "scheme." Albany SAC ¶¶ 701, 734. In support of its claims, Albany alleges that Manufacturers and PBMs used "inflated list price[s] … to fund bribes and kickbacks" to PBMs, which conferred a "wrongfully secured and retained … benefit" to both groups of Defendants "in the form of amounts paid for diabetes medicines … and other payments collected" pursuant to the alleged scheme. *Id.* ¶¶ 708, 740.

Manufacturers and PBMs separately briefed motions to dismiss. Dkt. 250, 252, 256, 257, 258, 259. Both sets of Defendants argued that Albany's NYGBL claims should be dismissed because the statute applies only to "consumer-oriented" injuries, whereas Albany's alleged injuries stem from "business-to-business transactions." Dkt. 250 at 27 (quoted source omitted); Dkt. 252 at 37. In ruling on both motions to dismiss, the Court agreed. It dismissed Albany's NYGBL claims against both Manufacturers and PBMs because Albany does not allege a "consumer oriented" injury. Dkt. 731 at 19-20; Dkt. 729 at 18-19.

Both sets of Defendants also argued that Albany's unjust enrichment claim should be dismissed on the grounds that those claims are based on the same conduct as the deficient NYGBL claim. PBMs argued that Albany's unjust enrichment claim "rests on the same improper conduct alleged in" Albany's "defective statutory claim[]" and is therefore "tied to the fate of that claim." Dkt. 252 at 44 (internal

2

quotations and quoted source omitted). Manufacturers similarly argued that Albany's unjust enrichment claim is "premised on the same conduct" as Albany's "statutory fraud" claim and thus should "stand or fall together" with that claim. Dkt. 250 at 42-43 (internal quotations and quoted source omitted) (citing *Greene v. Clean Rite Ctrs., LLC*, 2024 WL 328436, at *11 (E.D.N.Y. Jan. 29, 2024)).

The Court dismissed Albany's unjust enrichment claim, but only as to the PBMs. In ruling on PBMs' motion to dismiss, the Court agreed that Albany's unjust enrichment claim is premised on "the same factual allegations and the same theory of liability" as Albany's other claims. Dkt. 729 at 29 (quoted source omitted); Dkt. 730. But in its decision addressing Manufacturers' motion, the Court did not clearly apply that ruling to Manufacturers' identical argument for dismissing the same unjust enrichment claim. *See* Dkt. 731 at 26-32. Instead, the Court considered only Manufacturers' **other** arguments for dismissal, and declined to dismiss Albany's unjust enrichment claim based on those other arguments. *Id.* As a result, the two opinions and sets of claims against the respective Defendant groups cannot be reconciled.

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague." *Valeant Pharms. Int'l, Inc. v. AIG Ins. Co. of Canada*, 2019 WL 13394087, at *1 (D.N.J. Aug. 21, 2019) (quoted source omitted).

3

Motions for clarification are properly granted when "appropriate to … clarify the meaning of the Court's … Opinion," *Blue Gentian v. Triastar Prods., Inc.*, 2021 WL 3561215, at *3 (D.N.J. Aug. 12, 2021), or when necessary to correct an "inadvertent[]" statement of the Court's disposition. *Engers v. AT&T Corp.*, 2006 WL 3359722, at *5 (D.N.J. Nov. 20, 2006) (granting motion for clarification where "[t]he Court inadvertently stated that Defendants' motion for summary judgment was granted in part and denied in part," even though the motion "was granted in its entirety"). Similarly, the Court can reconsider a ruling to address matters "presented to, but not considered by, the court in the course of making the decision at issue." *Id.* To that end, the Court may reconsider a decision "inadvertently omit[ing]" judgment on a claim or "overlook[ing]" an "argument[]" a party had presented. *Gunter v. Township*, 2012 WL 2522883, at *11 (D.N.J. June 29, 2012); *Rastelli Bros., Inc. v. Netherlands Ins. Co.*, 68 F. Supp. 2d 448, 449-50 (D.N.J. 1999).

## ARGUMENT

The Court should clarify that its ruling dismissing Albany's unjust enrichment claim as "duplicative" of Albany's other claims applies to Albany's unjust enrichment claim against Manufacturers. Albany brought the same unjust enrichment claim against both PBMs and Manufacturers, premised on the same allegations. Albany SAC ¶ 740; *see also id.* ¶ 734 (asserting unjust enrichment claim "against Defendants Eli Lilly, Novo Nordisk, Sanofi, Express Scripts, and CVS

Caremark" in a single count). Both sets of Defendants made the same arguments in support of dismissing Albany's unjust enrichment claim. Dkt. 250 at 42-43; Dkt. 252 at 44. And the Court dismissed as to both sets of Defendants the statutory (NYGBL) claim on which Albany's unjust enrichment claim was based. Dkt. 731 at 19-20; Dkt. 729 at 18-19. The Court's ruling that Albany's unjust enrichment claim "is duplicative of Albany's other claims" and must be dismissed should therefore apply to both Defendant groups. Dkt. 729 at 29; Dkt. 730.

The Court was correct, in its opinion on PBMs' motion to dismiss, to dismiss Albany's unjust enrichment claim. Unjust enrichment "is available only in unusual situations" not already covered by contract or tort law. *Warren v. Coca-Cola Co.*, 670 F. Supp. 3d 72, 89 (S.D.N.Y. 2023) (quoted source omitted). Because Albany "cannot recover twice on the same set of facts," Dkt. 729 at 29, its unjust enrichment claim can survive only if based on ***different*** facts than its other underlying claims. But as Manufacturers and PBMs demonstrated in their motions to dismiss, Albany's unjust enrichment claim is "premised on the same conduct" as its legally defective NYGBL claim. Dkt. 250 at 42-43 (citing *Greene*, 2024 WL 328436, at *11); *see* Dkt. 252 at 44. Albany's unjust enrichment and NYGBL claims both challenge the Manufacturers' alleged participation in a purported "Insulin Pricing Scheme," resulting in "artificially and illegally inflated prices" and "profits to which they were not entitled." Albany SAC ¶¶ 737, 741; *cf. id.* ¶ 708 (alleged NYGBL violation of

5

setting "artificially inflated prices" to "maximiz[e] profits through the Insulin Pricing Scheme"). Thus, if Albany's NYGBL claim fails, as the Court held it did for both sets of Defendants, Albany's unjust enrichment claim must also be dismissed. *Greene*, 2024 WL 328436, at *11.

Although the logic underlying the Court's ruling applies equally to both PBMs and Manufacturers, the Court did not specify in its opinion or order on the PBMs' motion to dismiss whether the ruling applies to Albany's claims against Manufacturers as well. Nor is that ruling addressed in the Court's opinion or order on Manufacturers' motion to dismiss. That leaves the two opinions inconsistent with one another. It also means that, absent clarification, Plaintiffs like Albany would continue to assert unjust enrichment claims against one group of defendants despite the Court's conclusion—on reasoning equally applicable to both sets of Defendants—that those claims are not viable. And to the extent the Court may have inadvertently "overlooked" the Manufacturers' identical argument given the flurry of issues and opinions decided on September 5, correcting the record here is especially appropriate since resolution of this issue will streamline disputes over similar issues going forward in the MDL. *Gunter v. Township of Lumberton*, 2012 WL 2522883, at *11 (D.N.J. June 29, 2012) (granting motion for reconsideration where the court "inadvertently omitted the grant of summary judgment in favor of Defendant"); *Rastelli Bros., Inc. v. Netherlands Ins. Co.*, 68 F. Supp. 2d 448, 449-

6

50 (D.N.J. 1999) ("[a]rguments … overlooked by the Court" are "a proper basis" for reconsideration).

In short, whether understood as a request for clarification, correction, or reconsideration, the result should be the same: the Court should resolve the inconsistency in its rulings by dismissing Albany's non-viable unjust enrichment claim against the Manufacturers for the same reason it dismissed that claim against the PBMs. *E.g.*, *Blue Gentian*, 2021 WL 3561215, at *3 (granting motion for clarification and adopting "proposed change" that "clarifies … ambiguity in the previous Opinion").

## CONCLUSION

For the foregoing reasons, Manufacturers respectfully request that the Court confirm that its ruling dismissing Albany's unjust enrichment claim applies not only to Albany's claim against PBMs, but also against Manufacturers.

Dated: September 29, 2025

Respectfully submitted,

/s/ *Melissa A. Geist*

/s/ *Brian W. Carroll*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978
mgeist@reedsmith.com
jalopez@reedsmith.com

**MCCARTER & ENGLISH, LLP**
Brian W. Carroll
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2020
bcarroll@mccarter.com

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Andrew A. Kassof (*pro hac vice*)
Robert B. Ellis (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com
akassof@kirkland.com
rellis@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
jason.feld@kirkland.com

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Ave.
New York, NY 10017
(212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

**DAVIS POLK & WARDWELL LLP**
Neal A. Potischman (*pro hac vice*)
Andrew Yaphe (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000
neal.potischman@davispolk.com
andrew.yaphe@davispolk.com

*Attorneys for Defendant Eli Lilly and Company*

*Attorneys for Defendant Novo Nordisk Inc.*

/s/ *Liza M. Walsh*
**WALSH PIZZI O'REILLY FALANGA LLP**
Liza M. Walsh
Selina M. Ellis
Katelyn O'Reilly
Three Gateway Center
100 Mulberry St., 15th floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
sellis@walsh.law
koreilly@walsh.law

**JONES DAY**
Michael R. Shumaker (*pro hac vice*)
Julie E. McEvoy (*pro hac vice*)
William D. Coglianese (*pro hac vice*)
Melissa L. Patterson (*pro hac vice*)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
mrshumaker@jonesday.com
jmcevoy@jonesday.com
wcoglianese@jonesday.com
mpatterson@jonesday.com

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*