UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case 2:23-md-03080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE LEDA DUNN WETTRE |

**THIS DOCUMENT RELATES TO:**

*The State of Illinois, By Kwame Raoul, Illinois Attorney General v. Eli Lilly and Co., et al.*, Case No. 2:23-Cv-04242; and

*The State of Montana, Ex. Rel. Austin Knudsen, Attorney General v. Eli Lilly and Company, et al.,* Case No. 2:23-Cv-04214

## CASE MANAGEMENT ORDER #21
## (JURISDICTIONAL DISCOVERY)

This Case Management Order Regarding Jurisdictional Discovery, jointly proposed and agreed upon by the parties, sets forth the procedures and timeline for jurisdictional discovery for Evernorth Health, Inc.; CVS Health Corporation; UnitedHealth Group Incorporated; and OptumInsight, Inc. (collectively, "Jurisdictional Defendants") in *The State of Illinois, by Kwame Raoul, Illinois Attorney General v. Eli Lilly and Co., et al.*, Case No. 2:23-cv-04242 and *The State of Montana, ex. rel Austin Knudsen, Attorney General v. Eli Lilly and Company, et al*, Case No. 2:23-CV-04214 as ordered by the Court's FRCP 12(b)(2) Motions to Dismiss denials entered against these Defendants [Dkt. Nos. 708-719]. Under this Court's Orders [Dkt. Nos. 709, 711, 713, 715, 717], the scope of jurisdictional discovery is limited to the Jurisdictional Defendants' alleged involvement in the "Insulin Pricing Scheme" in Illinois and Montana and the corporate relationship between the Jurisdictional Defendants and certain of their subsidiaries or affiliates who are otherwise named as Defendants by Plaintiffs.

**I.  JURISDICTIONAL REQUESTS FOR PRODUCTION**

1. Illinois and Montana ("States") may each serve up to five Requests for Production ("Jurisdictional RFPs") pursuant to Fed. R. Civ. P. 34 on each Jurisdictional Defendant starting on October 6, 2025. The Jurisdictional RFPs must be narrowly tailored to the scope discussed above.

2. Each Jurisdictional Defendant shall separately serve written objections and responses to the Jurisdictional RFPs within 30 days of service.

3. Jurisdictional Defendants shall begin a rolling production of documents and electronically stored information within 45 days of service of the Jurisdictional RFPs, with substantial completion of Defendants' responsive document productions within 95 days of service of the Jurisdictional RFPs.

**II.  JURISDICTIONAL INTERROGATORIES**

1. The States may each serve up to three Interrogatories ("Jurisdictional ROGs") pursuant to Fed. R. Civ. P. 33 upon each Jurisdictional Defendant starting on October 6, 2025.

2. Each Jurisdictional Defendant shall separately serve written objections and responses to the Jurisdictional ROGs within 30 days of service. The Jurisdictional ROGs must be narrowly tailored to the scope discussed above.

**III.  JURISDICTIONAL DEPOSITIONS**

1. Following the substantial completion of a Jurisdictional Defendant's responsive document productions, the States may collectively take one, five-hour FRCP 30(b)(6) deposition of each Jurisdictional Defendant. This jurisdictional discovery FRCP 30(b)(6) deposition does not count against any additional 30(b)(6) time limitations agreed to by the Parties or ordered by the Court in this MDL. Questioning must be narrowly tailored to the scope discussed above. All jurisdictional 30(b)(6) depositions shall be completed by March 6, 2026. All jurisdictional

30(b)(6) notices shall be served on or before January 9, 2025.  The Jurisdictional Defendant shall serve responses and objections to the Rule of Civil Procedure 30(b)(6) notice within thirty (30) days of receipt of said notice.

2. The States reserve the right to request fact depositions from the Court upon a showing of good cause related to each Jurisdictional Defendant. The Jurisdictional Defendants reserve all rights—including their right to object to any requested fact deposition—and maintain that no jurisdictional fact depositions will be necessary or appropriate.

## IV. SCHEDULING DEADLINES

1. The Jurisdictional Discovery deadline is March 6, 2026.

2. Any renewed motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) must be filed by April 6, 2026.  The States may serve an opposition to those motions on or before May 6, 2026.  Jurisdictional Defendants may serve a reply to Plaintiffs' opposition on or before May 22, 2026.  All documents will be filed simultaneously on the docket on or before May 26, 2026.

**IT IS SO ORDERED.**

DATED:

_____
Hon. Leda Dunn Wettre
United States Magistrate Judge