# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Government of Puerto Rico v. Eli Lilly & Co., et al.*, Case No. 2:25-cv-1845 | Case No. 2:23-md-3080 (BRM) (LDW)<br>MDL No. 3080<br><br>**OPINION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

      Before the Court is the Government of Puerto Rico's Motion for Leave to File a Second Amended Complaint. (ECF 605, 649). Defendants Eli Lilly and Company, Eli Lilly Export S.A., Novo Nordisk Inc., Sanofi-Aventis U.S. LLC, and Sanofi-Aventis Puerto Rico, Inc. (collectively, the "Manufacturer Defendants") and Express Scripts, Inc., CaremarkPCS Health, LLC, Caremark Puerto Rico LLC, and OptumRx, Inc. (collectively, the "PBM Defendants") oppose the motion. (ECF 622, 623). The Court heard oral argument on the motion on August 12, 2025. Having considered the parties' written submissions and arguments, Puerto Rico's Motion to Amend is **DENIED**.

## I. BACKGROUND

      The Government of Puerto Rico initiated this action in the Court of First Instance in San Juan, Puerto Rico on January 17, 2023, alleging that the Manufacturer Defendants and PBM Defendants engaged in a scheme to artificially inflate the price of insulin products in violation of Puerto Rico's Fair Competition Act, 10 L.P.R.A. § 259. Puerto Rico filed an Amended Complaint on January 24, 2023, which included a disclaimer of relief relating to federal programs like Medicaid and Medicare. (Am. Compl. ¶¶ 23, 149, Civ. A. No. 25-1845, ECF 1-1). Express Scripts, Inc. removed the case from the Court of First Instance to the United States District Court

for the District of Puerto Rico on March 17, 2023 pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), on the basis of its provision of pharmacy benefit management services for a federal health care program. (Civ. A. No. 25-1845, ECF 1). Plaintiff moved to remand the case to the Court of First Instance. (Civ. A. No. 25-1845, ECF 74). By Memorandum and Order dated July 13, 2023, the Hon. Jay A. Garcia-Gregory, U.S.D.J. granted Plaintiff's motion to remand, finding the Amended Complaint's disclaimer of relief relating to federal programs sufficient to defeat federal jurisdiction. (Civ. A. No. 25-1845, ECF 102). Certain Defendants appealed the remand order, and although the case was not stayed pending appeal, it appears that the proceedings did not advance substantially upon remand to the Court of First Instance. On October 18, 2024, the United States Court of Appeals for the First Circuit reversed the District Court's remand order and returned the case to federal court for further proceedings. *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024).

While this jurisdictional battle played out, the United States Judicial Panel on Multidistrict Litigation ("JPML") created the *In re Insulin Pricing Litigation* MDL No. 3080 to centralize actions, including governmental actions, that allege a "scheme between insulin manufacturers and pharmacy benefit managers . . . to artificially and fraudulently inflate the price of insulin and other diabetes medications." *In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1373, 1375 (J.P.M.L. 2023). On November 13, 2024, Defendants CaremarkPCS Health and Caremark Puerto Rico filed a notice with the JPML identifying this case as a potential tag-along action to the *Insulin Pricing* MDL. (Civ. A. No. 25-1845, ECF 120). The JPML issued a Conditional Transfer Order on December 9, 2024, which Puerto Rico opposed. On December 20, 2024, before the JPML ruled on the issue of transfer, Plaintiff moved in the District of Puerto Rico for leave to file a Second Amended Complaint. (Civ. A. No. 25-1845, ECF 127). The proposed Second Amended

2

Complaint made sweeping changes to the operative pleading by: (1) dropping the Manufacturer Defendants from the action, and (2) expanding the claims against the PBM Defendants to include artificial inflation of the price of numerous brand-name prescription drugs used to treat conditions other than diabetes, not just insulin products. (*Id.*). It is perhaps no coincidence that the proposed Second Amended Complaint mirrored another complaint Plaintiff's counsel filed against the PBM Defendants on behalf of the State of Hawai'i, *State of Hawai'i ex rel. Anne E. Lopez, Attorney General v. CaremarkPCS Health, L.L.C. et al.*, No. 1:23-cv-00464-LEK-RT (D. Haw.), a case in which Hawai'i successfully fended off transfer to this MDL in April 2024 by alleging "a scheme to inflate the list price of all 'brand-name prescription drugs' – a substantially larger universe of drugs, manufacturers, and business practices than those at issue in the MDL." *In re Insulin Pricing Litig.*, MDL 3080, Order Denying Transfer at 1, ECF 259 (J.P.M.L. Apr. 11, 2024).

Judge Garcia-Gregory denied Puerto Rico's Motion to Amend on January 27, 2025 as follows:

> While Fed. R. Civ. P. 15 reflects a liberal amendment policy, Plaintiff has already amended its complaint once and, more importantly, has not sufficiently justified the 2-year delay in seeking to add the additional claims asserted in the proposed second amended complaint. *See Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983) ("Where . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay.") (cleaned up); *see also Calderon-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend."). Plaintiff has had ample time to amend the complaint during the last 2 years since the litigation was never stayed by this Court or the Court of First Instance, and the Parties have engaged in substantial motion practice. Plaintiff only sought to amend the complaint after an adverse decision from the First Circuit and after the case was conditionally transferred to the *In re Insulin Pricing Litigation* MDL. The timing of the motion and the absence of an adequate explanation for the delay suggests that Plaintiff seeks to amend its pleadings to avoid transfer to the MDL. The fact that the proposed second amended complaint tracks the language in the complaint filed in *State of Hawai'i ex rel. Anne Lopez v. Caremark PCS Health, L.L.C., et al.*, after the JPML declined to transfer that case, further suggests that Plaintiff is engaging in gamesmanship to escape

>MDL jurisdiction.  *See* Docket No. 143 at 11.  This is especially true since counsel for Plaintiff also represented the State of Hawai'i in that case and, thus, was on notice of other potential claims against Defendants.  *See id*. at 5, 12-13.  Moreover, the proposed amendments significantly expand the claims asserted in this action and would, thus, materially alter the nature of this litigation.  This would unduly prejudice Defendants by drastically expanding the scope of the litigation and requiring Defendants to litigate the claims related to insulin prices in 2 different forums.  *See also Stepanischen*, 722 F.2d at 933 (affirming the district court's denial of a motion to amend complaint, noting in part that "the addition of new claims would likely have required additional discovery and caused further delay.").

(Civ. A. No. 25-1845, ECF 147).  Puerto Rico immediately filed a motion requesting clarification that the January 27, 2025 Order is without prejudice.  (Civ. A. No. 25-1845, ECF 149).  Judge Garcia-Gregory denied the motion for clarification by Order dated March 5, 2025, stating that: "The Court denied leave to amend the complaint as untimely.  It did not adjudicate or comment on the merits of the claims in the proposed Second Amended Complaint and the Order was not a final judgment on any claim."  (Civ. A. No. 25-1845, ECF 163).

On March 13, 2025, this case was transferred from the District of Puerto Rico to the District of New Jersey for inclusion in MDL No. 3080.  (Civ. A. No. 25-1845, ECF 167, 168).  Following transfer, Puerto Rico again moved for leave to file a Second Amended Complaint.  (ECF 605).  This time, however, Puerto Rico no longer proposes to drop the Manufacturer Defendants from the case; instead, Plaintiff seeks leave to broaden the scope of claims against the Manufacturer Defendants to include inflation of the price of diabetes medications other than insulin – namely, GLP-1 drugs like Ozempic and Wegovy.  With respect to the PBM Defendants, Puerto Rico again seeks to expand the scope of its claims to include inflation of the price of numerous drugs used to treat conditions other than diabetes – an amendment that is substantially the same as the one Judge Garcia-Gregory rejected as untimely.  Finally, Plaintiff seeks to add Ascent Health Services, LLC, Emisar Pharma Services LLC, and Zinc Health Services, LLC, which are the PBM Defendants' group purchasing organizations, as defendants.  (Proposed 2d. Am. Compl., ECF 605-2).

4

## II. DISCUSSION

Under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The law of the case applies with equal force in the context of MDL transfers, as "there is nothing in the rules adopted by the Joint Panel on Multidistrict Litigation that authorizes a transferee judge to vacate or modify the order of a transferor judge. Moreover, we do not believe that Congress intended that a 'Return to Go' card would be dealt to parties involved in MDL transfers. . . . Accordingly, if the transferor court is bound by the law of the case doctrine . . . the [MDL] transferee court must be similarly bound." *Id.* at 441-42 (citation omitted). *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (law of the case "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions"). Although "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance," the law of the case doctrine counsels that "as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson*, 486 U.S. at 817. The Third Circuit "has recognized several 'extraordinary circumstances' that warrant a court's reconsideration of an issue decided earlier in the course of litigation. They include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Public Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997).

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely granted absent undue delay, bad faith or dilatory motive on the part of the movant,

5

repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Several months ago, Judge Garcia-Gregory denied leave to amend under Rule 15, finding that Plaintiff had already filed one amended pleading and had not justified the two-year delay in seeking further amendment, that the timing of the proposed amendment was suggestive of gamesmanship, and that Defendants would be prejudiced by an amendment that would expand the claims in this action beyond the pricing of insulin. Judge Garcia-Gregory considered substantially the same proposed amendment presented to this Court in an earlier phase of the litigation, and as such his ruling denying leave to amend is law of the case. Indeed, Plaintiff does not dispute that Judge Garcia-Gregory's January 27, 2025 decision is law of the case; instead, Plaintiff asks this Court to apply an exception to the law of the case doctrine in order to undo the pre-transfer denial of leave to amend.

Plaintiff contends that this Court is not bound by Judge Garcia-Gregory's ruling because it was preliminary, ambiguous, and clearly erroneous. The Court disagrees. The January 27, 2025 Order denying leave to amend cannot fairly be characterized as either preliminary or ambiguous. Although brief, Judge Garcia-Gregory's decision cited the appropriate Rule 15 standard, considered the relevant factors including delay and prejudice, and declined to exercise his discretion to permit amendment. The subsequent clarification that his Order was not an adjudication of the merits of the claims in the proposed Second Amended Complaint does not make the denial of leave to amend any less final.[1] Nor can the Court perceive any ambiguity in

---

[1] *Greco v. Grewal*, 19-cv-19145 (BRM), 2020 WL 7334194, at *8 (D.N.J. Dec. 11, 2020), does not advance Plaintiff's position. In *Greco*, the Court found that the law of the case doctrine does not prohibit *Younger* abstention after an earlier denial of a preliminary injunction. Plaintiff offers no basis to extend *Greco* beyond the context of preliminary injunction rulings, which are, by their nature, "avowedly preliminary or tentative" and not binding at trial. *Id.* (quotation omitted). *Greco* does not apply to the circumstances presented here, where Plaintiff filed substantially the same Motion to Amend twice in the hopes of obtaining a different result post-transfer.

6

the January 27, 2025 Order. Had Judge Garcia-Gregory intended to permit Plaintiff a second bite at the apple with respect to amendment, he had the opportunity to say so when deciding Plaintiff's motion for clarification.

      Finally, the Court cannot say that Judge Garcia-Gregory's decision was clearly erroneous or would result in manifest injustice. Plaintiff does not suggest that Judge Garcia-Gregory applied the wrong legal standard to the Motion to Amend, it simply disagrees with how he analyzed the Rule 15 factors. There is no question that undue delay and prejudice are appropriate grounds on which to deny leave to amend, and, in this Court's view, Judge Garcia-Gregory's consideration of gamesmanship was relevant to the issue of bad faith. *See, e.g.*, *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015) (finding that plaintiff sought leave to amend in bad faith "to engage in forum-shopping and other chicanery"). Moreover, Plaintiff has not demonstrated that the denial of leave to amend will result in manifest injustice. Plaintiff acknowledged at oral argument that it may still be able to assert claims relating to the pricing of non-diabetes drugs by filing a separate action in Puerto Rico. (Oral Arg. Tr. at 91:25–92:15, ECF 698).[2] Although Plaintiff considers the denial of leave to amend to be unfair given the procedural history of the case, this alone is not a circumstance so extraordinary as to overcome the law of the case doctrine.

      As Plaintiff did not seek reconsideration of the denial of leave to amend in the District of Puerto Rico, the proper vehicle for raising the purported errors Plaintiff has identified in Judge

---

[2] Whether Defendants would move to dismiss separately filed non-diabetes drug pricing claims pursuant to the theory of claim-splitting, and whether a court would be receptive to such an argument after Defendants strenuously opposed Plaintiff's effort to bring those claims together with insulin pricing claims in this action, is purely hypothetical. *See* Oral Arg. Tr. at 107:13–108:12. But the fact remains that there is no final judgment forever barring Plaintiff from bringing non-insulin/non-diabetes drug pricing claims outside of this MDL.

7

Garcia-Gregory's ruling may be an appeal. But this Court has not been conferred with appellate jurisdiction. Instead, Plaintiff invites this MDL Court to consider its Motion to Amend *de novo* and reach the opposite decision as a coordinate court of equal authority. Even if this Court, acting in the first instance, would have decided the Motion to Amend differently, principles of comity and finality compel the Court to defer to Judge Garcia-Gregory's earlier ruling denying leave to amend as the law of the case. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982) ("[T]he principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.").

### III. CONCLUSION

Accordingly, Puerto Rico's Motion for Leave to file a Second Amended Complaint (ECF 605) is **DENIED**. An appropriate Order follows.

Dated: October 29, 2025

                                             *s/ Leda Dunn Wettre*
                                             Hon. Leda Dunn Wettre
                                             United States Magistrate Judge