# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL CASES | Case No. 2:23-md-3080 (BRM) (LDW)<br>MDL No. 3080<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of plaintiffs' motion to compel discovery from defendant Emisar Pharma Services LLC and defendant's opposition (ECF 577, 590), plaintiffs' second motion to compel discovery from Emisar and defendant's opposition (Email dated July 15, 2025, ECF 676), and plaintiffs' motion to compel discovery from defendant Ascent Health Services LLC and defendant's opposition (ECF 576, 591); and the Court having heard oral argument on these disputes on October 30, 2025; and for the reasons set forth on the record; and for good cause shown;

**IT IS** on this day, October 31, 2025, **ORDERED** with respect to the motions to compel discovery from Emisar:

1. Plaintiffs' motion to compel Emisar to designate is President and CEO Heather Cianfrocco as a document custodian is denied without prejudice should plaintiffs establish that she possesses unique knowledge that is relevant to the claims and defenses in this MDL.

2. Plaintiffs' motion to compel production of all information contained in the email box associated with the address irccu@optum.com is granted in part and denied in part. Emisar is directed to produce information contained in that email box that is responsive to agreed-upon custodial search terms.

3. Plaintiffs' motions to compel Emisar to produce responses to RFP No. 10 and Interrogatory No. 1 and to run Search No. 2 are denied without prejudice. The parties are directed to

    meet and confer further with respect to search terms, custodians, and responses, as these disputes are not ripe for adjudication.

4. Emisar's objection to responding to RFP No. 35 because it seeks discovery beyond the January 1, 2023 presumptive close of the relevant discovery period is overruled. Consistent with CMO 10, the Court finds good cause for this specific RFP to include discovery through January 1, 2024.

5. With respect to RFP No. 29, Emisar's proposal to search for call scripts, policies, standard-operation documents, and contract templates related to the drugs in suit, to the extent it has not done so already, is acceptable to the Court; and it is further

**ORDERED** with respect to the motion to compel discovery from Ascent:

1. For the reasons set forth on the record, the Court finds the majority of the disputes presented in the letter motion at ECF 576 are not ripe for adjudication until the parties meet and confer further, and therefore the motion is denied without prejudice except as to the following two issues.

2. Plaintiffs' motion to compel production of all information contained in the email boxes associated with the addresses contactgpo@ascenthealthservices.com and ahsbidproposals@ascenthealthservices.com is granted in part and denied in part. Ascent is directed to produce information contained in the identified email boxes that is responsive to agreed-upon custodial search terms.

3. The Court reserves decision on plaintiffs' motion to compel Ascent to run custodial search terms through the set of documents previously produced to the FTC. Ascent and other affected defendants may file supplemental letter briefs on the dispute regarding production

2

of documents previously produced to the FTC on or before **November 14, 2025**. Plaintiffs may file a responsive letter brief on or before **December 1, 2025**.

4. The Clerk of Court is directed to terminate the motions at ECF 576 and 577.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge
