IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-3080<br>MDL No. 3080<br><br>JUDGE BRIAN R. MARTINOTTI<br>JUDGE LEDA DUNN WETTRE |

THIS DOCUMENT RELATES TO: ALL CASES

CASE MANAGEMENT ORDER # 23
(Procedures Following ECF No. 707)

This Case Management Order applies to all Parties and their counsel in (a) all actions transferred to any Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 (ECF No. 5); (b) all related actions originally filed in or removed to this Court pursuant to CMO #9, dated May 16, 2024 (ECF Nos. 180, 641); and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court.

I.  **The Court's Constructive-Notice Decision**

On September 5, 2025, the Court "**ORDERED** that the constructive notice date applicable to all tracks and all cases is January 14, 2021." ECF No. 707.

II. **Disputes Following ECF No. 707.**

  a. In its September 5, 2025 Order, the Court ordered the Parties to "prepare and jointly submit a list of all pending cases that specifies, for each Plaintiff, the date the original

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 (ECF No. 34).

complaint was filed and the applicable statute of limitations." ECF No. 707. The parties submitted this list as Appendix A on October 10, 2025, ECF No. 761, together with accompanying correspondence outlining issues that could bear on the determination of the applicable statute of limitations and/or timeliness of plaintiffs' claims.

b. On October 13, 2025, Defendants filed a letter identifying cases and claims that they contend are untimely under the Court's constructive-notice ruling based on the statutes of limitations not contested in Appendix A ("Defendants' Proposed Untimely Cases and Claims List"). ECF No. 763. Defendants' Proposed Untimely Cases and Claims List does not identify any Cases or Claims pending in the State Attorney General Track or any federal claims asserted in any case in the Class Action Track.

c. By December 1, 2025, Plaintiffs shall identify any claim(s) filed by plaintiffs from part 1 of Defendants' Proposed Untimely Cases and Claims List that they contend are not untimely ("Plaintiffs' First Response to Defendants' Proposed Untimely Cases and Claims List").

d. By December 22, 2025, Plaintiffs shall identify any claim(s) filed by plaintiffs from those same nine jurisdictions in Plaintiffs' First Response to Defendants' Proposed Untimely Cases and Claims List that they contend are not untimely ("Plaintiffs' Second Response to Defendants' Proposed Untimely Cases and Claims List").

e. By January 20, 2026, Plaintiffs shall identify any claim(s) filed by any plaintiffs from another eight jurisdictions in Defendants' Proposed Untimely Cases and Claims List that they contend are not untimely ("Plaintiffs' Third Response to Defendants' Proposed Untimely Cases and Claims List").

f.  By February 3, 2026, Plaintiffs shall identify any claim(s) filed by any plaintiffs from another eight jurisdictions in Defendants' Proposed Untimely Cases and Claims List that they contend are not untimely ("Plaintiffs' Fourth Response to Defendants' Proposed Untimely Cases and Claims List").

g.  By February 18, 2026, Plaintiffs shall identify any claim(s) filed by any plaintiffs from the remaining jurisdictions in Defendants' Proposed Untimely Cases and Claims List that they contend are not untimely ("Plaintiffs' Fifth Response to Defendants' Proposed Untimely Cases and Claims List").

h.  For each claim on any of Plaintiffs' Responses to Defendants' Proposed Untimely Cases and Claims List, Plaintiffs shall provide (1) a list of the claims that Plaintiffs contend are not untimely and (2) Plaintiffs' position as to why the claim is not untimely, including Plaintiffs' specific basis and supporting legal authority.

i.  Within 14 days of each of the Plaintiffs' Responses to Defendants' Proposed Untimely Cases and Claims Lists discussed above[2], Defendants shall provide a written response addressing (1) the list of the cases or claims that Plaintiffs contend are not untimely and (2) Plaintiffs' position as to why the case or claim is not untimely.

j.  Within 14 days after Plaintiffs provide Plaintiffs' Fifth Response to Defendants' Proposed Untimely Cases and Claims List, the Parties shall meet and confer. Within 14 days of meeting and conferring, the Parties shall submit a joint letter setting forth a proposed process for addressing any remaining disputes.

---

[2] Except for after Plaintiffs' Second Response to Defendants' Proposed Untimely Cases and Claims List, for which Defendants shall have 21 days.

    k. With respect to any cases or claims for which Plaintiffs do not provide a position as to why such case or claim is not untimely or where the Parties otherwise agree a claim is untimely in any of Plaintiffs' Responses to Defendants Proposed Untimely Cases and Claims List, within 21 days of Plaintiffs' Second Response to Defendants' Proposed Untimely Cases and Claims List, and 14 days of Plaintiffs' Fifth Response to Defendants' Proposed Untimely Cases and Claims List, Defendants may file a motion to dismiss such cases or claims. Any motion to dismiss directed to a case or cases where Defendants contend that only certain claims are untimely, the motion to dismiss filed pursuant to this section shall be limited to the timeliness of such claims.

**III.　Process for Addressing the Disputed SOL List.**

    a. Within 30 days of this Order, the Parties shall meet and confer regarding disputed statutes of limitations that are identified in Appendix A ("Disputed SOL List") and seek to narrow the disputes to the fullest extent possible.

    b. Within 14 days of meeting and conferring, the Parties shall exchange charts setting forth: (1) a list of type of claim and competing statute of limitation periods; and (2) a list of the Plaintiffs who are bringing those claims. In the chart that Plaintiffs provide, Plaintiffs shall set forth, for each type of claim, Plaintiffs' position regarding their proposed identified statute of limitations including supporting legal authority. In the chart that Defendants provide, Defendants shall set forth, for each type of claim, Defendants' position regarding their proposed identified statute of limitations including the supporting legal authority.

    c. Fourteen days after exchanging the charts identified in Section III.b, the Parties shall jointly submit a letter setting forth a proposed process for addressing any remaining disputes.

  d. Twenty-one days after the Court rules on this dispute, Defendants shall provide a list of cases and claims that they contend should be dismissed as untimely based on the applicable statute of limitations period and the Court's constructive notice ruling. The parties shall follow the process identified in Section II to resolve any outstanding disputes regarding whether cases or claims are untimely and meet and confer about the timeline.

IV. **Applicability of this Order to Future Plaintiffs**

  a. Any future Plaintiff—whether filing directly in this MDL, or transferred or reassigned to this MDL—who is asserting one or more claims that are facially untimely based on undisputed statutes of limitation identified in Appendix A [ECF No. 761-1] or the parties' subsequent agreement, must serve within 30 days after such action is entered on this MDL docket, a letter no longer than two pages that provides Plaintiff's positions as to why each such claim is not untimely, including the Plaintiff's specific basis and supporting legal authority, as described above in Section II.h.

    b. If a Plaintiff fails to provide such a letter within the time set forth in Section IV.a, then, upon seven-days' notice to Plaintiff of such deficiency that remains uncured, Defendants may move the Court for dismissal of Plaintiff's claim(s).

    c. If the Plaintiff's letter, as described in Section IV.a, is timely but facially deficient, then Defendants may seek leave from the Court to file a motion to dismiss Plaintiff's case for failure to comply with this Case Management Order.

      i. This provision shall not allow Defendants to raise good-faith legal disputes about the applicability of the specific bases Plaintiffs raise that the Court will address through the process described in Sections II.

5

      ii.    If the process described in Sections II.b, h-j above remains ongoing with respect to Defendants' Proposed Untimely Cases and Claims List, submissions pursuant to IV.a from future Plaintiffs in cases originating from any jurisdiction identified on Defendants' Proposed Untimely Cases and Claims List shall be included and addressed in Plaintiffs' Fifth Response to Defendants' Proposed Untimely Cases and Claims List, and those claims should be addressed pursuant to Section II.j.

      iii.    If the process described in Section II.j is complete, or if the claims are from a case originating from any jurisdiction not listed on Defendants' Proposed Untimely Cases and Claims List, the parties shall meet and confer on how to address the newly filed claim.

    d.    Notwithstanding the provisions in this Section IV, the process and procedures set forth herein shall not alter any burden of proof under applicable law.

## V.    Preservation of Appellate Rights

Plaintiffs retain all appellate rights for any cases dismissed pursuant to this Order, including on bases specific to the determination of the timeliness of such cases and claims pursuant to this Order, the Court's constructive-notice Opinion and Order [ECF Nos. 706-707] or any prior determination of the Court relevant to dismissal of the subject cases.

IT IS SO ORDERED.

Dated: November 12, 2025

BRIAN R. MARTINOTTI
United States District Judge