

**Melissa A. Geist**
Direct Phone: +1 609 514 5978
Email: mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

November 14, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-LDW,
    MDL No. 3080: Joint Status Update Regarding State Agency Discovery

  Dear Judge Wettre: The parties write in response to the Court's request for a joint letter on the status of state agency discovery following the October 14, 2025 hearing on Defendants' Letter Brief Regarding State Agency Discovery. ECF No. 772 at 19–20. On all issues, the parties are continuing to meet and confer to narrow or resolve these disputes before bringing them to the Court, and do not require any action from the Court at this time.

## Defendants' Position

  **Background**: Many states acknowledged that their claims necessarily encompass activities carried out by state agencies and agreed to produce discovery from those agencies. But some have refused to produce any agency discovery and others have arbitrarily refused to produce discovery from certain agencies. In July 2025, Defendants requested that the Court compel various states to produce agency discovery. By the time of the hearing, Defendants were seeking to compel: (i) Arizona and Texas to provide discovery from core state agencies, (ii) Indiana to provide discovery from the Department of Insurance, and (iii) Arkansas, Kentucky, Montana, Oklahoma, and Utah to provide discovery from their Medicaid agencies. ECF No. 740.

  At the October 14, 2025 hearing on Defendants' Letter Brief, the Court observed that the circumstances had changed over the course of the briefing, including that multiple states changed their position as to production of agency documents. It therefore ordered the parties to meet and confer to attempt to narrow or eliminate remaining disputes without court intervention. Defendants have endeavored to do so but, for the most part, have been rebuffed or ignored.

  **Arizona**: Arizona has not engaged in efforts to meet and confer. On November 3, 2025, Defendants sent Arizona a letter asking why it had failed to produce several categories of documents that Arizona identified in its October 18, 2024 Amended Initial Disclosures.[1] Arizona's

---

[1] The Amended Initial Disclosures identifies the following categories of documents: "RFPs issued by Plaintiff requesting PBM services and PBM proposals submitted in response thereto"; "meeting minutes, agendas, or other

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Nicholas J. Valvanis ♦ Office Managing Partner ♦ A Limited Liability Partnership formed in the State of Delaware

ReedSmith

description of these documents suggests that they would belong to Arizona agencies, yet Arizona represented that "[t]hese documents are at Plaintiff's offices or in custodial sources within Plaintiff's possession, custody, and control." Ariz. Am. Initial Disclosures at 7. These documents may inform Defendants' approach to and need for other agency documents, but we are still waiting for Arizona to produce them.

In addition, the Court suggested at the October 14 hearing that Defendants consider serving subpoenas on Arizona agencies if the Arizona Attorney General's Office ("AGO") would facilitate the process. Consistent with the Court's suggestion, Defendants' letter asked Arizona to confirm whether the AGO would represent Arizona agencies if Defendants served subpoenas on them and, if not, who would represent the agencies and how the AGO would facilitate discovery in accordance with the Court's comments. The answers to these simple questions are critical to informing how Defendants will approach Arizona agency discovery, including whether they will accept the Court's invitation to file a supplemental, Arizona-specific brief.

Arizona has not responded to Defendants' November 3, 2025 letter. By refusing to engage, Arizona has stymied Defendants' ability to resolve this dispute.

**Texas**: Texas did not oppose Defendants' request to compel agency discovery. Instead, at the October 14, 2025 hearing, Texas represented that Defendants' entitlement to agency discovery would be mooted by its filing of an amended complaint, and that Texas would "be filing a request for leave to amend its pleading within the next two weeks." ECF No. 772 at 6. Two weeks later, Texas submitted a letter informing the Court that it "expects its motion to be filed no later than November 28, 2025." ECF No. 30, *The State of Texas v. Eli Lilly & Co.*, Case No. 24-CV-10854 (D.N.J.) at 1.

This is not the first time Texas ignored its own commitment to amend its complaint. In August 2025, shortly after Defendants sought to compel Texas to produce agency documents, Texas asked Defendants to schedule a meet and confer regarding an amended complaint. Texas then cancelled that call just hours before it was scheduled and has made no further effort to discuss this issue with Defendants. Defendants disagree that any amended complaint would affect whether Texas must provide agency discovery, and Texas should not be permitted to flout the Court-ordered discovery process and briefing deadlines by repeatedly promising, but failing to deliver, a proposed amended complaint for months. To avoid prematurely burdening the Court, however, Defendants will meet and confer with Texas after it files its proposed amended complaint.

**Indiana**: The parties met and conferred on November 6, 2025, regarding documents and information from the Indiana Department of Insurance ("DOI"). During the meet and confer, Indiana claimed that DOI has no information or documents responsive to the Plaintiff Fact Sheet. When pressed, Indiana admitted that it had not even contacted DOI to investigate whether it has

---

documents from the relevant time period in which the selection of a PBM or health plan administrator was discussed"; "copies of contracts between Plaintiff and PBMs or health plan administrators during the relevant time period"; "documents and communications transmitted to Plaintiff by PBMs with whom Plaintiff contracted"; "documents and communications involving third-party consultants or advisers regarding Plaintiff's health plan or PBM services"; and "documents reflecting purchases of the at-issue medications by Plaintiff or Plaintiff's beneficiaries."

ReedSmith

responsive information. On November 11, Defendants sent an email memorializing the parties' agreement that the appropriate next step is for Indiana to ask DOI to investigate whether it has responsive information or documents and, if so, for Indiana to inform Defendants whether it will agree to provide such information. Defendants await Indiana's response.

**Medicaid Agencies**: At the October 14, 2025 hearing, the States' counsel suggested that Court-ordered Plaintiff Fact Sheet discovery that implicates Medicaid agencies might be resolved via stipulation. ECF No. 772 at 17. The parties met and conferred on this issue on October 30, 2025, and Defendants asked the States' counsel to explain their proposed stipulation. The States did not offer any proposal regarding the information that such a stipulation would include, nor did they explain how a stipulation would be an adequate substitute for the Court-mandated Medicaid discovery.

\* \* \* \* \*

Because of the outstanding issues described above, Defendants have not identified any disputes requiring adjudication at this time. Defendants believe that the parties should continue to meet and confer to determine whether issues can be further resolved or narrowed before bringing them to the Court for resolution.

### Plaintiffs' Position

With regard to the Medicaid Dispute referenced in ECF 659, S.111, the State AG Leadership looks forward to a meet and confer with Defendants in an effort to understand what Defendants consider necessary for their defenses from the non-party State Medicaid programs. State AG Leadership is available for that conversation next week.

With regard to the Texas Attorney General's complaint, plaintiff appreciates Defendants' agreement to meet and confer regarding discovery after the motion for leave to amend has been filed.

With regard to Arizona, at the October 14 hearing, the Court provided guidance to Defendants indicating that if Defendants want to obtain discovery from Arizona-affiliated departments, agencies or officials, they should serve subpoenas on those entities rather than demand production from the Arizona Attorney General's Office (the Arizona AGO). The Court also provided guidance to the Arizona AGO, suggesting that its counsel should work with Defendants to help facilitate service of any such subpoenas.

To date, however, notwithstanding the Court's clear language, neither the Arizona AGO nor its outside counsel has received a copy of any proposed subpoena Defendants intend to serve on any Arizona department, agency, or officer. The Arizona AGO has not rejected any effort from Defendants to meet and confer on this topic. Defendants have been silent. Three weeks went by without a word from Defendants on this issue, leaving the Arizona AGO wondering if Defendants had decided not to pursue discovery from Arizona agencies. If, and when, Defendants provide a subpoena they would like to serve on any Arizona department, agency, or official, Arizona AGO's counsel is ready and willing to help facilitate service of any such subpoena.

**ReedSmith**

Defendants did send Arizona AGO's outside counsel a letter approximately a week ago inquiring about documents referenced in its initial disclosures. Arizona AGO is working on a written response and will provide it to Defendants in short order. Outside counsel will continue to be available to conduct meet and confers with Defendants on this issue whenever requested and believes that continued correspondence between the parties will clarify the issues and assist in resolution.

With regard to Indiana, the parties continue to confer.

\* \* \* \* \*

The parties will continue to meet and confer in an effort to narrow or resolve these disputes before bringing them to the Court. We appreciate Your Honor's continued attention to this matter.

Dated:   November 14, 2025

Respectfully submitted,

/s/ Melissa A. Geist
**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978
mgeist@reedsmith.com
jalopez@reedsmith.com

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
jason.feld@kirkland.com

*Attorneys for Defendant*
*Eli Lilly and Company*