<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case No. 2:23-md-03080 (BRM)(LDW) <br> MDL No. 3080 |
| **THIS DOCUMENT RELATES TO:** | **OPINION** |
| *Self-Funded Payors Track* | |
| Case Nos. 2:23-cv-07042, 2:23-cv-08487, 2:23-cv-21178 | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs' Albany County ("Albany"), King County ("King"), and Lake County ("Lake") (collectively, "SFP Plaintiffs") Motion for Reconsideration (the "Motion") (ECF No. 752),[1] seeking reconsideration of the Court's Opinions (ECF Nos. 729, 731) and Orders (ECF Nos. 730, 732) granting in part and denying in part Defendants' Motions to Dismiss. Defendants Novo Nordisk Inc., Sanofi-Aventis U.S. LLC, and Eli Lilly and Co. (collectively, "Manufacturer Defendants") (ECF No. 774) and Defendants Evernorth Health Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Services, Inc., Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc., and Ascent Health Services LLC (together, "Express Scripts"); CVS Health Corporation, Caremark Rx, LLC, Caremark PCS Health, LLC, Caremark, LLC, and Zinc Health Services, LLC (together, "CVS Caremark"); and UnitedHealth Group Incorporated, Optum, Inc., OptumRx Inc., OptumInsight, Inc., and Emisar Pharma Services LLC (together, "OptumRx") (collectively, "PBM Defendants") (Manufacturer Defendants and PBM Defendants

---

[1] The Court will use the citations on the master docket unless otherwise indicated.

1

are referred to collectively as "Defendants") (ECF No. 775) filed responses in opposition. SFP Plaintiffs filed a Reply. (ECF Nos. 781, 782.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, SFP Plaintiffs' Motion for Reconsideration is **DENIED**.

I. **BACKGROUND**

    A. **Factual History**

As the factual and procedural backgrounds of this matter are well known to the parties, the Court will only address the facts pertinent to this Opinion. This action arises out of Plaintiffs' challenge to Defendants' allegedly unfair and unconscionable pricing scheme for their analog insulin products. There are three groups of plaintiffs: (1) the Class Track Plaintiffs, (2) SFP Plaintiffs, and (3) the State Attorneys General (collectively, "Plaintiffs"). (ECF Nos. 158–160.) Consistent with the Court's categorization in this MDL, SFP Plaintiffs generally categorize each defendant into one of two groups: Manufacturer Defendants or PBM Defendants. (ECF No. 158 ¶¶ 4–5; ECF No. 159 ¶¶ 4–5; ECF No. 160 ¶ 1.) SFP Plaintiffs contend Manufacturer Defendants, who manufacture the vast majority of insulins and other diabetic medications available in the United States, worked together to artificially and willingly raise their list prices of insulin medications, and then paid an undisclosed portion of that price back to the PBM Defendants in order to gain formulary preference. (ECF No. 158 ¶¶ 4, 12, 17–18; ECF No. 159 ¶¶ 12, 14, 19–20; ECF No. 160 ¶¶ 10–13.) SFP Plaintiffs allege that over the relevant time period, Manufacturer Defendants often raised prices "in lockstep," despite the fact that the cost to produce these drugs decreased during the same time period. (ECF No. 158 ¶ 11; ECF No. 159 ¶ 12; ECF No. 160 ¶¶ 12–14.)

PBM Defendants are pharmacy benefit managers ("PBMs"), or third-party administrators that negotiate drug costs and payments between health insurance providers and drug manufacturers. (ECF No. 158 ¶ 5; ECF No. 159 ¶ 5; ECF No. 160 ¶ 16.) Drug manufacturers set the list prices for their prescription drugs, including insulin. (ECF No. 158 ¶ 11; ECF No. 159 ¶ 12; ECF No. 160 ¶¶ 1, 11.) Here, SFP Plaintiffs allege Manufacturer Defendants engaged in an unfair and unconscionable pricing scheme by artificially inflating the list prices for their insulin products so they could offer rebates as a secret Manufacturer Payment to PBM Defendants in exchange for preferred formulary placements, which SFP Plaintiffs contend caused them to overpay for insulin products. (ECF No. 158 ¶¶ 18, 20, 22; ECF No. 159 ¶¶ 18–20; ECF No. 160 ¶¶ 1–2, 18.)

### B. Procedural History

Albany filed its initial complaint in the Northern District of New York on September 16, 2022. (Dkt. No. 2:23-cv-07042, ECF No. 1.) Manufacturer Defendants moved to dismiss Albany's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on December 14, 2022 (Dkt. No. 2:23-cv-07042, ECF No. 120), and PBM Defendants moved to dismiss Albany's complaint pursuant to Rule 12(b)(6) on December 14, 2022. (Dkt. No. 2:23-cv-07042, ECF No. 118). Pursuant to the court's Order (Dkt. No. 2:23-cv-07042, ECF No. 129), Albany filed an amended complaint on February 24, 2023 (Dkt. No. 2:23-cv-07042, ECF No. 137). Manufacturer Defendants again moved to dismiss Albany's amended complaint under Rule 12(b)(6) on April 14, 2023 (Dkt. No. 2:23-cv-07042, ECF No. 155), and PBM Defendants again moved to dismiss Albany's amended complaint under Rule 12(b)(6) on April 14, 2023. (Dkt. No. 2:23-cv-07042, ECF Nos. 154, 156–57). Albany filed its opposition on June 2, 2023. (Dkt. No. 2:23-cv-07042, ECF No. 165.) Manufacturer Defendants filed their reply on June 30, 2023 (Dkt. No. 2:23-cv-

07042, ECF No. 171), and PBM Defendants filed their replies on June 30, 2023 (Dkt. No. 2:23-cv-07042, ECF Nos. 169, 170, 172). On August 7, 2023, Albany filed a Notice of Conditional Transfer to Multidistrict Litigation, informing the court of the United States Judicial Panel on Multidistrict Litigation's (the "JPML") Conditional Transfer Order transferring the case to the District of New Jersey for inclusion in MDL No. 3080, *In re Insulin Pricing Litigation*. (Dkt. No. 2:23-cv-07042, ECF No. 173.) Albany's transfer notice was not opposed, and the case was transferred to the District of New Jersey on August 17, 2023. (Dkt. No. 2:23-cv-07042, ECF No. 174.)

Lake filed its initial complaint in the Northern District of Illinois on April 18, 2023. (Dkt. No. 2:23-cv-08487, ECF No. 1.) Manufacturer Defendants moved to dismiss Lake's complaint pursuant to Rule 12(b)(6) on July 14, 2023. (Dkt. No. 2:23-cv-08487, ECF Nos. 71–72.) PBM Defendants moved to dismiss Lake's complaint pursuant to Rule 12(b)(6) on July 14, 2023. (Dkt. No. 2:23-cv-08487, ECF Nos. 73–74.) On August 14, 2023, the JPML filed a Conditional Transfer Order to transfer the case to the District of New Jersey for inclusion in MDL No. 3080, *In re Insulin Pricing Litigation* (Dkt. No. 2:23-cv-08487, ECF No. 103), and the case was transferred to the District of New Jersey that same day (Dkt. No. 2:23-cv-08487, ECF No. 93).

King filed its initial complaint in the Western District of Washington on September 7, 2023. (Dkt. No. 2:23-cv-21178, ECF No. 1.) On September 9, 2023, King filed a Notice of Pendency of Other Action in Another Jurisdiction, requesting the case be transferred to the District of New Jersey for inclusion in MDL No. 3080, *In re Insulin Pricing Litigation* (Dkt. No. 2:23-cv-21178, ECF No. 3), and the matter was transferred on September 21, 2023 (Dkt. No. 2:23-cv-21178, ECF No. 6). King filed its amended complaint on November 7, 2023. (Dkt. No. 2:23-cv-21178, ECF No. 13.)

Pursuant to Case Management Order ("CMO") #6 (Stipulation and Order Governing Motions to Dismiss in the Self-Funded Payor Track), SFP Plaintiffs were permitted to file any amended complaints by April 24, 2024. (ECF No. 128.) On April 24, 2024, Albany filed its Second Amended Complaint ("SAC") (ECF No. 158), Lake filed its First Amended Complaint ("FAC") (ECF No. 159), and King filed its SAC (ECF No. 160). Manufacturer Defendants filed a consolidated Motion to Dismiss SFP Plaintiffs' complaints pursuant to Rule 12(b)(6) (ECF Nos. 249–50), SFP Plaintiffs filed a joint Opposition (ECF No. 256), and Manufacturer Defendants filed a Reply (ECF No. 258). PBM Defendants filed a consolidated Motion to Dismiss SFP Plaintiffs' complaints pursuant to Rule 12(b)(6) (ECF Nos. 251–52), SFP Plaintiffs filed a joint Opposition (ECF No. 257), and PBM Defendants filed a Reply (ECF No. 259).

On September 5, 2025, this Court granted in part and denied in part Manufacturer Defendants' (ECF No. 731) and PBM Defendants' (ECF No. 729) Motions to Dismiss. Specifically, as relevant here, the Court granted Defendants' Motions to Dismiss SFP Plaintiffs' Racketeer Influenced and Corrupt Organizations ("RICO") Act and RICO conspiracy claims, as well as King's Washington Consumer Protection Act and unjust enrichment claims. (ECF No. 731 at 14, 21, 29; ECF No. 732; ECF No. 729 at 16; ECF No. 730.) On September 29, 2025, SFP Plaintiffs filed a Motion for Reconsideration of the Court's September 5, 2025, Opinions (ECF Nos. 729, 731) and Orders (ECF Nos. 730, 732) granting in part and denying in part Defendants' Motions to Dismiss. (ECF No. 752.) Manufacturer Defendants (ECF No. 774) and PBM Defendants (ECF No. 775) filed Oppositions on October 20, 2025. On October 28, 2025, this Court granted SFP Plaintiffs' request for leave to file a Reply. (ECF No. 782.)[2]

---

[2] SFP Plaintiffs attached their Reply brief to their request. (ECF No. 781.)

## II. LEGAL STANDARD

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477–78 (D.N.J. 2014). Motions for reconsideration should not serve as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). It must be stressed, however, reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To prevail on a motion for reconsideration, the moving party bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). A court commits a clear error of law "only if the record cannot support the findings that led to [the] ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). Moreover, when the assertion is that the court overlooked something, the court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i). In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*,

2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."). Finally, a motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516.

### III. DECISION

SFP Plaintiffs contend reconsideration is appropriate "based on the need to correct clear error and prevent manifest injustice and due to an intervening change in controlling law." (ECF No. 752-1 at 4.) They argue the Court should reconsider the dismissal of the SFP Plaintiffs' RICO Act and RICO conspiracy claims, as well as King's Washington Consumer Protection Act and unjust enrichment claims, "because the SFPs have adequately alleged that they are direct purchasers from the PBMs." (ECF No. 752-1 at 14–15.) SFP Plaintiffs do not contend they are direct purchasers from the Manufacturer Defendants. (*Id.* at 6 ("[T]he Court is correct that the SFPs do not purchase the at-issue drugs directly from the *Manufacturers*; the SFPs do, however, purchase them directly from the *PBMs*." (emphasis in original)).) In the alternative, SFP Plaintiffs argue a recent Supreme Court opinion—*Medical Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025)—"calls into question whether the indirect purchaser rule applies to RICO claims at all." (*Id.* at 13–14.)

Here, the Court finds SFP Plaintiffs' Motion is largely an attempt to artfully plead and argue their way around the Court's ruling. In arguing the Court "erred in concluding that the indirect purchaser rule bars [SFP] Plaintiffs' RICO claims against the PBMs," SFP Plaintiffs assert "[t]wo opinions are binding and dispositive: *Apple Inc. v. Pepper*, 587 U.S. 273 (2019), and *Howard Hess*

7

*Dental Laboratories Inc. v. Dentsply International, Inc.*, 424 F.3d 363 (3d Cir. 2005)." (*Id.* at 4.) However, SFP Plaintiffs made the same arguments and relied on the same two cases when opposing PBM Defendants' Motion to Dismiss. (ECF No. 257 at 20–23.) Indeed, SFP Plaintiffs' Motion uses some of the same quotations as they used in their Opposition to PBM Defendants' Motion to Dismiss. (*Compare* ECF No. 752-1 at 4–6, *with* ECF No. 257 at 20–23.) The Court summarized, before rejecting, SFP Plaintiffs' arguments regarding these cases in its Opinion, even citing *Howard Hess* directly. (ECF No. 729 at 11–13.) Similarly, despite previously attempting to distinguish *Humana, Inc. v. Indivior, Inc.*, Civ. A. No. 21-2573, 2022 WL 17718342 (3d Cir. Dec. 15, 2022) in their Opposition to PBM Defendants' Motion to Dismiss, SFP Plaintiffs again try to contest the applicability of *Humana* in their Motion. (*Compare* ECF No. 752-1 at 7–9, *with* ECF No. 257 at 23.) Although SFP Plaintiffs maintain the Court's application of *Humana* is "flawed" (ECF No. 752-1 at 7–9), such a contention is inappropriate on a motion for reconsideration, as "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353).[3]

In short, SFP Plaintiffs' arguments as to whether they are direct purchasers from the PBM Defendants are unavailing because SFP Plaintiffs "cannot use a motion for reconsideration as a 'recapitulation of the cases and arguments considered by the court before rendering its original

---

[3] SFP Plaintiffs also rely on *Pennsylvania Dental Association v. Medical Serv. Association of Pennsylvania*, 815 F.2d 270 (3d Cir. 1987) in their Motion. (ECF No. 752-1 at 9–10.) The Court rejects SFP Plaintiffs' reliance on this case. First, this nearly four-decade old case is not an "intervening change in the controlling law." *Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677. Second, SFP Plaintiffs never made arguments about—let alone cite—this case in their Opposition to PBM Defendants' Motion to Dismiss. *See Mendoza v. Inspira Med. Ctr. Vineland*, No. 1:16–cv–1337, 2017 WL 5256930, at *3 (D.N.J. Nov. 13, 2017) ("Plaintiff did not advance such an argument in her opposition briefs . . . . 'A motion for reconsideration may not be used to . . . argue new matters that could have been raised before the original decision was reached.' Plaintiff is not citing new law, and there was nothing preventing Plaintiff from advancing this argument before." (citation omitted)).

decisions.'" *Chemi v. Champion Mortgage*, No. 05-1238, 2006 WL 8458227, at *4 (D.N.J. Aug. 14, 2006) (quoting *P. Shoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 352); *see also Mendoza v. Inspira Med. Ctr. Vineland*, No. 1:16–cv–1337, 2017 WL 5256930, at *5 (D.N.J. Nov. 13, 2017) ("Plaintiff's position amounts to a reargument of her opposition to the underlying motion. Accordingly, Plaintiff's motion for reconsideration will be denied.").[4]

As a last effort to convince the Court SFP Plaintiffs are direct purchasers from the PBM Defendants, SFP Plaintiffs turn to policy arguments. (ECF No. 752-1 at 12–13.) SFP Plaintiffs contend "[t]he Supreme Court has identified 'three reasons for barring indirect-purchaser suits': (1) 'eliminating duplicative damages against antitrust defendants,' (2) 'avoiding complicated damages calculations,' and (3) 'facilitating more effective enforcement of antitrust laws.'" (*Id.* at 12 (quoting *Apple*, 587 U.S. at 285).) SFP Plaintiffs argue "[d]ismissal of the SFPs' RICO claims does not advance any of these policies." (*Id.*) However, the Supreme Court has cautioned against employing these rationales to avoid the bright-line indirect purchaser rule in any particular case. *See Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 217 (1990) ("[E]ven assuming that any economic assumptions underlying the *Illinois Brick* [*Co. v. Illinois*, 431 U.S. 720 (1997)] rule might be disproved in a specific case, we think it an unwarranted and counterproductive exercise to litigate a series of exceptions."); *Apple*, 587 U.S. at 285 ("[T]he bright-line rule of *Illinois Brick* means that there is no reason to ask whether the rationales of *Illinois Brick* 'apply with equal force' in every individual case. We should not engage in 'an unwarranted and counterproductive exercise to litigate a series of exceptions.'" (citation omitted) (quoting *UtiliCorp*, 497 U.S. at 216–17));

---

[4] SFP Plaintiffs also resort to citing multiple out-of-circuit cases. (ECF No. 752-1 at 10–11.) However, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or *controlling decisions* which the party believes the Judge has overlooked." L. Civ. R. 7.1(i) (emphasis added). SFP Plaintiffs' out-of-circuit cases are not controlling and therefore do not warrant reconsideration of the Court's Opinion.

9

*Howard Hess*, 424 F.3d at 371 ("[T]he Supreme Court rejected the assertion that the absence of a particular *Illinois Brick* concern in an individual case would remove its bar on an indirect purchaser claim."). Therefore, the Court is not persuaded by SFP Plaintiffs' policy arguments.

Finally, the Court rejects SFP Plaintiffs' "alternative" argument regarding a supposed "intervening change of law." (ECF No. 752-1 at 13–14.) SFP Plaintiffs contend *Medical Marijuana, Inc.* "calls into question whether the indirect purchaser rule applies to RICO claims at all." (*Id.* at 13.) SFP Plaintiffs assert the Supreme Court "issued its opinion in *Medical Marijuana* on April 2, 2025, after briefing on Defendants' motions to dismiss was complete." (*Id.* at 13 n.3.) But nearly five months passed between the issuance of the *Medical Marijuana* opinion and this Court's Opinions granting in part and denying in part the Defendants' Motions to Dismiss. In that time, SFP Plaintiffs did not bring the *Medical Marijuana* opinion to the Court's attention, such as through a notice of supplemental authority. SFP Plaintiffs provide no explanation for their failure to address *Medical Marijuana* prior to this Court's decision on the Defendants' Motions to Dismiss and instead only offer it after-the-fact due to dissatisfaction with the Court's ruling, which is impermissible on a motion for reconsideration. *See Martinez v. Robinson*, Civ. A. No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019) ("Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations *that could have been raised prior* to entry of the original order." (emphasis added)).[5]

---

[5] In any event, *Medical Marijuana* does not warrant reconsideration of this Court's Opinions, as *Medical Marijuana* does not address—let alone mention—the indirect purchaser rule. The Supreme Court explicitly limited its focus to a specific, separate question: "The only question we address is the one squarely before us: whether civil RICO bars recovery for all business or property harms that derive from a personal injury." *Medical Marijuana*, 604 U.S. at 600.

Accordingly, SFP Plaintiffs' Motion for Reconsideration is **DENIED**.[6]

## IV. CONCLUSION

For the reasons set forth above, SFP Plaintiffs' Motion for Reconsideration (ECF No. 752) is **DENIED**. An appropriate Order follows.

Date: December 30, 2025                    */s/ Brian R. Martinotti*
                                           **HON. BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**

---

[6] SFP Plaintiffs request, in the alternative to reconsideration, "dismissal without prejudice and leave to amend so that they may better detail their payment relationship with the PBM Defendants." (ECF No. 752-1 at 15.) SFP Plaintiffs make this request in a single sentence at the end of their Motion without any elaboration or supporting citations. As such, the Court need not address this request. *See Heyman v. Citimortgage, Inc.*, Civ. No. 14-1680, 2019 U.S. Dist. LEXIS 128238, at *48 n.28 (D.N.J. June 27, 2019) ("Typically, 'arguments raised in passing . . . but not squarely argued, are considered waived.'" (quoting *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997))). Nevertheless, the Court finds any amendment would be futile. In its Opinion granting in part and denying in part PBM Defendants' Motion to Dismiss, the Court explained "*[n]o matter how the transaction is framed*, considering the economic substance of the transaction, SFP Plaintiffs are not the direct purchaser." (ECF No. 729 at 13 (emphasis added).) The Court therefore denies SFP Plaintiffs' request. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) ("[A] district court has the discretion to deny [a] request [to amend] if it is apparent from the record that . . . the amendment would be futile . . . .").

11