**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM)(LDW) <br> MDL No. 3080 |
| THIS DOCUMENT RELATES TO: <br> *Self-Funded Payors Track* <br> Case Nos. 2:23-cv-07042, 2:23-cv-08487, 2:23-cv-21178 | OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Novo Nordisk Inc. ("Novo Nordisk"), Sanofi-Aventis U.S. LLC ("Sanofi"), and Eli Lilly and Co.'s ("Eli Lilly") (collectively, "Manufacturer Defendants") Motion for Clarification ("Motion") (ECF No. 751) seeking clarification of the Court's Opinion (ECF No. 731) and Order (ECF No. 732) granting in part and denying in part Manufacturer Defendants' Motion to Dismiss (ECF Nos. 249, 250).[1] Plaintiffs Albany County ("Albany"), King County ("King"), and Lake County ("Lake") (collectively, "SFP Plaintiffs") filed an Opposition. (ECF No. 773.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Manufacturer Defendants' Motion is **GRANTED**.

---

[1] The Court will use the citations on the master docket unless otherwise indicated.

## I. BACKGROUND

### A. Factual History

As the factual and procedural backgrounds of this matter are well known to the parties, the Court will only address the facts pertinent to this Opinion. This action arises out of Plaintiffs' challenge to Defendants' allegedly unfair and unconscionable pricing scheme for their analog insulin products. There are three groups of plaintiffs: (1) the Class Track Plaintiffs, (2) SFP Plaintiffs, and (3) the State Attorneys General (collectively, "Plaintiffs"). (ECF Nos. 158–60.) SFP Plaintiffs generally categorize each defendant into one of two groups: Manufacturer Defendants or PBM Defendants[2] (collectively, "Defendants"). (ECF No. 158 ¶¶ 4–5; ECF No. 159 ¶¶ 4–5; ECF No. 160 ¶ 1.) SFP Plaintiffs contend Manufacturer Defendants, who manufacture the vast majority of insulins and other diabetic medications available in the United States, worked together to artificially and willingly raise their list prices of insulin medications, and then paid an undisclosed portion of that price back to the PBM Defendants in order to gain formulary preference. (ECF No. 158 ¶¶ 4, 12, 17–18; ECF No. 159 ¶¶ 12, 14, 19–20; ECF No. 160 ¶¶ 10–13.) SFP Plaintiffs allege that over the relevant time period, Manufacturer Defendants often raised prices "in lockstep," despite the fact that the cost to produce these drugs decreased during the same time period. (ECF No. 158 ¶ 11; ECF No. 159 ¶ 12; ECF No. 160 ¶¶ 12–14.)

PBM Defendants are pharmacy benefit managers ("PBMs"), or third-party administrators that negotiate drug costs and payments between health insurance providers and drug

---

[2] PBM Defendants include Evernorth Health Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Services, Inc., Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc., and Ascent Health Services LLC (together, "Express Scripts"); CVS Health Corporation, Caremark Rx, LLC, Caremark PCS Health, LLC, Caremark, LLC, and Zinc Health Services, LLC (together, "CVS Caremark"); and UnitedHealth Group Incorporated, Optum, Inc., OptumRx Inc., OptumInsight, Inc., and Emisar Pharma Services LLC (together, "OptumRx") (collectively, "PBM Defendants").

manufacturers. (ECF No. 158 ¶ 5; ECF No. 159 ¶ 5; ECF No. 160 ¶ 16.) Drug manufacturers set the list prices for their prescription drugs, including insulin. (ECF No. 158 ¶ 11; ECF No. 159 ¶ 12; ECF No. 160 ¶¶ 1, 11.) Here, SFP Plaintiffs allege Manufacturer Defendants engaged in an unfair and unconscionable pricing scheme by artificially inflating the list prices for their insulin products so they could offer rebates as a secret Manufacturer Payment to PBM Defendants in exchange for preferred formulary placements, which SFP Plaintiffs contend caused them to overpay for insulin products. (ECF No. 158 ¶¶ 18, 20, 22; ECF No. 159 ¶¶ 18–20; ECF No. 160 ¶¶ 1–2, 18.)

### B. Procedural History

Albany filed its initial complaint in the Northern District of New York on September 16, 2022. (Dkt. No. 2:23-cv-07042, ECF No. 1.) On December 14, 2022, Manufacturer Defendants (Dkt. No. 2:23-cv-07042, ECF No. 120) and PBM Defendants (Dkt. No. 2:23-cv-07042, ECF No. 118) moved to dismiss Albany's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Pursuant to the court's Order (Dkt. No. 2:23-cv-07042, ECF No. 129), Albany filed an amended complaint on February 24, 2023 (Dkt. No. 2:23-cv-07042, ECF No. 137). On April 14, 2023, Manufacturer Defendants (Dkt. No. 2:23-cv-07042, ECF No. 155) and PBM Defendants (Dkt. No. 2:23-cv-07042, ECF Nos. 154, 156– 57) again moved to dismiss Albany's amended complaint under Rule 12(b)(6). Albany filed its opposition on June 2, 2023. (Dkt. No. 2:23-cv-07042, ECF No. 165.) On June 30, 2023, Manufacturer Defendants (Dkt. No. 2:23-cv-07042, ECF No. 171) and PBM Defendants (Dkt. No. 2:23-cv-07042, ECF Nos. 169, 170, 172) filed their replies. On August 7, 2023, Albany filed a Notice of Conditional Transfer to Multidistrict Litigation, informing the court of the United States Judicial Panel on Multidistrict Litigation's (the "JPML") Conditional Transfer Order transferring the case to the District of New Jersey for inclusion in MDL No. 3080, *In re Insulin Pricing Litigation*. (Dkt. No. 2:23-cv-07042, ECF No.

173.) Albany's transfer notice was not opposed, and the case was transferred to the District of New Jersey on August 17, 2023. (Dkt. No. 2:23-cv-07042, ECF No. 174.)

Pursuant to Case Management Order ("CMO") #6 (Stipulation and Order Governing Motions to Dismiss in the Self-Funded Payor Track), SFP Plaintiffs were permitted to file any amended complaints by April 24, 2024. (ECF No. 128.) On April 24, 2024, Albany filed its Second Amended Complaint ("SAC"). (ECF No. 158.) Manufacturer Defendants filed a consolidated Motion to Dismiss SFP Plaintiffs' complaints pursuant to Rule 12(b)(6) (ECF Nos. 249, 250), SFP Plaintiffs filed a joint Opposition (ECF No. 256), and Manufacturer Defendants filed a Reply (ECF No. 258). PBM Defendants filed a consolidated Motion to Dismiss SFP Plaintiffs' complaints pursuant to Rule 12(b)(6) (ECF Nos. 251, 252), SFP Plaintiffs filed a joint Opposition (ECF No. 257), and PBM Defendants filed a Reply (ECF No. 259).

On September 5, 2025, this Court—in two separate Opinions—granted in part and denied in part Manufacturer Defendants' (ECF No. 731) and PBM Defendants' (ECF No. 729) respective Motions to Dismiss. Specifically, as relevant here, the Court denied Manufacturer Defendants' Motion to Dismiss Albany's unjust enrichment claims (ECF No. 731 at 32) and granted PBM Defendants' Motion to Dismiss Albany's unjust enrichment claims (ECF No. 729 at 29). On September 29, 2025, Manufacturer Defendants filed a Motion for Clarification regarding the Court's September 5, 2025 Opinion (ECF No. 731) and Order (ECF No. 732) granting in part and denying in part Manufacturer Defendants' Motion to Dismiss. (ECF No. 751.) SFP Plaintiffs filed an Opposition on October 20, 2025. (ECF No. 773.)

## II. LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Blue Gentian v. Tristar Prods., Inc.*, Civ. A. No. 1:13-

cv-1758, 2021 WL 3561215, at *2 (D.N.J. Aug. 12, 2021) (quoting *Resolution Trust Corp. v. KPMG Peat Marwick*, Civ. A. No. 92-1373, 1993 WL 211555, at *2 (D.N.J. June 8, 1998)). In the District of New Jersey, "motions for clarification are 'often evaluated under the standard for a motion for reconsideration.'" *Id.* (quoting *Asirifi v. Omni Asset Mgmt., LLC*, Civ. A. No. 11-4039, 2013 WL 4858711, at *1 (D.N.J. Sept. 11, 2013)).

Motions for reconsideration, on the other hand, are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477–78 (D.N.J. 2014). Motions for reconsideration should not serve as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). It must be stressed, however, reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To prevail on a motion for reconsideration, the moving party bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits a clear error of law "only if the record cannot support the findings that led to [the] ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)

5

(citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). Moreover, when the assertion is the court overlooked something, the court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i). In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."). Finally, a motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516.

### III. DECISION

Manufacturer Defendants argue "[t]he Court should clarify that its ruling [in ECF Nos. 729–30] dismissing Albany's unjust enrichment claim [against the PBM Defendants] as 'duplicative' of Albany's other claims applies to Albany's unjust enrichment claim against Manufacturers." (ECF No. 751-1 at 4.) Otherwise, Manufacturer Defendants assert the Court's "two opinions [*see* ECF Nos. 729, 731] [are] inconsistent with one another." (*Id.* at 6.) Manufacturer Defendants contend "whether understood as a request for clarification, correction, or reconsideration," the Court "should resolve the inconsistency in its rulings by dismissing Albany's non-viable unjust enrichment claim against the Manufacturers for the same reason it dismissed that claim against the PBMs." (*Id.* at 7.) SFP Plaintiffs respond Manufacturer Defendants seek reconsideration rather than clarification of the Court's denial of Manufacturer Defendants' Motion to Dismiss Albany's unjust enrichment claim. (ECF No. 773 at 3.) SFP

6

Plaintiffs contend the Court's "denial of the Manufacturers' [M]otion to [D]ismiss Albany's unjust enrichment claim finds strong support in the law and was, therefore, correct and just." (*Id.* at 4.)

The Court agrees with SFP Plaintiffs the Motion is more appropriately understood as seeking reconsideration, not clarification. Manufacturer Defendants are effectively asking the Court to "alter or amend" its prior Opinion, not "explain or clarify something ambiguous or vague." *Blue Gentian*, 2021 WL 3561215, at *2 (quoting *Resolution Trust Corp.*, 1993 WL 211555, at *2). Indeed, Manufacturer Defendants are requesting the Court change its decision from denying their Motion to Dismiss Albany's unjust enrichment claim to granting same. Therefore, the Court evaluates the Motion as a motion for reconsideration. *See Mathis v. Christian Heating and Air Conditioning, Inc.*, 91 F. Supp. 3d 651, 656 (E.D. Pa. 2015) ("Although styled as a Motion for Clarification, plaintiff's Motion actually seeks reconsideration of the Court's Memorandum and Order . . . . Accordingly, the Court construes the Motion as [a motion for reconsideration]." (citations omitted)).

The Court finds the Manufacturer Defendants satisfy the reconsideration standard. Here, Albany brought, among other claims, a claim under the New York General Business Law ("NYGBL") as well as an unjust enrichment claim against PBM Defendants and Manufacturer Defendants. (ECF No. 158 ¶¶ 701–17 (bringing, in one count, NYGBL claim against "Defendants Eli Lilly, Novo Nordisk, Sanofi, Express Scripts, and CVS Caremark"); ECF No. 158 ¶¶ 734–49 (bringing, in one count, unjust enrichment claim against "Defendants Eli Lilly, Novo Nordisk, Sanofi, Express Scripts, and CVS Caremark").) The Court granted PBM Defendants' Motion to Dismiss Albany's unjust enrichment claims (ECF No. 729 at 29; ECF No. 730 at 2) but denied Manufacturer Defendants' Motion to Dismiss same (ECF No. 731 at 32; ECF No. 732 at 1–2). In its Opinion addressing PBM Defendants' Motion to Dismiss, the Court recognized PBM

Defendants argued Albany's unjust enrichment "claims must be dismissed as duplicative of their 'defective statutory claims.'" (ECF NO. 729 at 24.) In addressing that argument, the Court found "[t]he allegations in Albany's SAC demonstrate this [unjust enrichment] count is duplicative of Albany's other claims." (*Id.* at 29; *see also id*. ("Albany's claim for unjust enrichment 'relies on the same factual allegations and the same theory of liability' as its other theories of recovery." (quoting *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 474 (S.D.N.Y. 2020)).) The Court noted "[c]ourts in the Second Circuit have consistently held that unjust enrichment claims are duplicative of [NY]GBL claims." (*Id.* at 28 (quoting *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 249 (S.D.N.Y. 2021)).) Therefore, the Court dismissed Albany's unjust enrichment claims with prejudice against PBM Defendants. (ECF No. 729 at 29; ECF No. 730 at 2.)

Manufacturer Defendants made a nearly identical argument as PBM Defendants in their Motion to Dismiss. Namely, Manufacturer Defendants argued "[b]ecause [SFP Plaintiffs]' RICO, *statutory fraud*, and common law fraud claims fail, so do their unjust enrichment claims, *which are premised on the same conduct*. Where, as in each of the Amended Complaints, the unjust enrichment claim is derivative of another claim, the claims 'will stand or fall' together." (ECF No. 250 at 42 (emphasis added) (citations omitted).) However, in its Opinion addressing Manufacturer Defendants' Motion to Dismiss, the Court did not address Manufacturer Defendants' argument that the unjust enrichment claim is based on the same conduct as and derivative of SFP Plaintiffs' statutory fraud claim. (*See* ECF No. 731 at 26.) In summarizing Manufacturer Defendants' arguments regarding SFP Plaintiffs' unjust enrichment claims, the Court stated, "Manufacturer Defendants argue [SFP Plaintiffs'] unjust enrichment claims must be dismissed because . . . it is a derivative claim that falls with the underlying RICO and common-law fraud." (*Id.*) The Court then

8

rejected that argument "as moot because the Court did not dismiss SFP Plaintiffs' underlying common-law fraud claims." (*Id.*)

The Court finds its reasoning as to Albany's unjust enrichment claim in its Opinion granting PBM Defendants' Motion to Dismiss the unjust enrichment claim applies equally to Manufacturer Defendants. Had the Court addressed the Manufacturer Defendants' argument as noted above, like it did for the PBM Defendants, the Court finds it would have ruled consistently. This error may appropriately be resolved on a motion for reconsideration. *Engers v. AT&T Corp.*, Civ. A. No. 98-3660, 2006 WL 3359722, at *1 (D.N.J. Nov. 20, 2006) ("The motion [for reconsideration] may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." (quoting *Holten v. Chevron, U.S.A.*, Civ. No. 00-4703, 2002 U.S. Dist. LEXIS 10151, at *4 (D.N.J. May 20, 2002))). Here, the Court is satisfied it is presented with "circumstances 'where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion.'" *Id.* (quoting *Bowers v. N.C.A.A.*, 130 F. Supp. 2d 610, 613 (D.N.J.2001)); *see also In re Kenvue Inc. Sec. Litig.*, Civ. A. No. 23-20998, 2025 WL 3079279, at *2 (D.N.J. Nov. 4, 2025). Accordingly, Manufacturer Defendants' Motion is **GRANTED**, and Albany's unjust enrichment claims are **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons set forth above, Manufacturer Defendants' Motion (ECF No. 751) is **GRANTED**. An appropriate Order follows.

Date: December 30, 2025

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**