

THREE GATEWAY CENTER
100 Mulberry St, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

January 23, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *In re: Insulin Pricing Litig.,* **No. 2:23-md-03080-BRM-LDW, MDL No. 3080: Joint Status Update Letter Regarding Plaintiff Fact Sheet Disputes**

Dear Judge Wettre,

    The Self-Funded Payor ("SFP") Plaintiffs and Defendants write in compliance with the Court's December 9, 2025 Order requiring a further update on SFP Plaintiffs' efforts to supplement their document productions and Plaintiff Fact Sheet ("PFS") responses. The Parties include their respective positions below, and thank the Court for its ongoing attention to this matter.

## Defendants' Position

    The majority of SFP Plaintiffs have failed to comply with their Court-ordered discovery obligations, refuse to meet and confer regarding those failures, and continue to defy Your Honor's order to clarify whether they have met their supplementation obligations. Dec. 9, 2025 Conf. Tr. at 23:19-24 (emphasizing that "[w]e can't have a misunderstanding" and ordering counsel "to get to that point" where the issue is "closed out"). Nearly six months ago, Your Honor ordered SFP Plaintiffs to "search[] custodial sources," "obtain responsive documents that are reasonably within their 'control,'" including from third parties, and to provide "plaintiff-specific information" on SFP Plaintiffs' alleged misrepresentations and omissions and purported damages. ECF No. 693. The Court set an October 31, 2025 deadline for SFP Plaintiffs to do those things. Nearly three months past that deadline, many SFP Plaintiffs have not provided plaintiff-specific information, supplemental (or *any*) documents, or both.

    Defendants repeatedly attempted to meet and confer with SFP Plaintiffs, but Plaintiffs refused to engage. In November 2025, Defendants sent 19 letters to counsel for SFP Plaintiffs identifying specific SFP Plaintiffs who failed to "produce any supplemental documents called for by either the Initial Document Requests or by PFS Questions." Across the letters, Defendants identified 278 specific SFP Plaintiffs that did not supplement their responses to the PFS, as well as 223 SFP Plaintiffs who failed to produce any supplemental documents.

    SFP Plaintiffs' leadership responded on behalf of all SFP Plaintiffs on December 2, 2025.

Honorable Leda D. Wettre
January 23, 2026
Page 2

They refused to explain their lack of supplementation and refused to meet and confer, declaring that "SFP Plaintiffs do not intend to provide any further responses concerning the Defendants' correspondence discussed herein." Defs' Ex. 1, 12/2/2025 Letter from SFP Plaintiffs' Leadership at 2. At the December 9, 2025 discovery status conference, Your Honor ordered SFP Plaintiffs to at least confirm whether they had exhausted their efforts to supplement. Despite that order, Plaintiffs remained silent. Defendants reached out to Plaintiffs again on December 23, 2025 and once more on January 12, 2026. After failing to even acknowledge Defendants' repeated outreach, Plaintiffs finally responded one day before this update was due.

In that belated response, SFP Plaintiffs *still* refuse to comply with the Court's order to confirm whether *each* Plaintiff has met its obligations. They only argue that "on the whole" the "SFP Track's" productions are not deficient. They point to what Plaintiffs have "collectively" produced and argue "many plaintiffs provided comprehensive responses"—implicitly conceding that many Plaintiffs did *not*. See Defs' Ex. 2, 1/21/2026 Letter from SFP Plaintiffs Leadership at 1. And they identify only *one* Plaintiff whose response they claim is "comprehensive." *Id.* A single example does not show that "many" Plaintiffs met their obligations, and certainly does not satisfy *each individual* SFP Plaintiff's obligations. Plaintiffs insist that Defendants "identify … alleged deficiencies … for each" of hundreds of Plaintiffs, *id.*, but refuse to answer a simple question: did each Plaintiff comply with the Court's order?

The answer is clearly 'no.' Of the 412 active SFP Plaintiffs that were ordered to supplement, only 146—about 36 percent—have provided a supplemental PFS. And only 233—around 50 percent—have produced supplemental documents. To this day, 76 SFP Plaintiffs have never produced a *single* document. While Defendants continue to assess the responsiveness of the documents that SFP Plaintiffs did provide, so far, SFP Plaintiffs' productions suffer from the same widespread deficiencies that Defendants have raised with SFP Plaintiffs for the last year. For example, fewer than 60 SFP Plaintiffs have produced custodial documents—meaning over 350 Plaintiffs still have not. And Plaintiffs' belated response does nothing to clarify Plaintiffs' position as to the compliance of the individual Plaintiffs that Defendants identified.

Moreover, most SFP Plaintiffs continue to fail to comply with the Court's order to provide *plaintiff-specific* supplemental responses to four PFS questions relating to alleged misrepresentations and damages. For example, the 26 exemplar SFP Plaintiffs that Defendants highlighted in their last brief have not corrected the deficiencies Defendants identified over two months ago. *See* ECF No. 809 at 2. Sixteen never served a supplemental PFS response. Of the ten Plaintiffs that did supplement, nine did not rectify their deficient answers to the Court-specified questions, instead asserting the same boilerplate responses that do not identify the misrepresentations they allege, who made them, when they were made, to whom they were made, and whether the Plaintiff relied on them. Indeed, some of their "supplemental" answers provide *less* information. *See, e.g.*, ECF 809-2 at 4 (Greene County 2d Supp. PFS now admitting that Plaintiff cannot identify the "misrepresentation[s] … that form[] the basis of the allegations in [their] lawsuit[s]" and so are seeking "information from third parties" about them); ECF No. 809-3 at 16–42 (Baraga County Updated PFS now claiming that Plaintiff's own reliance is "[u]nknown").

In short, most of the SFP Plaintiffs that did supplement have failed to provide responsive, required information, and *all* of the SFP Plaintiffs that *did not* supplement refuse to confirm whether they ever plan to (or ever attempted to). Setting aside that SFP Plaintiffs should have had the basic information requested in the PFS and Initial Document Requests before filing their

Honorable Leda D. Wettre
January 23, 2026
Page 3

complaints, SFP Plaintiffs' refusal to adhere to deadlines or even engage in meet-and-confers has hindered the progress of this track. *See, e.g.,* ECF No. 315 at 2 (ordering all SFP Plaintiffs in the MDL to "complete and provide documents responsive to the PFS within 75 days" of the **October 16, 2024** Order) (emphasis added). Plaintiffs' refusal to engage with the Court-ordered process leaves Defendants without "important *gating* information to assist in working towards the next phase of discovery." ECF No. 270 at 17, Br. ISO Pls.' Proposed Discovery Plan (emphasis added).

Defendants intend to seek appropriate remedies, including under Rule 37, for Plaintiffs' failures to meet their discovery obligations. Defendants appreciate the Court's attention to these issues, and would welcome an opportunity to discuss those remedies at the February case management conference or another time convenient to the Court.

### Plaintiffs' Position

The Self-Funded Payer ("SFP") Plaintiffs respectfully provide the Court with an update regarding their Plaintiff Fact Sheet ("PFS") supplementations and productions following the Court's August 13, 2025 Order concerning Plaintiff Fact Sheets in the SFP Track [ECF No. 693]. This update is a further supplement to SFP Plaintiffs' prior update on this matter [ECF No. 809] and subsequent discussion with the Court on December 9, 2025.

SFP Plaintiffs have undertaken extensive efforts—perhaps unprecedented in the MDL context—to provide substantive responses to the lengthy and complex PFS, including the collection and production of voluminous documents responsive to the PFS. As a result of these undertakings, including expanded custodial searches and extensive renewed outreach to third parties, the SFPs have, to date, made PFS-related productions totaling approximately 450,000 documents and over 3.5 million pages. More than 300,000 documents and 2.2 million pages have been produced since October 1, 2025 alone—reflecting the SFPs' commitment to respecting the Court's guidance and ensuring compliance through diligence and resource commitment.

SFP Plaintiffs have worked persistently to supplement responses to the misrepresentation and damages-related portions of the PFS with the information available to them. But as SFP Plaintiffs have noted from the outset of this PFS process, ***the PBM Defendants are solely in possession of much of the information being requested from Plaintiffs—especially as it relates to claims data and damages***. Given this reality, the Manufacturers have driven these alleged PFS deficiency efforts while the PBMs have remained in the background, despite possessing the requested information. As the Court is aware, SFP Plaintiffs' prior attempts to obtain additional information on these topics through a Defendant Fact Sheet were denied by the Court. And while SFP Plaintiffs attempted to obtain information relevant to these topics through their Master Discovery Requests, the PBMs have thus far either refused to produce this information or have, at a minimum, not yet done so. Thus, SFP Plaintiffs have supplemented these responses to the fullest extent possible with the information currently in their possession.

While SFP Plaintiffs acknowledge a continuing duty to supplement their PFS responses and productions, the SFPs have largely completed their PFS work for the cases at issue in the Court's August 13, 2025 Order. Indeed, Defendants have not raised new case-specific deficiencies with SFP Plaintiffs beyond their fundamentally flawed assertion that a PFS deficiency exists ***solely*** because a Plaintiff did not supplement its production or PFS responses following

Honorable Leda D. Wettre
January 23, 2026
Page 4

the Court's August 13, 2025 Order. This argument presupposes that ***all*** SFP Plaintiffs' PFS responses and productions were deficient prior to the Court's Order—an assumption that is demonstrably false.

As the SFPs have advised Defendants on several occasions, to the extent Defendants, in good faith, identify ***Plaintiff-specific PFS deficiencies***, those Plaintiffs will meet and confer with Defendants in accordance with the parties' negotiated deficiency conferral process in CMO #14. But given the extensive productions and efforts taken by the SFPs, Defendants' continued practice of raising omnibus deficiencies—rather than Plaintiff-specific deficiencies as contemplated by CMO #14—is improper and abusive. Addressing Plaintiff-specific issues will allow individual Plaintiffs and their counsel to address their own case-specific work, rather than requiring all Plaintiffs to respond to Defendants' blanket deficiency claims that are untethered to any specific Plaintiff and largely inapplicable to most SFPs. Proceeding by addressing alleged Plaintiff-specific deficiencies will ensure the most efficient use of resources by the parties and the Court.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF)