# Morgan Lewis

**Douglas A. Hastings**
Partner
+1.202.373.6635
douglas.hastings@morganlewis.com

February 27, 2026

**VIA ECF**

Honorable Leda D. Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *In re Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-LDW | MDL No. 3080
      <u>Plaintiffs' Motion for Leave to Amend & GPO Motions to Dismiss</u>

Dear Judge Wettre:

GPO Defendants Ascent Health Services LLC, Emisar Pharma Services LLC, and Zinc Health Services, LLC write to update the Court regarding the status of the parties' negotiations regarding the Self-Funded Payor Plaintiffs' Omnibus Motion for Leave to Amend ("Motion") for the purpose of adding the GPO Defendants in the SFP Track. *See* ECF No. 406.[1]  For the reasons discussed below, the parties are at an impasse.  The GPO Defendants also write, pursuant to CMO 5, to seek leave to file motions to dismiss in the SFP Track, as they have not yet had an opportunity to do so.

Following the Court's guidance during the January 13, 2026 case management conference, the GPO Defendants conferred with SFP Plaintiffs on multiple occasions regarding an efficient process to allow the SFP Plaintiffs to amend their complaints to add the GPO Defendants as reflected in the exemplar complaint attached to the Motion and provide an efficient process for the GPO Defendants to challenge deficiencies in those claims under Federal Rule of Civil Procedure 12(b) before answering.  The parties had an initial conferral on January 28, 2026, during which the GPO Defendants told the SFP Plaintiffs they would be willing to consent to the pending Motion so long as the parties also established a reasonable process for the GPO Defendants to present their Rule 12(b) challenges to those complaints.  That process, outlined in the GPO Defendants' draft CMO at **Exhibit A**, would

---

[1] Defendants' opposition to the Motion was held in abeyance pending the Court's order on the SFP Track's Motion to Dismiss, and later, the SFP Track's Motion for Reconsideration, and to allow the parties to finalize their conferrals.  *See* CMO 19; ECF Nos. 757, 871, 879.

Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004         T +1.202.739.3000
United States                 F +1.202.739.3001

VIA ECF

Honorable Leda D. Wettre, U.S.M.J.
February 27, 2026
Page 2

identify three exemplar complaints in the SFP Track for Rule 12(b) challenge, mirroring the opportunity provided to all other defendant groups in the MDL by way of CMO 6.

The parties conferred again on February 10, 2026. The SFP Plaintiffs declined to confirm that all amendments would be substantially the same as the proposed amended pleading attached to their Motion and, for the first time, indicated that some amendments may differ in substance from the amendment presented to the Court. Plaintiffs requested an additional week to address that question and respond to the GPO Defendants' proposed CMO. On February 17, 2026, the SFP Plaintiffs proposed drafting yet another "exemplar complaint with updated amendment language" regarding the GPO Defendants that would include "additional information gained in the more than 14 months since the original motion to amend was submitted." *See* Feb. 17, 2026 E-mail from B. Widlanski, attached as **Exhibit B** at 5–6. The SFP Plaintiffs agreed to provide the new proposed pleading only *after* the Court's entry of an order establishing a new amendment and Rule 12 motion process. The SFP Plaintiffs further proposed that "any other plaintiff" who wishes to amend—including those not identified in the Motion—be permitted to amend within 45 days. *Id.* And the SFP Plaintiffs seek to control the selection of a single plaintiff—King County, WA—to whose claims the GPO Defendants could file "one joint motion to dismiss." *Id.*

The parties conferred again on Monday, February 23, during which the SFP Plaintiffs reiterated the positions taken in their February 17 e-mail and indicated that they have not yet drafted the proposed "updated amendment language." The SFP Plaintiffs conditioned their agreement to the GPO Defendants having *any* opportunity to move to dismiss in the SFP Track on the SFP Plaintiffs being permitted to file new amendments that would *not* match the previously proffered exemplar, contrary to the relief sought in their Motion. On inquiry, the SFP Plaintiffs were unable to state when they would be in a position to share their proposed amendments. The SFP Plaintiffs also were unable to identify which SFP Plaintiffs in the MDL intend to amend or a date certain by which they would identify the universe of SFP Plaintiffs who intend to amend their complaints. The SFP Plaintiffs' response following more than a month of conferral indicates the parties have reached an impasse.

The GPO Defendants cannot agree blindly to future amendments that the SFP Plaintiffs have *never* presented to the GPO Defendants or the Court, for some unspecified number of plaintiffs in the SFP Track, particularly where the SFP Plaintiffs have confirmed that such amendments will differ from the exemplar attached to their pending Motion. Neither can the GPO Defendants agree to limit their Rule 12 rights to only a single case of SFP Plaintiffs' choosing out of the nearly 500 cases in the SFP Track. At the time other Defendants moved to dismiss complaints in the SFP Track pursuant to CMO 6, the GPO Defendants were not named in any complaint in this track of the MDL. Only after that briefing opportunity did counsel for the SFP Plaintiffs seek to amend their existing complaints to name the GPO Defendants and file hundreds of additional cases naming the GPO Defendants, resulting in the GPO Defendants being the only parties denied any

VIA ECF

Honorable Leda D. Wettre, U.S.M.J.
February 27, 2026
Page 3

opportunity to move to dismiss in the SFP Track. The SFP Plaintiffs have indicated that they want the GPO Defendants to *answer* the Complaints without such an opportunity. Such an approach contravenes Rule 12 and clear Third Circuit case law. *See United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141 (3d Cir. 2003) (holding that it was error to require an answer without an opportunity to move to dismiss); *Ingris v. Borough of Caldwell,* 2015 WL 3613499, at *3 (D.N.J. June 9, 2015) (holding that where there is a motion to amend and new parties are added, defendants have the right to move to dismiss); *Fennel v. Tacu*, 2021 2338737, at *5 n.4 (W.D. Pa. June 8, 2021) ("The Court notes that, after the Amended Complaint is filed, the new Defendants are free to assert defenses to, and/or move to dismiss, the claims against them, if they so choose.").

The GPO Defendants are willing to consent to the amendment requested in the Motion through a process that recognizes, rather than extinguishes, the right afforded all defendants to test the sufficiency of the complaints filed against them. Indeed, the GPO Defendants would support granting the Motion in the manner reflected by the exemplar complaint attached to the Motion so long as the GPO Defendants are provided a reasonable opportunity to promptly challenge such newly filed claims against them.[2] But the SFP Plaintiffs refused to agree to a process whereby the GPO Defendants can promptly move to dismiss their amended complaints. And because the SFP Plaintiffs apparently plan to abandon their pending Motion and exemplar complaint to instead seek to amend an unspecified number of complaints in the SFP Track in unspecified ways that may differ materially from the request made to the Court in their pending Motion, the GPO Defendants request that the Court deny the Motion without prejudice.

The GPO Defendants also request that the Court approve and enter the GPO Defendants' proposed CMO governing GPO Defendant Motion to Dismiss Briefing in the SFP Track, attached as **Exhibit A**. While the GPO Defendants have tried in good faith to establish a process permitting both amendment and motions to dismiss, the SFP Plaintiffs' "amendment" has become a moving target that is preventing the parties from resolving this issue and inhibiting the GPO Defendants from exercising their Rule 12 rights.

Should the Court find it helpful, the GPO Defendants are available to discuss the foregoing at the Court's convenience. The GPO Defendants are appreciative of the Cout's consideration of these issues.

---

[2] To the extent the Court is inclined to grant leave to amend, the GPO Defendants request that the leave granted mirror the relief sought, such that only those SFP Plaintiffs listed in the Motion be permitted to file amended complaints in substantially the same form as the exemplar amended complaint (attached as an exhibit to the Declaration of David R. Buchanan, ECF No. 406-2) within 30 days following entry of the Court's Order granting leave to amend.

**VIA ECF**

Honorable Leda D. Wettre, U.S.M.J.
February 27, 2026
Page 4

                        Respectfully submitted,

                        */s/ Douglas A Hastings*
                        Jason R. Scherr
                        Douglas A. Hastings
                        Elise M. Attridge
                        Lindsey T. Levy
                        **MORGAN, LEWIS & BOCKIUS LLP**
                        1111 Pennsylvania Avenue, NW
                        Washington, D.C. 20004-2541
                        jr.scherr@morganlewis.com
                        douglas.hastings@morganlewis.com
                        elise.attridge@morganlewis.com
                        lindsey.levy@morganlewis.com
                        Tel: (202) 739-3000

                        *Counsel for Ascent Health Services LLC*


                        */s/ John D. Tortorella*
                        Kevin H. Marino
                        John D. Tortorella
                        **MARINO, TORTORELLA & BOYLE, P.C.**
                        437 Southern Boulevard
                        Chatham, New Jersey 07928
                        T: (973) 824-9300
                        F: (973) 824-8425
                        kmarino@khmarino.com
                        jtortorella@khmarino.com

                        Enu Mainigi
                        Craig Singer
                        R. Kennon Poteat III
                        A. Joshua Podoll
                        Benjamin Hazelwood
                        Daniel Dockery
                        **WILLIAMS & CONNOLLY LLP**
                        680 Maine Avenue, S.W.
                        Washington, D.C. 20024
                        T: (202) 434-5000
                        F: (202) 434-5029

**VIA ECF**

Honorable Leda D. Wettre, U.S.M.J.
February 27, 2026
Page 5

emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
bhazelwood@wc.com
ddockery@wc.com

*Counsel for Zinc Health Services, LLC*

*/s/ Brian D. Boone*
Thomas P. Scrivo
Young Yu
**O'TOOLE SCRIVO, LLC**
14 Village Park Road
Cedar Grove, NJ 07009
T: (973) 239-5700
tscrivo@oslaw.com

Brian D. Boone
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Ste. 300
Charlotte, NC 28280
T: (704) 444-1000
Brian.boone@alston.com

Elizabeth Broadway Brown
Jordan Edwards
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 4900

**VIA ECF**

Honorable Leda D. Wettre, U.S.M.J.
February 27, 2026
Page 6

        Atlanta, GA 30309-3424
        T: (404) 881-7000
        liz.brown@alston.com
        jordan.edwards@alston.com

        Kelley Connolly Barnaby
        **ALSTON & BIRD LLP**
        950 F. Street, NW
        Washington, D.C. 20004
        T: (202) 239-3300
        Kelley.barnaby@alston.com

        *Counsel for Emisar Pharma Services LLC*

cc:    Honorable Brian R. Martinotti, U.S.D.J.
       All Counsel of Record