**SeegerWeiss** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA

March 2, 2026

**VIA ECF**

Honorable Leda D. Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *In re: Insulin Pricing Litigation*, MDL No. 3080
               Case No. 2:23-md-03080-BRM-LDW

Dear Judge Wettre:

      Plaintiffs in the Self-Funded Payer ("SFP") Track respectfully submit this response to the Rebate Aggregator[1] Defendants' February 27, 2026 letter [ECF No. 882]. The Court should reject the Rebate Aggregator Defendants' request to deny without prejudice the long-pending SFP Motion for Leave to Amend and should instead grant the SFPs leave to amend and adopt a streamlined procedure that—consistent with the motion-to-dismiss process in CMO #6—preserves the Rebate Aggregator Defendants' Rule 12 rights without delaying discovery.

      The history of this litigation, and the meet-and-confers that have taken place to date, confirm there is a clear path forward, one that the SFP Plaintiffs have consistently supported. Plaintiffs filed their Motion for Leave to Amend to add the Rebate Aggregator Defendants, with an exemplar amended complaint, more than one year ago. At the January 2026 Case Management Conference, Your Honor instructed the Defendants to reexamine their position on whether or not to oppose that motion. Plaintiffs requested a meet-and-confer to continue the dialogue. Initially, the Defendants suggested that they were open to withdrawing their opposition but conditioned that on an agreement as to a structure for the Rebate Aggregator Defendants to move to dismiss the claims against them.

      Plaintiffs proposed a simple, efficient procedure that mirrors the briefing bellwether approach the Court adopted in CMO #6 for Rule 12 briefing. Plaintiffs proposed to provide, within 30 days of the entry of this new CMO, a single, updated exemplar complaint reflecting any additional information developed in the months since the Motion for Leave to Amend was filed, with any subsequent amendments to substantially track that exemplar. Plaintiffs also proposed that the Rebate Aggregator Defendants file a consolidated motion to dismiss directed to a designated bellwether complaint, proposing King County (which was one of the three briefing

---

[1] The Rebate Aggregator Defendants style themselves as "Group Purchasing Organizations," despite it being unclear what, exactly, they "purchase." This may be, in part, so they may claim the protection of the Safe Harbor provision of the Anti-Kickback Statute (42 CFR 1001.952(j)), which allows them to receive and keep fees that might otherwise be considered illegal kickbacks.

bellwether complaints unilaterally selected by the Defendants under CMO #6), solely as to the newly added Rebate Aggregator Defendants, on the usual schedule, with briefing served, consolidated, and filed promptly upon completion. Plaintiffs further confirmed that discovery would continue unabated and without disruption while any targeted motion to dismiss is briefed, thereby avoiding the very delay the Court has cautioned against in this MDL.

The Rebate Aggregator Defendants' new filing reframes this process as an "impasse," contends that Plaintiffs seek to force answers without allowing Rule 12 motions, and asks the Court to deny the Motion for Leave to Amend while installing a Rebate Aggregator-specific CMO that would give the Rebate Aggregator Defendants unilateral control to select three SFP exemplar cases for fresh Rule 12 briefing. Each premise is mistaken, and the requested relief is unnecessary and counterproductive to the case-management objectives of this MDL.

First, Plaintiffs never proposed to extinguish the Rebate Aggregator Defendants' Rule 12 rights or require answers without the opportunity to move. Plaintiffs' February 17 email expressly invited a joint motion to dismiss directed to a bellwether complaint as to the newly added Rebate Aggregator Defendants. That proposal tracked the Court's prior bellwether procedure in CMO #6, which the parties and the Court have already demonstrated can manage complex issues efficiently across numerous similar complaints. And despite suggestions to the contrary in Defendants' letter, Plaintiffs made clear they were willing to consider expanding beyond a single bellwether if Defendants preferred to brief against more than one of the original bellwether cases— hardly the unilateral, take-it-or-leave-it approach Defendants attribute to Plaintiffs. *See* Defs.' Ex. B at 3-4 (Feb. 20, 2026 email from B. Widlanski). Against this record, the Rebate Aggregator Defendants' assertion that Plaintiffs "want the GPO Defendants to answer the Complaints without such an opportunity" is inaccurate.

Second, Plaintiffs' request to provide a single updated exemplar is both proper and efficient. The Motion has been pending for more than a year, and Plaintiffs reasonably proposed to incorporate additional information accumulated in the months since the Motion was submitted so that the Court confronts the most complete, best-pleaded allegations once, rather than in piecemeal serial amendments. This is precisely the approach endorsed by CMO #6. Plaintiffs' proposal made plain that subsequent amendments by those Plaintiffs identified in the Motion would substantially track the updated exemplar, thus addressing Defendants' stated interest in uniformity while preserving judicial economy. Plaintiffs did not propose limitless amendment, nor did they seek to alter the relief requested in the Motion; to the contrary, Plaintiffs explained that the bucket of pre-deadline SFP Track complaints sought to be amended is already known[2], while plaintiffs that filed after the Court's amendment deadline have the as-of-right amendment that the Rules already secure and need no further court permission.

Third, the Rebate Aggregator Defendants' current request to deny the Motion without prejudice cannot be reconciled with their earlier position that they would not oppose the Motion, subject to agreement around a process for Rebate Aggregator-specific Rule 12 briefing. Plaintiffs' February 17 proposal supplied precisely that process, including a targeted bellwether motion to dismiss solely as to the newly added Rebate Aggregator Defendants, a schedule keyed

---

[2] *See* Schedule A attached to the SFP Plaintiffs' Notice of Motion [ECF No. 406].

to local rules, and the continued progression of discovery. Rather than accept that straightforward path, the Rebate Aggregator Defendants now ask the Court to shelve the Motion to Amend entirely and substitute a process of their own design—one that prioritizes their desired Rule 12 issues and affords them the right to brief against three handpicked complaints. That approach would re-open already-litigated Rule 12 terrain beyond what is necessary to adjudicate any Rebate Aggregator-specific issues and would invite the very duplication that CMO #6 was designed to avoid.

Fourth, the Rebate Aggregator Defendants' invocations of Rule 12 do not justify the relief they request. Plaintiffs' proposal provides for a prompt Rule 12 vehicle directed to a representative pleading and expressly disclaims any requirement that the Rebate Aggregator Defendants answer without first presenting their arguments. Because Plaintiffs' process preserves the Rebate Aggregator Defendants' opportunity to move, the authorities cited for the proposition that requiring an answer without a motion is error are beside the point, and there is no need for the Court to deny the Motion to Amend to vindicate rights that are already accommodated.

Finally, the meet-and-confer record confirms that Plaintiffs engaged constructively and in good faith to implement Your Honor's direction. On multiple occasions during conferrals, Plaintiffs made clear that the question on the table was straightforward: do the Rebate Aggregator Defendants consent to the Motion for Leave to Amend, yes or no? It was the Rebate Aggregator Defendants who sought to expand the process beyond that simple question; Plaintiffs attempted to work with them on that expansion in good faith, but Plaintiffs have never sought to abandon their pending Motion. Plaintiffs' objective is to comply with the Court's intent as expressed in CMO #6. The Rebate Aggregator Defendants' Friday-evening filing announced an "impasse," notwithstanding that Plaintiffs had consistently invited further discussion and, in fact, believed progress had been made.

A practical, efficient path forward is available now: Plaintiffs respectfully request that the Court (i) grant the SFP Motion for Leave to Amend; (ii) direct Plaintiffs to serve within 30 days a single updated exemplar amended complaint reflecting information developed since the Motion's filing; (iii) authorize the SFP Plaintiffs identified in the Motion to amend within 45 days in substantially the same form as that exemplar; and (iv) adopt a streamlined bellwether Rule 12 process confined to the newly added Rebate Aggregator Defendants that mirrors the CMO #6 approach, with a single consolidated motion to dismiss directed to a designated bellwether complaint on a reasonable schedule and with discovery continuing during briefing. If the Court prefers to have more than one bellwether for the targeted Rebate Aggregator motion, Plaintiffs stand ready to confer immediately on an efficient selection, including use of the original SFP bellwether cases previously briefed under CMO #6, to ensure the process is both representative and manageable.

Above all else, Plaintiffs believe that any further delay to the discovery and case management schedule must be avoided.

Should the Court find it helpful, Plaintiffs are available for a conference to address any questions and to finalize a case-management order consistent with the foregoing.

Respectfully submitted,

*s/ Steven J. Daroci*
David R. Buchanan
Steven J. Daroci
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, NJ 07660
(973) 639-9100

*Liaison Counsel for Self-Funded Payer Track*

cc: Hon. Brian R. Martinotti. U.S.D.J. (*via* ECF)
Counsel of Record (*via* ECF)

4