

**Melissa A. Geist**
Direct Phone: +1 609 514 5978
Email: mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

March 5, 2026

**VIA ECF ONLY**

The Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: In re: Insulin Pricing Litigation, No. 2:23-md-03080-BRM-LDW:**
**Defendants' Position Paper Regarding Application of Motion To Dismiss Rulings**

Dear Judge Martinotti,

Defendants respectfully request that the Court enter a case management order ("CMO") establishing an efficient process for applying its motion to dismiss ("MTD") rulings to the remaining cases in this MDL, so that the litigation can continue toward resolution. The parties are at an impasse over a fundamental question: whether the Court's MTD rulings will have any effect beyond the exact claims addressed in those rulings. Hundreds of Self-Funded Payer ("SFP") Plaintiffs assert claims *identical* or subject to the same requirements as those this Court dismissed. To be clear, Defendants do not ask the Court to rule on any claims at this time—only to authorize an orderly process for doing so, which Plaintiffs have resisted. The CMO should apply to all claims subject to dismissal on the same grounds the Court already applied to the dismissed claims.

Plaintiffs claim that they never expected the Court's "exemplar" rulings to apply to other cases. But that was always the plan. As the Court put it, its dismissal decisions "will be a roadmap, or at least guidance on how [] to proceed moving forward." 2/11/25 Hr'g Tr. 13:2–4. After a significant undertaking, the Court issued its MTD rulings on September 5, 2025, dismissing claims in the exemplar SFP complaints on five independent bases:

- **Indirect Purchaser Rule.** The Court held that Self-Funded Payers are not direct purchasers, barring their RICO claims (Dkt. 729 at 14; Dkt. 731 at 14), as well as King County's claims under the Washington Consumer Protection Act and for unjust enrichment (Dkt. 729 at 14–15). This holding extends to other state and federal antitrust claims.
- **Failure to Allege "Consumer Oriented" Conduct.** The Court dismissed Albany County's claim under a New York statute requiring "consumer oriented" conduct, because its claim involves business-to-business transactions and alleges only derivative injuries.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Nicholas J. Valvanis ♦ Office Managing Partner ♦ A Limited Liability Partnership formed in the State of Delaware

Dkt. 729 at 18–19; Dkt. 731 at 18–20. Similarly, where a plaintiff is not a "person" authorized to sue under a statute, its claim is subject to dismissal. Dkt. 729 at 17.

- **Direct Conferral of Benefit.** The Court dismissed King County's unjust enrichment claims against the Manufacturer Defendants because Washington law requires the plaintiff to have conferred a benefit on the defendant directly. Dkt. 731 at 29; *see also* Dkt. 729 at 24–25.

- **Derivative and Duplicative Claims.** The Court dismissed Albany County's unjust enrichment claim under New York law as duplicative because the claim relied on the same factual allegations and theory of liability as Albany County's other claims. Dkt. 729 at 28–29; *see also* Dkt. 829 (extending this ruling to the Manufacturer Defendants).

- **Failure to Identify Contractual Terms.** The Court dismissed King County's claim for breach of the implied duty of good faith and fair dealing for failure to identify any contractual provision that the Defendants allegedly breached. Dkt. 729 at 30.

As the Court envisioned, these rulings provide a valuable "roadmap" as to how other cases in this MDL should proceed. Defendants propose a straightforward mechanism for applying the Court's holdings to the hundreds of claims remaining in the MDL.

*First*, Defendants will provide Plaintiffs a table identifying the claims and cases to which the Court's rulings apply, including (1) claims identical to those already dismissed and (2) claims subject to the same requirements the Court already addressed. For example, the Court's dismissal of King County's Washington unjust enrichment claim for failure to confer a direct benefit on the defendant applies equally to New Jersey unjust enrichment claims—a conclusion this Court *already reached* in another insulin pricing case. *See MSP Recovery Claims, Series, LLC v. Sanofi Aventis, U.S. LLC*, 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019); Dkt. 729 at 18.

*Second*, any Plaintiff may submit to Defendants authority explaining why the Court's holdings should *not* extend to identified claims, and Defendants can respond. The parties can then jointly submit a proposed order regarding claims that should be dismissed, and present any remaining disputes to the Court for resolution. This process will efficiently identify claims that fail for reasons the Court has *already* recognized. And because many claims would *not* be implicated, the process will not delay advancement of the MDL. Instead, it will allow for orderly application of the rulings across the MDL, as hundreds of legally deficient claims are efficiently removed.

Plaintiffs have argued that the Court's dismissal orders apply only to the specific claims addressed in those rulings, and cannot apply to other claims subject to the same requirements. That would allow hundreds of plaintiffs to dodge the MDL process entirely, a result unsupported in MDL practice and irreconcilable with the Court's stated expectation that its rulings would provide a "roadmap" on how this MDL will proceed.

Plaintiffs also contend that applying the Court's rulings without giving them "a chance to respond" would "violate their due process rights." But Defendants' proposal provides that opportunity. MDL courts routinely employ show-cause processes after dismissing claims. *See, e.g.*, *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 66 (3d Cir. 2023) (a "judge may

enter an order with respect to one party and then provide that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable."). Courts also use abbreviated briefing like what Defendants propose. *In re GM LLC Ignition Switch Litig.*, 14-md-2543, Dkt. 875 (S.D.N.Y. 2020) (non-consolidated party to show cause within 14 days, with no more than 5 single-spaced pages, following ruling on consolidated complaints).

The Court's MTD rulings should now be implemented as anticipated, advancing the Court's goal of providing a "roadmap" and facilitating efficient progress in this litigation.

Respectfully Submitted,

*/s/ Melissa A. Geist*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Andrew A. Kassof (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant*
*Eli Lilly and Company*



*/s/ Brian W. Carroll*
**GIBBONS P.C.**
Christopher Walsh
One Gateway Center
Newark, NJ 07102
(973) 596-4500

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Ave.
New York, New York 10017
(212) 450-4000

**DAVIS POLK & WARDWELL LLP**
Neal A. Potischman (*pro hac vice*)
Andrew Yaphe (*pro hac vice*)
1600 El Camino Real
Menlo Park, California 94025
(650) 752-2000

*Attorneys for Defendant*
*Novo Nordisk Inc.*

*/s/ Liza M. Walsh*
**WALSH PIZZI O'REILLY FALANGA LLP**
Liza M. Walsh
Katelyn O'Reilly
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

**JONES DAY**
Michael R. Shumaker (*pro hac vice*)
Julie E. McEvoy (*pro hac vice*)
William D. Coglianese (pro hac vice)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939

*Attorneys for Defendant*
*Sanofi-Aventis U.S. LLC*

*/s/ Jason R. Scherr*
**MORGAN LEWIS & BOCKIUS LLP**
Jason R. Scherr
Douglas A. Hastings
Elise M. Attridge
Lindsey T. Levy
1111 Pennsylvania Ave., NW
Washington, DC 20004
(202) 739-3000

*Counsel for Evernorth Health, Inc. (f/k/a Express Scripts Holding Company); Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Medco Health Solutions, Inc., and The Cigna Group*



*/s/ Brian D. Boone*
**O'TOOLE SCRIVO, LLC**
Thomas P. Scrivo
Young Yu
14 Village Park Road
Cedar Grove, NJ 07009

**ALSTON & BIRD LLP**
Brian D. Boone
1120 S. Tyron St., Ste. 300
Charlotte, NC 28203
(704) 444-1000

**ALSTON & BIRD LLP**
Elizabeth Broadway Brown
1201 W. Peachtree St. NW, Ste. 4900
Atlanta, GA 30309
(404) 881-7000

**ALSTON & BIRD LLP**
Kelley Connolly Barnaby
950 F. Street, NW
Washington, D.C. 20004
(202) 239-3300

*Counsel for UnitedHealth Group Incorporated; OptumRx, Inc.; Optum, Inc.; and OptumInsight, Inc.*

*/s/ A. Joshua Podoll*
**MARINO, TORTORELLA & BOYLE, P.C.**
Kevin H. Marino, Esq.
John D. Tortorella, Esq.
437 Southern Blvd.
Chatham, NJ 07928

**WILLIAMS & CONNOLLY LLP**
Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
680 Maine Ave., S.W.
Washington, DC 20024
(202) 434-5000

*Counsel for CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; and Caremark, L.L.C.*