**SeegerWeiss LLP**

NEW YORK • NEW JERSEY • PHILADELPHIA

March 9, 2026

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

      Re:    *In re: Insulin Pricing Litigation*, MDL No. 3080
             Case No. 2:23-md-03080-BRM-LDW

Dear Judge Martinotti:

      We write on behalf of the Self-Funded Payer Track in connection with the parties' dispute regarding the application of the Court's September 5, 2025 and December 30, 2025 motion-to-dismiss rulings (the "Opinions") and in response to the Defendants' correspondence dated March 5, 2026 [ECF No. 885]. Defendants' proposed CMO would paralyze this litigation through jurisdiction-by-jurisdiction, case-by-case, and claim-by-claim Rule 12 briefing—incompatible with the efficiencies MDL coordination is designed to achieve—grinding progress to a halt just as the Court and Plaintiffs seek to advance this MDL. The Court's Opinions sustained SFP Plaintiffs' fraud and conspiracy claims, thus establishing the viability of core claims on which all SFP Plaintiffs can proceed forward. Broader briefing now on the subtleties of other state-law claims does nothing to advance this MDL or facilitate resolution.

      Defendants' proposal contemplates a process by which they would simply "identify[]" all claims they unilaterally contend are similar to those the Court addressed in its Opinions, then shift the burden to Plaintiffs—including future Plaintiffs—to provide within 14 days their argument and applicable legal authority for why those claims should not be dismissed. Although styled as a "chart" or "appendix," this is Rule 12(b)(6) briefing on a massive scale. Worse, Defendants' proposal inverts the procedural framework of the Federal Rules, requiring Plaintiffs to justify the continued existence of their claims in response to Defendants' mere identification of purportedly analogous claims. That is not how Rule 12 works.

      Defendants characterize their proposal as "efficient" [ECF No. 885 at 1], but it is nothing of the sort. The proposed CMO identifies seven separate grounds on which Defendants seek dismissal—sweeping in state consumer-protection statutes, unjust enrichment, and implied-covenant claims from states whose laws were never briefed or decided in the bellwether motions. These claims resist the kind of blanket treatment Defendants envision. Even where other states' causes of action appear facially similar to those addressed by the Court, the way each state's courts have interpreted and applied those statutes—including their elements and standing requirements—often differ in ways that are outcome-determinative. Consumer-protection standing requirements, for instance, differ state to state and materially differ based on the type of SFP Plaintiff. Under Illinois law, for example, a body politic such as Lake County may not qualify as a "person" with standing to bring claims for damages under the Illinois Consumer Fraud and Deceptive Trade

Practices Act ("ICFA"), but business entities and associations maintain standing to do so. *See United States v. Joel Kennedy Constructing Corp.*, 584 F. Supp. 3d 595, 631 (N.D. Ill. 2022). Unjust enrichment and implied covenant claims likewise vary materially from state to state—and none were briefed or decided in the bellwether motions. *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 667 (E.D. Mich. 2011) ("State law requirements under unjust enrichment law vary widely."); *see also Payne v. FujiFilm U.S.A., Inc.*, 2010 WL 2342388, at *10 (D.N.J. May 28, 2010) ("state laws regarding . . . breach of the implied covenant . . . vary greatly with respect to issues such as . . . parol evidence, burdens of proof, reliance, and privity."). Defendants' misguided notion that rulings under one state's statute or law can be mechanically applied to dozens of others by way of "chart" or "appendix" is untenable.

This is precisely the kind of sprawl MDL procedures are designed to *prevent*. Case-specific rulings "are neither the purpose, nor the forte, of a court presiding over a multidistrict litigation." *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) (declining to analyze "each state's substantive laws pertaining to particular claims"); *see also In re Hair Relaxer Mktg. Sales Practices & Prods. Liab. Litig.*, 702 F. Supp. 3d 692, 705 (N.D. Ill. 2023) (agreeing with "the approach in other MDL cases in this district declining to rule on these state-specific issues at this stage"); *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2014 WL 527703, at *1 (W.D. Ky. Feb. 7, 2014) (declining to rule on case-specific motions requiring individualized factual and legal analysis, finding that such resolution "would result in a significant burden on the Court and would not promote efficiency"). Defendants' proposal to brief every state-law claim they deem similar to those the Court addressed does nothing to narrow the universe of cases or limit the scope of discovery. At best, it would prune individual claims at the margins.

Compounding the problem, Defendants have indicated they will propose simultaneously briefing all statute-of-limitations disputes that have surfaced through the CMO #23 process—disputes involving state-law accrual rules and tolling doctrines *across nearly 40 states*. The combined effect of briefing both the MTD-implementation *and* SOL disputes at once would be an avalanche of plaintiff-specific, jurisdiction-specific arguments that would consume the parties and the Court for months.

The Court's Opinions resolved the claims before it and, significantly, informed the parties' understanding of the Court's thinking on certain legal issues. But neither the Opinions nor efficient case management require MDL-wide challenges to claims that were never briefed, under the laws of states that were never analyzed. As the Third Circuit has recognized, MDL rulings naturally guide future litigation without the need for formal implementation orders: "Even without such an order, parties will be unlikely to relitigate issues on which the judge has already ruled without a compelling reason." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 66 (3d Cir. 2023); *see also* Joan Steinman, *Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation*, 135 U. Pa. L. Rev. 595, 669 (1987) ("parties will figure out quickly which efforts to litigate issues already decided by the judge . . . will be futile.").

Plaintiffs' proposed CMO implements the Court's dismissal rulings on the claims presented: federal RICO and RICO conspiracy; New York GBL § 349; unjust enrichment under New York law; the ICFA; the Washington Consumer Protection Act; and unjust enrichment under Washington law. For those claims, Plaintiffs' proposal affords a SFP Plaintiff the opportunity to come forward with arguments specific to their case or to supplement the record—providing a fair and efficient process for applying the Court's rulings. Moreover, given that the federal RICO and

RICO conspiracy claims can be addressed for all SFP cases and that Washington, Illinois, or New York law has been pleaded in about 10% of all pending SFP cases, Plaintiffs' proposed CMO allows for additional claims to be addressed in a substantial number of additional SFP cases.

As to claims beyond those asserted by the bellwether plaintiffs, Defendants are not without recourse. For a tailored challenge, Defendants may seek leave to dismiss through the Court's pre-motion request process. And Defendants will be afforded the opportunity to challenge the claims of those cases being worked up for early trials in this MDL at summary judgment—the time when the parties and MDL courts generally address state-specific and case-specific nuances on claims.

While the Court has urged the parties to proceed with diligence in preparing cases for early trial, Defendants' proposal would bog the parties down in hundreds, or even thousands, of pages of jurisdiction- or case-specific briefing for marginal returns at best. We respectfully request that the Court adopt SFP Plaintiffs' proposed CMO, attached as Exhibit 1, and look forward to discussing these issues at the upcoming Case Management Conference.

                                                          Respectfully submitted,

| | |
|---|---|
| **KOZYAK TROPIN & THROCKMORTON LLP** | **SEEGER WEISS LLP** |
| *s/ Benjamin J. Widlanski* <br> Benjamin J. Widlanski | *s/ David R. Buchanan* <br> David R. Buchanan |
| **LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY P.A.** | **BARON & BUDD, P.C.** |
| *s/ Brandon L. Bogle* <br> Brandon L. Bogle | *s/ Mark P. Pifko* <br> Mark P. Pifko |

cc:    Counsel of Record (*via* ECF)