**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL ACTIONS** | **Case 2:23-md-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE LEDA D. WETTRE** |

**CASE MANAGEMENT ORDER #24**

**(ORDER GOVERNING DISCOVERY PROGRESSION IN DISCOVERY POOL AND TRIAL POOL CASES)**

This Case Management Order ("CMO") governs case selection and case management of staged discovery in *In re: Insulin Pricing Litigation*, MDL No. 3080.

1. **Overview.** Staged discovery in this action shall proceed in two stages: "Stage 1 Discovery" and "Stage 2 Discovery", as described below.

   a. Stage 1 Discovery shall consist of the completion of "Master Discovery" and "Case-Specific Discovery."

      i. Master Discovery is governed by CMO #13 [Dkt. No. 313], except as modified by Paragraph 5 hereto. By **June 15, 2026**, Document Discovery pursuant to CMO #13 shall be substantially complete and, as outlined in Section 5 below, depositions of Defendants relating to Master Discovery may commence on **May 15, 2026.**

ii. During Stage 1, fact discovery of the Plaintiffs selected for Stage 1 pursuant to Section 2 hereto and Defendants shall proceed simultaneously.

b. Stage 2 Discovery shall further advance a subset of Stage 1 Cases toward resolution through additional case-specific discovery, expert discovery, and, as appropriate, dispositive motion practice and trial preparation. Following Stage 2 discovery, the parties will meet and confer to determine which cases will proceed to dispositive motions and, as necessary, trial.

2. **Case Selection.**

a. On or before **April 24, 2026**, the State Attorney General ("State AG") Track Plaintiffs, the Self-Funded Payer ("SFP") Track Plaintiffs, and Defendants shall select seven (7) AG cases and twenty-four (24) SFP cases to proceed to "Stage 1" discovery, using the selection process set forth below. Plaintiffs in the Class Track also will participate in Stage 1 discovery.

b. **State AG Track Case Selection.** By **April 8, 2026**, Defendants[1] shall propose three (3) State AG cases and State AG Plaintiffs shall

[1] "Defendants" shall mean all Manufacturer Defendants and PBM Defendant Families. "Manufacturer Defendants" shall mean Novo Nordisk Inc., Eli Lilly and Company, and Sanofi-Aventis U.S. LLC. "PBM Defendant Family" shall mean a

propose four (4) State AG cases to proceed to Stage 1 Discovery. If there is any overlap between the parties' proposals, the parties shall fill the remaining slots as follows:

i. If the number of remaining cases to be selected is even, Defendants and State AG Plaintiffs shall each select an equal number of additional State AG cases, with such selections exchanged simultaneously within two business days of the exchange of the parties' initial proposals.

ii. If the number of remaining cases to be selected is odd, the parties shall alternate selections on two-business-day

---

group of Defendant entities that are represented by the same counsel in the MDL Proceedings. Specifically, the *Express Scripts Defendant Family* consists of The Cigna Group; Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Medco Health Solutions, Inc.; and Ascent Health Services, LLC. The *OptumRx Defendant Family* consists of OptumRx, Inc., UnitedHealth Group Incorporated, United HealthCare Services, Inc., United Healthcare Insurance Co. OptumRx Holdings, LLC, OptumRx Holdings I, LLC, Optum, Inc., OptumInsight, Inc., Emisar Pharma Services LLC, and UMR, Inc. The *Caremark Defendant Family* consists of CaremarkPCS Health, L.L.C., Caremark L.L.C., Caremark Rx L.L.C., CVS Health Corporation, CVS Pharmacy, Inc., Zinc Health Services, LLC, Zinc Health Ventures, LLC and Aetna, Inc., Aetna Life Insurance Company, Caremark PhC L.L.C. d/b/a CVS Caremark, and Caremark Puerto Rico, L.L.C. Each entity included in the PBM Defendant Families is included because it has been named in at least one complaint in MDL No. 3080. By including any specific entity within the defendant family definition, the defendant does not concede any legal status or characterization of the association between said entities. Each defendant expressly reserves all rights, defenses, and objections, including as to personal jurisdiction.

intervals, beginning with State AG Plaintiffs, until there are seven non-overlapping State AG Track cases designated for Stage 1 discovery.

c. **SFP Track Case Selection.** By **April 8, 2026**, Defendants shall propose twelve (12) SFP Track cases and SFP Plaintiffs shall propose twelve (12) SFP Track cases to proceed to Stage 1 discovery. If there is any overlap between the parties' proposals, the parties shall fill the remaining slots as follows:

   i. If the number of remaining cases to be selected is even, Defendants and SFP Plaintiffs shall each select an equal number of additional SFP Track cases, with such selections exchanged simultaneously within two business days of the exchange of the parties' initial proposals.

   ii. If the number of remaining cases to be selected is odd, the parties shall alternate selections on two-business-day intervals, beginning with SFP Plaintiffs, until twenty-four non-overlapping SFP Track cases have been identified.

3. **Class Action Track.** Class Track Plaintiffs shall continue to participate in Master Discovery in accordance with CMO #13 and will participate in Stage 1 discovery. On or before **June 15, 2026**, the Class Track Plaintiffs

and Defendants will meet and confer regarding a schedule for class certification briefing, expert disclosures, expert depositions, and any related motion deadlines. The schedule shall be governed by a separate CMO.

4. **Effect of Settlement or Dismissal.** If a Plaintiff of one of the cases proceeding to Stage 1 Discovery enters into a settlement with the Defendants or voluntarily dismisses its case, the parties shall meet and confer with the Special Master as to whether and how to proceed.

5. **Stage 1 Discovery.**

   a. **Master Discovery Document Production.**

      i. To the extent there are any discovery disputes relating to document production pursuant to CMO #13, the parties shall raise such disputes with each other in writing by no later than **May 15, 2026**. The parties shall then meet and confer in good faith within seven (7) days of the dispute being raised. If the dispute is not resolved through the meet-and-confer process, the moving party shall submit to the Special Master its dispute letter within seven (7) days thereafter. Any response shall be served within seven (7) days of the filing of the dispute. No

reply briefing shall be permitted absent further order of the Court.

b. **Responsive Pleading Deadline for Cases in Stage 1 Discovery.**

i. Defendants shall file a responsive pleading as to each case in the State AG Track selected by the parties for Stage 1 **on or before June 17, 2026**.

ii. Defendants shall file a responsive pleading as to each case in the SFP Track selected by the parties for Stage 1 Discovery **on or before June 17, 2026**.

iii. This deadline shall apply to all Stage 1 complaints as to which Defendants have not previously filed a responsive pleading.

c. **Written and Document Discovery Requests.**[2] Written discovery, including requests for production, requests for admission, and interrogatories shall be served on **April 24, 2026**.

i. **Requests for Production.** In each Stage 1 Discovery case, each Plaintiff may serve up to ten (10) RFPs upon each Manufacturer Defendant and PBM Defendant Family pursuant to Fed. R. Civ. P. 34 for any Case-Specific Discovery (if any). Defendants

[2] Defendants' Interrogatories and Requests for Production to Plaintiffs in the Class Track are governed by Case Management Order #13 [Dkt. No. 313].

collectively may serve up to ten (10) RFPs on each Plaintiff in each Stage 1 Discovery case for Case-Specific Discovery. Written objections and responses to RFPs shall be due within 30 days of service of the RFPs. Rolling production of documents shall begin within 30 days of service of the RFPs and the production shall be substantially complete on or before November 3, 2026.

ii. **Requests for Admission.** Plaintiffs collectively may serve up to ten (10) Requests for Admission ("RFAs") upon each Manufacturer Defendant and PBM Defendant Family pursuant to Fed. R. Civ. P. 36. Defendants collectively may serve up to ten (10) RFAs on each Plaintiff in each Stage 1 Discovery case, and upon each Plaintiff in the Class Track. Written objections and responses to RFAs shall be due no later than **June 10, 2026**.

iii. **Interrogatories.** Under CMO #13, Plaintiffs were permitted to serve up to forty (40) Master Interrogatories on PBM Defendants and twenty (20) Master Interrogatories on Manufacturer Defendants. In each Stage 1 Discovery case, each Plaintiff may serve up to an additional ten (10) Interrogatories on each Manufacturer Defendant and PBM Defendant Family pursuant to Fed. R. Civ. P. 33 for Case-Specific Discovery (if any). Defendants collectively may

serve up to ten (10) Interrogatories on each Plaintiff in each Stage 1 Discovery case for Case-Specific Discovery. Written objections and responses to Interrogatories shall be due by **June 30, 2026.**

d. **Depositions.**

i. All depositions shall comply with the Deposition Protocol, to be entered separately by the Court. To the extent that this CMO is inconsistent with the Deposition Protocol, the Deposition Protocol shall control.

ii. As noted above, depositions of Defendants relating to Master Discovery may commence on **May 15, 2026**. Case-specific depositions may commence on **July 1, 2026**.

iii. All depositions in Stage 1 discovery shall be completed no later than **May 30, 2027**.

iv. The parties shall complete Master Discovery depositions on or before **December 18, 2026**.

v. **Avoidance of Duplicative Depositions.** The parties shall endeavor to limit the number of depositions of fact witnesses whose deposition was previously taken in this matter[3] and will meet and confer

[3] "This matter" shall mean all Actions currently in MDL No. 3080, *In re: Insulin Pricing Litigation*, or later filed in, added to, transferred to, or coordinated with (pursuant to a Court order or the parties' express agreement) MDL No. 3080, and

regarding such depositions noticed by Plaintiffs regarding (1) whether an additional deposition of a previously deposed witness is necessary and appropriate; and (2) the scope of questioning of previously deposed witnesses. If the parties cannot agree, they should raise the issue with the Special Master. Depositions taken in these MDL Proceedings following the formation of this MDL (No. 3080) shall not be retaken in the MDL Proceedings without further order of the Court upon good cause shown or an agreement of the opposing party.

vi. **Master Discovery Depositions.** Plaintiffs, collectively across all Plaintiff Tracks, shall be entitled to take up to fifty (50) total hours of fact witness depositions of each PBM Defendant Family and each Manufacturer Defendant regarding Master Discovery issues. The fifty (50) hour limit may be allocated among witnesses in any manner Plaintiffs determine, including among individual fact witnesses. No individual deposition shall exceed seven (7) hours on the record absent agreement of the parties or further order of the Court. Plaintiffs, collectively across all Plaintiff Tracks, shall be entitled to take one

---

any appeals arising from such cases. The word "Action" also expressly includes the following District of New Jersey cases: Case No. 18-2211, *MSP Recovery Claims Series, LLC v. Aventis US. LLC, et al.*; Case No. 17-669, *In re Insulin Pricing Litigation*; and Case No. 18-14999, *Minnesota v. Sanofi-Aventis US. LLC, et al.*

deposition of each Manufacturer Defendant and each PBM Defendant Family pursuant to Fed. R. of Civ. P. 30(b)(6) regarding issues generally applicable to all cases, which shall not count against the fact deposition totals but shall be limited to seven hours irrespective of the number of witnesses designated on the noticed topics.

vii. **State AG Track.** In each Stage 1 Discovery case involving State AG Plaintiffs, Defendants may collectively take up to seventy (70) total hours of fact-witness depositions of that State AG Plaintiff.[4] The seventy-hour limit may be allocated among witnesses in any manner Defendants determine, including among individual fact witnesses and any Rule 30(b)(6) witness or witnesses.

1. No individual deposition shall exceed seven (7) hours on the record absent agreement of the parties or further order of the Court.

viii. **SFP Track.** In each SFP Stage 1 Discovery case, Defendants may collectively take up to seventy (70) total hours of fact-witness depositions of that SFP Plaintiff. The seventy-hour limit

[4] If a State AG Plaintiff declines to provide documentary and deposition discovery on behalf of any department, organization, or agency ("DAO"), Defendants may serve a deposition subpoena on that DAO, and any such deposition shall not be counted toward these totals.

may be allocated among witnesses in any manner Defendants determine, including among individual fact witnesses and any Rule 30(b)(6) witness or witnesses.

1. No individual deposition shall exceed seven (7) hours on the record absent agreement of the parties or further order of the Court.

ix. **Class Track.** Defendants shall be entitled to take up to seventy (70) total hours depositions of each Plaintiff in the Class Track. The seventy-hour limit may be allocated among witnesses in any manner Defendants determine, including among individual fact witnesses and any Rule 30(b)(6) witness or witnesses.

1. Any Rule 30(b)(6) deposition of a Class Track Plaintiff shall count toward the seventy-hour total. No individual deposition shall exceed seven (7) hours on the record absent agreement of the parties or further order of the Court.
2. The parties shall meet and confer regarding whether there exist case-specific depositions for the Class Track and, if so, the number and duration of such depositions.

6. **Stage 2 Discovery.**

a. On or before **May 28, 2027**, the parties shall meet and confer on the cases to move forward to Stage 2 discovery, half of which will be selected by Plaintiffs and half by Defendants. The parties shall also meet and confer on the parameters of Stage 2 fact discovery, which shall include written discovery and depositions conducted by Plaintiffs and Defendants.

b. The parties shall also meet and confer on a second wave of cases that will proceed to Stage 1 discovery. Any Plaintiffs proposed for the first wave of cases that decline to sign a *Lexecon* waiver will be included in the second wave of cases.

7. Nothing in this CMO shall be viewed or construed in any way to affect the ability to pursue third-party discovery, including deposition discovery of non-parties to this litigation.

8. Nothing in this CMO shall be viewed or construed in any way as preventing any party from seeking permission from the Court to file any motion.

9. Nothing in this CMO shall be construed as preventing the parties from stipulating to extend the timeframe to respond to discovery requests.

10. Nothing in this CMO shall be viewed or construed in any way to affect a party's ability to object to discovery. This CMO shall not be viewed or construed

as permitting discovery that, but for this CMO, is objectionable and would otherwise be prohibited or limited.

11. Nothing in this CMO shall be viewed or construed in any way to affect the Plaintiff Fact Sheet Implementation Order (CMO #14) [Dkt. No. 315], the State Attorney General Plaintiff Fact Sheet Implementation Order (CMO #15) [Dkt. Nos. 349-350], or any separate CMO or briefing schedule ordered by the Court.

s/ Joseph A. Dickson

Joseph A. Dickson, U.S.M.J. (ret)
Special Master

Dated: March 31, 2026