April 14, 2026

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

**Re: *In re Insulin Pricing Litigation*, MDL No. 3080, Case No. 2:23-md-03080-BRM-LDW (D.N.J.)**

Dear Judge Martinotti:

The State Attorney General, Self-Funded Payer, and Class Action Plaintiffs respectfully submit this letter, pursuant to CMO #5 [ECF No. 127], to request leave to seek modification or clarification of the Order Governing Discovery Progression in Discovery Pool and Trial Pool Cases ("CMO #24") [ECF No. 918] entered by Special Master Dickson on March 31, 2026.[1] As currently structured, CMO #24 establishes a two-stage framework for discovery progression in this MDL. Stage 1 encompasses the completion of Master Defendant Discovery across all MDL cases alongside asymmetric case-specific depositions of Plaintiffs in a selected group of 7 State AG Track cases, 24 SFP Track cases, and the Class Track. Stage 2 then advances a subset of SFP and State AG cases through expert discovery, dispositive motions, and trial. Plaintiffs do not seek to relitigate the overall structure of staged discovery, which reflects a reasonable framework for advancing this MDL. As drafted, however, CMO #24 severely prejudices Plaintiffs because it:

- Limits Plaintiffs' ability to develop their claims by restricting Plaintiffs to *just 50 Master deposition hours per Defendant Family* (less time than Defendants themselves offered), while affording Defendants 70 deposition hours of each Plaintiff in Stage 1 (more than Defendants even asked for);
- Does not allow Plaintiffs to take *any* case-specific depositions during Stage 1 and prior to the selection of cases that will proceed to expert discovery and trial; and
- Omits any timetable for entry of a CMO to govern Stage 2.

## BACKGROUND

During December 2025 and January 2026, the parties conferred regarding a CMO to govern future stages of the MDL. On January 8, 2026, the parties submitted to the Court their competing CMOs and one-page position statements. *See* ECF Nos. 834-35. The parties separately conferred regarding a deposition protocol, including the number and length of Master and case-specific depositions. During these conferrals Defendants proposed that Plaintiffs be permitted 12 Master depositions per Manufacturer and 12 per PBM Family, while Plaintiffs requested 25 and 30 depositions, respectively. Regarding case-specific depositions in Stage 1, Defendants requested 7 depositions of each State AG, 6 depositions of each SFP Plaintiff, and 25 depositions of the Class

[1] This request is timely under Rule 53(f)(2) and, under Section IV.6 of CMO #5, tolls the applicable motion deadline pending the Court's disposition of this request.

Track.[2] The parties agreed that this issue would be incorporated into the Next Steps CMO. Following the January 13, 2026 CMC, the Court referred these disputes to Special Master Dickson. ECF No. 843. On February 3, 2026, the parties attended an in-person mediation with Judge Dickson in an effort to narrow the differences between their respective proposals and reach a workable resolution. No additional briefing was provided to Judge Dickson prior to mediation.

## ARGUMENT

### 1. CMO #24's Master-Deposition-Hour Cap Severely Prejudices Plaintiffs.

CMO #24 limits Plaintiffs—across all three Tracks—to just 50 hours of Master depositions, plus one seven-hour 30(b)(6) deposition, for each Defendant Family. *See* CMO #24 § 5(d)(vi). That cap is facially inadequate given the scope of the Insulin Pricing Scheme, the drugs at-issue, the variety of claims across all tracks, and the number of identified Defendant custodians. Defendants' witnesses possess the institutional knowledge about rebate negotiations, formulary placement, pricing decisions, and PBM-manufacturer coordination that are at the heart of this litigation—yet all Plaintiffs share just 50 hours to depose each Defendant Family about the core conduct giving rise to every claim in this MDL. The inadequacy of that cap is underscored by the contrast with Defendants' own allocation: CMO #24 affords Defendants more time—70 hours—to depose each of the 33 Stage 1 Plaintiffs, *see id.* § 5(d)(vii)-(ix), including SFPs whose role in the events at issue is far more limited in scope than Defendants'. This 50-hour cap severely limits Plaintiffs' ability to develop their claims.

*First*, that more deposition time is both reasonable and appropriate (and neither cumulative nor disproportionate to the needs of this case) is underscored by the fact that the 50 Master deposition hours allocated to Plaintiffs under CMO #24 is even *less* than what Defendants proposed as appropriate (84 hours, with 12 depositions per Defendant Family). And the 70 hours afforded to Defendants for each Stage 1 case *far exceeds* what Defendants themselves asked for prior to mediation—42 hours for each SFP case, 49 hours for each State AG case, and 32 hours for each Class Track Plaintiff.[3] Thus, rather than bridging the sizeable gaps between the parties' respective proposals, CMO #24 affords Defendants significantly more deposition time per Plaintiff than Defendants themselves requested—while limiting Plaintiffs to fewer Master depositions than Defendants themselves acknowledged were warranted.

*Second*, for the PBM Defendants, the 50 hours allotted for each Defendant Family must encompass depositions of distinct legal entities, each with different roles in the scheme, including PBMs, parent companies, pharmacies, and affiliated rebate aggregators. Even assuming just one seven-hour deposition of each PBM parent, pharmacy, and rebate aggregator, Plaintiffs are left with just 29 hours for the PBMs themselves. The practical consequences are stark. Optum, for example, identified 12 individuals in its initial disclosures, meaning Plaintiffs would need 84 hours merely to depose Optum's own identified trial witnesses—to say nothing of other Optum-identified custodians. Yet all three Plaintiff Tracks combined share just 50 hours for the entire Optum Family. The same problem extends to the CVS Caremark and Express Scripts Defendants,

---

[2] The disputes relevant to this letter—together with the parties' respective pre-mediation proposals—are set forth in Appendix 1.

[3] In the aggregate, when Stage 1 concludes, Defendants will have taken 2,310 hours of testimony from Plaintiffs' witnesses while Plaintiffs will have taken just 342 hours from Defendants'.

who each identified 25-30 custodians. And while Defendants' custodial lists are themselves inadequate, under the current allocation Plaintiffs can depose only a fraction of those custodians.

*Third*, the 50 deposition hours must be split among three Plaintiff Tracks—each with distinct legal theories, different claims, and independent counsel who will likely have competing priorities per witness time. Each Track's effective allocation is roughly *15–17 hours per Defendant Family*. The Class Track, for example, is the only track that alleges RICO claims, which require plaintiffs to prove predicate acts with their own unique elements. Class Track Plaintiffs will, of course, seek to elicit relevant testimony during master depositions so as to limit any subsequent track-specific discovery, but the 50-hour cap severely prejudices their ability to do so.

The insufficiency of this allocation is all the more acute because the PBM Defendants' witnesses may appear at trial primarily, if not exclusively, through deposition testimony. Thus, Plaintiffs' deposition hours are not merely a discovery tool; they are the mechanism by which Plaintiffs build their affirmative trial case. Constraining those hours does not limit discovery alone—it severely hampers Plaintiffs' ability to present their cases at trial.

While Plaintiffs respectfully defer to the Court on the appropriate number of Master deposition hours, Plaintiffs' own proposal of 25 or 30 depositions per Defendant Family was measured and calibrated to their anticipated litigation and trial needs—yet CMO #24 allocated fewer hours than what Defendants themselves offered. At a minimum, Defendants' own proposal of 84 hours per Defendant Family should have been the floor for Plaintiffs' allocated hours.

**2. The Absence of Case-Specific Depositions of Defendants Before Stage 2 Case Selection Also Prejudices Plaintiffs.**

Case-specific discovery under CMO #24 is also asymmetric. While Plaintiffs receive case-specific written discovery of Defendants, they receive *no case-specific depositions*. *See* CMO #24 § 5(c). Defendants, however, receive up to 70 hours of case-specific depositions *per Plaintiff*. *See id.* § 5(d)(vii)-(ix). The timeline compounds the problem: Master Discovery depositions conclude on December 18, 2026, *see id.* § 5(d)(iv), while all remaining Stage 1 depositions—exclusively case-specific depositions of Plaintiffs—must be completed by May 30, 2027, *see id.* § 5(d)(iii). Thus, for over five months, the only litigation activity in this MDL would be Defendants deposing Plaintiffs' witnesses.[4]

CMO #24 then requires the parties to confer on Stage 2 case selection by May 28, 2027. *See id.* § 6(a). By that time, Defendants will have completed case-specific depositions of all Stage 1 Plaintiffs and will possess testimonial evidence with which to select their half of the Stage 2 cases. SFPs and State AGs will be selecting based on paper discovery and Master depositions addressing general issues—not case-specific facts necessary to inform Stage 2 selection.

Stage 2 determines which State AG and SFP cases advance toward expert discovery, dispositive motions, and ultimately trial—proceedings that will shape the merits record and meaningfully inform resolution of this litigation. The party with superior information at the selection point holds a decisive strategic advantage, and under CMO #24, only Defendants will possess it. Without case-specific deposition testimony of Defendants' witnesses before selection,

[4] The Class Track agrees track-specific depositions are appropriate and will comply with CMO #24's directive to confer with Defendants on this issue as well as a schedule for class certification briefing, expert disclosures and depositions, and related motion deadlines.

Plaintiffs' ability to identify the most appropriate cases for advancement, prepare for the proceedings ahead, and engage in meaningful settlement discussions will all be compromised.

**3. Plaintiffs Respectfully Request that the Court Clarify That May 30, 2027, Is the Deadline to Enter a CMO for Stage 2.**

CMO #24 leaves the parameters and deadlines for Stage 2 discovery undefined. Plaintiffs respectfully request that CMO #24 be clarified to require that the framework and deadlines for Stage 2 be established in connection with Stage 2 case selection, with any unresolved disputes promptly presented to the Court by May 28, 2027.

* * *

Federal Rule of Civil Procedure 53(f) provides that, "[i]n acting on a master's order, . . . the court must give the parties notice and an opportunity to be heard" and may "modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Good cause exists for Plaintiffs to file a motion for clarification or modification of CMO #24 addressing these issues.

Respectfully submitted,

*/s/ David Buchanan*
David Buchanan
*Liaison Counsel for Self-Funded Payer Track*

*/s/ Joanne Cicala*
Joanne Cicala
*Liaison Counsel for State Attorney General Track*

*/s/ Matthew F. Gately*
Matthew F. Gately
*Liaison Counsel for Class Action Track*

cc: All Counsel of Record (via ECF)

## APPENDIX 1

| Topic | Plaintiffs' Proposal [ECF No. 834] | Defendants' Proposal [ECF No. 835] |
|---|---|---|
| Number of Stage 1/Early Discovery Pool Cases | • 6 State AG cases<br>• 12 SFP cases<br>• 18 total cases (not including Class Track) | • 12 State AG cases<br>• 50 SFP cases<br>• 62 total cases (not including Class Track) |
| Master Deposition Limits | • 25 depositions (10 hours) of each Manufacturer, plus 30(b)(6) depositions (15 hours)<br>• 30 depositions (10 hours) of each PBM Family, plus 30(b)(6) depositions (18 hours) | • 12 depositions of each Manufacturer, including 30(b)(6) depositions (7 hours)*<br>• 12 depositions of each PBM Family, including 30(b)(6) depositions (7 hours)*<br>**Omitted from Defendants' CMO proposal but offered during conferrals on deposition protocol* |
| Case-specific depositions | **<u>State AG Track</u>***<br>• 7 depositions by Defendants of each State AG<br>• 6 depositions by each State AG of each Manufacturer and 6 of each PBM Family<br>**<u>SFP Track</u>***<br>• 6 depositions by Defendants of each SFP Plaintiff<br>• 5 depositions by each SFP Plaintiff of Defendants<br>**<u>Class Track</u>***<br>• 12 depositions of Class Track<br>• 5 depositions of each Manufacturer and each PBM Family<br>**Inclusive of 30(b)(6) deposition* | **<u>State AG Track</u>***<br>• 7 depositions by Defendants of each State AG<br>**<u>SFP Track</u>***<br>• 6 depositions by Defendants of each SFP Plaintiff<br>**<u>Class Track</u>***<br>• 25 depositions by Defendants of Class Track<br>**Inclusive of 30(b)(6) deposition* |