NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM)(LDW) MDL No. 3080 |
| THIS DOCUMENT RELATES TO: *Self-Funded Payors Track* | MEMORANDUM OPINION AND ORDER |

MARTINOTTI, DISTRICT JUDGE

Before the Court are letters from the parties addressing two disputes regarding implementation of certain prior decisions from this Court. (ECF Nos. 885, 916.)

First, Defendants Novo Nordisk Inc. ("Novo Nordisk"), Sanofi-Aventis U.S. LLC ("Sanofi"), and Eli Lilly and Co. ("Eli Lilly") (collectively, "Manufacturer Defendants"); Defendants UnitedHealth Group Incorporated, OptumRx, Inc., Optum, Inc., and OptumInsight, Inc. (together, "OptumRx"); Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc., and The Cigna Group (together, "Express Scripts"); and Defendants CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, Caremark PCS Health, LLC, and Caremark, LLC (together, "CVS Caremark") (collectively,  OptumRx, Express Scripts, and CVS Caremark are referred to as "PBM Defendants") (together, Manufacturer Defendants and PBM Defendants are referred to as "Defendants") filed a letter (ECF No. 885) setting forth their position regarding the implementation of this Court's September 5, 2025 motion to dismiss rulings (ECF

1

Nos. 729, 730, 731, 732) (the "September MTD Rulings"[1]). Plaintiff Self-Funded Payors ("SFP Plaintiffs") filed a response letter providing their proposed process for implementing the September MTD Rulings. (ECF No. 890.) Defendants filed a reply letter. (ECF No. 901.)

Second, Defendants and SFP Plaintiffs filed a joint submission (ECF No. 916) setting forth their respective positions regarding the resolution of statute of limitations disputes (the "SOL Disputes") arising from the process outlined in Case Management Order ("CMO") # 23, which governs the procedures following the Court's decision establishing the "constructive notice date applicable to all tracks and all cases" (the "Constructive Notice Ruling"[2]) (ECF No. 707). The State Attorney General Track ("State AG Track") filed a letter regarding Defendants' and SFP Plaintiffs' joint submission. (ECF No. 917.) Having reviewed and considered the parties' letters, for the reasons set forth below and for good cause having been shown, the Court adopts Defendants' positions as to both disputes.

As to the dispute regarding the implementation of the September MTD Rulings, Defendants argue hundreds of SFP Plaintiffs "assert claims *identical* or subject to the same requirements as those this Court dismissed" in its September MTD Rulings. (ECF No. 885 at 1 (emphasis in original).) Defendants contend the order this Court adopts "should apply to all claims subject to dismissal on the same grounds the Court already applied to the dismissed claims." (*Id.*)

---

[1] On December 30, 2025, the Court issued: (1) an Opinion (ECF No. 827) and Order (ECF No. 828) denying SFP Plaintiffs' motion for reconsideration of the Court's Opinions (ECF Nos. 729, 731) and Orders (ECF Nos. 730, 732) granting in part and denying in part Defendants' Motions to Dismiss, and (2) an Opinion (ECF No. 829) and Order (ECF No. 830) granting Manufacturer Defendants' motion for clarification (ECF No. 751) and dismissing with prejudice Plaintiff Albany County's unjust enrichment claims. For purposes of this Memorandum Opinion and Order, "September MTD Rulings" includes the Court's December 30, 2025 rulings regarding SFP Plaintiffs' motion for reconsideration and Manufacturer Defendants' motion for clarification.

[2] For purposes of this Memorandum Opinion and Order, "Constructive Notice Ruling" includes both the Opinion (ECF No. 706) and Order (ECF No. 707) issued in connection with that ruling.

As Defendants explain, their proposal follows two main steps: first, "Defendants will provide Plaintiffs a table identifying the claims and cases to which the Court's rulings apply, including (1) claims identical to those already dismissed and (2) claims subject to the same requirements the Court already addressed"; second, "any Plaintiff may submit to Defendants authority explaining why the Court's holdings should *not* extend to identified claims, and Defendants can respond," after which any remaining disputes can be presented to the Court. (*Id.* at 2 (emphasis in original).)

SFP Plaintiffs respond Defendants' proposal would "paralyze this litigation" and "grind[] progress to a halt." (ECF No. 890 at 1.) SFP Plaintiffs posit "[b]roader briefing now on the subtleties of other state-law claims does nothing to advance this [multidistrict litigation ('MDL')] or facilitate resolution" and instead "inverts the procedural framework of the Federal Rules, requiring Plaintiffs to justify the continued existence of their claims in response to Defendants' mere identification of purportedly analogous claims." (*Id.*) SFP Plaintiffs' proposal "implements the Court's dismissal rulings on the claims presented: federal [Racketeer Influenced and Corrupt Organizations Act ('RICO')] and RICO conspiracy; New York GBL § 349; unjust enrichment under New York law; the [Illinois Consumer Fraud and Deceptive Business Practices Act]; the Washington Consumer Protection Act; and unjust enrichment under Washington law." (*Id.* at 2.)

In reply, Defendants argue "[l]imiting the [September] MTD [R]ulings to the sliver of state-law claims the Court addressed in the exemplar process, as [SFP] Plaintiffs suggest, to the exclusion of parallel claims that fail for the same reasons, would squander the benefit of the work the Court has already done." (ECF No. 901 at 1.) Moreover, Defendants point out "there is no realistic hope" the parties will resolve the claims in the MDL without knowing which claims and cases still need to be resolved. (*Id.* at 2.) Defendants contend they will "identify only the discrete

grounds on which the Court's existing rulings directly apply to other claims in the MDL" rather than "brief every possible legal argument under every relevant state's laws." (*Id.*)

The Court finds Defendants' position as to the implementation of the September MTD Rulings is a natural next step and better suited to progressing this MDL. In *Home Depot USA, Inc. v. Lafarge North America, Inc.*, the Third Circuit discussed the "variety of options" an MDL court has "at its disposal to avoid the needless duplication of work across the cases that make up the proceeding." 59 F.4th 55, 65 (3d Cir. 2023). An MDL court "may rely on its prior decisions as persuasive, and demand good reasons to change its mind." *Id.* at 65–66. The Third Circuit has "approved" the technique of "formaliz[ing] this process through the use of case management orders." *Id.* at 66. Therefore, as Defendants point out (ECF No. 885 at 2–3), an MDL court "may enter an order with respect to one party and then provide that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable." *Id.*; *see also Wilkins v. Austin*, 745 F. Supp. 3d 375, (E.D. Va. 2024) ("To 'avoid the needless duplication of work across [related] cases[,] . . . a court may rely on its prior decisions as persuasive, and demand good reasons to change its mind.'" (quoting *Home Depot*, 59 F.4th at 65–66)). Further, "[i]n MDLs, like in other litigation, a district court may apply prior rulings to new cases if a party presents no new facts, evidence, or arguments to warrant a departure." *Id.* at 66 n.6.

Indeed, MDL courts "regularly employ[]" the practice of entering an order as to one party and providing it will automatically apply to other parties if those other parties fail to show cause why the order should not apply. *Home Depot*, 59 F.4th at 66; *see also, e.g.*, Order of Jan. 24, 2018, *In re Terrorist Attacks on September 11, 2001*, Dkt. No. 3-md-1570, ECF No. 3883, at 2 (S.D.N.Y. Jan. 24, 2018) ("Any order entered into, or decision rendered, in this MDL that relates to all actions

4

shall apply to all Tag-Along Actions without the need for separate motions and orders, unless counsel in a Tag-Along Action show good cause why the order should not apply to that Tag-Along Action."); Order to Show Cause as to the B3 Claims Against the Clean-Up Responder Defendants, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-MD-2179, ECF No. 15711, at 2 (E.D. La. Jan. 7, 2016) ("IT IS ORDERED that any Plaintiff(s) opposed to this Court entering the Order & Reasons attached hereto as Exhibit A must show cause in writing on or before Thursday, January 28, 2016, why this Court should not dismiss their 'B3'[] claim(s) with prejudice for the reasons set forth in such Order & Reasons. The Clean-Up Responder Defendants may submit any response thereto by Thursday, February 4, 2016.").[3]

Here, the Court issued numerous substantive legal determinations in the September MTD Rulings that potentially apply to cases and claims other than the ones briefed in connection with those rulings. Applying the September MTD Rulings to other cases within this MDL through a CMO such as the one Defendants propose will help to identify non-meritorious claims, *see Home Depot*, 59 F.4th at 66 ("In an MDL case, management orders are essential tools in helping the court weed out non-meritorious or factually distinct claims." (quoting *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021))), which is consistent with the overall goal of centralizing cases in an MDL, *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013)

---

[3] *See also* Order No. 50, *In re Gen. Motors LLC Ignition Switch Litig.*, Dkt. No. 14-md-02543, ECF No. 875, at 8 (S.D.N.Y. Apr. 24, 2015) ("[T]he Court adopts the following procedure to apply rulings made on the basis of consolidated pleadings to non-consolidated actions (*i.e.*, actions involving plaintiffs not named in the Consolidated Complaints). Rulings made with respect to the Consolidated Complaints shall apply to non-consolidated actions unless challenged as follows: Upon the application of any party to these MDL proceedings — to be made no later than fourteen (14) days following a Court ruling on the Consolidated Complaints — a party in a non-consolidated action shall be required to show cause within fourteen (14) days why a ruling made on the basis of the Consolidated Complaints should not apply to the non-consolidated action. The initial moving party shall then have seven (7) days to respond.").

("[I]n multidistrict litigation cases, . . . the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial."). Accordingly, the Court finds it appropriate to adopt Defendants' proposed CMO for implementing the September MTD Rulings. (ECF No. 885-1.)[4]

As to the SOL Disputes, SFP Plaintiffs argue there are many fact-intensive disputes that should not be resolved in a broad fashion at this stage of the litigation. (ECF No. 916 at 1–3.) SFP Plaintiffs also assert Defendants' proposal "to brief each and every one of these case-specific disputes now thwarts the efficiency goals of this MDL and would grind progress to a halt." (*Id.* at 1.) Ultimately, SFP Plaintiffs propose the SOL Disputes "be resolved in connection with dispositive motions for cases proceeding under the Next Steps CMO" that Special Master Dickson issued on March 31, 2026. (*Id.*)

Defendants argue SFP Plaintiffs' preference of deferring the application of the Constructive Notice Ruling until summary judgment is "a transparent strategy to delay resolution and ensure the ruling touches as few cases as possible" (*id.* at 4), which "would mean the Court invested months of effort to issue a ruling with no practical effect on the vast majority of cases and jurisdictions, leaving hundreds of facially untimely claims to languish indefinitely on the docket with no path to resolution" (*id.* at 5). This MDL, Defendants assert, "cannot be narrowed and resolved" without the application of the Constructive Notice Ruling so "the parties know what cases and claims remain." (*Id.* at 5.) Defendants therefore propose the SOL Disputes "can and should be resolved in a standard, straightforward process, with Defendants filing a single opening

---

[4] SFP Plaintiffs are not without protection in Defendants' proposed CMO, as both Defendants' and SFP Plaintiffs' proposals contain the exact same preservation of appellate rights. (*Compare* ECF No. 885-1 § IV, *with* ECF No. 890 § IV.)

brief, [SFP] Plaintiffs a single response brief, and Defendants a single reply, each within the page limits set by Local Civil Rule 7.2(b)." (*Id.* at 4.)

The State AG Track filed a short letter "out of an abundance of caution . . . to reinforce that [the] joint filing from the SFP Plaintiffs and Defendants regarding the [SOL Disputes] . . . does not pertain to any cases in the State AG Track." (ECF No. 917.) The State AG Track therefore requests that any order regarding the SOL Disputes clarifies its limited scope. (*Id.*)

Here, the Court finds SFP Plaintiffs are reasserting many of the same arguments they raised in their supplemental brief filed in connection with the Constructive Notice Ruling. (*See* ECF No. 535.) For example, SFP Plaintiffs advance three main points in the joint submission regarding the SOL Disputes: (1) many jurisdictions "apply accrual rules that materially differ from—and are more favorable to [SFP] Plaintiffs than—the Third Circuit's 'injury discovery' rule," (2) "apart from accrual, each jurisdiction recognizes one or more tolling doctrines—including fraudulent concealment, equitable estoppel, nullum tempus, or class-action tolling—that provide independent bases for timeliness," and (3) "[m]any states recognize the continuing-violations doctrine or the separate-accrual rule, which would render [SFP] Plaintiffs' claims timely." (ECF No. 916 at 2–3.)

These arguments mirror those which SFP Plaintiffs previously made in their supplemental brief. (*See* ECF No. 535 at 3 ("When a statute of limitations begins to run [*i.e.*, the accrual date] is a highly fact-intensive inquiry that requires factual development beyond the pleadings."); *id.* ("Each step [in the inquiry notice analysis] involves 'extremely fact-specific' considerations generally unsuitable for determination at the pleading stage."); *id.* at 6 ("The various plaintiffs also bring hundreds of state law causes of action with different accrual rules that often demand more than RICO before the limitations clock begins to run."); *id.* at 18 ("Other state causes of action bring to bear a host of additional tolling doctrines—including the discovery rule, fraudulent

concealment, equitable estoppel, the continuing violations doctrine, and nullum tempus (many of which employ different standards across states)."); *id.* ("Tolling cannot be resolved on the pleadings."); *id.* at 19 ("The separate accrual rule affords the self-funded payers at least four years of damages.").) In the Constructive Notice Ruling, the Court summarized and considered these arguments from SFP Plaintiffs. (ECF No. 706 at 13–14.) However, the Court did not credit these arguments and instead established the "constructive notice date applicable to all tracks and all cases" as January 14, 2021. (ECF Nos. 706, 707.) Therefore, SFP Plaintiffs' arguments in the joint submission appear to be a second attempt at preventing uniform application of a constructive notice date across all cases and claims in this MDL. Accordingly, the Court finds Defendants' proposed process for resolving the SOL Disputes as detailed in their portion of the joint submission to be a rational path forward and adopts same. (ECF No. 916 at 6.)

Accordingly, and for good cause appearing,

**IT IS** on this 8th day of May 2026,

**ORDERED** that Defendants' request for the Court to adopt their proposed CMO regarding the implementation of the September MTD Rulings (ECF No. 885-1) is **GRANTED**; and it is further

**ORDERED** that Defendants' request for the Court to adopt their proposed process for resolving the SOL Disputes (ECF No. 916 at 6) is **GRANTED**;[5] and it is further

**ORDERED** that the Court will enter Defendants' proposed CMO (ECF No. 885-1) on the docket; and it is further

---

[5] As the State AG Track requests (ECF No. 917), the Court clarifies this Order regarding the SOL Disputes does not pertain to any cases in the State AG Track.

**ORDERED** that Defendants shall file an opening brief within forty-five (45) days of entry of this Order; SFP Plaintiffs shall file a response brief within forty-five (45) days thereafter; and Defendants shall file a reply within thirty (30) days of SFP Plaintiffs' response; the briefs will address all remaining disputes under CMO # 23 Sections II and III, with page limits governed by Local Civil Rule 7.2(b).

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**