**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-3080**<br>**MDL No. 3080**<br><br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE LEDA DUNN WETTRE** |

**THIS DOCUMENT RELATES TO: ALL CASES**

**CASE MANAGEMENT ORDER # 25**
**(Motion to Dismiss Rulings Implementation Order)**

This Case Management Order applies to all Parties and their counsel in (a) all actions transferred to any Track[1] in *In re: Insulin Pricing Litigation* ("MDL No. 3080") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to CMO #1, dated August 18, 2023 (ECF No. 5); (b) all related actions originally filed in or removed to this Court pursuant to CMO #9, dated May 16, 2024 (ECF Nos. 180, 641); and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court.

**I.      The Court's Motion to Dismiss Rulings**

On September 5 and December 30, 2025, the Court issued opinions on Rule 12(b)(6) motions: ECF Nos. 729–32, 827–30, and *In re Insulin Pricing Litig.*, No. 2:23-cv-20932 (D.N.J. Dec. 30, 2025), ECF No. 68 (together, the "Opinions"). This CMO establishes the procedures by which the Parties will implement those determinations with respect to both existing and future cases and claims within this MDL.

---

[1] As created by the Court in its CMO #3, dated December 6, 2023 (ECF No. 34).

## II.    Implementation Of The Opinions For Current Plaintiffs

a.    Within twenty-one days of this Order, Defendants shall provide Plaintiffs with a list (hereinafter, "Appendix A") identifying claims filed as of the entry of this Order that Defendants maintain should be dismissed pursuant to the Opinions and identifying the portion of the Court's ruling that supports such a dismissal.

b.    Claims may be listed in Appendix A on the grounds that:

(1)    the Court dismissed a claim or claims under the same statute in the Opinions;

(2)    the indirect purchaser rule applies to the state or federal statute, or unjust enrichment law, under which the claim is brought (following the Court's application of the indirect purchaser rule to claims under RICO (ECF No. 729 at 10–14; ECF No. 731 at 10–14), the Washington Consumer Protection Act (ECF No. 729 at 14), and for unjust enrichment under Washington law (ECF No. 729 at 14–15); and following the Court's denial of reconsideration as to the RICO claims (ECF No. 827));

(3)    the state's consumer protection statute does not authorize suits by entities like plaintiff (e.g., non-consumers, municipalities, corporations, business entities, or other non-natural persons or non-consumers) (following the Court's dismissal of Lake County's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (ECF No. 729 at 17));

(4)    the state's consumer protection statute has a consumer-oriented requirement (following the Court's holding that the "consumer-oriented" requirement of New York General Business Law § 349 required dismissal of Albany County's claim under that statute (ECF No. 729 at 18–19; ECF No. 731 at 18–20));

(5)    the Court's ruling barred claims for breach of the implied covenant of good faith and fair dealing (following the Court's dismissal of King County's claim (ECF No. 729 at 29–30));

(6)    the claim is duplicative or derivative of underlying substantive claims (following the Court's dismissal of Albany County's unjust enrichment claims under New York law (ECF No. 729 at 27–29; ECF No. 829)); or

(7)    the claim requires a direct benefit to be conferred on Defendants (following the Court's dismissal of King County's unjust enrichment claim under Washington law (ECF No. 729 at 24–25; ECF No. 731 at 28–29)).

In asserting the Court's orders require dismissal of these claims, Defendants reserve their rights to argue additional claims are legally deficient, inadequately pled, or otherwise barred by the Court's orders in subsequent motions, including summary judgment.

c. Within fourteen days after service of Appendix A, Plaintiffs shall provide a chart that sets forth: (1) for each claim identified in Appendix A, whether Plaintiffs agree that the claim should be dismissed pursuant to the Court's Opinions; and (2) for any claims Plaintiffs contend should not be dismissed, an explanation of why dismissal is not warranted and the applicable legal authority supporting that position.

d. For claims in Appendix A for which Plaintiffs' chart does not provide a position as to why the claim should not be dismissed, Defendants shall, within fourteen days of receiving Plaintiffs' chart, submit to the Court a proposed order dismissing such claims with prejudice.

e. For claims in Appendix A that Plaintiffs assert should not be dismissed, Defendants shall, within fourteen days of receiving Plaintiffs' chart, serve a response that explains, for each claim Plaintiffs assert should not be dismissed, why dismissal is warranted and the applicable legal authority supporting that position.

f. Within seven days after service of Defendants' response, the Parties shall meet and confer regarding any disputed claims and seek to narrow the disputes to the fullest extent possible.

g.  Within fourteen days of the Parties agreeing any claim(s) should be dismissed pursuant to the Opinions, Defendants shall submit a proposed order to the Court dismissing those claims with prejudice.

h.  With seven days after meeting and conferring as required by Section II(f), the Parties shall file their respective charts with the Court to resolve what additional claims, if any, should be dismissed.  The parties may meet and confer on whether any additional briefing is appropriate.

## III.  Implementation Of The Opinions For Future Plaintiffs

a.  Any future Plaintiff—whether filing directly in this MDL, or transferred or reassigned to this MDL—who is asserting a claim listed in Appendix A must comply with the following provisions:

i.  If the listed claim has not been resolved, by Court order or agreement, in the process described in Section II, the Plaintiff must serve within fourteen days of its complaint being filed in, transferred, or reassigned to this MDL, a letter no longer than 2 pages showing cause as to why each such claim should not be dismissed with prejudice.  The claim will then be addressed pursuant to Section II.

A.  If a Plaintiff fails to provide such a letter within the time set forth in Section III(a), then upon seven days' notice to Plaintiff of such deficiency that remains uncured, Defendants shall submit to the Court a proposed order dismissing such claims with prejudice.

B.  If the Plaintiff's letter is timely but facially deficient, Defendants may move the Court for dismissal of the claim with prejudice.

4

ii. If by Court order or the Parties' agreement the claim has previously been dismissed pursuant to Section II, the Plaintiff must within seven days show cause to the Court why the claim should not be dismissed.

A. Defendants may submit a response thereto within twenty-one days.

B. If a Plaintiff fails to file its letter showing cause, then upon seven days' notice to Plaintiff of such deficiency that remains uncured, Defendants shall notify the Court and the claim shall be dismissed with prejudice.

b. If Defendants believe any future Plaintiff—whether filing directly in this MDL, or transferred or reassigned to this MDL—is asserting a claim that is not listed in Appendix A but should be dismissed pursuant to the Court's Opinions, Defendants will notify the Plaintiff in the format used in Appendix A. The Parties will then follow the process described in Section II. Any Court order issued, or agreement reached, will be applied to future Plaintiffs as described in Section III(a).

## IV. Preservation of Appellate Rights

Plaintiffs retain all appellate rights for any cases dismissed pursuant to this Order, including on bases specific to the determination of such claims pursuant to this Order, the Court's Opinions, or any prior determination of the Court relevant to dismissal of the subject claims. For purposes of appeal only, the Motions to Dismiss the Complaints of Plaintiffs Albany County, New York, Lake County, Illinois, and King County, Washington pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the PBM Defendants (ECF No. 252) and the Manufacturer Defendants (ECF No. 250); the Plaintiffs' Oppositions to the PBM Defendants' Motion (ECF No. 257) and the Manufacturer Defendants' Motion (ECF No. 256); the PBM Defendants' Reply (ECF No. 259)

and the Manufacturer Defendants' Reply (ECF No. 258); and any supplemental briefing filed by SFP Plaintiffs and any responsive briefing filed by Defendants shall be deemed filed on behalf of, and incorporated into the record of, each individual SFP Plaintiff subject to this Order, with the same force and effect as if each individual SFP Plaintiff had filed its own opposition brief, and shall constitute part of the appellate record in any appeal arising from dismissal of any such individual case.

## V.    Reservation of Rights

The Parties reserve all rights as to issues not resolved by the Opinions.  Defendants reserve all rights as to claims not addressed in their responses pursuant to Sections II.a., II.b, and II.e; omission of a claim from those responses does not waive Defendants' right to seek judgment on that claim, including on the grounds stated in the Opinions.

Dated: May 8, 2026                                 IT IS SO ORDERED,

                                        */s/ Brian R. Martinotti*
                                        _____
                                         HON. BRIAN R. MARTINOTTI
                                         United States District Judge