## MARINO, TORTORELLA & BOYLE, P.C.

### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
EREZ J. DAVY

————

MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: jtortorella@khmarino.com

July 17, 2026

**<u>VIA EMAIL</u>**

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068
jdickson@csglaw.com

> Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM
> MDL No. 3080 | Opposition to Plaintiffs' Motion to Compel Production of Personnel
> Records

Dear Judge Dickson:

We write on behalf of Defendants in opposition to Plaintiffs' motion to compel production of three categories of documents for any witness Plaintiffs choose to depose: (1) performance evaluations; (2) compensation and bonus information, including descriptions sufficient to explain the basis for any bonuses; and (3) severance agreements.[1]  Through these requests, Plaintiffs seek production of the most sensitive and confidential personal details about potential deponent's current and former employment—issues that not only have no bearing on the matters at issue in this litigation, but that also invite scrutiny into each individual's successes and failings as employees; commentary on their attitudes, collaboration, and personal characteristics; and personal financial matters with no relationship to the litigation.  These records are entirely irrelevant to the claims or defenses in this litigation and do not even approach the heightened standard required for discovery of such confidential information.  And Plaintiffs' request is remarkably untimely—although they seek immediate disposition of their motion, the parties have been at impasse on these issues since 2024.

Plaintiffs claim to seek information about deponents' roles and incentives, but they fail to tie their requests to any claim or defense in this litigation.  If that generic explanation were sufficient, personnel files would be produced for *every* deponent in *every* case—an outcome wholly inconsistent with the heightened relevance standard imposed by courts.  To the extent Plaintiffs argue that this material bears on deponents' work on issues that are relevant to the litigation, Plaintiffs never explain why the hundreds of thousands of other documents Defendants have produced are inadequate to illuminate those issues without resort to highly sensitive personal information.  Their motion thus falls well short of the heightened relevance standard that applies

---

[1] Plaintiffs' motion also requests production of each deponent's most recent Curriculum Vitae ("CV"), but Defendants have agreed to produce CVs to the extent available, mooting that portion of the motion.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 2

to employment information. Plaintiffs also fail to adequately address the substantial privacy interests that courts recognize in this context, which independently warrant denial of their request even if this information were relevant (though it is not). In sum, Plaintiffs' request is merely a fishing expedition, and it should be rejected for multiple reasons.

### Background: Plaintiffs Failed to Diligently Pursue These Requests.

Plaintiffs' motion follows a familiar pattern: They let discovery disputes sit for months after reaching impasse, take no action to seek relief, and then attempt to rush the Court and parties to resolve on an emergency basis what Plaintiffs could have (and should have) raised long ago. Plaintiffs served their initial Requests for Production on October 28, 2024. Each included a broad demand for "all" personnel files and other information related to "any person (including officers, directors, employees, third parties, or agents) with relevant information."[2] In November 2024, every Defendant objected and refused to produce those documents. Afterwards, the parties engaged in robust conferrals (and raised several disputes with Judges Wettre and Singh) regarding Defendants' responses to Plaintiffs' other discovery requests without Plaintiffs raising any issue about personnel files. It wasn't until *February 2026* that Plaintiffs followed up with each Defendant, purporting to narrow their request to the categories of documents they now seek. Each Defendant promptly advised that—with the exception of CVs—the parties were at impasse. Plaintiffs still did not move to compel. After the Court issued CMO 24 in March 2026, Plaintiffs raised this issue once again, and Defendants once again confirmed impasse. Despite CMO 24's requirement that Plaintiffs promptly move to compel within seven days, Plaintiffs did nothing. It wasn't until the evening before the July Fourth holiday that Plaintiffs filed the instant motion to compel certain categories of personnel files.

### Plaintiffs Cannot Meet the Heightened Relevance Standard that Applies to their Requests.

A "heightened standard of relevance applies to the production of personnel files." *Carlucci v. Md. Cas. Co.*, 2000 WL 298925, at *1 (E.D. Pa. Mar. 14, 2000). Because personnel files "may contain information that is both private and irrelevant to the case," "special care must be taken before personnel files are turned over to an adverse party." *Pro. Recovery Servs. v. Gen. Elec. Cap. Corp.*, 2009 WL 137326, at *4 (D.N.J. Jan. 15, 2009). Courts evaluate "[1] whether there is another way for the requesting party to obtain the information sought; [2] whether there is other evidence suggesting the personnel files are likely to include relevant information; [3] how broad the request is; and [4] how closely the personnel files relate to the requesting party's claims." *Westport Ins. Corp. v. Hippo Fleming & Pertile L. Offs.*, 319 F.R.D. 214, 218 (W.D. Pa. 2017)

---

[2] Plaintiffs' initial request sought a shockingly expansive amount of personal information, including these individuals' "hard copy diaries," "to-do lists," and "social media usernames or 'handles.'" Plaintiffs state that "[a]s a good faith compromise, [they] substantially narrowed the request to four categories of documents." Mot. 1. Plaintiffs should be given no credit for serving a facially overbroad, unduly burdensome, and invasive request before narrowing it in a way that fails to resolve its overbreadth and impropriety.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 3

(citations omitted).  Plaintiffs' attempts to justify their overbroad request are cursory at best and fail to meet the heightened standard that applies here.

*First*, the CV request is moot because Defendants have agreed to produce each deponent's most recent CV, to the extent it exists and is readily available.  And providing the CVs vitiates Plaintiffs' argument that the materials sought in their motion are necessary to "provide valuable insight into [deponents'] various roles," allowing Plaintiffs to "focus their questions on relevant areas rather than wasting time on irrelevant probing questions." Mot. 2.  The agreement to produce CVs will provide this information in a way that is proportional to the needs of the case.

*Second*, as to performance evaluations, Plaintiffs have not met even the threshold standard of showing that these materials are *relevant* to this litigation—which challenges standard industry rebating practices as allegedly raising the price of diabetes medications.  Plaintiffs offer no explanation—let alone one that meets the heightened standard—of how performance evaluations relate to their claims. *Carlucci*, 2000 WL 298925, at *1.  Plaintiffs make generalized statements about potential usefulness, without any showing that any particular document is likely to be relevant for any particular deponent, without any limiting principle (including a limitation relating to the claims at issue in this case), and as to an unknown set of individuals, including many whom Plaintiffs have not yet identified because they have not yet been noticed for deposition. Their scattershot approach necessarily fails. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 313 F.R.D. 32, 38 (E.D. La. 2016) ("With respect to the personnel records, a one-size-fits-all discovery request for eight separate categories of documents for all deposed witnesses in this matter is insufficient . . . . Plaintiffs must show relevancy and particularity on a witness-by-witness basis."). Employees' individual job performances over the more than 10-year discovery time period are not implicated by Plaintiffs' claims.

*Third*, Plaintiffs cannot justify their invasive request for information about deponents' compensation and severance agreements.  They offer a single, conclusory sentence that it will "benefit the deposition process by providing insight into the deponents' motivation, incentives, or bias." Mot. 2.  That cursory argument falls far short of the heightened relevance standard that applies here.  A vague assertion that documents would be beneficial to the deposition process is not enough; there must be some rationale tying the documents to the claims and allegations in the case, otherwise discovery would be virtually unlimited.  Yet Plaintiffs do not allege that employee compensation or severance agreements influenced the pricing or rebating of the products at issue in this case, and even if they had, they do not allege that any single employee's compensation or severance agreements had an effect on any issue. *See Ross-Tiggett v. Reed Smith, LLP*, 2019 WL 13249702, at *4-6 (D.N.J. Mar. 26, 2019) (denying request for personnel files because "Plaintiff has not tailored her request . . . to Plaintiff's claims"); *In re Compl. of Gulf Inland Contractors*, 2023 WL 11884364, at *3 (E.D. La. Sept. 25, 2023) ("[C]ourts permit the disclosure of personnel records only when the personnel files contain material highly relevant to the theory of the case at hand.").

*Fourth*, Plaintiffs have not shown that this litigation requires yet more productions from Defendants.  Defendants have already produced more than 3.5 million documents—totaling more

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 4

than 23 million pages—from over 150 custodians.  The "frequency or extent of discovery" should be limited when it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C); *see also Westport*, 319 F.R.D. at 218 (explaining that the particular information sought could be acquired through other means); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 2021 WL 229400, at *10 (E.D. Pa. Jan. 22, 2021) (denying request for employment information because "Plaintiff may learn this information through less invasive means").  And because "the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action," *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, 2013 WL 6858956, at *2 (D.N.J. Dec. 23, 2013), Plaintiffs must articulate how such personnel-related materials are relevant and proportional to the specific claims and defenses at issue.  *See also id.* ("Discovery is not a fishing expedition for potential claims or defenses.").  It is insufficient to assert generically that deponents' "work directly involved the subject matter of this litigation"; if that formulation satisfied the heightened standard, personnel files would be produced for *every* deponent in *every* case—an outcome wholly inconsistent with the principle that "special care must be taken before personnel files are turned over to an adverse party."  *Prof'l Recovery Servs.*, 2009 WL 137326, at *4.  More is required to warrant intrusion into personal performance and financial issues for individual witnesses, but Plaintiffs make no effort to show how understanding a deponent's "work" as it pertains to the subject matter of this litigation is not amply covered by the *millions* of documents that Defendants have already produced from custodial files.  *See Xarelto*, 313 F.R.D. at 37 (personnel files are subject to distinct, heightened considerations).  Instead, the deponents' emails and other custodial documents, which contain the deponents' business correspondence and work product, are the best source of information about their work.

The orders cited by Plaintiffs are unavailing, as they either (1) involved plaintiffs who made particularized and stronger showings, or (2) dealt with different facts under different standards.  For example, the plaintiffs in the *Benicar* MDL pointed to specific deposition testimony and supporting documentation that indicated performance evaluations were relevant.  *In re Benicar (Olmesartan) Prods. Liab. Litig.*, MDL No. 2606, No. 1:15-md-02606, Order Re: Performance Evaluations (D.N.J. Mar. 24, 2016).  Plaintiffs make no such showing here.  In the *3M* MDL, the Court *denied* Plaintiffs' request for compensation information.  And it allowed discovery into performance reviews only when Plaintiffs limited their requests to reviews about the "design, testing, and marketing claims at issue in this case."  *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2019 WL 5787747, at *3 (N.D. Fla. Nov. 6, 2019).  Plaintiffs make no such showing and offer no such limitation comparable to the *Combat Arms* case.  And in the *Pradaxa* MDL, the plaintiffs tied their requests to a legal theory that the personnel records would illustrate Pradaxa was rushed to the market, which was central to the case.  *See In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, No. 3:12-md-02385, Case Mgmt. Order No. 30 (S.D. Ill. Apr. 26, 2013).  Plaintiffs articulate no such theory here.  Without providing any specific rationale, Plaintiffs cannot carry their burden—even under the cases they cite.  And Plaintiffs' remaining authority, included at Exhibits 1 and 4 of their motion, are unreasoned orders that do not allow for comparisons to this case, much less engage with the heightened relevance standard applicable here.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 5

And at least one of those two cases did not grant discovery of all the files Plaintiffs request here. *See In re: Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, No. 14-cv-1748 (N.D. Ill. Oct. 15, 2015), ECF No. 1027. None of Plaintiffs' cited authority demonstrates the relevance of compensation information, performance reviews, or severance agreements in *this litigation*, particularly under the "heightened standard" applied by district courts in this Circuit. *Carlucci*, 2000 WL 298925, at *1.

**Privacy Interests Independently Require Denying Plaintiffs' Requests.**

Courts apply a heightened relevance standard to discovery of compensation information, performance reviews, and severance agreements for good reason: these records contain confidential and personal information of employees and former employees, production of which would intrude on those employees' privacy interests. *See, e.g.*, *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982) ("Nor can it be denied that private individuals have legitimate expectations of privacy regarding the precise amount of their incomes."); *Boykins v. inVentiv Com. Servs.,* 2014 WL 413538, at *2 (D.N.J. Feb. 4, 2014) (holding "the right to discovery may be limited where privacy interests are concerned. Defendants' request [for employment records] is overly broad and intrudes into Plaintiff's privacy interests"). Further, there is a public interest in "promoting free communication of candid evaluations and criticisms within an organization" that has "been deemed strong enough to justify restrictions on liberal pretrial discovery" of "confidential employee evaluations." *New York Stock Exch., Inc. v. Sloan*, 1976 WL 169086, at *3 (S.D.N.Y. Oct. 21, 1976). As a result, "personnel files, even if relevant, are only discoverable in limited circumstances, such as when the need for disclosure is compelling because the information sought is not otherwise readily available." *Hemphill v. Aramark Corp.*, 2013 WL 1662963, at *2 (D. Md. Apr. 15, 2013) (internal citations and quotation marks omitted).

Plaintiffs acknowledge—as they must—that these records contain future deponents' personal information, but argue the confidentiality order will resolve any privacy concerns. Plaintiffs are wrong. The confidentiality order addresses only the disclosure of produced information to parties *outside* of this litigation. *See* ECF No. 117. It does not address the fact that production *to Plaintiffs* (and co-defendants in this litigation, who are competitors of one another) would intrude on these employees' privacy interests. It is not enough to show that the violation of these individuals' privacy interests will be somewhat mitigated by the confidentiality order. Rather, Plaintiffs must show that the relevance of these materials outweighs the privacy interest of the deponent before the materials would be discoverable in the first instance. *See, e.g.*, *Getz v. Commonwealth of Pennsylvania Blindness & Visual Servs.*, 1998 WL 961901, at *3 (E.D. Pa. Dec. 18, 1998) ("Plaintiff has not demonstrated that the files she seeks, even if marginally relevant, outweigh the privacy interests of these individuals."). Plaintiffs have not done so. If Plaintiffs could show that portions of the personnel files they seek could potentially be relevant (they cannot), that marginal relevance would not overcome the significant privacy concerns of the current and former employees involved. And even if Plaintiffs were to attempt such a showing,

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 6

they would have to do so with respect to the actual individuals whose interests will be impacted—something Plaintiffs do not purport to do.

Plaintiffs cannot establish that the compensation information, performance reviews, and severance agreements from the personnel records they seek are relevant. Given the volume of discovery that has already been provided, Plaintiffs also have not shown this invasive additional discovery is proportional. Even if Plaintiffs had demonstrated some minimal relevance, that relevance would be insufficient to overcome the privacy interests of the current and former employees of Defendants. Accordingly, Plaintiffs' motion to compel blanket disclosure of such information from all deponents should be denied.

Thank you for your consideration of this submission.

Respectfully submitted,

/s/ John D. Tortorella
Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, New Jersey 07928
T: (973) 824-9300
F: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
Nicholas Suellentrop
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
T: (202) 434-5000
F: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 7

apodoll@wc.com
bhazelwood@wc.com
ddockery@wc.com
nsuellentrop@wc.com

*Counsel for Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; and Caremark, L.L.C.*

*/s/ Jason R. Scherr*
Jason R. Scherr
Douglas A. Hastings
Elise M. Attridge
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
jr.scherr@morganlewis.com
douglas.hastings@morganlewis.com
elise.attridge@morganlewis.com
Tel: (202) 739-3000

Evan K. Jacobs
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
evan.jacobs@morganlewis.com
Tel: (215) 963-5000

*Counsel for Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; and Medco Health Solutions, Inc.*

*/s/ Brian D. Boone*
Thomas P. Scrivo
Young Yu
**O'TOOLE SCRIVO, LLC**
14 Village Park Road
Cedar Grove, NJ 07009
T: (973) 239-5700

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 8

tscrivo@oslaw.com

Brian D. Boone
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Ste. 300
Charlotte, NC 28280
T: (704) 444-1000
Brian.boone@alston.com

Elizabeth Broadway Brown
Jordan Edwards
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 4900
Atlanta, GA 30309-3424
T: (404) 881-7000
liz.brown@alston.com
jordan.edwards@alston.com

*Counsel for Defendant OptumRx, Inc.*

*/s/ Melissa A. Geist*
Melissa A. Geist
Julia A. López
**REED SMITH LLP**
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Tel.: (609) 514-5978

James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000

*Attorneys for Defendant Eli Lilly and Company*

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 9

/s/ Brian W. Carroll
Brian W. Carroll
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel.: (973) 639-2020

James P. Rouhandeh (*pro hac vice*)
Brian S. Weinstein (*pro hac vice*)
David B. Toscano (*pro hac vice*)
Patrick W. Blakemore (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000

Andrew Yaphe (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, CA 94063
Tel.: (650) 752-2000

*Attorneys for Defendant Novo Nordisk Inc.*

/s/ Liza M. Walsh
Liza M. Walsh
Katelyn O'Reilly
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.: (973) 757-1100

Michael R. Shumaker (*pro hac vice*)
Julie E. McEvoy (*pro hac vice*)
William D. Coglianese (*pro hac vice*)
Theresa C. Martin (*pro hac vice*)
Melissa Lim Patterson (*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Joseph A. Dickson, U.S.M.J. (Ret.)
July 17, 2026 – Page 10

Washington, DC 20001
Tel.: (202) 879-3939

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*