ReedSmith
Driving progress
through partnership

Melissa A. Geist
Direct Phone: +1 609 514 5978
Email: mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

August 20, 2026

**VIA ECF**

The Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: *In re: Insulin Pricing Litigation*, No. 2:23-md-03080-BRM-LDW:**
**Defendants' CMO 25 ¶ II(h) Position Statement**

Dear Judge Martinotti,

The Court ordered the parties to apply its dismissal decisions (the "Opinions") across the SFP Track of this MDL. The parties have exchanged positions on every at-issue claim. Consistent with the Court's order, Defendants submit the attached Appendix for "the Court to resolve what additional claims … should be dismissed." CMO 25 ¶ II(h) (ECF No. 935).

SFP Plaintiffs object to the submission and propose the parties submit over 100 pages of new briefing on issues covered in the Appendix. That attempt at rewriting CMO 25 should be rejected. There is no need to deluge the Court with voluminous briefing on issues the Court has *already decided*—repeatedly. It resolved them in the Opinions, rejected SFP Plaintiffs' motion for reconsideration, and determined its decisions should apply across the Track. The Court also rejected SFP Plaintiffs' arguments for lengthy supplemental briefing when it issued CMO 25, concluding the attached Appendix would be sufficient.

SFP Plaintiffs' objection represents their *fourth* attempt to relitigate the Court's Opinions. Their goal is transparent: they seek to further delay dismissal of their unviable claims. This effort should be rejected like all the others. The Court's order is clear and already resolves each of the issues Plaintiffs seek to brief, as explained in further detail below. Defendants are happy to provide further briefing if helpful to the Court, but submit that any such briefing should not exceed ten pages per side.

## I. THE COURT'S RULINGS BAR MANY OF SFP PLAINTIFFS' CLAIMS.

The Court's Opinions dismissed claims in exemplar SFP Plaintiffs' complaints on seven independent grounds. As the Court instructed, Defendants identified additional claims that should

be dismissed on the same grounds,[1] SFP Plaintiffs responded to argue certain claims "should not be dismissed," and Defendants replied, explaining "why dismissal is warranted." CMO 25 ¶ II(c), (e). The parties' positions are captured in the attached Appendix and summarized below. Defendants' Appendix accurately reflects the parties' disputes. SFP Plaintiffs' chart, by contrast, omits derivative claims and claims for breach of contract and of the implied covenant, contrary to this Court's Order. CMO 25 ¶ II(b)(5)-(6) (including "breach of the implied covenant" and "duplicative *or derivative*" claims as "[c]laims [which] may be listed in Appendix A" (emphasis added)). The seven grounds for applying the Court's Opinions to the disputed claims are straightforward. For ease of reference, the attached exhibit shows which causes of action (by case number) are implicated by each ground.

***Previously Dismissed Claims.*** Most obviously, where the Court has already "dismissed a claim … under the same statute in the Opinions," an identical claim should also be dismissed. *Id.* ¶ II(b)(1). This implicates claims under the Illinois Consumer Fraud Act ("ILCFA") because the Court already dismissed Lake County's ILCFA claim, explaining that "SFP Plaintiffs [did] not dispute" that Lake County "failed to allege a misrepresentation" and therefore did not state a consumer protection claim under the ILCFA. ECF No. 731 at 21-22. To avoid this result, other SFP Plaintiffs that assert ILCFA claims argue the Court's dismissal was "particular to Plaintiff Lake County." But Lake County was an *exemplar* for the motion to dismiss process precisely because its complaint was materially identical to those filed by the SFPs that now try to avoid dismissal. Like Lake County, these other SFPs have no response to Defendants' argument that they do not allege an actionable misrepresentation. SFP Plaintiffs' ILCFA claims should be dismissed.

***Indirect Purchaser Rule.*** The Court held that SFP Plaintiffs are not direct purchasers, barring their RICO claims and certain consumer-protection and unjust enrichment claims. ECF No. 731 at 14; ECF No. 827 at 8-10. As the Court has recognized, the indirect purchaser rule bars claims under the federal RICO statute, the Sherman Act, the Robinson-Patman Act, and certain states' antitrust, RICO, and consumer protection laws. CMO 25 ¶ II(b)(2); *see also In re Insulin Pricing Litig.*, 2025 WL 3773210, at *10-11 (D.N.J. Dec. 30, 2025); *MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *16, *18 (D.N.J. Mar. 29, 2019). Nevertheless, SFP Plaintiffs argue that certain claims are "not remote or 'derivative of injuries to a third party,'" and that they qualify for exceptions "analogous to the co-conspirator exception." But the Court rejected those arguments *twice*—first, in deciding the motions to dismiss, and again in denying SFP Plaintiffs' reconsideration motion. ECF No. 731 at 14, 20; ECF No. 827 at 8-10. This third attempt should be rejected. Some SFP Plaintiffs even resist dismissal of their Sherman Act and RICO claims, citing only their own "belie[f] that they may still maintain a damages action" under the Sherman Act or asserting they have "unique facts and novel arguments" without even attempting to explain what they are (either in the Appendix or in subsequent conferrals). SFP Plaintiffs have failed to show cause as to why the indirect purchaser rule does not apply, and these claims should be dismissed.

Separately, the Court's indirect-purchaser ruling also requires dismissal of unjust enrichment claims in states that apply *Illinois Brick* to unjust enrichment claims based on the same

[1] Defendants reserve their rights to later seek judgment on any claim, including on the grounds in the Opinions.

conduct as a barred statutory claim. *See, e.g.*, *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under the laws of various states where "*Illinois Brick*-repealer statutes have not been passed"). The indirect purchaser rule bars these SFP Plaintiffs' statutory claims, and they cannot recast them as unjust enrichment claims.

***No Direct Benefit.*** The Court dismissed King County's unjust enrichment claims under Washington law because that state requires a "direct relationship" between the defendant and plaintiff. ECF No. 731 at 26, 29. Defendants identified the states that apply the same rule as Washington. CMO 25 ¶ II(b)(7); *see, e.g.*, *MSP*, 2019 WL 1418129, at *20 (dismissing New Jersey unjust enrichment claim where plaintiffs "were indirect purchasers of the analog insulin"). Those claims should be dismissed for the same reasons the Court already dismissed the Washington claim. (Defendants do not seek dismissal of claims under states that do not require a direct benefit.)

***Suit Not Authorized.*** This Court dismissed Lake County's consumer protection claim after Defendants argued that municipalities are not "authorized to sue for damages" under the ILCFA. ECF No. 252 at 36. The Court held that Lake County's failure to respond to that argument meant that it "waived any arguments" to the contrary. ECF No. 729 at 17. Other consumer protection claims must similarly be dismissed where "the state's … statute does not authorize suits by entities like plaintiff." CMO 25 ¶ II(b)(3). Defendants have identified the states that do not authorize "non-consumers, municipalities, corporations, business entities, or other non-natural persons" to bring claims under their consumer protection statutes. *Id.*; *e.g.*, *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"); 15 Okla. Stat. § 761.1 ("private right of action" belongs only to an "aggrieved consumer"). Consistent with CMO 25, the Court should dismiss consumer protection claims brought by SFP Plaintiffs who are not authorized to sue under the statute.

***Consumer-Oriented Requirement.*** This Court found SFP Plaintiffs' claims are "not consumer-oriented," and therefore dismissed Albany County's claim under New York's General Business Law. ECF No. 731 at 18-20. Defendants have identified consumer protection statutes in other states with the same requirement as the New York law, and SFP Plaintiffs' claims should be dismissed under those statutes, too. CMO 25 ¶ II(b)(4); *see, e.g.*, *Simington v. Lease Fin. Grp*., 2012 WL 651130, at *7-8 (S.D.N.Y. Feb. 28, 2012) ("Arizona's Consumer Fraud statute requires the same 'consumer-oriented' conduct" as the NYGBL (citation omitted)); *In re Webkinz Antitrust Litig*., 695 F. Supp. 2d 987, 998-99 (N.D. Cal. 2010) (similar for California statute). SFP Plaintiffs' responses are inapt. They assert that "a plaintiff does not need to be a consumer to bring a claim under the statute[s]," but that is beside the point. As the Court already held in dismissing Albany County's NYGBL claim, even if non-consumers can sue under these statutes, they must still challenge conduct that is "aimed at consumers." ECF No. 731 at 19; *see also, e.g.*, *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 408 n.12 (E.D. Pa. 2010) (applying Colorado law); *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013) (rejecting claim for lack of "any type of consumer-oriented act or practice"). Because SFP Plaintiffs' claims do not allege consumer-oriented conduct, they must be dismissed.

***Failure to Identify Breached Obligation.*** The Court dismissed King County's breach of the implied covenant claim under Washington law for failing to identify any contractual provisions

that Defendants allegedly breached. ECF No. 729 at 29-30. Implied covenant and breach of contract claims under other states' laws fail for the same reason. CMO 25 ¶ II(b)(5); *see, e.g.*, *Jennings v. Bd. of Curators of Missouri State Univ.*, 386 S.W.3d 796, 799 (Mo. Ct. App. 2012) (affirming dismissal of implied covenant claim where complaint "wholly fails to allege … express contract terms that [defendant] supposedly misused in bad faith"); *Oriental Fin. Grp., Inc. v. Fed. Ins. Co.*, 598 F. Supp. 2d 199, 219 (D.P.R. 2008) ("dolo" claim under Puerto Rico law requires noncompliance "with [a party's] contractual obligation"). In response, SFP Plaintiffs announce they "intend to amend these claims" later, effectively acknowledging their current claims are not adequately pled. SFP Plaintiffs' responses in the attached Appendix offer *no* reasoning for how they could adequately plead such claims after this Court's ruling. Those claims should be dismissed. SFP Plaintiffs' future request for leave to amend—on an unspecified basis, and still not made nearly a year after the Court's ruling—can be addressed if ever properly raised.

***Duplicative or Derivative Claim.*** CMO 25 requires dismissal of claims that are "duplicative or derivative of underlying substantive claims." CMO 25 ¶ II(b)(6).

*First*, as the Court has recognized, some states do not allow claims that *duplicate*—*i.e.*, "arise out of identical facts" as—statutory claims. *See* ECF No. 729 at 28-29 (cleaned up) (dismissing New York unjust enrichment claim as "duplicative of Albany's other claims"). SFP Plaintiffs say they can plead duplicative claims in the alternative to statutory claims, but the Court already rejected that argument. *See* ECF No. 773 at 4-7; ECF No. 257 at 43. The Court was right. The duplicative claim is barred if "another remedy is available" via the underlying substantive claim, no matter "whether [the substantive claim] will be successful." *E.g.*, *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443-44 (5th Cir. 2014). SFP Plaintiffs' duplicative claims should be dismissed.

*Second*, as the Court has also recognized, SFP Plaintiffs' claims fail where they are *derivative* of substantive claims that are dismissed on other grounds.[2] ECF No. 729 at 27 (Illinois unjust enrichment claims "stand or fall" with an underlying substantive claim when it "rests on the same improper conduct alleged in" that claim); *see* ECF No. 999 (dismissing claims under CMO 25 ¶ II(g)). Civil conspiracy and money had and received are typical examples of *derivative* claims. SFP Plaintiffs insist that derivative claims should be preserved because the Court did not dismiss such claims in the Opinions. But this Court instructed the parties to apply the "substantive legal determinations" in the Opinions—including its recognition that certain claims, like "civil conspiracy," are not "independent claim[s]." ECF No. 933 at 5; ECF No. 731 at 33. And it expressly authorized dismissal of claims "derivative of underlying substantive claims" that fail. CMO 25 ¶ II(b)(6). The Court's conclusion makes sense. Allowing derivative claims to persist without a viable underlying claim would needlessly inflate the Court's docket.

## II. SFP PLAINTIFFS' BURDENSOME BRIEFING SHOULD BE REJECTED.

This Court's order applying its motion to dismiss decisions does not require *any* supplemental briefing. CMO ¶ II(c), (e), (f), (h) (requiring the parties to exchange and submit charts identifying "what additional claims … should be dismissed"). Nor is supplemental briefing

[2] Certain of the derivative claims should be dismissed upon the court's dismissal of an untimely substantive claim. Defendants have separately moved for dismissal of those untimely claims. *See* ECF No. 982.

necessary. SFP Plaintiffs raise issues the Court has *already* addressed, like whether their claims are "consumer oriented" or barred by the indirect purchaser rule. Those rulings do not need to be relitigated at all, much less at the length SFP Plaintiffs propose. The attached Appendix *already* lays out the parties' positions on a claim-by-claim basis, as CMO 25 requires. To the extent the Court seeks more briefing, the parties' disputes can be fully explained—as this letter shows—in less than ten double-spaced pages.

SFP Plaintiffs nevertheless insist on *130 pages* of additional briefing, claiming they have "more than fifteen hundred individualized defenses," and due process requires that they be heard on each. Those are the same arguments SFP Plaintiffs made—and this Court rejected—when it entered CMO 25 in the first place. ECF No. 890 at 1, 3. The Court concluded that exchanging charts pursuant to CMO 25 is "a natural next step and better suited to progressing this MDL." ECF No. 933 at 4. As the Court explained, "MDL courts 'regularly employ[]'" show-cause processes like this one, because they avoid "the needless duplication of work across … cases." *Id.* (quoting *Home Depot USA, Inc. v. Lafarge N.A., Inc.*, 59 F.4th 55, 65, 66 (3d Cir. 2023)); *see also id.* at 4-5 & n.3 (collecting authorities). That exchange *already* allowed SFP Plaintiffs to articulate any "individualized defenses" they have, which is more than sufficient to protect any due process rights. They now seek exactly the "needless duplication of work" CMO 25 was intended to avoid. SFP Plaintiffs' time to explain their positions *was* during the CMO 25 process the Court had already ordered. SFP Plaintiffs' request for *months* of additional briefing is a transparent attempt to further delay and relitigate the Court's rulings. The Court issued the Opinions almost a year ago. It is long past time they were applied.

Respectfully submitted,

*<u>/s/ Melissa A. Geist</u>*

**REED SMITH LLP**
Melissa A. Geist
Julia A. López
506 Carnegie Center, Suite 300
Princeton, NJ 08540
(609) 514-5978

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Kate T. Walling (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

*Counsel for Eli Lilly and Company*

*/s/ Brian W. Carroll*
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2020

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
Brian S. Weinstein (*pro hac vice*)
David B. Toscano (*pro hac vice*)
Patrick W. Blakemore (*pro hac vice*)
450 Lexington Ave.
New York, NY 10017
(212) 450-4000

Andrew Yaphe (*pro hac vice*)
900 Middlefield Road, Suite 200
Redwood City, CA 94063
(650) 752-2000

*Counsel for Novo Nordisk Inc.*

*/s/ Liza M. Walsh*
**WALSH PIZZI O'REILLY FALANGA LLP**
Liza M. Walsh
Katelyn O'Reilly
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

**JONES DAY**
Michael R. Shumaker (*pro hac vice*)
Julie E. McEvoy (*pro hac vice*)
William D. Coglianese (*pro hac vice*)
Melissa Lim Patterson (*pro hac vice*)
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Jason R. Scherr*
**MORGAN LEWIS & BOCKIUS LLP**
Jason R. Scherr
Douglas A. Hastings
Elise M. Attridge
1111 Pennsylvania Ave., NW
Washington, DC 20004
(202) 739-3000

Evan K. Jacobs
2222 Market Street
Philadelphia, PA 19103
(215) 963-5329

*Counsel for Evernorth Health, Inc. (f/k/a Express Scripts Holding Company); Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Medco Health Solutions, Inc., and The Cigna Group*

*/s/ Brian D. Boone*
**O'TOOLE SCRIVO, LLC**
Thomas P. Scrivo
Young Yu
14 Village Park Road
Cedar Grove, NJ 07009
(973) 239-5700

**ALSTON & BIRD LLP**
Brian D. Boone
1120 S. Tyron St., Ste. 300
Charlotte, NC 28203
(704) 444-1000

Elizabeth Broadway Brown
1201 W. Peachtree St. NW, Ste. 4900
Atlanta, GA 30309
(404) 881-7000

*Counsel for UnitedHealth Group Incorporated; OptumRx, Inc.; Optum, Inc.; and OptumInsight, Inc.*

*/s/ A. Joshua Podoll*
**MARINO, TORTORELLA & BOYLE, P.C.**
Kevin H. Marino
John D. Tortorella
437 Southern Blvd.
Chatham, NJ 07928
(973) 824-9300

**WILLIAMS & CONNOLLY LLP**
Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
680 Maine Ave., S.W.
Washington, DC 20024
(202) 434-5000

*Counsel for CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; and Caremark, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A copy of the foregoing was served upon all parties of record via the CM/ECF system.

Dated: August 20, 2026

*/s/ Melissa A. Geist*
Melissa A. Geist