# Appendix

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Alabama | *City of Birmingham, Alabama v. Eli Lilly and Company et al.* | 25-cv-00416 | Alabama Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Laborde v. Citizens Bank, N.A.* , 2025 WL 3684583, at *4 (Ala. Dec. 19, 2025) ("Alabama law does not recognize an independent claim for a breach of [the implied covenant of good faith and fair dealing]. Although Alabama law recognizes an implied covenant of good faith and fair dealing, meaning that neither party shall do anything which will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract, our Court has made clear that this duty is not itself actionable."); *Lake Martin/Alabama Power Licensee Ass'n, Inc. v. Alabama Power Co.* , 601 So. 2d 942, 945 (Ala. 1992) ("This Court has explicitly held that there is no good faith contractual cause of action... that means that bad faith is not actionable absent an identifiable breach in the performance of specific terms of the contract."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Alabama Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Flying J Fish Farm v. Peoples Bank of Greensboro* , 12 So. 3d 1185, 1196 (Ala. 2008) ("[Liability] for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy. Because the underlying claims against the [defendants] are properly disposed of on summary judgment, so is the conspiracy claim. " (internal citations and quotations omitted)). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See* , *Ryan v. First Ala. Bank* , 620 So.2d 568, 573 (Ala. 1993)(upholding civil conspiracy based on underlying fraud claim); *Snyder v. Faget* , 326 So.2d 113, 119 (Ala. 1976)(same). | The civil conspiracy claim should be dismissed because all of the claims on which is it based should be dismissed.<br>The parties agree that the statute of limitations for common law fraud in Alabama is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 1. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Callens v. Jefferson Cnty. Nursing Home* , 769 So. 2d 273, 280 (Ala. 2000) ("A plaintiff alleging a conspiracy must have a valid underlying cause of action."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Alabama Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (dismissing unjust enrichment claim because "Alabama ... requires a direct benefit be plead for unjust enrichment claims"); *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Southeast, Inc.* , 2011 WL 2893629, at *6 (M.D. Ala. July 29, 2011) ("Since the individual defendants enjoyed no direct benefit, the unjust enrichment claim against them is due to be dismissed"). | Disagree | Direct benefit is not required. *See Abernathy v. Church of God* , 2011 WL 13135285, at *2 (N.D. Ala. Nov. 28, 2011) (disagreeing with *Danny Lynn Elec. & Plumbing* and asserting that it is "misplaced at best" to claim the case it relies on requires proof of a direct benefit to sustain an unjust enrichment claim). | Plaintiffs' response ignores both caselaw from Alabama itself and this Court holding that a direct benefit is required to sustain a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (dismissing unjust enrichment claim because "Alabama ... requires a direct benefit be plead for unjust enrichment claims"); *Opelika Prod. Credit Ass'n v. Lamb* , 361 So. 2d 95, 99 (Ala. 1978) (unjust enrichment claim unavailable under Alabama law "[a]bsent a showing of a direct benefit"); *cf* . *Cole v. NIBCO, Inc.* , 2015 WL 2414740, at *14 (D.N.J. May 20, 2015) (dismissing Alabama unjust enrichment claim "because Plaintiffs did not directly purchase the PEX Products from Defendant" such that a "direct relationship between Plaintiffs and Defendants do not exist"). Other courts have reached the same conclusion. *See, e.g.* , *Mass. Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharms., Inc.* , 783 F. Supp. 3d 417, 451 (D. Mass. 2025); *In re Novartis & Par Antitrust Litig.* , 2019 WL 3841711, at *6–7 (S.D.N.Y. Aug. 15, 2019). Plaintiffs' attempt to undermine *Danny Lynn* is misguided. Rather than "disagreeing with" *Danny Lynn Electric & Plumbing* , *Abernathy v. Church of God* recognized that the court "employ[ed] 'direct benefit' language." *2011 WL 13135285, at *2 (N.D. Ala. Nov. 28, 2011).* |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Flying J Fish Farm v. Peoples Bank of Greensboro,* 12 So. 3d 1185, 1193 (Ala. 2008) (because plaintiffs "cannot show that they paid any moneys … because of mistake or fraud," "their claim of unjust enrichment is without merit"); *Mitchell v. H & R Block, Inc.* , 783 So. 2d 812, 817 (Ala. 2000) (acknowledging that "unjust-enrichment" is a "derivative ... claim"). | Disagree | *Flying J Fish Farms* is inapposite, as the Court has not dismissed Plaintiffs' fraud-based claims. Though unjust enrichment is often considered a derivative claim, under Alabama's liberal notice-pleading standard, dismissal is proper only when there exists no set of facts under which the plaintiff could prevail. *Laborde v. Citizens Bank, N.A.* , --- So. 3d ----, 2025 WL 3684583, at *8 (Ala. Dec. 19, 2025). | *Laborde* does not upset the rule that an unjust enrichment claim must be dismissed when it is duplicative of a failed underlying claim. The Federal Rules of Civil Procedure, not Alabama's "no set of facts" standard, applies in this case. Regardless, *Laborde* does not help Plaintiff because the plaintiff in that case had multiple other claims survive dismissal, whereas here no underlying claims survive. Plaintiff's unjust enrichment claim is duplicative of Plaintiff's fraud and Alabama Deceptive Trade Practices Act claim. Plaintiff's fraud claim is untimely, and Plaintiff agrees its ADTPA claim is unsustainable. Therefore, Plaintiff's unjust enrichment claim also falls. *Southern v. Pfizer, Inc.* , 471 F. Supp. 2d 1207, 1219 (N.D. Ala. 2006) ("Where a plaintiff cannot maintain a fraudulent misrepresentation claim against a defendant, that plaintiff will not be permitted a viable claim of unjust enrichment which is based on an untenable fraudulent misrepresentation claim."); *Phillips v. Hobby Lobby Stores, Inc.* , No. 2:16-CV-00837-JEO, 2018 WL 4635734, at *8 (N.D. Ala. Sept. 27, 2018) ("The ADTPA is a statutory substitute for fraud claims in the specific circumstances set forth in § 8-19-5."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Arizona | *Kyrene School District v. Eli Lilly and Company et al.* | 25-cv-00350 | Arizona Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Rowland v. Union Hills Country Club* , 757 P.2d 105, 110 (Ariz. Ct. App. 1988) "[C]onspiracy is a derivative tort."); *Lewis v. Oliver* , 873 P.2d 668, 676 (Ariz. Ct. App. 1993) (because "conspiracy is derivative," its "existence" "depend[s] ... upon the substantive torts"); *Tovrea Land & Cattle Co. v. Linsenmeyer* , 412 P.2d 47, 63 (Ariz. 1966) (en banc) ("We have held there is no such thing as a civil action for conspiracy."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund* , 38 P.3d 12, 36 (Ariz. 2002); *see also GG Ins. Svcs. Inc. v. Johnson* , 2026 WL 878977, at *15 (D. Ariz. Mar. 31, 2026)(denying summary judgment based on underlying tortious interference and other claims); *Creative Power Sols. v. Energy Svcs. Grp.* , 2024 WL 1256018, at *5 (D. Ariz. Mar. 25, 2024) (upholding civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arizona is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 1-2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Schaible v. WIIN, LLC* , 2026 WL 958695, at *5 (Ariz. Ct. App. Apr. 9, 2026) ("[A] civil conspiracy requires an underlying tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *17 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("various courts have explained" that "Arizona law ... requires some showing of consumer reliance on the alleged fraud or deception"); *Simington v. Lease Fin. Grp.* , 2012 WL 651130, at *7-8 (S.D.N.Y. Feb. 28, 2012) ("Arizona's Consumer Fraud statute requires the same 'consumer-oriented' conduct" as the NYGBL (citation omitted)); *Dunlop v. Jimmy GMC of Tucson, Inc.* , 666 P.2d 83, 89 (Ariz. Ct. App. 1983) ("The legislative intent behind the Consumer Fraud Act is to provide *consumers* with a claim for relief that is easier to establish than common law fraud." (emphasis added)). | Disagree | ACFA's text does not refer to a "consumer," but rather a "person" which includes corporations, businesses, and companies. Ariz. Rev. Stat. Ann. § 44-1522. *Watts v. Medicis Pharm. Corp.* , 365 P.3d 944, 953 (Ariz. 2016) (holding the Act "does not require a direct merchant-consumer transaction to support a patient's statutory claim against a drug manufacturer.") Neither the sophistication of the parties nor the complexity of the transaction limits the scope of the Act. *See, e.g.* , *Holeman v. Neils* , 803 F. Supp. 237 (D. Ariz. 1992) (fraud related to partnership agreement for real estate investment); *Cearley v. Wieser* , 727 P.2d 346 (Ariz. Ct. App.1986) (misrepresentations related to agreement for assignment of rights to commercial liquor license); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (fraud arising out of agreement to provide venture capital). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not "person … includes corporations, businesses, and companies," SFP Plaintiffs still must show their challenge is "consumer-oriented", *i.e* ., that they can show "consumer reliance on the alleged fraud or deception." *Humana* , 2025 WL 2538859, at *17. SFP Plaintiffs' cases are not to the contrary. In *Watts v. Medicis Pharmaceutical Corp* ., a consumer sued over defendant's alleged misrepresentations to her. 365 P.3d 944, 947, 953 (Ariz. 2016). Courts have subsequently recognized that "*Watts* does not stand for the premise that a plaintiff need not be a consumer." *Evolution Nutraceuticals Inc. v. Thermolife Int'l LLC* , 2026 WL 411778, at *4 (D. Ariz. Feb. 13, 2026). And the rest of Plaintiffs' cases do not substantively address Defendants' argument at all. *Holeman v. Neils* , 803 F. Supp. 237, 242-43 (1992), held that the defendant need not be a "merchant," but held that the plaintiff must be an "injured consumer." The other cases address entirely different aspects of the AFCA and do not even reach the question of consumer-oriented conduct. *Cearley v. Wieser* , 727 P.2d 346, 348 (Ariz. Ct. App.1986) (addressing only whether defendants "acquired [] money" and needed knowledge of falsity under Arizona law); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (not addressing the consumer orientation requirement). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Ariz. Rev. Stat. § 44-1521(6) ("unless the context otherwise requires," the term "'Person' means any natural person or the person's legal representative, any partnership or domestic or foreign corporation, any company, trust, business entity or association or any agent, employee, salesman, partner, officer, director, member, stockholder, associate or trustee"). | Disagree | *Glendale Union High Sch. Dist. v. Peoria Sch. Dist. No. 11* , 51 Ariz. 478, 480, 78 P.2d 141, 143 (1938) ("School districts are quasi municipal organizations");. 67B Am. Jur. 2d Schools § 21 ("School districts are considered municipal entities or have been designated quasi corporations of a public character, or public quasi-municipal corporations.") | SFP Plaintiffs' authorities neither interpret the ACFA nor suggest that a school district is a "person" within the definition of the AFCA, which does not include public entities. Indeed, Plaintiffs' authority confirms that school districts are "municipal entities" with a "separate identity and character distinguishable from that of a private corporation." 67B Am. Jur. 2d Schools § 21. Arizona courts decline to interpret "general categor[ies]" to include "public … entities" unless the legislature expressly provides otherwise. *Est. of Braden ex rel. Gabaldon v. State* , 266 P.3d 349, 353 (Ariz. 2011) (en banc) (collecting statutes and observing that the Arizona "legislature has repeatedly demonstrated its ability to specifically mention public actors when it intends their inclusion"); *accord Return Mail, Inc. v. U.S. Postal Serv.* , 587 U.S. 618, 628 (2019) (applying "the presumption that the Government is not a 'person' … absent an affirmative showing to the contrary"). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Under the ACFA, a 'subsequent purchaser is not within the class of consumers intended to be protected by the implied private cause of action.'" (quoting *Sullivan v. Pulte Home Corp.* , 290 P.3d 446, 454 (Ariz. Ct. App. 2012))); *In re Insulin Pricing Litig.* , 2020 WL 831552, at *5 (D.N.J. Feb. 20, 2020) (finding "the connection between the alleged misrepresentations of Defendants and Plaintiffs ... too attenuated" to confer standing). | Disagree | *Sullivan* , is factually inapposite; Plaintiffs and Defendants had a transaction together and misrepresentations were made in connection with the sale. In similar circumstances to the instant case, Arizona courts have approved ACFA claims. *See Watts v. Medicis Pharm. Corp.* , 365 P.3d 944 (Ariz. 2016) (ACFA claim against a distant drug manufacturer); *Kuehn v. Stanley* , 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") | Judge Martinotti already held that *Watts* "is distinguishable" from these cases in *In re Insulin Pricing Litig.* , 2020 WL 831552, at *4-5 (D.N.J. Feb. 20, 2020). In *Watts* , the "plaintiff's allegations of consumer fraud related to 'misrepresentations and omi[ssion of] material facts' made by the defendant drug manufacturer *directly* to the plaintiff." *Id.* at *5 (emphasis added). "Here, Plaintiffs allege their damages stem from artificially inflated AWPs paid by wholesalers and pharmacies *before* " SFP Plaintiffs make their purchases. *Id.* (emphasis in original). Nothing Plaintiffs offer disturbs Judge Martinotti's on-point holding. *See id.* ; *see also MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Northern Arizona Public Employees Benefit Trust v. Eli Lilly and Company et al.* | 25-cv-00183 | Arizona Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Rowland v. Union Hills Country Club* , 757 P.2d 105, 110 (Ariz. Ct. App. 1988) "[C]onspiracy is a derivative tort."); *Lewis v. Oliver* , 873 P.2d 668, 676 (Ariz. Ct. App. 1993) (because "conspiracy is derivative," its "existence" "depend[s] ... upon the substantive torts"); *Tovrea Land & Cattle Co. v. Linsenmeyer* , 412 P.2d 47, 63 (Ariz. 1966) (en banc) ("We have held there is no such thing as a civil action for conspiracy."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund* , 38 P.3d 12, 36 (Ariz. 2002); *see also GG Ins. Svcs. Inc. v. Johnson* , 2026 WL 878977, at *15 (D. Ariz. Mar. 31, 2026)(denying summary judgment based on underlying tortious interference and other claims); *Creative Power Sols. v. Energy Svcs. Grp.* , 2024 WL 1256018, at *5 (D. Ariz. Mar. 25, 2024) (upholding civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arizona is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 1-2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Schaible v. WIIN, LLC* , 2026 WL 958695, at *5 (Ariz. Ct. App. Apr. 9, 2026) ("[A] civil conspiracy requires an underlying tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *17 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("various courts have explained" that "Arizona law ... requires some showing of consumer reliance on the alleged fraud or deception"); *Simington v. Lease Fin. Grp.* , 2012 WL 651130, at *7-8 (S.D.N.Y. Feb. 28, 2012) ("Arizona's Consumer Fraud statute requires the same 'consumer-oriented' conduct" as the NYGBL (citation omitted)); *Dunlop v. Jimmy GMC of Tucson, Inc.* , 666 P.2d 83, 89 (Ariz. Ct. App. 1983) ("The legislative intent behind the Consumer Fraud Act is to provide *consumers* with a claim for relief that is easier to establish than common law fraud." (emphasis added)). | Disagree | ACFA's text does not refer to a "consumer," but rather a "person" which includes corporations, businesses, and companies. Ariz. Rev. Stat. Ann. § 44-1522. *Watts v. Medicis Pharm. Corp.* , 365 P.3d 944, 953 (Ariz. 2016) (holding the Act "does not require a direct merchant-consumer transaction to support a patient's statutory claim against a drug manufacturer.") Neither the sophistication of the parties nor the complexity of the transaction limits the scope of the Act. *See, e.g.* , *Holeman v. Neils* , 803 F. Supp. 237 (D. Ariz. 1992) (fraud related to partnership agreement for real estate investment); *Cearley v. Wieser* , 727 P.2d 346 (Ariz. Ct. App.1986) (misrepresentations related to agreement for assignment of rights to commercial liquor license); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (fraud arising out of agreement to provide venture capital). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not "person … includes corporations, businesses, and companies," SFP Plaintiffs still must show their challenge is "consumer-oriented", *i.e* ., that they can show "consumer reliance on the alleged fraud or deception." *Humana* , 2025 WL 2538859, at *17. SFP Plaintiffs' cases are not to the contrary. In *Watts v. Medicis Pharmaceutical Corp* ., a consumer sued over defendant's alleged misrepresentations to her. 365 P.3d 944, 947, 953 (Ariz. 2016). Courts have subsequently recognized that "*Watts* does not stand for the premise that a plaintiff need not be a consumer." *Evolution Nutraceuticals Inc. v. Thermolife Int'l LLC* , 2026 WL 411778, at *4 (D. Ariz. Feb. 13, 2026). And the rest of Plaintiffs' cases do not substantively address Defendants' argument at all. *Holeman v. Neils* , 803 F. Supp. 237, 242-43 (1992), held that the defendant need not be a "merchant," but held that the plaintiff must be an "injured consumer." The other cases address entirely different aspects of the AFCA and do not even reach the question of consumer-oriented conduct. *Cearley v. Wieser* , 727 P.2d 346, 348 (Ariz. Ct. App.1986) (addressing only whether defendants "acquired [] money" and needed knowledge of falsity under Arizona law); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (not addressing the consumer orientation requirement). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Under the ACFA, a 'subsequent purchaser is not within the class of consumers intended to be protected by the implied private cause of action.'" (quoting *Sullivan v. Pulte Home Corp.* , 290 P.3d 446, 454 (Ariz. Ct. App. 2012))); *In re Insulin Pricing Litig.* , 2020 WL 831552, at *5 (D.N.J. Feb. 20, 2020) (finding "the connection between the alleged misrepresentations of Defendants and Plaintiffs ... too attenuated" to confer standing). | Disagree | *Sullivan* , is factually inapposite; Plaintiffs and Defendants had a transaction together and misrepresentations were made in connection with the sale. In similar circumstances to the instant case, Arizona courts have approved ACFA claims. *See Watts v. Medicis Pharm. Corp.* , 365 P.3d 944 (Ariz. 2016) (ACFA claim against a distant drug manufacturer); *Kuehn v. Stanley* , 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") | Judge Martinotti already held that *Watts* "is distinguishable" from these cases in *In re Insulin Pricing Litig.* , 2020 WL 831552, at *4-5 (D.N.J. Feb. 20, 2020). In *Watts* , the "plaintiff's allegations of consumer fraud related to 'misrepresentations and omi[ssion of] material facts' made by the defendant drug manufacturer *directly* to the plaintiff." *Id.* at *5 (emphasis added). "Here, Plaintiffs allege their damages stem from artificially inflated AWPs paid by wholesalers and pharmacies *before* " SFP Plaintiffs make their purchases. *Id.* (emphasis in original). Nothing Plaintiffs offer disturbs Judge Martinotti's on-point holding. *See id.* ; *see also MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Sprouts Farmers Market, Inc. v. Eli Lilly and Company, et al.* | 25-cv-16910 | Arizona Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Rowland v. Union Hills Country Club* , 757 P.2d 105, 110 (Ariz. Ct. App. 1988) "[C]onspiracy is a derivative tort."); *Lewis v. Oliver* , 873 P.2d 668, 676 (Ariz. Ct. App. 1993) (because "conspiracy is derivative," its "existence" "depend[s] ... upon the substantive torts"); *Tovrea Land & Cattle Co. v. Linsenmeyer* , 412 P.2d 47, 63 (Ariz. 1966) (en banc) ("We have held there is no such thing as a civil action for conspiracy."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund* , 38 P.3d 12, 36 (Ariz. 2002); *see also GG Ins. Svcs. Inc. v. Johnson* , 2026 WL 878977, at *15 (D. Ariz. Mar. 31, 2026)(denying summary judgment based on underlying tortious interference and other claims); *Creative Power Sols. v. Energy Svcs. Grp.* , 2024 WL 1256018, at *5 (D. Ariz. Mar. 25, 2024) (upholding civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arizona is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 1-2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Schaible v. WIIN, LLC* , 2026 WL 958695, at *5 (Ariz. Ct. App. Apr. 9, 2026) ("[A] civil conspiracy requires an underlying tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *17 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("various courts have explained" that "Arizona law ... requires some showing of consumer reliance on the alleged fraud or deception"); *Simington v. Lease Fin. Grp.* , 2012 WL 651130, at *7-8 (S.D.N.Y. Feb. 28, 2012) ("Arizona's Consumer Fraud statute requires the same 'consumer-oriented' conduct" as the NYGBL (citation omitted)); *Dunlop v. Jimmy GMC of Tucson, Inc.* , 666 P.2d 83, 89 (Ariz. Ct. App. 1983) ("The legislative intent behind the Consumer Fraud Act is to provide *consumers* with a claim for relief that is easier to establish than common law fraud." (emphasis added)). | Disagree | ACFA's text does not refer to a "consumer," but rather a "person" which includes corporations, businesses, and companies. Ariz. Rev. Stat. Ann. § 44-1522. *Watts v. Medicis Pharm. Corp.* , 365 P.3d 944, 953 (Ariz. 2016) (holding the Act "does not require a direct merchant-consumer transaction to support a patient's statutory claim against a drug manufacturer.") Neither the sophistication of the parties nor the complexity of the transaction limits the scope of the Act. *See, e.g.* , *Holeman v. Neils* , 803 F. Supp. 237 (D. Ariz. 1992) (fraud related to partnership agreement for real estate investment); *Cearley v. Wieser* , 727 P.2d 346 (Ariz. Ct. App.1986) (misrepresentations related to agreement for assignment of rights to commercial liquor license); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (fraud arising out of agreement to provide venture capital). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not "person … includes corporations, businesses, and companies," SFP Plaintiffs still must show their challenge is "consumer-oriented", *i.e* ., that they can show "consumer reliance on the alleged fraud or deception." *Humana* , 2025 WL 2538859, at *17. SFP Plaintiffs' cases are not to the contrary. In *Watts v. Medicis Pharmaceutical Corp* ., a consumer sued over defendant's alleged misrepresentations to her. 365 P.3d 944, 947, 953 (Ariz. 2016). Courts have subsequently recognized that "*Watts* does not stand for the premise that a plaintiff need not be a consumer." *Evolution Nutraceuticals Inc. v. Thermolife Int'l LLC* , 2026 WL 411778, at *4 (D. Ariz. Feb. 13, 2026). And the rest of Plaintiffs' cases do not substantively address Defendants' argument at all. *Holeman v. Neils* , 803 F. Supp. 237, 242-43 (1992), held that the defendant need not be a "merchant," but held that the plaintiff must be an "injured consumer." The other cases address entirely different aspects of the AFCA and do not even reach the question of consumer-oriented conduct. *Cearley v. Wieser* , 727 P.2d 346, 348 (Ariz. Ct. App.1986) (addressing only whether defendants "acquired [] money" and needed knowledge of falsity under Arizona law); *Parks v. Macro–Dynamics, Inc.* , 591 P.2d 1005 (Ariz. Ct. App.1979) (not addressing the consumer orientation requirement). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Under the ACFA, a 'subsequent purchaser is not within the class of consumers intended to be protected by the implied private cause of action.'" (quoting *Sullivan v. Pulte Home Corp.* , 290 P.3d 446, 454 (Ariz. Ct. App. 2012))); *In re Insulin Pricing Litig.* , 2020 WL 831552, at *5 (D.N.J. Feb. 20, 2020) (finding "the connection between the alleged misrepresentations of Defendants and Plaintiffs ... too attenuated" to confer standing). | Disagree | *Sullivan* , is factually inapposite; Plaintiffs and Defendants had a transaction together and misrepresentations were made in connection with the sale. In similar circumstances to the instant case, Arizona courts have approved ACFA claims. *See Watts v. Medicis Pharm. Corp.* , 365 P.3d 944 (Ariz. 2016) (ACFA claim against a distant drug manufacturer); *Kuehn v. Stanley* , 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") | Judge Martinotti already held that *Watts* "is distinguishable" from these cases in *In re Insulin Pricing Litig.* , 2020 WL 831552, at *4-5 (D.N.J. Feb. 20, 2020). In *Watts* , the "plaintiff's allegations of consumer fraud related to 'misrepresentations and omi[ssion of] material facts' made by the defendant drug manufacturer *directly* to the plaintiff." *Id.* at *5 (emphasis added). "Here, Plaintiffs allege their damages stem from artificially inflated AWPs paid by wholesalers and pharmacies *before* " SFP Plaintiffs make their purchases. *Id.* (emphasis in original). Nothing Plaintiffs offer disturbs Judge Martinotti's on-point holding. *See id.* ; *see also MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019). |
| | *Tempe Union High School District v. Eli Lilly and Company et al.* | 25-cv-00347 | Arizona Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Rowland v. Union Hills Country Club* , 757 P.2d 105, 110 (Ariz. Ct. App. 1988) "[C]onspiracy is a derivative tort."); *Lewis v. Oliver* , 873 P.2d 668, 676 (Ariz. Ct. App. 1993) (because "conspiracy is derivative," its "existence" "depend[s] ... upon the substantive torts"); *Tovrea Land & Cattle Co. v. Linsenmeyer* , 412 P.2d 47, 63 (Ariz. 1966) (en banc) ("We have held there is no such thing as a civil action for conspiracy."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund* , 38 P.3d 12, 36 (Ariz. 2002); *see also GG Ins. Svcs. Inc. v. Johnson* , 2026 WL 878977, at *15 (D. Ariz. Mar. 31, 2026)(denying summary judgment based on underlying tortious interference and other claims); *Creative Power Sols. v. Energy Svcs. Grp.* , 2024 WL 1256018, at *5 (D. Ariz. Mar. 25, 2024) (upholding civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arizona is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 1-2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Schaible v. WIIN, LLC* , 2026 WL 958695, at *5 (Ariz. Ct. App. Apr. 9, 2026) ("[A] civil conspiracy requires an underlying tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *17 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("various courts have explained" that "Arizona law ... requires some showing of consumer reliance on the alleged fraud or deception"); *Simington v. Lease Fin. Grp.*, 2012 WL 651130, at *7-8 (S.D.N.Y. Feb. 28, 2012) ("Arizona's Consumer Fraud statute requires the same 'consumer-oriented' conduct" as the NYGBL (citation omitted)); *Dunlop v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 89 (Ariz. Ct. App. 1983) ("The legislative intent behind the Consumer Fraud Act is to provide *consumers* with a claim for relief that is easier to establish than common law fraud." (emphasis added)). | Disagree | ACFA's text does not refer to a "consumer," but rather a "person" which includes corporations, businesses, and companies. Ariz. Rev. Stat. Ann. § 44-1522. *Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 953 (Ariz. 2016) (holding the Act "does not require a direct merchant-consumer transaction to support a patient's statutory claim against a drug manufacturer.") Neither the sophistication of the parties nor the complexity of the transaction limits the scope of the Act. *See, e.g.*, *Holeman v. Neils*, 803 F. Supp. 237 (D. Ariz. 1992) (fraud related to partnership agreement for real estate investment); *Cearley v. Wieser*, 727 P.2d 346 (Ariz. Ct. App.1986) (misrepresentations related to agreement for assignment of rights to commercial liquor license); *Parks v. Macro–Dynamics, Inc.*, 591 P.2d 1005 (Ariz. Ct. App.1979) (fraud arising out of agreement to provide venture capital). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not "person … includes corporations, businesses, and companies," SFP Plaintiffs still must show their challenge is "consumer-oriented", *i.e*., that they can show "consumer reliance on the alleged fraud or deception." *Humana*, 2025 WL 2538859, at *17. SFP Plaintiffs' cases are not to the contrary. In *Watts v. Medicis Pharmaceutical Corp*., a consumer sued over defendant's alleged misrepresentations to her. 365 P.3d 944, 947, 953 (Ariz. 2016). Courts have subsequently recognized that "*Watts* does not stand for the premise that a plaintiff need not be a consumer." *Evolution Nutraceuticals Inc. v. Thermolife Int'l LLC*, 2026 WL 411778, at *4 (D. Ariz. Feb. 13, 2026). And the rest of Plaintiffs' cases do not substantively address Defendants' argument at all. *Holeman v. Neils*, 803 F. Supp. 237, 242-43 (1992), held that the defendant need not be a "merchant," but held that the plaintiff must be an "injured consumer." The other cases address entirely different aspects of the AFCA and do not even reach the question of consumer-oriented conduct. *Cearley v. Wieser*, 727 P.2d 346, 348 (Ariz. Ct. App.1986) (addressing only whether defendants "acquired [] money" and needed knowledge of falsity under Arizona law); *Parks v. Macro–Dynamics, Inc.*, 591 P.2d 1005 (Ariz. Ct. App.1979) (not addressing the consumer orientation requirement). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Ariz. Rev. Stat. § 44-1521(6) ("unless the context otherwise requires," the term "'Person' means any natural person or the person's legal representative, any partnership or domestic or foreign corporation, any company, trust, business entity or association or any agent, employee, salesman, partner, officer, director, member, stockholder, associate or trustee"). | Disagree | *Glendale Union High Sch. Dist. v. Peoria Sch. Dist. No. 11*, 51 Ariz. 478, 480, 78 P.2d 141, 143 (1938) ("School districts are quasi municipal organizations");. 67B Am. Jur. 2d Schools § 21 ("School districts are considered municipal entities or have been designated quasi corporations of a public character, or public quasi-municipal corporations.") | SFP Plaintiffs' authorities neither interpret the ACFA nor suggest that a school district is a "person" within the definition of the AFCA, which does not include public entities. Indeed, Plaintiffs' authority confirms that school districts are "municipal entities" with a "separate identity and character distinguishable from that of a private corporation." 67B Am. Jur. 2d Schools § 21. Arizona courts decline to interpret "general categor[ies]" to include "public … entities" unless the legislature expressly provides otherwise. *Est. of Braden ex rel. Gabaldon v. State*, 266 P.3d 349, 353 (Ariz. 2011) (en banc) (collecting statutes and observing that the Arizona "legislature has repeatedly demonstrated its ability to specifically mention public actors when it intends their inclusion"); *accord Return Mail, Inc. v. U.S. Postal Serv.*, 587 U.S. 618, 628 (2019) (applying "the presumption that the Government is not a 'person' … absent an affirmative showing to the contrary"). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Under the ACFA, a 'subsequent purchaser is not within the class of consumers intended to be protected by the implied private cause of action.'" (quoting *Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012))); *In re Insulin Pricing Litig.*, 2020 WL 831552, at *5 (D.N.J. Feb. 20, 2020) (finding "the connection between the alleged misrepresentations of Defendants and Plaintiffs ... too attenuated" to confer standing). | Disagree | *Sullivan*, is factually inapposite; Plaintiffs and Defendants had a transaction together and misrepresentations were made in connection with the sale. In similar circumstances to the instant case, Arizona courts have approved ACFA claims. *See Watts v. Medicis Pharm. Corp.*, 365 P.3d 944 (Ariz. 2016) (ACFA claim against a distant drug manufacturer); *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.") | Judge Martinotti already held that *Watts* "is distinguishable" from these cases in *In re Insulin Pricing Litig.*, 2020 WL 831552, at *4-5 (D.N.J. Feb. 20, 2020). In *Watts*, the "plaintiff's allegations of consumer fraud related to 'misrepresentations and omi[ssion of] material facts' made by the defendant drug manufacturer *directly* to the plaintiff." *Id.* at *5 (emphasis added). "Here, Plaintiffs allege their damages stem from artificially inflated AWPs paid by wholesalers and pharmacies *before*" SFP Plaintiffs make their purchases. *Id.* (emphasis in original). Nothing Plaintiffs offer disturbs Judge Martinotti's on-point holding. *See id.*; *see also MSP Recovery Claims Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Arkansas | *City of Rogers, Arkansas v. Caremark PCS Health LLC et al.* | 25-cv-02311 | Arkansas Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Arkansas Rsch. Med. Testing, LLC v. Osborne*, 2011 Ark. 158, 6 (2011) ("[T]here is no cause of action in tort for a breach of the covenant of good faith and fair dealing… We simply see no reason now to recognize a separate contract claim for breach of the duty of good faith and fair dealing. Therefore, a breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between parties."); *Panhandle Oil & Gas, Inc.*, *v. BHP Billiton Pet. (Fayetteville), LLC*, 520 S.W.3d 277, 283 (Ark. Ct. App. 2017) (breach of contract claim must plead "the obligation of defendant thereunder" and "a violation of the defendant"). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Arkansas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Tuohey v. Chenal Healthcare, LLC*, 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016) ("Civil conspiracy is not a separate tort; it must be based on the underlying tortious activity."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Dodson v. Allstate Ins. Co.*, 47 S.W.3d 866, 876 (Ark. 2001)(plaintiff can recover damages for civil conspiracy where two or more persons combine to accomplish a purpose that is unlawful or oppressive); *S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.*, 2010 WL 749562, at *6 (E.D. Ark. March 3, 2010) (upholding civil conspiracy claim along with ADTPA claim); *Zetor North America, Inc. v. Rozeboom*, 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (upholding civil conspiracy claim along with ADTPA claim). (same). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arkansas is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *KBX, Inc. v. Zero Grade Farms*, 639 S.W.3d 352, 364 (Ark. 2022) (holding that a civil conspiracy claim could not stand because the underlying claims of deceit, constructive fraud, and conversion were unsupported). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate.<br><br>Moreover, because a violation of the ADTPA is a "statutory violation," not an intentional tort, *see Edwards v. Camden Operations, LLC*, 2018 WL 3478905, at *9 (W.D. Ark. July 19, 2018); *Tuohey v. Chenal Healthcare, LLC*, 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016), it cannot serve as an "underlying tort" for purposes of supporting a civil conspiracy claim. Nor does plaintiffs' cited authority establish that a civil conspiracy claim may be premised on a statutory claim. *See, e.g., S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.*, 2010 WL 749562, at *1, *4 (E.D. Ark. March 3, 2010) (observing that plaintiff's complaint pled, *inter alia*, "fraud, and civil conspiracy," and upholding civil conspiracy claim because fraud claim survived); *Zetor N. Am., Inc. v. Rozeboom*, 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (finding civil conspiracy claim could be premised upon trademark infringement, which "is a tort"). |
| | | | Arkansas Deceptive Trade Practices Act (Ark. Code. Ann. § 4-88-107, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Apprentice Info. Sys., Inc. v. DataScourt, LLC*, 544 S.W.3d 536, 539 (Ark. 2018) ("Here ... there is simply no 'consumer-oriented act' as required for a cause of action under the ADTPA."); *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013) (affirming grant of summary judgment where alleged conduct "involved farming rather than consumer-oriented acts"); *Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822 (8th Cir. 2015) (ADTPA "does not apply to deception and fraud claims regarding business between a manufacturer and its distributor when consumers are not deceived or defrauded"). | Disagree | *Southeastern Emergency Physicians LLC v. Arkansas health & Wellness Health Plan, Inc.*, 2019 WL 13193960, at *14 (E.D. Ark. Dec. 9, 2019) (ADTPA allegations were consumer oriented because misrepresentations were directed at consumers); *Arkansas ex rel. Griffin v. Syngenta Crop Protection AG*, 2025 WL 551660, at *13 (E.D. Ark. Feb. 19, 2025) (conduct can still be consumer oriented if it raises prices for consumers, even if the Plaintiff did not deal directly with consumers). | SFP Plaintiffs' authority confirms that "the dismissal of ADTPA claims" is proper "where the claims at issue [do] not involve consumer-oriented acts or practices." *Se. Emergency Physicians LLC v. Ark. Health & Wellness Health Plan, Inc.*, 2019 WL 13193960, at *13 (E.D. Ark. Dec. 9, 2019). SFP Plaintiffs' "injury is not consumer oriented," as the Court already held. ECF No. 731 at 19; *see id.* at 20. Rather, they allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to *payors,*" not consumers. ECF No 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Arkansas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Interior Molded Doors Antitrust Litig.* , 2019 WL 4478734, at *22 (E.D. Va. Sept. 18, 2019) (dismissing "Arkansas … unjust enrichment claims" because "plaintiffs cannot use state unjust enrichment laws to get around the Illinois Brick bar on indirect purchaser claims in states without an 'Illinois Brick repealer.'"); *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.* , 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009) (same). | Disagree | *Thompson v. Bayer Corp.* , 2009 WL 362982, at *5 (E.D. Ark. Feb. 12, 2009) (unjust enrichment does not need to come *directly* from the plaintiff and can come from a third-party); *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F.Supp. 3d 814, 849-50 (E.D. Pa. 2019) (non-*Illinois Brick* repealer states including Arkansas allowed suit for unjust enrichment since the complexity with apportioning recovery was not implicated by an unjust enrichment claim); *In re Granulated Sugar Antitrust Litig.* , 2025 WL 3012238, at *16 (D. Minn. Oct. 15, 2025) (denying motion to dismiss Arkansas unjust enrichment claims finding that such claims are not limited by a state's *Illinois Brick* repealer status). | Contrary to Plaintiffs' assertions, "the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust ... statute[]." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *23 (D. Del. July 5, 2022) (citation omitted) (dismissing unjust enrichment claims in states that had not repealed *Illinois Brick* ). Plaintiffs' claim that there is no "complexity with apportioning recovery" from an unjust enrichment claim is equally incorrect: "the concern for double recovery and the apportionment of claims remains." *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019)(dismissing unjust-enrichment claim under Arkansas law); *see In re Namenda Indirect Purchaser Antitrust Litig.* , 2021 WL 2403727, at *35–36 (S.D.N.Y June 11, 2021) (same). |
| | *Hytrol Conveyer Company, Inc. v. Eli Lilly and Company et al* | 25-cv-01415 | Arkansas Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Arkansas Rsch. Med. Testing, LLC v. Osborne* , 2011 Ark. 158, 6 (2011) ("[T]here is no cause of action in tort for a breach of the covenant of good faith and fair dealing… We simply see no reason now to recognize a separate contract claim for breach of the duty of good faith and fair dealing. Therefore, a breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between parties."); *Panhandle Oil & Gas, Inc.* , *v. BHP Billiton Pet. (Fayetteville), LLC* , 520 S.W.3d 277, 283 (Ark. Ct. App. 2017) (breach of contract claim must plead "the obligation of defendant thereunder" and "a violation of the defendant"). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Arkansas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Tuohey v. Chenal Healthcare, LLC* , 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016) ("Civil conspiracy is not a separate tort; it must be based on the underlying tortious activity."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Dodson v. Allstate Ins. Co.* , 47 S.W.3d 866, 876 (Ark. 2001)(plaintiff can recover damages for civil conspiracy where two or more persons combine to accomplish a purpose that is unlawful or oppressive); *S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.* , 2010 WL 749562, at *6 (E.D. Ark. March 3, 2010) (upholding civil conspiracy claim along with ADTPA claim); *Zetor North America, Inc. v. Rozeboom* , 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (upholding civil conspiracy claim along with ADTPA claim). (same). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arkansas is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *KBX, Inc. v. Zero Grade Farms* , 639 S.W.3d 352, 364 (Ark. 2022) (holding that a civil conspiracy claim could not stand because the underlying claims of deceit, constructive fraud, and conversion were unsupported). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate.<br><br>Moreover, because a violation of the ADTPA is a "statutory violation," not an intentional tort, *see Edwards v. Camden Operations, LLC* , 2018 WL 3478905, at *9 (W.D. Ark. July 19, 2018); *Tuohey v. Chenal Healthcare, LLC* , 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016), it cannot serve as an "underlying tort" for purposes of supporting a civil conspiracy claim. Nor does plaintiffs' cited authority establish that a civil conspiracy claim may be premised on a statutory claim. *See, e.g., S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.* , 2010 WL 749562, at *1, *4 (E.D. Ark. March 3, 2010) (observing that plaintiff's complaint pled, *inter alia* , "fraud, and civil conspiracy," and upholding civil conspiracy claim because fraud claim survived); *Zetor N. Am., Inc. v. Rozeboom* , 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (finding civil conspiracy claim could be premised upon trademark infringement, which "is a tort"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Arkansas Deceptive Trade Practices Act (Ark. Code. Ann. § 4-88-107, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Apprentice Info. Sys., Inc. v. DataScourt, LLC* , 544 S.W.3d 536, 539 (Ark. 2018) ("Here ... there is simply no 'consumer-oriented act' as required for a cause of action under the ADTPA."); *Skalla v. Canepari* , 430 S.W.3d 72, 82 (Ark. 2013) (affirming grant of summary judgment where alleged conduct "involved farming rather than consumer-oriented acts"); *Stonebridge Collection, Inc. v. Carmichael* , 791 F.3d 811, 822 (8th Cir. 2015) (ADTPA "does not apply to deception and fraud claims regarding business between a manufacturer and its distributor when consumers are not deceived or defrauded"). | Disagree | *Southeastern Emergency Physicians LLC v. Arkansas health & Wellness Health Plan, Inc.* , 2019 WL 13193960, at *14 (E.D. Ark. Dec. 9, 2019) (ADTPA allegations were consumer oriented because misrepresentations were directed at consumers); *Arkansas ex rel. Griffin v. Syngenta Crop Protection AG* , 2025 WL 551660, at *13 (E.D. Ark. Feb. 19, 2025) (conduct can still be consumer oriented if it raises prices for consumers, even if the Plaintiff did not deal directly with consumers). | SFP Plaintiffs' authority confirms that "the dismissal of ADTPA claims" is proper "where the claims at issue [do] not involve consumer-oriented acts or practices." *Se. Emergency Physicians LLC v. Ark. Health & Wellness Health Plan, Inc.* , 2019 WL 13193960, at *13 (E.D. Ark. Dec. 9, 2019). SFP Plaintiffs' "injury is not consumer oriented," as the Court already held. ECF No. 731 at 19; *see id* . at 20. Rather, they allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to *payors,* " not consumers. ECF No 256 at 38. |
| | | | Arkansas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Interior Molded Doors Antitrust Litig.* , 2019 WL 4478734, at *22 (E.D. Va. Sept. 18, 2019) (dismissing "Arkansas … unjust enrichment claims" because "plaintiffs cannot use state unjust enrichment laws to get around the Illinois Brick bar on indirect purchaser claims in states without an 'Illinois Brick repealer.'"); *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.* , 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009) (same). | Disagree | *Thompson v. Bayer Corp.* , 2009 WL 362982, at *5 (E.D. Ark. Feb. 12, 2009) (unjust enrichment does not need to come *directly* from the plaintiff and can come from a third-party); *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F.Supp. 3d 814, 849-50 (E.D. Pa. 2019) (non-*Illinois Brick* repealer states including Arkansas allowed suit for unjust enrichment since the complexity with apportioning recovery was not implicated by an unjust enrichment claim); *In re Granulated Sugar Antitrust Litig.* , 2025 WL 3012238, at *16 (D. Minn. Oct. 15, 2025) (denying motion to dismiss Arkansas unjust enrichment claims finding that such claims are not limited by a state's *Illinois Brick* repealer status). | Contrary to Plaintiffs' assertions, "the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust ... statute[]." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *23 (D. Del. July 5, 2022) (citation omitted) (dismissing unjust enrichment claims in states that had not repealed *Illinois Brick* ). Plaintiffs' claim that there is no "complexity with apportioning recovery" from an unjust enrichment claim is equally incorrect: "the concern for double recovery and the apportionment of claims remains." *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019)(dismissing unjust-enrichment claim under Arkansas law); *see In re Namenda Indirect Purchaser Antitrust Litig.* , 2021 WL 2403727, at *35–36 (S.D.N.Y June 11, 2021) (same). |
| | *St. Joseph's Holdings, LLC v. Eli Lilly and Company et al* | 25-cv-01163 | Arkansas Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Arkansas Rsch. Med. Testing, LLC v. Osborne* , 2011 Ark. 158, 6 (2011) ("[T]here is no cause of action in tort for a breach of the covenant of good faith and fair dealing… We simply see no reason now to recognize a separate contract claim for breach of the duty of good faith and fair dealing. Therefore, a breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between parties."); *Panhandle Oil & Gas, Inc.* , *v. BHP Billiton Pet. (Fayetteville), LLC* , 520 S.W.3d 277, 283 (Ark. Ct. App. 2017) (breach of contract claim must plead "the obligation of defendant thereunder" and "a violation of the defendant"). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Arkansas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Tuohey v. Chenal Healthcare, LLC* , 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016) ("Civil conspiracy is not a separate tort; it must be based on the underlying tortious activity."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Dodson v. Allstate Ins. Co.* , 47 S.W.3d 866, 876 (Ark. 2001); *S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.* , 2010 WL 749562, at *6 (E.D. Ark. March 3, 2010) (upholding civil conspiracy claim along with ADTPA claim); *Zetor North America, Inc. v. Rozeboom* , 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (upholding civil conspiracy claim along with ADTPA claim). (same). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Arkansas is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 2. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *KBX, Inc. v. Zero Grade Farms* , 639 S.W.3d 352, 364 (Ark. 2022) (holding that a civil conspiracy claim could not stand because the underlying claims of deceit, constructive fraud, and conversion were unsupported). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate.<br><br>Moreover, because a violation of the ADTPA is a "statutory violation," not an intentional tort, *see Edwards v. Camden Operations, LLC* , 2018 WL 3478905, at *9 (W.D. Ark. July 19, 2018); *Tuohey v. Chenal Healthcare, LLC* , 173 F. Supp. 3d 804, 812 (E.D. Ark. 2016), it cannot serve as an "underlying tort" for purposes of supporting a civil conspiracy claim. Nor does plaintiffs' cited authority establish that a civil conspiracy claim may be premised on a statutory claim. *See, e.g., S&S Sales, Inc., v. Pancho's Mexican Foods, Inc.* , 2010 WL 749562, at *1, *4 (E.D. Ark. March 3, 2010) (observing that plaintiff's complaint pled, *inter alia* , "fraud, and civil conspiracy," and upholding civil conspiracy claim because fraud claim survived); *Zetor N. Am., Inc. v. Rozeboom* , 2018 WL 3865411, at *15 (W.D. Ark. Aug. 14, 2018) (finding civil conspiracy claim could be premised upon trademark infringement, which "is a tort"). |
| | | | Arkansas Deceptive Trade Practices Act (Ark. Code. Ann. § 4-88-107, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Apprentice Info. Sys., Inc. v. DataScourt, LLC* , 544 S.W.3d 536, 539 (Ark. 2018) ("Here ... there is simply no 'consumer-oriented act' as required for a cause of action under the ADTPA."); *Skalla v. Canepari* , 430 S.W.3d 72, 82 (Ark. 2013) (affirming grant of summary judgment where alleged conduct "involved farming rather than consumer-oriented acts"); *Stonebridge Collection, Inc. v. Carmichael* , 791 F.3d 811, 822 (8th Cir. 2015) (ADTPA "does not apply to deception and fraud claims regarding business between a manufacturer and its distributor when consumers are not deceived or defrauded"). | Disagree | *Southeastern Emergency Physicians LLC v. Arkansas health & Wellness Health Plan, Inc.* , 2019 WL 13193960, at *14 (E.D. Ark. Dec. 9, 2019) (ADTPA allegations were consumer oriented because misrepresentations were directed at consumers); *Arkansas ex rel. Griffin v. Syngenta Crop Protection AG* , 2025 WL 551660, at *13 (E.D. Ark. Feb. 19, 2025) (conduct can still be consumer oriented if it raises prices for consumers, even if the Plaintiff did not deal directly with consumers). | SFP Plaintiffs' authority confirms that "the dismissal of ADTPA claims" is proper "where the claims at issue [do] not involve consumer-oriented acts or practices." *Se. Emergency Physicians LLC v. Ark. Health & Wellness Health Plan, Inc.* , 2019 WL 13193960, at *13 (E.D. Ark. Dec. 9, 2019). SFP Plaintiffs' "injury is not consumer oriented," as the Court already held. ECF No. 731 at 19; *see id* . at 20. Rather, they allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to *payors,* " not consumers. ECF No 256 at 38. |
| | | | Arkansas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Interior Molded Doors Antitrust Litig.* , 2019 WL 4478734, at *22 (E.D. Va. Sept. 18, 2019) (dismissing "Arkansas … unjust enrichment claims" because "plaintiffs cannot use state unjust enrichment laws to get around the Illinois Brick bar on indirect purchaser claims in states without an 'Illinois Brick repealer.'"); *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.* , 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009) (same). | Disagree | *Thompson v. Bayer Corp.* , 2009 WL 362982, at *5 (E.D. Ark. Feb. 12, 2009) (unjust enrichment does not need to come *directly* from the plaintiff and can come from a third-party); *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F.Supp. 3d 814, 849-50 (E.D. Pa. 2019) (non-*Illinois Brick* repealer states including Arkansas allowed suit for unjust enrichment since the complexity with apportioning recovery was not implicated by an unjust enrichment claim); *In re Granulated Sugar Antitrust Litig.* , 2025 WL 3012238, at *16 (D. Minn. Oct. 15, 2025) (denying motion to dismiss Arkansas unjust enrichment claims finding that such claims are not limited by a state's *Illinois Brick* repealer status). | Contrary to Plaintiffs' assertions, "the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust ... statute[]." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *23 (D. Del. July 5, 2022) (citation omitted) (dismissing unjust enrichment claims in states that had not repealed *Illinois Brick* ). Plaintiffs' claim that there is no "complexity with apportioning recovery" from an unjust enrichment claim is equally incorrect: "the concern for double recovery and the apportionment of claims remains." *In re Novartis & Par Antitrust Litig.* , 2019 WL3841711, at *6 (S.D.N.Y. Aug. 15, 2019)(dismissing unjust-enrichment claim under Arkansas law); *see In re Namenda Indirect Purchaser Antitrust Litig.* , 2021 WL 2403727, at *35–36 (S.D.N.Y June 11, 2021) (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| California | *Alhambra Unified School District v. Eli Lilly and Company et al* | 25-cv-12351 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Centinela Valley Union High School District v. Eli Lilly and Company et al.* | 25-cv-00487 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Clovis Unified School District v. Eli Lilly and Company et al* | 25-cv-03622 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Downey Unified School District v. Eli Lilly and Company, et al.* | 26-cv-00495 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Hawthorne School District v. Eli Lilly and Company et al.* | 25-cv-00352 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Montage Health v. Eli Lilly and Company et al.* | 25-cv-00475 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | California Money Had and Received | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Avidor v. Sutter's Place, Inc.* , 151 Cal. Rptr. 3d 804, 816 (Cal. Ct. App. 2013) ("A common count [of money had and received] is not a specific cause of action ... ."); *McBride v. Boughton,* 20 Cal. Rptr. 3d 115, 127 (Cal. Ct. App. 2004) (denying money had and received count when related cause of action failed). | Disagree | *Schultz v. Harney* , 27 Cal. App. 4th 1611, 1623 (2 Dist. Ct. of Appeal 1994) ("A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."); *Birddog Technology Ltd. v. 2082 Technology, LLC,* 2024 WL 1142057 (C.D. Cal. Mar. 11, 2024) (upholidng money had and received cause of action); *Avidor v. Sutter's Place, Inc.* , 212 Cal. App. 4th 1439, 1454 (6 Dist. Ct. Ct. of Appeal 2013) (internal citations omitted) (claim is viable "'wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.'"); *see also* CACI No. 370 (California Jury Instructions on "Common Count: Money Had and Received"). | The money had and received claim should be dismissed because it is derivative of the unjust enrichment claim.<br><br>As explained herein, the California unjust enrichment claim is subject to dismissal; and with the dismissal of the unjust enrichment claim, the money had and received claim necessarily fails as well. *See Kouball v. Seaworld Parks and Entertainment, Inc.* , 2021 WL 4947877, at *1 (9th Cir. Oct. 25, 2021) (holding that claim for money had and received was "properly dismissed" because such claims "stand or fall" with unjust enrichment claim that is "based on the same facts and seek the same recovery"); *see also McBride v. Boughton* , 20 Cal. Rptr. 3d 115, 127 (Cal. Ct. App. 2004) ("[A] common count for money had and received is not a specific cause of action, . . . it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory. When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable.") (collecting cases). |
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *National School District v. Eli Lilly and Company, et al.* | 26-cv-00511 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Oceanside Unified School District v. Eli Lilly and Company et al.* | 24-cv-10540 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Salinas Valley Health v. Eli Lilly and Company et al.* | 25-cv-00490 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | California Money Had and Received | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Avidor v. Sutter's Place, Inc.* , 151 Cal. Rptr. 3d 804, 816 (Cal. Ct. App. 2013) ("A common count [of money had and received] is not a specific cause of action ... ."); *McBride v. Boughton,* 20 Cal. Rptr. 3d 115, 127 (Cal. Ct. App. 2004) (denying money had and received count when related cause of action failed). | Disagree | *Schultz v. Harney* , 27 Cal. App. 4th 1611, 1623 (2 Dist. Ct. of Appeal 1994) ("A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."); *Birddog Technology Ltd. v. 2082 Technology, LLC,* 2024 WL 1142057 (C.D. Cal. Mar. 11, 2024) (upholidng money had and received cause of action); *Avidor v. Sutter's Place, Inc.* , 212 Cal. App. 4th 1439, 1454 (6 Dist. Ct. Ct. of Appeal 2013) (internal citations omitted) (claim is viable "'wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.'"); *see also* CACI No. 370 (California Jury Instructions on "Common Count: Money Had and Received"). | The money had and received claim should be dismissed because it is derivative of the unjust enrichment claim.<br><br>As explained herein, the California unjust enrichment claim is subject to dismissal; and with the dismissal of the unjust enrichment claim, the money had and received claim necessarily fails as well. *See Kouball v. Seaworld Parks and Entertainment, Inc.* , 2021 WL 4947877, at *1 (9th Cir. Oct. 25, 2021) (holding that claim for money had and received was "properly dismissed" because such claims "stand or fall" with unjust enrichment claim that is "based on the same facts and seek the same recovery"); *see also McBride v. Boughton* , 20 Cal. Rptr. 3d 115, 127 (Cal. Ct. App. 2004) ("[A] common count for money had and received is not a specific cause of action, . . . it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory. When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable.") (collecting cases). |
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *San Marino Unified School District v. Eli Lilly and Company et al* | 25-cv-05692 | California Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *MH Pillars Ltd. v. Realini* , 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damages result therefrom."); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 7 Cal. 4th 503, 511, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See AREI II Cases* , 216 Cal. App. 4th 1004, 1025 (2013) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in California is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 3-5. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd* ., 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | California Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Hill v. Roll Internat. Corp.* , 128 Cal. Rptr. 3d 109, 118 (Cal. Ct. App. 2011) ("[Plaintiff's] claim for unjust enrichment fails as well. Unjust enrichment is not a cause of action, just a restitution claim. ... There being no actionable wrong, there is no basis for the relief.") | Disagree | *Astiana v. Hain Celestial Group, Inc* ., 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim and holding that in California, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.); *Cosmonova, LLC v. BioFilm, Inc.* , 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (court refused to dismiss cause of action for unjust enrichment at pleading stage); *ESG Cap. Partners, LP* , 828 F.3d 1023 1039 (9th Cir. 2016) (allowing unjust enrichment claim to proceed "as an independent cause of action" or alternatively "a quasi-contract claim for restitution"); *Prakashpalan v. Engstrom, Lipscomb & Lack* , 223 Cal. App. 4th 1105, 1132 (allowing plaintiffs to state a cause of action for unjust enrichment). | Since Astiana, the Ninth Circuit has clarified that a claim for restitution cannot coexist with a CLRA claim based on the same theory. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (finding "the operative complaint d[id] not allege that Sonner lacks an adequate legal remedy"); Bryan v. Apple Inc., No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023) (granting motion to dismiss claim for restitution and unjust enrichment where plaintiffs "fail[ed] to explain how their claims for damages and equitable relief are based on different theories"); Roffman v. Rebbl, Inc., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); Lisner v. Sparc Group LLC, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "Sonner's reasoning applies at the pleading stage"); see also Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022) (confirming that the availability of CLRA damages precludes equitable claims, even where CLRA claim was time-barred). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *San Ysidro School District v. Eli Lilly and Company et al.* | 25-cv-00358 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Silgan Containers Manufacturing Corp. et al. v. Eli Lilly and Company et al.* | 25-cv-00384 | California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200 et. seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *ChromaDex, Inc. v. Elysium Health, Inc.* , 301 F. Supp. 3d 963, 975 (C.D. Cal. 2017) (UCL does not apply to "dispute between commercial parties over their economic relationship"); *Pierry, Inc. v. Thirty-One Gifts, LLC* , 2017 WL 4236934, at *7 (N.D. Cal. Sept. 25, 2017) (UCL "is not generally appropriate for resolving sophisticated business finance issues"); *In re Webkinz Antitrust Litig.* , 695 F. Supp. 2d 987, 999 (N.D. Cal. 2010) (UCL is "similar" to NYGBL in that it requires consumer-oriented conduct). | Disagree | *W.A. Call Mfg. Co., Inc. v. WiLine Networks Inc.* , 2025 WL 1507089, at *2 (N.D. Cal. May 27, 2025) (finding that business customers can avail themselves of the UCL and noting that "[t]he central issue presented by a UCL claim "is whether the public at large, or consumers generally, are affected by the alleged ulawful business practice."); *Bay City Surgery Ctr., Inc. v. ILWU-PMA Welfare Plan Bd. of Trs. & ILWU-PMA Welfare Plan* , 2018 WL 1942765, at *2 (C.D. Cal. Feb. 1, 2018) (allowing self-funded payor to bring action under UCL against surgical centers engaging in deceptive billing); *BladeRoom Group Ltd. v. Facebook, Inc.* , 219 F. Supp. 3d 984, 994-95 (N.D. Cal. 2017) (upholding UCL claim by data center and its licensee noting that "[n]othing in the UCL's text limits claims only to consumers or competitors, though both types of plaintiffs can certainly qualify under its language" and that the statute's coverage is broad); *Coast Surgery Ctr. v. Cigna Health and Life Ins. Co.* , 2023 WL 10405133, *6 (C.D. Cal. Aug. 1, 2023) (rejecting defendant's claimt that plaintiff surgery center was not entitled to bring a UCL claim and rejecting argument that it was a business rather than a consumer). | SFP Plaintiffs misunderstand Defendants' argument. ("[T]he UCL was enacted to protect business competitors and consumers, not 'commercial parties over their economic relationship.'" *Karns & Karns LLP v. Quintessa Mktg., LLC* , 2023 WL 9894465, at *5 (C.D. Cal. Oct. 12, 2023) (citation omitted)"). Whether or not "business customers can avail themselves of the UCL," SFP Plaintiffs must still show that the challenged conduct "involve[s] either the public or individual consumers," as their own authority demonstrates. *W.A. Call Mfg. Co. v. WiLine Networks Inc* ., 2025 WL 1507089, at *2 (N.D. Cal. May 27, 2025) ("The central issue presented by a UCL claim 'is whether the public at large, or consumers generally, are affected by the alleged unlawful business practice.'" (citation omitted)). As the Court has already held, SFP Plaintiffs' "injury is not consumer oriented." ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Colorado | *Contractors Health Trust v. Caremark et al.* | 25-cv-00481 | Colorado Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Sterenbuch v. Goss* , 266 P.3d 428, 435 (Colo. App. 2011) (*quoting Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.* , 97 P.3d 140, 146 (Colo. App. 2003), *overruled on other grounds by L.H.M. Corp., TCD v. Martinez* , 499 P.3d 1055-56 (Colo. 2021)). ("'[Civil] conspiracy is a derivative cause of action . . . .'" (alteration in original)); *Rosenblum v. Budd* , 538 P.3d 354, 367 (Colo. Ct. App. 2023) ("Civil conspiracy is a derivative cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Double Oak Const. L.L.C. v. Cornerstone Dev. Int'l, L.L.C.* , 97 P.3d 140 (Colo. App. 2003) (upholding civil conspiracy damages based on underlying violation of CUFTA). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Colorado is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 6. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Vickery v. Evelyn V. Trumble Living Tr.* , 277 P.3d 864, 871 (Colo. App. 2011) ("[A] conspiracy claim fails in the absence of a legal wrong to support it."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Colorado Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig.* , 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Colorado" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.* , 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | Neither privity or a "direct" benefit is required to state a claim for unnjust enrichment. *See Salzman v. Bachrach* , 996 P.2d 1263, 1265 (Colo. 2000); *Dove Valley Bus. Park Assocs. v. Bd. of Cnty. Comm'rs. of Arapahoe Cnty.,* 945 P.2d 395, 403 (Colo. 1997). *See also In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) (upholding unjust enrichment claims by indirect purchasers). | Plaintiffs' cited authority is inapposite and an impermissible attempt to "end run" Illinois Brick, given Colorado's failure to "enact[] an *Illinois Brick* repealer statute." *In re Lidoderm Antitrust Litig.* , 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). The *Salzman* case involved claims between ex-cohabitants about the division of contributions to the shared home—a direct relationship that is distinct from the attenuated pharmaceutical supply chain relationship alleged here. *Salzman v. Bachrach* , 996 P.2d 1263, 1265 (Colo. 2000). And in *Dove Valley* , the court specifically "[did] not reach the question of the circumstances under which any benefit was conveyed because we conclude that the taxpayers did not convey a benefit to the county." *Dove Valley Bus. Park Assocs., Ltd. v. Bd. of Cnty. Comm'rs. of Arapahoe Cnty.* , 945 P.2d 395, 403 (Colo. 1997). Even the Court in *In re K-Dur Antitrust Litigation* found persuasive "cases holding that where the applicable state law bars antitrust actions for damages by indirect purchasers, or simply does not recognize a private cause of action for antitrust violations, a plaintiff cannot circumvent the statutory framework by recasting an antitrust claim as one for unjust enrichment." *In re K-Dur Antitrust Litig.* , 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Denver Public Schools v. Eli Lilly and Company, et al.* | 26-cv-00515 | Colorado Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Sterenbuch v. Goss* , 266 P.3d 428, 435 (Colo. App. 2011) (*quoting Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.* , 97 P.3d 140, 146 (Colo. App. 2003), *overruled on other grounds by L.H.M. Corp., TCD v. Martinez* , 499 P.3d 1055-56 (Colo. 2021)). ("'[Civil] conspiracy is a derivative cause of action . . . .'" (alteration in original)); *Rosenblum v. Budd* , 538 P.3d 354, 367 (Colo. Ct. App. 2023) ("Civil conspiracy is a derivative cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Double Oak Const. L.L.C. v. Cornerstone Dev. Int'l, L.L.C.* , 97 P.3d 140 (Colo. App. 2003) (upholding civil conspiracy damages based on underlying violation of CUFTA). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Colorado is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 6. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Vickery v. Evelyn V. Trumble Living Tr.* , 277 P.3d 864, 871 (Colo. App. 2011) ("[A] conspiracy claim fails in the absence of a legal wrong to support it."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Colorado Consumer Protection Act | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 404 n.10, 408 & n.12 (E.D. Pa. 2010) (conduct actionable under CCPA only if "aimed at consumers"); *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Linings, Inc.*, 62 P.3d 142, 149 (Colo. 2003) (en banc) (plaintiff must show the "challenged practice significantly impacts the public as actual or potential consumers"). | Disagree | The Colorado Consumer Protection Act "protects more than just actual or potential consumers." *Hall v. Walter*, 969 P.2d 224, 231 (Colo. 1998). Further, the "public impact" prong of a CCPA claim is routinely treated as a question of fact and evaluated by a jury. *One Creative Place, LLC v. Jet Ctr. Partners, LLC,* 259 P.3d 1287, 1289 (Colo. App. 2011). *See also*, *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1242 (D. Colo. 2010). Finally, Defendant Eli Lilly has successfully asserted the same CCPA claims as a Plaintiff that it asks the Court to reject here. *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp 3d 708, 732-7 (S.D. Tex. 2025). | SFP Plaintiffs' authority confirms that "the challenged practice must *significantly impact the public* as actual or potential consumers." *Hall v. Walter*, 969 P.2d 224, 231 (Colo. 1998); *Ivar v. Elk River Partners, LLC.*, 705 F. Supp. 2d 1220, 1242 (D. Colo. 2010) (denying dismissal because there was "no allegation that Plaintiffs or other prospective purchasers were sophisticated business people"); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F.Supp.2d 1200, 1216 (D.N.M. 2011) (rejecting CCPA claim because Colorado courts "have implied that it is consumers, rather than private businesses, who are the intended beneficiaries of the Act." (internal citation omitted)). And courts routinely dismiss CCPA claims where the plaintiff's failure to plead conduct directed to or impacting consumers is apparent from the face of the complaint. *E.g.*, *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 408 (E.D. Pa. 2010) (dismissing claim). Furthermore, "where the controlling facts are undisputed, the existence or lack of public impact may be determined as a matter of law." *One Creative Place, LLC v. Jet Ctr. Partners, LLC*, 259 P.3d 1287, 1289 (Colo. App. 2011). Here, SFP Plaintiffs' "injury is not consumer oriented," as the Court already held. ECF No. 731 at 19. They allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. To Plaintiffs' secondary point that "Eli Lilly has successfully asserted the same CCPA claims as a Plaintiff that it asks the Court to reject here," that court also held that, "Colorado courts will not allow claims to proceed if they are in essence individual contract or tort claims." *See Eli Lilly & Co. v. Revive Rx, LLC*, 812 F.Supp.3d 708, 734 (S.D. Tex. 2025) (internal citation omitted.) In that case, the court allowed Lilly's claims to proceed because it alleged a tangible impact on consumers, including "at least one thousand reports of adverse events" as a result of the mass distribution of unsafe compounded drugs. *Id.* at 735. |
| | | | Colorado Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Colorado" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | Neither privity or a "direct" benefit is required to state a claim for unjust enrichment. *See Salzman v. Bachrach*, 996 P.2d 1263, 1265 (Colo. 2000); *Dove Valley Bus. Park Assocs. v. Bd. of Cnty. Comm'rs. of Arapahoe Cnty.,* 945 P.2d 395, 403 (Colo. 1997). *See also In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004) (upholding unjust enrichment claims by indirect purchasers under the law of all 50 states, Puerto Rico and the District of Columbia). | Plaintiffs' cited authority is inapposite and an impermissible attempt to "end run" Illinois Brick, given Colorado's failure to "enact[] an *Illinois Brick* repealer statute." *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). The *Salzman* case involved claims between ex-cohabitants about the division of contributions to the shared home—a direct relationship that is distinct from the attenuated pharmaceutical supply chain relationship alleged here. *Salzman v. Bachrach*, 996 P.2d 1263, 1265 (Colo. 2000). And in *Dove Valley*, the court specifically "[did] not reach the question of the circumstances under which any benefit was conveyed because we conclude that the taxpayers did not convey a benefit to the county." *Dove Valley Bus. Park Assocs., Ltd. v. Bd. of Cnty. Comm'rs. of Arapahoe Cnty.*, 945 P.2d 395, 403 (Colo. 1997). Even the Court in *In re K-Dur Antitrust Litigation* found persuasive "cases holding that where the applicable state law bars antitrust actions for damages by indirect purchasers, or simply does not recognize a private cause of action for antitrust violations, a plaintiff cannot circumvent the statutory framework by recasting an antitrust claim as one for unjust enrichment." *In re K-Dur Antitrust Litig.*, 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Connecticut | *City of Meriden, Connecticut v. Eli Lilly and Company et al.* | 25-cv-01809 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Middletown, Connecticut v. Eli Lilly and Company, et al.* | 25-cv-15859 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | *City of New Haven, Connecticut v. Eli Lilly and Company, et al.* | 26-cv-01542 | Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Massaro v. Ocean State Job Lot of CT2009, LLC*, 2023 WL 2385769, at *2 (Conn. Super. Ct. Mar. 3, 2023) ("A claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim. It derives from a contract, express or implied."); *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC,* 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Defenses' authority arguing identification of a provision goes to a breach of contract claim, not to Plaintiff's implied covenant claim. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *see also Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Connecticut requires Plaintiffs to tie their breach of the implied covenant of good faith and fair dealing claims to a specific contract term. *D2E Holdings, LLC v. Corp. for Urb. Home Ownership of New Haven*, 277 A.3d 261 (Conn. App. 2022) (quoting *Geysen v. Securitas Security Services USA, Inc.*, 142 A.3d 227, 237 (Conn. 2016)) ("[S]tated otherwise, the claim [that the implied covenant has been breached] must be tied to an alleged breach of a specific contract term, often one that allows for discretion on the part of the party alleged to have violated the duty ...."); *Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc*., 30 A.3d 38, 48 (Conn. App. 2011), *aff'd*, 311 Conn. 123, 84 A.3d 840 (2014)) ("Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."). |
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Norwalk, Connecticut v. Eli Lilly and Company, et al.* | 26-cv-01624 | Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Massaro v. Ocean State Job Lot of CT2009, LLC*, 2023 WL 2385769, at *2 (Conn. Super. Ct. Mar. 3, 2023) ("A claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim. It derives from a contract, express or implied."); *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC,* 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Defenses' authority arguing identification of a provision goes to a breach of contract claim, not to Plaintiff's implied covenant claim. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *see also Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Connecticut requires Plaintiffs to tie their breach of the implied covenant of good faith and fair dealing claims to a specific contract term. *D2E Holdings, LLC v. Corp. for Urb. Home Ownership of New Haven*, 277 A.3d 261 (Conn. App. 2022) (quoting *Geysen v. Securitas Security Services USA, Inc.*, 142 A.3d 227, 237 (Conn. 2016)) ("[S]tated otherwise, the claim [that the implied covenant has been breached] must be tied to an alleged breach of a specific contract term, often one that allows for discretion on the part of the party alleged to have violated the duty ...."); *Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc*., 30 A.3d 38, 48 (Conn. App. 2011), *aff'd*, 311 Conn. 123, 84 A.3d 840 (2014)) ("Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."). |
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Torrington, Connecticut v. Eli Lilly and Company, et al.* | 25-cv-15846 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | *Heat and Frost Insulators Local No. 33 Health Fund v. Eli Lilly and Company et al.* | 24-cv-06233 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *International Union of Operating Engineers Local No. 478 Health Benefits Fund v. Eli Lilly and Company et al.* | 24-cv-06303 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or “derivative of injuries to a third party.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) (“standing under CUTPA requires that the plaintiff have ‘some sort of business relationship’ with the defendant”); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries “too indirect and remote . . . to recover under CUTPA.” *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | *Iron Workers’ Locals No. 15 and 424 Extended Benefit Fund v. Eli Lilly and Company et al.* | 24-cv-07720 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or “derivative of injuries to a third party.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) (“standing under CUTPA requires that the plaintiff have ‘some sort of business relationship’ with the defendant”); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries “too indirect and remote . . . to recover under CUTPA.” *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | *New England Health Care Employees Welfare Fund v. Eli Lilly and Company et al.* | 24-cv-08770 | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or “derivative of injuries to a third party.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) (“standing under CUTPA requires that the plaintiff have ‘some sort of business relationship’ with the defendant”); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries “too indirect and remote . . . to recover under CUTPA.” *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | *Nuvance Health et al. v. Eli Lilly and Company et al.* | 25-cv-00391 | Breach of Contract (Connecticut Law) | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC*, 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 718 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Plaintiff alleges injuries as a result of PBM Defendants’ breach of the duty of good faith and fair dealing, not an express breach found in Defense’s authority. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM’s discretion to promote their self-interest. | Plaintiffs' arguments and cited authority are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Instead, Plaintiffs cite to cases concerning the duty of good faith and fair dealing. A breach of contract claim is distinct from a claim of breach of the implied duty of good faith and fair dealing. *See Kelly v. Kurtz*, 219 A.3d 948, 964 (Conn. App. 2019) (finding that the plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing "overlapped, but they were not identical" because the jury did not have to reach a finding of improper motive for the breach of contract claim). Plaintiffs further concede in their response to the Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing that they are required to identify specific contract provisions for their breach of contract claims. They have failed to do so here. |
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or “derivative of injuries to a third party.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) (“standing under CUTPA requires that the plaintiff have ‘some sort of business relationship’ with the defendant”); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so.” *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries “too indirect and remote . . . to recover under CUTPA.” *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The City of Bridgeport, Connecticut, et al. v. Eli Lilly and Company, et al.* | 26-cv-00379 | Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Massaro v. Ocean State Job Lot of CT2009, LLC*, 2023 WL 2385769, at *2 (Conn. Super. Ct. Mar. 3, 2023) ("A claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim. It derives from a contract, express or implied."); *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC,* 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Defenses' authority arguing identification of a provision goes to a breach of contract claim, not to Plaintiff's implied covenant claim. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *see also Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Connecticut requires Plaintiffs to tie their breach of the implied covenant of good faith and fair dealing claims to a specific contract term. *D2E Holdings, LLC v. Corp. for Urb. Home Ownership of New Haven*, 277 A.3d 261 (Conn. App. 2022) (quoting *Geysen v. Securitas Security Services USA, Inc.*, 142 A.3d 227, 237 (Conn. 2016)) ("[S]tated otherwise, the claim [that the implied covenant has been breached] must be tied to an alleged breach of a specific contract term, often one that allows for discretion on the part of the party alleged to have violated the duty ...."); *Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc*., 30 A.3d 38, 48 (Conn. App. 2011), *aff'd*, 311 Conn. 123, 84 A.3d 840 (2014)) ("Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."). |
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | | | Minnesota Breach of Implied Covenant of Good Faith and Fair Dealing | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | | Disagree | *In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494 (Minn. 1995) (holding that a plaintiff may state a claim for breach of the implied covenant of good faith and fair dealing without first establishing an express breach of contract). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Plaintiffs' citation to *Hennepin* highlights the deficiency in Plaintiffs' pleading. *Hennepin* makes clear that a claim for a breach of the implied covenant of good faith and fair dealing must be anchored by an identified contract provisions and a specific discretionary act. The Eighth Circuit, applying *Hennepin*, dismissed an implied-covenant claim for that precise defect and is applicable here. *See Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 671 (8th Cir. 2012) (dismissing claims where "homeowners have failed to identify any term of the mortgage agreement that the lender had power to specify and for which it abused this power.")<br>Further, Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Town of Glastonbury, Connecticut, et al. v. Eli Lilly and Company, et al.* | 26-cv-00684 | Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Massaro v. Ocean State Job Lot of CT2009, LLC*, 2023 WL 2385769, at *2 (Conn. Super. Ct. Mar. 3, 2023) ("A claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim. It derives from a contract, express or implied."); *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC,* 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Defenses' authority arguing identification on a provision goes to a breach of contract claim, not to Plaintiff's implied covenant claim. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *see also Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Connecticut requires Plaintiffs to tie their breach of the implied covenant of good faith and fair dealing claims to a specific contract term. *D2E Holdings, LLC v. Corp. for Urb. Home Ownership of New Haven*, 277 A.3d 261 (Conn. App. 2022) (quoting *Geysen v. Securitas Security Services USA, Inc.*, 142 A.3d 227, 237 (Conn. 2016)) ("[S]tated otherwise, the claim [that the implied covenant has been breached] must be tied to an alleged breach of a specific contract term, often one that allows for discretion on the part of the party alleged to have violated the duty ...."); *Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc*., 30 A.3d 38, 48 (Conn. App. 2011), *aff'd*, 311 Conn. 123, 84 A.3d 840 (2014)) ("Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."). |
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC*, 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.*, 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.*, 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Town of Southington, Connecticut v. Eli Lilly and Company, et al.* | 26-cv-00795 | Connecticut Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Massaro v. Ocean State Job Lot of CT2009, LLC*, 2023 WL 2385769, at *2 (Conn. Super. Ct. Mar. 3, 2023) ("A claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim. It derives from a contract, express or implied."); *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC,* 665 F. Supp. 3d 236, 244 (D. Conn. 2023) ("In asserting a breach of contract claim, the complaint must allege the provisions of the contract upon which the claim is based."); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (dismissing contract claim where "plaintiffs[] fail to allege the provisions of the written agreements upon which their claim is based"). | Disagree | Defenses' authority arguing identification on a provision goes to a breach of contract claim, not to Plaintiff's implied covenant claim. Plaintiff properly alleged Defendants used their discretion in a pretextual manner, there by acting in bad faith. *Brunjes v. TD Bank, N.A.*, 2025 WL 868544, at *5 (Conn. Super. Ct. Mar. 10, 2025); *see also Weiler v. Portfolioscope, Inc.*, 12 N.E.3d 354, 363 (Mass. 2014) (considering party's desire to enrich another at expense of plaintiff in determining breach of covenant of good faith and fair dealing). Dismissal, if any, should be without prejudice to allow Plaintiff to identify the contractual provision breached and additionally plead PBM's discretion to promote their self-interest. | Connecticut requires Plaintiffs to tie their breach of the implied covenant of good faith and fair dealing claims to a specific contract term. *D2E Holdings, LLC v. Corp. for Urb. Home Ownership of New Haven*, 277 A.3d 261 (Conn. App. 2022) (quoting *Geysen v. Securitas Security Services USA, Inc.*, 142 A.3d 227, 237 (Conn. 2016)) ("[S]tated otherwise, the claim [that the implied covenant has been breached] must be tied to an alleged breach of a specific contract term, often one that allows for discretion on the part of the party alleged to have violated the duty ...."); *Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc*., 30 A.3d 38, 48 (Conn. App. 2011), *aff'd*, 311 Conn. 123, 84 A.3d 840 (2014)) ("Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Vacco v. Microsoft Corp.* , 793 A.2d 1048, 1066 (Conn. 2002) (affirming dismissal because indirect purchasers' "injuries are too indirect and remote with respect to the defendant's allegedly anticompetitive conduct for the plaintiff to recover under CUTPA"); *Spinner Consulting LLC v. Stone Point Cap. LLC* , 623 B.R. 671, 678 (D. Conn. 2020) (holding that Connecticut's 2018 *Illinois Brick* repealer does not apply retroactively). | Disagree | Plaintiff has standing as the Defendants conduct directly harmed Plaintiff and are not remote or "derivative of injuries to a third party." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.* , 615 F. Supp. 3d 125, 139 (D. Conn. 2022); *Aviles v. Wayside Auto Body, Inc.* , 49 F. Supp. 3d 216, 232 (D. Conn. 2014) ("standing under CUTPA requires that the plaintiff have 'some sort of business relationship' with the defendant"); *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC* , 30 F. Supp. 3d 117, 140 (D. Conn. 2014) (recognizing CUTPA applies to a broad spectrum of commercial activity). | *NEMS PLLC* reaffirms that "where 'the injuries claimed by the plaintiff are remote, indirect, or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert [CUTPA claims] and lacks standing to do so." *NEMS PLLC v. Harvard Pilgrim Health Care of Connecticut Inc.* , 615 F. Supp. 3d 125, 139 (D. Conn. 2022)(emphasis added). Although the *NEMS* court found that the plaintiff was directly injured by the defendant's conduct, *id.* at 140, Judge Martinotti has held that "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20 (emphasis added). And Plaintiffs offer nothing to counteract the applicability of the principle the Connecticut Supreme Court explained in *Vacco*—that purchasers situated just like Plaintiffs have injuries "too indirect and remote . . . to recover under CUTPA." *Vacco v. Microsoft Corp.* , 793 A.2d 1048, 1066 (Conn. 2002). Nor do they disturb the Court's prior rulings in this case. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Delaware | *Asbestos Workers Local Union #42 v. Eli Lilly and Company et al* | 25-cv-13006 | Delaware Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Ramunno v. Cawley* , 705 A.2d 1029, 1039 (Del. 1998) ("[C]ivil conspiracy is not an independent cause of action in Delaware, and ... it must arise from some underlying wrong."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Nicolet, Inc. v. Nutt* , 525 A.2d 146, 150 (Del. 1987)(civil conspiracy supported by underlying tort of intentional misrepresentation). *Cf.* , *Republic of Panama v. Am. Tobacco Co.* , No. CIV.A.05C-07-180-RRC, 2006 WL 1933740, at *8 (Del. Super. Ct. June 23, 2006), *aff'd sub nom* . *State of Sao Paulo of Fed. Rep. of Brazil v. Am. Tobacco Co.* , 919 A.2d 1116 (Del. 2007); *Allegheny Gen. Hosp. v.Philip Morris, Inc.* , 228 F.3d 429, 446 (3d Cir. 2000). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Delaware is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 8. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Kable Prods. Servs., Inc. v. TNG GP* , 2017 WL 2558270, at *12 (Del. Super. Ct. June 13, 2017) (dismissing civil conspiracy claim and explaining "[b]ecause [plaintiff's tort claims] fail, the civil conspiracy claim fails as well"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Delaware Money Had and Received | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *St. Search Partners, L.P. v. Ricon Int'l, L.L.C.* , 2005 WL 1953094, at *4 (Del. Super. Ct. Aug. 1, 2005) ("money had and received" is "no longer a legally cognizable claim" under Delaware law and instead is "subsumed by modern law regarding breach of contract"). | Disagree | The Court did not dismiss claims for money had and received in previous rulings; addressing such claims at this time is improper. At the least, Defendants are wrong to argue dismissal of Delaware's money had and received claim at the pleading stage. *See Unico Commodities, LLC v. Lofty Links, LLC* , No. N22C-08-436 SPL, 2025 WL 638631, at *6 (Del. Super. Ct. Feb. 25, 2025)(quotation marks omitted); *Beeney v. FCA US LLC* , No. CV 22-00518-TMH, 2023 WL 6962116, at *9 (D. Del. Oct. 20, 2023)(A claim for money had and received raises an issue of fact, and may only be dismissed at the motion to dismiss stage where a complaint fails to plead facts sufficient to allege a cognizable legal theory). | The money had and received claim should be dismissed because that is not a cognizable claim under Delaware law. *St. Search Partners, L.P. v. Ricon Int'l, L.L.C.* , 2005 WL 1953094, at *4 (Del. Super. Ct. Aug. 1, 2005). Plaintiffs' cited cases are unavailing. *See Unico Commodities, LLC v. Lofty Links, LLC* , 2025 WL 638631, at *6 (Del. Super. Ct. Feb. 25, 2025) (analyzing a claim of assumpsit); *Beeney v. FCA US LLC* , 2023 WL 6962116, at *9 (D. Del. Oct. 20, 2023) (discussing money had and received claim under other states' laws, but not Delaware). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Delaware Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Vichi v. Koninlijke Philips Elec. N.V.* , 62 A.3d 26, 59-60 (Del. Ch. 2012) ("a plaintiff must show that there is some *direct* relationship between a defendant's enrichment and a plaintiff's impoverishment," and that "the defendant was enriched unjustly *by the plaintiff* who acted for the defendant's benefit"). | Disagree | Under Delaware law, neither privity nor a "direct" benefit is required to state a claim for unnjust enrichment. *See Fleer Corp. v. Topps Chewing Gum, Inc.* , 539 A.2d 1060, 1062 (Del. 1988); *Galvagna v. Marty Miller Constr., Inc.* , No. CIV. A. 96L-01-015, 1997 WL 720463 (Del. Super. Ct. Sept. 19, 1997)(unjust enrchment claim sustained despite lack of privity between the parties); *Schock v. Nash,* 732 A.2d 217, 232–33 (Del. 1999)("Restitution serves to 'deprive the defendant of benefits that in equity and good conscience he ought not to keep.....even [if] the plaintiff may have suffered no demonstrable losses.'). *See also In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 544 (D.N.J. 2004)(upholding unjust enrichment claims by indirect purchasers under the law of all 50 states, Puerto Rico and the District of Columbia). | In Delaware, an unjust enrichment claim fails where, as here, the alleged benefit conferred is too indirect or attenuated. *Vichi v. Koninklijke Philips Elecs. N.V.* , 62 A.3d 26, 61 (Del. Ch. 2012) (rejecting unjust enrichment claim where the direct benefits ran to a subsidiary and not the larger defendant company and reasoning that unjust enrichment requires a "direct," not an "attenuated or speculative," relationship between impoverishment and enrichment, so that the court can "accurately ... reverse the unjust retention of a benefit to the loss of another").<br><br>Plaintiffs' cases are inapposite as *Fleer* and *Schock* did not address the directness requirement and involved dissimilar fact patterns. *Fleer Corp. v. Topps Chewing Gum* , 539 A.2d 1060, 1063 (Del. 1988) (rejecting unjust enrichment claim between direct competitors); *Schock v. Nash* , 732 A.2d 217, 220 (Del. 1999) (unjust enrichment claim between beneficiaries and family members of estate guardian who retained assets of the estate). *Galvagna v. Marty Miller Constr., Inc.* found a sufficiently direct relationship between a building owner and subcontractor where plaintiff would be unable "to recover under the underlying or express contract or it would be unconscionable for the third-party beneficiary to retain the benefit." 1997 WL 720463, at *3 (Del. Super. Ct. Sept. 19, 1997). But the present case is clearly distinguishable, involving multiple intermediaries, separate actors exercising discretion, and an alleged gain that is derivative rather than immediate. Under *Vichi* , that is too attenuated.<br><br>*In re K-Dur Antitrust Litigation* also does not assist Plaintiffs. This decision is not binding as to Delaware law because there the Court ruled on unjust enrichment claims in earlier stages and did not consider Delaware law in its decision. 338 F. Supp. 2d 517, 546 (D.N.J. 2004) ("at this stage it is premature to consider these requirements on a state by state basis."). Further, the relevant Delaware unjust enrichment claims at issue were held to be incognizable under Delaware law and dismissed at summary judgement. *See In re K-Dur Antitrust Litig.* , 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008) (finding persuasive "cases holding that where the applicable state law bars antitrust actions for damages by indirect purchasers, or simply does not recognize a private cause of action for antitrust violations, a plaintiff cannot circumvent the statutory framework by recasting an antitrust claim as one for unjust enrichment."). |
| Florida | *Braman Motors Inc. et al v. Eli Lilly and Company et al.* | 24-cv-11531 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *Broward County, Florida v. Eli Lilly and Company et al.* | 25-cv-00370 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Boca Raton, Florida v. Eli Lilly and Company et al.* | 25-cv-00405 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.*, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency*, 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.*, 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g*., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC*, 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols*., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A*., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *City of Deerfield Beach, Florida v. Eli Lilly and Company et al.* | 25-cv-00403 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.*, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency*, 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *City of Delray Beach, Florida v. Eli Lilly and Company et al.* | 25-cv-00484 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Fort Lauderdale, Florida v. Eli Lilly and Company et al.* | 25-cv-00273 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Hialeah, Florida v. Eli Lilly and Company et al.* | 24-cv-08327 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *City of Orlando, Florida v. Eli Lilly and Company et al.* | 25-cv-00274 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *City of Port St. Lucie, Florida v. Eli Lilly and Company et al.* | 25-cv-00455 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of St. Petersburg, Florida v. Eli Lilly and Company et al.* | 25-cv-01759 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *City of Tampa, FL v. Eli Lilly and Company et al.* | 25-cv-00312 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.*, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency*, 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.*, 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g.*, *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC*, 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols*., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A*., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *H. Lee Moffitt Cancer Center and Research Institute, Inc. v. Eli Lilly and Company et al.* | 25-cv-00318 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.*, 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan*, 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *Hillsborough County, Florida v. Eli Lilly and Company et al.* | 24-cv-08931 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *International Longshoremen's Association, Local #1416 v. Eli Lilly and Company et al.* | 25-cv-00399 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *NCL Corporation, Ltd. v. Eli Lilly and Company et al* | 25-cv-12981 | Florida Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Banco de los Trabajadores v. Cortez Moreno* , 237 So. 3d 1127, 1136 (Fla. Dist. Ct. App. 2018) ("Florida does not recognize civil conspiracy as a freestanding tort."); *Tejera v. Lincoln Lending Servs., LLC* , 271 So. 3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Euclid Turnaround Opportunity Fund LP v. Amerant Equip. Fin.* , 2025 WL 3905174, at *15, *18 (S.D. Fla. Oct. 6, 2025) (upholding civil conspiracy claim based on underlying fraud claim). Moreover, Florida recognizes the "peculiar power of coercion" exception, where the conspirators' combined conduct created a coercive power that no individual actor could exercise alone. *Margolin v. Morton F. Plant Hosp. Ass'n, Inc.* , 342 So. 2d 1090, 1092 (Fla. Dist. Ct. App. 1977). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Florida is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 9-13. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Gacek v. Avalon Dunes Condo. Owners Ass'n* , 431 So. 3d 299, 304 (Fla. Dist. Ct. App. 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Osceola County, Florida v. Eli Lilly and Company et al.* | 25-cv-00236 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Pasco County, Florida v. Eli Lilly and Company et al* | 25-cv-03375 | Florida Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Banco de los Trabajadores v. Cortez Moreno* , 237 So. 3d 1127, 1136 (Fla. Dist. Ct. App. 2018) ("Florida does not recognize civil conspiracy as a freestanding tort."); *Tejera v. Lincoln Lending Servs., LLC* , 271 So. 3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Euclid Turnaround Opportunity Fund LP v. Amerant Equip. Fin.* , 2025 WL 3905174, at *15, *18 (S.D. Fla. Oct. 6, 2025) (upholding civil conspiracy claim based on underlying fraud claim). Moreover, Florida recognizes the "peculiar power of coercion" exception, where the conspirators' combined conduct created a coercive power that no individual actor could exercise alone. *Margolin v. Morton F. Plant Hosp. Ass'n, Inc.* , 342 So. 2d 1090, 1092 (Fla. Dist. Ct. App. 1977). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Florida is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 9-13. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Gacek v. Avalon Dunes Condo. Owners Ass'n* , 431 So. 3d 299, 304 (Fla. Dist. Ct. App. 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Pinellas County, FL v. Eli Lilly and Co., et al.* | 23-cv-21381 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Sarasota County Schools, Florida v. Eli Lilly and Company et al.* | 25-cv-00251 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *School Board of Miami-Dade County, Florida v. Eli Lilly and Company et al.* | 25-cv-00261 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *School Board of Orange County, Florida v. Eli Lilly and Company et al.* | 25-cv-00239 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). As with the Court's dismissal of King County's implied covenant claim, any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *School Board of Pinellas County, Florida v. Eli Lilly and Company et al.* | 25-cv-00346 | Florida Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *City of Delray Beach v. Sherman Williams Am. Legion, Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Toca v. Tutco, LLC* , 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." (internal quotation marks omitted)). | Disagree as to PBM defendants\| Agree as to manufacturer defendants. | When the agreement is silent "with regard to the methodology or standards to be used" in a party exercising their discretion, the analysis focuses on the parties' expectations rather than identification of a specific contractual provision as it would for an *express* breach claim. *Cox v. CSX Intermodal, Inc.* , 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) ("because reasonable persons could differ as to whether CSXI's conduct in the performance of its contract with appellants violated the duty of good faith and fair dealing, the grant of summary final judgment was improper."); *see also Speedway SuperAmerica, LLC v. Tropic Enters., Inc.* , 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2007) ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). Any dismissal should be without prejudice to allow Plaintiff to identify the contractual provision breached and plead PBMs' discretion to promote their self-interest. | Plaintiffs' arguments and cited authority for claims of breach of the implied covenant of good faith and fair dealing are not responsive to Defendants' arguments for dismissal of their breach of contract claims. Dismissal of Plaintiffs' breach of contract claims is warranted where they have not identified specific contract provisions that were allegedly breached. *City of Delray Beach v. Sherman Williams Am. Legion* , *Post 188* , 358 So. 3d 440, 443 (Fla. Dist. Ct. App. 2023). Although Plaintiffs have not pleaded a claim for breach of the implied covenant of good faith and fair dealing, dismissal would be warranted for the same reasons. *Medinis v. Swan* , 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007) (citation omitted) ("Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *The Independent Colleges and Universities Benefits Association, Inc. v. Eli Lilly and Company et al.* | 25-cv-00527 | Florida Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Banco de los Trabajadores v. Cortez Moreno* , 237 So. 3d 1127, 1136 (Fla. Dist. Ct. App. 2018) ("Florida does not recognize civil conspiracy as a freestanding tort."); *Tejera v. Lincoln Lending Servs., LLC* , 271 So. 3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Euclid Turnaround Opportunity Fund LP v. Amerant Equip. Fin.* , 2025 WL 3905174, at *15, *18 (S.D. Fla. Oct. 6, 2025) (upholding civil conspiracy claim based on underlying fraud claim). Moreover, Florida recognizes the "peculiar power of coercion" exception, where the conspirators' combined conduct created a coercive power that no individual actor could exercise alone. *Margolin v. Morton F. Plant Hosp. Ass'n, Inc.* , 342 So. 2d 1090, 1092 (Fla. Dist. Ct. App. 1977). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Florida is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 9-13. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Gacek v. Avalon Dunes Condo. Owners Ass'n* , 431 So. 3d 299, 304 (Fla. Dist. Ct. App. 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *The School Board of Broward County, Florida v. Eli Lilly and Company et al.* | 25-cv-00279 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *The School Board of Highlands County, Florida v. Eli Lilly and Company et al.* | 25-cv-00474 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.* , 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.* , 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.* , 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.* , 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis* , 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency* , 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The School Board of Lee County, Florida v. Eli Lilly and Company et al.* | 25-cv-00411 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.*, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency*, 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.*, 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g*., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC*, 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols*., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiff's authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A*., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| | *The School Board of Palm Beach County, Florida v. Eli Lilly and Company et al.* | 25-cv-00467 | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, et seq. (FDUTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So.3d 207, 214 (Fla. App. 4 Dist. 2019) (plaintiff "must show that a consumer was injured or suffered a detriment"). | Disagree | FDUTPA claims are not limited to consumers; a plaintiff does not need to be a consumer to bring a claim under the statute. *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110 (S.D. Fla. 2007) (the act protects any person, businesses and consumers alike). Even if the SFP did not plead a connection to the traditional definition of "consumer" or an impact to the public at large, Florida Courts believe the 2001 amendment allows non-consumers to "seek damages, not just injunctive relief." *James D. Hinson Elec. Contracting Co. v. Bellsouth Tel., Inc.*, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("legislative directive that the remedy of damages is not limited to a consumer"). | SFP Plaintiffs misunderstand Defendants' argument. Whether or not a plaintiff must "be a consumer to bring a claim," the plaintiff must still "show that a consumer was injured or suffered a detriment." *Stewart Agency*, 266 So.3d at 214. Plaintiffs' cases do not hold otherwise. Here, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors." Plaintiffs do not allege any consumer was injured, ECF No 256 at 38, and the Court already held that SFP Plaintiffs' "injury is not consumer oriented," ECF No. 731 at 19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Florida Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Kopel v. Kopel* , 229 So.3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). | Disagree | In Florida, the benefit need not be transferred directly from the plaintiff to the defendant. *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010 (Fla. Dist. Ct. App. 2023) (finding payment through intermediary satisfied the direct benefit requirement of an unjust enrichment claim because "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."); *see also Williams v. Wells Fargo Bank N.A.* , No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant."); *MacMorris v. Wyeth, Inc.* , 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"). | Florida courts have regularly applied *Kopel* to bar unjust enrichment claims where plaintiffs did not confer a direct benefit. *See e.g* ., *Chiquita Fresh N. Am. v. Port Everglades Terminal, LLC* , 372 So. 3d 277, 280 (Fla. Dist. Ct. App. 2023) ("It is well-established that to support an unjust enrichment claim, a plaintiff must have directly conferred a benefit on the defendant.); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.* , 352 So. 3d 357, 359 (Fla. Dist. Ct. App. 2022); *Johnson v. Catamaran Health Sols* ., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (upholding dismissal of unjust enrichment claims because the insured conferred, at best, an indirect benefit on the insurer).<br><br>Plaintiffs authority confirms that "[t]he benefit conferred must be a direct benefit." *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP* , 370 So. 3d 1010, 1016 (Fla. Dist. Ct. App. 2023); *see also Williams v. Wells Fargo Bank N.A* ., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) ("[A] payment arrangement existed between Wells Fargo Bank and the Defendants that did have direct contact with Plaintiffs."). And *MacMorris* cites no authority in Florida law for its conclusion. |
| Georgia | *City of Marietta, Georgia v. Eli Lilly and Company et al.* | 24-cv-06949 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc* ., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Rome, Georgia v. Eli Lilly and Company et al.* | 24-cv-10493 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc* ., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |
| | *Classic Collision LLC v. Eli Lilly and Company et al* | 25-cv-13009 | Georgia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nayani v. Bhatia* , 899 S.E.2d 485, 491 (Ga. Ct. App. 2024) ("Absent the underlying tort, there can be no liability for civil conspiracy." (quoting *Patel v. Diplomat 1419VA Hotels* , 856 S.E.2d 340, 348 (Ga. Ct. App. 2021))); *McManus v. Taylor* , 756 S.E.2d 709, 715 (Ga. Ct. App. 2014) ("Georgia law does not recognize an independent tort of 'conspiracy.'"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Sky Harbor Atlanta Northeast, LLC v. Affiliated FM Ins. Co.* , No. 17-CV-03910-JPB, 2019 WL 7944234 at *3 (N.D. Ga. October 30, 2019)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Georgia is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 13-15. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Patel v. Diplomat 1419VA Hotels, LLC* , 856 S.E.2d 340, 348 (Ga. Ct. App. 2021) (dismissing civil conspiracy claim because underlying tort claims failed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Georgia Fair Business Practices Act Ga. Code Ann. § 10-1-390 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Ga. Code Ann. § 10-1-392 (defining "consumer transactions" and "consumer acts and practices"); *Leslie v. 1125 Hammond, LP* , 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (FBPA applies only in the "context of the consumer marketplace" and requires showing of "harm to the general consuming public"); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.* , 2010 WL 2813788, at *36 (D.N.J. July 9, 2010) ("[A]lthough [defendant] allegedly made misrepresentations to the public, [plaintiff] cannot maintain suit because [defendant's] purported conduct with regard to [plaintiff] did not occur in a consumer context."). | Disagree | The GFBPA does not preclude claims for business-to-business transactions. *See Friedlander v. POK Labs, Inc.,* 266 Ga. 180, 180 (1996); ("If a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-l-399(a) .... §§ 10-1-391(a); 10-1-392(a)(7).") | SFP Plaintiffs' authority confirms that the FBPA "limits its coverage to activities … in the conduct of *consumer transactions and consumer acts or practices* ." *Friedlander v. PDK Labs., Inc.* , 465 S.E.2d 670, 671 (Ga. 1996) (quoted source omitted) (emphasis in *original* ). Plaintiffs do not sue as a consumer of insulin. Instead, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *In re Domestic Drywall Antitrust Litig.* , 2016 WL 3769680, at *25 (E.D. Pa. July 13, 2016) ("The [] Plaintiffs may not bring suit pursuant to the Georgia Fair Business Practices Act [because] '[a] suit predicated upon an alleged violation of the [Act] must be brought in the plaintiff's capacity as an individual member of the consuming public.'" (quoted source omitted)). | Disagree | Plain language of the statute does not restrict claims to only individual consumers, but allows businesses and others to bring claims. *Forth v. Walgreen Co* ., No. 17-cv-2246, 2018 WL 1235015, *9 (N.D. Ill. Mar. 9, 2018) ("[GFBPA] by its plain language allows 'persons,' including trusts and incorporated and unincorporated associations, to file private causes of action. Thus, business entities have the capacity to sue under the act."). *See also* Ga. Code § 10-1-399 (authorizes "[a]ny person who suffers injury or damages" to file suit); Ga. Code. Ann. § 10-1-392(a)(24) ("person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity." ). | SFP Plaintiffs selectively quote the FBPA, which limits standing to a "person who suffers injury or damages … as a result of *consumer* acts or practices in violation of this part." Ga. Code § 10-1-399(a) (emphasis added); *see also id.* § 10-1-393(a) (prohibiting "[u]nfair or deceptive acts or practices in the conduct of *consumer* transactions and *consumer* acts or practices in trade or commerce (emphasis added)); *Forth v. Walgreen Co.* , 2018 WL 1235015, at *10 (N.D. Ill. Mar. 9, 2018) (although "business entities" may "have the capacity to sue," the "allegedly deceptive actions and practices that are the subject of the suit must be those directed at natural persons" (emphasis added)). Accordingly, Georgia courts are clear that the challenged conduct must take place within the "context of the consumer marketplace" to be actionable. *E.g.* , *Leslie v. 1125 Hammond, LP* , 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (granting summary judgment); *Friedlander v. PDK Labs, Inc.* , 465 S.E.2d 670, 671 (Ga. 1996) ("business" can sue only if it "sustains damage" "as a consumer"). And here, the Court already held that SFP Plaintiffs' "injury ... involves 'business-to-business transactions'" and "complex arrangements, knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | *Cobb County, Georgia v. Eli Lilly and Company et al.* | 25-cv-00339 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co*., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co*. confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.*, 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.*, 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc*., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |
| | *County of Carroll, Georgia v. Eli Lilly and Company et al.* | 24-cv-09621 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.*, 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone*, 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing*, LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton*, 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp*., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.*, 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.*, 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co*., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co*. confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.*, 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc* ., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |
| | *County of Catoosa, Georgia v. Eli Lilly and Company et al* | 24-cv-08307 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc* ., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |
| | *County of Whitfield, Georgia v. Eli Lilly and Company et al* | 24-cv-08235 | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co*., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co*. confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.*, 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.*, 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc*., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |
| | *Hall County, Georgia v. Eli Lilly and Company et al.* | 25-cv-00386 | Georgia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nayani v. Bhatia*, 899 S.E.2d 485, 491 (Ga. Ct. App. 2024) ("Absent the underlying tort, there can be no liability for civil conspiracy." (quoting *Patel v. Diplomat 1419VA Hotels*, 856 S.E.2d 340, 348 (Ga. Ct. App. 2021))); *McManus v. Taylor*, 756 S.E.2d 709, 715 (Ga. Ct. App. 2014) ("Georgia law does not recognize an independent tort of 'conspiracy.'"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Sky Harbor Atlanta Northeast, LLC v. Affiliated FM Ins. Co.*, No. 17-CV-03910-JPB, 2019 WL 7944234 at *3 (N.D. Ga. October 30, 2019)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Georgia is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 13-15. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Patel v. Diplomat 1419VA Hotels, LLC*, 856 S.E.2d 340, 348 (Ga. Ct. App. 2021) (dismissing civil conspiracy claim because underlying tort claims failed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Georgia Fair Business Practices Act Ga. Code Ann. § 10-1-390 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Ga. Code Ann. § 10-1-392 (defining "consumer transactions" and "consumer acts and practices"); *Leslie v. 1125 Hammond, LP*, 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (FBPA applies only in the "context of the consumer marketplace" and requires showing of "harm to the general consuming public"); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, 2010 WL 2813788, at *36 (D.N.J. July 9, 2010) ("[A]lthough [defendant] allegedly made misrepresentations to the public, [plaintiff] cannot maintain suit because [defendant's] purported conduct with regard to [plaintiff] did not occur in a consumer context."). | Disagree | The GFBPA does not preclude claims for business-to-business transactions. *See Friedlander v. POK Labs, Inc.,* 266 Ga. 180, 180 (1996); ("If a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-l-399(a) .... §§ 10-1-391(a); 10-1-392(a)(7).") | SFP Plaintiffs' authority confirms that the FBPA "limits its coverage to activities … in the conduct of *consumer transactions and consumer acts or practices*." *Friedlander v. PDK Labs., Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) (quoted source omitted) (emphasis in *original*). Plaintiffs do not sue as a consumer of insulin. Instead, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *In re Domestic Drywall Antitrust Litig.*, 2016 WL 3769680, at *25 (E.D. Pa. July 13, 2016) ("The [] Plaintiffs may not bring suit pursuant to the Georgia Fair Business Practices Act [because] '[a] suit predicated upon an alleged violation of the [Act] must be brought in the plaintiff's capacity as an individual member of the consuming public.'" (quoted source omitted)). | Disagree | Plain language of the statute does not restrict claims to only individual consumers, but allows businesses and others to bring claims. *Forth v. Walgreen Co*., No. 17-cv-2246, 2018 WL 1235015, *9 (N.D. Ill. Mar. 9, 2018) ("[GFBPA] by its plain language allows 'persons,' including trusts and incorporated and unincorporated associations, to file private causes of action. Thus, business entities have the capacity to sue under the act."). *See also* Ga. Code § 10-1-399 (authorizes "[a]ny person who suffers injury or damages" to file suit); Ga. Code. Ann. § 10-1-392(a)(24) ("person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity." ). | SFP Plaintiffs selectively quote the FBPA, which limits standing to a "person who suffers injury or damages … as a result of *consumer* acts or practices in violation of this part." Ga. Code § 10-1-399(a) (emphasis added); *see also id.* § 10-1-393(a) (prohibiting "[u]nfair or deceptive acts or practices in the conduct of *consumer* transactions and *consumer* acts or practices in trade or commerce (emphasis added)); *Forth v. Walgreen Co.*, 2018 WL 1235015, at *10 (N.D. Ill. Mar. 9, 2018) (although "business entities" may "have the capacity to sue," the "allegedly deceptive actions and practices that are the subject of the suit must be those directed at natural persons" (emphasis added)). Accordingly, Georgia courts are clear that the challenged conduct must take place within the "context of the consumer marketplace" to be actionable. *E.g.*, *Leslie v. 1125 Hammond, LP*, 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (granting summary judgment); *Friedlander v. PDK Labs, Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) ("business" can sue only if it "sustains damage" "as a consumer"). And here, the Court already held that SFP Plaintiffs' "injury ... involves 'business-to-business transactions'" and "complex arrangements, knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co*., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co*. confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.*, 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | *Macon-Bibb County, Georgia v. Eli Lilly and Company et al* | 25-cv-01342 | Georgia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nayani v. Bhatia*, 899 S.E.2d 485, 491 (Ga. Ct. App. 2024) ("Absent the underlying tort, there can be no liability for civil conspiracy." (quoting *Patel v. Diplomat 1419VA Hotels*, 856 S.E.2d 340, 348 (Ga. Ct. App. 2021))); *McManus v. Taylor*, 756 S.E.2d 709, 715 (Ga. Ct. App. 2014) ("Georgia law does not recognize an independent tort of 'conspiracy.'"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Sky Harbor Atlanta Northeast, LLC v. Affiliated FM Ins. Co.*, No. 17-CV-03910-JPB, 2019 WL 7944234 at *3 (N.D. Ga. October 30, 2019)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Georgia is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 13-15. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Patel v. Diplomat 1419VA Hotels, LLC*, 856 S.E.2d 340, 348 (Ga. Ct. App. 2021) (dismissing civil conspiracy claim because underlying tort claims failed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Georgia Fair Business Practices Act Ga. Code Ann. § 10-1-390 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Ga. Code Ann. § 10-1-392 (defining "consumer transactions" and "consumer acts and practices"); *Leslie v. 1125 Hammond, LP*, 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (FBPA applies only in the "context of the consumer marketplace" and requires showing of "harm to the general consuming public"); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, 2010 WL 2813788, at *36 (D.N.J. July 9, 2010) ("[A]lthough [defendant] allegedly made misrepresentations to the public, [plaintiff] cannot maintain suit because [defendant's] purported conduct with regard to [plaintiff] did not occur in a consumer context."). | Disagree | The GFBPA does not preclude claims for business-to-business transactions. *See Friedlander v. POK Labs, Inc.,* 266 Ga. 180, 180 (1996); ("If a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-l-399(a) .... §§ 10-1-391(a); 10-1-392(a)(7).") | SFP Plaintiffs' authority confirms that the FBPA "limits its coverage to activities … in the conduct of *consumer transactions and consumer acts or practices*." *Friedlander v. PDK Labs., Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) (quoted source omitted) (emphasis in *original*). Plaintiffs do not sue as a consumer of insulin. Instead, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *In re Domestic Drywall Antitrust Litig.*, 2016 WL 3769680, at *25 (E.D. Pa. July 13, 2016) ("The [] Plaintiffs may not bring suit pursuant to the Georgia Fair Business Practices Act [because] '[a] suit predicated upon an alleged violation of the [Act] must be brought in the plaintiff's capacity as an individual member of the consuming public.'" (quoted source omitted)). | Disagree | Plain language of the statute does not restrict claims to only individual consumers, but allows businesses and others to bring claims. *Forth v. Walgreen Co*., No. 17-cv-2246, 2018 WL 1235015, *9 (N.D. Ill. Mar. 9, 2018) ("[GFBPA] by its plain language allows 'persons,' including trusts and incorporated and unincorporated associations, to file private causes of action. Thus, business entities have the capacity to sue under the act."). *See also* Ga. Code § 10-1-399 (authorizes "[a]ny person who suffers injury or damages" to file suit); Ga. Code. Ann. § 10-1-392(a)(24) ("person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity." ). | SFP Plaintiffs selectively quote the FBPA, which limits standing to a "person who suffers injury or damages … as a result of *consumer* acts or practices in violation of this part." Ga. Code § 10-1-399(a) (emphasis added); *see also id.* § 10-1-393(a) (prohibiting "[u]nfair or deceptive acts or practices in the conduct of *consumer* transactions and *consumer* acts or practices in trade or commerce (emphasis added)); *Forth v. Walgreen Co.*, 2018 WL 1235015, at *10 (N.D. Ill. Mar. 9, 2018) (although "business entities" may "have the capacity to sue," the "allegedly deceptive actions and practices that are the subject of the suit must be those directed at natural persons" (emphasis added)). Accordingly, Georgia courts are clear that the challenged conduct must take place within the "context of the consumer marketplace" to be actionable. *E.g.*, *Leslie v. 1125 Hammond, LP*, 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (granting summary judgment); *Friedlander v. PDK Labs, Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) ("business" can sue only if it "sustains damage" "as a consumer"). And here, the Court already held that SFP Plaintiffs' "injury ... involves 'business-to-business transactions'" and "complex arrangements, knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co*., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co*. confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co*., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.*, 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The William Carter Company v. Eli Lilly and Company, et al.* | 26-cv-00399 | Georgia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nayani v. Bhatia* , 899 S.E.2d 485, 491 (Ga. Ct. App. 2024) ("Absent the underlying tort, there can be no liability for civil conspiracy." (quoting *Patel v. Diplomat 1419VA Hotels* , 856 S.E.2d 340, 348 (Ga. Ct. App. 2021))); *McManus v. Taylor* , 756 S.E.2d 709, 715 (Ga. Ct. App. 2014) ("Georgia law does not recognize an independent tort of 'conspiracy.'"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Sky Harbor Atlanta Northeast, LLC v. Affiliated FM Ins. Co.* , No. 17-CV-03910-JPB, 2019 WL 7944234 at *3 (N.D. Ga. October 30, 2019)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Georgia is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 13-15. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Patel v. Diplomat 1419VA Hotels, LLC* , 856 S.E.2d 340, 348 (Ga. Ct. App. 2021) (dismissing civil conspiracy claim because underlying tort claims failed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), O.C.G.A. § 16-14-4(a)(b)(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021) ("indirect purchasers lack standing to bring state racketeering claims under the [Georgia] racketeering statute[]" (citing *Williams Gen. Corp. v. Stone* , 279 Ga. 428, 614 S.E.2d 758, 760 (Ga. 2005))). | Disagree | Georgia courts have not required that plaintiffs be direct purchasers. Instead, courts have engaged in a proximate causation analysis as to whether "injury was the direct result of a predicate act targeted toward [the plaintiff]". *Quasebarth v. Green Tree Servicing* , LLC, 90 F. Supp. 3d 1373, 1382 (M.D. Ga. 2015) (quoting *Wylie v. Denton* , 323 Ga. App. 161, 166 (2013)). Georgia doesn't require "that plaintiff suffer direct harm from each and every alleged predicate act," nor does it require "direct involvement with plaintiff." *InterAgency, Inc. v. Danco Fin. Corp* ., 203 Ga. App. 418, 424 (1992). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Georgia law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *8-9 (D.N.J. Dec. 17, 2021). And that ruling was correct. Georgia courts look to federal RICO precedent for guidance in how to interpret Georgia's RICO law. *See Morast v. Lance* , 807 F.2d 926, 933 (11th Cir. 1987) ("Georgia's RICO statutes are essentially identical to the federal RICO statutes"). Plaintiffs must "show an injury by reason of a violation" of Georgia's RICO law. Plaintiffs have failed to do so, and their claim therefore fails. *InterAgency, Inc. v. Danco Fin. Corp.* , 203 Ga. App. 418, 424 (1992). Further, Plaintiffs' own authority undercuts its position. *Quasebarth* required that the injury be "the direct result of a predicate act targeted toward [the plaintiff]." 90 F. Supp. 3d at 1382. As an indirect purchaser, Plaintiff cannot satisfy that standard because the alleged predicate acts were not "targeted toward" Plaintiff. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |
| | | | Georgia's Uniform Deceptive Trade Practices Act | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2020 WL 831552, at *7 (D.N.J. Feb. 20, 2020) (dismissing GUDTPA claims brought by indirect purchasers absent allegations that defendant directly "presented [plaintiff] any price inducements"). | Disagree | GUDTPA contains no limitation on indirect claims. Plain language of the statute broadly authorizes any person who has suffered an injury to bring a claim. *See In re Johnston Indus., Inc* ., 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) ("the plain language of [the GUDTPA] requires only that the plaintiff is a person who has suffered an injury due to the deceptive trade practice of the defendant... [n]othing in the language of the statute requires the plaintiff to be a consumer or requires a consumer to be injured.") | *Johnston Industries* does nothing to disturb the Court's prior rulings that indirect claims are insufficient under GUDTPA. That decision involved parties in privity and direct injuries. *See* 300 B.R. 821, 822 (Bankr. M.D. Ga. 2003) (alleging plaintiff entered into an exclusive buyer/seller relationship with defendant and defendant breached the agreement by buying from another supplier). Moreover, the court in that case did not address whether plaintiffs must be direct purchasers to state a GUDTPA claim. Here, Judge Marinotti has already held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *United Food & Commercial Workers Unions and Employers Health and Welfare Fund-Atlanta et al. v. Eli Lilly and Company et al.* | 25-cv-00504 | Georgia Fair Business Practices Act Ga. Code Ann. § 10-1-390 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Ga. Code Ann. § 10-1-392 (defining "consumer transactions" and "consumer acts and practices"); *Leslie v. 1125 Hammond, LP* , 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (FBPA applies only in the "context of the consumer marketplace" and requires showing of "harm to the general consuming public"); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.* , 2010 WL 2813788, at *36 (D.N.J. July 9, 2010) ("[A]lthough [defendant] allegedly made misrepresentations to the public, [plaintiff] cannot maintain suit because [defendant's] purported conduct with regard to [plaintiff] did not occur in a consumer context."). | Disagree | The GFBPA does not preclude claims for business-to-business transactions. *See Friedlander v. POK Labs, Inc.,* 266 Ga. 180, 180 (1996); ("If a business, as a consumer, sustains damage, it may bring suit under OCGA § 10-l-399(a) .... §§ 10-1-391(a); 10-1-392(a)(7).") | SFP Plaintiffs' authority confirms that the FBPA "limits its coverage to activities … in the conduct of *consumer transactions and consumer acts or practices* ." *Friedlander v. PDK Labs., Inc.* , 465 S.E.2d 670, 671 (Ga. 1996) (quoted source omitted) (emphasis in *original* ). Plaintiffs do not sue as a consumer of insulin. Instead, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *In re Domestic Drywall Antitrust Litig.* , 2016 WL 3769680, at *25 (E.D. Pa. July 13, 2016) ("The [] Plaintiffs may not bring suit pursuant to the Georgia Fair Business Practices Act [because] '[a] suit predicated upon an alleged violation of the [Act] must be brought in the plaintiff's capacity as an individual member of the consuming public.'" (quoted source omitted)). | Disagree | Plain language of the statute does not restrict claims to only individual consumers, but allows businesses and others to bring claims. *Forth v. Walgreen Co* ., No. 17-cv-2246, 2018 WL 1235015, *9 (N.D. Ill. Mar. 9, 2018) ("[GFBPA] by its plain language allows 'persons,' including trusts and incorporated and unincorporated associations, to file private causes of action. Thus, business entities have the capacity to sue under the act."). *See also* Ga. Code § 10-1-399 (authorizes "[a]ny person who suffers injury or damages" to file suit); Ga. Code. Ann. § 10-1-392(a)(24) ("person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity." ). | SFP Plaintiffs selectively quote the FBPA, which limits standing to a "person who suffers injury or damages … as a result of *consumer* acts or practices in violation of this part." Ga. Code § 10-1-399(a) (emphasis added); *see also id.* § 10-1-393(a) (prohibiting "[u]nfair or deceptive acts or practices in the conduct of *consumer* transactions and *consumer* acts or practices in trade or commerce (emphasis added)); *Forth v. Walgreen Co.* , 2018 WL 1235015, at *10 (N.D. Ill. Mar. 9, 2018) (although "business entities" may "have the capacity to sue," the "allegedly deceptive actions and practices that are the subject of the suit must be those directed at natural persons" (emphasis added)). Accordingly, Georgia courts are clear that the challenged conduct must take place within the "context of the consumer marketplace" to be actionable. *E.g.* , *Leslie v. 1125 Hammond, LP* , 889 S.E.2d 148, 154 (Ga. Ct. App. 2023) (granting summary judgment); *Friedlander v. PDK Labs, Inc.* , 465 S.E.2d 670, 671 (Ga. 1996) ("business" can sue only if it "sustains damage" "as a consumer"). And here, the Court already held that SFP Plaintiffs' "injury ... involves 'business-to-business transactions'" and "complex arrangements, knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20. |
| | | | Georgia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Georgia" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | *Illinois Brick* bar on indirect purchasers in antitrust context does not extend to unjust enrichment claims. *Humana Inc. v. Merck & Co* ., No. 2:23-CV-23023 (BRM) (LDW), 2025 WL 2538859, at *12 (D.N.J. Sept. 4, 2025) ("the Court finds *Illinois Brick* has no effect on Humana's unjust enrichment claims), citing *In re Generic Pharm. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019). | *Humana Inc. v. Merck & Co* . confirms that Georgia unjust enrichment claims have a direct benefit requirement and dismissed the Georgia unjust enrichment claims on those grounds. *Humana Inc. v. Merck & Co* ., 2025 WL 2538859, at *23 (D.N.J. Sep. 4, 2025) ("The Court concludes Humana cannot state a claim for unjust enrichment under [] Georgia [] law because it cannot allege the requisite degree of directness in benefit conferred" given that the allegations "involve at least one 'intermediary in the chain of distribution from which it purchased. . . '"). Therefore, even if *Illnois-Brick* repealer statutes did not extend to Georgia unjust enrichment claims, those claims would nevertheless fail for lack of a direct benefit. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Collins v. Athens Orthopedic Clinic* , 849 S.E.2d 213, 216–17 (Ga. Ct. App. 2020) ("[P]laintiffs have alleged unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract. Therefore, this claim fails as a matter of law."). | Disagree | Unjust enrichment claims are pled by Plaintiffs as an alternative remedy, consistent with both Georgia law and the Federal Rules of Civil Procedure. *See* Ga. Code. Ann. § 9-11-8(e)(2) (allowing alternative pleadings); Fed. R. Civ. P. 8(d)(2) (a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). | The Georgia Plaintiffs don't bring any breach of contract claim, and therefore do not plead unjust enrichment in the alternative to a contract, but rather "as a separate and distinct cause of action," which is improper under Collins. Plaintiffs cannot plead unjust enrichment in the alternative to their statutory claims, because alternative pleading does not save an unjust enrichment claim where an adequate legal remedy is available by way of a statutory claim. *Eastside Recovery, LLC v. Calhoun,* 390, 890 S.E.2d 135, 141 (Ga. App. 2023) (holding that an unjust enrichment claim fails when the plaintiff had an adequate and complete statutory remedy available but chose not to utilize it); *McGlashan v. Snowden* , 738 S.E.2d 619, 620 (Ga. 2013) ("'Equity will grant relief only where there is no available adequate and complete remedy at law' ... and 'the availability of money damages affords ... an adequate and complete remedy....'" (cleaned up)); *First Bank of Ga. v. Robertson Grading, Inc.* , 761 S.E.2d 628, 638-39 (Ga. App. 2014) (rejecting unjust enrichment claim where statutory claim "provided [plaintiff's] sole remedy," even though the statutory claim failed). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Illinois | *Central States Joint Board Health & Welfare Fund v. Eli Lilly and Company, et al.* | 25-cv-13075 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Chicago Tile Institute Welfare Fund v. Eli Lilly and Company et al* | 25-cv-03478 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Circana, LLC v. Eli Lilly and Company, et al.* | 26-cv-00398 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Dover Corporation v. Eli Lilly and Company, et al.* | 26-cv-01998 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 v. Eli Lilly and Company et al.* | 25-cv-01774 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Hospital Sisters Health System v. Eli Lilly and Company, et al.* | 26-cv-00460 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Indian Prairie Community Unit School District No. 204 v. Eli Lilly and Company et al.* | 24-cv-10512 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Oak Point Partners, LLC v. Eli Lilly and Company, et al.* | 26-cv-00410 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Oswego Community Unit School District v. Eli Lilly and Company et al.* | 25-cv-00208 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Teamsters Local 731 Health and Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-01781 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Transform Midco LLC v. Eli Lilly and Company, et al.* | 26-cv-00408 | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | *Valley View Community Unit School District v. Eli Lilly and Company et al.* | 25-cv-00205 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Waukegan Community Unit School District v. Eli Lilly and Company et al.* | 25-cv-00206 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Indiana | *Key Benefits Administrators, Inc. v. Eli Lilly and Company et al.* | 25-cv-00437 | Indiana Deceptive Consumer Sales Act, Indiana Code §24-5-0.5-1, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Indiana Code §§ 24-5-0.5-2(a)(1), 24-5-0.5-3(a) (applying only to acts "in connection with a consumer transaction," which are transactions "that are primarily for personal, familial, charitable, agricultural, or household" purposes); *In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig* ., 2015 WL 4591236, at *33 (D.N.J. July 29, 2015) (statute does not apply to "commercial entities that purchase[ goods] for business purposes"). | Disagree | The Indiana Deceptive Consumer Sales Act expressly allows claims regarding consumer transactions whether or not the purchaser deals directly with the consumer. *See e.g. In re Actiq Sales & Mktg. Pracs. Litig.* , 790 F. Supp. 2d 313, 325 (E.D. Pa. 2011) ("IDCSA expressly contemplates such transactions... "*whether or not the person [supplier] deals directly with the consumer* ." Ind.Code § 24–5–0.5–2(a)(3)(A)") (emphasis in original).<br><br>The case cited by the Defendants is entirely distinguishable because that action was dismissed because it involved the purchases of "vehicles for business purposes." *In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.* , 2015 WL 4591236, at *33 (D.N.J. July 29, 2015). When the transaction benefits the end consumer on a personal level, as in users of insulin, it fits within the scope of the IDCSA. | SFP Plaintiffs misunderstand Defendants' argument, which does not depend on "whether or not the purchaser deals directly with the consumer." SFP Plaintiffs concede that Indiana Deceptive Consumer Sales Act allows claims "regarding *consumer* transactions," and their suit does not involve "consumer transactions." Their claims instead stem from "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20. In other words, their complaints depend on transactions "for business purposes"--exactly the type of claim dismissed in *Caterpillar.* |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Kentucky | *Kentucky Laborers' District Council Health and Welfare Fund v. Eli Lilly and Company et al.* | 24-cv-07091 | Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110, et seq. (KCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | KRS § 367.220 (authorizing suit for person "who purchases or leases goods or services primarily for personal, family or household purposes"); *Helton v. Am. Gen. Life Ins. Co* ., 946 F. Supp. 2d 695, 701 (W.D. Ky. 2013) ("[T]he KCPA provides a private remedy to '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal,' as a result of a violation of KRS § 367.170."). | Disagree | *Kempf v. Lumber Liquidators, Inc.* , 2017 WL 4288903 (W.D. Ky. Sept. 27, 2017) ("the KCPA allows any 'person' to bring suit for violations of the Act, § 367.220(1), broadly defining 'person' to include 'natural persons ... and any other legal entity'"). *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 821 (Ky. 1988) ("[T]he Kentucky legislature created [the KCPA] which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts."). In the absence of guidance from the Kentucky courts on the meaning of "consumer," other jursdictions are instructive. *E.g., Blue Cross and Blue Shield of Vermont v. Teva Pharms. Indus., Ltd.* , 712 F. Supp. 3d 499, 551-52 (D. Ver. 2024) ("[a] defendant engages in 'consumer-oriented' activity if [the company's] actions cause any 'consumer injury or harm to the public interest' ... [Defendant's] acts and practices were consumer-oriented in that they exerted an impact broadly on purchasers of prescription drugs."). *See also Com. ex. rel. Stephens v. North American Van Lines, Inc.* , 600 S.W. 2d 459 (Ky. App. 1979) (KCPA does not define "consumer," but ruled that the state Attorney General is not limited to prosecuting only those types of illegal business acts or practices which are used in merchandising of goods or services intended for personal, family or household use); | SFP Plaintiffs concede that to maintain a KCPA claim, they have to show "consumer oriented activity." Their authority agrees. *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 820 (Ky. 1988) (individual homeowners could bring suit because they "purchased services primarily for personal, family or household purposes"). SFP Plaintiffs apparently contend that their suit is "consumer oriented," but the Court has already found that it is not. ECF No. 731 at 18-20. SFP Plaintiffs do not purchase insulin "primarily for personal, family or household purposes." KRS § 367.220. Rather, they purchase insulin in connection with operating a self-funded insurance plan for their employees. And they do not sue over personal, family, or household purposes, but allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. SFP Plaintiffs' citation to *Stephens* is inapplicable because the analysis there was limited to the Attorney General's ability to bring claims under the KCPA, which is not at issue in this briefing. *See Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.* , 600 S.W.2d 459, 460 ( Ky. Ct. App. 1979). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *Mattera v. Baffert* , 100 F.4th 734, 742 (6th Cir. 2024) ("[P]rivity of contract is required to state a Kentucky Consumer Protection Act claim."); *Potter v. Bruce Walters Ford Sales, Inc.* , 37 S.W.3d 210, 213 (Ky. Ct. App. 2000) ("The language of the statute plainly contemplates an action by a purchaser against his immediate seller."); *Arnold v. Microsoft Corp.* , 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001) ("KRS 367.170 does not allow a person who is not in privity with the seller or lessor to bring an action for violations of the statute."). | Disagree | Under the KCPA, there are exceptions to the privity element. *See Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 741-42 (W.D. Ken. 2013) (holding when express warranties are made for the customer's benefit, privity will not stand in the way of a consumer protection claim). | *Naiser v. Unilever U.S., Inc* . was a deceptive marketing and advertising case, involving allegations that defendant made statements *directly* to plaintiffs to induce their purchases. *Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013) (applying exception that "privity is not required where manufacturers make representations [i.e., express warranties] *directly to the intended consumers of their product* "). Here, SFP Plaintiffs do not allege manufactures made express warranties directly to consumers. Rather, Judge Marinotti has held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, that they are "sophisticated parties other than consumers" and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. Therefore, Plaintiffs' attempt at invoking an "exception" to the privity requirement fails. *See also Reber v. Walls* , No. 2021-CA-0279-MR, 2022 WL 2898496, at *6 (Ky. Ct. App. July 22, 2022) ("[T]he language of KRS 367.170 only contemplates an action by a purchaser of goods or services against his or her immediate seller."). |
| | | | Kentucky Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *SAAP Energy v. Bell* , 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) ("[T]o meet the first element of a claim for unjust enrichment, a plaintiff must allege that he directly conferred a benefit on the defendant."); *Lewis v. Jones* , 2018 WL 5043773, at *5 (E.D. Ky. Oct. 17, 2018) ("To sustain his unjust enrichment claim ... [plaintiff] must show that he conferred a benefit directly upon [defendants].") | Disagree | Under Kentucky law, conferral of a benefit may be direct or indirect. *See, e.g., Dixie Fuel Co., LLC v. Straight Creek, LLC* , Civ. No. 08-326, 2011 WL 845828, at *4-5 (E.D. Ky. Mar. 8, 2011) (Kentucky law only requires "the plaintiff must allege that it conferred a benefit on the defendant[,]" and allows both direct and indirect benefits to state a claim for unjust enrichment); *Seye v. Cmty. Yellow Cab* , No. 10-234-WOB-CJS, 2013 WL 1332430, at *12-13 (E.D. Ky. Feb. 13, 2013) ("an indirect benefit may satisfy the requirements of a claim for unjust enrichment"); *Eusner v. Sullivan* , 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023) (parties need not be in direct privity with one another where plaintiff alleges a property interest or pecuniary gain conferred on defendant). | *SAAP Energy v. Bell* considered the rulings in *Dixie Fuel* and *Seye* and nevertheless found that "the requirement that the benefit be conferred on the defendant by the claimant seems to always be a requirement in practice." *SAAP Energy v. Bell* , No. 1:12-CV-00098, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) (quoting *Dixie Fuel Co., LLC v. Straight Creek, LLC* , 2011 WL 845828, at *4 (E.D.Ky. Mar.8, 2011). *Dixie Fuel* was decided on whether plaintiff conferred "any benefit." 2011 WL 845828, at *3 (emphasis added). To the extent the court considered indirect conferral in dicta, it noted that of the two cases plaintiff cited to defeat the direct benefit requirement, "neither us[ed] Kentucky law." *Id.* at *4. In *Seye v. Cmty. Yellow Cab* , the court permitted an indirect benefit to support plaintiffs' unjust enrichment claim where the benefit conferred was clear. There, plaintiff was a former employee and in a contractual relationship with defendants. And the court in *Eusner v. Sullivan* explicitly said, "[g]enerally, a plaintiff must allege that he directly conferred the benefit on the defendant." 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023). Here, no such close relationship or demonstrable benefit is present. Plaintiffs' caselaw is also misguided as the unjust enrichment claims were dismissed. *Dixie Fuel* , 2013 WL 4588828, at *2 (dismissing unjust enrichment claim); *Eusner* , 2023 WL 2815350, at *7. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Norton Healthcare, Inc. v. Eli Lilly and Company et al.* | 25-cv-00464 | Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110, et seq. (KCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | KRS § 367.220 (authorizing suit for person "who purchases or leases goods or services primarily for personal, family or household purposes"); *Helton v. Am. Gen. Life Ins. Co*., 946 F. Supp. 2d 695, 701 (W.D. Ky. 2013) ("[T]he KCPA provides a private remedy to '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal,' as a result of a violation of KRS § 367.170."). | Disagree | *Kempf v. Lumber Liquidators, Inc.* , 2017 WL 4288903 (W.D. Ky. Sept. 27, 2017) ("the KCPA allows any 'person' to bring suit for violations of the Act, § 367.220(1), broadly defining 'person' to include 'natural persons ... and any other legal entity'"). *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 821 (Ky. 1988) ("[T]he Kentucky legislature created [the KCPA] which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts."). In the absence of guidance from the Kentucky courts on the meaning of "consumer," other jursdictions are instructive. *E.g., Blue Cross and Blue Shield of Vermont v. Teva Pharms. Indus., Ltd.* , 712 F. Supp. 3d 499, 551-52 (D. Ver. 2024) ("[a] defendant engages in 'consumer-oriented' activity if [the company's] actions cause any 'consumer injury or harm to the public interest' ... [Defendant's] acts and practices were consumer-oriented in that they exerted an impact broadly on purchasers of prescription drugs."). *See also Com. ex. rel. Stephens v. North American Van Lines, Inc.* , 600 S.W. 2d 459 (Ky. App. 1979) (KCPA does not define "consumer," but ruled that the state Attorney General is not limited to prosecuting only those types of illegal business acts or practices which are used in merchandising of goods or services intended for personal, family or household use); | SFP Plaintiffs concede that to maintain a KCPA claim, they have to show "consumer oriented activity." Their authority agrees. *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 820 (Ky. 1988) (individual homeowners could bring suit because they "purchased services primarily for personal, family or household purposes"). SFP Plaintiffs apparently contend that their suit is "consumer oriented," but the Court has already found that it is not. ECF No. 731 at 18-20. SFP Plaintiffs do not purchase insulin "primarily for personal, family or household purposes." KRS § 367.220. Rather, they purchase insulin in connection with operating a self-funded insurance plan for their employees. And they do not sue over personal, family, or household purposes, but allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. SFP Plaintiffs' citation to *Stephens* is inapplicable because the analysis there was limited to the Attorney General's ability to bring claims under the KCPA, which is not at issue in this briefing. *See Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.* , 600 S.W.2d 459, 460 ( Ky. Ct. App. 1979). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *Mattera v. Baffert* , 100 F.4th 734, 742 (6th Cir. 2024) ("[P]rivity of contract is required to state a Kentucky Consumer Protection Act claim."); *Potter v. Bruce Walters Ford Sales, Inc.* , 37 S.W.3d 210, 213 (Ky. Ct. App. 2000) ("The language of the statute plainly contemplates an action by a purchaser against his immediate seller."); *Arnold v. Microsoft Corp.* , 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001) ("KRS 367.170 does not allow a person who is not in privity with the seller or lessor to bring an action for violations of the statute."). | Disagree | Under the KCPA, there are exceptions to the privity element. *See Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 741-42 (W.D. Ken. 2013) (holding when express warranties are made for the customer's benefit, privity will not stand in the way of a consumer protection claim). | *Naiser v. Unilever U.S., Inc* . was a deceptive marketing and advertising case, involving allegations that defendant made statements *directly* to plaintiffs to induce their purchases. *Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013) (applying exception that "privity is not required where manufacturers make representations [i.e., express warranties] *directly to the intended consumers of their product* "). Here, SFP Plaintiffs do not allege manufactures made express warranties directly to consumers. Rather, Judge Marinotti has held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, that they are "sophisticated parties other than consumers" and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. Therefore, Plaintiffs' attempt at invoking an "exception" to the privity requirement fails. *See also Reber v. Walls* , No. 2021-CA-0279-MR, 2022 WL 2898496, at *6 (Ky. Ct. App. July 22, 2022) ("[T]he language of KRS 367.170 only contemplates an action by a purchaser of goods or services against his or her immediate seller."). |
| | | | Kentucky False Advertising Statute (KRS 517.030 through KRS 446.070) | Indirect Purchaser, Dkt. No. 731 at 14 | *Arnold v. Microsoft Corp.* , 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001) (indirect purchasers "cannot bring an action ... based upon KRS 446.070"); *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.* , 836 S.W.2d 907, 910 (Ky. Ct. App. 1992) (KRS 446.070 provides cause of action "only for those persons who belong to the class intended to be protected by the statute," which does not include "subsequent purchasers"). | Disagree | *Highland Motor Transfer Co. v. Heyburn Bldg. Co.* , 237 Ky. 337, 343, 35 S.W.2d 521 (Ky. 1931) ("[T]he right to recover for deceit should not be restricted to the immediate parties making the contract. If a third party is injured by the deceit, he should be allowed to recover against the one who made possible the damages to him by practicing the deceit in the first place."); *In re Oxycontin Antitrust Litig.* , 821 F. Supp. 2d 591, 597 (cleaned up) (in case where Commonwealth of Kentucky by its attorney general sued on behalf of Kentucky citizens for violation of Kentucky False Advertising Statute, KRS 517.030 and KRS 446.070 court noted that Kentucky courts have permitted plaintiffs to sue for for injuries resulting from misrepresentations made to, or intended for third parties). | The quote from *Highland Motor Transfer Co.* is misplaced. *Highland* addressed a common-law claim for deceit not a false advertising claim brought under KRS 446.070. Moreover, the issue in *In re Oxycontin Antitrust Litig.* was whether the court had federal question jurisdiction, not whether the Kentucky AG stated a claim under KRS 446.070, 821 F. Supp. 2d 591, 598 (S.D.N.Y. 2011). And in any event, a New York court's interpretation of Kentucky state law is not binding on this Court.<br><br>Only plaintiffs who suffer a direct injury as a result of the alleged conduct can bring a false advertising claim under KRS 446.070. *Arnold* , 2001 WL 1835377, at *7; *see also Kentucky Laborers Dist. Council Health & Welfare Tr. Fund v. Hill & Knowlton, Inc.* , 24 F. Supp. 2d 755, 773, n.9 (W.D. Ky. 1998) (finding plaintiffs' claims "too remote and indirect to satisfy" the requirements of § 446.070). Judge Marinotti has held "this case involves allegations of derivative, not direct, injuries." ECF 729, at 19; ECF 731 at 20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Kentucky Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *SAAP Energy v. Bell* , 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) ("[T]o meet the first element of a claim for unjust enrichment, a plaintiff must allege that he directly conferred a benefit on the defendant."); *Lewis v. Jones* , 2018 WL 5043773, at *5 (E.D. Ky. Oct. 17, 2018) ("To sustain his unjust enrichment claim ... [plaintiff] must show that he conferred a benefit directly upon [defendants].") | Disagree | Under Kentucky law, conferral of a benefit may be direct or indirect. *See, e.g., Dixie Fuel Co., LLC v. Straight Creek, LLC* , Civ. No. 08-326, 2011 WL 845828, at *4-5 (E.D. Ky. Mar. 8, 2011) (Kentucky law only requires "the plaintiff must allege that it conferred a benefit on the defendant[,]" and allows both direct and indirect benefits to state a claim for unjust enrichment); *Seye v. Cmty. Yellow Cab* , No. 10-234-WOB-CJS, 2013 WL 1332430, at *12-13 (E.D. Ky. Feb. 13, 2013) ("an indirect benefit may satisfy the requirements of a claim for unjust enrichment"); *Eusner v. Sullivan* , 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023) (parties need not be in direct privity with one another where plaintiff alleges a property interest or pecuniary gain conferred on defendant). | *SAAP Energy v. Bell* considered the rulings in *Dixie Fuel* and *Seye* and nevertheless found that "the requirement that the benefit be conferred on the defendant by the claimant seems to always be a requirement in practice." *SAAP Energy v. Bell* , No. 1:12-CV-00098, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) (quoting *Dixie Fuel Co., LLC v. Straight Creek, LLC* , 2011 WL 845828, at *4 (E.D.Ky. Mar.8, 2011). *Dixie Fuel* was decided on whether plaintiff conferred "any benefit." 2011 WL 845828, at *3 (emphasis added). To the extent the court considered indirect conferral in dicta, it noted that of the two cases plaintiff cited to defeat the direct benefit requirement, "neither us[ed] Kentucky law." *Id.* at *4. In *Seye v. Cmty. Yellow Cab* , the court permitted an indirect benefit to support plaintiffs' unjust enrichment claim where the benefit conferred was clear. There, plaintiff was a former employee and in a contractual relationship with defendants. And the court in *Eusner v. Sullivan* explicitly said, "[g]enerally, a plaintiff must allege that he directly conferred the benefit on the defendant." 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023). Here, no such close relationship or demonstrable benefit is present. Plaintiffs' caselaw is also misguided as the unjust enrichment claims were dismissed. *Dixie Fuel* , 2013 WL 4588828, at *2 (dismissing unjust enrichment claim); *Eusner* , 2023 WL 2815350, at *7. |
| | *Pikeville Medical Center, Inc. v. Eli Lilly and Company, et al.* | 26-cv-00401 | Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110, et seq. (KCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | KRS § 367.220 (authorizing suit for person "who purchases or leases goods or services primarily for personal, family or household purposes"); *Helton v. Am. Gen. Life Ins. Co* ., 946 F. Supp. 2d 695, 701 (W.D. Ky. 2013) ("[T]he KCPA provides a private remedy to '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal,' as a result of a violation of KRS § 367.170."). | Disagree | *Kempf v. Lumber Liquidators, Inc.* , 2017 WL 4288903 (W.D. Ky. Sept. 27, 2017) ("the KCPA allows any 'person' to bring suit for violations of the Act, § 367.220(1), broadly defining 'person' to include 'natural persons ... and any other legal entity'"). *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 821 (Ky. 1988) ("[T]he Kentucky legislature created [the KCPA] which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts."). In the absence of guidance from the Kentucky courts on the meaning of "consumer," other jurisdictions are instructive. *E.g., Blue Cross and Blue Shield of Vermont v. Teva Pharms. Indus., Ltd.* , 712 F. Supp. 3d 499, 551-52 (D. Ver. 2024) ("[a] defendant engages in 'consumer-oriented' activity if [the company's] actions cause any 'consumer injury or harm to the public interest' ... [Defendant's] acts and practices were consumer-oriented in that they exerted an impact broadly on purchasers of prescription drugs."). *See also Com. ex. rel. Stephens v. North American Van Lines, Inc.* , 600 S.W. 2d 459 (Ky. App. 1979) (KCPA does not define "consumer," but ruled that the state Attorney General is not limited to prosecuting only those types of illegal business acts or practices which are used in merchandising of goods or services intended for personal, family or household use); | SFP Plaintiffs concede that to maintain a KCPA claim, they have to show "consumer oriented activity." Their authority agrees. *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 820 (Ky. 1988) (individual homeowners could bring suit because they "purchased services primarily for personal, family or household purposes"). SFP Plaintiffs apparently contend that their suit is "consumer oriented," but the Court has already found that it is not. ECF No. 731 at 18-20. SFP Plaintiffs do not purchase insulin "primarily for personal, family or household purposes." KRS § 367.220. Rather, they purchase insulin in connection with operating a self-funded insurance plan for their employees. And they do not sue over personal, family, or household purposes, but allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. SFP Plaintiffs' citation to *Stephens* is inapplicable because the analysis there was limited to the Attorney General's ability to bring claims under the KCPA, which is not at issue in this briefing. *See Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.* , 600 S.W.2d 459, 460 ( Ky. Ct. App. 1979). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *Mattera v. Baffert* , 100 F.4th 734, 742 (6th Cir. 2024) ("[P]rivity of contract is required to state a Kentucky Consumer Protection Act claim."); *Potter v. Bruce Walters Ford Sales, Inc.* , 37 S.W.3d 210, 213 (Ky. Ct. App. 2000) ("The language of the statute plainly contemplates an action by a purchaser against his immediate seller."); *Arnold v. Microsoft Corp.* , 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001) ("KRS 367.170 does not allow a person who is not in privity with the seller or lessor to bring an action for violations of the statute."). | Disagree | Under the KCPA, there are exceptions to the privity element. *See Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 741-42 (W.D. Ken. 2013) (holding when express warranties are made for the customer's benefit, privity will not stand in the way of a consumer protection claim). | *Naiser v. Unilever U.S., Inc* . was a deceptive marketing and advertising case, involving allegations that defendant made statements *directly* to plaintiffs to induce their purchases. *Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013) (applying exception that "privity is not required where manufacturers make representations [i.e., express warranties] *directly to the intended consumers of their product* "). Here, SFP Plaintiffs do not allege manufactures made express warranties directly to consumers. Rather, Judge Marinotti has held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, that they are "sophisticated parties other than consumers" and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. Therefore, Plaintiffs' attempt at invoking an "exception" to the privity requirement fails. *See also Reber v. Walls* , No. 2021-CA-0279-MR, 2022 WL 2898496, at *6 (Ky. Ct. App. July 22, 2022) ("[T]he language of KRS 367.170 only contemplates an action by a purchaser of goods or services against his or her immediate seller."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Kentucky Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *SAAP Energy v. Bell* , 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) ("[T]o meet the first element of a claim for unjust enrichment, a plaintiff must allege that he directly conferred a benefit on the defendant."); *Lewis v. Jones* , 2018 WL 5043773, at *5 (E.D. Ky. Oct. 17, 2018) ("To sustain his unjust enrichment claim ... [plaintiff] must show that he conferred a benefit directly upon [defendants].") | Disagree | Under Kentucky law, conferral of a benefit may be direct or indirect. *See, e.g., Dixie Fuel Co., LLC v. Straight Creek, LLC* , Civ. No. 08-326, 2011 WL 845828, at *4-5 (E.D. Ky. Mar. 8, 2011) (Kentucky law only requires "the plaintiff must allege that it conferred a benefit on the defendant[,]" and allows both direct and indirect benefits to state a claim for unjust enrichment); *Seye v. Cmty. Yellow Cab* , No. 10-234-WOB-CJS, 2013 WL 1332430, at *12-13 (E.D. Ky. Feb. 13, 2013) ("an indirect benefit may satisfy the requirements of a claim for unjust enrichment"); *Eusner v. Sullivan* , 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023) (parties need not be in direct privity with one another where plaintiff alleges a property interest or pecuniary gain conferred on defendant). | *SAAP Energy v. Bell* considered the rulings in *Dixie Fuel* and *Seye* and nevertheless found that "the requirement that the benefit be conferred on the defendant by the claimant seems to always be a requirement in practice." *SAAP Energy v. Bell* , No. 1:12-CV-00098, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) (quoting *Dixie Fuel Co., LLC v. Straight Creek, LLC* , 2011 WL 845828, at *4 (E.D.Ky. Mar.8, 2011). *Dixie Fuel* was decided on whether plaintiff conferred "any benefit." 2011 WL 845828, at *3 (emphasis added). To the extent the court considered indirect conferral in dicta, it noted that of the two cases plaintiff cited to defeat the direct benefit requirement, "neither us[ed] Kentucky law." *Id.* at *4. In *Seye v. Cmty. Yellow Cab* , the court permitted an indirect benefit to support plaintiffs' unjust enrichment claim where the benefit conferred was clear. There, plaintiff was a former employee and in a contractual relationship with defendants. And the court in *Eusner v. Sullivan* explicitly said, "[g]enerally, a plaintiff must allege that he directly conferred the benefit on the defendant." 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023). Here, no such close relationship or demonstrable benefit is present. Plaintiffs' caselaw is also misguided as the unjust enrichment claims were dismissed. *Dixie Fuel* , 2013 WL 4588828, at *2 (dismissing unjust enrichment claim); *Eusner* , 2023 WL 2815350, at *7. |
| | *Plumbers and Steamfitters Local Union 577 Health and Welfare v. Eli Lilly and Company et al* | 25-cv-05127 | Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110, et seq. (KCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | KRS § 367.220 (authorizing suit for person "who purchases or leases goods or services primarily for personal, family or household purposes"); *Helton v. Am. Gen. Life Ins. Co* ., 946 F. Supp. 2d 695, 701 (W.D. Ky. 2013) ("[T]he KCPA provides a private remedy to '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal,' as a result of a violation of KRS § 367.170."). | Disagree | *Kempf v. Lumber Liquidators, Inc.* , 2017 WL 4288903 (W.D. Ky. Sept. 27, 2017) ("the KCPA allows any 'person' to bring suit for violations of the Act, § 367.220(1), broadly defining 'person' to include 'natural persons ... and any other legal entity'"). *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 821 (Ky. 1988) ("[T]he Kentucky legislature created [the KCPA] which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts."). In the absence of guidance from the Kentucky courts on the meaning of "consumer," other jurisdictions are instructive. *E.g., Blue Cross and Blue Shield of Vermont v. Teva Pharms. Indus., Ltd.* , 712 F. Supp. 3d 499, 551-52 (D. Ver. 2024) ("[a] defendant engages in 'consumer-oriented' activity if [the company's] actions cause any 'consumer injury or harm to the public interest' ... [Defendant's] acts and practices were consumer-oriented in that they exerted an impact broadly on purchasers of prescription drugs."). *See also Com. ex. rel. Stephens v. North American Van Lines, Inc.* , 600 S.W. 2d 459 (Ky. App. 1979) (KCPA does not define "consumer," but ruled that the state Attorney General is not limited to prosecuting only those types of illegal business acts or practices which are used in merchandising of goods or services intended for personal, family or household use); | SFP Plaintiffs concede that to maintain a KCPA claim, they have to show "consumer oriented activity." Their authority agrees. *Stevens v. Motorists Mut. Ins.* , 759 S.W.2d 819, 820 (Ky. 1988) (individual homeowners could bring suit because they "purchased services primarily for personal, family or household purposes"). SFP Plaintiffs apparently contend that their suit is "consumer oriented," but the Court has already found that it is not. ECF No. 731 at 18-20. SFP Plaintiffs do not purchase insulin "primarily for personal, family or household purposes." KRS § 367.220. Rather, they purchase insulin in connection with operating a self-funded insurance plan for their employees. And they do not sue over personal, family, or household purposes, but allege a "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. SFP Plaintiffs' citation to *Stephens* is inapplicable because the analysis there was limited to the Attorney General's ability to bring claims under the KCPA, which is not at issue in this briefing. *See Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.* , 600 S.W.2d 459, 460 ( Ky. Ct. App. 1979). |
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *Mattera v. Baffert* , 100 F.4th 734, 742 (6th Cir. 2024) ("[P]rivity of contract is required to state a Kentucky Consumer Protection Act claim."); *Potter v. Bruce Walters Ford Sales, Inc.* , 37 S.W.3d 210, 213 (Ky. Ct. App. 2000) ("The language of the statute plainly contemplates an action by a purchaser against his immediate seller."); *Arnold v. Microsoft Corp.* , 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001) ("KRS 367.170 does not allow a person who is not in privity with the seller or lessor to bring an action for violations of the statute."). | Disagree | Under the KCPA, there are exceptions to the privity element. *See Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 741-42 (W.D. Ken. 2013) (holding when express warranties are made for the customer's benefit, privity will not stand in the way of a consumer protection claim). | *Naiser v. Unilever U.S., Inc* . was a deceptive marketing and advertising case, involving allegations that defendant made statements *directly* to plaintiffs to induce their purchases. *Naiser v. Unilever U.S., Inc.* , 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013) (applying exception that "privity is not required where manufacturers make representations [i.e., express warranties] *directly to the intended consumers of their product* "). Here, SFP Plaintiffs do not allege manufactures made express warranties directly to consumers. Rather, Judge Marinotti has held that "SFP Plaintiffs are not direct purchasers," ECF 731 at 14, that they are "sophisticated parties other than consumers" and that "this case involves allegations of derivative, not direct, injuries," ECF 729, at 19; ECF 731 at 20. Therefore, Plaintiffs' attempt at invoking an "exception" to the privity requirement fails. *See also Reber v. Walls* , No. 2021-CA-0279-MR, 2022 WL 2898496, at *6 (Ky. Ct. App. July 22, 2022) ("[T]he language of KRS 367.170 only contemplates an action by a purchaser of goods or services against his or her immediate seller."). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Kentucky Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *SAAP Energy v. Bell*, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) ("[T]o meet the first element of a claim for unjust enrichment, a plaintiff must allege that he directly conferred a benefit on the defendant."); *Lewis v. Jones*, 2018 WL 5043773, at *5 (E.D. Ky. Oct. 17, 2018) ("To sustain his unjust enrichment claim ... [plaintiff] must show that he conferred a benefit directly upon [defendants].") | Disagree | Under Kentucky law, conferral of a benefit may be direct or indirect. *See, e.g., Dixie Fuel Co., LLC v. Straight Creek, LLC*, Civ. No. 08-326, 2011 WL 845828, at *4-5 (E.D. Ky. Mar. 8, 2011) (Kentucky law only requires "the plaintiff must allege that it conferred a benefit on the defendant[,]" and allows both direct and indirect benefits to state a claim for unjust enrichment); *Seye v. Cmty. Yellow Cab*, No. 10-234-WOB-CJS, 2013 WL 1332430, at *12-13 (E.D. Ky. Feb. 13, 2013) ("an indirect benefit may satisfy the requirements of a claim for unjust enrichment"); *Eusner v. Sullivan*, 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023) (parties need not be in direct privity with one another where plaintiff alleges a property interest or pecuniary gain conferred on defendant). | *SAAP Energy v. Bell* considered the rulings in *Dixie Fuel* and *Seye* and nevertheless found that "the requirement that the benefit be conferred on the defendant by the claimant seems to always be a requirement in practice." *SAAP Energy v. Bell*, No. 1:12-CV-00098, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013) (quoting *Dixie Fuel Co., LLC v. Straight Creek, LLC*, 2011 WL 845828, at *4 (E.D.Ky. Mar.8, 2011). *Dixie Fuel* was decided on whether plaintiff conferred "any benefit." 2011 WL 845828, at *3 (emphasis added). To the extent the court considered indirect conferral in dicta, it noted that of the two cases plaintiff cited to defeat the direct benefit requirement, "neither us[ed] Kentucky law." *Id.* at *4. In *Seye v. Cmty. Yellow Cab*, the court permitted an indirect benefit to support plaintiffs' unjust enrichment claim where the benefit conferred was clear. There, plaintiff was a former employee and in a contractual relationship with defendants. And the court in *Eusner v. Sullivan* explicitly said, "[g]enerally, a plaintiff must allege that he directly conferred the benefit on the defendant." 2023 WL 2815350, at *7 (E.D. Ky. Apr. 5, 2023). Here, no such close relationship or demonstrable benefit is present. Plaintiffs' caselaw is also misguided as the unjust enrichment claims were dismissed. *Dixie Fuel*, 2013 WL 4588828, at *2 (dismissing unjust enrichment claim); *Eusner*, 2023 WL 2815350, at *7. |
| Louisiana | *Bossier Parish School Board v. Eli Lilly and Company et al* | 25-cv-01322 | Louisiana Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Riley v. Cantrell*, 2021 WL 2680211, at *7 (E.D. La June 30, 2021) ("Absent a breach of contract . . . there is no independent claim for breach of the implied covenant of good faith."); *Gulf Prod. Co., Inc. v. Petroleum Engineers, Inc.*, 2013 WL 6925002, at * 2 (La. App. 4th Cir. Dec. 11, 2013), *writ denied*, 137 So. 3d 1216 (La. 2014) ("In order for [plaintiff] to assert a valid cause of action for breach of contract, it must allege a breach of a specific provision of the contract."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Louisiana Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So.3d 987, 991 (La. Ct. App. 2010) ("Conspiracy by itself is not an actionable claim under Louisiana law."); *Simoneaux v. Taylor Seidenbach, Inc.*, 708 F. Supp. 3d 821, 827 (E.D. La. 2023) ("Louisiana's civil conspiracy statute does not create an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Boudreaux v. Jeff*, 884 So.2d 665, 671-74 (La. App. 1 Cir. 2004)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>Louisiana fraud claims are subject to a two year statute of limitations, as defendants have explained. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 20. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *CamSoft Data Sys., Inc. v. S. Elecs. Supply*, 2019 WL 2865138, at *6 (La. App. 1 Cir. July 2, 2019) ("The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law. Instead, it is the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Louisiana Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Est. of Barre v. Carter*, 272 F. Supp. 3d 906, 947 (E.D. La. 2017) (granting dismissal of unjust enrichment claim where "Plaintiffs' unjust enrichment claim is based on the same factual premises and alleged wrong as their LUTPA, Copyright Act, and Lanham Act claims … regardless of whether Plaintiffs have brought an unjust enrichment action in the alternative"); *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). | Disagree | Unjust enrichment has applicability in situations where a plaintiff genuinely has no other legal remedy. *Hidden Grove, LLC v. Brauns*, 356 So.3d 974, 978-980 (La. 2023). It would be premature to dismiss this claim before determining that there is another viable avenue for relief. | Plaintiff misconstrues *Hidden Grove*. There, the court held that it was error for the lower court to find plaintiff failed to meet the "no other remedy at law" requirement because the plaintiff failed to "protect its interests by obtaining a written contract before" beginning performance and before a dispute ever arose. 356 So. 3d at 978. Here, Plaintiff has a statutory remedy available, whether that claim is succcessful or not. The unjust enrichment claim is therefore barred on the pleadings under Louisana law. *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Bossier Parish v. Eli Lilly & Co., et al.* | 23-cv-10910 | Louisiana Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So.3d 987, 991 (La. Ct. App. 2010) ("Conspiracy by itself is not an actionable claim under Louisiana law."); *Simoneaux v. Taylor Seidenbach, Inc*., 708 F. Supp. 3d 821, 827 (E.D. La. 2023) ("Louisiana's civil conspiracy statute does not create an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Boudreaux v. Jeff*, 884 So.2d 665, 671-74 (La. App. 1 Cir. 2004)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>Louisiana fraud claims are subject to a two year statute of limitations, as defendants have explained. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 20. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *CamSoft Data Sys., Inc. v. S. Elecs. Supply*, 2019 WL 2865138, at *6 (La. App. 1 Cir. July 2, 2019) ("The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law. Instead, it is the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Louisiana Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Est. of Barre v. Carter*, 272 F. Supp. 3d 906, 947 (E.D. La. 2017) (granting dismissal of unjust enrichment claim where "Plaintiffs' unjust enrichment claim is based on the same factual premises and alleged wrong as their LUTPA, Copyright Act, and Lanham Act claims … regardless of whether Plaintiffs have brought an unjust enrichment action in the alternative"); *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). | Disagree | Unjust enrichment has applicability in situations where a plaintiff genuinely has no other legal remedy. *Hidden Grove, LLC v. Brauns*, 356 So.3d 974, 978-980 (La. 2023). It would be premature to dismiss this claim before determining that there is another viable avenue for relief. | Plaintiff misconstrues *Hidden Grove*. There, the court held that it was error for the lower court to find plaintiff failed to meet the "no other remedy at law" requirement because the plaintiff failed to "protect its interests by obtaining a written contract before" beginning performance and before a dispute ever arose. 356 So. 3d at 978. Here, Plaintiff has a statutory remedy available, whether that claim is succcessful or not. The unjust enrichment claim is therefore barred on the pleadings under Louisana law. *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). |
| | *Parish Government Risk Management Agency v. Eli Lilly and Company et al.* | 24-cv-08097 | Louisiana Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So.3d 987, 991 (La. Ct. App. 2010) ("Conspiracy by itself is not an actionable claim under Louisiana law."); *Simoneaux v. Taylor Seidenbach, Inc*., 708 F. Supp. 3d 821, 827 (E.D. La. 2023) ("Louisiana's civil conspiracy statute does not create an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Boudreaux v. Jeff*, 884 So.2d 665, 671-74 (La. App. 1 Cir. 2004)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>Louisiana fraud claims are subject to a two year statute of limitations, as defendants have explained. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 20. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *CamSoft Data Sys., Inc. v. S. Elecs. Supply*, 2019 WL 2865138, at *6 (La. App. 1 Cir. July 2, 2019) ("The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law. Instead, it is the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Louisiana Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Est. of Barre v. Carter* , 272 F. Supp. 3d 906, 947 (E.D. La. 2017) (granting dismissal of unjust enrichment claim where "Plaintiffs' unjust enrichment claim is based on the same factual premises and alleged wrong as their LUTPA, Copyright Act, and Lanham Act claims … regardless of whether Plaintiffs have brought an unjust enrichment action in the alternative"); *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.* , 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). | Disagree | Unjust enrichment has applicability in situations where a plaintiff genuinely has no other legal remedy. *Hidden Grove, LLC v. Brauns* , 356 So.3d 974, 978-980 (La. 2023). It would be premature to dismiss this claim before determining that there is another viable avenue for relief. | Plaintiff misconstrues *Hidden Grove* . There, the court held that it was error for the lower court to find plaintiff failed to meet the "no other remedy at law" requirement because the plaintiff failed to "protect its interests by obtaining a written contract before" beginning performance and before a dispute ever arose. 356 So. 3d at 978. Here, Plaintiff has a statutory remedy available, whether that claim is succcessful or not. The unjust enrichment claim is therefore barred on the pleadings under Louisana law. *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.* , 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). |
| | *Parish of Caddo, Louisiana v. Eli Lilly and Company et al.* | 25-cv-00452 | Louisiana Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Crutcher-Tufts Res., Inc. v. Tufts* , 38 So.3d 987, 991 (La. Ct. App. 2010) ("Conspiracy by itself is not an actionable claim under Louisiana law."); *Simoneaux v. Taylor Seidenbach, Inc* ., 708 F. Supp. 3d 821, 827 (E.D. La. 2023) ("Louisiana's civil conspiracy statute does not create an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Boudreaux v. Jeff* , 884 So.2d 665, 671-74 (La. App. 1 Cir. 2004)(upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>Louisiana fraud claims are subject to a two year statute of limitations, as defendants have explained. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 20. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *CamSoft Data Sys., Inc. v. S. Elecs. Supply* , 2019 WL 2865138, at *6 (La. App. 1 Cir. July 2, 2019) ("The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law. Instead, it is the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Louisiana Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Est. of Barre v. Carter* , 272 F. Supp. 3d 906, 947 (E.D. La. 2017) (granting dismissal of unjust enrichment claim where "Plaintiffs' unjust enrichment claim is based on the same factual premises and alleged wrong as their LUTPA, Copyright Act, and Lanham Act claims … regardless of whether Plaintiffs have brought an unjust enrichment action in the alternative"); *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.* , 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). | Disagree | Unjust enrichment has applicability in situations where a plaintiff genuinely has no other legal remedy. *Hidden Grove, LLC v. Brauns* , 356 So.3d 974, 978-980 (La. 2023). It would be premature to dismiss this claim before determining that there is another viable avenue for relief. | Plaintiff misconstrues *Hidden Grove* . There, the court held that it was error for the lower court to find plaintiff failed to meet the "no other remedy at law" requirement because the plaintiff failed to "protect its interests by obtaining a written contract before" beginning performance and before a dispute ever arose. 356 So. 3d at 978. Here, Plaintiff has a statutory remedy available, whether that claim is succcessful or not. The unjust enrichment claim is therefore barred on the pleadings under Louisana law. *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.* , 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful." (citing Louisiana law)). |
| Maryland | *Anne Arundel County, MD v.. Eli Lilly and Company et al.* | 24-cv-00384 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Board of County Commissioners of Washington County, MD v. Eli Lilly and Company, et. al.* | 23-cv-22917 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Calvert County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11201 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Caroline County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11059 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Carroll County Public Schools v. Eli Lilly and Company et al.* | 25-cv-00177 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Cecil County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11054 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Charles County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11151 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Dorchester County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11057 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Electrical Welfare Trust Fund v. Eli Lilly and Company et al.* | 25-cv-00476 | Maryland Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lloyd v. Gen. Motors Corp.* , 916 A.2d 257, 285 (Md. 2007) ("This Court has consistently held that conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." (quotation omitted)); *Lilly v. Baltimore Police Dept.* , 694 F. Supp. 3d 569, 592 (D. Md. 2023) ("Civil conspiracy is not an independent cause of action under Maryland law, and a defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." (citation and quotation omitted)). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Orteck Int'l Inc. v. TransPacific Tire & Wheel, Inc.* , 2006 WL 2572474, at *27 (D. Md. Sept. 5, 2006) ("Defendants' first argument, that the conspiracy claim must fail because Plaintiffs fail to state a tort claim, is not viable because Plaintiffs have stated at least one tort claim, and may be able to state additional tort claims in an amended complaint.") | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Maryland is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 21-26. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Sucklal v. MTGLQ Investors LP* , 2011 WL 663754, at *5 (D. Md. 2011) (dismissing civil conspiracy claim because "[plaintiff] has not alleged that the defendants committed a tort" and "the plaintiff must allege the 'underlying tortious activity'" to bring a civil conspiracy claim in Maryland). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Maryland Deceptive Trade Practices Law, §13-303, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MDTPL does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods."). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which failure independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 363, 371 (D. Md. 1989); *see also, e.g.* , *Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "intended to resell" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Frederick County Public Schools v. Eli Lilly and Company et al.* | 25-cv-00226 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State*, 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State*, 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis*, 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White*, a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Hagerstown Community College v. Eli Lilly and Company et al.* | 24-cv-11150 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester*, 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.*, 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Howard County Board of Education v. Eli Lilly and Company, et al* | 25-cv-13446 | Maryland Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Cutler v. Wal–Mart Stores, Inc.* , 175 Md. App. 177, 195 (2007) ("Maryland law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing. A breach of that implied covenant simply supports another cause of action at law, *e.g.* , breach of contract." (internal quotation marks and citation omitted)); *Daljaco, Inc. v. Baugh* , 268 Md. App. 182, 196–97, 348 A.3d 914, 922-23 (2025) (same, and explaining that "[t]o prevail on a claim for breach of contract, plaintiff must identify and allege which contractual provision was breached" (cleaned up)). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester*, 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.*, 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State*, 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State*, 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis*, 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White*, a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Kent County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11153 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester*, 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.*, 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State*, 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State*, 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis*, 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White*, a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Maryland-National Capital Park and Planning Commission v. Eli Lilly and Company et al.* | 25-cv-00389 | Maryland Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 285 (Md. 2007) ("This Court has consistently held that conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." (quotation omitted)); *Lilly v. Baltimore Police Dept.*, 694 F. Supp. 3d 569, 592 (D. Md. 2023) ("Civil conspiracy is not an independent cause of action under Maryland law, and a defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." (citation and quotation omitted)). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Orteck Int'l Inc. v. TransPacific Tire & Wheel, Inc.*, 2006 WL 2572474, at *27 (D. Md. Sept. 5, 2006) ("Defendants' first argument, that the conspiracy claim must fail because Plaintiffs fail to state a tort claim, is not viable because Plaintiffs have stated at least one tort claim, and may be able to state additional tort claims in an amended complaint.") | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Maryland is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 21-26. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Sucklal v. MTGLQ Investors LP*, 2011 WL 663754, at *5 (D. Md. 2011) (dismissing civil conspiracy claim because "[plaintiff] has not alleged that the defendants committed a tort" and "the plaintiff must allege the 'underlying tortious activity'" to bring a civil conspiracy claim in Maryland). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Mayor and City Council of Baltimore v. Eli Lilly and Company, et al.* | 24-cv-05099 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Montgomery County Public Schools v. Eli Lilly and Company et al.* | 25-cv-00281 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Prince George's County, Maryland v. Eli Lilly and Company et al* | 25-cv-01560 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester*, 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MDTPL does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC*, 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC*, 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.*, 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State*, 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State*, 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis*, 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White*, a local government entity is not a "'person' within the coverage of the proscribed activities described in the CPA." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis*, 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc*., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell*" the product); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Prince George's County Public Schools v. Eli Lilly and Company et al.* | 25-cv-00277 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Queen Anne County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11160 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *St. Mary's County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11152 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Talbot County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11142 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The Board of County Commissioners of St. Mary's County, Maryland v. Eli Lilly and Company et al* | 23-cv-23090 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Transit Employees Health and Welfare Plan v. Eli Lilly and Company et al.* | 25-cv-00517 | Maryland Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lloyd v. Gen. Motors Corp.* , 916 A.2d 257, 285 (Md. 2007) ("This Court has consistently held that conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." (quotation omitted)); *Lilly v. Baltimore Police Dept.* , 694 F. Supp. 3d 569, 592 (D. Md. 2023) ("Civil conspiracy is not an independent cause of action under Maryland law, and a defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." (citation and quotation omitted)). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Orteck Int'l Inc. v. TransPacific Tire & Wheel, Inc.* , 2006 WL 2572474, at *27 (D. Md. Sept. 5, 2006) ("Defendants' first argument, that the conspiracy claim must fail because Plaintiffs fail to state a tort claim, is not viable because Plaintiffs have stated at least one tort claim, and may be able to state additional tort claims in an amended complaint.") | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Maryland is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 21-26. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Sucklal v. MTGLQ Investors LP* , 2011 WL 663754, at *5 (D. Md. 2011) (dismissing civil conspiracy claim because "[plaintiff] has not alleged that the defendants committed a tort" and "the plaintiff must allege the 'underlying tortious activity'" to bring a civil conspiracy claim in Maryland). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MDTPL does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *UFCW Unions and Participating Employers Health and Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00516 | Maryland Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lloyd v. Gen. Motors Corp.* , 916 A.2d 257, 285 (Md. 2007) ("This Court has consistently held that conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." (quotation omitted)); *Lilly v. Baltimore Police Dept.* , 694 F. Supp. 3d 569, 592 (D. Md. 2023) ("Civil conspiracy is not an independent cause of action under Maryland law, and a defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." (citation and quotation omitted)). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Orteck Int'l Inc. v. TransPacific Tire & Wheel, Inc.* , 2006 WL 2572474, at *27 (D. Md. Sept. 5, 2006) ("Defendants' first argument, that the conspiracy claim must fail because Plaintiffs fail to state a tort claim, is not viable because Plaintiffs have stated at least one tort claim, and may be able to state additional tort claims in an amended complaint.") | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Maryland is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 21-26. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Sucklal v. MTGLQ Investors LP* , 2011 WL 663754, at *5 (D. Md. 2011) (dismissing civil conspiracy claim because "[plaintiff] has not alleged that the defendants committed a tort" and "the plaintiff must allege the 'underlying tortious activity'" to bring a civil conspiracy claim in Maryland). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MDTPL does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | *Washington County Public Schools v. Eli Lilly and Company et al.* | 24-cv-11158 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Worcester County Public Schools v. Eli Lilly and Company et al.* | 25-cv-00178 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action.…" (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Worcester County v. Eli Lilly and Company et al.* | 25-cv-00080 | Maryland Consumer Protection Act (Md. Code § 13-301, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Boatel Indus. v. Hester* , 550 A.2d 389, 399 (Md. Ct. Sp. App. 1988) (remedies for deceptive trade practices "are limited to 'consumers' purchasing 'consumer goods'"). | Disagree | The MCPA does not bar business-to-business claims. The Court's dismissal of the NYGBL claim on business-to-business grounds does not extend to the MCPA, which contains no such limitation. *See Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) (rejecting argument that consumer sophistication limits MCPA coverage and finding no basis in the statute's text to narrow its reach); *333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring MCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee). | SFP Plaintiffs' authority confirms that the MCPA applies only to "unfair, abusive, or deceptive" practices in the context of "consumer" transactions. Md. Com. L. Code § 13-303; *see 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (collecting cases and observing that corporate MCPA plaintiffs must "allege a personal purpose"); *Perkins v. Sandy Spring Builders, LLC* , 2026 WL 696538, at *5 (D. Md. Mar. 12, 2026) ("The MCPA prohibits any 'unfair, abusive, or deceptive trade practice' in the marketing and sale of consumer goods.") (citation omitted). SFP Plaintiffs do not allege the "rare circumstances" in which "a business might qualify as a consumer." *JHF Vista USA, Ltd. v. John S. Connor, Inc.* , 2010 WL 481327, at *6 (D. Md. Feb. 5, 2010) (granting summary judgment). Instead, their claims are based on "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Md. Code, Com. Law § 13-408(a) (providing cause of action to "person[s]"); *see also* Md. Code, Com. Law § 13-101(h) (defining "Person" as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."); *Benson v. State* , 887 A.2d 525, 544 (Md. App. Ct. 2005) ("[T]he rule of construction to be applied is to exclude the government from the statute's operation unless the Legislature provides particular indication in the language that it intended to include the State in its sweep."); *White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (applying the reasoning of *Benson* where a local government was a party). | Disagree | Plaintiff is a "person" as defined by Md. Code Ann., Com. Law § 13-101(h) (defining "person" as "any other legal or commercial entity"). Neither authority provided by Defendants holds that a county may not bring a claim under the Maryland Consumer Protection Act ("MCPA"). See *Benson v. State* , 887 A.2d 525 (Md. App. Ct. 2005) (State is not a covered *defendant* under MCPA); *White v. City of Annapolis* , 439 F. Supp. 3d 522 (D. Md. 2020) (same, for municipality). | SFP Plaintiffs do not rebut that, under *Benson* and *White* , a local government entity is not a "'person' within the coverage of the proscribed activities depicted in the CPA." *Benson v. State* , 887 A.2d 525, 546 (Md. 2005); *see White v. City of Annapolis* , 439 F. Supp. 3d 522, 547 (D. Md. 2020) (concluding that "the reasoning of *Benson* would also apply to a local government"). While *Benson* and *White* dealt with who could be sued under the Maryland CPA, the statute uses the same word, "person," to describe who can sue. *Compare* Md. Code, Com. Law § 13-408 ("[A]ny *person* may bring an action…." (emphasis added)), *with id.* § 13-303 ("A *person* may not engage in any unfair, abusive, or deceptive trade practice" (emphasis added)). Plaintiff therefore can neither sue nor be sued under the statute. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *Layton v. AAMCO Transmissions, Inc* ., 717 F. Supp. 368, 371 (D. Md. 1989) (franchisees "are not 'consumers' and therefore have no cause of action under the [CPA]"). | Disagree | Defendants' authority, which concerns franchisees filing suit against their franchisor, is inapposite. *See Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368 (D. Md. 1989). | SFP Plaintiffs fail to provide any "applicable legal authority supporting" their position, which independently warrants dismissal. CMO 25 ¶ II(c). In any case, SFP Plaintiffs do not argue that they qualify as "consumers" within the meaning of the Maryland CPA. Nor do they cite any authority suggesting that non-consumers like SFP Plaintiffs might have standing to sue. *Cf. Layton v. AAMCO Transmissions, Inc.* , 717 F. Supp. 368, 371 (D. Md. 1989); *see also Boatel Indus., Inc. v. Hester* , 550 A.2d 389, 399-400 (Md. Ct. Spec. App. 1988) (MCPA's "remedies are limited to 'consumers' purchasing 'consumer goods,'" and plaintiff "does not qualify as a 'consumer'" where he "*intended* to *resell* " the product); *Penn-Plax, Inc. v. L. Schultz, Inc.* , 988 F. Supp. 906, 909 (D. Md. 1997) (holding that a business lacks "standing to sue" under the MCPA, even "where it alleges a consumer-oriented injury"). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Massachusetts | *Beth Israel Lahey Health, Inc. v. Eli Lilly and Company et al* | 25-cv-13933 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford*, 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.*, 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.*, 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc*., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| | *City Known as the Town of Braintree, MA v. Eli Lilly and Company, et al.* | 25-cv-16592 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford*, 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.*, 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.*, 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc*., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Beverly, Massachusetts v. Eli Lilly and Company et al.* | 25-cv-00305 | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Brockton, Massachusetts v. Eli Lilly and Company et al.* | 25-cv-00307 | Massachusetts Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Calautti v. Am. Home Mortg. Servicing, Inc.* , 2012 WL 5240262, at *7 (Mass. Super. Aug. 7, 2012) ("[A]llegations sufficient to plausibly suggest an entitlement to relief [for breach of contract] include, at a minimum, identification of the specific contractual obligation alleged to have been breached, and the specific conduct alleged to constitute the breach." (internal quotation marks omitted)); *Hogan v. Teamsters Loc. 170* , 495 F. Supp. 3d 52, 58 (D. Mass. 2020) ("For a breach-of-contract claim to survive a motion to dismiss under Massachusetts law, a plaintiff must do more than allege, in conclusory fashion, that the defendant breached the contract; rather, he must describe, with substantial certainty the specific contractual promise the defendant failed to keep." (citations omitted)). | Disagree | The complaint need not pinpoint a single provision to survive a motion to dismiss. In the First Circuit, breach of contract claims should be allowed to proceed "if the contract could plausibly be read in the plaintiff's favor and the complaint's allegations suggest a breach." *Sourcing Unlimited, Inc. v. Elektroteks, LLC* , 2021 WL 2875713, at *13 (D. Mass. July 8, 2021), citing *Young v. Wells Fargo Bank, N.A.* , 717 F.3d 224, 233 (1st Cir. 2013). In any event, any dismissal of this claim would necessarily be without prejudice, as the Court already recognized in dismissing King County's implied covenant claim, leaving Plaintiffs free to replead the breach with whatever additional specificity the Court deems necessary. | Plaintiffs' citation to a single unpublished decision is not the law in Massachusetts. Rather, both state and federal courts applying Massachusetts law have found that Plaintiffs are required to "describ[e], with 'substantial certainty,' the specific contractual promise the defendant failed to keep." *Hampden-Wilbraham Regl. Sch. Dist. v. Massachusetts Interscholastic Athletic Assn., Inc* ., 276 N.E.3d 741 (Mass. App. 2026) (quoting *Brooks v. AIG SunAmerica Life Assur. Co.* , 480 F.3d 579, 586 (1st Cir. 2007)); *see Calautti v. Am. Home Mortg. Servicing, Inc.* , 2012 WL 5240262, at *7 (Mass. Super. Aug. 7, 2012) (citing *Brooks v. AIG Sunamerica Life* , 480 F.3d 579, 586 (1st Cir. 2007)) ("allegations sufficient to 'plausibly suggest' an entitlement to relief include, at a minimum, identification of the specific contractual obligation alleged to have been breached, and the specific conduct alleged to constitute the breach."); *Bowles v. Clark* , 92 N.E.2d 363, 364 (Mass. 1950) ("Here the causes of action relied upon are the breach of a contract and the violation of a duty arising from that contract. It is therefore essential that the terms of the alleged contract be stated with 'substantial certainty.'") |
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.* ., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin* , 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC* , 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.* , 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.* , 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger* , 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.* , 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick* " and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick* "). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| | *City of Everett, MA v. Eli Lilly and Company, et al.* | 25-cv-16681 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford*, 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.*, 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.*, 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc*., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Methuen, MA v. Eli Lilly and Company et al* | 25-cv-14276 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford* , 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.* , 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.* , 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc* ., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.* ., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin* , 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC* , 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.* , 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.* , 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger* , 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.* , 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick* " and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick* "). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| | *City of New Bedford, Massachusetts v. Eli Lilly and Company et al.* | 25-cv-00282 | Massachusetts Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Calautti v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 5240262, at *7 (Mass. Super. Aug. 7, 2012) ("[A]llegations sufficient to plausibly suggest an entitlement to relief [for breach of contract] include, at a minimum, identification of the specific contractual obligation alleged to have been breached, and the specific conduct alleged to constitute the breach." (internal quotation marks omitted)); *Hogan v. Teamsters Loc. 170*, 495 F. Supp. 3d 52, 58 (D. Mass. 2020) ("For a breach-of-contract claim to survive a motion to dismiss under Massachusetts law, a plaintiff must do more than allege, in conclusory fashion, that the defendant breached the contract; rather, he must describe, with substantial certainty the specific contractual promise the defendant failed to keep." (citations omitted)). | Disagree | The complaint need not pinpoint a single provision to survive a motion to dismiss. In the First Circuit, breach of contract claims should be allowed to proceed "if the contract could plausibly be read in the plaintiff's favor and the complaint's allegations suggest a breach." *Sourcing Unlimited, Inc. v. Elektroteks, LLC*, 2021 WL 2875713, at *13 (D. Mass. July 8, 2021), citing *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 233 (1st Cir. 2013). In any event, any dismissal of this claim would necessarily be without prejudice, as the Court already recognized in dismissing King County's implied covenant claim, leaving Plaintiffs free to replead the breach with whatever additional specificity the Court deems necessary. | Plaintiffs' citation to a single unpublished decision is not the law in Massachusetts. Rather, both state and federal courts applying Massachusetts law have found that Plaintiffs are required to "describ[e], with 'substantial certainty,' the specific contractual promise the defendant failed to keep." *Hampden-Wilbraham Regl. Sch. Dist. v. Massachusetts Interscholastic Athletic Assn., Inc*., 276 N.E.3d 741 (Mass. App. 2026) (quoting *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007)); *see Calautti v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 5240262, at *7 (Mass. Super. Aug. 7, 2012) (citing *Brooks v. AIG Sunamerica Life*, 480 F.3d 579, 586 (1st Cir. 2007)) ("allegations sufficient to 'plausibly suggest' an entitlement to relief include, at a minimum, identification of the specific contractual obligation alleged to have been breached, and the specific conduct alleged to constitute the breach."); *Bowles v. Clark*, 92 N.E.2d 363, 364 (Mass. 1950) ("Here the causes of action relied upon are the breach of a contract and the violation of a duty arising from that contract. It is therefore essential that the terms of the alleged contract be stated with 'substantial certainty.'") |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Revere, MA v. Eli Lilly and Company, et al.* | 25-cv-16395 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford*, 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.*, 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.*, 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc*., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC* , 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.* , 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.* , 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.* , 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia* , *Reed v. Zipcar, Inc.* , 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin* , 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.* , *Tomasella v. Nestle USA, Inc.* , 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC* , 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis* , 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim* " (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC* , 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella* , and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| | *Creative Office Resources v. Eli Lilly and Company et al* | 25-cv-13010 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford* , 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.* , 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.* , 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc* ., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.* ., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin* , 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC* , 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.* , 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.* , 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger* , 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.* , 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick* " and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick* "). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc* ., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC* , 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.* , 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.* , 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.* , 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia* , *Reed v. Zipcar, Inc.* , 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin* , 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.* , *Tomasella v. Nestle USA, Inc.* , 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC* , 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis* , 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim* " (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella* , and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Mass General Brigham Incorporated v. Eli Lilly and Company, et al.* | 25-cv-16179 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford* , 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.* , 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.* , 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc* ., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.* ., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin* , 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC* , 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.* , 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.* , 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger* , 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.* , 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.* , 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick* " and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick* "). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| | *MIIA Health Benefits Trust v. Eli Lilly and Company, et al.* | 25-cv-16228 | Massachusetts Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Pinto v. Town of Milford*, 1999 WL 791741, at *5 (Mass. Super. Ct. Aug. 10, 1999) (civil conspiracy is a derivative claim unless "the plaintiff [can] show the element of coercion"); *Spenlinhauer v. Spencer Press, Inc.*, 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming grant of summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Greene v. Philip Morris USA, Inc.*, 208 N.E.3d 676, 872 (Mass. 2023)(upholding civil conspiracy verdict based on underlying fraudulent misrepresentation). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Massachusetts is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 27-28. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Spenlinhauer v. Spencer Press, Inc*., 959 N.E.2d 436, 448 (Mass. App. Ct. 2011) (affirming summary judgment on civil conspiracy claim where plaintiff "had not proved an independent basis for tort liability and did not allege coercion"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*., 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *North Atlantic States Carpenters Health Benefits Fund v. Eli Lilly and Company et al.* | 25-cv-00300 | Massachusetts Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Massachusetts" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same); *Est. of Johnson v. Melvin Rose, Inc.*, 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2007) (entering judgment against unjust enrichment claim because "there is [no] evidence of the direct benefit received by the defendants"); *St. Fleur v. Kurtin*, 2022 WL 1611973, at *6 (Mass. Super. May 18, 2022) (defendants are "not properly answerable in quasi-contract or like equitable theories" because they "derived no direct personal benefit from the services performed by the Plaintiffs"). | Disagree | Massachusetts does not require a direct benefit to support a claim of unjust enrichment. The "relevant question is whether [defendant] received a benefit from the plaintiffs at all, not whether that benefit was directly received." *Lionetta v. InMarket Media, LLC*, 798 F. Supp. 3d 139, 152 (D. Mass. 2025); see also *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (citing *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)); *see also Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021) (unjust enrichment "does not require that a defendant receive direct payments from a plaintiff"). | Massachusetts has not passed an *Illinois Brick* repealer statute. *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *24 (D. Del. 2022) (dismissing all unjust enrichment claims "in states that have not repealed the Illinois Brick rule (i.e., . . . *Massachusetts* . . .).") (emphasis added). In states that continue to follow Illinois Brick, i.e.—states where a repealer statute has not been passed, "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with Illinois Brick." *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Massachusetts cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims in an attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ( "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." ); *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of *Illinois Brick*" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of *Illinois Brick* [are] presumed to have decided to follow federal law, including the Illinois Brick limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Because plaintiffs' claims are clearly pled as a workaround to plaintiffs' antitrust claims, they must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019) (dismissing Massachusetts unjust enrichment claims as "an attempt to circumvent *Illinois Brick*"). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 16 (1st Cir. 2017) ("[Plaintiff's] common law claim for unjust enrichment also fails because a party with an adequate remedy at law cannot claim unjust enrichment. ... It is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) ("The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment."). | Disagree | Unjust enrichment can be asserted as an alternative theory at the pleading stage, even where it is ultimately mutually exclusive with their claims at law. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 473 (D. Mass. 2018); *SalioGen Therapeutics, Inc. v. DNA TwoPointO Inc.*, 2022 WL 20138601, at *8 (D. Mass. Mar. 25, 2022) (denying motion to dismiss where plaintiff brought Chapter 93A and unjust enrichment claims); *see also C.E.B. Inc. v. HCL Am. Inc.*, 2026 WL 1256210, at *9 (D. Mass. May 7, 2026) ( "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law. . . , [plaintiff] is entitled to proceed with the unjust enrichment claim as an alternative theory of recovery."). | While in some circumstances, "[i]t is true that plaintiffs may plead *breach of contract* and unjust enrichment as alternative theories," as the court in *SiOnyx, LLC* recognized, the same is not true of unjust enrichment and *Chapter 93A* claims. 332 F. Supp. 3d at 473 (emphasis added) (citing, *inter alia*, *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012) and *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010)). The clear weight of authority holds that unjust enrichment cannot be pleaded in the alternative to a Chapter 93A claim, regardless of whether the Chapter 93A claim is viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 83-84 (1st Cir. 2020) (rejecting argument that alternative pleading rule allowed plaintiff to assert unjust enrichment alongside Chapter 93A claim and distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity); *Schuster v. Wynn Ma, LLC*, 118 F.4th 30, 38 (1st Cir. 2024); *Shaulis*, 865 F.3d at 16.<br><br>Plaintiff's decisions do not support its position. Although *C.E.B. Inc.* involved a Chapter 93A claim, the court in that case only addressed whether unjust enrichment could be pleaded in the alternative to breach of contract. No. CV 25-13063, 2026 WL 1256210, at *9 (finding "[a]t this stage, it is still unclear whether [plaintiff] has an adequate remedy at law *with regard to its breach of contract claim*" (cleaned up; emphasis added)); *see also Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 116 (D. Mass. 2022) (distinguishing alternative pleading cases on the grounds that they involved contractual ambiguity and finding "the availability of a Chapter 93A claim bars any unjust enrichment claim"). And *SalioGen Therapeutics, Inc.* simply failed to address the First Circuit's opinion in *Tomasella*, and cited only *SiOnyx, LLC* in support of its alternative pleading holding, a case that addressed only whether unjust enrichment could be pleaded in the alternative to breach of contract. |
| Michigan | *Adrian Public Schools v. Eli Lilly and Company et al.* | 25-cv-00123 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Allegan Area Education Service Agency v. Eli Lilly and Company et al.* | 25-cv-00174 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Allegan County v. Eli Lilly and Company et al.* | 25-cv-00124 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Allegan Public Schools v. Eli Lilly and Company et al.* | 24-cv-11273 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Allendale Public Schools v. Eli Lilly and Company et al.* | 25-cv-00027 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Athens Area Schools v. Eli Lilly and Company et al.* | 25-cv-00147 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Baraga County, Michigan v. Eli Lilly and Company et al.* | 24-cv-11292 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Burr Oak Community Schools v. Eli Lilly and Company et al.* | 24-cv-11238 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Cadillac Area Public Schools v. Eli Lilly and Company et al.* | 24-cv-11282 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Caledonia Community Schools v. Eli Lilly and Company et al.* | 25-cv-00146 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Calhoun Intermediate School District v. Eli Lilly and Company et al.* | 24-cv-11235 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Camden Frontier Schools v. Eli Lilly and Company et al.* | 25-cv-00113 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Charlotte Public Schools v. Eli Lilly and Company et al.* | 24-cv-11293 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Ann Arbor, Michigan v. Eli Lilly and Company et al.* | 24-cv-09404 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Detroit, Michigan v. Eli Lilly and Company et al.* | 25-cv-00232 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Grand Rapids, Michigan et al. v. Eli Lilly and Company et al.* | 24-cv-09593 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Lansing, Michigan v. Eli Lilly and Company et al.* | 25-cv-00268 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Clarkston Community Schools v. Eli Lilly and Company et al.* | 25-cv-00343 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Coldwater Community Schools v. Eli Lilly and Company et al.* | 24-cv-11232 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Coloma Community Schools v. Eli Lilly and Company et al.* | 24-cv-11290 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Comstock Public Schools v. Eli Lilly and Company et al.* | 24-cv-11242 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *County of Wayne, Michigan v. Eli Lilly and Company et al* | 24-cv-00523 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Delton Kellogg Schools v. Eli Lilly and Company et al.* | 24-cv-11245 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Dexter Public Schools v. Eli Lilly and Company et al.* | 24-cv-11326 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *East Grand Rapids Public Schools v. Eli Lilly and Company et al.* | 24-cv-11323 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Eastern Upper Peninsula Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00031 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Eaton County, Michigan v. Eli Lilly and Company et al.* | 25-cv-00362 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Forest Hills Public Schools v. Eli Lilly and Company et al.* | 25-cv-00166 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Genesee County, Michigan et al. v. Eli Lilly and Company et al.* | 24-cv-09592 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Grand Haven Area Public Schools v. Eli Lilly and Company et al.* | 24-cv-11225 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Grand Rapids Public Schools v. Eli Lilly and Company et al.* | 25-cv-00120 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Grandville Public Schools v. Eli Lilly and Company et al.* | 24-cv-11275 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Gratiot Isabella Regional Educational Service District v. Eli Lilly and Company et al.* | 25-cv-00175 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Holt Public Schools v. Eli Lilly and Company et al.* | 25-cv-00144 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Holton Public Schools v. Eli Lilly and Company et al.* | 24-cv-11325 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Hudsonville Public Schools v. Eli Lilly and Company et al.* | 24-cv-11348 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Ingham Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00143 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Kalamazoo County, Michigan v. Eli Lilly and Company et al.* | 25-cv-00375 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kenowa Hills Public Schools v. Eli Lilly and Company et al.* | 25-cv-00125 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kent City Community Schools v. Eli Lilly and Company et al.* | 24-cv-11296 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kent Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00034 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kentwood Public Schools v. Eli Lilly and Company et al.* | 25-cv-00078 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Lake Fenton Community Schools v. Eli Lilly and Company et al.* | 24-cv-11352 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Lakeview School District v. Eli Lilly and Company et al.* | 25-cv-00082 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Lansing School District v. Eli Lilly and Company et al.* | 24-cv-11211 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Livingston County, Michigan v. Eli Lilly and Company et al.* | 24-cv-09405 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Lowell Area Schools v. Eli Lilly and Company et al.* | 24-cv-11244 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Macomb County, Michigan et al. v. Eli Lilly and Company et al.* | 24-cv-00719 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Manistee Area Public Schools v. Eli Lilly and Company et al.* | 25-cv-00329 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Marcellus Community Schools v. Eli Lilly and Company et al.* | 25-cv-00314 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Mason County Eastern Schools v. Eli Lilly and Company et al.* | 25-cv-00028 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Mason Public Schools v. Eli Lilly and Company et al.* | 25-cv-00025 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Monroe County, Michigan et al. v. Eli Lilly and Company et al.* | 24-cv-00720 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Montcalm Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00324 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Mott Community College v. Eli Lilly and Company et al.* | 25-cv-00115 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Muskegon Public Schools v. Eli Lilly and Company et al.* | 25-cv-00161 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *New Haven Community Schools v. Eli Lilly and Company et al.* | 24-cv-11350 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Northview Public Schools v. Eli Lilly and Company et al.* | 25-cv-00109 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Northville Public Schools v. Eli Lilly and Company et al.* | 25-cv-00168 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Northwest Community Schools v. Eli Lilly and Company et al.* | 25-cv-00338 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Okemos Public Schools v. Eli Lilly and Company et al.* | 25-cv-00335 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Ottawa Area Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00145 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Portland Public Schools v. Eli Lilly and Company et al.* | 24-cv-11299 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Riverview Community School District v. Eli Lilly and Company et al.* | 25-cv-00326 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Saginaw County, Michigan v. Eli Lilly and Company et al.* | 24-cv-09675 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Saranac Community Schools v. Eli Lilly and Company et al.* | 25-cv-00110 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *St. Clair County Mental Health Authority v. Eli Lilly and Company et al.* | 25-cv-00117 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *St. John's Public Schools v. Eli Lilly and Company et al.* | 25-cv-00286 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Stockbridge Community Schools v. Eli Lilly and Company et al.* | 24-cv-11216 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Thornapple Kellogg Schools v. Eli Lilly and Company et al.* | 25-cv-00111 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Trenton Public Schools v. Eli Lilly and Company et al.* | 24-cv-11241 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Van Buren Public Schools v. Eli Lilly and Company et al.* | 24-cv-11322 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Village of Lawton v. Eli Lilly and Company et al.* | 25-cv-00317 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Walkerville Public Schools v. Eli Lilly and Company et al.* | 25-cv-00081 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |
| | *Washtenaw County, Michigan et al. v. Eli Lilly and Company et al.* | 24-cv-00717 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |
| | *Washtenaw Intermediate School District v. Eli Lilly and Company et al.* | 25-cv-00079 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |
| | *West Bloomfield School District v. Eli Lilly and Company et al.* | 24-cv-11297 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |
| | *West Shore Educational Service District v. Eli Lilly and Company et al.* | 24-cv-11358 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |
| | *Western Michigan Health Insurance Pool v. Eli Lilly and Company et al.* | 25-cv-00119 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has “held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act,” *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their “claims fail to fall under the co-conspirator exception.” Dkt. No. 731 at 14. SFP Plaintiffs’ claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Williamston Community Schools v. Eli Lilly and Company et al. (No. 2:24-cv-11332, D.N.J.)* | 24-cv-11332 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Wyandotte Public Schools v. Eli Lilly and Company et al.* | 25-cv-00327 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Wyoming Public Schools v. Eli Lilly and Company et al.* | 24-cv-11236 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Mississippi | *Cal-Maine Foods, Inc. v. Eli Lilly and Company et al* | 25-cv-03411 | Mississippi Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Sharkey v. Barber* , 188 So.3d 1245, 1247 (Miss. Ct. App. 2016) ("[A] claim of civil conspiracy does not stand alone, but is dependent on conspiring to commit a particular wrong."); *Intent Performance LLC v. Intent Sports & Fitness, LLC* , 2025 WL 1601045, at *17 (S.D. Miss. June 5, 2025) (dismissing civil conspiracy claim for lack of agreement to commit a "particular wrong"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Rex Distrib. Co. v. Anheuser-Busch, L.L.C.* , 271 So.3d 445 (Miss. 2019)(alleged underlying violation of the Beer Industry Fair Dealing Act supported civil conspiracy claim). *Cf. State ex. rel. Fitch v. Yazaki N. Am., Inc.* , 294 So.3d 1178, 1190 (Miss. 2020)(dismissing civil conspiracy as a consequence of dismissing the underlying tort claim); *Bowden v. Young* , 120 So.3d 971, 981 (Miss. 2013)(same). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Mississippi is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 47. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *State ex. rel. Fitch v. Yazaki N. Am., Inc.* , 294 So. 3d 1178, 1190 (Miss. 2020) (dismissing civil conspiracy as a consequence of dismissing the underlying tort claim). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Miss. Code Ann. § 75-24-15(1) (applying only to persons who "purchase[] or lease[] goods or services primarily for personal, family or household purposes"). | Disagree | "Person" is defined as "natural persons, corporations, trusts, partnerships, incorporated associations, and any other legal entity." Miss. Code Ann. §75-24-3(a) (West 1994). Non-natural persons may make a damages claim under the provision (Miss. Code Ann. §75-24-15 (West 2021)) cited by Defendants. See, e.g. *Hood ex. rel. State v. BASF Corp* ., No. 56863, 2006 WL 308378, at *12 (Miss. Ch. Jan. 17, 2006). ("[T]he State, using the food it purchased, would fulfill the requirement of 'personal use'…") | SFP Plaintiffs misunderstand Defendants' argument. Whether or not "non-natural persons" can sue under the MCPA (Pls.' Resp. to App. A), they *must* sue over transactions that are "primarily for personal, family, or household purposes." Miss. Code Ann. § 75-24-15(1). Plaintiffs' authority only confirms the point. Here, SFP Plaintiffs do not "us[e]" the insulin they "purchased." *Hood ex. rel. State v. BASF Corp* ., 2006 WL 308378, at *12 (Miss. Ch. Jan. 17, 2006). Rather, their employees and beneficiaries do. *E.g.* , Cal-Maine Foods Compl. ¶ 38. Nor do they sue over those purchases, but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Missouri | *Bi-State Development v. Eli Lilly and Company, et al.* | 26-cv-00145 | Missouri Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Rock Port Mkt., Inc. v. Affiliated Foods Midwest Cooperative, Inc.,* 532 S.W.3d 180, 188 (Mo. Ct. App. 2017) ("Breach of the implied duty of good faith and fair dealing is a contract action."); *Steven T. Huff LLC v. Monarch Cement Co*., 2017 WL 10506793, at *4 (W.D. Mo. June 19, 2017) (similar); *Meridian Creative All., LLC v. O'Reilly Auto. Stores, Inc*., 519 S.W.3d 839, 845 (Mo. Ct. App. 2017) ("The implied duty of good faith is not a separate claim beyond or divorced from the contract. The covenant cannot give rise to new obligations not otherwise contained in the contract's express terms."); *Jennings v. Bd. of Curators of Missouri State Univ.* , 386 S.W.3d 796, 799 (Mo. Ct. App. 2012) ("Count I [breach of implied covenant of good faith and fair dealing] wholly fails to allege ... express contract terms that [Defendant] supposedly misused in bad faith ...."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Springfield, Missouri v. Eli Lilly and Company, et al.* | 26-cv-01647 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Crayola LLC v. Eli Lilly and Company, et al.* | 26-cv-01623 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Delmar Gardens Enterprises, Inc. v. Eli Lilly and Company et al.* | 25-cv-00483 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Francis Howell School District v. Eli Lilly and Company, et al.* | 26-cv-01525 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Hallmark Cards, Inc. v. Eli Lilly and Company, et al.* | 26-cv-01621 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Hamra Management Company, LLC v. Eli Lilly and Company, et al.* | 26-cv-00406 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Jackson County, Missouri v. Eli Lilly and Company, et al.* | 23-cv-04531 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Lindbergh Schools v. Eli Lilly and Company, et al.* | 26-cv-01539 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Missouri Educators Unified Health Plan v. Eli Lilly and Company, et al.* | 26-cv-01552 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc.*, 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Mosaic Health System v. Eli Lilly and Company, et al.* | 26-cv-00458 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc.*, 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *O'Reilly Automotive, Inc. v. Eli Lilly and Company et al* | 25-cv-13938 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Ozarks Schools Benefits Association Employee Benefits Plan and Trust and Ozark Schools Benefits Association Board of Trustees v. Eli Lilly and Company, et al.* | 26-cv-01646 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Parkway School District v. Eli Lilly and Company, et al.* | 26-cv-01532 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *Rockwood School District v. Eli Lilly and Company, et al.* | 26-cv-00144 | Missouri Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Rock Port Mkt., Inc. v. Affiliated Foods Midwest Cooperative, Inc.,* 532 S.W.3d 180, 188 (Mo. Ct. App. 2017) ("Breach of the implied duty of good faith and fair dealing is a contract action."); *Steven T. Huff LLC v. Monarch Cement Co*., 2017 WL 10506793, at *4 (W.D. Mo. June 19, 2017) (similar); *Meridian Creative All., LLC v. O'Reilly Auto. Stores, Inc*., 519 S.W.3d 839, 845 (Mo. Ct. App. 2017) ("The implied duty of good faith is not a separate claim beyond or divorced from the contract. The covenant cannot give rise to new obligations not otherwise contained in the contract's express terms."); *Jennings v. Bd. of Curators of Missouri State Univ.*, 386 S.W.3d 796, 799 (Mo. Ct. App. 2012) ("Count I [breach of implied covenant of good faith and fair dealing] wholly fails to allege ... express contract terms that [Defendant] supposedly misused in bad faith ...."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Silgan Plastics Corporation, et al. v. Eli Lilly and Company et al.* | 25-cv-00381 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *St. Charles County, Missouri v. Eli Lilly and Company et al.* | 24-cv-10655 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *St. Louis County, Missouri v. Eli Lilly and Company, et al* | 24-cv-04615 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick* 's bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The City of St. Louis v. Eli Lilly and Company, et al.* | 26-cv-00402 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *The Washington University dba Washington University in St. Louis v. Eli Lilly and Company, et al.* | 26-cv-00400 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC* , 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health* , 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC* , 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc* ., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.* , 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick* ." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.* , 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.* , 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.* , 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.* , 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Truman Medical Center, Inc. dba University Health v. Eli Lilly and Company, et al.* | 26-cv-00413 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| | *World Wide Technology, LLC v. Eli Lilly and Company, et al.* | 26-cv-00411 | Missouri Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (ordering judgment for defendant where plaintiff "has not shown that it directly conferred a benefit" on defendant and "[a]t best, ... provided indirect benefits, as it provided the [benefit] to its customers who ultimately provided some benefit to [defendant] through its contract."); *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 960 (E.D. Mo. 2022) (granting dismissal of unjust enrichment claim against defendant who derived an indirect benefit, but denying dismissal against defendant who derived a direct benefit). | Disagree | "Federal courts interpreting Missouri unjust enrichment law have consistently rejected the contention that the plaintiff must directly confer the benefit upon the defendant." *Id.* at *5 (collecting cases re same); *Moore v. GreenSky, LLC*, 2020 WL 13580659, at *2 (W.D. Mo. Dec. 23, 2020) (collecting cases re same and noting that other divisions have "considered whether the benefit must travel directly from the plaintiff to defendant and have concluded the Missouri law ought to not be read so narrowly"). A claim for unjust enrichment must be considered in light of the totality of the circumstances." *Cromeans v. Morgan Keegan & Co., Inc*., 2013 WL 12129609, at *7 (W.D. Mo. Nov. 5, 2013). *See also, Pietoso, Inc. v. Republic Svcs., Inc.*, 2024 WL 124719, at *5 (E.D. Mo. Jan. 11, 2024). | Missouri has not passed a *Illinois Brick* repealer statute. *See* Mo. Ann. Stat. § 416.141. In states that continue to follow *Illinois Brick* "courts have held that an autonomous unjust enrichment may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers in accordance with *Illinois Brick*." In re Suboxone Antitrust Litig., 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014).<br><br>Plaintiff cites Missouri cases that allege unjust enrichment purely rooted in common law with no connection to antitrust laws. Here, however, Plaintiffs bring unjust enrichment claims as a blatant attempt to circumvent *Illinois Brick*'s bar on indirect benefit claims. "Despite a handful of contrary case law. . ., the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes, absent a showing that the common law of the state in question expressly allows for such recovery." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 232 ("[I]ndirect purchaser plaintiffs 'may not recover restitution in states that follow the rules of Illinois Brick" and that therefore states that have 'not expressly passed *Illinois Brick* repealer legislation or interpreted [their] law in such a way as to override the rule of Illinois Brick [are] presumed to have decided to follow federal law, including the *Illinois Brick* limitation on indirect purchaser claims') (quoting *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011)).<br>Accordingly, the Missouri unjust enrichment claims must be dismissed. *See In re Novartis & Par Antitrust Litig.*, 2019 U.S. Dist. LEXIS 138133, at *21-22 (S.D.N.Y. 2019)(dismissing Missouri unjust enrichment claims as "an attempt to circumvent Illinois Brick"); In re DDAVP, 903 F. Supp. 2d at 232-33 (same). |
| Nebraska | *Lincoln Public Schools v. Eli Lilly and Company et al.* | 25-cv-00466 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| New Hampshire | *HealthTrust, Inc. v. Eli Lilly and Company, et al.* | 25-cv-15849 | New Hampshire Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Donna M. King v. Phillip Morris, Inc.*, 2000 WL 34016358, at *11 (N.H. Super. Ct. Nov. 2, 2000) ("There is no such thing in this state as a civil action based upon conspiracy alone. . . . [T]he ground for recovery is found in the acts alone, not the plans made." (quoted source omitted)); *University Sys. of New Hampshire v. U.S. Gypsum Co.*, 756 F. Supp. 640, 653 (D.N.H. 1991) ("There is no such thing in New Hampshire, however, as a civil action based upon conspiracy alone."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Jay Edwards, Inc. v. Baker*, 534 A.2d 706, 709 (N.H. 1987) (elements of the claim); *University Sys. of N.H. v. U.S. Gypsum Co.*, 756 F. Supp. 640, 653 (D.N.H. 1991)(upholding civil conspiracy based on underlying fraudulent concealment claim); *Perry v. Insys Therapeutics, Inc.*, 2019 WL 2106391, at *6-7 (D.N.H. May 16, 2019). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in New Hampshire is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 49. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See, e.g., Nichols v. Gen. Motors Corp.*, 1999 WL 33292839, at *5 (N.H. Super. Dec. 13, 1999); *see also King v. Morris*, 2000 WL 34016358, at *11 (N.H. Super. Nov. 2, 2000) ("There is no such thing in this state as a civil action based upon conspiracy alone.") (citation omitted); *accord Melendez v. Univ. of N.H.*, 2024 WL 5408179, at *11 (D.N.H. Nov. 12, 2024) ("There is no such thing in New Hampshire ... as a civil action based upon conspiracy alone. For a civil conspiracy to exist, there must be an underlying tort which the alleged conspirators agreed to commit. . . . Where the court dismisses the underlying tort because the plaintiff has failed to allege the essential elements, the conspiracy claims must also be dismissed.") (citations omitted); *Laura v. Great Lakes Higher Educ. Guaranty Corp.*, 2018 WL 671174, at *8 (D.N.H. Feb. 1, 2018) ("[B]ecause the underlying tort upon which the civil conspiracy claim is premised is dismissed, the cosnpiracy claim also fails.") (citation omitted). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | New Hampshire Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gen. Insulation Co. v. Eckman Const.*, 992 A.2d 613, 621 (N.H. 2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action."); *OneSky Litig. Tr. v. Sullivan*, 2012 WL 124739, at *12 (D.N.H. Jan. 17, 2012) ("[T]he court notes... the general rule that 'unjust enrichment generally does not form an independent basis for a cause of action.'"); *Brown v. Saint-Gobain Performance Plastics Corp.*, 2017 WL 6043956, at *9 (D.N.H. Dec. 6, 2017) (same). | Disagree | New Hampshire unjust enrichment may proceed as an alternative equitable theory unless a valid express contract or adequate legal remedy covers the same retained benefit. Passive retention of a benefit can be enough, and the claim is not automatically dismissed merely because other claims are challenged. *Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 64 (1st Cir. 2001); *Gen. Insulation Co. v. Eckman Constr.*, 159 N.H. 601, 611, 992 A.2d 613 (N.H. 2010); *Clapp v. Goffstown Sch. Dist.*, 159 N.H. 206, 210-11, 977 A.2d 1021 (N.H. 2009); *Ortiz v. Sig Sauer, Inc.*, 448 F. Supp. 3d 89, 107-08 (D.N.H. 2020). | None of plaintiffs' cases address whether unjust enrichment may proceed in the alternative to a *statutory* consumer protection claim that provides an adequate legal remedy for the same conduct. *Invest Almaz* and *Gen. Insulation Co.* did not address the adequate legal remedies doctrine at all. 243 F.3d 57 (1st Cir. 2001); 159 N.H. 601 (2010). *Ortiz* addressed only whether unjust enrichment can be pleaded in the alternative to *breach of contract*, not whether the plaintiff's consumer protection claim provided an adequate legal remedy. 448 F. Supp. 3d 89 (D.N.H. 2020). *Clapp v. Goffstown Sch. Dist.* reversed the trial court's judgment in favor of plaintiff because it found "the general rule that unjust enrichment cannot coexist with a valid *contract* applies." 159 N.H. 206, 211 (2009). Here, unjust enrichment is unavailable because plaintiff fails to explain why the legal remedies available to it under its statutory consumer protection claim, whether or not that claim is viable, are inadequate. *Parsons Infrastructure & Tech. Grp., Inc. v. Gilbane Bldg. Co.*, No. 05-CV-01-PB, 2005 WL 2978901, at *1 (D.N.H. Nov. 7, 2005) (finding plaintiff "could have preserved its right to recover against Lonza under New Hampshire's mechanic's lien statute by complying with that provision's notice requirements" and dismissing unjust enrichment on the grounds that plaintiff failed to explain why legal remedies were inadequate). |
| New Jersey | *Brick Township Public Schools v. Eli Lilly and Company et al.* | 24-cv-11220 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Newark v. Eli Lilly and Company et al.* | 25-cv-00227 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *County of Monmouth, New Jersey v. Eli Lilly and Company, et al.* | 23-cv-03916 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.*, 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson*, 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.*, No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | *County of Passaic v. Eli Lilly and Company, et al.* | 26-cv-00509 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Jersey City Public Schools v. Eli Lilly and Company, et al.* | 26-cv-00506 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Local 888 Health Fund v. Eli Lilly and Company et al.* | 25-cv-00510 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *North Jersey Municipal Employee Benefits Fund v. Eli Lilly and Company et al.* | 25-cv-00351 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Passaic Public Schools v. Eli Lilly and Company et al* | 25-cv-04014 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Paterson Public Schools v. Eli Lilly and Company et al.* | 24-cv-11336 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.*, 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson*, 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.*, No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Ridgewood Public Schools v. Eli Lilly and Company et al* | 25-cv-04814 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.*, 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson*, 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.*, No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The Trustees of Princeton University* | 26-cv-06448 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc* ., 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *UFCW National Health and Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00508 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.*, 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson*, 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.*, No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| New York | *1199 Service Employees International Union Benefit Funds v. Eli Lilly and Company et al.* | 25-cv-00264 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)(d) | Previously Dismissed Claim | | Disagree | Plaintiffs oppose dismissal of this claim due to the existence of unique facts and novel arguments particular to Plaintiffs that are distinguishable from those raised and considered in connection with the Court's prior rulings. Plaintiffs dispute the merits of dismissal and expressly reserve all rights with respect to such rulings, including the rights to amend Plaintiff's complaint as of right (Fed. R. Civ. P. 15(a)(1)(B)), to challenge application of the Court's prior rulings, and to appeal. | SFP Plaintiffs do not respond to the authority Defendants' cited or otherwise explain any basis to distinguish the RICO claim brought by 1199 Service Employees from the RICO claims brought by every other SFP Plaintiff (which the SFP Plaintiffs agree are subject to the Court's ruling dismissing such claims under the indirect-purchaser rule). Like every other SFP Plaintiff, 1199 Service Employees sues as a health plan. See 1199 Service Employees Complaint paras. 37-38. As such, the Court has ruled that RICO claims brought in this context should be dismissed on the pleadings under the indirect purchaser rule. ECF Nos. 729 at 14, 731 at 14. Plaintiffs' conclusory response that there are "unique facts and novel arguments particular to Plaintiffs that are distinguishable from those raised and considered in connection with the Court's prior rulings" cannot avoid that ruling as 1199 Service Employees do not identify any such fact or argument, or point to any part of their Complaint that supports a distinction between themselves and every other SFP Plaintiff. Nor is it clear to Defendants what different argument 1199 Service Employees could make, as the Court has consistently applied the indirect-purchaser rule to dismiss RICO claims brought by various health plans. See Nos. 729 at 14, 731 at 14, 827; *In re Insulin Pricing Litig.*, 2019 WL 643709, at *8 (D.N.J. Feb. 15, 2019); *MSP Recovery Claims, Series LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *14-16 (D.N.J. Mar. 29, 2019); *Minnesota v. Sanofi-Aventis U.S. LLC*, 2020 WL 2394155, at *8 (D.N.J. Mar. 31, 2020). In short, Plaintiffs have failed to "expl[ain] why dismissal is not warranted" or provide any "applicable legal authority supporting that position." CMO 25 § II(c). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *County of Oswego, New York v. Eli Lilly and Company et al.* | 24-cv-09157 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC* , 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek* , 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes* , 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine* , 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.* , 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Division 1181 A.T.U. New York Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00513 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC* , 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek* , 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes* , 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine* , 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.* , 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *I.A.T.S.E National Health and Welfare Fund v. Eli Lilly and Company et al* | 25-cv-14266 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC* , 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek* , 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes* , 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine* , 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.* , 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery d/b/a Hospital for Special Surgery v. Eli Lilly and Company et al* | 25-cv-00768 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Raymours Furniture Company, Inc. d/b/a Raymour & Flanigan* | 26-cv-04764 | New York Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | "[A] breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Markatos v. Citibank, N.A.*, 760 F. Supp. 3d 70, 84 (S.D.N.Y. 2024) (alteration in original) (quoting *Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA*., 698 F. Supp. 3d 663, 673–74 (S.D.N.Y. 2023)); *see Sol Tan Tanning & Spa LLC v. HydraFacial LLC*, --- F. Supp. 3d ---, 2025 WL 3707499, at *3 (S.D.N.Y. Dec. 22, 2025) ("To survive a motion to dismiss, a complaint must 'at least allege which agreement was breached and the relevant breached provisions of that contract.'" (*quoting Negrete v. Citibank, N.A*., 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016))). | Disagree | *12 Baker Hill Rd., Inc. v. Miranti*, 14 N.Y.S.3d 787, 789 (App. Div. 3d Dep't 2015) (complaint alleging breach of contract need not plead the contract's terms verbatim nor specify which provision of the contract was breached). | Under New York law, a complaint must identify the specific contractual provision allegedly breached to state a claim for breach of contract. *See Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*, 497 F. Supp. 2d 541, 554 (S.D.N.Y. 2007); *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 132 (S.D.N.Y. 2015) (dismissing claim where "Plaintiffs nowhere allege[d] specific contractual provisions that were allegedly breached"); *Mariah Re Ltd. v. Am. Fam. Mut. Ins. Co.*, 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014), aff'd sub nom. Maria Re Ltd. ex rel. Varga v. Am. Fam. Mut. Ins. Co., 607 F. App'x 123 (2d Cir. 2015) (explaining that alleging a "specific provision" that was breached is an "essential requirement" of the claim).<br><br>Plaintiff's reliance on *12 Baker Hill Rd.*, is misplaced. That decision addresses only New York's notice pleading standard and holds that a complaint need not attach the contract or recite its terms verbatim if it otherwise gives sufficient notice of the claim. It does not eliminate the requirement that a plaintiff must at least identify the contractual obligation that was breached.<br><br>The complaint in that case also included concrete facts about the agreement and the alleged breach. It identified the parties, the property, the price, and the defendant's failure to perform, which made the contractual duty clear. Here, by contrast, Plaintiff does not identify any specific contractual provision or obligation that was breached and instead relies on vague, generalized assertions |
| | | | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See, Eaves v. Designs for Finance, Inc.*, 785 F. Supp. 2d 229, 257 (S.D.N.Y. 2011)(upholding civil conspiracy based on underlying fraud claim); *see also Blanco v. Polanco*, 986 N.Y.S.2d 151, 155-156 (App. Div. 2d Dep't 2014)(same). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Teamsters Local 237 Retirees Benefit Fund v. Eli Lilly and Company et al.* | 25-cv-01547 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *UFCW Local One Health Care Fund v. Eli Lilly and Company et al.* | 25-cv-00468 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks*, 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor*, 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Ulster County v. Eli Lilly and Company et al.* | 24-cv-07854 | New York Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *U.S. Bank Nat'l Ass'n v. Kahn Prop. Owner, LLC*, 118 N.Y.S.3d 369 at *5 (N.Y. Sup. Ct. 2019) (dismissing civil conspiracy claim because "[a] cause of action alleging civil conspiracy stands or falls with the underlying tort"); *Clevenger v. Yuzek*, 222 A.D.3d 931, 936 (2d Dep't 2023) ("New York does not recognize a civil conspiracy to commit a tort as an independent cause of action."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018) (upholding civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>New York common law fraud claims are subject to a two year statute of limitations. *See id.* at 28-29. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999) ("[P]laintiffs' common-law fraud claims also fail. As a result, there is no independent tort to provide a basis for liability under their concert of action, conspiracy, and aiding and abetting theories. These causes of action must fail as well."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| North Carolina | *Alex Lee, Inc. et al. v. Eli Lilly and Company, et al.* | 26-cv-00357 | North Carolina Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Fox v. Fox*, 283 N.C. App. 336, 347, 873 S.E.2d 653, 662 (2022) ("However, there is not a separate civil action for civil conspiracy in North Carolina. Because conspiracy is a mode of liability rather than a cause of action, it is derivative of the other claims against a party, and if the other claims fail, so does the conspiracy claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Henry v. Deen*, 310 S.E.2d 326, 334 (N.C. 1984)(remanding for reconsideration of civil conspiracy claim based on underlying tort of obstruction of public justice); *Norman v. Nash Johnson & Sons' Farms, Inc.*, 537 S.E.2d 248, 264-265 (N.C. App. 2000) (upholding civil conspiracy claim based on underlying breach of fiduciary duty claim among others); *Hart v. DWM Advisors, LLC*, 2026 WL 880810, at *6-9. (upholding claim of civil conspiracy based on underlying tors of fraud, among others) (N.C. Super. Mar. 30, 2026). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in North Carolina is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 58. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Robichaud v. Engage2Excel, Inc.*, 2019 WL 2076561, at *4 (W.D.N.C. May 10, 2019) (dismissing civil conspiracy claim because "North Carolina law requires an underlying tort in order to state a claim for civil conspiracy" and "[p]laintiff failed to plead an underlying tort"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | North Carolina RICO Conspiring to Violate N.C. Gen. Stat. § 75D | Indirect Purchaser, Dkt. No. 731 at 14 | *Taylor v. Bettis*, 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013) (dismissing a North Carolina RICO claim "for the same reasons stated in connection with the federal RICO statute" and explaining that "the General Assembly did not intend to provide [the North Carolina RICO statute] with broader remedial stroke than its federal counterpart" (citation omitted)). | Disagree | The North Carolina RICO statute has broader application than its federal counterpart. See N.C. Gen. Stat. § 75D-2(b) (2025) (declaring the legislative intent is to "compensate victims of organized unlawful activity" and "prevent the unjust enrichment" of racketeers). To that end, § 75D-8(c) provides a cause of action to "any innocent person" injured "by reason of" a pattern of racketeering activity. N.C. Gen. Stat. § 75D-8(c) (2025). This "by reason of" language establishes a standard of proximate causation (emphasis added), not contractual privity. Because Plaintiff has alleged that Defendants' racketeering proximately caused its financial injury, it has satisfied the statutory requirements for standing. *See Gilmore v. Gilmore*, 748 S.E.2d 42 (N.C. App. 2013) (outlining the elements of a civil RICO claim based on injuries sustained "by reason of" unlawful activity). | Plaintiffs' North Carolina RICO claims are subject to dismissal because the "North Carolina RICO statute mirrors the federal RICO statute." *R.J. Reynolds Tobacco Co. v. S K Everhart Inc.*, 2003 WL 21788858, at *3 n.1 (M.D.N.C. July 31, 2003); *see also Taylor v. Bettis*, 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013). Plaintiffs' contention that North Carolina's RICO statute has "broader application than its federal counterpart" has been rejected. *Taylor*, 976 F. Supp. 2d at 739-40 (holding that a North Carolina RICO claim "must" be dismissed on indirect-purchaser grounds where a federal RICO claim was as well); *see also Kaplan v. Prolife Action Leage of Greensboro*, 123 N.C. App. 720, 727-29 (1996) ("the General Assembly did not intend to provide NC RICO with broader remedial stroke than its federal counterpart"). North Carolina courts also consistently look to and apply federal law when interpreting North Carolina's RICO law. *See, e.g.*, *Gilmore v. Gilmore*, 748 S.E.2d 42, 49 n.2 (2013). Further, Plaintiffs' argument that their claim survives because of North Carolina RICO's "by reason of" language is not persuasive, as the federal RICO statute contains identical "by reason of" language, see 18 U.S.C. § 1964(c), yet has been interpreted to apply the indirect-purchaser rule. Accordingly, there is no reason to distinguish North Carolina RICO claims on this basis. Plaintiffs' argument—which rests solely on Plaintiffs' self-serving reading of the North Carolina statute—cannot rebut the weight of the authority above. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |
| | *City of Charlotte, North Carolina v. Eli Lilly and Company, et al.* | 25-cv-18644 | North Carolina Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Fox v. Fox* , 283 N.C. App. 336, 347, 873 S.E.2d 653, 662 (2022) ("However, there is not a separate civil action for civil conspiracy in North Carolina. Because conspiracy is a mode of liability rather than a cause of action, it is derivative of the other claims against a party, and if the other claims fail, so does the conspiracy claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Henry v. Deen* , 310 S.E.2d 326, 334 (N.C. 1984)(remanding for reconsideration of civil conspiracy claim based on underlying tort of obstruction of public justice); *Norman v. Nash Johnson & Sons' Farms, Inc.* , 537 S.E.2d 248, 264-265 (N.C. App. 2000) (upholding civil conspiracy claim based on underlying breach of fiduciary duty claim among others); *Hart v. DWM Advisors, LLC* , 2026 WL 880810, at *6-9. (upholding claim of civil conspiracy based on underlying tors of fraud, among others) (N.C. Super. Mar. 30, 2026). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in North Carolina is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 58. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Robichaud v. Engage2Excel, Inc.* , 2019 WL 2076561, at *4 (W.D.N.C. May 10, 2019) (dismissing civil conspiracy claim because "North Carolina law requires an underlying tort in order to state a claim for civil conspiracy" and "[p]laintiff failed to plead an underlying tort"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | North Carolina RICO Conspiring to Violate N.C. Gen. Stat. § 75D | Indirect Purchaser, Dkt. No. 731 at 14 | *Taylor v. Bettis* , 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013) (dismissing a North Carolina RICO claim "for the same reasons stated in connection with the federal RICO statute" and explaining that "the General Assembly did not intend to provide [the North Carolina RICO statute] with broader remedial stroke than its federal counterpart" (citation omitted)). | Disagree | The North Carolina RICO statute has broader application than its federal counterpart. See N.C. Gen. Stat. § 75D-2(b) (2025) (declaring the legislative intent is to "compensate victims of organized unlawful activity" and "prevent the unjust enrichment" of racketeers). To that end, § 75D-8(c) provides a cause of action to "any innocent person" injured "by reason of" a pattern of racketeering activity. N.C. Gen. Stat. § 75D-8(c) (2025). This "by reason of" language establishes a standard of proximate causation (emphasis added), not contractual privity. Because Plaintiff has alleged that Defendants' racketeering proximately caused its financial injury, it has satisfied the statutory requirements for standing. *See Gilmore v. Gilmore* , 748 S.E.2d 42 (N.C. App. 2013) (outlining the elements of a civil RICO claim based on injuries sustained "by reason of" unlawful activity). | Plaintiffs' North Carolina RICO claims are subject to dismissal because the "North Carolina RICO statute mirrors the federal RICO statute." *R.J. Reynolds Tobacco Co. v. S K Everhart Inc.* , 2003 WL 21788858, at *3 n.1 (M.D.N.C. July 31, 2003); *see also Taylor v. Bettis* , 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013). Plaintiffs' contention that North Carolina's RICO statute has "broader application than its federal counterpart" has been rejected. *Taylor* , 976 F. Supp. 2d at 739-40 (holding that a North Carolina RICO claim "must" be dismissed on indirect-purchaser grounds where a federal RICO claim was as well); *see also Kaplan v. Prolife Action Leage of Greensboro* , 123 N.C. App. 720, 727-29 (1996) ("the General Assembly did not intend to provide NC RICO with broader remedial stroke than its federal counterpart"). North Carolina courts also consistently look to and apply federal law when interpreting North Carolina's RICO law. *See, e.g* ., *Gilmore v. Gilmore* , 748 S.E.2d 42, 49 n.2 (2013). Further, Plaintiffs' argument that their claim survives because of North Carolina RICO's "by reason of" language is not persuasive, as the federal RICO statute contains identical "by reason of" language, see 18 U.S.C. § 1964(c), yet has been interpreted to apply the indirect-purchaser rule. Accordingly, there is no reason to distinguish North Carolina RICO claims on this basis. Plaintiffs' argument—which rests solely on Plaintiffs' self-serving reading of the North Carolina statute—cannot rebut the weight of the authority above. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | North Carolina RICO N.C. Gen. Stat. § 75D, et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *Taylor v. Bettis* , 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013) (dismissing a North Carolina RICO claim "for the same reasons stated in connection with the federal RICO statute" and explaining that "the General Assembly did not intend to provide [the North Carolina RICO statute] with broader remedial stroke than its federal counterpart" (citation omitted)). | Disagree | The North Carolina RICO statute has broader application than its federal counterpart. See N.C. Gen. Stat. § 75D-2(b) (2025) (declaring the legislative intent is to "compensate victims of organized unlawful activity" and "prevent the unjust enrichment" of racketeers). To that end, § 75D-8(c) provides a cause of action to "any innocent person" injured "by reason of" a pattern of racketeering activity. N.C. Gen. Stat. § 75D-8(c) (2025). This "by reason of" language establishes a standard of proximate causation (emphasis added), not contractual privity. Because Plaintiff has alleged that Defendants' racketeering proximately caused its financial injury, it has satisfied the statutory requirements for standing. *See Gilmore v. Gilmore* , 748 S.E.2d 42 (N.C. App. 2013) (outlining the elements of a civil RICO claim based on injuries sustained "by reason of" unlawful activity). | Plaintiffs' North Carolina RICO claims are subject to dismissal because the "North Carolina RICO statute mirrors the federal RICO statute." *R.J. Reynolds Tobacco Co. v. S K Everhart Inc.* , 2003 WL 21788858, at *3 n.1 (M.D.N.C. July 31, 2003); *see also Taylor v. Bettis* , 976 F. Supp. 2d 721, 739-40 (E.D.N.C. 2013). Plaintiffs' contention that North Carolina's RICO statute has "broader application than its federal counterpart" has been rejected. *Taylor* , 976 F. Supp. 2d at 739-40 (holding that a North Carolina RICO claim "must" be dismissed on indirect-purchaser grounds where a federal RICO claim was as well); *see also Kaplan v. Prolife Action Leage of Greensboro* , 123 N.C. App. 720, 727-29 (1996) ("the General Assembly did not intend to provide NC RICO with broader remedial stroke than its federal counterpart"). North Carolina courts also consistently look to and apply federal law when interpreting North Carolina's RICO law. *See, e.g.* , *Gilmore v. Gilmore* , 748 S.E.2d 42, 49 n.2 (2013). Further, Plaintiffs' argument that their claim survives because of North Carolina RICO's "by reason of" language is not persuasive, as the federal RICO statute contains identical "by reason of" language, *see* 18 U.S.C. § 1964(c), yet has been interpreted to apply the indirect-purchaser rule. Accordingly, there is no reason to distinguish North Carolina RICO claims on this basis. Plaintiffs' argument—which rests solely on Plaintiffs' self-serving reading of the North Carolina statute—cannot rebut the weight of the authority above. |
| | | | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |
| | *City of Greensboro, North Carolina v. Eli Lilly and Company et al.* | 25-cv-00388 | North Carolina Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Fox v. Fox* , 283 N.C. App. 336, 347, 873 S.E.2d 653, 662 (2022) ("However, there is not a separate civil action for civil conspiracy in North Carolina. Because conspiracy is a mode of liability rather than a cause of action, it is derivative of the other claims against a party, and if the other claims fail, so does the conspiracy claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Henry v. Deen* , 310 S.E.2d 326, 334 (N.C. 1984)(remanding for reconsideration of civil conspiracy claim based on underlying tort of obstruction of public justice); *Norman v. Nash Johnson & Sons' Farms, Inc.* , 537 S.E.2d 248, 264-265 (N.C. App. 2000) (upholding civil conspiracy claim based on underlying breach of fiduciary duty claim among others); *Hart v. DWM Advisors, LLC* , 2026 WL 880810, at *6-9. (upholding claim of civil conspiracy based on underlying tors of fraud, among others) (N.C. Super. Mar. 30, 2026). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in North Carolina is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 58. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Robichaud v. Engage2Excel, Inc.* , 2019 WL 2076561, at *4 (W.D.N.C. May 10, 2019) (dismissing civil conspiracy claim because "North Carolina law requires an underlying tort in order to state a claim for civil conspiracy" and "[p]laintiff failed to plead an underlying tort"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |
| | *City of Winston-Salem, North Carolina v. Eli Lilly and Company et al.* | 25-cv-00373 | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Gaston County, North Carolina v. Eli Lilly and Company et al.* | 25-cv-00357 | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |
| | *Lincoln County, North Carolina v. Eli Lilly and Company et al.* | 25-cv-00364 | North Carolina Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. § 75-1.1, et seq. (NCUDTPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir.1985) (affirming dismissal because North Carolina UDTPA applies in "commercial settings" only where the alleged conduct "necessarily injured the consuming public"). | Disagree | North Carolina courts apply the UDTPA more broadly; the "in or affecting commerce" requirement is met whenever the challenged conduct constitutes a business activity in the marketplace, and North Carolina law treats actual injury as a fact-intensive question for the jury. *See Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 238 (N.C. App. 2005), *citing Bhatti v. Buckland* , 400 S.E.2d 440, 443–44 (N.C. 1991) (explaining that courts interpret "commerce" under the UDTPA broadly to include any business activity not expressly exempted by statute, and holding that whether a plaintiff suffered actual injury and whether the practice was unfair are fact-intensive questions for the jury that preclude summary dismissal). | Neither of SFP Plaintiffs' cases undermine the requirement that the alleged conduct "necessarily injure[] the *consuming* public." *Lindner v. Durham Hosiery Mills, Inc.* , 761 F.2d 162, 167 (4th Cir. 1985) (emphasis added). In both cases, the plaintiffs were individual consumers suing over injuries sustained as a result of consumer transactions. *Jacobs v. Physicians Weight Loss Ctr. of Am., Inc.* , 620 S.E.2d 232, 234-35 (N.C. App. 2005) (claims arose out of consumers purchasing services from weight loss center); *Bhatti v. Buckland* , 400 S.E.2d 440, 443-44 (N.C. 1991) (claims arose out of individual's purchase of land). Here, however, "the parties are sophisticated parties other than consumers." ECF No. 731 at 20. Moreover, SFP Plaintiffs' claims arise out of an alleged "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | North Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Humana v. Merck & Co.,* 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) ("North Carolina ... requires a direct benefit be plead[ed] for unjust enrichment claims."). | Disagree | North Carolina unjust enrichment extends to indirect benefits. *See New Prime, Inc. v. Harris Transp. Co.* , 2012 WL 3192718, at *4 (N.C. App. Aug. 7, 2012) (permitting an unjust enrichment claim against a defendant who received payment from a third-party purchaser intended for the plaintiff). The North Carolina Business Court has consistently affirmed this principle, explicitly rejecting the "directness of transfer" requirement that Defendants now urge this Court to adopt. *See New Restoration & Recovery Servs., LLC v. Dragonfly Pond Works, LLC* , 2023 WL 4025890, at *8 (N.C. Super. Ct. June 15, 2023) (concluding no directness requirement exists), *citing Krawiec v. Manly* , 811 S.E.2d 542, 552 (N.C. 2018). | Plaintiffs' response ignores prior decisions of this Court, as well as *Norman Owen Trucking, Inc. v. Morkoski* , 506 S.E.2d 267, 273–74 (N.C. Ct. App. 1998), upon which this Court previously relied in holding that North Carolina requires pleading a direct benefit for a claim of unjust enrichment. *See Humana v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Martinotti, J.) (citing *Norman Owen Trucking* , 506 S.E.2d at 273-274). Plaintiffs' authorities are not on point. In *New Prime* , defendant retained a payment mistakenly paid to it instead of plaintiff by their shared client. 2012 WL 3192718, at *4. And in *New Restoration* , defendant hired plaintiff's ex-employee to acquire plaintiff's trade secrets. 2023 WL 4025890, at *8. No similar close relationship exists in this case. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Ohio | *Ashland City Schools v. Eli Lilly and Company et al.* | 25-cv-00284 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-509, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Board of County Commissioners of Hamilton County, Ohio v. Eli Lilly and Company, et al.* | 26-cv-01627 | Ohio Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Garrett v. Morgan Cnty. Sheriff's Off.* , 792 F. Supp. 3d 771, 811 (N.D. Ohio 2025) (citing *Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868 (Ohio 1998)) ("An underlying unlawful act is required before a civil conspiracy claim can succeed."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868-869 (Ohio 1988)(upholding civil conspiracy claim based on underlying breach of fiduciary duty and conversion claims sounding in fraud); *Meehan v. Mardis* , 146 N.E.3d 1266, 1276 (Ohio Ct. App. 2019)(elements of civil conspiracy with an underlying tort). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Ohio is four years. See Joint Statute of Limitations Chart, ECF No. 761-1, at 59-64. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Cook v. Kudlacz* , 974 N.E.2d 706, 725 (Ohio App. 2012) (granting summary judgement on civil conspiracy claim because there was no remaining viable tort). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 26, 524-526, 651; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Building Laborers Local 310 Health & Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00451 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 26, 530-31, 671, 707; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *Building Trades Welfare Fund for The Ohio Valley v. Eli Lilly and Company et al* | 25-cv-13008 | Ohio Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Garrett v. Morgan Cnty. Sheriff's Off.*, 792 F. Supp. 3d 771, 811 (N.D. Ohio 2025) (citing *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)) ("An underlying unlawful act is required before a civil conspiracy claim can succeed."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868-869 (Ohio 1988)(upholding civil conspiracy claim based on underlying breach of fiduciary duty and conversion claims sounding in fraud); *Meehan v. Mardis*, 146 N.E.3d 1266, 1276 (Ohio Ct. App. 2019)(elements of civil conspiracy with an underlying tort). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Ohio is four years. See Joint Statute of Limitations Chart, ECF No. 761-1, at 59-64. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Cook v. Kudlacz*, 974 N.E.2d 706, 725 (Ohio App. 2012) (granting summary judgement on civil conspiracy claim because there was no remaining viable tort). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 25, 514-16, 654, 690; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *Chippewa Local School District v. Eli Lilly and Company et al.* | 25-cv-00542 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-509, 637, 673; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Cincinnati, Ohio v. Eli Lilly and Company, et al.* | 26-cv-00407 | Ohio Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Garrett v. Morgan Cnty. Sheriff's Off.* , 792 F. Supp. 3d 771, 811 (N.D. Ohio 2025) (citing *Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868 (Ohio 1998)) ("An underlying unlawful act is required before a civil conspiracy claim can succeed."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868-869 (Ohio 1988)(upholding civil conspiracy claim based on underlying breach of fiduciary duty and conversion claims sounding in fraud); *Meehan v. Mardis* , 146 N.E.3d 1266, 1276 (Ohio Ct. App. 2019)(elements of civil conspiracy with an underlying tort). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Ohio is four years. See Joint Statute of Limitations Chart, ECF No. 761-1, at 59-64. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Cook v. Kudlacz* , 974 N.E.2d 706, 725 (Ohio App. 2012) (granting summary judgement on civil conspiracy claim because there was no remaining viable tort). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 525, 649; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *City of Cleveland, Ohio v. Eli Lilly & Co., et al.* | 23-cv-04544 | Cleveland Consumer Protection Code City of Cleveland Codified Ordinance Title III, §§ 641.01, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Cleveland Consumer Protection Code, City of Cleveland Codified Ordinance Title III, § 641.031 ("consumer transaction" must be "to an individual for purposes that are primarily personal, family, or household"); *Cleveland v. Pritko* , 61 Ohio Misc.2d 268, 270 (M.C. 1991) (applying the requirement that defendant's conduct must be in connection with a consumer transaction to induce such a transaction). | Disagree | To the extent the Cleveland ordinance independently authorizes the City to pursue relief for consumer transactions involving Cleveland consumers or beneficiaries, the CCP Ordinance claim should survive. The complaint pleads that the City brings the claim on behalf of itself, its beneficiaries, and Cleveland consumers, and cites C.C.O. § 643.11 as authorizing suit by '[t]he City or any person aggrieved.' | SFP Plaintiffs' response recognizes that the City is authorized only "to pursue relief for *consumer transactions* ." *See also* Cleveland Consumer Protection Code, City of Cleveland Codified Ordinance Title III, § 641.031 (defining consumer transaction as "to an individual for purposes that are primarily personal, family, or household"). SFP Plaintiffs do not sue over consumer transactions; they sue over "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 18, 23, 506-08, 653, 690; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Columbus, Ohio v. Eli Lilly and Company et al.* | 25-cv-00310 | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.* , 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 28, 539-41, 675; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *City of Elyria, Ohio v. Eli Lilly and Company et al.* | 25-cv-00244 | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.* , 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 26, 526-28, 661; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *City of Lima, Ohio v. Eli Lilly and Company et al.* | 25-cv-00271 | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 28, 539-41, 673; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Lorain, Ohio v. Eli Lilly and Company, et al.* | 24-cv-05002 | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.* , 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 26, 526-28, 661; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *City of Warren, Ohio v. Eli Lilly and Company et al.* | 25-cv-00315 | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.* , 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 28, 539-41, 675; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *County Employee Benefit Consortium of Ohio v. Eli Lilly and Company et al.* | 25-cv-00499 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Cuyahoga County v. Eli Lilly and Company, et al.* | 23-cv-21082 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 25, 406-08, 530, 566; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *East Holmes Local School District v. Eli Lilly and Company et al.* | 25-cv-00462 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Girard City Schools v. Eli Lilly and Company et al.* | 25-cv-00221 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Green Local School District v. Eli Lilly and Company et al.* | 25-cv-00536 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Guyan International et al. v. Eli Lilly and Company et al.* | 25-cv-00515 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 31, 530-31, 675; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Heartland Health and Wellness Trust v. Eli Lilly and Company et al.* | 25-cv-00502 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 17, 23, 506-08, 640, 677; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *Hillsdale Local School District v. Eli Lilly and Company et al.* | 25-cv-00541 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Huron County Board of Commissioners v. Eli Lilly and Company et al.* | 25-cv-00283 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kyocera SGS Precision Tools, Inc. v. Eli Lilly and Company et al* | 25-cv-13013 | Ohio Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Garrett v. Morgan Cnty. Sheriff's Off.* , 792 F. Supp. 3d 771, 811 (N.D. Ohio 2025) (citing *Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868 (Ohio 1998)) ("An underlying unlawful act is required before a civil conspiracy claim can succeed."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Williams v. Aetna Fin. Co.* , 700 N.E.2d 859, 868-869 (Ohio 1988)(upholding civil conspiracy claim based on underlying breach of fiduciary duty and conversion claims sounding in fraud); *Meehan v. Mardis* , 146 N.E.3d 1266, 1276 (Ohio Ct. App. 2019)(elements of civil conspiracy with an underlying tort). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Ohio is four years. See Joint Statute of Limitations Chart, ECF No. 761-1, at 59-64. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Cook v. Kudlacz* , 974 N.E.2d 706, 725 (Ohio App. 2012) (granting summary judgement on civil conspiracy claim because there was no remaining viable tort). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 25, 511-13, 652; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Loudonville-Perrysville EVSD v. Eli Lilly and Company et al.* | 25-cv-00544 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Norwayne Local Schools v. Eli Lilly and Company et al.* | 25-cv-00547 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Ohio Laborers District Council – Ohio Contractors Association Insurance Fundv. Eli Lilly and Company et al.* | 25-cv-00400 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 17, 23, 506-08, 635, 672; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Orrville City Schools v. Eli Lilly and Company et al.* | 25-cv-00285 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Pipe Fitters Local Union No. 120 Insurance Fund v. Eli Lilly and Company et al.* | 25-cv-00444 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 26, 530-31, 671, 707; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | *Plumbers 94 Health and Welfare Planv. Eli Lilly and Company et al* | 25-cv-13015 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 25, 510-12, 650, 686; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Rittman Exempted Village School District v. Eli Lilly and Company et al.* | 25-cv-00482 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Rootstown Local School District v. Eli Lilly and Company et al.* | 25-cv-00537 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Stark County Schools Council of Government v. Eli Lilly and Company et al.* | 25-cv-00220 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Tri-County Education Service Center v. Eli Lilly and Company et al.* | 25-cv-00461 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Wayne County Schools Career Center v. Eli Lilly and Company et al* | 25-cv-01234 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Waynedale Local Schools v. Eli Lilly and Company et al.* | 25-cv-00212 | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds*, 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-09, 637, 673; *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id*. at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id*; *see also Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Oklahoma | *City of Midwest City v. Eli Lilly and Company et al.* | 25-cv-00478 | Oklahoma Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McClain Grp., LLC v. Hicks*, 2025 WL 279733, at *5 (N.D. Okla. Sep. 29, 2025) (dismissing civil conspiracy claim after finding "that Plaintiffs have failed to allege facts that, if true, would establish the existence of an underlying tort or unlawful act"); *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997) ("There can be no civil conspiracy where the act complained of and the means employed are lawful."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cherokee Nation v. McKesson Corp.*, 529 F.Supp. 3d 1225, 1241 (E.D. Okla. 2021)(upholding civil conspiracy based on underlying gross negligence and public nuisance claims); *Growtech Indus., LLC v. Mary Mechanix, L.L.P.*, 2022 WL 4473622, at *8 (W.D. Okla. Sept. 26, 2022) (same, but for underlying UFTA claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Oklahoma is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 65. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Roberson v. PaineWebber, Inc.,* 998 P.2d 193, 201 (Okla. Civ. App. 1999) ("Civil conspiracy itself does not create liability . . . an underlying unlawful act is necessary to prevail on a civil conspiracy claim"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Oklahoma Consumer Protection Act, 15 O.A. §§ 751-764 (OCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1149 (Okla. 2011) (statute does not cover purchase of goods with "purpose of reselling them"). | Disagree | *Lumber 2* is inapposite; the salient fact in *Lumber 2* was that the plaintiff, unlike Plaintiff herein, was a *reseller*. *See* 261 P.3d at 1149. ("Lumber 2 is not a "consumer" because it purchased the goods… for the purpose of selling them to its retail customers.") | SFP Plaintiffs misread *Lumber 2* and while providing no authority of their own. The material fact in *Lumber 2* was not that plaintiff *resold* the goods, but that it did not "consume[] or use[]" the goods itself. *Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1149 (Okla. 2011) (explaining that the statute may apply to business transactions only when they "involve goods which [plaintiff] bought to use in its own business"). Just as the plaintiff in *Lumber 2* bought the goods for a "'business oriented' purpose" (*i.e.*, "selling them to their retail customers"), SFP Plaintiffs likewise buy insulins for a "'business oriented' purpose" (*i.e.*, providing insurance benefits to their employees). *Id.* |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | 15 Okla. Stat. § 761.1 ("[T]he aggrieved consumer shall have a private right of action ...."); *Williams v. CSC Credit Servs., Inc.*, 2007 WL 1959219, at *1 (N.D. Okla. June 29, 2007) (plaintiff must allege she was "injured" "in his capacity as a consumer"); *Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1146-49 (Okla. 2011) ("[T]he protection in the OCPA does not extend to buyers in every capacity. It protects buyers who are also 'consumers.'"). | Disagree | OCPA is not limited to individual buyers. *Lumber 2, Inc. v. Ill. Tool Works, Inc.*, 261 P.3d 1143, 1149 (Okla. 2011) ("Our holding does not mean that ... a corporate entity could never be a consumer under different facts.")(cleaned up). Plaintiff is an "aggrieved customer" under the statute because it is not reselling insulin to customers. *See Bailey's Welding & Mach., LLC v. DEL Corp.*, 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020) ("A corporate entity is a "consumer" within the meaning of OCPA were it purchases goods for "use in its own business, [and] not to resell to customers.")(citations omitted) | Plaintiffs' authority concedes that, to invoke the OCPA as a "consumer," a business entity must purchase the at-issue goods for "use in its own business." *Bailey's Welding & Mach., LLC v. DEL Corp.*, 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020); *see also Cont'l Res., Inc. v. Wolla Oilfield Servs. LLC*, 2021 WL 2905412, at *4 (W.D. Okla. July 9, 2021) (business entity can be a consumer only when it is "the end user of the good or service at issue"). Here, SFP Plaintiffs are not the "end user[s]" of insulin. *Cont'l Res.*, 2021 WL 2905412, at *4. Rather, their beneficiaries are. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Oklahoma Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Oklahoma" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | The *Loestrin* and *Lidoderm* Courts dismissed claims for unjust enrichment because the plaintiffs did not plead a valid antitrust or consumer protection claim. However, if a valid consumer protection claim is pled, the courts in both cases indicate that unjust enrichment claims survive. *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). *See also, Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 428–29 (E.D. Pa. 2010) (dismissing a Oklahoma unjust enrichment claim, but noting "[a]s long as plaintiffs have adequately stated a claim under the applicable state antitrust or consumer protection law, the absence of a direct relationship should not interfere with their remedial unjust enrichment claim.") Plaintiffs here have a valid claim under OCPA because they are not resellers of insulin (*see Bailey's Welding & Mach., LLC v. DEL Corp.*, 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020)), and the facts underlying Plaintiffs' claim do not overlap entirely with a claim for anticompetitive conduct (*see Major v. Microsoft Corp.*, 60 P.3d 511, 517 (Okla. Civ. App. 2002). | Plaintiffs' own authority shows they do not have a claim. In *Major v. Microsoft Corp.*, 60 P.3d 511 (Okla. App. Div. 3 2002), the Court explained that when plaintiff's state law claims are "predicated on the same factual allegations" underlying an antitrust claim, plaintiff "should not be permitted under the law to avoid the Untied States Supreme Court's policy choices expressed by Illinois Brick by recasting his claims of anticompetitive conduct" as a claim under state law. *Id*. at 517. Plaintiffs here are attempting exactly that impermissible evasion. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *City of Oklahoma City v. Eli Lilly and Company et al.* | 25-cv-00390 | Oklahoma Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McClain Grp., LLC v. Hicks*, 2025 WL 279733, at *5 (N.D. Okla. Sep. 29, 2025) (dismissing civil conspiracy claim after finding "that Plaintiffs have failed to allege facts that, if true, would establish the existence of an underlying tort or unlawful act"); *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997) ("There can be no civil conspiracy where the act complained of and the means employed are lawful."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Cherokee Nation v. McKesson Corp.*, 529 F.Supp. 3d 1225, 1241 (E.D. Okla. 2021)(upholding civil conspiracy based on underlying gross negligence and public nuisance claims); *Growtech Indus., LLC v. Mary Mechanix, L.L.P.*, 2022 WL 4473622, at *8 (W.D. Okla. Sept. 26, 2022) (same, but for underlying UFTA claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Oklahoma is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 65. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Roberson v. PaineWebber, Inc.,* 998 P.2d 193, 201 (Okla. Civ. App. 1999) ("Civil conspiracy itself does not create liability . . . an underlying unlawful act is necessary to prevail on a civil conspiracy claim"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Oklahoma Consumer Protection Act, 15 O.A. §§ 751-764 (OCPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1149 (Okla. 2011) (statute does not cover purchase of goods with "purpose of reselling them"). | Disagree | *Lumber 2* is inapposite; the salient fact in *Lumber 2* was that the plaintiff, unlike Plaintiff herein, was a *reseller*. *See* 261 P.3d at 1149. ("Lumber 2 is not a "consumer" because it purchased the goods… for the purpose of selling them to its retail customers.") | SFP Plaintiffs misread *Lumber 2* and while providing no authority of their own. The material fact in *Lumber 2* was not that plaintiff *resold* the goods, but that it did not "consume[] or use[]" the goods itself. *Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1149 (Okla. 2011) (explaining that the statute may apply to business transactions only when they "involve goods which [plaintiff] bought to use in its own business"). Just as the plaintiff in *Lumber 2* bought the goods for a "'business oriented' purpose" (*i.e.*, "selling them to their retail customers"), SFP Plaintiffs likewise buy insulins for a "'business oriented' purpose" (*i.e.*, providing insurance benefits to their employees). *Id.* |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | 15 Okla. Stat. § 761.1 ("[T]he aggrieved consumer shall have a private right of action ...."); *Williams v. CSC Credit Servs., Inc.* , 2007 WL 1959219, at *1 (N.D. Okla. June 29, 2007) (plaintiff must allege she was "injured" "in his capacity as a consumer"); *Lumber2, Inc. v. Illinois Tool Works, Inc.* , 261 P.3d 1143, 1146-49 (Okla. 2011) ("[T]he protection in the OCPA does not extend to buyers in every capacity. It protects buyers who are also 'consumers.'"). | Disagree | OCPA is not limited to individual buyers. *Lumber 2, Inc. v. Ill. Tool Works, Inc.* , 261 P.3d 1143, 1149 (Okla. 2011) ("Our holding does not mean that ... a corporate entity could never be a consumer under different facts.")(cleaned up). Plaintiff is an "aggrieved customer" under the statute because it is not reselling insulin to customers. *See Bailey's Welding & Mach., LLC v. DEL Corp.* , 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020) ("A corporate entity is a "consumer" within the meaning of OCPA were it purchases goods for "use in its own business, [and] not to resell to customers.")(citations omitted) | Plaintiffs' authority concedes that, to invoke the OCPA as a "consumer," a business entity must purchase the at-issue goods for "use in its own business." *Bailey's Welding & Mach., LLC v. DEL Corp.* , 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020); *see also Cont'l Res., Inc. v. Wolla Oilfield Servs. LLC* , 2021 WL 2905412, at *4 (W.D. Okla. July 9, 2021) (business entity can be a consumer only when it is "the end user of the good or service at issue"). Here, SFP Plaintiffs are not the "end user[s]" of insulin. *Cont'l Res.* , 2021 WL 2905412, at *4. Rather, their beneficiaries are. |
| | | | Oklahoma Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Oklahoma" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig* ., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015) (same). | Disagree | The *Loestrin* and *Lidoderm* Courts dismissed claims for unjust enrichment because the plaintiffs did not plead a valid antitrust or consumer protection claim. However, if a valid consumer protection claim is pled, the courts in both cases indicate that unjust enrichment claims survive. *In re Loestrin 24 FE Antitrust Litig.* , 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.* , 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). *See also, Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 428–29 (E.D. Pa. 2010) (dismissing a Oklahoma unjust enrichment claim, but noting "[a]s long as plaintiffs have adequately stated a claim under the applicable state antitrust or consumer protection law, the absence of a direct relationship should not interfere with their remedial unjust enrichment claim.") Plaintiffs here have a valid claim under OCPA because they are not resellers of insulin (*see Bailey's Welding & Mach., LLC v. DEL Corp.* , 2020 WL 3052234, at *2 (W.D. Okla. June 8, 2020)), and the facts underlying Plaintiffs' claim do not overlap entirely with a claim for anticompetitive conduct (*see Major v. Microsoft Corp.* , 60 P.3d 511, 517 (Okla. Civ. App. 2002). | Plaintiffs' own authority shows they do not have a claim. In *Major v. Microsoft Corp.* , 60 P.3d 511 (Okla. App. Div. 3 2002), the Court explained that when plaintiff's state law claims are "predicated on the same factual allegations" underlying an antitrust claim, plaintiff "should not be permitted under the law to avoid the Untied States Supreme Court's policy choices expressed by Illinois Brick by recasting his claims of anticompetitive conduct" as a claim under state law. *Id* . at 517. Plaintiffs here are attempting exactly that impermissible evasion. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| Oregon | *City of Portland v. Eli Lilly and Company et al.* | 24-cv-10597 | Oregon Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Bonds v. Landers*, 279 Ore. 169, 175 (1977) ("[A] civil conspiracy is not an independent tort, in the absence of a statute or unusual circumstances," because "the damage in a civil conspiracy flows from the overt acts and not from the conspiracy"). | Disagree | *Crosby v. SAIF Corp.*, 699 P.2d 198, 201-202 (Or. App. 1985) ("We do not share [the] understanding [of *Bonds*] that a conspiracy, the overt acts of which have produced damage, is not actionable."). See also, *Bliss v. Adewusi*, 2023 WL 6961979, at *13 (D. Or. Oct. 20, 2023). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Oregon is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 65. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Bliss v. Adewusi*, 2023 WL 6961979, at *13 (D. Or. Oct. 20, 2023) ("The Moving Defendants argue that civil conspiracy is not cognizable as a standalone claim under Oregon law. They are correct. Oregon courts have repeatedly held that conspiracy is not a theory of recovery but a theory of liability.") (collecting cases); *see also Morasch v. Hood*, 222 P.3d 1125, 1132 (Or. App. 2009) ("[C]ivil conspiracy is not, itself, a separate tort for which damages may be recovered; rather, it is a 'way[ ] in which a person may become jointly liable for another's tortious conduct.'") (quoting *Granewich v. Harding*, 985 P.2d 788 (Or. 1999)). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Oregon's Unlawful Trade Practices Act, ORS 646.605, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Oregon Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*, 17 F. Supp. 2d 1170, 1179 (D. Or. 1998) (insurers lack standing because they are not "consumers of defendants' products"). | Disagree | *In re Auto Body Shop Antitrust Litig.*, 2015 WL 4887882, at *29 (M.D. Fla. June 3, 2015) (finding the statutory interpretation of D. Ore. federal courts unconvincing), citing *Portland Gen. Elec. Co. v. Bureau of Labor & Indus.*, 859 P.2d 1143 (Or. 1993) and *Hamilton v. Paynter*, 149 P.3d 131 (Or. 2006) for state statutory interpretation guidance on who qualifies as a consumer. | While the parties agree that SFP Plaintiffs' claim under Oregon's Unlawful Trade Practices Act should be dismissed because SFP Plaintiffs are not direct purchasers, alternative and additional bases support dismissal. Contrary to SFP Plaintiffs' assertion, *Auto Body* expressly reserves decision on whether a "'non-consumer' UTPA claim … exists under Oregon law." *In re Auto Body Shop Antitrust Litig.*, 2015 WL 4887882, at *29 (M.D. Fla. June 3, 2015). The District of Oregon has answered that question conclusively. *E.g.*, *Benson Tower Condo. Owners Ass'n v. Vitaulic Co.*, 22 F.Supp.3d 1126, 1135-36 (D. Or. 2014) (finding only consumers have OUTPA standing); *Volm v. Legacy Health Sys.*, 237 F.Supp.2d 1166, 1175 (D. Or. 2002) (same); *CollegeNet, Inc. v. Embark.Com, Inc.*, 230 F.Supp.2d 1167, 1174 (D. Or. 2001) (same); *Or. Laborers–Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 17 F.Supp.2d 1170, 1180 (D. Or. 1998) (same), *aff'd*, 185 F.3d 957 (9th Cir. 1999). Because SFP Plaintiffs do not "consume[] … defendants' products," their Oregon UTPA claims must be dismissed. *Or. Laborers-Employers Health & Welfare Tr.*, 17 F. Supp. 2d at 1180 (granting motion for judgment on the pleadings). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | Or. Rev. Stat. § 646.638(1) (cause of action belongs to "Person[s]"); *id.* § 646.605 (4) ("'Person' means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity *except bodies or officers acting under statutory authority of this state or the United States*." (emphasis added)); *Doe v. Univ. of Oregon*, 2018 WL 1474531, at *18 (D. Or. Mar. 26, 2018) ("a body 'acting under statutory authority of this state'" is not a "person" as defined in the UTPA). | Disagree | *Doe* holds that a public entity can't be *sued* under UTPA but does not suggest or imply that a public entity can not be a plaintiff. | While the parties agree that SFP Plaintiffs' claim under Oregon's Unlawful Trade Practices Act should be dismissed because SFP Plaintiffs are not direct purchasers, alternative and additional bases support dismissal. SFP Plaintiffs do not disagree that "bodies or officers acting under statutory authority of this state" are not "persons" within the meaning of the UTPA. Or. Rev. Stat. § 646.605(4); *see Doe v. Univ. of Or.*, 2018 WL 1474531, at *18 & n. 12 (D. Or. Mar. 26, 2018) (University of Oregon is not a "person" because it "acts under statutory authority of the State of Oregon"). Similarly, Plaintiff City of Portland alleges that it is "a municipal corporation organized under Oregon law" and exercises "all the powers of local self-government." City of Portland Compl. ¶ 40. Since only a "person" can sue, Plaintiff does not have a cause of action under the UTPA. *See* Or. Rev. Stat. § 646.638(1). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *CollegeNet, Inc. v. Embark.com, Inc.*, 230 F. Supp. 2d 1167, 1174 (D. Or. 2001) ("[T]his court has little difficulty in concluding that the UTPA provides a cause of action only for consumers."). | Disagree | *Providence Health & Svcs.-Or. v. Mancuso*, 524 P.3d 973, 981-82 (Or. App. 2023) ("a corporation can be a person that suffers an ascertainable loss ... and assert a UTPA claim under ORS 646.638."), rejecting *CollegeNET* and the federal district court line of cases. | While the parties agree that SFP Plaintiffs' claim under Oregon's Unlawful Trade Practices Act should be dismissed because SFP Plaintiffs are not direct purchasers, alternative and additional bases support dismissal. The Oregon Supreme Court, which is controlling, has consistently explained that the UTPA "seeks to protect consumers rather than businesses." *Denson v. Ron Tonkin Gran Turismo, Inc.*, 566 P.2d 1177, 1179 n.4 (Or. 1977) (en banc) (citation omitted); *see also Raudebaugh v. Action Pest Control*, 650 P.2d 1006, 1008-09 (Or. 1982) (en banc) (explaining UTPA "provide[s] a viable remedy for consumers" so if "there is an ascertainable loss to a consumer, that consumer has a cause of action"). Courts have therefore limited UTPA standing to individuals and entities that "are consumers of defendants' products." *Or. Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*, 17 F. Supp. 2d 1170, 1180 (D. Or. 1998) (third-party payers "lack standing to maintain claims under the Oregon UTPA"), *aff'd*, 185 F.3d 957, 968 (9th Cir. 1999) (Recognizing the UTPA's "emphasis on direct protection of consumers"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Local 49 Health and Welfare Fund et al. v. Caremark, LLC et al.* | 25-cv-00525 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Pennsylvania | *Albert Gallatin Area School District v. Eli Lilly and Company et al.* | 25-cv-00533 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Allegheny County Schools Health Insurance Consortium v. Eli Lilly and Company et al.* | 25-cv-00228 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Ambridge Area School District v. Eli Lilly and Company, et al.* | 26-cv-00453 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Apollo-Ridge School District v. Eli Lilly and Company et al* | 25-cv-04006 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Aramark Services, Inc.* | 26-cv-04056 | New Jersey Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Abira Med. Lab'ys, LLC v. Zurich Am. Ins. Co*., 2024 WL 2746102, at *3 (D.N.J. May 29, 2024) ("[A] plaintiff cannot rely on an alleged 'general obligation' without tying it to a specific contractual provision." (quoting *Perry v. Nat'l Credit Union Admin*., 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021))); *see Perry*, 2021 WL 5412592, at *2 ("But Perry has failed to plead or otherwise identify a contractual provision, requirement, or duty that OCNAC breached and instead only points to a general obligation to safeguard funds."); *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, at *7 (D.N.J. Sep. 4, 2012))). | Disagree | Plaintiff has not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract), at 172-175, ¶¶ 647-658. | Plaintiffs do not dispute that New Jersey law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under New Jersey law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached."); *see also Eprotec Pres., Inc. v. Engineered Materials, Inc.*, No. CIV. 10-5097 DRD, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al*, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); *Aramark Services, Inc.*, 26-cv-04056, Compl. 650 (same); *Mondelez Global LLC, et al. v. Eli Lilly and Company, et al.*, 2: 26-cv-00456, Compl. ¶ 671 (same). |
| | | | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |
| | | | Pennsylvania Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), *aff'd,* 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."); *Brown v. Am. Airlines, Inc.* , 723 F. Supp. 3d 411, 419 (E.D. Pa. Mar. 15, 2024) (dismissing claim because "the Complaint fails to allege the manner in which the conduct of Defendant's employees breached those Conditions or point to a specific provision which Defendant breached"); *Mane Wish LLC v. Berkshire Hathaway Direct Ins. Co.* , 2024 WL 7020522, at *1 n.1 (E.D. Pa. Sep. 23, 2024) ("The Plaintiff's allegations, however, neither identify the essential terms of those alleged contracts nor specify which contractual provisions the Defendants breached. As a result, Counts I and III fail to state a claim upon which relief can be granted."). | Disagree | Plaintiff has not failed to allege the breach of an underlying contractual obligation. *See* Complaint, Count 4 (Breach of Contract) at 172-175, ¶¶ 647-658. | Plaintiffs do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under Pennsylvania law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same). These vague allegations are insufficient to identify any particular contractual term(s) that Defendants allegedly violated. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Hanaway v. Parkesburg Grp*., LP, 641 Pa. 367, 385 (Pa. 2017) (holding that "a breach of duty of good faith does not create a separate cause of action"); *LSI Title Agency, Inc. v. Evaluation Servs., Inc.* , 951 A.2d 384, 387 (Pa. Super. Ct. 2008) ("A claim for breach of the implied covenant of good faith and fair dealing is a claim for breach of contract."); *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract." (citation omitted)). | Disagree | Plaintiff has not failed to allege the breach of an underlying contractual obligation. *See* Complaint, Count 4 (Breach of Contract) at 172-175, ¶¶ 647-658. | The Plaintiffs in *Aramark Services, Inc.* (26-cv-4056); *Mondelez Global LLC et al. v. Eli Lilly and Company* (26-cv-00456); and *RAD Sub-Trust A et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of an implied covenant of good faith and fair dealing, a complaint must identify a specific contract provision that has been breached. *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract.") (citation omitted). Plaintiffs do not dispute this principle of Pennsylvania law in their response, but rely on generalized references to the agreements.<br><br>Those Plaintiffs' generalized references in the complaint do not identify the specific contract provision they allege was breached. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Plaintiffs' vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. *See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same).<br><br>As to all other Plaintiffs, they do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | Plaintiff's PA UPTCPL claim is properly pleaded because whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. The end users of the at-issue products are individual consumers. See e.g. *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it.") | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Robinson-Patman Act, 15 U.S.C. § 13(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig*., 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025)("Defendants assert, and TPP Plaintiffs do not dispute, the indirect purchaser rule applies to RPA claims. The Court agrees." (citation omitted)) | Disagree | Plaintiff disagrees with dismissal of the Robinson-Patman Act claim. Courts in the Third Circuit recognize a manufacturer control exception to the indirect purchaser rule, analogous to the co-conspirator exception. *See JAAAM, Inc. v. Exxon Mobil Corp.*, No. 2:06-CV-209, 2006 WL 8458011, at *4 (W.D. Pa. Sept. 20, 2006). Plaintiffs also still possess a claim for injunctive relief under the Robinson-Patman Act. *See Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 593–94 (holding that *Illinois Brick*'s bar on indirect purchaser suits for treble damages under Section 4 of the Clayton Act does not extend to claims for injunctive relief under Section 16, which permits "any person" threatened with loss or damage "by a violation of the antitrust laws" to seek an injunction). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, which do not have standing under the Robinson-Patman Act, see *In re Insulin Pricing Litig.*, 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025) (Martinotti, J.). SFP Plaintiffs cannot rely on the control exception, which requires that a seller "in some manner control the sale between his immediate buyer and a buyer once removed." *Purolator Prods., Inc. v. Fed. Trade Comm'n,* 352 F.2d 874, 883 (7th Cir. 1965) (emphasis added); see *Am. News Co. v. Fed. Trade Comm'n*, 300 F.2d 104, 109 (2d Cir. 1962) (explaining that the exception applies if the manufacturer "deals directly with the retailers and controls the terms upon which he buys"). In analyzing SFP Plaintiffs' invocation of the "analogous . . . co-conspirator exception," SFP Pltfs' Response to App. A, the Court already explained that SFP Plaintiffs "are not the first purchasers who are not part of the conspiracy," because "the distribution chain is either interrupted by a wholesaler or a patient," Dkt. 731 at 13-14. SFP Plaintiffs' claims for damages under the Robinson-Patman Act should therefore be dismissed. Courts routinely dismiss claims under the Robinson-Patman Act in analogous drug-pricing cases. See, e.g., *In re Direct Purchaser Insulin Pricing Litig.*, 2021 WL 2886216, at *8 (D.N.J. July 9, 2021) (Martinotti, J.) ("The Third Circuit has held . . . 'that paying inflated purchasing prices to vendors, without more, is [not] an injury of the type the antitrust laws were intended to prevent.'" (alteration in original) (citation omitted)); *Clements v. CVS Health Corp.*, 2026 WL 147436, at *9 (W.D. Mo. Jan. 20, 2026) (dismissing claim because "the third-party payor Plaintiffs are acting as ultimate consumers, rather than as Defendants' competitors, and their alleged damages are not related to access to drugs but rather to the incidental cost increase in the drugs resulting from Defendant's alleged rebate scheme"). Nor can SFP Plaintiffs seek injunctive relief for these claims, as their complaints did not include this "demand for the relief sought," Fed. R. Civ. P. 8(a)(3), in connection with their Robinson-Patman Act claims. See Aramack Servs., Inc. Compl. ¶ 637; RAD Sub-Trust A, et al. Compl. ¶ 667; Mondelez Glob. LLC, et al. Compl. ¶ 658. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The court has not specifically addressed Sherman Act Section 1 claims brought by SFP plaintiffs and plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. (*Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977)). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Armstrong Indiana Insurance Trust v. Eli Lilly and Company, et al.* | 26-cv-00514 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Avonworth School District v. Eli Lilly and Company et al.* | 25-cv-00532 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Beaver County Career and Technology Center v. Eli Lilly and Company, et al.* | 26-cv-00494 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Berlin Brothersvalley School District v. Eli Lilly and Company et al.* | 25-cv-00361 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Big Spring School District v. Eli Lilly and Company et al.* | 25-cv-00211 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Bucks County, Pennsylvania v. Eli Lilly and Company et al* | 25-cv-04360 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *Burgettstown Area School District v. Eli Lilly and Company et al.* | 25-cv-00492 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Butler Area School District v. Eli Lilly and Company et al.* | 24-cv-10735 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *California Area School District v. Eli Lilly and Company et al.* | 25-cv-00497 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Cambria County v. Eli Lilly and Company et al.* | 24-cv-10366 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Carlynton School District v. Eli Lilly and Company, et al.* | 26-cv-00517 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Carmichaels Area School District v. Eli Lilly and Company, et al.* | 26-cv-00455 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Charleroi School District v. Eli Lilly and Company et al.* | 25-cv-00432 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Chartiers-Houston School District v. Eli Lilly and Company et al.* | 25-cv-00534 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Chester County, PA* | 26-cv-07732 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately us... | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 ... | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | *City of Philadelphia, Pennsylvania v. Eli Lilly and Company, et al.* | 25-cv-18926 | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *Clairton City School District v. Eli Lilly and Company, et al.* | 26-cv-00496 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Conemaugh Township School District v. Eli Lilly and Company et al.* | 25-cv-00368 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Delaware County, Pennsylvania v. Eli Lilly and Company et al.* | 25-cv-00398 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | *Forest Hills School District v. Eli Lilly and Company et al.* | 25-cv-00429 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc*., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Franklin Regional School District v. Eli Lilly and Company, et al.* | 26-cv-00500 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Freeport Area School District v. Eli Lilly and Company et al* | 25-cv-04591 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc*., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Godshalls Quality Meats Inc. v. Eli Lilly and Company et al* | 25-cv-13011 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *Greater Johnstown Career and Technology Center v. Eli Lilly and Company, et al.* | 26-cv-00480 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Grove City Area School District v. Eli Lilly and Company et al.* | 25-cv-00495 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Highlands School District v. Eli Lilly and Company, et al.* | 26-cv-00457 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *IBEW Local 712 v. Eli Lilly and Company et al.* | 25-cv-00498 | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Intermediate Unit One Health Insurance Consortium v. Eli Lilly and Company et al.* | 25-cv-00489 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *International Union of Operating Engineers Welfare Fund of Eastern PA v. Eli Lilly and Company, et al.* | 24-cv-06312 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. See In re Rutter's Inc Data Security Breach Litig., 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained) | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Karns City Area School District v. Eli Lilly and Company et al.* | 25-cv-00433 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Laborers' District Council of Western Pennsylvania Welfare Fund v. Eli Lilly and Company et al* | 25-cv-02877 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Leechburg Area School District v. Eli Lilly and Company, et al.* | 26-cv-00486 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Mars Area School District v. Eli Lilly and Company et al.* | 25-cv-00363 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Matthews International Corp. v. Eli Lilly and Company, et al.* | 25-cv-18450 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Mondelez Global LLC, et al. v. Eli Lilly and Company, et al.* | 26-cv-00456 | Illinois Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *DeMonte v. Apple Inc.* , 2024 WL 411914, at *3 (N.D. Ill. Sep. 9, 2024) ("If a plaintiff does not identify the relevant contract provision, the claim must be dismissed."); *Gandhi v. Sitara Cap. Mgmt., LLC* , 689 F. Supp. 2d 1004, 1016 (N.D. Ill. 2010) ("By not identifying in their complaint the provision of the Limited Partnership Agreement allegedly breached, plaintiffs fail to satisfy this low threshold."); *Burke v. 401 N. Wabash Venture, LLC* , 2010 WL 2330334, at *2 (N.D. Ill. June 9, 2010) ("The Court fails to see how, post-Iqbal, a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached. Without alleging a contract provision that was breached, the claim is merely possible, not plausible." (citation omitted)). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Amended Complaint, Count 4 (Breach of Contract) at 171-174, ¶¶ 668-679. | To state a claim for breach of contract in Illinois, a plaintiff must allege "the definite and certain terms of the parties' agreement." *Romanek v. Connelly* , 753 N.E.2d 1062, 1071 (Ill. App. 1st Dist. 2001); *see Kalkounos v. Four K's, Inc* ., 419 N.E.2d 503, 505 (Ill. App. 1st Dist. 1981) (finding that plaintiffs must "allege facts sufficient to indicate the terms of the contract"). Plaintiffs provide generalized and conclusory summaries of the PBM Agreements. *See Mondelez Global LLC, et al. v. Eli Lilly and Company, et al.* , 2: 26-cv-00456, Amend. Compl., at ¶ 671 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); *Id* . at ¶ 673 ("The PBM Agreements contained provisions obligating the PBM Defendants to act in Plaintiffs' best interest in constructing formularies and negotiating drug prices with manufacturers, including negotiating rebates and other price concessions for Plaintiffs' benefit."). These allegations are insufficient because they do not state the definite and certain terms of the parties' agreement or identify the relevant contract provision they are alleging was breached. *Gandhi v. Sitara Capital Mgt., LLC* , 689 F. Supp. 2d 1004, 1016 (N.D. Ill. 2010) (dismissing plaintiffs' breach of contract claim where they failed to identify which provision of the Limited Partnership Agreement was allegedly breached). |
| | | | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. | Previously Dismissed Claim | | Disagree | Plaintiff Lake County was deemed to have waived its Illinois consumer claims by not responding to Defendants' arguments related to Lake County. ECF No. 729 at 17; 731 at 21-22. The Court dismissed these claims against PBM Defendants with prejudice. ECF No. 730; but dismissed these claims against Manufacturer Defendants without prejudice. ECF No. 732. Lake County's waiver determination is particular to Plaintiff Lake County and does not impact the consumer claims as made by any other Illinois Plaintiff. | SFP Plaintiffs "agreed" to select Lake County as one of the "exemplar states" for "omnibus briefing." 3/12/2024 Hr'g Tr. 10:11-17. And during that briefing, "SFP Plaintiffs [did] not dispute" that "Lake has failed to allege a misrepresentation" and "cannot state a consumer protection claim for unfairness" under the ILCFA. ECF No. 731 at 21. Plaintiffs cannot agree that Lake County will serve as an exemplar and then refuse to accept the result reached on that exemplar. Moreover, Plaintiffs' complaints are materially identical to Lake County's. Plaintiffs contend the "waiver determination is particular to" Lake County, yet they—like Lake County—offer no response to Defendants' argument that they failed to allege a deceptive or unfair act under the ILCFA. Plaintiffs—like Lake County—have therefore waived the point, and their ILCFA claims should be dismissed. |
| | | | Michigan Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Thill v. Ocwen Loan Servicing, LLC* , 8 F. Supp. 3d 950, 955 (E.D. Mich. 2014) (a plaintiff's allegations must "identify the specific terms of the contract allegedly breached"); *Mowett v. JPMorgan Chase Bank* , 2016 WL 1259091, at *3 (E.D. Mich. Mar. 31, 2016) ("In addition to alleging the elements of a breach of contract claim, a plaintiff must also identify the specific provisions of the contract that was allegedly breached."); *Burnham v. Wells Fargo Home Mortg., Inc* ., 2018 WL 836393, at *10 (E.D. Mich. Feb. 13, 2018) (same). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Amended Complaint, Count 4 (Breach of Contract) at 171-174, ¶¶ 668-679. | Plaintiffs do not dispute that Michigan law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. *See* Compl. ¶ 671 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Michigan, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012); *Jarbo v. BAC Home Loan Servicing* , No. 10-12632, 2010 WL 5173825, at *10 (E.D. Mich. Dec. 15, 2010) (dismissing breach of contract claim where plaintiffs provided "no specifc contract provision or identifiable term breached by any specific Defendant."). Plaintiffs have failed to do so here. |
| | | | New Jersey Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Abira Med. Lab'ys, LLC v. Zurich Am. Ins. Co* ., 2024 WL 2746102, at *3 (D.N.J. May 29, 2024) ("[A] plaintiff cannot rely on an alleged 'general obligation' without tying it to a specific contractual provision." (quoting *Perry v. Nat'l Credit Union Admin* ., 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021))); *see Perry* , 2021 WL 5412592, at *2 ("But Perry has failed to plead or otherwise identify a contractual provision, requirement, or duty that OCNAC breached and instead only points to a general obligation to safeguard funds."); *Coda v. Constellation Energy Power Choice, LLC* , 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC* , 2012 WL 3835815, at *7 (D.N.J. Sep. 4, 2012))). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Amended Complaint, Count 4 (Breach of Contract) at 171-174, ¶¶ 668-679. | Plaintiffs do not dispute that New Jersey law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under New Jersey law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Coda v. Constellation Energy Power Choice, LLC* , 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached."); *see also Eprotec Pres., Inc. v. Engineered Materials, Inc.* , No. CIV. 10-5097 DRD, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al* , 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); *Aramark Services, Inc.* , 26-cv-04056, Compl. 650 (same); *Mondelez Global LLC, et al. v. Eli Lilly and Company, et al.* , 2: 26-cv-00456, Compl. ¶ 671 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), *aff'd,* 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."); *Brown v. Am. Airlines, Inc.* , 723 F. Supp. 3d 411, 419 (E.D. Pa. Mar. 15, 2024) (dismissing claim because "the Complaint fails to allege the manner in which the conduct of Defendant's employees breached those Conditions or point to a specific provision which Defendant breached"); *Mane Wish LLC v. Berkshire Hathaway Direct Ins. Co.* , 2024 WL 7020522, at *1 n.1 (E.D. Pa. Sep. 23, 2024) ("The Plaintiff's allegations, however, neither identify the essential terms of those alleged contracts nor specify which contractual provisions the Defendants breached. As a result, Counts I and III fail to state a claim upon which relief can be granted."). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Amended Complaint, Count 4 (Breach of Contract) at 171-174, ¶¶ 668-679. | Plaintiffs do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under Pennsylvania law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same). These vague allegations are insufficient to identify any particular contractual term(s) that Defendants allegedly violated. |
| | | | Pennsylvania Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Hanaway v. Parkesburg Grp* ., LP, 641 Pa. 367, 385 (Pa. 2017) (holding that "a breach of duty of good faith does not create a separate cause of action"); *LSI Title Agency, Inc. v. Evaluation Servs., Inc.* , 951 A.2d 384, 387 (Pa. Super. Ct. 2008) ("A claim for breach of the implied covenant of good faith and fair dealing is a claim for breach of contract."); *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract." (citation omitted)). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Amended Complaint, Count 4 (Breach of Contract) at 171-174, ¶¶ 668-679. | The Plaintiffs in *Aramark Services, Inc.* (26-cv-4056); *Mondelez Global LLC et al. v. Eli Lilly and Company* (26-cv-00456); and *RAD Sub-Trust A et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of an implied covenant of good faith and fair dealing, a complaint must identify a specific contract provision that has been breached. *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract.") (citation omitted). Plaintiffs do not dispute this principle of Pennsylvania law in their response, but rely on generalized references to the agreements.<br><br>Those Plaintiffs' generalized references in the complaint do not identify the specific contract provision they allege was breached. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Plaintiffs' vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. *See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same).<br><br>As to all other Plaintiffs, they do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | Plaintiffs' PA UPTCPL claims are properly pleaded because whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. The end users of the at-issue products are individual consumers. See e.g. *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it.") | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Robinson-Patman Act, 15 U.S.C. § 13(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig*., 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025)("Defendants assert, and TPP Plaintiffs do not dispute, the indirect purchaser rule applies to RPA claims. The Court agrees." (citation omitted)) | Disagree | Plaintiffs disagree with dismissal of the Robinson-Patman Act claim. Courts in the Third Circuit recognize a manufacturer control exception to the indirect purchaser rule, analogous to the co-conspirator exception. *See JAAAM, Inc. v. Exxon Mobil Corp.* , No. 2:06-CV-209, 2006 WL 8458011, at *4 (W.D. Pa. Sept. 20, 2006). Plaintiffs also still possess a claim for injunctive relief under the Robinson-Patman Act.*See Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.* , 596 F.2d 573, 593–94 (holding that *Illinois Brick*'s bar on indirect purchaser suits for treble damages under Section 4 of the Clayton Act does not extend to claims for injunctive relief under Section 16, which permits "any person" threatened with loss or damage "by a violation of the antitrust laws" to seek an injunction). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, which do not have standing under the Robinson-Patman Act, see *In re Insulin Pricing Litig.* , 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025) (Martinotti, J.). SFP Plaintiffs cannot rely on the control exception, which requires that a seller "in some manner control the sale between his immediate buyer and a buyer once removed." *Purolator Prods., Inc. v. Fed. Trade Comm'n,* 352 F.2d 874, 883 (7th Cir. 1965) (emphasis added); see *Am. News Co. v. Fed. Trade Comm'n* , 300 F.2d 104, 109 (2d Cir. 1962) (explaining that the exception applies if the manufacturer "deals directly with the retailers and controls the terms upon which he buys"). In analyzing SFP Plaintiffs' invocation of the "analogous . . . co-conspirator exception," SFP Pltfs' Response to App. A, the Court already explained that SFP Plaintiffs "are not the first purchasers who are not part of the conspiracy," because "the distribution chain is either interrupted by a wholesaler or a patient," Dkt. 731 at 13-14. SFP Plaintiffs' claims for damages under the Robinson-Patman Act should therefore be dismissed. Courts routinely dismiss claims under the Robinson-Patman Act in analogous drug-pricing cases. See, e.g., *In re Direct Purchaser Insulin Pricing Litig.* , 2021 WL 2886216, at *8 (D.N.J. July 9, 2021) (Martinotti, J.) ("The Third Circuit has held . . . 'that paying inflated purchasing prices to vendors, without more, is [not] an injury of the type the antitrust laws were intended to prevent.'" (alteration in original) (citation omitted)); *Clements v. CVS Health Corp.* , 2026 WL 147436, at *9 (W.D. Mo. Jan. 20, 2026) (dismissing claim because "the third-party payor Plaintiffs are acting as ultimate consumers, rather than as Defendants' competitors, and their alleged damages are not related to access to drugs but rather to the incidental cost increase in the drugs resulting from Defendant's alleged rebate scheme"). Nor can SFP Plaintiffs seek injunctive relief for these claims, as their complaints did not include this "demand for the relief sought," Fed. R. Civ. P. 8(a)(3), in connection with their Robinson-Patman Act claims. See Aramack Servs., Inc. Compl. ¶ 637; RAD Sub-Trust A, et al. Compl. ¶ 667; Mondelez Glob. LLC, et al. Compl. ¶ 658. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The court has not specifically addressed Sherman Act Section 1 claims brought by SFP plaintiffs and plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. (*Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977)). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Moniteau School District v. Eli Lilly and Company et al.* | 25-cv-00435 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Montgomery County, Pennsylvania v. Eli Lilly and Company, et al.* | 26-cv-00415 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | *Mt. Lebanon School District v. Eli Lilly and Company, et al.* | 26-cv-00488 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc*., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *NECU LU No. 313 IBEW Health & Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00493 | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Ohio State Plumbers & Pipefitters Health and Welfare Fund v. Eli Lilly and Company et al* | 25-cv-13014 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *Penn Hills School District v. Eli Lilly and Company, et al.* | 26-cv-00490 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Pittsburgh Public Schools v. Eli Lilly and Company et al.* | 24-cv-10150 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Plum Borough School District v. Eli Lilly and Company et al.* | 25-cv-00486 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al.* | 26-cv-03891 | New Jersey Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Abira Med. Lab'ys, LLC v. Zurich Am. Ins. Co.*, 2024 WL 2746102, at *3 (D.N.J. May 29, 2024) ("[A] plaintiff cannot rely on an alleged 'general obligation' without tying it to a specific contractual provision." (quoting *Perry v. Nat'l Credit Union Admin.*, 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021))); *see Perry*, 2021 WL 5412592, at *2 ("But Perry has failed to plead or otherwise identify a contractual provision, requirement, or duty that OCNAC breached and instead only points to a general obligation to safeguard funds."); *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, at *7 (D.N.J. Sep. 4, 2012))). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | Plaintiffs do not dispute that New Jersey law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under New Jersey law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached."); *see also Eprotec Pres., Inc. v. Engineered Materials, Inc.*, No. CIV. 10-5097 DRD, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al*, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); *Aramark Services, Inc.*, 26-cv-04056, Compl. 650 (same); *Mondelez Global LLC, et al. v. Eli Lilly and Company, et al.*, 2: 26-cv-00456, Compl. ¶ 671 (same). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Ohio Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.* , 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.") (citation omitted). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications.").<br><br>This vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.* , 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to the other Plaintiffs, they do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claims should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Ohio Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Lakota Loc. Sch. Dist. Bd. of Educ. v. Brickner* , 671 N.E.2d 578, 584 (Ohio Ct. App. 1996) ("breach of good faith" does not exist "as a separate cause of action from a breach of contract claim," but rather is "part of a contract claim and does not stand alone"); *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc* ., 570 F. Supp. 3d 552, 560 (N.D. Ohio 2021) ("A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process.<br><br>--------------<br><br>Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | Plaintiffs in *Rad Sub-Trust A, et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Ohio law requires a plaintiff to identify a specifc underlying contract provision that has been breached in order to state a claim for breach of an implied covenant of good faith and fair dealing. McGrath v. Nationwide Mutual Insurance Co., 295 F. Supp. 3d 796, 809 (S.D. Ohio 2018) ("Because [plaintiff] has not identified any specific contract term, express or implied, that [defendant] breached, her claim for breach of the implied duty of good faith and fair dealing must also fail."). Therefore, this claim fails for the same reason as their breach of contract claims – that Plaintiffs failed to identify in their complaint the specific contract provision they allege was breached.<br><br>The *Rad Sub-Trust A* Plaintiffs' allegations do not identify the specific contract provision they allege was breached. Plaintiffs' vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."). Courts in the Sixth Circuit, including federal district courts in Ohio, have repeatedly held that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518, 522 (6th Cir. 2012). Plaintiffs have failed to do so here.<br><br>As to all other Plaintiffs, they do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Ohio Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."); *Powers v. Lycoming Engines* , 245 F.R.D. 226 (E.D. Pa. 2007) (Ohio law "preclude[s] indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant"), *vacated and remanded on other grounds* , 328 F. App'x 121 (3d Cir. 2009). | Disagree | PBM retention of Manufacturer Payments or other fees, and payment by Plaintiff of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-509, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984).<br><br>--------------<br><br>PBM retention of Manufacturer Payments or other fees, and payment by Plaintiffs of inflated drug costs tied to the alleged scheme suffice to plead a claim for a direct benefit for an unjust enrichment claim. *See* Compl. ¶¶ 20, 25, 507-509, 637, 673; *Johnson v. Microsoft Corp.* , 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.* , 465 N.E.2d 1298 (Ohio 1984). | This Court has already held that Plaintiffs are indirect purchasers. Plaintiffs fail to cite any case law to support their position. *Johnson v. Microsoft Corp* ., 834 N.E.2d 791, 799 (Ohio 2005) is directly on point. The Court held "[t]he rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Id* . at 799. In reaching that holding, the Court pointed out that a the fact that there was "no economic transction" between the plaintiff and the defendant meant the plaintiff "cannot establish that [defendant] retained any benefit to which it is not justly entitled." *Id* ; *see also Becker v. Cardinal Health, Inc.* , 179 N.E.3d 769, 777-778 (Ohio App. 10th Dist. 2021). |
| | | | Pennsylvania Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), *aff'd,* 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."); *Brown v. Am. Airlines, Inc.* , 723 F. Supp. 3d 411, 419 (E.D. Pa. Mar. 15, 2024) (dismissing claim because "the Complaint fails to allege the manner in which the conduct of Defendant's employees breached those Conditions or point to a specific provision which Defendant breached"); *Mane Wish LLC v. Berkshire Hathaway Direct Ins. Co.* , 2024 WL 7020522, at *1 n.1 (E.D. Pa. Sep. 23, 2024) ("The Plaintiff's allegations, however, neither identify the essential terms of those alleged contracts nor specify which contractual provisions the Defendants breached. As a result, Counts I and III fail to state a claim upon which relief can be granted."). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | Plaintiffs do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of contract under Pennsylvania law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Instead, Plaintiffs rely on generalized references to the agreements.<br><br>*See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same). These vague allegations are insufficient to identify any particular contractual term(s) that Defendants allegedly violated. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Hanaway v. Parkesburg Grp* ., LP, 641 Pa. 367, 385 (Pa. 2017) (holding that "a breach of duty of good faith does not create a separate cause of action"); *LSI Title Agency, Inc. v. Evaluation Servs., Inc.* , 951 A.2d 384, 387 (Pa. Super. Ct. 2008) ("A claim for breach of the implied covenant of good faith and fair dealing is a claim for breach of contract."); *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract." (citation omitted)). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. See Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | The Plaintiffs in *Aramark Services, Inc.* (26-cv-4056); *Mondelez Global LLC et al. v. Eli Lilly and Company* (26-cv-00456); and *RAD Sub-Trust A et al. v. Eli Lilly and Company* (26-cv-03891) do not dispute that Pennsylvania law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient. To state a claim for breach of an implied covenant of good faith and fair dealing, a complaint must identify a specific contract provision that has been breached. *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.* , 518 F. App'x 58, 62 (3d Cir. 2013) ("[U]nder Pennsylvania law...a duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract.") (citation omitted). Plaintiffs do not dispute this principle of Pennsylvania law in their response, but rely on generalized references to the agreements.<br><br>Those Plaintiffs' generalized references in the complaint do not identify the specific contract provision they allege was breached. *See Philidor Rx Servs. LLC v. Polsinelli PC* , 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), aff'd, 2023 WL 6290746 (3d Cir. Sep. 27, 2023) ("To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached."). Plaintiffs' vague allegation is insufficient to identify any particular contractual term that Defendants allegedly violated. *See* RAD Sub-Trust A, et al. v. Eli Lilly and Company, et al, 26-cv-03891, Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."); Aramark Services, Inc., 26-cv-04056, Compl. 650 (same); Mondelez Global LLC, et al. v. Eli Lilly and Company, et al., 2: 26-cv-00456, Compl. ¶ 671 (same).<br><br>As to all other Plaintiffs, they do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it.").<br><br>-------------- | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained).<br><br>--------------<br><br>A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Robinson-Patman Act, 15 U.S.C. § 13(c) | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig*., 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025)("Defendants assert, and TPP Plaintiffs do not dispute, the indirect purchaser rule applies to RPA claims. The Court agrees." (citation omitted)) | Disagree | Plaintiffs disagree with dismissal of the Robinson-Patman Act claim. Courts in the Third Circuit recognize a manufacturer control exception to the indirect purchaser rule, analogous to the co-conspirator exception. *See JAAAM, Inc. v. Exxon Mobil Corp.*, No. 2:06-CV-209, 2006 WL 8458011, at *4 (W.D. Pa. Sept. 20, 2006). Plaintiffs also still possess a claim for injunctive relief under the Robinson-Patman Act.*See Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 593–94 (holding that *Illinois Brick*'s bar on indirect purchaser suits for treble damages under Section 4 of the Clayton Act does not extend to claims for injunctive relief under Se... | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, which do not have standing under the Robinson-Patman Act, see *In re Insulin Pricing Litig.*, 2025 WL 3773210, at *10 (D.N.J. Dec. 30, 2025) (Martinotti, J.). SFP Plaintiffs cannot rely on the control exception, which requires that a seller "in some manner control the sale between his immediate buyer and a buyer once removed." *Purolator Prods., Inc. v. Fed. Trade Comm'n,* 352 F.2d 874, 883 (7th Cir. 1965) (emphasis added); see *Am. News Co. v. Fed. Trade Comm'n*, 300 F.2d 104, 109 (2d Cir. 1962) (explaining that the exception applies if the manufacturer "deals directly with the retailers and controls the terms upon which he buys"). In analyzing SFP Plaintiffs' invocation of the "analogous . . . co-conspirator exception," SFP Pltfs' Response to App. A, the Court already explained that SFP Plaintiffs "are not the first purchasers who are not part of the conspiracy," because "the distribution chain is either interrupted by a wholesaler or a patient," Dkt. 731 at 13-14. SFP Plaintiffs' claims for damages under the Robinson-Patman Act should therefore be dismissed. Courts routinely dismiss claims under the Robinson-Patman Act in analogous drug-pricing cases. See, e.g., *In re Direct Purchaser Insulin Pricing Litig.*, 2021 WL 2886216, at *8 (D.N.J. July 9, 2021) (Martinotti, J.) ("The Third Circuit has held . . . 'that paying inflated purchasing prices to vendors, without more, is [not] an injury of the type the antitrust laws were intended to prevent.'" (alteration in original) (citation omitted)); *Clements v. CVS Health Corp.*, 2026 WL 147436, at *9 (W.D. Mo. Jan. 20, 2026) (dismissing claim because "the third-party payor Plaintiffs are acting as ultimate consumers, rather than as Defendants' competitors, and their alleged damages are not related to access to drugs but rather to the incidental cost increase in the drugs resulting from Defendant's alleged rebate scheme"). Nor can SFP Plaintiffs seek injunctive relief for these claims, as their complaints did not include this "demand for the relief sought," Fed. R. Civ. P. 8(a)(3), in connection with their Robinson-Patman Act claims. See Aramack Servs., Inc. Compl. ¶ 637; RAD Sub-Trust A, et al. Compl. ¶ 667; Mondelez Glob. LLC, et al. Compl. ¶ 658. |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996)<br><br>--------------<br><br>The court has not specifically addressed Sherman Act Section 1 claims brought by SFP plaintiffs and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. (*Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977)). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Texas Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Okoli v. Christus Good Shepherd Med. Center-Longview*, 2026 WL 753936, at *2 (E.D. Tex. Mar. 17, 2026) ("[T]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that a defendant allegedly breached." (quoting *Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc*., 2023 WL 5945856, at *5 (N.D. Tex. Sep. 11, 2023))); *Carr v. PHH Mortg. Servs.*, 2026 WL 913129, at *4 (N.D. Tex. Apr. 2, 2026) (explaining that a breach of contract claim "requires, among other things, that the plaintiff 'point to a specific provision of a specific contract that was allegedly breached'" (quoting *Sheddy v. JPMorgan Chase Bank, N.A*., 2013 WL 5450288, at *8 (N.D. Tex. Sep. 20, 2013))). | Disagree | Plaintiffs have not failed to allege the breach of an underlying contractual obligation. *See* Complaint, Count 4 (Breach of Contract) at 173-176, ¶¶ 677-688 | Plaintiffs do not dispute that Texas law requires a plaintiff to allege the specific terms of the contract allegedly breached. Plaintiffs' citation to generalized references to agreements is insufficient.To state a claim for breach of contract under Texas law, Plaintiffs must do more than allege a breach of an underlying contractual duty; they must identify the specific contractual provision at issue. *See Okoli v. Christus Good Shepherd Med. Center-Longview*, 2026 WL 753936, at *2 (E.D. Tex. Mar. 17, 2026) ("[T]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that a defendant allegedly breached." (quoting *Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc.*, 2023 WL 5945856, at *5 (N.D. Tex. Sep. 11, 2023))); *Carr v. PHH Mortg. Servs.*, 2026 WL 913129, at *4 (N.D. Tex. Apr. 2, 2026) (explaining that a breach of contract claim "requires, among other things, that the plaintiff 'point to a specific provision of a specific contract that was allegedly breached'" (quoting *Sheddy v. JPMorgan Chase Bank, N.A.*, 2013 WL 5450288, at *8 (N.D. Tex. Sep. 30, 2013))).<br><br>Instead, Plaintiffs rely on generalized references to the agreements. See Compl. ¶ 680 ("The PBM Agreements contained provisions requiring the PBM Defendants to pass through to Plaintiffs rebates, discounts, and other price concessions received from pharmaceutical manufacturers in connection with Plaintiffs' purchases of prescription drugs, including the at-issue diabetes medications."). This vague allegation is insufficient to identify any particular contractual term(s) that Defendants allegedly violated. |
| | | | Texas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care*, 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.*, 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd*, 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | Plaintiff properly alleges unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 283 (Tex. App. 2021).<br><br>-------------<br><br>Plaintiffs properly allege unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiffs position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedy conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiffs legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.*, 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.*, 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd*, No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar*, No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Ringgold School District v. Eli Lilly and Company et al* | 25-cv-05666 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc., No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *South Side Area School District v. Eli Lilly and Company, et al.* | 26-cv-00516 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Steubenville Electrical Welfare Fund, et al. v. Eli Lilly and Company et al.* | 25-cv-00503 | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Temple University Health System v. Eli Lilly and Company, et al.* | 26-cv-00136 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese* , 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.* , 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.* , 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | *Temple University v. Eli Lilly and Company, et al.* | 26-cv-00704 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC*, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *The Pennsylvania State University v. Eli Lilly and Company, et al.* | 26-cv-00396 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *The Trustees of the University of Pennsylvania v. Eli Lilly and Company et al* | 25-cv-13210 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Thomas Jefferson University, et al. v. Eli Lilly and Company, et al.* | 25-cv-19048 | New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, et seq.) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Heyert v. Taddese*, 70 A.3d 680, 695 (N.J. App. Div. 2013) ("nature of the transaction" must be "consumer oriented" for CFA to apply); *Wilson v. Gen. Motors Corp.*, 190 N.J. 336, 341 (2007) (affirming dismissal of CFA claim in part based on failure to allege misrepresentations directed at New Jersey consumers). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs do not sue as consumers. They instead allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. The Court has already found that their "injury is not consumer oriented." ECF No. 731 at 19. Plaintiffs' authority acknowledges that the NJCFA generally does not apply when "the services purchased were not available to the general public." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, Inc., 2004 WL 3767338, at *5 (N.J. Super. Ct. Law Div. July 8, 2004); *see also Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, 365 (N.J. Super. Ct. App. Div. 2011) (reversing summary judgment on CFA claim because "merchandise" was not sold to "public at large"). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) ("Third-party payors are not considered consumers under the NJCFA because they 'do not use or consume prescription medications themselves.'" (quoting *Cent. Reg'l Empls. Benefit Fund v. Cephalon* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009))). | Disagree | Third-party payers can be "consumers" under the NJCFA. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 2004 WL 3767338, at *6 (N.J. Super. Ct. Law Div. July 8, 2004) (holding third-party payers are consumers; rejecting as "too simplistic" the argument that a "person" under the Act "must be the one who actually takes the medication," because "[t]he focus should be on a misrepresentation causing a 'person' to pay for something they otherwise would not have been willing to pay for"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 384 N.J. Super. 275, 281 n.1 (App. Div. 2006) (declining to disturb prior decision concluding that "third-party payors are consumers under the Act"); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.* , 192 N.J. 372, 377 n.1 (2007) (presuming third-party payer plaintiff "qualifies as a consumer as that term is intended in our consumer fraud statute," because the Act "has been repeatedly recognized to be remedial legislation which should be construed liberally"). | SFP Plaintiffs fail to distinguish the many decisions of this Court post-*Int'l Union* holding that payers are not consumers. The Court has been clear: where, as here, "the third-party payor 'essentially serve[s]' as a middleman or insurer, [it] lack[s] standing to maintain suit under the NJCFA." *MSP Recovery Claims, Serie, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (quoting *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action* , 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009)). Business entities have standing to sue under the NJCFA only when they "use or consume" the at-issue products themselves. *Central Reg'l Emps. Ben. Fund v. Cephalon, Inc.* , 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009) (dismissing claim brought by "third-party payors of prescription medication benefits"); *City Check Cashing, Inc. v. Nat'l State Bank* , 582 A.2d 809, 811 (N.J. App. Div. 1990) (rejecting NJCFA claim where "Plaintiff did not diminish or destroy the utility of the [product] and therefore did not consume it" (quoted source omitted)) |
| | | | New Jersey Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC* , 2019 WL 1418129, at *20 (D.N.J. Mar. 29, 2019) (dismissing New Jersey unjust enrichment claims because "Plaintiffs ... were indirect purchasers of the analog insulin"); *Arlandson v. Hartz Mountain Corp.* , 792 F.Supp.2d 691, 711 (D.N.J.2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") (collecting cases); *Enriquez v. Johnson & Johnson* , 2021 WL 5272370, at *3 (N.J. Super. Ct. App. Div. Nov. 12, 2021) (affirming dismissal of unjust enrichment claim because "plaintiff can point to no direct benefit received by any defendant from plaintiff"). | Disagree | A plaintiff need not allege that it conferred a benefit directly on defendants to state a claim for unjust enrichment. *See Stewart v. Beam Glob. Spirits & Wine, Inc.* , 877 F. Supp. 2d 192, 201 (D.N.J. 2012) (plaintiff need only allege that defendants "received funds that they otherwise would not have received and which it would be unjust for them to retain" because of defendants' improper conduct); *In re K-Dur Antitrust Litig.* , 338 F. Supp. 2d 517, 544 (D.N.J. 2004) ("The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct."). | New Jersey law explicitly requires that, to support a claim of unjust enrichment, "the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.* , 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added); *Humana Inc. v. Merck & Co., Inc.* , No. 2:23-cv-23023 (BRM) (LDW), 2025 LX 336257, at *67 (D.N.J. 2025) (dismissing New Jersey unjust enrichment claim where plaintiff "cannot allege the requisite degree of directness in benefit conferred."). Indeed the plaintiffs' citations in support recite standards that are not specific to New Jersey law. *See, e.g., In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (citing general standards re unjust enrichment and declining to engage in state-specific standards until a later time). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | *Upper St. Clair School District v. Eli Lilly and Company et al.* | 25-cv-00418 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc*., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *West Allegheny School District v. Eli Lilly and Company, et al.* | 25-cv-14709 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *West Mifflin Area School District v. Eli Lilly and Company et al.* | 25-cv-00494 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox*, 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.*, 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP*, 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc*., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Western Pennsylvania Electrical Employees Insurance Trust Fund v. Eli Lilly and Company et al.* | 25-cv-00292 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC* , 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's* ). |
| | *Western Pennsylvania Schools Health Care Consortium v. Eli Lilly and Company et al.* | 24-cv-10249 | Pennsylvania Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *McCary v. Simcox* , 2025 WL 1872997, at *9 (E.D. Pa. July 7, 2025) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citing *Pelagatti v. Cohen* , 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987))). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Church Mut. Ins. Co. v. Alliance Adjustment Grp.* , 102 F. Supp. 3d 719, 732 n.12 (E.D. Pa. 2015) (upholding civil conspiracy based on underlying fraud claim). *See also, Tender Touch Rehab Svcs., LLC v. Brighten at Bryn Mawr* , 26 F. Supp. 3d 376, 405 (E.D. Pa. 2014)(same, but based on underlying tortious interference). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Pennsylvania is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 66-73. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *Goldstein v. Phillip Morris, Inc.* , 854 A.2d 585, 590 (Pa. Super Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Novinger Grp., Inc. v. Hartford Ins., Inc.* , 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007) (statute does not cover transactions made "for business purposes"). | Disagree | The limitation to bring a private right of action with regards to "personal, family or household purposes" comes from section 201-9.2 of the UTPCPL. However, the District Attorneys bring their claims under Section 201-4 of the UTPCPL, which provides the DA with standing to bring an action if it "has reason to believe that any person is using . . . any . . . method, act or practice [prohibited by the UTPCPL]."<br><br>Additionally, all PA UPTCPL are properly pleaded because the analysis whether a transaction is made "for business purposes" depends on the effect on the end consumer, not whether an entity rather than an individual engages in the transaction. *See e.g. Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (Allowing the Commonwealth to bring an action on behalf of its citizens, "UTPCPL restricts suits not on the basis of the type of product, but rather the purpose of the purchase. Here, as in that case, the drugs are ultimately used for a personal, family or household purpose."); *see also Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.* , No. 08-CV-5904, 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) ("the 'purpose' requirement of § 201–9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it."). | As SFP Plaintiffs concede, claims under 73 Pa. Stat. § 201-9.2 and are subject to the statutory "primary purpose" requirement. *See* 73 Pa. Stat. § 201-9.2(a) (statute applies to transactions "primarily for personal, family or household purposes"); *Elansari v. Best Buy, LP* , 2019 WL 5300194, at *1 (Super. Ct. Pa. Oct. 18, 2019) (explaining the "*BIG* caveat" that "[a] consumer must use the good or service for mainly personal, family, or household purposes" so "the statute does not cover business-to-business transactions."). Payors are not suing over purchases "primarily for personal, family or household purposes," but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. They cannot recover for that claim. SFP Plaintiffs' authorities are inapposite, as plaintiffs in both cases sued in their "representative capacity" on behalf of individuals or entities that satisfy the primary purpose limitation. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1142 (Pa. Commw. Ct. 2005) (explaining that when a plaintiff "acts in its representative capacity … it is the purpose of the [represented parties] which controls for the purposes of the primary purpose restrictions of 73 P.S. § 201-9.2"); *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc* ., 2010 WL 891150, at *3 (E.D. Pa. Mar. 11, 2010) (holding that plaintiffs "purchased [the products] in their representative capacity"). SFP Plaintiffs do not sue as representatives of their beneficiaries but rather "sue for damages unique to them." ECF No. 256 at 22. |
| | | | Pennsylvania Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (under Pennsylvania law, the benefit "must be conferred by the plaintiff directly--indirect benefits bestowed by third parties will not support a claim for unjust enrichment"); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Pennsylvania … requires a direct benefit be plead for unjust enrichment claims"). | Disagree | A direct benefit is not necessary to sustain an unjust enrichment claim under Pennsylvania law. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.* , 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) (indirect benefit was sufficient to state a claim for unjust enrichment); *see also Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC* , 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010) (direct conferral not required); *In re Generic Pharms. Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (refusing to dismiss Pennsylvania unjust enrichment claims where indirect purchasers of overpriced generic drugs asserted that their actions allowed drug manufacturer defendants to unjustly benefit); *Kappes v. FCA US LLC* , No. 23-10259, 2026 WL 594939, at *21 (E.D. Mich. Mar. 3, 2026) ("the Court declines to impose a direct benefit requirement for the Pennsylvania unjust enrichment claim."); *In re Takata Airbag Prods. Liab. Litig.* , 462 F. Supp. 3d 1304, 1331 (S.D. Fla. 2020) (same).<br><br>*Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) relied on *Schmidt v. Ford Motor Co.* , 972 F.Supp.2d 712 (E.D. Pa. Sep. 20, 2013), which in turn relied on *Samuels v. Hendricks* , 300 Pa. Super. 11, 16, 445 A.2d 1273, 1276 (1982). *Samuels* involved a contractor seeking payment from a non-contracting spouse who neither induced nor knew of the work and is factually inapposite. | Under Pennsylvania law, there is a direct benefit requirement for claims of unjust enrichment. For an unjust enrichment claim to survive dismissal, plaintiffs must have directly conferred a benefit on the defendant. *Henkel v. Highgate Hotels, L.P* ., 2024 WL 4351450 at 5 (M.D. Pa. Sept. 30, 2024) ("the court concludes that the correct understanding of the standard for the first element of unjust enrichment is a benefit conferred on the defendant by the plaintiff." (emphasis added)). Plaintiffs cannot maintain a claim for unjust enrichment when the alleged benefit is first conferred on a third-party. *D.A. Hill Co. v. Clevetrust Realty Inv'rs* , 573 A.2d 1005 (Pa. 1990) ("a third party is not unjustly enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties.").<br><br>Plaintiffs' authority does not help them. Nowhere does Pappert state that an indirect benefit is sufficient. 885 A.2d at 1137-38. *Sheet Metal Workers* agrees that "the relationship between plaintiff and defendant may not be too remote." 737 F. Supp. 2d at 444; *cf.* ECF No. 729 at 11 (holding that Plaintiffs are too "remote" from Defendants to recover in RICO). *Kappes* likewise agrees that the benefit conferred on a defendant must be "more than remote or incidental." Kappes, 2026 WL 594939, at *21 (E.D. Mich. 2026). To the extent Plaintiffs' other authorities suggest that an indirect benefit is sufficient, they contravene the weight of Pennsylvania and federal authority that has held otherwise. *E.g* ., *Bridgestone/Firestone, Inc. v. Carr's Tire Serv., Inc* ., 1992 WL 365512, at *16 (E.D. Pa. Nov. 30, 1992) ("[I]t is a necessary prerequisite to [plaintiff's] recovery against [defendant] that [defendant] have received a benefit from [plaintiff] as opposed to other [parties]."). *Samuels v. Hendricks* , 445 A.2d 1273, 1276 (Pa. Super. Ct. 1982) ("[T]he mere fact that [defendant] may have indirectly benefited from [plaintiff's] performance is not sufficient to impose upon her a duty to make restitution."). Accordingly, this Court's conclusion in *Humana* that Pennsylvania requires a direct benefit was correct. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gahagan v. Penn Abstract & Land Servs., LLC*, 2025 WL 1647730, at *3 (M.D. Pa. June 9, 2025) (where UTPCPL claim failed and unjust enrichment claim was duplicative of UTPCPL claim, concluding unjust enrichment must be dismissed because "[w]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise and fall with the underlying claim" (citation omitted)). | Disagree | A Pennsylvania unjust enrichment claim based on a theory of quasi-contract may be pled as a companion to the UTPCPL. Pennsylvania federal courts have recognized that a UTPCPL claim may be dismissed on a Rule 12(b)(6) motion while a similarly pleaded unjust enrichment claim survives. Here the unjust enrichment claim survives because whether the plaintiff was a consumer is not an element of the unjust enrichment claim. *See In re Rutter's Inc Data Security Breach Litig.,* 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021) (court sustained the unjust enrichment claim while dismissing the UTPCLP claim demonstrating that unjust enrichment only requires that a benefit was conferred and inequitably retained). | The court in *In re Rutter's Inc. Data Security Breach Litig.,* did not address whether an unjust enrichment claim that is duplicative of a UTPCPL claim should be dismissed if the UTPCPL claim fails, and that argument was not raised. 511 F. Supp.3d 514, 537-538, 545 (M.D. Pa. 2021); Def's Mot. to Dismiss, 1:20 cv-00382, ECF 46. Rather, the defendant moved to dismiss the unjust enrichment claim only on the grounds that plaintiffs failed to plausibly plead that defendant was *unjustly* enriched, in other words, that it would be inequitable for defendant to retain the benefit. Def's Mot. to Dismiss, ECF 46, at 18-20. *Rutter's* thus does nothing to disturb the conclusion in *Gahagan* (which may explain why *Gahagan* did not so much as mention *Rutter's*). |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Puerto Rico | *LDG Medical Services Group L.L.C., et al. v. Eli Lilly and Company, et al.* | 24-cv-00725 | Puerto Rico Bad faith | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Oriental Fin. Grp., Inc. v. Fed. Ins. Co*., 598 F. Supp. 2d 199, 206 n.6 (D.P.R. 2008) ("[T]he 'dolo' [bad faith] claim is not a separate 'cause of action,' it is contingent upon the breach of contract claim."); *Id.* at 221 ("[A] finding of bad faith ('dolo') must be based on evidence that a party avoided compliance *with its contractual obligation* and that it did so through deceitful means." (emphasis added)). | Disagree | Under Puerto Rico law, the duty of good faith extends beyond contractual relationships to all legal and social interactions, and claims for "dolo" (bad faith) can arise even in pre-contractual contexts. Puerto Rico's 2020 Civil Code amendments further codified and expanded this duty, expressly recognizing third parties' rights to seek damages for bad faith conduct—rendering Defendants' reliance on a 2008 insurance-contract case inapposite. See, e.g., *Torres v. Garcia*, 119 D.P.R. 698, 1987 JTS 105 (Nov. 25, 1987) (holding that a claim for bad faith can be brought where a defendant acted negligently and willfully in breaking off negotiations on a purchase agreement). | Plaintiffs do not dispute that *Oriental Financial Group* held that dolo is not a separate cause of action. Instead, Plaintiffs argue that Puerto Rico's 2020 Civil Code amendments further codified and expanded dolo to third parties. But Plaintiff cites no provision of the 2020 Code or the language on which it relies. The 2020 Code reinforces Defendants' position. Article 286 (31 L.P.R.A. § 6192), for example, provides that a person who causes dolo is subject to indemnification for resulting damages, but it does so within an existing legal transaction. The provision presupposes an underlying obligation; it does not create a freestanding dolo tort untethered to one. Plaintiff points to nothing in the 2020 Code that displaces the reasoning in *Oriental Financial Group* or transforms dolo into a standalone claim. |
| | | | Puerto Rico Negligence/claims under Article 1536 | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Nieves Domenech v. Dymax Corp.*, 952 F. Supp. 57, 65 (D.P.R. 1996) ("[Article 1536] does not apply in the context of commercial transactions." (citing *Betancourt v. W.D. Schock Corp.*, 907 F.2d 1251, 1255 (1st Cir. 1990) (Breyer, C.J.))). | Disagree | Defendants' cases restricting Article 1536 tort liability involved parties with pre-existing contracts, where contractual duties (not background tort law) govern; by contrast, Article 1536's plain text imposes liability on anyone who through fault or negligence causes damage to another, with no limitation to non-commercial contexts, and Puerto Rican courts have routinely applied it to commercial disputes between parties without a prior contractual relationship. See, e.g., *Arocho Laboy v. El Coolmado*, LLC, No. SJ2024CV01581 (808), 2025 WL 2886525, at *4 (P.R. Cir. Sept. 25, 2025) (referring to "commercial tortfeasor" under Article 1536). | SFP Plaintiffs' attempt to narrow *Nieves* is unsupported. See *Nieves Domenech v. Dymax Corp.*, 952 F. Supp. 57, 65 (D.P.R. 1996) (stating, "[g]enerally," that "Article [1536] does not apply in the context of commercial transactions"). Article 1536 applies in the context of consumer transactions (whether or not there is a contract) and does not apply in the context of commercial transactions (whether or not there is a contract). See, e.g., *Linares-Acevedo v. Acevedo*, 38 F. Supp. 3d 222, 228 (D.P.R. 2014) (describing circumstances in which "a plaintiff may bring a negligence claim based on a contractual relationship"). SFP Plaintiffs' only case does not support their assertion that Article 1536 "applie[s] to commercial disputes." That case, *Arocho Laboy v. El Coolmado*, L.L.C., 2025 WL 2886525, at *4 (P.R. Cir. Sep. 25, 2025), arose out of the defendant's negligent service of alcohol to an intoxicated consumer (i.e., a consumer transaction) where the intoxicated consumer later caused harm to another. Moreover, the Court in that case intentionally limited its holding to the specific question of whether "a commercial establishment may be liable if it negligently served alcoholic beverages to an intoxicated person who later causes damage to another." *Id.* SFP Plaintiffs do not sue over anything even tangentially analogous or over consumer transactions. Their suit instead challenges "complex arrangements" involving "knowledgeable and experienced parties and large sums of money." ECF No. 731 at 19-20 (quoted source omitted). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Unreasonable restraint of trade in violation of PRAA § 258 | Indirect Purchaser, Dkt. No. 731 at 14 | *Centene Corp. v. Merck & Co.* , 2025 WL 2538858, at *15 (D.N.J. Sep. 4, 2025) (Martinotti, J.) ("The Court is persuaded that the PRAA precludes suits by indirect purchasers."); *In re Broiler Chicken Antitrust Litig.* , 2020 WL 4032932, at *2-4 (N.D. Ill. July 15, 2020) ("This Court joins the majority of courts and … finds that the PRAA does not permit claims by indirect purchasers."). | Disagree | Federal courts interpreting Puerto Rico antitrust law have generally adopted a broad view of standing and have permitted indirect purchaser claims. *See Rivera-Muñiz v. Horizon Lines Inc.* , 737 F. Supp. 2d 57, 61 (D.P.R. 2010). *See also Gov't of Puerto Rico v. Carpenter Co* ., 442 F. Supp. 3d 464, 478 (D.P.R. 2020) ("[U]nder the current state of Commonwealth law, there exists a liberal construction of who and whom possess standing to bring to court an antitrust case."); *In re Zetia (Ezetimibe) Antitrust Litig.* , 400 F. Supp. 3d 418, 433 (E.D. Va. 2019) (indirect purchasers have standing under Puerto Rico law); *In re Crop Prot. Prods. Loyalty Program Antitrust Litig.* , 779 F. Supp. 3d 624, 651 (M.D.N.C. 2024) (same). | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and "[i]ndirect purchasers do not have standing to bring antitrust claims in Puerto Rico," *Carefirst of Md., Inc. v. Amgen, Inc.* , --- F. Supp. 3d ---, 2025 WL 4704542, at *19 (E.D. Va. Sep. 30, 2025); *see Humana Inc. v. Merck & Co., Inc.* , 2025 WL 2538859, at *16 (D.N.J. Sep. 4, 2025) (Martinotti, J.) ("The Court is persuaded that the PRAA precludes suits by indirect purchasers."). "Puerto Rico has not adopted a statute repealing Illinois Brick," and its "territorial courts have neither addressed the issue nor 'provide[d] any guidance as to what Puerto Rico's highest court would do if confronted with the question whether indirect purchasers may recover damages under the territory's antitrust law." *Connecticut v. Aurobindo Pharma USA, Inc* ., 2025 WL 1207566, at *15 (D. Conn. Apr. 25, 2025) (alteration in original) (quoting *Connecticut v. Sandoz, Inc.* , 2024 WL 4753308, at *25 (D. Conn. Nov. 12, 2024)). The cases that SFP Plaintiffs marshal all rely on *Pressure Vessels of Puerto Rico, Inc. v. Empire Gas de Puerto Rico* , 137 D.P.R. 497 (P.R. 1994). *See In re Crop Prot. Prods. Loyalty Program Antitrust Litig.* , 779 F. Supp. 3d 624, 650-51 (M.D.N.C. 2025); *Puerto Rico v. Carpenter Co* ., 442 F. Supp. 3d 464, 477-78 (D.P.R. 2020); *In re Zetia (Ezetimibe) Antitrust Litig* ., 400 F. Supp. 3d 418, 433 (E.D. Va. 2019); *Rivera-Muñiz v. Horizon Lines Inc* ., 737 F. Supp. 2d 57, 61 (D.P.R. 2010). But "*Pressure Vessels* does not mention Illinois Brick at all or whether indirect purchasers can bring claims under the PRAA," leading "the majority of courts" to "reject[] the argument that Pressure Vessels serves to repeal Illinois Brick under the PRAA." *In re Broiler Chicken Antitrust Litig.* , 2020 WL 4032932, at *3 (N.D. Ill. July 15, 2020); *see, e.g* ., *In re Opana ER Antitrust Litig* ., 162 F. Supp. 3d 704, 723 (N.D. Ill. 2016) ("[T]he Court does not find Rivera-Muñiz persuasive."); *In re Aggrenox Antitrust Litig* ., 94 F. Supp. 3d 224, 252 (D. Conn. 2015) (declining to interpret Pressure Vessels as "an authoritative statement" of a local law "by the jurisdiction's own court[]"); *United Food & Com. Workers Local 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc* ., 74 F. Supp. 3d 1052, 1087 (N.D. Cal. 2014) (following "the weight of authority"). SFP Plaintiffs' claims under the PRAA should therefore be dismissed. |
| Rhode Island | *City of Providence v. Eli Lilly and Company, et al.* | 26-cv-01619 | Rhode Island Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Fogarty v. Palumbo* , 163 A.3d 526, 543 (R.I. 2017) ("[T]he intentional tort of civil conspiracy is not an independent basis of liability, and, instead, "[i]t is a means for establishing joint liability for other tortious conduct[,] . . . it 'requires a valid underlying intentional tort theory.'")(quoting *Read & Lundy, Inc. v. Washington Trust Co. of Westerly* , 840 A.2d 1099, 1102 (R.I. 2004)) | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Read & Lundy, Inc. v. Wash. Tr. Co. of Westerly* , 840 A.2d 1099, 1102 (R.I. 2004); *see also Pardo v. City of Newport* , 2025 WL 1426347, at *3 (D.R.I. May 16., 2025) (upholding civil conspiracy claim based on underlying torious interference claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred. Plaintiff does not bring a claim for common law fraud, and its remaining claims are subject to dismissal after applying the Court's dismissal rulings. Absent any surviving tort claim, Plaintiff's civil conspiracy claim must fail, too. CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Rhode Island Deceptive Trade Practices Act | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Kelley v. Cowesett Hills Assocs* ., 768 A.2d 425, 431 (R.I. 2001) (explaining that a "consumer/vendor relationship" is "necessary to invoke the Act"). | Disagree | The DTPA does not require a direct consumer-vendor relationship when the deceptive conduct harms the public. *See Rhode Island v. CaremarkPCS Health, LLC* , 2026 WL 851182, at 5 (D.R.I. Mar. 27, 2026) (clarifying that "the DTPA does not require a direct relationship between consumers and the alleged bad actors" and rejecting any rigid privity requirement "as long as there is a connection between the deceptive trade practice and the harm," particularly where the practice broadly affects the people of Rhode Island through the prescription drug chain). | SFP Plaintiffs' argument that there need not be "a *direct* consumer-vendor relationship" is unresponsive. *Rhode Island v. CaremarkPCS Health, LLC* reaffirms the DTPA's requirement that "the person filing suit" in private litigation must "be an individual 'who purchases or leases goods or services *primarily for personal, family, or household purposes* .'" 2026 WL 851182, at *5 (D.R.I. Mar. 27, 2026) (emphasis in original). SFP Plaintiffs do not purchase insulins "primarily for personal, family or household purposes." Rather, they purchase insulin in connection with operating a self-funded insurance plan for their employees. And they do not sue over those purposes, but allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No 256 at 38. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *In re Loestrin 24 FE Antitrust Litig.* , 410 F. Supp. 3d 352, 374 (D.R.I. 2019) ("The TPPs do not allege that they have purchased or provided reimbursement for the drugs at issue 'primarily for [their] personal, family, or household purposes, and accordingly, they do not have standing to bring claims under the Rhode Island Deceptive Trade Practices Act."). | Disagree | *Loestrin* predates the District of Rhode Island's recent decision in *Rhode Island v. CaremarkPCS Health, LLC* , 2026 WL 851182 (D.R.I. 2026). As the D.R.I. Court clarified in *CaremarkPCS* , the DTPA, "does not require a direct relationship between consumers and the alleged bad actors in ... a private action" and does not impose a rigid privity requirement when deceptive practices "directly or indirectly" affect the people of Rhode Island. *Id.* at *5. *See also* , R.I. Gen. Laws § 6-13.1-1(5) ("... trade or commerce directly or indirectly affecting the people of this state.") | SFP Plaintiffs' argument that the DTPA "does not require a direct relationship between consumers and the alleged bad actors" is unresponsive. SFP Plaintiffs lack standing because they "do not allege that they have purchased or provided reimbursement for the drugs at issue 'primarily for [their] personal, family, or household purposes.'" *In re Loestrin 24 FE Antitrust Litig* ., 410 F. Supp. 3d 352, 374 (D.R.I. 2019); *see also Rhode Island v. CaremarkPCS Health, LLC* , 2026 WL 851182, at *5 (D.R.I. Mar. 27, 2026) (affirming that private suits must be filed by "an individual 'who purchases or leases goods or services *primarily for personal, family, or household purposes* '" (emphasis in original)). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Rhode Island Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Sousa v. Roy* , 243 A.3d 775, 782 (2021) (indirect benefit to the defendant "is simply too attenuated to warrant the equitable remedy of unjust enrichment"). | Disagree | Federal courts applying Rhode Island law have expressly rejected the direct benefit requirement in this context, noting that they are "unable to locate a single Rhode Island case which required conferral of a direct benefit." *In re Amitiza Antitrust Litig.* , 2024 WL 4250224, at *35 (D. Mass. Aug. 21, 2024) (implicitly rejecting the defense that unjust enrichment claims in pharmaceutical antitrust contexts are "too attenuated" or require direct privity, and permitting such claims to proceed under Rhode Island law based on allegations of systemic price inflation). Instead, Rhode Island law establishes that the "most important" element of unjust enrichment is whether the defendant accepted the benefit under circumstances making its retention "inequitable." *Emond Plumbing & Heating, Inc. v. BankNewport* , 105 A.3d 85, 90 (R.I. 2014). *Sousa* did not suggest that *all* indirect claims are barred, but rather that the specific facts alleged were too attenuated to support the claim. 243 A.3d at 782. | The Rhode Island Supreme Court has squarely held that an indirect benefit "is simply too attenuated to warrant the equitable remedy of unjust enrichment." *Sousa v. Roy* , 243 A.3d 775, 782 (R.I. 2021). Sousa applied the well-established three-part test requiring that a claimant prove it "conferred a benefit upon the party from whom relief is sought." *Id. P* laintiffs' reliance on *In re Amitiza Antitrust Litigation* , 2024 WL 4250224, at *35 (D. Mass. Aug. 21, 2024), and *Emond Plumbing & Heating, Inc. v. BankNewport* , 105 A.3d 85, 90 (R.I. 2014), does not compel a different result. First, *In re Amitiza* does not grapple with *Sousa's* controlling limitation on unjust enrichment claims premised on attenuated, indirect benefits. Second, while *Emond Plumbing* identifies the third prong (inequitable retention) as the "most important" element, that case did not dispense with the first prong requiring conferral of a benefit. Third, Plaintiffs' contention that *Sousa* was limited to its particular facts misreads the opinion. The Rhode Island Supreme Court announced a rule of general application—that an indirect benefit like that in Sousa is "too attenuated" for unjust enrichment—not a fact-bound exception. Plaintiffs' multi-step theory of enrichment is no less attenuated than the claim rejected in *Sousa* . |
| | | | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| South Carolina | *City of Charleston, SC v. UnitedHealth Group Incorporated et al* | 25-cv-01869 | South Carolina Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig.* , 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "South Carolina" law because an "*Illinois Brick* -repealer statute[] [has] not been passed"); *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *56-57 (S.D.N.Y. Dec. 26, 2018) (same). | Disagree | South Carolina law does not impose a categorical indirect purchaser bar at the pleading stage. Plaintiff alleges wrongful rettention of unearned fees and other payments. Compl. ¶¶ 720-24. *Beverly v. Grand Strand Reg'l Med. Ctr., LLC* , 429 S.C. 502, 518-20, 839 S.E.2d 468 (S.C. Ct. App. 2020); *King v. Carolina First Bank* , 26 F. Supp. 3d 510, 519-20 (D.S.C. 2014). | Plaintiffs' reliance on *Beverly v. Grand Strand Regional Medical Center, LLC* , 429 S.C. 502, 515–16 (S.C. Ct. App. 2020), and *King v. Carolina First Bank* , 26 F. Supp. 3d 510, 519 (D.S.C. 2014), does not support a different outcome. Neither case involved an indirect purchaser. *Beverly* concerned a patient's quantum meruit claim against a hospital that billed her directly in violation of a PPO agreement to which she was a third-party beneficiary—a claim predicated on a specific contractual relationship and direct billing. 429 S.C. at 515. *King* likewise involved a direct relationship between bank customers and their bank regarding overdraft fees, not an indirect purchaser's claim. 26 F. Supp. 3d at 519. Neither case addresses or undermines the holdings in *Loestrin* and *Sergeants Benevolent* that South Carolina's failure to enact an Illinois Brick repealer bars indirect purchaser unjust enrichment claims in the antitrust context. Critically, Plaintiffs fail to deal with the threshold requirement established in *Loestrin* : where no Illinois Brick repealer statute has been enacted, the plaintiff must point to express authority showing that the state's common law expressly permits an unjust enrichment claim by an indirect purchaser. *In re Loestrin 24 FE Antitrust Litig.* , 410 F. Supp. 3d 352, 381 (D.R.I. 2019) . Plaintiffs have identified no such South Carolina authority, and Beverly and King do not fill that gap. Moreover, Plaintiffs' own authority relied upon for the Rhode Island unjust enrichment claim, *In re Amitiza Antitrust Litigation* , 2024 WL 4250224, at *32 (D. Mass. Aug. 21, 2024), expressly recommended dismissal of the South Carolina unjust enrichment claims as subversive of the statutory scheme, further confirming the weight of authority supports dismissal here. |
| Tennessee | *Ameriteam Services, LLC v. Eli Lilly and Company, et al.* | 25-cv-18572 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Tennessee Breach of Implied Covenant of Good Faith and Fair Dealing | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Howard v. Nationstar Mortg., LLC* , 2017 WL 9807334, at *5 (W.D. Tenn. June 13, 2017) ("Under Tennessee law, the contractual duty of good faith and fair dealing is ... not an independent basis for relief; thus, absent a valid claim for breach of contract, there is no cause of action for breach of implied covenant of good faith and fair dealing." (cleaned up)); *Jones v. LeMoyne-Owen Coll.* , 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009) (similar); *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal of their implied-breach claims on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Plaintiffs allude vaguely to seeking in the future to amend in response to the Court's September 5, 2025 ruling, but any hypothetical request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Ballad Health et al. v. Eli Lilly and Company, et al.* | 26-cv-00368 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Brookdale Senior Living Inc. v. Eli Lilly and Company et al.* | 25-cv-00488 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | *City of Morristown, Tennessee v. Eli Lilly and Company et al.* | 25-cv-00313 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Claiborne County Board of Education v. Eli Lilly and Company et al.* | 25-cv-00294 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Grainger County, Tennessee v. Eli Lilly and Company et al.* | 25-cv-00296 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Greene County, Tennessee v. Eli Lilly and Company et al.* | 24-cv-06919 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | *Hamblen County, Tennessee v. Eli Lilly and Company, et al.* | 24-cv-06456 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Hamilton County Board of Education v. Eli Lilly and Company et al.* | 25-cv-00302 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Knox County, Tennessee v. Eli Lilly and Company, et al.* | 26-cv-00450 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Maryville City Schools v. Eli Lilly and Company et al.* | 25-cv-00440 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Memphis-Shelby County Schools v. Eli Lilly and Company et al.* | 24-cv-10308 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Sound Health and Wellness Trust v. Eli Lilly and Company et al.* | 25-cv-00491 | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Southern Freight Services, Inc. of Morristown v. Eli Lilly and Company et al.* | 25-cv-00323 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *State of Franklin Healthcare Associates, PLLC, et al. v. Eli Lilly and Company et al.* | 25-cv-00365 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *The Metropolitan Government of Nashville & Davidson County v. Eli Lilly and Company et al.* | 25-cv-00354 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *United Food and Commercial Workers Local 1529 Health & Welfare Fund v. Eli Lilly and Company et al.* | 25-cv-00501 | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Washington County, Tennessee v. Eli Lilly and Company et al.* | 25-cv-00328 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Worldwide Equipment Enterprises, Inc. v. Eli Lilly and Company et al.* | 25-cv-00340 | Tennessee Breach of Contract | Failure to Identify a Breached Obligation, Dkt. No. 729 at 29-30. | *Roe v. Lowe* , 2024 WL 4778042, at *6 (M.D. Tenn. Nov. 13, 2024) ("It is true that a plaintiff must identify the specific term of a contract that has allegedly been breached." (internal quotation marks omitted)); *Hames v. SunTrust Bank* , 2023 WL 9184103, at *4 (W.D. Tenn. Aug. 15, 2023) ("Failure to identify a specific contract provision in the complaint is grounds for dismissal."). | Disagree | The Court dismissed King County's implied covenant claim without prejudice for failure to identify a breached contractual provision (ECF No. 730 at 2). Plaintiffs intend to amend these claims to identify the relevant contractual provisions and propose to meet and confer with Defendants regarding an amendment process. | Plaintiffs do not contest dismissal on the merits. Plaintiffs do not dispute the authority Defendants cite, do not contend that their claim as pleaded is adequately stated, and do not dispute that the Court's ruling controls. Therefore, this claim should be dismissed pursuant to the Court's opinions. Any future request to amend is a separate matter and outside the scope of the Court's direction for this exercise pursuant to CMO 25. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. See *Brown v. Birman Managed Care, Inc.* , 42 S.W.3d 62, 74-75 (Tenn. 2001)(declining to dismiss civil conspiracy claim based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| Texas | *Employees Retirement System of Texas v. Eli Lilly and Company et al.* | 26-cv-09144 | Texas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nguyen v. Watts* , 605 S.W.3d 761, 793 (Tex. App. 2020) ("Because there 'can be no independent liability for civil conspiracy,' a plaintiff does not have a viable conspiracy claim if the trial court correctly grants summary judgment on the underlying tort." (quoted source omitted)); T*ilton v. Marshall* , 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."); *Harris Cnty., Texas v. Eli Lilly & Co.* , 2022 WL 479943, at *14 (S.D. Tex. Feb. 16, 2022) ("Because the County's DTPA, unjust enrichment, and money-had-and-received claims fail, its civil conspiracy claim also fails." (citing *Agar Corp., Inc. v. Electro Circuits Int'l, LLC* , 580 S.W.3d 136, 140–42 (Tex. 2019)) | Disagree | The claim for civil conspiracy is not duplicative or derivative of underlying substantive claims. First, the Court did not dismiss claims for civil conspiracy in its previous rulings, and addressing such claims at this time is improper. Moreover, under Texas law, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Agar Corp. Inc. v. Electro Circuits Inter., LLC* , 580 S.W.3d 136, 147 (Tex. 2019) (reversing summary judgment on civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Texas is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Univ. of Texas Rio Grande Valley v. Castillo* , 2023 WL 7395872, at *5 (Tex. App. Nov. 9, 2023) ("'[C]ivil conspiracy is a theory of vicarious liability and not an independent tort.' A so-called 'derivative tort,' civil conspiracy 'survives or fails alongside' the underlying tort alleged.") (quoting *Agar Corp., Inc. v. Electro Circuits Int'l, LLC* , 580 S.W.3d 136, 141-42 (Tex. 2019)). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Texas Unjust Enrichment | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.* , 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd* , 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | The claim for unjust enrichment is not duplicative or derivative of underlying substantive claims because the unjust enrichment claim is properly alleged in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, the Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiff's position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedly conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiff's legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.* , 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.* , 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd* , No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar* , No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care*, 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Further, this claim should not be dismissed due to the indirect purchaser rule because Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc*., 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |
| | *Everett Financial, Inc. v. Eli Lilly and Company et al.* | 25-cv-00291 | Texas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care*, 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.*, 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd*, 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | Plaintiff properly alleges unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiffs' position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedy conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiff's legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.*, 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.*, 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd*, No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar*, No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |
| | *Texas Health Resources v. Eli Lilly and Company et al* | 25-cv-02072 | Texas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nguyen v. Watts*, 605 S.W.3d 761, 793 (Tex. App. 2020) ("Because there 'can be no independent liability for civil conspiracy,' a plaintiff does not have a viable conspiracy claim if the trial court correctly grants summary judgment on the underlying tort." (quoted source omitted)); T*ilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."); *Harris Cnty., Texas v. Eli Lilly & Co.*, 2022 WL 479943, at *14 (S.D. Tex. Feb. 16, 2022) ("Because the County's DTPA, unjust enrichment, and money-had-and-received claims fail, its civil conspiracy claim also fails." (citing *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140–42 (Tex. 2019)) | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Agar Corp. Inc. v. Electro Circuits Inter., LLC*, 580 S.W.3d 136, 147 (Tex. 2019) (reversing summary judgment on civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Texas is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Univ. of Texas Rio Grande Valley v. Castillo*, 2023 WL 7395872, at *5 (Tex. App. Nov. 9, 2023) ("'[C]ivil conspiracy is a theory of vicarious liability and not an indepdent tort.' A so-called 'derivative tort,' civil conspiracy 'survives or fails alongside' the underlying tort alleged.") (quoting *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141-42 (Tex. 2019)). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Texas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care*, 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.*, 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd*, 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | Plaintiff properly alleges unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiff's position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedy conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiff's legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.*, 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.*, 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd*, No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar*, No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |
| | *U.A. Plumbers Local Union No. 68 Welfare Fund v. Eli Lilly and Company et al* | 25-cv-13016 | Texas Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Nguyen v. Watts*, 605 S.W.3d 761, 793 (Tex. App. 2020) ("Because there 'can be no independent liability for civil conspiracy,' a plaintiff does not have a viable conspiracy claim if the trial court correctly grants summary judgment on the underlying tort." (quoted source omitted)); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."); *Harris Cnty., Texas v. Eli Lilly & Co.*, 2022 WL 479943, at *14 (S.D. Tex. Feb. 16, 2022) ("Because the County's DTPA, unjust enrichment, and money-had-and-received claims fail, its civil conspiracy claim also fails." (citing *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140–42 (Tex. 2019)) | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Agar Corp. Inc. v. Electro Circuits Inter., LLC*, 580 S.W.3d 136, 147 (Tex. 2019) (reversing summary judgment on civil conspiracy based on underlying fraud claim). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Texas is four years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than four years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Univ. of Texas Rio Grande Valley v. Castillo*, 2023 WL 7395872, at *5 (Tex. App. Nov. 9, 2023) ("'[C]ivil conspiracy is a theory of vicarious liability and not an indepdent tort.' A so-called 'derivative tort,' civil conspiracy 'survives or fails alongside' the underlying tort alleged.") (quoting *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141-42 (Tex. 2019)). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Texas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care*, 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.* , 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd* , 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | Plaintiff properly alleges unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiff's position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedy conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiff's legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.* , 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.* , 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd* , No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar* , No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |
| | *Upbound Group, Inc. (f/k/a Rent-a-Center) v. Eli Lilly and Company et al.* | 25-cv-00509 | Texas Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Greathouse v. Cap. Plus Fin. LLC* , 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law) ("This means that the benefit received by a defendant must come directly from a plaintiff. [] Unjust enrichment does not operate on a but-for-causation benefit scheme, the benefit must be directly conferred."); *Energium Holding LLC v. Ascension MyHealth Urgent Care* , 2024 WL 4876957, at *11 (N.D. Tex. Nov. 22, 2024) (dismissing unjust enrichment claim because indirect benefit was "too attenuated"). | Disagree | Texas courts have recognized that unjust enrichment can apply when a defendant has "passively received [a benefit] which it would be unconscionable to retain." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.* , 965 F.3d 365, 380 (5th Cir. 2020). | Plaintiffs' reliance on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.* , 965 F.3d 365 (5th Cir. 2020), is misplaced. That decision does not address the threshold requirement under Texas law that a plaintiff must confer a direct benefit on the defendant. Instead, *Digital Drilling* concerns the separate question of whether a defendant wrongfully secured or retained a benefit once one exists. *See id.* at 380 (discussing the difference between wrongful acquisition versus passive receipt of a benefit). It does not hold—or even suggest—that an indirect or attenuated benefit suffices to state an unjust enrichment claim. The governing rule under Texas law is clear: the benefit must be conferred directly by the plaintiff. *See Greathouse v. Cap. Plus Fin. LLC,* 690 F. Supp. 3d 610, 641 (N.D. Tex. 2023) (applying Texas law). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.* , 2021 WL 824647, at *3 (N.D. Tex. Mar. 3, 2021), *aff'd* , 2022 WL 796179 (5th Cir. Mar. 15, 2022) ("Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct," and "the mere availability of these remedies renders the equitable theory of unjust enrichment unavailable"). | Disagree | Plaintiff properly alleges unjust enrichment in the alternative, pursuant to Fed. R. Civ. P. 8(a)(3). Additionally, Plaintiff's claim can proceed as an independent cause of action. *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013); *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263, 283 (Tex. App. 2021). | Neither *Eun Bok Lee v. Ho Chang Lee* , 411 S.W.3d 95 (Tex. App. 2013), nor *Baylor Scott & White v. Project Rose MSO, LLC* , 633 S.W.3d 263 (Tex. App. 2021), addresses whether the availability of an adequate legal remedy precludes a duplicative unjust enrichment claim. And the *Eun Bok Lee* case undercuts Plaintiff's position. There, the court held that the tenant's legal claims did *not* provide an adequate remedy for the benefit allegedy conferred on the defendant under the plaintiff's unjust enrichment claim, and thus, allowed the unjust enrichment claim "[b]ased on the specific and somewhat unusual facts" of that case. *See* 411 S.W.3d, at 112 ("The tenant's other causes of action can provide no remedy for this benefit conferred upon the landlord."). Here, Plaintiff's legal claims *do* provide an adequate legal remedy for the exact same benefit allegedly conferred on Defendants.<br><br>The adequate-remedy-at-law bar applies to unjust enrichment under Texas law regardless of whether it is an independent claim. *In re TXCO Res., Inc.* , 475 B.R. 781, 837 (Bankr. W.D. Tex. 2012) (holding that the "existence of an adequate legal remedy" for trade secret misappropriation claim precluded unjust enrichment); *In re Mud King Prods., Inc.* , 514 B.R. 496, 521 (Bankr. S.D. Tex. 2014), *aff'd* , No. BR 13-32101, 2015 WL 862319 (S.D. Tex. Feb. 27, 2015); *Vestas-Am. Wind Tech., Inc. v. Salazar* , No. 6:19-CV-076, 2021 WL 1399296, at *6 (N.D. Tex. Feb. 1, 2021). |
| Utah | *Alpine School District v. Eli Lilly and Company et al.* | 25-cv-00456 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.* , *State of Utah by Wilkinson v. B & H Auto* , 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also* , *Iadanza v. Mather* , 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers* " regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.* , a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto* , 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather* , 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.* , 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation* , 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones* . *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.* , 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *Canyons School District v. Eli Lilly and Company et al.* | 25-cv-00182 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.* , *State of Utah by Wilkinson v. B & H Auto* , 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also* , *Iadanza v. Mather* , 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers* " regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.* , a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto* , 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather* , 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.* , 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation* , 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones* . *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.* , 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *Duchesne County School District v. Eli Lilly and Company, et al.* | 26-cv-00519 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Utah Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Puttuck v. Gendron* , 199 P.3d 971, 978 (Utah Ct. App. 2008) (affirming dismissal of civil conspiracy claim for lacking "one of [its] essential lements, an underlying tort."); *Hatfield v. Cottages on 78th Cmty. Ass'n* , 2022 WL 2452379, at *12 (10th Cir. July 6, 2022) (civil conspiracy claims failed where plaintiff failed to allege underlying tort). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, as noted by Defendants, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Weber v. Colliers Int'l Grp., Inc.* , 2026 WL 1650734, at *26 (D. Utah June 8, 2026)((upholding civil conspiracy based on underlying fraud claims), *citing Estrada v. Mendoza* , 275 P.3d 1024, 1029 (Utah Ct. App. 2012). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Utah is three years. See Joint Statute of Limitations Chart, ECF No. 761-1, at 81-82. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See J. White, L.C. v. Wiseman* , 2020 WL 3922977, at *7 (D. Utah July 10, 2020) ("Because Plaintiffs here have only pleaded time-barred torts against Veracity, their civil conspiracy claim must also be dismissed.") (internal citations omitted); *Puttuck v. Gendron* , 199 P.3d 971, 978 (Utah Ct. App. 2008) (affirming dismissal of civil conspiracy claim for lacking "one of [its] essential elements, an underlying tort."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.* , *State of Utah by Wilkinson v. B & H Auto* , 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also* , *Iadanza v. Mather* , 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers* " regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.* , a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto* , 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather* , 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.*, 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones*. *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.*, 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *Emery County School District v. Eli Lilly and Company et al.* | 25-cv-00180 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.*, *State of Utah by Wilkinson v. B & H Auto*, 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also*, *Iadanza v. Mather*, 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers*" regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.*, a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto*, 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather*, 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.*, 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones*. *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.*, 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *Granite School District v. Eli Lilly and Company et al.* | 24-cv-11338 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.*, *State of Utah by Wilkinson v. B & H Auto*, 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also*, *Iadanza v. Mather*, 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers*" regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.*, a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto*, 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather*, 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.*, 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones*. *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.*, 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *Salt Lake City School District v. Eli Lilly and Company et al.* | 24-cv-11339 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.*, *State of Utah by Wilkinson v. B & H Auto*, 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also*, *Iadanza v. Mather*, 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers*" regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.*, a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto*, 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather*, 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.* , 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation* , 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones* . *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.* , 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| | *South Sanpete School District v. Eli Lilly and Company et al.* | 24-cv-11340 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.* , *State of Utah by Wilkinson v. B & H Auto* , 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also* , *Iadanza v. Mather* , 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers* " regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.* , a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto* , 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather* , 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc* , 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.* , 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.* , 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.* , 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation* , 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones* . *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.* , 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler* , 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Washington County, Utah v. Eli Lilly and Company et al.* | 25-cv-00372 | Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, et. seq. (UCSPA) | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Utah Stat. §§ 13-11-3(2)(a), 13-11-4(1) (applying only to transactions "primarily for personal, family, or household purposes," with limited inapplicable exceptions). | Disagree | The plain text of the statute states that the UCSPA "shall be construed liberally." Utah Stat. § 13-11-2. *See, e.g.*, *State of Utah by Wilkinson v. B & H Auto*, 701 F. Supp. 201, 204 (D. Utah Dec. 12, 1998). *See also*, *Iadanza v. Mather*, 820 F. Supp. 1371, 1378 (D. Utah Apr. 29, 1993) . Further, the transactions at issue in this case are not included in the list of transactions specified as excluded by the UCSPA. *See* § 13-11-22. Finally, courts have rejected motions to dismiss UCSPA claims by a third-party payor on the grounds that the statute only "applies only to natural persons making purchases for personal or household purposes." *See, e.g., Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018). | SFP Plaintiffs' selective quotation to the statute omits that the UCSPA "shall be construed liberally … to protect *consumers*" regarding "*consumer* sales practices." Utah Stat. § 13-11-2 (emphasis added). The statute's application is limited to practices "in connection with a consumer transaction," *i.e.*, a transaction that is "primarily for personal, family, or household purposes." *Id.* §§ 13-11-3(2)(a), 13-11-4(1). SFP Plaintiffs' authorities do not hold otherwise, as each case concerned alleged injuries stemming from consumer transactions. *Utah ex. rel. Wilkinson v. B&H Auto*, 701 F. Supp. 201, 204 (D. Utah 1988) ("inflated price[s]" passed "on to Consumer[s]"); *Iadanza v. Mather*, 820 F. Supp. 1371, 1389 (D. Utah 1993) (individual consumers purchased land at "an inflated price"); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, at *50-52 (S.D.N.Y. Dec. 26, 2018) (payer's injuries stemmed from "sales … either to or 'apparently to' consumers primarily for their personal, family, or household purposes"). SFP Plaintiffs' claims, by contrast, are not based on inflated prices in consumer transactions. Rather, they allege a "scheme" whereby Manufacturers pay kickbacks and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. |
| | | | Utah Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *Humana Inc. v. Merck & Co.*, 2025 WL 2538859, at *22 (D.N.J. Sept. 4, 2025) (Marinotti, J.) ("Utah… requires a direct benefit be plead for unjust enrichment claims"). | Disagree | Under Utah law, the "critical inquiry [i]s ... whether... the relationship between [Plaintiff's] detriment and the defendant's benefit 'flow[s] from the challenged conduct.' " *Id.* (quoting *In re Automotive Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 864 (E.D. Mich. 2014)). *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. Feb. 15, 2019) (denying Defendants' argument that Plaintiff's unjust enrichment claims under the laws of Utah must be dismissed due to the indirect purchaser rule). | Plaintiffs' Utah authority does not cure their failure to plead a direct benefit. Plaintiffs' citation to "Id." is unclear; to the extent they rely on *Johnson v. Blendtec, Inc., 500 F.Supp.3d 1271, 1292 (2020),* that decision does not eliminate the requirement that a plaintiff confer a benefit on the defendant. Nor does it endorse Plaintiffs' reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 368 F. Supp. 3d 814 (E.D. Pa. 2019), is also unavailing. That decision does not analyze Utah-specific unjust enrichment law or the direct-benefit requirement recognized in *Jones*. *Id.* It is also unpersuasive more broadly: its conclusion that Illinois Brick does not bar unjust enrichment claims has been expressly rejected by multiple courts. *See In re Vascepa Antitrust Litig.*, 2023 WL 2182046, at *10 (D.N.J. Feb. 23, 2023). The rule is clear: "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff." *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015). Applying that rule, *Jones* affirmed dismissal of unjust enrichment claims against defendants who were only "incidental and not direct beneficiaries" of the plaintiff's services. *Id.* at 1018–19. |
| Virginia | *Albemarle County, Virginia v. Eli Lilly and Company et al* | 25-cv-00690 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Board of Supervisors of Accomack County v. Eli Lilly and Company et al.* | 24-cv-06329 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *Chesterfield County, Virgina v. Eli Lilly and Company et al.* | 25-cv-01153 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *City of Alexandria, Virginia v. Eli Lilly and Company et al* | 23-cv-22769 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Charlottesville, Virginia v. Eli Lilly and Company et al.* | 24-cv-11035 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *City of Newport News, Virginia v. Eli Lilly and Company et al.* | 24-cv-10766 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *City of Norfolk, Virginia v. Eli Lilly and Company et al* | 25-cv-13057 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *City of Portsmouth, Virginia v. Eli Lilly and Company et al.* | 24-cv-06331 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *City of Roanoke, Virginia et al. v. Eli Lilly and Company et al.* | 24-cv-00559 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *County Board of Arlington County, VA v. Eli Lilly and Company, et. al* | 23-cv-22776 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *County of Henry, Virginia v. Eli Lilly and Company et al* | 25-cv-01329 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *County of Orange, Virginia v. Eli Lilly and Company et al* | 25-cv-07008 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *County of York, Virginia v. Eli Lilly and Company et al.* | 24-cv-11351 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Fairfax County, Virginia by Its Board of Supervisors v. Eli Lilly and Company et al.* | 24-cv-10171 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *Henrico County, VA v. Eli Lilly and Company, et. al* | 23-cv-23042 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *Montgomery County, Virginia v. Eli Lilly and Company et al.* | 25-cv-01164 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Pittsylvania County, Virginia v. Eli Lilly and Company et al* | 25-cv-01037 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham* , 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens* , 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.* , 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang* , 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC* , 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims* . A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.* , 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam* , the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims* . *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc* ., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam* , where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam* , 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.* , *Eubank v. Ford Motor Credit Co* ., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.* , 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *Prince William County, VA v. Eli Lilly and Company et al.* | 24-cv-11307 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| | *Stafford County, Virginia v. Eli Lilly and Company et al.* | 25-cv-01122 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc*., 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co*., 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Virginia Beach, Virginia and School Board of the City of Virginia Beach v. Eli Lilly and Company et al.* | 24-cv-07885 | Virginia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. Ct. App. 2007) ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Additionally, a "successful civil conspiracy claim is not limited to proof of an underlying tort" but rather may be "grounded in either tortious or unlawful conduct," including statutory violations. *Virk v. Clemens*, 904 S.E.2d 651, 665 (Va. Ct. App. 2024); *The Country Vintner, Inc. v. Louis Latour, Inc.*, 634 S.E.2d 745, 752 (Va. 2006) (rejecting preemption of a common law conspiracy claim based on alleged violations of the Virginia Wine Franchise Act). Finally, the Court did not dismiss fraud claims that would suffice as the underlying tort regardless. | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Virginia is two years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 83-85. Accordingly, because this complaint was filed more than two years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim would necessarily fail as well. *See Qiu v. Huang*, 885 S.E.2d 503, 514 (Va. Ct. App. 2023) (where plaintiff "did not allege a viable cause of action for tortious interference or fraud, he has also failed to state a claim for civil conspiracy"). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | | | Virginia Consumer Protection Act Va. Code Ann. § 59.1-196 et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | Va. Code § 59.1-200(A) (prohibiting conduct "in connection with a consumer transaction"); *id.* § 59.1-198 (defining "Consumer transaction" as the sale of goods and services "for personal, family, or household purposes"); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) ("[S]ales between merchants—or any sales not directly to a consumer—are not within the scope of the VCPA."). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs concede that the VCPA covers only "fraudulent acts or practices … in connection with a consumer transaction." Va. Code § 59.1-200. SFP Plaintiffs allege "mislabeled rebates and kickbacks" in connection with their "agreements with the PBMs." ECF No. 257 at 10, 17 (emphasis added). Those are not "consumer transaction[s]" subject to the VCPA.<br><br>Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co.*, 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |
| | | | | Suit Not Authorized, Dkt. No. 729 at 17 | *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2020 WL 831578, at *11 (D.N.J. Feb. 20, 2020) (dismissing claim where plaintiffs were "not consumers under the VCPA"). | Disagree | Subsequent Virginia appellate courts reject the holding of the New Jersey federal court in *MSP Recovery Claims*. A consumer to consumer transaction is not required to state a claim under VCPA. Instead, the transaction needs to be *in connection with* a consumer transaction. Virginia courts have held that this applies to public entities suing drug companies for violations of the Act, even if the transactions may have occurred on a merchant to merchant level. *See e.g. Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020) ("The term "supplier" includes manufacturers who sell goods *to be resold.* Likewise, the prohibited practices must only be committed *in connection with* a consumer transaction. From this language, the Court concludes that the VCPA encompasses more than direct sales to consumers.") (emphasis in original) (expressly rejecting the holding of *Baker v. Elam*, the case relied upon by the District of New Jersey). | Plaintiffs' lone case was brought by the Attorney General on behalf of Virginia citizens, who, unlike SFP Plaintiffs, were involved in consumer transactions. There, the Court did not mention, let alone "reject," this Court's holding in *MSP Recovery Claims*. *See Commonwealth ex rel. Herring v. Teva Pharms. USA, Inc.*, 107 Va. Cir. 44 (2020). And it "distinguish[es]," without rejecting, *Baker v. Elam*, where the "relevant transactions . . . were merchant-to-merchant and thus not encompassed within the scope of the VCPA." *See id.* at *4; *Baker v. Elam*, 883 F. Supp. 2d 576, 579 (E.D. Va. 2012). Virginia courts have consistently held that sales between merchants are not covered by the VCPA. *E.g.*, *Eubank v. Ford Motor Credit Co.*, 54 Va. Cir. 170 (2000) (dismissing VCPA claim because the sale at issue was a "transaction between merchants . . . rather than with a consumer"); *Bindra v. Michael Bowman & Assocs., Inc.*, 58 Va. Cir. 47 (2001) (dismissing VCPA claim where "at no point in the transactions . . . did any party purchase the [relevant product] 'primarily for personal, family, or household purposes.'"). As the Court already held, SFP Plaintiffs' claims arise out of transactions between merchants, so dismissal is appropriate. *See* ECF No. 731 at 19-20. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Virginia Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019) (dismissing "unjust enrichment claims" under "Virginia" law because an "*Illinois Brick*-repealer statute[] [has] not been passed"); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (N.D. Cal. 2015) (same); *Chesapeake Pub. Schs. v. Image Bus. Interiors, L.L.C.*, 2024 WL 5516348, at *6 (Va. Cir. Ct. 2024) (holding that "Plaintiff cannot recover funds from Defendant that Plaintiff never conferred on Defendant" and that an indirect benefit was "too attenuated"). | Disagree | The courts in *Loestrin* and *Lidoderm* only rejected the unjust enrichment claims because it determined plaintiffs were barred from bringing claims under state antitrust and consumer protection statutes and therefore could not bring unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 155, 175 (C.D. Cal. 2015). Here, Plaintiffs bring a valid claim under the consumer protection statute, so are not barred from bringing claims for unjust enrichment. *See Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024) (where plaintiffs adequately allege state consumer protection claims, parasitic unjust enrichment claims are not dismissed due to *Illinois Brick*). *See also Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. June 28, 2021) (holding that a plaintiff need not directly confer a benefit upon the defendant — instead, the plaintiff may show defendant somehow derived income from plaintiff). | Plaintiffs' attempt to salvage their Virginia unjust enrichment claim fails for multiple reasons. First, Plaintiffs' characterization of *Loestrin* and *Lidoderm* is incomplete. While the *Loestrin* court did consider whether plaintiffs could bring claims under state antitrust and consumer protection statutes, the dispositive holding as applied to Virginia in both cases was that Virginia has not passed an *Illinois Brick* repealer statute and therefore does not permit indirect-purchaser unjust enrichment claims. *In re Loestrin 24 FE Antitrust Litig*., 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Lidoderm Antitrust Litig*., 103 F. Supp. 3d 1155, 1175 (N.D. Cal. 2015). That bar is separate from whether Plaintiffs can assert a viable consumer protection claim (which they cannot). Moreover, a Virginia court has recently reaffirmed that indirect benefits are "too attenuated" to state a claim for unjust enrichment under Virginia law, independent of the legislature's failure to repeal *Illinois Brick*. *Chesapeake Pub. Schs. v. Image Bus. Interiors, LLC*, 2024 WL 5516348, at *4 (Va. Cir. Ct. Mar. 8, 2024) (dismissing claim where "Plaintiff did pay" a third party who "paid Defendant," but "Plaintiff did not pay any amount to Defendant"). Second, Plaintiffs' reliance on *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) and *Carefirst of Maryland, Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 331 (E.D. Va. 2024), is misplaced. *Borg* supports Defendants, since it dismissed the plaintiffs' unjust enrichment claims because the alleged harm "cannot be traced directly to Defendants' conduct." 545 F. Supp. 3d at 328. And *Carefirst* contradicts Virginia state court precedent to the extent it suggests that indirect purchasers can assert an unjust enrichment claim simply because they have adequately alleged a VCPA claim. In any event, unlike the plaintiffs in *Carefirst*, Plaintiffs here do not "sufficiently allege[] consumer protection claims" under Virginia law for their unjust enrichment claims to stand on. So even under *Carefirst*, Plaintiffs' unjust enrichment claims must be dismissed. *See* 745 F. Supp. at 331. |
| Washington | *City of Tacoma v. Eli Lilly and Company et al.* | 24-cv-10375 | Washington Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) ("[C]ivil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."); *Webster v. Webster*, 166 Wash. App. 1037 (2012) ("[C]ivil conspiracy is not, by itself, an actionable claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, as noted by Defendants, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Gossen*, 819 F. Supp. 2d at 1171. *See also*, *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (where plaintiff is entitled to replead common law fraud, it must also be entititled to replead civil conspiracy). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Washington is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 86. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Highmore Fin. CO. I, LLC v. Equinox Bus. L. Grp. PLLC*, 2026 WL 1287195, at *5 (Wash. Ct. App. May 11, 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *Clark County v. Eli Lilly and Company et al.* | 24-cv-06568 | Washington Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) ("[C]ivil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."); *Webster v. Webster*, 166 Wash. App. 1037 (2012) ("[C]ivil conspiracy is not, by itself, an actionable claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, as noted by Defendants, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Gossen*, 819 F. Supp. 2d at 1171. *See also*, *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (where plaintiff is entitled to replead common law fraud, it must also be entititled to replead civil conspiracy). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Washington is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 86. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Highmore Fin. CO. I, LLC v. Equinox Bus. L. Grp. PLLC*, 2026 WL 1287195, at *5 (Wash. Ct. App. May 11, 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Gospel Missionary & Union d/b/a Avant Ministries v. Caremark et al.* | 25-cv-00485 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Washington Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Gossen v. JPMorgan Chase Bank* , 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) ("[C]ivil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."); *Webster v. Webster* , 166 Wash. App. 1037 (2012) ("[C]ivil conspiracy is not, by itself, an actionable claim."). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, as noted by Defendants, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Gossen* , 819 F. Supp. 2d at 1171. *See also* , *Swartz v. KPMG, LLP* , 476 F.3d 756, 765 (9th Cir. 2007) (where plaintiff is entitled to replead common law fraud, it must also be entititled to replead civil conspiracy). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Washington is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 86. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Highmore Fin. CO. I, LLC v. Equinox Bus. L. Grp. PLLC* , 2026 WL 1287195, at *5 (Wash. Ct. App. May 11, 2026) (holding that a civil conspiracy claim failed as the underlying claims were properly dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| Washington DC | *Teamsters Local 639 – Employers Health Fund, et al. v. Eli Lilly and Company, et al.* | 25-cv-14539 | D.C. Consumer Protection Procedures Act | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | D.C. Code § 28-3091(a)(2); *Kim v. DP Capital LLC* , 2024 WL 4253168, at *5 (D.D.C. Sep. 20, 2024) ("The D.C. Court of Appeals has repeatedly concluded that the [DCCPPA] was designed to police trade practices arising only out of consumer-merchant relationships." (cleaned up)); *In re Lidoderm Antitrust Litig.* , 103 F. Supp. 3d 1155, 1155 (N.D. Cal. 2015) (dismissing "end payor" claims because "[t]ransactions along the distribution chain that do not involve the ultimate retail consumer are not 'consumer transactions' that the Act seeks to reach"). | Disagree | The DCCPPA does not bar business-to-business claims. The D.C. Code defines "consumer" to include a person who "does or would otherwise provide the economic demand for a trade practice" (§ 28-3901(a)(2)(A)) and defines "merchant" broadly to include direct or indirect suppliers (§ 28-3901(a)(3)). *See also 333 8th St., NE, LLC v. Turnkey Title, LLC* , 2023 WL 5528028, at *7 (D.D.C. Aug. 28, 2023) (recognizing corporate entities may bring DCCPA claims when they sufficiently allege that their primary purpose was to personally benefit an employee); *Grayson v. AT&T Corp.* , 15 A.3d 219, 244-46 (D.C. 2011) (§ 28-3905(k) authorizes representative claims); *Animal Legal Def. Fund v. Hormel Foods Corp.* , 258 A.3d 174, 183-91 (D.C. 2021) (same); *Williams v. Purdue Pharma Co.* , 297 F. Supp. 2d 171, 174-75 (D.D.C. 2003)(CPPA claims upheld against upstream manufacturers). | The DCCPPA applies only to consumer transactions, as Plaintiffs' own cases demonstrate. See *333 8th St., NE, L.L.C., v. Turnkey Title, L.L.C.* , 2023 WL 5528028, at *6 (D.D.C. Aug. 28, 2023) (explaining that the DCCPPA "does not reach transactions intended primarily to promote business or professional interests"); *Williams v. Purdue Pharm. Co.* , 297 F. Supp. 2d 171, 174-75 (D.D.C. 2003) (observing that the DCCPA "is not intended to supply merchants with a private cause of action against other merchants" (quoted source omitted)); see also *Shaw v. Marriott Int'l, Inc.* , 605 F.3d 1039, 1043 (D.C. Cir. 2010) (noting that "purpose is the touchstone of the CPPA's definition of 'consumer' and that the statute does not reach transactions intended primarily to promote business or professional interests."). Plaintiffs cite the statutory definition of "consumer," arguing they meet it because they "provide the economic demand for a trade practice." See D.C. Code § 28-3901(a)(2)(A). But as the case Plaintiffs cite again explains, a "consumer" "demands goods or services that are primarily for personal, household, or family use." *333 8th St.* , 2023 WL 5528028, at *6. Although *333 8th Street* held that an LLC plaintiff satisfied the "primary purpose" limitation, the transaction at issue was the sale of a property where the LLC's sole owner, an individual, personally "resided" and which he "'allowed members of his family' to use." 2023 WL 5528028, at *7. Here, however, Plaintiffs pay for insulin not for their "personal" use, but in connection with "maintain[ing] self-insured health plans for [their] Beneficiaries." Teamsters Local 639 Employers Health Fund Compl. ¶ 38. Nor do Plaintiffs sue over their beneficiaries' insulin purchases; rather, they sue over an alleged "scheme" whereby Manufacturers pay "kickbacks" and PBMs "relabel[] those payments to avoid obligations to payors," not consumers. ECF No. 256 at 38. Plaintiffs' other cases are equally inapposite, as they address a provision of the DCCPA allowing "individual[s]," "nonprofit[s]," and "public interest organization[s]" to bring "representative action[s]" on behalf of "consumers" or "the general public." D.C. Code § 28-3905(k)(1)(B)-(D). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | District of Columbia Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Grimes v. D.C., Bus. Decisions Info. Inc*., 89 A.3d 107, 115 (D.C. 2014) (affirming dismissal of civil conspiracy claims because "[c]ivil conspiracy is not an independent tort"). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See Iron Vine Security, LLC v. Cygnacom Sols., Inc.* , 274 A.3d 328, 345 (D.C. Ct. App. 2022) (upholding civil conspiracy claim based on underlying tortious interference); *Blakeney v. O'Donnell* , 117 F. Supp. 3d 6, 14 (D.D.C. 2015). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in the District of Columbia is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 8. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *See Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.* , 749 A.2d 724, 738 (D.C. 2000) (affirming dismissal of a civil conspiracy claim because the underlying tort claim had been dismissed). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| | *UFCW Health Ins. Plan for Active Employees; and UFCW Health Ins. Plan for Retirees v. Eli Lilly and Company et al.* | 25-cv-00505 | Tennessee Civil Conspiracy | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Lane v. Becker* , 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) ("Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail." (citing *Levy v. Franks* , 159 S.W.3d 66, 82 (Tenn. Ct. App.2004))); *Mitchell v. Taylor* , 2021 WL 11713923, at *5 (M.D. Tenn. Aug. 12, 2021) (rejecting civil conspiracy claim where the underlying tort claim was not sufficiently pleaded). | Disagree | The Court did not dismiss claims for civil conspiracy in previous rulings; addressing such claims at this time is improper. Moreover, as noted by Defendants, an underlying tort (such as common law fraud) will support a claim for civil conspiracy. *See* , *Pagliara v. Moses* , 605 S.W.3d 619, 628 (Tenn. 2020); *Watson's Carpet and Floor Coverings, Inc. v. McCormick* , 247 S.W.3d 169, 180 (Tenn. 2007). | The civil conspiracy claim should be dismissed because the underlying claim on which it depends should itself be dismissed as time-barred.<br><br>The parties agree that the statute of limitations for common law fraud in Tennessee is three years. *See* Joint Statute of Limitations Chart, ECF No. 761-1, at 76-79. Accordingly, because this complaint was filed more than three years after the constructive-notice date set by the Court, the fraud claim is subject to dismissal. *See* Opinion, ECF No. 706, at 30; *see also* Defendants' Opening Brief Regarding Statute of Limitations Disputes With SFP-Funded Payer Track (explaining why plaintiffs' arguments for why this claim should not be dismissed as time-barred are unavailing).<br><br>With the dismissal of the fraud claim, there will be no substantive tort claim remaining in the case, which means that the civil conspiracy claim necessarily fails as well. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.* , 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) ("[A] claim for civil conspiracy requires an underlying predicate tort allegedly committed pursuant to the conspiracy. Conspiracy, standing alone, is not actionable where the underlying tort is not actionable."). CMO 25 explicitly authorizes dismissal of such "duplicative or derivative" claims, II(b)(6), and dismissing them at this time is efficient and appropriate. |
| West Virginia | *Diocese of Wheeling-Charleston, et al. v. Caremark, LLC et al.* | 25-cv-00521 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | *Kanawha County, West Virginia v. Eli Lilly and Company et al.* | 25-cv-00349 | West Virginia Consumer Credit and Protection Act W.Va. Code §§ 46A-6-101, et seq. | Consumer-Oriented Requirement, Dkt. No. 731 at 20 | *Any Occasion, LLC v. Florists' Transworld Delivery, Inc* ., 2010 WL 3584411, at *2 (N.D. W. Va. Sept. 13, 2010) (statute applies only to sales for "a personal, family, household or agricultural purpose"). | Disagree | WVCCPA covers business to business conduct. *See CashCall, Inc. v. Morrisey* , 2014 WL 2404300, at *14 (W. Va. May 30, 2014) (mem.) (rejecting a defendant's attempt to use formal business-to-business agreements to shield its conduct from the West Virginia Consumer Credit Protection Act, and holding that courts must look past the "mere form" of business contracts to the substance of the underlying economic conduct to determine if it constitutes an unfair or deceptive practice); *In re W. Va. Rezulin Litig.* , 214 W. Va. 52, 75, 585 S.E.2d 52, 75 (2003) (holding that a consumer need not allege specific actual damages to establish ascertainable loss; rather, the requirement is satisfied if the consumer proves they purchased an item different from or inferior to that for which he bargained). | SFP Plaintiffs' authorities do not support their contention that the WVCCPA applies to transactions entered for business purposes. *CashCall, Inc. v. Morrisey* was brought by the West Virginia Attorney General under its statutory power to sue on behalf of consumers. 2014 WL 2404300, at *9-10, 14 (W. Va. May 30, 2014) (citing W. Va. Code § 46A-7-111(1) (2014) ("[T]he attorney general may bring a civil action against a creditor for making or collecting charges in excess of those permitted."). And the plaintiffs in *In re West Virginia Rezulin Litigation* were consumers who actually "used Rezulin." 585 S.E.2d 52, 58 (W. Va. 2003). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Indirect Purchaser, Dkt. No. 731 at 14 | *McMahon v. Advance Stores Co.* , 705 S.E.2d 131, 136-37 (W. Va. 2010) (subsequent purchaser with "no direct relationship to" defendant is not a "consumer" and "did not participate in a consumer transaction," as defined by the statute). | Disagree | *McMahon* interprets the narrow definition of "consumer" in the statute within the context of a direct retail transaction. Plaintiff's claim arises under the broad, remedial ascertainable loss provision of the Act. *See In re W. Va. Rezulin Litig.* , 214 W. Va. 52, 75, 585 S.E.2d 52, 75 (2003) (explaining that the ascertainable loss requirement is a "generic and relative term" that is satisfied whenever a consumer proves they parted with money for an item that is 'different from or inferior to that for which he bargained). | *McMahon* held that a subsequent purchaser with "no direct relationship to" defendant is not a "consumer" and "did not participate in a consumer transaction," as defined by the statute. *McMahon v. Advance Stores Co.* , 705 S.E.2d 131, 136-37 (W. Va. 2010). Plaintiffs identify no language in the West Virginia Supreme Court's controlling *McMahon* opinion limiting the direct purchaser requirement to claims based on "a direct retail transaction." This conclusion is reinforced by the text of § 46A-6-106, which allows a purchaser of goods or services to bring claims against the "seller" who sold the product to the purchaser. When the plaintiff is not the original purchaser--as is the case here--the manufacturer is not the "seller" subject to suit. Cf. *McMahon* , 705 S.E.2d at 136-37 (one with "no direct relationship to" defendant is not a "consumer" and "did not participate in a consumer transaction," under the statute); see also *Skilcraft Sheetmetal, Inc. v. Kentucky Mach.* , Inc., 836 S.W.2d 907, 909 (Ky. Ct. App. 1992) (finding use of the term "seller" in nearly identical venue provision of KCPA supports finding that statute does not apply to subsequent purchasers). Plaintiffs' cited authority is inapposite. Not only does it pre-date *McMahon* , it also was a products liability case: the consumer-plaintiffs allegedly suffered personal injuries after consuming "an allegedly defective prescription drug." *In re W. Va. Rezulin Litig.* , 585 S.E.2d 52, 58 (W.Va. 2003). Such cases are not subject to the "privity" requirement that otherwise applies. See W.Va. Stat. § 46A-6-108(a). |
| | *Standard Labs et al. v. Caremark, LLC et al.* | 25-cv-00523 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| Wisconsin | *Elmbrook School District v. Eli Lilly and Company et al.* | 25-cv-00376 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Wisconsin Organized Crime Control Act, Wis. Stat. § 946.80 et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021) ("Plaintiffs as indirect purchasers lack standing to bring state racketeering claims under the state racketeering statutes of Colorado, Georgia, Utah, and Wisconsin.") | Disagree | WOCCA is a remedial statute that Wisconsin courts have consistently construed to provide compensation to any person injured by racketeering, without a "direct purchaser" requirement. *See S.C. Johnson & Son, Inc. v. Morris* , 779 N.W.2d 19, 30 (Wis. Ct. App. 2009) (emphasizing that WOCCA is to be given "liberal construction" to effectuate its manifest purpose of compensating private persons injured by racketeering activity); *MBS-Certified Pub. Acct., LLC v. Wis. Bell Inc.* , 828 N.W.2d 575, 586 (Wis. Ct. App. 2013) (holding that the voluntary payment doctrine does not bar WOCCA claims and reaffirming the statute's broad remedial intent). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Wisconsin law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021). That ruling was correct, as courts have looked to precedent regarding the federal RICO law in interpreting the Wisconsin Organized Crime Control Act (WOCCA). *See, e.g.* , *State v. Judd* , 433 N.W.2d 260, 262 (Wis. Ct. App. 1988); *Kaye v. D'Amato* , 357 F. App'x 706, 716 n.1 (7th Cir. 2009). Courts have "repeatedly observed" that the "requirements for a claim under federal RICO law apply to a claim under the Wisconsin law except where the Wisconsin legislature expressly chose alternative requirements." *Grove Holding Corp. v. First Wisconsin Nat. Bank of Sheboygan* , 803 F. Supp. 1486, 1503 (E.D. Wis. 1992). And the Wisconsin legislature did nothing to grant indirect purchasers the ability to recover under the WOCCA that they lack under federal RICO. When the legislature has wanted to repeal indirect-purchaser limitations, it has done so expressly, as it did for Wisconsin's antitrust law. *See* WI Stat. 133.18. Accordingly, this Court's ruling that the indirect purchaser rule applies to federal RICO claims also requires dismissal of Plaintiffs' WOCCA claims. Plaintiffs' authorities—which speak only the statute's broad remedial intent or unrelated doctrines—do not address the indirect purchaser rule at all or indicate that Wisconsin law departs from federal law when applying that law to state RICO claims. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Wisconsin Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Loeb v. Champion Petfoods USA Inc*., 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("Two district courts applying Wisconsin law have held that the benefit in question must be conferred directly to the defendant and not, for instance, a third-party retailer."); *Blitz v. Monsanto Co*., 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018) (holding, under Wisconsin law, that "plaintiff's allegation that he purchased Roundup from Home Depot is insufficient to plead a claim of unjust enrichment against defendant, since plaintiff conferred a benefit on Home Depot, not defendant"). | Disagree | Defendants' reliance on *Loeb* and *Blitz* is misplaced because those cases involve simple consumer purchases where the manufacturer had no role in the sale. In contrast, this case involves a pricing scheme where the manufacturer acts as the architect of inflated costs. Moreover, Wisconsin's jury instructions for unjust enrichment explicitly recognize that a benefit conferred on a defendant may include "money paid to [the] defendant or someone else on [the defendant's] behalf," Wis. Civil Jury Instruction 3028 (2024). Federal courts have recently permitted similar pharmaceutical unjust enrichment claims to proceed *See In re Amitiza Antitrust Litig.*, 2024 WL 4250224, at *30 n.45 (D. Mass. Aug. 21, 2024) (rejecting the defense that unjust enrichment claims in pharmaceutical contexts are "too attenuated" or require direct privity, and permitting such claims to proceed based on allegations of systemic price inflation engineered by the manufacturer). | Plaintiffs fail to distinguish this case from *Loeb* and *Blitz.* Whether a case involves a single consumer purchase or an entire industry, Wisconsin case law imposes a direct benefit requirement on unjust enrichment claims. *See Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018). Plaintiffs did not confer the benefit directly to Defendants; thus, Plaintiffs' unjust enrichment claim fails. Further, Plaintiffs' reliance on *In re Amitiza* is misplaced. The court in *In re Amitiza* did not address Wisconsin law and dismissed unjust enrichment claims under states with a direct benefit requirement. *In re Amitiza Antitrust Litig*., 2024 U.S. Dist. LEXIS 173663 at 80, 86 (D. Mass. Aug. 21, 2024). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Clarke v. SSM Health Care Corp*., 2023 WI App 11, ¶ 23, 986 N.W.2d 567 (Table), at *5 (Wis. Ct. App. Jan. 12, 2023) (dismissing unjust enrichment claim that "simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment."). | Disagree | The Defendant's reliance on *Clarke* is misplaced because this unjust enrichment claim is pleaded in the alternative under Wis. Stat. § 802.02(5)(b), not as a duplicative restatement of a statutory violation. Election of remedies doctrine applies only to final relief, not to the pleading of alternative claims for relief. *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 954 N.W.2d 339, 355 (Wis. 2021) (holding that parties may plead alternative claims for relief and that the election of remedies doctrine does not bar asserting distinct equitable claims at the pleading stage). | A plaintiff cannot adequately plead unjust enrichment under Wisconsin law by merely repeating a statutory claim and labeling it unjust enrichment. In addition to *Clarke v. SSM Health Care Corp.*, 2023 WI App 11, ¶ 23, 986 N.W.2d 567; see *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 607, 967 N.W.2d 21, 24 (Wis. 2021), and *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of unjust enrichment on the grounds that the claim was derivative of statutory claim and the principal that the existence of a legal remedy bars an equitable remedy).<br><br>This is true regardless of whether unjust enrichment is pleaded in the alternative to its duplicative statutory claim. *Mohns Inc.* involved a question of damages awarded on an unjust enrichment claim following trial, where unjust enrichment was duplicative of a contract claim. 954 N.W.2d 339, 355 (Wis. 2021). The *availability* of a contractual remedy depends on the existence of a contract, which often involves a question of fact that cannot be resolved on the pleadings. However, when a plaintiff asserts a statutory claim covering the same conduct, the availability of that legal remedy is a legal question and is determinable on the pleadings. Thus, when a plaintiff has a statutory remedy available at the pleadings, it "has not met the prerequisite for an unjust enrichment claim—showing that [it] does not have a remedy at law." *Castle v. Kroger Co.*, 634 F. Supp. 3d 539, 567 (E.D. Wis. 2022) (holding "plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff" and rejecting plaintiff's argument that unjust enrichment was properly pleaded in the alternative). |
| | *Green Bay Area Public Schools v. Eli Lilly and Company et al.* | 25-cv-00374 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Wisconsin Organized Crime Control Act, Wis. Stat. § 946.80 et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.*, 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021) ("Plaintiffs as indirect purchasers lack standing to bring state racketeering claims under the state racketeering statutes of Colorado, Georgia, Utah, and Wisconsin.") | Disagree | WOCCA is a remedial statute that Wisconsin courts have consistently construed to provide compensation to any person injured by racketeering, without a "direct purchaser" requirement. *See S.C. Johnson & Son, Inc. v. Morris*, 779 N.W.2d 19, 30 (Wis. Ct. App. 2009) (emphasizing that WOCCA is to be given "liberal construction" to effectuate its manifest purpose of compensating private persons injured by racketeering activity); *MBS-Certified Pub. Acct., LLC v. Wis. Bell Inc.*, 828 N.W.2d 575, 586 (Wis. Ct. App. 2013) (holding that the voluntary payment doctrine does not bar WOCCA claims and reaffirming the statute's broad remedial intent). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Wisconsin law. *In re Insulin Pricing Litig.*, 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021). That ruling was correct, as courts have looked to precedent regarding the federal RICO law in interpreting the Wisconsin Organized Crime Control Act (WOCCA). *See, e.g.*, *State v. Judd*, 433 N.W.2d 260, 262 (Wis. Ct. App. 1988); *Kaye v. D'Amato*, 357 F. App'x 706, 716 n.1 (7th Cir. 2009). Courts have "repeatedly observed" that the "requirements for a claim under federal RICO law apply to a claim under the Wisconsin law except where the Wisconsin legislature expressly chose alternative requirements." *Grove Holding Corp. v. First Wisconsin Nat. Bank of Sheboygan*, 803 F. Supp. 1486, 1503 (E.D. Wis. 1992). And the Wisconsin legislature did nothing to grant indirect purchasers the ability to recover under the WOCCA that they lack under federal RICO. When the legislature has wanted to repeal indirect-purchaser limitations, it has done so expressly, as it did for Wisconsin's antitrust law. *See* WI Stat. 133.18. Accordingly, this Court's ruling that the indirect purchaser rule applies to federal RICO claims also requires dismissal of Plaintiffs' WOCCA claims. Plaintiffs' authorities—which speak only the statute's broad remedial intent or unrelated doctrines—do not address the indirect purchaser rule at all or indicate that Wisconsin law departs from federal law when applying that law to state RICO claims. |
| | | | Wisconsin Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("Two district courts applying Wisconsin law have held that the benefit in question must be conferred directly to the defendant and not, for instance, a third-party retailer."); *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018) (holding, under Wisconsin law, that "plaintiff's allegation that he purchased Roundup from Home Depot is insufficient to plead a claim of unjust enrichment against defendant, since plaintiff conferred a benefit on Home Depot, not defendant"). | Disagree | Defendants' reliance on *Loeb* and *Blitz* is misplaced because those cases involve simple consumer purchases where the manufacturer had no role in the sale. In contrast, this case involves a pricing scheme where the manufacturer acts as the architect of inflated costs. Moreover, Wisconsin's jury instructions for unjust enrichment explicitly recognize that a benefit conferred on a defendant may include "money paid to [the] defendant or someone else on [the defendant's] behalf," Wis. Civil Jury Instruction 3028 (2024). Federal courts have recently permitted similar pharmaceutical unjust enrichment claims to proceed *See In re Amitiza Antitrust Litig.*, 2024 WL 4250224, at *30 n.45 (D. Mass. Aug. 21, 2024) (rejecting the defense that unjust enrichment claims in pharmaceutical contexts are "too attenuated" or require direct privity, and permitting such claims to proceed based on allegations of systemic price inflation engineered by the manufacturer). | Plaintiffs fail to distinguish this case from *Loeb* and *Blitz.* Whether a case involves a single consumer purchase or an entire industry, Wisconsin case law imposes a direct benefit requirement on unjust enrichment claims. *See Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018). Plaintiffs did not confer the benefit directly to Defendants; thus, Plaintiffs' unjust enrichment claim fails. Further, Plaintiffs' reliance on *In re Amitiza* is misplaced. The court in *In re Amitiza* did not address Wisconsin law and dismissed unjust enrichment claims under states with a direct benefit requirement. *In re Amitiza Antitrust Litig.*, 2024 U.S. Dist. LEXIS 173663 at 80, 86 (D. Mass. Aug. 21, 2024). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Clarke v. SSM Health Care Corp.*, 2023 WI App 11, ¶ 23, 986 N.W.2d 567 (Table), at *5 (Wis. Ct. App. Jan. 12, 2023) (dismissing unjust enrichment claim that "simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment."). | Disagree | The Defendant's reliance on *Clarke* is misplaced because this unjust enrichment claim is pleaded in the alternative under Wis. Stat. § 802.02(5)(b), not as a duplicative restatement of a statutory violation. Election of remedies doctrine applies only to final relief, not to the pleading of alternative claims for relief. *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 954 N.W.2d 339, 355 (Wis. 2021) (holding that parties may plead alternative claims for relief and that the election of remedies doctrine does not bar asserting distinct equitable claims at the pleading stage). | A plaintiff cannot adequately plead unjust enrichment under Wisconsin law by merely repeating a statutory claim and labeling it unjust enrichment. In addition to *Clarke v. SSM Health Care Corp.*, 2023 WI App 11, ¶ 23, 986 N.W.2d 567; see *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 607, 967 N.W.2d 21, 24 (Wis. 2021), and *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of unjust enrichment on the grounds that the claim was derivative of statutory claim and the principal that the existence of a legal remedy bars an equitable remedy).<br><br>This is true regardless of whether unjust enrichment is pleaded in the alternative to its duplicative statutory claim. *Mohns Inc.* involved a question of damages awarded on an unjust enrichment claim following trial, where unjust enrichment was duplicative of a contract claim. 954 N.W.2d 339, 355 (Wis. 2021). The *availability* of a contractual remedy depends on the existence of a contract, which often involves a question of fact that cannot be resolved on the pleadings. However, when a plaintiff asserts a statutory claim covering the same conduct, the availability of that legal remedy is a legal question and is determinable on the pleadings. Thus, when a plaintiff has a statutory remedy available at the pleadings, it "has not met the prerequisite for an unjust enrichment claim—showing that [it] does not have a remedy at law." *Castle v. Kroger Co.*, 634 F. Supp. 3d 539, 567 (E.D. Wis. 2022) (holding "plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff" and rejecting plaintiff's argument that unjust enrichment was properly pleaded in the alternative). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Milwaukee County, Wisconsin v. Eli Lilly and Company et al.* | 25-cv-00378 | Wisconsin Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Loeb v. Champion Petfoods USA Inc*., 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("Two district courts applying Wisconsin law have held that the benefit in question must be conferred directly to the defendant and not, for instance, a third-party retailer."); *Blitz v. Monsanto Co*., 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018) (holding, under Wisconsin law, that "plaintiff's allegation that he purchased Roundup from Home Depot is insufficient to plead a claim of unjust enrichment against defendant, since plaintiff conferred a benefit on Home Depot, not defendant"). | Disagree | Defendants' reliance on *Loeb* and *Blitz* is misplaced because those cases involve simple consumer purchases where the manufacturer had no role in the sale. In contrast, this case involves a pricing scheme where the manufacturer acts as the architect of inflated costs. Moreover, Wisconsin's jury instructions for unjust enrichment explicitly recognize that a benefit conferred on a defendant may include "money paid to [the] defendant or someone else on [the defendant's] behalf," Wis. Civil Jury Instruction 3028 (2024). Federal courts have recently permitted similar pharmaceutical unjust enrichment claims to proceed *See In re Amitiza Antitrust Litig.*, 2024 WL 4250224, at *30 n.45 (D. Mass. Aug. 21, 2024) (rejecting the defense that unjust enrichment claims in pharmaceutical contexts are "too attenuated" or require direct privity, and permitting such claims to proceed based on allegations of systemic price inflation engineered by the manufacturer). | Plaintiffs fail to distinguish this case from *Loeb* and *Blitz.* Whether a case involves a single consumer purchase or an entire industry, Wisconsin case law imposes a direct benefit requirement on unjust enrichment claims. *See Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018). Plaintiffs did not confer the benefit directly to Defendants; thus, Plaintiffs' unjust enrichment claim fails. Further, Plaintiffs' reliance on *In re Amitiza* is misplaced. The court in *In re Amitiza* did not address Wisconsin law and dismissed unjust enrichment claims under states with a direct benefit requirement. *In re Amitiza Antitrust Litig*., 2024 U.S. Dist. LEXIS 173663 at 80, 86 (D. Mass. Aug. 21, 2024). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Clarke v. SSM Health Care Corp*., 2023 WI App 11, ¶ 23, 986 N.W.2d 567 (Table), at *5 (Wis. Ct. App. Jan. 12, 2023) (dismissing unjust enrichment claim that "simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment."). | Disagree | The Defendant's reliance on *Clarke* is misplaced because this unjust enrichment claim is pleaded in the alternative under Wis. Stat. § 802.02(5)(b), not as a duplicative restatement of a statutory violation. Election of remedies doctrine applies only to final relief, not to the pleading of alternative claims for relief. *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 954 N.W.2d 339, 355 (Wis. 2021) (holding that parties may plead alternative claims for relief and that the election of remedies doctrine does not bar asserting distinct equitable claims at the pleading stage). | A plaintiff cannot adequately plead unjust enrichment under Wisconsin law by merely repeating a statutory claim and labeling it unjust enrichment. In addition to *Clarke v. SSM Health Care Corp.*, 2023 WI App 11, ¶ 23, 986 N.W.2d 567; see *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 607, 967 N.W.2d 21, 24 (Wis. 2021), and *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of unjust enrichment on the grounds that the claim was derivative of statutory claim and the principal that the existence of a legal remedy bars an equitable remedy).<br><br>This is true regardless of whether unjust enrichment is pleaded in the alternative to its duplicative statutory claim. *Mohns Inc.* involved a question of damages awarded on an unjust enrichment claim following trial, where unjust enrichment was duplicative of a contract claim. 954 N.W.2d 339, 355 (Wis. 2021). The *availability* of a contractual remedy depends on the existence of a contract, which often involves a question of fact that cannot be resolved on the pleadings. However, when a plaintiff asserts a statutory claim covering the same conduct, the availability of that legal remedy is a legal question and is determinable on the pleadings. Thus, when a plaintiff has a statutory remedy available at the pleadings, it "has not met the prerequisite for an unjust enrichment claim—showing that [it] does not have a remedy at law." *Castle v. Kroger Co.*, 634 F. Supp. 3d 539, 567 (E.D. Wis. 2022) (holding "plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff" and rejecting plaintiff's argument that unjust enrichment was properly pleaded in the alternative). |
| | *School District of South Milwaukee v. Eli Lilly and Company et al.* | 25-cv-00382 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | Wisconsin Organized Crime Control Act, Wis. Stat. § 946.80 et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021) ("Plaintiffs as indirect purchasers lack standing to bring state racketeering claims under the state racketeering statutes of Colorado, Georgia, Utah, and Wisconsin.") | Disagree | WOCCA is a remedial statute that Wisconsin courts have consistently construed to provide compensation to any person injured by racketeering, without a "direct purchaser" requirement. *See S.C. Johnson & Son, Inc. v. Morris* , 779 N.W.2d 19, 30 (Wis. Ct. App. 2009) (emphasizing that WOCCA is to be given "liberal construction" to effectuate its manifest purpose of compensating private persons injured by racketeering activity); *MBS-Certified Pub. Acct., LLC v. Wis. Bell Inc.* , 828 N.W.2d 575, 586 (Wis. Ct. App. 2013) (holding that the voluntary payment doctrine does not bar WOCCA claims and reaffirming the statute's broad remedial intent). | The Court already held that indirect purchasers lack standing to bring state RICO claims under Wisconsin law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021). That ruling was correct, as courts have looked to precedent regarding the federal RICO law in interpreting the Wisconsin Organized Crime Control Act (WOCCA). *See, e.g.* , *State v. Judd* , 433 N.W.2d 260, 262 (Wis. Ct. App. 1988); *Kaye v. D'Amato* , 357 F. App'x 706, 716 n.1 (7th Cir. 2009). Courts have "repeatedly observed" that the "requirements for a claim under federal RICO law apply to a claim under the Wisconsin law except where the Wisconsin legislature expressly chose alternative requirements." *Grove Holding Corp. v. First Wisconsin Nat. Bank of Sheboygan* , 803 F. Supp. 1486, 1503 (E.D. Wis. 1992). And the Wisconsin legislature did nothing to grant indirect purchasers the ability to recover under the WOCCA that they lack under federal RICO. When the legislature has wanted to repeal indirect-purchaser limitations, it has done so expressly, as it did for Wisconsin's antitrust law. *See* WI Stat. 133.18. Accordingly, this Court's ruling that the indirect purchaser rule applies to federal RICO claims also requires dismissal of Plaintiffs' WOCCA claims. Plaintiffs' authorities—which speak only the statute's broad remedial intent or unrelated doctrines—do not address the indirect purchaser rule at all or indicate that Wisconsin law departs from federal law when applying that law to state RICO claims. |
| | | | Wisconsin Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Loeb v. Champion Petfoods USA Inc* ., 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("Two district courts applying Wisconsin law have held that the benefit in question must be conferred directly to the defendant and not, for instance, a third-party retailer."); *Blitz v. Monsanto Co* ., 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018) (holding, under Wisconsin law, that "plaintiff's allegation that he purchased Roundup from Home Depot is insufficient to plead a claim of unjust enrichment against defendant, since plaintiff conferred a benefit on Home Depot, not defendant"). | Disagree | Defendants' reliance on *Loeb* and *Blitz* is misplaced because those cases involve simple consumer purchases where the manufacturer had no role in the sale. In contrast, this case involves a pricing scheme where the manufacturer acts as the architect of inflated costs. Moreover, Wisconsin's jury instructions for unjust enrichment explicitly recognize that a benefit conferred on a defendant may include "money paid to [the] defendant or someone else on [the defendant's] behalf," Wis. Civil Jury Instruction 3028 (2024). Federal courts have recently permitted similar pharmaceutical unjust enrichment claims to proceed *See In re Amitiza Antitrust Litig.* , 2024 WL 4250224, at *30 n.45 (D. Mass. Aug. 21, 2024) (rejecting the defense that unjust enrichment claims in pharmaceutical contexts are "too attenuated" or require direct privity, and permitting such claims to proceed based on allegations of systemic price inflation engineered by the manufacturer). | Plaintiffs fail to distinguish this case from *Loeb* and *Blitz.* Whether a case involves a single consumer purchase or an entire industry, Wisconsin case law imposes a direct benefit requirement on unjust enrichment claims. *See Loeb v. Champion Petfoods USA Inc.* , 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Blitz v. Monsanto Co.* , 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018). Plaintiffs did not confer the benefit directly to Defendants; thus, Plaintiffs' unjust enrichment claim fails. Further, Plaintiffs' reliance on *In re Amitiza* is misplaced. The court in *In re Amitiza* did not address Wisconsin law and dismissed unjust enrichment claims under states with a direct benefit requirement. *In re Amitiza Antitrust Litig* ., 2024 U.S. Dist. LEXIS 173663 at 80, 86 (D. Mass. Aug. 21, 2024). |
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Clarke v. SSM Health Care Corp* ., 2023 WI App 11, ¶ 23, 986 N.W.2d 567 (Table), at *5 (Wis. Ct. App. Jan. 12, 2023) (dismissing unjust enrichment claim that "simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment."). | Disagree | The Defendant's reliance on *Clarke* is misplaced because this unjust enrichment claim is pleaded in the alternative under Wis. Stat. § 802.02(5)(b), not as a duplicative restatement of a statutory violation. Election of remedies doctrine applies only to final relief, not to the pleading of alternative claims for relief. *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n* , 954 N.W.2d 339, 355 (Wis. 2021) (holding that parties may plead alternative claims for relief and that the election of remedies doctrine does not bar asserting distinct equitable claims at the pleading stage). | A plaintiff cannot adequately plead unjust enrichment under Wisconsin law by merely repeating a statutory claim and labeling it unjust enrichment. In addition to *Clarke v. SSM Health Care Corp.* , 2023 WI App 11, ¶ 23, 986 N.W.2d 567; see *Townsend v. ChartSwap, LLC* , 2021 WI 86, 399 Wis. 2d 599, 607, 967 N.W.2d 21, 24 (Wis. 2021), and *Smith v. RecordQuest, LLC* , 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of unjust enrichment on the grounds that the claim was derivative of statutory claim and the principal that the existence of a legal remedy bars an equitable remedy).<br><br>This is true regardless of whether unjust enrichment is pleaded in the alternative to its duplicative statutory claim. *Mohns Inc.* involved a question of damages awarded on an unjust enrichment claim following trial, where unjust enrichment was duplicative of a contract claim. 954 N.W.2d 339, 355 (Wis. 2021). The *availability* of a contractual remedy depends on the existence of a contract, which often involves a question of fact that cannot be resolved on the pleadings. However, when a plaintiff asserts a statutory claim covering the same conduct, the availability of that legal remedy is a legal question and is determinable on the pleadings. Thus, when a plaintiff has a statutory remedy available at the pleadings, it "has not met the prerequisite for an unjust enrichment claim—showing that [it] does not have a remedy at law." *Castle v. Kroger Co.* , 634 F. Supp. 3d 539, 567 (E.D. Wis. 2022) (holding "plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff" and rejecting plaintiff's argument that unjust enrichment was properly pleaded in the alternative). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | *Whitnall School District v. Eli Lilly and Company et al.* | 25-cv-00379 | Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1 | Indirect Purchaser, Dkt. No. 731 at 14 | *McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 847–48 (3d Cir. 1996) ("[T]he Supreme Court articulated the so-called 'direct purchaser' rule, [which is] an antitrust standing doctrine that bar[s] downstream indirect purchasers from bringing an antitrust claim." (citing *Ill. Brick Co. v. Illinois* , 431 U.S. 720, 744 (1977)). | Disagree | The Court has not specifically addressed Sherman Act Section 1 claims brought by SFP Plaintiffs, and Plaintiffs believe that they may still maintain a damages action notwithstanding the principles set forth under *Illinois Brick* and its progeny, including under the co-conspirator exception. *Illinois Brick Co. v. Illinois* , 431 U.S. 720, 728-29 (1977). Moreover, indirect purchasers still possess a claim for injunctive relief under the Sherman Act. *See McCarthy v. Recordex Serv., Inc.* , 80 F.3d 842, 856 (3d Cir. 1996) | The Court has ruled that SFP Plaintiffs are indirect purchasers, Dkt. No. 731 at 14, and the Third Circuit has "held that under *Illinois Brick* indirect purchasers could not assert claims for damages under sections 1 and 2 of the Sherman Act," *Merican, Inc. v. Caterpillar Tractor Co.* , 713 F.2d 958, 967 (3d Cir. 1983). Nor can SFP Plaintiffs rely on the co-conspirator exception because the Court has already found that their "claims fail to fall under the co-conspirator exception." Dkt. No. 731 at 14. SFP Plaintiffs' claims for damages under the Sherman Act should therefore be dismissed. |
| | | | Wisconsin Organized Crime Control Act, Wis. Stat. § 946.80 et seq. | Indirect Purchaser, Dkt. No. 731 at 14 | *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021) ("Plaintiffs as indirect purchasers lack standing to bring state racketeering claims under the state racketeering statutes of Colorado, Georgia, Utah, and Wisconsin.") | Disagree | WOCCA is a remedial statute that Wisconsin courts have consistently construed to provide compensation to any person injured by racketeering, without a "direct purchaser" requirement. See S.C. Johnson & Son, Inc. v. Morris, 779 N.W.2d 19, 30 (Wis. Ct. App. 2009) (emphasizing that WOCCA is to be given "liberal construction" to effectuate its manifest purpose of compensating private persons injured by racketeering activity); MBS-Certified Pub. Acct., LLC v. Wis. Bell Inc., 828 N.W.2d 575, 586 (Wis. Ct. App. 2013) (holding that the voluntary payment doctrine does not bar WOCCA claims and reaffirming the statute's broad remedial intent) | The Court already held that indirect purchasers lack standing to bring state RICO claims under Wisconsin law. *In re Insulin Pricing Litig.* , 2021 WL 5980629, at *9 (D.N.J. Dec. 17, 2021). That ruling was correct, as courts have looked to precedent regarding the federal RICO law in interpreting the Wisconsin Organized Crime Control Act (WOCCA). *See, e.g.* , *State v. Judd* , 433 N.W.2d 260, 262 (Wis. Ct. App. 1988); *Kaye v. D'Amato* , 357 F. App'x 706, 716 n.1 (7th Cir. 2009). Courts have "repeatedly observed" that the "requirements for a claim under federal RICO law apply to a claim under the Wisconsin law except where the Wisconsin legislature expressly chose alternative requirements." *Grove Holding Corp. v. First Wisconsin Nat. Bank of Sheboygan* , 803 F. Supp. 1486, 1503 (E.D. Wis. 1992). And the Wisconsin legislature did nothing to grant indirect purchasers the ability to recover under the WOCCA that they lack under federal RICO. When the legislature has wanted to repeal indirect-purchaser limitations, it has done so expressly, as it did for Wisconsin's antitrust law. *See* WI Stat. 133.18. Accordingly, this Court's ruling that the indirect purchaser rule applies to federal RICO claims also requires dismissal of Plaintiffs' WOCCA claims. Plaintiffs' authorities—which speak only the statute's broad remedial intent or unrelated doctrines—do not address the indirect purchaser rule at all or indicate that Wisconsin law departs from federal law when applying that law to state RICO claims. |
| | | | Wisconsin Unjust Enrichment | Indirect Purchaser/No Direct Benefit, Dkt. No. 731 at 14 | *Loeb v. Champion Petfoods USA Inc* ., 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("Two district courts applying Wisconsin law have held that the benefit in question must be conferred directly to the defendant and not, for instance, a third-party retailer."); *Blitz v. Monsanto Co* ., 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018) (holding, under Wisconsin law, that "plaintiff's allegation that he purchased Roundup from Home Depot is insufficient to plead a claim of unjust enrichment against defendant, since plaintiff conferred a benefit on Home Depot, not defendant"). | Disagree | Defendants' reliance on *Loeb* and *Blitz* is misplaced because those cases involve simple consumer purchases where the manufacturer had no role in the sale. In contrast, this case involves a pricing scheme where the manufacturer acts as the architect of inflated costs. Moreover, Wisconsin's jury instructions for unjust enrichment explicitly recognize that a benefit conferred on a defendant may include "money paid to [the] defendant or someone else on [the defendant's] behalf," Wis. Civil Jury Instruction 3028 (2024). Federal courts have recently permitted similar pharmaceutical unjust enrichment claims to proceed *See In re Amitiza Antitrust Litig.* , 2024 WL 4250224, at *30 n.45 (D. Mass. Aug. 21, 2024) (rejecting the defense that unjust enrichment claims in pharmaceutical contexts are "too attenuated" or require direct privity, and permitting such claims to proceed based on allegations of systemic price inflation engineered by the manufacturer). | Plaintiffs fail to distinguish this case from *Loeb* and *Blitz.* Whether a case involves a single consumer purchase or an entire industry, Wisconsin case law imposes a direct benefit requirement on unjust enrichment claims. *See Loeb v. Champion Petfoods USA Inc.* , 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Blitz v. Monsanto Co.* , 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018). Plaintiffs did not confer the benefit directly to Defendants; thus, Plaintiffs' unjust enrichment claim fails. Further, Plaintiffs' reliance on *In re Amitiza* is misplaced. The court in *In re Amitiza* did not address Wisconsin law and dismissed unjust enrichment claims under states with a direct benefit requirement. *In re Amitiza Antitrust Litig* ., 2024 U.S. Dist. LEXIS 173663 at 80, 86 (D. Mass. Aug. 21, 2024). |

| State | Case Name | Case Number | Claim | Grounds | Authority | SFP Position | SFP Authority | Defendants' Reply |
|---|---|---|---|---|---|---|---|---|
| | | | | Duplicative or Derivative Claim, Dkt. No. 729 at 29; Dkt. No. 829 at 9 | *Clarke v. SSM Health Care Corp*., 2023 WI App 11, ¶ 23, 986 N.W.2d 567 (Table), at *5 (Wis. Ct. App. Jan. 12, 2023) (dismissing unjust enrichment claim that "simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment."). | Disagree | The Defendant's reliance on *Clarke* is misplaced because this unjust enrichment claim is pleaded in the alternative under Wis. Stat. § 802.02(5)(b), not as a duplicative restatement of a statutory violation. Election of remedies doctrine applies only to final relief, not to the pleading of alternative claims for relief. *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 954 N.W.2d 339, 355 (Wis. 2021) (holding that parties may plead alternative claims for relief and that the election of remedies doctrine does not bar asserting distinct equitable claims at the pleading stage). | A plaintiff cannot adequately plead unjust enrichment under Wisconsin law by merely repeating a statutory claim and labeling it unjust enrichment. In addition to *Clarke v. SSM Health Care Corp.*, 2023 WI App 11, ¶ 23, 986 N.W.2d 567; see *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 607, 967 N.W.2d 21, 24 (Wis. 2021), and *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (affirming dismissal of unjust enrichment on the grounds that the claim was derivative of statutory claim and the principal that the existence of a legal remedy bars an equitable remedy).<br><br>This is true regardless of whether unjust enrichment is pleaded in the alternative to its duplicative statutory claim. *Mohns Inc.* involved a question of damages awarded on an unjust enrichment claim following trial, where unjust enrichment was duplicative of a contract claim. 954 N.W.2d 339, 355 (Wis. 2021). The *availability* of a contractual remedy depends on the existence of a contract, which often involves a question of fact that cannot be resolved on the pleadings. However, when a plaintiff asserts a statutory claim covering the same conduct, the availability of that legal remedy is a legal question and is determinable on the pleadings. Thus, when a plaintiff has a statutory remedy available at the pleadings, it "has not met the prerequisite for an unjust enrichment claim—showing that [it] does not have a remedy at law." *Castle v. Kroger Co.*, 634 F. Supp. 3d 539, 567 (E.D. Wis. 2022) (holding "plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff" and rejecting plaintiff's argument that unjust enrichment was properly pleaded in the alternative). |