**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: INSULIN PRICING LITIGATION | Case No. 2:23-md-03080 (BRM) (LDW)<br>MDL No. 3080<br><br>Judge Brian R. Martinotti<br>Judge Leda D. Wettre<br><br>**ORDER OF THE SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONNEL RECORDS** |

WHEREAS, Plaintiffs moved to compel the production of certain personnel-file materials for deponents designated in this litigation, specifically: (1) curriculum vitae ("CV") or resumes; (2) performance evaluations; (3) compensation and bonus information; and (4) severance agreements (Dkt. No. 996 ("Mot.") at 1);

WHEREAS, Defendants opposed the requested relief, principally arguing that the requested materials are "entirely irrelevant", are not narrowly tailored, and implicate significant confidentiality and privacy concerns (Dkt. No. 1014 ("Opp."));

WHEREAS, Plaintiffs filed a reply letter in further support of their request, arguing that the requested personnel-file materials are relevant to the claims and defenses at issue, may contain evidence concerning Defendants' incentives, knowledge, and the witnesses' job responsibilities, and can be produced subject to the protections afforded by the Confidentiality Order (Dkt. No. 1015 ("Reply"));

WHEREAS, Plaintiffs' request for the production of each deponent's most recent CV or resume is moot, as Defendants "have agreed to produce CVs to the extent available" (Opp. at 1 n.1).;

WHEREAS, with respect to performance evaluations, the Special Master finds that Plaintiffs have demonstrated the requisite relevance and proportionality to warrant production;

WHEREAS, courts have recognized that performance evaluations may contain information regarding an employee's responsibilities, duties, projects, performance objectives, and areas of involvement that may not otherwise be readily apparent from deposition testimony alone (*see, e.g.*, *In re Benicar (Olmesartan) Products Liability Litigation*, No. 15-2606, Dkt. No. 435, Order Re: Performance Evaluations at 3-5 (D.N.J. Mar. 24, 2016));

WHEREAS, the Special Master finds that performance evaluations of designated deponents may provide relevant information regarding those witnesses' responsibilities, objectives, performance metrics, and activities relating to the conduct at issue in this litigation and may assist the parties in conducting more focused and efficient depositions;

WHEREAS, as to compensation and bonus information, the Special Master likewise finds that Plaintiffs have demonstrated sufficient relevance to warrant production;

WHEREAS, compensation and bonus information may provide insight into employee incentives, motivations, performance criteria, or objectives related to the conduct at issue in this action, including any performance-based goals related to pricing, rebates, formulary access, market-share objectives, or related business activities (*see In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385, Dkt. No. 166, CMO 30 at 5-6 (S.D. Ill. Apr. 26, 2013) (finding compensation and bonus information relevant to provide a complete picture regarding employee incentives, motivation, and bias));

WHEREAS, the Special Master therefore finds that compensation and bonus information is relevant and proportional to the needs of the case and should be produced;

WHEREAS, the Special Master further finds that Defendants' confidentiality objections do not warrant withholding otherwise discoverable performance evaluation or compensation-related information, particularly where a Confidentiality Order is already in place and courts routinely recognize that such protections adequately address privacy concerns associated with personnel records (*see Wood v. Borough of Woodlynne*, 2023 WL 3775308, at *7 (D.N.J. June 2, 2023); *Reid v. Cumberland County*, 34 F. Supp. 3d 396, 405 (D.N.J. 2013));

WHEREAS, as to severance agreements, the Special Master is not persuaded on the present record that Plaintiffs have demonstrated sufficient relevance to warrant compelled production before the depositions occur;

WHEREAS, unlike performance evaluations and compensation records, the potential relevance of severance agreements is presently speculative, and the Special Master finds that Plaintiffs may renew their request following the completion of the relevant deposition(s) if information obtained during those depositions demonstrates a particularized need for such materials;

IT IS on this 25th day of August, 2026, **ORDERED** that:

1. Plaintiffs' motion to compel the production of CVs and resumes for deponents designated in this litigation is **DENIED AS MOOT**.

2. Plaintiffs' motion to compel the production of performance evaluations for deponents designated in this litigation is **GRANTED**.

3. Plaintiffs' motion to compel the production of compensation and bonus information for deponents designated in this litigation is **GRANTED**.

4. Plaintiffs' motion to compel the production of severance agreements for deponents designated in this litigation is **DENIED WITHOUT PREJUDICE**.

5. All documents produced pursuant to this Order may be designated pursuant to the Confidentiality Order entered in this action.

Dated: August 25, 2026

s/ Joseph A. Dickson
HON. JOSEPH A. DICKSON (Ret.)
Special Master