UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL ACTIONS** | **Case 2:23-md-03080**<br>**MDL No. 3080**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE LEDA D. WETTRE** |

**AMENDED CASE MANAGEMENT ORDER #24**

**(ORDER REVISING AMENDED CMO #24)**

Further to Amended Case Management Order #24 ("CMO #24") (Dkt. No. 928) and following consideration of the parties' July 14, 2026 Joint Status Report regarding outstanding disputes in MDL No. 3080, *In re: Insulin Pricing Litigation*,

IT IS on this **27th** day of **August, 2026 ORDERED** as follows:

**I. Definitions.**

a. **"Manufacturer Defendants"** shall mean Novo Nordisk Inc., Eli Lilly and Company, and Sanofi-Aventis U.S. LLC.

b. **"PBM Defendant Family"** shall mean a group of Defendant entities, including one or more PBM Defendant, that is represented by the same counsel in MDL No. 3080:

i. The *Express Scripts Defendant Family* consists of The Cigna Group; Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts

Pharmacy, Inc.; Medco Health Solutions, Inc.; and Ascent Health Services LLC.

ii. The *OptumRx Defendant Family* consists of OptumRx, Inc., UnitedHealth Group Incorporated, United HealthCare Services, Inc., United Healthcare Insurance Co. OptumRx Holdings, LLC, OptumRx Holdings I, LLC, Optum, Inc., OptumInsight, Inc., Emisar Pharma Services LLC, and UMR, Inc.

iii. The *Caremark Defendant Family* consists of CaremarkPCS Health, L.L.C., Caremark L.L.C., Caremark Rx L.L.C., CVS Health Corporation, CVS Pharmacy, Inc., Zinc Health Services, LLC, Zinc Health Ventures, LLC and Aetna, Inc., Aetna Life Insurance Company, Caremark PhC L.L.C. d/b/a CVS Caremark, and Caremark Puerto Rico, L.L.C.

II. **Disputes Regarding Master Discovery Document Productions.** Any party seeking judicial relief regarding unresolved Master Discovery document production disputes shall serve its letter motion on or before September 18, 2026. Responsive letters shall be served on or before October 2, 2026. Reply letters shall be served on or before October 9, 2026. The entire motion package shall be filed no later than October 18, 2026. The parties may raise additional disputes thereafter upon a showing of good cause.

III. **Master Discovery Depositions.**

a. The deadline to complete Master Discovery depositions is extended to January 29, 2027.

b. Plaintiffs, collectively across all Plaintiff Tracks, shall be entitled to take up to twenty-five (25) additional hours of fact witness depositions of the PBM Defendant Family and up to ten (10) additional hours of fact witness depositions of the Manufacturer Defendants regarding Master Discovery issues. Such additional deposition hours may be allocated among witnesses in any manner Plaintiffs determine.

c. All other limitations set forth in Amended CMO #24 and the Deposition Protocol, including the seven-hour limit for any individual deposition absent agreement of the parties or further order of the Court, shall remain in effect.

d. **Scheduling.**

   i. Within ten (10) business days of receiving an initial request for deposition dates, counsel for the witness shall respond as follows: (i) if the witness is a current employee of a Party, the response shall confirm the witness's availability for the noticing Party's proposed time and location or propose alternative times or locations; and (ii) if the witness is a former employee of a Party, the response shall also confirm the witness's status as a former employee and indicate whether the noticing Party must serve a subpoena on the witness. In that circumstance, the parties shall confer in good faith to determine the time and location for the deposition.

e. **Sequencing of Questioning for Witnesses.**

   i. All other Parties on the non-noticing side (*i.e.*, parties on the same side who did not notice the deposition) shall be limited to a collective total

of no more than one-and-a-half (1.5) hours of examination time for depositions noticed under Rule 30(b)(1). The examination time spent by counsel for the Party presenting the witness (and counsel for the witness, if different) shall not count toward this limitation. The examination time spent by the non-noticing side shall not count against any time limitations applicable to the noticing side or the duration of the deposition.

ii. Following examination by the non-noticing side, the noticing side may conduct re-examination. Such re-examination shall not exceed one (1) hour absent agreement of all parties or further Order of the Court. Nothing herein shall constitute a waiver of any party's right to seek additional examination time upon application to the Court for good cause shown.

f. **Exhibit Review.**

i. If a deponent takes more than five (5) minutes to review an exhibit, the deposition shall go off the record until the witness has completed his or her review of the exhibit.

**Dated: August 27, 2026**

s/ Joseph A. Dickson
HON. JOSEPH A. DICKSON (Ret.)
Special Master