**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*STATE ATTORNEY GENERAL TRACK* | Case No. 2:23-md-03080<br>MDL No. 3080<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE LEDA D. WETTRE**<br><br>**ORAL ARGUMENT REQUESTED** |

**STATE ATTORNEY GENERAL TRACK'S *AMICUS* MEMORANDUM IN RESPONSE TO DEFENDANTS' OPENING BRIEF REGARDING STATUTE OF LIMITATIONS DISPUTES WITH SELF-FUNDED PAYER TRACK**

# TABLE OF CONTENTS

**INTRODUCTION** .......... **1**

**ARGUMENT** .......... **2**

I. Defendants Misconstrue the *Nullum Tempus* Doctrine .......... 2

II. Defendants Inappropriately Limit Tolling Doctrines to Narrowly Cabined Contexts .......... 5

III. Defendants Miscite and Mischaracterize the California Superior Court Proceedings .......... 7

**CONCLUSION** .......... **9**

# TABLE OF AUTHORITIES

## Cases

*Aryeh v. Canon Business Solutions, Inc.*,
55 Cal. 4th 1185 (2013) .................... 8

Attorney General. *Pearson v. Philip Morris, Inc.*,
358 Or. 88 (2015) .................... 3

*Bd. of Educ. of City of Chicago v. A, C & S, Inc.*,
546 N.E.2d 580 (Ill. 1989) .................... 4

*Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands,*
461 U.S. 273 (1983) .................... 3

*City of Worcester v. Gencarelli*,
607 N.E.2d 748 (Mass. App. 1993) .................... 6

*Colonial Color Corp. v. Massachusetts Highway Dep't*,
1999 WL 791956 (Mass. Super. July 12, 1999) .................... 6

*Cty. of San Bernardino v. Cohen*,
242 Cal. App. 4th 803 (2015) .................... 7

*Doe v. Blandford,*
525 N.E.2d 403 (Mass. 1988) .................... 6

*Dole v. Local 427,*
894 F.2d 607 (3d Cir.1990) .................... 3

*Envtl. Health Advocates, Inc. v. Pancho Villa's, Inc.*,
118 Cal. App. 5th 778 (2026) .................... 7

*Exxon Mobile Corp. v. Rincones,*
520 S.W.3d 572 (Tex. 2017) .................... 5

*Guar. Tr. Co. of N. Y. v. United States*,
304 U.S. 126 (1938) .................... 3

*Home Depot USA, Inc. v. Lafarge N. Am., Inc.,*
59 F.4th 55 (3rd Cir. 2023) .................... 1

*John Beaudette, Inc. v. Sentry Ins.,*
94 F.Supp.2d 77 (D. Mass. 1999) .................... 6

*Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.,*
941 P.2d 1321 (Kan. 1997) .................... 4

*Kelly v. Waters Corp.*,
2017 WL 5985431 (Mass. Super. Sept. 27, 2017) .......... 6

*M.L. v. S.N.*,
2014 WL 1042875 (Mass. App. Ct. March 19, 2014) .......... 6

*Mack v. Great Atlantic & Pacific Tea Co.*,
871 F.2d 179 (1st Cir. 1989) .......... 6

*Magliacane v. Gardner,*
138 N.E.3d 347 (Mass. 2020) .......... 6

*Mayor & Council of Wilmington v. Dukes*,
157 A.2d 789 (Del. 1960) .......... 3

*Mississippi ex rel. Fitch v. Eli Lilly and Company,*
2022 WL 18401603 (S.D. Miss. Aug. 29, 2022) .......... 4

*Monteferrante v. Williams-Sonoma*,
241 F. Supp.3d 264 (D. Mass. 2017) .......... 6

*Moore v. Valle Auto Mall, Inc*.,
2017 WL 6002817 (Mass. App. Ct. Dec. 5, 2017) .......... 6

*People of the State of California v. Eli Lilly & Co*.,
No. 23STCV00719 (Super. Ct. L.A. Cnty. June 18, 2024) .......... 7, 8, 9

*Rockwell Int'l Corp. v. Wilhite*,
143 S.W.3d 604 (Ky. Ct. App. 2003) .......... 5

*Scavone v. Massachusetts Tpk. Auth.*,
1994 WL 902896 (Mass. Super. Nov. 23, 1994) .......... 7

*State Bd. of Trs. of Del. State Hosp. at Farnhurst v. Boyer*,
159 A.2d 793 (Del. Super. Ct. 1960) .......... 3

*State ex rel. Brady v. Pettinaro Enters*.,
870 A.2d 513 (Del. Ch. 2005) .......... 3

*State ex rel. Condon v. City of Columbia,*
528 S.E.2d 408 (S.C. 2000) .......... 2

*State v. Exxon Mobil Corp.,*
2025 WL 3459468 (Conn. Super. Ct. Nov. 26, 2025) .......... 4

*State v. LG Elecs., Inc.*,
375 P.3d 636 (Wash. 2016) .......... 4

*Stephenson v. CSX Transp., Inc.*,
2003 WL 22113458 (Ky. Ct. App. Sept. 12, 2003) ........ 5

*Thomas v. State*,
226 S.W.3d 697 (Tex. App. 2007) ........ 4

*Water Audit Cal. v. Merced Irrigation Dist.*,
111 Cal. App. 5th 1147 (2025) ........ 8

*Wax v. McGrath*,
151 N.E. 317 (Mass. 1926) ........ 7

*Williams v. Infra Commerc Anstalt,*
131 F. Supp. 2d 451 (S.D.N.Y. 2001) ........ 2

**Statutes**

Cal. Code Civ. Proc. § 430.10 ........ 8

OR. REV. STAT. § 12.250 ........ 3

OR. REV. STAT. § 174.010 ........ 3

**Rules**

Cal. R. Ct. 3.1308 ........ 8

Cal. R. Ct. 3.1320 ........ 8

Cal. R. Ct. 8.1115 ........ 7

**Constitutional Provisions**

Miss. Const. Art. 4, § 104 (1890) ........ 4

Plaintiffs of the State Attorney General Track submit this *Amicus* Memorandum in Response to the Defendants' Opening Brief regarding Statute of Limitations Disputes with the Self-Funded Payer Track, as follows:

**INTRODUCTION**

On June 22, 2026 the Defendants submitted to the Plaintiffs, including the State Attorney General ("SAG") Track, their Opening Brief Regarding Statute of Limitations Disputes with the Self-Funded Payer ("SFP") Track (hereinafter "Defendants' SFP Brief"). Even though the SAGs and the Defendants are presently engaged in finalizing a schedule for briefing the timeliness of certain SAG claims, the Defendants' SFP Brief references *nullum tempus*, certain tolling doctrines, and lower court proceedings which, depending on this Court's ruling in the SFP/Defendants statute of limitations dispute, may adversely impact the SAGs' claims. Accordingly, the SAGs offer this narrowly tailored Memorandum to address certain of the more glaring errors in Defendants' SFP Brief.[1]

In its prior Memorandum and Order (ECF No. 933) the Court recognized that "[a]n MDL court 'may rely on its prior decisions as persuasive, and demand good reasons to change its mind.'" ECF No. 933 at 4 (quoting *Home Depot USA, Inc. v. Lafarge N. Am., Inc.,* 59 F.4th 55, 65-66 (3rd Cir. 2023)). "Indeed, MDL courts regularly employ the practice of entering an order as to one party and providing it will automatically apply to other parties of those other parties fail to show cause why the order should not apply." *Id.* (citing *Home Depot,* 59 F.4th at 66). Therefore, the SAGs respectfully request the Court consider the issues addressed herein in connection with its ruling on the SFP/Defendants statute of limitations dispute.

[1] The Court has acknowledged that its "Order regarding the SOL Disputes does not pertain to any cases in the State AG Track." ECF No. 932, at 8 n.5. The SAG Track reserves all rights to respond to statutes-of-limitations disputes as to their claims when they arise in this litigation.

Further, for purposes of judicial economy and to avoid any inconsistencies in application of the Court's rulings, the SAGs also request that the Court defer its ruling on the Defendants' SFP Brief until completion of upcoming briefing on the timeliness of certain SAG claims. For the same reasons, the SAGs respectfully request to be heard in any oral argument on statute of limitations issues which may be scheduled by the Court.

## ARGUMENT

### I. Defendants Misconstrue the *Nullum Tempus* Doctrine

The Defendants admit that the *nullum tempus* doctrine applies to governmental actions to vindicate public rights, but they erroneously contend that the doctrine does not apply when governmental entities seek to recover overpayments or other monetary relief. Under well-settled law, *nullum tempus* extends to a governmental entity's right to protect and recover its property and "revenues."

As an initial matter, the cases on which the Defendants rely do not support their argument. *Williams v. Infra Commerc Anstalt,* 131 F. Supp. 2d 451 (S.D.N.Y. 2001) and *State ex rel. Condon v. City of Columbia,* 528 S.E.2d 408 (S.C. 2000) are both inapposite. In *Williams*, Delaware's Insurance Commissioner was statutorily required to act as a receiver for a failed private insurance company. *Williams,* 131 F.Supp.2d at 452-53. The *Williams* court rejected *nullum tempus* because the Insurance Commissioner sued "for the benefit of the company's policy holders, stockholders, and creditors," not for the benefit of the general public. *Id.* at 458.

In *City of Columbia, nullum tempus* was not in issue—South Carolina abolished the *nullum tempus* doctrine in 1870. *City of Columbia,* 528 S.E.2d at 411.

To the extent that a state (or state-funded health plan) enjoys the benefit of *nullum tempus,* the state's right to recover payments originating from, or owed to, its public treasury is not subject to a limitations period. *See, Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273,

290 (1983) ("The judicially-created rule that a sovereign is exempt from the operation of a statute of limitations [retains] its vigor because it [preserves] the public rights, ***revenues***, and property from injury and loss, [despite] the negligence of public officers.") (cleaned up); *Guar. Tr. Co. of N. Y. v. United States*, 304 U.S. 126, 132 (1938) (recognizing that the *nullum tempus* doctrine preserves public "***revenues***") (cleaned up); *Dole v. Local 427,* 894 F.2d 607, 610 n. 6 (3d Cir.1990) (*nullum tempus* derives from public policy of "preserving the public rights, ***revenues*** and property"); *State Bd. of Trs. of Del. State Hosp. at Farnhurst v. Boyer*, 159 A.2d 793, 796 (Del. Super. Ct. 1960) (holding that *nullum tempus* protected the State's ability to "recoup[] the public funds" it expended).[2] Hence, in *nullum tempus* jurisdictions, no statute of limitations runs on the state's right to seek recovery of misspent public money or amounts owed to its taxpayers who fund state programs.[3]

The Defendants are well aware of this point since they briefed and lost on this issue in Mississippi's insulin pricing scheme action. Before formation of this MDL, U.S. District Judge Kristi H. Johnson ruled that:

> The State correctly notes that the statute of limitations does not run against the State in Mississippi. *See* Miss. Code Ann. § 15-1-51 ("Statutes of limitation in civil cases shall not run against the [State] …"). PBM Defendants do not provide any case law to support their contention that the State's *parens patriae* claims are subject to statutes of limitations … The State asserts that no Mississippi civil case has ever applied or imposed a statute of limitations on the State in a *parens patriae* action.

[2] Delaware law also makes clear that *nullum tempus* applies where the State brings claims "in its sovereign capacity . . . unless the Delaware General Assembly has specifically subjected the State to a limitation period." *Mayor & Council of Wilmington v. Dukes*, 157 A.2d 789, 794 (Del. 1960); *accord State ex rel. Brady v. Pettinaro Enters*., 870 A.2d 513, 526 (Del. Ch. 2005).

[3] In Oregon, for instance, there is no limitation period for an unlawful trade practices action by the Attorney General. *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 116 (2015); see also OR. REV. STAT. § 12.250 ("Unless otherwise made applicable thereto, the limitations prescribed in this chapter shall not apply to actions brought in the name of the state, or any county, or other public corporation therein, or for its benefit.") By its terms, the statute applies whether or not the State seeks to recover funds, and any such distinction should not be inserted into statutory text. *See* OR. REV. STAT. § 174.010.

> The Court is also unaware of any authority and therefore denies the motion to dismiss on this issue.[4]

*Mississippi ex rel. Fitch v. Eli Lilly and Company,* 2022 WL 18401603, at *2 (S.D. Miss. Aug. 29, 2022). Mississippi's claims which Judge Johnson refused to dismiss include claims for monetary relief in the form of restitution, damages, disgorgement, penalties, and punitive damages.

In addition, numerous cases from various states, including Illinois and Texas, empirically prove this point. *See, e.g., State v. Exxon Mobil Corp.,* 2025 WL 3459468, at *27-29 (Conn. Super. Ct. Nov. 26, 2025) (holding that Connecticut's consumer protection suit for restitution and disgorgement is brought "on behalf of the public" and exempt from limitations by "the doctrine of *nullum tempus occurrit regi*"); *State v. LG Elecs., Inc*., 375 P.3d 636, 641-41, 644 (Wash. 2016) (holding that *nullum tempus* immunizes from limitations Washington's consumer protection suit for restitution); *Thomas v. State*, 226 S.W.3d 697, 710 (Tex. App. 2007) (Texas's consumer protection action seeking restitution was timely because "the State in its sovereign capacity is not subject to the defenses of limitations, laches, or estoppel") (cleaned up); *Bd. of Educ. of City of Chicago v. A, C & S, Inc*., 546 N.E.2d 580, 600 (Ill. 1989) (Illinois School Districts "assert[ed] a public right" in seeking recovery of asbestos abatement costs and were "immune from various limitations periods"); and *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.,* 941 P.2d 1321, 1343 (Kan. 1997) (holding that the Kansas Public Employees Retirement System timely filed suit to recover investment losses because its investment function is governmental in nature and, under "nullum tempus," no statute of limitations applied until the Legislature codified a limitations period).

[4] Judge Johnson could have also based her ruling on Miss. Const. Art. 4, § 104 (1890) which directs that statutes of limitations in civil cases shall not run against the state or any subdivision thereof.

The SAGs respectfully submit that the Defendants' *nullum tempus* argument should not be well-taken.

## II. **Defendants Inappropriately Limit Tolling Doctrines to Narrowly Cabined Contexts**

Focusing on Texas, Kentucky, and Massachusetts, the Defendants incorrectly assert that the continuing violations and separate accrual doctrines are only applied to "narrowly cabined" subject matters, such as cases involving discrimination, false imprisonment, infliction of emotional distress, or defective medicine.

Texas: Defendants rely upon, but overstate, certain dicta in *Exxon Mobile Corp. v. Rincones,* 520 S.W.3d 572, 592 (Tex. 2017). The Texas Supreme Court simply made the observation in *Rincones* that Texas's lower courts have applied the continuing-tort doctrine in cases involving false imprisonment, negligent infliction of emotional distress, and the continued use of injury-producing medicine. But, the Texas Supreme Court also stated "[w]e recognize that the continuing-tort doctrine might provide needed protections to plaintiffs in certain situations. But it does not apply [to the facts] here." *Id.* Neither the *Rincones* decision nor any other Texas case purports to set forth an exhaustive list of the claims or subject matters to which the continuing-tort doctrine may be applied.

Kentucky: Kentucky's courts have applied the continuing-tort doctrine in a personal injury action under the Federal Employer's Liability Act ("FELA") and in a PCB contamination action. *Stephenson v. CSX Transp., Inc.,* 2003 WL 22113458, at *7 (Ky. Ct. App. Sept. 12, 2003) (FELA action), and *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 617 (Ky. Ct. App. 2003) (PCB contamination). The SAGs are unaware of any Kentucky decision which purports to limit the continuing-tort doctrine to a particular set of claims or actions.

Massachusetts: The Commonwealth applies the continuing-violations doctrine in discrimination cases, but its courts have likewise applied that doctrine, along with the continuing-tort and other tolling doctrines, in numerous other contexts.[5] *See, Monteferrante v. Williams-Sonoma*, 241 F. Supp.3d 264, 271-272 (D. Mass. 2017) (in c. 93A context, "if a defendant engages in continuous or repeated pattern of unlawful acts, each such act 'rewinds the clock,' for limitations purposes, as to the others") (quoting *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 183 (1st Cir. 1989)); *City of Worcester v. Gencarelli*, 607 N.E.2d 748, 749 (Mass. App. 1993) (applying "continuing violation" doctrine to claim for illegal filling of wetlands where the presence of fill "was continuing to cause significant environmental damage"); *Kelly v. Waters Corp.,* 2017 WL 5985431, at *6 (Mass. Super. Sept. 27, 2017) (software infringement); *Moore v. Valle Auto Mall, Inc*., 2017 WL 6002817, at *2, n. 7 (Mass. App. Ct. Dec. 5, 2017) (recovery of embezzled funds); *M.L. v. S.N.,* 2014 WL 1042875, at *1 (Mass. App. Ct. March 19, 2014) (infliction of emotional distress); *John Beaudette, Inc. v. Sentry Ins.,* 94 F.Supp.2d 77, 107 (D. Mass. 1999) (nuisance and trespass); *Colonial Color Corp. v. Massachusetts Highway Dep't*, 1999 WL 791956, at *3 (Mass. Super. July 12, 1999) (nuisance and negligence); *Doe v. Blandford,* 525 N.E.2d 403, 405 (Mass. 1988) (negligent hiring and supervision); *Scavone v. Massachusetts Tpk. Auth.,* 1994 WL 902896,

[5] The elements necessary to invoke tolling doctrines available in each state can be quite unique and vary among the states. For example, in Massachusetts, fraudulent concealment tolls the limitations period until the plaintiff has "actual knowledge" of the claim. *Magliacane v. Gardner,* 138 N.E.3d 347, 352 (Mass. 2020).

at *2 (Mass. Super. Nov. 23, 1994) (environmental contamination); and *Wax v. McGrath*, 151 N.E. 317, 318 (Mass. 1926) (malicious prosecution).

## III. Defendants Miscite and Mischaracterize the California Superior Court Proceedings

Defendants incorrectly assert that the California superior court "has already held in California's insulin pricing case" that plaintiffs are "foreclosed" from relying on California's continuing violation doctrine.[6] Defendants cite to the same ruling when arguing that plaintiffs cannot satisfy California's continuous accrual doctrine.[7] In doing so, Defendants improperly cite to, and mischaracterize, the superior court's ruling and proceedings.

First, California superior court rulings are not binding or persuasive authority, or even citable. *See, Envtl. Health Advocates, Inc. v. Pancho Villa's, Inc.*, 118 Cal. App. 5th 778, 790 n.4 (2026) (superior court rulings are not written with an eye towards "provid[ing] guidance to other courts and litigants"). In California, superior court decisions are not published, and only *published appellate* decisions are citable. Cal. R. Ct. 8.1115. Accordingly, California courts do not permit citation of superior court rulings except in limited circumstances, none of which are applicable here. *See Cty. of San Bernardino v. Cohen*, 242 Cal. App. 4th 803, 816 (2015) (superior court cases "are not even citable . . . and they bear no precedential weight in the Court of Appeal"). Therefore,

---

[6] *See* Defs. Br. at 15 ("Plaintiffs' own allegations foreclose continuing-violation tolling, as the California Superior Court has already held in California's insulin pricing case. *People of the State of California v. Eli Lilly & Co*., No. 23STCV00719 (Super. Ct. L.A. Cnty. June 18, 2024) ('California Order') (rejecting application of continuing violation doctrine to California's insulin pricing case).")

[7] See Defs. Br. at 18 ("Later purchases are merely the 'continuing ill effects' of that completed scheme, not new wrongful acts. *Jones*, 265 Md. App. 248 at 260; *People of the State of California v. Eli Lilly & Co*., No. 23STCV00719, at 13 (Super. Ct. L.A. Cnty. June 18, 2024) (dismissing insulin pricing case on statute of limitations grounds because complaint 'shows prices flatlining since 2018').")

Defendants rely on an uncitable ruling which does not represent any statement with respect to California law.[8]

Second, Defendants fail to acknowledge the full context of the superior court proceedings. Prior to transfer and centralization in this Court, the California superior court presided over the People of the State of California's action for approximately a year. During this time, Defendants filed demurrers—the state court equivalent of a federal motion to dismiss—asserting California's original Complaint did not state a claim.[9] The demurrer came for hearing before Judge David S. Cunningham III on June 18, 2024, with a tentative ruling issued the day prior to the hearing. The superior court's tentative ruling largely overruled the demurrer. However, it sustained the demurrer on statute of limitations grounds, *with leave to amend.* A transcript of the demurrer hearing is attached as ***Exhibit 1***.

During the hearing, Judge Cunningham explained the basis for his tentative ruling. He noted an insulin pricing chart at paragraph 130 of the People's original Complaint and expressed concern that the chart, in isolation, shows that insulin prices reached their zenith in the year 2018. Ex. 1 at 24-25. That is, the superior court read the Complaint as alleging that the Defendants achieved the goal of the insulin pricing conspiracy by reaching a certain Wholesale Acquisition Cost. Respectfully, the People suggested in oral argument that the court misunderstood their theory, *i.e.,* that "the violation is a sale of high priced insulin" and "even without [proving] a conspiracy [the People] state a claim that meets the statute of limitations under the continuous accrual theory

---

[8] California law on continuous accrual and continuing violation is determined by appellate case law. *E.g.*, *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192, 1197-99 (2013) (discussing both doctrines); *see also Water Audit Cal. v. Merced Irrigation Dist.*, 111 Cal. App. 5th 1147, 1193 (2025) (continuous accrual doctrine defeats demurrer to a claim by a plaintiff who "seeks to enforce statutory duties of a continuing nature that are susceptible to recurring breaches" and has alleged "ongoing and/or recurring breaches of those duties" in the limitations period).

[9] A demurrer tests the sufficiency of a pleading. Cal. Code Civ. Proc. § 430.10. A demurrer is raised through a noticed hearing. Cal. R. Ct. 3.1320(c). The day prior to a demurrer hearing, superior courts may issue tentative rulings. Cal. R. Ct. 3.1308.

because there are sales of insulin at [a] high price, at an unconscionable price" well after 2018. Ex. 1 at 25-26.

Even though the People believed that the allegations of their original Complaint establish the timeliness of their claims, the People signaled at the hearing that amendment of their Complaint would be forthcoming. Because of this, Judge Cunningham confirmed the tentative ruling, stating "I think, given your representations that you think you, A, can amend and, B, it sound like there is a slightly modified theory that you intend to pursue, I think at this stage the Court's tentative is appropriate." Ex. 1 at 40. The People thereafter filed their First Amended Complaint on August 2, 2024, setting forth additional overt acts within the limitations period and clarifying California's theories with respect to Defendants' pricing activities. The action was then transferred to this Court before the superior court had an opportunity to revisit the statute of limitations issue.

Contrary to Defendants' assertion, the California superior court did not foreclose application of the continuing violations doctrine nor did it conclude, with respect to the continuous accrual doctrine, that later sales of insulin were merely effects of an already completed scheme. Thus, even if the ruling carried some precedential value, which it does not, it would not support Defendants' argument that the SFPs' claims are time-barred under either the continuing violation or continuous accrual doctrines.

## **CONCLUSION**

Respectfully, the State Attorney General Track Plaintiffs request:

(1) that the Court consider the issues and law addressed in this *Amicus* Memorandum in connection with its ruling on substantially similar issues raised in the Defendants' Opening Brief regarding Statute of Limitations Disputes with the Self-Funded Payer Track; and

(2) that the Court defer ruling on the Defendants' SFP Brief until completion of upcoming briefing on the timeliness of certain SAG claims; and

(3) that the Court allow the SAGs to be heard in any oral argument on statute of limitations issues which may be scheduled by the Court.

Respectfully submitted, this the 27th day of August, 2026.

By: */s/ Joanne M. Cicala*

Joanne M. Cicala
**Cicala Wackerly Conrod PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel. (512) 275-6550
Fax: (512) 858-1801
joanne.cicala@cwc.law

Walter G. Watkins, III
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
Trey.watkins@formanwatkins.com

W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Joanne M. Cicala*
Joanne M. Cicala