MCKOOL SMITH

Jon Corey
jcorey@mckoolsmith.com

1717 K Street, NW
Suite 1000
Washington, D.C. 20006

Telephone: (202) 370-8300
Direct Dial: (202) 370-8300

September 2, 2026

Honorable Brian R. Martinotti, United States District Judge
United States District Court for the District of New Jersey
Martin Luther King Building & United States Courthouse
50 Walnut Street
Newark, NJ 07101

RE: *In re: Insulin Pricing Litigation*, No. 26-3891 (MDL No. 3080)

Dear Judge Martinotti:

We write on behalf of Plaintiff Mondelez Global, LLC ("Mondelez") in response to CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, CaremarkPCS Health, LLC, Caremark LLC, and Zinc Health Services, LLC's (collectively, "CVS") August 28, 2026 letter requesting clarification regarding waiver of arbitration rights ("CVS's Letter")[1] and Liaison Counsel for the Self-Funded Payer Track's September 1, 2026 letter regarding the Self-Funded Payers' suggested approach to waiver arguments ("Liaison Counsel's Letter").[2]

Liaison Counsel is correct that CVS's letter reveals a fundamental inconsistency in CVS's position: CVS seeks to fully avail itself of the procedures for discovery in this Court while simultaneously demanding insulation from the legal consequences of that participation. However, it is Mondelez's position that this argument applies with equal force to its case as well, and Mondelez wishes to clarify it intends to make this argument in response to any motion to compel arbitration brought by CVS.[3]

To be clear, Mondelez does not agree to abandon any argument that CVS has waived its right to demand arbitration due to CVS's active participation and utilization of discovery devices available in this forum, through Stage 1 discovery or otherwise. Mondelez is mindful of this Court's prior guidance and orders concerning waiver of arbitration rights. Mondelez believes, however, that the Court should deny CVS's requested relief and allow Mondelez to raise CVS's affirmative participation in Stage 1 Discovery to date as evidence of waiver of CVS's right to arbitrate.

[1] *See* Dkt. No. 1058.
[2] *See* Dkt. No. 1060.
[3] Pursuant to Case Management Order No. 3, Section VI.3, individual counsel may communicate directly with the Court where, as here, circumstances so require it. *See* ECF No. 34 at 9.

## I. CVS Has Waived Its Arbitration Rights

In the Third Circuit, participation in discovery is a critical factor in determining whether a party has waived its arbitration rights. *See Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011) (affirming the district court's finding of waiver and identifying "the extent to which the parties have engaged in discovery" as a key factor in the waiver analysis); *In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d 109, 121 (3d Cir. 2012), *overruled on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411, 416 (2022) (finding waiver even absent discovery where party invested "considerable time and money litigating"); *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339, 341 (3d Cir. 2023) (holding that "actions expressing an intent to litigate" demonstrate waiver of arbitration rights).

CVS and its codefendants actively participated in shaping the Stage 1 Discovery selection process for Self-Funded Payer Plaintiffs. On January 8, 2026, counsel for CVS submitted a letter to the Court enclosing its proposal for staged case management. *See* Dkt. No. 835, Ex. A. This proposal included a timeline for answering complaints and contemplated extensive discovery between the parties, manifesting CVS's intent to litigate before this Court in the cases selected for Stage 1 Discovery. By organizing and shaping this process, and then consenting to Mondelez's selection as a Stage 1 Discovery case, CVS acted inconsistently with its intent to compel arbitration against Mondelez.

Aside from organizing the bellwether selection process, CVS has also waived its right to arbitrate by affirmatively demanding discovery from Mondelez pursuant to the Master Discovery Plan. To date, Mondelez has produced over 1,200 documents comprising over 45,000 pages to CVS and its co-defendants, including confidential internal communications and communications with outside benefits consultants. Mondelez has also provided CVS with a Plaintiff Fact Sheet containing sensitive information about its employee benefits plan. As Mondelez will further explain in response to CVS's motion to dismiss, this constitutes waiver. *See Eagle Traffic Control, Inc. v. James Julian, Inc.*, 945 F. Supp. 834, 836 (E.D. Pa. 1996) ("Defendants, by actively litigating this action for the past seven months, have waived their right to compel arbitration at this late date."); *Jones v. CVS Health Corp.*, No. 24-cv-1703, 2025 WL 2147363, at *6 (E.D. Pa. July 29, 2025) (finding CVS waived arbitration where it "actively participated in the case" for months before seeking to compel arbitration).

## II. If There Is No Waiver, Then CVS Cannot Have It Both Ways

CVS's requested relief is of limited utility and has no application here. As discussed above, CVS and its co-defendants advocated for the Stage 1 discovery process. CVS was in possession of Mondelez's complaint and could have demanded arbitration at any time. Having elected to participate in this Court's discovery process, CVS cannot now withdraw and maintain that it still intends to arbitrate.

CVS's alternative request, that the Court enter a stay because continued participation in discovery could potentially result in waiver, CVS's Letter at 1, amounts to an impermissible request for an advisory opinion without an adequate record. CVS cannot simultaneously participate in discovery and ask the Court to rule prospectively on whether future conduct might constitute

waiver. Moreover, CVS has already come this far down the litigation road; it cannot credibly claim that it has not already elected to litigate rather than arbitrate.

The Third Circuit has expressly rejected such tactical maneuvering. A party "should not be allowed to delay its demand for arbitration and use federal court proceedings to 'test[] the water before taking [a] swim.'" *Gray Holdco*, 654 F.3d at 453 (quoting *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 86 (2d Cir. 1998)). "[A]rbitration is meant to streamline proceedings, reduce costs, and conserve resources, and none of these purposes are served," where, as here, "'a party actively litigates a case for an extended period only to belatedly assert that the dispute should have been arbitrated, not litigated, in the first place.'" *In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d at 121 (quoting *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 209 (3d Cir. 2010)). CVS's attempts to do exactly that should be seen for what they are.

## III. Conclusion

Having elected to proceed in this forum, CVS cannot now ask this Court to insulate it from the legal consequences of that choice. If CVS believes continued discovery could result in waiver, that is a problem of CVS's own making, not grounds for a stay as to Mondelez or any of the other Stage 1 Plaintiffs CVS has targeted for arbitration. Either way, CVS's request for special treatment should be denied.

Sincerely,

/s/ Jon Corey
Jon Corey

CC: All counsel of record (via ECF)