MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
EREZ J. DAVY

CHRISTOPHER E. GITELMAN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: jtortorella@khmarino.com

September 14, 2026

**VIA EMAIL**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, NJ 07102

Re: *In re: Insulin Pricing Litigation,* No. 2:23-md-03080-BRM
MDL No. 3080 | Arbitration Defendants' Motion for Clarification to Seek Leave to File Motion to Stay

Dear Judge Martinotti:

The Arbitration Defendants submit this letter in support of their August 28, 2026 letter [ECF No. 1058] and in response to Plaintiffs' September 1, 2026 letter [ECF No. 1060] and September 2, 2026 letter [ECF No. 1064]. All Defendants are currently required to serve Requests for Production in "Stage 1 discovery" cases by Friday, September 18, 2026. But the Plaintiffs have now suggested they will argue that, if the Arbitration Defendants do so, they will contend this waives their right to enforce the arbitration and dispute-resolution provisions of Plaintiffs' contracts. The Arbitration Defendants disagree with the suggestion that complying with court orders could waive their rights, but Plaintiffs' position compels them to seek relief from the Court. The Court should make clear that the Arbitration Defendants may participate in the court-ordered "Stage 1 discovery" pursuant to CMO 24 without waiving or forfeiting any aspect of their arbitration motion—which was served on Plaintiffs last month pursuant to this Court's order —or their contractual rights concerning arbitration and dispute resolution clauses.[1]

The Arbitration Defendants made this request by letter on August 28, 2026. *See* ECF No. 1058. In that letter, Arbitration Defendants explained that this Court's prior orders made clear that participation in discovery would not result in waiver. *See, e.g.*, ECF 654 at 1 (ordering that "while Plaintiffs may raise waiver arguments in opposing these motions [to dismiss or compel arbitration] any such argument must be based on activity that precedes July 8, 2025"). However, out of an abundance of caution, the Arbitration Defendants sought clarity that participation in forthcoming case-specific discovery, which is set to commence on Friday, September 18, 2026, would not be considered a waiver in any way.

[1] The Arbitration Defendants are CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, CaremarkPCS Health, LLC, Caremark LLC, and Zinc Health Services, LLC.

That caution was warranted. On September 1, 2026, Plaintiffs' Leadership responded by stating that while they "will not be making additional assertions of waiver as to those cases selected by SFP Plaintiffs for Stage 1 Discovery," Plaintiffs plan to argue that selection of two cases by Defendants—Key Benefits Administrators and Maryland-National Capital Park and Planning Commission—constituted waiver itself. ECF No. 1060. Particularly given the Court's previous orders, that position is baseless. But in any event, Plaintiffs' leadership did not answer the relevant question—whether Plaintiffs will assert waiver for participation in "Stage 1 Discovery"—for the two cases Defendants selected. The following day, Mondelez Global, LLC, one of the Stage 1 plaintiffs on whom the Arbitration Defendants have already served a motion to dismiss on arbitration grounds, took an even more remarkable position. Mondelez contends that the fact that Mondelez served a Plaintiff Fact Sheet on all Defendants on May 6, 2026, and produced related documents—which the Court's prior orders ***required it to do***—somehow waived the Arbitration Defendants' rights. ECF No. 1064 at 20 This is an untimely effort to seek reconsideration of the Court's rejection of that argument. *See* ECF No. 654 at 1 (ordering that "Discovery shall proceed as previously ordered by this Court and consistent with existing Case Management Orders" and that wavier arguments must be based on conduct pre-dating July 8, 2025).

The Arbitration Defendants respectfully request that this Court make clear that the Arbitration Defendants' participation in Stage 1 discovery does not constitute waiver in any way. Alternatively, the Arbitration Defendants respectfully reiterate their request leave to file a motion to stay discovery as to the Arbitration Defendants in the Stage 1 cases in which they have moved to dismiss or compel arbitration.

Thank you for your continued attention to this matter.

Respectfully submitted,

*/s/ John D. Tortorella*
Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, New Jersey 07928
T: (973) 824-9300
F: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

SO ORDERED: [signature]

DATED: September 15, 2026

Case 2:23-md-03080-BRM-LDW Document 1069 Filed 09/14/26 Page 3 of 3 PageID: 27124



Enu Mainigi
Craig Singer
R. Kennon Poteat III
A. Joshua Podoll
Benjamin Hazelwood
Daniel Dockery
Nicholas C. Suellentrop
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
T: (202) 434-5000
F: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
bhazelwood@wc.com
ddockery@wc.com
nsuellentrop@wc.com

*Counsel for Arbitration Defendants*